IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT | ) | MDL No. 2817 |
| SYSTEMS ANTITRUST LITIGATION | ) | Case No. 18 C 864 |

## INITIAL STATUS ORDER

AMY J. ST. EVE, District Court Judge:

The Judicial Panel on Multidistrict Litigation ("MDL") transferred this case to the Court by Transfer Order, filed on February 1, 2018. The parties shall appear for an initial conference before Judge St. Eve on March 12, 2018, at 1:30 pm in courtroom 1241, 219 South Dearborn Street, Chicago, Illinois. The conference will be held for the purpose of addressing the organization and management of this MDL action.

### I. Consolidation

The Court hereby consolidates for pretrial purposes all In re: Dealer Management Systems Antitrust Litigation actions transferred to this Court by the MDL. Any "tag-along" actions later transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial.

### II. Filings

The Clerk is maintaining a master case file under the heading "In re: Dealer Management Systems Antitrust Litigation," Case Number 18 C 864, MDL No. 2817. All orders, pleadings, motions, and other documents served or filed in 18 C 864 shall bear the following caption:

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT | ) | MDL No. 2817 |
| SYSTEMS ANTITRUST LITIGATION | ) | Case No. 18 C 864 |

When a party intends for a filing to apply to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption. When a party intends a filing to apply only to some of the consolidated actions, the party making the filing should file it both under Case Number 18 C 864 and under the individual case number assigned to the particular case. The party making such a filing should indicate that by using the words "This Document Relates to [fill in case number]" in or just after the caption.

**III.     Service List**

This order is being served upon the counsel whose appearances are listed on the docket of Case No. 18 C 864. Counsel who receive this order are directed to forward a copy of the order to any other attorneys who filed appearances in cases that have been transferred to this Court and who are not listed on the service list on 18 C 864. Counsel who represent a party in a case transferred under the MDL who do not currently appear of record in Case Number 18 C 864 should file their notices of appearance in the case.

All counsel are required to promptly register for and participate in the Northern District of Illinois's CM/ECF filing system. That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Northern District of Illinois' Local Rules and this Court's Individual Standing Orders.

**IV.     Lead and Liaison Counsel**

The parties should be prepared to discuss at the status hearing the appointment of lead counsel. The parties should also be prepared to discuss whether the court should appoint liaison counsel or any other counsel structure. The court will appoint lead counsel from among counsel who have filed an action in this litigation. The duties of lead counsel are set forth in the Manual for Complex Litigation, Fourth § 40.22.

**V.     Orders Entered by Transferor Courts**

The Court hereby vacates all orders entered by transferor courts imposing dates for pleading or discovery.

**VI.     Vacate Mandatory Initial Pilot Project Designations**

Some cases were previously designed for inclusion in the Mandatory Initial Discovery Pilot ("MIDP") in the Northern District of Illinois. The Court vacates these orders. The Clerk of Court is directed to de-designate all member cases from inclusion in the MIDP and is directed not to designate any cases transferred to or made part of the MDL in the future for inclusion in the MIDP.

**VII.     Planning Conference and Initial Status**

Counsel should familiarize themselves with the Manual for Complex Litigation, Fourth, the Local Rules for the Northern District of Illinois, and the Court's Standing Orders. Counsel should be prepared to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The Court strictly applies Local Rule 37.2.

The parties are directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and conduct a planning conference prior to the initial status conference. During the planning conference, the parties must address the issues set forth below and prepare a **joint** organization

and management plan for this case. If the parties are unable to agree on the plan, they should state their respective positions. The joint organization and management plan must be filed on or before March 8, 2018, containing the following information

### A. The Nature of the Claims

The parties should generally describe the nature of the claims asserted in the complaint and any counterclaims. This description will not waive any claims or defenses in this proceeding. Plaintiffs should also generally describe the relief they are seeking.

### B. Pending Motions, Including Matters before the MDL Panel

1. *Identify All Pending Motions* – The report should identify all pending motions, and the status of the briefing on such motions, including any motions to remand. Any motions that the Court must resolve should be refiled in accordance with the procedures above. Counsel should provide the Court will courtesy copies of the motions and briefs.

2. *Motions Pending Before the MDL* – The report should identify any motions pending before the MDL.

### C. Consolidated Complaint

The parties should address whether a single consolidated complaint or multiple consolidated complaints can or should be filed in this action.

### D. Discovery Plan, Including Anticipated Electronic Discovery

1. *Answers*

The parties should inform the Court if any answers have been filed in the cases. If not, the parties propose a deadline to file such answers.

2. *Discovery*

The parties should summarize what discovery, if any, has taken place prior to the transfer of the cases to the Court. The parties should discuss a proposed order directing the preservation of evidence, to the extent one is necessary. In addition, the parties should submit a proposal for a discovery plan, including the following information:

   i. A date for Rule 26(a)(1) disclosures;

   ii. A date to issue written discovery;

   iii. A fact discovery completion date;

   iv. An expert discovery completion date, including dates for the delivery of expert reports, if expert discovery is anticipated; and

   v. A date for the filing of dispositive motions.

3.   *Electronic Discovery*

Prior to the initial status conference with the Court, counsel shall meet and discuss whether they anticipate any electronic discovery, the volume of such discovery, and the application of the Federal Rules of Civil Procedure pertaining to electronic discovery. Counsel must discuss the scope of discoverable ESI to be preserved by the parties, the formats for preservation and production of ESI, and a protocol for ESI. The Court directs the parties to the Seventh Circuit's Electronic Discovery Program.

4.   *Confidentiality Order*

The parties should discuss the need for a confidentiality order in the case and prepare an agreed order. The Court directs the parties to Local Rule Form 26.2. The agreed confidentiality order must be submitted by March 30, 2018.

5.   *Status of Settlement Discussions*

The parties should inform the Court in the joint status report whether any settlement discussions have occurred; the status of any settlement discussions; and whether the parties request a settlement conference at this time.

6.   *Tag along cases*

The joint status report should identify other "tag-along" cases that they anticipate will be joining this action.

7.   *Management Issues*

Counsel should be prepared to present any other management issues for the Court to address.

## VIII.  Compensation and Time/Expense Records

Any counsel who anticipates seeking an attorney fee award or expense reimbursement shall comply with the Manual for Complex Litigation, Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

**Dated: February 15, 2018**                     _____
**AMY J. ST. EVE**
**United States District Court Judge**