## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE: DEALER MANAGEMENT SYSTEMS
ANTITRUST LITIGATION

MDL No. 2817
Case No. 18 C 864

This Document Relates to All Cases

## PARTIES' JOINT INITIAL STATUS REPORT

In accordance with this Court's rules and the Initial Status Order (ECF No. 10), the parties[1] submit this joint initial status report. Where the parties have been unable to reach agreement, they have provided their respective positions.

### A. THE NATURE OF THE CLAIMS

This MDL centers on federal antitrust and related state-law claims brought against Defendants CDK and Reynolds. CDK and Reynolds separately license dealer management systems ("DMSs") to auto dealers for use in operating their auto dealerships. Third party companies independently offer data integration services to auto dealers and software application providers as a means to access data stored on DMSs. Automobile dealerships purchase software applications from vendors—such as inventory and customer relationship management—that, in turn, rely on data integration to access data on the DMS. The actions within this MDL fall into

---

[1] The parties are organized in three groups: (1) the "Individual Plaintiffs and 4 Class Dealership Plaintiffs"—Authenticom, Inc. ("Authenticom"), Motor Vehicle Software Corporation ("MVSC"), Cox Automotive, Inc. and eight of its subsidiaries ("Cox Automotive"), and class plaintiffs Bob Baker Volkswagen, Hoover Automotive, LLC, Massey Chrysler Center, and and Massey Automotive, Inc. (2) the "12 Class Dealership Plaintiffs"—all of individual named class action plaintiffs except Bob Baker Volkswagen, Hoover Automotive, LLC, Massey Chrysler Center, and and Massey Automotive, Inc.; and (3) the "Defendants"—CDK Global, LLC ("CDK"), CDK Global, Inc., Computerized Vehicle Registration ("CVR"), and The Reynolds and Reynolds Company ("Reynolds"). A chart of the current cases in the MDL and the parties to each is attached as Exhibit A.

two categories and are comprised of: (1) 3 non-dealer, individual actions; (2) 13 class actions filed on behalf of automobile dealerships (the "Dealership Class Actions").

Plaintiffs are (1) Authenticom, a competitor in the alleged data integration market; (2) MVSC, a provider of electronic registration and titling services and a direct purchaser of data integration services; (3) Cox Automotive and eight of its affiliates, large vendors of software applications to dealers and direct purchasers of data integration services; and (4) automobile dealers seeking to represent a class of dealers that purchase DMS services directly from Defendants, applications directly from various vendors, and data integration services indirectly from Authenticom and others. All plaintiffs seek injunctive relief and monetary damages.

All plaintiffs allege that CDK and Reynolds conspired to exclude third party integrators—including, companies such as Authenticom and others—from the alleged market for data integration services, resulting in supra-competitive prices for data integration services, DMS, and software applications. Certain auto dealer class plaintiffs further allege that they suffered economic harm because Defendants' alleged misconduct resulted in higher prices for (a) the software applications they purchase/license from application vendors, and (b) the DMSs they license from CDK and Reynolds. Defendants deny plaintiffs' allegations and intend to bring counterclaims in certain actions. Defendants reserve their rights to move to compel arbitration of any claims subject to any arbitration clauses contained in their respective dealer and vendor contracts.

The Court has jurisdiction over the federal (28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §§ 15 and 26) and state law claims (28 U.S.C. §§ 1367 and 1332).

## B. Pending Motions, Including Matters before the MDL Panel

There are no pending motions before the MDL Panel.

1. **Pending Motions in the *Authenticom* and *MVSC* actions**

There are fully-briefed motions to dismiss pending in both *Authenticom* (W.D. Wisc.) and *MVSC* (C.D. Cal.). In addition to the briefs submitted by the parties (which the parties will re-file with the Court per the Court's February 15 Order), the parties also want to make the Court aware of the following orders/filings in the transferor courts and/or the U.S. Court of Appeals for the Seventh Circuit that may bear on the Court's consideration of the pending motions:

| CASE | DATE | ORDER / DOCKET # |
|------|------|------------------|
| *Authenticom* | 07/17/17 | Order granting Plaintiff Authenticom, Inc.'s Motion for Preliminary Injunction, Case No. 17-CV-318 (W.D. Wisc.) **(Dkt. 172)** (23 pages) |
| *Authenticom* | 08/04/17 | Order granting in part and denying in part Plaintiff Authenticom, Inc.'s Motion for Summary Denial of Defendants' Motions to Dismiss and to Dismiss or Strike Reynolds's Counterclaims, Or, In the Alternative for an Extension of Time, Case No. 17-CV-318 (W.D. Wisc.) **(Dkt. 209)** (2 pages) |
| *Authenticom* | 11/06/17 | Opinion and Order Vacating Preliminary Injunction and Remanding Case to District Court for Further Proceedings, Case No. 17-2540 (7th Cir.) **(Dkt. 93)** (14 pages) |
| *Authenticom* | 01/12/18 | Order granting partial stay of discovery and staying decision on pending Motions to Dismiss, Case No. 17-CV-318 (W.D. Wisc.) **(Dkt. 245)** (3 pages) |
| *MVSC* | 10/02/17 | Order granting in part and denying in part Defendants' Motions to Dismiss Plaintiff's First Amended Complaint, Case No. 17-CV-896 (C.D. Cal.) **(Dkt. 73)** (13 pages) |
| *MVSC* | 01/23/18 | Transcript of Proceedings of Oral Argument of Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint, Case No. 17-CV-896 (C.D. Cal.) **(Dkt. 99)** |

In addition, the Individual Plaintiffs and 4 Class Dealership Plaintiffs want to make the Court aware of the following additional orders that they believe bear on the Court's consideration of the pending motions. Defendants disagree that either has any bearing on the pending motions.

| CASE | DATE | ORDER / DOCKET # |
|------|------|------------------|
| *Authenticom* | 7/28/17 | Opinion Implementing Preliminary Injunction Orders, Case No. 17-CV-318 (W.D. Wisc.) **(Dkt. 191)** (5 pages) |
| *Authenticom* | 08/01/17 | Order Denying Defendants' Motions to Stay Preliminary Injunction Orders, Case No. 17-CV-318 (W.D. Wisc.) **(Dkt. 208)** (3 pages) |

### 2. The Dealership Class Actions and *Cox Automotive*

There are no pending motions in any of the 13 Dealership Class Actions or in *Cox Automotive*. Cox Automotive and CDK agree, subject to approval by the Court, that CDK shall file its motion to dismiss by March 16, 2018; Cox shall file its response by April 16, 2018; and CDK shall file its reply by April 30, 2018.

## C. CONSOLIDATED COMPLAINT

With respect to *Authenticom*, *Cox Automotive*, and *MVSC*, the parties do not believe a consolidated complaint is appropriate. All Dealership Plaintiffs believe that they should be permitted to file one or more consolidated complaints for the Dealership Class Actions, and that class plaintiffs shall have 60 days after the appointment of Interim Class Counsel to file such complaint(s). Defendants agree to the 60 days but believe that there should be a single consolidated complaint for all of the Dealership Class Actions. The parties agree that Defendants shall have 45 days to answer or otherwise plead in response. The parties have been unable to reach an agreement on a briefing schedule in the event that Defendants move to dismiss and/or move to compel arbitration.

## D. DISCOVERY PLAN, INCLUDING ANTICIPATED ELECTRONIC DISCOVERY

### 1. Answers

No answer has been filed in any of the actions. The parties agree that answers should be filed within 28 days of a final ruling on any motions to dismiss filed or to be filed in each respective action.

- 4 -

2.  **Discovery**

The parties have summarized their respective positions below in order to be concise.  At the hearing, they will be prepared to discuss in more detail the reasons they believe their respective schedules are appropriate as well as their concerns regarding the counter-proposed schedule.

The 12 Class Dealership Plaintiffs and Defendants have agreed on a schedule. The Individual Plaintiffs and 4 Class Dealership Plaintiffs offer a different schedule *infra*.  All three groups' scheduling positions appear separately below.

*a.*  *12 Class Action Dealership Plaintiffs and Defendants' Proposed Schedule and 12 Class Action Dealership Plaintiffs' Position Statement*

| EVENT | DATE |
|---|---|
| **A. DISCOVERY** | |
| 1.  Deadline for production of discovery/disclosures from individual actions to Dealership Plaintiffs | TBD[2] |

---

[2] The parties are in the process of discussing an appropriate protective order to use in this MDL, *see* section 6, *infra*. Defendants require the entry of a protective order in the Dealership Action prior to producing documents produced in the individual actions. Dealership Plaintiffs require certain modifications to the Authenticom order in order to use it in the Dealership Action. In order to facilitate production of documents already produced in the individual actions, the 12 Class Dealership Plaintiffs propose to enter the Authenticom Protective Order in the Dealership Action at this time, on an interim basis, subject to the Court's order on necessary modifications for the Dealership Action, which will be agreed upon or submitted as disputes by March 30.  Once the new Protective Order is entered, the 12 Class Dealerships request that all documents produced in their action be treated pursuant to it. The 12 Class Dealerships believe it is unfair to subject documents produced in their action to an order they did not participate in negotiating, including documents Defendants are re-producing. Further, the 12 Class Dealerships believe it will be confusing to have two different Protective Orders governing documents produced in their action.  Although Defendants believe that the *Authenticom* Confidentiality Order, with minor changes to reflect this Court's Rules and practice, is more than sufficient to address any confidentiality concerns the 12 Class Dealership Plaintiffs may have, they are willing to consider any proposed modifications they may suggest.  Defendants concern is that to the extent any modifications are made, they are prospective only as Defendants have already produced as substantial number of documents pursuant to that Order and it would be patently unfair to have those documents stripped of the protections that Defendants negotiated for and relied upon when producing those documents simply because Dealership Plaintiffs were not part of the litigation from the beginning.

| EVENT | DATE |
|---|---|
| 2. Deadline for Service of Rule 26(a)(1) disclosures | May 12, 2018 |
| 3. Date to Commence Written Discovery | April 1, 2018[3] |
| 4. Deadline to Complete Expert and Fact Discovery | February 15, 2020 |
| **C. CLASS CERTIFICATION** | |
| 5. Deadline for Motions, Plaintiffs' Designation of Experts and Accompanying Expert Reports | October 15, 2019 |
| 6. Deadline for Oppositions, Defendants' Designation of Experts, and Accompanying Expert Reports | December 15, 2019 |
| 7. Deadline for Replies in Support of Class Certification | February 15, 2020 |
| 8. Deadline for Defendants to depose Plaintiffs' experts | November 15, 2019 |
| 9. Deadline for Plaintiffs to depose Defendants' experts | January 15, 2020 |
| **D. DISPOSITIVE MOTIONS** | |
| 10. Deadline for Dispositive Motions | TBD following the Ruling on the Class Cert. Motion |

The 12 Class Action Dealerships have come to an agreement with Defendants on the above schedule and set forth below their concerns regarding the issues raised by Authenticom and the other plaintiffs in its group.

The Dealership Class Action concerns allegations involving class claims for dealerships in fifty jurisdictions and regarding multiple alleged markets, including the integration market, the application market and the DMS market and all participants in those markets (rather than one particular integrator or application provider, as is the case in the Individual actions).

---

[3] Although the 12 Class Action Dealership Plaintiffs and Defendants agree on the date for commencement of written discovery, Defendants believe that responses to such written discovery—both plaintiff and defendant— should be due 30 days after it is served or thirty days after the Court has ruled on all motions to dismiss and motions to compel arbitration, whichever is later and that oral discovery should be stayed until the Court has ruled on the motions to dismiss and to compel arbitration. The Class Dealership Plaintiffs do not agree that any discovery should be stayed pending the Court's rulings on motions to dismiss or to compel arbitration as they believe staying discovery during the pendency of these motions would unnecessarily delay the progress of the case. The parties will be prepared to discuss this issue on Monday.

Accordingly, the party and third-party discovery in the Dealership Class Actions will be necessarily far more extensive than the discovery undertaken in *Authenticom* (or the other individual cases). Therefore, if any individual action is placed on an accelerated schedule, separate discovery tracks will be needed for the respective individual cases, and the Dealership Class Action. If multiple schedules are entered, the Dealership Plaintiffs will attempt to coordinate discovery with the individual actions as practicable.

The 12 Class Action Dealership Plaintiffs object to entry of any expedited schedule that would require them to participate in depositions prior to an opportunity to prepare for those depositions, to make document requests or issue subpoenas without adequate time to do so or to have their discovery period prematurely end. Dealerships' due process rights would be severally abridged if they were not allowed sufficient time to take discovery and prepare their expert reports and class certification papers.

The primary reason given by Authenticom for seeking to put the Dealership Action, where discovery has not yet commenced, on an expedited schedule with its own case, which has been ongoing for nearly nine months, is that Authenticom needs to proceed to trial more quickly. But the 12 Class Dealership Plaintiffs have no objection to Authenticom being on its own track, as would make sense given the significant differences in these cases' procedural postures and Dealerships do not seek to hold Authenticom up.

The 12 Class Dealerships' and Defendants' proposal, which has class certification briefing commencing next year, is already significantly shorter than many class certification schedules. It is standard for class discovery to take several years. Data alone (which covers a class of dealerships, not just one litigant) often takes months to produce and clean up, and then be evaluated by experts and explored at depositions. Cases like this, which require discovery at

several levels of distribution and cover dozens of vendors and victims around the country, tend to require significant time to be spent on document review and depositions. By way of example, discovery in the *Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, the only other current case counsel is aware of that involves a dealer class, discovery has been open since 2013 and continues today.

Authenticom, on the other hand, cites no cases where a class's discovery was cut off 7.5 months after appointment of class counsel (as Autheticom seeks to do with a portion of the case). This is an even shorter period than Authenticom has itself received for its non-class case thus far, with one Plaintiff and a much more limited set of claims and during which it did not even commence taking depositions. Authenticom argues that the Dealerships' claims are the same as its claims, but of course that cannot be the case. Authenticom does not allege that it has overpaid for any vendors' applications, that it has paid excessive integration fees, or that it has overpaid for any DMS services, as Dealerships do. Nor is it a class of thousands of rooftops across fifty jurisdictions. For this reason, the discovery that was taken and will be taken in *Authenticom* will not satisfy the needs of the dealerships or make it acceptable to cut more than a year off their discovery schedule. As the district court *Authenticom* recognized, it is difficult to ask parties to rely on discovery they did not take.

Besides its concerns about its own trial, Authenticom has no standing to object to the schedule in the separate Dealership Action. Dealerships, the parties who ultimately receive the overcharges at issue in this case, should not be penalized for Authenticom's trial schedule.

### b. *Individual Plaintiffs and 4 Class Dealership Plaintiffs' Proposed Schedule and Position Statement*

| EVENT | DATE |
|---|---|
| **A. Coordinated Discovery on Common Liability Claims** | |
| 1. Discovery Resumes in All Cases | March 12, 2018 |
| 2. Fact Discovery Closes in All Cases | November 9, 2018 |
| **B. *Authenticom* Daubert and Dispositive Motions** | |
| 1. Opening Expert Reports on Damages and Any Other Case-Specific Issues | August 27, 2018 |
| 2. Rebuttal Expert Reports on Damages and Any Other Case-Specific Issues | September 26, 2018 |
| 3. Reply Expert Reports on Damages and Any Other Case-Specific Issues | October 11, 2018 |
| 4. *Daubert* and Summary Judgment Motions | November 30, 2018 |
| 5. Oppositions to *Daubert* and Summary Judgment Motions | January 4, 2019 |
| 6. *Daubert* and Summary Judgment Reply Briefs | January 25, 2019 |
| 7. *Authenticom* Trial | February 2019 |
| **C. Extended Discovery Period for All Other Cases** | |
| 1. Deadline for Completion of Class Discovery and Non-Duplicative, Case-Specific Discovery, if any | July 29, 2019 |
| 2. Class Certification Motion and Class Certification Expert Reports | July 29, 2019 |
| 3. Opposition to Class Certification Motion and Rebuttal Class Certification Expert Reports | August 26, 2019 |
| 4. Replies in Support of Class Certification and Reply Class Certification Reports | September 16, 2019 |
| 5. Last Day To Depose Class Certification Experts | October 5, 2019 |
| **D. *Daubert* and Dispositive Motions for All Other Cases** | TBD after Court's rulings on *Authenticom* Daubert and Dispositive Motions |

This MDL is unusual because the MDL court is under twin directives. First, in vacating the preliminary injunction in Authenticom's favor, the Seventh Circuit instructed the district court on remand to "expedite its final judgment" so that a "potentially sound antitrust case [does] not disappear before its eyes because the plaintiff runs a high risk of going out of business while the litigation drags on." Dkt. 93 at 3, 14. Second, the MDL Panel transferred *Authenticom* and the other cases to this Court for coordinated discovery. Those two directives can be achieved through (1) a single coordinated discovery schedule of eight months on common issues (which is in addition to the eight months of discovery that has already taken place in *Authenticom*); and (2) a subsequent period of discovery related to non-Authenticom issues after Authenticom is remanded for trial.

That schedule is practical because Authenticom has been substantially litigated. Chief Judge Peterson has already conducted a three-day evidentiary hearing—involving 15 witnesses (nine fact and six expert) and 352 exhibits—and he instructed the parties "to press on with discovery" as "[t]he court intends to keep this case on schedule for summary judgment and trial, so that the ultimate resolution is not delayed." Dkt. 209 at 2. Consistent with the direction from both the Seventh Circuit and Judge Peterson, the parties had been proceeding on a schedule that would lead to trial before the end of 2018. That schedule had expert reports due February 23, 2018; summary judgment motions due April 30, 2018; all discovery completed by June 29, 2018; and trial starting October 22, 2018. The parties have served comprehensive discovery requests and responses; negotiated hard-fought compromises on the vast majority of issues, including custodians and search terms; produced (and reviewed) over 300,000 documents (totaling 1.3 million pages); completed substantial work on expert reports; and scheduled more than a dozen depositions. The parties also have issued 16 third-party subpoenas, and four third-parties have

begun producing documents. CDK and Reynolds also have been producing documents and otherwise responding to an ongoing FTC investigation since at least July 2017 (an investigation that was prompted by the Authenticom preliminary injunction proceedings). Under the schedule proposed above, trial in *Authenticom* could still be held in early 2019 with the result that the factual issues regarding the core conspiracy claims across cases would be subject to full discovery, consistent with the Seventh Circuit's concern that the case be managed expeditiously.

There are also dealer counsel who agree that the proposed schedule is not only workable but desirable. Kellogg Hansen, which represents Authenticom and the other individual plaintiffs as well as the putative dealer class represented by Bob Baker Volkswagen, needs no time to get up to speed. And other dealer counsel—including Labaton Sucharow LLP, Roberts Law Firm, P.A., Neal & Harwell, PLC, and Beasley Allen Law Firm—likewise agree that the proposed schedule is efficient and practical. Whoever is selected as interim lead class counsel will have the full benefit of Kellogg Hansen's extensive work and cooperation, thus advancing the interests of the putative class while minimizing the burden of potentially duplicative discovery of Defendants.

Adopting the schedule jointly put forth by Defendants and certain dealer counsel—which pushes discovery into 2020, with no dates for dispositive motions or trial—would violate the Seventh Circuit's directive and likely result in the collapse of Authenticom and the disappearance of Defendants' last competitor for data integration.[4] Unlike in most MDLs where cases come to the transferee court at roughly common stages of development, this is a case where the dealer class cases are based on the developments and claims in *Authenticom*. The

---

[4] Since the Seventh Circuit's ruling, Authenticom's financial position has continued to deteriorate. Authenticom has announced two rounds of layoffs, the second of which (effective February 2, 2018) eliminated more than 60% of its workforce. Authenticom has been reduced to a staff of 35 in an attempt to keep the company viable pending the resolution of its case.

putative dealer class actions were all filed after Chief Judge Peterson granted Authenticom a preliminary injunction, and their complaints are based on the factual allegations at issue in Authenticom (as well as *MVSC* and *Cox Automotive*). Indeed, many of the putative dealer class complaints not only echo the factual allegations initially put forward by Authenticom, but quote liberally from Judge Peterson's findings in his preliminary injunction ruling.

A final judgment in *Authenticom* would advance the statutory command of the MDL statute in allowing the timely and efficient resolution of common liability questions. Were Authenticom to prevail at trial, the result would largely resolve liability issues for the remaining cases given the effect of collateral estoppel. In addition, working within a schedule that helps ensure the survival of Authenticom until trial will benefit dealers by preserving their last competitive alternative to CDK and Reynolds for data integration.

### c. *Defendants' Position Statement*

Defendants agree with the 12 Class Action Dealership Plaintiffs that they should be full participants in discovery, that they, like Defendants, would be unfairly prejudiced if any one case were put on an expedited schedule, and agree with their proposed schedule set forth above. Where they disagree is with the notion that there are any circumstances under which there should be two different discovery tracks. No matter how one counts the plaintiffs (including subsidiaries and multiple named plaintiffs in a single complaint or not) there can be no dispute that the only parties that will truly be harmed if the Court were to order anything other than a single, coordinated discovery schedule for all actions and all parties are the *four Defendants*. They are the ones that will be subject to duplicative discovery, have their business operations and personnel subject to duplicative interruptions, be forced to litigate and re-litigate discovery disputes, and be unduly prejudiced by having to marshal the resources to try a case against one

defendant while dealing with the discovery demands of the other cases. And, contrary to the 12 Dealership Plaintiffs' contention, discovery across all of the actions will substantially overlap. Consistent with the JPML's rules and its Order creating this MDL, these cases should be on a single coordinated discovery schedule, with no individual case(s) being put on a separate or expedited schedule.

This MDL is not under "twin directives"; it is under a single directive from the MDL Panel—that all of these related cases be consolidated for *coordinated* pretrial proceedings. The statement from Judge Wood cited by the Individual Plaintiffs came months before this MDL was initiated and, indeed, before a single class action had been filed. Judge Peterson (the transferor Court in the *Authenticom* case) said it best when, notwithstanding Judge Wood's "directive," he stayed all ESI discovery and all court deadlines in that case pending the outcome of the MDL process: "[t]he Court is sensitive to Authenticom's desire to resolve its claims as quickly as possible to minimize financial harm, but the Court must balance that desire with the interests of all the other parties as well as the interest of promoting judicial economy."

Moreover, it is inaccurate to say that the *Authenticom* case has been "substantially litigated." To be sure, the parties to that case did engage in a 2.5 day preliminary injunction hearing and were proceeding pursuant to an expedited schedule prior to Judge Peterson's stay order, but virtually all of the documents produced by Defendants in the case prior to the stay (and still to this date) are re-productions of pre-existing government productions, and all of the deposition notices were contested as premature and ultimately stayed. In short, as *Authenticom's* counsel admitted at the MDL hearing in response to the Panel's question regarding what discovery was left to be done: "Significant discovery, Your Honor. The completion of document discovery needs to be done, fact depositions need to be done, expert reports need to be disclosed,

expert depositions need to be taken. So, although substantial document production has occurred, we do have a long way to go to complete the discovery process." MDL Tr. at 8:20-9:3.

Were that not enough, the schedule proposed by the Individual Plaintiffs and Certain Dealership Plaintiffs is simply unworkable. Not only would it likely require Defendants to make witnesses available more than once (one during "common" issue discovery and then again in post-*Authenticom* discovery), but it does not allow time for the Court to rule on Defendants' motions to dismiss (and thereby potentially narrow discovery) or for Defendants to assert their Counterclaims related to unauthorized access to their systems and receive discovery on those issues (or for plaintiffs to move to dismiss). And it requires Defendants to be fully engaged in discovery with all the other plaintiffs while they are supposed to be fully engaged in trial with *Authenticom*.

Finally, Authenticom's statements about it being the "last competitive alternative to CDK and Reynolds for data integration" are simply not true, as Defendants will show as this case progresses. And so for now, Defendants respectfully request that the Court focus on the administrative efficiencies and equities presented by the parties' competing proposals and not on highly disputed factual assertions..

## E.  ELECTRONIC DISCOVERY

A Stipulated ESI Order was previously entered by the court in the *Authenticom* individual action. The parties agree to discuss any proposed modifications to that order and submit any such modifications (or their respective positions on any such modifications) by March 30.

## F.  CONFIDENTIALITY ORDER

An Agreed Confidentiality Order was previously entered by the court in the *Authenticom* individual action. The parties agree to discuss any proposed modifications to that order and

submit any such modifications (or their respective positions on any such modifications) by March 30.

## G.  STATUS OF SETTLEMENT DISCUSSIONS

Various of the parties have engaged in formal and informal settlement discussions prior to the instigation of these MDL proceedings.  None were successful.  The parties do not request a settlement conference at this time.

## H.  TAG-ALONG CASES

The parties have identified one tag-along action, *Waconia Dodge, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Company*, Case: 1:18-cv-01707 (N.D. Ill.), filed March 8, 2018.

## I.  MANAGEMENT ISSUES

Counsel for plaintiffs have been unable to agree on a proposed leadership structure but will be prepared to discuss the issue at the March 12 Status Conference.  Dealership Plaintiffs' counsel shall submit any interim lead counsel applications by March 19, 2018.

Dated: March 8, 2018

Respectfully submitted,

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
    & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and
Reynolds Company*

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants CDK Global, LLC,
CDK Global, Inc., and Computerized
Vehicle Registration*

/s/ Michael N. Nemelka_____
Michael N. Nemelka
Derek T. Ho
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrak
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7932
mnemelka@kellogghansen.com
dho@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Kendall W. Harrison
GODFREY & KAHN S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

Samuel Issacharoff
300 West Wend Ave.
New York, NY 10023
(212) 998-6580
issacharoff@mercury.law.nyu.edu

*Counsel for Plaintiffs Authenticom, Inc.,
Motor Vehicle Software Corporation, Cox
Automotive, Inc., Autotrader.com, Inc.,
Dealer Dot Com, Inc., Dealertrack, Inc.,
HomeNet, Inc., Kelley Blue Book Co., Inc.,
vAuto, Inc., VinSolutions, Inc., and Xtime,
Inc., and Bob Baker Volkswagen*

/s/ Gregory Asciolla_____
Gregory Asciolla
Christopher J. McDonald
Karin E. Garvey
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700
gasciolla@labaton.com
cmcdonald@labaton.com
kgarvey@labaton.com

*Counsel for Plaintiff Bob Baker Volkswagen*

/s/ Marvin A. Miller_____
Marvin A. Miller
Andrew Szot
Lori A. Fanning
Matthew E. Van Tine
Kathleen Boychuck
MILLER LAW LLC
115 S. LaSalle St., Ste. 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676
mmiller@millerlawllc.com
*Counsel for Plaintiff F.G. Downing
Development, Inc.*

/s/ Robert N. Kaplan_____
Robert N. Kaplan
Jeffrey P. Campisi
Aaron Schwartz
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue; 14th Floor
NY, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
aschwartz@kaplanfox.com

Gary L. Specks
423 Sumac Road
Highland Park, Illinois 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580
gspecks@kaplanfox.com

*Counsel for Plaintiffs Hartley Buick
GMC,Truck, Inc., Cox Motors N.C., Inc.
d/b/a Cox Toyota, and Northtown
Automotive Companies Inc.*

/s/David McMullan, Jr._____
David M. McMullan, Jr.
Don Barrett
Sterling Starns
BARRETT LAW GROUP, P.A.
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com

*Counsel for John O'Neil Johnson Toyota,
LLC*

/s/ James E. Barz_____
James E. Barz
Frank Richter
ROBBINS GELLER RUDMAN & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

David W. Mitchell
Alexandra S. Bernay
Carmen A. Medici
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Samuel H. Rudman
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Brian J. Robbins
George C. Aguilar
Michael J. Nicoud
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

*Counsel for Plaintiff Baystate Ford Inc*

/s/ Charles Barrett_____
Charles Barrett
NEAL & HARWELL, PLC
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
615-268-3647
*Cbarrett@nealharwell.com*

Michael Roberts
Karen Halbert
Jana K. Law
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
Little Rock, Arkansas 72223
501.821.5575
*mikeroberts@robertslawfirm.us*
*karenhalbert@robertslawfirm.us*
*janalaw@robertslawfirm.us*

*Counsel for Plaintiff Hoover Automotive,*
*LLC*

/s/ Eric H. Gibbs            
Eric H. Gibbs
Michael L. Schrag
Aaron Blumenthal
Gibbs Law Group, LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
mls@classlawgroup.com
ab@classlawgroup.com
*to be admitted pro hac vice*

Mark H. Troutman
Shawn K. Judge
Gregory M. Travalio
Isaac Wiles Burkholder & Teetor, LLP
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
Telephone: (614) 221-2121
Facsimile: (614) 365-9516
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

Paul C. Peel
Farris Bobango Branan, PC
999 South Shady Grove Road, Suite 500
Memphis, TN 38120
Telephone: (901) 259-7100
Facsimile: (901) 259-7150
ppeel@farris-law.com
*to be admitted pro hac vice*

*Attorneys for Plaintiff Kenny Thomas*
*Enterprises, Inc. (d/b/a Olathe Toyota)*

*/s/ W. Daniel "Dee" Miles, III*
W. Daniel "Dee" Miles, III
Archie I. Grubb, II
BEASLEY, ALLEN, CROW, METHVIN, PORTIS,
& MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
Dee.Miles@BeasleyAllen.com
Archie.Grubb@BeasleyAllen.com


Ralph Edward Massey, Jr.
CLAY, MASSEY & ASSOCIATES
509 Church Street
Mobile, AL 36602
(251)433-1000
em@claymassey.com

Michael Stephen Dampier
THE DAMPIER LAW FIRM, PC
55 North Section Street
Fairhope, AL 36532
(251) 929-0900
steve@dampierlaw.com

*Counsel for Massey Chrysler Center, Inc.,
and Massey Automotive*

*s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Andrei V. Rado
MILBERG TADLER PHILLIPS GROSSMAN, LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
arado@milberg.com

James E. Cecchi
Lindsay H. Taylor
CARELLA, BYRNE, CECCHI, OSTEIN, BRODY
& AGNELLO, PC
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
JCecchi@carellabyrne.com
LTaylor@carellabyrne.com

Leonard A. Bellavia
Steven Blatt
BELLAVIA BLATT & CROSSETT, PC
200 Old Country Road, Suite 400
Mineola, New York 11501
(516) 873-3000
lbellabia@dealerlaw.com
sblatt@dealerlaw.com

*Counsel for Plaintiffs Teterboro Automall,
Inc., JCF Autos LLC, 440 Jericho Turnpike
Sales LLC, and Patchogue 112 Motors LLC*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on March 8, 2018, I caused a true and correct copy of the foregoing **JOINT STATUS REPORT**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*_____
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com

**Exhibit A**

| Action | Date Filed | Type of Plaintiff | Plaintiffs' Counsel | Defendants |
|---|---|---|---|---|
| MVSC (No. 18-cv-865) | February 3, 2017 | Software Vendor | Kellogg Hansen | CDK, Reynolds, and CVR |
| Authenticom (No. 18-cv-868) | May 1, 2017 | Independent Integrator | Kellogg Hansen | CDK and Reynolds |
| Teterboro Automall (No. 18-cv-867) | October 19, 2017 | Dealer Class | Milberg Tadler; Carella Byrne, Bellavia Blatt | CDK and Reynolds |
| Hartley Buick GMC (No. 17-cv-7827) | October 31, 2017 | Dealer Class | Cuneo Gilbert; Kaplan Fox | CDK and Reynolds |
| John O'Neil Johnson Toyota (No. 18-cv-866) | November 3, 2017 | Dealer Class | Barrett Law Group | CDK |
| Hoover Automotive (No. 18-cv-1057) | November 14, 2017 | Dealer Class | Neal & Harwell Roberts Law Firm, PA Larson & King | CDK and Reynolds |
| JCF Autos (No. 18-cv-1055) | November 22, 2017 | Dealer Class | Milberg Tadler; Carella Byrne, Bellavia Blatt | CDK |
| Cox Automotive (No. 18-cv-1058) | December 11, 2017 | Software Vendor | Kellogg Hansen | CDK |
| Olathe Toyota (No. 18-cv-1056) | January 24, 2018 | Dealer Class | Gibbs Law Group Isaac Wiles Farris Bobango | CDK and Reynolds |
| Massey Chrysler (No. 18-cv-1054) | January 25, 2018 | Dealer Class | Beasley Allen; Clay Massey; Dampier Law | CDK and Reynolds |
| Cox Toyota (No. 18-cv-845) | February 1, 2018 | Dealer Class | Kaplan Fox | CDK |
| Northtown Automotive (No. 18-cv-833) | February 1, 2018 | Dealer Class | Kaplan Fox | CDK and Reynolds |
| Bob Baker (No. 18-cv-909) | February 2, 2018 | Dealer Class | Kellogg Hansen; Labaton Sucharow | CDK and Reynolds |

| Action | Date Filed | Type of Plaintiff | Plaintiffs' Counsel | Defendants |
|---|---|---|---|---|
| Baystate Ford (No. 18-cv-996) | February 7, 2018 | Dealer Class | Robbins Geller | CDK and Reynolds |
| F.G. Downing (No. 18-cv-987) | February 7, 2018 | Dealer Class | Miller Law | CDK and Reynolds |
| Pensacola Motor Sales (No. 18-cv-1402) | February 23, 2018 | Dealer Class | Freed Kanner; Grabar Law; Edelson & Associates | CDK and Reynolds |