**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>This Document Relates to All Cases |

## DECLARATION OF BRIAN MAAS
## PRESIDENT OF THE CALIFORNIA NEW CAR DEALERS ASSOCIATION

I, the undersigned, declare as follows:

1. I serve as President of the California New Car Dealers Association ("CNCDA"). The CNCDA is the largest state association of franchised new car and truck dealers in the United States. The CNCDA represents over 1,100 dealer members, the vast majority of which are dealers that use CDK Global, LLC ("CDK") or The Reynolds and Reynolds Company ("Reynolds") for Dealer Management System ("DMS") software.

2. The CNCDA – like other state new car dealer associations – responds to the legislative, regulatory, educational, training, and business needs of its member dealers on national, state, and local levels. In connection with these activities, I have been involved in taking a leading role in addressing issues of data security and data access on behalf of member dealers.

3. As a result of my leadership role of the CNCDA, I am very familiar with the concerns of, and issues affecting, dealers across California and the United States as a whole.

**The Claims At Issue in the Authenticom Case Are Critical to Dealers**

4. The case instigated by Authenticom has been very important to our industry.

5. Many of my member dealers use (or at one time used) Authenticom to gather their data and provide it in a usable format to their chosen application providers – such as customer relationship management, inventory management, and electronic vehicle registration service providers.

6. Unlike in the past, both CDK and Reynolds now block dealers from using independent integrators like Authenticom from providing access to the dealers' own data.

7. The Authenticom case has brought to light how CDK and Reynolds have worked together to block Authenticom (and other competitors) from providing access to dealer data.

8. This is one of the biggest issues facing dealers today. Having eliminated competition, CDK and Reynolds have drastically increased the fees they impose on application providers for access to dealer data, and those application providers in turn pass on a portion of the fees to dealers.

9. The Authenticom case – including the preliminary injunction proceedings – have brought CDK's and Reynolds' wrongdoing to light.

10. These issues are now being investigated by the Federal Trade Commission.

**Dealers Need These Issues Resolved Quickly**

11. It is in the interest of dealers to have the claims at issue in Authenticom resolved quickly.

12. The Authenticom case goes to the heart of the harm being suffered by dealers as a result of CDK's and Reynolds' conduct: the elimination of competition in how dealers share their data; the escalating and bloated fees for data access; and the ability of dealers to select the service providers of their choice.

13. It is emphatically *not* in the interest of dealers to have prolonged and protracted litigation, whether to resolve Authenticom's claims or claims brought directly by dealers.

14. I represent over 1,100 dealers in California, the largest new car dealer market in the nation. The dealers need these issues resolved.

15. I urge the Court to adopt a schedule that recognizes the need of dealers to get these issues resolved quickly, especially in light of the work that Authenticom has already done to bring these claims to light.

Executed this 10th day of March, 2018.

By: *[signature]*
Brian Maas
President, California New Car Dealers Association