1  MAYER BROWN LLP
   John Nadolenco (SBN 181128)
2  *jnadolenco@mayerbrown.com*
   350 South Grand Ave
3  25th Floor
   Los Angeles, CA 90071-1503
4  (213) 229-9500
   (213) 625-0248 – Facsimile
5
   Britt M. Miller (*pro hac vice*)
6  *bmiller@mayerbrown.com*
   71 South Wacker Drive
7  Chicago, IL 60606
   (312) 782-0600
8  (312) 701-7711 – Facsimile
9  Attorneys for Defendant
   Computerized Vehicle Registration
10
   *Additional Counsel Listed on*
11 *Signature Page*
12
13            **UNITED STATES DISTRICT COURT**
14            **CENTRAL DISTRICT OF CALIFORNIA**
15
16 MOTOR VEHICLE SOFTWARE            Case No. 2:17-cv-896-DSF-AFM
   CORPORATION,
17
18            Plaintiff,             **DEFENDANT COMPUTERIZED**
                                     **VEHICLE REGISTRATION'S**
19       v.                          **NOTICE OF MOTION AND**
                                     **MOTION TO DISMISS THE**
20 CDK GLOBAL, INC.; THE             **SECOND AMENDED COMPLAINT**
   REYNOLDS AND REYNOLDS
21 COMPANY; COMPUTERIZED             Complaint Filed: Nov. 2, 2017
   VEHICLE REGISTRATION, INC.,
22 a/k/a CDK VEHICLE                 Hearing: Jan. 8, 2018
   REGISTRATION, INC.,               Time: 1:30 p.m.
23                                   Place: Courtroom 7D
              Defendants.
24
                                     Judge: Hon. Dale S. Fischer
25
26
27
28
   ─────────────────────────────────────────────────────

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 8, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7D of the above-referenced court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, California, Defendant Computerized Vehicle Registration ("CVR")[1] will and hereby does move to dismiss the Second Amended Complaint in this action for failure to state a claim upon which relief can be granted because, *inter alia*, (i) CVR cannot conspire with either of the two other Defendants in this case under *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984); (ii) Plaintiff Motor Vehicle Software Corporation ("MVSC") has not pled facts plausibly suggesting that CVR engaged in an unlawful conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny; and (iii) MVSC has not pled that CVR engaged in any unilateral anticompetitive conduct. CVR also joins in the arguments in support of dismissal in the contemporaneously filed motions by Defendants CDK Global, Inc. and The Reynolds and Reynolds Co.

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 13, 2017. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the entire file of this action, and on such further argument as the Court may permit.

---

[1] The complaint identifies CVR as Computerized Vehicle Registration, Inc. a/k/a CDK Vehicle Registration, Inc. As stated in its Certification and Notice of Interested Parties (Dkt. 36), CVR is a general partnership, not an "Inc." Moreover, CDK Vehicle Registration, Inc. is the 80% owner of CVR, not an alias of the company.

Dated: November 16, 2017                    Respectfully submitted,


By: */s/ John Nadolenco*
    MAYER BROWN LLP
    John Nadolenco (SBN 181128)
    *jnadolenco@mayerbrown.com*
    350 South Grand Ave
    25th Floor
    Los Angeles, CA 90071-1503
    (213) 229-9500
    (213) 625-0248 – Facsimile

    Britt M. Miller (*pro hac vice*)
    *bmiller@mayerbrown.com*
    71 South Wacker Drive
    Chicago, IL 60606
    (312) 782-0600
    (312) 701-7711 – Facsimile

    Mark W. Ryan (*pro hac vice*)
    *mryan@mayerbrown.com*
    1999 K Street, N.W.
    Washington, DC 20006-1101
    (202) 263-3000
    (202) 263-3300 – Facsimile

    *Attorneys for Defendant Computerized*
    *Vehicle Registration*

COMPUTERIZED VEHICLE REGISTRATION'S NOTICE OF MOTION AND
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; CASE NO. 2:17-CV-896

MAYER BROWN LLP
John Nadolenco (SBN 181128)
*jnadolenco@mayerbrown.com*
350 South Grand Ave
25th Floor
Los Angeles, CA 90071-1503
(213) 229-9500
(213) 625-0248 – Facsimile

Britt M. Miller (*pro hac vice*)
*bmiller@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – Facsimile

Attorneys for Defendant
Computerized Vehicle Registration

*Additional Counsel Listed on*
*Signature Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTOR VEHICLE SOFTWARE CORPORATION, | Case No. 2:17-cv-896-DSF-AFM |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COMPUTERIZED VEHICLE REGISTRATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| v. | |
| CDK GLOBAL, INC.; THE REYNOLDS AND REYNOLDS COMPANY; COMPUTERIZED VEHICLE REGISTRATION, INC., a/k/a CDK VEHICLE REGISTRATION, INC., | Complaint Filed: Nov. 2, 2017 |
| Defendants. | Hearing: Jan. 8, 2018 Time: 1:30 p.m. Place: Courtroom 7D |
| | Judge: Hon. Dale S. Fischer |

1        **INTRODUCTION**

2            Two holdings by this Court in its ruling on Defendants' motion to dismiss

3    the First Amended Complaint disposed of all allegations made by Plaintiff Motor

4    Vehicle Software Corporation ("MVSC") against Computerized Vehicle

5    Registration ("CVR").[1] First, the Court held that MVSC had not stated any claim

6    against CVR for monopolization or attempted monopolization under Section 2 of

7    the Sherman Act because CVR's unilateral activities were "consistent with

8    legitimate competitive activity." Dkt. 73 ("MTD Op.") at 10. And second, the

9    Court held that MVSC had not stated any claim for conspiracy to monopolize

10   against CVR because MVSC had not "identif[ied] conspiratorial conversations

11   between CVR and CDK or Reynolds." *Id.* at 11. MVSC's state-law claims, which

12   are derivative of these federal claims, were likewise dismissed.

13           MVSC has effectively abandoned its unilateral Section 2 claims against

14   CVR by adding no new allegations about them in its Second Amended Complaint.

15   But in an attempt to save its conspiracy-to-monopolize claim and keep CVR in the

16   case, it has added six new paragraphs to the complaint conveniently alleging, in

17   conclusory fashion with almost no detail, that CVR supposedly participated in

18   "conspiratorial conversations" with CDK and Reynolds.

19           MVSC's new story clearly does not satisfy the standard of *Bell Atlantic*

20   *Corp. v. Twombly*, 550 U.S. 544 (2007): it has little to no ostensible factual or

21   evidentiary support and appears instead to be rank speculation aimed at staving off

22   CVR's dismissal from the case. Indeed, if there were any truth to the allegations or

23   any actual supporting details, MVSC would have alleged them in one of its two

24   prior complaints and certainly would have provided the details now.  It would not

25   _____

26   [1] The complaint identifies CVR as Computerized Vehicle Registration, Inc. a/k/a CDK
     Vehicle Registration, Inc. As stated in its Certification and Notice of Interested Parties
27   (Dkt. 36), CVR is a general partnership, not an "Inc." Moreover, CDK Vehicle
     Registration, Inc. is the 80% owner of CVR, not an alias of the company.

28
                                        -1-

have waited until this late in the day and for this Court to dismiss its conspiracy-to-monopolize claims only to make a handful of additional conclusory allegations. All of the claims against CVR in the Second Amended Complaint should accordingly be dismissed with prejudice.

## ARGUMENT

MVSC's Section 2, conspiracy-to-monopolize claim fails for two reasons. First, CVR cannot conspire with either of the other Defendants as a matter of law under *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), because they are alleged to be the owners that jointly control CVR. Second, even if it were possible for CVR to conspire with its own owners, MVSC has not alleged a conspiracy that meets the plausibility threshold set forth in *Twombly*. Given that MVSC has not stated any federal-law antitrust claim against CVR, its state-law claims against CVR likewise must be dismissed.[2]

### A. CVR Is Legally Incapable Of Conspiring With Its Owners Under The *Copperweld* Doctrine.

Any claim that CVR conspired with the other Defendants, which are CVR's owners, necessarily fails. In *Copperweld*, the Supreme Court held that a company cannot conspire with its wholly owned subsidiary. This is true whether the conspiracy claim is brought under Section 1 or Section 2. *Vollrath Co. v. Sammi Corp.*, 1989 WL 201632, at *15 (C.D. Cal. Dec. 20, 1989), *aff'd*, 9 F.3d 1455 (9th Cir. 1993). Accordingly, it is impossible, as a matter of law, for CVR to conspire with CDK or Reynolds, or both of them, and any conspiracy claims against CVR

---

[2] Although the Second Amended Complaint continues to include claims for monopolization and attempted monopolization against CVR (SAC ¶¶ 216-32), this Court previously held that MVSC had not alleged any unilateral conduct by CVR that rose to the level of monopolization or attempted monopolization (MTD Op. 10), and the Second Amended Complaint does nothing to remedy that deficiency. These claims should accordingly be dismissed.

must be dismissed.

For example, in *Stanislaus Food Products Co. v. USS-POSCO Industries*, the court applied *Copperweld*'s holding to dismiss antitrust conspiracy claims against a joint venture and its owners. 2010 WL 3521979, at *21-24 (E.D. Cal. Sept. 3, 2010). *Stanislaus* held that a plaintiff could not maintain an antitrust conspiracy claim against a joint venture and its parent corporations because "an economically integrated joint venture is a 'single entity' under *Copperweld* which is incapable of 'conspiring' for purposes of the Sherman Act." *Id*. at *21 (citing *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1148 (9th Cir. 2003) ("[w]here there is substantial common ownership . . . or an agreement to divide profits and losses, individual firms function as an economic unit and are generally treated as a single entity")). Numerous other courts have applied the *Copperweld* doctrine to dismiss antitrust complaints against parents and non-wholly owned subsidiaries or joint ventures.

In particular, in *Bell Atlantic Business Systems Services v. Hitachi Data Systems Corp.*, the court held that a parent could not conspire with its 80% indirectly owned subsidiary as a matter of law. 849 F. Supp. 702, 706 (N.D. Cal. 1994). Since CDK's 80% stake in CVR is equivalent to the stake in *Hitachi*—and greater than the parent's ownership stake in many other *Copperweld* progeny—there can be no serious argument that CDK can conspire with CVR.[3] The same is

---

[3] Many other courts have applied *Copperweld*'s "single-entity" rule based on similar levels of ownership or control. *See*, *e.g.*, *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 257 F. Supp. 2d 819, 835-36 (M.D. La. 2002) (72.27% of voting stock); *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 344 (N.D. Ill. 1997) (82.3% ownership); *Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*, 912 F. Supp. 747, 765-66 (D.N.J. 1995) (70%); *Viacom Int'l Inc. v. Time Inc.*, 785 F. Supp. 371, 374 n.6 & 383-84 (S.D.N.Y. 1992) (82%); *Leaco Enters., Inc. v. General Elec. Co.*, 737 F. Supp. 605, 608-09 (D. Or. 1990) (91.9%). Even a 51% level of ownership has been deemed sufficient. *Novatel Commc'ns, Inc. v. Cellular Tel. Supply, Inc.*, 1986 WL 15507, at *6 (N.D. Ga. Dec. 23, 1986).

-3-

true for Reynolds despite its smaller (20%) ownership stake; although MVSC has attempted to scrub allegations that Reynolds "controls" CVR from the Second Amended Complaint in an effort to save its Section 2 claims against CDK, the Second Amended Complaint nonetheless continues to allege that both "CDK and Reynolds . . . control the management and decisionmaking of CVR." SAC ¶ 152. MVSC also continues to allege that Reynolds retains seats on CVR's board (*id.* ¶ 110) and reaps profits from its interest in CVR (*id.* ¶ 55). That makes Reynolds, too, a participant in the "economically integrated joint venture" (*Stanislaus*, 2010 WL 3521979, at *21) and incapable of conspiring with CVR.

Regardless, the Court need not look past the allegations of MVSC's First Amended Complaint ("FAC"), which alleged that CDK and Reynolds both "owned" and "controlled" CVR. FAC ¶¶ 55, 141, 223. Any effort by MVSC to contradict these allegations in the SAC and to assert instead that CVR is under CDK's sole control and not also controlled by Reynolds is impermissible and implausible. Allegations in an amended complaint may not contradict allegations made in an earlier complaint. *See, e.g., Rodriguez v. Sony Computer Entm't Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015) (affirming motion to dismiss, refusing to credit "artful[] pleading" in which "the more recent pleading completely contradicts the earlier pleading."); *NetApp, Inc. v. Nimble Storage, Inc.*, 2015 WL 400251, *4 (N.D. Cal. Jan. 29, 2015) ("When a court grants a party leave to amend a complaint on a motion to dismiss, the amended complaint may only allege other facts consistent with the challenged pleading.") (Citation and quotation marks omitted).

## B. Allegations That CVR Conspired With The Other Defendants Are Not Plausible Under *Twombly*.

Even assuming that CVR was legally capable of conspiring with its owners, the Second Amended Complaint fails to allege a conspiracy involving CVR and

-4-

1  either of the other Defendants that meets *Twombly*'s plausibility threshold. *See*
2  *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his
3  entitlement to relief requires more than labels and conclusions, and a formulaic
4  recitation of the elements of a cause of action will not do") (alteration and internal
5  quotation markss omitted); *id*. at 570 (a plaintiff must allege "enough facts to state
6  a claim to relief that is plausible on its face"). MVSC's new, conclusory allegations
7  regarding this conspiracy—produced for the first time in MVSC's *third* complaint,
8  and only after this Court faulted MVSC for failing to show that CVR participated
9  in any conspiracy—are implausible and insufficient.

10  In six new paragraphs added to its 90-page complaint (SAC ¶¶ 109-14),
11  MVSC alleges that CVR executives had "conspiratorial conversations" with
12  representatives of CDK and Reynolds at CVR board meetings, where they
13  allegedly discussed "the need to block MVSC from accessing dealer data." *Id*. ¶
14  109. MVSC further alleges that CVR executives "worked with CDK to keep
15  [CDK's] integration program 'closed' to MVSC." *Id*. ¶ 112. But merely alleging
16  that "conspiratorial conversations" happened does not make the allegation
17  plausible.

18  These allegations are not backed up by any specifics. MVSC does not allege
19  when the alleged conversations occurred, where they occurred, or how often they
20  occurred. *See In re Vitalich*, 2016 WL 1644077, at *2 (Bankr. N.D. Cal. Apr. 22,
21  2016) (explaining that *Twombly* requires "specificity as to the traditional 'who,
22  what, where, and when'"). One new paragraph mentions an alleged internal CDK
23  presentation supposedly evidencing a conspiracy, but even as MVSC describes it,
24  that presentation suggests at most that CDK itself did not want to deal with CVR
25  competitors, not that it conspired with CVR. SAC ¶ 112.  Indeed, as to CVR's
26  purported "conspiratorial conversations" with Reynolds, no specific conversation
27  involving Reynolds is described, nor is any specific person from Reynolds
28

-5-

1  identified as a participant. These barebones allegations, particularly in the third

2  draft of a complaint, are insufficient and should be dismissed. *Sumotext Corp. v.*

3  *Zoove, Inc.*, 2017 WL 2774382, \*5-6 (N.D. Cal. Jun. 26, 2017) (dismissing

4  conspiracy to monopolize claim in Second Amended Complaint because amended

5  allegations were "bare bones" and alleged "ultimate facts.").

6        MVSC cites a supposed admission by an unidentified "long-time member"

7  of CVR's board, but even on MVSC's account, which defendants intend to dispute,

8  that board member said only that "board members agreed that CVR needed a

9  competitive advantage as compared to its competitors"—not that they reached any

10  unlawful agreement to achieve that advantage. SAC ¶ 110.[4] In light of MVSC's

11  admittedly dominant and growing market share in California and Oregon, it would

12  not be surprising for CVR and its board members to be discussing the "need" for

13  CVR to more effectively compete and gain an edge against MVSC if possible. *See*

14  *id.* (alleging that board discussions centered around concern that MVSC

15  "outcompeted CVR"). What else should CVR board members discuss other than

16  how CVR can do better and improve its competitive position? Given these

17  manifold problems with MVSC's new conspiracy theory, the Second Amended

18  Complaint clearly does not "raise [its] right to relief" on a conspiracy-to-

19  monopolize claim "above the speculative level." *Twombly*, 550 U.S. at 555.

20        **C.  The State Law Claims Against CVR Must Be Dismissed**

21        As the Court noted in its prior opinion (MTD Op. 12), the analysis

22  underlying MVSC's state-law claims tracks the analysis under federal antitrust

23  law. Because MVSC has failed to state a claim under the Sherman Act, its state-

24  law claims against CVR also must be dismissed.

---

25  [4]      To the extent this allegation suggests that CVR sought to outcompete MVSC, it

26  fails to support a conspiracy claim. "[S]harp business practices are not per se violations

27  of the Sherman Act." *Romolo Capobianco, Inc. v. Owens*, 1984 WL 1449, at \*3 (D.
    Mass. Nov. 30, 1984).

28

## **CONCLUSION**

The eleventh-hour allegations in MVSC's latest complaint do nothing to rescue its flawed conspiracy-to-monopolize claim. MVSC's claims against CVR should accordingly be dismissed with prejudice.

Respectfully submitted,

By: */s/ John Nadolenco*
MAYER BROWN LLP
John Nadolenco (SBN 181128)
*jnadolenco@mayerbrown.com*
350 South Grand Ave
25th Floor
Los Angeles, CA 90071-1503
(213) 229-9500
(213) 625-0248 – Facsimile

Britt M. Miller (*pro hac vice*)
*bmiller@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – Facsimile

Mark W. Ryan (*pro hac vice*)
*mryan@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006-1101
(202) 263-3000
(202) 263-3300 – Facsimile

*Attorneys for Defendant Computerized Vehicle Registration*

1
2
3
4
5
6
7
8
9
10
11
12      **UNITED STATES DISTRICT COURT**
13      **CENTRAL DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| MOTOR VEHICLE SOFTWARE CORPORATION,<br><br>           Plaintiff,<br><br>v.<br><br>CDK GLOBAL, INC.; THE REYNOLDS AND REYNOLDS COMPANY; COMPUTERIZED VEHICLE REGISTRATION, INC., a/k/a CDK VEHICLE REGISTRATION, INC.,<br><br>           Defendants. | Case No. 2:17-cv-896-DSF-AFM<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT COMPUTERIZED VEHICLE REGISTRATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Complaint filed: Nov. 2, 2017<br><br>Hearing: Jan. 8, 2018<br>Time: 1:30 pm<br>Place: Courtroom 7D<br><br>Judge: Hon. Dale S. Fischer |

1    **[PROPOSED] ORDER**

2        Before the Court is Computerized Vehicle Registration's ("CVR's") Motion

3    to Dismiss Plaintiff Motor Vehicle Software Corporation's ("Plaintiff's") Second

4    Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5    Having fully considered the briefs and evidence submitted by the parties, all other

6    relevant documents on file in this matter, and the oral arguments of counsel:

7        **IT IS HEREBY ORDERED THAT:**

8        1.    CVR's Motion to Dismiss is GRANTED in its entirety.

9        2.    Plaintiff's Second Amended Complaint is DISMISSED WITH

10   PREJUDICE because it fails to state a claim against CVR upon which relief can be

11   granted.

12       **IT IS SO ORDERED.**

13

14   DATED: _____    _____

15                                                      Hon. Dale S. Fischer

16                                                      UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28