IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) |  MDL No. 2817<br>Case No. 18 C 864<br><br>Hon. Amy J. St. Eve |
| *THIS DOCUMENT APPLIES TO:*<br><br>*ALL ACTIONS* | | |

### DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S RULING RE: STAY OF DISCOVERY

Defendants CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") respectfully request that the Court clarify its ruling regarding its Order partially lifting the stay of discovery in *Authenticom, Inc. v. CDK Global, LLC, et al.,* Case No. 18-CV-868 (N.D. Ill.). In support of their Motion, Defendants state as follows:

1. On March 12, 2018, this Court entered an order stating: "With regard to the Authenticom case, the court partially lifts the stay [of discovery]. Written discovery shall be issued by 3/23/18. Oral discovery is stayed until further order of the Court." 3/12/18 Minute Order ("Order") (Dkt. 43).

2. Paired with the Court's statements during the March 12 Status Hearing that it wanted to "get a better sense of what still needs to be done [in terms of discovery] and if there is a way to bifurcate or segregate [] Authenticom from the other cases," that it was "not sure there is" a way to proceed with discovery in that manner, and that it "appreciated that [Defendants] want to be on the same schedule," Defendants understood the partial lift of the stay of discovery to be limited to "any interrogatories that [the parties] want to issue or any other document

requests, to the extent [the parties] have not issued those, should be issued by March 23." March 12, 2018 Transcript of Proceedings ("March 12 Tr.") (Dkt. 65), at 56-57.

3. Two days later, on March 14, 2018, Defendants received a letter from counsel for Authenticom claiming that because only the "stay on oral discovery" remained in place, all other discovery—including, specifically, Defendants' search and production of custodian-specific ESI—was to resume immediately. *See* Ex. A (3/14/18 Letter from M. Nemelka to B. Miller and B. Ross). Not only did *Authenticom*'s counsel demand a "prompt" response to its letter, but it requested an *Authenticom*-only meet-and-confer on discovery by the end of the week. *Id.*

4. Setting aside the mischaracterizations of Defendants' discovery efforts to date contained in that letter, it is clear that the parties have a different understanding of the Court's instructions with respect to it lifting the partial stay of discovery ordered by Judge Peterson.

5. Consistent with the JPML's rules and its Order creating this MDL (Dkt. 1), Defendants understood that the Court was still considering whether all of the cases in the MDL should be on a single coordinated discovery schedule or whether "there is a way to bifurcate or segregate the Authenticom from the other cases." March 12 Tr. at 57; *see also* JPML Transfer Order (Dkt. 1) at 2 ("Centralization would eliminate the possibility of duplicative discovery, avoid the potential for inconsistent pre-trial rulings…, serve the convenience of the parties and witnesses, and conserve party and judicial resources."). They did *not* understand the Court to be ordering that *Authenticom* could move forward with document discovery or that the Defendants would be required to conduct ESI searches of specific custodians' files based on search terms into which no plaintiff other than Authenticom has had any input. To read the Court's direction otherwise would mean that the Court intended for Defendants to be required to engage in the very sort of duplicative ESI discovery that these MDL proceedings were designed to prevent.

2

6. As Judge Peterson noted in entering the stay in the first instance—when Authenticom was insisting that the parties proceed with depositions and custodial discovery notwithstanding the pendency of the MDL proceedings, "[t]he point of multidistrict litigation is to increase efficiency and minimize duplicative efforts, so it makes little sense to engage in wide-ranging discovery for only one case just before the [JPML] panel makes a decision that could streamline proceedings." 1/12/18 Order (*Authenticom* Dkt. 245), at 2.

7. Here, too, Defendants understood that in partially lifting the discovery stay, the Court did not intend to allow Authenticom to press forward on custodial discovery—excluding the other plaintiffs from the finalization of search terms and related issues and requiring that Defendants engage in such discovery twice—first with *Authenticom* and then again with the other plaintiffs. Rather, as stated at the March 12 Status and in the resulting Minute Order, the parties to *Authenticom* were to round out the written discovery record and thereby "get some things moving… that have not been." March 12 Tr. at 57; 3/12/18 Minute Order ("Written discovery shall be issued by 3/23/18.").

8. To be sure, during the pendency of the stay, Defendants produced documents to *Authenticom* from their respective FTC productions (including a number of the non-custodial documents demanded in Authenticom's 3/14/18 letter). For example, to date CDK has produced almost 300,000 such documents and expects to produce another @ 250,000 next week. And both parties will continue to produce such documents until their respective re-productions are complete. In short, Authenticom will have plenty of additional documents to review over the next several weeks while the parties and the Court try to come up with any "creative proposals that might address Authenticom['s] concerns, as well as [Defendants']." March 12 Tr. at 57.

WHEREFORE, Defendants respectfully request that the Court clarify its ruling as to the partial stay of discovery so that the parties can orderly proceed pending further direction from the Court on a formal discovery schedule.

| | |
|---|---|
| Dated: March 16, 2018 | Respectfully submitted, |
| /s/ Aundrea K. Gulley<br>Aundrea K. Gulley<br>Kathy D. Patrick<br>Brian T. Ross<br>Brice A. Wilkinson<br>Ross A. MacDonald<br>GIBBS & BRUNS LLP<br>1100 Louisiana Street, Suite 5300<br>Houston, TX 77002<br>(713) 650-8805<br>agulley@gibbsbruns.com<br>kpatrick@gibbsbruns.com<br>bross@gibbsbruns.com<br>bwilkinson@gibbsbruns.com<br>rmacdonald@gibbsbruns.com<br><br>Michael P.A. Cohen<br>SHEPPARD MULLIN RICHTER<br>  & HAMPTON, LLP<br>2099 Pennsylvania Ave., NW, Suite 100<br>Washington, DC 20006<br>(202) 747-1900<br>mcohen@sheppardmullin.com<br><br>Leo Caseria<br>SHEPPARD MULLIN RICHTER<br>  & HAMPTON, LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071<br>(213) 620-1780<br>lcaseria@sheppardmullin.com<br><br>*Counsel for Defendant The Reynolds and Reynolds Company* | /s/ Britt M. Miller<br>Britt M. Miller<br>Matthew D. Provance<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>bmiller@mayerbrown.com<br>mprovance@mayerbrown.com<br><br>Mark W. Ryan<br>MAYER BROWN LLP<br>1999 K Street, NW<br>Washington, DC 20006<br>(202) 263-3000<br>mryan@mayerbrown.com<br><br>*Counsel for Defendant CDK Global, LLC* |

## **CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on March 16, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S RULING RE: STAY OF DISCOVERY**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*_____
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com