**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to All Cases | Hon. Amy J. St. Eve |

**AUTHENTICOM'S RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION**

Authenticom, Inc. ("Authenticom") respectfully states as follows in response to Defendants CDK Global, LLC's ("CDK") and The Reynolds and Reynolds Company's ("Reynolds") motion for clarification of the Court's order lifting the stay of document discovery in *Authenticom, Inc. v. CDK Global, LLC, et al.*, No. 18-CV-868 (N.D. Ill.).

1.      At the MDL Status Hearing, the Court stated: "I am going to lift the stay. I am going to keep a stay on oral discovery until further order of the Court." Mar. 12, 2018 Transcript of Proceedings ("Mar. 12 Tr.") (Dkt. 65), at 57:2-3; *see also* Minute Order (Dkt. 43) ("With regard to the Authenticom case, the court partially lifts the stay."). Importantly, the prior stay of document discovery entered by Chief Judge James D. Peterson in the *Authenticom* case only applied to custodial documents; it did not apply to non-custodial documents, as Defendants made clear in their stay motion: "To be clear, Defendants do not seek a total stay of discovery. They will continue to gather and produce non-custodial documents pursuant to the parties' ongoing discovery discussions." *Authenticom* Dkt. No. 231, at 2. Therefore, Authenticom understood this Court's order to lift the stay as to the production of custodial documents – i.e., the only documents to which the prior stay applied.

2.      Defendants, by contrast, interpret the Court's lifting order to permit only the service of supplemental document requests and interrogatories by Authenticom. They state that

until they receive further direction from the Court, they will not produce any additional documents, except to reproduce documents provided to the FTC pursuant to that agency's investigation of the conduct first uncovered by the *MVSC* and *Authenticom* cases. *See* Motion (Dkt. 67), at ¶ 8. Authenticom requested a meet-and-confer with Defendants to discuss the matter, but Defendants refused that overture and filed the motion for clarification instead.

3.      Authenticom respectfully disagrees with Defendants' position. This Court was clear that the purpose of lifting the stay was to get document discovery moving again in *Authenticom*. *See* Mar. 12 Tr., at 56:25-57:1 ("I want to get some things moving on there that have not been."). Defendants' interpretation, however, drains this Court's order of all force. In fact, perversely, Defendants' interpretation actually results in a *broader* stay than existed before. The prior order never stayed non-custodial document production, yet Defendants are now invoking this Court's order as a basis to avoid producing even non-custodial documents, except to the extent they had already been produced to the FTC.

4.      As to custodial documents, Defendants' position rests on the false premise that producing such documents to Authenticom promptly will result in duplicative discovery. But the documents at issue are documents that Defendants *have already agreed to produce*, and once produced to Authenticom, can then be provided to the other MDL parties when appropriate. That is not duplicative discovery, but rather standard procedure in complex civil litigation. Indeed, in seeking to have this MDL established, Defendants argued that all of the cases – including and especially the putative dealer class actions – are based on the same factual allegations at issue in *Authenticom* (as well as *MVSC* and *Cox Automotive*). *See* J.P.M.L. Dkt. 1-1, at 2 (all of the cases "are based on similar alleged conduct, overlapping factual stories, and the same or similar legal theories"); *id.* at 5 ("each of these lawsuits rests on the same or similar

core factual allegations and legal theories"); *id*. at 11 (the dealer class actions "piggyback on the allegations" of *Authenticom* and *MVSC*). Accordingly, by Defendants' own account, producing custodial documents in *Authenticom* will not result in "duplicative discovery"; those documents will be relevant to all the other cases.

5.      Defendants voice the concern that later discovery requests in the non-*Authenticom* cases may require searching additional custodians or running additional search terms, but that theoretical prospect is not sufficient to put a halt to all *Authenticom* discovery. Supplemental requests for document production are routine in all litigation, including MDLs, and they often require some additional searching beyond what has already been done to respond to prior requests. There are practical ways of reducing any burden associated with added custodians or search terms, such as confining the review to unique documents. Such steps are taken every day by counsel in complex litigation, and are not too much to expect in an MDL like this. Authenticom respectfully suggests that the concept of coordinating MDL discovery does not stretch so far as to justify refusing to search for and produce a single document in any case until every last request for production has been served in all cases.

6.      Defendants' position would not only further delay the *Authenticom* trial, but it would wipe away months of work where Authenticom and Defendants labored intensively to reach agreement on custodians, search terms, and the scope of discovery so that they could meet case deadlines leading to an October 2018 trial date. Authenticom will spare the Court the full details of that work, but in mid-December 2017 – after Authenticom had months earlier served CDK and Reynolds with comprehensive document requests (171 requests in total) – the parties reached agreement on initial document custodians (34 in total between Defendants), search terms (182 in total between Defendants), and the general scope of Defendants' custodial and non-

custodial document productions. *See*, *e.g.*, Ex. A (12/19/2017 Correspondence on Search Terms and Custodians). Moreover, on November 21, 2017, Authenticom served deposition notices for 23 witnesses, and when the stay was entered, the parties had already scheduled the first ten depositions for late January through February. *See*, *e.g.*, Ex. B (12/31/2017 Correspondence on Depositions). Importantly, Defendants had agreed to produce the full custodial documents for those witnesses seven calendar days in advance of each deposition, and had started those productions for the first deponents when the stay was entered. There is no reason Defendants cannot restart those custodial productions promptly.

7. Instead of starting from square one on negotiating custodial and non-custodial discovery, the more efficient path is for Defendants to produce documents pursuant to existing agreements with Authenticom's counsel, and then to have dealer counsel work with Authenticom's counsel to determine what additional documents, if any, may be needed for the dealer case. To that end, Kellogg Hansen has proactively shared with the entire group of dealer counsel (1) the full set of Authenticom's discovery requests; (2) Defendants' responses to those requests; (3) the agreed set of search terms and custodians; (4) the core discovery correspondence between the parties to show the compromises that have been struck; (5) the statistics on Defendants' document productions to date, outlining the details of the 300,000 documents (1.3 million pages) by Defendant and custodian; (6) had multiple phone calls to answer their questions; and (7) offered to share – once a protective order has been put in place – Kellogg Hansen's work product, including the identification of hot documents, key witness outlines, third-party discovery plans, and so forth. *See*, *e.g.*, Ex. C (3/20/2018 Correspondence from M. Nemelka to Dealer Counsel). Instead of keeping the stay in place for document discovery, coordination among Plaintiffs' counsel is the far more effective course.

8.    Defendants' position is also inconsistent with the Seventh Circuit's instruction to "the district court to do what it can to expedite its final judgment" so that a "potentially sound antitrust case should not disappear before its eyes because the plaintiff runs a high risk of going out of business while the litigation drags on." *Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019, 1021, 1026 (7th Cir. 2017). Defendants' position only results in further delay with no practical benefit, something Judge Peterson warned the parties to avoid. *Authenticom* Dkt. 209, at 2 ("But note well: the parties are warned to press on with discovery" as "[t]he court intends to keep this case on schedule for summary judgment and trial, so that the ultimate resolution is not delayed.").

9.    Defendants are correct that counsel for Authenticom sent them a discovery letter shortly after this Court lifted the stay on document discovery. Given Defendants' delay in producing documents, it was necessary to not lose any more time. As outlined in that letter – which Defendants attached to their motion – Defendants have still not produced the vast majority of the non-custodial documents they have promised for months to produce. As for custodial discovery, it has been three months since the parties agreed on custodians and search terms. That is more than enough time for Defendants to have reviewed and prepared those productions, just as Authenticom has prepared its custodial productions. Nor should Defendants be able to absolve themselves of their discovery duties in this MDL by pointing to their FTC document reproductions, especially where the FTC only opened its investigation of Defendants' anticompetitive conduct because of the facts uncovered by Authenticom. Now that this MDL is up and running, it is time – as Judge Peterson noted when he entered the stay – for "a lift of the stay to get the case back on track." *Authenticom* Dkt. 245, at 3.

Dated: March 22, 2018

Respectfully submitted,

Jennifer L. Gregor
Kendall W. Harrison
**GODFREY & KAHN S.C.**
One East Main Street, Suite 500
Madison, WI 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
si13@nyu.edu

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

*Counsel for Plaintiffs Authenticom, Inc.,
Motor Vehicle Software Corporation, Cox
Automotive, Inc., Autotrader.com, Inc.,
Dealer Dot Com, Inc., Dealertrack, Inc.,
HomeNet, Inc., Kelley Blue Book Co., Inc.,
vAuto, Inc., VinSolutions, Inc., Xtime, Inc.,
and Bob Baker Volkswagen*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on March 22, 2018, I caused a true and correct copy of the foregoing **AUTHENTICOM'S RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com