# EXHIBIT 2

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
    IN RE:                             ) Docket No. 18 C 864
 4                                     )
      DEALER MANAGEMENT SYSTEMS        )
 5    ANTITRUST LITIGATION.            )
                                       ) Chicago, Illinois
 6                                     ) March 12, 2018
                                       ) 1:30 o'clock p.m.
 7

 8              TRANSCRIPT OF PROCEEDINGS - STATUS
              BEFORE THE HONORABLE AMY J. ST. EVE
 9

10   APPEARANCES:

11
     For Plaintiffs:            KELLOGG, HANSEN, TODD, FIGEL &
12                                FREDERICK, PLLC
                                BY:  MR. DEREK T. HO
13                                   MR. MICHAEL N. NEMELKA
                                1615 M Street, N.W., Suite 400
14                              Washington, D.C.  20036

15                              GODFREY & KAHN, SC
                                BY:  MS. JENNIFER L. GREGOR
16                              One East Main Street, Suite 500
                                Madison, Wisconsin  53703
17
                                MR. SAMUEL ISSACHAROFF
18                              40 Washington Square South
                                New York, New York  10012
19
                                MILBERG, LLP
20                              BY:  MS. PEGGY J. WEDGWORTH
                                1 Penn Plaza, Suite 4800
21                              New York, New York  10119

22                              KAPLAN, KILSHEIMER & FOX, LLP
                                BY:  MR. ROBERT N. KAPLAN
23                              805 Third Avenue
                                New York, New York  10022
24

25
```

```
 1  APPEARANCES (Cont'd):

 2
    For Plaintiffs (Cont'd):   CUNEO, GILBERT & LADUCA, LLP
 3                             BY:  MR. JONATHAN W. CUNEO
                                    MS. VICTORIA ROMANENKO
 4                             4725 Wisconsin Avenue, N.W.
                               Suite 200
 5                             Washington, D.C.  20016

 6                             ROBERTS LAW FIRM, P.A.
                               BY:  MR. MIKE L. ROBERTS
 7                             20 Rahling Circle
                               Little Rock, Arkansas  72223
 8
                               BEASLEY, ALLEN, CROW, METHVIN,
 9                               PORTIS & MILES, P.C.
                               BY:  MR. ARCHIBALD I. GRUBB, II
10                             Post Office Box 4160
                               Montgomery, Alabama  36103
11
                               CLIFFORD LAW OFFICES, P.C.
12                             BY:  MR. ROBERT A. CLIFFORD
                               120 North LaSalle Street, 31st Fl.
13                             Chicago, Illinois  60602

14                             ROBBINS, GELLER, RUDMAN & DOWD, LLP
                               BY:  MS. ALEXANDRA S. BERNAY
15                             655 West Broadway, Suite 1900
                               San Diego, California  92101
16
                               ROBBINS, GELLER, RUDMAN & DOWD, LLP
17                             BY:  MR. JAMES E. BARZ
                               200 South Wacker Drive, Suite 3100
18                             Chicago, Illinois  60606

19                             MILLER LAW, LLC
                               BY:  MR. MARVIN A. MILLER
20                             115 S. LaSalle St., Suite 2910
                               Chicago, Illinois  60603
21
                               LABATON SUCHAROW, LLP
22                             BY:  MR. CHRISTOPHER J. McDONALD
                                    MR. GREGORY ASCIOLLA
23                                  MS. KARIN E. GARVEY
                               140 Broadway, 34th Floor
24                             New York, New York  10005

25
```

```
 1   APPEARANCES (Cont'd):

 2
     For Plaintiffs (Cont'd):    GIBBS LAW GROUP
 3                               BY:  MR. ERIC GIBBS
                                 505 14th Street, Suite 110
 4                               Oakland, California  94612

 5                               GUSTAFSON GLUEK, PLLC
                                 BY:  MR. DANIEL C. HEDLUND
 6                                    MS. MICHELLE J. LOOBY
                                      MR. DAVID A. GOODWIN
 7                               120 South 6th Street, Suite 2600
                                 Minneapolis, Minnesota  55402
 8
                                 WEXLER WALLACE, LLP
 9                               BY:  MR. KENNETH A. WEXLER
                                 55 West Monroe Street, Suite 3300
10                               Chicago, Illinois  60603

11   For CDK and Computerized    MAYER BROWN, LLP
     Vehicle Registration:       BY:  MS. BRITT M. MILLER
12                               71 South Wacker Drive
                                 Chicago, Illinois  60606
13
                                 MAYER BROWN, LLP
14                               BY:  MR. MARK W. RYAN
                                 1999 K Street, N.W.
15                               Washington, D.C.  20006

16   For The Reynolds and        GIBBS & BRUNS, LLP
     Reynolds Company:           BY:  MS. AUNDREA K. GULLEY
17                                    MR. BRIAN T. ROSS
                                      MS. KATHY D. PATRICK
18                               1100 Louisiana, Suite 5300
                                 Houston, Texas  77002
19
                                 SHEPPARD, MULLIN, RICHTER
20                                 & HAMPTON, LLP
                                 BY:  MR. LEO CASERIA
21                               333 South Hope Street, 43rd Floor
                                 Los Angeles, California  90071
22

23   Also Present:               MR. STEVE COTTRELL, Authenticom
                                 MR. MAYER GRASHIN, CDK
24                               MR. JONATHAN EMMANUAL,
                                    Reynolds and Reynolds
25
```

```
 1   APPEARANCES (Cont'd):

 2
     Court Reporter:           MR. JOSEPH RICKHOFF
 3                             Official Court Reporter
                               219 S. Dearborn St., Suite 1232
 4                             Chicago, Illinois  60604
                               (312) 435-5562
 5

 6              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

 7                       PROCEEDINGS RECORDED BY
                           MECHANICAL STENOGRAPHY
 8                     TRANSCRIPT PRODUCED BY COMPUTER

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              THE COURT:  Yes.
2              MS. WEDGWORTH:  So --
3              THE COURT:  Can you send it by Friday?
4              MS. WEDGWORTH:  -- a week from today, next Monday, we
5     can get it by 5:00 o'clock to defense counsel.
6              THE COURT:  Great.  So, send over your draft with
7     your proposals, joint by the plaintiffs, by March 19th at 5:00
8     o'clock Central Time.
9              MS. WEDGWORTH:  Done.
10             MS. MILLER:  Thank you, your Honor.
11             MS. GULLEY:  Thank you, your Honor.
12             THE COURT:  And same with the ESI, please.
13             MS. WEDGWORTH:  Yes.
14             THE COURT:  Send that over, as well.
15             There is a question now in terms of discovery and
16    going forward and the Authenticom case wanting -- some
17    discovery has already been done -- and wanting to move faster
18    in light of the circumstances.  And I have your proposals --
19             MR. KAPLAN:  May I speak to this?
20             MR. ISSACHAROFF:  I represent Authenticom; you don't,
21    Bob.
22             MR. KAPLAN:  Oh.
23             MR. ISSACHAROFF:  If I may?
24             MR. KAPLAN:  Oh, sure.  Please.
25             MR. ISSACHAROFF:  Thank you.
```

1       MR. KAPLAN: Excuse me.
2       THE COURT: What I do not know from your joint status
3  report is --
4       MR. KAPLAN: I'm trying to support you.
5       THE COURT: Just hold on.
6       What I do not know from your joint status report is
7  what discovery has already been exchanged in Authenticom, how
8  far along you are. If it is just -- it sounded like maybe it
9  was just some written, not all written, and no ESI and nothing
10 oral yet.
11      MS. GULLEY: That's right, your Honor.
12      MR. ISSACHAROFF: That is --
13      MS. MILLER: Your Honor, what we've exchanged is --
14 since we're the ones that have produced the most, I can say we
15 have exchanged -- each exchanged -- one set of document
16 discovery. There have been some supplemental requests to
17 that. I think there have been a handful of interrogatories
18 that have been served by one party.
19      But as Ms. Gulley noted before, all of the document
20 productions that have been done thus far are reproductions of
21 existing government productions, all but a handful. So,
22 there's been no depositions, no expert discovery, anything of
23 that sort.
24      THE COURT: Have --
25      MR. ISSACHAROFF: Your Honor, I don't think --

```
1            THE COURT:  -- interrogatories been --
2            MR. ISSACHAROFF:  -- from my perspective --
3            THE COURT:  Have interrogatories been issued?
4            MS. MILLER:  One set of interrogatories was issued by
5    us --
6            THE COURT:  Did plaintiffs issue any?
7            MS. MILLER:  -- to plaintiff.
8            THE COURT:  Did plaintiffs issue any to you?
9            MS. MILLER:  No.
10           THE COURT:  Okay.
11           Yes, go ahead.
12           MR. ISSACHAROFF:  We disagree on the percentage of
13   the documents that are overlap, but that's not really
14   important right now.
15           The -- what we have is requests for production of
16   documents.  There's several hundred thousand -- 300,000 and
17   change -- and over a million.  That's been gone through.  We
18   were at the point of noticing depositions, and we were ready
19   to go forward with that when we got the stay order in the MDL
20   order.
21           So, we are at the point, speaking for Authenticom,
22   that we are prepared to immediately commence discovery, and we
23   think we should be able to immediately commence discovery, and
24   with the anticipation that we could hold to as close to our
25   trial date -- original trial date -- as possible.
```

1      THE COURT: Do you not expect to issue
2 interrogatories?
3      MR. ISSACHAROFF: We will issue interrogatories.
4      But, your Honor, we are in a position where we are
5 more eager to go to trial than we are to engage in extensive
6 discovery. We could be ready for trial with surprisingly
7 little additional discovery over what we have now. We have --
8      THE COURT: Defendants may disagree with that, but --
9      MR. ISSACHAROFF: They might disagree with that, but
10 not on the liability phase. I don't think that anything that
11 we have done goes to the question of whether they conspired,
12 whether they tried to shut us out of the market. I don't
13 think that there's any claim here that we are a joint tort
14 feasor of some kind in this process.
15      So, with regard to liability, we are prepared to move
16 very quickly, even if that costs us some of the normal range
17 of discovery that we would have.
18      As the Seventh Circuit noted, we're representing a
19 client in Authenticom that is at grave risk of going out of
20 business through the normal processes of delay when a business
21 is failing.
22      THE COURT: I am certainly sympathetic to that, but I
23 also know that the Seventh Circuit noted, without addressing
24 any of the merits, that there may be viable defenses here.
25      So --

1           MS. GULLEY:  Right, your Honor.
2           THE COURT:  -- I appreciate both sides, and we will
3    try to accommodate that.  But before putting any deadlines in
4    place, I am trying to get a sense of what has been done --
5           MR. ISSACHAROFF:  That's all that's been done.
6           THE COURT:  -- and what remains to be done.
7           MS. MILLER:  And --
8           THE COURT:  Have you produced any documents on behalf
9    of plaintiffs?
10          MR. HO:  Yes, we have, your Honor.  We've produced
11   documents to the plaintiffs.  Obviously, our document
12   discovery is not going to be nearly as voluminous as the
13   defendants'.  But, yes, we've produced documents.
14          We have received more than three -- about 350,000
15   documents.  I'm a little bit surprised to hear that those
16   consist almost solely of reproductions of the productions to
17   the government because that's quite the opposite of what the
18   defendants have been representing to us as they've been sort
19   of resisting additional discovery.
20          But the bottom line is that there has been extensive
21   document production going both ways; we've reviewed a lot of
22   those documents; and, we feel like we've identified the ones
23   that are critical to the case, which is why we had 12
24   depositions scheduled on January 12th, when Judge Peterson put
25   the stay in place.  So, we were on the cusp of going from the

1  let's talk about lead counsel and lead counsel structure.
2          MR. ISSACHAROFF:  If I may, your Honor?
3          THE COURT:  Yes.
4          MR. ISSACHAROFF:  We have a proposal on this, and I
5  think that there may be some confusion in the documents
6  between lead counsel for purposes of the MDL and the
7  subsequent appointment of interim lead or co-lead class
8  counsel pursuant to 23(g).
9          We have proposed that the class part of this be
10 pushed back a week, and that everybody be able to file papers
11 and make their requests to be appointed pursuant to 23(g).  We
12 have our proposal of how that should be; others have theirs.
13         But for the moment, I think the most important thing
14 is to start the MDL process rolling.  And for that, we think
15 that there should be the appointment of lead counsel and
16 liaison counsel.
17         Lead counsel, at this point it's impossible to see
18 how it can be other than Mr. Ho on behalf -- who has
19 represented the critical cases that have gone forward thus
20 far, MVSC and the Authenticom cases.  Those are the cases that
21 precipitated all this litigation.  Nobody would be in this
22 courtroom without those cases and, particularly, without the
23 injunction in Authenticom.
24         That's where the documents have gone.  I've seen some
25 of these documents because I'm co-counsel with them.  It moves

1  the ball tremendously in these cases. My view, it
2  substantiates much of what we've alleged; but, obviously,
3  there will be disagreement on that. But the critical part of
4  it is that it is already a repository of over a million pages
5  of documents, that we believe are the heart and soul of what
6  we are alleging here and form the foundation for everybody
7  else.
8      So, our proposal is that Mr. Ho be lead counsel for
9  the MDL; that he be able, as is normally the case with MDL
10 lead counsel, to assign responsibility for sub-working groups.
11 If there need to be groups doing particularly discovery on
12 class issues, if there need to be questions about dealership
13 structures and dealership agreements, all those can be set up
14 as subsets from the authority of the leadership of the MDL.
15     And we also propose that Jennifer Gregor be appointed
16 liaison counsel. Ms. Gregor was the person who was
17 responsible for the coordination with Judge Peterson's court
18 as Authenticom was getting ready to go to trial. She
19 participated heavily in the preliminary injunction hearing,
20 put on several of the key witnesses, including Brian Maas,
21 whose declaration you admitted into evidence today, from the
22 California Dealer Association.
23     We believe that that's a team that has already
24 performed this function in what has been the only part of this
25 litigation that has taken shape thus far. It is the engine

1   that drives this entire train.  Nobody is here but for the
2   efforts of these counsel.
3           And, then, we would suggest that this Court have a
4   hearing at some point, when reasonably feasible, on the
5   question of the class components.  We have views that the
6   suggestion of the 12 group -- the group of 12 -- if I can call
7   -- group of 12 versus the group of four for just -- for ease
8   of reference -- that there be a two-year delay process in this
9   is just too long.  It's too long not just for Authenticom --
10  which obviously needs, as the Seventh Circuit recognized, to
11  go to trial more quickly -- but it's too long even for the
12  dealers, as Mr. Maas -- Mrs. Maas's declaration goes forward.
13          So, we have views -- strong views -- on who should be
14  the interim co-leads on the class counsel, but we recommend to
15  the Court that that be handled as a separate -- as a second
16  proceeding, so that we can get the MDL leadership assigned and
17  get this case moving forward as expeditiously as possible.
18          THE COURT:  I did not understand Ms. Wedgworth and
19  Mr. Barz to be saying -- correct me if I am wrong -- that they
20  were here to seek lead class counsel only.
21          MR. BARZ:  Correct.
22          THE COURT:  I understood you to be --
23          MS. WEDGWORTH:  That is correct.
24          THE COURT:  -- saying that you are -- you want to
25  seek as lead counsel in the MDL.