# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re POLYURETHANE FOAM ANTITRUST LITIGATION | ) ) ) ) |
| | MDL Docket No. 2196 |
| This document relates to: | Index No. 10-MD-2196 (JZ) |
| ALL INDIRECT PURCHASER CLASS ACTIONS | |

ORDER CERTIFYING CLASS
ACTION AND APPOINTING CLASS COUNSEL

Upon consideration of the motion for class certification filed by Indirect Purchaser Plaintiffs ("IPPs") (Doc. 577), the memoranda filed in support of the motion and the oppositions to the motion and memoranda, and the arguments, law, evidence, and opinions contained in the additional docket entries identified on the first page of the Court's Class Certification Memorandum Opinion And Order (Doc. 1102) that was issued under seal on April 9, 2014 (the "Opinion and Order") and presented to this Court at the class certification hearing held on January 15, 2014, and for the reasons and findings set forth in the Court's Opinion And Order (Doc. 1102), which are incorporated into this Order,

**THE COURT, HEREBY FINDS,** *INTER ALIA* **THAT:**

- The numerosity requirement of Rule 23(a)(1) is satisfied (*E.g.*, Opinion And Order at p. 16);

- The commonality requirement of Rule 23(a)(2) is satisfied (*E.g.*, *Id.* at pp. 16-17);

- The typicality requirement of Rule 23(a)(3) is satisfied (*E.g.*, *Id.*, at pp. 17-18);

- The adequate representatives requirement of Rule 23(a)(4) is satisfied (*E.g., Id.*, at pp. 18-21);

1

- The predominance requirement of Rule 23(B)(3) is satisfied (*E.g.*, *Id.*, at pp. 21-24 & 88-125);

- The superiority requirement of Rule 23(B)(3) is satisfied (*E.g.*, *Id.*, at pp. 125-127 ).

**FURTHER, IT IS HEREBY ORDERED THAT**:

1. IPPs' Motion For Class Certification (Doc. 577) is GRANTED;

2. An indirect purchaser class (the "Class") under Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of litigation and trial is CERTIFIED consisting of:

> All persons or entities in Alabama, Arizona, California, Colorado, [the] District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who purchased products containing flexible polyurethane foam ["product" here defined to include only carpet underlay, bedding, and upholstered furniture products], not for resale, which were manufactured, produced or supplied by Defendants or their unnamed co-conspirators from January 1, 1999 to the present. Excluded from the Class are governmental entities, Defendants, their co-conspirators and their representatives, parents, subsidiaries and affiliates.

3. The following named plaintiffs are APPOINTED representatives of the Class: Greg Beastrom, Seth Brown, Susan Gomez, Henry Johs, Joseph Lord, Kristen Luenz, Gerald & Kathleen Nolan, Kory Pentland, Jonathan Rizzo, Michael Schwartz, Larry Scott, Catherine Wilkinson, Jeffrey S. Williams, Driftwood Hospitality Management as authorized managing agent for the following entities that own/operate, or that formerly owned/operated, hotes in various states, including: (1) Genwood Memphis I, LLC, owner/operator of the Crown Plaza Memphis, formerly the Wyndham Garden Hotel Memphis, in Memphis, Tennessee; (2) GFII DVI Cardel Doral, LLC, former owner/operator of the Hampton Inn & Suites Doral, in Miami, Florida; (3) Brad-Sum Colorado Springs, LLC, former owner/operator of the Summer field Suites Colorado Prints, formerly the Bradford Homesuites Colorado Springs, in Colorado

Springs, Colorado; (4) GFII DVI Cardel Sawgrass, LLC owner/operator of the Crown Plaza at Sawgrass, in Sunrise, Florida; (5) GFII DVI Cardel Colorado Springs, LLC, formerly Brad-Sum Centennial, LLC, owner/operator of the Staybridge Suites Denver Tech Center, formerly the Bradford Homesuites Centennial, in Centennial, Colorado; (6) DHM Chicago Hotel LP and DHM Chicago Hotel Lessee LP, owner and operator, respectively, of the Avenue Crown Plaza Chicago Downtown, formerly The Avenue Chicago, formerly Radisson Chicago, in Chicago, Illinois; (7) DVI Kauai Hotel, LLC, owner and operator of the Radisson Kauai Beach Resort in Lihue, Hawaii; and (8) DHM Minneapolis Hotel, LLC, owner and operator of the Crowne Plaza North in Brooklyn Center, Minnesota and The Parker Company as authorized agent for the following: Met 2 Hotel LLC; Bachelor Gulch Properties, LLC; MPE Hotel I (Washington), LLC; and New York Hotel Tenant Co., LLC.

4. The claims of the Class consist of claims under the antitrust and/or consumer protection statutes of each of the states identified in the IPP Class definition, *supra*.

5. Under Rule 23(C)(1)(B) and (g) of the Federal Rules of Civil Procedure, Marvin A. Miller, Miller Law LLC, is APPOINTED counsel for the IPP Class. The Court finds that the designation of Mr. Miller is in the best interest of the Class because he (a) has zealously represented the interests of the class in litigating this case while serving as interim lead counsel; (b) has extensive relevant experience in complex antitrust litigation and knowledge of the law applicable to this case; and (3) he has and is willing to continue to commit the resources necessary to represent the Class.

SO ORDERED,

DATED: April 16, 2014            _s/ Jack Zouhary_
                                                      JACK ZOUHARY
                                                      U.S. DISTRICT JUDGE