**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | **MDL No. 2817 Case No. 18 C 864** **This Document Relates to All Cases** |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF THE MILBERG TADLER GROUP TO LEAD THE DEALERSHIP CLASS ACTION**

---

# **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ................................................................................................ 2

ARGUMENT ..................................................................................................... 4

1.  The Court Should Appoint the Milberg Tadler Group as Interim Lead Class
    Counsel for the Dealership Class ................................................................ 4

    A.  Standard for Appointment Under Rule 23(g)(3) .................................. 4

    (i)  The Milberg Tadler Group Filed the First Dealership Class Action
         and Thoroughly Investigated, Identified, and Prepared the Dealership
         Class's Claims ...................................................................................... 5

    (ii) The Milberg Tadler Group Has Substantial Experience Successfully
         Leading Complex Antitrust Class Actions and Knowledge of the
         Applicable Antitrust Law and Dealership Industry ......................... 9

    (iii) The Milberg Tadler Group Has Sufficient Resources to Advance the
          Litigation in the Timely Manner to Prosecute this Action ............ 24

2.  The Milberg Tadler Group Will Work Cooperatively With the Court and
    Other Counsel ........................................................................................... 25

CONCLUSION ................................................................................................. 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Astrazeneca AB v. UFCW (In re Nexium Antitrust Litig.)*,
  777 F.3d 9 (1st Cir. 2015) ................................................................................. 23

*Beaver v. Tarsadia Hotels*,
  816 F.3d 1170 (9th Cir. 2016) ........................................................................... 21

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  MDL No. 1917 (N.D. Ca. 2013) ........................................................................ 14

*LeBeau v. United States*,
  222 F.R.D. 613 (D.S.D. 2004) ...................................................................... 24, 25

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014) ................................................................... 4, 5, 9

*In re Sumitomo Copper Litigation*,
  74 F. Supp. 2d 393 (S.D.N.Y. 1999) .................................................................. 12

*In re Toys "R" Us Antitrust Litig.*,
  191 F.R.D. 347 (E.D.N.Y. 2000) .......................................................................... 9

*Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP*,
  540 U.S. 398 (2004) .............................................................................................. 9

*Walker v. Discover Fin. Servs.*,
  No. 10-cv-6994, 2011 WL 2160889 (N.D. Ill. May 26, 2011) ............................. 5

**Statutes**

Commodity Exchange Act ..................................................................................... 12

DePaul Health Law .............................................................................................. 24

Fair Housing Act .................................................................................................. 13

State's Unclaimed Property Act ........................................................................... 18

**Other Authorities**

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) ......................................................................... 5

Fed. R. Civ. P. 23(g)(1)(B) .................................................................................... 5

Federal Rule of Civil Procedure 23(g)(3) .......................................................................1, 4

Pursuant to Federal Rule of Civil Procedure 23(g)(3) and the Court's March 15, 2018 Initial Status Order (ECF No. 10), Plaintiffs Teterboro Automall Inc., JCF Autos LLC, 440 Jericho Turnpike Sales LLC, Patchogue 112 Motors LLC, Kenny Thomas Enterprises, Inc. (d/b/a/ Olathe Toyota), and Waconia Dodge, Inc. ("Moving Plaintiffs")[1] respectfully request the Court to appoint the following: (1) Peggy J. Wedgworth of Milberg Tadler Phillips Grossman LLP ("Milberg Tadler") as Interim Lead Class Counsel; (2) Leonard A. Bellavia of Bellavia Blatt, P.C.; Daniel C. Hedlund and Michelle J. Looby of Gustafson Gluek PLLC; and Michael Schrag and Amy Zeman of Gibbs Law Group LLP, as members of a Plaintiffs' Steering Committee ("PSC"); and (3) Kenneth A. Wexler of Wexler Wallace LLP as Liaison Counsel (collectively, the "Milberg Tadler Group"). The firms Isaac Wiles Burkholder & Teetor, LLC, WM Law,[2] Goldman Scarlato & Penny, P.C., Lockridge Grindal Nauen P.L.L.P, Taus Cebulash & Landau, LLP, and Berger & Montague, P.C.,[3] firms who in their own right are highly skilled in antitrust and complex litigation and have lead numerous class actions, support the appointment of the Milberg Tadler Group and join in the submission of this memorandum.[4]

---

[1] Moving Plaintiffs are plaintiffs in the four following actions: *Teterboro Automall, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No. 2:17-cv-08714 (D.N.J. filed Oct. 19, 2017) ("*Teterboro* Complaint"); *JCF Autos LLC v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No. 2:17-cv-11975 (D.N.J. filed Nov. 22, 2017) ("*JCF Autos* Complaint"); *Waconia Dodge, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co.*, 1:18-cv-1707 (N.D. Ill. filed Mar. 8, 2018); and *Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No: 3:18-cv-29 (S.D. Ohio filed Jan. 24, 2018).

[2] Issac Wiles Burkholder & Teeter, LLC and WM Law are counsel in *Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No: 3:18-cv-29 (S.D. Ohio).

[3] Goldman Scarlato & Penny, P.C., Lockridge Grindal Nauen P.L.L.P, Taus Cebulash & Landau, LLP, and Berger & Montague, P.C. are counsel in *Waconia Dodge, Inc. v. CDK Global, LLC*, 1:18-cv-1707 (N.D. Ill.).

[4] This memorandum is further supported by the accompanying Declarations of Peggy J. Wedgworth ("Wedgworth Decl.") and Leonard A. Bellavia ("Bellavia Decl.").

## INTRODUCTION

On October 19, 2017, Milberg Tadler[5] and Bellavia Blatt[6] filed *Teterboro Automall, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No. 2:17-cv-08714 (D.N.J.), the <u>first</u> case in this litigation on behalf of Dealership Class plaintiffs.[7]  Prior to filing, Milberg Tadler and Bellavia Blatt thoroughly investigated and carefully developed the claims of the proposed Class, expending considerable time and effort to bring to light dealerships' extreme concerns about the escalating costs associated with defendants' provision of their data management systems ("DMS") and data integration services.  Over the next four months, another twelve similar class action complaints were filed around the country.  The cases were consolidated by the Judicial Panel on Multidistrict Litigation and transferred to this Court for pretrial purposes, including the appointment of Interim Lead Class Counsel.  *See* ECF No. 10.

The Milberg Tadler Group is the product of thoughtful "private ordering" among independent attorneys for dealers who came together to assemble the team "best-suited" to represent the Dealership Class efficiently, cooperatively, and successfully.  *See* Manual for Complex Litigation (4th) ("Manual") § 14.211; ECF No. 10.  Milberg Tadler, Gustafson Gluek, and Gibbs Law Group are experienced antitrust and class action firms that have obtained extraordinary results for class members.  Chicago-based Wexler Wallace is similarly a prominent antitrust and class action firm, with extensive experience serving both as lead and liaison counsel before numerous judges in this District.  Each of the firms has a long history of efficiently

---

[5] Milberg Tadler Phillips Grossman LLP was established in 2018 by members of Milberg LLP and Sanders Phillips Grossman LLC.  As of January 1, 2018, Milberg LLP's lawyers are now prosecuting new and active cases out of Milberg Tadler Phillips Grossman LLP.

[6] The firm's name changed to Bellavia Blatt, P.C. in January 2018.

[7] *See* Wedgworth Decl., Exhibit E.

cooperating with other firms to achieve favorable results for their clients, and is committed to expending all necessary efforts and resources to vigorously pursue this litigation.[8]

Bellavia Blatt's unparalleled expertise in auto dealership operations and management, acquired through decades of representing thousands of dealerships, provides an invaluable complement to the antitrust and class action experience of the other firms in the Milberg Tadler Group.[9] Given that this litigation concerns the operation of retail car dealerships, their computer management systems, and the interaction between the dealerships and third party application providers, Bellavia Blatt's specialized knowledge will uniquely benefit the Class.[10]

The Milberg Tadler Group, whose practice is devoted in large part to antitrust class actions, dealership law, and complex litigation, assembled the most effective and efficient combination of attorneys with experience in complex multi-state litigation, antitrust and business-plaintiff class actions, as well as auto dealership operations. Cognizant of the Court's efficiency concerns, the Milberg Tadler Group proposes a lean leadership structure that will benefit the Court, named plaintiffs, and class members, and facilitate effective communication with defendants.

Furthermore, synergy among counsel is essential to efficiently and effectively prosecute this case. Ms. Wedgworth and her team have already demonstrated their ability to work cooperatively with both defense and individual plaintiffs' counsel by taking a lead role drafting, reviewing, and finalizing the Initial Status Report (ECF No. 64), and coordinating plaintiffs'

---

[8] *See* Wedgworth Decl. ¶¶ 13-20.

[9] *See* Bellavia Decl. ¶¶ 4-14.

[10] *Id.* ¶ 4-14.

counsel in the preparation of the Protective Order and ESI Protocol, as Ms. Wedgworth described at the March 12 status conference.[11]

Finally, this team is acutely aware that this MDL raises unique issues because different types of plaintiffs have sued defendants. Though many of the issues overlap for all plaintiffs, some — damages in particular — are unique to each type of plaintiff (i.e. the dealership class plaintiffs, individual competitor plaintiff (Authenticom), and individual application vendor plaintiffs (Motor Vehicle Software Corporation and Cox Automotive). The Milberg Tadler Group has already worked collaboratively with other counsel to resolve numerous issues. This team is committed to work with all court-appointed attorneys to resolve issues efficiently, while at the same time zealously advocating for the Dealership Class. Given the depth of antitrust, business class action, and dealership experience, and the cooperative leadership style Ms. Wedgworth has demonstrated in orchestrating substantive work, the Milberg Tadler Group is the optimal choice to lead the Dealership Class.

## ARGUMENT

### 1. The Court Should Appoint the Milberg Tadler Group as Interim Lead Class Counsel for the Dealership Class

#### A. Standard for Appointment Under Rule 23(g)(3)

Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating Interim Lead Class Counsel helps "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014)

---

[11] *See* March 12, 2018 Status Conference Tr. (Wedgworth Decl., Exhibit G) at 23:13-25:18; 31:24-32:14.

(quoting Manual for Complex Litigation § 10.22 (4th ed. 2004) § 21.11) ("Manual"). In multi-district litigations such as this, appointing seasoned counsel is one of the Court's crucial organizational tools. *Id.* §§ 10.224, 21.272. In appointing "interim class counsel, the court must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class." *Smith*, 301 F.R.D. at 288 (quoting Fed. R. Civ. P. 23(g)(1)(B)). By appointing the Milberg Tadler Group to lead the Dealership Class, the Court will ensure that the proposed class is adequately represented, and that the litigation is conducted in an organized and efficient manner by skillful and experienced counsel. *Id.* § 10.221.

Rule 23(g) sets forth four considerations for the Court to evaluate in choosing Interim Lead Class Counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). *See also Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *1 (N.D. Ill. May 26, 2011). The Milberg Tadler Group meets each of these criteria and has agreed on a streamlined and efficient leadership structure that will more than adequately represent the interests of the Dealership Class. Consideration of these factors strongly supports the appointment of the Milberg Tadler Group to lead the Dealership Class.

        **(i)**      **The Milberg Tadler Group Filed the First Dealership Class Action and Thoroughly Investigated, Identified, and Prepared the Dealership Class's Claims**

Milberg Tadler and Bellavia Blatt filed the first Dealership Class Action in this litigation, alleging that in February 2015, defendants entered into an illegal, express horizontal agreement

5

to exclude competition in the market for dealer data integration services, which are critical to the proper functioning of dealerships. *Teterboro* Complaint ¶¶ 9, 30-33. Defendants also used their market dominance to impose long-term unlawful exclusive dealing provisions on dealerships to reinforce their unlawful horizontal agreement. *Id.* ¶¶ 4-8, 26-29. Defendants' dominance in the marketplace has left dealerships no choice but to enter into long-term DMS contracts with defendants. *Id.* ¶¶ 3, 4, 59. Through these long-term contracts, defendants have effectively usurped control over data that belongs to Dealership Class members and blocked other data integrators and third-party application providers from accessing dealership data. *Id.* ¶¶ 4, 7, 88. Defendants are using their control of the data integration market to impose supracompetitive charges for data integration on the vendors, and those charges are passed onto dealerships. *Id.* ¶¶ 4-8, 12, 26-33, 59, 88.

Several weeks after the *Teterboro* Complaint was filed,[12] a dealership plaintiff filed *Hartley Buick GMC Truck, Inc. v. CDK Global LLC and The Reynolds and Reynolds Co.*, No. 1:17-cv-07827 (N.D. Ill. filed Oct. 31, 2017). Over the course of the next four months, additional dealership plaintiffs filed a total of 11 class action complaints[13] that were extremely similar, if not identical in large part, to the *Teterboro* Complaint.

---

[12] Milberg Tadler and Bellavia Blatt filed a second complaint on November 22, 2017, *JCF Autos LLC v. CDK Global, LLC*, No. 2:17-cv-11975 (D.N.J.), representing three dealerships in that complaint, for a total of four dealerships. *See* Wedgeworth Decl., Exhibit E.

[13] *Hoover Automotive, LLC v. CDK Global, LLC and The Reynolds and Reynolds Co.*, 3:17-cv-00864 (W.D. Wis. filed Nov. 17, 2017); *John O'Neil Johnson Toyota, LLC v. CDK Global, LLC*, No. 3:17-cv-00888 (S.D. Miss. filed Nov. 30, 2017); *Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No: 3:18-cv-29 (S.D. Ohio filed Jan. 24, 2018); *Massey Chrysler Center, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No. 2: 18-cv-42 (M.D. Ala. filed Jan. 25, 2018); *Cox Motors N.C., Inc. D/B/A Cox Toyota v. CDK Global, LLC*, No. 1:18-cv-846 (N.D. Ill. filed Feb. 1, 2018); *Northtown Automotive Cos. Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co*., No: 1:18-cv-833 (N.D. Ill. filed Feb. 1, 2018); *Bob Baker Volkswagon v. CDK Global, LLC and The Reynolds and Reynolds Co.*, No. 1:18cv909 (N.D. Ill. filed Feb. 2, 2018); *Baystate Ford, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co*., No. 1:18-cv-00996(N.D. Ill filed Feb. 7, 2018); *F.G. Downing Development Co. v. CDK Global & The Reynolds and Reynolds*

The Milberg Tadler Group has already committed substantial time and effort to researching, identifying, and filing the claims in the first Dealership Class complaint. Milberg Tadler and Bellavia Blatt reviewed financial records, contractual documents, and other materials that dealers provided.[14] These records revealed price increases consistent with the illegal conduct the *Teterboro* Complaint alleges. Milberg Tadler also compiled and reviewed industry analyses, pertinent articles, press releases, public announcements, and company reports. And Milberg Tadler's in-house investigators and paralegals similarly expended considerable effort contributing to the pre-filing investigation.[15] In preparing the initial *Teterboro* complaint, and later the *JCF Autos* complaint, Bellavia Blatt, general and outside counsel to numerous national, state, and local dealerships and dealer associations, communicated with many retail dealerships — not just named plaintiffs — that conveyed extreme concerns with the pricing policies and conduct of defendants CDK and Reynolds.[16]

Milberg Tadler and Bellavia Blatt also reviewed the briefing and publicly-available documents in the individual actions against defendants, *Motor Vehicle Software Corp. v. CDK Global, LLC*, No. 2:17-cv-00896 (C.D. Cal. filed Feb. 3, 2017) ("*MVSC* Complaint") and *Authenticom, Inc. v. CDK Global LLC*, No. 3:17-cv-00318 (W.D. Wis. filed May 1, 2017) ("*Authenticom* Complaint"), analyzing the publicly-available briefing and documentation, and

---

*Co.*, No. 18-cv-987 (N.D. Ill. filed Feb. 7, 2018); *Pensacola Motor Sales, Inc. v. CDK Global and The Reynolds and Reynolds Co.*, No. 18-cv-1402 (N.D. Ill. filed Feb. 23, 2018); *Waconia Dodge, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Co.*, 1:18-cv-1707 (N.D. Ill. filed Mar. 8, 2018).

[14] Wedgworth Decl. ¶ 14; Bellavia Decl. ¶ 16.

[15] Wedgworth Decl. ¶ 14.

[16] Bellavia Decl. ¶ 15.

reviewing the decisions of the District Court of Wisconsin and the Seventh Circuit Court of Appeals.[17]

Milberg Tadler thoroughly and independently researched all allegations before filing the *Teterboro* Complaint, investigating the pricing impact of defendants' actions, making very different and specific allegations against defendants as they related to *dealership*s, including allegations that involved separate markets than those identified in the *MVSC* and *Authenticom* Complaints. Milberg Tadler also investigated and analyzed the impact of defendants' illegal conduct on third party application providers, and the harm to dealers from the providers passing those fees on to dealers.

The Milberg Tadler Group has also worked diligently to advance the litigation after filing the first dealership complaint. Ms. Wedgworth has taken the lead role, on behalf of all plaintiffs' counsel, in substantially editing, circulating, and negotiating the draft Protective Order and ESI Protocol that she sent to defense counsel on March 19, 2018. Milberg Tadler Group members also worked cooperatively with other counsel in overseeing the drafting, review and finalization of the Initial Status Report submitted to the Court on March 15, 2018 (ECF No. 64), and have continually coordinated efforts with other plaintiffs' counsel and participated in meet and confers with same, as well as with defense counsel.[18]

To ensure efficiency among counsel, the Milberg Tadler Group also intends to propose a protocol with cost and expense guidelines as set forth in the Wedgworth Decl. ¶ 35, Exhibit H, and will closely monitor attorney time, only assigning and approving work that is absolutely necessary; excessive billing will not be accepted. Ms. Wedgworth, Mr. Gibbs, Mr. Schrag, Mr.

---

[17] The Seventh Circuit's opinion issued on November 6, 2017 after the *Teterboro* Complaint was filed. *See also* Wedgworth Decl. ¶ 15; Bellavia Decl. ¶ 17.

[18] *Id.* ¶ 18, 19. Ms. Wedgworth also appeared before the JPML in this matter on January 25, 2018. *Id.* ¶ 16.

Hedlund, and Mr. Wexler also attended, as well as participated in, the Status Conference before this Court on March 12, and the Milberg Tadler Group continues to interview and retain additional clients to bolster the Dealer Class's allegations against the defendants.[19]

> **(ii)** **The Milberg Tadler Group Has Substantial Experience Successfully Leading Complex Antitrust Class Actions and Knowledge of the Applicable Antitrust Law and Dealership Industry**

Courts appointing class counsel have placed great emphasis on proposed class counsel's experience and knowledge of applicable law. *See generally In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000) ("Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."); *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 289-90 (N.D. Ill. 2014) (noting the importance of prior experience litigating other TCPA cases in the context of a motion to appoint interim lead class counsel).

As reflected in the quality of the individual complaints filed on behalf of their respective plaintiffs, and as their respective firm resumes confirm, the Milberg Tadler Group members have substantial experience and extensive knowledge of the relevant antitrust, dealership, and class action law, and have developed expertise in applying that knowledge effectively and efficiently to prosecute complex class actions.[20] They have repeatedly served as lead and co-lead counsel, on executive committees, and as liaison counsel in other similar cases, are well-versed in applicable law, and will draw on their substantial knowledge, experience, and creativity to effectively represent plaintiffs and the putative Class in this matter. *See id.*

Furthermore, "antitrust analysis must sensitively recognize and reflect the distinctive economic and legal setting of the regulated industry to which it applies." *Verizon Commc'ns,*

---

[19] *Id.* ¶ 20.

[20] *Id.,* Exs. A-D.

*Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 411-12 (2004) (internal quotation marks omitted). Accordingly, it is crucial that any appointed leadership team in this matter have experience with the retail automotive dealership industry. Milberg Tadler, Gustafson Gluek, Gibbs Law Group, and Wexler Wallace are accomplished class action antitrust firms, and importantly for this case, the inclusion of Bellavia Blatt provides indispensable and necessary industry knowledge and access to the dealership industry and its business, as Bellavia Blatt has served as lead dealership counsel in some of the most noteworthy cases in the industry.[21]

The distinct and collective litigation experience of the Milberg Tadler Group's members amply demonstrates their extensive knowledge of the applicable law, their proven ability to reach superior results in such litigation, and a commitment to work cooperatively with co-counsel.

### a. Peggy J. Wedgworth, Milberg Tadler Phillips Grossman LLP

Milberg Tadler Phillips Grossman is a leading class action and complex litigation firm headquartered in New York City, helping clients challenge corporate wrongdoing through class action, mass tort, personal injury, whistleblower/false claims, consumer, and shareholder rights services. The firm's Antitrust Practice Group prosecutes large, complex antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world. The firm is a recognized leader in advocating remedies and restitution for consumers, businesses, and investors wronged by anti-competitive conduct.

The firm's Antitrust Practice Group has successfully prosecuted numerous antitrust cases, including *Blessing v. Sirius XM Radio Inc.*, No. 09-cv-10035 (S.D.N.Y.) (Co-Lead Counsel; class settlement valued at $180 million); *Sandhaus v. Bayer AG, et al.*, No. 00-cv- 6193 (Kan.) (Co-Lead Counsel, secured largest Kansas-only antitrust indirect purchaser pharmaceutical

---

[21] Bellavia Decl. ¶¶ 5, 13, 14; *see also* the Declaration of Andrew Weill ("Weill Decl."), dated March 23, 2018, attached to the Bellavia Decl. as Ex. 1, ¶ 6.

recovery in state history: $9 million settlement); and *In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-md-2186 (D. Idaho) (Co-Lead Counsel for Indirect Purchaser Plaintiffs, $5.5 million settlement and agreed upon injunctive relief).[22]

Throughout its history, the firm's lawyers have taken the lead in landmark cases that set legal precedents benefitting consumers and shareholders, and have remained at the forefront of their areas of practice. *See, e.g.*, *In re Vivendi Universal, S.A. Securities Litigation* (One of two lead trial counsel, jury awarded damages valued at well over a billion dollars; damages have been distributed to U.S. class members totaling over $100 million); *In re Merck & Co., Inc. Securities Litigation* (D.N.J.) (Co-Lead Counsel, $1.062 billion recovery). Early on, firm lawyers, including specifically Ariana Tadler, were among the first plaintiffs' lawyers in the country to assemble and train a dedicated team to meet the e-discovery demands of complex litigation, and Milberg Tadler attorneys have taken the lead in negotiating comprehensive discovery-related orders attuned to the latest developments in technology, the Federal Rules of Civil Procedure, and best practices. The firm's ability to pursue claims against defendants is augmented by its investigative team, supervised by a 27-year veteran of the Federal Bureau of Investigation.[23]

The Milberg Tadler Antitrust Practice Group is chaired by managing partner Peggy Wedgworth, who has extensive experience in all aspects of litigation — from case development, pleadings, motion practice, fact and expert discovery, and trial — in antitrust, commodities, and securities matters. Ms. Wedgworth is recognized as a New York Metro "Super Lawyer" in antitrust practice and has been recommended in the Legal 500. Milberg Tadler is one of the few prominent class action firms in the nation with a female named partner, Ms. Tadler. Ms.

---

[22] *Id. ¶36*

[23] *Id. ¶37*

Wedgworth and Ms. Tadler are the two female partners on the firm's four partner management team.[24]

Ms. Wedgworth currently represents contact lens purchaser plaintiffs in *In re Contact Lens Antitrust Litigation*, No. 3:15md2626 (M.D. Fla.) (Schlesinger, J.) (Klindt, M.J.), a case where she is working collaboratively with Messrs. Hedlund and Schrag, along with lead counsel. Ms. Wedgworth has also actively participated in all phases of litigation on behalf of plaintiffs in other significant antitrust and commodities litigation; *see, e.g.*, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944 (N.D. Cal.) (conducted depositions/trial preparation); *Church & Dwight Co., Inc. v. Mayer Labs., Inc.*, No. C-10-04429 (N.D. Cal.) (conducted depositions and oversaw and managed discovery); *Blessing v. Sirius XM Radio, Inc.*, No. 09-10035 (S.D.N.Y.) (conducted depositions and worked on all discovery, summary judgment and trial matters); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (conducted and defended numerous depositions (including experts), and conducted substantial discovery in Hong Kong and Tokyo, where"[t]he recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act.").[25]

Ms. Wedgworth also has significant experience representing plaintiffs in this District. Ms. Wedgworth, with firm colleague Sandy Dumain, currently leads the plaintiff's litigation team representing Cook County in several cases pending in Illinois federal court against some of the largest banks in the country for Fair Housing Act violations which seek to address the

---

[24] Wedgworth Decl. ¶¶ 3, 21-25, 33.

[25] Ms. Wedgworth actively litigated both the securities and antitrust class actions in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (S.D.N.Y.), one of the largest federal securities litigations then in history. Ms. Wedgworth was involved in all aspects of the litigation, which ultimately settled for $586 million, including responsibility for crafting and implementing a prosecution plan against certain investment bank defendants, deposing almost a dozen witnesses, and training a substantial number of attorneys to take depositions. *See* Wedgworth Decl. ¶ 26. *See also id.* at ¶ 31 for additional antitrust and commodities cases litigated by Ms. Wedgworth.

substantial burden counties have had to bear due to the banks' unlawful predatory lending and servicing practices known as "reverse redlining." *See Cty. of Cook v. Wells Fargo & Co*., No. 1:14-cv-09548 (N.D. Ill. filed Nov. 28, 2014 ) (Feinerman, J.); *Cty. of Cook v. HSBC N. Am. Holdings, Inc*., No. 1:14-cv-02031 (N.D. Ill. filed Mar. 24, 2014 (Lee, J.); *Cty. of Cook v. Bank of Am. Corp.*, No. 1:14-cv-2280 (N.D. Ill. filed Mar. 31, 2014) (Bucklo, J.).[26]

Ms. Wedgworth has worked collaboratively with other plaintiffs' attorneys in all the cases listed above, and takes pride in the positive relationships she has developed with other attorneys, both for plaintiffs and defense. In leadership discussions in this matter, Ms. Wedgworth has reached out and spoken to numerous people in decision-making roles for their client(s).[27] Ms. Wedgworth is cognizant of the respect and deference this Court requires of its practitioners in conducting themselves before the Court. She has maintained that demeanor in not only speaking with all plaintiffs' counsel, but also in communicating and negotiating with defense counsel over the past four months.

As a member of the New York State Bar Association's Antitrust Committee for many years, Ms. Wedgworth has served as both a speaker and panelist. She has served twice on the advisory board of Competition Law360, and is a member of the American Bar Association, Antitrust Committee. Perhaps most importantly, Ms. Wedgworth places value on working with those who are considering the legal profession by volunteering at a local high school to assist students with their law academy trial team, and to prepare them for national mock trial

---

[26] *See* Wedgworth Decl. ¶ 30 for a discussion of Ms. Wedgworth's past experience representing plaintiffs in this District.

[27] *Id.* ¶ 17.

competitions. Ms. Wedgworth also judges mock trial competitions, most recently at Yale College.[28]

Ms. Wedgworth will be assisted by Elizabeth McKenna, Senior Counsel with Milberg Tadler, who has almost 20 years of experience as a litigator, and nine years working with the lawyers at Milberg Tadler as an integral part of the Antitrust Practice Group. Ms. McKenna currently focuses her practice on antitrust cases involving price-fixing, unlawful monopolization, and other anticompetitive practices, as well as on complex and class action consumer protection and privacy cases. Ms. McKenna was part of the team appointed co-lead counsel for Indirect Purchaser Plaintiffs in agricultural cooperative antitrust litigations, *In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-md-2186 (D. Idaho), as well as *In re Processed Egg Products Antitrust Litig.*, No. 2:08-md-2002 (E.D. Pa.) and is currently working directly with Ms. Tadler in her capacity as a court-appointed member of the Plaintiffs' Steering Committee in *In re Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-2800 (N.D. Ga.). Ms. McKenna's other antitrust experience includes substantial contributions to *Blessing v. Sirius XM Radio Inc.*, No. 09 CV 10035 (S.D.N.Y. 2010); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal. 2013); and *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (D.N.J. 2015).

### b. Leonard A. Bellavia, Bellavia Blatt, P.C.

Bellavia Blatt is one of the largest automobile dealership law firms in the country and a nationally recognized authority in the field of automotive franchise law. Over the years, Bellavia Blatt has represented thousands of automobile dealerships across the country and has vast experience litigating on behalf of dealers: members of the putative Dealer Class. Bellavia Blatt

---

[28] *Id.* ¶¶ 32, 34.

has served as lead dealer counsel in the most noteworthy cases in the industry, including the historic *Colonial Chevrolet Co. v. Unites States*, 123 Fed. Cl. 134 (2015), and is the law firm that initiated involuntary bankruptcy proceedings related to Saab, having represented almost all of the former Saab dealers nationwide.[29]  Bellavia Blatt is lead counsel in a number of other notable industry matters that are listed in the firm's "litigation highlights"[30]

Leonard A. Bellavia is a Founding partner of the firm, and is a nationally recognized authority in the field of automotive franchise law.  Mr. Bellavia spent his life in the automobile business, as his family once owned one of the largest dealer groups in the New York area.  Mr. Bellavia represents thousands of automobile dealerships across the country in all aspects of commercial litigation and buy-sell transactions, and has been instrumental in negotiating the sales of hundreds of dealerships.  He has achieved national recognition for advocating the mass action litigation model on behalf of franchised automobile dealers, and has successfully implemented this strategy in the following actions:

- Co-lead counsel in the Chrysler Bankruptcy proceedings;

- Filed mass action lawsuits on behalf of hundreds of dealers against TRUECar alleging false advertising in violation of the Lanham Act, the primary federal "truth-in advertising" statute in the United States, seeking both money damages and injunctive relief, *Dependable Sales and Service, Inc. v. TrueCar, Inc.*, No. 15-cv-01742 (S.D.N.Y.);

- Launched a mass action lawsuit on behalf of over 1000 dealers against CARFAX seeking substantial damages due to alleged anticompetitive behavior under the antitrust laws, *Maxon Hyundai Mazda v. Carfax, Inc.*, No. 13-cv-02680 (S.D.N.Y);

- Representing almost all of the Saab dealers in the U.S. in the Saab Bankruptcy and recovered almost 80 percent of dealer receivables, *In re: Saab Cars North America, Inc.*, No. 12-10344 (U.S. Bankruptcy Court, D. Del.);

- Representing 300 rejected Chrysler dealers in the lawsuit against the U.S. Treasury alleging the unconstitutional "Taking" of Dealer Agreements under the 5th Amendment, *Alley's of Kingsport v. U.S.*, No. 11-100 (U.S. Court of Fed Claims);

---

[29] Bellavia Decl. ¶¶  5, 11.

[30]  *Id.* ¶ 13 and Ex. 3.

- Lead counsel for 75 dealers against the Tribune Company for anti-trust violations in selling print ads to dealers; *Arnold Chevrolet, LLC v. Tribune Co.*, No. 04-cv-3097 (E.D.N.Y.) and

- Regarded as an industry pioneer in establishing the right of dealers to receive warranty parts reimbursement at a retail mark up.

Mr. Bellavia is outside General Counsel to the New York State Automobile Dealers Association ("NYSADA"), the statewide trade association representing approximately 1000 franchised dealerships. The firm has similar statewide and regional roles in other states including New Jersey, Kentucky, Pennsylvania, New Mexico, and Ohio.[31] According to the President of the NYSADA, Robert Vancavage, Mr. Bellavia was chosen as outside counsel because of his "nationally recognized experience and reputation" and Bellavia Blatt is "the 'go to' firm in the auto industry for franchised automobile dealers with respect to any issue that they face."[32] Recognized as one of the foremost firms in the nation for advocating the rights of franchised and licensed dealers, the firm has developed a team of lawyers and support staff dedicated entirely to client satisfaction that has earned them distinction as being one of the preeminent dealer rights law firms in the country.[33]

For the past nine years, Mr. Bellavia has been a member of the Board of Directors of the National Association of Dealer Counsel ("NADC"), a group of 600 attorneys focused on the representation of auto dealers, serving as the Chair of its Litigation Section during that time.[34] Mr. Bellavia is also frequently asked for commentary in *Automotive News and Auto*

---

[31] Bellavia Decl. ¶¶ 9, 10.

[32] *See* the Declaration of Robert Vancavage ("Vancavage Decl.") ¶ 7, dated March 23, 2018, attached to the Bellavia Declaration as Exhibit 2. *See* Bellavia Decl. at ¶ 9.

[33] Bellavia Decl. ¶ 5.

[34] *See* Bellavia Decl. ¶ 8; Weill Decl. ¶ 6.

*Dealer Monthly,* on important issues confronting the automotive industry and is a regular speaker for the NADC and other national automotive trade organizations.[35]

c.     **Daniel C. Hedlund and Michelle J. Looby, Gustafson Gluek PLLC**

Gustafson Gluek is a Minneapolis law firm with a national practice specializing in, complex litigation, antitrust class actions in particular, and has served in leadership roles in numerous cases over the years. A more fulsome list is included in the firm's resume attached to the Wedgworth Decl. as Exhibit B, but a few examples include:

- *In re Syngenta Litig.*, No: 27-CV-15-3785 (Minn. Dist. Ct.) (J. Miller preceded by J. Sipkins (MN); J. Lungstrum (MDL 2591)) (Co-Lead counsel in state court action representing a class of Minnesota corn farmers against Syngenta, and one of four counsel selected to serve as settlement counsel on behalf of all state and federal classes suing Syngenta, resulting in a proposed settlement of $1.51 billion);

- *Precision Associates v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 (E.D.N.Y.) (J. Cogan preceded by J. Gleeson) (Co-Lead counsel in national antitrust class action recovering over $450 million for the class); and

- *In re DRAM Antitrust Litig.*, MDL No. 1486 (N.D. Cal. and multiple state court actions) (J. Hamilton) (Co-Lead counsel for indirect purchasers achieving $310 million in settlements).

Gustafson Gluek prides itself on being a diverse group of problem solvers that can tackle any issue. The Gustafson Gluek team is comprised of 8 female and 8 male attorneys — all from a variety of backgrounds, that bring new perspectives to their work to truly represent their clients. The firm is also committed to advocating for the underrepresented. Gustafson Gluek worked with Judge Michael Davis, to help found the *Pro Se* Project, a collaboration with the Minnesota District Court pairing indigent federal litigants with attorneys, and, as a result, the firm was honored with the "District Court's Distinguished Pro Bono Service Award."

---

[35] Bellavia Decl. ¶14, Ex. 4; *see also* Weill Decl. ¶ 6.

17

Led here by partners Dan Hedlund and Michelle Looby, Gustafson Gluek brings extensive experience in the prosecution of antitrust class actions. For the last twenty years, Mr. Hedlund has worked on numerous complex class actions seeking injunctive and monetary relief for small businesses and consumers. He is past president of the Committee to Support Antitrust Laws and a part Chair of the Minnesota Bar Association's Antitrust Council. He has been named a "Super Lawyer" by Minnesota Law & Politics from 2013-2017 and a top 100 lawyer in 2015 and 2017.

In many of these cases Mr. Hedlund and his firm have played a significant role including serving as lead counsel or on executive committees: *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill.) (Mr. Hedlund is primary lawyer for the firm in a class action in which Gustafson Gluek serves as Co-Lead counsel for a class of commercial and institutional purchasers of poultry products); *Bhatia v. 3M Company*, No. 16-cv-1304 (D. Minn.) (Mr. Hedlund serves as Co-Lead counsel in a putative class action alleging consumer fraud allegations related to the sales and marketing of dental crowns); *Hall v. State of Minn.*, No. 62-cv-15-2112 (Ramsey County Dist. Ct.) (Mr. Hedlund plays a major role in this class action brought on behalf of Minnesota citizens negatively impacted by the State's Unclaimed Property Act); *In re Disposable Contact Lens Antitrust Litigation*, MDL No. 2626 (M.D. Fla.) (Defendant discovery team leader in antitrust class action); *Kleen Products vs. Int'l. Paper*, No. 10-cv-5711 (N.D. Ill.) (Defendant discovery team leader in a class action alleging price fixing of containerboard and producing settlements to date of over $300 million); *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-cv-14360 (E.D. Mich.) (Firm is Co-Lead counsel and Mr. Hedlund played major role recovering $30 million on behalf of plaintiff class); *In re Vitamin C Antitrust Litigation*, MDL No.1738 (E.D.N.Y.) (Firm is Co-Lead counsel and Mr. Hedlund is lawyer

primarily responsible for representing the indirect purchaser class in the national antitrust litigation); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-cv-20000 (N.D. Ala.) (Member-Damages Committee); and *In re DRAM Antitrust Litig.*, MDL No. 1486 (N.D. Cal. and multiple state court actions) (see above).

Ms. Looby, likewise, has spent her career advocating on behalf of victims of anticompetitive and unfair business practices, playing a significant role in numerous complex class actions.[36]  For example, Ms. Looby, along with Mr. Hedlund, played an integral role in representing a class of businesses and consumers who paid supracompetitive prices for freight forwarding services as a result of 11 separate conspiracies executed by 68 defendants in an antitrust class action *Precision Associates, Inc. v. Panalpina World Transport (Holding), Ltd., et al.*, No. 08-cv-42 (E.D.N.Y.).  As part of that representation, Ms. Looby negotiated settlements with numerous defendants, took more than a dozen depositions and interviews of key witnesses located across the globe, worked with experts, drafted critical motions.  As a result of these efforts, the class recovered over $450 million and Ms. Looby received the American Antitrust Institute's award for Outstanding Antitrust Litigation Achievement by a Young Lawyer in 2015.  Ms. Looby has also been recognized by Law & Politics magazine as a "Super Lawyer Rising Star" from 2014-2017.

In addition, Ms. Looby has made a concerted effort to advance not only female attorneys in Minnesota, but also nationally in the antitrust field—a practice area that has traditionally been very male dominated.  She serves on the Board of Directors of Minnesota Women Lawyers; is a member of the Minnesota State Bar Association's Antitrust Council, serving as its Diversity & Inclusion Liaison; and has organized and co-sponsored a women's networking event held in

---

[36] *See* Wedgworth Decl., Exhibit B.

conjunction with the ABA's Antitrust Spring Meeting in Washington, D.C. In addition, Ms. Looby is on the executive committee of the Coalition in Support of the Antitrust Laws, serves on Law360's Competition Editorial Advisory Board, and has published and presented on the topic of antitrust law.

### d.      Michael Schrag and Amy Zeman, Gibbs Law Group

Led here by partners Michael Schrag and Amy Zeman, Gibbs Law Group has a unique blend of experience in antitrust, automotive, and business-plaintiff class actions — and a track record of working cooperatively with other firms — that make it ideally suited to serve on the PSC. In his twenty-two years in practice, Mr. Schrag has litigated a wide variety of complex class actions, including MDL antitrust actions. He currently serves on the Expert Committee in *In re Disposable Contact Lens Antitrust Litigation*, MDL No. 2626 (M.D. Fla.) and has a primary role working with the economist opining on liability using multiple regression analyses to estimate damages resulting from both vertical and horizontal price-fixing in the contact lens industry. This experience will benefit the Class here, which will also likely retain experts who develop multiple regression models to opine on damages. Mr. Schrag is working cooperatively and effectively with many attorneys in the contact lens action, including Ms. Wedgworth and Mr. Hedlund. Mr. Schrag also played a key role in initiating and prosecuting class actions against Visa, MasterCard, and major U.S. banks for failing to disclose and fixing the price of currency conversion fees on foreign credit and debit transactions. This resulted in a $336 million settlement in *In re Currency Conversion Fee Antitrust Litigation*, MDL No. 1409.

While most class actions involve consumer claims, class members here are simultaneously individuals and businesses whose actions are part of this MDL. Mr. Schrag's experience includes representing small and medium sized businesses in class and multi-plaintiff actions against larger corporations. Mr. Schrag was co-lead class counsel in *Ammari Electronics*

*v. Pacific Bell Directory,* No. RG05198014 (Cal. Super. Ct. Alameda Cnty.), where, like here the class was comprised of businesses who overpaid for services. In *Ammari*, Mr. Schrag and his team obtained a $27 million judgment for the business class nine years after filing the case, requiring a jury trial and two appeals. This case epitomizes Mr. Schrag's and Gibbs Law Group's dogged commitment to fight through adversity to achieve a favorable outcome for the Class and continue to work for the Class well beyond the end of contested litigation.

Mr. Schrag values and enjoys working cooperatively with other committed plaintiffs' attorneys. As co-lead class counsel against the Hard Rock Hotel & Condominium developer, *Beaver v. Tarsadia Hotels*, No. 11-cv-01842 (S.D. Cal.), Mr. Schrag worked cooperatively with other co-lead class counsel to secure a $51.15 million settlement establishing favorable law for consumers. In granting final approval in September 2017, Judge Curiel noted that "Class Counsel overcame several hurdles that reflect their skill and experience which included a motion for reconsideration of a summary judgment motion, and obtained summary judgment for plaintiffs on the UCL claim." Order on Final Approval, Docket No. 314, at *22. Judge Curiel further noted that the appellate opinion regarding UCL statute of limitations "benefitted consumers nationwide." *Id.* at *21; *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1180-81 (9th Cir. 2016).

Ms. Zeman, as well as other Gibbs Law Group attorneys, has played prominent roles in a variety of complex mass tort and class action cases, including many involving the auto industry. Recently, Ms. Zeman served as court-appointed co-lead counsel in *Sanborn v. Nissan North America, Inc.*, No. 0:14-CV-6257 (S.D. Fla.), a case alleging that Nissan sold consumers cars with defective dashboards that melt in hot weather. Ms. Zeman was closely involved in all aspects of the case, from working with the class representatives and class members through

preparing for trial. She deposed key high level Nissan executives and representatives, took the lead in expert discovery, and played a prominent role in the mediation and related settlement negotiations, which resulted in the case settling favorably just before trial.[37] Ms. Zeman was also a key member of the lead counsel team in *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, MDL No. 2032 (N.D. Cal.) (Chesney, J.) where Plaintiffs achieved a $100 million dollar cash settlement.

Prior to attending law school, Ms. Zeman was the Accounting and Compliance Manager at a credit union for seven years. Her comfort with accounting and finance documents will assist in the analysis of the data necessary to prove antitrust liability and damages in this action, as it did in developing damages models in *Chase*. Similarly, Ms. Zeman's business acumen and experience will benefit the named and absent class plaintiffs here, as it did in *Ulti-Mate Connectors*, where, working with Mr. Schrag, she successfully represented closely-held businesses in a series of cases claiming that AIG had induced the businesses to set up defined benefit plans and purchase life insurance based on fraudulent and misleading statements and omissions concerning the marketed tax benefits and deductions. *See*, *e.g.*, *Ulti-Mate Connectors, Inc. v. Am. Gen. Life Ins. Co.*, No. 8:14-cv-01051-JLS (JPRx) (C.D. Cal.).

Ms. Zeman, too, takes great pride in working cooperatively with other counsel. In the Risperdal JCCP, where Mr. Gibbs is the Court-appointed co-liaison counsel, Ms. Zeman effectively functions as co-liaison counsel, often interacting with the Court and regularly helping the appointed leadership communicate with counsel for dozens of firms and managing individual case data for the thousands of cases that form the entire coordinated proceeding. Additionally, in July 2016, Ms. Zeman's peers at AAJ elected her Secretary of the Class Action Litigation Group,

---

[37] Gibbs Law Group's other automotive-related class actions are described in the firm resume attached to the Wedgworth Decl. as Exhibit C.

placing her on the ladder to become chair of that large and prominent group within the organization. Ms. Zeman also serves as Co-Chair of the Qui Tam Litigation Group, further reflecting the diversity and depth of her practice.

Mr. Schrag and Ms, Zeman believe that their ability to work cooperatively with other counsel is particularly important in this action, which includes not only the dealer class plaintiffs, but also other individual business plaintiffs. If appointed to the PSC in this action, they will bring this same cooperative spirit they have always demonstrated to coordinate the prosecution of this action with other attorneys representing both dealers and the individual entities such as Authenticom, MVSC and Cox Automotive.

### e. Kenneth A. Wexler, Wexler Wallace LLP

Kenneth A. Wexler is the founder of Wexler Wallace LLP, which is recognized nationally as a leading firm in complex class action and multidistrict litigation. Mr. Wexler has been practicing complex class action litigation for the better part of his thirty-seven years as a lawyer, and he has been at the forefront of the fight against anticompetitive antitrust conduct for twenty-one years. He has helped pioneer cases targeting the monopolization of pharmaceutical markets, and he has remained in the vanguard of complex antitrust litigation as the law has developed with regard to both class certification and antitrust merits.

Mr. Wexler was part of the team that tried the first post-*Actavis* reverse payment settlement antitrust case, and Mr. Wexler successfully argued an appeal in that case wherein the First Circuit affirmed the District Court's decision certifying a class and clarifying standards relating to allegedly uninjured class members. *Astrazeneca AB v. UFCW* (*In re Nexium Antitrust Litig.*), 777 F.3d 9 (1st Cir. 2015). Mr. Wexler has been designated an Illinois "Super Lawyer" for multiple years running, maintains a top rating on AVVO.com, has taught Complex Litigation

as an adjunct professor at Loyola University Chicago School of Law, and lectured on reverse payment patent settlements at the DePaul Health Law Institute.

Wexler Wallace is nationally recognized as a leading firm in complex class action and multidistrict litigation. The firm is regularly asked by co-counsel to work with them and their clients on cases of wide-ranging importance. The firm, which has an AV rating from LexisNexis Martindale-Hubbell and has been named a Highly Recommended Illinois litigation firm since the inaugural edition of *Benchmark Plaintiff* in 2011, has worked hard to earn the respect of judges, co-counsel, and its clients. A description of some of the firm's cases — including its well-established antitrust practice — is in the firm's resume, attached to the Wedgworth Decl. as Exhibit D. Wexler Wallace has served both as lead and liaison class counsel in this District before many of its Judges and have demonstrated its ability to act in this capacity, having been appointed as liaison in *In re Broiler Chicken Antitrust Litig.,* No. 1:16-cv-8637 (N.D. Ill.) (price-fixing in the broiler chicken market) (Honorable Thomas M. Durkin).[38]

### (iii) The Milberg Tadler Group Has Sufficient Resources to Advance the Litigation in the Timely Manner to Prosecute this Action

Courts often consider the resources that proposed class counsel have committed, and will commit, to the prosecution of the lawsuit in the future. *LeBeau v. United States*, 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney.") (citation omitted). The Milberg Tadler Group has the resources necessary to finance all the expenses associated with a case of this magnitude, and are committed to prosecuting this action in the best interests of all named plaintiffs and the proposed Class. The Milberg Tadler Group's

---

[38] *See* Wedgworth Decl., Exhibit D.

resumes and declarations, as well as the cases they have led, clearly demonstrate their ability to provide the resources necessary to lead this litigation.[39]

At the same time, while each member of the Milberg Tadler Group is committed to expending whatever resources are necessary to achieve a favorable result for the Dealer Class, all counsel are extremely cognizant of the need to control costs, have diligently done so in the other complex litigation they have led, and will do so here. The Milberg Tadler Group is committed to a cooperative approach, and will work efficiently and effectively with all firms to ensure the vigorous prosecution of this case and effective representation of the proposed Class, striving to avoid waste and avoid duplication in favor of efficiency.

### 2. The Milberg Tadler Group Will Work Cooperatively With the Court and Other Counsel

The Milberg Tadler Group is well-aware that "the added demands and burdens of complex litigation place a premium on professionalism" and "[a]n attitude by counsel of cooperation, professional courtesy, and acceptance of the obligations owed as officers of the court is critical to successful management of the litigation." *Manual*, Authors Comments, Role of Counsel (§ 10.21) at 36. As described above, each of the attorneys in the Milberg Tadler Group has committed throughout his or her career to working cooperatively with other attorneys. If appointed Interim Lead Class Counsel, the Milberg Tadler Group will continue to "perform their obligations as advocates in a manner that will foster and sustain good working relations among themselves and with the court." *Id.* The Milberg Tadler Group will ensure that "cooperation, courtesy and professionalism will be the hallmark throughout this litigation." *Id.*

---

[39] The Milberg Tadler Group's commitment to the case is demonstrated by the extensive time and resources already invested in developing this action.

## CONCLUSION

Plaintiffs respectfully request that the Court grant the instant motion and appoint Peggy J. Wedgworth (Milberg Tadler) as Interim Lead Class Counsel; Leonard A. Bellavia (Bellavia Blatt), Daniel C. Hedlund and Michelle J. Looby (Gustafson Gluek), and Michael Schrag and Amy Zeman (Gibbs Law Group) as members of a Plaintiffs' Steering Committee; and Kenneth A. Wexler (Wexler Wallace) as Liaison Counsel.

Dated: March 26, 2018                    Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth*
Andrei Rado
Elizabeth A. McKenna
Charles Slidders
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
emckenna@milberg.com
*Admitted pro hac vice*

Leonard A. Bellavia*
**BELLAVIA BLATT, P.C.**
200 Old Country Road, Suite 400
Mineola, NY 11501
(516) 873-3000
lbellavia@dealerlaw.com
*Admitted pro hac vice*

*Counsel for Plaintiffs Teterboro Automall, Inc.,*
*JCF Autos LLC, 440 Jericho Turnpike Sales LLC,*
*and Patchogue 112 Motors LLC*

Eric H. Gibbs**
Michael L. Schrag**
Amy M. Zeman**
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
mls@classlawgroup.com
amz@classlawgroup.com
*\*\*Pro hac vice application pending*

*Counsel for Plaintiff Kenny Thomas Enterprises, Inc. (d/b/a Olathe Toyota)*

Daniel E. Gustafson
Daniel C. Hedlund*
David A. Goodwin
Michelle J. Looby*
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com
*\*Admitted pro hac vice*

Kenneth A. Wexler
Bethany R. Turke
Thomas A. Doyle
Justin N. Boley
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
tad@wexlerwallace.com
jnb@wexlerwallace.com

*Counsel for Plaintiff Waconia Dodge, Inc.*

27