IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) ) MDL No. 2817<br>Case No. 18 C 864 |
| *THIS DOCUMENT APPLIES TO:* | ) ) ) Hon. Amy J. St. Eve |
| *Authenticom, Inc. v. CDK Global, LLC,* Case No. 18-CV-868 (N.D. Ill.) | ) ) |

## DEFENDANTS' RESPONSE TO AUTHENTICOM'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants The Reynolds and Reynolds Company ("Reynolds") and CDK Global, LLC ("CDK") (collectively, "Defendants") respectfully submit this response to Plaintiff Authenticom, Inc.'s ("Authenticom") motion and notice of supplemental authority. *See* Dkt. 131, 132, 133.

To the extent this Court is inclined to consider or follow Judge Fischer's October 2, 2017 Order in connection with the *Authenticom* case, it should not ignore Judge Fischer's dismissal of Motor Vehicle Software Corporation's ("MVSC") Sherman Act Section 2 claims and related state law claims, as Authenticom did in its motion. Judge Fischer dismissed the Section 2 claims, holding Section 2 monopolization and attempted monopolization claims must be based on "the conduct of a single entity" and not "concerted conduct." *MVSC v. CDK*, 2017 WL 5643163, *5 (C.D. Cal., Oct. 2, 2017). Notably, in its Second Amended Complaint, MVSC did not replead any unilateral conduct claims against Reynolds and failed to alleged facts showing that CDK is a participant in the relevant market.

Like MVSC, Authenticom has failed to plead any plausible unilateral conduct by Reynolds or CDK that violates Section 2. Under both antitrust law and the Computer Fraud and Abuse Act, neither Reynolds nor CDK is required to help Authenticom or provide it with access to its

proprietary systems. *See* Dkt. 55 at 23-25; Dkt. 57 at 29-35, citing *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 408 (2004) and *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1068 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 313 (2017). Authenticom's unilateral conduct claims against Defendants should be dismissed.

As for concerted conduct, Judge Fischer dismissed MVSC's Section 2 conspiracy to monopolize claim against CDK and Reynolds because there were insufficient allegations regarding "conspiratorial conversations," and because allegations regarding "motive and opportunity" were not enough to meet the plausibility threshold of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See MVSC,* 2017 WL 5643163 at *7. Defendants respectfully submit that the concerted conduct claims under both Sherman Act Sections 1 and 2, in both *MVSC* and *Authenticom*, should be dismissed for the same reasons. And, like the unilateral conduct claims, the concerted conduct claims should also be dismissed because the business that Defendants allegedly "blocked" is illegal under the CFAA. Accordingly, as Reynolds has consistently argued in both cases, MVSC and Authenticom lack antitrust injury.[1]

Dated: April 23, 2018     Respectfully submitted,

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com

---

[1] Judge Fischer never reached this issue in her October 2, 2017 Order.

bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

## CERTIFICATE OF SERVICE

  I, Leo D. Caseria, an attorney, hereby certify that on April 23, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO AUTHENTICOM'S NOTICE OF SUPPLEMENTAL AUTHORITY**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        */s/ Leo D. Caseria*
        Leo D. Caseria
        SHEPPARD MULLIN RICHTER
         & HAMPTON, LLP
        333 S. Hope St., 43rd Floor
        Los Angeles, CA 90071
        (213) 617-4206
        lcaseria@sheppardmullin.com