**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-cv-864 |
| *This filing relates to:* *Motor Vehicle Software Corp. v. CDK Global, Inc.*, et al., Case No. 1:18-cv-865 (N.D. Ill.) | Hon. Amy J. St. Eve |

**NOTICE OF MOTION**

To: All Counsel of Record

PLEASE TAKE NOTICE that on **Tuesday, May 1, 2018, at 8:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Amy J. St. Eve or any judge sitting in her stead, in Courtroom 1241 at the Everett McKinley Dirksen United States Courthouse at 219 South Dearborn Street, Chicago, Illinois, and then and there present **DEFENDANTS CDK GLOBAL, INC. AND COMPUTERIZED VEHICLE REGISTRATION'S MOTION TO STRIKE PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S SUPPLEMENT TO ITS OPPOSITION TO DEFENDANTS' SECOND MOTIONS TO DISMISS AND SUPPORTING EXHIBITS**, a copy of which is attached and served upon you.

1

Dated: April 24, 2018

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, hereby certify that on April 24, 2018, I caused a true and correct copy of the foregoing **NOTICE OF MOTION**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                */s/ Britt M. Miller*
              Britt M. Miller
              MAYER BROWN LLP
              71 South Wacker Drive
              Chicago, IL 60606
              Phone: (312) 782-0600
              Fax: (312) 701-7711
              E-mail: bmiller@mayerbrown.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-cv-864 |
| *This filing relates to:* | Hon. Amy J. St. Eve |
| *Motor Vehicle Software Corp. v. CDK Global, Inc.*, et al., Case No. 1:18-cv-865 (N.D. Ill.) | |

**DEFENDANTS CDK GLOBAL, INC. AND COMPUTERIZED VEHICLE REGISTRATION'S MOTION TO STRIKE PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S SUPPLEMENT TO ITS OPPOSITION TO DEFENDANTS' SECOND MOTIONS TO DISMISS AND SUPPORTING EXHIBITS**

Defendants CDK Global, Inc. ("CDK") and Computerized Vehicle Registration ("CVR") respectfully submit this motion to strike 50 pages of discovery material that Plaintiff Motor Vehicle Software Corporation ("MVSC") submitted to the Court, ostensibly in connection with MVSC's supplement opposing Defendants' respective motions to dismiss. *See* Dkt. 118. Defendants also seek to strike MVSC's supplement, which describes the accompanying, improperly-filed discovery material.

MVSC contends that its introduction of discovery material is warranted because a plaintiff opposing a motion to dismiss may submit material outside the pleadings to "illustrate the facts the party expects to be able to prove." Dkt. 120 ("MVSC Supp.") at 3. That is wrong for three reasons.

## I. The Discovery Material Is Not Relevant To The Court's Request

MVSC's submissions have nothing to do with what the Court asked the parties to provide. The Court requested supplemental submissions on a narrow issue: the application of "Seventh Circuit case law" to the legal arguments raised in the motions to dismiss the Second Amended Complaint that were filed before this case was transferred from the Central District of California. Case No. 18-cv-864, Dkt. 106. This Court agreed that the party submissions should "supplement the law and not re-argue the points" set out in the existing briefing. Ex. A (Transcript of April 6, 2018 Proceedings ("Tr.")) at 43:14-18. As the Court stated, "I do not need you to re-argue" the motions— "[t]he facts are in there." *Id.*

The Court thus expressly stated that it did not want MVSC to reargue factual points, much less introduce new factual material not alleged in the Second Amended Complaint. Because the exhibits that MVSC tendered, and by extension the supplement itself, exceed the scope of the Court's order, they should be stricken. *See, e.g.*, *Hiramanek v. Clark*, 2014 WL 107634, at *1 n.2 (N.D. Cal. Jan. 10, 2014) (striking submissions addressing matters "for which the Court did not

1

request any supplemental briefing"); *Oak Leaf Outdoors, Inc. v. Double Dragon Int'l, Inc.*, 2012 WL 13005517, at *7 (C.D. Ill. Dec. 10, 2012) (striking declaration filed with supplemental brief where court "was clear. . . that supplemental briefs were to be con[str]ained to the record").

## II. MVSC's Reliance On *Geinosky* Is Misplaced And Deprives Defendants Of An Opportunity To Respond

MVSC's citation (at MVSC Supp. 3) to *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), does not justify its submission of discovery material (or a supplement arguing the import of that material) in response to the Court's order. In *Geinosky*, the Court stated that, in certain circumstances, a party opposing a motion to dismiss may submit factual material for illustrative purposes without converting the motion into one for summary judgment. Even if that conclusion could be squared with the plain text of Rule 12(d), however, MVSC already has filed its opposition to the motions to dismiss. *See* Dkt. 108. By requesting limited supplemental submissions regarding "jurisprudence in the Seventh Circuit on antitrust law" (Tr. 43:20-25), the Court did not invite MVSC to provide discovery material regardless of whether MVSC could have submitted such material in opposition to motions filed in the Seventh Circuit in the first instance.[1]

Reliance on *Geinosky* is especially unwarranted here because the Court has not authorized Defendants to file a supplemental reply. Tr. 43:11-13. The Court sought submissions on any material differences between Seventh Circuit and Ninth Circuit antitrust law, explaining that, "if it is just the law is the same and here are the cases," the parties could simply say that. Tr. 42:15-16. Above all, the Court made clear that it did not want the parties to re-argue points made in their existing motion to dismiss filings: "I do not need you to re-argue them. The facts are in there." Tr. 43:17-18. But

---

[1] In fact, as noted below (at 4), MVSC could not have used the material on which it now relies when it filed its opposition to Defendants' motions to dismiss on December 6, 2017, as none of the subject documents had been produced to MVSC at the time.

because MVSC ignored this request and submitted factual material without warning, Defendants have no opportunity to address this material (obtained from another litigation) before the Court rules.

Even as it attempts to have the last word on the motions to dismiss (and the only word on the discovery material), MVSC seriously misconstrues the documents it submits. The material MVSC offers to support its "alter ego" argument (MVSC Supp. 3), for example, shows only routine interaction between a majority joint venture shareholder and the joint venture, nowhere near the domination or complete control required to hold the former liable for the latter's actions under an agency or alter ego theory. *See* Dkt. 106 at 5-7; Dkt. 114 at 2-3.

Likewise, while MVSC submits documents supposedly revealing that CDK's "motivation in refusing to let MVSC participate in the 3PA program was to destroy its rival MVSC" (*id*. at 6), this material shows only that a former CDK employee was skeptical about providing a competitive advantage to CVR's rival. That motive is perfectly permissible under the antitrust laws, particularly because—as the Seventh Circuit has recognized—CDK is not a monopolist. *See Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019, 1025 (7th Cir. 2017); *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 797 F.2d 370, 377 (7th Cir. 1986); Dkt. 114 at 4.

Finally, the material MVSC submits in support of the supposed conspiracy (MVSC Supp. 8) is equally inapposite. MVSC offers two emails by CDK employees alerting counterparts at CVR to existing CDK efforts to prevent MVSC's hostile integration with CDK's DMS. These communications do not reveal or support any conspiracy between CDK and CVR (a conspiracy that would be pointless, because CVR has no control over DMS access). In any event, the material is irrelevant to MVSC's conspiracy claim, for these are communications only between CDK and CVR—two entities that, as MVSC fails to dispute, cannot conspire as a matter of law. *See* Dkt. 107 at 2-4; Dkt. 115 at 2.

These are just some of the ways that MVSC misconstrues the discovery material it submits with, and describes in, its supplement. If the Court declines to strike MVSC's supplement and exhibits, Defendants seek leave to file a short reply in support of their supplemental filings.

### III.    MVSC's Use Of The Discovery Material Was Improper

Finally, it is worth noting that MVSC submitted the discovery material in violation of the spirit, if not the letter, of a confidentiality order. The *Authenticom* confidentiality order provides that confidential discovery information "shall not be used or disclosed by the parties" or "counsel for the parties . . . for any purpose whatsoever other than in the above captioned case"—*i.e.*, in *Authenticom* itself. *Authenticom, Inc. v. CDK Global, LLC*, No. 1:18-cv-868 (N.D. Ill.), Dkt. 85 at ¶5(a). During an April 18 meet-and-confer on other matters, MVSC's counsel conceded that the *Authenticom* discovery material was not in the MDL record and asked Defendants to "deem" the material to have been produced in the MDL as of April 20. CDK acceded to that request at approximately 6:00 p.m. on April 20; MVSC filed its supplement and exhibits a few hours later. *See* Ex. B (production letter and transmittal email).

MVSC is represented by the same counsel as Authenticom and clearly relied on some of its counsel's work product in that case. But the documents MVSC submitted in this case specifically target MVSC's claims against CVR, which Judge Fischer previously dismissed from the case. CVR is not (and never was) a defendant in *Authenticom*. In other words, before MVSC was supposed to have access to the documents, Authenticom's/MVSC's counsel clearly went looking for "supporting" documentation to use in Friday's filing.[2] That is improper.

---

[2] On April 16 the same counsel, this time on behalf of Cox, filed an improper opposition brief attaching and relying on discovery material from *Authenticom* that would not become part of the MDL record (and thus that Cox would not have access to) for another *five* days. *See Cox Automotive, Inc. v. CDK Global, LLC*, No. 1:18-cv-1058 (N.D. Ill.), Dkt. 39.

4

**CONCLUSION**

For the reasons stated above, the Court should strike or disregard the discovery material MVSC submitted with its supplement, along with the supplement itself, which describes and relies upon that improperly submitted material.

Dated: April 24, 2018

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants*
*CDK Global, LLC and*
*Computerized Vehicle Registration*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on April 24, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS CDK GLOBAL, INC. AND COMPUTERIZED VEHICLE REGISTRATION'S MOTION TO STRIKE PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S SUPPLEMENT TO ITS OPPOSITION TO DEFENDANTS' SECOND MOTIONS TO DISMISS AND SUPPORTING EXHIBITS**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*_____
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com