**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18 C 864 |
| This Document Relates to: *All Cases* | Hon. Amy J. St. Eve |
| | **PUBLIC-REDACTED** |

**MDL PLAINTIFFS' SUBMISSION REGARDING PRETRIAL SCHEDULE**

Pursuant to the Court's directive at the April 25, 2018, status hearing, MDL Plaintiffs respectfully submit this additional submission in support of their proposed pretrial schedule, which is set forth formally below. As ordered by the Court, the parties have worked diligently to find common ground on a pretrial schedule that takes into account the need for Authenticom, Inc. ("Authenticom") to get to final judgment quickly – as directed by the Seventh Circuit – while still recognizing the need to coordinate discovery and minimize duplicative discovery in this MDL. MDL Plaintiffs respectfully submit that their proposed pretrial schedule achieves those two goals. *See infra* Part I.

Defendants argue that the Seventh Circuit's directive should be ignored because Authenticom no longer needs a prompt trial. The evidence does not support that conclusion. Consistent with the Court's direction, Authenticom has provided expedited discovery to Defendants regarding its current financial condition. Over the past two weeks, Authenticom produced detailed financial and related information, had Stephen Cottrell, its CEO, sit for a five-hour Rule (30)(b)(6) deposition, and answered – on an accelerated basis – interrogatories and

1

other written discovery requests. As explained below, the discovery shows that Authenticom's need for a quick trial is as acute as ever. *See infra* Part II.

## I. MDL PLAINTIFFS' PROPOSED PRETRIAL SCHEDULE

The Court asked the parties to come up with "creative" solutions to balance the twin directives to proceed quickly, per the Seventh Circuit, while still coordinating discovery consistent with the purposes of the MDL statute. MDL Plaintiffs have done that by proposing a pretrial schedule that provides for (1) a single, coordinated period for fact discovery on the common issues in this MDL on behalf of all parties, ending on January 31, 2019; (2) disclosure of liability expert reports in the Individual Actions (including *Authenticom*) before the end of the coordinated fact discovery period, so that fact *and expert* discovery can conclude simultaneously in those cases on January 31, 2019; (3) a short period of non-duplicative fact discovery, limited to the Dealership Class case, after fact and expert discovery ends for the Individual Actions and while Authenticom and the other Individual Plaintiffs are briefing *Daubert* and dispositive motions; (4) proactively obtaining a trial date from the Western District of Wisconsin for April 2019 or as soon as possible thereafter; and (5) deferring dispositive motions and class certification in the Dealership Class case until after the *Authenticom* trial.[1]

The table below sets forth the MDL Plaintiffs' proposed pretrial schedule:

| EVENT | DATE |
|---|---|
| **A. Dealership Consolidated Class Action Amended Complaint** | |
| 1. Dealership Consolidated Class Action Amended Complaint | June 4, 2018 (per Dkt. 146) |
| 2. Deadline To Add Named Plaintiffs for State-Law Claims | July 30, 2018 |

---

[1] In the Dealership Class case, MDL Plaintiffs' proposal orders, as in most antitrust cases, that class certification precede dispositive motions.

| | |
|---|---|
| 3. Defendants' Answer or Motion to Dismiss | July 11, 2018 (per Dkt. 146) |
| 4. Plaintiffs' Opposition to any Motion to Dismiss | August 1, 2018 (21 days) |
| 5. Defendants' Reply in support of any Motion to Dismiss | August 15, 2018 (14 days) |
| 6. Defendants' Answer | 28 days after ruling on Motion to Dismiss |
| **B. Fact Discovery** | |
| 1. Rule 26(a)(1) Initial Disclosures (including amendments to disclosures in *Authenticom*)[2] | May 4, 2018 |
| 2. Consolidated additional document requests, including any new proposed search terms and custodians[3] | May 21, 2018 |
| 3. Written responses to additional document requests | June 11, 2018 |
| 4. Motions to compel based on document requests, custodians, or search terms | Filed on or before July 11, 2018 |
| 5. Opposition to any motions to compel | 21 days after the motion to compel |
| 6. Reply in support of any motions to compel | 7 days after opposition |
| 7. Completion of document productions | September 14, 2018 |
| 8. Commencement of oral discovery | September 17, 2018 |
| 9. Production of privilege logs[4] | October 2, 2018 |
| 10. Completion of fact discovery in | January 31, 2019 |

---

[2] Dealership Class Plaintiffs' disclosures will contain a statement as to the individual named plaintiffs who will prosecute this matter on behalf of themselves and the Class as provided in Fed. R. Civ. P 26(a). Since the Court recently ordered the Consolidated Complaint to be filed on June 4, the anticipated classes will be included in the Consolidated Complaint at that time.

[3] If a new plaintiff is added for state-law claims, Defendants shall have the right to serve additional consolidated document requests solely on such plaintiff within 21 days, and written responses to such discovery will be due within 21 days.

[4] Any motion to compel regarding any privilege log shall be filed no later than October 30, 2018. Any responses to the motion to compel shall be due 14 days from filing of the motion, and any replies shall be due 7 days from the date of the filing of the response.

3

| | |
|---|---|
| Authenticom and Individual Cases | |
| 11. Non-duplicative discovery in the Dealership Class Case[5] | January 31, 2019 until 7 days before *Authenticom* trial |
| **C. Expert Discovery for Individual Actions** | |
| 1. Opening merits expert reports for Individual Actions | November 30, 2018 |
| 2. Rebuttal merits expert reports for Individual Actions | December 31, 2018 |
| 3. Reply merits expert reports for Individual Actions | January 15, 2019 |
| 4. End of expert discovery for the Individual Actions | January 31, 2019 |
| **D. *Daubert* and Dispositive Motions for Individual Actions** | |
| 1. *Daubert* and dispositive motions for the Individual Actions | February 22, 2019 |
| 2. Opposition to any *Daubert* and dispositive motions for the Individual Actions | March 15, 2019 |
| 3. Replies in support of any *Daubert* and dispositive motions for the Individual Actions | March 25, 2019 |
| **E. Trial in *Authenticom* Case** | |
| 1. *Authenticom* Trial[6] | First available date in or after April 2019 |

---

[5] This non-duplicative discovery can include, but is not limited to, any third party subpoenas and/or depositions (current or former employees of Defendants as well as third parties). However, no current employee of a Defendant shall be re-deposed absent leave of Court. After January 31, 2019, additional document requests, search terms, or custodians may be sought only with leave of Court.

[6] As explained further below, MDL Plaintiffs propose that, once the Court issues a pretrial schedule, the parties ask the Court in the Western District of Wisconsin for a prompt trial date.

4

| F. Dealership Class Certification | |
|---|---|
| 1. Dealership Class certification briefing; expert discovery; and *Daubert* briefing relating to class certification[7] | To be negotiated after resolution of *Authenticom* case and before trial in the other Individual Actions[8] |
| G. Dealership Class Dispositive Motions and Trial | |
| 1. Dealership Class dispositive motions and trial dates | To be set following the ruling on any class certification motion and prior to any individual trials[9] |

MDL Plaintiffs also propose the following general guidelines:

(1) All future document productions by any party shall be made simultaneously to all parties.

(2) Document productions shall be undertaken on a rolling custodian-by-custodian basis. Any non-custodial documents shall likewise be produced on a rolling basis. The parties shall not allow a disagreement over particular custodians or search terms to delay the review and production of documents on a rolling basis. The parties shall work together to prioritize and sequence the review and production of custodial documents.

(3) The production of all custodial documents for a deponent shall be completed at least 30 days prior to the custodian's deposition.

(4) Parties have the right to file a motion to compel with regard to any document production at any time after a meet and confer.

(5) The parties retain all rights to seek leave of Court for any additional discovery.

\* \* \* \* \*

MDL Plaintiffs offer the following points with regard to their proposal.

MDL Plaintiffs' proposal has Authenticom going to trial in April 2019 or as soon as

---

[7] "Class Certification Discovery" shall consist of expert depositions and document/data production with regard to the experts. Class Certification Discovery may include any data issues where resolution is necessary for expert discovery. Dealership Class Plaintiffs and Defendants retain all rights to seek leave of Court for any additional discovery.

[8] *See infra* note 11.

[9] *See infra* note 11.

5

feasible thereafter, while Defendants' proposal results in Authenticom having a trial no earlier than the fall of 2019, and likely much later. That is because Defendants insist both on a rigid sequencing where fact discovery, expert disclosures, *Daubert* and dispositive motions must occur *seriatim*, and on a lockstep approach where all cases must go through that sequence at the same time. MDL Plaintiffs believe their more flexible approach heeds the Court's suggestion that the parties develop "creative" solutions to achieve the MDL's twin goals. That approach has five primary features that would facilitate a prompter trial for Authenticom, yet allow appropriate non-duplicative discovery for the Dealership Class Plaintiffs.

*First*, MDL Plaintiffs propose a single, coordinated period for fact discovery on behalf of all parties, ending on January 31, 2019, followed by an additional time period where the Dealership Class Plaintiffs can take additional, *non-duplicative* fact discovery, concluding seven days before the *Authenticom* trial. At the hearing, Co-Lead Counsel referred to this as the "Authenticom off-ramp" because it effectively permits Authenticom and the other Individual Plaintiffs to exit fact discovery early, leaving the Dealership Class Plaintiffs to take additional discovery, specific to the class case, on a less expedited yet efficient schedule.

Authenticom's need to end the discovery process earlier need not preclude Dealership Class Plaintiffs from having more time to obtain additional discovery – as long as that additional discovery is not duplicative. As discussed at the April 25 status hearing, MDL Plaintiffs commit to avoiding duplication: they will not serve duplicative document requests, nor will any witness be deposed a second time (absent leave of Court, as provided by Rule 30). Defendants' own pretrial schedule calls for fact discovery ending in February 2019. In effect, MDL Plaintiffs are simply proposing that the discovery relevant to the Authenticom case be prioritized and taken

6

prior to January 31, 2019 – one month earlier – so that it can then exit the discovery process and move on toward trial while the Dealership Class completes its non-duplicative fact discovery.

MDL Plaintiffs propose that this non-duplicative discovery would be conducted from January 31, 2019 until 7 days before the *Authenticom* trial begins (on the first available date on the Court's trial calendar in or after April 2019). An antitrust class action of this magnitude usually involves 2-3 years of discovery in contrast to the accelerated case schedule here. The additional time period to conduct non-duplicative discovery specific to the Dealership Class case, concluding seven days before the *Authenticom* trial, is thus eminently reasonable.

*Second*, MDL Plaintiffs believe it is appropriate for the individual cases to conduct expert discovery while fact discovery is ongoing, so that fact *and expert* discovery in the Authenticom case can end on January 31, 2019. (Expert discovery in the Dealership Class case will go forward after the *Authenticom* trial.) As Mr. Ho stated at the status hearing, *Authenticom* is similar to a bellwether case, which is commonplace in MDLs, and a bellwether case customarily involves expert discovery, *Daubert* motions, and dispositive motions on a more expeditious schedule than non-bellwether cases.[10] Defendants have objected to the deadline for expert reports in the Individual Actions preceding the end of fact discovery. The parties' schedule in the Western District of Wisconsin involved just such a schedule, *see* Authenticom Dkt. 215 (attached hereto as Exhibit C), and this approach is used in other courts as well. Although Defendants have expressed the concern that experts will want to rely on the full evidentiary record, that concern can be addressed by a provision clarifying that experts may supplement their disclosures to account for discovery obtained after the date of their report.

---

[10] Ms. Wedgworth does not agree that Authenticom is a bellwether case but agrees that an early trial is appropriate for Authenticom.

*Third*, Defendants' pretrial schedule proposes nearly three months to brief *Daubert* and dispositive motions, with a trial date not to be determined until *after* resolution of those motions. MDL Plaintiffs believe that such a protracted briefing schedule is unnecessary. Although Defendants are of course entitled to seek summary judgment, the Seventh Circuit has already indicated that the claims in this case should be determined "[a]fter trial." *See Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019, 1026 (7th Cir. 2017) ("*Authenticom II*"). The parties can and should expeditiously brief their summary judgment motions – and MDL Plaintiffs' proposed briefing schedule for the non-class cases (three weeks for the motions and responses and ten days for replies) is certainly feasible. Summary judgment in the Dealership Class case would be later, after class certification is resolved.[11] Moreover, MDL Plaintiffs do not believe that the parties should defer obtaining a trial date from the Western District of Wisconsin. Rather, once the pretrial schedule is entered, MDL Plaintiffs propose that the parties jointly contact Chief Judge Peterson's courtroom clerk to obtain the earliest trial date in or after April 2019 that Judge Peterson deems appropriate in light of this Court's pretrial schedule.

*Fourth*, as is customary in antitrust litigation, in the Dealership case class certification would take place after *Authenticom*'s trial, and dispositive motions would occur after class certification. This is the most efficient and effective way to conduct the Dealership Class case given that there is an immediate need for the *Authenticom* case to proceed to trial. MDL Plaintiffs' proposed schedule presently permits that the Dealership Class case has sufficient time to adequately prepare its case, while at the same time is not compromised by the accelerated schedule necessitated by Authenticom's financial condition.

---

[11] The Dealership Class proposes that summary judgment and a class trial precede trial in any of the other Individual Actions. Plaintiffs in the other Individual Actions do not agree that their trials should be deferred until after class certification, dispositive motions, and trial in the Dealership Class case.

*Fifth*, the Dealership Class will need substantial additional discovery with regard to third parties above and beyond what will be relevant in the *Authenticom* and other Individual Actions. Third party discovery, which includes specific data with regard to pass-through costs, is an important component of the Class Dealership's case. The third party discovery sought by the Dealership Class can continue after the January 31, 2019 exit date for the Individual Actions, allowing maximum efficiency. Furthermore, additional discovery from Defendants, which has not occurred prior to January 31, 2019, can take place up until seven days before the *Authenticom* trial. An antitrust class action of this magnitude usually involves 2-3 years of discovery in contrast to the accelerated case schedule here. The third party discovery sought by the Dealership Class can continue after the January 31, 2019 exit date for the Individual Actions, allowing maximum efficiency for all actions.

## II. DISCOVERY INTO AUTHENTICOM'S CURRENT FINANCIAL CONDITION CONFIRMS ITS NEED FOR A PROMPT TRIAL

As the Court knows, Chief Judge Peterson made factual findings that Defendants' conduct has put Authenticom's business in grave jeopardy: "Every day that Authenticom is unable to serve its customers, it burns more of its goodwill and solidifies its customers' doubts about its viability. Regardless of whether the evidence conclusively establishes that defendants are able to effectively and completely block Authenticom, Authenticom's customer base is growing increasingly wary of continuing to do business with it." *Authenticom, Inc. v. CDK Global, LLC*, 2017 WL 3017048, at *8 (W.D. Wis. July 14, 2017) ("*Authenticom I*"). The Seventh Circuit, recognizing Authenticom's "need for a quick resolution of this matter," "urge[d]" the district court to expedite final judgment. *Authenticom II*, 874 F.3d at 1021.

9

Contrary to Defendants' suggestion that circumstances have changed, the recent discovery into Authenticom's current financial condition confirms Chief Judge Peterson's and the Seventh Circuit's determinations that Authenticom needs a prompt trial.

*First*,  *See* Authenticom Responses to Interrogatory No. 14 ("Interrog. Resp. No. 14"), attached hereto as Exhibit A.

*Second*, *See* Interrog. Resp. No. 14; Authenticom 30(b)(6) Deposition Transcript (April 23, 2018) ("Dep. Tr.") 193:1-12, attached hereto as Exhibit B.

*Third*, Authenticom's business operations have been decimated by Defendants' conduct. The record evidence establishes that:

(1)  *See* Interrog. Resp. No. 14; Dep. Tr. 10:5-10, 111:17-25, 116:19-23, 220:22-25, 225:15-19, 239:5-10.

(2) *See* Interrog. Response No. 14; Dep. Tr. 144:22-145:2, 145:15-146:16.

10

(3) ▮▮▮ *See* Interrog. Resp. No. 14; Dep. Tr. 26:1-3, 59:1-15, 190:21-191:1, 230:3-18.

(4) ▮▮▮ *See* Interrog. Resp. No. 14; Dep. Tr. 43:20-24; 63:11-64:10.

In short, Chief Judge Peterson was exactly right when he found that "[e]very day that Authenticom is unable to serve its customers, it burns more of its goodwill and solidifies its customers' doubts about its viability." *Authenticom I*, 2017 WL 3017048, at *8. ▮▮▮

▮▮▮ *See* Dep. Tr. 9:22-10:10; 12:9-18. ▮▮▮

*First*, ▮▮▮ *See, e.g.*, Dep. Tr. 12:9-18. ▮▮▮ *See* Dep. Tr. 110:14-111:3, 116:16-23. ▮▮▮ *See* Dep. Tr. 222:14-224:2.

11

*Second*, ███████████████████████████████████

███████████████████████████████████████████████████████████

███████ *See* Dep. Tr. 103:13-104:17, 231:10-20. ██████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ *See* Dep. Tr. 232:3-12. As Chief Judge Peterson stated, with both CDK and Reynolds blocking Authenticom, "Authenticom will be cut off from nearly three-quarters of the dealers in the United States. Most third-party software vendors would be disinclined to engage a third-party integrator that could access data from only a quarter of the dealers in the United States." *Authenticom I*, 2017 WL 3017048, at *8.

*Third*, ██████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████ *See* Dep. Tr. 230:3-232:2.

████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

The Seventh Circuit said it best: "We appreciate the district court's concern to ensure that a potentially sound antitrust case should not disappear before its eyes because the plaintiff runs a high risk of going out of business while the litigation drags on." *Authenticom, Inc.,* 874 F.3d at 1026. Authenticom has already lost its October 2018 trial date as a result of this MDL and the proposed April 2019 trial date is an unfortunate postponement necessitated by the realities of this MDL. MDL Plaintiffs submit that their proposed pretrial schedule appropriately reflects Authenticom's urgent need to obtain a trial date in the first half of 2019, while still addressing the need to coordinate pretrial activities in this MDL.

Dated: April 30, 2018                                    Respectfully submitted,

*/s/ Peggy J. Wedgworth*                                 */s/ Derek T. Ho*
Peggy J. Wedgworth                                       Derek T. Ho
**MILBERG TADLER PHILLIPS**                              **KELLOGG, HANSEN, TODD,**
**GROSSMAN LLP**                                         **FIGEL & FREDERICK, P.L.L.C.**
One Pennsylvania Plaza, 19th Floor                       1615 M Street, NW, Suite 400
New York, NY 10119                                       Washington, D.C. 20036
(212) 594-5300                                           (202) 326-7932
pwedgworth@milberg.com                                   dho@kellogghansen.com

*MDL Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I, Derek T. Ho, an attorney, hereby certify that on April 30, 2018, I caused a true and correct copy of the foregoing **MDL PLAINTIFFS' SUBMISSION REGARDING PRETRIAL SCHEDULE** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com