# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUTHENTICOM, INC.,

                    Plaintiff,

          v.

CDK GLOBAL, LLC., and THE
REYNOLDS AND REYNOLDS COMPANY,

                    Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

17-cv-318-jdp

---

This court held a telephonic preliminary pretrial conference on August 24, 2017. All parties were represented by counsel. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it.

The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

1.     **Disclosure of Experts: Proponent: February 23, 2018**

**Respondent: March 23, 2018**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2). Any employee of a party who will be offering expert opinions during any phase of this case must provide a written report that complies with Rule 26(a)(2)(B).

This order does not allow a third round of rebuttal expert reports. Supplementation of an expert's report pursuant to Rule 26(e) must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. Supplementation under Rule 26(e) is appropriate only to correct mistakes and oversights, not to include new examples, illustrations, or analyses that could have been included in an original expert report. Any further expert report is allowed only by stipulation of all parties, or by leave of court.

The court does not formally qualify witnesses as experts. If an opposing party believes that an expert's testimony should be disallowed or limited, the opposing party should move to exclude the testimony before trial, typically at summary judgment or through a motion in limine. It may be appropriate for the opposing party to file a separate *Daubert* motion, particularly if the putative deficiencies of the expert are apparent significantly before the summary judgment deadline.

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may agree between themselves to modify these deadlines, so long as the modification does not affect the deadlines for filing documents with the court.

## 2. **Deadline for Filing Dispositive Motions**: April 30, 2018

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to

any dispositive motion must be filed and served within 21 calendar days of service of the motion. Any reply by the movant must be filed and served within 10 calendar days of service of the response. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

3.     **Discovery Cutoff: June 29, 2018**

All discovery in this case must be completed not later than the date set forth above, absent written agreement of all parties to some other date.  Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37 and 45.  Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to

interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion. Replies may not be filed unless requested by the court.

### 4. Settlement Letters: August 20, 2018

Not later than this date, each party must submit a confidential settlement letter to the clerk of court at clerkofcourt@wiwd.uscourts.gov. The letter should set forth the terms and

conditions upon which that party would settle this case.  These letters will not become part of the record in this case and will not be shared with the presiding judge or opposing counsel.

The clerk of court may independently initiate settlement discussions with counsel based upon the settlement letters.  A party can also request mediation at any time, before or after settlement letters are filed, by contacting the clerk of court via e-mail or telephone at 608-261-5795.

5.      **Rule 26(a)(3) Disclosures *and* all motions in limine: July 23, 2018**

**Responses: August 20, 2018**

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms.  All responses in opposition are due by the second date.  The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.

6.      **Final Pretrial Conference: October 10, 2018 at 4:00 p.m.**

Lead counsel for each party must appear in person.  Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

7.      **Trial: October 22, 2018 at 9:00 a.m.**

Trial shall be to a jury of eight and shall be bifurcated. The parties estimate that this case will take two to three weeks to try.  Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment.  Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.

8.      **Reporting Obligation of Corporate Parties.**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

Entered this 28th  day of August, 2017.

                                        BY THE COURT:

                                        /s/
                                        STEPHEN L. CROCKER
                                        Magistrate Judge

STANDARD ATTACHMENTS FOR CIVIL CASES
ASSIGNED TO JUDGE PETERSON

Motions For Summary Judgment .................................................................................. 2

Guidance To *Pro Se* Litigants Regarding Motions for Summary Judgment ............................ 8

Procedure Governing Final Pretrial Conference .......................................................... 9

Procedure For Trial Exhibits ...................................................................................... 10

Trial Exhibit Form ...................................................................................................... 11

Standard Voir Dire Questions .................................................................................... 12

Standard Civil Jury Instructions ................................................................................ 14

Procedure For Calling Witnesses To Trial ................................................................ 29

Procedure For Non-Jury Cases .................................................................................. 33

Attorney Fees ............................................................................................................. 35

Policy Regarding Counsel Rooms During Trial ........................................................ 36

Policy Regarding contacting jurors ........................................................................... 37

Policy Regarding Settlements, Stipulated Dismissals, and other Dispositions of a Case ....... 38

MOTIONS FOR SUMMARY JUDGMENT

These procedures explain how to present and oppose motions for summary judgment. You should follow these procedures and Rule 56 carefully.

These procedures require careful preparation of statements of proposed findings of fact. The purpose of these statements of proposed findings of fact is to clearly identify the essential facts material to the motion for summary judgment, and to help the court determine if those facts are genuinely disputed. A dispute of fact is genuine if both sides have evidentiary support for their positions. Accordingly, these procedures are also designed to help the court see the evidentiary support for the proposed facts. The court will not search the record for facts or evidence.

The fact documents are most useful if the proposed facts, and especially the responses and replies to those facts, are succinctly stated. The fact documents should not be inflated with lengthy argument. If the responses to fairly proposed facts, or the replies to fairly disputed facts, are inappropriately argumentative, then the court may strike the offending response, or in extreme cases, an offending pleading.

Because the material facts must be proposed in a statement of proposed facts, it is not necessary to repeat all those facts in the briefs. However, the court will find it helpful to have the background facts concisely stated in an introductory section of the brief.

## I. The motion for summary judgment

A. Contents:

1. A motion that clearly states the claims or defenses, or the parts of claims or defenses, for which summary judgment is sought.

2. A statement of proposed findings of fact that includes all facts needed to sustain the motion.

3. Evidentiary materials that support the proposed facts (*see* I.C.).

4. A supporting brief. Your brief is the place to make your legal argument, not the place to introduce facts into the record. However, you may find it helpful to include a concise overview of the background facts of the dispute. When you finish the brief, you should confirm that all the dispositive facts that you rely on are stated in the proposed findings of fact document.

B. Proposed findings of fact:

1. The purpose of the statement of proposed findings of fact is to clearly identify the material facts and to allow the court to determine whether those facts are genuinely in dispute.

2. The statement of proposed findings of fact must include all facts necessary to sustain the motion for summary judgment, including facts relating to jurisdiction and the identity of the parties.

3. A party must propose each fact in a separate, numbered paragraph, limited as nearly as practical to a single factual proposition.

4. Each factual proposition must be followed by a reference to evidence supporting the proposed fact. The citation must identify where in the record the evidence is located. If a party cites an affidavit of a witness who has submitted multiple affidavits or the deposition of a witness who has been deposed multiple times, then the citation must include the date that the document was created. Where possible, include the docket number. For example:

    1. Plaintiff Smith bought six Holstein calves on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.

5. Documents at issue in the case (e.g., patents, contracts, insurance policies, etc.) should be placed into the summary judgment record with a single proposed fact. For example:

    1. The contract between Smith and Jones is attached as Exhibit 1 to the Smith Affidavit.

    Do not propose multiple facts restating the individual provisions of the document. Do not propose facts stating your argument about the meaning of the document.

6. Do not propose facts reciting expert opinions or parties' arguments. You should address these issues in your brief with citations to the appropriate docket entries.

C. Evidence

1. As noted in I.B. above, a party must support each proposed finding with admissible evidence. The court will not search the record for evidence. Where possible, provide the docket number for the supporting evidence.

2. A proposed fact can be supported with any of the following evidence:

    - Depositions. Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony.

    - Answers to Interrogatories. State the number of the interrogatory and the party answering it.

    - Admissions made pursuant to Federal Rule of Civil Procedure 36. State the number of the requested admission and the identity of the party to whom it was directed; or

    - Other Admissions. Identify the document, the number of the page, and paragraph of the document in which that admission is made.

- Affidavits. The page and paragraph number, the name of the affiant, and the date of the affidavit. (Affidavits must be made by persons who have first-hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

- Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties. (State exhibit number, page, and paragraph.)

## II. The response to a motion for summary judgment

A. Contents:

1. A brief in opposition to the motion for summary judgment.

2. A response to each of the moving party's proposed finding of fact.

3. If necessary, additional proposed findings of fact needed to oppose the motion.

4. Evidentiary materials cited in the response to the moving party's facts or in the additional facts proposed by the non-moving party (following the instructions in section I.C. above).

B. If the responding party proposes its own findings of fact, it should following the procedure in I.B. and I.C. above. The purpose of additional proposed findings of fact is to *supplement* the moving party's proposed findings of fact, not to dispute the facts proposed by the moving party. Even if the responding party files additional proposed findings of fact, it *must also* respond to the each of the moving party's proposed findings of fact.

C. The court will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it.

D. Responses to the moving party's proposed findings of fact:

1. Answer each numbered fact proposed by the moving party in separate paragraphs, *using the same number*. The court strongly prefers that the responding party repeat verbatim the moving party's proposed fact and then respond to it.

2. All responses should be succinctly stated.

3. State clearly whether the fact is *disputed* or *undisputed*. If you dispute a proposed fact, state your version of the fact and cite to evidence that supports that version. For example:

   1. Plaintiff Smith bought six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.

4

> **Response:** Disputed. The purchase Smith made from Dell's
> Dairy Farm on July 11, 2006, was for one Black Angus bull.
> John Dell Affidavit, Feb. 1, 2007, Exh. A.

You may state your version of a proposed fact, but do not respond to proposed facts with additional facts that are not directly responsive to the proposed fact. The court will disregard any new facts that are not directly responsive to the proposed fact. If a responding party believes that more facts are necessary to tell its side of the story, it should include those facts in its own proposed facts, as discussed in II.B.

4. You may also dispute a fact on the grounds that the cited evidence does not support the proposed fact with admissible evidence. For example:

    1. The Smith farm maintains high standards of animal health and nutrition. John Johnson Affidavit, Jan. 12, 2007, p.1, ¶ 5.

        **Response:** Disputed. The Johnson Affidavit is inadmissible because it is not based on personal knowledge. John Johnson is plaintiff's attorney, and he does not have personal knowledge of the operation of the Smith farm.

5. Your response to a proposed fact may also indicate that the proposed fact is immaterial. For example:

    1. The Smith farm maintains high standards of animal health and nutrition. John Johnson Affidavit, Jan. 12, 2007, p.1, ¶ 5.

        **Response:** Undisputed, but immaterial.

You may state that a fact is immaterial, but do not respond to proposed facts with arguments on the merits. Make your argument in your brief, with citations to any useful docket entries.

E. Evidence

Every factual proposition, whether made in support of or opposition to, a motion for summary judgment must be supported by admissible evidence. The court will not search the record for evidence. Supporting evidence should be clearly cited and submitted as described in I.C.2.

## III. The reply by the moving party

A. Contents:

1. A reply to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials.

    2. A response to each additional numbered factual statement proposed by the responding party, if any, together with references to evidentiary materials.

    3. A reply brief.

    4. Evidentiary materials (*see* I.C.)

B. Replies should be succinctly stated. If the response to a fact is "undisputed," the reply should also state "undisputed." If you contend that despite a response of "disputed," the non-moving party has failed to raise a genuine dispute of material fact, you should succinctly state why. For example:

> 1. Plaintiff Smith bought six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.
>
> **Response:** Disputed. The purchase price for the calves was not for fair market value. John Dell Affidavit, Feb. 1, 2007, p.1, ¶ 4.
>
> **Reply:** Undisputed. The response asserts an immaterial fact, but it raises no dispute of the proposed fact.

C. If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in II.D.

D. When the moving party replies to the responses to the moving party's original proposed findings of fact, the moving party must repeat verbatim the entire sequence associated with each proposed finding of fact. In other words, the reply document is a self-contained history of all proposed facts, responses, and replies. Likewise, the moving party's response to the supplemental facts proposed by the non-moving party should also be a self-contained history of those proposed facts with responses.

## IV. A sur-reply by responding party

A responding party may not file a sur-reply without first obtaining permission from the court. The court permits sur-replies only in rare, unusual situations.

The charts below identify the materials that each party must submit in support of or in opposition to a motion for summary judgment. The preliminary pretrial conference order will contain the specific deadline for dispositive motions. Usually, the deadline for a response will be 21 days after the deadline for the motion, and the deadline for the reply will be 10 days after the deadline for the response.

If only one party moves for summary judgment:

| Deadline for dispositive motions | Deadline for response | Deadline for reply |
|---|---|---|
| The moving party files: <br> • motion for summary judgment <br> • brief in support <br> • statement of proposed findings of fact <br> • supporting evidence | The moving party does not file anything | The moving party files: <br> • brief in reply <br> • reply to the response to its proposed findings of fact <br> • response to any supplemental proposed findings of fact |
| The non-moving party does not file anything | The non-moving party files: <br> • brief in opposition <br> • response to the moving party's proposed findings of fact <br> • supplemental proposed findings of fact (optional) | The non-moving party does not file anything |

If both parties move for summary judgment:

| Deadline for dispositive motions | Deadline for response | Deadline for reply |
|---|---|---|
| The plaintiff files: <br> • motion for summary judgment <br> • brief in support <br> • statement of proposed findings of fact <br> • supporting evidence | The plaintiff files: <br> • brief in opposition to the defendant's motion <br> • response to the defendant's proposed findings of fact <br> • supplemental proposed findings of fact (optional) | The plaintiff files: <br> • brief in reply to its motion <br> • reply to the response to its proposed findings of fact <br> • response to any supplemental proposed findings of fact |
| The defendant files: <br> • motion for summary judgment <br> • brief in support <br> • statement of proposed findings of fact <br> • supporting evidence | The defendant files: <br> • brief in opposition to the plaintiff's motion <br> • response to the plaintiff's proposed findings of fact <br> • supplemental proposed findings of fact (optional) | The defendant files: <br> • brief in reply to its motion <br> • reply to the response to its proposed findings of fact <br> • response to any supplemental proposed findings of fact |

## GUIDANCE TO *PRO SE* LITIGANTS
## REGARDING MOTIONS FOR SUMMARY JUDGMENT

This court expects all litigants, including persons representing themselves, to follow this court's procedures to be followed on motions for summary judgment. If a party does not follow the procedures, there will be no second chance to do so. The following is a list of mistakes that *pro se* plaintiffs tend to make when opposing a motion for summary judgment:

1. *Problem*: The plaintiff does not answer the defendant's proposed facts correctly.

   *Solution*: To answer correctly, the plaintiff must file a document titled "Response to Defendant's Proposed Findings of Fact." In this document, the plaintiff must answer each numbered fact that the defendant proposes, using separate paragraphs that have the same numbers as defendant's paragraphs. *See* II.D. If the plaintiff does not object to a fact that the defendant proposes, he should answer "Undisputed."

2. *Problem*: The plaintiff submits a set of facts without answering the defendant's facts.

   *Solution*: II.B. allows the plaintiff to file his own set of proposed facts in response to the defendant's motion *only* if he thinks he needs additional facts to prove his claim. But even if the plaintiff submits his own set of facts, he must also respond to the facts proposed by the defendant.

3. *Problem*: The plaintiff does not tell the court and the defendant where there is evidence in the record to support his version of a fact.

   *Solution*: The plaintiff must pay attention to II.D.3., which explains how to dispute a proposed fact. Also, the plaintiff should pay attention to I.B.4., which explains how a new proposed fact should be written.

4. *Problem*: The plaintiff supports a fact with an exhibit that the court cannot accept as evidence because it is not authenticated.

   *Solution*: I.C. explains what may be submitted as evidence. A copy of a document will not be accepted as evidence unless it is authenticated. That means that the plaintiff, or someone else who has personal knowledge of what the document is, must declare under penalty of perjury in a separate affidavit that the document is a true and correct copy of what it appears to be. For example, if the plaintiff wants to support a proposed fact with evidence that he received a conduct report, he must submit a copy of the conduct report, together with an affidavit in which he declares under penalty of perjury that the copy is a true and unaltered copy of the conduct report he received on such and such a date.

**NOTE WELL**: If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed. If a party's response to a proposed fact does not comply with the court's procedures or cites evidence that is not admissible, the court will take the opposing party's factual statement as true and undisputed.

PROCEDURE GOVERNING FINAL PRETRIAL CONFERENCE

The preliminary pretrial conference order tells the parties what documents must be submitted for the final pretrial conference and what the deadlines are for submitting them. The court's standard voir dire questions and standard jury instructions are attached to this order and those will generally be asked and given in every case. The parties should not duplicate the standard questions or instructions.

In addition to filing the required materials on the docket, parties must submit electronic copies of any proposed additional voir dire questions, proposed special verdict forms, and proposed jury instructions by emailing them in Microsoft Word format to chambers at **wiwd_jdp@wiwd.uscourts.gov**. The subject line of the email sent to chambers must include the case number and the phrase "Final Pretrial Submissions."

Proposed jury instructions shall be submitted in the following form:

- A party must request pattern instructions by referring to the source (e.g., court's standard instruction or Devitt & Blackmar, § 18.01). The court generally prefers to use the Seventh Circuit's pattern instructions whenever possible.

- The email version of a party's proposed instructions must be formatted as follows: Special instructions or pattern instructions, whether modified or not, must be presented double-spaced with one instruction per page, and each instruction shall show the identity of the submitting party, the number of the proposed instruction, and the citation of the pattern instruction, decision, statute, regulation or other authority supporting the proposition stated, with any additions underlined and any deletions in strikethrough.

- The court may refuse to entertain voir dire questions, special verdict forms, or jury instructions that a party does not submit in accordance with these procedures or the preliminary pretrial conference order, unless the subject of the request arises during trial and could not reasonably have been anticipated prior to trial.

Each party must be represented at the final pretrial conference by the lawyer who will actually try the case, unless the party is proceeding *pro se,* in which case the *pro se* party must appear. A party represented by counsel shall also be present in person unless:

- Counsel has been delegated the full authority to settle the case; or

- Attendance in person is impossible and arrangements are made for communication by telephone during the entire duration of the conference for the purpose of acting upon settlement proposals.

## PROCEDURE FOR TRIAL EXHIBITS

Pursuant to Federal Rule of Civil Procedure 26, the parties must file copies of their pretrial disclosures with the court. Exhibits for use at trial should not be docketed electronically. Counsel should use the form below to list their exhibits (a blank copy of the form is available on the court's website). Counsel are to retain the original exhibits following trial.

1. Each party is to label all of its exhibits.

2. Each party is to submit a list of its exhibits. The party should identify the witness(es) during whose testimony the exhibit will be offered into evidence, the number of each exhibit, and a brief description.

3. Objections to exhibits must be raised as part of a party's response to its opponent's pretrial disclosures. In addition to any brief, the objecting party must file a new copy of its opponent's list of exhibits, and the objecting party must complete the column for objections by adding a very short statement describing its objection.

4. Before the start of trial, each party is to provide the clerk's office with an exhibit list and a three-ring binder with copies of each exhibit that may be offered at trial. These copies will be for the judge's use. If the exhibits will fill more than one loose-leaf binder, then the parties are encouraged to provide electronic copies to the court on a CD or DVD (for security reasons, the court cannot accept flash drives) or through a cloud-based document storage system. Filenames for electronic copies should conform to the court's naming conventions for electronic filing. Unless otherwise directed by the court, each party must submit copies of its trial exhibits by 4:00 p.m. on the business day before the first day of trial (note that in many cases, this may be a Friday).

5. As a general rule, the plaintiff should use exhibit numbers 1-500 and the defendant should use exhibit numbers 501 and up. If the parties can agree on a different, logical convention for numbering exhibits, then they are free to do so.

6. Each party is to maintain custody of its own exhibits throughout the trial. Counsel are to keep track of which exhibits have been admitted into evidence.

7. At the end of trial, each party is to retain all exhibits that become a part of the record. It is each party's responsibility to maintain its exhibits and to make arrangements with the clerk's office for including these exhibits in the appeal record.

8. Once reference is made to an exhibit at trial, the exhibit becomes part of the record, even though the exhibit might not be formally offered or might not be received.

Questions about these instructions may be directed to the clerk's office at (608) 264-5156.

TRIAL EXHIBIT FORM

| EXHIBIT (S) OF _____ (Indicate plaintiff or defendant) | | | | v. | Case No. _____ |
|---|---|---|---|---|---|

| Identification | | | Description | Offers, Objections, Rulings, Exceptions |
|---|---|---|---|---|
| **Doc. Date** | **No.** | **Witness** | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

STANDARD VOIR DIRE QUESTIONS

1. Have any of you ever heard of this case before today? Follow up at sidebar.

2. The trial of this case will begin ___ and will last probably ___ days, finishing on ___. Are any of you unable to serve as a juror during this time?

*Knowledge of parties and others*

3. Ask counsel to stand and tell the jury where they practice and with whom. Ask panel whether anyone knows counsel or their associates or partners.

4. Ask counsel to introduce the parties. Ask panel whether anyone knows the parties.

5. The witnesses in the case may include the following individuals. (Read list of witnesses.) Do any of you know any of the witnesses?

6. Do any of you know the judge or court personnel?

7. Do any of you know any of the other persons on the jury panel?

*Questions to each prospective juror (listed on a sheet provided to jurors):*

Please stand up and tell us about yourself:

8. Name, age, and city or town of residence.

9. If you live in Madison, how long have you lived here?

10. Marital status and number of children, if any.

11. Current occupation (former if retired).

12. Current (or former) occupation of your spouse, domestic partner, or significant other.

13. If you have adult children, what do they do?

14. Any military service, including branch, rank and approximate date of discharge.

15. How far you went in school and major areas of study, if any.

16. Memberships in any groups or organizations. Do you hold leadership positions in these groups?

17. Hobbies and leisure-time activities.

18. Media consumption. What are your favorite types of reading materials, what sources do you use for news, what types of television or radio shows do you watch or listen to, what types of websites do you visit?

19. Have you ever written a letter to the editor in a newspaper or magazine?

20. Do you have any bumper stickers on your car? If so, what do they say or depict?

*Litigation experience and opinions*

21. Have you, a relative, or a close friend been a party to a lawsuit?

22. Have you, a relative, or a close friend ever been a witness in a lawsuit?

23. Have you, a relative, or a close friend served on a jury? Follow up: nature of the case; find for plaintiff or defendant; were you the foreperson?

24. Do you have strong opinions, whether positive or negative, about people who go to court to obtain relief for wrongs they believe they have suffered?

*Specialized knowledge or experience*

[case-specific questions]

*Conclusion*

25. At the end of the case, I will give you instructions that will govern your deliberations. You are required to follow those instructions, even if you do not agree with them. Is there any one of you who would be unable or unwilling to follow my instructions?

26. Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?

## STANDARD CIVIL JURY INSTRUCTIONS

Members of the jury, we are about to begin the trial of the case. Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff. In this case, the plaintiff is ___. The party against whom the suit is brought is called the defendant. In this case, the defendant is ___.

[Describe the nature of the case and each party's claims and defenses.]

## CONDUCT OF THE CASE

The case will proceed as follows:

First, plaintiff's counsel will make an opening statement outlining plaintiff's case. Immediately after plaintiff's statement, defendant's counsel will also make an opening statement outlining defendant's case. What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff will introduce evidence in support of his claim. At the conclusion of the plaintiff's case, the defendant may introduce evidence. And, finally, the plaintiff may choose to introduce rebuttal evidence.

Third, after the evidence is presented, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence. What is said in closing argument is not evidence. Plaintiff will make the first closing argument and can make a short rebuttal argument after the defendant's closing argument.

14

Fourth, I will instruct you on the law that you are to apply in reaching your verdict. I will give you copies of all my instructions, including these instructions that I am reading now, so you will have them in writing when you deliberate.

Fifth, you will retire to the jury room and conduct your deliberations.

The trial day will run from 9:00 a.m. until 5:30 p.m. Usually, you will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon. Sometimes I will have to adjust this schedule to take care of something in another case, so we will be somewhat flexible. The courtroom is often kept at a cold temperature; I encourage you to bring clothing that will keep you comfortable in a range of conditions

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial. I realize that this case is the one thing you all have in common, but you must not talk about it, even amongst yourselves, until it is time to deliberate. Once you express an opinion, there is a natural tendency to defend it and this might make you resist changing your mind. The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and you have retired to deliberate with the other members of the jury. I must warn you, in particular, against commenting about the trial in an e-mail or a blog or on Twitter or any social media website. There are cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial. You can imagine what this would mean in the cost of a re-trial, the inconvenience to your

fellow jurors whose work would have been done for nothing, and the stress experienced by the parties.

Second, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able. Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal human tendency to converse with people with whom one is thrown into contact, please do not talk to any of the parties or their attorneys or witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. If one of the attorneys or witnesses passes by without talking to you, they are not being rude; they are simply following my instructions. In no other way can all parties be assured of the absolute impartiality that they are entitled to expect from you as jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters that are not proper for your consideration. You must base your verdict solely on the evidence presented in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation, or experimentation. Do not look up materials on the internet or in other sources. Again, you must base your verdict solely on the evidence presented in court.

## HEARING THE EVIDENCE

**Evidence**

Evidence at a trial includes the sworn testimony of the witnesses, exhibits that are offered and accepted by the court, facts stipulated by counsel both sides, and facts that are judicially noticed. If facts are stipulated or judicially noticed, I will tell you that. You may consider only the evidence that I admit into the record.

The following things are not evidence: questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the lawyer, by the parties, or by one of the witnesses. You should listen carefully to the opening statements and closing arguments of the lawyers because they help you understand the evidence. But those statements and arguments by the lawyers are not evidence. Decide the case on the evidence.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could infer the existence of another fact. If the question were whether it was raining on September 1, direct evidence of this fact would be a witness's testimony that they were outside and they saw it raining that day. Circumstantial evidence of the fact that it was raining would be that people came into a building carrying wet umbrellas that day. You should consider both types of evidence. Neither direct nor circumstantial evidence is automatically more persuasive or valuable than the other type. It is up to you to decide how much weight to give any piece of evidence.

**Drawing of Inferences**

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw reasonable inferences or conclusions from the facts that you find have been proved, if such reasonable inferences or conclusions seem justified in the light of your own experience and common sense.

**Burden of Proof**

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the case, I will instruct you on the proper burden of proof to be applied to the issues in this case.

But here are the basic burden of proof concepts that you should bear in mind as you hear the evidence. Plaintiff is required to prove [_____] by a preponderance of the evidence. This means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

Defendants have the burden of proving [_____] by clear and convincing evidence. "Clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true.

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness

testifies about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Contradictory or Impeaching Evidence**

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial, you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case, or who are the employees or agents of the parties. If you find that any of the parties, or employees or agents of the parties, made statements before the trial began that are

19

different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

**Experts**

A person's training and experience may make him or her a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the opinion is based on assumed facts that are proven later. If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

**Depositions**

During the course of a trial, the lawyers may refer to and read from depositions. Depositions are transcripts of testimony taken while the parties are preparing for trial. Deposition testimony is given under oath just like testimony given during the trial. You should give it the same consideration you would give it had the witnesses testified here in court.

**Objections**

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

**Questions**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper. When the lawyers have finished all of their questions to the witness, if your question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

**Notetaking**

If you want to take notes, there are notepads and pencils next to the jury bench. This does not mean you have to take notes; take notes only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the

credibility of the witnesses. Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being recorded by a court reporter, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

POST-TRIAL INSTRUCTIONS

**Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against any party, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict on liability, consisting of __ questions. In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

**Answers Not Based on Guesswork**

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party with the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove to satisfy the burden of proof on the question under consideration.

**[Case-specific: Liability under the governing law]**

**Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," it means that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Middle Burden of Proof**

When I say that a particular party must prove something by "clear and convincing evidence," it means that when you have considered all of the evidence, you are convinced that it is highly probable that it is true. This is a higher burden of proof than "more probably true than not true."

INSTRUCTIONS AFTER CLOSING ARGUMENTS

**Selection of Presiding Juror; Communication with the Judge; Verdict**

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide, or select whomever you like as the presiding juror. When thinking about who should be presiding juror, you may want to consider the role that a presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of ensuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, do not tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

**Suggestions for Conducting Deliberations:**

To help you determine the facts, you may want to consider discussing one question at a time, and use my instructions to the jury as a guide to determine whether there is sufficient

26

evidence to prove all the necessary legal elements for each question. I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion. I also suggest that you assign separate tasks, such as note taking, time keeping and recording votes to more than one person to help break up the workload during your deliberations. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

## DAMAGES INSTRUCTIONS

**General**

On the damages question, you must determine what amount of damages, if any, plaintiff is entitled to recover. Plaintiff must prove his or her damages by a preponderance of the evidence.

Your verdict must not be based on guesswork. But the party seeking damages need not prove the amount of its damages with mathematical precision. In determining the amount of damages, you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates plaintiff for his or her injuries.

Do not measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side. Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

**Taxes**

You must not consider the impact of taxes on your award of damages.

## PROCEDURE FOR CALLING WITNESSES TO TRIAL

At trial, plaintiff will have to be ready to prove facts supporting his claims against the defendants. One way to offer proof is through the testimony of witnesses who have personal knowledge about the matter being tried. If a party wants witnesses to be present and available to testify on the day of trial, the party must follow the procedures explained below. ("Party" means either a plaintiff or a defendant.) These procedures must be followed whether the witness is a: (1) defendant to be called to testify by a plaintiff; (2) plaintiff to be called to testify by a defendant; or (3) person not a party to the lawsuit to be called to testify by either a plaintiff or a defendant.

**Note well:** most of these procedures impose deadlines that are *four weeks* before trial.

### I. Incarcerated Witnesses Who Agree to Testify Voluntarily

A. An incarcerated witness who tells a party that he is willing to attend trial to give testimony cannot come to court unless the court orders his custodian to let him come. The Court must issue an order known as a writ of habeas corpus *ad testificandum*. This court will not issue such a writ unless the party can establish to the court's satisfaction that:

　　1. The witness has agreed to attend voluntarily; *and*

　　2. The witness has actual knowledge of facts directly related to the issue to be tried.

B. A witness's willingness to come to court as a witness can be shown in one of two ways:

　　1. The party can serve and file an affidavit declaring under penalty of perjury that the witness told the party that he or she is willing to testify voluntarily, that is, without being subpoenaed. The party must say in the affidavit when and where the witness informed the party of this willingness; or

　　2. The party can serve and file an affidavit in which *the witness* declares under penalty of perjury that he or she is willing to testify without being subpoenaed.

C. The witness's actual knowledge of relevant facts may be shown in one of two ways:

　　1. The party can declare under penalty of perjury that the witness has relevant information about the party's claim. However, this can be done only if the *party* knows first-hand that the witness saw or heard something that will help him prove his case. For example, if the trial is about an incident that happened in or around a plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and witnessed the incident, the plaintiff may tell the court in an affidavit what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or hear what occurred; or

29

2. The party can serve and file an affidavit in which *the witness* tells the court what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or hear what occurred.

D. Not later than four weeks before trial, a party planning to use the testimony of an incarcerated witness who has agreed to come to trial must serve and file a written motion for a court order requiring the witness to be brought to court at the time of trial. The motion must:

1. State the name and address of the witness; and

2. Come with an affidavit described above to show that the witness is willing to testify and that the witness has first-hand knowledge of facts directly related to the issue to be tried.

E. When the court rules on the motion, it will say who must be brought to court and will direct the clerk of court to prepare the necessary writ of habeas corpus *ad testificandum*.

## II. Incarcerated Witnesses Who Refuse to Testify Voluntarily

A. If an incarcerated witness refuses to attend trial, TWO separate procedures are required. The court will have to issue a writ of habeas corpus *ad testificandum* telling the warden to bring the witness to trial *and* the party must serve the witness with a subpoena.

B. Not later than four weeks before trial, the party seeking the testimony of an incarcerated witness who refuses to testify voluntarily must file a motion asking the court to issue a writ of habeas corpus *ad testificandum and* asking the court to provide the party with a subpoena form. (All requests from subpoenas from pro se litigants will be sent to the judge for review before the clerk will issue them.)

C. The motion for a writ of habeas corpus *ad testificandum* will not be granted unless the party submits an affidavit:

1. Giving the name and address of the witness; and

2. Declaring under penalty of perjury that the witness has relevant information about the party's claim. As noted above, this can be done only if the *party* knows first-hand that the witness saw or heard something that will help him prove his case. In the affidavit, the party must tell the court what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or to hear what occurred.

D. The request for a subpoena form will not be granted unless the party satisfies the court in his affidavit that:

1. The witness refuses to testify voluntarily;

2. The party has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; *or*

3. The party is proceeding *in forma pauperis*, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal or a person appointed by the court.

E. If the court grants the party's request for a subpoena for an incarcerated witness, it will be the party's responsibility to complete the subpoena form and send it to the person at least 18 years of age who will be serving the subpoena or to the United States Marshal, if the court has ordered that the subpoena be served by the Marshal. The address of the United States Marshal is 120 N. Henry St., Suite 440, Madison, Wisconsin, 53703. If the subpoena is not received by the marshal at least two weeks in advance of trial, the marshal may not have enough time to serve the subpoena on the party's witness.

## III. Unincarcered Witnesses Who Agree to Testify Voluntarily

A. It is the responsibility of the party who has asked an unincarcered witness to come to court to tell the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. Unincarcered Witnesses Who Refuse to Testify Voluntarily

A. If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, no later than four weeks before trial, the party must serve and file a request for a subpoena form. All parties who want to subpoena an unincarcered witness, even parties proceeding *in forma pauperis*, must be prepared to tender an appropriate sum of money to the witness at the time the subpoena is served. The appropriate sum of money is a daily witness fee and the witness's mileage costs. In addition, if the witness's attendance is required for more than one trial day, an allowance for a room and meals must be paid. The current rates for daily witness fees, mileage costs and room and meals may be obtained either by writing the clerk of court at 120 North Henry Street, Room 320, Madison, Wisconsin, 53703, or by calling the office of the clerk at (608) 264-5156. Otherwise, the statutory reference for the witness fees is 28 U.S.C. § 1821, and the mileage fee is calculated using the current IRS mileage rate. For calculating the hotel room and meal rate, you may visit the General Services Administration's (GSA) website at www.gsa.gov and clicking on "Per Diem Rates."

B. Before the court will grant a request for a subpoena form for an unincarcered witness, the party must satisfy the court by affidavit declared to be true under penalty of perjury that:

1. The witness refuses to testify voluntarily;

2. The party has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; *or*

Case: 1:18-cv-00864 Document #: 152-3 Filed: 04/30/18 Page 39 of 45 PageID #:3231

3. The party is proceeding *in forma pauperis*, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal; *and*

4. The party is prepared to tender to the marshal or other individual serving the subpoena a check or money order made payable to the witness in an amount necessary to cover the daily witness fee and the witness's mileage, as well as costs for room and meals if the witness's appearance at trial will require an overnight stay.

C. If the court grants the party's request for a subpoena for an unincarcerated witness, it will be the party's responsibility to complete the subpoena form and send it to the person at least 18 years of age who will be serving the subpoena or to the United States Marshal, if the court has ordered that the subpoena be served by the marshal, together with the necessary check or money order. The address of the United States Marshal is 120 N. Henry St., Suite 440, Madison, Wisconsin, 53703. If the subpoena is not received by the marshal at least two weeks in advance of trial, the marshal may not have enough time to serve the subpoena on the party's witness.

## V. Summary

The chart below may assist in referring you to the section of this paper which sets forth the appropriate procedure for securing the testimony of witnesses in your case.

| Witnesses | | | |
|---|---|---|---|
| **Incarcerated** | | **Unincarcerated** | |
| Voluntary | Involuntary | Voluntary | Involuntary |
| A court order that the witness be brought to court is required. Papers are due 4 weeks before trial. | A court order that the witness be brought to court and a subpoena are required. A motion must be served & filed 4 weeks before trial. Subpoena forms must be completed 2 weeks before trial. | Nothing need be sought or obtained from the court. | Pro se parties must obtain an order granting issuance of a subpoena. Papers are due four weeks before trial. Completed forms *and fees* are due 2 weeks before trial. |

PROCEDURE FOR NON-JURY CASES

Counsel must observe the following requirements in preparing for a trial to the court:

A.  At least two weeks before trial, counsel must confer for the following purposes:

1.  To enter into comprehensive written stipulations of all uncontested facts in such form that they can be offered at trial as the first evidence presented by the party desiring to offer them. If there is a challenge to the admissibility of some uncontested facts that one party wishes included, the party objecting and the grounds for objection must be stated.

2.  To make any deletions from their previously exchanged lists of potential trial witnesses.

3.  To enter into written stipulations setting forth the qualifications of expert witnesses.

4.  To examine, mark, and list all exhibits that any party intends to offer at trial. (A copy of this court's procedures for marking exhibits is contained in this packet.)

5.  To agree as to the authenticity and admissibility of such exhibits so far as possible and to note the grounds for objection to any not agreed upon.

6.  To agree so far as possible on the contested issues of law.

7.  To examine and prepare a list of all depositions and portions of depositions to be read into evidence and agree as to those portions to be read. If any party objects to the admissibility of any portion, the name of the party objecting and the grounds shall be set forth.

8.  To explore the prospects of settlement.

B.  Before trial, plaintiff's counsel must convene a conference between all counsel. At least one week before trial, plaintiff's counsel must submit a Pretrial Statement containing the following:

1.  The parties' comprehensive written stipulations of all uncontested facts.

2.  The probable length of trial.

3.  The names of all prospective witnesses. Only witnesses so listed will be permitted to testify at the trial except for good cause shown.

4.  The parties' written stipulation setting forth the qualifications of all expert witnesses.

5.  Schedules of all exhibits that will be offered in evidence at the trial, together with an indication of those agreed to be admissible and a summary statement of the grounds for objection to any not agreed upon. Only exhibits so listed shall be offered in evidence at the trial except for good cause shown.

6. An agreed statement of the contested issues of law supplemented by a separate statement by each counsel of those issues of law not agreed to by all parties.

7. A list of all depositions and portions of depositions to be offered in evidence, together with an indication of those agreed to be admissible and summary statements of the grounds for objections to any not so agreed upon. If only portions of a deposition are to be offered, counsel should mark the deposition itself with colored markers identifying the portions each party will rely upon.

C. No later than one week before trial, each counsel shall file with the court and serve upon opposing counsel a statement of all the facts that counsel will request the court to find at the conclusion of the trial. In preparing these statements, counsel should have in mind those findings that will support a judgment in their client's favor. The proposed findings should be complete. They should be organized in the manner in which counsel desire them to be entered. They should include stipulated facts, as well as facts not stipulated to but which counsel expect to be supported by the record at the conclusion of the trial. Those facts that are stipulated to shall be so marked.

D. Each counsel shall also file and serve a proposed form of special verdict, as if the case were to be tried to a jury.

E. Before the start of trial, counsel must submit to the court a complete set of pre-marked trial exhibits to be used by the judge as working copies at trial. If the exhibits will fill more than one loose-leaf binder, then the parties are encouraged to provide electronic copies to the court on a CD or DVD (for security reasons, the court cannot accept flash drives) or through a cloud-based document storage system. Filenames for electronic copies should conform to the court's naming conventions for electronic filing.

F. If counsel wish to submit trial briefs, they are to do so no later than three working days prior to trial.

Final pretrial submissions are to be filed as stated above with no exceptions. Failure to file or repeated and flagrant violations may result in the loss of membership in the bar of this court.

ATTORNEY FEES

If a party requests attorney fees or costs at any point in this case, the court expects that party to adequately support its request. Failure to provide adequate support may lead the court to reduce an award, or to refuse to award fees and costs. The fee claimant must identify a reasonable number of hours worked, and a reasonable hourly rate. If the parties agree that the number of hours requested are reasonable, the hourly fee requested is reasonable, or both, they should so stipulate. A party who opposes a fee request must state with particularity what aspects of the hours billed or the fee requested are unreasonable.

A party should include the following in its request for fees and costs:

1. The legal basis for fee-shifting (statute, federal rule, case law, stipulation, etc.).

2. Contemporaneous logs, with separate entries for the hours spent on specific tasks. Each entry should indicate who performed the work and give a description of the task.

3. The hourly rate(s) for the attorney(s) and other personnel involved in the case.

4. Affidavits or other statements, usually from an attorney familiar with the billing practices involved, confirming that the hours have been reviewed for reasonableness, and that counsel has exercised billing judgment for the number of hours charged to the client.

5. Affidavits or other statements confirming that the hourly rate(s) are in line with the market rate for the type of work performed and the amount of experience of the attorney who performed it. (Note: an affidavit indicating the billing attorney's "usual" rate is typically insufficient to establish the market rate.)

6. Other evidence that the total fee charged is reasonable, such as a statement that the fee was billed to the client and that the client paid the fee, or instances where courts awarded similar fees for a similar type and amount of work.

7. If necessary, evidence that the client has assigned a statutory right to fees to the attorney. Requests that do not direct the court to such evidence may result in the court directing any fees to be paid straight to the client.

POLICY REGARDING COUNSEL ROOMS DURING TRIAL

We will do our best to provide a room for counsel to use during trial. However, because the courthouse has a limited number of rooms, we cannot guarantee that an attorney room will be available. We do not have enough rooms to provide a separate space for counsel to eat lunch.

To assure fairness, counsel rooms will be randomly assigned the Wednesday before the week a trial is scheduled to start. Counsel may request a room by calling (608) 261-5731. If one party requests a room, we will assign a counsel room to each party in the case. If there are not enough rooms available for all parties in a case, no party will be assigned a room.

Cleaning staff will perform routine cleaning tasks in rooms assigned to counsel during trial. On the day trial is completed, counsel are expected to remove their materials and leave the room neat and orderly. If the trial ends late in the day and another trial is not scheduled to begin the next day, counsel may make arrangements to remove their materials the next morning.

## POLICY REGARDING CONTACTING JURORS

Pursuant to Local Rule 4 (LR 47.2), parties, lawyers, and anyone acting on a party's behalf must obtain permission from the trial judge or magistrate judge before contacting jurors. Requests for permission to contact jurors may be made during the Final Pretrial Conference, or as soon after trial as practicable.

If the court determines that such communication is appropriate, the clerk's office will obtaining the phone numbers and e-mail addresses of jurors who are willing to speak to counsel for the parties. The clerk's office will then provide this information directly to counsel. Unless specifically authorized by the court, the parties may not contact jurors themselves; only counsel may do so. Counsel who receive permission to contact jurors will be expected to scrupulously observe the rules of professional responsibility when doing so.

## POLICY REGARDING SETTLEMENTS, STIPULATED DISMISSALS, AND OTHER DISPOSITIONS OF A CASE

This court takes seriously its obligations under Federal Rule of Civil Procedure 1. Accordingly, the parties should anticipate that the court will not remove a case from the trial calendar merely because they have informally settled it; the court expects parties to file the appropriate stipulation or joint-motion to formally terminate the case.

Once a plaintiff files a notice of voluntary dismissal, pursuant to Rule 41(a)(1), the court will close the case without further action. The parties should be aware that the court loses jurisdiction of the case after receiving a notice of dismissal with prejudice. *See Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007). This precludes the court from, for example, retaining jurisdiction to enforce a settlement agreement or to enter further orders.

If parties resolve a case during the weekend before a trial is to begin, they must contact the Clerk of Court at (608) 287-4875 or the Chief Deputy Clerk at (608) 354-8004.