# Exhibit 1

**MAYER·BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

April 5, 2018

**B**y **E**-**M**ail

Britt M. Miller
Direct Tel +1 312 701 8663
Direct Fax +1 312 706 8763
bmiller@mayerbrown.com

Robert N. Kaplan
K**aplan** F**ox** & K**ilsheimer** LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Michael N. Nemelka
K**ellogg**, H**ansen**, T**odd**, F**igel** & F**rederick**, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Victoria Romanenko
C**uneo** G**ilbert** & L**a**D**uca**, LLP
4725 Wisconsin Avenue, N.W., Suite 200
Washington, D.C. 20016

Peggy J. Wedgworth
M**ilberg** T**adler** P**hillips** G**rossman** LLP
One Pennsylvania Plaza, 19th Floor
New York, NY 10119

  Re: *In re Dealer Management System Antitrust Litigation*, MDL 2817

Counsel:

Thank you for your April 5 Letter. As I indicated in my email of earlier this afternoon, there are a number of things in plaintiffs' proposal that are simply unworkable for Defendants (and contrary to the purpose of an MDL), but we are committed to seeing if further compromise is possible or whether the parties truly are at impasse.

At the outset, despite our conversation on Monday, plaintiffs persist in seeking duplicative discovery tracks on everything from fact discovery and merits experts reports to dispositive motions—the very pre-trial activities that MDL consolidation is intended to address. Moreover, we were disappointed that although Defendants' April 2 proposal reduced Defendants' original proposed schedule by more than 8 months (as the prior schedule proposed a February 15, 2020 deadline for the completion of fact and expert discovery and our April 2 proposal sets the same date at May 31, 2019), plaintiffs' counterproposal moved, at most, two months (Authenticom's proposal in the Joint Status Report had its case going to trial in February 2019; the current proposal offers April 2019). Finally we are at a loss as to why, given what we know from the

Mayer Brown LLP

Robert N. Kaplan
Michael N. Nemelka
Victoria Romanenko
Peggy J. Wedgeworth
April 5, 2018
Page 2

discovery record, an *Authenticom* trial in mid-2019 is acceptable but one later in the year is unacceptable. And plaintiffs' continued reliance on the Seventh Circuit's statement—made when *Authenticom* and *MVSC* were the only two cases on file and months before this MDL was even created, is not well taken. As Judge Peterson himself stated—well after the Seventh Circuit's opinion—when he stayed all ESI discovery and all court deadlines in the *Authenticom* case pending the outcome of the MDL process: "[t]he Court is sensitive to Authenticom's desire to resolve its claims as quickly as possible to minimize financial harm, but the Court must balance that desire with the interests of all the other parties as well as the interest of promoting judicial economy."

Mindful of Authenticom's asserted concerns, but governed by a need to put forth a schedule that was both realistic and not unduly burdensome on any group of litigants, Defendants put forth in their April 2 Letter an aggressive schedule—fast for an antitrust case in any circumstances, but even faster given the number of parties and conflicting interests at play. Plaintiffs have rejected that, but in doing so, have presented a schedule that simply isn't workable given the important issues that have to be addressed and resolved as well as the other obligations (including other trials) that all of the parties and their counsel have to accommodate.

Given the parties' fundamental disagreement as to the question of discovery proceeding on separate tracks for the Individual Plaintiffs and the Class Plaintiffs, it is not clear that the parties can reach any common ground. On the chance that we may, however, we've included a point by point response to plaintiffs' proposed schedule in Exhibit A to this letter. We hope that plaintiffs will consider it in good faith.

Regardless of whether the parties are able to reach agreement or not, however, plaintiffs' counter-proposal raised one issue that Defendants believe need to be clarified. Specifically, plaintiffs reiterate the previously-agreed deadlines for the filing of the Consolidated Amended Class complaint—60 days to file, 45 days to respond. Although this response interval was agreed to by the parties in the context of the Joint Status Report, it is impracticable given both sides' proposals for an expedited discovery schedule. Indeed, Defendants' April 2 proposal presumed that the Consolidated Complaint would be filed much sooner than the 60 days as it is unclear to us as to how Defendants can be expected to draft and serve meaningful discovery requests on the Class if they do not know which allegations are in, which are out, which named plaintiffs are to remain as named plaintiffs, what the class definition will be, etc. Moreover, its untenable to suggest (as plaintiffs do later in their proposal) that the parties get 14 days to respond to multiple parties' discovery requests, but class counsel get two months to draft a complaint that they should have been working on for some time now. Thus, if the parties are otherwise able to reach agreement, Defendants propose that plaintiffs file their Consolidated Complaint within <u>28 days</u> of the appointment of Interim Lead Dealer Class Counsel. Defendants would then have <u>28 days</u> to answer or otherwise plead. In the event that Defendants file dispositive motions in response, including but not limited to motions to compel arbitration and/or

Robert N. Kaplan
Michael N. Nemelka
Victoria Romanenko
Peggy J. Wedgeworth
April 5, 2018
Page 3

motions to dismiss, Plaintiffs shall have <u>21 days</u> to respond to that motion and Defendants shall have <u>14 days</u> to reply.

Defendants remain willing to discuss this further in the morning before the hearing in the event plaintiffs believe that progress can be made.

We look forward to your thoughts.

Sincerely,

*/s/ Britt M. Miller*

Britt M. Miller

cc: Aundrea K. Gulley
   Brian T. Ross
   Matthew D. Provance
   Counsel of Record

# **EXHIBIT A**

I. **DEALER CLASS CONSOLIDATED COMPLAINT ON BEHALF OF THE DEALER CLASS**

1. *Plaintiffs' Position:  Within 60 days of the appointment of Dealer Class Counsel, Dealer Class Plaintiffs shall file any Consolidated Complaint.*

    **Defendants' Response:**  Although this response interval was agreed to by the parties in the context of the Joint Status Report, it is impracticable under the circumstances. Indeed, Defendants' April 2 proposal presumed that the Consolidated Complaint would be filed much sooner than the 60 days as it is unclear to us as to how Defendants can be expected to draft and serve meaningful discovery requests on the Class if they do not know which allegations are in, which are out, which named plaintiffs are to remain as named plaintiffs, what the class definition will be, etc.  Moreover, its untenable to suggest (as plaintiffs' do later in their proposal) that the parties get 14 days to respond to multiple parties' discovery requests, but class counsel get two months to draft a complaint that they should have been working on for some time now.  In an attempt to satisfy both parties, Defendants propose:

    **Within 28 days of the appointment of Interim Lead Dealer Class Counsel, Dealer Class Plaintiffs shall file any Consolidated Complaint.**

2. *Plaintiffs' Position:  Within 45 days of the filing of the Consolidated Complaint, Defendants shall answer or otherwise respond to the Consolidated Complaint.  The parties will meet and confer in good faith to determine a briefing schedule for any motion to dismiss or motion to compel arbitration.  Fact discovery shall not be stayed during any such briefing.*

    **Defendants' Response:**  Consistent with the foregoing analysis, Defendants believe that this interval should be similarly shortened.  Moreover, we don't believe that the parties should waste precious time working out a briefing schedule as opposed to setting one now and then seeking extension from each other (or from the Court) as necessary. Specifically, Defendants propose:

    **Within 28 days of the filing of the Consolidated Complaint, Defendants shall answer or otherwise respond to the Consolidated Complaint.  In the event that Defendants file dispositive motions in response, including but not limited to motions to compel arbitration and/or motions to dismiss, Plaintiffs shall have 21 days to respond to that motion and Defendants shall have 14 days to reply.  Fact discovery shall not be stayed during any such briefing.**

3. *Plaintiffs' Proposal:  Defendants shall file an answer within 28 days of a final ruling on any motion to dismiss already filed or to be filed.*

    **Defendants' Response:**  The parties are agreed.

II. **FACT DISCOVERY**

1. *Plaintiffs' Proposal:  Within two days of the appointment of Dealer Class Counsel, Authenticom and Defendants will produce to Class Counsel all of the documents and*

*data they produced in the* Authenticom *litigation. On April 6, 2018, Authenticom and Defendants will provide written certification that all of the documents and data they produced in the* Authenticom *litigation will be deemed produced to the other Individual Plaintiffs.*

**Defendants' Response:** Given the size of Defendants' productions to date (and those productions are ongoing) it is not feasible to turn around copies of those productions within two calendar days, particularly if the Court appoints Dealer Class Counsel during or shortly after the parties' April 6 Hearing. Thus, Defendants propose:

**Within <u>five business days</u> of the appointment of Interim Lead Dealer Class Counsel, Authenticom and Defendants will produce to Class Counsel (and to the other individual defendants' counsel, as appropriate) all of the documents and data they produced in the *Authenticom* litigation.**

2. *Plaintiffs' Proposal: By April 9, any party who served a third-party subpoena to an entity that produced documents in that litigation, shall notify that third party of the re-production of those documents in this MDL and provide the third party with a copy of the operative protective order. Any such documents shall be produced within <u>14 days</u> of the foregoing notice (subject to any objection by the affected third parties). To the extent any privilege logs have been produced to any governmental entity or Party in this litigation, they will be simultaneously produced with the production.*

    **Defendants' Response:** An April 9 deadline to notify third parties (considering the hearing is on Friday, April 6) is unnecessary and unduly burdensome except as to the myriad third parties represented by Kellogg Hansen. Moreover, the reference to privilege logs provided to "any governmental entity" is inappropriate in this context as we address in response to paragraph 3, below. Defendants propose:

    **By <u>April 11, 2018</u> any party who served a third-party subpoena to an entity that produced documents in that litigation, shall attempt to notify that third party of the re-production of those documents in this MDL and provide the third party with a copy of the operative protective order. Any third parties represented by counsel for any Party shall be deemed to have been provided notice as of April 11, 2018 and shall promptly reproduce their clients' third party productions to all of the Parties. Any remaining third-party productions documents shall be produced within <u>14 days</u> of the foregoing notice (subject to any objection by the affected third parties). To the extent any third parties have produced any privilege logs, they will be simultaneously produced with their productions.**

3. *Plaintiffs' Proposal: Authenticom and Defendants will continue to re-produce to all parties any subsequent productions either makes in response to the FTC's CID, simultaneous with their production to the FTC, including any privilege logs. In addition, any current party to the MDL that has made a production to the FTC in connection with the agency's investigation will make such production and privilege logs available to parties in the MDL on the same schedule identified above.*

**Defendants' Response:** Because the bates naming convention associated with Defendants' FTC CID productions are different than those used in the civil litigation, simultaneous production is not feasible. That said, Defendants will agree to reproduce any such documents promptly after their production to the FTC. With respect to privilege logs, to the extent that either Defendant has produced a privilege log to the FTC in connection with its investigation, such log will be reproduced with its document reproduction. Privilege logs yet to be produced to the FTC will be provided promptly after their production. Finally, given the compressed schedule, it is unlikely that privilege logs associated with non-FTC CID productions can be produced at the same time as the rolling productions; they should instead be provided after a party substantially completes its production. Thus Defendants propose:

**Authenticom and Defendants will continue to re-produce to all plaintiffs any subsequent productions either makes in response to the FTC's CID (consistent with their respective prior re-productions), promptly after their production to the FTC. Privilege logs provided to the FTC in connection with the foregoing productions will be produced to the other parties in this Litigation promptly after their production to the FTC. In addition, any other party to the MDL that has made a production to the FTC in connection with the agency's investigation will make such productions and privilege logs available to parties to the MDL on the same schedule identified above.**

4. *Plaintiffs' Proposal: All future document productions by any party shall be made simultaneously to all parties.*

    **Defendants' Response:** The parties are agreed.

5. *Plaintiffs' Proposal: On April 18, the parties will serve their Rule 26(a)(1) disclosures (including any amendments to the disclosures made in the* Authenticom *litigation.*

    **Defendants' Response:** If Defendants are going to have any meaningful ability to serve discovery on the Class Plaintiffs, they need to know—in advance of receiving the Consolidated Class Complaint—basic information about the parties involved and the proposed class definitions. Thus, Defendants propose modifying plaintiffs' proposal as follows:

    **On April 20, the parties will serve their Rule 26(a)(1) disclosures (including any amendments to the disclosures made in the *Authenticom* litigation). Class Plaintiffs' disclosures will also include a statement as to the individual named plaintiffs that will prosecute this matter on behalf of themselves and the class, a statement of the scope of the putative class(es), and the identification of the parties that will be named defendants in the Consolidated Class Complaint.**

6. *Plaintiffs' Proposal: Within 21 days of the production to Dealer Class Counsel of the documents previously produced by Defendants or Authenticom (whether to the FTC or in the* Authenticom *litigation), Dealer Class Counsel and counsel for the non-Authenticom individual plaintiffs shall serve their initial sets of document requests, and Defendants*

*shall serve their initial set of document requests on the Dealer Class Plaintiffs and the non-Authenticom individual plaintiffs. Responses to all such discovery will be due within 14 days of the service of the requests.*

**Defendants' Response:** As noted above, in order for the Defendants to be able to meaningfully propound discovery to the Class Plaintiffs, they need certain basic information about the nature of their claims and the scope of the class. Thus, the trigger for document requests should be the expanded disclosures contemplated by paragraph 5, above. Moreover, plaintiffs' proposal removed the most critical aspect of this part of the schedule—namely the requirement that Class Plaintiffs and the non-Authenticom individual plaintiffs **coordinate** their discovery requests so that Defendants do not receive multiple sets (from the Class Plaintiffs, MVSC, Cox, et al., and now AutoLoop) of document requests with overlapping or duplicative requests. As indicated in our April 2 Letter, Defendants would agree to similarly coordinate their requests. In addition, we see no reason for delay as and between the service of document requests and the service of proposed search terms. Finally, fourteen days to respond to document requests is simply too short, if either or both of the Class Plaintiffs' and non-Authenticom plaintiffs' document requests look anything like Authenticom's requests—numbering over 150 total requests. Defendants will need sufficient time to meaningfully respond. Thus, Defendants propose:

**Within 21 days of service of the parties' Rule 26(a)(1) disclosures, including the expanded Class Disclosures, Lead Dealer Class Counsel and counsel for the non-Authenticom plaintiffs shall serve any additional document requests, as well as any additional search terms and custodians they propose. In propounding the foregoing, the non-Authenticom plaintiffs shall confer with one another so as to eliminate any potential duplication as and amongst their respective supplemental requests and Authenticom's prior requests. Defendants will also serve any document requests and any proposed search terms and custodians on the Class Plaintiffs and the remaining individual plaintiffs.[1] Like plaintiffs, Defendants shall confer prior to serving any document requests so as to eliminate any potential duplication. Written responses to all such discovery will be due within 28 days of the service of the requests.**

7. *Plaintiffs' Proposal: Within 28 days of the production to Dealer Class Counsel of the documents previously produced by Defendants or Authenticom (whether to the FTC or in the* Authenticom *litigation), the parties shall provide search terms and custodians with respect to their initial document requests, provided Defendants provide adequate cooperation to help Plaintiffs to identify necessary custodians.*

**Defendants' Response:** As noted above, Defendants see no reason why the proposal of search terms needs to lag the parties' document request and thus would eliminate this

---

[1] This excludes any document requests and/or search terms related solely to Defendants' counterclaims which, per the Federal Rules, will not be filed until Defendants answer whatever claims remain after the Court rules on Defendants' motions to dismiss.

provision of the schedule (as it is addressed above). Moreover, the caveat suggested by plaintiffs—that search terms and custodians will be identified "provided Defendants provide adequate cooperation to help Plaintiffs to identify necessary custodians"—is largely nonsensical, but in any event, unnecessary. Defendants have no obligation to assist plaintiffs in identifying potential custodians, nor should any cooperation in identifying custodians be one-sided. Defendants have already agreed to produce the records of 17 custodians each. To the extent the Class Plaintiffs and/or the non-Authenticom individual class plaintiffs believe that additional custodians are necessary, Defendants are prepared to discuss any such additions but believe that the current group of custodians is more than sufficient to provide the necessary discovery in this matter.

8. *Plaintiffs' Proposal: Within <u>30 days</u> of the service of responses to the document requests, the parties shall bring any motions to compel with regard to their initial document requests, and custodians, or search terms, related to those requests as served under this schedule, Oppositions to any such motion to compel shall be served and filed within <u>14 days</u> of the motion to compel, and replies within <u>7 days</u> of the opposition. This paragraph does not prevent a later motion to compel for good cause.*

   **Defendants' Response:** As we do not yet know how voluminous the various parties' document requests will be, it is unclear how many potential disputes the parties may have. What is clear, however, is that with numerous parties and several sets of requests at issue, it is unreasonable to think that the parties will able to meaningfully meet-and-confer regarding any discovery disputes and properly bring any unresolved issues before the Court in a mere 30 days. Similarly, if history is any sort of teacher, in that the bulk of the motions are likely to be directed at the two primary Defendants, it is patently unfair to require Defendants to respond to some unknown number of motions to compel drafted by the score of plaintiffs' counsel involved in this case in a mere 2 weeks. Finally, the preservation of rights as to a "later motion to compel for good cause" is not well taken. If a motion to compel is needed as the result of the failure of a party to comply with its agreed or Court-ordered production responsibilities, that is one thing, but any motions relating to the scope of production—i.e., what documents should be produced—should be part of the main group of motions so that the parties and the Court can address them efficiently. Thus Defendants propose:

   **Within <u>45 days</u> of the service of responses to document requests, search terms, and custodians, the parties shall bring any motions to compel with regard to each. Oppositions to any such motion to compel shall be filed within <u>21 days</u> of the motion to compel, and replies within <u>14 days</u> of the opposition. This paragraph does not prevent a later motion to compel for failure to produce.**

9. *Plaintiffs' Proposal: Document production should be undertaken on a rolling custodian-by-custodian basis and should be complete by August 15, 2018. Defendants will make all agreed custodial productions when ready, without waiting for resolution of disputed productions.*

   **Defendants' Response:** Defendants agree that document production should be undertaken on a rolling custodian-by-custodian basis, but simply do not agree that it

should, or in reality could, be complete by August 15, 2018. Unless plaintiffs are committing to serve a small number of targeted document requests (which we doubt they are willing to do), ask for no additional search terms and no additional custodians (which, again, we doubt they are willing to do), there is no practical way in which documents productions—the burdens of which fall primarily on Defendants—can be complete by mid-August. Moreover, Plaintiffs' directive that "Defendants will make all agreed custodial productions when ready, without waiting for resolution of disputed productions" while confirming plaintiffs' recognition of the fact that the discovery burdens in this case will be borne primarily by Defendants, is inconsistent with the Federal Rules. If the parties are engaged in a good faith dispute regarding the production of any custodian's documents and that dispute is unresolved, **no party** (not just Defendants) should be required to produce any documents in dispute or otherwise restructure their entire review protocol to make partial productions. As noted at the outset of this letter Defendant's April 2 proposal was a good faith attempt to propose a schedule that was not only reasonable, but actually feasible. Thus, Defendants propose:

**Document production should be undertaken on a rolling custodian-by-custodian basis. Unless resolution of any disputes regarding the parties' document requests, including but not limited to search terms and custodians, is delayed, the parties should complete their respective document productions by October 12, 2018.**

10. *Plaintiffs' Proposal: The Privilege Log(s) for all productions shall be produced with the rolling productions, and the final completed privilege log for all parties shall be produced no later than August 31, 2018. Any Party challenging the withholding of documents as reflected in any privilege log or insufficient descriptions of documents withheld will inform the Party who produced the Privilege Log by email or letter of any challenges to the Privilege Log. The Parties will then meet and confer within 10 days of notification of Privilege log challenges, and if no resolution is made within 20 days from the notification date of the challenge, Parties may make a motion to compel regarding any Privilege Log issues. All motions challenging any privilege log entries shall be filed at the latest by October 30, 2018. Any responses to the motions to compel will be due 14 days from the date of the filing of the motion, and any replies will be due 7 days from the date of the filing of the reply. Should any documents be produced from the producing Party's privilege log, and those documents are relevant to a deposition that has already occurred, the producing party shall make that witness available again for questions concerning any documents produced as a result of any privilege log litigation/negotiations.*

    **Defendants' Response:** As noted above, the reproduction of any privilege logs that the Defendants are producing to the FTC in connection with the agency's investigation should be made concurrent with their production to the FTC. With respect to non-FTC productions, as also noted above, the ambitious document production schedule the parties are striving toward does not realistically allow for the generation, production, and litigation of privilege logs while the parties are trying to produce the requested documents. Privilege logs should be produced as the parties substantially complete their productions. Challenges to those logs should be made promptly (not two months later as plaintiffs propose), so as to minimize any impact on the ongoing depositions. Moreover,

Defendants simply are not going to agree at the outset that if any documents that ultimately are denied privileged protection but are "relevant" (under whose standard remains unknown) to a deposition that has already occurred, that deposition will automatically be reopened for further questioning. Any such instances should be governed by the Federal Rules—i.e., a party must make a motion, for good cause, to reopen any deposition, for any reason. Thus, Defendants propose:

**The Privilege Log(s) for all non-governmental productions shall be produced after a party substantially completes its document production, and the final completed privilege log for all parties shall be produced no later than <u>November 2, 2018</u>. Any Party challenging the withholding of documents as reflected in any privilege log or insufficient descriptions of documents withheld will inform the Party who produced the Privilege Log by email or letter of any challenges to the Privilege Log. The Parties will then meet and confer within 7 days of notification of Privilege log challenges, and if no resolution is made within 14 days from the notification date of the challenge, Parties may make a motion to compel regarding any Privilege Log issues. All motions challenging any privilege log entries shall be filed at the latest by December 7, 2018. Any responses to the motions to compel will be due 14 days from the date of the filing of the motion, and any replies will be due 7 days from the date of the filing of the reply.**

11. *Plaintiffs' Proposal: Oral discovery may commence on September 15, 2018 with the condition that custodial documents of each deponent shall be produced no later than 45 days prior to the respective deposition. Plaintiffs' counsel shall make its best efforts to avoid duplication of depositions of Defendants' fact witnesses unless agreed-upon by the parties or ordered by the Court for good cause. This agreement does not preclude each plaintiff group from taking separate depositions of Defendants' experts or from taking separate 30(b)(6) depositions of each Defendant.*

    **Defendants' Response:** For the reasons stated in response to paragraph 10, above, Defendants do not believe that it is reasonable or practicable for depositions to begin in mid-September. Moreover, on a compressed discovery schedule like this, again, unless plaintiffs are prepared to accept Defendants' FTC investigation documents as satisfying all of Defendants' document production responsibilities (which we doubt plaintiffs are willing to do), it is not feasible for custodial documents to be produced 45 days in advance of each deposition. In addition, as previously explained, plaintiffs should be required to coordinate all of their discovery—written and oral—and multiple depositions, whether individual, expert, or 30(b)(6) (particularly on overlapping topics) should not be permitted. Thus, Defendants propose:

    **Oral discovery may commence on October 15, 2018. Custodial documents of each deponent shall be produced no later than 14 days prior to the respective deposition. All parties' counsel shall be expected to participate in all depositions.**

12. *Plaintiffs' Proposal: As in any litigation, the parties are not precluded from later serving additional requests or seeking the addition of further search term and custodians, but all*

*parties acknowledge the need to be vigilant with later requests in light of the need to coordinate and avoid unnecessary undue burden.*

**Defendants' Response:** Plaintiffs' introduction of the phrase "as in any litigation" is a misnomer. This is not "any litigation." Rather it is one in which plaintiffs in an MDL are seeking multiple tracks of discovery, bifurcated discovery, and an extremely accelerated schedule. Under these circumstances, additional document requests, search terms, or custodians should only be permitted by Court order, for good cause shown.

13. *Plaintiffs' Proposal: Fact discovery in the Individual Actions ends on January 15, 2019.*

    **Defendants' Response:** Here again, plaintiffs signal their intent to engage in duplicative discovery by only requiring that fact discovery for the **Individual Actions** be complete by January 15, 2019, thereby explicitly contemplating additional, potentially (and likely) duplicative discovery later in the schedule (presumably by the Class Plaintiffs). For all of the reasons previously stated, such a structure is unacceptable to Defendants. Thus, they remain where there were in their April 2 proposal:

    **Fact discovery in all actions ends on February 15, 2019.**

## II.  Expert Discovery

*Plaintiffs' Proposal:*

1. *Opening merits expert reports for the Individual Actions shall be filed by November 15, 2018.*

2. *Rebuttal merits expert reports for the Individual Actions shall be filed by December 15, 2018.*

3. *Reply merits expert reports for the Individual Actions shall be filed by January 7, 2019.*

4. *Expert discovery in for [sic] the Individual Actions ends January 19, 2019.*

    **Defendants' Response:** Under plaintiffs' proposal, opening expert reports (for the Individual Actions) would be due—indeed all expert discovery would be completed—before fact discovery even closes. Indeed, opening reports would be due approximately two months from plaintiffs' proposed start date for depositions. Such a schedule is not only unfeasible, it is prejudicial. Not only should all of the parties' merits expert reports be served at the same time (Class Plaintiffs should not get a second bite at the apple months down the road), but they should not be completed before the close of fact discovery. The testimony of any number of fact witnesses will be critical to the parties' experts and potentially denying them of that evidence is grossly prejudicial to all parties, but particularly to Defendants. Thus, Defendants stand by their position that expert merits discovery should be conducted by all parties, at the same time, and on the dates previously stated in our April 2 Letter (which are reproduced below).

## III.  Dispositive Motions

*Plaintiffs' Proposal:*

1. *Deadline for* Daubert *and dispositive motions in the Individual Actions is February 1, 2019.*

2. *Deadline for responses in opposition to any Daubert or dispositive motions in the Individual Actions is February 22, 2019.*

3. *Deadline for replies in support of any* Daubert *or dispositive motion is March 8, 2019.*

   **Defendants' Response:** Plaintiffs' schedule is not defensible. In a case of this magnitude, with this many parties, it is folly to suggest that all *Daubert* and summary judgment briefs could be filed in four (*Authenticom, MVSC, Cox,* and *AutoLoop*) actions in less than **2 weeks** after the close of fact discovery. Or that the matters could be fully briefed within **6 weeks**. The record in this case is already voluminous, and likely to become even more so. There simply is no way for the parties to complete briefing on such a schedule. Moreover, as with expert discovery, Defendants should not have to file multiple rounds of *Daubert* and summary judgment motions, but rather brief them once against all parties, so that the matters can be considered in the most efficient manner by the Court. Thus, here again, Defendants stand by their position that *Daubert* and summary judgment briefing should be conducted by all parties, at the same time, and on the dates previously stated in our April 2 Letter (which are reproduced below).

IV. **Trial**

*Plaintiffs' Proposal:*

1. *Authenticom Trial shall be set to commence in April 2019.*

2. *The trial dates for the non-Authenticom Individual Actions shall be set after the Court's rulings on the* Daubert *and dispositive motions.*

   **Defendants' Response:** Commencing trial three weeks after the submission of *Daubert* and summary judgment briefs is ridiculous. Not only does it not allow the Court sufficient time to consider, much less rule on, what are bound to be substantial briefs, but it doesn't take into account the trial calendars of the various remand courts (who likely aren't holding their calendars open waiting for these cases to be remanded). Thus, Defendants believe the most that can be achieved is that trial will be set at some point after the Court's ruling on summary judgment. By means of compromise, however, they will commit to supporting the earliest date for trial (of an appropriate length) after remand.

   As to the trials of the non-Authenticom Individual Actions, those should be set (if they survive summary judgment) after the completion of the *Authenticom* trial and, of course, subject to the remand Court's trial schedule. Defendants should not be placed in the prejudicial situation where they are required to be engaged in multiple trials, on similar issues, at the same time. As stated in my April 2 Letter, we trust that the class and individual plaintiffs, to the extent their claims survive class certification/summary

judgment, will work with Defendants in proposing a schedule for the remaining trials so as not to have dueling schedules.

V.  **Class Certification**

*Plaintiffs' Proposal:*

1. *Class discovery, class certification briefing, and class expert discovery will take place after the conclusion of the Authenticom trial. A detailed schedule will be negotiated after the appointment of Dealer Class Counsel.*

   **Defendants' Response:** "Class discovery" is a non-starter for Defendants for all of the reasons previously stated. Defendants should not be in a position whereby they are required to put their witnesses up once for the Individual Actions and then again for the Class Action. Defendants' compromise was to allow Class Plaintiffs to engage in class certification briefing and class certification expert work after the Authenticom trial—a large concession on Defendants' part. But they are not willing to do piecemeal discovery and essentially allow the Class Plaintiffs to get a "do over" after they have watched and learned from the Authenticom trial (assuming that trial ever goes forward). Thus, here again, Defendants stand by their position that class certification briefing and class expert discovery should be conducted on the dates previously stated in our April 2 Letter (which are reproduced below).

VII. **Dealer Class Case Trial**

*Plaintiffs' Position:*

1. *Deadlines pertaining to dispositive motions and trial will be set following the ruling on any class certification motion.*

   **Defendants' Position:** As previously stated, Defendants strongly believe that all dispositive motions should be briefed and decided at the same time (and Class Plaintiffs not given a second bite of the apple). As for trial, we are agreed that the class trial should occur, if at all, at some point following a ruling on class certification.

As referenced above, the schedule proposed by Defendants—which they believe is very aggressive, but nonetheless achievable is as follows:

| EVENT | DATE |
|---|---|
| **A. DISCOVERY (ALL PLAINTIFFS)** | |
| 1. Deadline to Complete Fact Discovery | February 15, 2019 |
| 2. Opening Merits Expert Reports | March 15, 2019 |
| 3. Rebuttal Merits Expert Reports | April 12, 2019 |

| EVENT | DATE |
|---|---|
| 4. Reply Merits Expert Reports | May 3, 2019 |
| 5. Deadline to Complete Expert and Fact Discovery | May 31, 2019 |
| **B. DISPOSITIVE MOTIONS (ALL PLAINTIFFS)** | |
| 6. Deadline for *Daubert* and Dispositive Motions | July 12, 2019 |
| 7. Deadline for Responses in Opposition to any *Daubert* or Dispositive Motions | August 23, 2019 |
| 8. Deadline for Replies in Support of any *Daubert* or Dispositive Motions | September 6, 2019 |
| **C. AUTHENTICOM TRIAL** | TBD after Court's rulings on *Daubert* and Dispositive Motions |
| **D. CLASS CERTIFICATION** | |
| 9. Deadline for Motions, Plaintiffs' Designation of Experts and Accompanying Expert Reports | 21 days after conclusion of *Authenticom* trial |
| 10. Deadline for Oppositions, Defendants' Designation of Experts, and Accompanying Expert Reports | 6 weeks after service of Motion for Class Certification |
| 11. Deadline for Replies in Support of Class Certification | 6 weeks after service of Oppositions |
| 12. Deadline to Complete Class Certification Process | 4 weeks after service of replies |
| **E. CLASS / NON-AUTHENTICOM PLAINTIFFS' TRIALS (IF APPLICABLE)** | TBD after Court's rulings on Class Certification |