UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------X
IN RE:  :
 :
DEALER MANAGEMENT SYSTEMS :
ANTITRUST LITIGATION :  Civil Action No. 1:18-CV0864
 :
   Plaintiff, :  Hon. Robert M. Dow
 :
*This filing relates to:* :  Magistrate Judge Jeffrey T. Gilbert
 :
ALL CASES :
 :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY
SUBPOENA RECIPIENTS XCELERATED, LLC, XCELERATED DATA LLC
AND PENSA LLC FOR PROTECTIVE ORDER AND FOR FEES AND COSTS**

  Xcelerated LLC, Xcelerated Data LLC and Pensa LLC (collectively, the "Recipients"), by counsel, and pursuant to rules 26(c), 37(a)(5) and 45 of the Federal Rules of Civil Procedure (the "Civil Rules") file this memorandum in support of their *Motion of Non-Party Subpoena Recipients Xcelerated LLC, Xcelerated Data LLC and Pensa LLC for Protective Order and for Fees and Costs* (the "Motion") in responding as a non-party to the subpoenas issued by Reynolds & Reynolds Company ("Reynolds"), state as follows:

  1.  Civil Rule 45(d)(1) states, in relevant part, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoenas." FED. R. CIV P. 45 (d)(1).

  2.  Here, the Recipients received document subpoenas from Reynolds in connection with the above captioned litigation (the "Litigation"). Copies of the subpoenas are attached hereto as **Exhibit A** (the "Subpoenas"). Despite the broad scope of the Subpoenas, the return

date of documents was less than 30 days from services of the Subpoenas. Further, the Subpoenas did not provide for the reimbursement of the Recipients' costs in complying with the production of documents.

    3. On June 12, 2018, the Recipients timely served Reynolds with an objection to the Subpoenas (the "<u>Objection</u>"). The Objection is attached hereto as **Exhibit B**.

    4. To date, Reynolds has failed to respond in any way to the Objection. As a result, the Recipients must now file the Motion. By the Motion, the seek entry of a protective order concerning the Subpoenas, and directing Reynolds to reimburse the Recipients their fees and costs incurred in responding to the Subpoenas.

## ARGUMENT

    5. Discovery is not without its limits. To be discoverable, information must be "relevant to a[] party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Civil Rule 26 states that a court, "on motion or on its own, must limit the frequency or extent of discovery otherwise allowed" if it determines that (1) the discovery sought is unreasonably cumulative or can be obtained from a sources that is more convenient or less expenvie; (2) that the party seeking discovery has had ample opportunity to obtain the information; or (3) the burden of the proposed discovery is outside the scope permitted by Civil Rule 26. FED. R. CIV. P. 26(b)(2)(C). Civil Rule 26 also allows a court to enter a protective order forbidding inquiry or limiting the scope of discovery into certain matters. FED. R. CIV. P. 26(c)(1).

    6. Discovery pursuant to a Civil Rule 45 subpoena is not unlimited. *Widmar v. Sun Chem.*, No. 11 C 1818, 2012 U.S. Dist. LEXIS 89253 at *4 (N.D. Ill. June 28, 2012). Under Civil Rule 45, a court is required to quash a subpoena under various circumstance including

when the subpoena subjects the recipient to undue burden. FED. R. CIV. P. 45(c)(3)(a). "In keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party' status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Robinson v. Morgan Stanley*, No. 6 C 5158, 2010 U.S. Dist. LEXIS 25073 at *6-7 (N.D. Ill. Mar. 17, 2010). Indeed, while parties must accept the burdens of litigation, non-parties have different expectations. *Id.* As such, courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs. *Id.* Thus, in determining whether the recipient of a subpoena is being subjected to undue burden, courts consider a number of factors, including "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party." *Last Atlantis Capital, LLC v. AGS Specialist Partners*, No. 04 C 0397, 05 C 5600, 05 C 5671, 2013 U.S. Dist. LEXIS 7044 at *6-7 (N.D. Ill. Jan. 17, 2013).

7. Here, the Subpoenas were expansive and burdensome. The documents requested in the Subpoenas request all documents that would show whether the Recipients' contracts with the parties in this Litigation and, if not, all documents showing where Recipients receives its data and to show that it receives data outside the parties of this Litigation. *See* Subpoenas, Documents Requested Nos. 2 and 4. The sheer scope of the materials requested potentially subjects the Recipients to producing every single document the companies have generated for over a five-year period. Moreover, the Subpoenas request the Recipients to disclose documents to show the nature of its services *and* all of its customers for a five-year period. *See* Subpoenas, Documents Requested Nos. 6 and 7.

8. Additionally, the Subpoenas request the Recipients to disclose confidential and proprietary information that may be subject to confidentiality and other similar agreements. In fact, much of the data and information that may be responsive to the Subpoenas were provided to the Recipients subject to express agreements prohibiting third-party disclosure. Also, much of the potentially responsive materials may have been generated pursuant to agreements with independent entities that prohibit their disclosure. Accordingly, the Subpoenas are unduly burdensome.

9. The Subpoenas request the Recipients' trade secrets. The Recipients are a source for automotive intelligent marketing. Specifically, the Recipients provide companies with targeted data that drives the marketing of vehicles through mail, e-mail and telephone advertising. This data includes information about up-to-date vehicle ownership and demographics that might identify future vehicle buyers and the types of vehicles those buyers might want to purchase. The Recipients have never had access to any Dealer Management Software Systems. The inputs the Recipients use to develop their targeted data is not just a byproduct of their business, it is the essence of the businesses. There is no question that the extensive documents sought in the Subpoenas would require the Recipients to disclose their unique method to produce specialized data sets and could be used by all parties to this Litigation to replicate and compete directly with the Recipients. The Subpoenas create a significant risk that Reynolds' in-house counsel will have access to this information and disclose the Recipients' confidential information through advise, discussions, or documents, because they are involved with confidential decision making. For example, Reynolds' General Counsel's Linked-In profile page states he partakes in all aspects of Reynolds' business, "including contract drafting, review and negotiation, mergers and acquisitions, litigation support, employment matters, bankruptcy,

immigration, real estate, intellectual property and general corporate law. Proven leader forging success through collaboration, efficiency and effective management." The Protective Order does not protect Recipients from the disclosure of its trade secrets to its competitors, which is critical, because "information, once learned, is impossible to forget." *United States v. Aetna, Inc.*, No. 1:16-cv-01494 (JDB), 2016 WL 8738420, at 5 (D.D.C. Sept. 5, 2016).

10. The Recipients are not parties to this Litigation. The Recipients' contracts with other non-parties are not relevant and certainly not proportional to the needs of this Litigation. Similarly, the Recipients' trade secrets, use of data and customers for the past five years are not relevant to the needs of this Litigation but would impose a burden grossly out of proportion with the needs of this case. Nothing in those documents – because none of these documents are related to parties in this Litigation – would prove or disprove that Defendants monopolize the data integration or application software markets which are the focus of the Litigation. Courts routinely block discovery where, as here, the information sought is irrelevant to the claims being litigated. *See, e.g., In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 801 F.3d 758, 766 (7th Cir. 2015).

11. Moreover, to the extent that the Recipients entered into any contracts or received information from parties to this Litigation, Reynolds has reasonable access to this information without the need to subpoena non-parties.

12. Despite Recipients efforts to attempt to come to an agreement or limit the scope and burden of the Subpoenas, Reynolds failed to even acknowledge Recipients' Objection.

13. The Recipients have reasonably expended resources in trying to respond to the Subpoenas and also in preparing this Motion. The Recipients should be reimbursed all reasonable related expenses to the Subpoenas, including drafting the Objection and prosecuting

19420552.2                                    5

Case: 1:18-cv-00864 Document #: 215-1 Filed: 06/25/18 Page 6 of 6 PageID #:5992

this Motion under Civil Rule 45(d). *See In re Modern Plastics Corporation*, 890 F.3d 244 (6th Cir. April 26, 2018) (the "failure narrowly to [sic] tailor a subpoena may be a ground for sanctions.") (internal citations omitted).

14. The Recipients have attempted in good faith to try to confer with Reynolds in an effort to resolve this dispute, but Reynolds has failed to respond.

WHEREFORE, the Recipients respectfully request that the Court grant their Motion reliving the Recipients of any obligation to produce the documents requested in the Subpoenas and enter an order compelling Reynolds to reimburse all the costs, fees and expenses the Recipients have incurred in responding to the Subpoenas.

Dated: June 25, 2018                                        Respectfully submitted,

*/s/ James R. Irving*
James R. Irving
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY  40202
Telephone:  (502) 589-4200
Fax:  (502) 587-3695
E-mail:  jirving@bgdlegal.com

*Counsel to Xcelerated LLC, Xcelerated Data LLC and Pensa LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, caused a copy the foregoing to be served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ James R. Irving*
*Counsel to Xcelerated LLC, Xcelerated Data LLC and Pensa LLC*