IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This filing relates to:* | Hon. Robert M. Dow, Jr. |
| *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 (N.D. Ill.) | |

**DEFENDANT CDK GLOBAL, LLC'S SUBMISSION REGARDING PLAINTIFF LOOP, LLC'S MOTION FOR APPOINTMENT OF DEREK T. HO OF KELLOGG HANSEN AS INTERIM CLASS COUNSEL FOR THE VENDOR CLASS ACTION**

Pursuant to the Court's direction at the June 18, 2018 Status Conference, Defendant CDK Global, LLC ("CDK") submits this statement regarding Plaintiff Loop, LLC's Motion for Appointment of Derek T. Ho as Interim Class Counsel for the Vendor Class Action (Dkt. 200).

As counsel for CDK stated at the status conference (Tr. at 8:18-9:6), it remains unclear why interim class counsel needs to be appointed at this time when there is no competing vendor class action to warrant the Court's formally designating a class counsel, there is no confusion as to which counsel represents which plaintiffs, and there is the possibility of a conflict that could compromise Kellogg Hansen's representation of one or more of its clients.

The Advisory Committee's notes on Rule 23(g)(2), which authorizes the appointment of interim class counsel, make clear that appointment of interim class counsel is unwarranted in situations such as these—where one law firm represents a single named plaintiff. *See, e.g.,* Fed. R. Civ. P. 23(g)(2)(A) (advisory committee note on 2003 amendment) (the purpose of the interim class counsel rule is to designate an attorney to be responsible for the litigation during the precertification period, "if necessary to protect the interests of the putative class" but that barring "rivalry or uncertainty," "[o]rdinarily, [the case] is handled by the lawyer who filed the action."). In other

1

words, designating interim class counsel only becomes necessary where there is "uncertainty" about who speaks for the putative class. Where, as here, there is only one class action involving the putative class, which is being managed by the counsel who filed it—there is no need to appoint an interim class counsel. *See, e.g.*, *Wang v. OCZ Tech. Grp., Inc.*, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (holding that appointing interim class counsel while only one case is pending "is unnecessary and would undermine principles of judicial efficiency"); *Lyons v. CoxCom, Inc.*, 2009 WL 6607949, at *2 (S.D. Cal. July 6, 2009) (denying motion for appointment of interim class counsel as premature because "[t]he case has not progressed past the pleading stage," "there are no known overlapping, duplicative, or competing suits present," and "[t]here are also no lawyers competing for class counsel appointment at this time").

Moreover, appointing interim class counsel at this time—even though "[a] single group of counsel represents the class [and] responsibility for protecting the class' rights is clear" (*Parrish v. Nat'l Football League*, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (denying motion to appoint interim class counsel)—seems unwarranted given the clear possibility of a conflict regarding the issue of "pass-through" damages. Tr. at 9; *see also, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 218 F.R.D. 449, 452 (D. Md. 2003) (denying class certification because counsel represented a different class at a different level of the market; because both putative classes could not recover for the same overcharge, plaintiffs' counsel were "in a position of irreconcilable conflict").

\* \* \* \* \*

As the Court has indicated its willingness to revisit the question of any appointment it may make if a conflict arises, CDK will not formally oppose the appointment of Mr. Ho at this time, but will reserve all of its rights to seek his removal if and/or when a demonstrable conflict arises.

Dated: June 25, 2018            Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on June 25, 2018, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S SUBMISSION REGARDING PLAINTIFF LOOP, LLC'S MOTION FOR APPOINTMENT OF DEREK T. HO OF KELLOGG HANSEN AS INTERIM CLASS COUNSEL FOR THE VENDOR CLASS ACTION** and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*_____
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com