# **<u>EXHIBIT A</u>**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| In re Dealer Management Systems Antitrust Litig. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:18-CV-864

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Xcelerated LLC,
c/o Pensa LLC, 6780 Plantation Pines Blvd., Fort Myers, FL 33966

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: 6780 Plantation Pines Blvd. Fort Myers, FL 33966 | Date and Time: 06/25/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/25/2018

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Reynolds & Reynolds Company _____, who issues or requests this subpoena, are:
Leo Caseria, Sheppard Mullin, 333 South Hope St., 43rd, LA, CA 90071, 213.617.4206, lcaseria@sheppardmullin.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-864

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                          _____
                                                          *Printed name and title*

                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## <u>EXHIBIT A – DOCUMENT RIDER</u>

## **DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the following meaning:

1.  "Xcelerated LLC," "you," and "your" means Xcelerated, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Xcelerated LLC, and any and all persons and entities affiliated with or controlled by Xcelerated LLC.

2.  "Authenticom, Inc." means Authenticom, Inc., as well as its subsidiaries Dealer Vault LLC, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, parents, successors or predecessors, all persons acting on behalf of Authenticom Inc.

3.  "Authenticom Services" means Authenticom Services, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, parents, successors or predecessors, all persons acting on behalf of Authenticom Services LLC.

4.  "621 Holdings" means 621 Holdings, Inc., formerly Xcelerated Investments Inc., as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of 621 Holdings.

5.  "Data Services" means Data Services, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Data Services.

6.  "Data Specialty Group" means Data Specialty Group, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Data Specialty Group.

7.  "DMS Update" means DMS Update, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of DMS Update.

8.  "Xcelerated Data LLC" means Xcelerated Data, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Xcelerated Data LLC.

9.  "Pensa" means Pensa, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Pensa.

10. "Central States Arms" means Central States Arms, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Central States Arms LLC.

11. "2320 Cunningham Street LLC" means 2320 Cunningham Street, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of 2320 Cunningham Street LLC.

12. "Reynolds" refers to The Reynolds and Reynolds Company and includes the directors, officers, employees, agents, or attorneys thereof.

13. "DMS" refers to enterprise systems known in the automotive technology industry as Dealer Management Systems, including hardware and software, and further including any databases or data relating thereto.

14. "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, Case No. 18 C 864, currently pending in the United States District Court for the Northern District of Illinois.

15. "Communication," "communicate," and "communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

16. "Document" means all things that are documents under the Federal Rules of Civil Procedure, including, without limitation, the original and any non-identical copy (which is different from the original or any copy because of notations or attachments, or otherwise) of any written, printed, typewritten, handwritten, recorded, tape-recorded, videotaped, computer-generated, graphic, photographic, or other tangible matter or material from whatever source (however produced, reproduced, or recorded), including, without limitation, all of the following: correspondence, drafts, notes, telegraphs, facsimiles, memoranda, contracts (including all drafts and changes), calendars, reports, studies, diaries, time-slips, log books, daybooks, work schedules, pamphlets, charts, maps, plans, drawings, tabulations, calculations, financial records, bank records, schedules, spreadsheets, tax returns, audit reports, invoices, drafts, workpapers, work sheets, books, computer printouts, computer cards, computer tapes, computer diskettes, e-mail, other similar or dissimilar repositories of computer-generated, computer-compiled, or computer-maintained information, minutes and minute books (of any meeting of any person(s), committee(s), or board(s)), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or information accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures, and other materials related to any of the foregoing.

17. In responding to these requests, you are required to furnish information that is available to you or subject to your reasonable inquiry, including information in the possession of your subsidiaries, affiliates, attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and

anyone else otherwise subject to your ownership or control. All documents that respond to the below requests shall be produced in their entirety, including all attachments and enclosures.

18. Unless a different time period is indicated in a specific Request or category of Requests below, please produce responsive documents for the time period January 1, 2013 to the present (the "Relevant Time Period").

19. The attached Protective Order currently governs the production of documents in this matter. (See Exhibit B). Please indicate whether any documents produced pursuant to this subpoena should be designated as confidential pursuant to the Protective Order.

## DOCUMENTS REQUESTED

1. Documents sufficient to show any contracts, terms and conditions, or agreements between Xcelerated LLC and Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Steve Cottrell, Xcelerated Data LLC, and/or Pensa LLC.

2. Documents reflecting any third party data provided to Xcelerated LLC by Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated Data LLC, and/or Pensa LLC, including but not limited to data consisting of or relating to:
     a) Consumer names;
     b) Addresses;
     c) Telephone numbers;
     d) Driver's license numbers;
     e) E-mail addresses;
     f) Social security numbers;
     g) Ages;
     h) Marital statuses;
     i) Automotive data.

3. Documents sufficient to show whether Xcelerated LLC obtains any of the data listed in Request No. 2 above from any DMS, directly or indirectly.

4. Documents sufficient to show where Xcelerated LLC obtains the data listed in Request No. 2 above, to the extent that you contend such data does not come from Authenticom, Inc., Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated Data LLC, Pensa LLC, and/or from a DMS.

5. Documents sufficient to show how, and for what purposes, Xcelerated LLC uses data directly or indirectly obtained from Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated Data LLC, Pensa LLC, and/or a DMS.

6. Documents sufficient to show all Xcelerated LLC's customers during the Relevant Time Period.

7. Documents sufficient to show the nature of all services offered by Xcelerated LLC during the Relevant Time Period.

8. Documents reflecting any data privacy, data security, or cybersecurity standards, procedures, or measures adopted or implemented by Xcelerated LLC.

9. Documents reflecting whether Xcelerated LLC receives, transmits, or otherwise uses any data obtained from a Reynolds-brand or CDK-brand DMS, directly or indirectly.

10. Documents reflecting whether Xcelerated LLC receives, transmits, uses, or has access to any user credentials for a Reynolds-brand or CDK-brand DMS.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18 C 864 |
| | This Document Relates to All Cases |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

## I.    CONFIDENTIALITY

**1.    Scope.**

All materials and information produced, adduced or disclosed in the course of formal or informal discovery in this Action (defined below), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, audio and video files, preliminary injunction exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of the District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order is binding upon

1

parties and non-parties to whom any Confidential Information is disclosed or who have been served with a copy of this order.

2.    **Definitions.**

a.    **Action:**  this pending federal lawsuit – *In Re: Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill.).

b .    **Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

c.    **Confidential Information or Items:**  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute, regulation, court rules, case decisions, or common law; (b) information that reveals trade secrets, confidential research, development, business practices or other confidential customer, technical, commercial (including pricing), financial or business information; (c) private or sensitive information not readily ascertainable through lawful means by the public concerning any individual, including medical information; (d) non-public personal information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records; (g) information subject to any non-disclosure or confidentiality agreement between the Designating Party and any other Party or Non-Party (defined below); or (h) other information the Producing Party reasonably believes is subject to protection.

Confidential Information excludes information that is publicly available unless such information is publicly available because of: (a) a breach of this Confidentiality Order; (b) a violation of any other obligation of confidentiality (whether intentional or inadvertent); or (c) an inducement of a violation of obligation of confidentiality.

2

d.  **Counsel:**  Outside Counsel of Record and In-House Counsel (as well as their support staff) for any Party or the successor of a Party.

e.  **Designating Party:**  a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

f.  **Discovery Material:**  all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

g.  **HIGHLY CONFIDENTIAL:** Confidential Information of a highly sensitive nature the disclosure of which could result in significant harm, including but not limited to competitive harm, to the business or operations of that Party or Non-Party or to an individual.  Without limitation to other forms of Confidential Information properly designated as "HIGHLY CONFIDENTIAL" in accordance with this subparagraph, a Producing Party may designate copyrighted software and all other information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs as "HIGHLY CONFIDENTIAL."

h.  **In-House Counsel:**  attorneys who are employees of a Party to this Action or the successor of a Party.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

i.      **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

j.      **Outside Counsel of Record:**  attorneys who are not employees of a Party to this Action but are retained or represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

k.      **Party:**  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

l.      **Producing Party:**  a Party or Non-Party that produces documents.

m.      **Professional Vendors:**  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

n.      **Receiving Party:**  a Party that receives documents from a Producing Party.

3.      **Designation.**

a.      A Party or Non-Party shall designate as Confidential Information such information that it reasonably believes, in good faith, is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   A Designating Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order,

"copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      b.    The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a Party appearing pro se in this Action, or a Non-Party producing documents in this Action that the document contains Confidential Information as defined in this Order. The Designating Party's Counsel, by stamping any document as "Confidential" or "Highly Confidential" under this Confidentiality Order, are certifying that they have a good faith belief that the designation of confidentiality is warranted under the existing Protective Order, that the designation is not being made for any tactical purpose and there is good cause why it should not be part of the public record of this case.

      c.    All documents produced, exchanged, or filed by any Party or by any Non-Party, not otherwise designated pursuant to this Order, shall be treated as "CONFIDENTIAL" until the later of (a) fourteen (14) days following the issuance of this Order, or (b) fourteen (14) days after such document is first produced, filed, or exchanged. If a Party to this lawsuit believes that another Party or any Non-Party has produced or submitted documents containing

that Party's Confidential Information, such Party shall have fourteen (14) days from the date of entry of this Order or fourteen (14) days after such materials are produced, filed, or exchanged to designate any such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such documents so designated shall be treated accordingly under the terms of this Order. After the time periods set forth in this paragraph, any documents not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as non-confidential information, subject to paragraphs 6 and 13 below.

        d.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        e.     A Non-Party's use of this Order to protect its Confidential Information does not entitle it to access or use any Confidential Information produced by any Party in this case.

        f. Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party or a third party if that information (i) either originated from the Designating Party or third party (or was generated on the designating or third party's behalf), or (ii) contains the Designating Party's Confidential Information or Highly Confidential Information, in which case the Designating Party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

4. **Depositions**.

a. A Party or Non-Party may designate some or all of a witness's deposition testimony as Confidential or Highly Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken. Inadvertent failure to do so does not operate as a waiver. The Designating Party must provide the specific page and line designations over which the Party or Non-Party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to the Designating Party or Non-Party. Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

b. In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. Except as provided herein, if the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

5. **Protection of Confidential Information**.

a. **General Protections**. Discovery Material shall not be used or disclosed by the Receiving Parties, Counsel for the Receiving Parties, or any other persons

identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in the above captioned case, including any appeal thereof (the "Litigation"). In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and to the owners of the named dealership plaintiff(s). or any individual plaintiff with a case on file in this Litigation and not to any other member of the putative class unless and until a class including the putative member has been certified.[1]

   b. **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order. Subject to this Confidentiality Order, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

   1) **Counsel**. Counsel for the Parties and such employees and support staff of Counsel as have responsibility for the action, including contract attorneys, secretaries, and legal assistants;

   2) **Parties**. Parties and employees of a Party, at any time, but only to the extent Counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action;

   3) **The Court and its personnel**;

   4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions in this Action, but only after such persons have

---

[1] Plaintiffs agree to adhere to the provision in paragraph 5(a), but reserve their rights with respect to the issue of whether putative class members are parties in this litigation.

completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

5)    **Contractors**.  Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

6)    **Consultants and Experts**.  Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

7)    **Witnesses at depositions**. During their depositions, witnesses and their Counsel to whom disclosure is reasonably necessary according to the good faith judgment of the disclosing Counsel, and the Counsel representing them at the deposition, if any.   Neither witnesses nor their Counsel shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their Counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their Counsel shall destroy those copies.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as

"CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) **Author, subject, or recipient**. Persons whom the Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements, communications or actions are expressly mentioned, discussed or referred to by actual name in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

9) **Special masters and their direct staff;**

10) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**;** and

11) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

c. **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order. The following categories of

persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

1) **Counsel**. Outside legal counsel for the parties in this action and such employees, support staff, and contract attorneys of outside counsel as necessary to conduct this action;

2) **The Court and its personnel**;

3) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions in this Action, but only after such persons have completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

4) **Contractors**.

Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

5) **Consultants and Experts**. Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

6) **Witnesses at depositions.** During their depositions witnesses in this action to the extent witnesses fall within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL." If a witness does not fit within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL," the Party or Non-Party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents, and information to be disclosed. The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause. The Designating Party shall not disclose to any other Party or Non-Party that a notice of disclosure has been provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law. If the Designating Party provides such notice to any other Party or Non-Party, then the Designating Party must provide a copy of its communications providing that notice to the Party wishing to make the disclosure. If timely written notice of the good cause objection to the proposed disclosure is provided to the Party or Non-Party wishing to make such disclosure, disclosure is not permissible without leave of Court.

Neither witnesses nor Counsel to third-party witnesses shall retain a copy of exhibits designated as "HIGHLY CONFIDENTIAL." Pages of transcribed

deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

7) **Author, subject, recipient**. Persons whom the Highly Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements are expressly mentioned, discussed or referred to in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

8) **Special masters and their direct staff;**

9) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**;** and

10) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

d. **Control of Documents**. Counsel for the Parties shall make best efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

13

        e.       Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Confidential Information.

      **6**.      **Failure to Designate**.  A failure to designate a document or transcript (or any portion thereof) as Confidential Information does not waive the confidential status of such information or the right to so designate the document.  If a Party or Non-Party designates a document as Confidential Information after it was initially produced, the designating party shall reproduce with the document with the appropriate designation, and the Receiving Party, on notification of the designation must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential Information.

      **7**.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with all applicable Local Rules (including LR 26.2), and Electronic Filing Procedures of this District.

      **8**.      **De-Designation and Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" is subject to challenge by any Party.[2]  Any Confidential Information shall be treated as designated until the change is completed.  The following procedure shall apply to any such challenge:

     a.    **Meet and Confer**.  A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party.  In conferring, the Challenging Party must identify the document(s) at issue, and explain, on a document-by-document basis with separate explanations for each document, the specific basis for its belief that the confidentiality designation was not proper, and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within ten (10) business days.

     b.    **Judicial Intervention**.  A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

     c.    **Fees/Costs**.  Each Party shall bear its own fees and costs related to any

---

[2]    Materials and documents have been produced in *Authenticom, Inc. v. CDK Global LLC*, 3:17-cv-00318 (W.D. Wis.). Additional plaintiffs are now parties to this MDL.  Those additional plaintiffs reserve the right to seek de-designation and challenge the designation of any material or document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

challenges of confidentiality designations under this Order.

9. **Action by the Court**. Applications to the Court for an order relating to the confidential treatment of materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial or Hearing**. A Party that intends to present Confidential Information at a hearing or trial shall notify the Designating Party at least ten (10) days prior to said hearing or trial. The Court may make such orders as are necessary to govern the use of Confidential Information at a hearing or trial including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in this Order, as appropriate, shall be excluded from specific portions of the proceedings. The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. **Confidential Information Subpoenaed in Other Litigation or Proceeding.**

      a. If a Receiving Party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The Receiving Party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

d. This Order must be served with any subpoenas served in this Litigation.

**12. Obligations on Conclusion of the Litigation**.

a. **Obligations at Conclusion of the Litigation**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless (1) otherwise agreed by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified.

b. **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, Counsel may retain

their records of (1) email correspondence related to their representation, (2) attorney work product, including memoranda and correspondence related to the Litigation, and/or an index that refers or relates to designated Confidential Information, and (3) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

        c. **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

## II.    LIMITATIONS ON WAIVER OF PRIVILEGE

        **13**.   **Clawback of Inadvertent Disclosure.**

        a.     This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims that such information is privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

        b.     A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The receiving party must—

unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 13(c) of this Order—within ten business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within ten business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

        c.    If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

        d.    The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

        e.    Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

19

   f. The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

  **14.** **Receiving Party's Obligation.** Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## III.   MISCELLANEOUS

  **15.** **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

  **16.** **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by Counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

  **17.** **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms and any counsel, parties and persons who join this action in the future.

  **18.** **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

19.   **Backup/Archival/Disaster Recovery Systems**.   Notwithstanding any of the destruction and deletion requirements set forth herein, no person or entity is required by this Order to delete information that may reside on the respective person or entity's back-up, archival, or disaster recovery

20.   Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information.


      **SO ORDERED.**

Dated: April 4, 2018

_____

          Hon. Amy J. St. Eve
          United States District Judge

Dated:  April 3, 2018

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX  77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
**SHEPPARD MULLIN RICHTER
  & HAMPTON, LLP**
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC  20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and
Reynolds Company*

Respectfully submitted,

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
**MAYER BROWN LLP**
71 South Wacker Drive Chicago,
IL  60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
**MAYER BROWN LLP**
1999 K Street, NW Washington,
DC  20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants CDK Global, LLC,
CDK Global, Inc., and Computerized Vehicle
Registration*

/s/ Michael N. Nemelka
Michael N. Nemelka
Derek T. Ho
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7932
mnemelka@kellogghansen.com
dho@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com


Jennifer L. Gregor
Kendall W. Harrison
**GODFREY & KAHN S.C.**
One East Main Street, Suite 500
Madison, Wisconsin 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com


Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
si13@nyu.edu


*Counsel for Plaintiffs Authenticom, Inc.,*
*Motor Vehicle Software Corporation, Cox*
*Automotive, Inc., Autotrader.com, Inc.,*
*Dealer Dot Com, Inc., Dealertrack, Inc.,*
*HomeNet, Inc., Kelley Blue Book Co., Inc.,*
*vAuto, Inc., VinSolutions, Inc., and Xtime,*
*Inc., and Bob Baker Volkswagen*

/s/ Gregory Asciolla
Gregory Asciolla
Christopher J. McDonald
Karin E. Garvey
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
gasciolla@labaton.com
cmcdonald@labaton.com
kgarvey@labaton.com


*Counsel for Plaintiff Bob*
*Baker Volkswagen*

/s/ Victoria Romanenko
Jonathan W. Cuneo
Victoria Romanenko
Jennifer Kelly
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
(202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com


/s/ Shawn M. Raiter
Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com


*Counsel for Hartley Buick GMC Truck, Inc.*

/s/ Robert N. Kaplan
Robert N. Kaplan
Gregory Arenson
Jeffrey P. Campisi
Elana Katcher
Aaron Schwartz
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue; 14th Floor
NY, NY 10022
(212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
jcampisi@kaplanfox.com
ekatcher@kaplanfox.com
aschwartz@kaplanfox.com

Gary L. Specks
423 Sumac Road
Highland Park, Illinois 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580
gspecks@kaplanfox.com

*Counsel for Plaintiffs Hartley Buick GMC,Truck, Inc., Cox Motors N.C., Inc. d/b/a Cox Toyota, and Northtown Automotive Companies Inc.*

/s/David McMullan, Jr.
David M. McMullan, Jr.
Don Barrett
Sterling Starns
**BARRETT LAW GROUP, P.A.**
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com

*Counsel for John O'Neil Johnson Toyota, LLC*

/s/ James E. Barz
James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
(312) 674-4674
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900 San
Diego, CA 92101-8498
(619) 231-1058
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Samuel H. Rudman
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
SRudman@rgrdlaw.com

Brian J. Robbins
George C. Aguilar
Michael J. Nicoud
**ROBBINS ARROYO LLP**
600 B Street, Suite 1900 San
Diego, CA 92101 Telephone:
(619) 525-3990
brobbins@robbinsarroyo.com
gaguilar@robbinsarroyo.com
mnicoud@robbinsarroyo.com

*Counsel for Plaintiff Baystate Ford Inc.*

*/s/ Charles Barrett*
Charles Barrett
**NEAL & HARWELL, PLC**
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
(615) 268-3647
Cbarrett@nealharwell.com

Michael Roberts
Karen Halbert
Jana K. Law
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
janalaw@robertslawfirm.us

*Counsel for Plaintiff Hoover Automotive, LLC*

*/s/ Marvin A. Miller*
Marvin A. Miller
Andrew Szot
Lori A. Fanning
Matthew E. Van Tine
Kathleen Boychuck
**MILLER LAW LLC**
115 S. LaSalle St., Ste. 2910
Chicago, Illinois 60603
(312) 332-3400
mmiller@millerlawllc.com

*Counsel for Plaintiff F.G. Downing Development, Inc.*

*/s/ Eric H. Gibbs*
Eric H. Gibbs
Michael L. Schrag
Aaron Blumenthal
Amy M. Zeman
**GIBBS LAW GROUP, LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
mls@classlawgroup.com
ab@classlawgroup.com
amz@classlawgroup.com
*\*to be admitted pro hac vice*

Mark H. Troutman
Shawn K. Judge
Gregory M. Travalio
**ISAAC WILES BURKHOLDER & TEETOR, LLP**
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
(614) 221-2121
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

Paul C. Peel
**FARRIS BOBANGO BRANAN, PC**
999 South Shady Grove Road, Suite 500
Memphis, TN 38120
(901) 259-7100
ppeel@farris-law.com
*\*to be admitted pro hac vice*

*Attorneys for Plaintiff Kenny Thomas Enterprises, Inc. (d/b/a Olathe Toyota)*

*/s/ W. Daniel "Dee" Miles, III*
W. Daniel "Dee" Miles, III
Archie I. Grubb, II
**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS, & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
Dee.Miles@BeasleyAllen.com
Archie.Grubb@BeasleyAllen.com

Ralph Edward Massey, Jr.
**CLAY, MASSEY & ASSOCIATES**
509 Church Street
Mobile, AL 36602
(251)433-1000
em@claymassey.com

Michael Stephen Dampier
**THE DAMPIER LAW FIRM, PC**
55 North Section Street Fairhope,
AL 36532
(251) 929-0900
steve@dampierlaw.com

*Counsel for Massey Chrysler Center, Inc.,*
*and Massey Automotive*

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Andrei V. Rado
Elizabeth A. McKenna
**MILBERG TADLER PHILLIPS**
**GROSSMAN, LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
arado@milberg.com
emckenna@milberg.com

Leonard A. Bellavia
**BELLAVIA BLATT, P.C.**
200 Old Country Road, Suite 400
Mineola, NY 11501
(516) 873-3000
lbellavia@dealerlaw.com

*Counsel for Plaintiffs Teterboro Automall,*
*Inc., JCF Autos LLC, 440 Jericho Turnpike*
*Sales LLC, and Patchogue 112 Motors LLC*

*/s/ Kenneth A. Wexler*
Kenneth A. Wexler
Bethany R. Turke
Thomas A. Doyle
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
tad@wexlerwallace.com

Daniel E. Gustafson
Daniel C. Hedlund
David A. Goodwin
Michelle J. Looby
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

Brian D. Penny
Paul J. Scarlato
**GOLDMAN SCARLATO & PENNY, P.C.**
161 Washington Ave, Suite 1025
Conshohocken, PA 19428
(484) 342-0700
penny@lawgsp.com
scarlato@lawgsp.com

Heidi M. Silton
Anna M. Horning Nygren
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
amhorningnygren@locklaw.com

Kevin Landau
Tess Bonoli
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
(646) 873-7654
klandau@tcllaw.com
tbonoli@tcllaw.com

*Counsel for Plaintiff Waconia Dodge, Inc.*

*/s/ Michael J. Freed*
Michael J. Freed
Douglas A. Millen
Robert J. Wozniak
Brian M. Hogan
**FREED KANNER LONDON**
     **& MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL  60015
(224) 632-4500
mfreed@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com
bhogan@fklmlaw.com

Joshua H. Grabar, Esq.
**GRABAR LAW OFFICE**
1735 Market Street
Suite 3750
Philadelphia, PA 19103
(267) 507-6085
jgrabar@grabarlaw.com

Marc H. Edelson, Esq.
**EDELSON & ASSOCIATES, LLC**
3 Terry Drive
Suite 205
Newtown, PA 18940
(215) 867-2399
medelson@edelson-law.com

*Counsel for Plaintiff Pensacola Motor Sales,*
*Inc. d/b/a Bob Tyler Toyota, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned Action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned Action, and not to disclose any such Confidential Information to any other person, firm, or concern.

As soon as practical, but no later than thirty (30) days after final termination of this Action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential or Highly Confidential Information.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Employer: _____

Address: _____

Signature: _____

Date: _____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| In re Dealer Management Systems Antitrust Litig. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:18-CV-864 |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Xcelerated Data LLC, c/o Pensa LLC,
6780 Plantation Pines Blvd., Fort Myers, FL 33966

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: 6780 Plantation Pines Blvd. Fort Myers, FL 33966 | Date and Time: 06/25/2018 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/25/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | _leo Caseria_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
The Reynolds & Reynolds Company                    , who issues or requests this subpoena, are:
Leo Caseria, Sheppard Mullin, 333 South Hope St., 43rd, LA, CA 90071, 213.617.4206, lcaseria@sheppardmullin.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-864

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

<u>**EXHIBIT A – DOCUMENT RIDER**</u>

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the following meaning:

1. "Xcelerated Data LLC," "you," and "your" means Xcelerated Data, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Xcelerated Data LLC, and any and all persons and entities affiliated with or controlled by Xcelerated Data LLC.

2. "Authenticom, Inc." means Authenticom, Inc., as well as its subsidiaries Dealer Vault LLC, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, parents, successors or predecessors, all persons acting on behalf of Authenticom Inc.

3. "Authenticom Services" means Authenticom Services, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, parents, successors or predecessors, all persons acting on behalf of Authenticom Services LLC.

4. "621 Holdings" means 621 Holdings, Inc., formerly Xcelerated Investments Inc., as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of 621 Holdings.

5. "Data Services" means Data Services, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Data Services.

6. "Data Specialty Group" means Data Specialty Group, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Data Specialty Group.

7. "DMS Update" means DMS Update, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of DMS Update.

8. "Xcelerated LLC" means Xcelerated, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Xcelerated LLC.

9. "Pensa" means Pensa, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Pensa.

10. "Central States Arms" means Central States Arms, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Central States Arms LLC.

11. "2320 Cunningham Street LLC" means 2320 Cunningham Street, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of 2320 Cunningham Street LLC.

12. "Reynolds" refers to The Reynolds and Reynolds Company and includes the directors, officers, employees, agents, or attorneys thereof.

13. "DMS" refers to enterprise systems known in the automotive technology industry as Dealer Management Systems, including hardware and software, and further including any databases or data relating thereto.

14. "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, Case No. 18 C 864, currently pending in the United States District Court for the Northern District of Illinois.

15. "Communication," "communicate," and "communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

16. "Document" means all things that are documents under the Federal Rules of Civil Procedure, including, without limitation, the original and any non-identical copy (which is different from the original or any copy because of notations or attachments, or otherwise) of any written, printed, typewritten, handwritten, recorded, tape-recorded, videotaped, computer-generated, graphic, photographic, or other tangible matter or material from whatever source (however produced, reproduced, or recorded), including, without limitation, all of the following: correspondence, drafts, notes, telegraphs, facsimiles, memoranda, contracts (including all drafts and changes), calendars, reports, studies, diaries, time-slips, log books, daybooks, work schedules, pamphlets, charts, maps, plans, drawings, tabulations, calculations, financial records, bank records, schedules, spreadsheets, tax returns, audit reports, invoices, drafts, workpapers, work sheets, books, computer printouts, computer cards, computer tapes, computer diskettes, e-mail, other similar or dissimilar repositories of computer-generated, computer-compiled, or computer-maintained information, minutes and minute books (of any meeting of any person(s), committee(s), or board(s)), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or information accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures, and other materials related to any of the foregoing.

17. In responding to these requests, you are required to furnish information that is available to you or subject to your reasonable inquiry, including information in the possession of your subsidiaries, affiliates, attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and

anyone else otherwise subject to your ownership or control. All documents that respond to the below requests shall be produced in their entirety, including all attachments and enclosures.

18. Unless a different time period is indicated in a specific Request or category of Requests below, please produce responsive documents for the time period January 1, 2013 to the present (the "Relevant Time Period").

19. The attached Protective Order currently governs the production of documents in this matter. (See Exhibit B). Please indicate whether any documents produced pursuant to this subpoena should be designated as confidential pursuant to the Protective Order.

## DOCUMENTS REQUESTED

1. Documents sufficient to show any contracts, terms and conditions, or agreements between Xcelerated Data LLC and Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Steve Cottrell, Xcelerated LLC, and/or Pensa LLC.

2. Documents reflecting any third party data provided to Xcelerated Data LLC by Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated LLC, and/or Pensa LLC, including but not limited to data consisting of or relating to:
   a) Consumer names;
   b) Addresses;
   c) Telephone numbers;
   d) Driver's license numbers;
   e) E-mail addresses;
   f) Social security numbers;
   g) Ages;
   h) Marital statuses;
   i) Automotive data.

3. Documents sufficient to show whether Xcelerated Data LLC obtains any of the data listed in Request No. 2 above from any DMS, directly or indirectly.

4. Documents sufficient to show where Xcelerated Data LLC obtains the data listed in Request No. 2 above, to the extent that you contend such data does not come from Authenticom, Inc., Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated LLC, Pensa LLC, and/or from a DMS.

5. Documents sufficient to show how, and for what purposes, Xcelerated Data LLC uses data directly or indirectly obtained from Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated LLC, Pensa LLC, and/or a DMS.

6.  Documents sufficient to show all Xcelerated Data LLC's customers during the Relevant Time Period.

7.  Documents sufficient to show the nature of all services offered by Xcelerated Data LLC during the Relevant Time Period.

8.  Documents reflecting any data privacy, data security, or cybersecurity standards, procedures, or measures adopted or implemented by Xcelerated Data LLC.

9.  Documents reflecting whether Xcelerated Data LLC receives, transmits, or otherwise uses any data obtained from a Reynolds-brand or CDK-brand DMS, directly or indirectly.

10. Documents reflecting whether Xcelerated Data LLC receives, transmits, uses, or has access to any user credentials for a Reynolds-brand or CDK-brand DMS.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>**This Document Relates to All Cases** |

---

## AGREED CONFIDENTIALITY ORDER

---

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

## I.   CONFIDENTIALITY

**1.    Scope.**

All materials and information produced, adduced or disclosed in the course of formal or informal discovery in this Action (defined below), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, audio and video files, preliminary injunction exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of the District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order is binding upon

1

parties and non-parties to whom any Confidential Information is disclosed or who have been served with a copy of this order.

**2.    Definitions.**

a.    **Action:**  this pending federal lawsuit – *In Re: Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill.).

b .    **Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

c.    **Confidential Information or Items:**  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute, regulation, court rules, case decisions, or common law; (b) information that reveals trade secrets, confidential research, development, business practices or other confidential customer, technical, commercial (including pricing), financial or business information; (c) private or sensitive information not readily ascertainable through lawful means by the public concerning any individual, including medical information; (d) non-public personal information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records; (g) information subject to any non-disclosure or confidentiality agreement between the Designating Party and any other Party or Non-Party (defined below); or (h) other information the Producing Party reasonably believes is subject to protection.

Confidential Information excludes information that is publicly available unless such information is publicly available because of: (a) a breach of this Confidentiality Order; (b) a violation of any other obligation of confidentiality (whether intentional or inadvertent); or (c) an inducement of a violation of obligation of confidentiality.

d. **Counsel:** Outside Counsel of Record and In-House Counsel (as well as their support staff) for any Party or the successor of a Party.

e. **Designating Party:** a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

f. **Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

g. **HIGHLY CONFIDENTIAL:** Confidential Information of a highly sensitive nature the disclosure of which could result in significant harm, including but not limited to competitive harm, to the business or operations of that Party or Non-Party or to an individual. Without limitation to other forms of Confidential Information properly designated as "HIGHLY CONFIDENTIAL" in accordance with this subparagraph, a Producing Party may designate copyrighted software and all other information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs as "HIGHLY CONFIDENTIAL."

h. **In-House Counsel:** attorneys who are employees of a Party to this Action or the successor of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

i.      **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

j.      **Outside Counsel of Record:**  attorneys who are not employees of a Party to this Action but are retained or represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

k.      **Party:**  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

l.      **Producing Party:**  a Party or Non-Party that produces documents.

m.      **Professional Vendors:**  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

n.      **Receiving Party:**  a Party that receives documents from a Producing Party.

3.      **Designation.**

a.      A Party or Non-Party shall designate as Confidential Information such information that it reasonably believes, in good faith, is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  A Designating Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order,

"copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      b.    The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a Party appearing pro se in this Action, or a Non-Party producing documents in this Action that the document contains Confidential Information as defined in this Order. The Designating Party's Counsel, by stamping any document as "Confidential" or "Highly Confidential" under this Confidentiality Order, are certifying that they have a good faith belief that the designation of confidentiality is warranted under the existing Protective Order, that the designation is not being made for any tactical purpose and there is good cause why it should not be part of the public record of this case.

      c.    All documents produced, exchanged, or filed by any Party or by any Non-Party, not otherwise designated pursuant to this Order, shall be treated as "CONFIDENTIAL" until the later of (a) fourteen (14) days following the issuance of this Order, or (b) fourteen (14) days after such document is first produced, filed, or exchanged. If a Party to this lawsuit believes that another Party or any Non-Party has produced or submitted documents containing

that Party's Confidential Information, such Party shall have fourteen (14) days from the date of entry of this Order or fourteen (14) days after such materials are produced, filed, or exchanged to designate any such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such documents so designated shall be treated accordingly under the terms of this Order. After the time periods set forth in this paragraph, any documents not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as non-confidential information, subject to paragraphs 6 and 13 below.

        d.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        e.     A Non-Party's use of this Order to protect its Confidential Information does not entitle it to access or use any Confidential Information produced by any Party in this case.

        f.  Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party or a third party if that information (i) either originated from the Designating Party or third party (or was generated on the designating or third party's behalf), or (ii) contains the Designating Party's Confidential Information or Highly Confidential Information, in which case the Designating Party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

4.      **Depositions**.

        a. A Party or Non-Party may designate some or all of a witness's deposition testimony as Confidential or Highly Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken.  Inadvertent failure to do so does not operate as a waiver. The Designating Party must provide the specific page and line designations over which the Party or Non-Party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to the Designating Party or Non-Party.   Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline.  Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

        b. In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. Except as provided herein, if the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

5.   **Protection of Confidential Information**.

        a.      **General Protections**.    Discovery Material shall not be used or disclosed by the Receiving Parties, Counsel for the Receiving Parties, or any other persons

identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in the above captioned case, including any appeal thereof (the "Litigation"). In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and to the owners of the named dealership plaintiff(s). or any individual plaintiff with a case on file in this Litigation and not to any other member of the putative class unless and until a class including the putative member has been certified.[1]

      b.    **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order.  Subject to this Confidentiality Order, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

      1)    **Counsel**.  Counsel for the Parties and such employees and support staff of Counsel as have responsibility for the action, including contract attorneys, secretaries, and legal assistants;

      2)    **Parties**.  Parties and employees of a Party, at any time, but only to the extent Counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action;

      3)    **The Court and its personnel**;

      4)    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this Action, but only after such persons have

---

[1] Plaintiffs agree to adhere to the provision in paragraph 5(a), but reserve their rights with respect to the issue of whether putative class members are parties in this litigation.

8

completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

5) **Contractors**. Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

6) **Consultants and Experts**. Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

7) **Witnesses at depositions**. During their depositions, witnesses and their Counsel to whom disclosure is reasonably necessary according to the good faith judgment of the disclosing Counsel, and the Counsel representing them at the deposition, if any. Neither witnesses nor their Counsel shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their Counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their Counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as

"CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

        8)     **Author, subject, or recipient**.  Persons whom the Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements, communications or actions are expressly mentioned, discussed or referred to by actual name in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

        9)     **Special masters and their direct staff;**

        10)    **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**;** and

        11)    **Others by Consent**.  Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

        c.     **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order.  The following categories of

persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

    1)    **Counsel**.  Outside legal counsel for the parties in this action and such employees, support staff, and contract attorneys of outside counsel as necessary to conduct this action;

    2)    **The Court and its personnel**;

    3)    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this Action, but only after such persons have completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

    4)    **Contractors**.

Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

    5)    **Consultants and Experts**.  Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

6)    **Witnesses at depositions.**  During their depositions witnesses in this action to the extent witnesses fall within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL."  If a witness does not fit within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL," the Party or Non-Party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents, and information to be disclosed.  The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause.  The Designating Party shall not disclose to any other Party or Non-Party that a notice of disclosure has been provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law.  If the Designating Party provides such notice to any other Party or Non-Party, then the Designating Party must provide a copy of its communications providing that notice to the Party wishing to make the disclosure.  If timely written notice of the good cause objection to the proposed disclosure is provided to the Party or Non-Party wishing to make such disclosure, disclosure is not permissible without leave of Court.

Neither witnesses nor Counsel to third-party witnesses shall retain a copy of exhibits designated as "HIGHLY CONFIDENTIAL."  Pages of transcribed

deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

7) **Author, subject, recipient**. Persons whom the Highly Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements are expressly mentioned, discussed or referred to in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

8) **Special masters and their direct staff;**

9) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**;** and

10) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

d. **Control of Documents**. Counsel for the Parties shall make best efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

13

e.      Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Confidential Information.

**6**.      **Failure to Designate**.  A failure to designate a document or transcript (or any portion thereof) as Confidential Information does not waive the confidential status of such information or the right to so designate the document.  If a Party or Non-Party designates a document as Confidential Information after it was initially produced, the designating party shall reproduce with the document with the appropriate designation, and the Receiving Party, on notification of the designation must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential Information.

**7**.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with all applicable Local Rules (including LR 26.2), and Electronic Filing Procedures of this District.

**8**.      **De-Designation and Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as "CONFIDENTIAL" or

14

"HIGHLY CONFIDENTIAL" is subject to challenge by any Party.[2]   Any Confidential

Information shall be treated as designated until the change is completed.   The following

procedure shall apply to any such challenge:

a.      **Meet and Confer**.   A Party challenging the designation of Confidential

Information must do so in good faith and must begin the process by conferring directly with

Counsel for the Designating Party.   In conferring, the Challenging Party must identify the

document(s) at issue, and explain, on a document-by-document basis with separate explanations

for each document, the specific basis for its belief that the confidentiality designation was not

proper, and must give the Designating Party an opportunity to review the designated material, to

reconsider the designation, and, if no change in designation is offered, to explain the basis for

the designation.   The Designating Party must respond to the challenge within ten (10) business

days.

b.      **Judicial Intervention**.   A Party that elects to challenge a confidentiality

designation may file and serve a motion that identifies the challenged material and sets forth in

detail the basis for the challenge.   Each such motion must be accompanied by a competent

declaration that affirms that the movant has complied with the meet and confer requirements of

this procedure.   The burden of persuasion in any such challenge proceeding shall be on the

Designating Party.   Until the Court rules on the challenge, all parties shall continue to treat the

materials as Confidential Information under the terms of this Order.

c.      **Fees/Costs**.   Each Party shall bear its own fees and costs related to any

---

[2]      Materials and documents have been produced in *Authenticom, Inc. v. CDK Global LLC*,
3:17-cv-00318 (W.D. Wis.). Additional plaintiffs are now parties to this MDL.  Those additional
plaintiffs reserve the right to seek de-designation and challenge the designation of any material
or document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

challenges of confidentiality designations under this Order.

**9. Action by the Court**.  Applications to the Court for an order relating to the confidential treatment of materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**10. Use of Confidential Documents or Information at Trial or Hearing**. A Party that intends to present Confidential Information at a hearing or trial shall notify the Designating Party at least ten (10) days prior to said hearing or trial.  The Court may make such orders as are necessary to govern the use of Confidential Information at a hearing or trial including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in this Order, as appropriate, shall be excluded from specific portions of the proceedings. The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

**11. Confidential Information Subpoenaed in Other Litigation or Proceeding.**

a. If a Receiving Party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.    The Receiving Party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect so long as the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

d.    This Order must be served with any subpoenas served in this Litigation.

**12.**    **Obligations on Conclusion of the Litigation**.

a.    **Obligations at Conclusion of the Litigation**.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless  (1) otherwise agreed by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified.

b.    **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, Counsel may retain

their records of (1) email correspondence related to their representation, (2) attorney work product, including memoranda and correspondence related to the Litigation, and/or an index that refers or relates to designated Confidential Information, and (3) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

       c.    **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

## II.    LIMITATIONS ON WAIVER OF PRIVILEGE

       **13**.    **Clawback of Inadvertent Disclosure.**

       a.    This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims that such information is privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

       b.    A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The receiving party must—

unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 13(c) of this Order—within ten business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within ten business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

      c.    If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

      d.    The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

      e.    Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

      f.     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

14.    **Receiving Party's Obligation.**  Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## III.        MISCELLANEOUS

15.    **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16.    **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by Counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms and any counsel, parties and persons who join this action in the future.

18.    **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

19. **Backup/Archival/Disaster Recovery Systems**. Notwithstanding any of the destruction and deletion requirements set forth herein, no person or entity is required by this Order to delete information that may reside on the respective person or entity's back-up, archival, or disaster recovery

20. Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information.

 

**SO ORDERED.**

Dated: April 4, 2018

_____
Hon. Amy J. St. Eve
United States District Judge

Dated:  April 3, 2018

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX  77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
**SHEPPARD MULLIN RICHTER**
   **& HAMPTON, LLP**
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC  20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and*
*Reynolds Company*

Respectfully submitted,

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
**MAYER BROWN LLP**
71 South Wacker Drive Chicago,
IL  60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
**MAYER BROWN LLP**
1999 K Street, NW Washington,
DC  20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants CDK Global, LLC,*
*CDK Global, Inc., and Computerized Vehicle*
*Registration*

22

/s/ Michael N. Nemelka
Michael N. Nemelka
Derek T. Ho
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7932
mnemelka@kellogghansen.com
dho@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Kendall W. Harrison
**GODFREY & KAHN S.C.**
One East Main Street, Suite 500
Madison, Wisconsin 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
si13@nyu.edu

*Counsel for Plaintiffs Authenticom, Inc.,*
*Motor Vehicle Software Corporation, Cox*
*Automotive, Inc., Autotrader.com, Inc.,*
*Dealer Dot Com, Inc., Dealertrack, Inc.,*
*HomeNet, Inc., Kelley Blue Book Co., Inc.,*
*vAuto, Inc., VinSolutions, Inc., and Xtime,*
*Inc., and Bob Baker Volkswagen*

/s/ Gregory Asciolla
Gregory Asciolla
Christopher J. McDonald
Karin E. Garvey
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
gasciolla@labaton.com
cmcdonald@labaton.com
kgarvey@labaton.com

*Counsel for Plaintiff Bob*
*Baker Volkswagen*

/s/ Victoria Romanenko
Jonathan W. Cuneo
Victoria Romanenko
Jennifer Kelly
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
(202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

/s/ Shawn M. Raiter
Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com

*Counsel for Hartley Buick GMC Truck, Inc.*

/s/ Robert N. Kaplan
Robert N. Kaplan
Gregory Arenson
Jeffrey P. Campisi
Elana Katcher
Aaron Schwartz
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue; 14th Floor
NY, NY 10022
(212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
jcampisi@kaplanfox.com
ekatcher@kaplanfox.com
aschwartz@kaplanfox.com

Gary L. Specks
423 Sumac Road
Highland Park, Illinois 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580
gspecks@kaplanfox.com

*Counsel for Plaintiffs Hartley Buick GMC,Truck, Inc., Cox Motors N.C., Inc. d/b/a Cox Toyota, and Northtown Automotive Companies Inc.*

/s/David McMullan, Jr.
David M. McMullan, Jr.
Don Barrett
Sterling Starns
**BARRETT LAW GROUP, P.A.**
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com

*Counsel for John O'Neil Johnson Toyota, LLC*

/s/ James E. Barz
James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
(312) 674-4674
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900 San Diego, CA 92101-8498
(619) 231-1058
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Samuel H. Rudman
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
SRudman@rgrdlaw.com

Brian J. Robbins
George C. Aguilar
Michael J. Nicoud
**ROBBINS ARROYO LLP**
600 B Street, Suite 1900 San Diego, CA 92101 Telephone:
(619) 525-3990
brobbins@robbinsarroyo.com
gaguilar@robbinsarroyo.com
mnicoud@robbinsarroyo.com

*Counsel for Plaintiff Baystate Ford Inc.*

24

/s/ Charles Barrett
Charles Barrett
**NEAL & HARWELL, PLC**
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
(615) 268-3647
Cbarrett@nealharwell.com

Michael Roberts
Karen Halbert
Jana K. Law
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
janalaw@robertslawfirm.us

*Counsel for Plaintiff Hoover Automotive, LLC*

/s/ Marvin A. Miller
Marvin A. Miller
Andrew Szot
Lori A. Fanning
Matthew E. Van Tine
Kathleen Boychuck
**MILLER LAW LLC**
115 S. LaSalle St., Ste. 2910
Chicago, Illinois 60603
(312) 332-3400
mmiller@millerlawllc.com

*Counsel for Plaintiff F.G. Downing Development, Inc.*

/s/ Eric H. Gibbs
Eric H. Gibbs
Michael L. Schrag
Aaron Blumenthal
Amy M. Zeman
**GIBBS LAW GROUP, LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
mls@classlawgroup.com
ab@classlawgroup.com
amz@classlawgroup.com
*to be admitted pro hac vice*

Mark H. Troutman
Shawn K. Judge
Gregory M. Travalio
**ISAAC WILES BURKHOLDER & TEETOR, LLP**
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
(614) 221-2121
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

Paul C. Peel
**FARRIS BOBANGO BRANAN, PC**
999 South Shady Grove Road, Suite 500
Memphis, TN 38120
(901) 259-7100
ppeel@farris-law.com
*to be admitted pro hac vice*

*Attorneys for Plaintiff Kenny Thomas Enterprises, Inc. (d/b/a Olathe Toyota)*

*/s/ W. Daniel "Dee" Miles, III*

W. Daniel "Dee" Miles, III
Archie I. Grubb, II
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS, & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
Dee.Miles@BeasleyAllen.com
Archie.Grubb@BeasleyAllen.com

Ralph Edward Massey, Jr.
**CLAY, MASSEY & ASSOCIATES**
509 Church Street
Mobile, AL 36602
(251)433-1000
em@claymassey.com

Michael Stephen Dampier
**THE DAMPIER LAW FIRM, PC**
55 North Section Street Fairhope,
AL 36532
(251) 929-0900
steve@dampierlaw.com

*Counsel for Massey Chrysler Center, Inc.,
and Massey Automotive*

*/s/ Peggy J. Wedgworth*

Peggy J. Wedgworth
Andrei V. Rado
Elizabeth A. McKenna
**MILBERG TADLER PHILLIPS
GROSSMAN, LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
arado@milberg.com
emckenna@milberg.com

Leonard A. Bellavia
**BELLAVIA BLATT, P.C.**
200 Old Country Road, Suite 400
Mineola, NY 11501
(516) 873-3000
lbellavia@dealerlaw.com

*Counsel for Plaintiffs Teterboro Automall,
Inc., JCF Autos LLC, 440 Jericho Turnpike
Sales LLC, and Patchogue 112 Motors LLC*

*/s/ Kenneth A. Wexler*
Kenneth A. Wexler
Bethany R. Turke
Thomas A. Doyle
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
tad@wexlerwallace.com

Daniel E. Gustafson
Daniel C. Hedlund
David A. Goodwin
Michelle J. Looby
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

Brian D. Penny
Paul J. Scarlato
**GOLDMAN SCARLATO & PENNY, P.C.**
161 Washington Ave, Suite 1025
Conshohocken, PA 19428
(484) 342-0700
penny@lawgsp.com
scarlato@lawgsp.com

Heidi M. Silton
Anna M. Horning Nygren
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
amhorningnygren@locklaw.com

Kevin Landau
Tess Bonoli
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
(646) 873-7654
klandau@tcllaw.com
tbonoli@tcllaw.com

*Counsel for Plaintiff Waconia Dodge, Inc.*

*/s/ Michael J. Freed*
Michael J. Freed
Douglas A. Millen
Robert J. Wozniak
Brian M. Hogan
**FREED KANNER LONDON
    & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
(224) 632-4500
mfreed@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com
bhogan@fklmlaw.com

Joshua H. Grabar, Esq.
**GRABAR LAW OFFICE**
1735 Market Street
Suite 3750
Philadelphia, PA 19103
(267) 507-6085
jgrabar@grabarlaw.com

Marc H. Edelson, Esq.
**EDELSON & ASSOCIATES, LLC**
3 Terry Drive
Suite 205
Newtown, PA 18940
(215) 867-2399
medelson@edelson-law.com

*Counsel for Plaintiff Pensacola Motor Sales,*
*Inc. d/b/a Bob Tyler Toyota, Inc.*

28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned Action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned Action, and not to disclose any such Confidential Information to any other person, firm, or concern.

As soon as practical, but no later than thirty (30) days after final termination of this Action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential or Highly Confidential Information.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Employer: _____

Address: _____

Signature: _____

Date: _____

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| In re Dealer Management Systems Antitrust Litig. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:18-CV-864 |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Pensa LLC,
c/o Pam Lang, 6780 Plantation Pines Blvd., Fort Myers, FL 33966

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: 6780 Plantation Pines Blvd. Fort Myers, FL 33966 | Date and Time: 06/25/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/25/2018

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
The Reynolds & Reynolds Company , who issues or requests this subpoena, are:
Leo Caseria, Sheppard Mullin, 333 South Hope St., 43rd, LA, CA 90071, 213.617.4206, lcaseria@sheppardmullin.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-864

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                                 _____
                                                      *Printed name and title*

                                                 _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A – DOCUMENT RIDER

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the following meaning:

1. "Pensa," "you," and "your" means Pensa, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Pensa LLC, and any and all persons and entities affiliated with or controlled by Pensa LLC.

2. "Authenticom, Inc." means Authenticom, Inc., as well as its subsidiaries Dealer Vault LLC, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, parents, successors or predecessors, all persons acting on behalf of Authenticom Inc.

3. "Authenticom Services" means Authenticom Services, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, parents, successors or predecessors, all persons acting on behalf of Authenticom Services LLC.

4. "621 Holdings" means 621 Holdings, Inc., formerly Xcelerated Investments Inc., as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of 621 Holdings.

5. "Data Services" means Data Services, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Data Services.

6. "Data Specialty Group" means Data Specialty Group, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Data Specialty Group.

7. "DMS Update" means DMS Update, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of DMS Update.

8. "Xcelerated LLC" means Xcelerated, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Xcelerated LLC.

9. "Xcelerated Data LLC" means Xcelerated Data, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Xcelerated Data LLC.

10. "Central States Arms" means Central States Arms, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of Central States Arms LLC.

11. "2320 Cunningham Street LLC" means 2320 Cunningham Street, LLC as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on behalf of 2320 Cunningham Street LLC.

12. "Reynolds" refers to The Reynolds and Reynolds Company and includes the directors, officers, employees, agents, or attorneys thereof.

13. "DMS" refers to enterprise systems known in the automotive technology industry as Dealer Management Systems, including hardware and software, and further including any databases or data relating thereto.

14. "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, Case No. 18 C 864, currently pending in the United States District Court for the Northern District of Illinois.

15. "Communication," "communicate," and "communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

16. "Document" means all things that are documents under the Federal Rules of Civil Procedure, including, without limitation, the original and any non-identical copy (which is different from the original or any copy because of notations or attachments, or otherwise) of any written, printed, typewritten, handwritten, recorded, tape-recorded, videotaped, computer-generated, graphic, photographic, or other tangible matter or material from whatever source (however produced, reproduced, or recorded), including, without limitation, all of the following: correspondence, drafts, notes, telegraphs, facsimiles, memoranda, contracts (including all drafts and changes), calendars, reports, studies, diaries, time-slips, log books, daybooks, work schedules, pamphlets, charts, maps, plans, drawings, tabulations, calculations, financial records, bank records, schedules, spreadsheets, tax returns, audit reports, invoices, drafts, workpapers, work sheets, books, computer printouts, computer cards, computer tapes, computer diskettes, e-mail, other similar or dissimilar repositories of computer-generated, computer-compiled, or computer-maintained information, minutes and minute books (of any meeting of any person(s), committee(s), or board(s)), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or information accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures, and other materials related to any of the foregoing.

17. In responding to these requests, you are required to furnish information that is available to you or subject to your reasonable inquiry, including information in the possession of your subsidiaries, affiliates, attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and

anyone else otherwise subject to your ownership or control. All documents that respond to the below requests shall be produced in their entirety, including all attachments and enclosures.

18. Unless a different time period is indicated in a specific Request or category of Requests below, please produce responsive documents for the time period January 1, 2013 to the present (the "Relevant Time Period").

19. The attached Protective Order currently governs the production of documents in this matter. (See Exhibit B). Please indicate whether any documents produced pursuant to this subpoena should be designated as confidential pursuant to the Protective Order.

## DOCUMENTS REQUESTED

1. Documents sufficient to show any contracts, terms and conditions, or agreements between Pensa and Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Steve Cottrell, Xcelerated LLC, and/or Xcelerated Data LLC.

2. Documents reflecting any third party data provided to Pensa by Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated LLC, and/or Xcelerated Data LLC, including but not limited to data consisting of or relating to:
   a) Consumer names;
   b) Addresses;
   c) Telephone numbers;
   d) Driver's license numbers;
   e) E-mail addresses;
   f) Social security numbers;
   g) Ages;
   h) Marital statuses;
   i) Automotive data.

3. Documents sufficient to show whether Pensa obtains any of the data listed in Request No. 2 above from any DMS, directly or indirectly.

4. Documents sufficient to show where Pensa obtains the data listed in Request No. 2 above, to the extent that you contend such data does not come from Authenticom, Inc., Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated LLC, Xcelerated Data LLC, and/or from a DMS.

5. Documents sufficient to show how, and for what purposes, Pensa uses data directly or indirectly obtained from Authenticom, Inc., Authenticom Services, 621 Holdings, Data Services, Data Specialty Group, DMS Update, 2320 Cunningham Street LLC, Central States Arms, Xcelerated LLC, Xcelerated Data LLC, and/or a DMS.

6.  Documents sufficient to show all Pensa's customers during the Relevant Time Period.

7.  Documents sufficient to show the nature of all services offered by Pensa during the Relevant Time Period.

8.  Documents reflecting any data privacy, data security, or cybersecurity standards, procedures, or measures adopted or implemented by Pensa.

9.  Documents reflecting whether Pensa receives, transmits, or otherwise uses any data obtained from a Reynolds-brand or CDK-brand DMS, directly or indirectly.

10. Documents reflecting whether Pensa receives, transmits, uses, or has access to any user credentials for a Reynolds-brand or CDK-brand DMS.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>**This Document Relates to All Cases** |

---

### AGREED CONFIDENTIALITY ORDER

---

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

## I. CONFIDENTIALITY

### 1. Scope.

All materials and information produced, adduced or disclosed in the course of formal or informal discovery in this Action (defined below), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, audio and video files, preliminary injunction exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order is binding upon

1

parties and non-parties to whom any Confidential Information is disclosed or who have been served with a copy of this order.

**2.      Definitions.**

a.      **Action:**  this pending federal lawsuit – *In Re: Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill.).

b .      **Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

c.      **Confidential Information or Items:**  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute, regulation, court rules, case decisions, or common law; (b) information that reveals trade secrets, confidential research, development, business practices or other confidential customer, technical, commercial (including pricing), financial or business information; (c) private or sensitive information not readily ascertainable through lawful means by the public concerning any individual, including medical information; (d) non-public personal information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records; (g) information subject to any non-disclosure or confidentiality agreement between the Designating Party and any other Party or Non-Party (defined below); or (h) other information the Producing Party reasonably believes is subject to protection.

Confidential Information excludes information that is publicly available unless such information is publicly available because of: (a) a breach of this Confidentiality Order; (b) a violation of any other obligation of confidentiality (whether intentional or inadvertent); or (c) an inducement of a violation of obligation of confidentiality.

2

d. **Counsel:** Outside Counsel of Record and In-House Counsel (as well as their support staff) for any Party or the successor of a Party.

e. **Designating Party:** a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

f. **Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

g. **HIGHLY CONFIDENTIAL:** Confidential Information of a highly sensitive nature the disclosure of which could result in significant harm, including but not limited to competitive harm, to the business or operations of that Party or Non-Party or to an individual. Without limitation to other forms of Confidential Information properly designated as "HIGHLY CONFIDENTIAL" in accordance with this subparagraph, a Producing Party may designate copyrighted software and all other information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs as "HIGHLY CONFIDENTIAL."

h. **In-House Counsel:** attorneys who are employees of a Party to this Action or the successor of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3

    i.  **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    j.  **Outside Counsel of Record:**  attorneys who are not employees of a Party to this Action but are retained or represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

    k.  **Party:**  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

    l.  **Producing Party:**  a Party or Non-Party that produces documents.

    m.  **Professional Vendors:**  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    n.  **Receiving Party:**  a Party that receives documents from a Producing Party.

  **3.**  **Designation.**

    a.  A Party or Non-Party shall designate as Confidential Information such information that it reasonably believes, in good faith, is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Designating Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order,

"copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.     The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a Party appearing pro se in this Action, or a Non-Party producing documents in this Action that the document contains Confidential Information as defined in this Order. The Designating Party's Counsel, by stamping any document as "Confidential" or "Highly Confidential" under this Confidentiality Order, are certifying that they have a good faith belief that the designation of confidentiality is warranted under the existing Protective Order, that the designation is not being made for any tactical purpose and there is good cause why it should not be part of the public record of this case.

c.     All documents produced, exchanged, or filed by any Party or by any Non-Party, not otherwise designated pursuant to this Order, shall be treated as "CONFIDENTIAL" until the later of (a) fourteen (14) days following the issuance of this Order, or (b) fourteen (14) days after such document is first produced, filed, or exchanged. If a Party to this lawsuit believes that another Party or any Non-Party has produced or submitted documents containing

that Party's Confidential Information, such Party shall have fourteen (14) days from the date of entry of this Order or fourteen (14) days after such materials are produced, filed, or exchanged to designate any such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such documents so designated shall be treated accordingly under the terms of this Order. After the time periods set forth in this paragraph, any documents not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as non-confidential information, subject to paragraphs 6 and 13 below.

        d.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        e.     A Non-Party's use of this Order to protect its Confidential Information does not entitle it to access or use any Confidential Information produced by any Party in this case.

        f. Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party or a third party if that information (i) either originated from the Designating Party or third party (or was generated on the designating or third party's behalf), or (ii) contains the Designating Party's Confidential Information or Highly Confidential Information, in which case the Designating Party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

4.    **Depositions**.

a. A Party or Non-Party may designate some or all of a witness's deposition testimony as Confidential or Highly Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken. Inadvertent failure to do so does not operate as a waiver. The Designating Party must provide the specific page and line designations over which the Party or Non-Party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to the Designating Party or Non-Party. Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

b. In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. Except as provided herein, if the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

5.    **Protection of Confidential Information**.

a.    **General Protections**. Discovery Material shall not be used or disclosed by the Receiving Parties, Counsel for the Receiving Parties, or any other persons

identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in the above captioned case, including any appeal thereof (the "Litigation"). In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and to the owners of the named dealership plaintiff(s). or any individual plaintiff with a case on file in this Litigation and not to any other member of the putative class unless and until a class including the putative member has been certified.[1]

       b.   **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order.  Subject to this Confidentiality Order, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

       1)   **Counsel**.  Counsel for the Parties and such employees and support staff of Counsel as have responsibility for the action, including contract attorneys, secretaries, and legal assistants;

       2)   **Parties**.  Parties and employees of a Party, at any time, but only to the extent Counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action;

       3)   **The Court and its personnel**;

       4)   **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this Action, but only after such persons have

---

[1] Plaintiffs agree to adhere to the provision in paragraph 5(a), but reserve their rights with respect to the issue of whether putative class members are parties in this litigation.

completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

5) **Contractors**. Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

6) **Consultants and Experts**. Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

7) **Witnesses at depositions**. During their depositions, witnesses and their Counsel to whom disclosure is reasonably necessary according to the good faith judgment of the disclosing Counsel, and the Counsel representing them at the deposition, if any. Neither witnesses nor their Counsel shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their Counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their Counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as

"CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) **Author, subject, or recipient**. Persons whom the Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements, communications or actions are expressly mentioned, discussed or referred to by actual name in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

9) **Special masters and their direct staff;**

10) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**; and**

11) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

c. **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order. The following categories of

persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

1) **Counsel**.  Outside legal counsel for the parties in this action and such employees, support staff, and contract attorneys of outside counsel as necessary to conduct this action;

2) **The Court and its personnel**;

3) **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this Action, but only after such persons have completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

4) **Contractors**.

Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

5) **Consultants and Experts**.  Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

6)  **Witnesses at depositions.**  During their depositions witnesses in this action to the extent witnesses fall within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL."  If a witness does not fit within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL," the Party or Non-Party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents, and information to be disclosed.  The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause.  The Designating Party shall not disclose to any other Party or Non-Party that a notice of disclosure has been provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law.  If the Designating Party provides such notice to any other Party or Non-Party, then the Designating Party must provide a copy of its communications providing that notice to the Party wishing to make the disclosure.  If timely written notice of the good cause objection to the proposed disclosure is provided to the Party or Non-Party wishing to make such disclosure, disclosure is not permissible without leave of Court.

Neither witnesses nor Counsel to third-party witnesses shall retain a copy of exhibits designated as "HIGHLY CONFIDENTIAL."  Pages of transcribed

deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

7) **Author, subject, recipient**. Persons whom the Highly Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements are expressly mentioned, discussed or referred to in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

8) **Special masters and their direct staff;**

9) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**; and**

10) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

d. **Control of Documents**. Counsel for the Parties shall make best efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

13

e.      Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Confidential Information.

6.      **Failure to Designate**.  A failure to designate a document or transcript (or any portion thereof) as Confidential Information does not waive the confidential status of such information or the right to so designate the document.  If a Party or Non-Party designates a document as Confidential Information after it was initially produced, the designating party shall reproduce with the document with the appropriate designation, and the Receiving Party, on notification of the designation must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential Information.

7.      **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with all applicable Local Rules (including LR 26.2), and Electronic Filing Procedures of this District.

8.      **De-Designation and Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" is subject to challenge by any Party.[2] Any Confidential Information shall be treated as designated until the change is completed. The following procedure shall apply to any such challenge:

      a.    **Meet and Confer**. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party. In conferring, the Challenging Party must identify the document(s) at issue, and explain, on a document-by-document basis with separate explanations for each document, the specific basis for its belief that the confidentiality designation was not proper, and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) business days.

      b.    **Judicial Intervention**. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

      c.    **Fees/Costs**. Each Party shall bear its own fees and costs related to any

---

[2]    Materials and documents have been produced in *Authenticom, Inc. v. CDK Global LLC*, 3:17-cv-00318 (W.D. Wis.). Additional plaintiffs are now parties to this MDL. Those additional plaintiffs reserve the right to seek de-designation and challenge the designation of any material or document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

challenges of confidentiality designations under this Order.

9.     **Action by the Court**.   Applications to the Court for an order relating to the confidential treatment of materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10.     **Use of Confidential Documents or Information at Trial or Hearing**. A Party that intends to present Confidential Information at a hearing or trial shall notify the Designating Party at least ten (10) days prior to said hearing or trial.  The Court may make such orders as are necessary to govern the use of Confidential Information at a hearing or trial including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in this Order, as appropriate, shall be excluded from specific portions of the proceedings. The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11.     **Confidential Information Subpoenaed in Other Litigation or Proceeding.**

a.     If a Receiving Party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

16

      b.    The Receiving Party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

      c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

      d.    This Order must be served with any subpoenas served in this Litigation.

    **12.**    **Obligations on Conclusion of the Litigation**.

      a.    **Obligations at Conclusion of the Litigation**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless (1) otherwise agreed by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified.

      b.    **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, Counsel may retain

their records of (1) email correspondence related to their representation, (2) attorney work product, including memoranda and correspondence related to the Litigation, and/or an index that refers or relates to designated Confidential Information, and (3) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

c. **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

## II. LIMITATIONS ON WAIVER OF PRIVILEGE

### 13. Clawback of Inadvertent Disclosure.

a. This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims that such information is privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

b. A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The receiving party must—

unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 13(c) of this Order—within ten business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within ten business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

      c. If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

      d. The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

      e. Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

      f.     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

14. **Receiving Party's Obligation.** Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## III. MISCELLANEOUS

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by Counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms and any counsel, parties and persons who join this action in the future.

18. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**19**.  **Backup/Archival/Disaster Recovery Systems**.   Notwithstanding any of the destruction and deletion requirements set forth herein, no person or entity is required by this Order to delete information that may reside on the respective person or entity's back-up, archival, or disaster recovery

**20**.   Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information.

**SO ORDERED.**

Dated: April 4, 2018

_____
Hon. Amy J. St. Eve
United States District Judge

Dated:  April 3, 2018

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX  77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
**SHEPPARD MULLIN RICHTER
   & HAMPTON, LLP**
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC  20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and
Reynolds Company*

Respectfully submitted,

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
**MAYER BROWN LLP**
71 South Wacker Drive Chicago,
IL  60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
**MAYER BROWN LLP**
1999 K Street, NW Washington,
DC  20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants CDK Global, LLC,
CDK Global, Inc., and Computerized Vehicle
Registration*

22

/s/ Michael N. Nemelka
Michael N. Nemelka
Derek T. Ho
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7932
mnemelka@kellogghansen.com
dho@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Kendall W. Harrison
**GODFREY & KAHN S.C.**
One East Main Street, Suite 500
Madison, Wisconsin 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
si13@nyu.edu

*Counsel for Plaintiffs Authenticom, Inc.,*
*Motor Vehicle Software Corporation, Cox*
*Automotive, Inc., Autotrader.com, Inc.,*
*Dealer Dot Com, Inc., Dealertrack, Inc.,*
*HomeNet, Inc., Kelley Blue Book Co., Inc.,*
*vAuto, Inc., VinSolutions, Inc., and Xtime,*
*Inc., and Bob Baker Volkswagen*

/s/ Gregory Asciolla
Gregory Asciolla
Christopher J. McDonald
Karin E. Garvey
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
gasciolla@labaton.com
cmcdonald@labaton.com
kgarvey@labaton.com

*Counsel for Plaintiff Bob*
*Baker Volkswagen*

/s/ Victoria Romanenko
Jonathan W. Cuneo
Victoria Romanenko
Jennifer Kelly
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
(202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

/s/ Shawn M. Raiter
Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com

*Counsel for Hartley Buick GMC Truck, Inc.*

23

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Gregory Arenson
Jeffrey P. Campisi
Elana Katcher
Aaron Schwartz
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue; 14th Floor
NY, NY 10022
(212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
jcampisi@kaplanfox.com
ekatcher@kaplanfox.com
aschwartz@kaplanfox.com

Gary L. Specks
423 Sumac Road
Highland Park, Illinois 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580
gspecks@kaplanfox.com

*Counsel for Plaintiffs Hartley Buick GMC,Truck, Inc., Cox Motors N.C., Inc. d/b/a Cox Toyota, and Northtown Automotive Companies Inc.*

*/s/David McMullan, Jr.*
David M. McMullan, Jr.
Don Barrett
Sterling Starns
**BARRETT LAW GROUP, P.A.**
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com

*Counsel for John O'Neil Johnson Toyota, LLC*

*/s/ James E. Barz*
James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
(312) 674-4674
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900 San Diego, CA 92101-8498
(619) 231-1058
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Samuel H. Rudman
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
SRudman@rgrdlaw.com

Brian J. Robbins
George C. Aguilar
Michael J. Nicoud
**ROBBINS ARROYO LLP**
600 B Street, Suite 1900 San Diego, CA 92101 Telephone: (619) 525-3990
brobbins@robbinsarroyo.com
gaguilar@robbinsarroyo.com
mnicoud@robbinsarroyo.com

*Counsel for Plaintiff Baystate Ford Inc.*

<div style="columns:2">

*/s/ Charles Barrett*
Charles Barrett
**NEAL & HARWELL, PLC**
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
(615) 268-3647
Cbarrett@nealharwell.com

Michael Roberts
Karen Halbert
Jana K. Law
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
janalaw@robertslawfirm.us

*Counsel for Plaintiff Hoover Automotive, LLC*

*/s/ Marvin A. Miller*
Marvin A. Miller
Andrew Szot
Lori A. Fanning
Matthew E. Van Tine
Kathleen Boychuck
**MILLER LAW LLC**
115 S. LaSalle St., Ste. 2910
Chicago, Illinois 60603
(312) 332-3400
mmiller@millerlawllc.com

*Counsel for Plaintiff F.G. Downing Development, Inc.*

*/s/ Eric H. Gibbs*
Eric H. Gibbs
Michael L. Schrag
Aaron Blumenthal
Amy M. Zeman
**GIBBS LAW GROUP, LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
mls@classlawgroup.com
ab@classlawgroup.com
amz@classlawgroup.com
*to be admitted pro hac vice*

Mark H. Troutman
Shawn K. Judge
Gregory M. Travalio
**ISAAC WILES BURKHOLDER & TEETOR, LLP**
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
(614) 221-2121
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

Paul C. Peel
**FARRIS BOBANGO BRANAN, PC**
999 South Shady Grove Road, Suite 500
Memphis, TN 38120
(901) 259-7100
ppeel@farris-law.com
*to be admitted pro hac vice*

*Attorneys for Plaintiff Kenny Thomas Enterprises, Inc. (d/b/a Olathe Toyota)*

</div>

*/s/ W. Daniel "Dee" Miles, III*

W. Daniel "Dee" Miles, III
Archie I. Grubb, II
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS, & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
Dee.Miles@BeasleyAllen.com
Archie.Grubb@BeasleyAllen.com

Ralph Edward Massey, Jr.
**CLAY, MASSEY & ASSOCIATES**
509 Church Street
Mobile, AL 36602
(251)433-1000
em@claymassey.com

Michael Stephen Dampier
**THE DAMPIER LAW FIRM, PC**
55 North Section Street Fairhope,
AL 36532
(251) 929-0900
steve@dampierlaw.com

*Counsel for Massey Chrysler Center, Inc.,
and Massey Automotive*

*/s/ Peggy J. Wedgworth*

Peggy J. Wedgworth
Andrei V. Rado
Elizabeth A. McKenna
**MILBERG TADLER PHILLIPS
GROSSMAN, LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
arado@milberg.com
emckenna@milberg.com

Leonard A. Bellavia
**BELLAVIA BLATT, P.C.**
200 Old Country Road, Suite 400
Mineola, NY 11501
(516) 873-3000
lbellavia@dealerlaw.com

*Counsel for Plaintiffs Teterboro Automall,
Inc., JCF Autos LLC, 440 Jericho Turnpike
Sales LLC, and Patchogue 112 Motors LLC*

*/s/ Kenneth A. Wexler*
Kenneth A. Wexler
Bethany R. Turke
Thomas A. Doyle
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
tad@wexlerwallace.com

Daniel E. Gustafson
Daniel C. Hedlund
David A. Goodwin
Michelle J. Looby
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

Brian D. Penny
Paul J. Scarlato
**GOLDMAN SCARLATO & PENNY, P.C.**
161 Washington Ave, Suite 1025
Conshohocken, PA 19428
(484) 342-0700
penny@lawgsp.com
scarlato@lawgsp.com

Heidi M. Silton
Anna M. Horning Nygren
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
amhorningnygren@locklaw.com

Kevin Landau
Tess Bonoli
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
(646) 873-7654
klandau@tcllaw.com
tbonoli@tcllaw.com

*Counsel for Plaintiff Waconia Dodge, Inc.*

27

*/s/ Michael J. Freed*
Michael J. Freed
Douglas A. Millen
Robert J. Wozniak
Brian M. Hogan
**FREED KANNER LONDON
    & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL  60015
(224) 632-4500
mfreed@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com
bhogan@fklmlaw.com

Joshua H. Grabar, Esq.
**GRABAR LAW OFFICE**
1735 Market Street
Suite 3750
Philadelphia, PA 19103
(267) 507-6085
jgrabar@grabarlaw.com

Marc H. Edelson, Esq.
**EDELSON & ASSOCIATES, LLC**
3 Terry Drive
Suite 205
Newtown, PA 18940
(215) 867-2399
medelson@edelson-law.com

*Counsel for Plaintiff Pensacola Motor Sales,
Inc. d/b/a Bob Tyler Toyota, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned Action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned Action, and not to disclose any such Confidential Information to any other person, firm, or concern.

As soon as practical, but no later than thirty (30) days after final termination of this Action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential or Highly Confidential Information.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____
Employer: _____
Address: _____
Signature: _____
Date: _____

# **EXHIBIT B**



**James R. Irving**
*Partner*
Direct 502.587.3606 | Fax 502.540.2215
E-mail JIrving@bgdlegal.com

*Via Email*

June 12, 2018

Leo Caseria
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, Forty-Third Floor
Los Angeles, California  90071
Email:  lcaseria@sheppardmullin.com

Re:   *In re Dealer Management Systems Antitrust Litigation*, MDL 2817
      Civil Action No. 18-CV-864 (the "Litigation")
      United States District Court for the Northern District of Illinois

Dear Mr. Caseria:

I am counsel for Xcelerated LLC, Xcelerated Data LLC and Pensa LLC (collectively "Xcelerated") in connection with three subpoenas (the "Subpoenas") served by your firm with regards to the Litigation.  This letter is to serve as an objection pursuant to 45(c)(2)(B) of the Federal Rules of Civil Procedure ("Rules").  Please be aware that the Xcelerated is in the preliminary stages of its investigation and this letter represents the Xcelerated's good faith effort to comply with the Rules and hopefully resolve some of our concerns so that a proper subpoena may be reissued.

First and foremost, Xcelerated objects to the overbreadth of materials requested and lack of clarity and specificity regarding the documents requested in the Subpoenas.  For example, the documents requested in the Subpoenas request all documents that would show whether Xcelerated contracts with the parties in this Litigation and, if not, all of Xcelerated's contracts with parties outside of this Litigation.  *See* Subpoenas, Documents Requested Nos. 2 and 4. The sheer scope of the materials requested potentially subject Xcelerated to producing every single document the company has generated since January 1, 2013.  There is not a question that these Subpoenas violate Rule 45(d)(1) and go well beyond the breath of the proportionality requirement of Rule 26(b)(1).  Should Xcelerated have to make a formal motion to quash these Subpoenas, we shall seek our attorney's fees in having to respond.

Additionally, and most important, Xcelerated objects to the Subpoenas based on the fact that the Subpoenas request Xcelerated's trade secrets.  Xcelerated is a source for automotive intelligent marketing.  Specifically, Xcelerated provides companies with targeted data that drives the marketing of vehicles through mail, e-mail and telephone advertising. This data includes

BINGHAM GREENEBAUM DOLL LLP

Leo Caseria
Via Email
June 12, 2018
Page 2

information about up-to-date vehicle ownership and demographics that might identify future vehicle buyers and the types of vehicles those buyers might want to purchase. Xcelerated has never had access to any Dealer Management Software Systems. The inputs Xcelerated uses to develop its targeted data is not just a byproduct of its business, it is the essence of its business. There is no question that the extensive documents sought in the Subpoenas would require Xcelerated to disclose its unique method to produce its specialized data sets and could be used by all parties to this Litigation to replicate and compete directly with Xcelerated. The Subpoenas create a significant risk that Reynolds & Reynolds Company's ("Reynolds") in-house counsel will have access to this information and disclose Xcelerated's confidential information through advise, discussions, or documents, because they are involved with confidential decision making. For example, Reynolds' General Counsel's Linked-In profile page states he partakes in all aspects of Reynold' business, "including contract drafting, review and negotiation, mergers and acquisitions, litigation support, employment matters, bankruptcy, immigration, real estate, intellectual property and general corporate law. Proven leader forging success through collaboration, efficiency and effective management." The Protective Order does not protect Xcelerated from the disclosure of its trade secrets to its competitors, which is critical, because "information, once learned, is impossible to forget." *United States v. Aetna, Inc.*, No. 1:16-cv-01494 (JDB), 2016 WL 8738420, at 5 (D.D.C. Sept. 5, 2016).

Further, Xcelerated also objects to the Subpoenas as they require disclosure of documents containing confidential and proprietary information that may be subject to confidentiality and other similar agreements. In fact, much of the data and information that may be responsive to the subpoenas were provided to the Xcelerated subject to express agreements prohibiting third-party disclosure. Also, much of the potentially responsive materials may have been generated pursuant to agreements with independent entities that prohibit their disclosure. Accordingly, the subpoenas are unduly burdensome or otherwise invalid because they attempt to require the Xcelerated to breach its obligations under these various agreements which the Xcelerated is still attempting to locate and confirm.

Finally, the Subpoenas contain no provision for reasonably compensating Xcelerated for expenses incurred in producing responsive documents. It is unreasonable to place the costs associated with production upon a non-party. Xcelerated believes that the costs of production should be borne by Reynolds.

At present, Xcelerated is working diligently to conduct a reasonable search of documents potentially responsive to the subpoenas that would not violate confidentiality provisions or require Xcelerated to produce its trade secrets; however, Xcelerated believes that its search will be an ongoing process which is certainly not complete today and may not be complete by June 25, 2018 which is the Subpoenas' stated deadline to produce responsive non-privileged documents. Finally, Xcelerated reserves the right to assert additional objections once they become known to Xcelerated.

BINGHAM GREENEBAUM DOLL LLP

Leo Caseria
Via Email
June 12, 2018
Page 3


Please do not hesitate to contact me if you would like to discuss this matter in more detail.

Sincerely,

James R. Irving
Partner

JRI/jh

cc:      Pamela Lang (via e-mail)

19347554.2

# EXHIBIT C

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

213.617.4206 direct
lcaseria@sheppardmullin.com

June 26, 2018

<u>**VIA E-MAIL**</u>

James R. Irving
Bingham Greenebaum Doll LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
JIrving@bgdlegal.com

Re:     *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864; MDL No. 2817
(N.D. Ill.)

Dear Mr. Irving:

I am writing this letter to you on behalf of The Reynolds and Reynolds Company ("Reynolds")
regarding your letter dated June 12, 2018 and the Motion for Protective Order you filed in the
above-captioned matter yesterday, June 25, 2018 (Dkt. 215), both of which relate to subpoenas
that Reynolds served on Xcelerated LLC, Xcelerated Data LLC, and Pensa LLC (collectively
"Xcelerated") on May 30, 2018.

Reynolds was surprised to see that you filed a motion for protective order seeking to relieve
Xcelerated from "any obligation to produce the documents requested in the Subpoenas" (s*ee*
Dkt. 215-1 at p.6), when your June 12 letter previously suggested that Xcelerated had already
begun searching for and getting ready to produce responsive documents.  Specifically, your
June 12 letter set forth a number of written objections to Reynolds's subpoenas pursuant to
FRCP 45(d)(2)(B)[1], and then concluded with a statement indicating that Xcelerated would be
gathering and producing certain documents in response to the subpoenas, which you advised
might not be complete by June 25:

> "At present, Xcelerated is working diligently to conduct a reasonable search of
> documents potentially responsive to the subpoenas that would not violate
> confidentiality provisions or require Xcelerated to produce its trade secrets;
> however, Xcelerated believes that its search will be an ongoing process which is
> certainly not complete today and may not be complete by June 25, 2018 which is
> the Subpoenas' stated deadline to produce responsive non-privileged
> documents."

---

[1] The first page of your letter mistakenly cites to FRCP 45(c)(2)(B) instead of FRCP 45(d)(2)(B),
which we understand to be a typo and a mistaken reference to former FRCP 45(c)(2)(B)
(revised and renumbered in 2013).

**Sheppard**Mullin

James R. Irving
June 26, 2018
Page 2


As a result, we understood Xcelerated's letter to be setting forth its written objections to Reynolds' subpoenas under FRCP 45(d)(2)(B), which would be followed by a production of certain potentially responsive documents that would potentially come after June 25. We did not understand your letter to be advising that the next communication we would receive would be a motion. We had planned to give Xcelerated time to make its production, which we would then review and, at that time, determine whether to request a telephonic meet and confer regarding your production and the issues raised in your letter.

Furthermore, FRCP 45(d)(2)(B) provides that once written objections are served, the burden shifts to the serving party to seek a motion to compel compliance with the subpoenas. Thus, your motion for protective order was completely unnecessary and unanticipated, as the written objections alone were sufficient to preserve Xcelerated's objections unless and until Reynolds met and conferred with Xcelerated and moved to compel. *See Wm High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006) ("Rule 45(c)(2)(B) states that 'a person commanded to produce and permit inspection and copying, *may*…serve…written objection,' and by so doing be spared the burden of further action unless a court orders otherwise.") (emphasis added by court).

Also as we discussed, Xcelerated's motion is premature and improper because the parties have not met and conferred about Reynolds' subpoenas, Xcelerated's objections, or the points raised in your motion. Both Northern District of Illinois Local Rule 37.2 and Judge Dow's procedures (see http://www.ilnd.uscourts.gov/judge-info.aspx?YcR9etkCy90= ) require a telephonic or in person meet and confer prior to filing a discovery motion. In particular, Judge Dow's procedures provide as follows:

> Discovery Disputes Generally - Parties should make every effort to resolve discovery disputes without the need for judicial intervention. Accordingly, discovery motions should be filed only as a last resort and will not be heard unless the moving party has complied with the "meet and confer" requirement of Local Rule 37.2. Any discovery motion must state with specificity when and how the moving party complied with Local Rule 37.2. Compliance with Local Rule 37.2 requires a good faith effort to resolve discovery disputes and ordinarily requires face-to-face or telephonic communication. In most instances, exchange of correspondence will not be sufficient under the Local Rules.

The parties have not met and conferred telephonically or in person, and you have not requested such a meet and confer prior to filing your motion. Xcelerated's motion would unnecessarily burden the Court with disputes that the parties may be able to resolve in whole or in part through a standard meet and confer process.

Regarding the substance of Xcelerated's June 12 objections to Reynolds's subpoenas, Reynolds believes those objections are unfounded, as set forth below.

First, Xcelerated objects that the subpoenas are overbroad, lack clarity and specificity regarding the documents requested, and "potentially subject Xcelerated to producing every single

**Sheppard**Mullin

James R. Irving
June 26, 2018
Page 3

document the company has generated since January 1, 2013." This objection grossly mischaracterizes the nature of the ten document requests set forth in the subpoenas. In general, the subpoenas request documents relating to Xcelerated's dealings with Authenticom, Inc., its owner Steve Cottrell, and/or related entities; the nature of the data that Xcelerated receives from and transmits to these entities and what the data is used for; whether and how Xcelerated obtains and uses data from Reynolds' and/or CDK's Dealer Management Software ("DMS") systems; and how Xcelerated keeps data secure. Authenticom is a plaintiff in this case and has alleged that defendants Reynolds and CDK have conspired to block it from providing data integration services that connect third parties to data on a Reynolds DMS or CDK DMS. Reynolds, in its defense (and also as a counterclaim), has asserted and intends to assert that Authenticom's access to data on a Reynolds DMS is unauthorized and illegal. Thus, the requests directed at Xcelerated are plainly relevant to the claims and defenses in this case. The documents requested from Xcelerated do not go beyond the scope of matters relevant to the litigation, and are proportional to the needs of the case. *FRCP Rule 26(b)(1).* Furthermore, more than half of the document requests are phrased to seek documents "sufficient to show" a targeted category of information, and do not, by definition, request "all documents" as indicated in Xcelerated's objections.

Reynolds's subpoenas to Xcelerated are particularly relevant in light of the history between Xcelerated and Authenticom. Xcelerated founded its business in 2015 with a purchase from Xcelerated Investments, Inc. (now known as 621 Holdings, Inc.), which we believe is owned by Authenticom and/or Steve Cottrell. Subsequently, a company called M1 Data & Analytics, LLC ("M1") filed lawsuits alleging that Authenticom provided M1's data to Xcelerated without M1's consent or authorization. *See, e.g.,* Declaration of Pamela Lang dated June 29, 2017 (Dkt. 4), ¶¶5-8, In re Xcelerated, LLC, Case No. 17-20886-tnw (Bankr. E.D. Ky.); Status Report dated July 20, 2017 (Dkt. 50), ¶1, In re Xcelerated, LLC, Case No. 17-20886-tnw (Bankr. E.D. Ky.); Complaint dated August 15, 2017 (Dkt. 12), ¶¶ 1-59, M1 Data & Analytics LLC v. Authenticom, Inc., Case No. 1:17-cv-00645 (D. Del.). Among other things, M1 has alleged upon information and belief that "on or about March 1, 2016, Authenticom, through its selling partner, Xcelerated LLC, improperly sublicensed M1's data to a third-party, or multiple third parties, without permission and authority from M1." Complaint dated August 15, 2017 (Dkt. 12), ¶ 27, M1 Data & Analytics LLC v. Authenticom, Inc., Case No. 1:17-cv-00645 (D. Del.). These and other pleadings suggest that the documents requested from Xcelerated may reveal information that is relevant to the claims and defenses in this case, which, as explained in the preceding paragraph, include claims and defenses relating to unauthorized access to, and use of, data by Authenticom.

Next, Xcelerated objects that the subpoenas seek documents containing Xcelerated's trade secrets, and that the Protective Order applicable to this case "does not protect Xcelerated from the disclosure of its trade secrets to competitors," including Reynolds' General Counsel. In fact, the Protective Order attached at the end of each subpoena allows Xcelerated, as the producing party, to designate "information that reveals **trade secrets**, confidential research, development, business practices or other confidential customer, technical, commercial (including pricing), financial or business information" as "Highly Confidential." *See* Protective Order ¶ 2(c) (emphasis added). The Protective Order does not permit disclosure of Highly Confidential materials to any Reynolds employee, including Reynolds' General Counsel, except under

**Sheppard**Mullin

James R. Irving
June 26, 2018
Page 4

extremely limited circumstances, such as, for example, when that person is the author or recipient of a document. *See* Protective Order ¶ 5(c). The Protective Order applies not only to documents produced in response to discovery requests, but also "information derived directly therefrom." *See* Protective Order ¶ 1. Accordingly, Xcelerated's concerns are unfounded.

Xcelerated further objects that the subpoenas require disclosure of documents containing confidential and proprietary information subject to confidentiality agreements with other entities. The proper course of action in such a situation is for Xcelerated to provide notice to such entities, giving them the opportunity to object. *See, e.g.*, *De Geer v. Gillis*, No. 09 C 6974, 2010 U.S. Dist. LEXIS 97457 at *13 (N.D. Ill. Sept. 17, 2010) (disclosure of documents subject to a confidentiality agreement with another entity did not violate the agreement where the disclosing party gave proper notice allowing the entity to take any actions it deemed necessary to limit or implement disclosure). If those entities do not object after receiving such notice, Xcelerated should produce the subpoenaed materials.

Xcelerated's last objection states "it is unreasonable to place the costs associated with production upon a non-party" and requests that Reynolds bear the costs of Xcelerated's production. To the contrary, "[w]hen a non-party is ordered to produce documents pursuant to a Rule 45 subpoena, 'the presumption is that the responding party must bear the expense of complying with discovery requests.'" *United States v. Cardinal Growth LP*, 2015 WL 850230 at *2 (N.D. Ill. Feb. 23, 2015), citing *DeGeer v. Gillis,* 755 F.Supp.2d 909, 928 (N.D. Ill. 2010). Xcelerated is responsible for bearing the costs of production and you have pointed to nothing that would indicate that the standard presumption should not apply.

For the reasons stated above, we ask that Xcelerated withdraw its motion. We are happy to meet and confer regarding any of these issues and look forward to further discussing these issues on our Thursday call.

Sincerely,

Leo D. Caseria
for SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

SMRH:227706354.4

# **EXHIBIT D**

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

------------------------------------------------------x

In re:                     :        Chapter 11

                            :

Xcelerated, LLC,[1]          :        Case No. 17-20886-tnw

                            :

              Debtor.        :        Honorable Tracey N. Wise

------------------------------------------------------x

## DECLARATION OF PAMELA LANG IN SUPPORT
## OF CHAPTER 11 PETITION AND FIRST DAY PLEADINGS

I, Pamela Lang, hereby make this statement (the "Declaration") under 28 U.S.C. § 1746 and state that:

      1.        I am the sole officer of Debtor Xcelerated, LLC (the "Debtor"). In that capacity I am familiar with the Debtor, its operations, and the Debtor's chapter 11 bankruptcy case (the "Chapter 11 Case").

      2.        I have a bachelor's of science from the University of Vermont and a master's in business administration from Florida Gulf Coast University. I have over twenty years of experience with database marketing and technology consulting.

      3.        On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as well as certain motions and other pleadings (together, the "First Day Pleadings"). I am authorized by the Debtor to submit this declaration (the "Declaration") on its behalf in support of the First Day Pleadings.

      4.        The First Day Pleadings are intended to enable the Debtor to operate effectively

---

[1]     The last four digits of the Debtor's taxpayer identification number are (2949). The Debtor's mailing address, solely for purposes of notices and communications, is 2940 Hebron Park Drive, Suite 307, Hebron Kentucky 41048.

and efficiently during the pendency of the Chapter 11 Case, avoid certain adverse consequences

that might otherwise result from the commencement of the Chapter 11 Case, and begin the

process of an orderly liquidation.  Among other things, the First Day Pleadings seek relief aimed

at sustaining the Debtor's business operations so that the Debtor's employees may maintain its

operations while the Debtor's assets are marketed and sold.  I have reviewed the First Day

Pleadings, and it is my belief that the relief sought therein is necessary to: (a) avoid immediate

and irreparable harm to the Debtor's business; and (b) maximize and preserve the value of the

Debtor's bankruptcy estate.  I am familiar with the Debtor's day-to-day operations, financial

condition, business affairs and books and records.  Except as otherwise indicated, all facts set

forth in this Declaration are based upon (a) my personal knowledge, (b) my review of relevant

documents, (c) information provided to me by other members of the Debtor's management team

or professionals retained by the Debtor, or (d) my opinion based on experience and knowledge of

the Debtor's operations and financial condition.  If called upon, I could and would testify

competently to the facts set forth herein.

**A.      General Background on the Debtor**

5.      I have been involved with the Debtor since I founded it in October, 2015.  I

founded the Debtor for the purpose of purchasing the Debtor's business from Xcelerated

Investments, Inc. (the "Noteholder") in October, 2015.  The Debtor is a Florida limited liability

company with its principle operations in Hebron, Kentucky.  Its single member is Pensa, LLC

("Pensa").  The Debtor is a premier source for automotive intelligent marketing.  Specifically,

the Debtor provides companies with targeted data that drives the marketing of vehicles through

mail, e-mail and telephone advertising.  This data includes information about up-to-date vehicle

ownership and demographics that might identify future vehicle buyers and the types of vehicles

18540791_2.docx

those buyers might want to purchase.

6.      The Debtor purchased its business from the Noteholder in exchange for
$2,472,663.81 (the "Purchase Amount"), which was fully financed by the Noteholder and which
accrues interest at a rate of four percent (4%) per annum.  The Debtor's obligation to the
Noteholder for the Purchase Amount is reflected in the Promissory Note dated October 31, 2015
(the "Note").  The Debtor's obligations to the Noteholder are secured by a lien on the Debtor's
assets, but significantly, not on the Debtor's cash or accounts receivable.  The Debtor's
obligations under the Note are not guaranteed by any third-party, including me and the Debtor's
single member, Pensa, LLC.  The Note provides that the Debtor shall satisfy its obligation to the
Noteholder in thirty-five (35) equal monthly payments of $70,000 beginning on January 1, 2016
with a maturity date of December 1, 2018.  As of the Petition Date (defined below), the Debtor
has an outstanding obligation to the Noteholder in the amount of $2,472,506.

7.      Unfortunately, almost immediately after it was founded the Debtor had difficulty
meeting both its secured obligations to the Noteholder and its regular trade creditors.  As a result,
the Debtor stopped making monthly payments to the Noteholder in early 2016.

8.      The Debtor's financial situation worsened when it became involved in a contract
dispute with M1 Data & Analytics, LLC ("M1").  Authenticom, Inc. ("Authenticom") and M1
are parties to a master services agreement under the terms of which M1 was to provide data.
Authenticom, which shares common management with the Noteholder, has previously made
payments to M1 in exchange for the data.  Subsequently, Authenticom was to assign the
agreement to the Debtor, and Authenticom has provided data it receives from M1 under the
agreement to the Debtor.  However, M1 contends that it has not consented to the assignment of
the agreement, and now alleges that payment is not forthcoming.  For its part, the Debtor

18540791_2.docx

disputes the quality of the data that M1 has provided under the terms of the agreement. As a result, M1 filed a complaint against the Debtor which commenced the case now pending as *M1 Data and Analytics LLC v. Xcelerated LLC*, Case No. 2017CA009064AXXXCE pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. Similarly, M1 also filed a complaint against Authenticom which commenced the case now pending as *M1 Data and Analytics LLC v. Authenticom, Inc.*, Case No. 17-645 pending before the United States District Court for the District of Delaware. Authenticom, which is a trade creditor of the Debtor in its own right, has indicated that it will seek indemnification from the Debtor.

9.      Currently, as a result of the unsustainable amount of secured debt that the Debtor took on at its inception and its contract dispute with M1, the Debtor is not able to consistently generate a profit from its operations. As a result, the Debtor has incurred significant debts. The Debtor owes: its trade creditors, not including M1 and Authenticom, approximately $25,000; potentially significant litigation claims; and $2,472,506 in secured debt to the Noteholder.

**B.      The Debtor's Efforts to Restructure Its Debts**

10.      As a consequence of its financial difficulties, prior to the Petition Date, the Debtor made extensive efforts to preserve the going-concern value of its business. Among other things, the Debtor attempted to modify its operations to increase profitability and solicited offers for the sale of its business as a going-concern. As a result of those efforts the Debtor has identified Direct Performance Data, Inc. ("DPD") as a stalking-horse purchaser of substantially all of its assets as a going-concern. Contemporaneously herewith, the Debtor has filed a motion seeking to authorize procedures for the sale of its assets as a going-concern, which would name DPD as stalking horse and provide for a quick, yet thorough, marketing process. The Debtor believes that a quick sale process is necessary because the amount of its debts will not enable it to sustain

18540791_2.docx

a lengthy sale process or bankruptcy case.

11. Concurrently with the filing of the Petition, the Debtor filed the First Day Pleadings, which request various forms of relief. Generally, the First Day Pleadings have been designed to meet the Debtor's goals of: (a) working toward a prompt liquidation of the Debtor's assets for the benefit of the Debtor's creditors; (b) creating a "soft landing" in bankruptcy to ensure that employee obligations are honored, utility service is maintained, and cash flow is not interrupted during the pendency of the Chapter 11 Case; and (c) establishing procedures for the smooth and efficient administration of the Chapter 11 Case.

12. I have reviewed and discussed with the Debtor's counsel each of the First Day Pleadings filed contemporaneously herewith (including the exhibits thereto and supporting memoranda) and incorporate by reference the factual statements set forth in the First Day Pleadings. It is my belief that the relief sought in each of the First Day Pleadings is tailored to meet the goals described above and, ultimately, will be critical to the Debtor's ability to achieve a successful reorganization.

13. As explained above, the Debtor's cash and accounts receivable are not subject to the Noteholder's lien and are not otherwise encumbered. Accordingly, the Debtor has not filed a motion seeking authority to use cash collateral, and a related cash budget. Similarly, because the Debtor's income from operations during the pendency of the Chapter 11 Case should provide for the payment of administrative expense claims the Debtor has not filed a motion seeking authority to obtain post-petition financing, and a related cash budget. Nevertheless, for the administration of the Chapter 11 Case the Debtor has provided the 3 month cash budget attached hereto as **<u>Exhibit A</u>**. The Debtor does not intend to be bound by this budget, but produces it in the spirit of transparency.

18540791_2.docx

14.     In regard to authority to pay discrete prepetition claims or continue selected programs (*e.g.*, the First Day Pleadings seeking relief related to the Debtor's obligations to their employees), the relief requested is essential to the Debtor's orderly liquidation and necessary to avoid immediate and irreparable harm to the Debtor's employees.  Impairment of the Debtor's ability to pay its remaining employees would clearly imperil the Debtor's orderly liquidation and would undermine any chance of preserving the underlying value of the Debtor's bankruptcy estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 29, 2017

_____
Pamela Lang

18540791_2.docx

## CERTIFICATE OF SERVICE

I certify that on June 29, 2017, the Declaration was served electronically through the Court's ECF system to all persons receiving electronic notifications in the Chapter 11 Case. Also on June 29, 2017, a copy of the Declaration was sent via second-day United States Mail to the Debtor, the Office of the United States Trustee, the Noteholder, the Noteholder's counsel, and the Debtor's largest unsecured creditors, each at the addresses set forth below:

| | |
|---|---|
| Xcelerated, LLC<br>2940 Hebron Park Drive, Suite 307<br>Hebron, KY 41048 | Xcelerated Investments, Inc.<br>400 Main Street, 3rd Street<br>LaCrosse, WI 54601 |
| Andrew Bosshard<br>Bosshard Parke Ltd.<br>750 3rd St. N., Suite A<br>La Crosse, WI 54602-0966 | Office of the United States Trustee<br>100 East Vine Street, Suite 500<br>Lexington, KY 40507 |
| Duke Energy<br>1000 E Main Street<br>Mail Drop WP 890<br>Plainfield, IN 46168 | Time Warner Cable<br>Attn: Legal<br>13820 Sunrise Valley Dr.<br>Herndon, VA 20171 |
| M1 Data & Analytics LLC<br>1000 NW 65th Street, Suite 200<br>Ft. Lauderdale, FL 33309 | National Auto Research a Division of Hearst<br>Media Corp, DBA Black Book<br>Attn: Jared Kalfus, Sr VP Sales<br>PO Box 758<br>Gainesville, GA |
| Broadtela<br>1491 Polaris Parkway, Ste. 65<br>Columbus, OH 43240 | Authenticom, Inc.<br>300 Main Street, Suite 300<br>Lacrosse, WI 54601 |
| JKL Global, LLC<br>P.O. Box 698<br>Palisades, NY 10964 | R. L. Polk & Co.<br>26933 Northwestern Hwy<br>Southfield, MI 48033-4703 |

/s/ James R. Irving

18540791_2.docx

# **EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M1 DATA & ANALYTICS LLC, a Florida Limited Liability Company, | |
| Plaintiff, | Civil Case No. _____ 1 7 - 6 4 5 |
| v. | JURY TRIAL DEMANDED |
| AUTHENTICOM, INC. a Wisconsin corporation, | |
| Defendant. | |

## COMPLAINT

Plaintiff, M1 DATA & ANALYTICS LLC (hereinafter "M1") sues Defendant AUTHENTICOM, INC. (hereinafter "Authenticom") for breach of contract and unjust enrichment under applicable Delaware law, in support of which M1 alleges as follows:

### I. INTRODUCTION

1. This is an action for breach of contract of a Master Service Agreement between a supplier of proprietary data (M1) and a provider of automotive data (Authenticom). Authenticom has materially breached the Master Services Agreement by: (1) failing to pay for data it has received and utilized; and (2) improperly sub-licensing M1's proprietary data and information to third parties. In addition, Authenticom has been unjustly enriched by housing, storing and selling proprietary data it acquired from M1 without paying for M1's data, and by improperly sub-licensing M1's data without M1's authorization. As a result of the breach of contract as well as unjust enrichment, M1 has been damaged in excess of $75,000.00.

### II. PARTIES

2. M1 is a Florida Limited Liability Company with its principal place of business and office located at 1000 NW 65th Street, Suite 200, Ft Lauderdale, Florida 33309. M1 is in the

business of supplying data to direct marketers and list industries. All members of M1 are citizens of Florida.

3. Authenticom is a Wisconsin corporation with its principal place of business and office located at 400 Main Street, Suite 300, La Crosse, Wisconsin, 54601. Authenticom is in the business of providing dealer management systems and data enhancement solutions for the automotive industry.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 insofar as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states within the meaning of 28 U.S.C. § 1332 (c) (1).

5. This Court has specific personal jurisdiction over the parties because M1 and Authenticom have consented to and irrevocably and unconditionally submitted to the exclusive *in personam* jurisdiction of this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (3) and ████████ ████████ the Master Service Agreement executed between M1 and Authenticom.

7. All conditions precedent to bringing this action have been performed, excused, or otherwise waived as being futile.

### IV. FACTUAL ALLEGATIONS GIVING RISE TO THE CAUSE OF ACTION

#### a. The Businesses

8. M1 is a data and analytics company that through its own proprietary technology is able to collect data. M1 provides and licenses its data to clients in order to maximize targeted campaigns, depending on specific client needs.

2

9.     Authenticom, *inter alia*, provides data/information support for automotive marketing agencies, specifically relating to automotive dealerships. As a result, Authenticom relies on companies like M1 to provide it with information that it eventually sells to its clients.

10.     At all times material hereto, Authenticom facilitated its business activities by using its affiliate, Xcelerated Investments, Inc. (which upon information and belief is wholly owned by Authenticom's President and Chief Executive Officer, Steve Cottrell) to manage, process, and license any of M1's data provided to Authenticom.

11.     In late 2015, Authenticom took steps to separate its other business practices from those being performed by its affiliate, Xcelerated Investments, Inc. In doing so, upon information and belief, Authenticom negotiated with Pam Lang of Pensa LLC to assign all of Authenticom's rights under the MSA to a newly formed company to be called Xcelerated LLC.

12.     Xcelerated LLC is a Florida Limited Liability Company with its principal office located at 6780 Plantation Pines Blvd, Fort Myers, Florida 33966. It was formed after Pam Lang purchased the assets (not the liabilities) of Xcelerated Investments, Inc. At all times material hereto, Xcelerated LLC has been Authenticom's selling partner. Xcelerated LLC's managing member is Pensa LLC.

     *b.   The Master Service Agreement*

13.     On or about July 13, 2015 M1 and Authenticom entered into a Master Service Agreement (The "MSA"). The MSA is attached hereto as Exhibit A.

14.     The MSA specified the form in which M1 would sell and license its data to Authenticom.

15.     Specifically, the MSA mandated Authenticom to pay M1 ███████████ ███████████████████████ for the rights to utilize M1's data. ███████████ ████████

16.     The MSA further provided that Authenticom ███████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████

17.     Thus, the MSA provided Authenticom with the data it bargained for, while at the same time protecting M1 's proprietary interests in its data and preventing the unlicensed use of M1's labor in acquiring the data. *Id.*

18.     In or around October 2015, it became apparent that Authenticom would be using M1's data through its selling partner, Xcelerated LLC.  Because M1's data was being housed in ███████████████████████████████ M1 and Authenticom remained the parties to the MSA.

        c.  *Performance Under The MSA*

19.     At all times material hereto, M1 fully performed its obligations under the MSA and provided Authenticom approximately **one hundred and sixty (160) million** bits of data populated with names, addresses, and various automotive statistics of individuals.

20.     At all times material hereto, Authenticom received and used M1's data for Authenticom's benefit, through Xcelerated LLC (as its selling partner).  Authenticom paid M1 through May 2016 for the use of M1's data by Authenticom and Xcelerated LLC.

21.     As a result of Xcelerated LLC's use of M1's data, on or about December 2015, M1 proposed to both Authenticom and Xcelerated that the MSA be amended and an Assignment

Agreement be executed. The proposed Addendum and Assignment are attached hereto as Composite Exhibit B.

22. Under the proposed terms of the Assignment Agreement, Authenticom guaranteed all obligations to be undertaken by Xcelerated, including payment for M1's data, up to and including November 1, 2016.

23. M1 drafted the Addendum and Assignment based upon assurances from both Authenticom and Xcelerated that documents would be executed in due course.

24. While to date neither the Addendum nor the Assignment have been executed, the parties have conducted business as though the terms and obligations of the Addendum and Assignment were in full force and effect.

   *d.  Authenticom's Material Breach of the MSA*

25. In or around May 2016, Authenticom became delinquent under the MSA by paying only a fraction of the total amount owed.

26. Despite numerous attempts by M1 to collect, Authenticom has yet to pay more than ████████ that it owes under the MSA for its (or Xcelerated's) use of M1's data. Authenticom's failure to make full payment to M1 constitutes a material breach of the MSA.

27. Upon information and belief, on or about March 1, 2016, Authenticom, through its selling partner, Xcelerated LLC, improperly sublicensed M1's data to a third-party, or multiple third parties, without permission and authority from M1.

28. Such an unauthorized sublicense also materially breaches the MSA and has caused damages to M1 in excess of $100,000.00.

5

29.     In or around June 2016, Xcelerated LLC, acting as Authenticom's selling partner, admitted its breach and paid M1 only a portion of its total outstanding unpaid balance for M1's data. Still, M1 is owed approximately ▆▆▆▆▆▆▆.

30.     In order to resolve the foregoing issues without the need for court intervention, on March 9, 2017, M1 provided Authenticom with notice of the material breaches described herein. As of the date of this pleading, however, no payment has been received by M1. M1's notice of breach is attached hereto as Exhibit C.

31.     As a result of Authenticom's continued possession and use of M1's data without payment, on April 21, 2017, M1 was forced to transmit a cease and desist notice to Authenticom to protect M1's intellectual property. A copy of the cease and desist notice is attached hereto as Exhibit D.

32.     M1 has at all times fully performed all of its duties and obligations under the MSA.

33.     M1 has complied with all conditions precedent before filing this Complaint.

### COUNT I–BREACH OF CONTRACT

34.     M1 repeats and realleges the preceding paragraphs, as if fully set forth herein.

35.     On or about July 13, 2015 M1 and Authenticom entered into a Master Service Agreement (the "MSA").

36.     The MSA specified the form in which M1 would sell and license its data to Authenticom.

37.     Specifically, the MSA mandated Authenticom to pay M1 ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆ for the rights to utilize M1's data. ▆▆ ▆▆▆▆▆▆▆ ▆▆ ▆▆ ▆▆▆▆▆▆.

38. The MSA further provided that 

39. M1 has fully performed its obligations under the MSA.

40. The MSA has not been mutually terminated.

41. On or about May 2016, Authenticom became delinquent under the MSA by failing to pay for the information provided by M1.

42. As a result of Authenticom's continued possession and use of M1's data without payment, on April 21, 2017, M1 was forced to transmit a cease and desist notice to Authenticom to protect M1's intellectual property.

43. Authenticom has materially breached the MSA by: (1) becoming delinquent on and failing to make payments to M1; and (2) improperly sublicensing M1's data to a third-party, or multiple third parties, without permission and authority from M1.

44. Any actions or omissions performed or not performed by Xcelerated LLC, as Authenticom's selling agent, are imputed against Authenticom by virtue of their relationship and as acknowledged by Authenticom and Xcelerated LLC in the Assignment.

45. The material breaches mentioned above were breaches of obligations strictly and clearly imposed by the MSA.

46. As a direct, proximate, and foreseeable consequence of Authenticom's material breaches, M1 has been and will continue to be damaged.

47. Pursuant to [redacted] 6 *Del. C.* §§ 2-701-24, and the laws of the State of Delaware, M1 is entitled to reasonable compensation.

7

48.     **WHEREFORE**, M1 respectively requests this Court's entry of a Judgment against Authenticom for damages, interest, and attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT II—UNJUST ENRICHMENT

49.     M1 repeats and realleges the preceding paragraphs, as if fully set forth herein.

50.     On or about July 13, 2015 M1 and Authenticom entered into a Master Service Agreement (the "MSA").

51.     The MSA specified the form in which M1 would sell and license its data to Authenticom.

52.     The MSA further provided that ████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████ ███ ████████████████

53.     M1 fully performed its obligation under the MSA.

54.     As a result of Authenticom's continued possession and use of M1's data without payment, on April 21, 2017 M1 was forced to transmit a cease and desist notice to Authenticom to protect M1's intellectual property.

55.     In providing its data to Authenticom, M1 conferred an enrichment upon Authenticom by allowing Authenticom to service its clients with proprietary automotive data Authenticom would not otherwise be able to obtain. Further, on information and belief Authenticom has unjustly diverted revenue belonging to M1 by improperly sublicensing the use of M1's data without M1's authorization.

56.    By supplying Authenticom with particular data, M1 has suffered an impoverishment in its inability to furnish the same data to other clients who are actually willing to pay for the property and services rendered.  Further, on information and belief M1 has been deprived of revenues that Authenticom has diverted by improperly sublicensing the use of M1's data without M1's permission.

57.    Authenticom has no justification for housing, storing and using the data provided by M1 without paying for the use of said data.

58.    No adequate remedy at law exists to make M1 whole as a result of Authenticom's continued possession and use of M1's proprietary data.

59.    WHEREFORE, M1 respectively requests this Court's entry of a Judgment against Authenticom for damages, interest, and attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

May 26, 2017

<div align="right">

/s/  Stephen D. Dargitz
Stephen D. Dargitz (Delaware ID # 3619)
MANION GAYNOR & MANNING LLP
1007 North Orange Street, 10th Floor
Wilmington, Delaware  19801
(302) 657-2100
(302) 657-2104 (fax)
SDargitz@mgmlaw.com

</div>

9

OF COUNSEL:
Alex Tirado-Luciano
(*Pro hac* motion to be filed)
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
(305) 416-3180
atl@lydeckerdiaz.com

*Counsel to the Plaintiff*
*M1 Data & Analytics LLC*

## EXHIBIT "A"

# REDACTED AND FILED UNDER SEAL

# *COMPOSITE EXHIBIT "B"*

# REDACTED AND FILED UNDER SEAL

# EXHIBIT "C"

# REDACTED AND FILED UNDER SEAL

*EXHIBIT "D"*

**REDACTED AND FILED UNDER SEAL**