**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to:<br>*Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*,<br>Case No. 1:18-cv-02521 (N.D. Ill.) | Hon. Robert M. Dow, Jr. |

**PLAINTIFF LOOP, LLC'S RESPONSE TO CDK'S STATEMENT REGARDING THE MOTION FOR APPOINTMENT OF DEREK T. HO OF KELLOGG HANSEN AS INTERIM CLASS COUNSEL FOR THE VENDOR CLASS ACTION**

Defendant CDK Global, LLC ("CDK") does not oppose Plaintiff Loop, LLC's ("AutoLoop") motion for the appointment of Derek T. Ho of Kellogg Hansen as Interim Lead Class Counsel for the putative vendor class. Nor does CDK contend that Mr. Ho and Kellogg Hansen fail to meet any of the criteria courts consider, under Federal Rule of Civil Procedure 23(g), in appointing interim class counsel. CDK's "Statement" nevertheless opines that AutoLoop's motion is not ripe and could pose a possible conflict of interest down the road. Neither point is accurate or supports denial of AutoLoop's motion.

**1.** There is nothing unusual or improper about appointing interim class counsel under Rule 23(g) when, as here, the motion is unopposed and there are no competing applications for appointment. Courts do it frequently. *See*, *e.g.*, *Gallagher v. Bayer AG*, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015) (granting motion for interim class counsel, where there were no competing suits and only the defendant opposed the motion, and noting "courts have appointed interim class counsel in the absence of other class suits."); *Buonasera v. Honest Company, Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (appointing interim class counsel, where the motion was unopposed and even though "no other plaintiffs have filed a motion seeking the

appointment of different interim [class] counsel."); *Rust-Oleum Restore Mktg.*, No. 1:15-cv-01364, Dkt. No. 107 (N.D. Ill.) (St. Eve, J.) (granting uncontested motion for appointment of class counsel in MDL).

As Professor Samuel Issacharoff explained at the June 18 status hearing, the appointment of Mr. Ho as interim class counsel for the vendor class is fully consistent with Rule 23(g) and sound MDL practice. *See* Status Hr'g Tr. (June 18, 2018) at 10:7-25. This Court has already appointed interim class counsel – Peggy J. Wedgworth of Milberg Tadler Phillips Grossman LLP – to protect the interests of the putative dealership class. AutoLoop's motion would ensure the same formal representation and protection for vendors and that, going forward, there are clear lines of responsibility for the prosecution of this MDL. *See* Manual For Complex Litigation (Fourth) § 21.11 ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities.").[1]

In the cases CDK cites (at 2), there was a single class action in the very beginning stages, with no related actions at all – much less complex MDL proceedings. *See Wang v. OCZ Tech. Grp., Inc.*, 2011 WL 13156817, at *1 (N.D. Cal. June 29, 2011) (single class action with no related cases); *Lyons v. CoxCom, Inc.*, 2009 WL 6607949, at *1 (S.D. Cal. July 6, 2009) ("no other actions pending in this or any other district"). Unlike in those cases, here there is significant value in ensuring formalized lines of responsibility in this MDL, which features a host of related cases – two class actions and three individual actions – that have already been extensively litigated and are now in the middle of discovery.

---

[1] CDK suggests (at 1) – without explanation – that there is "confusion as to which counsel represents which plaintiffs." Not so: Ms. Wedgworth and Milberg Weiss have full control over the conduct of the consolidated dealership class, while Mr. Ho and Kellogg Hansen represent the vendor class and individual plaintiffs Authenticom, Inc., Cox Automotive, Inc. (and its affiliates), and Motor Vehicle Software Corporation.

Tellingly, at the status conference, the Court asked CDK whether the Defendants would be "prejudiced in any way" by Mr. Ho's appointment as interim class counsel for the vendors. *See* Status Hr'g Tr. at 11:16-17. CDK offered no argument for prejudice *to CDK* at the hearing. Nor does CDK's "Statement" even attempt to make that showing. *See Blanchard v. Edgemark Fin. Corp.*, 1998 WL 988958, at *13 (N.D. Ill. Sept. 11, 1998) ("a party has no standing to seek disqualification of opposing counsel"); *S.E.C. v. King Chuen Tang*, 831 F.Supp.2d 1130, 1143 (N.D. Cal. 2011) (collecting cases for lack of standing to challenge opposing party's counsel).

**2.** CDK's passing suggestion (at 2) that there is a "clear possibility of a conflict [on] the issue of 'pass-through' damages" is beside the point and incorrect anyway. If the issue of pass-through ends up dividing vendors and dealers, Ms. Wedgworth will ensure the dealership class is fairly and adequately represented and Mr. Ho will do the same for the vendor class. Any potential tension over pass-through thus *supports* the appointment of formal interim class counsel for vendors, so that they are represented on an equal footing with dealers in the event that conflict ever arises.

In any case, CDK's prediction of future discord between vendors and dealers is overstated. The vendor class is agnostic about pass-through, because as direct purchasers, they are entitled to recover the full data integration overcharge, regardless of whether they passed through those overcharges to dealers. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 723-26 (1977). In turn, vendors' recovery under the Sherman Act will not prejudice the dealers' ability to recover indirect pass-through damages under applicable state antitrust laws. *See California v. ARC Am. Corp.*, 490 U.S. 93, 101-02, 105 (1989) (indirect purchasers can seek "liability over and above that authorized by federal law" where authorized by state law).

3

## CONCLUSION

The Court should grant AutoLoop's motion for the appointment of Derek T. Ho of Kellogg Hansen as interim class counsel for the vendor class.

Dated: July 2, 2018                                        Respectfully submitted,

| | |
|---|---|
| Richard J. Prendergast<br>Michael T. Layden<br>Collin M. Bruck<br>**RICHARD J. PRENDERGAST, LTD.**<br>111 W. Washington Street, Suite 1100<br>Chicago, Illinois 60602<br>Telephone: (312) 641-0881<br>rprendergast@rjpltd.com<br>mlayden@rjpltd.com<br>cbruck@rjpltd.com<br><br>Jennifer L. Gregor<br>Kendall W. Harrison<br>Allison W. Reimann<br>**GODFREY & KAHN S.C.**<br>One East Main Street<br>Suite 500<br>Madison, Wisconsin 53703<br>Telephone: (608) 284-2629<br>Fax: (608) 257-0609<br>jgregor@gklaw.com<br>kharrison@gklaw.com<br>areimann@gklaw.com | */s/ Derek T. Ho*<br>Derek T. Ho<br>Michael N. Nemelka<br>Aaron M. Panner<br>Daniel V. Dorris<br>Joanna T. Zhang<br>Joshua Hafenbrack<br>Daniel S. Guarnera<br>**KELLOGG, HANSEN, TODD,<br>  FIGEL & FREDERICK, P.L.L.C.**<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Fax: (202) 326-7999<br>dho@kellogghansen.com<br>mnemelka@kellogghansen.com<br>apanner@kellogghansen.com<br>ddorris@kellogghansen.com<br>jzhang@kellogghansen.com<br>jhafenbrack@kellogghansen.com<br>dguarnera@kellogghansen.com |

*Counsel for Plaintiff Loop, LLC, d/b/a AutoLoop*

## **CERTIFICATE OF SERVICE**

      I, Derek T. Ho, an attorney, hereby certify that on July 2, 2018, I caused a true and correct copy of the foregoing **PLAINTIFF LOOP, LLC'S RESPONSE TO CDK'S STATEMENT REGARDING THE MOTION FOR APPOINTMENT OF DEREK T. HO OF KELLOGG HANSEN AS INTERIM CLASS COUNSEL FOR THE VENDOR CLASS ACTION** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      */s/ Derek T. Ho*
      **KELLOGG, HANSEN, TODD,**
       **FIGEL & FREDERICK, P.L.L.C.**
      1615 M Street, NW, Suite 400
      Washington, D.C. 20036
      (202) 326-7900
      dho@kellogghansen.com