IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to: | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-00865 (N.D. Ill.), and | |
| *Cox Automotive, Inc., et al. v. CDK Global, LLC*, Case No. 1:18-cv-1058 (N.D. Ill.) | |

**PLAINTIFFS MOTOR VEHICLE SOFTWARE CORPORATION AND COX AUTOMOTIVE, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Motor Vehicle Software Corporation ("MVSC") and Cox Automotive, Inc. and its affiliates ("Cox Automotive") respectfully submit this notice of supplemental authority to set forth the impact of Judge St. Eve's Memorandum Opinion and Order in the *Authenticom* case, *see* Dkt. 176 ("*Authenticom* Memorandum Opinion"), on the pending motions to dismiss the complaints filed by Cox Automotive and MVSC.

**I.     Cox Automotive**

Cox Automotive is the nation's largest vendor of software applications for retail automotive operations, and is the largest direct purchaser of data integration services. Cox Automotive's complaint against CDK contains five federal antitrust claims that were addressed in Judge St. Eve's *Authenticom* Memorandum Opinion, and four state-law claims that were not alleged by *Authenticom*. Reynolds is not a defendant in Cox Automotive's lawsuit.

**A.     Count One:  Group Boycott Under Sherman Act**

Judge St. Eve held that *Authenticom* stated a viable group boycott claim based upon extensive and concrete factual allegations that CDK and Reynolds agreed to eliminate lower-

priced, independent providers of data integration services, including *Authenticom*. *See Authenticom* Mem. Op. at 25-31. Cox Automotive's complaint contains the same factual allegations of concerted conduct as Authenticom's complaint, *see Cox Automotive, Inc., et al. v. CDK Global, LLC*, No. 3:17-cv-00925 (W.D. Wis.) ¶¶ 179-188, Dkt. 1, and thus likewise states a claim for the reasons set forth in the *Authenticom* Memorandum Opinion.

### B.     Count One:  Market Division Under Sherman Act § 1

Judge St. Eve dismissed *Authenticom's* market division claim, holding that *Authenticom*, as a competitor in the data integration market, was not plausibly harmed by CDK's and Reynolds' agreement not to compete to provide data integration on the other company's DMS platform. *See Authenticom* Mem. Op. at 31-33. This reasoning does not apply to Cox Automotive, because Cox Automotive is a customer – not a competitor – in the data integration market. Cox Automotive's complaint contains plausible factual allegations that, as a direct purchaser of data integration services, Cox Automotive suffered significant price increases and quality decline due to the reduction in competitive choices that resulted from the CDK-Reynolds market-division agreement.[1]

### C.     Count Two:  Exclusive Dealing Under Sherman Act § 1

Judge St. Eve held that *Authenticom* stated a plausible claim that CDK's and Reynolds' contracts with vendors contained unlawful exclusive dealing provisions. *See Authenticom* Mem. Op. at 35-39. Cox Automotive's complaint (at ¶¶ 189-196) alleges that CDK imposed an unlawful

---

[1] *See*, *e.g.*, *Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46 (1990) (customer suing over market-division agreement); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 378 (9th Cir. 2003) (antitrust laws are "designed to protect customers from the harm of unlawfully elevated prices" and thus "protect customers from harm directly related to the unlawful removal of a competitive product from the market" via a market-division agreement).

2

exclusive dealing requirement on it. Cox Automotive's claim satisfies Rule 12(b)(6) for the same reasons Judge St. Eve gave in denying Defendants' motions to dismiss in *Authenticom*.

### D. Count Three: Tying Under Sherman Act § 1

Judge St. Eve dismissed *Authenticom's* tying claim. *See Authenticom* Mem. Op. at 40-43. Cox Automotive acknowledges that its tying claim is based on the same factual allegations and legal theory as *Authenticom's*. Thus, without prejudice to its right to challenge this aspect of Judge St. Eve's opinion at later stages of this litigation, Cox Automotive acknowledges that, under that decision, its tying allegations fail to state a claim.

### E. Count Four: Monopolization Under Sherman Act § 2

Judge St. Eve held that *Authenticom* stated a viable Section 2 monopolization claim under *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451 (1992). *See Authenticom* Mem. Op. at 43-51. Specifically, Judge St. Eve held that *Authenticom's* complaint contains factual allegations that plausibly support the conclusion that CDK (and Reynolds) monopolized a properly defined "aftermarket" for data integration services for its own DMS customers. *See id.* at 46-47. Cox Automotive's complaint contains parallel factual allegations (at ¶¶ 205-210) and thus similarly states a viable claim under Rule 12(b)(6).

### F. Counts Five Through Nine: State-Law Claims

The *Authenticom* Memorandum Opinion does not address Cox Automotive's remaining claims, which should not be dismissed for the reasons set out in Cox Automotive's opposition brief. *See* Opp'n. to Def. Mot. to Dismiss at 22-25, Dkt. 126.

## II. MVSC

MVSC is a vendor of electronic vehicle registration ("EVR") software applications in several states, including California. As such, it is both a direct purchaser of data integration

services and a competitor against CDK and Reynolds, which also sell EVR software applications through their jointly owned subsidiary Computerized Vehicle Registrations ("CVR"). MVSC's initial complaint alleged both Section 1 and Section 2 claims. Prior to this MDL, Judge Fischer of the Central District of California found that MVSC pleaded a viable Section 1 claim for conspiracy against CDK and Reynolds. *See Motor Vehicle Software Corp. v. CDK Global, Inc. et al.*, No. 2:17-cv-00896-DSF-AFM (C.D. Cal.), Dkt. 73 ("*MVSC Opinion*"). However, Judge Fischer dismissed MVSC's Section 2 monopolization and conspiracy to monopolize claims with leave to amend. *See id.* at 8-12. Thereafter, MVSC amended its complaint to add allegations to support its Section 2 claims. *See generally MVSC*, Dkt. 76 ("MVSC Second Amended Complaint"). Defendants' motions to dismiss MVSC's Second Amended Complaint were fully briefed before Judge Fischer before being transferred to this Court, where they remain pending.[2]

### A. Count One: Group Boycott Under Sherman Act § 1 (CDK and Reynolds)

Judge Fischer's *MVSC Opinion* held that MVSC stated a viable group-boycott claim under Sherman Act § 1, based on MVSC's allegations that CDK and Reynolds entered into agreements (1) to prevent MVSC from participating in their in-house data integration programs (the 3PA and RCI programs); and (2) to eliminate independent data integrators. *See MVSC Op.* at 3-4, 6-8, Dkt. 73. That decision is law of the case, and this Court need not – indeed should not – revisit it. *See Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010) ("[L]aw-of-the-case principles are applicable when a case is transferred to a new judge midway through litigation"). We note, in any event, that Judge Fischer's decision is consistent with Judge St. Eve's

---

[2] After *MVSC* was transferred to this Court, Judge St. Eve ordered the parties to submit supplemental briefs on the pending MVSC motions to dismiss, to address any differences between Seventh Circuit and Ninth Circuit law. Those briefs are located on the MDL docket as follows: Dkt. 118 (Reynolds); Dkt. 120 (CDK); Dkt. 121 (CVR); and Dkt. 136 (MVSC).

*Authenticom* Memorandum Opinion, which likewise found that *Authenticom* had plausibly alleged an unlawful horizontal conspiracy to exclude independent data integrators.

### B.     Count Two:  Monopolization Under Sherman Act § 2 (CDK and CVR)

Judge St. Eve's *Authenticom* Memorandum Opinion did not directly address MVSC's monopolization claim against CDK and CVR.  However, Judge St. Eve's opinion forecloses CDK's argument that *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004), is a barrier to MVSC's Section 2 monopolization claim.  As in *Authenticom*, Defendants try to shoe-horn MVSC's monopolization claim into the rubric of unilateral refusal-to-deal.  But, like *Authenticom*, MVSC's Second Amended Complaint concretely alleges affirmative conduct that the law has long recognized as anticompetitive, such as the horizontal conspiracies under Section 1 that Judge Fischer already sustained.  Accordingly, as Judge St. Eve held in *Authenticom*, *Trinko* offers no basis for dismissal.  *See Authenticom* Mem. Op. at 50 (holding that Defendants' horizontal conspiracy is anti-competitive conduct for Section 2 purposes and noting that Defendants' *Trinko* arguments are "both premature and misplaced").

### C.     Count Three:  Conspiracy To Monopolize Under § 2 (CDK, Reynolds, CVR)

Judge St. Eve's *Authenticom* Memorandum Opinion did not directly address MVSC's conspiracy to monopolize claim.  However, Judge St. Eve's opinion forecloses the argument made by Reynolds (but not CDK or CVR) that MVSC lacks antitrust injury because it previously obtained data in ways that Reynolds argues violated the Computer Fraud and Abuse Act ("CFAA").  As Judge St. Eve explained, under binding Supreme Court and Seventh Circuit precedent, the CFAA does not constitute a defense to antitrust liability.  *See Authenticom* Mem. Op. at 18-22.  Accordingly, Reynolds' assertion of a CFAA violation – which MVSC vigorously denies – would not warrant dismissal of MVSC's federal antitrust claims even if it were accepted

5

as true. *See* MVSC Consolidated Opp'n. to Def.'s Mots. to Dismiss at 23-25, Dkt. 47 (identifying additional reasons why Reynolds' CFAA argument is meritless with respect to MVSC).

Case: 1:18-cv-00864 Document #: 235 Filed: 07/02/18 Page 6 of 8 PageID #:6765

Dated: July 2, 2018 Respectfully submitted,

   */s/ Derek T. Ho*

Gary Salomons    Derek T. Ho
Daniel J. Friedman    Michael N. Nemelka
**GabrielSalomons, LLP**    Aaron M. Panner
16311 Ventura Blvd., Ste. 970    David L. Schwarz
Encino, CA 91436    Kevin J. Miller
(818) 906-3700    Daniel V. Dorris
gary@gabrielsalomons.com    Joshua Hafenbrack
daniel@gabrielsalomons.com    Daniel S. Guarnera
   **Kellogg, Hansen, Todd,**
*Attorneys for Plaintiff Motor Vehicle*     **Figel & Frederick, P.L.L.C.**
*Software Corporation*    1615 M Street, NW, Suite 400
   Washington, D.C. 20036
   (202) 326-7900
Jennifer L. Gregor    dho@kellogghansen.com
Kendall W. Harrison    mnemelka@kellogghansen.com
**Godfrey & Kahn S.C.**    apanner@kellogghansen.com
One East Main Street, Suite 500    dschwarz@kellogghansen.com
Madison, WI 53703    kmiller@kellogghansen.com
(608) 257-0609    ddoris@kellogghansen.com
jgregor@gklaw.com    jhafenbrack@kellogghansen.com
kharrison@gklaw.com    dguarnera@kellogghansen.com

*Attorneys for Cox Automotive, Inc.,*    *Attorneys for Cox Automotive, Inc.,*
*Autotrader.com, Inc., Dealer Dot Com,*    *Autotrader.com, Inc., Dealer Dot Com,*
*Inc., Dealertrack, Inc., HomeNet, Inc.,*    *Inc., Dealertrack, Inc., HomeNet, Inc.,*
*Kelley Blue Book Co., Inc., vAuto, Inc.,*    *Kelley Blue Book Co., Inc., vAuto, Inc.,*
*VinSolutions, Inc., and Xtime, Inc.*    *VinSolutions, Inc., and Xtime, Inc. and*
   *Motor Vehicle Software Corporation*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on July 2, 2018, I caused a true and correct copy of the foregoing **PLAINTIFFS MOTOR VEHICLE SOFTWARE CORPORATION AND COX AUTOMOTIVE, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

       /s/ Derek T. Ho
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com