IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| ALL CLASS ACTION CASES | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
BRIEFS IN EXCESS OF FIFTEEN PAGES**

Pursuant to Local Rule 7.1, Defendants CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") respectfully file this motion for leave for each Defendant to file a brief in excess of 15 pages in support of their respective motions to dismiss/motions to compel arbitration in this matter as follows: CDK seeks to file (1) a brief of no more than 50 pages in support of its motion to dismiss the Consolidated Class Action Complaint (Dkt. 184) on behalf of the putative dealer class, and (2) a brief of no more than 20 pages in support of its motion to dismiss the Amended Complaint – Class Action (Dkt. 194) on behalf of the putative vendor class. Reynolds seeks to file: (1) a brief of no more than 25 pages in support of its motion to compel arbitration in the dealer class action; and (2) subject to that motion, a brief of no more than 50 pages in support of its motion to dismiss the Consolidated Class Action Complaint (Dkt. 184).[1] In support of this motion, CDK and Reynolds state as follows:

**THE DEALER CONSOLIDATED CLASS ACTION COMPLAINT (Dkt. 184)**

1. This case is a multidistrict litigation proceeding related to alleged anticompetitive conduct on the part of the defendants.

---

[1] Reynolds is not a defendant in the putative vendor class action.

1

2. The Dealer Class Plaintiffs initially filed three cases in three different jurisdictions arising out of Defendants' alleged conduct. *See Teterboro Automall, Inc., et al. v. CDK Global, LLC, et al.,* Case No. 17-CV-8714 (D.N.J.); *Hartley Buick GMC Truck, Inc. v. CDK Global, LLC, et al.,* Case No. 17-CV-7827 (N.D. Ill.); *John O'Neil Johnson Toyota, LLC v. CDK Global, LLC,* Case No. 17-CV-888 (S.D. Miss.).

3. On February 1, 2018, the Judicial Panel on Multidistrict Litigation ordered these cases centralized and consolidated before this Court, along with what were then two individual actions—*Authenticom, Inc. v. CDK Global, LLC, et al.*, Case No. 17-CV-318 (W.D. Wisc.) and *Motor Vehicle Software Corp. v. CDK Global, Inc., et al.*, Case No. 17-CV-896 (C.D. Cal.). *See* Transfer Order (Dkt. 1).

4. While the MDL proceedings were pending, thirteen additional putative dealer class action complaints were filed—also in various jurisdictions—and two additional individual actions were filed. *See Hoover Automotive, LLC, et al. v. CDK Global, LLC, et al.,* Case No. 17-CV-864 (W.D. Wisc.); *JCF Autos LLC, et al. v. CDK Global, LLC, et al.,* Case No. 17-CV-11975 (D.N.J.); *Kenny Thomas Enterprises, Inc. v. CDK Global, LLC,* Case No. 18-CV-29 (S.D. Ohio); *Massey Chrysler Center, et al. v. CDK Global, et al.,* Case No. 18-CV-42 (M.D. Alabama); *Cox Motors N.C., Inc. v. CDK Global LLC,* Case No. 18-CV-846 (N.D. Illinois); *Northtown Automotive Companies Inc. v. CDK Global, LLC, et al.,* Case No. 18-CV-833 (N.D. Ill.); *Bob Baker Volkswagen v. CDK Global, LLC, et al.,* Case No. 18-CV-909 (N.D. Illinois); *Baystate Ford Inc. v. CDK Global, LLC, et al.,* Case No. 18-CV-995 (N.D. Illinois); *F.G. Downing Development, Inc. v. CDK Global, LLC, et al.,* Case No. 18-CV-987 (N.D. Ill.); *Pensacola Motor Sales, Inc. d/b/a Bob Tyler Toyota, Inc. v. CDK Global, LLC and The Reynolds and Reynolds Company,* Case No. 18-CV-1402 (N.D. Ill.); *Waconia Dodge, Inc. v. CDK Global,*

*LLC and The Reynolds and Reynolds Company, Case* No. 18-CV-1707 (N.D. Ill.); *Apex Motor Co. d/b/a Shearer Acura v. CDK Global, LLC and The Reynolds and Reynolds Company*, Case No. 18-CV-2666 (N.D. Ill.); *Cox Automotive, Inc., et al. v. CDK Global, LLC*, 17-CV-925 (W.D. Wis.); *Loop, LLC d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-CV-2521 (N.D. Ill.). All of the actions were consolidated as part of this MDL.

5. After consolidation and the receipt of substantial document productions from both Defendants, Dealer Class Plaintiffs in this case filed their Consolidated Class Action Complaint ("Consolidated Complaint") on June 4, 2018. Dkt. 184.

6. By order of this Court, Defendants each must answer or otherwise plead by July 11, 2018. Dkt. 166.

7. Dealer Plaintiffs' Consolidated Complaint contains 50 causes of action brought under both federal law and the law of 36 different states, is 167-pages long, contains 737 paragraphs of allegations, and is brought on behalf of 25 named plaintiffs who, in turn, purport to represent a nationwide putative class and 36 individual state classes. In addition, Dealer Plaintiffs attach 56 CDK-produced documents (61 exhibits total) to their complaint that they contend support their allegations. *See* Consolidated Class Action Complaint (Dkt. 184).[2]

---

[2] Although the original complaints named 18 representative plaintiffs, one plaintiff— Pensacola Motor Sales, Inc. d/b/a Bob Tyler Toyota, Inc.—subsequently voluntarily dismissed its claims. *See* Dkt. 157. In their Consolidated Class Action Complaint, the Dealer Plaintiffs dropped seven more named plaintiffs—Apex Motor Co. d/b/a Shearer Acura, Bob Baker Volkswagen, Cox Motors N.C., Inc., F.G. Downing Development, Inc., Hartley Buick GMC Truck, Inc., Massey Chrysler Center, et al., Northtown Automotive Companies, Inc. (all of which have active complaints, that, according to plaintiffs, are being held in "abeyance" pending class certification (Tr. (Dkt. 211) at 16:13-15)—but added eleven others. *See* Consolidated Class Action Complaint ¶¶ 26-50.

8. Every plaintiff asserts claims for damages and declaratory and injunctive relief for alleged violations of the Sherman Act. *Id.* ¶¶ 167-208. Different subsets of plaintiffs also assert claims under certain states' antitrust and consumer fraud statutes. *Id.* ¶¶ 209-736.

9. Plaintiffs also purport to bring claims under the laws of 35 states and the District of Columbia even though no plaintiff resides or is incorporated in 25 of those jurisdictions. *See id.* ¶¶ 209-736 (citing statutes of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin) and ¶¶ 26-50 (identifying named plaintiffs incorporated and/or residing in Delaware, Illinois, Kansas, Massachusetts, Minnesota, Mississippi, Nevada, New Jersey, New Mexico, New York, and South Carolina).

10. CDK and Reynolds intend to seek dismissal of the claims against them, respectively, under Fed. R. Civ. P. 12(b)(6). Because of the number and breadth of both the claims asserted in the Consolidated Class Action Complaint and the grounds for dismissing those claims, Defendants do not believe that the 15 pages presumptively allowed by Local Rule 7.1 will be sufficient to adequately brief its arguments in an intelligent and helpful way. CDK and Reynolds respectfully request that they each be permitted to file a brief containing up to 50 pages in support of their respective motions to dismiss.

11. CDK and Reynolds believe that 50 pages each are necessary to demonstrate the myriad ways in which plaintiffs' 50 claims are subject to dismissal. Even with 50 pages, Defendants could only dedicate a fraction of a page to each particular claim against them. And

many of plaintiffs' claims fail on multiple grounds, requiring additional discussion in the brief. Moreover, many of the 60+ exhibits, including 50+ CDK-produced documents that plaintiffs attach to the complaint must be addressed.

12. Similarly, Reynolds believes that 25 pages are necessary for it to demonstrate the factual and legal bases for its motion to compel arbitration of the putative dealer class plaintiffs' Complaint. Reynolds's motion to compel arbitration raises issues separate and distinct from those it intends to raise in its motion to dismiss and will require discussion and attachment of, the contracts that mandate the relief they request.

13. Defense counsel will continue to make every effort to keep the briefs in support of their motions to dismiss as short as practicable and will, in good faith, endeavor not to unnecessarily duplicate arguments advanced by each other. But based on the (still in progress) draft, counsel believes that a maximum of 50 pages is necessary to allow for an intelligent and helpful presentation of Defendant's specific arguments in support of their respective motions to dismiss.

14. Defense counsel negotiated, in good faith, with counsel for the dealer plaintiffs by telephone and email correspondence regarding this request for additional pages, but were unable to reach agreement. *See* Ex. A (email chain between P. Wedgworth and B. Miller, 6/20/18-6/25/18); Ex. B (email chain between P. Wedgworth and B. Miller, 6/26/18-7/2/18). As of their last communication, dealer class counsel were willing to agree to 40 pages each of both CDK's and Reynolds's motions to dismiss, but only if those numbers were *inclusive* of exhibits. *See* Ex. C (7/2/18 E-mail from P. Wedgeworth to B. Miller and A. Gulley).[3] At this point in their

---

[3] Although Reynolds believed it had negotiated a 25/25/10 split of pages with plaintiffs with regard to its motion to compel arbitration, it appears from the parties' correspondence (even if not explicitly referenced) that plaintiffs' demand that exhibits be included in any page count applies to that motion as well.

5

drafting, however, the exhibits to Defendants' filings remain in flux and thus neither Defendant is in a position to accept plaintiffs' offer (nor do they believe it reasonable under the circumstances). Defendants agree that plaintiffs may have the same number of pages they are given for their response.

15. Given that Defendants' motions are due in less than a week, and the parties have been unable to come to an agreement, Defendants felt it necessary to bring the issue to the Court for resolution.

16. For the foregoing reasons, good cause exists for Defendants to file briefs in excess of 15 pages.

### THE AUTOLOOP VENDOR CLASS ACTION COMPLAINT (Dkt. 194)

17. On April 9, 2018, Loop, LLC d/b/a AutoLoop ("AutoLoop") filed an individual action against CDK alleging conduct similar to that alleged in the other complaints in this MDL. *See Loop, LLC d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-CV-2521 (N.D. Ill.) (Dkt. 1).

18. On May 9, 2018, CDK moved to dismiss that Complaint. *See id.* (Dkt. 73). CDK's memorandum in support of that motion was 15 pages. *Id.*

19. On June 5, 2018, in lieu of a response to CDK's motion to dismiss, AutoLoop filed an amended complaint. Dkt. 194. But unlike its first complaint, AutoLoop's amended complaint purports to be on behalf of AutoLoop and two putative classes of vendor plaintiffs. *See id.* ¶¶ 161-171 (allegations relating to the putative "Nationwide Sherman Act Class" and the "Florida State-Law Subclass").

20. In addition, the AutoLoop amended complaint includes, for the first time, claims under the Florida Antitrust Act and the Florida Deceptive and Unfair Trade Practices Act. *Id.*

6

¶¶ 196-205. It also attaches, again for the first time, 16 exhibits (all CDK-produced documents) that AutoLoop claims support its allegations.

21. Notwithstanding plaintiffs' counsel's statements at the June 18, 2018 Hearing (Tr. (Dkt. 211) at 29:8-30:1) that the Court's *Authenticom* decision "decided" any arguments defendants might be "tempted" to raise,[4] CDK believes that 20 pages are necessary to demonstrate the ways in which AutoLoop's individual and class claims are subject to dismissal under Rule 12(b)(6). And, as with the Dealer Class complaint, CDK has to again[5] address a host of CDK-produced documents that plaintiffs (wrongly) allege support their allegations.

22. Counsel for CDK will continue to make every effort to keep the brief in support of its motion to dismiss as short as practicable. But, here again, based on the (still in progress) draft, counsel believes that a maximum of 20 pages is necessary to allow for an intelligent and helpful presentation of CDK's arguments in support of its motion to dismiss.

23. Counsel for AutoLoop has advised that they object to anything more than 15 pages. *See* Ex. D (6/21/18 E-mail from D. Guarana to B. Miller). CDK agrees that AutoLoop may have the same number of pages CDK is given for its response to CDK's motion to dismiss the complaint.

WHEREFORE, Defendants respectfully request that the Court grant this motion and allow CDK and Reynolds to each file a brief containing up to 50 pages in support of its motion to dismiss the Dealer Plaintiffs' Consolidated Class Action Complaint (Dkt. 184), allow

---

[4] The Kellogg Hansen firm also filed a notice of "supplemental authority" directed at the motions to dismiss in the *MVSC* and *Cox* cases that is not supplemental authority at all, but rather an impermissible attempt to tell this Court how it should read Judge St. Eve's decision in the *Authenticom* case. *See* Dkt. 235. As this Court stated at the June 18 status, the Court fully intends to review the *Authenticom* decision so that *it* can properly determine how that ruling applies, if at all, to the other actions in this MDL. Tr. at 30:17-31:11.

[5] The same 16 documents were previously—CDK believes improperly—attached to another of Kellogg Hansen's filings on behalf of another of its clients—Cox Automotive. *See* Dkt. 128.

Reynolds a brief containing up to 25 pages in support of its motion to compel arbitration in the dealer class action, and allow CDK to file a brief up to 20 pages in support of its motion to dismiss AutoLoop's Vendor Amended Class Action Complaint (Dkt. 194).

Dated: July 5, 2018

Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
Justin D. Patrick
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com
jpatrick@gibbsbruns.com

Michael P.A. Cohen
Amar S. Naik
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
anaik@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

Dylan I. Ballard
S<small>HEPPARD</small> M<small>ULLIN</small> R<small>ICHTER</small>
& H<small>AMPTON</small>, LLP
Four Embarcadero Center, 17<small>th</small> Floor
San Francisco, CA 94111
(415) 434-9100
dballard@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

## **CERTIFICATE OF SERVICE**

  I, Britt M. Miller, an attorney, hereby certify that on July 5, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF FIFTEEN PAGES**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

              */s/ Britt M. Miller*
              Britt M. Miller
              MAYER BROWN LLP
              71 South Wacker Drive
              Chicago, IL 60606
              Phone: (312) 782-0600
              Fax: (312) 701-7711
              E-mail: bmiller@mayerbrown.com