# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** <br><br> **This Document Relates To:** <br><br> **THE DEALERSHIP CLASS ACTION** | MDL No. 2817 <br> Case No. 18-cv-00864 <br><br> Honorable Robert M. Dow, Jr. <br> Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE AN OPPOSITION TO DEFENDANTS' MOTION <u>FOR LEAVE TO FILE BRIEFS IN EXCESS OF FIFTEEN PAGES</u>**

Dealership Class Plaintiffs[1] ("Dealership Plaintiffs"), respectfully oppose Defendants' Motion for Leave to File Briefs in Excess of Fifteen Pages (ECF No. 237).

## INTRODUCTION

1. Despite Dealership Plaintiffs' offer of generous page extensions to CDK and Reynolds, Defendants rejected that offer (Defs' Motion, ECF No. 237, ¶ 14). Now with only days before motions to dismiss are due, Defendants request 125 pages for briefing the motions to dismiss the Dealership Plaintiffs' complaint. The additional 95 pages beyond the 15 pages permitted by Local Rule 7.1 is excessive. Moreover, Defendants should not be permitted to use

---

[1] Dealership Class Plaintiffs consist of the following named plaintiffs: ACA Motors, Inc. d/b/a Continental Acura; Baystate Ford Inc.; Cherry Hill Jaguar; Cliff Harris Ford, LLC d/b/a Warrensburg Ford; Continental Autos, Inc. d/b/a Continental Toyota; Continental Classic Motors, Inc. d/b/a Continental Autosports; 5800 Countryside, LLC d/b/a Continental Mitsubishi; HDA Motors, Inc. d/b/a Continental Honda; H & H Continental Motors, Inc. d/b/a Continental Nissan; Gregoris Motors, Inc.; Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville; JCF Autos LLC d/b/a Stevens Jersey City Ford; Jericho Turnpike Sales LLC d/b/a Ford & Lincoln of Smithtown; Jim Marsh American Corporation d/b/a Jim Marsh Mitsubishi Suzuki Kia Mahindra; John O'Neil Johnson Toyota, LLC; Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota; Marshall Chrysler Jeep Dodge, LLC d/b/a Marshall Chrysler Jeep Dodge Ram; Naperville Zoom Cars, Inc. d/b/a Continental Mazda; NV Autos, Inc. d/b/a Continental Audi; Patchogue 112 Motors LLC d/b/a Stevens Ford; Pitre Imports, LLC d/b/a Pitre Kia; Pitre, Inc. d/b/a Pitre Buick GMC; Teterboro Automall, Inc. d/b/a Teterboro Chrysler Dodge Jeep Ram; Waconia Dodge, Inc. d/b/a Waconia Dodge Chrysler Jeep Ram; and Warrensburg Chrysler Dodge Jeep, L.L.C. d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat.

potential attachments to the briefing as *additional* pages for legal argument. Any case citations or legal arguments which may be contained in any exhibits, appendices, and/or other attachments effectively gives Defendants an *unlimited* page extension. Despite multiple requests from Dealership Plaintiffs' counsel to clarify the content of any potential attachments, Defendants have refused to do so.

2. In nationwide antitrust cases, briefing regarding repealer state statutes for state antitrust claims typically may involve individual state arguments and may be briefed in several ways. If those arguments are made in the briefing itself, then 30 pages for each Defendant's briefing is more than sufficient. It was the understanding that any legal arguments regarding state statutes and their applicability would be contained in the briefing, and not found in any attachments to the brief. However, some litigants choose to put such arguments in a chart, which includes each state's relevant case law. If this method is chosen by Defendants, then their legal briefs can be substantially shorter. Dealership Plaintiffs' counsel has attempted to get clarity from Defense counsel on this issue without success.

3. Defendants' request for 125 pages of briefing, as well as additional appendices, exhibits and/or other attachments that may contain legal citations and arguments, is excessive, and essentially renders any agreement regarding page extensions meaningless. Any attempt to circumvent the page limit with appendices, exhibits and/or attachments containing legal arguments is plainly improper, is contrary to the law, and should be included as part of the page limitation. *See, e.g., Sheeley v. Wilson Sporting Goods Co.*, 2017 WL 5517352, at n.4 (N.D. Ill. Nov. 17, 2017) (holding that the defendant's 16-page table of state law variances constituted "written advocacy" and thus violated the page limit set by Local Rule 7.1.).

4. Accordingly, Dealership Plaintiffs respectfully request the Court enter an order with the following briefing schedule and page limitations:

A. On July 11, 2018, CDK and Reynolds may each file a brief of no more than 30 pages in support of their respective motions to dismiss the Dealership Plaintiffs' Consolidated Class Action Complaint (ECF No. 184).

B. On August 8, 2018,[2] the Dealership Plaintiffs may file a single brief of no more than 60 pages, or two briefs of no more than 30 pages each, in opposition to Defendants' motions to dismiss.

C. On August 29, 2018, CDK and Reynolds may each file a brief of no more than 15 pages in reply to the Dealership Plaintiffs' response(s).

D. The page counts of the briefs referred to in paragraphs A-C above are the total number of pages permitted in each respective brief, and are inclusive of any charts, appendices, exhibits, declarations, affidavits, summaries, and/or any other attachments that contain case citations or legal argument.

**I. DEFENDANTS OMIT SIGNIFICANT COMMUNICATIONS BETWEEN THE PARTIES REGARDING NEGOTIATIONS ON PAGE EXTENSIONS**

5. On multiple occasions, Dealership Plaintiffs' counsel requested Defendants clarify the content of any proposed attachments (including appendices and exhibits), but Defendants repeatedly refused to do so. In their motion, Defendants briefly discuss negotiations between the parties, referring to Exhibits A-C (Defs' Motion, ¶ 14). In an omitted communication from Defendants' brief, CDK counsel Britt Miller, states that, "whereas neither Defendant intends to file additional narrative argument as an exhibit, … neither is in a position to

---

[2] Given Defendants' request for page extensions, Dealership Plaintiffs request a one week extension from the dates in the Case Management Order (ECF No. 166) for Dealership Plaintiffs' opposition brief and Defendants' reply briefs.

3

say at this time, that in the event they attach exhibits, they couldn't be characterized as 'argumentative' (e.g., a chart of the 36 states laws)." *See* Exhibit A.

      6.      In response, on July 2, 2018, Ms. Wedgworth wrote a detailed email to Ms. Miller, clarifying Dealership Plaintiffs' position, stating in pertinent part, "I have not agreed to any additional legal arguments attached to the briefs in the form of exhibits, appendices, and/or other documents. I have never said that exhibits or appendices are not allowed, but simply that page limits are inclusive of appendices, exhibits and/or other documents as I am concerned that legal arguments or legal citations will appear in those documents …. If you will provide additional detail as to what you and Reynolds intend to include as appendices or exhibits, then we will consider it. For example, a chart that cites no case law but merely reproduces a statute may be acceptable. However, if any appendix, chart, graph, and/or other work product attached to the briefs contains case citations, then it encompasses legal analysis that should either be in the brief or included in the agreed-upon page count. Your email earlier today states that you will not include 'additional narrative argument as an exhibit' but I am unclear as to what this means, and do not recall specifically your reference to our earlier conversation. Again, an example of what you mean by this would be helpful." *See* Defs' Motion, Exhibit C; *see* also Exhibit B annexed hereto.

      7.      As early as June 27, 2018, Dealership Plaintiffs' counsel requested clarification: "We cannot agree to unlimited appendices, declarations, exhibits and other miscellaneous attachments which could make this briefing unwieldy. If you can outline for us what you anticipate as possible attachments outside of the 40 page briefing, we can discuss that. Our concern is that additional argument will be made in any attachments making the 40 page

agreement meaningless." See Defs' Motion, Exhibit B, P. Wedgworth June 27, 2018 email to B. Miller, 9:08 am.

8.      Defendants failed to respond to Dealership Plaintiffs' July 2, 2018 email until three days later on July 5, at which time Ms. Miller stated, "I've spoken with Andi [Reynolds' counsel] and as Defendants are, not surprisingly, still working on their briefs and exhibits, they are not in a position to articulate, more than they already have, what they intend to attach to their pleadings." Defendants then informed Dealership Plaintiffs' counsel they would be filing the subject motion. See July 5, 2018 email annexed hereto as Exhibit B.[3]

## II.     EXHIBITS OR ATTACHMENTS THAT SET FORTH LEGAL ARGUMENTS COUNT TOWARD PAGE LIMITATIONS IN THIS DISTRICT

9.      Courts in this district have held that, where a party uses exhibits or attachments to set forth legal arguments, those materials count towards the page limitations set forth by Local Rule 7.1 or applicable court order. *See Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 854 (N.D. Ill. Mar. 12, 2018) ("As an initial matter, the Court takes issue with defendants' incorporation by reference of their summary judgment briefing to support their adequacy argument, which effectively negates the local rule's page-limit requirements (that defendants were already given leave to exceed)."); *Sheeley v. Wilson Sporting Goods Co.*, 2017 WL 5517352, at n.4 (N.D.Ill. Nov. 17, 2017) (holding that the defendant's 16-page table of state

---

[3] It is also of note that a large part of Defendants' motion is devoted to the procedural history of this case (Defs' Motion, ¶¶ 2-5), which has no bearing on page extensions, and only serves as an attempt to muddy the waters. The value of listing, for example, the various dealer class action complaints -- which takes up almost a page -- is negligible, and it may be surmised as an attempt to make the task of opposing the complaint more onerous and somehow deserving of an excessive amount of pages. Similarly of dubious value to the issue of page extensions is the misrepresentation by Defendants of what was allegedly said by plaintiffs at the June 18, 2018 Status Conference (Defs' Motion at 3, n.2). In fact, Dealership Plaintiffs made no representation as to the status of Apex Motor Co. d/b/a Shearer Acura, Cox Motors N.C. Inc., F.G. Downing Development, Inc., Hartley Buick GMC Truck, Inc., Massey Chrysler Center, *et al.*, or Northtown Automotive Companies, Inc. and it was Professor Issacharoff who commented that any cases held in "abeyance" applied only to Bob Baker Volkswagen. (ECF No. 211, Tr. at 16:5-15).

law variances constituted "written advocacy" and thus violated the page limit set by Local Rule 7.1.); *Hernandez v. Wyeth-Ayerst Laboratories, Inc.*, 2017 WL 1386176, at *4 (N.D. Ill. Apr. 18, 2017) (holding that the plaintiff violated Local Rule 7.1 by incorporating a section of a previous filing into his current response); *La Playita Cicero, Inc., v. Town of Cicero, Illinois*, 2017 WL 1151066, at n.6 (N.D. Ill. Mar. 28, 2017) (declining to consider additional arguments because "[p]arties are not permitted to circumvent the page limits imposed by Local Rule 7.1 by incorporating other documents by reference in this manner, and the Court is in any event not obligated to construct legal arguments not presented in the parties' briefs."); *Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 592 (N.D. Ill. Aug. 23, 2013) (holding that a party's attempt to incorporate by reference a legal argument more fully laid out in a Rule 37.2 discovery report would circumvent and indeed negate the rules on page limitations.); *Garden City Employees' Retirement System v. Anixter Intern., Inc.*, 2011 WL 1303387, at *1 (N.D. Ill. Mar. 31, 2011) (holding that a chart attached as an exhibit to the defendant's motion did not violate the applicable page limit because it did not present any new information or argument and plaintiffs had already responded to the chart).

**III.    THIRTY PAGES IS SUFFICIENT FOR EACH DEFENDANT TO ADDRESS ALL LEGAL ARGUMENTS**

10.    Should this Court grant a page extension in the dealership litigation to 30 pages for each Defendant and dealership Plaintiffs' response, all parties will have sufficient space to put forth all relevant arguments in this matter.  As to Reynolds who now seeks additional briefing (over and above the 100 pages of briefing by CDK and Reynolds for their motions to dismiss) of 25 pages to file a motion to compel plaintiffs to arbitrate their claims, the proper procedural vehicle to do so is a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Reynolds' 30 page brief would allow all legal arguments it deems necessary to be

included. Reynolds should not be allowed, through the tactic of separating its various arguments into separate motions, to gain additional pages for its arguments. Motions seeking dismissal or arbitration are routinely filed as one motion. *See, e.g.*, *Kemph v. Reddam*, 2015 WL 1510797, at *1 (N.D. Ill. Mar. 27, 2015); *Ace Hardware Corp. v. Expo Group, L.P.*, 2011 WL 761554, at *2 (N.D. Ill. Feb. 23, 2011). In any event, 30 pages is more than sufficient for Reynolds to advance its arguments in support of dismissal and arbitration.[4]

## CONCLUSION

11. For the foregoing reasons, Dealership Plaintiffs respectfully request this Court deny Defendants' motion and instead enter an order stating that (A) on July 11, 2018, CDK and Reynolds may each file a brief of no more than 30 pages in support of their respective motions to dismiss the Dealership Plaintiffs' Consolidated Class Action Complaint (ECF No. 184); (B) on August 8, 2018, the Dealership Plaintiffs may file a single brief of no more than 60 pages, or two briefs of no more than 30 pages each, in opposition to Defendants' motions to dismiss; (C) on August 29, 2018, CDK and Reynolds may each file a brief of no more than 15 pages in reply to the Dealership Plaintiffs' response(s); and (D) the page counts of the briefs referred to in paragraphs A-C above are the total number of pages permitted in each respective brief, inclusive of any charts, appendices, exhibits, declarations, affidavits, summaries, and/or any other attachments that contain legal citations or legal argument.

---

[4] Defendants' motion discusses that "Reynolds' believed it had negotiated a 25/25/10 split of pages with plaintiffs with regard to its motion to compel arbitration …." (Defs' Motion at 5, n.3). Reynolds, however, never participated in page extension communications with Dealership Plaintiffs' counsel, and all negotiations were conducted by CDK counsel, as represented by Britt Miller. In spite of this hurdle, Dealership Plaintiffs' counsel attempted to negotiate a generous page limitation for Reynolds, and yet they rejected that offer as reflected in the current motion where they state that no agreement was reached. Mot. At par. 14.

Dated: July 6, 2018	Respectfully submitted

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Elizabeth McKenna
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
emckenna@milberg.com

*Dealership Interim Lead Class Counsel*

## CERTIFICATE OF SERVICE

I, Peggy J. Wedgworth, an attorney, hereby certify that on July 6, 2018, caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF FIFTEEN PAGES**, to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    */s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com

# EXHIBIT A

**From:** Miller, Britt M. [mailto:BMiller@mayerbrown.com]
**Sent:** Monday, July 02, 2018 10:55 AM
**To:** Wedgworth, Peggy; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com)
**Cc:** McKenna, Elizabeth; Hughes, John; Provance, Matthew D.
**Subject:** RE: DMS - Document Stipulation re Page Limits

Peggy –

I've spoken with Reynolds's counsel and, as I suspected, they are in agreement that the inclusion of exhibits in the parties' page counts is not only unwarranted, but inconsistent with local rules and practice. And whereas neither Defendant intends to file additional narrative argument as an exhibit (as we discussed on Wednesday), neither is in a position to say at this time, that in the event they attach exhibits, they couldn't be characterized as "argumentative" (e.g., a chart of the 36 states laws). As such, barring plaintiffs' agreement to remove that paragraph from the stipulation and reserve their rights to fight about what is ultimately filed (if necessary), then the parties are not in agreement and we will proceed with filing a motion with the Court.

Please let us know by COB Central time today if you are willing to remove that paragraph, so that we can promptly file given the deadline for our filings.

Thanks – Britt

**Britt M. Miller**
**MAYER BROWN LLP**
**71 South Wacker Drive**
**Chicago, Illinois 60606-4637**
**Direct Dial: (312) 701-8663**
**Direct Fax: (312) 706-8763**
**e-mail:** bmiller@mayerbrown.com

**From:** Wedgworth, Peggy [mailto:pwedgworth@milberg.com]
**Sent:** Wednesday, June 27, 2018 9:08 AM
**To:** Miller, Britt M.; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com)
**Cc:** McKenna, Elizabeth; Hughes, John; Provance, Matthew D.
**Subject:** RE: DMS - Document Stipulation re Page Limits

Britt,

Thank you for your quick response. We agree to the date extension to August 29 for your reply if you agree to our Aug 8 extension. We cannot agree to unlimited appendices, declarations, exhibits and other miscellaneous attachments which could make this briefing unwieldy. If you can outline for us what you anticipate as possible attachments outside of the

1

40 page briefing, we can discuss that.  Our concern is that additional argument will be made in any attachments making the 40 page agreement meaningless.

Regards,

Peggy J. Wedgworth
Partner

**MILBERG TADLER PHILLIPS GROSSMAN** LLP

One Pennsylvania Plaza
New York, NY  10119
T  212.631.8622
F  212.868.1229
pwedgworth@milberg.com

  

---

**From:** Miller, Britt M. [mailto:BMiller@mayerbrown.com]
**Sent:** Tuesday, June 26, 2018 7:18 PM
**To:** Wedgworth, Peggy; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com)
**Cc:** McKenna, Elizabeth; Hughes, John; Provance, Matthew D.
**Subject:** RE: DMS - Document Stipulation re Page Limits

Peggy –

Thanks for your response.  Although we would have thought the background information would have been helpful for the judge, in the spirit of compromise, we're willing to remove it.  We're also willing to agree to the extra week plaintiffs are apparently seeking to file their response, provided (as we discussed) plaintiffs extend the same courtesy by extending defendants' reply deadlines from August 22 to August 29.  Paragraph 5, however, is a non-starter and not anything we discussed last week when we reached agreement on the 40 pages for each defendant's opening brief (or on the pages for the arbitration briefing).  Given the massive amount of material in plaintiffs' complaint—including the 61 exhibits that were attached—including exhibits in the page count would effectively eviscerate the additional pages agreed upon.  If plaintiffs are willing to remove that provision, I think we can move forward to finalize the stipulation.  If not, we will promptly move the Court for the requisite additional pages.

As time is (obviously) of the essence, we would appreciate hearing from you by tomorrow one way or the other.

Best – Britt

---

**Britt M. Miller**
**MAYER BROWN LLP**
**71 South Wacker Drive**
**Chicago, Illinois 60606-4637**
**Direct Dial: (312) 701-8663**
**Direct Fax: (312) 706-8763**
**e-mail:** bmiller@mayerbrown.com

---

**From:** Wedgworth, Peggy [mailto:pwedgworth@milberg.com]
**Sent:** Tuesday, June 26, 2018 1:31 PM
**To:** Miller, Britt M.; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com)

2

**Cc:** McKenna, Elizabeth; Hughes, John
**Subject:** DMS - Document Stipulation re Page Limits


Peggy J. Wedgworth
Partner



One Pennsylvania Plaza
New York, NY 10119
T 212.631.8622
F 212.868.1229
pwedgworth@milberg.com

 


This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information and is intended only for the use of the individual or entity it is addressed to. If you are not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please erase this message and its attachments and notify me immediately. Thank You.


_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Information about how we handle personal information is available in our Privacy Notice.

3

**EXHIBIT B**

**From:** Miller, Britt M. [mailto:BMiller@mayerbrown.com]
**Sent:** Thursday, July 05, 2018 10:30 AM
**To:** Wedgworth, Peggy; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com); Provance, Matthew D.
**Cc:** McKenna, Elizabeth; Hughes, John
**Subject:** RE: DMS - Breifing page limitations

Peggy –

Thank you for your email – I hope you had a good holiday.

I've spoken with Andi and as Defendants are, not surprisingly, still working on their briefs and exhibits, they are not in a position to articulate, more than they already have, what they intend to attach to their pleadings.

In any event, as we have been going back and forth on this for 2 weeks now without resolution and given that Judge Dow's next available motion date is July 11 (the day the briefs are due), we have no choice but to file a motion seeking additional pages. We had hoped to reach compromise, but appreciate that the parties just couldn't get there. We expect to file shortly.

Regards – Britt

**Britt M. Miller**
**MAYER BROWN LLP**
**71 South Wacker Drive**
**Chicago, Illinois 60606-4637**
**Direct Dial: (312) 701-8663**
**Direct Fax: (312) 706-8763**
**e-mail:** bmiller@mayerbrown.com

**From:** Wedgworth, Peggy [mailto:pwedgworth@milberg.com]
**Sent:** Monday, July 02, 2018 3:14 PM
**To:** Miller, Britt M.; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com); Provance, Matthew D.
**Cc:** McKenna, Elizabeth; Hughes, John
**Subject:** DMS - Breifing page limitations

Dear Britt and Andy,

I want to clarify my position and original offer. I have agreed to a total briefing page limit of 105 pages (40 pages for each defendant and an additional 25 pages for Reynolds regarding arbitration), but I have not agreed to any additional legal arguments attached to the briefs in the form of exhibits, appendices, and/or other documents. And to address your misconception, I have never said that exhibits or appendices are not allowed, but simply that page limits are

inclusive of appendices, exhibits and/or other documents as I am concerned that legal arguments or legal citations will appear in those documents.

I am willing to agree to this generous page count as I am aware that additional briefing may be needed with regard to repealer state statutes.  If you will provide additional detail as to what you and Reynolds intend to include as appendices or exhibits, then we will consider it.  For example, a chart that cites no caselaw but merely reproduces a statute may be acceptable.  However, if any appendix, chart, graph, and/or other work product attached to the briefs contains case citations, then it encompasses legal analysis that should either be in the brief or included in the agreed-upon page count.

Your email earlier today states that you will not include "additional narrative argument as an exhibit" but I am unclear as to what this means, and do not recall specifically your reference to our earlier conversation.  Again, an example of what you mean by this would be helpful.

In the spirit of compromise, I am willing to discuss what attachments may be included now so that we can all have clarity of the final agreement.

Best Regards,



Peggy J. Wedgworth
Partner

**MILBERG TADLER PHILLIPS GROSSMAN** LLP

One Pennsylvania Plaza
New York, NY  10119

T  212.631.8622
F  212.868.1229
pwedgworth@milberg.com

vCard   bio   website

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Information about how we handle personal information is available in our Privacy Notice.