IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| THE DEALERSHIP CLASS ACTION | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE BRIEFS IN EXCESS OF FIFTEEN PAGES**

Defendants respectfully submit the following reply to Dealership Class Plaintiffs' ("Dealer Plaintiffs") opposition to Defendants' Motion for Leave to File Briefs in Excess of Fifteen Pages. (Dkt. Nos. 237, 240-1).

1. Dealer Plaintiffs take the position that any briefing page limits must be inclusive of *all exhibits*, including underlying contracts and other preexisting documents that are properly considered on a motion to dismiss. But treating exhibits as briefing would swallow up Defendants' page limits and effectively force Defendants to choose between excluding exhibits needed to assist the Court, or filing briefs so short and cursory as to be useless. Dealer Plaintiffs have no good faith basis for imposing this choice on Defendants and depriving them of their ability to fairly and fully present their arguments.

2. Dealer Plaintiffs' purported concern that Defendants will attach "legal arguments" as "exhibits" is misplaced, and easily addressed. As explained during the meet and confer process, the only exhibits contemplated by Defendants are (1) preexisting documents (*e.g.*, contracts); and (2) high level charts or similar summaries of Plaintiffs' myriad state law causes of action and the basis for the dismissal of each. While Defendants do not agree with Plaintiffs'

characterization of such charts or summaries as "argumentative," Defendants are willing to agree that Defendants' requested page limits will be inclusive of such charts or summaries, and any other exhibits created exclusively for purposes of the briefing (as opposed to preexisting documents).

3. Remarkably, Dealer Plaintiffs now say Defendants need only 30 pages a piece to reasonably address (1) Reynolds's separate motion regarding its straightforward motion to compel arbitration as required by its agreements with Dealers (which Reynolds had previously agreed to file on the same date, and regarding which Plaintiffs had previously agreed to a 25 page separate motion), *and* (2) all of the federal and state law issues raised by the Consolidated Complaint's 736 paragraphs (plus 140 evidentiary footnotes), 50 counts, 918 pages, and more than 60 exhibits. Their latest position ignores the complexity and expanse of this case—even according to the standards of antitrust litigation—as Dealer Plaintiffs have chosen to define it. Indeed, this Court has previously remarked on the degree of labor needed to parse the many state law issues common to motions to dismiss in antitrust MDLs, and has noted the benefit of the parties' briefing in that regard. *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 U.S. Dist. LEXIS 84152, at \*20 (N.D. Ill. June 29, 2015) (Dow, J.) ("With assistance from the parties, the Court now undertakes the back-breaking labor involved in deciphering the state of antitrust standing in each of the states on this motion….") (internal quotations and punctuation omitted). Artificially restricting the size of Defendants' briefs would only make it more difficult for the Court to fully and fairly resolve such issues.

WHEREFORE, for these reasons and the reasons set forth in Defendants' Motion, Defendants respectfully request that the Court grant their motion and allow CDK and Reynolds to each file a brief of up to 50 pages in support of their respective motions to dismiss the Dealer

Plaintiffs' Consolidated Class Action Complaint (Dkt. 184) and allow Reynolds a brief of up to 25 pages in support of its motion to compel arbitration in the dealer class action.[1]

| | |
|---|---|
| Dated: July 6, 2018 | Respectfully submitted, |
| /s/ Aundrea K. Gulley | /s/ Britt M. Miller |
| Aundrea K. Gulley | Britt M. Miller |
| Kathy D. Patrick | Matthew D. Provance |
| Brian T. Ross | MAYER BROWN LLP |
| Brice A. Wilkinson | 71 South Wacker Drive |
| Ross A. MacDonald | Chicago, IL 60606 |
| GIBBS & BRUNS LLP | (312) 782-0600 |
| 1100 Louisiana Street, Suite 5300 | bmiller@mayerbrown.com |
| Houston, TX 77002 | mprovance@mayerbrown.com |
| (713) 751-5258 | |
| agulley@gibbsbruns.com | Mark W. Ryan |
| kpatrick@gibbsbruns.com | MAYER BROWN LLP |
| bross@gibbsbruns.com | 1999 K Street NW |
| bwilkinson@gibbsbruns.com | Washington, DC 20006 |
| rmacdonald@gibbsbruns.com | (202) 263-3000 |
| | mryan@mayerbrown.com |
| Michael P.A. Cohen | |
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP | *Counsel for Defendant* |
| 2099 Pennsylvania Ave., NW, Suite 100 | *CDK Global, LLC* |
| Washington, DC 20006 | |
| (202) 747-1900 | |
| mcohen@sheppardmullin.com | |
| | |
| Leo D. Caseria | |
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP | |
| 333 S. Hope St., 43rd Floor | |
| Los Angeles, CA 90071 | |
| (213) 617-4206 | |
| lcaseria@sheppardmullin.com | |
| | |
| Dylan I. Ballard | |
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP | |
| Four Embarcadero Center., 17th Floor | |
| San Francisco, CA 94111 | |
| (415) 434-9100 | |
| dballard@sheppardmullin.com | |
| | |
| *Counsel for Defendant The Reynolds and Reynolds Company* | |

---

[1] AutoLoop and the putative vendor class plaintiffs did not join the Dealer Plaintiffs' opposition. To the extent that they file their own opposition to CDK's request for 20 pages in support of its motion to dismiss their Amended Class Action Complaint (Dkt. 194), CDK reserves its right to file a separate reply.

**CERTIFICATE OF SERVICE**

    I, Britt M. Miller, an attorney, hereby certify that on July 6, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF FIFTEEN PAGES**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                        /s/ *Britt M. Miller*
                        Britt M. Miller
                        MAYER BROWN LLP
                        71 South Wacker Drive
                        Chicago, IL 60606
                        (312) 782-0600
                        bmiller@mayerbrown.com