**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to: | Hon. Robert M. Dow, Jr. |
| *Loop, LLC d/b/a AutoLoop v. CDK Global, LLC*,<br>Case No. 18 C 2521 (N.D. Ill.) | |

**PLAINTIFF AUTOLOOP'S OPPOSITION TO CDK'S
MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF FIFTEEN PAGES**

Plaintiff Loop, LLC ("AutoLoop") respectfully submits this opposition to CDK Global, LLC's Motion for Leave To File Brief in Excess of Fifteen Pages (Dkt. 237) in support of its motion to dismiss AutoLoop's Amended Complaint (Dkt. 194) ("Amended Complaint"). For the following reasons, AutoLoop submits that the 15-page limit set by Local Rule 7.1 is sufficient and that the requested expansion will simply invite duplicative and unnecessary briefing of issues that have already been decided in this MDL.

To begin, CDK filed a 15-page brief (Dkt. 171) in support of its motion to dismiss AutoLoop's initial complaint. AutoLoop's Amended Complaint does not significantly expand on its initial complaint. To the contrary, AutoLoop's Amended Complaint drops the tying claim that Judge St. Eve held insufficient in her Memorandum Opinion and Order regarding the *Authenticom* case (Dkt. 176, "*Authenticom* Memorandum Opinion"). *See* Appendix A (redline comparison between the initial and Amended Complaints). Moreover, as this Court stated at the last status conference, CDK is free to refer back to its original memoranda of law; it need not re-brief issues already briefed there. *See* Transcript, at 30-31 (June 18, 2018) (Dkt. 211) ("The Court: [I]f you guys want to incorporate things that you previously said to [Judge St. Eve] in briefs that are on my

docket . . . you're more than welcome."). It is thus hard to see how more than 15 pages of additional briefing are necessary now, on top of the 15 pages from CDK's prior briefing.

If anything, the issues remaining in dispute are far narrower now, given that the *Authenticom* Memorandum Opinion, which is law of the case, already holds that Counts I, II, and III of the Amended Complaint state viable claims:

*First*, Judge St. Eve held that Authenticom's complaint stated a group-boycott claim under Section 1 of the Sherman Act (Count I). *See Authenticom* Mem. Op. at 25-31. That ruling applies straightforwardly to AutoLoop's Amended Complaint, which likewise alleges that CDK conspired with The Reynolds and Reynolds Company to exclude independent data integrators from the market. *See* Am. Compl. ¶¶ 95-113. As a direct purchaser of data integration services, AutoLoop suffered antitrust injury, including higher data integration prices, as a result of that conspiracy. Thus, under the *Authenticom* Memorandum Opinion, AutoLoop has also stated a viable group-boycott claim under Section 1 of the Sherman Act.

*Second*, Judge St. Eve held that Authenticom's complaint stated a Section 1 claim that CDK's contracts with vendors contain unlawful exclusive dealing provisions (Count II). *See Authenticom* Mem. Op. at 35-39. AutoLoop's Amended Complaint likewise challenges the exclusive-dealing provisions in CDK's vendor contracts. *See* Am. Compl. ¶¶ 115-126. Under the *Authenticom* Memorandum Opinion, AutoLoop's exclusive dealing claim thus also is viable.

*Third*, Judge St. Eve held that Authenticom stated a viable Section 2 monopolization claim under *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451 (1992), based on monopolization of DMS-specific "aftermarkets" for data integration (Count III). *See Authenticom* Mem. Op. at 43-51. AutoLoop pleads parallel allegations, *see* ¶¶ 82-85, and thus the Amended Complaint also sufficiently alleges an *Eastman Kodak* claim.

The *Authenticom* Memorandum Opinion also largely resolves the remaining claims in AutoLoop's Amended Complaint. As for AutoLoop's market-division claim (also included in Count I), Judge St. Eve held that Authenticom lacked antitrust injury to challenge the February 2015 market-division agreement between CDK and Reynolds because it was a competitor in the data-integration market, *see Authenticom* Mem. Op. at 31-33, but *consumers* of data integration services such as AutoLoop and the Vendor Class clearly do suffer antitrust injury from unlawful market division. *See id.* at 32 ("When a horizontal merger, price fixing, market division, or similar collaboration among competitors substantially reduces competition, consumers suffer while existing rivals benefit.") (quoting Areeda & Hovenkamp, Antritrust Law ¶ 348b); *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46 (1990) (per curiam) (customer suing over market-division agreement). This aspect of Count I thus also states a claim.

As for AutoLoop's state-law claims, the Florida Antitrust Act, Fla. Stat. Ann. § 542.15 *et seq.*, is interpreted harmoniously with the Sherman Act. S*ee All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 n.11 (11th Cir. 1998) ("Federal and Florida antitrust laws are analyzed under the same rules and case law."). Therefore, Count IV of the Amended Complaint states a claim given that Counts I through III state a claim. Likewise, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. Ann. § 501.204, prohibits anticompetitive conduct, including conspiracies to restrain trade, so Count V states a claim as well.[1] *See Cross v. Point & Pay, LLC*, 274 F. Supp. 3d 1289, 1296 (M.D. Fla. 2017) ("Deceptive and unfair practices also include violations of '[a]ny law, statute, rule, regulation, or ordinance

---

[1] AutoLoop's FDUTPA claim is not limited to CDK's antitrust violations, but those violations are sufficient to overcome any motion to dismiss. At any rate, the additional factual bases for the FDUTPA claim certainly do not warrant a substantial expansion of the briefing limits.

which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.'") (alteration in original) (quoting Fla. Stat. Ann. § 501.203(3)(c)).

Given that the *Authenticom* Memorandum Opinion largely disposes of CDK's motion to dismiss arguments, none of CDK's justifications for additional pages is persuasive. *First*, CDK implies that the Amended Complaint's class allegations require additional briefing, but "whether a plaintiff has satisfied the requirements under Rule 23 for a class action is not an appropriate inquiry at the motion to dismiss stage." *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 809 (N.D. Ill. 2016). *Second*, CDK states that "the AutoLoop amended complaint includes, *for the first time*, claims under the Florida Antitrust Act and the Florida Deceptive and Unfair Trade Practices Act." Def. Mot. at 6 (emphasis added). But that is not accurate: AutoLoop's initial complaint included claims under both Florida statutes (Counts V and VI of the original complaint, now Counts IV and V of the Amended Complaint), and CDK addressed them in its last round of briefing. *See* Dkt. 171, at 15. *Third*, CDK argues that it needs to address the Amended Complaint's references to about a dozen of CDK's own documents, but those documents only enhance the plausibility of claims that Judge St. Eve already found adequately pleaded in *Authenticom*. Moreover, CDK already addressed all of these same documents in its reply in support of its motion to dismiss Cox Automotive's operative complaint, *see* Dkt. 160, and it need not repeat those same arguments again. At any rate, since all of AutoLoop's allegations must be taken as true (whether or not based on CDK's documents), it is hard to understand how AutoLoop's inclusion of additional documentary support for its claims would justify substantial additional briefing at the motion to dismiss stage.

AutoLoop recognizes that the Court ordinarily does not disfavor additional briefing, and it is prepared to respond fully to any arguments CDK chooses to make. But given how much water

5

has already passed under the bridge – this is the *fifth* round of motion-to-dismiss briefing in the cases in this MDL – permitting more pages is a recipe for confusion rather than clarity, and for multiplying the cost, expense, and fees associated with this already large and expensive litigation. *See* Fed. R. Civ. P. 1. For these reasons, AutoLoop respectfully requests that the Court deny CDK's motion to file an over-length brief in support of its motion to dismiss the Amended Complaint.

Dated: July 9, 2018 Respectfully submitted,

    */s/ Derek T. Ho*

| | |
|---|---|
| Richard J. Prendergast | Derek T. Ho |
| Michael T. Layden | Michael N. Nemelka |
| Collin M. Bruck | Aaron M. Panner |
| **RICHARD J. PRENDERGAST, LTD.** | David L. Schwarz |
| 111 W. Washington Street, Suite 1100 | Kevin J. Miller |
| Chicago, Illinois 60602 | Daniel V. Dorris |
| Telephone: (312) 641-0881 | Joanna T. Zhang |
| rprendergast@rjpltd.com | Joshua Hafenbrack |
| mlayden@rjpltd.com | Daniel S. Guarnera |
| cbruck@rjpltd.com | **KELLOGG, HANSEN, TODD,** |
| |   **FIGEL & FREDERICK, P.L.L.C.** |
| Jennifer L. Gregor | 1615 M Street, NW, Suite 400 |
| Kendall W. Harrison | Washington, D.C. 20036 |
| Allison W. Reimann | (202) 326-7900 |
| **GODFREY & KAHN S.C.** | dho@kellogghansen.com |
| One East Main Street, Suite 500 | mnemelka@kellogghansen.com |
| Madison, WI 53703 | apanner@kellogghansen.com |
| (608) 257-0609 | dschwarz@kellogghansen.com |
| jgregor@gklaw.com | kmiller@kellogghansen.com |
| kharrison@gklaw.com | ddoris@kellogghansen.com |
| areimann@gklaw.com | jzhang@kelloghansen.com |
| | jhafenbrack@kellogghansen.com |
| | dguarnera@kellogghansen.com |

                     *Counsel for Plaintiff Loop, LLC, d/b/a AutoLoop*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on July 9, 2018, I caused a true and correct copy of the foregoing **PLAINTIFF AUTOLOOP'S OPPOSITION TO CDK'S MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF FIFTEEN PAGES** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                   */s/ Derek T. Ho*
                                                   Derek T. Ho
                                                   **KELLOGG, HANSEN, TODD,**
                                                     **FIGEL & FREDERICK, P.L.L.C.**
                                                   1615 M Street, NW, Suite 400
                                                   Washington, D.C. 20036
                                                   (202) 326-7900
                                                   dho@kellogghansen.com