**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp v. CDK Global LLC, et al.*, No. 1:18-cv-00865 (N.D. Ill) | Magistrate Judge Jeffrey T. Gilbert |
| *Cox Automotive, Inc. et al. v. CDK Global, LLC*, No. 1:18-cv-1058 (N.D. Ill.) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

MVSC's and Cox Automotive's "Notice of Supplemental Authority" (Dkt. 235) does not live up to its name. A notice of "supplemental" authority is meant to draw the Court's attention to new decisions by other courts that may otherwise escape the Court's notice because they were not cited in the briefs. It is not a vehicle for introducing pages of new argument about a decision by the previous presiding judge in the same MDL. This Court should disregard Plaintiffs' procedurally improper filing. But in the event the Court considers the filing, Defendants submit this brief response to correct the plaintiffs' misstatements.

<u>**ARGUMENT**</u>[1]

**A.      Cox Automotive**

Cox rightly concedes that its tying claim should be dismissed. Notice 3. But as to all its other federal antitrust claims, it argues that, in light of Judge St. Eve's opinion on the motion to dismiss in *Authenticom* (Dkt. 176), dismissal should be denied. The unspoken premise of this argument—that

---

[1] Defendant Computerized Vehicle Registration ("CVR") and Defendant The Reynolds & Reynolds Company ("Reynolds") are defendants only in the *MVSC* case and thus join this response only as to the portion applicable to *MVSC*. Pursuant to an agreed stipulation filed earlier today (Dkt. 246), Defendant CDK Global, LLC ("CDK") is a defendant in both *Cox* and *MVSC* and therefore joins this response in full.

this Court is bound in all respects by Judge St. Eve's ruling in a different case involving a different plaintiff—is wrong. *See, e.g.*, *Morris v. Mitsubishi Motors N. Am., Inc.*, 2011 WL 13228438, at *2 (E.D. Wash. Mar. 28, 2011) ("[T]he decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (internal quotation marks omitted). The Court must evaluate, for itself, the legal sufficiency of the Cox complaint. Cox's decision to copy portions of Authenticom's complaint and make the "same factual allegations" (Notice 2) is not a free pass to evade this Court's independent scrutiny of the pleadings. To be sure, we expect the Court to give respectful deference to Judge St. Eve's prior rulings. But Cox and MVSC appear to be asking for more. Given that they are not parties in *Authenticom*, they appear instead to be asking for something akin to offensive nonmutual collateral estoppel. It bears emphasis that this Court "ha[s] broad discretion to decide whether to allow this kind [of] issue preclusion" (*Wilson v. Souchet*, 168 F. Supp. 2d 860, 865 (N.D. Ill. 2001)), which is highly disfavored (*Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 331 (1979)).[2]

In any event, Cox greatly overstates the dispositive nature of Judge St. Eve's opinion. To begin with, Judge St. Eve did not state that her ruling on Authenticom's Section 1 allegations was based on "extensive and concrete factual allegations." *See* Notice 1. In fact, Judge St. Eve *rejected and dismissed* Authenticom's original core market division theory and Authenticom elected not to replead it. Dkt. 176, at 33.

---

[2]    Perhaps Cox and MVSC are asking for application of the law-of-the-case doctrine, instead. Although it is true that the *Authenticom* decision was made in the context of this MDL and thus is entitled to appropriate deference, the fact remains that *Authenticom* is a separate lawsuit with a different plaintiff, making the law-of-the-case doctrine inapplicable. *See, e.g.*, *United States v. Becker*, 2011 WL 1699782, at *12 (D. Kan. May 4, 2011) (a decision is not law of the case if "it was decided in a different case"); *Parker v. State*, 873 So. 2d 270, 278 (Fla. 2004) (law of the case "applies only to proceedings within the same case . . . [and not] to proceedings in different cases"). In any event, law-of-the-case is a "highly flexible" doctrine. *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 873 (N.D. Ill. 2017) (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005); *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000)).

Although Judge St. Eve dismissed Authenticom's core Section 1 theory, she allowed that Authenticom's allegations concerning supposed admissions by CDK and Reynolds executives "suffice[d]" to state a claim. Dkt. 176, at 26. She also concluded that Authenticom had "raise[d] a reasonable inference of [CDK and Reynolds's] motive to conspire" by alleging that that the two firms were motivated to close their systems to hostile integration "without fearing that their customers would respond by, for example, turning to another provider," that is not dispositive of the ultimate question. Dkt. 176 at 30. But such a motive is not at all plausible. Reynolds *already* had unilaterally closed its system to hostile integration prior to the supposed conspiracy. And CDK had no rational reason to risk treble-damages liability in exchange for Reynolds's mere agreement to continue doing what it already had done for many years.

Cox is also wrong to claim (Notice 2-3) that Judge St. Eve's analysis of Authenticom's exclusive-dealing claim with respect to vendor contracts is dispositive of the motion to dismiss its own exclusive dealing claim. Judge St. Eve's opinion held that Authenticom, a data "integrator," had adequately alleged that the purported exclusive deals led to substantial foreclosure in its own market—*i.e.*, the alleged "data integration market." Dkt. 176, at 37. That is irrelevant with respect to Cox, which does not compete in the data "integration" market; it competes in the application market, and as CDK has previously argued (Dkt. 73, at 15), Cox has not plausibly alleged that there has been substantial foreclosure in *that* market.

Finally, Cox's suggestion that Judge St. Eve's holding on Authenticom's Section 2 monop-olization claim saves the entirety of Cox's Section 2 claim is wrong. Notice 3. CDK and Reynolds argued in *Authenticom* that they cannot be liable under Section 2 for refusing to deal with Authenticom and other independent "integrators" on their preferred terms. Judge St. Eve agreed, acknowledging that, under *Trinko*, "in no event" could CDK and Reynolds be compelled to deal with

integrators. Dkt. 176 at 50. She held that Authenticom had stated a Section 2 claim only because the alleged conduct that underlay Authenticom's conspiracy and exclusive dealing claims under Section 1 was "anticompetitive for Section 2's purposes" as well. *Id.* In other words, Judge St. Eve allowed Authenticom to maintain a Section 2 claim that is derivative of its Section 1 claims. Because Cox's Section 1 claims must be dismissed, that holding offers no basis for saving its Section 2 claim.

### B.    MVSC

MVSC's attempt to salvage its Section 2 claims by relying on Judge St. Eve's opinion is similarly flawed. Unlike Authenticom and Cox, MVSC is not making an exclusive-dealing claim. Thus, its Section 2 claims could only be based on (1) CDK's or Reynolds' supposed unilateral refusals to deal or (2) its conspiracy allegations. Judge St. Eve rightly held that a unilateral refusal to deal could not support a Section 2 claim under *Trinko*. Dkt. 45, at 8. *See also*, *e.g.*, *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 448 (2009) ("As a general rule, businesses are free to choose the parties with whom they will deal, as well as the prices, terms, and conditions of that dealing."). And a plaintiff cannot bring an antitrust conspiracy claim under Section 2 because "[t]he Sherman Act contains a basic distinction between concerted and independent action," according to which "unreasonable restraints of trade effected by a contract, combination, or conspiracy between separate entities" are governed exclusively by Section 1, and "[t]he conduct of a single firm" engaged in "unilateral activity" is "governed [exclusively] by § 2." *Copperweld Corp. v. Independent Tube Corp.*, 467 U.S. 752, 767 (1984).

The *Authenticom* opinion makes clear that MVSC is not entitled to the injunctive relief that it seeks (SAC, at Prayer): Courts cannot force either defendant to deal with MVSC.  Dkt. 176, at 2. The opinion further demonstrates that MVSC's core "classic market division" theory (e.g., SAC, at ¶134) should be dismissed.  Dkt. 176, at 33. And nothing in the *Authenticom* opinion has any bearing on the numerous other problems with MVSC's Section 2 claims, including (1) CDK's lack of

participation in the relevant market; (2) CVR's inability, as a matter of law, to conspire with its

owners; (3) MVSC's failure to make plausible allegations that CVR participated in any conspiracy;

and (4) the fact that MVSC alleges its access to the DMS is unauthorized by dealer contracts (and

therefore illegal) independent of any alleged antitrust conspiracy or actionable conduct.

MVSC's claims should accordingly be dismissed for the reasons given in CDK's, CVR's,

and Reynolds's *MVSC* briefing. *See* Dkt. 44, 45, 46, 48, 49, 50.


Dated: July 10, 2018                                        Respectfully submitted,

*/s/ Aundrea K. Gulley*                                     */s/ Britt M. Miller*
Aundrea K. Gulley                                          Britt M. Miller
Kathy D. Patrick                                           Matthew D. Provance
Brian T. Ross                                              MAYER BROWN LLP
Brice A. Wilkinson                                         71 South Wacker Drive
Ross A. MacDonald                                          Chicago, IL 60606
Justin D. Patrick                                          (312) 782-0600
GIBBS & BRUNS LLP                                          bmiller@mayerbrown.com
1100 Louisiana Street, Suite 5300                          mprovance@mayerbrown.com
Houston, TX 77002
(713) 751-5258                                             Mark W. Ryan
agulley@gibbsbruns.com                                     MAYER BROWN LLP
kpatrick@gibbsbruns.com                                    1999 K Street NW
bross@gibbsbruns.com                                       Washington, DC 20006
bwilkinson@gibbsbruns.com                                  (202) 263-3000
rmacdonald@gibbsbruns.com                                  mryan@mayerbrown.com
jpatrick@gibbsbruns.com
                                                           *Counsel for Defendants*
Michael P.A. Cohen                                         *CDK Global, LLC and Computerized Vehicle*
Amar S. Naik                                               *Registration*
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
anaik@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP

333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

Dylan I. Ballard
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Four Embarcadero Center., 17th Floor
San Francisco, CA 94111
(415) 434-9100
dballard@sheppardmullin.com

*Counsel for Defendant The Reynolds and
Reynolds Company*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on July 10, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com