**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This filing relates to:* | Hon. Robert M. Dow, Jr. |
| *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 (N.D. Ill.) | |

**DEFENDANT CDK GLOBAL, LLC'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF FIFTEEN PAGES**

This Court has indicated to the parties in this MDL that it takes a generous view of motions for leave to file excess pages—indeed, the Court expressed skepticism that it had ever denied such a motion. Dkt. 211 at 28-29. There is no reason why this motion should be handled any differently: as CDK's motion for leave explained, a modest enlargement of the briefing length by five pages is amply warranted by the new matters raised in AutoLoop's amended class complaint.

AutoLoop's opposition suggests otherwise, but it does so while saying virtually nothing about the merits of CDK's motion. Instead, AutoLoop uses its "opposition" as a vehicle to effectively pre-brief its opposition to CDK's upcoming motion to dismiss. This is not the first time that AutoLoop's counsel have subverted the rules in order to present improper arguments about the merits (or lack thereof) of their clients' cases. Just eight days ago, they filed a "Notice of Supplemental Authority" (Dkt. 235) on behalf of MVSC and Cox Automotive to discuss Judge St. Eve's *Authenticom* decision—which issued *seven weeks* earlier and which this Court had doubtless already reviewed.[1] *See* Dkt. 211 at 30 (THE COURT: "…the very first thing I'm going to read is

---

[1] In addition, in the *MVSC* case, after Judge St. Eve requested (Dkt. 106) supplemental submissions on the Seventh Circuit case law applicable to the pending motion to dismiss, counsel filed a 15-page brief containing argument regarding nine new exhibits they attached, unrelated to the judge's request (Dkt. 138). CDK promptly moved to strike that submission as improper. Dkt. 144.

Judge St. Eve's [Authenticom] opinion…"). After repeated attempts to game the system in this regard, the Court should put AutoLoop's counsel on notice that they may not use procedural motions as pretexts for filing shadow merits briefs, and it should disregard AutoLoop's sham "opposition."

In any event, the premise of AutoLoop's "opposition"—that this Court is bound by the law-of-the-case doctrine to deny the motion to dismiss out-of-hand because AutoLoop's amended complaint copies allegations that Judge St. Eve found to be sufficient to state a claim in *Authenticom*, and that *any* briefing on the motion to dismiss is therefore "unnecessary," let alone expanded briefing—is mistaken. Opp. 1 (Dkt. 242).[2] *Authenticom* is a different lawsuit with a different plaintiff, so the doctrine does not even apply. *See, e.g.*, *United States v. Becker*, 2011 WL 1699782, at *12 (D. Kan. May 4, 2011) (a decision is not law of the case if "it was decided in a different case"); *Parker v. State*, 873 So. 2d 270, 278 (Fla. 2004) (law of the case "applies only to proceedings within the same case . . . [and not] to proceedings in different cases"). And even if it did, the doctrine is a "highly flexible" one that would not preclude this Court from considering the issues afresh. *See, e.g., Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 873 (N.D. Ill. 2017) (citation omitted). Put simply, the law-of-the-case doctrine provides no basis to pre-judge CDK's forthcoming motion or, more to the point, to deny CDK a truly modest enlargement of its briefing on that motion by five pages.[3]

CDK's motion for leave to file a brief of twenty pages should be granted.

---

[2] To be sure, the *Authenticom* decision is part of this MDL and is entitled to this Court's respectful deference. But AutoLoop's suggestion that the decision precludes this Court from scrutinizing the Amended Complaint is simply wrong. Indeed, even AutoLoop does not have perfect confidence in its position; if it did there would have been no need for AutoLoop to attach *sixteen* new exhibits to the Amended Complaint in an attempt to "enhance [its] plausibility." Opp. 4.

[3] Moreover, AutoLoop's proposal that CDK should simply cross-reference its briefs in prior cases (Opp. 1, citing Dkt. 211 at 30-31) is an unworkable one. While that approach may well be a useful one at some point in this litigation, CDK submits that it would be far more helpful to the Court in this instance for CDK to present one complete memorandum of law explaining not only why AutoLoop's claims fail, but why Judge St. Eve's *Authenticom* decision and the documents AutoLoop attached to its complaint do not save them.

Dated: July 10, 2018                                        Respectfully submitted,

                                                                               /s/ *Britt M. Miller*
                                                                               Britt M. Miller
                                                                               Matthew D. Provance
                                                                               MAYER BROWN LLP
                                                                               71 South Wacker Drive
                                                                               Chicago, IL 60606
                                                                               (312) 782-0600
                                                                               bmiller@mayerbrown.com
                                                                               mprovance@mayerbrown.com

                                                                               Mark W. Ryan
                                                                               MAYER BROWN LLP
                                                                               1999 K Street NW
                                                                               Washington, DC 20006
                                                                               (202) 263-3000
                                                                               mryan@mayerbrown.com

                                                                               *Counsel for Defendant CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, hereby certify that on July 10, 2018, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF FIFTEEN PAGES** and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                */s/ Britt M. Miller*_____
                                                Britt M. Miller
                                                MAYER BROWN LLP
                                                71 South Wacker Drive
                                                Chicago, IL  60606
                                                Phone:  (312) 782-0600
                                                Fax:  (312) 701-7711
                                                E-mail:  bmiller@mayerbrown.com