UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
Eastern Division

Dealer Management Systems Antitrust Litigation, et al.

Plaintiff,

v.

Case No.: 1:18−cv−00864
Honorable Robert M. Dow Jr.

CDK Global, LLC, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 24, 2018:

MINUTE entry before the Honorable Jeffrey T. Gilbert: The Motion of Non−Party Subpoena Recipients Xcelerated, LLC, et al., for Protective Order and for Fees and Costs [215] is denied without prejudice. Movants did not comply with the meet and confer requirements of Local Rule 37.2 before they filed their Motion [215]. In addition, the broad, general statements that Movants advance in support of their Motion [215] concerning the scope of the subpoenas and the possibility that they encompass confidential information or trade secrets, without any specifics, make it difficult or impossible for the Court to rule on the Motion [215] without more context and information that, frankly, the meet and confer process is designed to flesh out and address. E.g., Memorandum in Support of Motion [215−1] at para. 7 ("[t]he sheer scope of the materials requests potentially subjects the Recipients to producing every single document the companies have generated for over a five−year period.");  at para 8 ("the Subpoenas request the Recipients to disclose confidential and proprietary information that may be subject to confidentiality and other agreements."); at para. 9 ("The Subpoenas request the Recipients' trade secrets."). The Court encourages Movants to take advantage of the meet and confer process that Defendant The Reynolds and Reynolds Company apparently attempted to initiate after the Motion [215] was filed (Reynolds' Opposition [222] at para. 8) so as potentially to narrow any disputes regarding the subpoenas that were served. Through that process, for example, Movants possibly might be able to produce a subset of all the documents requested without infringing upon what they believe are their legitimate interests in avoiding burden, expense, and the disclosure of protected and protectable information. Once that process has concluded, if Movants still believe they must move for a protective order, they may do so and set forth particular requests for production that are problematic and why, what they have done to attempt to mitigate the problems presented, and the specific relief they request to address those specific issues. To be clear, a motion for a protective order that again broadly seeks protection against the "potential" for production of every single document generated over five years, documents that "may be subject to confidentiality and other similar agreements," and generic "trade secrets," without more, will not pass muster. Mailed notice(ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.