**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' MOTION TO CONVERT
THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS THE
CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)
TO A MOTION FOR SUMMARY JUDGMENT AND STAY FURTHER BRIEFING**

Dealership Class Plaintiffs ("Dealership Plaintiffs") respectfully submit this motion, pursuant to Federal Rule of Civil Procedure 12(d), to convert Defendant The Reynolds and Reynolds Company's ("Reynolds") Motion to Dismiss the Consolidated Class Action Complaint Pursuant to Rule 12(b)(6) (ECF No. 252) (the "Motion to Dismiss") to a motion for summary judgment and stay further briefing, pending completion of discovery.

**INTRODUCTION**

On July 18, 2018, Reynolds filed its Motion to Dismiss, along with a 52-page memorandum (ECF No. 255) (the "Reynolds Memorandum") in support of that Motion to Dismiss and its Motion to Dismiss the Reynolds Dealer Plaintiffs' Claims in Favor of Arbitration Pursuant to Rule 12(b)(3) and Stay Remaining CDK Dealer Claims. The Reynolds Memorandum cites to numerous documents that were neither attached to nor referenced in Dealership Plaintiffs' Consolidated Class Action Complaint ("Complaint", Dkt. No. 198), including the following documents (the "Additional Documents"):

1-A. "Master Agreement" (attached as Exhibit 1-A hereto) (submitted as Exhibit 2 to the Reynolds Mem. (Dkt. No. 255-2), and cited on pp. 49-51 of the Reynolds Mem.);

    1-B.    "Master Agreement" (attached as Exhibit 1-B hereto) (submitted as Corrected Exhibit 2 to the Reynolds Mem. (Dkt. No. 271), and cited on pp. 49-51 of the Reynolds Mem.);

    2.    Declaration of Robert Schaefer, Dkt. No. 97 in *Authenticom, Inc. v. CDK Global LLC*, No. 17-CV-00318 (W.D. Wis.) (attached as Exhibit 2 hereto) (cited on pp. 1-5 of the Reynolds Mem. but not attached thereto); and

    3.    Declaration of Ronald Lamb, Dkt. No. 98 in *Authenticom, Inc. v. CDK Global LLC*, No. 17-CV-00318 (W.D. Wis.) (attached as Exhibit 3 hereto) (cited on pp. 2-3 of the Reynolds Mem. but not attached thereto).

Because Reynolds' Motion to Dismiss attaches and/or relies on the Additional Documents, none of which were attached to or referenced in the Complaint, the Motion to Dismiss should be converted to a motion for summary judgment, and further briefing on the motion should be stayed pending the end of fact and expert discovery (in accordance with the current Case Scheduling Order).[1]

## ARGUMENT

### I. RELEVANT LEGAL STANDARDS

"A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 fn. 1 (7th Cir. 2012) (internal citations omitted). *See also Miller v. Herman*, 600 F.3d 726,

---

[1] Reynolds also improperly submitted other documents outside the Complaint in support of its Motion to Dismiss, which provides further support for the conversion of Reynolds' motion to a motion for summary judgment. *See, e.g.,* Reynolds Mem. Ex. 3 ("Termination Letter", REYMDL00133968, cited on p. 6 of Reynolds Mem.); Reynolds Mem. Ex. 4 ("DealerTrack eBook", marketing materials apparently downloaded from Cox Automotive's website, cited on p. 44 of Reynolds Mem.); Reynolds Mem. Ex. 5 ("Auto/Mate Website Marketing Materials", cited on p. 45 of Reynolds Mem.); Reynolds Mem. Ex. 6 (FTC complaint in *In the Matter of CDK Global, Inc., et al.*, Mar. 19, 2018, cited on p. 45 of the Reynolds Mem.); Reynolds Mem. Ex. 7 (transcript of Sept. 9, 2017 oral argument on appeal of preliminary injunction ruling, *Authenticom, Inc. v. CDK Global, LLC, et al.*, 3:17-cv-00318-jdp (7th Cir.), cited on p. 44 n. 60 of Reynolds Mem.).

733 (7th Cir. 2010) ("[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing."); *Rosenblum v. Travelbyus.com, Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) ("As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint.").

Federal Rule of Civil Procedure 12(d), which addresses the use of materials outside the pleadings in support of a motion to dismiss, states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). When a defendant relies on documents outside the pleadings to support a motion to dismiss, "the court must either convert the [Rule] 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

"[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are *central to his claim*," and "may be considered by a district court in ruling on the motion to dismiss." *Rosenblum*, 299 F.3d at 661 (emphasis supplied, citations omitted). However, the Seventh Circuit has emphasized that "this is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment …." *Levenstein*, 164 F.3d at 347.

Where, as here, a defendant has moved to dismiss a complaint citing materials outside the pleadings, the plaintiff may properly move for entry of an order converting the motion to one for

3

summary judgment and staying briefing pending completion of discovery. *See generally Perotti v. Medlin*, Case No. 4:05CV2739, 2009 U.S. Dist. LEXIS 66844, at *5 (N.D. Ohio June 5, 2009) (granting plaintiff's motion to convert defendant's motion to dismiss, which was supported by a declaration outside of the complaint, to a motion for summary judgment); *Chisholm v. Cuyahoga Cty.*, Case No. 1:15-CV-00174, 2015 WL 4138847, at *2 (N.D. Ohio July 8, 2015) (granting plaintiff's motion to convert motion to dismiss to a motion for summary judgment).

## II. THE ADDITIONAL DOCUMENTS WERE IMPROPERLY SUBMITTED

Additional Documents 1-A and 1-B are conflicting versions of the so-called "Master Agreement" which, according to Reynolds, was purportedly entered into between Reynolds and certain Dealership Plaintiffs who purchased Dealer Management Systems ("DMS") from Reynolds. Reynolds relies upon that unauthenticated document to argue . *See* Reynolds Mem. at 49-50 (citing Master Agreement (Exhibit 2 to the Reynolds Mem.) at ¶ 7(g)). However, ▮. *See* the originally filed Exhibit 2 to the Reynolds Mem., Dkt. No. 255-2 (Exhibit 1-A hereto). Several days after filing its Motion to Dismiss, Reynolds filed a purportedly "corrected" Exhibit 2, ▮. *See* "Corrected" Exhibit 2 to the Reynolds Mem. (Exhibit 1-B hereto).[2]

Making matters even more confused, the Master Agreement filed as Reynolds' original Exhibit 2 is self-described as "Ver. 1" (*see* Exhibit 1-A hereto, at bottom of pp. 1, 2), while the

---

[2] Reynolds filed this purportedly "corrected" exhibit following a "meet and confer" on July 20, 2018, during which Dealership Plaintiffs' counsel advised Reynolds' counsel that the exhibit filed along with the Reynolds Memorandum contradicted the memorandum.

4

"corrected" exhibit is self-described as "Version 3." *See* Exhibit 1-B hereto, at bottom of pp. 1, 2. The unexplained absence of a "Version 2" from Reynolds' filing together with its filing of inconsistent versions of the Master Agreement underscore the need for full discovery and conversion of the motion to a summary judgment motion.

Finally, conversion of Reynolds' motion is required because both versions of Exhibit 2 are unauthenticated. As such, without discovery, there is no way to determine which version – *if any of them* – relates to this case. *See Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002) ("What would not be cricket would be for the defendant to submit a document in support of his Rule 12(b)(6) motion that required discovery to authenticate or disambiguate; in such a case the judge would be required to convert the defendant's motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion.").[3]

Additional Documents 2 and 3 are lengthy, self-serving, and disputed declarations of Reynolds executives Robert Schaefer (33 pages, with 129 paragraphs) and Ronald Lamb (8 pages, with 30 paragraphs), which were part of the factual record submitted at the preliminary injunction hearing in *Authenticom, Inc. v. CDK Global LLC*, No. 17-CV-00318 (W.D. Wis.). Reynolds relies on these declarations to support its multi-page "Background" factual recitation featured at the front of its brief. *See* Reynolds Mem. at 1-6. The declarations, however, were not attached to or referenced in the Complaint, and were therefore improperly submitted on Reynolds' Motion to Dismiss.[4]

---

[3] The Complaint briefly references "Defendants' DMS contracts with Dealers." *See* Complaint ¶ 15. However, the Complaint does not attach or specifically reference the Master Agreement; further, the Master Agreement is not "central" to Dealership Plaintiffs' claims, which are based on Defendants' anticompetitive conduct, not on breach of contract. For that reason alone, Reynolds' attachment of the inconsistent Master Agreements warrants converting its motion to a summary judgment motion.

[4] In a footnote in its memorandum (at 1 n.1), Reynolds argues -- without citing any legal authority -- that it may properly rely on documents that it submitted in the *Authenticom* case simply because Dealership Plaintiffs cited other documents filed in that case. Reynolds is wrong. *See Goros v. County of Cook*, No.

Moreover, in important respects, the Schaefer and Lamb Declarations were *miscited* by Reynolds, thus highlighting the need for discovery (including depositions of the two Reynolds witnesses) that Dealership Plaintiffs would no doubt be entitled to take in order to respond to a summary judgment motion. For example, in the very first sentence of its "Background" section, ███████████████████████████████████████████████████████████. Reynolds Mem. at 1 (citing Schaefer Decl. ¶ 49). The cited paragraph of Schaeffer's declaration, however, ███████████████████████████████████████████. *See* Exhibit 2 hereto (Schaefer Decl.), ¶ 49.

Reynolds' "Background" recitation also cites the Lamb Declaration for the proposition that █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Reynolds Mem. at 2 (citing Lamb Decl. ¶ 21). However, the Lamb Declaration merely states that █████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Exhibit 3 hereto (Lamb Decl.) at ¶ 21.

Because Reynolds extensively relies on factual materials outside of the Complaint for its Motion to Dismiss (including materials that contradict each other or statements in Reynolds' memorandum), the motion should be converted to a motion for summary judgment, and

---

04 C 0883, 2004 WL 2434216, at *2 (N.D. Ill. Oct. 29, 2004) (where plaintiffs attached a compensation schedule referenced in a collective bargaining agreement to their complaint, the court rejected defendants' attachment of the entire CBA to their motion to dismiss, finding that "[s]uch a tangential connection is insufficient to warrant consideration of the document for the purpose of a motion to dismiss"; accordingly, the court converted the motion to a motion for summary judgment). *See also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) (concluding that it was error for district court to take judicial notice of court record because the facts in that record were not "beyond reasonable dispute").

Dealership Plaintiffs should be permitted to complete discovery before responding. *See* Fed. R. Civ. P. 12(d); *Hernandez v. Folami*, Case No. 16-cv-78-pp, 2017 WL 435790, at *2 (E.D. Wis. Feb. 1, 2017) (where defendant submitted a factual declaration along with his motion to dismiss, the court converted defendant's motion to a motion for summary judgment, and afforded the plaintiff additional time to respond to the motion); *Gavin v. AT&T Corp.*, No. 01 C 2721, 2004 WL 2260632, at *2 (N.D. Ill. Sept. 30, 2004) (where defendants attached "several pieces of evidentiary material" to their motion to dismiss that were not referenced in plaintiff's complaint, the court converted the motion to dismiss to a motion for summary judgment, even though the material "appear[ed] to be 'central to the complaint'").

The Case Management Order provides for the filing of motions for summary judgment (and other dispositive motions) in July 2019, following the close of fact and expert discovery. *See* Case Management Order, ECF No. 166. The Court should not reward Reynolds' improper submission of extrinsic (and contradictory) documents by forcing Dealership Plaintiffs to respond to a motion for summary judgment at this early stage in discovery, on an incomplete factual record, one year before the currently scheduled date for the briefing of dispositive motions. *See Chambers v. Young*, Case No. 17-cv-38-JPG-SCW, 2018 WL 840165, at *3 (S.D. Ill. Jan. 22, 2018) (adopted by *Chambers v. Young*, 2018 WL 828121 (S.D. Ill. Feb. 9, 2018)) (where defendant's motion to dismiss was converted to a motion for summary judgment early in the litigation before the plaintiff had an opportunity to conduct discovery relevant to the motion, the motion for summary judgment was denied as premature); *Gaeta v. Mercer Belanger, P.C.*, Case No. 4:16-CV-58, 2017 U.S. Dist. LEXIS 121153, at *2 (N.D. Ind. Aug. 2, 2017) (court treated motion to dismiss supported by "voluminous documents outside the pleadings" as motion for summary judgment and struck the motion as premature, as the plaintiff "must have an

7

opportunity to conduct discovery before responding to a motion for summary judgment"); *Chisholm*, 2015 WL 4138847 88686, at *2.

## CONCLUSION

For the foregoing reasons, Dealership Plaintiffs respectfully request that the Court convert Reynolds' Motion to Dismiss into a motion for summary judgment and stay further briefing of that motion pending the completion of discovery.

Dated: July 25, 2018

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
***Dealership Interim Lead Class Counsel***
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel:  (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

Leonard A. Bellavia (pro hac vice)
*Plaintiffs' Steering Committee*
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel:  (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

Daniel C. Hedlund (pro hac vice)
*Plaintiffs' Steering Committee*
Michelle J. Looby (pro hac vice)
*Plaintiffs' Steering Committee*
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel:  (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

James E. Barz
*Plaintiffs' Steering Committee*
Frank Richter
*Plaintiffs' Steering Committee*
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel:  (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Robert A. Clifford
*Liaison Counsel*
Shannon M. McNulty
Kristofer S. Riddle
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel:  (312) 899-9090
Fax: (312) 251-1160
RAC4cliffordlaw.com
SN4M@cliffordlaw.com
KSR@cliffordlaw.com

## **CERTIFICATE OF SERVICE**

      I, Peggy J. Wedgworth, an attorney, hereby certify that on July 25, 2018, I caused a true and correct copy of the foregoing DEALERSHIP CLASS PLAINTIFFS' MOTION TO CONVERT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) TO A MOTION FOR SUMMARY JUDGMENT AND STAY FURTHER BRIEFING to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                 */s/ Peggy J. Wedgworth*_____
                                                 Peggy J. Wedgworth
                                                 **MILBERG TADLER PHILLIPS GROSSMAN LLP**
                                                 One Pennsylvania Plaza, 19th Floor
                                                 New York, NY 10119
                                                 (212) 594-5300
                                                 pwedgworth@milberg.com

752768v5