# EXHIBIT 2

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

MILBERG TADLER PHILLIPS GROSSMAN LLP

One Pennsylvania Plaza 19th Floor ● New York, NY 10119 ● 212.594.5300 ● F 212.868.1229 ● www.milberg.com

July 11, 2018

<u>Via E-Mail</u>

Matthew D. Provance, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606

  Re: *In Re: Dealer Management Systems Antitrust Litigation*,
    <u>MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)</u>

Dear Matt:

  The MDL Plaintiffs write in response to your June 21, 2018 letter regarding certain documents you allege were inadvertently produced to MDL Plaintiffs in this matter, identified in Schedule A attached to your letter ("Disclosed Protected Information").

  Pursuant to Paragraph 13(c) of the Agreed Confidentiality Order (ECF No. 104), MDL Plaintiffs contest the claim of attorney-client privilege and/or work product protection with respect to the documents identified in Exhibit A, which is attached to this letter.

  The reasons the identified documents are not protected include, but are not limited to, the following:

- Many of the documents you are attempting to claw back are business email communications – with no lawyers involved in the discussion at all – or business documents such as PowerPoint presentations that plainly were not prepared in anticipation of litigation. *See, e.g.*, CDK-0881687, CDK-0882301, CDK-0882372.

- Parties may not create a privilege in otherwise non-privileged business documents by incidentally copying them to an attorney. For instance, among the documents CDK is attempting to claw back are documents where the author specifically

July 11, 2018
Page 2

> states an attorney has been copied for the express purpose of creating a shield of privilege. *See, e.g.*, CDK-0817841, CDK-0872317, CDK-1082360.
>
> - The attorney-client privilege is limited to situations in which the attorney is acting as a legal advisor. The purpose of the communication must be the obtaining or providing of legal advice, not a business discussion.
>
> - The privilege does not apply to an e-mail to a group of employees that may include an attorney, but where there is no request for legal advice and the input from the attorney is business-related and not primarily legal in nature.

In response to Josh Hafenbrack's July 5, 2018 email, you confirmed on July 9 that pursuant to Paragraph 13(c) of the Confidentiality Order, MDL Plaintiffs have until July 12 to compel disclosure of the Disclosed Protected Information. Josh's email also suggested a meet and confer in an attempt to avoid the need for motion practice.

Because of the short deadlines, we are requesting a meet and confer today, July 11, at 4:30 p.m. EST. Alternatively, we would be available for a meet and confer tomorrow, July 12, at 10 a.m. EST or 11 a.m. EST. Please suggest an alternative time if those are unworkable.

Pursuant to Paragraph 13(d) of the Protective Order, we request that, while we work through the meet and confer process to attempt to avoid the need for motion practice, you toll the deadline for filing a motion with the court for one week, up to and including July 19, 2018. Please let us know if you agree.

MDL Plaintiffs reserve their rights to argue that CDK has waived all privileges and protections with respect to the documents identified in Schedule A, because CDK voluntarily produced those documents to the FTC in the context of an adversarial proceeding.

Very truly yours,

/s/ *Elizabeth McKenna*  /s/ *Joshua Hafenbrack*
Elizabeth McKenna  Joshua Hafenbrack


cc: CDK-MDL-Team@mayerbrown.com
   Peggy Wedgworth, John Hughes, Michael Acciavatti
   Derek Ho, Michael Namelka

Exhibit A

| Bates Beg_Authenticom | Bates End_Authenticom |
|---|---|
| CDK-0263050 | CDK-0263051 |
| CDK-0263645 | CDK-0263646 |
| CDK-0345727 | CDK-0345728 |
| CDK-0345736 | CDK-0345737 |
| CDK-0345738 | CDK-0345740 |
| CDK-0741384 | CDK-0741387 |
| CDK-0749489 | CDK-0749489 |
| CDK-0749520 | CDK-0749520 |
| CDK-0749521 | CDK-0749542 |
| CDK-0749543 | CDK-0749564 |
| CDK-0749642 | CDK-0749643 |
| CDK-0772311 | CDK-0772332 |
| CDK-0772333 | CDK-0772354 |
| CDK-0772377 | CDK-0772378 |
| CDK-0772502 | CDK-0772502 |
| CDK-0772503 | CDK-0772523 |
| CDK-0772524 | CDK-0772544 |
| CDK-0773364 | CDK-0773364 |
| CDK-0774104 | CDK-0774105 |
| CDK-0778474 | CDK-0778474 |
| CDK-0817841 | CDK-0817842 |
| CDK-0825388 | CDK-0825388 |
| CDK-0825389 | CDK-0825390 |
| CDK-0825391 | CDK-0825391 |
| CDK-0825392 | CDK-0825392 |
| CDK-0825393 | CDK-0825393 |
| CDK-0825394 | CDK-0825394 |
| CDK-0825395 | CDK-0825395 |
| CDK-0895627 | CDK-0895629 |
| CDK-0899836 | CDK-0899837 |
| CDK-0899845 | CDK-0899846 |
| CDK-0899896 | CDK-0899898 |
| CDK-0902525 | CDK-0902529 |
| CDK-0941168 | CDK-0941169 |
| CDK-1032800 | CDK-1032801 |
| CDK-1032802 | CDK-1032802 |
| CDK-1239941 | CDK-1239943 |
| CDK-1291734 | CDK-1291736 |
| CDK-1291789 | CDK-1291790 |
| CDK-1292103 | CDK-1292104 |

| Bates Beg_Authenticom | Bates End_Authenticom |
|---|---|
| CDK-1292105 | CDK-1292126 |
| CDK-1292136 | CDK-1292136 |
| CDK-1296654 | CDK-1296656 |
| CDK-1296657 | CDK-1296658 |
| CDK-1767126 | CDK-1767127 |
| CDK-1767128 | CDK-1767129 |
| CDK-1791163 | CDK-1791164 |
| CDK-1791165 | CDK-1791166 |
| CDK-1801957 | CDK-1801957 |
| CDK-1867175 | CDK-1867176 |
| CDK-2046410 | CDK-2046412 |
| CDK-2046413 | CDK-2046415 |
| CDK-2197322 | CDK-2197322 |
| CDK-2226452 | CDK-2226452 |
| CDK-2263760 | CDK-2263760 |
| CDK-2263761 | CDK-2263762 |
| CDK-2263763 | CDK-2263765 |
| CDK-2263766 | CDK-2263766 |
| CDK-2263767 | CDK-2263767 |
| CDK-2263768 | CDK-2263768 |
| CDK-2263769 | CDK-2263769 |
| CDK-2286595 | CDK-2286596 |
| CDK-2304249 | CDK-2304249 |
| CDK-2304250 | CDK-2304260 |
| CDK-2418904 | CDK-2418906 |
| CDK-2423336 | CDK-2423338 |
| CDK-2428957 | CDK-2428958 |
| CDK-2438374 | CDK-2438376 |