# EXHIBIT 5

MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

July 16, 2018

**BY E-MAIL**

Matthew D. Provance
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

Peggy J. Wedgworth
Elizabeth McKenna
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Michael N. Nemelka
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 60036

Re:   *In re Dealer Management Systems Antitrust Litig.*,
      MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Peggy and Elizabeth:

I write in response to your July 11 and 12, 2018, letters sent on behalf of MDL Plaintiffs regarding CDK Global, LLC's ("CDK") identification of 681 documents as inadvertently Disclosed Protected Information pursuant to Paragraph 13(a) of the Agreed Confidentiality Order (Dkt. 104). We will address each letter separately. In addition, on Friday evening (July 13) we received another letter from Plaintiffs—their third—purporting to challenge additional documents identified by CDK pursuant to Paragraph 13(a) of the Agreed Confidentiality Order and suggesting that the parties meet-and-confer on Tuesday, July 17, at 2:00 p.m. (Eastern). We are available at that time, but we may not be in a position to address the substance of Plaintiffs' July 13 letter by then. We reserve all rights regarding the July 13 letter.

**Plaintiffs' July 11 Letter**

Plaintiffs' July 11 letter challenges CDK's claims of attorney-client privilege and/or work product protection for 73 of the 681 documents identified by CDK as Disclosed Protected Material in Schedule A to its June 21 letter (68 were identified in Exhibit A to your letter and 5 additional documents were identified in the body of your letter, but not listed in Exhibit A). As a threshold matter, with respect to the remaining documents on Schedule A and the nine documents on Schedule B to CDK's June 21 letter that Plaintiffs are not challenging, pursuant to Paragraph 13(b) of the Agreed Confidentiality Order we reiterate our request for Plaintiffs to (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or

Mayer Brown LLP

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 16, 2018
Page 2

destroyed. In accordance with Paragraph 13(b) of the Agreed Confidentiality Order, CDK intends to serve its privilege log within 10 business days of Plaintiffs' confirmation.

Many of Plaintiffs' objections do not appear to be merited. For example, we have confirmed that the three documents described in your July 11 letter as "business email communications—with no lawyers involved in the discussion at all—or business documents such as PowerPoint presentations that plainly were not prepared in anticipation of litigation" were either prepared at the direction of counsel (including outside litigation counsel) and/or properly withheld as part-and-parcel to a confidential attorney-client communication.[1] These documents (CDK-0881687, CDK-0882301, and CDK-0882372) and many others identified on Plaintiffs' Exhibit A are properly withheld as attachments to an otherwise (and undisputedly) privileged communication.

We have reviewed the documents identified in Plaintiffs' July 11 letter and believe that each is subject to a valid and defensible privilege claim. However, in the spirit of compromise and in the hope of avoiding needless motions practice, CDK is prepared to withdraw its request for Plaintiffs to return or destroy the following documents, on the condition of two matters set forth immediately below: CDK-0817841; CDK-0872317; CDK-0772377; CDK-0773364; CDK-0774104; CDK-0895627; CDK-0899836; CDK-0899845; CDK-0899896; CDK-0941168; CDK-1032800; CDK-1032802; CDK-1239941; CDK-1296654; CDK-1296657; CDK-1767126; CDK-1767128; and CDK-1867175. In addition, upon re-examination of CDK-2046410, CDK is prepared to produce a redacted copy of the communication (instead of fully withholding it) that redacts only the request for, and provision of, legal advice.

First, our offer is contingent on obtaining a stipulation from all Plaintiffs that CDK's production of the above-referenced documents does not operate to waive privilege over any subject matter. Please let us know if Plaintiffs are willing to enter into such a stipulation.

Second, as we noted in our June 21 letter, the above-referenced documents have been separately clawed back from production to the FTC. Our offer is therefore contingent upon the approval of CDK's counsel of record in the FTC matter. We are conferring with counsel and expect to have an answer for you about this issue shortly.

---

[1] Attachments to a confidential attorney-client communication are considered an integral part of that communication and may properly be withheld from discovery, regardless of the attachments' origins in the public domain, or their later dissemination. As such, even though an attachment might not be "independently" privileged in other situations, its inclusion in an attorney-client communication brings it within the umbrella of privilege. *See, e.g.*, *Muro v. Target Corp.*, 250 F.R.D. 350 (N.D. Ill 2007) ("[F]orwarded material is similar to prior conversations or documents that are quoted verbatim in a letter to a party's attorney. A party can therefore legitimately withhold an entire e-mail forwarding prior materials to counsel.").

Mayer Brown LLP

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 16, 2018
Page 3

**Plaintiffs' July 12 Letter**

Plaintiffs' July 12 letter does not purport to challenge the privileged nature of any document identified by CDK as Disclosed Protected Information. Rather, the letter claims that "over 470" of the 681 documents listed in Schedule A to CDK's June 21 letter were not produced to the Dealership Class Plaintiffs in the first place. We are happy to confer further to the extent there is a discrepancy, but our initial investigation indicates that all 681 documents identified on Schedule A have been previously produced to the Dealership Class Plaintiffs. Although your July 12 letter does not identify which "over 470" documents are subject to this claim, we have checked all 681 documents on Schedule A and confirmed that they were produced to the Dealership Class Plaintiffs via hard drives shipped to the Milberg firm on the following dates:

| Production Volume | No. of Documents Identified on Schedule A as Disclosed Protected Information | Delivered to Dealership Class Plaintiffs |
|---|---|---|
| Authenticom_010 | 20 | 04/23/2018[2] |
| Authenticom_011 | 6 | 04/23/2018 |
| Authenticom_012 | 6 | 04/23/2018 |
| Authenticom_013 | 6 | 04/23/2018 |
| Authenticom_014 | 97 | 04/23/2018 |
| Authenticom_015 | 460 | 04/23/2018 |
| Authenticom_016 | 1 | 04/23/2018 |
| Authenticom_017 | 13 | 04/23/2018 |
| Authenticom_018 | 13 | 04/23/2018 |
| Authenticom_019 | 49 | 04/23/2018 |
| Authenticom_020 | 10 | 04/30/2018[3] |
| **Total** | **681** | |

We would ask that the Dealership Class Plaintiffs check their records against this information. If a discrepancy remains, please let us know.

In addition, below are some answers (to the best of our current knowledge) to your remaining questions as they pertain to the 677 documents on Schedule A that were previously produced to the FTC before they were produced in the MDL: The FTC was notified about the documents by letters dated April 13, 2018 and May 25, 2018. With the exception of one document that was

---

[2]   *See* UPS tracking No. 1ZEA07262310000398 and FedEx tracking No. 772056625994.

[3]   *See* FedEx tracking No. 772101515380.

Mayer Brown LLP

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 16, 2018
Page 4

inadvertently omitted (CDK-0207384/CDK_CID_00465472), all of the documents with "CDK_CID" Bates prefixes listed on Schedule A have been brought to the FTC's attention. We understand that the FTC has acknowledged receipt of CDK's clawback letters and has confirmed that it has destroyed all documents identified in the April 13 letter. While the FTC has yet to provide such confirmation for the documents identified in CDK's May 25 letter, the FTC has not, to our knowledge, indicated any objection or challenge to the privileged nature of any document identified in that letter. We are willing to meet-and-confer about the Dealership Class Plaintiffs' request for a copy of this correspondence.

To the extent your July 12 letter then begins seeking information about the status of other documents that were clawed back from the FTC but are not subject to CDK's June 21 notification pursuant to Paragraph 13(a) that is now at issue, the relevance of your questions are not clear to us. However, we remain willing to meet-and-confer about them in good faith.

Sincerely,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc: Lead MDL Plaintiff Counsel of Record
Reynolds Counsel of Record
Mark Ryan
Britt Miller
Andrew Marovitz

729465259