# EXHIBIT 7

**MAYER • BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

July 20, 2018

**Matthew D. Provance**
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

**BY E-MAIL**

Peggy J. Wedgworth
Elizabeth McKenna
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Michael N. Nemelka
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 60036

Re: *In re Dealer Management Systems Antitrust Litig.*,
   MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Peggy and Elizabeth:

I write in follow-up to our July 16 letter, our July 17 meet-and-confer, and MDL Plaintiffs' correspondence regarding CDK Global, LLC's ("CDK") identification of 681 documents as inadvertently Disclosed Protected Information ("Clawback Documents") pursuant to Paragraph 13(a) of the Agreed Confidentiality Order (Dkt. 104).[1]

**Exhibits C and D to Plaintiffs' July 17 Letter**

Exhibit C to Plaintiffs' July 17 letter identifies 474 Clawback Documents that were produced to the Dealership Class Plaintiffs in the first instance as slip-sheets stating, "Document Withdrawn for Privilege." Exhibit D to Plaintiffs July 17 letter identifies an additional 32 Clawback Documents that were produced to both the Dealership Class Plaintiffs and Authenticom in the first instance as slip-sheets with the same designation. Your July 17 letter asks for an

---

[1] To recap, CDK received MDL Plaintiffs' first letter on July 11, 2018 challenging the privilege designation of 73 Clawback Documents. On July 12, 2018, CDK received a second letter from MDL Plaintiffs requesting certain additional information relating to the Clawback Documents. On the evening of July 13, 2018, MDL Plaintiffs sent a third letter to CDK challenging 46 additional Clawback Documents and identifying 5 Clawback Documents identified in the July 11 letter, but inadvertently omitted from Exhibit A. Finally, on Tuesday, July 17, CDK received a fourth letter from MDL Plaintiffs with additional questions. Our July 16 response addressed issues in MDL Plaintiffs' July 11 and July 12 letters; this letter will address Plaintiffs' July 13 and July 17 letters, and additional issues that we discussed during our July 17 meet-and-confer.

Mayer Brown LLP

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 20, 2018
Page 2

explanation why these documents were produced to the Dealership Class Plaintiffs, or in some cases all MDL parties, as slip-sheets. As you know, all of the documents identified in Exhibits C and D were originally produced by CDK to the FTC in connection with the FTC's joint conduct CID. Beginning in December 2017, CDK began making re-productions of its FTC-CID productions to Authenticom on a rolling basis (re-productions were made on 12/15/2017, 1/11/2018, 1/26/2018, 2/22/208, 3/22/2018, 4/2/2018, 4/5/2018, and 4/27/2018). Following MDL consolidation, and pursuant to § B.1 of the Case Management Order (Dkt. 166), CDK's FTC-CID production and the additional documents that CDK had produced to Authenticom were re-produced to the Dealership Class Plaintiffs on 04/23/2018 and 04/30/2018.

Meanwhile, as our July 16 letter explains, CDK became aware of inadvertently produced privileged documents in its FTC-CID production (which totals more than 790,000 documents). As CDK became aware of such documents, it clawed them back from the FTC. CDK also coded those documents as privileged in its own production database and replaced them with a slip-sheet, described above, to prevent their further production in the MDL. To the extent that inadvertently produced privileged documents in CDK's FTC-CID production were identified as privileged *before* they were included in an MDL production, Plaintiffs received a slip-sheet identifying the Bates number of the document. That is the case for the 32 documents on Exhibit D to your July 17 letter. We made a mistake identifying these 32 documents as Disclosed Protected Information in our June 21 letter. These documents were never actually produced in the MDL, and therefore, do not need to be "clawed back" in the MDL. All documents that have been clawed back from the FTC-CID team to date have been produced to MDL Plaintiffs as either slip sheets that say "Document Withheld for Privilege" or as redacted images.

The 474 FTC-CID documents noted in Exhibit C to your July 17 letter were identified by CDK as privileged after their re-production to Authenticom, but before the re-productions of CDK's FTC-CID documents to the Dealership Class Plaintiffs pursuant to the MDL. So the documents identified on Exhibit C need to be clawed back from Authenticom, but not the Dealership Class Plaintiffs, who never received them in the first place.

We hope that this answers your questions. We are available to discuss if you want to know more, although it has nothing to do with the merits of any challenge raised under Paragraph 13(c) of the Agreed Confidentiality Order. For example, we do not understand the Dealership Class Plaintiffs' point that they are "not able to contest CDK's clawback of documents they have never received." July 17 Ltr. at 1. To the extent that the Dealership Class Plaintiffs never received some of the Clawback Documents identified in CDK's June 21 letter, those documents are not being "clawed back" from the Dealership Class Plaintiffs and they have no standing to challenge or contest the privileged nature of those documents under Paragraph 13(c).

**Status of FTC Clawback Notifications**

As explained in our July 16 letter, with the exception of CDK-020734/CDK_CID_00465472,

Mayer Brown LLP

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 20, 2018
Page 3

which was inadvertently omitted, all Clawback Documents with "CDK_CID" Bates prefixes were brought to the FTC's attention in letters dated April 13, 2018 and May 25, 2018. FTC's counsel of record before the FTC is aware of the inadvertent omission of CDK-020734/CDK_CID_00465472. CDK's counsel will be reaching out to the FTC shortly to request that the FTC return or destroy the document.

As we also explained, the FTC has confirmed that it has destroyed all the documents subject to CDK's April 13 letter. At this time, the FTC has not provided such confirmation for the documents included in CDK's May 25 letter to the FTC, but the FTC, to our knowledge, has not indicated any objection or challenge to the privilege nature of any document identified in that letter. We have no reason to believe that the FTC will change course. We have raised your request for the production of CDK's correspondence with the FTC on these matters with our client and expect to get back to you shortly on that issue.

Plaintiffs also request that CDK confirm it has not clawed back documents from the FTC on dates other than April 13, 2018 and May 25, 2018. CDK does not believe this information is relevant. However, as you should already be aware, CDK sent a letter to Authenticom on March 2, 2018, identifying 288 documents as inadvertently Disclosed Protected Information, 217 of which bore "CDK_CID" Bates prefixes and therefore had been previously produced to the FTC. As CDK confirmed in its March 2 letter, the FTC was notified of the inadvertent production of the "CDK_CID" documents listed in Schedule A of that letter and asked to destroy or return them. (The FTC has since confirmed that it has destroyed all such documents.) On April 10, 2018, Authenticom confirmed pursuant to Paragraph 13(b) of the Agreed Confidentiality Order that it had destroyed all of the documents identified in CDK's March 2 letter.

**Timing of Clawback Notifications**

Your July 17 letter also asks why CDK "wait[ed] until June 21, 2018 to notify MDL Plaintiffs about clawing back the same documents" it brought to the FTC's attention on April 13 and May 25. Preliminarily, we note that this question appears to be irrelevant under Paragraph 13 of the Agreed Confidentiality Order. Under Paragraph 13(a), the inadvertent production of Disclosed Protected Information, "shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection." Under Paragraph 13(b), "[a] Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information." No deadline is stated or implied by these provisions. Moreover, CDK's timing was reasonable. As it became aware of potentially privileged documents in its FTC-CID production, CDK worked diligently to (a) identify any related privileged documents that may exist in its productions, (b) coordinate with FTC counsel of record to effect a clawback of the documents in the CID proceeding, and (c) await a reasonable time for confirmation from the FTC that the documents would be returned or destroyed before clawing them back in the MDL. Rather than sending multiple notifications to Plaintiffs *seriatim* requesting the return or destruction of individual Clawback Documents, CDK sent its June 21 letter to Plaintiffs once it

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 20, 2018
Page 4

completed a thorough investigation of its productions in an attempt to identify all documents that reasonably appeared to require clawback under Paragraph 13(a).

**CDK's Offer for Compromise and Privilege Log**

To be clear, we believe that all of the Clawback Documents subject to Plaintiffs' challenges are properly withheld under an applicable privilege. However, in the spirit of compromise, in its July 16 letter CDK offered to withdraw its request for Plaintiffs (to the extent they received them in the first place) to return or destroy 19 documents upon two conditions: (1) all Plaintiffs must stipulate that CDK's production of the documents does not operate to waive privilege over any subject matter; and (2) approval of the offer by CDK's counsel of record before the FTC.[2] Having now reviewed Plaintiffs' July 13 correspondence and following our July 17 meet-and-confer, CDK is prepared to offer to do the same for 20 additional documents. For clarity, the 39 documents subject to CDK's offer for compromise are identified here: CDK-0817841; CDK-0872317; CDK-0772377; CDK-0773364; CDK-0774104; CDK-0895627; CDK-0899836; CDK-0899845; CDK-0899896; CDK-0941168; CDK-1032800; CDK-1032802; CDK-1239941; CDK-1296654; CDK-1296657; CDK-1767126; CDK-1767128; CDK-1867175; CDK-0263050; CDK-1057884; CDK-1090651; CDK-1091304; CDK-1189545; CDK-1084260; CDK-1791163; CDK-1791165; CDK-1801957; CDK-1881941; CDK-2197322; CDK-2226452; CDK-2263760; CDK-2263767; CDK-2263768; CDK-2263769; CDK-2423336; CDK-2438374' CDK-2046410 (CDK will produce this document with redactions[3]); CDK-2046413 (same); and CDK-2418904 (same).

In their July 17 letter, Plaintiffs agreed to stipulate that CDK's production of these documents does not operate to waive privilege over any subject matter. Please confirm that we have Plaintiffs' agreement for all documents identified above.

As to the 80 Clawback Documents that remain in dispute, as requested by Plaintiffs, CDK is providing an individualized log explaining the basis of CDK's privilege claim and identifying and describing any privileged family members associated with the document. We note that although CDK has no obligation to log "communications with outside counsel generated on or after May 1, 2017," pursuant to Paragraph 9(a) of the Stipulated Order Re: Discovery of Electronically Stored Information ("ESI Order") (Dkt. 105), CDK has included these documents

---

[2] Obviously, to the extent CDK's offer may impact its ability to assert privilege over the same documents before the FTC, CDK's counsel of record in those proceedings must consent to the offer. As indicated in our July 16 letter, we are conferring with CDK's counsel of record before the FTC and expect to have a final answer for you about this issue shortly.

[3] In response to your question, for CDK-2046410 CDK will provide redacted images that redact the request for, and provision of, legal advice of Wilson Sonsin and/or CDK in-house legal counsel regarding the transaction with AVRS. CDK-2046413 and CDK-2418904 are part of the same email chain and will be redacted similarly. We believe that this description of what we intend to redact is sufficient.

Peggy J. Wedgworth
Elizabeth McKenna
Michael N. Nemelka
July 20, 2018
Page 5

in the enclosed itemized log. We do so without and prejudice to and reserving all rights under Paragraph 9(a) of the ESI Order.

\* \* \*

If you believe that further discussion about these issues would be productive, we are generally available on Monday, July 23 or Tuesday, July 24.

Sincerely,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc: Lead MDL Plaintiff Counsel of Record
Reynolds Counsel of Record
Mark Ryan
Britt Miller
Andrew Marovitz

729524945