# EXHIBIT 9

**Taylor, Sarah**
___

| | |
|---|---|
| **From:** | Wedgworth, Peggy |
| **Sent:** | Tuesday, July 24, 2018 3:33 PM |
| **To:** | 'Miller, Britt M.'; McKenna, Elizabeth; Provance, Matthew D. |
| **Cc:** | FW-CLIENT-CDK-MDL-Team; Hughes, John; Acciavatti, Mike; 'Hafenbrack, Joshua'; 'Rudofsky, Benjamin L.'; 'Ho, Derek T.'; 'Nemelka, Michael N.' |
| **Subject:** | RE: DMS - CDK Clawback |

Britt,

We agree to your proposal, and propose a meet and confer on Thursday at 3 pm Central.

We strongly urge you to respond to all nine questions regarding the FTC production so that all parties can properly address the issues before the Court and not create additional briefing needed should certain facts come to light for the first time in your opposition to our motion.

Peggy J. Wedgworth
Partner

**MILBERG TADLER PHILLIPS GROSSMAN** LLP

One Pennsylvania Plaza
New York, NY 10119
T 212.631.8622
F 212.868.1229
pwedgworth@milberg.com

  

___

**From:** Miller, Britt M. [mailto:BMiller@mayerbrown.com]
**Sent:** Tuesday, July 24, 2018 3:06 PM
**To:** McKenna, Elizabeth; Provance, Matthew D.
**Cc:** FW-CLIENT-CDK-MDL-Team; Wedgworth, Peggy; Hughes, John; Acciavatti, Mike; 'Hafenbrack, Joshua'; 'Rudofsky, Benjamin L.'; 'Ho, Derek T.'; 'Nemelka, Michael N.'
**Subject:** RE: DMS - CDK Clawback

Liz –

I write in response to your email as well as to the call I received from Peggy and Mike earlier today. As I expressed to both of them, we were surprised and disappointed by your email. While your prior requests for extensions of MDL Plaintiffs' deadline have been paired with representations that you were interested in resolving or substantially narrowing our dispute through the meet-and-confer process ("reserving" you rights to ultimately move), and we agreed to the extensions on that basis, your email makes clear—for the first time (and Peggy confirmed)—that Plaintiffs, in fact, are not interested in resolving or narrowing our dispute with regard to the waiver issue but rather intend to move with respect to all of the clawed back documents. With respect to the two other issues the parties have been discussing: (1) the clawed back documents not produced to the Dealer Plaintiffs, and (2) the privileged nature of the clawed back documents, Peggy and Mike indicated a willingness to continue our discussions to see whether or not those issues could be further narrowed prior to Plaintiffs filing their motion. We are still trying to find available times for all of the

necessary people on our end for that discussion, but expect to be available sometime on Thursday, if Plaintiffs are interested in a further meet-and-confer. Finally, as we do not think it efficient to brief these issues in isolation, we will agree to the MDL Plaintiffs' requested extension, provided that MDL Plaintiffs agree to the following briefing schedule as to all issues related to these clawed back documents:

Plaintiffs' Motion (on all 3 issues if not resolved): July 30, 2018
CDK's Opposition to Plaintiffs' Motion: August 20, 2018 (21 days)
Plaintiffs' Reply: September 4, 2018 (14 days)

Please let us know if MDL Plaintiffs agree. With regard to the nine questions you pose about the documents, we are considering them and will provide any additional responses we intend to provide—beyond what we have already provided in our July 16 and July 20 letters—later this week.

Regards – Britt

**Britt M. Miller**
**MAYER BROWN LLP**
**71 South Wacker Drive**
**Chicago, Illinois 60606-4637**
**Direct Dial: (312) 701-8663**
**Direct Fax: (312) 706-8763**
**e-mail:** bmiller@mayerbrown.com

**From:** McKenna, Elizabeth [mailto:emckenna@milberg.com]
**Sent:** Monday, July 23, 2018 11:38 AM
**To:** Provance, Matthew D.
**Cc:** FW-CLIENT-CDK-MDL-Team; Wedgworth, Peggy; Hughes, John; Acciavatti, Mike; 'Hafenbrack, Joshua'; 'Rudofsky, Benjamin L.'; 'Ho, Derek T.'; 'Nemelka, Michael N.'
**Subject:** DMS - CDK Clawback

Matt,

Thank you for your letter of Friday evening, July 20. As we have informed you, along with other grounds, MDL Plaintiffs intend to file a motion that CDK has waived all privileges and protections with respect to the documents identified in Schedule A of your June 21 letter because CDK voluntarily produced those documents to the FTC in the context of an adversarial proceeding.

As the deadline has only been extended until tomorrow, we request that you stipulate to an extension for another week, through July 30, so that you can respond to all of the questions we have asked, beginning on July 12, regarding the FTC production, as well as provide the correspondence, privilege logs, and confidentiality agreement (if one exists), that we have also requested.

We reiterate our request for the following answers to our questions, and have a few follow-up questions as a result of the responses in your July 20 letter:

1. What are the date(s) of your productions to the FTC? When did you first notify the FTC of any request to destroy or return any documents?

2. Will you be producing the privilege log(s) you produced to the FTC to us today, as we requested in our July 19 email? If not, when? This would include a privilege log for the 217 documents referenced in

your March 2, 2018 correspondence to Authenticom, in addition to any other privilege logs produced to the FTC.

3. Please provide which documents, by bate-number, CDK requested be clawed-back from the FTC on, respectively, April 13, May 25, as well as the 217 documents referenced in your March 2, 2018 correspondence to Authenticom.

4. Are the April 13, May 25, and 217 documents referenced in your March 2, 2018 correspondence to Authenticom the only instances of CDK clawing back documents from the FTC? If not, please provide additional information on all CDK clawbacks, including when the documents being clawed back were first produced to the FTC, how many documents were in the production, which documents, by bates number, CDK tried to clawback, and please produce any correspondence and privilege logs to us regarding these clawbacks.

5. Why did CDK delay reaching out to the FTC to return or destroy CDK020734/CDK_CID_00465472? It appears counsel has still not reached out to clawback this document. Please provide more information on this document and its status.

6. Please provide the correspondence that the FTC has confirmed destruction of the 217 documents referenced in your March 2, 2018 correspondence to Authenticom, including any privilege logs. When were these 217 documents produced to the FTC?

7. In the log that accompanies your July 20 letter, column B, "Privilege Log ID Number," begins with the bates number, "CDK_Priv_0000188." Are there prior privilege log(s) with bates-numbers preceding 0000188? If so, please explain and produce that privilege log(s).

8. Was it Mayer Brown or counsel for CDK during the FTC investigation who discovered that documents needed to be clawed back from the FTC production(s) (7/20 Ltr at 3-4)? Please explain the circumstances.

9. We requested production of CDK's correspondence with the FTC on these matters – including a copy of any confidentiality agreement between CDK and the FTC concerning CDK's document productions concerning CDK's document productions to the FTC. You have informed us you raised this with your client and will get back to us "shortly." Given the deadline is tomorrow, we request you either extend the deadline, or provide the information requested today.

Thank you,
Liz

Elizabeth McKenna
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, New York 10119
T: 212.631.8605
F: 212.273.4337
emckenna@milberg.com
**Bio  Website**

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information and is intended only for the use of the individual or entity it is addressed to. If you are not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please erase this message and its attachments and notify me immediately. Thank You.

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Information about how we handle personal information is available in our Privacy Notice.

4