# EXHIBIT 11

**MAYER·BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

**Matthew D. Provance**
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

July 27, 2018

**BY E-MAIL**

Elizabeth McKenna
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Joshua Hafenbrack
Michael N. Nemelka
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 60036

Re: *In re Dealer Management Systems Antitrust Litig.*,
MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Elizabeth and Josh:

I write in response to your July 23, 2018 email and July 25, 2018 letter regarding CDK Global, LLC's ("CDK") identification of 681 documents as inadvertently Disclosed Protected Information ("Clawback Documents") pursuant to Paragraph 13(a) of the Agreed Confidentiality Order (Dkt. 104) and as a follow-up to our July 26, 2018 meet-and confer.

**Plaintiffs' July 23 Email**

Plaintiffs' July 23 email requests additional information related to various productions to, and subsequent clawbacks from, the Federal Trade Commission ("FTC") in connection with CDK's response to the Civil Investigative Demand ("CID") received by CDK on June 26, 2017. As we explained in our July 16, 2018 and July 20, 2018 letters to Plaintiffs, we believe that much of this information is irrelevant to CDK's June 21 notification pursuant to Paragraph 13(a) that is now at issue. Nevertheless, CDK responds to your nine questions below.

1. What are the date(s) of your productions to the FTC? When did you first notify the FTC of any request to destroy or return any documents?

In response to the Civil Investigative Demand received by CDK on June 26, 2017, CDK produced documents to the FTC on the following dates: 7/7/2017, 7/14/2017, 8/4/2017, 8/14/2017, 9/1/2017, 9/25/2017, 10/12/2017, 10/20/2017, 10/23/2017, 10/31/2017, 11/15/2017, 11/30/2017, 12/22/2017, 1/10/2018, 1/25/2018, 2/16/2018, 2/26/2018, and 3/22/2018. Enclosed

Elizabeth McKenna
Joshua Hafenbrack
Michael N. Nemelka
July 27, 2018
Page 2

with this letter is a list of dates of initial production to the FTC for each Clawback Document identified by CDK on June 21.

CDK first notified the FTC of a request to return or destroy inadvertently produced privileged documents on December 22, 2017.

> 2. Will you be producing the privilege log(s) you produced to the FTC to us today, as we requested in our July 19 email? If not, when? This would include a privilege log for the 217 documents referenced in your March 2, 2018 correspondence to Authenticom, in addition to any other privilege logs produced to the FTC.

On July 20, 2018, at Plaintiffs' request, CDK provided Plaintiffs with an individualized log explaining the basis of CDK's privilege claim for each Clawback Document that remains in dispute. With respect to CDK's prior March 2, 2018 letter to Authenticom identifying 288 documents as inadvertently Disclosed Protected Information, on April 5, 2018 CDK provided an individualized privilege log to Authenticom that complied with its obligations under Paragraph 7 of the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. 224). To the extent you do not already have a copy of this log (we assumed that you did), one is enclosed with this letter. On April 10, 2018, Authenticom confirmed pursuant to Paragraph 13(b) of the Agreed Confidentiality Order that it had destroyed all of the documents identified in CDK's March 2 letter. CDK received similar confirmation from the FTC on April 20, 2018.

We believe the July 20 log provided by CDK adequately sets forth the basis of CDK's privilege claim and provides a sufficient description of each document for Plaintiffs to determine whether to continue contesting CDK's privilege assertion. CDK does not believe that the privilege log(s) it has produced to the FTC are relevant to the parties' dispute, and accordingly will not be providing them. The FTC has not challenged CDK's log(s) or disputed the privileged nature of any document that CDK has clawed back on the basis of its description in CDK's log(s), or otherwise.

> 3. Please provide which documents, by bates number, CDK requested be clawed-back from the FTC on, respectively, April 13, May 25, as well as the 217 documents referenced in your March 2, 2018 correspondence to Authenticom.

As explained in CDK's previous correspondence on this topic, all documents identified in CDK's March 2 letter to Authenticom and in its June 21 letter to all MDL Plaintiffs bearing a "CDK_CID" Bates prefix have been clawed back from the FTC.[1]

---

[1] In CDK's July 20 letter we identified one document, CDK-020734, that was inadvertently omitted from prior clawback from the FTC and told Plaintiffs that CDK's counsel of record in the FTC matter would be reaching out to the FTC shortly to request that the FTC return or destroy the document. As noted during

(cont'd)

Elizabeth McKenna
Joshua Hafenbrack
Michael N. Nemelka
July 27, 2018
Page 3

> 4. Are the April 13, May 25, and 217 documents referenced in your March 2, 2018 correspondence to Authenticom the only instances of CDK clawing back documents from the FTC? If not, please provide additional information on all CDK clawbacks, including when the documents being clawed back were first produced to the FTC, how many documents were in the production, which documents, by bates number, CDK tried to clawback, and please produce any correspondence and privilege logs to us regarding the clawbacks.

As we have explained, there are additional documents that CDK has clawed back from the FTC before they were produced to any party in the civil litigation, and therefore are not subject to CDK's June 21 letter. CDK believes that additional information pertaining to these documents (including their CID Bates-numbers, their dates of initial production, and all the additional information you request) is irrelevant to the parties' dispute. To the extent Plaintiffs' demand that CDK knowingly produce privileged documents that were properly clawed back from the FTC and destroyed by the agency so that *Plaintiffs* can second guess CDK's (and the FTC's) determination that they were properly withheld, the request is not well taken.

> 5. Why did CDK delay reaching out to the FTC to return or destroy CDK020734/CDK_CID_00465472? It appears counsel has still not reached out to clawback this document. Please provide more information on this document and its status.

It is inaccurate to say that there was "delay" in the steps that CDK took to claw back CDK-020734 from the FTC. Once CDK discovered the inadvertent omission of this document from prior FTC clawback requests, it promptly took remedial action. On July 24, 2018, counsel of record in the FTC matter formally requested the document be returned or destroyed.

> 6. Please provide the correspondence that the FTC has confirmed destruction of the 217 documents referenced in your March 2, 2018 correspondence to Authenticom, including any privilege logs. When were these 217 documents produced to the FTC?

The FTC's April 20, 2018 correspondence confirming destruction of the documents that CDK clawed back is enclosed with this letter. CDK has followed up with the FTC regarding the additional documents clawed back on May 25, 2018 and expects to receive confirmation that these documents have been destroyed as well. It is our understanding that the responsible staff at the FTC are on vacation, returning Monday, July 30.

---

(… cont'd)

the July 26 meet-and-confer and below, CDK's counsel of record in the FTC matter has since reached out the FTC to request the return or destruction of that document.

Mayer Brown LLP

Elizabeth McKenna
Joshua Hafenbrack
Michael N. Nemelka
July 27, 2018
Page 4

> 7. In the log that accompanies your July 20 letter, column B, "Privilege Log ID Number," begins with the bates number, "CDK_Priv_0000188." Are there prior privilege log(s) with bates-numbers preceding 0000188? If so, please explain and produce that privilege log(s).

As noted in our answer to Question #2 above, CDK provided an individualized privilege log to Authenticom in connection with its March 2, 2018 notification of inadvertently Disclosed Protected Information. That log lists 187 documents that CDK was required to log under Paragraph 7 of the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. 224), which bear CDK Privilege Log ID numbers of CDK_Priv_0000001–0000187. The log that CDK provided on July 20 starts with the next available Privilege Log ID number (CDK_Priv_0000188).

> 8. Was it Mayer Brown or counsel for CDK during the FTC investigation who discovered that documents needed to be clawed back from the FTC production(s) (7/20 Ltr at 3-4)? Please explain the circumstances.

Mayer Brown and CDK's counsel of record in the FTC proceedings (collectively, "CDK's Counsel") coordinated to identify inadvertently Disclosed Protected Information. When CDK's counsel became aware that certain potentially privileged documents were inadvertently produced it promptly began investigating whether additional, similarly privileged documents had been inadvertently produced.

> 9. We requested production of CDK's correspondence with the FTC on these matters – including a copy of any confidentiality agreement between CDK and the FTC concerning CDK's document productions concerning CDK's document productions to the FTC.

We are not aware of a written "confidentiality agreement" between CDK and the FTC. Further, we believe that the relevant correspondence between CDK and the FTC concerning these issues—the April 20 letter from the FTC concerning the destruction of documents that CDK had clawed back as of that date—is provided with this letter. If there is further correspondence with the FTC concerning the disposition of the documents that are subject to CDK's May 25 clawback, we will provide that correspondence as well.

**Plaintiffs' July 25 Letter**

Thank you for confirming the 41 documents listed in the July 25 letter are the only remaining documents for which MDL Plaintiffs dispute CDK's specific privilege assertion. As discussed during our July 26 meet-and-confer, CDK has re-visited its request that you destroy or return the remaining 41 disputed Clawback Documents. While we continue to believe that all of the Clawback Documents subject to Plaintiffs' challenges are properly withheld under an applicable privilege, in the spirit of compromise, CDK is prepared to withdraw its request for Plaintiffs to

Mayer Brown LLP

Elizabeth McKenna
Joshua Hafenbrack
Michael N. Nemelka
July 27, 2018
Page 5

return or destroy the following additional documents upon agreement by the Plaintiffs to stipulate that CDK's production of these documents do not operate to waive privilege over any subject matter and approval of the offer by CDK's counsel of record before the FTC[2]: CDK-0878996; CDK-0889051; CDK-0902525; and CDK-1083380.

Please confirm that we have Plaintiffs' agreement for the 4 documents identified above.

Sincerely,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc: Lead MDL Plaintiff Counsel of Record
Reynolds Counsel of Record
Mark Ryan
Britt Miller
Andrew Marovitz

---

[2] We are conferring with CDK's counsel of record before the FTC and expect to have a final answer for your shortly.

729564453