# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

AUTHENTICOM, INC.

                Plaintiff,

    vs.

CDK GLOBAL, LLC; and THE REYNOLDS
AND REYNOLDS COMPANY

                Defendants.

Case No. 17-cv-318

---

### NOTICE OF SUBPOENA

---

        Please take notice that in accordance with Federal Rule of Civil Procedure 45, plaintiff

Authenticom, Inc. intends to serve the attached subpoena to non-party Dominion Enterprises.

Dated: June 12, 2017

Respectfully submitted,

*s/ Jennifer L. Gregor*

---

Michael N. Nemelka *(pro hac vice)*
Aaron M. Panner *(pro hac vice)*
Derek T. Ho *(pro hac vice)*
David L. Schwarz (*pro hac vice*)
Kevin J. Miller (*pro hac vice*)
Joanna T. Zhang *(pro hac vice)*
Joshua Hafenbrack *(pro hac vice)*
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax:    (202) 326-7999
Email: mnemelka@kellogghansen.com
       apanner@kellogghansen.com
       dho@kellogghansen.com
       dschwarz@kellogghansen.com
       kmiller@kellogghansen.com
       jzhang@kellogghansen.com

jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Mark W. Hancock
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax:     608-257-0609
Email: jgregor@gklaw.com
         hancock@gklaw.com

*Attorneys for Plaintiff Authenticom, Inc.*

**Certificate of Service**

I hereby certify that on June 12, 2017 that I caused a true and correct copy of the foregoing Notice of Subpoena to be served via email and U.S. Mail upon the following:

*For Dominion Enterprises:*

Marc Schildkraut
Cooley LLP
1299 Pennsylvania Ave. NW, Ste. 700
Washington, DC 20004
mschildkraut@cooley.com

*For CDK Global, LLC:*

Britt Marie Miller
Matthew David Provance
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
312-701-8663
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Jeffrey Allan Simmons
Joseph S Harper
Foley & Lardner LLP
150 East Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
608-257-5035 x4267
jsimmons@foley.com
jharper@foley.com

Mark William Ryan
Mayer Brown LLP
1999 K St NW
Washington, DC 20006
202-263-3338
mryan@mayerbrown.com

*For The Reynolds and Reynolds Company:*

Aundrea K. Gulley
Brian T. Ross

3

Brice A. Wilkinson
Ross M. MacDonald
1100 Louisiana Street
Suite 5300
Houston, TX 77002
713-751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Brandon Michael Lewis
Charles Grant Curtis, Jr.
Jesse Jonas Bair
John S. Skilton
Michelle Umberger
Perkins Coie LLP
1 East Main Street
Suite 201
Madison, WI 53703
608-294-4009
blewis@perkinscoie.com
ccurtis@perkinscoie.com
jbair@perkinscoie.com
jskilton@perkinscoie.com
mumberger@perkinscoie.com

Michael P. A. Cohen
Sheppard Mullin Richter & Hampton, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
202-747-1900
mcohen@sheppardmullin.com

*s/ Jennifer L. Gregor*
Jennifer L. Gregor

17333751.1

4

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Wisconsin

| | |
|---|---|
| Authenticom, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:17-CV-318-JDP |
| CDK Global, LLC and The Reynolds and Reynolds Company | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Dominion Enterprises
     c/o Marc Schildkraut, Cooley LLP, 1299 Pennsylvania Ave NW, Ste. 700, Washington, DC 20004

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court, Western District of Wis.<br>120 N. Henry St.<br>Madison, WI 53703 | Courtroom No.: 260 |
|---|---|
| | Date and Time: 06/26/2017 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:    See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/12/2017

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jennifer L. Gregor<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Authenticom, Inc.
_____, who issues or requests this subpoena, are:

Jennifer L. Gregor, Esq., GODFREY & KAHN, S.C., One East Main St. Ste. 500, Madison, WI 53703
Phone: 608-284-2629; E-mail: jgregor@gklaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 3:17-CV-318-JDP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

**DOCUMENT REQUESTS**

1.      A sample of at most two documents sent by CDK Global LLC and two documents sent by The Reynolds & Reynolds Company regarding the enforcement of their prohibition on disclosing to dealers the prices they charge for data integration services.

**CONFIDENTIALITY**

Please indicate whether any produced documents should be designated as confidential pursuant to the protective order in the underlying litigation.  *See* Attachment B.

Attachment A – 1

# Attachment B

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AUTHENTICOM, INC., | |
| Plaintiff, | |
| v. | No. 3:17-CV-318-JDP |
| CDK GLOBAL, LLC and THE REYNOLDS AND REYNOLDS COMPANY, | |
| Defendants. | |

### [~~PROPOSED~~] AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

### I.    CONFIDENTIALITY

1.    **Scope**.  All materials produced or adduced in the course of formal or informal discovery in this action, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, preliminary injunction exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules and Administrative Orders of this District (including Administrative Order No. 311), and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information**.

a.      As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute;  (b) information that reveals trade secrets, confidential research, development or other confidential technical, commercial, financial or business information; (c) medical information or other private and highly sensitive information concerning any individual; (d) non-public personal information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records of a person who is not a party to the case; (g) information subject to any non-disclosure or confidentiality agreement between the Designating Party and any other party or non-party; or (h) other information the producing party reasonably believes is subject to protection.

b.      The designation "HIGHLY CONFIDENTIAL" is reserved for Confidential Information of a highly sensitive nature that, because of its significance to the competitive strategy and/or operations of a party or non-party, its disclosure could result in significant harm, including but not limited to competitive harm, to the business or operations of that party or non-party.  Without limitation to other forms of Confidential Information properly designated as "HIGHLY CONFIDENTIAL" in accordance with this subparagraph, a producing party may designate copyrighted software and all other information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs as "HIGHLY CONFIDENTIAL."

c.      Confidential Information excludes information that is publicly available unless such information is publicly available because of: (a) a breach of this Confidentiality Order; (b) a violation of any other obligation of confidentiality (whether intentional or inadvertent); or (c) an inducement of a violation of obligation of confidentiality.

3.      **Designation**.

a.      A party or non-party shall designate as Confidential Information such information that it reasonably believes, in good faith, is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A party or non-party (the "Designating Party") may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.      The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a party appearing

pro se in this action, or a non-party producing documents in this action that the document contains Confidential Information as defined in this Order.

        c.     All documents produced, exchanged, or filed by any party or by any non-party, not otherwise designated pursuant to this Order, shall be treated as "CONFIDENTIAL" for the later of (a) fourteen (14) days following the issuance of this Order, or (b) the first fourteen (14) days after such document is first produced, filed, or exchanged.  If a party to this lawsuit believes that another party or any non-party has produced or submitted documents containing its Confidential Information, such party shall have fourteen (14) days from the date of entry of this Order or fourteen (14) days after such materials are produced, filed, or exchanged to designate any such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such documents so designated shall be treated accordingly under the terms of this Order.  After the time periods set forth in this paragraph, any documents not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as non-confidential information, subject to paragraphs 6 and 14 below.

        d.     A non-party's use of this Order to protect its Confidential Information does not entitle it to access or use any Confidential Information produced by any party in this case.

    4.     **Depositions**.  A party or non-party may designate some or all of a witness's deposition testimony as Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken.  The designating party must provide the specific page and line designations over which the party or non-party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to

the designating party or non-party. Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

     5.    **Protection of Confidential Information**.

     a.    **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in the above captioned case, including any appeal thereof (the "Litigation").

     b.    **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order. Subject to this Confidentialtiy Order, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

     1)    **Counsel**. Inside and outside legal counsel for the parties and such employees and support staff of legal counsel as have responsibility for the action;

     2)    **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this action;

     3)    **The Court and its personnel;**

4)   **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions in this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5)   **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6)   **Consultants and Experts**.   Consulting or testifying experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action, and who are not employees or regular contractors of the parties or any affiliated entity, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7)   **Witnesses at depositions**.   During their depositions, witnesses in this action to whom disclosure is reasonably necessary, and the counsel representing them at the deposition, if any.  Neither witnesses nor their counsel shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their counsel shall destroy those copies.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL"

pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8)      **Author or recipient**.  The author or recipient of a document (not including a person who received the document in the course of the Litigation) may be shown only those portions of the document that he or she authored or received;

9)      **Special masters and their direct staff;**

10)     **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties; and

11)     **Others by Consent**.  Other persons only by written consent of the producing party or non-party or upon order of the Court and only on such conditions as may be agreed or ordered.

c.      **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

1)      **Counsel**. Outside legal counsel of record for the parties in this action and such employees and support staff of outside counsel as necessary to conduct this action;

2)      **The Court and its personnel;**

-7-

3)   **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions in this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

4)   **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5)   **Consultants and Experts**. Consulting or testifying experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action, and who are not employees or regular contractors of the parties or any affiliated entity, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6)   **Witnesses at depositions**.  During their depositions, witnesses in this action who are employees of the Designating Party or who were employees of the Designating Party at the time that the exhibit designated as "HIGHLY CONFIDENTIAL" was created.  Neither witnesses nor their counsel shall retain a copy of exhibits designated as "HIGHLY CONFIDENTIAL."  Pages of transcribed deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone

except as permitted under this Order. If a witness in this action is not a current employee of the Designating Party nor was the author, recipient, or an employee of the Designating Party at the time the documents designated as HIGHLY CONFIDENTIAL were created, the party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, or as soon as practicable under the circumstances, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed. The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause. The Designating Party shall not disclose to any other party or non-party that a notice of disclosure has been provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law. If the Designating Party provides such notice to any other party or non-party, then the Designating Party must provide a copy of its communications providing that notice to the party wishing to make the disclosure. If timely written notice of the good cause objection to the proposed disclosure is provided to the party wishing to make such disclosure, disclosure is not permissible without leave of Court.

7) **Author or recipient.** The author or recipient of a document (not including a person who received the document in the course of the Litigation) may be shown only those portions of the document that he or she authored or

received;

     8)    **Special masters and their direct staff;**

     9)    **Mediators and their direct staff** provided that they are bound by a confidentiality agreement acceptable to all parties; and

     10)    **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

     d.    **Control of Documents**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

     e.    Nothing in this Order shall limit or restrict in any manner a party or non-party's right to use, or to authorize or consent to the use of, its own Confidential Information.

     6.    **Failure to Designate**.  A failure to designate a document or transcript (or any portion thereof) as Confidential Information does not waive the confidential status of such information or the right to so designate the document.  If a party or non-party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated

Confidential Information.

7.      **Filing of Confidential Information**.  This Order does not, by itself, authorize

the filing of any document under seal.  Any party wishing to file a document designated as

Confidential Information in connection with a motion, brief, or other submission to the Court

must comply with all applicable Local Rules, Administrative Orders (including Administrative

Order No. 311), and Electronic Filing Procedures of this District.

8.      **No Greater Protection of Specific Documents**.    Except on privilege grounds

not addressed by this Order, no party may withhold information from discovery on the ground

that it requires protection greater than that afforded by this Order unless the party moves for an

order providing such special protection.

9.      **Challenges by a Party to Designation as Confidential Information**.  The

designation  of  any  material  or  document  as  "CONFIDENTIAL"  or  "HIGHLY

CONFIDENTIAL" is subject to challenge by any party.  The following procedure shall apply to

any such challenge.

a.      **Meet and Confer**.  A party challenging the designation of Confidential

Information must do so in good faith and must begin the process by conferring directly with

counsel for the Designating Party.  In conferring, the challenging party must explain the basis

for its belief that the confidentiality designation was not proper and must give the Designating

Party an opportunity to review the designated material, to reconsider the designation, and, if no

change in designation is offered, to explain the basis for the designation.  The Designating Party

must respond to the challenge within ten (10) business days.

b.      **Judicial Intervention**.  A party that elects to challenge a confidentiality

designation may file and serve a motion that identifies the challenged material and sets forth in

-11-

detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

c.      **Fees/Costs**.  Each party shall bear its own fees and costs related to any challenges of confidentiality designations under this Order.

10.    **Action   by  the  Court**.   Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.    **Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall notify the Designating Party at least ten (10) days prior to said hearing or trial, or as soon as practicable under the circumstances.  The Court may make such orders as are necessary to govern the use of Confidential Information at a hearing or trial.

12.    **Confidential   Information   Subpoenaed   in   Other   Litigation   or Proceeding.**

a.      If a receiving party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the

Designating Party, in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The receiving party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the party has in its possession, custody, or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of the Litigation**.

a. **Obligations at Conclusion of the Litigation**. Within sixty days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the producing party unless (1) otherwise agreed by the parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure.

b. **Retention of Work Product and One Set of Filed Documents**.

-13-

Notwithstanding the above requirements to return or destroy documents, outside counsel may retain their records of (1) email correspondence related to their representation, (2) attorney work product, including memoranda and correspondence related to the Litigation, and/or an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (3) a complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

## II.    LIMITATIONS ON WAIVER OF PRIVILEGE

14.    **No Waiver by Disclosure.**

a.    This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims that such information is privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

b.    A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The receiving party must— unless it contests the claim of attorney-client privilege or work product protection in accordance

-14-

with sub-paragraph 15(c) of this Order—within ten business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within ten business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

        c.    If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

        d.    The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

        e.    Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

      f.     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

      15.    **Receiving Party's Obligation.**  Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a receiving party becomes aware that it is in possession of what appears to be privileged documents or materials, counsel for the receiving party shall immediately: (i) cease any further review or use of that document or material and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting confirmation whether the documents or materials are Disclosed Protected Information. In the event the producing party confirms the documents or material are Disclosed Protected Information, the receiving party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties.

## III.   MISCELLANEOUS

      16.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      17.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.     **Persons Bound**.   This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19.     **Order Continues in Force**.   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

20.     **Backup/Archival/Disaster Recovery Systems**.   Notwithstanding any of the destruction and deletion requirements set forth herein, no person or entity is required by this Order to delete information that may reside on the respective person or entity's back-up, archival, or disaster recovery systems.

**SO ORDERED.**

Dated: _JUNE 9_ , 2017

_____

STEPHEN L. CROCKER
Hon. ~~James D. Peterson~~
United States ~~District~~ Judge
MAGISTRATE

-17-

The parties, by and through the undersigned counsel, so move and agree to abide by the terms of this Order.

Dated: June 8, 2017

/s/ *Michael N. Nemelka*
Michael N. Nemelka (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Derek T. Ho (*pro hac vice*)
David L. Schwarz (*pro hac vice*)
Kevin J. Miller (*pro hac vice*)
Joanna T. Zhang (*pro hac vice*)
Joshua Hafenbrack (*pro hac vice*)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
mnemelka@kellogghansen.com
apanner@kellogghansen.com
dho@kellogghansen.com
dschwarz@kellogghansen.com
kmiller@keogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Mark W. Hancock
GODFREY KAHN S.C.
One East Main Street
Suite 500
Madison, Wisconsin 53703
Tel: (608) 284-2629
Fax: (608) 257-0609
jgregor@gklaw.com
mhancock@gklaw.com

*Attorneys for Plaintiff Authenticom, Inc.*

/s/ *Britt M. Miller*
Britt M. Miller (*pro hac vice*)
Matthew D. Provance (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006-1101
Tel: (202) 263-3000
Fax: (202) 263-3300
mryan@mayerbrown.com

Jeffrey Allan Simmons
Joseph S. Harper
FOLEY & LARDNER LLP
150 East Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
Tel: (608) 257-503
Fax: (608) 258-4258
jsimmons@foley.com
jharper@foley.com

*Attorneys for Defendant CDK Global, LLC*

/s/ *Aundrea K. Gulley*
Kathy D. Patrick (*pro hac vice to follow*)
Aundrea K. Gulley (*pro hac vice*)
Brian T. Ross (*pro hac vice*)
Brice A. Wilkinson (*pro hac vice*)
Ross M. MacDonald (*pro hac vice*)
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Tel: (713) 751-5258
Fax: (713) 750-0903
kpatrick@gibbsbruns.com
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P. A. Cohen (*pro hac vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON, LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
Tel: (202) 747-1900
Fax: (202) 637-5910
mcohen@sheppardmullin.com

John S. Skilton
Charles G. Curtis, Jr.
Michelle M. Umberger
Brandon M. Lewis
Jesse J. Bair
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, WI 53703
Tel: (608) 663-7460
Fax: (608) 663-7499
jskilton@perkinscoie.com
ccurtis@perkinscoie.com
mumberger@perkinscoie.com
blewis@perkinscoie.com
jbair@perkinscoie.com

*Attorneys for Defendant The Reynolds and
Reynolds Company*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

AUTHENTICOM, INC.,

      Plaintiff,

    v.

CDK GLOBAL, LLC and THE REYNOLDS
AND REYNOLDS COMPANY,

      Defendants.

No. 3:17-CV-318-JDP

### ATTACHMENT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Wisconsin in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Employer: _____

Address: _____

Date: _____

Signature: _____