IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DEALERSHIP CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF 1,807 DOCUMENTS DEFENDANT CDK GLOBAL, INC. PREVIOUSLY DISCLOSED TO THE FEDERAL TRADE COMMISSION**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's Case Management Order ("CMO") (ECF No. 166), Dealership Class Plaintiffs ("Dealership Plaintiffs")[1] respectfully submit this Motion to Compel Disclosure of 1,807 Documents Defendant CDK Global, Inc. ("CDK") Previously Disclosed to the Federal Trade Commission ("FTC") ("Motion to Compel").

**INTRODUCTION**

The 1,807 documents at issue in this motion ("1,807 Documents")[2] should be disclosed pursuant to the same legal basis set forth in Dealership Class Plaintiffs' Motion to Compel Disclosure of CDK's Clawback Documents filed on July 30, 2018 ("Clawback Disclosure Motion") (ECF No. 294).[3] Dealership Plaintiffs respectfully submit the Court should compel

---

[1] Dealership Plaintiffs consist of a nationwide class of automobile dealerships who are currently represented by 25 named plaintiffs.

[2] A list of the beginning Bates-number for each of the 1,807 Documents is attached as Exhibit 1 to the August 6, 2018 Declaration of Peggy J. Wedgworth ("Wedgworth Decl.") filed contemporaneously herewith.

[3] After consultation by telephone and good faith attempts to resolve differences, the parties are unable to reach an accord. *See* Disclosure Motion, ECF No. 294 at 3-8; *see infra* 2-5.

CDK to disclose 1,807 Documents identified by CDK as privileged that it previously produced to the FTC pursuant to a Civil Investigative Demand. Dealership Plaintiffs seek the disclosure of 1,807 Documents because CDK produced these documents to the FTC in an adversarial proceeding, and thus has waived the attorney-client privilege and attorney work product protection.

The 1,807 Documents were not included in the Clawback Disclosure Motion because CDK never attempted to "claw back" these documents from Dealership Plaintiffs, and therefore Paragraph 13(c) of the Agreed Confidentiality Order ("Confidentiality Order") (ECF No. 104),[4] the basis of the Clawback Disclosure Motion, is inapplicable. For the sake of brevity and judicial economy, Dealership Plaintiffs will incorporate by reference certain arguments in their Clawback Disclosure Motion, as referenced below, and will only include the relevant background specific to the 1,807 Documents.

## BACKGROUND

The factual background of the issues that necessitated this Motion to Compel is recounted in the Clawback Disclosure Motion. *See* ECF No. 294 at 3-8. In brief summary: (1) the CMO (ECF No. 166) required the parties "to exchange Authenticom productions as well as documents produced to the FTC …."; (2) in April 2018, pursuant to the CMO, CDK reproduced to

---

[4] Paragraph 13(c) of the Agreed Confidentiality Order provides:

> If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

2

Dealership Plaintiffs document productions it had made to Authenticom and the FTC; (3) CDK's document productions to Dealership Plaintiffs were made without any disclosure that CDK had removed hundreds, if not thousands, of documents from the FTC and Authenticom productions before reproducing documents to Dealership Plaintiffs; and (4) CDK attempted to clawback 681 documents from Dealership Plaintiffs and Authenticom (collectively, "MDL Plaintiffs") on June 21, 2018. *See* Clawback Disclosure Motion, ECF No. 294-2: July 30, 2018 Wedgworth Decl., Exhibit 1.

CDK's June 21, 2018 request to clawback documents from MDL Plaintiffs resulted in Dealership Plaintiffs' investigation of those 681 documents, as well as close examination of CDK's document productions. During that process, Dealership Plaintiffs discovered that CDK had produced approximately 4,500 "placeholder" documents that state, "Document Withheld for Privilege," in lieu of producing the actual documents. *See* Clawback Disclosure Motion, ECF No. 294, at 14, n.20.

On July 26, 2018, on a telephonic meet and confer held on issues relating to the Clawback Disclosure Motion, Dealership Plaintiffs' counsel raised that there were approximately 4,500 documents CDK produced as placeholder documents to Dealership Plaintiffs. The parties agreed to address these documents at a later time.

On August 1, 2018, Dealership Plaintiffs provided a list of 4,535 "placeholder" documents to CDK, notifying CDK that they intended to file a motion to compel disclosure of these documents (Dealership Plaintiffs' Aug. 1, 2018 letter is attached to Wedgworth Decl. as Exhibit 2). CDK responded that evening that it disagreed this issue was subject to the August 6 deadline for motions to compel (CDK's Aug. 1, 2018 letter attached to Wedgworth Decl. as Exhibit 3). CDK also stated in that letter that it believed the documents fell into one of two

3

categories. CDK represented that "Category 1" documents were produced to the FTC in the first instance as "placeholder" documents and then reproduced to the MDL Plaintiffs in the same form; "Category 2" consisted of documents produced to the FTC in connection with the FTC's joint conduct investigation as something other than "placeholders," then clawed back from the FTC and Authenticom, and finally produced to Dealership Plaintiffs as "placeholders." CDK informed Dealership Plaintiffs it was working with its third party vendor to identify which documents on the list provided by Dealership Plaintiffs fell into the two categories it identified. *See* Wedgworth Decl., Exhibit 3.

On August 2, 2018, Dealership Plaintiffs responded in an attempt to narrow the issues, but as CDK previously indicated it would not be producing the documents, and the majority of the documents were not part of CDK's June 21, 2018 clawback letter, Dealership Plaintiffs made clear that they intended to file a motion to compel (Dealership Plaintiffs' Aug. 2, 2018 letter attached to Wedgworth Decl. as Exhibit 4).

On August 3, 2018, CDK provided a general breakdown of how many documents fell into what were now three categories (CDK's Aug. 3, 2018 letter attached to Wedgworth Decl. as Exhibit 5). That evening, Dealership Plaintiffs responded with specific questions as to each category, requesting basic information such as identification of Bates-numbers for the documents in each category, and asking whether a party had accepted CDK's clawback of documents. In an attempt to eliminate certain categories of documents from inclusion in their motion to compel, Dealership Plaintiffs explained that this information was needed in order to evaluate these categories further (Dealership Plaintiffs' Aug. 3, 2018 letter attached to Wedgworth Decl. as Exhibit 6).

On August 4, 2018, CDK and Dealership Plaintiffs communicated by email about the information requested (CDK's and Dealership Plaintiffs' Aug. 4, 2018 1:17 pm and 3:50 pm emails attached to Wedgworth Decl. as Exhibit 7). That evening, CDK provided the information requested by Dealership Plaintiffs (CDK's Aug. 4, 2018 8:48 pm email attached to Wedgworth Decl. as Exhibit 8). After reviewing the information provided, Dealership Plaintiffs responded on August 5 that they would not include documents in Categories 1 and 3 in a motion to compel (Dealership Plaintiffs' Aug. 5, 2018 1:30 pm email attached to Wedgworth Decl. as Exhibit 9). Additionally, Dealership Plaintiffs informed CDK that after receiving the Bates-number identification requested, they would be narrowing the number of documents identified in Category 2.[5] The remaining documents in Category 2 fell within the waiver argument in Dealership Plaintiffs' Clawback Disclosure Motion (but were not clawed back from Dealership Plaintiffs by CDK). The parties agreed that based on the fact the Dealership Plaintiffs' Clawback Disclosure Motion already included the waiver issue raised here, which was previously addressed on prior meet and confers, the parties were at an impasse. *See* Wedgworth Decl., Exhibit 9: Aug. 6. 2018 Dealership Plaintiffs' 1:35 pm email and CDK's 4:45 pm email.

## ARGUMENT

Dealership Plaintiffs incorporate by reference the legal argument at pages 8-12 of the Clawback Disclosure Motion, that CDK waived privilege of the 1,807 Documents by producing them to the FTC. *See* ECF No. 294 at 8-12, Section IA and B.

---

[5] Based on the Bates-numbers provided by CDK, Dealership Plaintiffs narrowed CDK's "Category 2" documents from 2,275 documents to the 1,807 documents that are the subject of this motion by excluding 468 documents already being contested under the waiver theory in Dealership Plaintiffs' Clawback Disclosure Motion.

**CONCLUSION**

For the foregoing reasons, MDL Plaintiffs respectfully request this Court order CDK to disclose 1,807 Documents identified by CDK as privileged that it previously produced to the FTC pursuant to a Civil Investigative Demand. Dealership Plaintiffs seek the disclosure of 1,807 Documents because CDK produced these documents to the FTC in an adversarial proceeding, and thus has waived the attorney-client privilege and attorney work product protection.

Dated: August 6, 2018

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth (*pro hac vice*)
*Dealership Interim Lead Class Counsel*
Elizabeth McKenna (*pro hac vice*)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza
19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

Leonard A. Bellavia (*pro hac vice*)
*Plaintiffs' Steering Committee*
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

Daniel C. Hedlund
*Plaintiffs' Steering Committee*
Michelle J. Looby (*pro hac vice*)
*Plaintiffs' Steering Committee*
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

James E. Barz
*Plaintiffs' Steering Committee*
Frank Richter
*Plaintiffs' Steering Committee*
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (*pro hac vice*)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Robert A. Clifford
*Liaison Counsel*
Shannon M. McNulty
Kristofer S. Riddle
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC4cliffordlaw.com
SN4M@cliffordlaw.com
KSR@cliffordlaw.com

## **CERTIFICATE OF SERVICE**

I, Peggy J. Wedgworth, an attorney, hereby certify that on August 6, 2018, I caused a true and correct copy of the foregoing DEALERSHIP CLASS PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF 1,807 DOCUMENTS DEFENDANT CDK GLOBAL, INC. PREVIOUSLY DISCLOSED TO THE FEDERAL TRADE COMMISSION, to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> */s/ Peggy J. Wedgworth*
> Peggy J. Wedgworth
> **MILBERG TADLER PHILLIPS GROSSMAN LLP**
> One Pennsylvania Plaza
> 19th Floor
> New York, NY 10119
> (212) 594-5300
> pwedgworth@milberg.com