# EXHIBIT 3

# MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

August 1, 2018

**Jessica A. Michaels**
Direct Tel +1 312 701 7121
Direct Fax +1 312 706 8135
jmichaels@mayerbrown.com

<u>BY E-MAIL</u>

Elizabeth McKenna
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Dealer Management Systems Antitrust Litig.*,
<u>MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)</u>

Dear Elizabeth:

I write in response to your letter from this afternoon (August 1, 2018) regarding "approximately 4,500 'placeholder' documents CDK produced to Dealership Plaintiffs in April 2018" and your assertion that parties are at an impasse regarding these documents. We disagree.

Although Dealership Plaintiffs mentioned in passing during the parties July 26 meet-and-confer that they believed there were "thousands" of documents improperly slip-sheeted in CDK's production, your letter of today is the first time that CDK is receiving a list of the documents Plaintiffs claim were improperly withheld. During the July 26 meet-and-confer, CDK told Dealership Plaintiffs that we would be happy to discuss any further concerns regarding CDK's productions to Dealership Plaintiffs. Dealership Plaintiffs, in turn, told CDK they would follow-up shortly with any such issues. Today's letter is the first communication on the topic since then. Given the complete absence of any meaningful discussion regarding these documents, we were surprised by your statement that you "do not think that further discussion is needed or would be productive." Again, we disagree. If plaintiffs are willing to meet-and-confer to see if the parties can resolve (or at least narrow) this new issue, CDK stands ready to do so.

Setting aside the slip-sheeted documents that are currently subject to the motion to compel plaintiffs filed this past Monday (Dkt. 294), CDK does not believe that the balance of the slip-sheeted documents referenced in your letter have ever been meaningfully discussed. Indeed, today's letter was the first time that Plaintiffs have provided CDK with a list of the specific documents they contend were improperly slip-sheeted.

Based on its current knowledge, CDK believes that to the extent a document identified in today's list bears a "CDK_CID" Bates prefix, it falls into one of two categories:

1. Documents identified as privileged by CDK *prior* to production to the FTC in connection with the FTC's joint conduct investigation and therefore produced to the FTC as slip-

Mayer Brown LLP

Elizabeth McKenna
August 1, 2018
Page 2

      sheets stating "Document Withheld for Privilege" and later re-produced to MDL Plaintiffs in the same form; or

2. Documents originally produced to the FTC in connection with the FTC's joint conduct investigation but identified by CDK as privileged *before* CDK re-produced the FTC-CID production to Dealership Class Plaintiffs on 4/23/2018 and 4/30/2018.

As Plaintiffs know, all of the documents in Category #2 have been clawed back from the FTC and Authenticom (to the extent a document was produced to Authenticom before CDK became aware of its privileged nature). CDK has previously provided Plaintiffs with the dates of production to, and clawback from, the FTC for these documents.

While we do not believe there is a material difference in these two categories of documents—especially given Dealership Plaintiffs' waiver arguments in their pending Motion to Compel—CDK is working with its third-party vendor to identify which documents on the list provided by Plaintiffs this afternoon fall into Category 1 and which fall into Category 2. We expect to be able to provide that information to Plaintiffs this week.

Once this information is available, CDK believes a meet-and-confer with Plaintiffs would be beneficial and would allow CDK to address any of Plaintiffs' ongoing concerns relating to CDK's productions (to the extent any remain).

Finally, we disagree that this issue (as it is not directly related to a discovery request) is subject to the August 6 deadline for motions to compel, but to the extent Plaintiffs are concerned about CDK raising timeliness of any motion on this issue filed after August 6, CDK is willing to agree not to raise that argument if the parties are unable to resolve this dispute during future meet-and-confers.

Sincerely,

*/s/ Jessica A. Michaels*
Jessica A. Michaels

cc:     Lead MDL Plaintiff Counsel of Record
        Reynolds Counsel of Record
        Mark Ryan
        Britt Miller
        Andrew Marovitz
        Matt Provance