# EXHIBIT 4

**MILBERG TADLER PHILLIPS GROSSMAN**LLP                                                      NEW YORK

Elizabeth McKenna
Direct Dial: (212) 631-8605
emckenna@milberg.com

August 2, 2018

**VIA EMAIL**

Jessica A. Michaels, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
jmichaels@mayerbrown.com

    Re:    *In re Dealer Management Systems Antitrust Litig.*,
            MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Jessica:

    Thank you for your response to our August 1, 2018 letter regarding the 4,500 "placeholder" documents in the CDK productions to Dealership Plaintiffs.

    We respond below to your recent letter in an attempt to narrow issues, but as you have indicated that you will not be producing documents, we will be making a motion to compel the production of those documents on Monday. We are willing to meet with you at anytime tomorrow or over the weekend in an attempt to narrow the issues, but without production, a motion will be made.

    You stated that a meet and confer would be beneficial once your third-party vendor has completed its review of CDK's documents, which you expect to be this week. We are willing to discuss these documents, but given your firm's refusal to discuss anything related to the FTC productions on our two prior meet and confers, we are hopeful this will be a more productive discussion.

    On the July 26 meet and confer, Peggy Wedgworth specifically mentioned there were "approximately 4,500 placeholder documents" in document productions received from CDK. Matt Provance suggested a separate meet and confer. We provided the list of Bates-numbered documents to you yesterday *as a courtesy*, as we did with the 474 placeholder documents on July 17, 2018. It is just as feasible, and frankly more appropriate, for CDK to review *their own* document productions to discern the placeholder documents it produced to Dealership Plaintiffs,

rather than for Dealership Plaintiffs to continue to provide information to CDK that it should have at its disposal.

We were very surprised to learn after *weeks* of Dealership Plaintiffs' communications to CDK, beginning as early as *July 12* about the discrepancies between the productions to Dealership Plaintiffs, the FTC, and Authenticom, that "CDK is working with its third-party vendor to identify which of the 4,500 documents fall into different categories (Aug. 1 letter, at 2). These are not new issues, and it is clear this information is known and has been readily available to CDK. And again, it is not incumbent on Dealership Plaintiffs to inform you which documents CDK produced as placeholders in order for you to follow-up with your vendor in order to provide basic information.

Although we understand your current representations as to the two categories these documents fall in: (1) documents identified as privileged by CDK and produced to the FTC as "placeholders" and (2) documents originally produced to the FTC and *then* identified by CDK as privileged before being reproduced to the Dealership Plaintiffs as "placeholders"), we request that you confirm that all 4,500 documents were produced to the FTC. If this is not the case, how many of the 4,500 fall into the two categories above, and thus were at some point produced to the FTC?

Again, the majority of these 4,500 documents were not part of your June 21, 2018 "clawback" letter. As such, we will be filing a motion to compel regarding the remainder of these documents.

Sincerely,

*/s/ Elizabeth McKenna*
Elizabeth McKenna


cc: CDK-MDL-Team@mayerbrown.com
    DMSteam@milberg.com
    Derek Ho, Michael Nemelka

**MILBERG TADLER PHILLIPS GROSSMAN** LLP