# EXHIBIT 5

**MAYER·BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

August 3, 2018

**B**y **E-M**ail

Jessica A. Michaels
Direct Tel +1 312 701 7121
Direct Fax +1 312 706 8135
jmichaels@mayerbrown.com

Elizabeth McKenna
M**ilberg** T**adler** P**hillips** G**rossman** LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Dealer Management Systems Antitrust Litig.*,
MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Elizabeth:

I write in response to your August 2, 2018 letter regarding "4,500 'placeholder' documents in the CDK production to Dealership Plaintiffs."

Despite plaintiffs' accusations to the contrary, CDK has worked diligently to promptly address every question from Dealership Plaintiffs regarding the integrity of CDK's productions to MDL Plaintiffs, including the approximately 790,000 documents that have been re-produced from CDK's FTC joint conduct investigation production. Your assertion that CDK has "refus[ed] to discuss anything related to the FTC productions" during prior meet-and-confers is completely unsupported, and the record reflects that. To recap the actual history of this issue:

- The Dealership Class Plaintiffs' July 12, 2018 letter, which was ostensibly related to CDK's June 21, 2018 notification regarding 681 documents under Paragraph 13(a) of the Agreed Confidentiality Order ("Clawback Documents"), also made a passing inquiry regarding about "470 proposed clawback documents not produced to Dealership Class Plaintiffs," but did not actually identify the documents at issue. Even though CDK did not know the specific documents that the Dealership Plaintiffs were referring to in their July 12 letter, CDK promptly investigated whether all 681 Clawback Documents identified by CDK on June 21 were produced to Dealership Plaintiffs.

- On July 16, CDK responded to Dealership Plaintiffs confirming that all of the Clawback Documents were included on hard drives shipped to the Milberg firm, and provided the dates of each shipment and number of Clawback Documents included in each production volume. CDK requested that "Dealership Class Plaintiffs check their records against th[e] information" provided and let CDK know if any discrepancy remained.

- Dealership Plaintiffs then responded on July 17 to "clarify" what they said about the documents in their prior letter, explaining that what they meant was that the documents had been produced to the Dealers as placeholder slip-sheets. Dealership Plaintiffs also

Mayer Brown LLP

Elizabeth McKenna
August 3, 2018
Page 2

> identified, for the first time, the Bates numbers associated with these (actually 474) documents. CDK promptly investigated the status of those documents and on June 20—only three days later—provided a detailed explanation of why certain documents were produced as slip-sheets. *See* June 20, 2018 Ltr. From M. Provance To P. Wedgworth.

- During a July 26 meet-and-confer on clawback issues, Peggy Wedgworth mentioned that the Dealership Plaintiffs believed there were "thousands" of other slip-sheeted documents in their production. On that call, at least in general terms, CDK explained that many documents identified as privileged *before* they were produced to the FTC in the first instance were produced as slip-sheets stating "Document Withheld for Privilege." One example that we provided on that call was to the extent that email attachments were withheld from the FTC production as privileged, but the remaining family members were produced, the withheld attachments may have been slip-sheeted.

- On August 1, the same day that we received your letter actually identifying the documents Peggy Wedgworth alluded to on July 26, we provided additional detail about the documents at issue, explaining that to the extent a document identified in your August 1 list bears a "CDK_CID" Bates prefix, it falls into one of two categories: (1) documents identified as privileged by CDK *prior* to production to the FTC in connection with the FTC's joint conduct investigation and therefore produced to the FTC as slip sheets stating "Document Withheld for Privilege" and later re-produced to MDL Plaintiffs in the same form; or (2) documents originally produced to the FTC in connection with the FTC's joint conduct investigation but identified by CDK as privileged *before* CDK re-produced the FTC-CID production to Dealership Class Plaintiffs on 4/23/2018 and 4/30/2018. As we have also explained, all the documents in Category 2 have been clawed back from the FTC and have been clawed back in this MDL.

Your August 2 letter promises a motion to compel on Monday. We continue to believe that is ill-advised. However, if you decide to file the motion, we will respond as appropriate. In addition, please be advised of the following:

- Our additional investigation since August 1 indicates that 1,807 of the 4,535 documents identified by Dealership Plaintiffs fall into Category 1. That is, they were withheld from production to the FTC in the *first* instance, and produced to the FTC as a slip-sheet. Thus, Category 1 documents are privileged and have never been produced to the FTC or any MDL plaintiff.

- 2,275 documents fall into Category 2. That is, these documents were identified by CDK as privileged before CDK re-produced the FTC-CID production to Dealership Plaintiffs on 4/23/2018 and 4/30/2018. These documents were all clawed back from the FTC. We of course disagree that privilege has been waived over these documents and will not be producing them to you per your request, at least not until the Court rules on the privilege waiver issues that the Dealership Plaintiffs (but notably not all MDL Plaintiffs) have raised in their motion to compel (Dkt. 294).

Elizabeth McKenna
August 3, 2018
Page 3

- The remaining 453 documents were never produced to the FTC at all. 379 are essentially a subset of Category 1. That is, the documents were produced to *all* MDL Plaintiffs in the first instance as slip-sheets stating "Document Withheld for Privilege." For example, a privileged attachment to an otherwise non-privilege email was produced to MDL Plaintiffs as a slip-sheet. The remaining 74 documents were identified as privileged prior to their re-production to Dealership Plaintiffs and have since been clawed back from Authenticom.

We remain willing to meet-and-confer with you on any of the information provided above.

Sincerely,

*/s/ Jessica A. Michaels*
Jessica A. Michaels

cc: Lead MDL Plaintiff Counsel of Record
Reynolds Counsel of Record
Mark Ryan
Britt Miller
Andrew Marovitz
Matt Provance