# EXHIBIT 7

| | |
|---|---|
| **From:** | McKenna, Elizabeth |
| **Sent:** | Saturday, August 04, 2018 3:50 PM |
| **To:** | 'Provance, Matthew D.'; Michaels, Jessica A. |
| **Cc:** | DMSTeam; FW-CLIENT-CDK-MDL-Team; 'Ho, Derek T.' (dho@kellogghansen.com); Nemelka, Michael N. (mnemelka@kellogghansen.com) |
| **Subject:** | RE: In Re DMS - 4,500 Placeholder Documents |

Matt,

Motions to compel are to be filed Monday. We will be filing a motion to compel in regard to at least the category of documents relevant to the waiver argument. The parties are at an impasse on that issue, as is clear by the disclosure motion we filed on July 30, 2018, preceded by two meet and confers and many communications between our firms.

In reference to the other categories, the reason we are asking for information is in an attempt to narrow the issues and determine whether we will pursue those categories of documents in a motion to compel. The information we have requested is basic and should be readily available to you (eg, bates numbers). We fail to understand the delay in providing it.

At this point, we have asked repeated questions over the course of several weeks about CDK's document productions, and are provided piecemeal information that only leads to additional questions. A current example -- in your firm's Aug. 3 letter, in reference to Category 3, you asserted that you clawed back 74 documents from Authenticom and our Aug. 3 response requested that you confirm Authenticom accepted the clawback of all 74 documents. This is information that logically one would expect would have been included in your letter. Since it was not, we are asking you a simple yes or no question, which is not unreasonable.

In our Aug. 3 letter, we requested that you provide bates-numbers broken down by the three specific categories of documents in your Aug. 3 letter. We have now provided bate-numbers to you on several occasions, as a courtesy, as to your own productions when you could have (more appropriately) reviewed them for the same information. You responded to our Aug. 1 letter on Aug. 3 with information you needed to obtain from your vendor about the productions and provided specific numbers of documents for each category. We assume your vendor provided you with bates-numbers to come up with those numbers, and it is entirely reasonable we ask you to provide the bates-numbers (which should have logically been included in your letter we received yesterday afternoon). We need the bates-numbers, in part, so that we can accurately include documents at issue that were not included in your June 21, 2018 clawback letter. Accordingly, while you assert that "this motion … doesn't apply" to the August 6 deadline, we disagree. The vast majority of the documents at issue for this motion do not fall under the provisions of the Disclosure Motion because CDK is not attempting to clawback those documents from Dealership Plaintiffs. Thus, we do not agree with you that this is an inapplicable motion.

What you characterize as a "deadline" is simply a request for basic information that should be readily available to you (and I note that we requested the information by 5 pm today, not tomorrow, as you stated in your email), and we see no point in delaying filing this motion in a timely manner. At the very least, we would expect you to provide bates-numbers for each category of documents, as well as respond to basic questions such as noted above in reference to Category 3, so that we are able to adequately evaluate whether to include those categories of documents in our motion.

I am available this afternoon or tomorrow if you would like to discuss these issues.

Thanks,
Liz

---

**From:** Provance, Matthew D. [mailto:MProvance@mayerbrown.com]
**Sent:** Saturday, August 04, 2018 1:17 PM
**To:** McKenna, Elizabeth; Michaels, Jessica A.
**Cc:** DMSTeam; FW-CLIENT-CDK-MDL-Team; 'Ho, Derek T.' (dho@kellogghansen.com); Nemelka, Michael N. (mnemelka@kellogghansen.com)
**Subject:** RE: In Re DMS - 4,500 Placeholder Documents

Elizabeth –

We whole-heartedly agree that the parties' correspondence will make plain to the Court the parties' respective conduct related to this matter, but disagree that a plain reading of that correspondence will inure to Dealer Class Plaintiffs' benefit. In any event, your demand for even more information at this late hour and at this late date for a motion that, in CDK's opinion, is not governed by the August 6 deadline is inapposite. While we will take reasonable steps to respond by your arbitrary deadline of 5:00 p.m. Eastern tomorrow, we cannot commit to doing so. We will reiterate, however, so that the record is clear, that CDK previously offered to extend the August 6 deadline as to this motion (even though it doesn't apply) so that the parties can try to narrow their dispute before presenting it to the Court. Dealer Plaintiffs refused that offer. Thus, in the event we are unable to meet your "deadline," you are, of course, free to move and we will respond accordingly.

Matt

_____

**Matt Provance**
Mayer Brown LLP
mprovance@mayerbrown.com
Tel: 312 701 8598
Fax: 312 706 9397