# EXHIBIT 8

| | |
|---|---|
| **From:** | Provance, Matthew D. <MProvance@mayerbrown.com> |
| **Sent:** | Saturday, August 04, 2018 8:48 PM |
| **To:** | McKenna, Elizabeth; Michaels, Jessica A. |
| **Cc:** | DMSTeam; FW-CLIENT-CDK-MDL-Team; 'Ho, Derek T.' (dho@kellogghansen.com); Nemelka, Michael N. (mnemelka@kellogghansen.com) |
| **Subject:** | RE: In Re DMS - 4,500 Placeholder Documents |
| **Attachments:** | MDL 2817 - Documents Identified in E. McKenna 08.01.2018 Ltr_Category 1.pdf; MDL 2817 - Documents Identified in E. McKenna 08.01.2018 Ltr_Category 2.pdf; MDL 2817 - Documents Identified in E. McKenna 08.01.2018 Ltr_Category 3 (Clawed Back).pdf; MDL 2817 - Documents Identified in E. McKenna 08.01.2018 Ltr_Category 3.pdf |

Liz –

Plaintiffs have received substantive and detailed answers to each round of their questions and requests regarding the "4,500 documents" (in your letters dated August 1, August 2, and August 3) in about 24 hours or less. You are free to continue calling that "delay" in your correspondence, but saying it doesn't make it true. And in my email to you this morning, I simply let you know that we would do our best to comply with your latest demand for additional information, but that we may not meet the Dealership Class Plaintiffs' unilaterally-imposed 5:00 p.m. deadline. (Again, you can choose to characterize the statement in your August 3 letter that reads "we request a response by 5:00 pm ET" as something other than a "deadline," but the letter speaks for itself.) I can assure you that we worked as diligently as possible to respond in light of the many other tasks that are before us this weekend, as I'm sure is the case for all parties to this MDL.

Subject to the limitations imposed by current time constraints, please see the additional following responses based on information currently known to CDK:

**Category 1**

All Bates numbers for the "Category 1" documents are identified in the attachment.

**Category 2**

All Bates numbers for the "Category 2" documents are identified in the attachment. In addition:
- The date of initial production (to the FTC) for each document is indicated in the attachment.
- The date of clawback (from the FTC) for each document is indicated in the attachment.
- You ask, "Which firm (Mayer Brown or Paul, Weiss) requested the documents be clawed back from the FTC?" To the extent the answer to that question is not obvious from the FTC correspondence that we previously provided on July 27, it was Paul, Weiss.
- See the above-referenced FTC correspondence for the answer to your question, "[o]n what date(s) did the FTC agree to return or destroy these documents."
- The details of when these documents were initially produced to Authenticom and whether they were produced as slip-sheets or as "full documents" likely would be easier for Authenticom to provide. However, we would suspect that the 474 documents noted as Exhibit C to your July 17 letter were produced to Authenticom in the first instance as something other than slip-sheets. We are providing this answer now, in the interest of time, in an effort to be helpful and as responsive to your question as possible. We have not checked whether every Bates number on your July 17 Exhibit C is reflected as a Category 2 document in the attachment, nor have we gone back to verify all Category 2 Bates numbers against the initial Authenticom production images, and we don't anticipate having the resources available to do so by Monday.

1

**Category 3**

All Bates numbers for the "Category 3" documents are identified in the attachment. In addition:

- The second Category 3 attachment reflects that of the 74 documents within Category 3 that were clawed back from Authenticom, 70 were clawed back on March 2 (which Authenticom has since destroyed). The remaining 4 were clawed back from Authenticom on June 21, 2018.

We trust this resolves the outstanding questions you raised. As the Dealership Class Plaintiffs have made clear that they are moving to compel and are only seeking additional information to inform their motion, we would not expect that a further meet-and-confer is warranted, but so that there is no confusion, and as our letters make clear, we are available and willing to participate in a meet-and-confer to the extent you want one.

Regards,
Matt

_____

**Matt Provance**
Mayer Brown LLP
mprovance@mayerbrown.com
Tel: 312 701 8598
Fax: 312 706 9397

ATTACHMENT REDACTED