# Exhibit K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) | MDL No. 2817<br>Case No. 18 C 864 |

This Document Relates to All Cases

**AUTHENTICOM'S FIRST SET OF INTERROGATORIES**
**FOR DEFENDANT CDK GLOBAL, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Authenticom, Inc. ("Authenticom") hereby requests that Defendant CDK Global, LLC ("CDK") answer the following interrogatories, in writing and under oath, no later than thirty (30) days after service of these interrogatories, and thereafter supplement such answers in a timely manner pursuant to Rule 26(e) of the Federal Rules of Civil Procedure through the date of any trial in this matter.

## **DEFINITIONS**

For purposes of these requests the following definitions shall apply:

1. "All" shall be construed as all and any, and the term "any" shall be construed as all and any.

2. "Authenticom" shall mean the Plaintiff in this action and a provider of data integration services in the automotive industry based in La Crosse, Wisconsin. "Authenticom" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

4. "CDK" shall mean CDK Global, LLC, as described in Paragraph 4 of Defendants' Combined Statement of Additional Facts Requiring Denial of Preliminary Injunctive Relief (hereinafter, "SoAF"), Dkt. No. 87 (June 16, 2017). "CDK" shall include the dealer services business of Automatic Data Processing, Inc. ("ADP") prior to September 30, 2014, as described in Paragraph 5 of the SoAF. "CDK" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

5. "Communication" shall mean any exchange or transfer of information, whether electronic, written, oral, or in any other form. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

2

6. "Data integrators" shall refer to service providers that provide access by any means to dealer data on the DMS database, whether by extracting the data, writing data back into the DMS, or both. For the avoidance of doubt, "data integrators" includes CDK (through its 3PA program) and Reynolds (through its RCI program).

7. "DMI" shall mean Digital Motorworks, Inc., as described in Paragraph 215 of the SoAF. "DMI" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

8. "IntegraLink" shall mean IntegraLink, as described in Paragraph 215 of the SoAF. "IntegraLink" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

9. "Including" (in addition to its usual meanings) shall mean including but not limited to.

10. "OEM" shall mean Original Equipment Manufacturer and shall include the present or former predecessors, subsidiaries, divisions, departments, and operating units of any Original Equipment Manufacturer.

11. "Reynolds" shall mean "The Reynolds & Reynolds Company," as described in Paragraphs 1-3 of the SoAF. "Reynolds" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

12. "SecurityFirst" shall mean the CDK initiative described in Paragraphs 133-148 of the SoAF.

13. "SIS" shall mean Superior Integrated Solutions and shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

14. "Third party integrators" shall mean data integrators that provide data integration services on a DMS platform and are unaffiliated with the DMS provider.

15. "Vendors" or "application providers" shall mean vendors who provide software applications that perform operations functions for dealerships, as described in Paragraph 20 of the SoAF.

16. "Whitelisting" shall mean protecting DMS login credentials from disruption or blocking, including but not limited to setting a "no disruption" security level for a specific vendor, OEM, dealership, and/or data integrator.

17. "You," "Your," or "Your company" shall mean the responding Defendant, its present of former predecessors, subsidiaries, departments, divisions, joint ventures, and affiliates, including without limitation, any organization or entity that the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1. If any interrogatory cannot be answered in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, specifying any inability to answer the remainder of any such interrogatory, and stating whatever information or knowledge is presently available to you concerning the unanswered portion of said interrogatory.

2. To the extent that you consider any of the following interrogatories objectionable, answer so much of each interrogatory and each part thereof as is not objectionable in your view and separately state that part of each interrogatory as to which you raise objection and each ground for each such objection.

3. If you object to any interrogatory or part thereof on the claim of privilege, identify each statement or other information for which the privilege is claimed and provide a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).

4. Whenever you are instructed to state a date or a dollar amount, if such date or amount is unknown to you, state your best estimate of such date or amount and indicate that it is an estimate.

5. The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the question inclusive rather than exclusive.

6. The singular includes the plural, and vice versa, so as to make the question more inclusive.

7. Each question is to be accorded a separate answer, and questions are not to be combined for the purpose of supplying a common answer thereto.

## INTERROGATORIES

**INTERROGATORY NO. 1** Identify each vendor, including any OEM, that was using DMI and/or Integralink in order to obtain data integration services – and the prices paid for those services – for dealers using the Reynolds DMS at the time CDK and Reynolds entered into the Data Exchange Agreement on February 18, 2015.

**INTERROGATORY NO. 2**     State the number of dealership rooftops at which DMI and/or Integralink have provided data integration services to dealers that use the Reynolds DMS, on a monthly basis, from January 2011 to present.

**INTERROGATORY NO. 3**     Identify the dollar amounts each vendor participating in the 3PA program paid in certification or initiation fees; per-dealership, or per-rooftop, setup costs (on an annual basis); per-rooftop charges for data integration services (on a monthly basis); and total transaction fees (on a monthly basis), from 2011 to present.

**INTERROGATORY NO. 4**     Identify every dealership or dealership group that switched to or from a CDK DMS since January 2009.  For each such dealership or dealership group, state the month and year that the switch became effective, and which DMS provider the dealership or dealership group was switching to or from.

**INTERROGATORY NO. 5**     Identify every dealership or dealership group that signed a "SecurityFirst Pledge" in connection with CDK's rollout of the DDX data integration platform, and the date that dealership or dealership group signed the pledge.  *See* CDK-0751623.

**INTERROGATORY NO. 6**     Identify every instance CDK has identified where a vendor exaggerated or inflated the 3PA data integration fee on a bill, invoice, or communication with a CDK dealer, from January 1, 2015 to present.  In each example, please state what CDK contends was the actual 3PA fee versus the 3PA fee that the vendor invoiced to the dealer.

**INTERROGATORY NO. 7**     State whether you contend, and the basis for any contention, that there is a competitive market for data integration services on DMSs other than the CDK DMS and the Reynolds DMS.

**INTERROGATORY NO. 8**     Identify all past and present competitors, as you use that term, of DMI and/or Integralink, from January 2009 to present.

**INTERROGATORY NO. 9** Identify any and all specific instances (if any exist) where CDK believes that any third-party data integrator degraded system performance or caused data corruption on a CDK DMS. Please state the nature of the incident, the date the incident occurred, the way in which system performance was degraded (including any measurements thereof) or data was corrupted, the time period for which system performance was degraded or data corrupted, the third-party data integrator that CDK believes caused the degraded system performance or data corruption, and the dealership or dealerships affected.

**INTERROGATORY NO. 10** Identify any and all specific instances (if any exist) where CDK believes that any third-party data integrator caused a data breach on the CDK DMS. Please state the nature of the breach, the date the breach occurred, the length of the data breach, the third-party data integrator that CDK believes caused the breach, and the dealership or dealership groups affected.

**INTERROGATORY NO. 11** Identify the average tenure of CDK's DMS customers on an annual basis, from 2009 to present.

**INTERROGATORY NO. 12** Identify CDK's market share in the DMS Market, on an annual basis, based on dealership rooftops and car sales since 2000.

**INTERROGATORY NO. 13** Identify each dealership, vendor, OEM, and/or third-party integrator that has been whitelisted by CDK, or for whom CDK set a "no disruption" security level (*see* CDK-0048495), at any point following the rollout of the SecurityFirst initiative. For each such entity, state the dates of the whitelisting and the number and identity of any dealership(s) and vendor(s) covered by the whitelisting. For the avoidance of doubt, this request includes, but is not limited to, every occasion on which CDK used or allowed SIS to

7

8

provide data integration services to any CDK DMS customer (or vendor serving a CDK DMS customer)

**INTERROGATORY NO. 14**   Identify every oral and in-person communication between you and Reynolds concerning what you now call "hostile integration" and/or any third-party data integrator (including but not limited to Authenticom, SIS, DMI, and Integralink) from January 1, 2011 to the present.

| | |
|---|---|
| Dated: March 23, 2018 | Respectfully submitted, |

*/s/ Michael N. Nemelka*
Michael N. Nemelka *(pro hac vice)*
Aaron M. Panner *(pro hac vice)*
David L. Schwarz *(pro hac vice)*
Kevin J. Miller *(pro hac vice)*
Derek T. Ho *(pro hac vice)*
Joshua Hafenbrack *(pro hac vice)*
Joanna T. Zhang *(pro hac vice)*
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
Email: mnemelka@kellogghansen.com
apanner@kellogghansen.com
dschwarz@kellogghansen.com
kmiller@kellogghansen.com
dho@kellogghansen.com
jhafenbrack@kellogghansen.com
jzhang@kellogghansen.com


Jennifer L. Gregor
Allison W. Reimann
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-257-0609
Email: jgregor@gklaw.com
areimann@gklaw.com


*Attorneys for Plaintiff Authenticom, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2018, I caused a true and correct copy of the foregoing Authenticom, Inc.'s First Set of Interrogatories for Defendant CDK Global, LLC to be served by email upon the following individuals:

Mark W. Ryan (mryan@mayerbrown.com)
Britt M. Miller (bmiller@mayerbrown.com)
Matthew D. Provance (mprovance@mayerbrown.com)
Jeffrey A. Simmons (jsimmons@foley.com)
Joseph S. Harper (jharper@foley.com)
Aundrea K. Gulley (agulley@gibbsbruns.com)
Brian T. Ross (bross@gibbsbruns.com)
Brice A. Wilkinson (bwilkinson@gibbsbruns.com)
Ross M. MacDonald (rmacdonald@gibbsbruns.com)
Justin D. Patrick (jpatrick@gibbsbruns.com)
Kathy D. Patrick (kpatrick@gibbsbruns.com)
Michael P. A. Cohen (mcohen@sheppardmullin.com)
Amar S. Naik (anaik@sheppardmullin.com)
James L. McGinnis (jmcginnis@sheppardmullin.com)
John S. Skilton (jskilton@perkinscoie.com)
Charles G. Curtis, Jr. (ccurtis@perkinscoie.com)
Michelle M. Umberger (mumberger@perkinscoie.com)
Brandon M. Lewis (blewis@perkinscoie.com)
Jesse J. Bair (jbair@perkinscoie.com)
Kathleen A. Stetsko (kstetsko@perkinscoie.com)

*/s/ Michael N. Nemelka*
Michael N. Nemelka