# Exhibit I

MILBERG TADLER PHILLIPS GROSSMAN LLP                                                              NEW YORK

Robert A. Wallner
Direct Dial: (212) 946-9335
rwallner@milberg.com

July 31, 2018

**VIA EMAIL**

Matthew Provance, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
MProvance@mayerbrown.com

      Re:    *In re Dealer Management Systems Antitrust Litig.*,
              MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Matt:

      This will respond to your July 25th letter regarding CDK's Responses and Objections to Dealership Plaintiffs' Requests for Production. We write to address the global issues and specific Requests where we believe confirmation or clarification is needed. We request that you respond to us by **Thursday, August 2, 2018**, regarding: (1) the Pre-2013 Timeframe issue, (2) the Use of ESI Search Terms (and centralized/shared file sources) as discussed below, (3) Request Nos. 11, 14, 16, 17, 22, 37-38, 46-47, and 48 and (4) any other issues or Requests where you believe further clarification is needed.

      **I.**    **Global Issues**

*Attorney-Client Privilege*: Per your July 25th letter, we understand that CDK does not presently intend to assert a defense based on advice of counsel. We request that you notify us immediately should your intentions change.

*Pre-2013 Timeframe*: As we explained during our meet and confer calls, our Requests are limited to the timeframe of January 1, 2013 to the present unless otherwise stated. To be clear, only a small number of our Requests seek documents from prior to January 1, 2013. We appreciate your willingness to try to reach a compromise relating to these Requests. Accordingly, please advise whether CDK is agreeable to producing the following categories of documents without any date limitation:

Page 2

- Per our Request No. 8, all internal CDK documents concerning changes to CDK's policies for third party access to data on CDK DMS;[1] and

- Per our Request No. 11, all documents relating to CDK's "SecurityFirst" and/or "3PA Refresh" initiative.

Additionally, please see below regarding Request No. 48, which seeks data and information from January 1, 2011 to present.

*Use of ESI Search Terms*: We have noted that, for certain Requests, we are agreeable to CDK producing documents located through the use of custodians and search terms; however, as a general matter, CDK is obligated to search any centralized or shared files that may contain documents responsive to our Requests. To that end, we ask that you specifically advise concerning:

- Please advise whether CDK maintains centralized or shared file sources for promotional/marketing materials and/or product informational materials provided to Dealerships. Please also advise whether CDK is searching such file sources for documents responsive to Request Nos. 10, 12, 13, and 14.

- Your July 25th letter indicates that CDK has produced "structured data from its CRM database (see CDK-0701450-65)," which includes all information from CDK's CRM database that would be responsive to Request No. 19, for the entire period of January 1, 2013 to present. Please advise us immediately if our understanding is incorrect. Further, please advise whether CDK is searching its CRM database, and/or any other centralized and/or shared file sources containing notes on communications with customers (*i.e.*, Sales Force), for documents responsive to Request Nos. 17 and 22.

- As set forth below, for Request Nos. 37 and 38, please advise whether CDK has any centralized and/or shared file sources relating to documents created before or after, or obtained during, conferences or conventions. Please also advise whether CDK is searching such sources for documents responsive to Request Nos. 37 and 38.

- As set forth below, for Request Nos. 46 and 47, please advise whether CDK has any centralized and/or shared file sources relating to competitive intelligence for the DMS

---

[1] We note you also objected to our Request No. 8 as duplicative of Authenticom Request Nos. 20 and 42. Our Request No. 8 is different, however, in that we are seeking a narrow category of documents - those reflecting *changes* in CDK's data access policies - without any date limitation (whereas Authenticom's Requests seek broader categories of documents from a narrower timeframe). We believe that all documents concerning changes to CDK's policies for third party access to data on CDK DMS, including those that predate 2013, are relevant to our claims that CDK changed its approach to third party integration around 2015.

MILBERG TADLER PHILLIPS GROSSMAN LLP

Page 3

and DIS market. Please also advise whether CDK is searching such sources for documents responsive to Request Nos. 46 and 47.

*Request No. 11*: We appreciate your agreement to provide documents responsive to subparts (a)-(f) and (h) of this Request. As to subpart (g) of this Request, we ask that, to the extent there are documents explaining the implementation of the "SecurityFirst" and/or "3PA Refresh" initiative in layman's terms (*i.e.*, communications to customers), you include those documents in CDK's productions. And as noted above, to the extent that pre-2013 documents responsive to this Request exist, we believe those documents should be produced. Please advise if you are agreeable to this.

*Request No. 14*: Please advise whether CDK is agreeable to producing documents responsive to parts (b) and (c) of this Request as originally worded, as well as any documents comparing CDK DMS to other DMS products or services. Please confirm that, to respond to this Request, CDK will search any centralized and/or shared files that contain promotional/marketing materials and/or product informational materials provided to Dealerships.

*Request No. 15*: We appreciate your agreement to provide documents responsive to subparts (a) and (b) of this Request. We reserve our right to revisit this Request in the event that additional sources of responsive documents are identified in the course of discovery.

*Request No. 16*: We are agreeable to your proposal in your July 25th letter as it relates to Dealerships involved in this litigation. We also ask that you produce any summary data (*i.e.*, in chart or database format) reflecting the versions of each contract that were signed by all Dealerships. Please advise.

*Request Nos. 17:* We are agreeable to the counterproposal stated in your July 16th letter. We ask that you also confirm whether CDK will search its CRM database, and/or any other centralized and/or shared file sources, for communications with Dealers that reflect contract negotiations about automatic extension and/or renewal provisions.

*Request No. 18*: We are agreeable to the counterproposal stated in your July 16th letter. We reserve our right to revisit this Request in the event that additional sources of responsive documents are identified in the course of discovery.

*Request No. 19*: Per the above, we understand from your July 25th letter that the previously produced "structured data from [CDK's] CRM database (see CDK-0701450-65)," includes all information from CDK's CRM database that would be responsive to this Request, for the entire time period of January 2013 to present. Please advise us immediately if this is incorrect.

*Request No. 22*: Please refer to our letter dated July 28th as it relates to our Responses to CDK Request Nos. 33, 34, 35, 36, and 48, wherein we have agreed to produce responsive documents. Please advise whether you are agreeable to producing "documents reflecting correspondence and/or communications between CDK and Dealer customers participating in this litigation

MILBERG TADLER PHILLIPS GROSSMAN LLP

Page 4

regarding changes in pricing for DMS services." Please also advise whether CDK will search its CRM database, and/or any other centralized and/or shared file sources, for such documents.

*Request No. 23 and 24*: We appreciate your clarifications. We reserve our right to revisit these Requests in the event that additional sources of responsive documents are identified in the course of discovery.

*Request No. 26*: We are agreeable to your proposal to search custodians' files for responsive documents, per your July 25th letter. We reserve our right to revisit these Requests in the event that additional sources of responsive documents are identified in the course of discovery.

*Request No. 30*: We are agreeable to your proposal as set forth in your July 25th letter.

*Request No. 31*: Thank you for the clarification. Please see our letter dated July 28th as it relates to our responses "subject to and without waiving" our objections.

*Request No. 36*: It appears we have reached an agreement on this Request.

*Request No. 37-38*: Please confirm whether you are agreeable to producing:

- all documents showing connections between CDK and Reynolds (including memos, diary entries, receipts for travel, hotels, and restaurants);

- all documents produced, used, or distributed by CDK at any conference or convention where current or potential DMS or DIS customers attended; and

- all documents reflecting information, instruction, or training provide to CDK employees or agents in relation to any conference or convention where current or potential DMS or DIS customers attended.

*Request No. 43*: There is no dispute regarding this Request, but we reserve our right to revisit this Request in the event that additional sources of responsive documents are identified in the course of discovery (*i.e.*, documents not produced in response to Authenticom's Requests).

*Request Nos. 46-47*: In the interests of reaching an agreement on this Request, please advise whether CDK is agreeable to producing documents identified through the use of agreed-upon custodians and search terms that relate to the potential for entry and/or or barriers to entry for new entrants into the DMS or DIS markets. Further, please advise whether CDK maintains any centralized and/or shared file sources relating to competitive intelligence, and if so, whether CDK is agreeable to producing responsive documents from said sources.

*Request No. 48*: In your July 25th letter, you state that the "structured data" produced at CDK-0701423-49 "covers as a general matter both the 3PA program and sales generated through CDK's former DMI and IntegraLink subsidiaries." We have reviewed the structured data produced at CDK-0701423-49 and the data dictionary produced at CDK-0701478. It is still

MILBERG TADLER PHILLIPS GROSSMAN LLP

Page 5

unclear whether this structure data reflects all amounts that CDK invoiced and was paid by DMS customers and DMI, Integralink, and 3PA customers, from January 1, 2011 forward, as sought by our Request No. 48. Please advise. Further, please advise of the end date for the structured data produced at CDK-0701423-49, and please advise whether CDK will supplement with data through the present.

*****

      Again, to avoid unnecessary motion practice on these Requests, we ask that you kindly respond to us by Thursday, August 2, 2018, at 5PM EST. We are available to speak with you by phone regarding these Requests tomorrow or Thursday you prefer.

Sincerely,

Robert A. Wallner
Robert A. Wallner

CC: Derek T. Ho
      Michael Nemelka

753238v2

MILBERG TADLER PHILLIPS GROSSMAN LLP