# Exhibit K

# MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

August 2, 2018

<u>By E-Mail</u>

Matthew D. Provance
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

Robert A. Wallner
Milberg Tadler Phillips Grossman LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Dealer Management Systems Antitrust Litig.*,
MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Rob:

We write in response to your July 31 letter regarding the Dealership Class Plaintiffs' First Requests for the Production of Documents ("Requests" or "RFPs"). We appreciate your response and believe it helps clarify that very few issues remain in dispute concerning the Dealership Class Plaintiffs' RFPs.

## I. Global Issues

<u>*Attorney-Client Privilege:*</u>  There is no current dispute about this issue.

<u>*Pre-2013 Timeframe:*</u>  Thank you for clarifying that the Dealership Class Plaintiffs are only seeking pre-2013 discovery for Requests 8, 11, and 48.

Request 8 – As noted in our letter earlier today to the non-Dealer Plaintiffs, CDK is willing to produce documents related to its internal or external statements regarding CDK's or other DMS providers' third-party access policies back to 2006, to the extent that such documents exist and are identified from a sub-set of agreed-upon custodians using a subset of agreed-upon search terms (from among those search terms already proposed). We can confirm that such documents would include, to the extent they exist, "documents regarding CDK's policies concerning any changes to CDK's policies or other DMS providers' data access policies."

Request 11 – CDK announced and implemented SecurityFirst and the 3PA "refresh" initiatives in 2015; thus, a January 1, 2013 cut-off is more than sufficient to capture responsive documents. CDK objects to the burden of gathering documents and running search terms on custodial files from 2011-2013 to look for additional documents related to SecurityFirst and the 3PA "refresh," as there is no rational basis to think that any responsive documents might exist.

Request 48 – We understand that you're seeking sales data back to 2011; that is how far back our existing production goes.  Regarding your question about whether CDK-0701423-49 includes

Mayer Brown LLP

Robert A. Wallner
August 2, 2018
Page 2

fees that were invoiced and paid by DMS, DMI, IntegraLink, and 3PA customers, we confirm that is correct, to the best of our understanding and belief, as CDK's production of structured billing data was intended to cover all of these business lines.

Based on the foregoing, we assume that our disputes over Requests 8 and 48 are resolved. If the Dealership Class Plaintiffs intend to file a motion seeking documents responsive to Request 11 going back to 2011, then we are at issue, but there is no reason to believe that any documents related to SecurityFirst or the 3PA "refresh" pre-date 2013 (or probably 2014 for that matter).

_Use of ESI Search Terms and Centrally-Maintained Files:_  We confirm that as a general matter, to the extent that CDK is responding to the Dealership Class Plaintiffs' Requests, it is performing a reasonable search for responsive documents within CDK's possession, custody, or control, including in any centrally-maintained files where CDK reasonably believes such records may be kept. In particular, CDK believes that to the extent its CRM database contains information that is responsive to Requests 17, 19, and 22, such information has been produced. Of course, we have not completed our investigation of where all responsive documents might exist, nor are we going to advise whether or not there are centrally-maintained files that contain documents responsive to each Request. To the extent centrally-maintained files are identified where CDK reasonably believes that additional responsive documents may exist, they will be searched.

## II.      Specific Requests

_Request No. 11:_  CDK accepts the Dealership Class Plaintiffs' proposal for subpart (g) of this Request, meaning that the parties appear to be in agreement as to the substance of this Request, but perhaps not the responsive time period that should be applied (_see_ above).

_Request No. 14:_  CDK accepts the Dealership Class Plaintiffs' proposal and will respond to subparts (b) and (c) of this Request. We assume that this resolves our dispute.

_Request No. 15:_  We believe the parties are in agreement, except as to the Dealership Class Plaintiffs' purported reservation of rights to reopen this Request later.

_Request No. 17:_  We believe the parties are in agreement.

_Request No. 18:_   We believe the parties are in agreement, except as to the Dealership Class Plaintiffs' purported reservation of rights to reopen this Request later.

_Request No. 19:_  We believe the parties are in agreement.

_Request No. 22:_  Please re-read your July 28 letter. The Dealership Class Plaintiffs are agreeing to respond to CDK's RFP 34, but not RFPs 33, 35, 36, or 48 (they are only claiming that the "relevant" portions of RFPs 33, 35, 36, and 48 are subsumed within other requests). Nevertheless, we accept your proposal concerning this Request regardless of the fact that the Dealership Class Plaintiffs apparently are refusing to respond to comparable CDK RFPs.

Mayer Brown LLP

Robert A. Wallner
August 2, 2018
Page 3

_Requests No. 23 & 24:_   We believe the parties are in agreement, except as to the Dealership Class Plaintiffs' purported reservation of rights to reopen these Requests later.

_Request No. 26:_   We believe the parties are in agreement, except as to the Dealership Class Plaintiffs' purported reservation of rights to reopen these Requests later.

_Request No. 30:_   We believe the parties are in agreement.

_Request No. 31:_   We believe the parties are in agreement.

_Request No. 36:_   We believe the parties are in agreement.

_Requests No. 37 and 38:_   CDK accepts the Dealership Class Plaintiffs' proposal concerning these Requests.  Please note that in an effort to capture documents that are responsive to this Request as modified by the Dealership Class Plaintiffs' proposal, CDK intends to instruct its reviewers to look for the following documents related to industry conferences: (a) documents evidencing or otherwise reflecting meetings between CDK and Reynolds, if any, at such conferences, (b) marketing and promotional materials used or distributed by CDK at such conferences, and (c) written training and instructions provided to CDK employees concerning the marketing of CDK's DMS services, applications, or Data Services at such conferences.

_Request No. 43:_   We believe the parties are in agreement.

_Requests No. 46 & 47:_   CDK accepts the Dealership Class Plaintiffs' proposal concerning these Requests.  CDK currently is not aware of any centrally-maintained files that are reasonably likely to contain responsive documents, but as noted above, to the extent centrally-maintained files are identified where CDK reasonably believes that additional responsive documents may exist, they will be searched.

\* \* \* \* \* \*

Based on the foregoing, it appears that the only outstanding issue that may be subject to a motion to compel from the Dealership Class Plaintiffs regarding their Requests is with respect to the responsive time period to be applied to Request 11.  Please let us know if that is incorrect.

Sincerely,

_/s/ Matthew D. Provance_
Matthew D. Provance

cc:   Lead MDL Plaintiff Counsel of Record
      Reynolds Counsel of Record
      Mark Ryan
      Britt Miller
      Andrew Marovitz