IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) ) MDL No. 2817<br>Case No. 1:18-CV-00864 |
| *This Document Relates To:* | ) ) ) Hon. Robert M. Dow, Jr. |
| The Dealership Class Action | ) ) |

**DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S OPPOSITION TO DEALERSHIP CLASS PLAINTIFFS' MOTION TO CONVERT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) TO A MOTION FOR SUMMARY JUDGMENT AND STAY FURTHER BRIEFING**

Dealership Class Plaintiffs' ("Plaintiffs") Motion to Convert Defendant The Reynolds and Reynolds Company's ("Reynolds") Motion to Dismiss Pursuant to Rule 12(b)(6)[1] to a Motion for Summary Judgment (ECF No. 290) is the latest attempt by these Plaintiffs (sophisticated automotive dealerships) to circumvent Reynolds's contractual arbitration rights and continue to prosecute their claims in this Court. The Court should grant Reynolds's pending Arbitration Motion (ECF No. 255), and therefore, for the same reasons, should stay the resolution of this Motion until all contractually required arbitrations have been completed. Alternatively, the Court should deny this Motion because it is procedurally improper and fails to establish any basis for converting Reynolds's 12(b)(6) motion to a motion for summary judgment.

---

[1] Plaintiffs do not seek to "convert" Reynolds's concurrently-filed Motion to Dismiss the Reynolds Dealer Plaintiffs' Claims In Favor of Arbitration Pursuant to Rule 12(b)(3) and Stay Remaining CDK Dealer Claims (the "Arbitration Motion"). As set forth in Reynolds's brief in support of that Motion (ECF No. 255), the Court should decide the Arbitration Motion before addressing Reynolds's arguments under Rule 12(b)(6). Reynolds does not intend to waive any of its arbitration rights by opposing the instant Motion.

1. **Plaintiffs' Motion is Premature.**

Plaintiffs do not identify any authority permitting a Court to convert a pending motion to dismiss into a summary judgment motion before the motion has been fully briefed and before the Court has had an opportunity to consider the arguments for and against dismissal. Indeed, there is no reason Plaintiffs could not have presented their arguments regarding the propriety of considering certain exhibits (arguments that are commonplace in opposition to motions to dismiss) in their forthcoming opposition papers, according to the Court's existing briefing schedule (and within the Court-ordered page limitations) regarding Reynolds's Motion. In any event, for the reasons set forth below, the Motion should be denied.

2. **The Court May Properly Consider The Exhibits At Issue On A Motion to Dismiss.**

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Love v. First Transit, Inc.*, No. 16-cv-2208, 2017 WL 1022191 at *2, n. 1 (N.D. Ill. Mar. 16, 2017) (Dow, J.) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Thus, such documents are properly considered on a motion to dismiss *without* converting the motion to a motion for summary judgment. *Id.*; *see also Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("the contract with which the defendants allegedly interfered" was not "outside the pleading," and therefore was properly considered without converting to motion for summary judgment).

Plaintiffs fail to identify any exhibit to Reynolds's motion that is outside the scope of a motion to dismiss. Plaintiffs say the Master Agreement they entered into with Reynolds when they licensed Reynolds's DMS is out of bounds. Plaintiffs concede that their Complaint refers to

their DMS contracts with Reynolds,[2] which includes the Master Agreement, but nevertheless assert that those contracts are not central to their claims because Plaintiffs do not bring a claim for breach of contract. (Mot. at p. 5, n. 3).

But courts have held that contracts between the parties are central to antitrust claims, like Plaintiffs' here, alleging that an antitrust "conspiracy…undermined legitimate contractual relations between the parties…." *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 173 (2d Cir. 2004); *see id.* at 176 (plaintiffs' "Sherman Act claims unquestionably involve a core issue of the contracts between the parties—allegations that the price terms set forth in those contracts have been artificially inflated as a result of the price-fixing conspiracy among the Owners.") (collecting authorities). Plaintiffs' Complaint is replete with (implausible and unsupportable) assertions that Reynolds participated in antitrust violations that artificially increased the prices Plaintiffs paid for DMS, and otherwise affected the terms and conditions of their DMS contracts with Reynolds. *See, e.g.,* Complaint, ¶¶ 1, 9, 14, 15, 16, 20(c), 22, 26-52, 59-60, 125, 151, 165(b), 204. Each of these assertions necessarily invokes the contracts between Plaintiffs and Reynolds concerning Plaintiffs' DMS licenses. Those contracts are therefore central to Plaintiffs' claims, and properly considered on a motion to dismiss.

Plaintiffs next purport to be "confused" because Reynolds "improperly filed" the Master Agreement. In its initial motion filing, Reynolds inadvertently filed an outdated version of the Master Agreement (not pertinent to the relevant time period). Reynolds promptly rectified the error by filing the correct current version. ECF No. 270 (Corrected Exhibit 2 to Reynolds's Motion). There is nothing "confusing" or "improper" about promptly correcting an inadvertently

---

[2] *See, e.g.,* Complaint, ¶ 15 (asserting that Plaintiffs are "locked in" to their DMS contracts with Reynolds and CDK, allowing Reynolds and CDK to artificially raise DMS prices); ¶ 63 (alleging average price terms in Plaintiffs' DMS contracts with Reynolds and CDK).

filed exhibit.

Plaintiffs also assert that the current Master Agreement cannot be considered because it is "not authenticated." Plaintiffs are careful, however, to avoid actually *disputing* the authenticity of the corrected version of the Master Agreement. That is because Plaintiffs' purported bewilderment is a strategic ploy: they know exactly what contracts they entered into when they elected to license Reynolds's DMS, and thus are well aware that Reynolds's corrected exhibit is a copy of the current Master Agreement to which they assented. Plaintiffs' suggestion that they need unspecified discovery to confirm what they already know is disingenuous. Accordingly, even if Plaintiffs *did* have a good faith basis for disputing the authenticity of the corrected current Master Agreement, there would be no reason for delay: Plaintiffs could simply present that dispute in their opposition to Reynolds's 12(b)(6) Motion and allow the Court to resolve it in the course of its consideration of that motion.[3] In any event, for the avoidance of any doubt, Reynolds has submitted with this brief an authenticity declaration confirming that Reynolds's corrected exhibit (ECF No. 270) is an authentic copy of the operative Master Agreement.[4] *See* Declaration of Sheri Robinson.

Finally,[5] Plaintiffs challenge Reynolds's citation in its "Background" section to two

---

[3] The Court will necessarily evaluate the Master Agreement in connection with Reynolds's pending Arbitration Motion—which, as noted, should be decided before reaching Reynolds's arguments under Rule 12(b)(6)—and, not surprisingly, Plaintiffs do not appear to assert any objection to such consideration.

[4] *See Friends for Health: Supporting the N. Shore Health Ctr. v. Paypal, Inc.*, No. 17-cv-1542, 2018 WL 2933608, at *8-9 (N.D. Ill. June 12, 2018) at *8-9 (simple declaration sufficient to authenticate user agreement between the parties; "the testimony of a witness with knowledge that an item is what it is claimed to be is all that is required to authenticate evidence.") (internal punctuation omitted) (quoting Fed. R. Evid. 901(b)(1)).

[5] In a footnote, Plaintiffs simply declare that other exhibits to Reynolds's 12(b)(6) motion "provide[] further support for the conversion of Reynolds's motion to a motion for summary judgment." ECF No. 290 at p. 2, n.1. But Plaintiffs fail to provide any support, discussion, or analysis for this assertion, and they are barred from doing so for the first time in their reply brief. *See Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-cv-5836, 2017 WL 2178504, at *15 (N.D. Ill. May 16, 2017) ("arguments raised for the first time in a reply brief are waived.").

declarations that are part of the factual record created at the *Authenticom* preliminary injunction hearing. But Plaintiffs' Complaint cites to and relies upon the Authenticom record to a greater extent than perhaps any other source of extrinsic evidence, attaching, quoting from, and characterizing large portions of the testimony provided at that hearing. Plaintiffs say this factual record establishes, among many other things, that the Defendants "dominate" the DMS market, that artificially increased prices are "passed on" to Plaintiffs, and Defendants' supposed motivations for engaging in antitrust violations. *See, e.g.*, Complaint ¶¶ 64 n.9, 76 n.24, 78 n.27, 82 n.30, 100 n.52, 101 nn.54-57, 105 n.63, 121 n.89, 128 n.97, 131 n.104, 135 n.114, 140 n.119, 141 n.120, 144, 151 n.123, 152 n.124, 154 n.128, 162, 164 n.141. Having chosen to prominently feature this factual record in their Complaint, Plaintiffs cannot now take the position that Reynolds is precluded from addressing that same record in a motion to dismiss.

### 3. To The Extent The Court Concludes That Any Exhibits Are Outside The Scope of A Motion To Dismiss, It Should Simply Exclude Those Exhibits.

Even if Plaintiffs could demonstrate that any of Reynolds's exhibits are outside the scope of a Rule 12(b)(6) motion, the appropriate course would simply be for the Court to decline to consider those exhibits. *See, e.g., Butler v. E. Lake Mgmt. Group*, No. 10-cv-6652, 2012 WL 2115518, at *2 (N.D. Ill. June 11, 2012) (Dow, J.) ("[A] motion styled as one to dismiss is not a motion for summary judgment just because the movant attaches extra documents. It is, rather, that once the district court actually considers additional documents, the motion must be treated as one for summary judgment.") (internal punctuation omitted) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001)); *Garden City Emples. Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-cv-5641, 2011 WL 1303387 (N.D. Ill. March 31, 2011) (Dow, J.) (court did not need to convert motion to dismiss to one for summary judgment because it declined to consider exhibits at issue).

Simply excluding any such exhibits at the time of deciding Reynolds's motion to dismiss would create no delay and impose no unfair prejudice on any party. By contrast, Plaintiffs' request for an indefinite and unjustified "stay" would unfairly prejudice Reynolds by depriving it of its right to challenge the legal sufficiency of Plaintiffs' allegations, while requiring it to participate in discovery that could have nothing to do with the pleadings arguments at issue, and which may be mooted, fully or partially, if those pleadings arguments are successful. Plaintiffs do not offer any reason why the Court should prefer such a result.

### 4. Plaintiffs Seek To Improperly Deprive Reynolds Of Its Right To Challenge The Sufficiency of Plaintiffs' Complaint.

Plaintiffs chose to plead their claims in far more detail, incorporating and relying upon far more extrinsic evidence, than have other plaintiffs in this MDL. Presumably, Plaintiffs did this because they believe these extrinsic facts help them state plausible, viable claims for relief. Reynolds, however, contends that these additional facts have the opposite effect—they confirm that Plaintiffs' claims against Reynolds are implausible and effectively plead Plaintiffs "out of court." *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("A plaintiff may plead herself out of court. If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts.") (internal punctuation omitted) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)). These are *pleadings* arguments: no discovery—indeed, nothing beyond the facts Plaintiffs have chosen to incorporate and rely upon—is needed for the Court to resolve them. Plaintiffs should not be permitted to effectively insulate their Complaint from scrutiny under Rule 12(b)(6).

**CONCLUSION**

For all of these reasons, Reynolds respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

Dated: August 9, 2018	Respectfully submitted,

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
Justin D. Patrick
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com
jpatrick@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

Dylan I. Ballard
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Four Embarcadero Center., 17th Floor

San Francisco, CA 94111
(415) 434-9100
dballard@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

**CERTIFICATE OF SERVICE**

      I, Dylan I. Ballard, hereby certify that on this 9th day of August, 2018, I caused a true and correct copy of the foregoing **DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S OPPOSITION TO DEALERSHIP CLASS PLAINTIFFS' MOTION TO CONVERT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) TO A MOTION FOR SUMMARY JUDGMENT AND STAY FURTHER BRIEFING** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      */s/ Dylan I. Ballard*
      DYLAN I. BALLARD
      SHEPPARD MULLIN RICHTER
      & HAMPTON, LLP
      Four Embarcadero Center., 17th Floor
      San Francisco, CA 94111
      (415) 434-9100
      dballard@sheppardmullin.com