**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817<br>Case No. 18-cv-00864 |
| **This Document Relates To:** | Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| **THE DEALERSHIP CLASS ACTION** | |

**DEALERSHIP CLASS PLAINTIFFS' REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO CONVERT THE REYNOLDS AND REYNOLDS
COMPANY'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT PURSUANT TO RULE 12(b)(6) TO A MOTION FOR
<u>SUMMARY JUDGMENT AND STAY FURTHER BRIEFING</u>**

Dealership Plaintiffs respectfully submit this reply in further support of their motion to convert Defendant Reynolds' Motion to Dismiss to a motion for summary judgment and stay further briefing, pending completion of discovery (ECF No. 290).[1]

Reynolds' opposition memorandum ("Opp.") (ECF No. 328) confirms that Reynolds has extensively relied on materials outside Dealership Plaintiffs' pleadings for purposes of its Motion to Dismiss, and that such reliance is unjustified. Accordingly, Dealership Plaintiffs' motion should be granted.

**I.    REYNOLDS' RELIANCE ON EXTRANEOUS DOCUMENTS WARRANTS
CONVERSION OF ITS MOTION TO DISMISS**

Contrary to Reynolds' argument, the extraneous documents are not properly before the Court. They are neither "central" to the complaint (Opp. at 2) (citation omitted), nor relied upon by Dealership Plaintiffs.

---

[1] Defined terms have the meanings set forth in Dealership Plaintiffs' opening memorandum (ECF No. 290).

With respect to the "Master Agreement," Reynolds argues that, because the Complaint alleges that Reynolds charged artificially inflated prices, its contracts with dealers are "central" to Dealership Plaintiffs' claims. Opp. at 2. This argument is a red herring -- the "Master Agreement" contains no prices.

Moreover, Reynolds' attempt to authenticate the "Master Agreement" fails. Having first filed one unauthenticated version of the Master Agreement, and then filing a different, so-called "corrected" -- but still unauthenticated -- version (*compare* ECF No. 255-2 *with* ECF No. 271), Reynolds has now filed the unsworn "Declaration of Sheri Robinson" (ECF No. 328-1), purporting to address the "corrected" version. The declaration, however, contains no statement "under penalty of perjury" that its contents are "true and correct." Accordingly, the declaration is a nullity. *See* 28 U.S.C. § 1746; *DeBruyne v. Equitable Life Assurance Soc'y*, 920 F.2d 457, 471 (7th Cir. 1990).[2]

Equally meritless are Reynolds' arguments concerning the declarations of Robert Schaefer and Ronald Lamb. Those declarations -- which Reynolds filed in the *Authenticom* case -- are neither cited in, nor can they possibly be deemed "central" to, the Complaint. Indeed, the declarations (containing more than 150 paragraphs combined) contain numerous factual assertions -- many in dispute -- and preview the direct testimony that Reynolds likely will proffer at trial. As shown in Dealership Plaintiffs' opening memorandum (ECF No. 290 at 6), Reynolds has even miscited the declarations. Reynolds simply ignores the point, effectively conceding it.

---

[2] Reynolds cites *Friends for Health: Supporting the N. Shore Health Ctr. v. Paypal, Inc.*, No. 17-cv-1542, 2018 WL 2933608 (N.D. Ill. June 12, 2018) for the proposition that a "simple declaration" can suffice to authenticate a document. Opp at 4 n.4. As noted in that decision, however, the declaration there was a "sworn declaration." 2018 WL 2933608, at *7 n.7.

Additionally, the Robinson Declaration is not only untimely, it is incomplete and fails to satisfy Reynolds' burden with respect to its Motion to Dismiss under Rule 12(b)(3). As established by its own case authority, Reynolds may not seek to rectify that failure in any reply papers filed on that motion. *See* Opp. at 4 n.5 (citing authority).

Reynolds relies on those miscited declarations to set forth the "Background" section for its Motion to Dismiss. *See* ECF No. 255 at 1-6.

Reynolds argues that, simply because the Complaint cites various documents from the *Authenticom* case to support its factual allegations, Reynolds may, in turn, submit testimony that *it* submitted in that case in order to "address[]" those allegations. Opp. at 5. Reynolds, however, cites no authority for that proposition, nor could it. *See* Dealership Plaintiffs' Opening Brief, ECF No. 290 at 5 n.4 (citing authorities). Reynolds' reliance on its executives' declarations to address Dealership Plaintiffs' factual allegations, even if appropriate at the summary judgment stage, is highly improper on a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, No. 16-56069, 2018 U.S. App. LEXIS 22371, at *16-17 (9th Cir. Aug. 13, 2018) ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. . . . Such undermining of the usual pleading burdens is not the purpose of the judicial notice or the incorporation-by-reference doctrine.").[3]

Accordingly, Reynolds' reliance on these extraneous documents warrants a conversion of its motion to one for summary judgment. *Hernandez v. Folami*, Case No. 16-cv-78-pp, 2017 WL 435790, at *2 (E.D. Wis. Feb. 1, 2017); *Gavin v. AT&T Corp.*, Case No. 01-cv-2721, 2004 WL 2260632, at *2 (N.D. Ill. Sept. 30, 2004).

---

[3] As noted in our opening memorandum (ECF No. 290 at 2 n.1), additional extraneous documents attached to Reynolds' papers further support this motion. Reynolds' suggestion that Dealership Plaintiffs have failed to support that position (Opp. at 4 n.5) ignores the analysis set forth in the opening memorandum.

## II.     EXCLUSION OF THE EXTRANEOUS DOCUMENTS IS NOT AN ADEQUATE REMEDY

Reynolds argues that, if any of its exhibits are outside the scope of the pleadings, the Court should simply "decline" to consider them.  Opp. at 5.  The argument fails.

Because the extraneous documents infect the entirety of Reynolds' Motion to Dismiss, excluding them does not remedy the problem.  Reynolds' factual narrative of the case depends largely on these documents, including the Schaefer and Lamb declarations that are repeatedly cited in Reynolds' motion.  Given the prominence of these documents in Reynolds' submission, mere "exclusion" of the documents is not a practical solution.

Compounding this problem is the fact that, pursuant to Court Order, Dealership Plaintiffs' papers in opposition to Reynolds' Motion to Dismiss are due to be filed by August 20, 2018.  *See* Order dated July 11, 2018 (ECF No. 250).  Uncertainty as to whether Reynolds' extraneous documents will be excluded places an undue and unfair burden on Dealership Plaintiffs.

## III.     REYNOLDS' CLAIMED PREJUDICE IS SELF-INFLICTED

Reynolds argues that it should be permitted to challenge the legal sufficiency of Dealership Plaintiffs' Complaint -- which it characterizes as "far more detail[ed]" than the other complaints in this MDL proceeding.  Opp. at 6.  What it may not do, however, is move to dismiss the Complaint on the basis of extraneous materials -- including lengthy, self-serving declarations of its executives -- that *factually challenge* the allegations. *See Khoja*, 2018 U.S. App. LEXIS 22371, at *27 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the [incorporation-by-reference] doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.").  In short,

Dealership Plaintiffs' filing of a painstakingly detailed complaint cannot change the rules applicable to a motion challenging the legal sufficiency of their pleading.

Having made a tactical choice to rely on extraneous documents, Reynolds may not complain that it is being deprived of the right to test the sufficiency of the Complaint under Rule 12(b)(6). Indeed, unless Dealership Plaintiffs' motion is granted, Dealership Plaintiffs will be deprived of their right to defend the Complaint on the basis of the actual pleading.

## CONCLUSION

For the foregoing reasons and those set forth in our opening papers, Dealership Plaintiffs respectfully request that the Court convert Reynolds' Motion to Dismiss into a motion for summary judgment and stay further briefing of that motion pending the completion of discovery.

Dated: August 15, 2018

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
***Dealership Interim Lead Class Counsel***
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

Leonard A. Bellavia (pro hac vice)
*Plaintiffs' Steering Committee*
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

Daniel C. Hedlund (pro hac vice)
*Plaintiffs' Steering Committee*
Michelle J. Looby (pro hac vice)
*Plaintiffs' Steering Committee*
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

James E. Barz
*Plaintiffs' Steering Committee*
Frank Richter
*Plaintiffs' Steering Committee*
**ROBBINS GELLER RUDMAN &
DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN &
DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Robert A. Clifford
*Liaison Counsel*
Shannon M. McNulty
Kristofer S. Riddle
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC4cliffordlaw.com
SN4M@cliffordlaw.com
KSR@cliffordlaw.com

## CERTIFICATE OF SERVICE

I, Peggy J. Wedgworth, an attorney, hereby certify that on August 15, 2018, I caused a true and correct copy of the foregoing DEALERSHIP CLASS PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO CONVERT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) TO A MOTION FOR SUMMARY JUDGMENT AND STAY FURTHER BRIEFING to be filed and served electronically via the Court's CM/ECF No. system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com

753963v3