# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE DEALER MANAGEMENT SYSTEMS | ) | |
| ANTITRUST LITIGATION, MDL 2817 | ) | Case No. 18-cv-864 |
| | ) | |
| _____ | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| This document relates to: | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| THE DEALERSHIP CLASS ACTION | ) | |

## ORDER

Before the Court is Dealership Class Plaintiffs' motion [332] to convert the Reynolds and Reynolds Company's motion to dismiss the consolidated class action complaint pursuant to Rule 12(b)(6) to a motion for summary judgment. For the reasons set forth below, the motion [332] is denied. However, consistent with the Court's prior rulings (see, *e.g.*, *Butler v. E. Lake Mgmt. Grp., Inc.*, 2012 WL 2115518, at *2 (N.D. Ill. June 11, 2012); *Garden City Employees' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *17 (N.D. Ill. Mar. 31, 2011))—and as permitted under the rules and caselaw (see *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (recognizing that when a defendant attaches documents to its motion to dismiss that are not properly considered by the district court on such a motion, the district court has discretion to convert the motion to a motion for summary judgment or to disregard the improper exhibits))— the Court will not consider exhibits to Reynolds's motion to dismiss that are not properly before the Court at such stage, as explained below. As discussed on the record and set out in the Court's August 16 minute entry [333], briefs in response to the motions to dismiss are due in 10 days and reply briefs are due 21 days thereafter.

## STATEMENT

On July 18, 2018, Defendant Reynolds and Reynolds Co. ("Reynolds") filed a motion to dismiss the consolidated class action complaint pursuant to Rules 12(b)(3) and (6), attaching ten exhibits. [See 255.] On July 25, 2018, the Dealership Class Plaintiffs (the "Plaintiffs") moved to convert Reynolds's motion to dismiss to a motion for summary judgment, arguing that Reynolds improperly attached documents to its motion that were neither attached to nor referenced in the consolidated class action complaint. [290.]

The parties agree that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central" to their claims, and that such documents are properly considered on a motion to dismiss without converting the motion to a motion for summary judgment. *Love v. First Transit, Inc.*, 2017 WL 1022191 at *2, n. 1 (N.D. Ill. Mar. 16, 2017) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The parties dispute, however, whether the documents that Reynolds attached to its motion to dismiss satisfy that standard.

1.  Master Agreement

The parties dispute whether the Court can consider a purported Master Agreement between Reynolds and its dealer customers in ruling on Reynolds's motion to dismiss. First, Plaintiffs argue that the Court should not consider the Master Agreement because Reynolds has submitted different versions of the agreement, which—according to Plaintiffs—indicates that "full discovery" is necessary to determine which version of the Master Agreement is relevant to the allegations in the complaint. Second, Defendants argue that the Court should not consider the corrected "Master Agreement" because it was not properly authenticated by Reynolds. Plaintiffs do not, however, dispute that the corrected "Master Agreement" is the governing agreement between the parties. The Court agrees that Reynolds should have properly authenticated the exhibit if it wanted the Court to consider the Master Agreement in ruling on its motion to dismiss. See *DeBruyne v. Equitable Life Assur. Soc. of U.S.*, 920 F.2d 457, 471 (7th Cir. 1990). However, as discussed on the record at the August 16 status hearing, if the Master Agreement otherwise could be considered in ruling on Reynolds's motion to dismiss, Reynolds could cure that technical deficiency quickly and easily.

Still, Plaintiffs also argue that the Court should not consider the Master Agreement on Reynolds's motion to dismiss because the Master Agreement is not attached to the consolidated class action complaint and is not central to Plaintiffs' allegations. On that point, the Court agrees with Plaintiffs. Plaintiffs concede that the consolidated class action complaint references their DMS contracts with Reynolds, which includes the Master Agreement—but argue that the Master Agreement is not central to its allegations. The Master Agreement is not expressly mentioned in the consolidated class action complaint. Although the complaint references Reynolds's DMS contracts, such references are not central to the allegations in the complaint. Reynolds only cites to two paragraphs in the complaint that it claims reference Reynolds's DMS contracts—paragraphs 15 and 63. Reynolds argues that these allegations—along with other allegations that Reynolds participated in antitrust violations that artificially increased the prices Plaintiffs paid for DMS, and otherwise affected the terms and conditions of their DMS contracts with Reynolds—place the Master Agreement at the center of the allegations in the complaint. However, as noted by Plaintiffs, the Master Agreement does not contain prices. Without any clear reference to the Master Agreement or any of its terms in the complaint, Reynolds has not identified any viable basis for concluding that the Master Agreement is central to Plaintiffs' allegations.[1]

Given that Plaintiffs only cite to the Master Agreement in support of their relatively straightforward statute of limitations argument [255, at 62-64], the Court concludes that it will be able to disregard arguments dependent on the Master Agreement when ruling on Reynolds's motion to dismiss. In sum, although the Court will disregard the Master Agreement, it is not

---

[1] Reynolds cites to *JLM Indus., Inc. v. Stolt-Nielsen SA*, for the proposition that contracts between the parties are central to their antitrust claims. However, that case was addressing whether antitrust claims fell within the scope of an arbitration clause in a specific agreement between the parties in that case. 387 F.3d 163, 176 (2d Cir. 2004). Furthermore, the contracts at issue in *JLM* contained the price terms that plaintiffs claimed had been artificially inflated by defendant's alleged anticompetitive conduct. Thus, the legal and factual issues currently before the Court are not the same as those addressed by the court in *JLM*.

necessary to convert Reynolds's motion to dismiss to a motion for summary judgment based on citations to the Master Agreement.

    2.   Declarations

The parties also dispute whether the Court can consider the declarations of Robert Schaefer and Ronald Lamb, which Reynolds filed in *Authenticom, Inc. v. CDK Global LLC*, No. 17-CV-00318 (W.D. Wis.).  Reynolds argues that because the complaint references the factual record in the *Authenticom* action, Reynolds should not be precluded from addressing the same record on a motion to dismiss.[2]  This argument fails to address the relevant legal standard—namely, whether the cited documents are referred to in the plaintiffs' complaint and are central to their claims. Reynolds cannot show that the challenged declarations satisfy this requirement.  Accordingly, the Court agrees that it cannot consider the Declarations without converting Reynolds's motion to dismiss into a motion for summary judgment.

Given that the challenged declarations are cited only in the background portion of Reynolds's motion, they do not appear to be a central part of Reynolds's arguments for dismissal. Accordingly, the Court concludes that it is appropriate simply to decline to consider these exhibits in ruling on Reynolds's motion.  To the extent that Reynolds's substantive arguments rely on the Declarations, Plaintiffs are free to explain to the Court how the exclusion of the Declarations undermines Reynolds's arguments for dismissal.

    3.   Other Documents

In a footnote, Plaintiffs assert that other exhibits attached to Reynolds's motion to dismiss "provide[] further support for the conversion of Reynolds's motion to a motion for summary judgment." [290, at 2, n.1.]  However, Plaintiffs do not provide any support, discussion, or analysis in support of this assertion.  It is not the court's role to make parties' arguments for them.  *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995).  If Plaintiffs believe other documents attached to Reynolds's motion should not be considered by the Court, Plaintiffs may raise any such arguments in their response to Reynolds's motion to dismiss.


Dated: August 21, 2018

_____
Robert M. Dow, Jr.
United States District Judge

---

[2] Reynolds's response implies that it is unfair to allow Plaintiffs to cite to factual support in their complaint without permitting Reynolds to counter that evidence.  However, for purposes of a motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).  Reynolds will have the opportunity to present all of its evidence in opposition to Plaintiffs' claims at the appropriate time (*e.g.*. summary judgment, trial).