IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* <br> THE DEALERSHIP CLASS ACTION | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

### DECLARATION OF KRISTEN-ELISE F. DEPIZZO

I, Kristen-Elise F. DePizzo, declare as follows:

1. I am an associate at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"). I serve as counsel to CDK Global, LLC ("CDK") in its response to the Civil Investigative Demand that the Federal Trade Commission ("FTC") issued to CDK on June 26, 2017 (the "CID"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently as to the matters set forth below.

2. The CID required CDK to produce documents in response to more than 15 specifications through a custodian-based collection and review of potentially responsive documents. Paul, Weiss was involved in and aware of CDK's process for collecting, processing, reviewing, and producing documents that were responsive to the CID, which included engagement of a third-party discovery vendor.

3. CDK identified approximately three million potentially responsive documents from custodial data sources, and reviewed these documents using a combination of technology-assisted review techniques and manual review of documents.

1

4. In total, CDK produced more than 790,000 custodian-based documents in its CID productions to the FTC between November 15, 2017 and March 23, 2018—a period of approximately four months.

5. CDK either withheld from its custodian-based CID productions or redacted more than 47,000 documents for privilege.

6. I understand that the documents at issue in Dealership Class Plaintiffs' Motion to Compel (Dkts. 294 and 308) which were ultimately clawed back from the FTC CID team represents only 0.3% of the custodian-based documents produced to the CID team.

7. In light of the compressed time frame for the review of millions of documents for production to the FTC, Paul, Weiss created a privilege review process that aimed at identifying and reviewing potentially privileged documents.

8. First, Paul, Weiss, in consultation with Mayer Brown LLP ("Mayer Brown"), counsel for CDK in the above-captioned case, and CDK, created a list of search terms indicative of privilege. This list included names of counsel and law firms that CDK had engaged, as well as terms related to topics likely to appear in privileged documents. CDK took various steps to ensure that the search terms were properly identifying potentially privileged documents.

9. Second, CDK's e-discovery vendor ran searches using these search terms and isolated documents hitting on the privilege terms under Paul, Weiss's supervision.

10. Third, CDK engaged a team of contract reviewers to conduct an initial level of review to evaluate and identify any potentially privileged documents, which were promoted to a second level of review.

11. Finally, Paul, Weiss associates and staff attorneys performed a second-level review of documents identified as potentially privileged, as well as targeted quality control reviews, as

the production timeline permitted. The quality control reviews conducted by Paul, Weiss associates and staff attorneys included targeted searches, as well as sampling for documents that had privilege coding changes between first- and second-level reviews.

12. Throughout the review process, Paul, Weiss associates and staff attorneys coordinated closely with the first-level reviewers to provide them with feedback and to promote accuracy and consistency during the ongoing review process.

13. Paul, Weiss trained the first-level and second-level reviewers, which, among other things, included guidance on how to identify and code potentially privileged documents; instruction on how to elevate to Paul, Weiss associates any questions about potentially privileged documents; and an extensive list of in-house and outside counsel likely to appear on documents in the review. During both levels of this two-tiered review, Paul, Weiss also took steps to ensure that the search terms indicative of privilege were highlighted in the documents in which they appeared.

14. CDK made its productions to the FTC in response to the CID on a rolling basis.

15. Between July 7, 2017, and October 31, 2017, CDK made 12 targeted document productions to the FTC in response to the CID, which consisted of just 678 documents. None of these 678 documents have been clawed back from the FTC.

16. CDK's first CID production that included any documents later clawed back from the FTC occurred on November 15, 2017. This was CDK's first custodian-based production in response to the CID, and it included 48,001 documents.

17. In December 2017, Paul, Weiss first identified that privileged material had inadvertently been included in CDK's CID productions.

18. Upon the identification of privileged material in CDK's productions to the FTC in response to the CID, Paul, Weiss promptly investigated the matter further in coordination with

Mayer Brown. Paul, Weiss and Mayer Brown worked to identify duplicates and near-duplicates of the discovered privileged material in both previously produced and yet-produced document sets, in order to prevent further disclosure of privileged material.

19. As CDK confirmed the privileged status of groups of documents that it had inadvertently disclosed to the FTC CID team, Paul, Weiss promptly sent letters to the FTC CID team to inform the agency of these inadvertent disclosures in accordance with Federal Rule of Evidence 502(b) and 16 C.F.R. § 2.11(d) (the "Clawback Letters").

20. Paul, Weiss sent the Clawback Letters to the FTC CID team on December 22, 2017; January 24, 2018; April 13, 2018; and May 25, 2018. Each letter was sent promptly after identification of inadvertently produced privileged materials.

21. The FTC CID team informed CDK by letter dated April 20, 2018 that: (i) the FTC had overwritten all inadvertently disclosed materials that the FTC had received from CDK as of that date to the extent they existed in the FTC's internal database and; (ii) the FTC had sequestered the original production media.

22. The FTC CID team informed CDK on August 7, 2018, that it has applied those same procedures for all documents identified in CDK's Clawback Letters. *See* Ex. A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on August 22, 2018 in New York, NY

_____
Kristen-Elise F. DePizzo

4