# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: DEALER MANAGEMENT SYSTEMS | ) | MDL No. 2817 |
| ANTITRUST LITIGATION | ) | Case No. 1:18-CV-00864 |
| | ) | |
| *This document relates to:* | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| THE DEALERSHIP CLASS ACTION | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO CLARIFY ITS DISCOVERY RIGHTS AND OBLIGATIONS IN LIGHT OF ITS ARBITRATION RIGHTS AND THE CASE MANAGEMENT ORDER

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    BACKGROUND .........................................................................................................2

III.   REYNOLDS'S PARTICIPATION IN DISCOVERY WITH THE DEALERSHIP PLAINTIFFS DOES NOT CONSTITUTE A WAIVER OF ARBITRATION RIGHTS. .....................................................................................................................7

IV.   CONCLUSION.........................................................................................................11

TABLE OF AUTHORITIES

Page(s)

Cases

*Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*
  50 F.3d 388 (7th Cir. 1995) .......................................................................................10, 11

*Central Ill. Carpenters Health &Welfare Trust Fund v. Con-tech Carpentry, LLC*
  806 F.3d 935 (7th Cir. 2015) ...........................................................................................11

*Honomichl v. Integrated Int'l Payroll Ltd.*
  2010 WL 2025395 (N.D. Ill. May 21, 2010) (Dow, J.) ........................................8, 10

*Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc. and
  BRP U.S., Inc.*
  660 F.3d 988 (7th Cir. 2011) ...............................................................................7, 8, 9, 11

*Paragon Micro, Inc. v. Bundy*
  22 F. Supp. 3d 880 (N.D. Ill. 2014) ..................................................................................9

*Skyline Restoration, Inc. v. First Baptist Church*
  2017 WL 6570077 (N.D. Ill. Dec. 21, 2017).................................................................8, 9

*Smith v. Adams & Assocs.*
  2015 WL 5921098 (N.D. Ill. Oct. 9, 2015)....................................................................10

## I.     INTRODUCTION

Defendant The Reynolds and Reynolds Company ("Reynolds") respectfully submits this memorandum of law in support of its motion to clarify its discovery rights and obligations in light of its arbitration rights and the Court's Case Management Order ("CMO") (Dkt. 166). Reynolds must be able to either participate fully in discovery in the Dealership Class Action now without waiving its arbitration rights, or be permitted to reserve its rights to participate in discovery later should it not be compelled to arbitration.

As set forth more fully in Reynolds's Memorandum in Support of its Motion to Dismiss the Reynolds Dealer Plaintiff Claims in Favor of Arbitration (Dkt. 255) ("Arbitration Motion"), six of the named plaintiffs in the consolidated Dealership Class Action signed broad arbitration provisions requiring individual arbitration of the claims at issue in Dayton, Ohio. Those dealers' claims should be dismissed in favor of such individual proceedings, and the remaining dealership class claims should be stayed pending resolution of those arbitrations. But the Court's Case Management Order requires Reynolds's participation in coordinated discovery proceedings with the Dealership Class Action Plaintiffs that overlap with the schedule for briefing and resolving Reynolds's Arbitration Motion. Reynolds has no objection to participating in such court-ordered coordinated discovery to the extent that such participation does not prejudice its arbitration rights. To ensure that its participation was not construed as a waiver, Reynolds consistently clarified that its participation was without waiver of or prejudice to its arbitration rights *and reached an explicit agreement to that effect with Dealership Class Counsel*. Reynolds was therefore surprised to discover that Dealership Class Counsel now takes the position that Reynolds's continued participation in court-ordered coordinated discovery constitutes an enforceable waiver of its arbitration rights.

The present situation is untenable. Reynolds could refuse to participate in coordinated discovery, but taking that position would violate the CMO, leave Reynolds without recourse in the event the Court denies the Arbitration Motion, and create needless and expensive duplication. Or Reynolds can continue to participate, risking prejudice to its arbitration rights due to Dealership Class Counsel's recently revived argument that such participation constitutes waiver.

That tension can and should be resolved through an order clarifying that Reynolds can engage in discovery with the Dealership Plaintiffs now without waiving arbitration rights, or, in the alternative, an order clarifying that it can engage in discovery with the Dealership Plaintiffs later, after the Court has ruled on Reynolds's Arbitration Motion (in the event the motion is not granted). While Reynolds's preference is for Dealership Plaintiffs' claims and any corresponding discovery to be moved into arbitration, Reynolds must protect itself and cannot assume that the ruling on its Arbitration Motion will be in its favor. There is still a significant amount of discovery to take place in the Dealership Class Action, including document productions, depositions, and non-party discovery, and Reynolds needs to understand the degree to which it should or should not participate to preserve its arbitration rights.

## II.     BACKGROUND

From the beginning of this MDL, Reynolds has repeatedly and consistently made it known to the Court and to all parties that it intends to assert its straightforward contractual arbitration rights with respect to the Dealership Plaintiffs.

The Joint Initial Status Report dated March 9, 2018 states: "Defendants reserve their rights to move to compel arbitration of any claims subject to any arbitration clauses contained in their respective dealer and vendor contracts." *See* Joint Initial Status Report dated 3/9/18, p. 2 (Dkt. 36). A corrected version was filed a few days later on March 15, 2018, containing the same language. Dkt. 64.

At the March 12, 2018 status hearing, counsel for Reynolds stated: "Reynolds' contracts with its dealers and vendors have arbitration clauses . . . . And, so, we'll be moving to compel arbitration." March 12, 2018 Transcript of Proceedings, Dkt. 65, p. 16.

At the April 25, 2018 status hearing, counsel for Reynolds stated: "Reynolds is -- depending on what the claims are and who brings them and if they're brought by Reynolds dealers, we'd have a motion to compel arbitration." April 25, 2018 Transcript of Proceedings, Dkt. 164, p. 13.

With full knowledge of Reynolds's clear and repeated statements that it intended to enforce its arbitration rights as to the Dealership Plaintiffs, Judge Amy St. Eve nevertheless issued a CMO on May 7, 2018 that initiated discovery for all cases, including the Dealership case, and established October 12, 2018 as the deadline for document productions and February 15, 2019 as the close of fact discovery. Dkt. 166.

At the time the CMO was issued, the Dealership Class had not yet filed a Consolidated Amended Complaint, some of the filed class cases did not include Reynolds as a defendant, and Reynolds had not yet filed its Arbitration Motion. Thus, the CMO established a schedule that contemplated that coordinated discovery in the Dealership Class Action would take place contemporaneously with the briefing and resolution of Reynolds's Arbitration Motion. *See* Dkt. 166 (compare Sections A and B).

The Dealership Plaintiffs subsequently filed their Consolidated Amended Complaint on June 4, 2018, naming both CDK and Reynolds as defendants. Dkt. 184. Reynolds filed its Arbitration Motion on July 18, 2018. Dkt. 255. Dealership Plaintiffs' response to that motion is due August 31, 2018, and Reynolds's reply is due September 21, 2018. Dkt. 340.

Accordingly, there is no date certain by which Reynolds' Arbitration Motion will be heard or resolved, and no guarantee that any resolution will be in Reynolds's favor or that any ruling will come in advance of discovery deadlines set forth in the CMO.

For the avoidance of any doubt, and even though Reynolds had already made it known to the Court and the parties that it intended to enforce its arbitration rights with the Dealership Plaintiffs, Reynolds did not propound any document requests, interrogatories, or requests for admissions on the Dealership Plaintiffs.

The Dealership Plaintiffs, however, served comprehensive document requests on Reynolds on May 25, 2018. Reynolds served written responses and objections on June 22, 2018. **Exhibit A**.

In its written responses, Reynolds specifically objected to each and every document request: "Reynolds additionally objects to the extent that it has arbitration agreements with any Dealership Class Plaintiffs or purported class members on the grounds that this Request is improper as to any such dealership. For any such dealership, the only discovery available as to Reynolds is the discovery provided for in any applicable arbitration agreement or arbitration rules, if any. Reynolds does not intend to waive any arbitration rights by responding to this Request and expressly reserves such rights." *Id.*

Reynolds likewise generally objected in General Objection No. 14 to all of Dealership Plaintiffs' requests: "Reynolds expressly reserves all applicable rights, if any, to arbitrate any claim by any Plaintiff or dealership, and does not intend to waive any such rights by responding to any Request." *Id.*

On June 28, 2018, Dealership Plaintiffs sent letters to CDK and Reynolds requesting separate meet and confers regarding their respective responses to Dealership Plaintiffs' document

requests. Reynolds responded on July 2, 2018. **Exhibit B.** Consistent with the "coordinated" discovery requirement set forth in the CMO, Reynolds suggested a simultaneous meet and confer call on July 6 that would include both Reynolds and CDK, as well as Individual Plaintiffs along with Dealership Plaintiffs (i.e., all parties to the MDL). *Id.* Dealership Plaintiffs responded in a letter on July 5, refusing to proceed with coordinated meet and confers that included both CDK and Reynolds, but offering to proceed with a CDK-only call on July 6. **Exhibit C.**

The July 6 meet and confer call between Dealership Plaintiffs and CDK was also attended by Reynolds and the Individual Plaintiffs, who listened in but did not participate. During that call, counsel for Dealership Plaintiffs asserted that Reynolds's mere attendance on meet and confer calls constituted a waiver of arbitration rights. Counsel for Reynolds disagreed, expressly reserved all arbitration rights (again), and remained on the call, silently listening in without participation.

In an email dated July 9, counsel for Reynolds informed counsel for the Dealership Plaintiffs that, in light of Dealership Plaintiffs' position regarding waiver expressed during the July 6 call, Reynolds would not attend or participate in any further discovery or discovery meet and confers with Dealership Plaintiffs until Reynolds's arbitration rights had been resolved by the Court. **Exhibit D.** This led to an exchange of several emails in which Reynolds repeatedly asserted its arbitration rights:

- July 9, 2018: "To be clear, Reynolds has and continues to fully reserve, and does not in any way waive, its rights to proceed in arbitration against the dealer class plaintiffs." *Id.*

- July 13, 2018: "Reynolds does not waive arbitration rights by meeting and conferring with, or producing documents to, the Dealer Class Plaintiffs in response to their document requests to Reynolds." *Id.*

- July 16, 2018: "We'd like to move forward with you but cannot do so if the Dealer Class Plaintiffs intend to argue that any aspect of Reynolds's participation in discovery, on a coordinated basis, constitutes a waiver of arbitration rights or is otherwise not permitted." *Id.*

In those emails, Reynolds provided authority supporting its position that its participation in discovery with the Dealership Plaintiffs did not constitute a waiver of arbitration rights. *Id.* Reynolds asked Dealership Plaintiffs several times to provide authority supporting their contrary position, which they never did. *Id.*

Finally, on July 16, 2018, counsel for Dealership Plaintiffs expressly agreed that Reynolds had not waived its arbitration rights through its participation in discovery: **"[W]e can agree not to argue that Reynolds' participation in the discovery process to date constitutes a waiver of arbitration rights."** *Id.* (emphasis added). Only then did Reynolds move forward and participate in meet and confers with Dealership Plaintiffs regarding their document requests *to Reynolds*. However, Reynolds never again dialed into a meet and confer call between the Dealership Plaintiffs and CDK, and the meet and confer process remained uncoordinated as demanded by Dealership Plaintiffs.

Even at this point, Reynolds continued to reserve its arbitration rights during the meet and confer process. For instance, in a letter dated July 31, 2018, Reynolds stated (**Exhibit E**):

> Any statements or proposed compromises contained in this letter are subject to and without waiver of Reynolds's general or specific objections to Dealership Class Plaintiffs' RFPs. In particular, Reynolds has moved to compel arbitration of claims brought by Reynolds Dealers and believes that the proper place to conduct the vast majority of the discovery requested by Class Plaintiffs is in any future individual arbitration. Reynolds does not intend to waive any arbitration rights (including related to discovery) through any statement or position taken in this letter and expressly reserves such rights.

Reynolds has not yet produced documents in response to the Dealership Plaintiffs'
document requests, and several are the subject of a pending motion to compel. Dkt. 319. With
respect to Defendants' motion to compel, Reynolds has not signed onto any portions of that motion
directed at Dealership Plaintiffs. Dkt. 322, p.1 n.1.

With this background, Reynolds was surprised at the August 16 status hearing when
Dealership Plaintiffs were unable to agree that Reynolds's participation in discovery did not
constitute a waiver of arbitration rights. Reynolds believed that the issue had already been settled,
particularly in light of the extended discussions described above and counsel for Dealership
Plaintiffs' express concession on July 16 that it would not argue waiver based on Reynolds's
participation in discovery up to that date.

Documents have not yet been produced, depositions have not yet taken place, and non-
party discovery is not yet complete. Accordingly, Reynolds seeks clarity from the Court regarding
the timing of its participation in discovery in the Dealership Class Action.

## III.    REYNOLDS'S PARTICIPATION IN DISCOVERY WITH THE DEALERSHIP PLAINTIFFS DOES NOT CONSTITUTE A WAIVER OF ARBITRATION RIGHTS.

There is good cause for an order clarifying that Reynolds's participation in discovery does
not waive arbitration rights. Reynolds is not selecting a judicial forum over arbitration. Rather, it
is seeking to protect its rights in the event that its Arbitration Motion is denied. Reynolds cannot
be put to the untenable position of requesting arbitration at the price of being unable to defend
itself in court should its Arbitration Motion be denied.

More specifically, Reynolds does not waive arbitration rights by proceeding in discovery
with the Dealership Plaintiffs because it is not "act[ing] inconsistently with the right to arbitrate."
*Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc. and BRP U.S., Inc.*,

660 F.3d 988, 994 (7th Cir. 2011).  Courts in the Seventh Circuit consider the "totality of the circumstances" when analyzing whether a party has acted inconsistently with the right to arbitrate, and focus on the following factors:  (1) diligence in seeking arbitration; (2) participation in litigation; (3) substantial delay in the request for arbitration; and (4) whether the opposing party has been prejudiced.  Each of these factors weighs in favor of a finding that Reynolds's participation in discovery does not waive arbitration rights.[1]

First, as the Background section makes abundantly clear, Reynolds has been diligent and has not substantially delayed its request for arbitration.  The Dealership Plaintiffs filed their Consolidated Amended Complaint on June 4, 2018, and Reynolds filed its Arbitration Motion the very next month, on July 18, 2018.  Dkt. 255.  July 18 was the deadline for this brief set forth in the Court's July 11 Order.  Dkt. 250.  Reynolds had already made it known months earlier, before the Consolidated Amended Complaint was even filed (and before some unconsolidated class plaintiffs had sued it), that it would be seeking arbitration.  *See supra* at 2-3 (reserving rights to arbitration on March 9, March 12, and April 25, 2018).  In total, the Background section describes at least nine different occasions when Reynolds reserved its rights to arbitration over the past six months (not including this motion).  These circumstances weigh against waiver.  *See Kawasaki Heavy Industries, Ltd.*, 660 F.3d at 996 (holding that alleged delay in asserting arbitration rights was "nil" and noting that defendant "mentioned its desire to arbitrate at every turn."); *see also Skyline Restoration, Inc. v. First Baptist Church*, 2017 WL 6570077, *2 (N.D. Ill. Dec. 21, 2017) (holding that five month delay in requesting arbitration was "modest," and collecting cases finding no waiver based on longer delays).

---

[1]     Waiver is "not lightly inferred," and the party asserting waiver bears a "heavy burden."  *See Honomichl v. Integrated Int'l Payroll Ltd.*, 2010 WL 2025395, *6 (N.D. Ill. May 21, 2010) (Dow, J.) (citation omitted).

Second, Reynolds's mere response to the Dealership Plaintiffs' document requests, subject to numerous objections and reservations of rights, does not establish that Reynolds intended to participate in the litigation. *See Kawasaki Heavy Industries, Ltd.*, 660 F.3d at 994 ("The key determination when considering this factor . . . is whether a party manifested an intent to proceed with litigation."). For instance, in *Kawasaki*, the Seventh Circuit held that defendant did not manifest an intent to proceed with litigation when it "merely responded" to a motion to reopen litigation filed by the plaintiff, "which cannot be characterized as a choice for judicial resolution of the dispute." *Id.* at 995. Similarly, Reynolds has merely provided written responses to document requests from Dealership Plaintiffs and will soon respond to motions to compel directed at it, all after repeated reservations of rights, after extracting an express statement of no waiver from the Dealership Plaintiffs, and without propounding any discovery against the Dealership Plaintiffs.[2] *See also Skyline Restoration, Inc.,* 2017 WL 6570077 at *2 (holding that attending hearings and responding to discovery requests "does not invoke this Court's jurisdiction or demonstrate an election to proceed before this Court."); *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 893 (N.D. Ill. 2014) (holding no waiver of arbitration based on participation in discovery, citing "Defendants' repeated requests for arbitration.").

Third, Dealership Plaintiffs have not and will not suffer any substantial prejudice from Reynolds's participation in discovery. To date, Reynolds has propounded no discovery on the Dealership Plaintiffs. At the same time, Reynolds has provided written responses to Dealership Plaintiffs' document requests and has engaged in meet and confer discussions regarding those

---

[2]     Reynolds's Arbitration Motion, which requests an order dismissing and staying Dealership Plaintiffs' claims in favor of arbitration, in the alternative, an order dismissing their claims for failure to state a claim, also does not manifest intent to proceed with litigation. *See Kawasaki Heavy Industries, Ltd.,* 660 F.3d at 995 ("[A] party does not waive its right to arbitrate by filing a motion to dismiss.").

requests to Reynolds in good faith.  Should the Court clarify the CMO as requested by Reynolds, any discovery from Reynolds relating to the Dealership Plaintiffs will necessarily be coordinated with codefendant CDK in order to avoid duplication until such time as the Arbitration Motion is decided.  *See* CMO, Dkt. 166 (discovery must be "coordinated."); 2/1/18 JPML Transfer Order, p. 3 (Dkt. 63) (assigning cases to Northern District of Illinois for "coordinated or consolidated pretrial proceedings.").

Reynolds will be substantially prejudiced if it is unable to fully participate in discovery on the current timeline set forth in the CMO while it waits for a ruling on the Arbitration Motion. Reynolds may find itself at the close of discovery without the evidence it needs to defend the Dealership Plaintiffs' claims in the event the Court denies its Arbitration Motion.  Courts have recognized that a party does not waive arbitration rights by participating in litigation when it finds itself in circumstances that require it to act in order to protect its rights.  *See, e.g., Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390-91 (7th Cir. 1995) ("[I]t is easy to imagine situations—they have arisen in previous cases—in which such [invocation of judicial process] does not signify an intention to proceed in a court to the exclusion of arbitration. [Citations omitted.] There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run."); *Smith v. Adams & Assocs.*, 2015 WL 5921098, *4 (N.D. Ill. Oct. 9, 2015) ("[C]omplying with obligations imposed by court rules does not waive the right to arbitrate."); *see also Honomichl*, 2010 WL 2025395 at *7 (Dow, J.) (explaining that a party "hardly can be faulted for protecting—or even advancing—its rights in the alternative litigation forum that it did not choose, particularly while questions relating to the forum in which the case would advance remained open.").

Waiver of arbitration often occurs in the context of forum shopping, where a party hopes to obtain favorable rulings from a court and then seeks to compel arbitration only after failing to obtain such rulings.  *See, e.g., Central Ill. Carpenters Health &Welfare Trust Fund v. Con-tech Carpentry, LLC,* 806 F.3d 935, 937 (7th Cir. 2015) ("[A] litigant cannot attempt to prevail in court, then seek arbitration only as a fallback."); *Kawasaki Heavy Industries, Ltd.*, 660 F.3d at 994 (explaining that parties may not "wait[] to see how they fare in a judicial forum before choosing arbitration."); *Cabinetree of Wisc., Inc*., 50 F.3d at 391 (finding waiver where party "initially decided to litigate its dispute" and then "changed its mind and decided it would be better off in arbitration.").  No forum shopping has occurred or will occur here; Reynolds has consistently requested arbitration over litigation and continues to do so now.

Reynolds only seeks clarity through this motion, so that it can avoid the ongoing confusion and tension that it has experienced in the Dealership Plaintiff case to date.  Reynolds believes that it can participate in discovery with the Dealership Plaintiffs now, without waiver of arbitration rights, based on the authorities above (and maintain the CMO's plan for a single, coordinated track of discovery), and seeks an order making this clear.  If, however, participation in discovery may constitute a waiver, Reynolds requests in the alternative the right to proceed with discovery later in the event its Arbitration Motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, Reynolds respectfully asks this Court for an Order clarifying that its compliance with the CMO, including full participation in discovery with respect to the Dealership Plaintiffs' case, does not waive any arbitration rights that Reynolds may have; or, in the alternative, an order clarifying that Reynolds may engage in full discovery with respect to the Dealership Plaintiffs' case later in the event its Arbitration Motion is denied.

Dated:  August 24, 2018

Respectfully submitted,

*/s/ Aundrea K. Gulley*
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
Justin D. Patrick
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com
jpatrick@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

Dylan I. Ballard
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
dballard@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

## CERTIFICATE OF SERVICE

I, Leo D. Caseria, an attorney, hereby certify that on August 24 2018, I caused true and correct copies of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO CLARIFY ITS DISCOVERY RIGHTS AND OBLIGATIONS IN LIGHT OF ITS ARBITRATION RIGHTS AND THE CASE MANAGEMENT ORDER** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

> */s/ Leo D. Caseria*
> LEO D. CASERIA
> SHEPPARD MULLIN RICHTER
> & HAMPTON, LLP
> 333 S. Hope St., 43rd Floor
> Los Angeles, CA 90071
> (213) 617-4206
> lcaseria@sheppardmullin.com