IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION ) ) ) | MDL NO. 2817<br>Case No. 1:18-CV-00864 |
| This document relates to: ) ) ) ) | Hon. Robert M. Dow, Jr. |
| ALL CASES ) | Magistrate Judge Jeffrey T. Gilbert |

**NON-PARTY RESPONDENT DOMINION ENTERPRISES, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO MODIFY THE CONFIDENTIALITY ORDER AND REQUEST FOR ORAL ARGUMENT**

Non-party Respondent Dominion Enterprises, Inc. ("Dominion"), pursuant to this Court's order, D.E. 325, respectfully requests leave to file a reply in support of its Motion to Modify the Confidentiality Order, D.E. 303, and schedule oral argument on the issues raised therein.

Pursuant to Local Rule 37.2, Dominion certifies it has met and conferred with Reynolds and Reynolds Company's ("Reynolds") counsel in a good faith attempt to resolve the dispute presented by this motion. On August 24, 2018, Dominion's counsel contacted Reynolds' counsel and asked whether they objected to Dominion's request for leave to file a reply in support of its motion to modify the confidentiality order and request for oral argument. Ex. 1. Dominion also offered to add a sentence to its proposed modification to address one of the concerns Reynolds raised in its papers. *Id.*

Reynolds' counsel replied on August 27, 2018, stating it, and CDK, ("Defendants") opposed Dominion's request and newly proposed language, in part, because "no belated addition" can render the proposal acceptable. Ex. 2. Reynolds did not respond to Dominion's request for a hearing. *See id.* As a result, the parties could not come to an agreement.

1. On July 23, 2018, Reynolds filed a Motion to Compel Production of Documents Pursuant to Subpoena against Dominion. D.E. 280.

2. On August 6, 2018, Dominion filed an opposition to that motion and a motion to modify the confidentiality order, D.E. 303, and accompanying Memorandum ("Mem."), D.E. 305. Therein, Dominion requested the Court add the following language to the confidentiality order (Mem., p. 15):

> No Receiving Party with access to Confidential Information or Items of Dominion Enterprises, Inc., its affiliates, and subsidiaries ("Dominion") shall provide advice, legal or otherwise, regarding business relationships with or business conduct affecting Dominion until one year after the conclusion of this Action. This prohibition does not extend to general advice, legal or otherwise, that the Receiving Party has concluded affects Dominion no differently than its competitors after undertaking reasonable due diligence to investigate the potential effect.

3. This Court issued an order on August 8, 2018, stating, "[i]f Dominion believes a reply brief in support of its Motion to Modify Confidentiality Order [303] is necessary, it should seek leave to file a reply." D.E. 325.

4. On August 23, 2018, Reynolds filed it response to Dominion's motion to modify the confidentiality order. D.E. 343 ("Opp."). Therein, Reynolds: (1) misstated the scope of Dominion's proposed modification, (2) ignored Dominion's evidence of harm from disclosure or misuse of Dominion's highly confidential materials, (3) raised new arguments for the first time, and (4) continued to make misrepresentations to this Court. As a result, Dominion requests leave to file a reply brief in support of its Motion to Modify the Confidentiality Order.

5. **Reynolds misunderstood the scope of Dominion's proposed modification.** Reynolds either misunderstood Dominion's proposed modification or purposely tried to broaden the modification beyond Dominion's limited and discrete intent. It argues, "the modification Dominion now seeks would preclude [it] from advising [its] clients on any and all aspects of the

lawsuit relating to Dominion." Opp., ¶ 5. But, Dominion does not seek to restrict Reynolds and CDK's ability to advise their clients regarding this litigation.[1]

6. Nor does Dominion seek to restrict Defendants' trial counsel from reviewing its highly confidential materials, as Reynolds wrongly suggests. Opp, p. 2, ¶ 20 ("Dominion has not cited any case that precludes outside retained law firm trial counsel from the ability to review materials designated under a Protective Order; "[n]one of Dominion's cited cases, however, preclude outside retained law firm trial counsel from access to information produced by a party or witness."[2]). Reynolds does not, or does not want to, understand the relief Dominion seeks. But in light of Defendants' apparent confusion (or purposeful misdirection), if the Court permits Dominion to file a reply, it will propose a further clarification to make the scope and language of the proposed modification even more precise.[3]

7. **Reynolds improperly ignored Dominion's evidence of harm.** Reynolds does not appear to dispute that Defendants can put Dominion out of business. Nor do they appear to dispute that the potential harm to Dominion is as great, or greater, than in any of the cases Dominion cited in support of its proposed modification. Rather, Reynolds' primary argument appears to be that

---

[1] Notably, plaintiffs' lawyers must have understood that the proposed modification would not restrict them from advising their clients in the underlying litigation or they certainly would have objected to Dominion's proposed modification. *See* Ex. 3 (no objection from the attorney representing the potential vendor class); *see also* Mem., *Exhibits 7-8* (no objection from attorneys representing the plaintiffs). Further, Reynolds' rejection of Dominion's offer to make even more explicit that the modification does not cover advice regarding the underlying litigation, *see* Ex. 2, suggests that Reynolds is actually well aware of the limited scope of the modification despite its assertion of the opposite in its brief. *See* Opp., ¶ 5.

[2] If Reynolds is arguing that Dominion has not presented case law in which restrictions are placed on outside counsel, it is incorrect, as we hope to explain if permitted. Moreover, *and more importantly*, courts have strongly cautioned against making arbitrary distinctions between inside and outside counsel when determining whether a risk of inadvertent disclosure or misuse exists. Mem., p. 12. Dominion will explain why that principle is critical here if afforded the opportunity to do so.

[3] Reynolds seems to have other misapprehensions about the proposed modification, which Dominion will address if it is allowed to reply.

Dominion has not provided "actual evidence" that the harm may occur as a result of disclosure or misuse by Reynolds' trial counsel. Opp., ¶¶ 4, 7-10, 14.

8. If Dominion is permitted a reply, it will not only show that it has submitted such evidence, but also explain how the court should weigh this evidence in light of the fact that Dominion is a non-party in this dispute, thereby establishing good cause to modify the confidentiality order. Dominion will further show that Reynolds improperly suggested that Dominion was only "technical[ly]" a non-party in order to sidestep this critical issue. *See* Opp., ¶ 5.

9. Likewise, Dominion will show that Reynolds did not respond to Dominion's lead argument: that harm to Dominion is foreseeable because Reynolds' counsel cannot perform the "mental gymnastic[s]" necessary to adhere to the confidentiality order and provide legal advice regarding Dominion without using Dominion's confidential information. Mem., pp. 6-9. Dominion will show Reynolds provided no explanation as to how its trial lawyers can perform impossible "feat[s] beyond the compass of ordinary minds." *Id.*, p. 7. And, further, it will explain that Dominion's hypotheticals, which Reynolds cursorily dismissed (Opp., ¶¶ 9-10), are an entirely proper means of demonstrating the risk of harm, particularly when the purpose of a confidentiality order is to prevent harm that has not yet occurred, not to remedy harm after the fact.

10. Reynolds further discounts the harm to Dominion by glossing over the role of Aundrea Gulley, Reynolds' trial counsel, who advises Reynolds on business decisions regarding Dominion. Mem., pp. 3, 12. Reynolds argues that Ms. Gulley's attempt to drive Dominion out of the integration ***business***, *see id.*, is not a "business communication" or "business negotiation," but rather a legal demand. Opp., ¶ 12. In its reply, if permitted, Dominion will explain why Ms. Gulley's demand letter, Mem., *Exhibit 2*, involved business decision-making, or if it did not, it

should not matter because there is a substantial risk Ms. Gulley will misuse or disclose Dominion's confidential information in an attempt to drive Dominion from the market. Dominion hopes to explain the weight the Court should give these facts, especially because Reynolds submitted no evidence of its own regarding Ms. Gulley's business role at Reynolds.

11. **Reynolds raises several new issues.** For example, Reynolds asserts that Dominion's proposed modification is "tantamount to disqualification" of Reynolds' counsel. Opp., ¶ 21. But, Dominion hopes to demonstrate that its proposed modification only seeks additional protection, warranted by its posture as a non-party competitor in a precarious business relationship with Reynolds, not to disqualify Reynolds' trial counsel.

12. **Reynolds continues its misrepresentations.** In its opening brief, Dominion made clear it did not testify that the "conspiracy between CDK and Reynolds . . . caused price increases for Dominion's integration fee" or testify about the alleged conspiracy at all. Mem., p. 10; Mem., *Exhibit 1*, ¶ 5. If permitted, Dominion plans to show Reynolds continues to misrepresent this testimony.[4]

13. In light of Reynolds' miscomprehension of the relief Dominion seeks, and in light of the substantial risk of harm Dominion faces, Dominion respectfully asks the Court to schedule a hearing on Dominion's Motion to Modify the Confidentiality Order, D.E. 303, as soon as the Court's schedule permits.

WHERFORE, for the reasons stated above, non-party Dominion requests it be permitted to file a reply in support of its Motion to Modify the Protective Order pursuant to the Court's order to be due two weeks after the issuance of the Court's order and for the Court to schedule oral argument on the dispute described therein in accordance with the Court's schedule.

---

[4] Dominion will also demonstrate, given the opportunity, that contrary to Reynolds' representations, Dominion never accused Reynolds of a criminal violation of the antitrust law.

- 6 -

Dated: August 28, 2018                    Respectfully submitted,

/s/ *Jeff Norberg*
Jeff Norberg, Ill. Bar No. 6315012
Neal & McDevitt, LLC
1776 Ash Street
Northfield, Il 60093
(847) 441-9100
jnorberg@nealmcdevitt.com

Marc Schildkraut
Deepti Bansal
Cooley LLP
1299 Pennsylvania Ave, NW,
Suite 700
Washington, DC 20004
(202) 728-7000
(202) 728-7027
mschildkraut@cooley.com
dbansal@cooley.com

*Counsel for Non-Party Respondent Dominion Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

  I, Jeff Norberg, an attorney, hereby certify that on August 28, 2018, I caused true and correct copies of the foregoing Non-Party Respondent Dominion Enterprises, Inc. Motion for Leave to File a Reply in Support of its Motion to Modify the Confidentiality Order and Request for Oral Argument to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


             By: /s/ *Jeff Norberg*
                Jeff Norberg, Ill. Bar No. 631
                Neal & McDevitt, LLC
                1776 Ash Street
                Northfield, IL 60093
                (847) 441-9100
                jnorberg@nealmcdevitt.com

                *Counsel for Non-Party Respondent*
                *Dominion Enterprises, Inc.*