IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION ) ) ) ) *THIS DOCUMENT APPLIES TO:* ) ) ALL CASES ) ) | MDL No. 2817 Case No. 1:18-CV-00864 Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

## THE REYNOLDS AND REYNOLDS COMPANY'S OPPOSITION TO DOMINION'S MOTION FOR LEAVE TO FILE A REPLY

1. The Reynolds and Reynolds Company ("Reynolds") respectfully opposes Dominion's request to file a second brief (essentially a sur-reply) in connection with the two closely related discovery motions that have been briefed as a single issue. The same cases and issues of fact control both results: Reynolds' motion to compel Dominion to produce documents and Dominion's motion to modify the protective order. The parties have extensively discussed all of these cases and Dominion was able to and did respond to Reynolds' arguments.

2. Indeed, this dispute has been ongoing for eight months and generated over twenty meet and confer communications. Dominion had an ample opportunity to frame its legal positions and attempt to support them with facts and case law.

3. Now, Dominion seeks an additional two weeks – beginning from the Court's ruling – to present yet more argument. What is clear from Dominion's request is a desire to reargue matters already fully briefed and to present new material that is not proper in reply. *See Pfizer Inc. v. Apotex Inc.*, 744 F.Supp.2d 758, 768 (N.D. Ill. 2010) ("Insofar as Pfizer is raising relevance as a factor to be balanced against Apotex's gain, the time for such an argument has now passed. . . . It cannot reargue the relevance issue at this point under the guise of

confidentiality"); *see e.g., Shefts v. Petrakis*, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011) ("the Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, or to rehash the arguments made in the motion").

4. As reflected in Exhibit 1 to Dominion's Motion for Leave to File a Reply, Dominion wishes to present yet a third variation of its proposed modification to the Agreed Confidentiality Order. The first was presented in the meet and confer process, the second in its opposition memorandum. While all of them are unsupported in fact or law, presenting a new version as an excuse for more briefing is not proper under any applicable rule or law.

5. Dominion's repeated claims that it somehow needs to address "misunderstandings" (*see* Mot. for Leave at ¶ 5) are similarly misplaced. The Court already has ample information to assess (and reject) those assertions by looking at the record. To the extent that Dominion has repeatedly argued that Reynolds is mistaken or misapprehends Dominion's position, the Court already has the information needed to rule.

6. Dominion also made clear that it wishes to continue its campaign of accusing Reynolds of misrepresentations, falsely characterizing Reynolds' outside counsel's role, and otherwise casting inappropriate personal aspirations on counsel. Again, Reynolds has already addressed these tactics and provided the relevant facts, all of which are available for the Court's review.

7. Enough is enough. This MDL proceeding is already complicated for the Court and the parties. If relatively straightforward discovery issues such as this one are litigated for months, resolution of the cases will be delayed for reasons unconnected to the merits.

8. Reynolds, for its part, is willing to submit the motions on the papers based on the current record. A hearing would be needed only if Dominion is permitted to submit a further reply brief that it intends to spend two more weeks to prepare. While Dominion is silent with respect to providing an additional declaration and exhibits, those kinds of materials are especially objectionable.

## Conclusion

9. Reynolds respectfully requests that Dominion's request for additional briefing be denied and Reynolds' motion to compel be granted with Dominion's documents to be produced not later than three business days from the Court's Order.

Dated: August 28, 2018 Respectfully submitted,

*/s/ Michael P.A. Cohen*
Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

Dylan I. Ballard
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
dballard@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

## CERTIFICATE OF SERVICE

I, Leo D. Caseria, an attorney, hereby certify that on August 28, 2018, I caused a true and correct copy of the foregoing **THE REYNOLDS AND REYNOLDS COMPANY'S OPPOSITION TO DOMINION'S MOTION FOR LEAVE TO FILE A REPLY** and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

> */s/ Leo D. Caseria*_____
> LEO D. CASERIA
> SHEPPARD MULLIN RICHTER &
> HAMPTON, LLP
> 333 S. Hope St., 43rd Floor
> Los Angeles, CA 90071
> (213) 617-4206
> lcaseria@sheppardmullin.com

SMRH:227922223.1