# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 18-cv-00864 |
| **This Document Relates To:** | Hon. Robert M. Dow, Jr. |
| **THE DEALERSHIP CLASS ACTION** | Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL DISCLOSURE OF CDK'S CLAWBACK DOCUMENTS AND 1,807 DOCUMENTS PREVIOUSLY DISCLOSED TO THE FTC AND REQUEST FOR ORAL ARGUMENT**

CDK has waived privilege over roughly 2,400 documents it voluntarily produced to the FTC and CDK's opposition brief ("Opp.") does nothing to change that conclusion.

## I. CDK HAS FAILED TO ESTABLISH THAT THE DOCUMENTS AT ISSUE ARE PRIVILEGED

Courts in this District analyze Federal Rule of Evidence 502(b) through a two-step process:

> First, a court determines whether the disclosed material is privileged. If it is not, the inquiry ends. If the material is privileged, the court applies FRE 502(b). If the court concludes that disclosing party satisfied all of the elements in FRE 502(b), the privilege is not waived. If, however, the disclosing party fails to satisfy *any* of the FRE 502 elements, the privilege is waived.

*Heriot v. Byrne*, 257 F.R.D. 645, 655 (N.D. Ill. 2009) (emphasis added). *See Sidney I. v. Focused Retail Prop. I, LLC*, 274 F.R.D. 212, 215 (N.D. Ill. 2011) ("When deciding whether a disclosure has waived the attorney-client privilege, a court must first determine whether the disclosed documents are privileged and then apply the elements of Rule 502(b) to determine whether the disclosure waives the privilege.").

Here, the Court need not even consider whether CDK has met the requirements of Rule 502(b), because CDK has failed to establish that the documents at issue are, in fact, privileged. The Court should not merely accept assertions of privilege by CDK; it should test any such assertions before deciding whether clawback is proper. Accordingly, before undertaking any Rule 502(b) analysis, the Court should review the roughly 2,400 documents (or a sampling of those documents) *in camera*, to determine if each is privileged. *See* Minute Entry, *Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486 (N.D. Ill. May 24, 2017) Dkt. 122, attached as Ex. A.[1]

---

[1] Although the agreed confidentiality order in this case forbade Plaintiffs from referencing the CDK claw back documents except to the extent necessary to contest privilege claims, it does not similarly hinder the right of Plaintiffs to petition the court for an *in camera* review of the contested documents. *See* Dkt. 104, ¶¶ 13(c) and (f). In addition, CDK has not produced roughly 2,200 of the 2,400 documents to Dealership Plaintiffs who therefore cannot determine the accuracy of CDK's privilege assertions.

## II. ASSUMING RULE 502(b) APPLIES, CDK HAS FAILED TO PROVE THAT THE DISCLOSURE OF PRIVILEGED MATERIAL TO THE FTC WAS INADVERTENT.

CDK fails to meet its burden of compliance with Rule 502(b), because it has not established that the purportedly privileged material was disclosed to the FTC inadvertently. "The party claiming inadvertent disclosure has the burden of proving that the disclosure was truly inadvertent." *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 116 (N.D. Ill. 1996). Courts analyze the first prong of Rule 502(b) using an intent-based test "essentially asking . . . whether the production was a mistake." *Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1038 (N.D. Ill. 2009); *see Novak v. State Parkway Condo. Ass'n*, No. 13-cv-8861, 2017 WL 1086767, at *4 (N.D. Ill. Mar. 20, 2017) (stack of unredacted material produced instead of redacted material stack was a clear mistake). CDK has not met this burden.

First, CDK unsuccessfully attempts to overcome its burden by including a declaration describing the original review process. *See Harmony Gold,* 169 F.R.D. at 116 ("self-serving declarations that their disclosures were inadvertent are insufficient," on their own, to demonstrate inadvertence). CDK blurts out conclusory claims that the documents at issue were produced inadvertently. *See Schofield v. U.S. Steel Corp.*, No. 04-cv-520, 2005 WL 3159165, at *7 (N.D. Ill. Nov. 28, 2005) (conclusory statements like "[t]here were plenty of opportunities for involuntary disclosure situations" do not prove inadvertency). Surely, CDK cannot meet its burden by simply asserting that the documents were "inadvertently" turned over the FTC. *See* DePizzo Decl. at ¶¶ 17, 19-21. "Otherwise, Rule 502 would become a nullity." *Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486, 2017 WL 2834535, at *7 (N.D. Ill. June 30, 2017). Moreover, the declaration lacks the explicit statement that CDK's FTC counsel mistakenly produced privileged material. *See Walker v. White*, No. 16-cv-7024, 2018 WL 2193255, at *3 (N.D. Ill. May 14, 2018) ("[w]ithout an affidavit or other evidence of the *attorneys' **intention***" the court

could not conclude the disclosure was a mistake) (emphasis added). CDK has not carried its burden to show that the disclosure to the FTC was a mistake.[2]

Second, the production of privileged material to the FTC was not a mistake because CDK had in place a rigorous pre-production review process conducted by not one, but two leading law firms. *See* DePizzo Decl. at ¶¶ 8-12. It is simply implausible that after such a review, over 2,400 documents still fell through the cracks, and courts have not accepted this inconsistent idea. *See In re Consol. Litig. Concern. Int'l Harvester's Disp. of Wis. Steel*, 666 F. Supp. 1148, 1154 (N.D. Ill. 1987) (conduct could not "be characterized as inadvertent" because party had "screened files for privileged matter earlier in th[e] litigation, so it must have known that they contained attorney-client communications."); *Int'l. Ins. Co. v. Certain Underwriters at Llyod's London*, No. 88-cv-9838, 1992 WL 314199, at *1 (N.D. Ill. Oct. 26, 1992) (defendants reviewed documents for privilege, and decided to label some as privileged while deciding not to label others. Thus, Defendants failed to prove that their omission of privilege designations on the latter documents "was the result of inadvertence[.]"); *In re Brand Name Prescr. Drugs*, No. 94-cv-897, 1995 WL 683777, at *3 (N.D. Ill. Nov. 16, 1995) (the disclosure of privileged material is not "accidental" where there is a "conscious decision" behind each designation). CDK admits that the production of privileged material to the FTC was **not** a mistake. Opp. at 12 ("It is true that some of CDK's document reviewers did not apply privilege designations uniformly to a handful of documents – *e.g.*, cover emails and email attachments.").

---

[2] As such, the disclosure of privileged material by CDK to the FTC was voluntary, *see Schofield,* 2005 WL 3159165, at *7, and a voluntary disclosure of privileged material to the government operates as a waiver of privilege. *See* Dkt. No. 294 at 10-12 (citing "selective waiver" cases). CDK attempts to distinguish some of these cases by stating that "[t]his production in no way 'advantage[d]' CDK in the FTC joint conduct investigation." *See* Opp. at 10. This is a claim without any citation and one CDK cannot make. The FTC's joint conduct investigation is ongoing, and indeed may find that the documents CDK chose to turn over to the FTC do aid its attempt to secure lenient treatment.

3

Third, the sheer volume of "inadvertently" disclosed material weighs in favor of finding that this was not a mistake. CDK argues that at least 2,400 documents should not have been produced to the FTC at all, or should have been redacted before production. Opp. at 2, n.3. Courts have routinely found that Rule 502(b)(1) is only satisfied where the number of documents "inadvertently" disclosed is far less than what was produced here by CDK. *See Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 406 (7th Cir. 2018) (one privileged document among the entire production "indicates an unfortunate but inadvertent mistake[.]"); *Coburn*, 640 F. Supp. 2d at 1038 (one half-page privileged email, produced among 40,000 pages of documents, was likely inadvertently produced). CDK attempts to downplay the disclosure of 2,400 documents as something minor by stating that it is only 0.3% of the entire production. Opp. at 12. This argument ignores the fact that CDK had in place the review process outlined above and yet, over 2,400 documents were still "inadvertently" produced to the FTC.

Finally, the absence of a privilege log speaks to CDK's intent when it produced privileged documents to the FTC. Despite the FTC's persistent requests, CDK has apparently refused to produce full and complete privilege logs to the FTC.[3] The disclosure of privileged material without a corresponding privilege log is evidence that the disclosure was not inadvertent. *Wunderlich-Malec Sys., Inc., v. Eisenmann Corp.*, No. 05-cv-04343, 2006 WL 3370700, at *4 (N.D. Ill. Nov. 17, 2006) ("[T]he presence of a privilege log prior to disclosure that contains all the privileged documents at issue would be significant evidence that the disclosure was inadvertent."). Here, at the very least CDK has yet to provide a complete

---

[3] Although in its July 27, 2018 letter to Dealership Plaintiffs, CDK hints that it may have produced logs to the FTC and will not be giving them to Dealership Plaintiffs, *see* Dkt. 294, Ex. 11 at 3, CDK's correspondence directly with the FTC tells a wholly different story. *See* Dkt. 294, Ex. 11-A ████████████████████████████████████████████████████████

privilege log to the FTC of the material it began clawing back in December 2017. *See* DePizzo Decl. at ¶¶ 17-18. This indicates that CDK's FTC counsel had no intention of withholding this material on the basis of privilege.[4]

CDK's reliance on *Viamedia* fares no better. Opp. at 10 n.6. The declaration submitted in *Viamedia* differs from CDK's in two important ways. *See* Declaration of Thomas E. Reilly, Jr., ("Viamedia Decl."), *Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486 (N.D. Ill. May 24, 2017) Dkt. 117-1, attached as Ex. B. First, the Viamedia declaration indicates exactly *how* it discovered that privileged material was inadvertently produced to the DOJ. Viamedia Decl. at ¶ 26. By contrast, CDK's declaration is entirely silent on this issue, stating only that CDK's FTC counsel "identified" that privileged material was inadvertently produced to the FTC. DePizzo Decl. at ¶ 17. Second, Viamedia's declaration made very clear that it provided the DOJ with privilege logs at the time of the initial production and, again, when it became aware that privileged material had been "inadvertently" produced. Viamedia Decl. at ¶¶ 24, 35. The court took this into account in its analysis. *See Viamedia,* 2017 WL 2834535, at *4-5. By contrast, CDK's declaration is silent on privilege logs, and for good reason, because despite the FTC's requests, CDK has not produced complete privilege logs to the FTC. Also, in *Viamedia*, the court reached its conclusion only after an *in camera* review of the contested documents. *Id.* Here, if *in camera* review shows that the documents are obviously privileged, the claim that they were "inadvertently missed" by CDK during its initial privilege review would be highly questionable. *See Kilopass Tech. Inc. v. Sidense Corp.*, No. 10-cv-2066, 2012 WL 1534065, at *3 (N.D. Cal. May 1, 2012) (finding waiver because, *inter alia*, the "obviously privileged nature of many of the documents[.]")

---

[4] Additionally, CDK argues that Dealership Plaintiffs challenge to 474 documents produced to them as slip-sheets is premature because the parties to this MDL action have not produced privilege logs. Opp. at 21. Dealership Plaintiffs reserve their rights to challenge these documents *on the basis of improper privilege designations* when CDK produces its privilege log(s). *See* Dkt. No. 166 at 2.

## CONCLUSION

Taken together: (1) the inadequate declaration, (2) the volume of material disclosed, (3) the pre-production review process in place, and (4) the ongoing failure to produce complete privilege logs, all undermine CDK's claims that the material produced to the FTC was produced inadvertently.

For all these reasons, CDK should be: (1) required to produce to the Court the 2,439 documents for an *in camera* inspection; (2) deemed to have waived any potential privilege over the 2,439 documents it produced to the FTC; and (3) compelled to produce the 2,439 documents at issue to Dealership Plaintiffs. Dealership Plaintiffs further request that this Court hear oral argument on this issue.

Dated: August 29, 2018

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
*Dealership Interim Lead Class Counsel*
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

Leonard A. Bellavia (pro hac vice)
*Plaintiffs' Steering Committee*
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

Daniel C. Hedlund
*Plaintiffs' Steering Committee*
Michelle J. Looby (pro hac vice)
*Plaintiffs' Steering Committee*
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

<table>
<tr><td>

Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

</td></tr>
</table>

| | |
|---|---|
| James E. Barz<br>*Plaintiffs' Steering Committee*<br>Frank Richter<br>*Plaintiffs' Steering Committee*<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>200 South Wacker Drive, 31st Floor<br>Chicago, IL 60606<br>Tel: (312) 674-4674<br>Fax: (312) 674-4676<br>jbarz@rgrdlaw.com<br>frichter@rgrdlaw.com<br><br>David W. Mitchell (pro hac vice)<br>Alexandra S. Bernay<br>Carmen A. Medici<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Tel: (619) 231-1058<br>Fax (619) 231-7423<br>davidm@rgrdlaw.com<br>xanb@rgrdlaw.com<br>cmedici@rgrdlaw.com | Robert A. Clifford<br>*Liaison Counsel*<br>Shannon M. McNulty<br>Kristofer S. Riddle<br>**CLIFFORD LAW OFFICES, P.C.**<br>120 N. LaSalle Street, 31 Floor<br>Chicago, Illinois 60602<br>Tel: (312) 899-9090<br>Fax: (312) 251-1160<br>RAC4cliffordlaw.com<br>SN4M@cliffordlaw.com<br>KSR@cliffordlaw.com |

## CERTIFICATE OF SERVICE

I, Peggy J. Wedgworth, an attorney, hereby certify that on August 29, 2018, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL DISCLOSURE OF CDK'S CLAWBACK DOCUMENTS AND 1,807 DOCUMENTS PREVIOUSLY DISCLOSED TO THE FTC**, to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>
> */s/ Peggy J. Wedgworth*
> Peggy J. Wedgworth
> **MILBERG TADLER PHILLIPS GROSSMAN LLP**
> One Pennsylvania Plaza, 19th Floor
> New York, NY 10119
> (212) 594-5300
> pwedgworth@milberg.com