# EXHIBIT 1

# RE: DMS MDL -- CDK review of custodians and search terms re Dealership Custodians

Provance, Matthew D. <MProvance@mayerbrown.com>

Tue 8/7/2018 2:47 AM

To: Miller, Britt M. <BMiller@mayerbrown.com>; Wedgworth, Peggy <pwedgworth@milberg.com>;

Cc: Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>;

Peggy –

To the extent that the Dealership Plaintiffs are now planning to test any of CDK's proposed ESI search terms as stated in your email below, please note we did not move to compel on Search Nos. 17, 59, 105, 119, and 121. In addition, did not move to compel each Dealer whose ESI is being searched to run the term in Search No. 135 that refers to their own name (*i.e.,* we are not going to move to compel Waconia Dodge to run the term "Waconia" within Search No. 135).

Regards,
Matt

_____

**Matt Provance**
Mayer Brown LLP
mprovance@mayerbrown.com
Tel: 312 701 8598
Fax: 312 706 9397

---

**From:** Miller, Britt M.
**Sent:** Monday, August 06, 2018 3:35 PM
**To:** Wedgworth, Peggy
**Cc:** Nemelka, Michael N.; SERVICE-EXTERNAL-DMS-MDL
**Subject:** RE: DMS MDL -- CDK review of custodians and search terms re Dealership Custodians

Peggy –

Thanks. As I explained when we spoke, we don't think it is efficient or in keeping with the Court's orders and rules for the parties' to submit their motions to compel piecemeal—some motions today on some issues, some motions on Wednesday on other (but nonetheless related) issues. Moreover, although we appreciate the offer of additional information with respect to hit rates, we do not believe that we will be able to make an informed decision as to search terms on the basis of the data of one (perhaps two) dealerships. That said, as I made clear when we spoke, CDK remains willing to continue to meet-and-confer in good faith on any of the issues to be raised in the parties' motions to compel and if the parties are able to reach agreement, promptly inform the Court of the resolution.

Regards – Britt

---

**Britt M. Miller**
**MAYER BROWN LLP**
**71 South Wacker Drive**

Chicago, Illinois 60606-4637
Direct Dial: (312) 701-8663
Direct Fax: (312) 706-8763
e-mail: bmiller@mayerbrown.com

---

**From:** Wedgworth, Peggy [mailto:pwedgworth@milberg.com]
**Sent:** Monday, August 06, 2018 2:20 PM
**To:** Miller, Britt M.
**Cc:** Nemelka, Michael N.; SERVICE-EXTERNAL-DMS-MDL
**Subject:** Re: DMS MDL -- CDK review of custodians and search terms re Dealership Custodians

Britt
As I offered on the phone today, Dealership plaintiff's offered to give you hit results regarding a dealership as a sample (with possible one other) tomorrow and postpone your motion to Wednesday in order for us to negotiate a global solution regarding dealership custodians' search terms. This offer remains open.
Regards
Peggy

Sent from my iPhone

On Jul 31, 2018, at 7:09 PM, Miller, Britt M. <BMiller@mayerbrown.com> wrote:

> Mike –
>
> Please see the attached correspondence and the promised hit reports.
>
> Regards – Britt
>
> ---
>
> **Britt M. Miller**
> **MAYER BROWN LLP**
> **71 South Wacker Drive**
> **Chicago, Illinois 60606-4637**
> **Direct Dial: (312) 701-8663**
> **Direct Fax: (312) 706-8763**
> **e-mail:** bmiller@mayerbrown.com
>
> ---
>
> **From:** Nemelka, Michael N. [mailto:mnemelka@kellogghansen.com]
> **Sent:** Tuesday, July 31, 2018 2:52 PM
> **To:** Miller, Britt M.
> **Cc:** SERVICE-EXTERNAL-DMS-MDL
> **Subject:** Re: DMS MDL -- CDK review of custodians and search terms
>
>> Britt –
>>
>> Thank you for this information. We need to know CDK's position on whether the agreed-to search terms will be used for the agreed-to custodians. The entire formulation and negotiation of new search terms, negotiation of additional custodians, and the conduct of discovery has been premised on the fact that the original search terms would be used for all custodians. If CDK is truly changing its position on that at this hour, we will need to seek the emergency relief described below.

Thanks,
Mike

On Jul 30, 2018, at 10:13 PM, Miller, Britt M. <BMiller@mayerbrown.com> wrote:

Mike -

Given the hour, I was not able to get a full download of the meet-and-confer that occurred earlier tonight (which I understand you did not participate in either). From what I have been able to discern, your statement that CDK is "refusing to run the search terms that CDK previously agreed to across any of the additional custodian that CDK agreed to" is incorrect.

Rather, I understand that Ethan and Jessica reported on the very high hit rates that we were informed of late last week resulting from running both the Authenticom search terms on the new proposed custodians and the new "All Plaintiff" search terms against the all of the proposed CDK custodians. I am told that we then suggested a proposal to try to address the burden issues raised by those hit counts. I further understand that in response, plaintiffs requested the hit counts for the search terms — a request that Ethan said CDK would consider.

I can commit that CDK will produce those hit rate numbers tomorrow. I will follow-up with the team in the morning and respond to the balance of your email shortly thereafter.

- Britt

Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 701-8663 -- Direct Dial
(312) 706-8763 -- Direct Facsimile
bmiller@mayerbrown.com
www.mayerbrown.com

Sent from my iPad

On Jul 30, 2018, at 9:54 PM, Miller, Britt M. <BMiller@mayerbrown.com> wrote:

> Mike -
>
> I just landed in Chicago and received your email of earlier this evening. Before I can meaningfully respond I need to talk to Ethan and the other members of my team to discuss the meet-and-confer and the issues you raised (as I obviously was not on the call). I will do so as soon as possible and revert back.
>
> - Britt
>
> Britt M. Miller
> MAYER BROWN LLP
> 71 South Wacker Drive
> Chicago, IL 60606
> (312) 701-8663 -- Direct Dial
> (312) 706-8763 -- Direct Facsimile
> bmiller@mayerbrown.com

www.mayerbrown.com

Sent from my iPad

On Jul 30, 2018, at 6:41 PM, Nemelka, Michael N. <mnemelka@kellogghansen.com> wrote:

> Britt,
>
> On the meet and confer that just ended regarding MDL Plaintiffs' search terms of Defendants' ESI, your colleague Ethan Hastert informed us – for the first time – that apparently CDK is refusing to run the search terms that CDK previously agreed to across any of the additional custodians that CDK has agreed to. Is that true? That is contrary to all of your prior representations regarding search terms and custodians. It is also contrary to a fundamental premise – perhaps the fundamental premise – of the entire negotiation of custodians and search terms, namely, that all agreed search terms would be run across all agreed upon custodians. This is especially important in light of CDK's RFP responses, which largely agree to produce documents based on custodians and search terms. Finally, the new custodians are absolutely critical to this case, and we negotiated away many of our requested and desired custodians based on your representations (and all parties' understanding) that the new custodians would be treated the same as the previously agreed-to custodians. For example, Josh Douglas, Trey Gerlich, Brian MacDonald, Scott Herbers, and the other new custodians are marquee custodians. They will be witnesses at the various trials in this MDL. And they are going to have a plethora of relevant documents.
>
> CDK finds itself as a defendant in this industry-wide MDL where all levels have sued CDK, from vendors to dealers to competitors. Given our many concessions, there can be no doubt that any burden argument CDK may attempt to assert is meritless in light of its central role in these cases. And Reynolds, of note, is not taking the same position as CDK, even though Reynolds is not a defendant in the vendor class and the Cox Automotive lawsuits. CDK is a defendant in every case.
>
> Please let us know tonight if CDK is in fact taking the position articulated on today's meet and confer. If it is, we consider it in the utmost bad faith and will file an emergency motion with the Court not only to compel but seeking appropriate sanctions.
>
> Thanks,
> Mike, Derek, and Peggy
>
>
> Michael N. Nemelka
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M. St. N.W., Suite 400
> Washington, DC 20036
> Direct: (202) 326-7932
> mnemelka@kellogghansen.com

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Information about how we handle personal information is available in our [Privacy Notice](#).

<7-31-18 Letter to M Nemelka.pdf>