IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br><br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Dealership Class Plaintiffs respectfully submit this motion ("Motion") for leave to submit supplemental authority in support of Dealership Class Plaintiffs' Omnibus Memorandum of Law in Opposition to (1) Defendants' Motions to Compel Arbitration and Stay Claims; and (2) Motions to Dismiss the Consolidated Class Action Complaint (Dkt. 358). The grounds for the Motion are as follows:

1. On September 6, 2018, the Seventh Circuit Court of Appeals issued a decision in *Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, No. 17-2910, 2018 WL 4224426. In that case, the plaintiffs, indirect purchasers of end-user consumer products containing steel (including clothes washers, automobiles, barbeque grills, air conditioners, and snow blowers), filed an amended complaint asserting state law claims based on an alleged antitrust conspiracy among steel manufacturers to increase steel prices. *See id*. at *3.

2. Ruling that the plaintiffs' injuries, as alleged in the amended complaint, were "too remote" to support the state law claims, the Seventh Circuit explained:

> The amended complaint . . . alleges that plaintiffs purchased steel only insofar as it was one among *many components of other more complex products, all of which have gone through numerous manufacturing alterations and lines of distribution*. In many of these products, *steel is not even a primary or necessary ingredient*. We cannot imagine -- and plaintiffs have not told us -- how one might tackle the task of tracing the effect of an alleged overcharge on steel through the complex supply and production chains that gave rise to the consumer products at issue here. The district court thus appropriately ruled that the claims asserted here were too remote to support a claim under the different state laws plaintiffs invoked.

*Id*. at *7 (emphasis supplied).

3. Importantly, the Court distinguished the amended complaint from the original complaint that, like the complaint here, asserted state law claims on behalf of indirect purchasers whose injuries are "fairly traceable" to the defendants:

> *[M]any if not all Illinois-Brick repealer states would have allowed Supreme Auto's original complaint to go forward.* That first complaint alleged injury based on the purchase of steel rods and similar items from distributors who, in turn, had purchased those same items from the defendants. The original complaint involves an indirect purchase (and so would be barred by *Illinois Brick* at the federal level) where *the alleged injury is still fairly traceable to the defendant steel manufacturers*.

*Id*. at *6 (emphasis supplied). *See id.* ("There are many suits that satisfy ordinary principles of proximate cause but nevertheless would be barred under the federal law by *Illinois Brick*'s direct-purchaser requirement."); *see generally id*. (explaining that *Associated Gen. Contractors of Cal. Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983), provides "test for determining whether the requirements of proximate causation are satisfied in an antitrust case").

4. In light of Dealership Class Plaintiffs' allegations that Defendants artificially increased DIS prices that vendors directly passed onto dealers, *see* Compl. ¶¶ 134-145, those passed-on price increases are "fairly traceable" to Defendants; accordingly, *Supreme Auto Transport* provides further support for denying Defendants' motions to dismiss. *See* Dkt. 358 at 80-89.

5. The Seventh Circuit also applied the canon of *ejusdem generis* to interpret the pleadings in the case. *See* 2018 WL 4224426 at *4. Its decision provides further support for Dealership Plaintiffs' argument that, under the *ejusdem generis* canon, Defendant The Reynolds and Reynolds Company's arbitration clause does not encompass claims for statutory violations. *See* Dkt. 358 at 18-19.

6. Prior to making this motion, Lead Counsel for Dealership Class Plaintiffs and counsel for Defendants conferred regarding the filing of this Motion. Counsel for Defendants have advised Lead Counsel for Dealership Class Plaintiffs that they do not oppose the filing of the Motion.

7. Dealership Class Plaintiffs are agreeable to Defendants collectively getting an additional 3 pages as part of their replies on their motions to dismiss (*i.e.*, a total of 53 pages) to address the issues raised in this Motion.

Dated: September 14, 2018

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
*Dealership Interim Lead Class Counsel*
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

Leonard A. Bellavia (pro hac vice)
*Plaintiffs' Steering Committee*
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

Daniel C. Hedlund
*Plaintiffs' Steering Committee*
Michelle J. Looby (pro hac vice)
*Plaintiffs' Steering Committee*
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

<div style="columns:2">

James E. Barz
*Plaintiffs' Steering Committee*
Frank Richter
*Plaintiffs' Steering Committee*
**ROBBINS GELLER RUDMAN
& DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN
& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Robert A. Clifford
*Liaison Counsel*
Shannon M. McNulty
Kristofer S. Riddle
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC4cliffordlaw.com
SN4M@cliffordlaw.com
KSR@cliffordlaw.com

</div>

4

### CERTIFICATE OF SERVICE

I, Peggy J. Wedgworth, an attorney, hereby certify that on September 14, 2018, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**, to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    */s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com