**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:  DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18 C 864 |
| This Document Relates to All Cases | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

**DECLARATION OF MICHAEL N. NEMELKA IN SUPPORT OF
MDL PLAINTIFFS' MOTION FOR ENTRY OF DEPOSITION PROTOCOL ORDER**

I, Michael N. Nemelka, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a partner with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. in Washington, D.C., which represents Plaintiff Authenticom, Inc. ("Authenticom"), Vendor Class Plaintiff Loop, LLC, d/b/a AutoLoop ("AutoLoop"), Plaintiffs Cox Automotive, Inc., Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., and Xtime, Inc. ("Cox Automotive"), and Plaintiff Motor Vehicle Software Corporation ("MVSC") in the above captioned case.  I respectfully submit this declaration in support of MDL Plaintiffs' Motion for Entry of Deposition Protocol Order ("Motion").

2.      The following facts are based on my personal knowledge or on information provided to me.  If called upon as a witness, I could and would testify competently to them.

3.      I have been and continue to be involved in the communications and meet and confers, pursuant to Local Rule 37.2, with Defendants CDK Global, Inc. ("CDK"), The Reynolds and Reynolds Company ("Reynolds"), and Computerized Vehicle Registration ("CVR") (collectively, "Defendants") regarding the deposition protocol in the above-captioned case.

4.      Consistent with their duties under Local Rule 37.2, the parties have met and conferred extensively over the past several weeks in an effort to resolve their disputes over the

deposition protocol for this MDL. In the past two weeks, the parties have exchanged frequent correspondence and held teleconferences in an effort to resolve their disputes. And the parties have in fact resolved many of their disputes. The disputes that remain are described in the MDL Plaintiffs' brief submitted in support of the Motion

5.      The participants on the relevant telephonic meet and confers have been primarily Peggy Wedgworth and Elizabeth McKenna on behalf of Dealership Class Plaintiffs, and Mike Nemelka and Josh Hafenbrack on behalf of the Vendor Class, Authenticom, Cox Automotive, and MVSC. On behalf of CDK, the participants on the relevant telephonic meet and confers have been primarily Matthew Provance and Mark Ryan. On behalf of Reynolds, the participants on the relevant telephonic meet and confers have been primarily Andrea Gulley and Brian Ross.

6.      On the telephonic meet and confers, the specific issues raised in the Motion have been discussed at length. Likewise, the correspondence exchanged by the parties has addressed the specific issues raised in the Motion.

7.      Listed below are relevant materials and/or information cited in Plaintiffs' brief submitted in support of the Motion.

8.      Attached as **Exhibit A** is a true and correct copy of MDL Plaintiffs' comprehensive calendar with specific dates for each deposition spread out over the four-month deposition period in the case schedule.

9.      Attached as **Exhibit B** is a true and correct copy of the Plaintiffs' Proposed Deposition Protocol Order.

10.     Attached as **Exhibit C** is a true and correct copy of correspondence between Plaintiffs and Defendants reflecting their negotiations regarding the deposition protocol.

11.     Attached as **Exhibit D** is a true and correct copy of correspondence between Plaintiffs and Defendants reflecting their negotiations regarding the deposition protocol.

12.     Attached as **Exhibit E** is a true and correct copy of Letter from M. Nemelka sent on November 21, 2017, to Defendants, attaching 23 deposition notices for CDK and Reynolds.

13.     MDL Plaintiffs have served a total of 49 third-party subpoenas to entities that are (1) former data integrators that CDK and Reynolds drove from the market; (2) dealerships; (3) vendors; (4) car manufacturers; (5) security firms that have audited Defendants' security practices; (6) DMS providers; and (7) providers of electronic vehicle registration and titling services that compete with MVSC and CVR, among other entities.

14.     Defendants have served a total of 22 third-party subpoenas.  These subpoenas are primarily to former employees of Authenticom, Authenticom's former subsidiaries, and to the dealerships and vendors that supported Authenticom at the preliminary injunction hearing by either testifying live or submitting declarations.

15.     Attached as **Exhibit F** is a true and correct copy of the Deposition Protocol Order, *In Re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637 (N.D. Ill. June 27, 2018), Dkt. 995.

16.     Attached as **Exhibit G** is a true and correct copy of the Order Regarding Deposition Protocol, *In re Fresh and Process Potatoes Antitrust Litig.*, No. 10-md-02186 (D. Idaho Oct. 22, 2013, Dkt. 485.

17.     Attached as **Exhibit H** is a true and correct copy of Discovery Order No. 3, *In Re Blue Cross Blue Shield Antitrust Litig.*, No. 13-cv-20000 (N.D. Ala. Feb. 12, 2015), Dkt. 327.

18.     On April 23, 2018, Defendants deposed for purposes of this MDL Authenticom CEO Steve Cottrell for more than five hours on a wide range of topics, including Authenticom's finances, customers, and business operations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  September 18, 2018

/s/ *Michael N. Nemelka*
Michael N. Nemelka

3