# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18 C 864 |
| This Document Relates to All Cases | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

**[PROPOSED] <u>DEPOSITION PROTOCOL ORDER</u>**

IT IS HEREBY ORDERED as follows:

This Deposition Protocol Order may be modified at any time by agreement of the parties or by order of the Court. All parties reserve all rights to seek relief from the Court from any provision for good cause.

I.       **<u>NUMBER OF DEPOSITIONS</u>**

**A.**       With respect to the number of depositions that will be permitted in this case, absent agreement or further court order:

(1)       There will be seventy-five (75) party depositions:

(a)       Plaintiffs will take up to forty-five (45) depositions of Defendants, including Rule 30(b)(6) depositions; and

(b)       Defendants will take up to twenty-five (25) depositions of Plaintiffs, including Rule 30(b)(6) depositions.

(2)       There will be thirty (30) third party depositions:

(a)       Plaintiffs will take up to eighteen (18) depositions of third parties; and

> (b)    Defendants will take up to twelve (12) depositions of third parties.
>
> (c)    Plaintiffs and/or Defendants may seek leave from the Court for additional third party depositions if necessary.

## II.    DEPOSITION PROCEDURES

**A.**    Depositions of percipient witnesses noticed by any party will be limited to seven (7) hours of direct examination consistent with Fed. R. Civ. P. 30(d)(l) with the exception of deponents Howard Gardner and Robert Schaefer, whose depositions will be limited to fourteen (14) hours of direct examination. Plaintiffs and Defendants will not notice any additional percipient witnesses for depositions lasting more than seven (7) hours.

**B.**    A witness may be deposed only once in these proceedings unless the parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a party designated under Fed. R. Civ. P. 30(b)(6). Nor will this procedure affect the rights of a party to seek a corporate representative deposition under Fed. R. Civ. P. 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other parties to object to such depositions. The parties will make a good faith effort to notice Fed. R. Civ. P. 30(b)(6) depositions at the outset of all depositions to allow parties to coordinate the timing of the depositions of a corporate representative designated under Fed. R. Civ. P. 30(b)(6) and the deposition of that individual as a fact witness.

**C.**    If any individual has been employed by more than one Plaintiff or Defendant, that individual may be deposed only once and shall not be counted twice for purposes of §§ (I)(A)-(B) above.

**D.**    Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (e.g., a third party or an employee of a Defendant with

separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

## III.    ALLOCATION OF DEPOSITION TIME

A.    As to all depositions noticed by Plaintiffs, Plaintiffs' counsel shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Counsel for any Plaintiff objecting to the allocation of examination time among Plaintiffs shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) business days before the date of the deposition.

B.    As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) business days before the date of the deposition.

C.    Absent unforeseen circumstances, the parties will not cross-notice the depositions of their own current employees or former employees who have consented to the deposition (or the employees / former employees of their respective co-plaintiffs or co-defendants). Counsel for a witness or for the party that is the witness's current or past employer, or that party's respective co-plaintiff or co-defendant, will have reasonable time to examine the witness at the conclusion of direct examination without need for a cross-notice. For the avoidance of doubt, such examination by counsel for the witness, his or her current or past employer, or its co-plaintiff / co-defendant, will not count against the seven (7) hours allotted to the side that noticed the deposition.

**D.** To the extent counsel for one of the Plaintiffs or Defendants cross-notice a third party for deposition, the noticing parties and the witness will meet and confer on the appropriate duration of the deposition, which will be split as agreed to by the parties or ordered by the Court. Absent a specific agreement among the parties or Court order, the side that noticed the third party witness (which will count against that side's allotted number of third-party depositions) shall be allotted a maximum of four (4) hours of examination; and the side that cross-noticed the third party (which will not count against that side's allotted number of third-party depositions) shall be allotted a minimum of three (3) hours of examination, provided the total amount of time does not exceed seven (7) hours. Each side shall confer before the deposition to allocate examination time among any of its side's counsel intending to participate and ask question at the deposition.

## IV.    SCHEDULING AND LOCATION OF DEPOSITIONS

**A.** Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness (including, for any former employees, counsel for that person's former employer if the former employer is a party that has identified that they will represent the former employee in the deposition) or the party that is the current employer of the witness.

**B.** Unless otherwise agreed, the deposition will occur at a location chosen by the witness. If the noticed party objects to the date of the noticed deposition, counsel for the noticed party will respond to the party issuing notice within five (5) business days and will counter-propose alternative dates on which the witness and his or her counsel will be available within fourteen (14) days of the requested date. All parties agree to respond to such counter-proposal within five (5) business days of receipt and to meet and confer in good faith consistent with the

local rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided on by the Magistrate Judge with no briefing unless so ordered.

C. A party may serve a deposition subpoena on a third party without consulting any opposing party, consistent with the notice provisions in the Federal Rules of Civil Procedure. If an opposing party informs the noticing party within five (5) business days that the opposing party intends to cross-notice the third party's deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition.

D. In scheduling party and non-party depositions, the parties shall meet and confer to allow for double- or triple-tracking of depositions where necessary to comply with scheduling deadlines.

E. Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all parties. Deposition notices shall have the legal effect of a deposition notice in all related actions.[1]

D. Once a deposition has been scheduled as set forth in this Order, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court.

V. **EXHIBITS**

A. Electronic and Hard Copy Exhibits. A party may utilize electronic exhibits in connection with a deposition so long as the party arranges for the technology to permit

---

[1] All rights of any Party relating to pending motions are preserved and are not waived by compliance with this Order.

presentment of the electronic exhibit at the deposition to the witness and counsel, and, at least five minutes prior to questioning the witness about the electronic exhibit, provides counsel for the deponent, as well as counsel for each of the Plaintiff groups and Defendant groups, a thumb drive containing the electronic exhibit. With respect to any hard copy exhibit used in a deposition, counsel shall bring at least five (5) hardcopies. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition.

## VI.    PARTICIPATION BY TELECONFERENCE

A.    To minimize travel and related costs, counsel may participate in any deposition by telephone or videoconference (where requested). Counsel noticing the deposition shall make arrangements so that a conference call line, and a real-time text feed are available during every deposition. Any party requesting a real-time text feed or equivalent electronic reporting shall be responsible for the cost of the additional services requested. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation.

## VII.    CONDUCT OF DEPOSITIONS

A.    Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law, including Fed. R. Civ. P. 30(c)(2), except that:

(1)    the parties agree that one objection by Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants respectively; and

(2)    the parties agree that under Fed. R. Civ. P. 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." Objections or other statements by counsel in the presence of the

deponent made to suggest an answer to the deponent, such as (without limitation) "if you know" or "if you understand," are improper. Objections to questions during an oral deposition shall be limited to "Objection, leading" and "Objection, form." Objections to testimony during an oral deposition are limited to "Objection, nonresponsive." However, the objecting party must give a clear and concise explanation of an objection at the time the objection is made if requested by the party taking the oral deposition. Absent a request for such explanation, an objection to "form" shall preserve every objection to a question that is otherwise available under the Federal Rules of Evidence.  In the unlikely event that a party wishes to make a motion to terminate or limit a deposition under Fed. R. Civ. P. 30(d)(3), that party's counsel should concisely state the grounds in support of such motion on the record.

(3)     When a deposition resumes after a private conference/break, counsel questioning a deponent may inquire, and deponent shall answer, whether counsel conferred with a deponent about his or her testimony during a private conference/break.

(4)     The parties may contact Magistrate Judge Gilbert during a deposition should a dispute arise that necessitates his involvement.

**B.**     The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

## VIII.   DEPARTING EMPLOYEES AND FORMER EMPLOYEES

**A.**     In response to a request for deposition in Section IV above, if the witness is a former employee of any party and is not currently represented by counsel for that party, counsel

for that party shall, within seven (7) business days of the deposition notice, provide the date of departure and last known address of the former employee, whether counsel can accept service of the notice, and whether counsel will be representing that party for the deposition.

      **B.**     Former employees represented by counsel for the party employer shall count against the limit as a party deposition for purposes of Section I.

      **C.**     In response to a request for deposition in Section IV above, if the witness is a departing employee, the party shall, within five (5) business days of the deposition notice, request that the deponent appear for deposition at a date, place and time convenient for the parties and the deponent, without the need for service of a third party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply and the deposition will be counted as a party deposition for purposes of Paragraph I.

## IX.    <u>CLAIMS OF PRIVILEGE</u>

      **A.**     Regardless of location, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the Northern District of Illinois, and this Order. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

**B.**     During a deposition, a witness may consult with his attorney except while a question is pending. If a question is pending, the witness must first answer the question before consulting with counsel, except on an issue relating to privilege.

**C.**     Private conferences between deponents and attorneys to determine whether a privilege should be asserted and/or to determine whether to clarify or correct testimony previously given by the deponent are permissible. When a deposition resumes, counsel questioning a deponent may inquire, and deponent shall answer, whether counsel conferred with a deponent about his or her testimony during a private conference/break. Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

**X.     STANDARD STIPULATION**

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

**A.**     Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward a copy to the witness for review, correction, and signature under penalty of perjury. Within thirty (30) days of receiving the final transcript from the court reporter, the witness's counsel shall forward an executed signature page and any errata to the court reporter, who will promptly notify all counsel of its receipt and any errata.

**B.**     If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within thirty (30) days from the date of receipt, the witness shall return an executed signature page and any errata to the court reporter, who will notify all counsel of its receipt and any errata.

**C.**     Any witness who submits errata must do so in accordance with Fed. R. Civ. P. 30(e)(2).

**D.**     The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

**XI.     USE OF DEPOSITIONS**

**A.**     Depositions taken pursuant to this Deposition Protocol may be made available and used in all actions previously or hereafter transferred to Case No. 1: 18-cv-00864, as permitted by the Federal Rules of Civil Procedure.

**XII.     MISCELLANEOUS**

**A.**     Nothing in this Order supersedes the governing Agreed Confidentiality Order (Dkt. 104).


**IT IS SO ORDERED.**

Dated:                                                     ENTERED:


_____

HON. JUDGE JEFFREY T. GILBERT
U.S. MAGISTRATE JUDGE