# Exhibit C

| | |
|---|---|
| From: | Aundrea K Gulley |
| To: | Wedgworth, Peggy; Ho, Derek T.; Nemelka, Michael N. |
| Cc: | SERVICE-EXTERNAL-DMS-MDL; ReynoldsTeam (gibbsbruns.com); Brian T. Ross |
| Subject: | RE: In re DMS MDL -- Deposition Notices |
| Date: | Monday, September 10, 2018 3:30:27 PM |
| Attachments: | 2018-09-10 Deposition Protocol (Defendants blackline).docx |

Counsel:

As you requested on Friday (and subject to our prior reservations), attached is a blackline of your last proposal on the protocol. We look forward to your responses to this and the balance of our proposal from Friday.

Regards,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Nemelka, Michael N.
**Sent:** Thursday, September 6, 2018 3:55 AM
**To:** Aundrea K Gulley ; Wedgworth, Peggy ; Ho, Derek T.
**Cc:** SERVICE-EXTERNAL-DMS-MDL ; Reynolds Team ; Brian T. Ross
**Subject:** RE: In re DMS MDL -- Deposition Notices

Dear Andi,

Thanks for the email and counter-proposal. Please see attached our redlines to the draft Deposition Protocol.

As for the number of depositions, we respond as follows:

1. **Number of Depositions.** We had proposed 110 total depositions (80 party; 30 third-party); you countered with a total of 75 depositions. We are willing to further compromise as follows:
    a. 75 party depositions; 25 third-party depositions for a total of 100
2. **Percentage Split**. It appears we may be at impasse as Defendants are insisting on having as many depositions as the Plaintiffs, but we would propose:
    a. Party depositions – 45 for Plaintiffs; 30 for Defendants
    b. Third-Party depositions – 15 for Plaintiffs; 10 for Defendants
    c. You can see that in our offer to reduce our total requested depositions by ten, we are removing all of those from our side of the ledger.
    d. Please let us know if we should continue to negotiate the numbers and percentage split, or if we are at an impasse.
3. **Half-Day Depositions.** You did not respond to our proposal that many of these depositions would be half-day. We assume that means you agree that a certain number of depositions would be half-day.
4. **Multi-tracking.** You did not respond to our proposal that there will be multi-tracking of depositions so that more than one deposition occurs in a day. We assume that means you agree that a certain number of days will include more than one deposition.
    a. Non-party depositions would be scheduled on a separate track, based on the convenience/availability of the witnesses, and can be scheduled on top of the party depositions. There's no reason the music should stop on all party depositions on any day there's a third party deposition. We all have big teams.
5. **Scheduling Committee.** As for the scheduling committee, we generally agree with your proposal but would like to discuss.
    a. We agree the committee will include one lawyer each from (1) Kellogg Hansen; (2) Milberg; (3) Mayer Brown; and (4) Gibbs & Bruns;
    b. We agree there should be a set schedule for noticing and scheduling depositions. We would like to discuss with you the specifics regarding that schedule, and how the one

you proposed would work.

Could we please have a call on Friday at 10:00 a.m. or 2:00 p.m. ET to discuss the deposition protocol and the issues still in dispute?

Thanks,
Mike

**From:** Aundrea K Gulley [mailto:agulley@gibbsbruns.com]
**Sent:** Tuesday, September 4, 2018 4:33 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Dear Counsel,

Thanks, Mike. I think we can narrow the discussion as follows (subject to our reservation of rights regarding arbitration and other motions):

1. **The % split**: Defendants do not agree to a split that gives plaintiffs more depositions than defendants. I believe that we are at an impasse on the split, and we can brief this in the letter briefs.
    a. Your proposal is that Defendants get 40 of 110 proposed depositions.
    b. There is only *one* defendant in some of the cases.
    c. That defendant (CDK) needs to prepare its defense and prosecute its pending (and in some cases contemplated) counterclaims in cases brought by two *classes* of Plaintiffs, as well as the individual plaintiffs.
    d. Any split that does not give Defendants at least as many depositions as Plaintiffs is not acceptable to Defendants and does not present them with a fair opportunity to prepare their own affirmative claims and defenses in response to Plaintiffs case/prosecute their pending/forthcoming counterclaims.
2. **The total number:** Defendants do not agree to your proposal for 110 depositions in 78 available days of deposition time (including days on which we will no doubt have hearings and other conflicts). Defendants cannot agree to more than 75 total (party and third party) depositions.
    a. If Plaintiffs do not agree to fewer than 75 total depositions (within the 7 hour limits in the rules and draft protocol), Defendants are willing to discuss a modification to the schedule to allow extra time for the burden of those extra depositions.
    b. Or, we can agree to something less than 75 total depositions.
   If neither (a) or (b) is acceptable, I believe that we are at an impasse and we can brief this in the letter briefs.
3. **Scheduling Committee**. If you have a proposal for an efficient method of coordinating deposition schedules, please let us know your counterproposal. It is customary professional courtesy (and also included in the *Broilers* protocol) that counsel coordinate depositions before unilaterally noticing them. [See, e.g., ABA Guidelines for Conduct]. As a practical matter, in order to coordinate 70+ depositions of parties and third parties on the majority of the available days, this will be necessary. We have made a proposal that allows for this. If you have an alternative solution, please promptly let us know.
4. **Existing Notices.** As noted in my letter last week, please withdraw your 59 defendant party deposition notices that you unilaterally noticed for the *same day*. This is not an acceptable practice and is in violation of the Federal Rules. Defendants reserve their objections and all rights with respect to them.
5. **9/14 Letter Brief**. We had suggested 5 pages to avoid burden on the court and the parties. You stated that you "cannot agree on a page limit…" Rather than unnecessarily debating the issue further, the parties can proceed with the limit imposed by the Local Rules.

Thank you,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Friday, August 31, 2018 3:03 PM
**To:** Aundrea K Gulley <agulley@gibbsbruns.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Dear Andi and Britt,

Thanks for the call yesterday and the email below.

We agree to the 9/14 date for submitting briefing to the court on any disputed issues with respect to depositions, but we cannot agree on a page limit until we know which issues ultimately will be contested. We can discuss a page limit as we finalize the contested issues. As to substance, you will not be surprised to learn that we see no basis for Defendants to have more depositions than Plaintiffs in this MDL. Also, Defendants have proposed that Plaintiffs have *fewer* party depositions in this MDL than Defendants had proposed when this litigation only involved one plaintiff, Authenticom. Now that we have an MDL with multiple plaintiffs, the number of CDK/Reynolds/CVR deponents should be more, not fewer. And in our experience, having multiple depositions per day is standard practice in litigation, especially in large MDLs like this one. Where Judge St. Eve recognized the need for "creative solutions" to meet a faster schedule, double-tracking depositions – which is standard practice – should not be controversial. Indeed, Judge Gilbert's *Chicken Broiler* deposition protocol provides for "double- or triple-tracking of depositions" where doing so "becomes necessary to comply with scheduling deadlines."

With that preface, our proposal is as follows:

1. 50 party depositions for Plaintiffs, and 30 party depositions for Defendants.

2. 20 non-party depositions for Plaintiffs, and 10 for Defendants.

3. Many of these depositions can and should be half-day depositions, the precise number of which we can discuss. These half-day depositions will be coordinated to the maximum extent possible so that two depositions can occur on the same day in the same location.

4. There will be multi-tracking of depositions so that more than one deposition occurs in a day. Given the large teams and multiple law firms that represent each Defendant, there is no reason this cannot and should not happen, as it does regularly in large cases like this.

5. As for the proposal of a Scheduling Committee and the rolling dates for noticing depositions, we fear the proposal is too bureaucratic and will actually impede the efficient coordination of schedules. This is an issue we would like to discuss further.

With respect to the draft deposition protocol, we will provide our redlines to the protocol on Wednesday. But we wanted to give you this counter-proposal before then to move the process along.

We look forward to your response.

Thanks,
Mike

---

**From:** Aundrea K Gulley [mailto:agulley@gibbsbruns.com]
**Sent:** Thursday, August 30, 2018 6:16 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Brian T. Ross <bross@gibbsbruns.com>

**Subject:** RE: In re DMS MDL -- Deposition Notices

Counsel,

Further to our discussion (and subject to our reservation of rights regarding arbitration and any other pending motion):

1. Attached is a blackline of our proposed deposition protocol as compared to *Broilers*. As discussed, it is probably not 100% accurate because the original used to generate it was generated by word processing staff from a scanned PDF.
2. The proposal for #s was: 55 total party depositions, split 25 to Plaintiffs, 30 to Defendants. Plus 20 3rd party depositions, split 10 and 10. No borrowing between party & third party depositions.
3. You asked about more than one deposition per day if the depositions were noticed for fewer than 7 hours. At this time Defendants do not agree to this.
4. You asked about more than 7 hours per deposition. Defendants proposal on this is as set out in the draft deposition protocol that we sent. Generally, we do not agree unless specific agreement or order of court.
5. You asked about double tracking. Defendants do not agree to this or believe it is called for in this case. If a specific one off situation requires further discussion, we are willing to discuss special circumstances if they arise.
6. Defendants also proposed:
    a. Designate October witnesses (e.g., no more than 5 per side) by September 10. ("Witness Designation")
    b. Designate all other witnesses on the 1st of the month before the month of the deposition. So, for example, witnesses for November would be Designated on October 1st; witnesses for December Designated on November 1st, etc.
    c. Witness Designation to include any 30(b)(6) Depositions (which would count like any other deposition).
    d. Witnesses identified in Witness Designation with hard conflicts to be promptly identified.
    e. Parties representing a witness designated in a Witness Designation to identify the location where the witness will be deposed within 5 days of the Witness Designation.
    f. A "Deposition Scheduling Committee" will schedule the witnesses by month as the Witness Designations come in. (E.g., within 14 days of the Witness Designation, that month's calendar will be set).

i. The Deposition Scheduling Committee to include one lawyer from each of Mayer Brown, Gibbs & Bruns, Kellogg, & Milberg.

We look forward to your response and any comments on the Deposition Protocol that we provided on 8/29. As a gatekeeping matter, please let us know as soon as possible whether you will agree to the structure set forth in Section I of the draft protocol – i.e., whether you agree to submit 5 page letter briefs on the issues above on 9/14.

Thank you,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

**From:** Aundrea K Gulley
**Sent:** Wednesday, August 29, 2018 12:20 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; Brian T. Ross <bross@gibbsbruns.com>
**Cc:** Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Mike,
The call for tomorrow at 1pm CT is confirmed. We will use your dial in provided below. At that time Defendants will be prepared to discuss our counterproposal on the number of depositions. In addition, per my letter, attached is a draft deposition protocol to discuss tomorrow. It is modeled on a recent order entered by Judge Gilbert in an antitrust MDL.
Thank you,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Wednesday, August 29, 2018 9:45 AM
**To:** Brian T. Ross <bross@gibbsbruns.com>
**Cc:** Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Brian,
Tomorrow at 2:00 p.m. ET works for us. To make the discussion more productive, could Defendants also provide their counter-proposal on deposition numbers? Andi's letter stated that Defendants want to "meet and confer regarding the number of depositions to be taken in this MDL," and so we need Defendants' proposal on that before tomorrow's call.
Thanks,
Mike

**From:** Brian T. Ross [mailto:bross@gibbsbruns.com]
**Sent:** Wednesday, August 29, 2018 10:26 AM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** Re: In re DMS MDL -- Deposition Notices

Mike—
Since our letter was 2 days ago and we didn't hear back from you until just now, that time no longer works on our end. Please propose a time for tomorrow. I can't speak for CDK, but Reynolds is generally available tomorrow except for 10:30 - 11:30am CT.
We will send the draft deposition protocol referenced in Andi's letter today.
Thanks,
Brian

> On Aug 29, 2018, at 9:20 AM, Nemelka, Michael N. <mnemelka@kellogghansen.com> wrote:
> Brian,
> This is to confirm that we are still speaking today at 11:00 a.m. ET, 10:00 a.m. CT. We can use this dial-in:
> (800) 768-2983;
> Code: 3267932
> Thanks,
> Mike
>
> **From:** Brian T. Ross [mailto:bross@gibbsbruns.com]
> **Sent:** Monday, August 27, 2018 11:53 AM
> **To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; Ho, Derek T.

<dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** Re: In re DMS MDL -- Deposition Notices

Please see the attached letter regarding depositions. Thanks,
Brian

> On Aug 23, 2018, at 12:54 PM, Nemelka, Michael N. <mnemelka@kellogghansen.com> wrote:
>
> Dear Counsel,
>
> Please see the attached correspondence and accompanying deposition notices.
>
> Thanks,
> Mike
>
> Michael N. Nemelka
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M. St. N.W., Suite 400
> Washington, DC 20036
> Direct: (202) 326-7932
> mnemelka@kellogghansen.com
>
> NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.
>
> <2018 08 23 Letter re Deposition Notices.pdf>