# Exhibit D

| | |
|---|---|
| **From:** | Aundrea K Gulley |
| **To:** | Wedgworth, Peggy; Brian T. Ross; Miller, Britt M. (BMiller@mayerbrown.com); Provance, Matthew D. (MProvance@mayerbrown.com) |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL; ReynoldsTeam (gibbsbruns.com) |
| **Subject:** | RE: Depo Protocol, Calendar and Other Depo issues - Update |
| **Date:** | Monday, September 17, 2018 10:02:19 AM |

Thanks Peggy.

We intend to file our memorandum along with a Proposed Order today at 6:30 as discussed. As we discussed, the Defendants' Proposed Order will contain the language that we have agreed in plain text. It will also include yellow highlighted sections where the language that we are proposing is not agreed. I understand that you will do something similar in your version of the Proposed Order.

For the avoidance of doubt, below are the sections of the Proposed Order for which we intend to offer our own proposed language and we for which we understand that you will be doing the same. We understand that other than the sections below, we are agreed and that these are likewise the only sections that you will be submitting your own language for. Please let us know promptly if this is not correct.

Sections subject to disagreement are (only):

1. Part I (number of depositions). *[Also, to respond to Peggy's email from Friday, as previously noted on our second meet and confer call on Friday, Defendants intend to make clear that the numbers we are proposing are a compromise position, and we believe an aggressive schedule. Subject to that, the numbers in our "Proposed Order, Part I" will be: (a) 25 total depositions from the Defendants; (b) 25 total depositions from the Plaintiffs (c) 3rd Parties: each "side" may notice a maximum of 12 third party depositions each; (d) a maximum of two party depositions per week per side (4 total); (e) a maximum of one third party deposition per week per side (2 total); and (f) no individual party may be required to sit for more than one deposition on the same day. We also understand your proposed Part I will be as set forth in Peggy's email Friday]*
2. Part II(A) (7 hour limits). Given you refuse to allow any Plaintiff witnesses to sit for "14 hours", we cannot agree to your 14 hour proposal. *[If Plaintiffs would agree to (a) a reciprocal 14 hour deposition from each Plaintiff family and (b) that all parties waive any rights to seek more than 7 hours with any other fact witness, Defendants would agree to one 14 hour deposition from each of Gardner and Schaefer.]*
3. Part IV(D) (Scheduling/Tracking).
4. Part IX(C) (Privilege issue). We are agreed on everything in the draft that you sent Friday on this **except** the inclusion of the new sentence re: "When a deposition resumes…".

Best,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Wedgworth, Peggy
**Sent:** Friday, September 14, 2018 6:00 PM
**To:** Aundrea K Gulley ; Brian T. Ross ; Miller, Britt M. (BMiller@mayerbrown.com) ; Provance, Matthew D. (MProvance@mayerbrown.com)
**Cc:** SERVICE-EXTERNAL-DMS-MDL (SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com)
**Subject:** Depo Protocol, Calendar and Other Depo issues - Update

Dear Andi,

Thanks for the call today. Please see attached the latest version of the Deposition Protocol, accepting the redlines from our latest version and highlighting the areas of disagreement. While we had discussed putting language like below in Section I.A., it doesn't make sense given each side is emailing their own proposed Deposition Protocol to the Court. Let us know if you think otherwise and we can insert it in the Protocol.

*The parties are at an impasse on the following issues: (1) the number of fact-witness depositions to be taken by the parties; (2) the percentage split among Plaintiffs and Defendants as to those depositions; and (3) the number of depositions to be scheduled per week, including whether depositions may be double- or triple-tracked.*

The parties agree motions will be filed on Monday, September 17, at 6:30 p.m. CT.

As to the outstanding issues:

1. **Schedule.** We cannot agree to any extension of the schedule, and so cannot agree to your proposal which would do that.
2. **Final Positions.** Our position for the Court is as set forth in our email below. We understand that, based on our discussion today, Defendants' proposal for the Court will also be as set forth below. If Defendants plan on proposing different deposition numbers than those set forth below, please let us know immediately.
3. **Two-Day Depositions.** As for two-day depositions, we agree not to seek any two-day depositions other than Mr. Gardner and Mr. Schaefer. We have therefore removed the reservation of rights language from the deposition protocol.
4. **Rule 30(b)(6) Depositions.** As confirmed on the call, Plaintiffs will of course be serving Rule 30(b)(6) deposition notices for CDK, Reynolds, and CVR.
5. **Deposition Calendar.** Please see the attached deposition calendar, which has removed three witnesses to account for the fact that we will be serving the 30(b)(6) notices on each Defendant. The calendar therefore contains requested dates for 42 defendant witnesses (and when added to the three 30(b)(6) notices, brings the total depositions to our requested 45). Please let us know if the witnesses are available for the requested dates, and if not, please propose alternative dates.
6. **Deposition Notices.** With the understanding that Defendants are engaging with us in setting the dates for our requested witnesses, we will agree to withdraw the outstanding deposition notices.
7. **Dates for Depositions of Plaintiffs.** You stated on our call that you cannot identify each of the 30 deponents you would like to take. However, there must be many that Defendants can identify now, and we ask you to please identify those deponents and propose dates for their depositions on the attached calendar.
8. **Deposition Calendaring Committee.** Per the below, we agree to a deposition calendaring committee that will finalize dates for depositions, with the composition we have agreed to. As for requesting dates, we have already requested our dates. We ask that you identify your dates as well. We understand you will identify a certain number of your deponents later after completion of document production. But for those you can now, please identify those deponents and dates. The committee can then finalize those dates.

Thanks,
Peggy and Mike

**From:** Aundrea K Gulley [mailto:agulley@gibbsbruns.com]
**Sent:** Thursday, September 13, 2018 2:53 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: Depo Protocol, Calendar and Other Depo issues

Thanks, Peggy. We are not in agreement with all of the changes you've suggested to the protocol and continue to have disagreement with some of your proposals, however, in light of your proposal yesterday evening we would like to confer with you once more before filing to see if we can get closer. We'd also like to better understand your calendaring proposal. Unfortunately, we cannot get a quorum for a call today. I propose that we set up a call for tomorrow morning at 10 central to discuss once more, and then push our simultaneous filings to Monday at 5pm. Is that agreeable?
Thanks,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

**From:** Wedgworth, Peggy <pwedgworth@milberg.com>
**Sent:** Wednesday, September 12, 2018 5:36 PM
**To:** SERVICE-EXTERNAL-DMS-MDL (SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com) <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** Depo Protocol, Calendar and Other Depo issues

Andi and Britt,

Attached please find our edits to the deposition protocol, and a proposed deposition calendar. After review of Defendants' most recent proposal, and based on our discussion last Friday, we set forth our proposal we plan to submit to the Court:

1. **Number of Depositions.** We propose 105 total depositions.
2. **Percentage Split**. We propose a 60/40 split, with 60% allocated to Plaintiffs and 40% allocated to Defendants.
    a. **Party Depos: 75 total**
        Plaintiffs take 45 depositions/Defendants take 30 depositions.
    b. **Third Party Depos: 30 total**
        Plaintiffs take 18 depositions/Defendants take 12 depositions. We will also propose that any party may seek leave from the Court for additional third party depos if needed.
    c. **Defendants' Position:** We understand Defendants' final position to be:
        i. 74 total depositions
        i. 50 party depositions, split evenly (25 for Plaintiffs; 25 for Defendants)
        iii. 24 third-party depositions, split evenly (12 for Plaintiffs; 12 for Defendants)
        iv. If this is incorrect, please let us know immediately.
3. **Multi-Tracking.** As we have explained, multi-tracking is appropriate and necessary for this tightened discovery schedule. We understand that Defendants continue to object to any multi-tracking, and we are therefore at an impasse on this issue.

4. **Half-Day Depositions.** Please see the attached proposed deposition calendar with the half-day depositions we plan on taking.
5. **Two-Day Depositions**. As indicated in the attached deposition protocol and calendar, we believe that Mr. Schaefer's and Mr. Gardner's depositions should be 2-day depositions given their primary involvement in the anticompetitive conduct at issue.
6. **Existing Deposition Notices**. You have asked that we withdraw the deposition notices previously issued. You have also claimed that we noticed all depositions for the same day, but that is incorrect. The deposition notices each state: "The deposition will take place on a date and time after October 15, 2018, to be agreed upon by the parties." They are therefore not noticed for the same date, but merely state that they will take place on a mutually agreeable date after October 15, 2018. We are therefore not withdrawing the notices.
7. **Proposed Deposition Calendar.** Moreover, with the attached deposition calendar, we formally request that the listed depositions take place on the identified dates in the calendar. Instead of the cumbersome scheduling process that Defendants have proposed, we identify now the dates on which we would like to depose Defendants' witnesses. Per the agreed-upon language in the deposition protocol, please let us know if these dates work for the identified witnesses, and if they do not, please propose alternative dates consistent with the protocol.

    We provide these dates with the understanding that additions and possible adjustments will occur.

    We propose that the attached calendar will be the working document that all parties in this MDL will work from. If one person from each firm has access to the calendar, adjustments could be made and others who have access would automatically be notified. Any disagreements could be handled by a phone call with all parties, or by the Deposition Scheduling Committee constituted as we have discussed (one representative each from Kellogg Hansen, Milberg, Mayer Brown, and Gibbs & Bruns). Defendants have indicated that they will seek 30 party depositions. Please add your 30 witnesses to the attached calendar on your desired dates.

    We plan to submit this proposed calendar to the Court with our Friday filing. We are willing to discuss the details and additions you may have.

    As you'll see from the calendar, with a total possible of 81 week days for depositions – and that does not count December 24 – January 1, or Thanksgiving and the Friday after – Plaintiffs' proposal is more than feasible.

*****************

We remain willing to discuss any and all of the above anytime prior to filing on Friday. As for the filing, we propose that the parties file the deposition protocol tomorrow. If there are any remaining disagreements in the protocol, we propose that we footnote those (such as multi-tracking) and state they will be the subject to Friday's briefing. And then for the Friday filing, we propose that the parties file at the same time at 5 p.m. ET.

Thanks,
Mike and Peggy