# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To: ALL CASES | No. 1:16-cv-08637 |

## DEPOSITION PROTOCOL ORDER

IT IS HEREBY ORDERED as follows:

This Deposition Protocol Order may be modified at any time by agreement of the parties or by order of the court. All parties resolve all rights to seek relief from the court from any provision for good cause.

**I.  NUMBER OF DEPOSITIONS**

A.  Prior to August 17, 2018, the parties will meet and confer regarding the number of total fact-witness depositions each party can take, including any per-party limitations. In the event that the parties do not agree upon a number of depositions under this paragraph, then by August 17, 2018, the parties will submit a joint letter brief to the Court explaining their respective positions.

**II.  DEPOSITION PROCEDURES**

A.  Depositions of percipient witnesses noticed by any party will be limited to 7 hours of direct examination consistent with FRCP 30(d)(1), unless the parties otherwise agree or the Court otherwise orders.

B.  A witness may be deposed only once in these proceedings unless the parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a party designated under Rule 30(b)(6). Nor will this procedure affect the rights of a party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate

representative has been previously deposed as a fact witness, or of other parties to object to such depositions. The parties will make a good faith effort to notice Rule 30(b)(6) depositions at the outset of all depositions to allow parties to coordinate the timing of the depositions of a corporate representative designated under Rule 30(b)(6) and the deposition of that individual as a percipient witness.

    C.    If any individual has been employed by more than one Defendant, that individual may be deposed only once and shall not be counted twice for purposes of §§ (I)(A)-(B) above.

    D.    Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (e.g., a third party or an employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

### III. ALLOCATION OF DEPOSITION TIME

    A.    As to all depositions noticed by Plaintiffs, Plaintiffs' counsel shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Counsel for any Plaintiff objecting to the allocation of examination time among Plaintiffs shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) business days before the date of the deposition.

    B.    As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) business days before the date of the deposition.

    C.    Depositions of all percipient witnesses will be limited to 7 hours of examination consistent with FRCP 30(d)(1), unless the parties otherwise agree or the Court otherwise orders.

Absent unforeseen circumstances, the parties will not cross-notice the depositions of their own current employees or former employees who have consented to the deposition. Counsel for a witness or for the party that is the witness's current or past employer will have time to examine the witness at the conclusion of direct examination without need for a cross-notice. In the event a party cross-notices the deposition of a current or former employee of another party, the noticing parties and the witness will meet and confer on the appropriate duration of the deposition, which will be split equally or as agreed to by the parties or ordered by the Court. Counsel shall coordinate all examination so as to avoid duplicative questioning and conduct the deposition within agreed time limits.

D. To the extent Plaintiffs or Defendants cross-notice a Third Party for deposition, the time to conduct any examination under such cross-noticed deposition shall be divided equally between the parties who noticed the deposition to prevent undue burden unless the parties and witness otherwise agree or the Court otherwise orders. Parties may seek leave of court for additional time for good cause.

### IV. SCHEDULING AND LOCATION OF DEPOSITIONS

A. Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness or the party that is the current employer of the witness.

B. Unless otherwise agreed, the deposition will occur at a location chosen by the witness. If the noticed party objects to the date of the noticed deposition, counsel for the noticed party will respond to the party issuing notice within five (5) business days and will counter-propose alternative dates on which the witness and his or her counsel will be available within fourteen (14) days of the requested date. All parties agree to respond to such counter-proposal within five (5) business days of receipt and to meet and confer in good faith consistent with the local rules and

their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided on by the Magistrate Judge with no briefing unless so ordered.

      C.    A party may serve a deposition subpoena on a third party without consulting any opposing party, consistent with the notice provisions in Scheduling Order No. 2 (ECF No. 574). If an opposing party informs the noticing party within five (5) business days that the opposing party intends to cross-notice the third party's deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition. Plaintiffs or Defendants seeking to schedule the deposition of a third party shall schedule such a deposition only on a date the Plaintiffs or Defendants, respectively, have not already scheduled a deposition. However, the parties shall meet and confer if double- or triple-tracking of depositions becomes necessary to comply with scheduling deadlines.

      D.    Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all parties. Deposition notices shall have the legal effect of a deposition notice in all related actions.

      E.    Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court.

## V.   EXHIBITS

      A.    <u>Electronic and Hard Copy Exhibits</u>. A party may utilize electronic exhibits in connection with a deposition so long as the party provides notice to the deponent and its counsel not later than four business days before the deposition, arranges for the technology to permit presentment of the electronic exhibit at the deposition to the witness and counsel, and, at least five minutes prior to questioning the witness about the electronic exhibit, provides counsel for the deponent a thumb drive containing the electronic exhibit. With respect to any hard copy exhibit

used in a deposition (i.e., an exhibit that has not been marked and used in a prior deposition in a related case), "sufficient copies" shall mean ten (10) hardcopies. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.

### VI. PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by telephone. Counsel noticing the deposition shall make arrangements so that a conference call line, and a real-time text feed are available during every deposition. Any party requesting a real-time text feed or equivalent electronic reporting shall be responsible for the cost of the additional services requested. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation. When an exhibit is introduced at a deposition, counsel shall identify the exhibit by bates number in advance of questioning for clarity of the record and to facilitate participation by teleconference.

### VII. CONDUCT OF DEPOSITIONS

A. Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law, including Federal Rule of Civil Procedure 30(c)(2), except that the parties agree that one objection by plaintiff or defendant can be relied upon by all plaintiffs or defendants respectively.

B. The parties agree that under Fed. R. Civ. P. 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner. " Under this rule counsel may interpose an objection by stating "objection" and the legal grounds for the objection. Objections or other statements by counsel in the presence of the deponent made to suggest an

answer to the deponent, such as (without limitation) "if you know" or "if you understand," are improper.

C. The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

VIII. **DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES**

A. In response to a request for deposition in Section IV above, if the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall within seven (7) business days of the deposition notice provide the date of departure and last known address of the former employee, whether counsel can accept service of the notice, and whether counsel will be representing that party for the deposition.

B. In response to a request for deposition in Section IV above, if the witness is a departing document custodian who intends to leave his or her employment, the party shall within five (5) business days of the deposition notice request that the deponent appear for deposition at a date, place and time convenient for the parties and the deponent, without the need for service of a third party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply and the deposition will be counted as a party deposition for purposes of Paragraph I.

IX. **CLAIMS OF PRIVILEGE**

A. Regardless of location, all depositions shall be conducted in accordance with

6

applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the Northern District of Illinois. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

  B. During a deposition, a witness may consult with his attorney except while a question is pending to the extent permitted under the law. If a question is pending the witness must first answer the question before consulting with counsel, except on an issue relating to privilege.

  C. Private conferences between deponents and attorneys about the substance of the deponent's testimony while the witness is under oath generally are improper, including on breaks during the deposition, except to determine whether a privilege should be asserted or to determine whether to clarify or correct testimony previously given by the deponent. Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

## X.  STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

  A. Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

      B.      If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

      C.      Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e)(2).

      D.      The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## XI. USE OF DEPOSITIONS

      A.      The depositions taken by any party pursuant to this Deposition Protocol may be made available and used in all related actions (i.e., all actions currently transferred or transferred in the future for coordination to Case No. 1:16-cv-08637). Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude use of, a deposition from another related matter in that party's case.

**IT IS SO ORDERED.**

Dated: 6/27/18

HON. JEFFREY T. GILBERT
U.S. MAGISTRATE JUDGE