# Exhibit G

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW<br><br>**ORDER REGARDING DEPOSITION PROTOCOL** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**IT IS HEREBY ORDERED:**

**I.     NUMBER OF DEPOSITIONS**

A.     Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and Associated Wholesale Grocers ("AWG") (collectively "Plaintiffs") collectively may depose no more than 80 percipient witnesses who are current employees of all Defendants, including no more than seven (7) percipient witnesses who are current employees of any single defendant group, as part of the joint, coordinated discovery in this case.  Defendants shall produce for deposition the specific percipient witnesses employed by them.  Defendants may collectively depose each natural person named plaintiff or class representative and a maximum of seven (7) percipient witnesses of each Direct Purchaser Plaintiff and of AWG.  The following shall be considered a single corporate entity for purposes of this protocol: the Wada Group (Albert Wada, Wada Farms, Inc., Wada Farms Potatoes, Inc.,

**ORDER - 1**

Wada Farms Marketing Group, LLC, Wada-Van Orden Potatoes, Inc. , Cedar Farms, Inc., Wada Family, LLC, and ProFresh, LLC), the Cornelison Group (Cornelison Farms, Inc. and Keith Cornelison), and the Wahlen Group (KCW Farms, Inc. and Kim Wahlen d/b/a Kim Wahlen Farms).

  B. Plaintiffs collectively may take up to 14 hours of Rule 30(b)(6) depositions of each Non-Cooperative Defendant and up to 18 hours of Rule 30(b)(6) depositions of each Cooperative Defendant, specifically United Potato Growers of Idaho, Inc., United Potato Growers of America, Inc., and United II Potato Growers of Idaho, Inc., as part of the joint, coordinated discovery. In addition, Indirect Purchaser Plaintiffs may seek leave of the Court to take Rule 30(b)(6) depositions of up to six (6) Defendants of Indirect purchaser Plaintiffs' choice regarding downstream issues. Each deposition shall be limited to 3½ hours. Defendants identified in Indirect Purchaser Plaintiffs' request shall be entitled to file a response within five (5) business days. Indirect Purchaser Plaintiffs' request for leave shall identify the Defendants they seek to depose, the basis for wanting to depose the particular Defendants on downstream issues, the specific subject areas for the deposition, potential individuals with knowledge of the subject matter, and any other facts to assist the Court in determining whether there is a reasonable basis to allow the depositions to proceed. Defendants collectively may take up to 14 hours of Rule 30(b)(6) depositions of each Direct Purchaser Plaintiff and of AWG. The parties shall meet and confer about scheduling of Rule 30(b)(6) depositions in accordance with Section IV below.

ORDER - 2

C. This protocol does not apply to depositions of experts or depositions of records custodians regarding authentication of documents.

D. In connection with Defendant Potandon Produce L.L.C.'s ("Potandon") counter-claim against AWG, Potandon may depose a maximum of three (3) additional percipient witnesses of AWG, and may take up to 3.5 hours of additional Rule 30(b)(6) depositions of AWG. Similarly, in connection with Potandon's counter-claim, AWG may depose a maximum of three (3) additional percipient witnesses of Potandon, and may take up to 3.5 hours of additional Rule 30(b)(6) depositions of Potandon.

E. The above limitations on the number of depositions are presumptive only. The purpose of these presumptive limits is to encourage the judicious use of depositions, not to arbitrarily restrict access to evidence. The number of depositions permitted in this litigation may be expanded by stipulation, or for good cause, upon motion to the Magistrate Judge or the Court.

F. This order does not limit any party's right to object to or seek a protective order with respect to any deposition noticed in this case. In addition, the presumptive number of depositions is without prejudice to any party seeking to expand or limit further the number of depositions.

## II. DEPOSITION PROCEDURES

A. All deposition limitations may be modified by the Magistrate Judge or the Court for good cause or by agreement.

ORDER - 3

  B. Absent the agreement of the parties or leave of the Court, (a) no more than two depositions taken by Plaintiffs and two depositions taken by Defendants may be scheduled on each day, and (b) no more than one witness for any particular party may be scheduled each day.  Absent consent of all parties and the witness, no depositions may be scheduled on Saturdays, Sundays, November 28-29, 2013, December 24-26, 2013, or January 1, 2014.

  C. Depositions jointly noticed by Plaintiffs or jointly noticed by Defendants will be limited to 7 hours of direct examination, unless the parties otherwise agree, or the Court issues an order based on a showing of good cause.  In the event a party cross notices a deposition first noticed by an opposing party, the deposition shall be scheduled for an additional consecutive day of 7 hours allocated to all cross-movants of the cross-noticing side collectively, unless a different arrangement is agreed to by the parties in advance or ordered by the Magistrate Judge or the Court for good cause.  Counsel for a witness or for the Defendant that is the witness's current or past employer may examine the witness for up to an addition hour at the conclusion of direct examination.  If counsel for the witness's current or past employer conducts re-cross examination, then the counsel who conducted the direct examination shall be entitled to rebuttal examination of the witness for approximately the same amount of time as the re-cross examination.

  D. A witness may be deposed only once in these proceedings unless (i) a witness properly revokes an earlier assertion of the Fifth Amendment, (ii) the parties otherwise agree, or (iii) upon order of the Court or the Magistrate Judge based on a

ORDER - 4

showing of good cause. AWG may seek leave of the Court to re-notice corporate representative witnesses under Rule 30(b)(6) for deposition on topics related specifically to AWG's claims. Upon service of a subsequent notice of deposition under Rule 30(b)(6), the receiving party reserves its right to object to or seek a protective order of AWG's supplemental notice.

   E. Absent the agreement of the parties or leave of the Court, the deposition of individuals whose depositions are being taken as both percipient witnesses and as corporate representatives under Rule 30(b)(6) shall presumptively be taken on the same date(s), if the recipient of a Rule 30(b)(6) notice provides the noticing party with the name(s) of the individuals who are designated to testify on behalf of the corporation the later of 30 days before the date(s) of the deposition or seven (7) business days after receipt of the request for the deposition. Rule 30(b)(6) depositions solely on topics concerning the completeness of a party's document search and production or a party's transactional data shall not be subject to the presumption in this paragraph.

### III. ALLOCATION OF DEPOSITION TIME

   A. Time used by an examining party shall count against that side's (i.e., Plaintiffs' or Defendants') deposition time, regardless of which party noticed the deposition.

   B. As to all depositions noticed by Plaintiffs, Plaintiffs' counsel shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Counsel for any Plaintiff

ORDER - 5

objecting to the allocation of examination time among Plaintiffs shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) days before the date of the deposition.

  C. As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) days before the date of the deposition.

  D. To the extent Plaintiffs or Defendants cross-notice a deposition, the time needed to conduct any examination under such cross-noticed deposition shall not be deducted from the time of the party who originally noticed the deposition.

## IV. SCHEDULING OF DEPOSITIONS

  A. Counsel will consult with one another to coordinate in good faith, to the extent practicable, all scheduling, noticing and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a deposition without consulting in advance with counsel for the witness or the party that is the current or former employer of the witness. Unless otherwise agreed by the parties, counsel for the witness or the party employing the witness may respond to a written request for deposition within five (5) business days with alternative dates on which that witness is available for deposition within three (3) weeks of the original proposed deposition date, or the deposition shall be

ORDER - 6

noticed and shall go forward on the original proposed date, absent a showing of good cause.

B.     The Plaintiffs will consult with one another so that depositions noticed by the Plaintiffs can be coordinated. The Defendants will consult with one another so that depositions noticed by the Defendants can be coordinated.

C.     The duty to consult in advance is neither intended to give any party or group of parties a veto right over other parties, nor intended to lessen the previously assigned role of Direct Purchaser Plaintiffs' counsel and Indirect Purchaser Plaintiffs' counsel in coordinating this litigation.

D.     To the extent the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall provide in response to a written request from the noticing party the date of departure and last known address of the former employee. Counsel shall notify any party noticing the deposition of a former employee as soon as possible as to whether counsel can accept service of the notice and will be representing that party for the deposition.

E.     A party may serve a deposition subpoena on a third party five (5) business days after providing all parties with the name of the deponent and the proposed date for the deposition. If a party informs the noticing party within five (5) business days that the party intends to appear at the deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling or

rescheduling of the deposition. If the parties are unable to resolve their scheduling differences, they shall submit their dispute to the Court for prompt resolution.

  F. Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all parties. Deposition notices shall have the legal effect of a deposition notice in all related actions.

## V. POSTPONEMENTS

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Magistrate Judge or the Court for good cause shown.

## VI. LOCATION

In order to minimize the expense and inconvenience to parties, witnesses and counsel, as well as to permit Court intervention for ongoing depositions (if necessary), depositions of witnesses located in the District of Idaho shall take place in Boise, Idaho, Pocatello, Idaho, or Idaho Falls, Idaho, as determined by the witness, unless the parties and the witness reach a mutual agreement as to an appropriate alternate location. The parties shall meet and confer regarding the locations to attempt to resolve any issues without Court intervention. Parties not located in the District of Idaho shall be deposed where they reside unless the parties reach a mutual agreement as to an appropriate alternate location. Disputes that cannot be resolved through the meet and confer process

**ORDER - 8**

shall be decided on an expedited basis by the Magistrate Judge through a telephonic hearing with no briefing unless so ordered.

Given the travel costs involved, the parties shall be flexible about completing and continuing depositions in order to avoid repeat travel. Witnesses will remain reasonably available day-to-day until their depositions have been completed, as long as that deposition does not exceed the time allotted above.

## VII. EXHIBITS

A. Exhibit List. Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs will maintain a master exhibit list to facilitate sequential numbering of exhibits, and will reasonably share this list with any party that requests it.

B. Pre-Designation of Exhibits. Not later than four business days before a deposition, all parties intending to examine a deponent may serve on all parties via electronic mail a non-binding list of documents (by Bates number) that counsel anticipates using or referring to during the deposition. Examining counsel is not responsible for bringing copies of pre-designated exhibits for other counsel. Counsel are not obligated to pre-designate exhibits. Any counsel who does not pre-designate documents shall bring sufficient copies of such documents to the deposition. With respect to all exhibits that have been marked and used in a prior deposition in a related action, "sufficient copies" shall mean four (4) hardcopies. With respect to any "new" exhibit (i.e., an exhibit that has not been marked and used in a prior deposition in a

related case), "sufficient copies" shall mean eight (8) hardcopies. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition.

C. Numbering of Exhibits. Each document marked for identification at a deposition shall be numbered with a new exhibit number unless it has previously been marked, in which case the examining attorney will use the previous exhibit number and refer to the document by that number to the extent practicable. All exhibits shall be marked sequentially.

## VIII. PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by telephone. Counsel intending to do so must notify counsel for the party that noticed the deposition and counsel for the witness at least three (3) business days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line, and a real-time video and text feed are available during the deposition. Any party appearing by real-time video, text feed, or conference call shall be responsible for the cost of the additional services requested. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation. To facilitate participation by phone, any objection to the form of a question shall be deemed to have been made on behalf of all other parties. When an exhibit is

**ORDER - 10**

introduced at a deposition, counsel shall identify the exhibit by bates number, to the extent practicable, for clarity of the record and to facilitate participation by teleconference.

IX. **CONDUCT OF DEPOSITIONS**

A. Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law. All objections shall be stated concisely in a non-argumentative and non-suggestive manner pursuant to Fed. R. Civ. Pro. 30(c)(2). Any objection to the form of a question shall be deemed to have been made on behalf of all other parties, and need not be repeated by another counsel to preserve that objection on behalf of such other counsel. Counsel shall avoid making speaking objections or repeating objections already preserved.

B. The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

X. **STANDARD STIPULATION**

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

A. Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of

ORDER - 11

perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

B. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness. Any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

C. The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

XI. **FIFTH-AMENDMENT ASSERTIONS**

A. Any witness who intends to assert his or her right to refuse to testify under the Fifth Amendment of the United States Constitution shall endeavor to provide notice of their intent to assert the Fifth Amendment no later than 10 days before the scheduled deposition.

B. Upon receipt of notice that a witness intends to assert the Fifth Amendment, the examining attorneys may submit a list of written questions to the

witness to speed up the deposition, delivered no fewer than 5 days before the scheduled deposition. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually.  If the answer to the summary question is "yes," the deposition shall last no more than one hour.  To the extent that an answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually.  The use of the written questions and associated documents shall not prevent questions from being asked other than those contained in the written ones subject to the time limits described herein.  All objections to written questions submitted to a deponent will be reserved, including objections to form.

      C.     Any person who at a deposition asserts his or her right under the Fifth Amendment of the United States Constitution not to testify will be bound by that assertion of the privilege and shall not be permitted to testify otherwise unless, not later than 60 days prior to the date set for the close of fact discovery, notice is provided in writing of the intent to revoke the assertion of privilege under the Fifth Amendment and the willingness of the person to testify.  Upon notice, the revoking deponents will make themselves available for deposition at their expense in Boise, Idaho not later than 45 days prior to the close of fact discovery or at a later time at the discretion of Plaintiffs if necessary to adequately arrange and prepare for the deposition.

**ORDER - 13**

XII. **USE OF DEPOSITIONS**

The depositions taken by any party pursuant to this Deposition Protocol may be made available and used in all related actions (i.e., only those actions currently transferred for pretrial coordination to Case No. 4:10-MD-218). In any related action where a deposition transcript of a witness is made available for use, the witness may not be deposed again on the topics addressed in the deposition.

XIII. **DEPARTING CUSTODIANS**

In response to a request for deposition in Section IV above, a party shall promptly identify in writing any deponent who has left or intends to leave his or her employment. The party shall also request that the deponent appear for deposition at a date, place and time convenient for the parties and the deponent, without the need for service of a third party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a third party subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply.

DATED: October 22, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court