# Exhibit H

FILED
2015 Feb-12 AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD | ) | Case No. 2:13-cv-20000-RDP |
| ANTITRUST LITIGATION | ) | (All Related Cases) |
| (MDL No. 2406) | ) | |

## DISCOVERY ORDER NO. 3

The parties have submitted to the court and jointly proposed a set of guidelines for noticing, scheduling, and taking depositions in this matter. Having now carefully reviewed the proposed guidelines, the parties' joint motion for adoption of the guidelines (Doc. # 320) is GRANTED, and it is ORDERED that depositions in these proceedings be conducted in accordance with this Discovery Order No. 3, Discovery Order No. 1, the Federal Rules of Civil Procedure, and other orders entered in these proceedings. These guidelines may be revisited by any party upon motion to the Magistrate Judge if a party believes they do not serve the needs or goals of the case.

1.      Deposition Notices.

(a)      All depositions will be noticed pursuant to Fed. R. Civ. P. 30, Discovery Order No. 1, this Case Management Order, and other orders entered by this Court.

(b)      This Order shall be attached to any nonparty deposition subpoena or deposition notice.

(c)      Each deposition notice shall include the name of each deponent, and, if known, the job title or general occupational description of each deponent, and the date, time, and place of the deposition. Depositions noticed under Fed. R. Civ. P. 30(b)(6) shall comply with the additional requirements of that Rule.

(d)      Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm, and address of the videographer.

(e)    Witnesses who are current employees of a party shall be requested to appear at depositions by notice of deposition and shall not be served with a subpoena. Any notice of deposition for a current employee shall be directed to counsel for the witness's employer.

(f)    Witnesses who are former employees of a party may be requested to appear at depositions by notice of deposition served on counsel for their former employer, and if so, shall not initially be served with a subpoena. A former employee retains the right to request issuance of a deposition subpoena for any reason within 10 calendar days of his or her receipt of the notice. In the event a former employee requests issuance of a subpoena, or the former employer of the witness is unable to locate the witness to convey the deposition notice, the party requesting the deposition of the former employee may issue a subpoena. Nothing within this Paragraph creates an attorney client relationship with the former employee and his or her former employer.

(g)    Unless otherwise agreed or ordered, all depositions noticed under this Order are to be coordinated with *Piercy v. Health Care Service Corporation* and *LifeWatch Services, Inc. v. Highmark, Inc., et al.*

2.    <u>Cooperation</u>. Counsel are expected to cooperate with, and be courteous to, each other and deponents.

3.    <u>Scheduling</u>.

(a)    After a deposition notice is served, counsel shall consult with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times. Multi-tracking of depositions is expected where appropriate; however, no more than three employees or former employees of a single plaintiff or defendant may be scheduled for deposition on the same day, and any such depositions shall not overlap, unless the interested parties consent.

(b)    All depositions (except those taken under Fed. R. Civ. P. 30(b)(6)) shall be noticed at least thirty (30) calendar days in advance. All depositions taken under Fed. R. Civ. P. 30(b)(6) shall be noticed at least forty (40) calendar days in advance. Notwithstanding the foregoing, parties shall make best efforts to meet and confer about any objections as early as practicable with the propounding counsel.

4.    <u>Locations for Taking Depositions</u>.

(a)    Unless otherwise agreed upon, all party and non-party depositions shall be taken within the greater metropolitan area of the deponent's primary residence or place of business.

(b)    Unless otherwise agreed, the deposition of an expert witness shall be taken within the greater metropolitan area of the expert witness's primary residence or place of business.

2

5.      Attendance.

(a)      Who May be Present.   Unless otherwise agreed, depositions may be attended by any person permitted to attend the deposition under the Court's December 13, 2013 Protective Order (Dkt. No. 145) or any superseding protective order issued by the Court.

(b)      Remote Attendance.   Counsel (including their staff or those assisting in the litigation) may attend any deposition in person, by telephone, or via video streaming. Depositions that are transmitted via video stream shall provide both live video and audio of the witness and live streaming of a rough draft transcript in real-time during the deposition.

(c)      Unnecessary Attendance.   Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

(d)      Confidentiality.   All depositions conducted under this Order are pursuant and subject to the Protective Orders entered in this case.

(e)      In order for appropriate arrangements to be made, whenever feasible, counsel should provide written notice of their intention to attend a deposition and indicate whether they intend to attend in person, by telephone, or via video streaming.  Notice should be given seven (7) calendar days before the deposition date.  For depositions noticed by the either the subscriber or provider plaintiffs, counsel should provide notice to Bill Butterfield by email to nyousafzai@hausfeld.com and Nick Roth at bluecrossdepositions@whatleykallas.com.  For depositions noticed by the defendants, counsel should provide notice to Dan Laytin by email to nshea@kirkland.com and to Des Hogan by email to desmond.hogan@hoganlovells.com and michele.gutrick@hoganlovells.com.  Counsel who receives notice of intent to attend the deposition pursuant to this paragraph shall share the list of all attendees of the deposition with the other person specified in this paragraph five (5) calendar days before the deposition date.

6.      Length of the Deposition.  Pursuant to Federal Rule of Civil Procedure 30(d)(1), depositions shall be limited to one (1) day of seven (7) hours, absent stipulation or a showing of good cause for extension.  Pursuant to Section II.C.3 of Discovery Order No. 1, depositions taken under Fed. R. Civ. P. 30(b)(6) shall be limited to fourteen (14) hours, absent stipulation or a showing of good cause for extension.  Any time a defending party spends questioning its own witness shall not count towards these total hours.

(a)      For depositions of a non-party, unless otherwise agreed, the noticing side shall have six (6) hours to examine the witness and the other side shall have one (1) hour to examine the witness.  If a non-party's deposition is cross-noticed, each side shall have four-and-one-half (4 ½) hours to depose the non-party.  Nothing herein prevents a party from seeking to extend a non-party's deposition pursuant to stipulation or a showing of good cause.

7.      <u>Conduct of the Deposition</u>.  Except by Court order, the following will apply at all depositions:

(a)      <u>Selection of Attorneys to Conduct Examination</u>.

(i)      One attorney, who represents the deponent, will defend the examination of a fact witness.

(ii)      The plaintiffs' primary examiner and, in their discretion, secondary examiner, will conduct the primary examination of a fact witness on behalf of plaintiffs.

(iii)      The defendants shall designate one primary and one secondary attorney examiner.

(iv)      In some depositions there may be sufficient divergence of circumstances among parties such that additional examiners may examine the deponent on non-redundant matters after the primary and secondary examinations of a fact witness.

8.      <u>Coordination on Examination Topics</u>.  The examiners for the parties will coordinate reasonably in advance to ensure they are coordinating their discovery efforts on all overlapping topics.  *See* Discovery Order No. 1 §§ II.E.1, II.E.2.

(a)      For expert depositions, the foregoing guidelines in 7(a)(i)-(iv) shall govern, and the same primary examiner and secondary examiner approach will be used, but additional examiners representing different parties on the side cross-examining the expert may examine the deponent on non-redundant matters after the primary and secondary examinations.

9.      <u>Objections</u>.

(a)      All objections shall be made pursuant to Federal Rule of Civil Procedure 30(c)(2).

(b)      As soon as any one attorney representing a party to this litigation states the word "objection" following a question, then all parties have preserved all possible objections to the form of the question.  Counsel for other parties need not repeat their objections in order to preserve them for the record.  Similarly, if the examining attorney states the word "objection" following the answer, then all parties' objections to the responsiveness of the answer are preserved without repetition by other counsel.  Counsel are instructed not to make repetitive objections if another attorney has already stated an objection.

(c)     Instructions Not to Answer; Suspension of a Deposition.

(i)     Instructions to the deponent not to answer are improper except on the ground of privilege, Court order, or if the deposition is being conducted in bad faith, or in such a manner as to unreasonably embarrass or oppress the deponent, or for any other basis allowable under the law.  Counsel providing such instruction may be assessed the entire cost of any resulting second deposition, including attorneys' fees and expenses for all other parties, if the instruction is found by the Court to be unreasonable.  All grounds for an instruction not to answer a question must be stated at the time the instruction is given, or are waived.  When privilege is claimed, the witness should answer questions that ask for a description of the nature of the documents, communications or tangible things not disclosed, but shall do so in a manner that does not reveal information that is itself privileged or protected, consistent with Fed. R. Civ. P. 26(b)(5).

(ii)     If a deposition is suspended pursuant to Fed. R. Civ. P. 30(d)(3), the party who suspended the deposition shall file and serve a motion for a protective order under Fed. R. Civ. P. 26(c) within seven calendar (7) days of suspension of the deposition.  If no motion for a protective order is filed, within fourteen (14) calendar days of the suspension of the deposition, a motion to compel and for sanctions under Fed. R. Civ. P. 37 may be filed and served.

(d)     Objections to Documents.  Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge. Nothing in this Order prevents any party from objecting at trial to a document on other grounds.

(e)     Sequence of Examination -- Depositions Taken by Plaintiffs.  Questioning at depositions noticed by plaintiffs shall be conducted in the following sequence:

(i)     primary examiner selected by the plaintiffs to conduct the examination;

(ii)     secondary examiner selected by the plaintiffs on matters not previously covered by plaintiffs' primary examiner; (with additional examiners for expert depositions as set forth in 8(a));

(iii)     primary examiner selected by the defendants;

(iv)     secondary examiner selected by the defendants, on matters not previously covered by the defendants' primary examiner;

(v)     attorneys for individual defendants on matters not previously covered by the defendants' primary or secondary examiners;

(vi)     attorney for the deponent, if any; and

(vii)     any redirect and recross by i-vi, above.

5

(f)     Sequence of Examination -- Depositions Taken by Defendants. Questioning at depositions noticed by defendants shall be conducted in the following sequence:

(i)     primary examiner selected by the defendants to conduct the examination;

(ii)     secondary examiner selected by the defendants on matters not previously covered by defendants' primary examiner; (with additional examiners for expert depositions as set forth in 8(a)); attorneys for individual defendants on matters not previously covered by the defendants' primary or secondary examiners;

(iii)     primary examiner selected by the plaintiffs; secondary examiner selected by the plaintiffs on matters not previously covered by the plaintiffs' primary examiner;

(iv)     attorney for the deponent, if any; and

(v)     any redirect or recross by i-iv, above.

(g)     Consultation With Witness.  During a deposition, a witness may consult with his attorney except while a question is pending to the extent permitted under the law. If a question is pending the witness must first answer the question before consulting with counsel, except on an issue relating to privilege.

10.     Interpreter.

(a)     Any deponent may request the use of an interpreter during the deposition by stating that said deponent has difficulty understanding and/or answering questions in the English language.

(b)     The interpreter shall be certified by the Administrative Office of the United States Courts and must serve in the judicial district where the deposition will be taken.  The interpreter will be mutually agreed upon by the parties.

(c)     The costs associated with the use of a mutually agreed upon interpreter will be covered by the party taking the deposition.

(d)     A deponent must request the use of an interpreter no later than ten (10) calendar days after receiving the notice of deposition.

11.     Documents.

(a)     Production of Documents.  Nonparty witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) calendar days before the scheduled deposition, except that nonparty witnesses subpoenaed or noticed to testify and

to produce documents under Fed. R. Civ. P. 30(b)(6) shall be noticed and served with the subpoena or deposition notice and document request at least forty (40) calendar days before the scheduled deposition. Depending upon the quantity of documents to be produced, additional time may be negotiated by mutual agreement to collect and produce the documents, as well as for inspection of the documents before the interrogation commences.

       (b)    <u>Copies</u>. Deponents and their counsel should each be provided a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection. Additional copies of documents used in a deposition should be provided to counsel who provide notice pursuant to Paragraph 5(e) that they will be attending the deposition in person.

       (c)    <u>Marking of Deposition Exhibits</u>. All deposition exhibits shall be marked as follows: [Deponent's First Initial +Last Name] and [exhibit number] (*e.g.* J. Doe, Exhibit 1).

12.    <u>Videotaped Depositions</u>. The following terms and conditions apply to videotaped depositions:

       (a)    <u>Stenographic Recording</u>. A certified court reporter shall simultaneously stenographically record all deposition proceedings and testimony. The court reporter shall on camera administer the oath or affirmation to the deponent. The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

       (b)    <u>Video Streaming</u>. Videotaped depositions may be transmitted via video stream that shall include both live video and audio of the witness and live streaming of a rough draft transcript in real-time during the deposition. Video streams shall not be recorded, shared, or otherwise transmitted to any party who is not authorized to attend the deposition.

       (c)    <u>Cost of Deposition</u>. The noticing party shall bear the expense of both videotaping and stenographic recording. Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

       (d)    <u>Identification of Persons in Attendance</u>. Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript.

       (e)    <u>Interruptions</u>. Video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions shall not be videotaped. The videographer shall record on camera the time of suspension and any subsequent reconvening of the deposition.

     (f)    <u>Standards</u>.  Depositions will be conducted in a manner designed to replicate, to the extent feasible, the appearance of a presentation of evidence at a trial.

     (g)    <u>Index</u>.  The videographer shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends.

     (h)    <u>Filing</u>.  After the deposition is completed, the videographer shall certify the correctness, completeness, and accuracy of the videotape recording, and file a true copy of the videotape, the transcript, and certification with the party that noticed the deposition.

13.    <u>Correction and Signing Depositions</u>.  The transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) calendar days after the end of the deposition.  The deposition may be signed by the deponent before any notary within sixty (60) calendar days after the transcript is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

14.    <u>Rulings Concerning Disputes at Depositions</u>.

     (a)    Disputes arising during depositions that cannot be resolved by agreement, and that if not immediately resolved will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to the undersigned or Magistrate Judge T. Michael Putnam by telephone.  In the first instance, the parties are directed to negotiate such disputes in good faith.  In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the Court shall arrange a telephone conference call with the undersigned's or the Magistrate Judge's law clerk at the Court's earliest convenience.  Facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings.  The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately.  During such proceedings, counsel shall have the opportunity to argue to the Court and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

     (b)    In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

     (c)    None of the provisions in this paragraph shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

     (d)    The Court will exercise the authority granted under 28 U. S. C. § 1407(b) to act as District Judge in any district in which a deposition is being taken.

DONE this 12th day of February, 2015.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE