# Exhibit A

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

    IN RE                            )   Docket No. 18 C 864
                                     )
    DEALER MANAGEMENT SYSTEMS        )   Chicago, Illinois
    ANTIRUST LITIGATION              )   August 16, 2018
                                     )   9:21 a.m.
                                     )

                       TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE ROBERT M. DOW, JR.


    APPEARANCES:

    For the Plaintiffs,
    Authenticom, et al.:     KELLOGG, HANSEN, TODD, FIGEL &
                             FREDERICK, PLLC, by
                             MR. DEREK TAM HO
                             MR. JOSHUA HAFENBRACK
                             1615 M Street, N.W.
                             Suite 400
                             Washington, District of Columbia   20036
                             (202) 236-7931
                             Dho@kellogghansen.com
                             Jhafenbrack@kellogghansen.com

    For the Dealer
    Plaintiffs:              MILBERG LLP, by
                             MS. PEGGY J. WEDGWORTH
                             1 Penn Plaza
                             Suite 4800
                             New York, New York  10119
                             (212) 631-8622
                             pwedgworth@milberg.com


    Court Reporter           KRISTIN M. ASHENHURST, CSR, RDR, CRR
                             Official Court Reporter
                             United States District Court
                             219 S. Dearborn Street, Suite 2303-A
                             Chicago, IL 60604
                             (312) 818-6549
                             kristin_ashenhurst@ilnd.uscourts.gov
```

```
 1   APPEARANCES: (CONTINUED)

 2   For the Dealer
     Plaintiffs:            ROBBINS GELLER RUDMAN & DOWD, by
 3                          MR. JAMES E. BARZ
                            200 South Wacker Drive
 4                          Suite 3100
                            Chicago, Illinois  60606
 5                          (312) 674-4674
                            jbarz@rgrdlaw.com
 6

 7   For Defendants CDK
     Global, LLC, and
 8   Computerized Vehicle
     Registration:          MAYER BROWN LLP, by
 9                          MS. BRITT M. MILLER
                            MR. MATTHEW D. PROVANCE
10                          71 South Wacker Drive
                            Chicago, Illinois  60606
11                          (312) 782-0600
                            bmiller@mayerbrown.com
12                          mprovance@mayerbrown.com

13   For Defendant
     The Reynolds and
14   Reynolds Company:      GIBBS & BRUNS, LLP, by
                            MS. AUNDREA K. GULLEY
15                          MR. BRIAN ROSS
                            1100 Louisiana
16                          Suite 5300
                            Houston, Texas  77002
17                          (713) 650-8805
                            agulley@gibbsbruns.com
18                          bross@gibbsbruns.com

19
                            SHEPPARD MULLIN RICHTER
20                          & HAMPTON, LLP, by
                            MR. DYLAN I. BALLARD
21                          Four Embarcadero Center
                            17th Floor
22                          San Francisco, California  94111
                            (415) 434-9100
23                          dballard@sheppardmullin.com

24

25
```

```
 1   APPEARANCES: (Continued)

 2
                          SHEPPARD MULLIN RICHTER
 3                        & HAMPTON, LLP, by
                          MR. LEO CASERIA
 4                        333 South Hope Sreet
                          43rd Floor
 5                        Los Angeles, California 90071
                          (213) 620-1780
 6                        lcaseria@sheppardmullin.com

 7
     ALSO PRESENT:        MR. SCOTT CHERRY,
 8                        General Counsel Reynolds & Reynolds

 9                        MR. JOHN EMMANUAL
                          Assistant General Counsel
10                        Reynolds & Reynolds

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   happy to work with -- there's no arbitration motion with
2   Mr. Ho's clients.  It's Ms. Wedgworth's clients that have
3   refused to allow us to join calls that involved cross-issues,
4   so we have been completely unable to coordinate discovery
5   between her case and all of the other cases.
6           THE COURT:  And that's because of the arbitration
7   issues.
8           MS. WEDGWORTH:  Actually, your Honor, the only time
9   that has come up is with regard to CDK serving discovery on us.
10  The petition there is CDK served discovery on us.  So in our
11  meet and confers on that we had meet and confers with CDK
12  counsel.  I don't understand why Reynolds should be involved
13  with those meet and confers.
14          MS. GULLEY:  Mr. Ross.
15          MR. ROSS:  Just to clarify.  I think the disconnects
16  here in terms of coordinated discovery, discovery is to be
17  coordinated in theory.  But, in fact, the individual plaintiffs
18  and dealer-class plaintiffs have served separate document
19  requests, have insisted on separate meet and confer sessions.
20  This is not facts to coordinate -- it has caused, frankly,
21  quite a bit of difficulty.
22          THE COURT:  Right.  Now, in terms of coordinating
23  discovery, that's something you should take up with Judge
24  Gilbert because he is going to be the one who pushes people's
25  heads together; it won't be me.

1   But on the issue of how discovery relates to the
2 arbitration motion, that's something that I need to figure out
3 because I am the one who has to rule on the arbitration motion.
4 But I assume that Ms. Gulley having raised this, that you will
5 address this in your -- somewhere in those 100 pages.
6   MS. WEDGWORTH: The arbitration?
7   THE COURT: Yes. And, also, if there's any issues
8 regarding whether discovery should be proceeding or waiver -- I
9 guess waiver is the thing you're worried about.
10   MS. WEDGWORTH: We will, your Honor, yes.
11   THE COURT: Okay. Perfect. And if you need relief
12 before then, you can let me know with a motion.
13   MS. GULLEY: Sounds like we do, so we will.
14   THE COURT: Yes. Then you guys can call each other
15 and agree on a schedule for briefing that motion. And because
16 that motion relates to the arbitration motion, you should
17 notice that with me instead of Judge Gilbert.
18   MS GULLEY: Thank you.
19   MS. MILLER: And, your Honor, just for clarity's sake.
20 We don't think it's necessarily an administrative issue. And
21 if discovery is being stayed pending a ruling on the
22 arbitration motion, --
23   THE COURT: Mm-hmm.
24   MS. MILLER: -- then all discovery should be stayed on
25 the basis of this is supposed to be a coordinated MDL. So we

1    would be opposed and would like to be heard if there's some
2    consideration or some thought that discovery should go forward
3    on the individual cases and not on the dealer cases because
4    they've adopted each other's discovery, and we obviously don't
5    want our folks deposed twice or anything like that.
6             So we would have a problem to the extent that there
7    was some sort of argument that some should go forward and
8    others should not.  So from our perspective it's an all or
9    nothing.
10            MS. WEDGWORTH:  Your Honor, this has been a step too
11   far there.  We've agreed from the start, depositions we don't
12   plan to duplicate.  All of that is to be coordinated.  To the
13   extent we can coordinate, we are.  To the extent we can't, we
14   each have to represent our own classes and we do so vigorously,
15   understanding that the benefit to all to coordinate will give
16   us efficiency.  We are 100 percent behind efficiency, do not
17   want to duplicate.  If there's a way to coordinate, we can.
18   But we're not going to risk our own clients' rights for certain
19   requests or certain dealings or certain arguments just in the
20   sake to coordinate.
21            THE COURT:  Well, the whole reason you're here is
22   coordinated pretrial proceedings, that's why the MDL put this
23   thing together.  But I also -- I'm having a hard time
24   envisioning any scenario in which grinding discovery to a
25   complete halt would make sense.  There has got to be something

1  you can move forward on, no matter what's still suspended in
2  air.  But that's all abstract.  If you want something concrete
3  that's anything different than what Judge St. Eve said, that so
4  far I have blessed, you have got to tee it up and explain it
5  out.  And I will move as quickly as I can on all of these
6  motions to keep you guys moving.
7        MS. GULLEY:  Appreciate it.
8        THE COURT:  Anything else on your list for today?
9  Anybody?  Anybody?
10       Okay.  So when to come back.  So you're going to be
11 seeing Judge Gilbert periodically I assume, because I saw
12 something entitled omnibus motion to compel or something like
13 that.  Those are the kinds of things that I say "Oh, thank God
14 we have a magistrate judge on this case."
15       (Laughter.)
16       THE COURT:  Because the pile of motions to dismiss
17 you've given me, and these 100-page briefs are going to be
18 quite a lot for me to digest, too.  As long as you're
19 proceeding with him for discovery, I wonder if it makes sene
20 for me to hold off on setting a status date until I've at least
21 reviewed the briefs on the motion to dismiss.  What may well
22 happen is I will review the briefs and decide there are a few
23 issues that would benefit from a hearing, an oral hearing, as
24 opposed to just me deciding them on the paper.  If I do that, I
25 would give you guys the questions in advance so you would know

```
 1  what's bothering me, because that works a lot better.
 2          If I set it for an oral argument, you're just going to
 3  repeat your briefs, unless you know what I'm talking about.
 4  But if I'm actually concerned about three particular issues and
 5  I give you the questions in advance, it's a much better
 6  hearing.  So my guess is that's what will happen.  So I will
 7  not give you another date until I've read the briefs.
 8          Now, I will give you another briefing schedule as soon
 9  as I resolve No. 290, okay?  Sound good?
10          MS. WEDGWORTH:  Yes, your Honor.
11          MR. HO:  Yes, your Honor.
12          THE COURT:  Fantastic.  Good to see you all.  Happy
13  travels back to wherever you're going.  And I will get on 290
14  as fast as I can.
15          MS. WEDGWORTH:  Great.  Thank you, your honor.
16          MS. GULLEY:  Thank you, your Honor.
17          THE COURT:  Thanks, everybody.  Good to see you all.
18      (Proceedings concluded.)
19                    * * * * * * * * * *
20                    C E R T I F I C A T E
21     I certify that the foregoing is a correct transcript from
22  the record of proceedings in the above-entitled matter.
23
24
    /s/Kristin M. Ashenhurst, CSR, RDR, CRR    SEPTEMBER 13, 2018
25  Kristin M. Ashenhurst, CSR, RDR, CRR       Date
    Federal Official Court Reporter
```