# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This filing relates to:* | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-865 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

## DEFENDANT COMPUTERIZED VEHICLE REGISTRATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A STAY PENDING RESOLUTION OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Computerized Vehicle Registration ("CVR")—a joint venture of CDK Global LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds")—provides electronic vehicle registration services to dealerships so that car buyers can register their vehicles at the dealer rather than making a separate trip to the department of motor vehicles or similar agency. CVR is named as a defendant in only one of the five cases consolidated in this MDL: *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, No. 1:18-cv-865 (N.D. Ill.).

Pursuant to the Case Management Order entered by the Court (MDL Dkt. 166), plaintiffs in this MDL were required to serve "any additional, non-duplicative, coordinated discovery requests" and any proposed additional "search terms, and custodians" by May 25, 2018, so that document productions could be "substantially complete" by October 12. On May 25, Plaintiffs Motor Vehicle Software Corp. ("MVSC"), AutoLoop, Cox Automotive, and Authenticom ("Individual Plaintiffs") served **101** separate requests for production on CDK.[1] On top of

---

[1] This was in addition to the **107** requests for production already served on CDK in the *Authenticom* matter prior to its consolidation with the MDL for pretrial discovery.

800,000+ documents that CDK has already produced in the litigation, it is diligently reviewing approximately 1.7 million *additional* documents, including from 31 agreed-upon custodians, in an effort to meet the October 12 deadline for substantial completion of document productions.[2]

Instead of serving CVR with *any* discovery requests at the outset, however, MVSC—the only party in this MDL with claims against CVR—deliberately sat on the sidelines. CVR's counsel[3] reminded MVSC's counsel on several occasions throughout June and July that no discovery had been served on CVR (and as a result, no documents had been collected from CVR custodians, and no search terms had been proposed or tested). Indeed, the deadline to meet-and-confer and (if necessary) file any motions to compel regarding the May 25 "coordinated" discovery requests that had been served by the parties lapsed on August 6, 2018. Yet MVSC waited until August 30—three months after the start of discovery and mere weeks before this Court's October 12 deadline for substantial completion of document productions—to even serve their *initial* written discovery requests on CVR.

The discovery that MVSC finally served, moreover, is extraordinarily burdensome: **111** separate requests for production (not counting subparts) of broad scope, covering many of the same topics subsumed by the voluminous discovery already served on CDK—despite the fact that CVR is named only in one case and is not alleged to be part of the February 15, 2015 purported conspiracy between CDK and Reynolds that is at the center of the cases consolidated within this MDL. As a practical matter, it would be impossible for CVR to make a production of documents in response to these requests (regardless of any objections that CVR is likely to

---

[2] *See* CDK. Opp. to Mot. to Compel (MDL Dkt. 356) at 37-40. Unsatisfied with these efforts, Individual Plaintiffs have filed a motion to compel CDK to review approximately 400,000 *additional* documents. That dispute is currently pending before Judge Gilbert. *See id*. The parties have continued to meet-and-confer regarding CDK's search terms, but as of this date have not reached a resolution.

[3] Both CDK and CVR are represented by Mayer Brown LLP.

assert) by the October 12 deadline; CVR's *responses* to the discovery requests are not due until October 1. In light of the substantial likelihood that CVR will ultimately be dismissed from this litigation entirely, the discovery requests are entirely unwarranted.

To be sure, CVR does not seek a stay of *all* discovery in this MDL while its motion to dismiss is decided. Discovery as and between the remaining parties will continue apace. Moreover, a brief and limited stay as to just one Defendant named in a single case within this MDL will not derail the benefits of coordinated pretrial discovery generally. The reality is that discovery as to CVR already is proceeding on a separate track because MVSC failed to serve CVR with any discovery until very recently. Under the circumstances, and given courts' recognition of the "hefty costs associated with antitrust discovery," *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008), a brief stay of further proceedings and discovery *as to CVR only* is warranted until the Court determines whether CVR is a proper party to this litigation.[4]

## BACKGROUND

MVSC originally filed its case against CVR, CDK, and Reynolds before Judge Fischer in the Southern District of California in 2017. On October 2, 2017, Judge Fischer dismissed CVR from the case entirely. *MVSC Dkt.* 73 ("CVR Order"). At the time the *MVSC* case was consolidated with the other cases in this MDL, however, MVSC had again named CVR as a defendant in an amended pleading, and CVR and the other defendants had fully briefed subsequent motions to dismiss.

---

[4] Pursuant to Local Rule 37.2, this motion is brought following a telephone conference between CVR's counsel Matthew Provance and MVSC's counsel Michael Nemelka, Ben Rudofsky, and Christine Bonomo on September 20, 2018. The parties were unable to reach an accord.

### I.     CVR Raises Substantial Arguments for Dismissal

In her ruling dismissing CVR from the *MVSC* case, Judge Fischer held that "[n]one of the allegations related to CVR constitutes an independent violation of the antitrust laws" and were instead entirely "consistent with legitimate competitive activity." CVR Order at 10. What was more, MVSC had "failed to plead facts sufficient to state a plausible claim that CVR conspired with CDK and Reynolds to monopolize the EVR markets in Illinois or California." *Id.* at 11. Judge Fischer dismissed all causes of action against CVR, with leave to amend. *Id.* at 12.

MVSC then filed a new pleading, again naming CVR as a defendant. *MVSC Dkt.* 76. The new pleading added six paragraphs of non-specific, conclusory allegations: that unnamed CVR executives had "conspiratorial conversations" with unnamed representatives of CDK and Reynolds at CVR board meetings, where they allegedly discussed "the need to block MVSC from accessing dealer data"; that unnamed CVR executives "worked with CDK to keep CDK's integration program 'closed' to MVSC," and so forth. *Id.* ¶¶ 109-14. CVR filed a motion to dismiss the amended pleading, *MVSC Dkt.* 83, which was fully briefed prior to the formation of the MDL. Shortly after consolidation in the MDL, moreover, CVR submitted supplemental authority discussing Seventh Circuit case law at Judge St. Eve's request. *MVSC Dkt.* 115.

As CVR's pending motion to dismiss demonstrates (*see* MDL Dkt. 46), MVSC's attempts to cure the problem Judge Fischer identified in her first order dismissing CVR are insufficient. Not only are the new allegations MVSC added implausible and inadequate, but dismissal is warranted on the independent ground that CVR is legally *incapable* of conspiring with the other defendants under the *Copperweld* doctrine. Indeed, MVSC conceded in its motion to dismiss that CDK and CVR could not conspire, contending only that CVR could conspire with Reynolds (an argument that is inconsistent with case law and MVSC's prior pleadings).

## II. MVSC Waits Months To Serve Discovery Requests On CVR

On May 7, 2018, the Court entered an MDL Case Management Order, which set out the following deadlines (among others) for all cases in the MDL:

    a.    The parties were ordered to serve additional, coordinated discovery requests, along with proposed custodians and search terms, on <u>May 25</u>.[5]
    b.    All motions to compel were due <u>August 6</u>.
    c.    Substantial completion of document productions is due <u>October 12</u>.
    d.    Oral discovery (depositions) will commence on <u>October 16</u>.

MDL Dkt. 166. Pursuant to the Order, on May 25, the parties to the MDL exchanged their coordinated discovery requests. MVSC did not serve any discovery requests on CVR at that time, although they did serve CDK with **101** additional requests for production (not counting subparts), many of which pertained to CVR. *See* Exhibit 1 (Requests 44-62, 64).[6] Nor had CVR been served with any discovery requests in *MVSC* before MDL consolidation.

On June 1, 2018, Individual Plaintiffs (including MVSC) sent CDK and CVR's counsel a letter asking to meet and confer about document custodians and search terms. Counsel explained that CDK would "undertake a reasonable search for documents relevant to the *MVSC* litigation that relate to CVR." *See* Exhibit 2 at 2. But, counsel explained, "CVR has no written discovery to respond to and thus, no basis to engage in a discussion about custodians or search terms." *Id*. "If MVSC wants to serve CVR with requests for production targeted to the allegations and claims asserted in *MVSC* (which it should have served on May 25), and propound a narrower set of search terms related to those claims," counsel continued, "CVR is prepared to consider them with the understanding that—depending on when those requests are served (and their volume)—

---

[5] Significant discovery had already taken place in the *Authenticom* case prior to MDL consolidation. Documents produced in *Authenticom* were re-produced to all MDL parties on May 9. *See* MDL Dkt. 166.

[6] Among these, Individual Plaintiffs' Request 57 seeks all documents and communications related to CDK's "involvement" in the operation of CVR. CDK has objected to this discovery, as it similarly pertains to Section 2 claims against CDK that Judge Fischer dismissed from the *MVSC* case as well. *See* CDK. Opp. to Mot. to Compel (MDL Dkt. 356) at 31-34.

5

CVR may need additional time to respond." *Id*. at 2-3. As CDK memorialized in a subsequent letter, Individual Plaintiffs responded that MVSC intended to serve separate discovery on CVR "in the short term." *See* Exhibit 3 at 4. But in the weeks that followed, CVR received no such discovery requests.

On July 19, 2018, during a subsequent meet-and-confer, counsel for CDK and CVR again reminded counsel for MVSC and other Individual Plaintiffs that CVR had not been served with discovery. Counsel for CDK and CVR subsequently memorialized those discussions in a letter:

> You [Individual Plaintiffs' counsel] again confirmed during our meet-and-confer that Plaintiffs intend to serve separate discovery requests upon CVR. Per your prior conversation with Britt Miller, we understand that Plaintiffs are "holding off" until the Court rules on CVR's pending motion to dismiss so as not to expend unnecessary resources in the event CVR's motion is granted. As Ms. Miller informed you during that same conversation, while CVR appreciates that plaintiffs are trying not to unnecessarily burden CVR, CVR . . . reserves all rights to seek relief from such discovery, including but not limited to an extension of the discovery schedule, based on, among other things, Plaintiffs' delay.

Exhibit 4 at 5 n. 4. Still, another month of the discovery period passed without MVSC serving any discovery on CVR.

On August 30, 2018, after the parties' omnibus motions to compel regarding all outstanding discovery issues had been filed and fully briefed, MVSC finally served CVR with 111 separate requests for production, purportedly on behalf of not only MVSC but also the other three "Individual Plaintiffs" who have not asserted claims against CVR. *See* Exhibit 5. Days later, MVSC proposed 11 additional document custodians for CVR (beyond the 31 already named for CDK) and more than 90 ESI search terms to be run on their ESI.[7] CVR is a relatively small joint venture: its entire organizational chart fits on a single page. *See* Exhibit 9. Moreover,

---

[7] *See* Exhibit 6 and Exhibit 7. MVSC subsequently amended its proposal such that it is now seeking 8 CVR custodians and for the CVR-related search terms to be run against the files of an additional employee who has already been designated as a document custodian by CDK. *See* Exhibit 8 at 1.

6

the number of custodians requested from CVR dwarfs the number of agreed-upon custodians for comparably-sized plaintiffs AutoLoop (5) and MVSC (6). *See* Exhibit 10 at 1.

## LEGAL STANDARD

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *see also Brown-Bey v. U.S.*, 720 F.2d 467, 470 (7th Cir. 1983) ("A district court has wide discretion with respect to discovery matters."). Courts often grant "motion[s] to stay discovery pursuant to Rule 26(c) in order to secure the 'just, speedy and inexpensive determination of every action.'" *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993). In particular, the "hefty costs associated with antitrust discovery" mean that a court "should be particularly mindful of the course of discovery it will authorize in antitrust cases." *Desotech*, 2008 WL 4812440, at *3.

## ARGUMENT

### I. A Stay Of Discovery Is Warranted

Although CVR recognizes that a motion to dismiss does not automatically stay discovery, a stay is "often deemed appropriate where discovery may be especially burdensome and costly to the parties." *Desotech*, 2008 WL 4812440, at *2. And because "discovery in *any* antitrust case can quickly become enormously expensive and burdensome to defendants," *id.* (citing *Twombly*, 550 U.S. at 556), "[a]ntitrust cases are typical of the types of cases where discovery is so burdensome and costly to parties that a stay pending decision on a motion to dismiss may be appropriate,"*Coss v. Playtex Prod., LLC*, 2009 WL 1455358, at *4–5 (N.D. Ill. May 21, 2009); *see also Lupia v. Stella D'Oro Biscuit Co.*, 586 F.2d 1163, 1167 (7th Cir. 1978) ("antitrust trials often encompass a great deal of expensive and time consuming discovery"). "Absent circumstances presenting a compelling need for prompt discovery" in antitrust cases, therefore,

"the principles underlying *Twombly* counsel in favor of granting" a motion to stay. *Desotech*, 2008 WL 4812440, at *3.[8]

This case presents a prime example of the sort of complex antitrust litigation where a stay pending a motion to dismiss is appropriate. When, as here, plaintiffs have inexplicably delayed serving a party with *any* discovery until its compliance with the requests would be virtually impossible under the terms of a scheduling order, and the recipient of the requests has strong grounds for dismissal on the pleadings, it makes no sense to force the defendant to incur the costs of discovery while a fully briefed motion to dismiss awaits resolution.

### A.   MVSC's Requests For CVR Are Extraordinarily Burdensome

While the current deadline for the parties to substantially complete their document productions is October 12, MVSC's late-served discovery requests for CVR do not seek discrete and targeted categories of documents that are proportional to CVR's relatively small size and the limited nature of its alleged role in this MDL. To the contrary, MVSC's 100+ discovery requests are extremely broad, highly duplicative of the discovery already served on CDK, and seek a huge range of documents including:

- All communications between the CVR document custodians and CDK or Reynolds (Requests No. 1 & 2);

- Documents concerning EVR products and services, and customers, as well as CVR's competitors and *their* services (Request Nos. 36-39 & 54-55);

- All communications between CVR's parents regarding CVR (Request No. 67);

- Transaction sales data on a per-customer and per-transaction basis for EVR services for the past ***twelve years***, including, but not limited to, (1) date/location, (2) customer,

---

[8] *Accord, e.g.*, *Welch v. Eli Lilly & Co.*, 2009 WL 700199, at * (S.D. Ind. Mar. 16, 2009) (staying company-wide discovery pending motion to dismiss in disparate impact case); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (staying discovery pending motion to dismiss in antitrust case); *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay is appropriate where motion to dismiss "may obviate the need for burdensome discovery").

>(3) service purchase, (4) information "tied to" the service purchased, including unit price, unit cost, quantity, and discounts, (5) order number, and (6) documents necessary to interpret these fields (Request No. 82).

*See* Exhibit 5. To comply with these requests as written, it is not a stretch to say that CVR might have to produce virtually every document related to its business. Courts have granted stays of discovery based on far less onerous requests. *Compare Desotech*, 2008 WL 4812440, at *3 (granting stay where requests sought business records "span[ing] a period of at least eight years of activity" as well as "extensive, voluminous, and expensive" internal communications and other information that is "highly sensitive subject matter to turn over to one's competitor"). Discovery disputes are sure to arise over CVR's objections to these requests, and there is a substantial likelihood that Court intervention will be needed to resolve them.

Nor are the burdens on CVR limited to the sheer number and scope of the requests; they must be considered in the context of the parties' current discovery schedule. Under the Federal Rules, CVR's written objections and responses are not due until October 1, less than two weeks before the Case Management Order's October 12 deadline for substantial completion of document discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). It is not feasible for CVR to respond to MVSC's requests, engage in a meaningful meet-and-confer process about them, negotiate appropriate search terms, agree upon custodians, collect and review documents for responsiveness to more than *100* separate requests and for privilege, and make a substantial production on this schedule, particularly given that CVR's counsel also must review more than a million additional documents pursuant to the hundreds of separate discovery requests served on CDK by the same deadline. Simply put, MVSC's decision not serve any discovery on CVR until now has made it practically impossible for CVR to comply with the current Case Management

9

Order.[9] Of course, if CVR's motion to dismiss is granted, then these burdens will be unnecessary.

### B. CVR Has Substantial Arguments For Dismissal

A stay also is appropriate because CVR has advanced compelling arguments for dismissal. Under *Twombly*, a defendant "should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one." *Beck v. Dobrowksi*, 559 F.3d 680, 682 (7th Cir. 2009).

Judge Fischer *already* has dismissed CVR once from the *MVSC* litigation based on MVSC's failure to plausibly allege a conspiracy involving CVR. *MVSC Dkt.* 73. As set forth in CVR's pending motion to dismiss, MVSC's efforts to cure the deficiency recognized by Judge Fischer are conclusory and unavailing. MDL Dkt. 47 at 4-6. MVSC's efforts also fail for the independent reason that its claims against CVR are barred by *Copperweld*. *Id.* at 2–4. "[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase." *Asahi Glass Co. v. Pentech Pharm, Ind.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation)). Accordingly, CVR's substantial arguments for dismissal provide another compelling reason for a stay of discovery.[10]

---

[9] Therefore, at a minimum and regardless of the outcome of this motion, the October 12 substantial completion deadline and likely other case deadlines as to CVR will need to be extended.

[10] *See also, e.g.*, *Cataldo v. City of Chicago*, 2002 WL 91903, at *1 (N.D. Ill. Jan. 24, 2002) ("Requiring [discovery] when there is a legitimate possibility that the case could be dismissed would not be an efficient use of [the parties'] resources, especially given the current procedural posture of the case."); *MC Asset Recovery, LLC v. Castex Energy, Inc.*, 2007 WL 9718311, at *3 (N.D. Tex. Aug. 6, 2007) (granting stay where "the substantial arguments raised in Defendants' motion indicate to the Court that it is certainly possible that Plaintiffs' claims may be dismissed"); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (granting stay where discovery requests were "extensive" and the motions for dismissal "appear to have substantial grounds").

### C. Plaintiffs Would Suffer Little To No Prejudice From A Stay

Finally, a stay is warranted because MVSC (and the other MDL Plaintiffs) would suffer little to no prejudice from a stay. That is so for at least four reasons.

*First*, at the most recent status hearing in the MDL, the Court indicated it would prioritize a ruling on the Defendants' Rule 12(b)(6) motions (including CVR's motion to dismiss) once briefing on two later-filed motions to dismiss, stay, and/or compel arbitration of the Dealership Class Plaintiffs' consolidated class action complaint and vendor plaintiff AutoLoop's amended class action complaint were completed on September 21. Exhibit 11 at 22. These comments suggest that a decision on CVR's motion to dismiss will be forthcoming relatively soon.

*Second*, much of the discovery that MVSC has served on CVR overlaps with discovery they have already served on CDK. As a general matter, CDK has agreed to produce documents pertaining to CVR that are in CDK's possession, custody, or control (subject to its objection to one particularly broad request seeking all documents related to CDK's "involvement" in CVR). *See* Exhibit 2 at 2. Plaintiffs thus can hardly claim that they will be deprived of any discovery on these matters or discovery in the *MVSC* litigation while a stay as to CVR is in place.

*Third*, as discussed, it is practically impossible for CVR to meet the October 12 deadline for a production of documents, let alone to begin depositions on October 16, as contemplated by the current Case Management Order. Because MVSC's delay in serving any discovery on CVR has already all but guaranteed that CVR will be proceeding on a separate discovery timeline regardless of the outcome of this motion, a temporary stay while the Court decides the pending motions to dismiss can hardly be said to cause Plaintiffs undue prejudice.

*Finally*, it bears repeating that MVSC chose to serve its discovery requests three months late, two months after counsel for CDK explained that CVR should be served separately, and one

11

month after counsel for Individual Plaintiffs told the undersigned that MVSC was "'holding off' until the Court rules on CVR's pending motion to dismiss so as not to expend unnecessary resources in the event CVR's motion is granted." Exhibit 4 at 5 n. 4. In *Desotech*, Judge Lefkow gave specific examples of circumstances that might "presen[t] a compelling need for prompt discovery," such as if "provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness." 2008 WL 4812440, at *3. No such circumstances exist here. To the contrary, MVSC's own conduct confirms that its need for separate discovery of CVR—much less the extremely broad scope of discovery contemplated by its late-served requests—is anything but compelling.

## CONCLUSION

For the foregoing reasons, the Court should grant CVR's motion and stay all further proceedings in this MDL as to CVR (including discovery) pending resolution of CVR's motion to dismiss MVSC's second amended complaint.

Dated: September 24, 2018

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
Computerized Vehicle Registration*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on September 24, 2018, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A STAY PENDING RESOLUTION OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                            */s/ Britt M. Miller*
                                            Britt M. Miller
                                            MAYER BROWN LLP
                                            71 South Wacker Drive
                                            Chicago, IL 60606
                                            Phone: (312) 782-0600
                                            Fax: (312) 701-7711
                                            E-mail: bmiller@mayerbrown.com