**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>*Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-00865 (N.D. Ill.) | MDL No. 2817<br>Case No. 18 C 864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
DEFENDANT COMPUTERIZED VEHICLE REGISTRATION
TO RESPOND TO DISCOVERY**

**INTRODUCTION**

Plaintiff Motor Vehicle Software Corporation ("MVSC") respectfully files this motion to compel in order to remedy the categorical refusal by defendant Computerized Vehicle Registration ("CVR") to participate in discovery in this MDL. Alone among the defendants in this case, CVR has taken the position that it will not participate in any discovery unless and until its motion to dismiss is decided. But that position is untenable: upon CVR's own motion, MVSC's case was transferred to this Court for coordinated pretrial proceedings, and, at CVR's own urging, this Court has ordered a single coordinated discovery schedule applicable in all cases. CVR is not entitled to proceed on its own special track. MVSC thus respectfully requests that the Court compel CVR to engage in discovery and produce relevant and responsive documents on a reasonable timeframe, as close as practicable to the October 12, 2018 deadline for the substantial completion of document productions in the MDL. Dkt. 166.[1]

**BACKGROUND**

CVR – a wholly-owned joint venture of CDK and Reynolds – is MVSC's chief competitor and the nation's largest provider of electronic vehicle registration and titling ("EVR") services. MVSC's lawsuit alleges that, in violation of Section 1 of the Sherman Act, Defendants CDK and Reynolds conspired through their joint venture, CVR, to block MVSC from their data integration programs. As a result, and in violation of Section 2 of the Sherman Act, CVR (which CDK controls through its 80% ownership stake) has monopolized and attempted to monopolize various state markets for electronic vehicle registration services. MVSC's Section 1 conspiracy claims

---

[1] In MDL Plaintiffs' August 6, 2018 omnibus motion to compel, MDL Plaintiffs asked the Court to compel CDK to produce documents relating to CDK's relationship to CVR. *See* Dkt. 318, at 28-30. CVR is separately refusing to produce *any* documents or otherwise participate in discovery.

have already survived a motion to dismiss. *See* Memorandum Opinion, *Motor Vehicle Software Corp. v. CDK Global, Inc.* (C.D. Cal. Oct. 2, 2017), Dkt. 73 ("*MVSC Opinion*") (attached hereto as Nemelka Declaration Exhibit A). MVSC's Section 2 claims are the subject of Defendants' pending motion to dismiss.

On November 17, 2017, CDK, Reynolds, and CVR jointly asked the Judicial Panel on Multidistrict Litigation ("JPML") for transfer of MVSC's case and consolidation with the other related cases that eventually formed this MDL. As CDK, Reynolds, and CVR stated in their motion, the *MVSC* case and the other related cases "are based on similar alleged conduct, overlapping factual stories, and the same or similar legal theories." *See* J.P.M.L. Dkt. 1-1 at 1, *In re DMS Antitrust Litig.*, No. 2817 (J.P.M.L. Nov. 7, 2017). Defendants specifically urged transfer and consolidation in order to achieve coordinated discovery, in order to eliminate the inefficiency and potential inconsistency of multiple discovery tracks. *See id.* at 10-12.

After the MDL was formed, Defendants (including CVR) likewise urged a unified discovery schedule, and vigorously opposed separate tracks for different parties. *See* Defs.' Suppl. Submission at 1, Dkt. 155 ("Per the Court's April 25, 2018 Order (Dkt. 146), Defendants CDK Global, LLC and CDK Global, Inc. (collectively 'CDK'), **Computerized Vehicle Registration ('CVR')**, and The Reynolds and Reynolds Company ('Reynolds') (collectively 'Defendants'), offer this supplemental submission in support of their proposed case schedule.") (emphasis added); *id.* at 6 ("The key to Defendants' proposal, as noted in their April 5 letter and at the April 25 hearing, is that fact discovery is done once; not some unspecified amount now and some unspecified additional amount later."). Pursuant to the schedule that Defendants themselves urged, discovery is far advanced in this MDL. Under the Court's Case Management Order, the deadline

2

for substantial document production is October 12, 2018, with depositions taking place over a four-month period from October 15, 2018 through February 15, 2019. Dkt. 166.

On August 30, 2018, Individual and Vendor Class Plaintiffs (which includes MVSC) served CVR with their first set of discovery requests. *See* Individual Plaintiffs' Requests for Production to CVR (attached hereto as Nemelka Declaration Exhibit B). In the following weeks, Individual and Vendor Class Plaintiffs also proposed CVR custodians and search terms. *See* Nemelka Decl. Ex. C (Letter from M. Nemelka to B. Miller (Sept. 10, 2018)); Nemelka Decl. Ex. D (Email from M. Nemelka to M. Provance (Sept. 18, 2018)); Nemelka Decl. Ex. E (Individual Plaintiffs' Proposed CVR Search Terms). But during a meet-and-confer on September 20, 2018, that the parties had set up to discuss custodians and search terms, CVR informed Individual and Vendor Class Plaintiffs that it would not negotiate over CVR custodians, search terms, or the scope of the Requests for Production. Nemelka Decl. ¶¶ 14-15. On September 24, 2018, CVR preemptively filed a motion for a stay of discovery. Dkt. 380.[2]

## LEGAL STANDARD

"[W]hen a party does not respond properly to a discovery request," Rule 37(a) permits "the party that issued the request [to] file a motion to compel a proper response." *Baxter Int'l, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 161 (N.D. Ill. 2017). "Ultimately, the party objecting to discovery" – here, CVR – "bears the burden to show the requested discovery is improper." *Id.* (citing cases).

---

[2] Despite the fact that all discovery matters have been referred to Judge Gilbert, *see* Dkt. 221, CVR noticed its motion to compel before Judge Dow. MVSC has noticed this Motion for October 5, 2018 at 9:15 a.m. to coincide with the hearing on the motions to govern deposition protocol, as rescheduled per Judge Gilbert's minute entry (Dkt. 373).

Where CVR has objected on the basis of burden, it "must 'specifically demonstrate the burden that the discovery would impose.'" *Baxter Int'l*, 320 F.R.D. at 166 (quoting *Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, 2015 WL 1279839, at *7 (S.D. Ind. Mar. 20, 2015)). Although undue burden is a "common refrain of parties" seeking to avoid discovery obligations, "[u]ndue burden or expense, actual or potential, must be shown by 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Jenkins v. White Castle Mgmt. Co.*, 2014 WL 3809763, at *2 (N.D. Ill. Aug. 4, 2014) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981)).

**ARGUMENT**

**I.      CVR's Pending Motion to Dismiss Does Not Provide a Basis for CVR's Unilateral Refusal to Participate in Discovery**

**1.** CVR's primary basis for refusing to respond to Plaintiffs' discovery requests is its pending motion to dismiss MVSC's Second Amended Complaint. But "normally a defendant with a pending motion to dismiss is not excused from responding to discovery," especially when delaying discovery can hinder the speedy resolution of litigation. *See O'Conner v. Eden Mgmt. LLC*, 2014 WL 5761138, at *2 (N.D. Ill. Nov. 4, 2014) (Gilbert, J.); *see also, e.g.*, *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007); *Graue Mill Dev. Corp. v. Colonial Bank & Tr. Co. of Chicago*, No. 88 C 2584, 1988 WL 139346, at *1 (N.D. Ill. Dec. 22, 1988).[3]

---

[3] CVR's memorandum in support of its motion for stay (Dkt. 382 at 3) cites *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440 (N.D. Ill. Oct. 28, 2008), but that case reinforces that the "mere filing of the motion [to dismiss] does not automatically stay discovery" and that, where this Court has departed from that rule, "the existence of a dispositive motion is not the sole reason for granting the stay." *Id.* at *2. For example, the court noted that stays are "deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or

4

That rule has particular force in the context of this MDL. As explained above, CDK, CVR, and Reynolds sought this MDL consolidation and transfer, and they vigorously urged the Court to adopt a coordinated discovery schedule for all cases. The deadline for substantial document production is October 12, 2018, with depositions taking place over a four-month period from October 15, 2018 through February 15, 2019 (the date on which fact discovery closes). CVR's unilateral and indefinite refusal to participate in discovery until its motion to dismiss is resolved threatens to derail the coordinated discovery schedule that MDLs are designed to achieve. *See*, *e.g.*, *In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 890 F. Supp. 2d 896, 904 (N.D. Ill. 2012) ("[T]he primary purpose behind the establishment of a multidistrict litigation transferee court was and is to promote efficiency through the coordination of discovery.") (quoting *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1997 WL 109595, *2 (E.D. Pa. Mar. 7, 1997)).

**2.** CVR attempts to justify a stay by contending it *might* prevail on its motion to dismiss. Yet this self-serving prediction cannot support evading its discovery obligations. For one, evaluating CVR's argument would require this Court to make a preliminary finding about the viability of MVSC's claims, thus "circumvent[ing]" the ordinary "procedures for resolution" of a motion to dismiss. *New England Carpenters*, 2013 WL 690613, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). For another, CVR's argument is pure speculation, at best, and courts routinely decline to credit such arguments. *See O'Conner*, 2014 WL 5761138, at *2 ("The [] Defendants' motion to stay [discovery] is predicated on the assumption that their motion to dismiss will be granted. But that is pure speculation at this

---

qualified immunity" – none of which is at issue here – "or where . . . discovery may be especially burdensome and costly to the parties." *Id.* CDK has refused to meet and confer with MVSC regarding the propounded discovery, and has therefore failed to demonstrate any burden. Moreover, there is no reason to think CVR's discovery obligations will be any more burdensome than those faced by any other party in this MDL.

5

juncture."); *see also*, *e.g.*, *New England Carpenters*, 2013 WL 690613, at *2 ("[Defendant's] argument for a stay of discovery is mainly predicated on the assumption that its motion to dismiss has a high likelihood of success. . . . [That] assertion is mere speculation.").[4]

CDK argues in its memorandum in support of its motion for stay (Dkt. 382 at 11) that it would be "practically impossible" for it to meet the October 12 deadline for the substantial completion of document production. But during the parties' meet-and-confer on September 20, 2018, MVSC offered to negotiate an extended deadline for CVR's discovery responses. *See* Nemelka Decl. ¶ 14. CVR refused that offer and instead immediately sought this Court's intervention. *See* Dkt. 380. In any event, regardless of whether the October 12 deadline is practicable, discovery in this case does not close until February 15, 2019. MVSC has proposed to depose CVR officials near the end of the discovery period (on February 6 and 8, 2019). *See* Dkt. 371-2. It is entirely feasible for CVR to complete discovery on the Court-ordered schedule, so long as it does not indefinitely delay even beginning to collect and produce documents.[5]

## II. CVR's Motion to Dismiss is Meritless

In any event, CVR's motion to dismiss is unlikely to result in its dismissal from this case. As MVSC explained in its opposition brief, supplemental brief, and supplemental authority, *see MVSC* Dkt. 47 and Dkts. 136 and 235, MVSC's Second Amended Complaint includes specific factual allegations supporting the conclusion that "CVR was not a bystander to the CDK and

---

[4] Moreover, CVR is seeking a one-way stay of discovery that applies only to itself. Notably, Authenticom has moved to dismiss CDK's counterclaims in their entirety, *see* Dkt. 272, and that motion remains pending. But CDK has served a battery of discovery requests on Authenticom and demanded responses. *See RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2108 (2016) ("what is sauce for the goose is normally sauce for the gander").

[5] CVR's motion for stay contends that the number and scope of MVSC's discovery requests warrants a stay of discovery. But CVR made no attempt to negotiate with MVSC over narrowed requests. Instead, it sought immediate Court intervention. *See* Nemelka Decl. ¶¶ 16-17.

Reynolds conspiracy to block MVSC" but rather was an active participant in that conspiracy. Second Am. Compl. ¶¶ 109-113, *MVSC* Dkt. 76 (attached hereto as Nemelka Declaration Exhibit F). Indeed, CDK's own documents confirm CVR's central role in blocking MVSC from accessing dealer data on the CDK and Reynolds dealer management systems. *See* Dkt. 136 at 8.

CVR's motion to dismiss turns on its argument that it is a single unified entity with CDK and Reynolds and thus incapable of conspiring under *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984). As MVSC explained in its pleadings, CVR's arguments misapply *Copperweld* and its progeny. *See MVSC* Dkt. 47 at 16-20; Dkt. 136 at 9-11. But even if CVR were correct on that point, it would still not result in CVR's dismissal from the case, because MVSC alleges a separate cause of action against CVR for monopolization and attempted monopolization that is premised on CDK's substantial control over CVR. Second Am. Compl. ¶¶ 216-232, *MVSC* Dkt. 76. Even under CVR's theory, CVR either *is* a single economic entity with CDK (subject to monopolization) or it is *not* a single economic entity with CDK (subject to conspiracy to monopolize). With either result, CVR will remain a defendant in the MVSC case.

### III. Even if CVR Were To Prevail On Its Motion to Dismiss, CVR Will Still Be Subject to Discovery in This MDL

Finally, even if CVR were somehow correct about the merits of its motion to dismiss, CVR would still be subject to full discovery in this MDL. First, if CVR were dismissed as a defendant because the Court found CVR and CDK to be a single-entity incapable of conspiring under the Sherman Act, CVR's documents would be subject to discovery because they would be within the possession, custody, or control of CDK, which indisputably will remain a defendant. And second, even if not considered a formal "party," CVR would still be subject to discovery as a "third party." MVSC's Section 1 conspiracy claim against CDK and Reynolds has already survived a motion to dismiss. *See MVSC* Opinion, Dkt. 73. This case is therefore proceeding forward to discovery and

7

summary judgment no matter what. Discovery from CVR is crucial, whether as a "party" or "third party." CVR is CDK's and Reynolds' wholly-owned joint venture, operates in the relevant EVR markets, is MVSC's chief competitor, and is the nation's largest EVR provider. CVR will be required to produce relevant and responsive documents no matter how the pending motion to dismiss is resolved. *See, e.g., Moore v. PlasmaCare, Inc.*, 2012 WL 602623, at *1 (S.D. Ind. Feb. 23, 2012) ("Rule 45 allows for discovery on third parties and is as broad as Rule 26."). There is accordingly no basis for CVR's categorical refusal to participate in discovery in this MDL.

## CONCLUSION

The Court should grant MVSC's motion to compel CVR to participate in discovery.

8

Dated: September 24, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Derek T. Ho*
　　　　　　　　　　　　　　　　　　　　　Derek T. Ho
　　　　　　　　　　　　　　　　　　　　　Michael N. Nemelka
　　　　　　　　　　　　　　　　　　　　　Aaron M. Panner
　　　　　　　　　　　　　　　　　　　　　Joshua Hafenbrack
　　　　　　　　　　　　　　　　　　　　　**KELLOGG, HANSEN, TODD,**
　　　　　　　　　　　　　　　　　　　　　　**FIGEL & FREDERICK, P.L.L.C.**
　　　　　　　　　　　　　　　　　　　　　1615 M Street, NW, Suite 400
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　(202) 326-7900
　　　　　　　　　　　　　　　　　　　　　dho@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　mnemelka@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　apanner@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　jhafenbrack@kellogghansen.com

　　　　　　　　　　　　　　　　　　　　　Gary Salomons
　　　　　　　　　　　　　　　　　　　　　Daniel J. Friedman
　　　　　　　　　　　　　　　　　　　　　**GABRIELSALOMONS, LLP**
　　　　　　　　　　　　　　　　　　　　　16311 Ventura Blvd., Ste. 970
　　　　　　　　　　　　　　　　　　　　　Encino, CA 91436
　　　　　　　　　　　　　　　　　　　　　(818) 906-3700
　　　　　　　　　　　　　　　　　　　　　gary@gabrielsalomons.com
　　　　　　　　　　　　　　　　　　　　　daniel@gabrielsalomons.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Motor Vehicle Software Corporation*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on September 24, 2018, I caused a true and correct copy of the foregoing **PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT COMPUTERIZED VEHICLE REGISTRATION TO RESPOND TO DISCOVERY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com