IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** <br><br> **This Document Relates To:** <br><br> **THE DEALERSHIP CLASS ACTION** | MDL No. 2817 <br> Case No. 18-cv-00864 <br><br> Honorable Robert M. Dow, Jr. <br> Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP PLAINTIFFS' MOTION (1) TO STRIKE THE SECOND DECLARATION OF JEFFREY SCOTT CHERRY AND THE EXHIBITS THERETO, AND ANY ARGUMENT BASED ON THOSE DOCUMENTS IN DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS REPLY BRIEFING, AND (2) TO STRIKE OR DENY REYNOLDS' REQUEST FOR THE COURT TO RECONSIDER ITS PRIOR RULING CONCERNING ITS DISREGARD OF ARGUMENTS BASED ON THE "MASTER AGREEMENT"**

Dealership Plaintiffs respectfully submit this motion to strike the Declaration of Jeffrey Scott Cherry dated September 21, 2018 (the "Second Cherry Declaration") and the six exhibits thereto[1] submitted by defendant The Reynolds and Reynolds Company ("Reynolds") as well as any argument made by Reynolds based on those improperly-submitted documents, and to strike or summarily deny Reynolds' request that the Court reconsider its August 18, 2018 Order concerning its disregard of arguments based on the "Master Agreement" in Reynolds' motion to dismiss.

**INTRODUCTION**

Once again, Reynolds seeks to rely on extraneous materials in its efforts to dismiss Dealership Plaintiffs' Consolidated Class Action Complaint ("Complaint," Dkt. 198). On

---

[1] The Declaration of Jeffrey Scott Cherry dated September 21, 2018 is defined as the "Second Cherry Declaration" in order to avoid any confusion with the Declaration of Jeffrey Scott Cherry dated August 20, 2018 (the "First Cherry Declaration," Dkt. 335).

The redacted versions of the Second Cherry Declaration and the six exhibits thereto were filed as Dkt. 374-1 to 374-7, and the unredacted versions of those documents were provisionally filed under seal as Dkt. 375-1 to 375-7.

September 21, 2018, Reynolds filed its reply brief in further support of its motion to dismiss Dealership Plaintiffs' claims ("Reply Brief," Dkt. 375), and Reynolds also filed the Second Cherry Declaration and six exhibits thereto. Reynolds' Reply Brief relies on the Second Cherry Declaration and the exhibits thereto in its arguments in further support of the dismissal of Dealership Plaintiffs' claims in favor of arbitration.

Reynolds' submission of these new evidentiary materials along with its reply brief is wholly improper, as it violates the basic tenet that a party may not submit new facts or argument on a reply brief. Here, Reynolds has done both: it seeks to support a new argument, raised for the first time in its Reply Brief (concerning whether the contractual agreements between Reynolds and Reynolds Dealers contain price terms), with newly-submitted factual materials (the Second Cherry Declaration and the exhibits to that declaration).

The six exhibits to the Second Cherry Declaration are not newly-discovered evidence, which might arguably support their submission on reply; instead, they are documents which Reynolds has apparently had in its possession for many years, and which Reynolds could have submitted to the Court in a timely manner. The exhibits to the Second Cherry Declaration are, according to Mr. Cherry, the "operative Exhibits to the Reynolds DMS license agreement[s]" between Reynolds and the six named Plaintiffs who purchased DMS from Reynolds ("Reynolds Dealers"). Second Cherry Decl. at ¶¶ 3-8. However, Reynolds has had at least three previous opportunities to submit all of the documents that purportedly comprise the contractual relationships between Reynolds and the Reynolds Dealers: first, along with its Motion to Dismiss; second, in its initial response to Dealership Plaintiffs' Motion to Convert The Reynolds and Reynolds Company's Motion to Dismiss the Consolidated Class Action Complaint Pursuant to Rule 12(b)(6) to a Motion for Summary Judgment and Stay Further Briefing ("Motion to

2

Convert," Dkt. 332); and third, in response to the Court's instruction at the August 16, 2018 hearing on Plaintiffs' Motion to Convert. Having failed to submit these documents on those three prior occasions, Reynolds should not be given a fourth swing at the ball. The Second Cherry Declaration and the exhibits to that declaration should be completely stricken, and any arguments based on those documents in Reynolds' Reply Brief should be disregarded by the Court.

Additionally, in its Reply Brief (at 26), Reynolds casually asks the Court to "revisit" its August 21, 2018 ruling on Dealership Plaintiffs' Motion to Convert, in which the Court held that it would "disregard arguments dependent on the Master Agreement when ruling on Reynolds' motion to dismiss." Order dated Aug. 21, 2018, at 2 ("August Order," Dkt. 340). In addition, the Court held that "the Master Agreement does not contain prices". *Id.* at 2. Reynolds's informal request that the Court "revisit" its August Order is both procedurally improper and substantively meritless, as a reply brief is not the appropriate vehicle for a motion for reconsideration, and Reynolds has not established that reconsideration of the Court's prior ruling is warranted. Reynolds' request should itself be stricken or summarily denied, and the arguments in Reynolds' Reply Brief that rely on the Master Agreement should be disregarded by the Court.

## ARGUMENT

### I. THE COURT SHOULD STRIKE THE SECOND CHERRY DECLARATION AND THE EXHIBITS THERETO, AND COMPLETELY DISREGARD ANY ARGUMENT BASED ON THOSE DOCUMENTS

Reynolds' submission of the Second Cherry Declaration is improper because that declaration attaches *newly submitted* (but previously available) documents -- wholly outside the pleadings -- to support a *new* argument raised in a reply brief. Such materials may not properly be considered. *See Hernandez v. Cottrell, Inc.*, Case No. 10-cv-1522, 2014 WL 1292336, at *2 (N.D. Ill. Mar. 31, 2014) (Dow, J.) ("To the extent that Defendant's reply brief raises improper arguments or injects new facts, the Court does not consider them."); *J & J Sports Prods., Inc. v.*

*Resendiz*, No. 08 C 4121, 2009 WL 1953154, at *1 (N.D. Ill. Jul. 2, 2009) ("Arguments raised or developed for the first time in a reply brief are waived.") (citing *Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 803 (7th Cir. 2006)); *Spencer v. Jimmy D'S Body and Fender Shop, Inc.*, No. 07 C 3981, 2008 WL 5142242, at *2 (N.D. Ill. Dec. 5, 2008) ("It is well established that new arguments may not be first raised in a reply brief -- a party must state all of its reasons in support of a motion the first time around."); *Herion v. Village of Bensenville*, No. 00 C 1026, 2000 WL 1648937, at *4 (N.D. Ill. Nov. 1, 2000) ("new arguments and new facts cannot be asserted for the first time in a reply brief") (citing *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989)).

Reynolds has no excuse for failing to file these documents in a timely manner. The exhibits to the Second Cherry Declaration are, purportedly, the "operative Exhibits to the Reynolds DMS license agreement[s]" between Reynolds and the Reynolds Dealers. Second Cherry Decl. at ¶¶ 3-8. These are documents that Reynolds has apparently had in its possession for years, and which Reynolds could have filed along with its Motion to Dismiss; but, for whatever reason, Reynolds chose not to do so.[2] Dealership Plaintiffs' Motion to Convert, filed on July 25, 2018, raised questions about whether Reynolds had adequately established the existence and authenticity of the documents purportedly comprising the contractual relationship between Reynolds and Reynolds Dealers; although Reynolds submitted the unsworn Declaration of Sheri

---

[2] On July 18, 2018, along with its Motion to Dismiss, Reynolds filed certain unauthenticated documents (the "Master Agreement", "Authorization Letters" "Customer Guide", and "Defined Terms") which Reynolds claimed were examples of the documents comprising the contractual relationship between Reynolds and Reynolds Dealers. *See* Dkt. 255-2, 255-8, 255-9 and 255-10. However, at that time, Reynolds did *not* file any of the documents (attached as exhibits 1-6 to the Second Cherry Declaration) which Reynolds now claims are the "operative Exhibits to the Reynolds DMS license agreement[s]" between Reynolds and the Reynolds Dealers. Second Cherry Decl. at ¶¶ 3-8.

On July 20, 2018, after Dealership Plaintiffs' counsel pointed out the discrepancy in Reynolds' statute of limitations argument and the version of the "Master Agreement" that Reynolds had attached to its Motion to Dismiss, Reynolds filed a "corrected" (but still unauthenticated) version of the "Master Agreement". *See* Dkt. 270. At that time, Reynolds *again* chose not to file any of the documents it has now filed as exhibits to the Second Cherry Declaration.

Robinson dated August 8, 2018 (Dkt. 328-1) in an attempt to authenticate the version of the "Master Agreement" Reynolds had previously submitted, Reynolds again chose not to submit the six exhibits which are now attached to the Second Cherry Declaration. Further, on August 20, 2018, following the Court's hearing on Dealership Plaintiffs' Motion to Convert, Reynolds filed the First Cherry Declaration (Dkt. 335), which sought to authenticate all of the contract documents that Reynolds had previously submitted; however, despite being given another opportunity to establish the existence and authenticity of all of the documents comprising the contractual agreements between Reynolds and Reynolds Dealers, Reynolds (for the third time) chose not to submit the documents which are now the exhibits to the Second Cherry Declaration.

Reynolds argues that the six exhibits to the Second Cherry Declaration support Reynolds' argument that the contracts between Reynolds and Reynolds Dealers contain price terms – an argument that was raised *for the first time* in Reynolds' Reply Brief. See Reply Brief at 5-6. Reynolds (intentionally or negligently) passed on multiple opportunities to submit these documents in a timely manner so that Dealership Plaintiffs could have responded to them in their opposition to Defendants' motions to dismiss. Reynolds should not be permitted to submit these documents now, *after* Plaintiffs have filed their opposition, to support an argument which Reynolds raised for the first time on reply. Instead, the Second Cherry Declaration and the exhibits thereto should be completely stricken from the record, and the Court should wholly disregard any argument in Reynolds' Reply Brief (*see* Reply Brief at 6) which cites to or relies on those documents.

**II. THE COURT SHOULD STRIKE, OR SUMMARILY DENY, REYNOLDS' IMPROPER REQUEST FOR THE COURT TO "REVISIT" ITS AUGUST ORDER, AND DISREGARD ANY ARGUMENTS THAT RELY ON THE MASTER AGREEMENT**

On July 18, 2018, Reynolds filed its Motion to Dismiss, along with a supporting memorandum (Dkt. 255). The memorandum cited numerous documents that were neither attached to nor referenced in the Complaint, including a version of the so-called "Master Agreement" between Reynolds and Reynolds Dealers.

Shortly following the filing of the Motion to Dismiss, Dealership Plaintiffs filed a motion to convert the Motion to Dismiss to a motion for summary judgment ("Motion to Convert," Dkt. 332) based, *inter alia*, on Reynolds' improper reliance on materials outside the Complaint. In their Motion to Convert, Dealership Plaintiffs argued that "the Court should not consider the Master Agreement on Reynolds' motion to dismiss because the Master Agreement is not attached to the consolidated class action complaint and is not central to Plaintiffs' allegations." August Order at 2. On August 18, 2018, the Court ruled on Dealership Plaintiffs' Motion to Convert, finding that "[w]ithout any clear reference to the Master Agreement or any of its terms in the complaint, Reynolds has not identified any viable basis for concluding that the Master Agreement is central to Plaintiffs' allegations." *Id.* In addition, the Court stated that "[], as noted by Plaintiffs, the Master Agreement does not contain prices." *Id.* Accordingly, the Court held that "it will be able to disregard arguments dependent on the Master Agreement when ruling on Reynolds's motion to dismiss." *Id.* at 2-3.

Reynolds now asks the Court to "revisit" this portion of the August Order and to consider the Master Agreement for purposes of Reynolds' one-year contractual limitations argument. *See* Reply Brief at 26. Reynolds' request that the Court "revisit" the August Order should be stricken as improper, or, in the alternative, should be flatly rejected. A summary request in a reply brief is

not the appropriate procedural vehicle for asking the Court to reconsider its prior Order; instead, such relief must be sought through a motion for relief from order under Rule 60 of the Federal Rules of Civil Procedure (or, after judgment has been entered, through a motion to alter or amend a judgment under Rule 59) – *i.e.*, a "motion for reconsideration".

Reynolds has not only failed to file a motion for reconsideration, it has completely failed to make the required showing for such relief. *See Burrell v United Parcel Serv., Inc.*, Case No. 14-CV-5127, 2016 WL 4720024, at *2 (N.D. Ill. Sept. 8, 2016) (Dow, J.) ("[I]t is well-established that '[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence'") (citations omitted). Clearly, nothing about the August Order was manifestly wrong. Nor does Reynolds point out any "newly discovered evidence" warranting reconsideration of the August Order. Reynolds' mere disagreement with the Court's Order does not even remotely approach sufficient grounds for reconsideration. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'").

Moreover, Dealership Plaintiffs filed their brief in opposition to Defendants' motions to dismiss *after* the Court issued its August Order, and Dealership Plaintiffs' arguments against Reynolds' one-year contractual limitations period argument *rely* on the Court's ruling (set forth in the August Order) that it would not consider the Master Agreement in ruling on that argument. *See* Dealership Plaintiffs' Omnibus Memorandum of Law in Opposition to (1) Defendants' Motions Concerning Arbitration and to Stay Claims; and (2) Defendants' Motions to Dismiss the Consolidated Class Action Complaint (Dkt. 358) at 74. As Dealership Plaintiffs have drafted

7

their arguments against Reynolds' Motion to Dismiss in reliance on the Court's August Order, the Court should not reverse that Order based on Reynolds' improper, unsupported request.[3]

Finally, because Reynolds' request that the Court should "revisit" its August Order is meritless and improper, all arguments in Reynolds' Reply Brief that rely on the Master Agreement (*see* Reply Brief at 18, 25-26) should be completely disregarded by the Court.

## CONCLUSION

For the foregoing reasons, Dealership Plaintiffs respectfully submit that the Court should strike the Second Cherry Declaration and the exhibits thereto and should not consider any arguments raised by Reynolds which cite to or otherwise relies on those documents (*see* Reply Brief at 6). Further, the Court should strike or summarily deny Reynolds' request that the Court revisit its August Order concerning the Master Agreement, and the arguments in Reynolds' Reply Brief that rely on the Master Agreement (*see* Reply Brief at 18, 25-26) should be disregarded by the Court.

---

[3] In a one-sentence footnote (Reply at 26 n.32), Reynolds alternatively requests summary judgment on a so-called "statute of limitation" issue. The request should be denied, as Reynolds has never filed a proper motion for summary judgment, and the time for filing such a motion is July 2019, following the close of fact and expert discovery. *See* Case Management Order, Dkt. 166, at 3. Finally, Reynolds' use of a footnote to raise this extraordinary request is patently improper. *See Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191, at *11 n.13 (N.D. Ill. May 16, 2018) ("The Seventh Circuit has reiterated time and again that skeletal and undeveloped arguments raised in footnotes are subject to waiver.") (citations omitted).

Dated: September 25, 2018                     Respectfully submitted,

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth (pro hac vice)
*Dealership Interim Lead Class Counsel*
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

Leonard A. Bellavia (pro hac vice)
*Plaintiffs' Steering Committee*
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

Daniel C. Hedlund (pro hac vice)
*Plaintiffs' Steering Committee*
Michelle J. Looby (pro hac vice)
*Plaintiffs' Steering Committee*
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

James E. Barz
*Plaintiffs' Steering Committee*
Frank Richter
*Plaintiffs' Steering Committee*
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Robert A. Clifford
*Liaison Counsel*
Shannon M. McNulty
Kristofer S. Riddle
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC4cliffordlaw.com
SN4M@cliffordlaw.com
KSR@cliffordlaw.com

**CERTIFICATE OF SERVICE**

      I, Peggy J. Wedgworth, an attorney, hereby certify that on September 25, 2018, I caused a true and correct copy of the foregoing **DEALERSHIP PLAINTIFFS' MOTION (1) TO STRIKE THE SECOND DECLARATION OF JEFFREY SCOTT CHERRY AND THE EXHIBITS THERETO, AND ANY ARGUMENT BASED ON THOSE DOCUMENTS IN DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO DISMISS REPLY BRIEFING, AND (2) TO STRIKE OR DENY REYNOLDS' REQUEST FOR THE COURT TO RECONSIDER ITS PRIOR RULING CONCERNING ITS DISREGARD OF ARGUMENTS BASED ON THE "MASTER AGREEMENT"** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                              */s/ Peggy J. Wedgworth*_____
                              Peggy J. Wedgworth
                              **MILBERG TADLER PHILLIPS GROSSMAN LLP**
                              One Pennsylvania Plaza, 19th Floor
                              New York, NY 10119
                              (212) 594-5300
                              pwedgworth@milberg.com