**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2817<br>Case No. 18 C 864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**MDL PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
FOR ENTRY OF A DEPOSITION PROTOCOL TO GOVERN MDL DEPOSITIONS**

Plaintiffs respectfully submit this brief to respond to two discrete issues that Defendants never raised in the meet-and-confer process, but instead raised for the first time in their deposition protocol motion (Dkt. 368). As explained below, (1) a Rule 30(b)(6) deposition notice may cover topics requiring multiple witnesses spanning more than one day, and (2) Defendants have no right to depose Dealership Class Plaintiffs after discovery closes.

I. **RULE 30(b)(6) DEPOSITIONS SHOULD NOT BE LIMITED TO ONE DAY**

Defendants seek to limit a party's 30(b)(6) notice to "topics that can be covered by a single witness in a single day." Dkt. 368 at 14. Defendants' proposal is unworkable, contrary to the Federal Rules, and has been soundly rejected by court after court, including this one.

The Federal Rules' Advisory Committee Notes provide that "[a] deposition under Rule 30(b)(6) should, for purposes of [the 10-deposition limit in Rule 30(a)(2)(A)(i)], be treated as a ***single deposition*** even though more than one person may be designated to testify." Fed. R. Civ. P. 30, Advisory Committee Notes to 1993 Amendment (emphasis added). The "readily discernable logic" for this rule is that "large corporations . . . may require testimony from multiple officers and custodians to provide comprehensive testimony . . . [and] a contrary rule would place an unfair constraint on the number of depositions allowed to parties needing to conduct Rule 30(b)(6) depositions." *State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234-35 (E.D. Pa. 2008) (internal quotation marks omitted). The Federal Rules' approach is especially necessary in this complex antitrust MDL:

> Rule 30(b)(6) deposition notices routinely specify a number of topics of inquiry, which often necessitate the designation of multiple witnesses. The more complex the case, the greater number of topics to be explored during the deposition and the greater number of witnesses. If each witness were counted separately, a party could easily exhaust the number of allowable depositions in one or two Rule 30(b)(6) depositions.

*In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *3 (N.D. Ill. Aug. 19, 2005).

1

Defendants' proposal is also unworkable as a practical matter because the issuing party cannot be expected to "tailor [Rule 30(b)(6)] notices to related topics that can be covered by a single witness in a single day." Def. Mem. at 14. The issuing party would have to guess (i) the number of witnesses the deponent would designate, (ii) the specific topics about which each witness has knowledge, and (iii) the amount of time it would take to question each witness on those topics. Defendants' proposal would also allow corporate deponents to designate multiple witnesses unnecessarily – each likely counting against the issuing party's overall limit – as well as lead to endless disputes about how long certain topics should take to cover in a deposition.

Accordingly, courts consistently reject proposals like the one offered by Defendants. *See, e.g.*, *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, 2013 WL 2607589, at *11 (W.D. Tex. June 10, 2013) (rejecting as "without merit" the argument that a Rule 30(b)(6) deposition should constitute multiple depositions, and noting that "[t]he Court challenged Benihana's counsel at the hearing to identify a single case to support this argument, and he was unable to do so."); *Doe v. Swift Transp. Co.*, 2015 WL 11110892, at *2 (D. Ariz. Nov. 13, 2015) (rejecting the argument that a 30(b)(6) notice that "encompasses such a wide range of topics that Swift will have to designate more than five representatives" constitutes more than one deposition); *Verso Paper LLC v. HireRight, Inc.*, 2012 WL 13018381, at *1 (C.D. Cal. Apr. 11, 2012) (Rule 30(b)(6) deposition involving multiple designees "only counts as a single deposition toward the 10-deposition limit").

## II. DEFENDANTS' "RESERVATION OF RIGHTS" CONCERNING ADDITIONAL DEPOSITIONS OF DEALER CLASS PLAINTIFFS SHOULD BE REJECTED

Defendants also purport to "reserve their right to seek the depositions of class plaintiffs they are unable to depose during this merits phase on issues relating solely to class certification during the Class Certification stage of the litigation." Dkt. 368 at 11 n.16. The Court should

reject this preemptive attempt to dodge the limit on the number of party depositions available to Defendants under the Deposition Protocol Order to be entered by the Court.

As an initial matter, Defendants' proposal is contrary to this MDL's discovery schedule, which is coordinated (based on Defendants' insistence) on a single track with a single set of deadlines. In fact, MDL Plaintiffs had proposed a schedule whereby class-specific discovery could take place after the conclusion of discovery on common issues. Defendants opposed that schedule, and the Court entered the unified schedule offered by Defendants. The Court should reject Defendants' suggestion that they can keep discovery open on class-specific issues when that is the proposal they *opposed* and the Court *rejected*.

Moreover, the Deposition Protocol is to be comprehensive, and to govern **all** fact witness depositions in this MDL. While Defendants claim that these additional depositions would be "solely related to class certification," such issues inevitably overlap with the merits of an action. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). For example, Defendants may claim that testimony concerning a class plaintiff's damages is "related to class certification" because it concerns the plaintiff's "typicality," but the same testimony could also be used to support Defendants' merits arguments concerning, for example, standing and antitrust injury.[1]

\* \* \* \* \*

The Court should make clear that (1) the normal rules with respect to 30(b)(6) notices govern, and (2) Defendants must depose any Dealership Class Plaintiffs within the allotted schedule and total deposition numbers.

---

[1] Finally, Defendants' oblique reference to one of the Dealership Plaintiffs' prior individual complaints (see Dkt. 368 at 1 n.1) should be ignored. Indeed, Defendants concede that Dealership Plaintiffs' Consolidated Class Action Complaint is the most detailed complaint in this MDL. *See* Reynolds Memorandum in Support of its Motion to Dismiss (Dkt. 255), at 23-24 ("[Dealership] Plaintiffs' Complaint goes much further [than Authenticom's]: its 736 paragraphs, 142 evidentiary footnotes, 60 exhibits, and 918 total pages incorporate large amounts of evidence about the underlying markets and economic relationships between the relevant market participants.").

3

Dated: September 26, 2018                                   Respectfully submitted,

*/s/ Peggy J. Wedgworth*                                    */s/ Derek T. Ho*
Peggy J. Wedgworth                                          Derek T. Ho
**MILBERG TADLER PHILLIPS**                                 **KELLOGG, HANSEN, TODD,**
**GROSSMAN LLP**                                            **FIGEL & FREDERICK, P.L.L.C.**
One Pennsylvania Plaza, 19th Floor                          1615 M Street, NW, Suite 400
New York, NY 10119                                          Washington, D.C. 20036
(212) 594-5300                                              (202) 326-7932
pwedgworth@milberg.com                                      dho@kellogghansen.com

*MDL Co-Lead Counsel*

756014v2

4

## **CERTIFICATE OF SERVICE**

      I, Peggy J. Wedgworth, an attorney, hereby certify that on September 26, 2018, I caused a true and correct copy of the foregoing **MDL PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A DEPOSITION PROTOCOL TO GOVERN MDL DEPOSITIONS** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                      */s/ Peggy J. Wedgworth*
                                      Peggy J. Wedgworth
                                      **MILBERG TADLER PHILLIPS GROSSMAN LLP**
                                      One Pennsylvania Plaza, 19th Floor
                                      New York, NY 10119
                                      (212) 594-5300
                                      pwedgworth@milberg.com