**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) |  MDL No. 2817<br>Case No. 1:18-CV-00864<br><br>Hon. Robert M. Dow, Jr.<br>Hon. Jeffrey T. Gilbert, Magistrate |
| *This Document Relates To:*<br><br>ALL ACTIONS | | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR ENTRY OF A DEPOSITION PROTOCOL
TO GOVERN MDL DEPOSITIONS**

Defendants respectfully submit this reply in further support of their motion for entry of a deposition protocol (Dkt. 367, 368) and to respond to Plaintiffs' "opposition" (Dkt. 394).[1]

**I.     Multi-Day Rule 30(b)(6) Depositions Should Be Counted Accordingly**

In an attempt to avoid the actual issue in dispute—*i.e.*, whether Plaintiffs can avoid the limits on the number of depositions they are permitted to take by issuing broad Rule 30(b)(6) notices that would require myriad witnesses and multiple days to complete—Plaintiffs instead argue a point that is not in dispute—that a 30(b)(6) deposition is a "single deposition." Opp. 1.

As noted in Defendants' opening brief (at 14), plaintiff Authenticom, Inc. previously served 30(b)(6) notices on both CDK (156 topics) and Reynolds (116 topics) that, as drafted, would have required Defendants to each designate multiple people to testify over multiple days, if not weeks. *See* Dkt. 368-6. And as Defendants know all too well, the addition of two more individual plaintiffs and two putative classes of plaintiffs is unlikely to result in Rule 30(b)(6) notices with *fewer* topics than those previously proposed. Given the already-overcrowded deposition schedule that Plaintiffs proposed (*see* Dkt. 368-5), adding four, five, or more days for each of the parties' Rule 30(b)(6) depositions is unworkable. Without some meaningful limit (which is all Defendants are seeking)—*e.g.*, the number of topics/days/witnesses permitted for a 30(b)(6) deposition—Plaintiffs are free to seek (subject to Defendants' right to object and seek a protective order) testimony on any number of topics that will require any number of deponents for any number of days and that deposition, under Plaintiffs' formulation, would only count as *one* deposition. That is not what the Federal Rules—or the cases Plaintiffs cite—contemplate.[2]

---

[1] Plaintiffs' supplemental "opposition" purports to address "two discrete issues that Defendants … raised for the first time in their deposition protocol motion." Dkt. 394 at 1. Defendants disagree that either issue was unfairly raised or requires further briefing, but agreed not to object to Plaintiffs' filing a three-page supplemental "opposition" provided that Defendants could file the instant two-page reply.

[2] *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) ("[T]he purpose served by Fed.R.Civ.P. 30(b)(6) … does not extend to burdening the responding party with

## II. Defendants May Seek Leave to Depose Additional Class Representatives

The Dealer and Vendor class complaints name no fewer than **26** putative class representatives (25 Dealers and one Vendor). *See* Dkt. 368 at 4. Under either side's proposed protocol, however, Defendants are constrained to no more than 25 *total* plaintiff-party depositions, to be split among *both* the 26 class Plaintiffs and three additional non-class Plaintiffs. *Compare* Dkt. 371 at 7 *with* Dkt. 368 at 6. Because it would be impossible for Defendants to depose all the putative class representatives at this stage of the case, Defendants' brief accordingly notes that they "reserve their right to seek the depositions of class plaintiffs they are unable to depose during this merits phase on issues relating solely to class certification during the Class Certification stage of the litigation." Dkt. 368 at 11 n.16.[3]

Plaintiffs' response that this is a "preemptive attempt to dodge the limit on the number of party depositions … under the Deposition Protocol Order to be entered by the Court" (Opp. 3) is meritless. It ignores both what Defendants actually said—only that they reserve the right "*to seek*" to depose additional class representatives, if warranted under the circumstances—as well as agreed-upon language in the Deposition Protocol Order, which expressly states that "[a]ll parties reserve all rights to seek relief from the Court from any provision [of the Order] for good cause." Good cause could certainly arise warranting limited depositions of proposed class representatives during the class certification stage if it is impossible for a Defendant to depose them now, but for any number of reasons it may be a non-issue. At the very least, it is premature and unnecessary for the Court to rule on the matter now.

---

production and preparation of a witness on every facet of the litigation. This would render [it] unworkable to prepare [witnesses] to … answer questions about the designated subject matter….'").

[3] Given Plaintiffs' naming of 25 possible putative class representatives and their position on the number of depositions Defendants should be allowed, their assertion that Defendants' reservation of rights is contrary to their prior position (Opp. 3) rings hollow.

Dated: September 28, 2018                                             Respectfully submitted,

*/s/ Aundrea K. Gulley*                                               */s/ Britt M. Miller*
Aundrea K. Gulley                                                     Britt M. Miller
Kathy D. Patrick                                                      Matthew D. Provance
Brian T. Ross                                                         MAYER BROWN LLP
Brice A. Wilkinson                                                    71 South Wacker Drive
Ross A. MacDonald                                                     Chicago, IL 60606
GIBBS & BRUNS LLP                                                     (312) 782-0600
1100 Louisiana Street, Suite 5300f                                    bmiller@mayerbrown.com
Houston, TX 77002                                                     mprovance@mayerbrown.com
(713) 650-8805
agulley@gibbsbruns.com                                                Mark W. Ryan
kpatrick@gibbsbruns.com                                               MAYER BROWN LLP
bross@gibbsbruns.com                                                  1999 K Street, NW
bwilkinson@gibbsbruns.com                                             Washington, DC 20006
rmacdonald@gibbsbruns.com                                             (202) 263-3000
                                                                      mryan@mayerbrown.com

Michael P.A. Cohen                                                    *Counsel for Defendants CDK*
SHEPPARD MULLIN RICHTER & HAMPTON, LLP                                *Global, LLC and Computerized*
2099 Pennsylvania Ave., NW, Suite 100                                 *Vehicle Registration*
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and*
*Reynolds Company*

3

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on September 28, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF A DEPOSITION PROTOCOL TO GOVERN MDL DEPOSITIONS**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                             */s/ Britt M. Miller*
                                             Britt M. Miller
                                             MAYER BROWN LLP
                                             71 South Wacker Drive
                                             Chicago, IL 60606
                                             Phone: (312) 782-0600
                                             Fax: (312) 701-7711
                                             E-mail: bmiller@mayerbrown.com