**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) | MDL No. 2817 Case No. 1:18-CV-00864 |
| _This Document Relates To:_ | ) ) ) | |
| Individual Actions | ) ) ) | Hon. Robert M. Dow, Jr. Hon. Jeffrey T. Gilbert, Magistrate |

**RESPONSE TO [DKT. NO. 397] MOTION TO COMPEL THE REYNOLDS AND
REYNOLDS COMPANY TO PRODUCE UNREDACTED DOCUMENTS
FOR _IN CAMERA_ REVIEW**

**<u>Introduction</u>**

The Individual Plaintiffs' (Authenticom, Cox, MVSC, and Autoloop) latest motion to compel is an unfortunate example of their unreasonable "ready, fire, aim" approach to discovery. The motion and supporting declaration by the Individual Plaintiffs' counsel rely prominently on a September 6, 2018 letter that Reynolds allegedly "never responded to." *See* Dkt. No. 398-1 ¶¶ 10-11. <u>But the September 6 letter was never actually sent to Reynolds</u>. And because the Individual Plaintiffs filed this motion without so much as a single email or phone call to Reynolds—let alone a good faith attempt to meet and confer—the first time Reynolds ever saw the September 6 letter was as an exhibit to the Individual Plaintiffs' motion.

In an email exchange over the weekend, Reynolds pointed out the Individual Plaintiffs' complete failure to meet and confer on their motion, at which point the Individual Plaintiffs admitted that they inadvertently had never sent the September 6 letter to Reynolds (or any other defendant). But despite the fact that both the motion and the supporting declaration contain material statements of fact that the Individual Plaintiffs have now admitted are false, the Individual

Plaintiffs refused to withdraw the motion. Accordingly, Reynolds has no choice but to set the record straight with this response.

If the Individual Plaintiffs had met and conferred with Reynolds as required by the rules, this entire wasteful exercise could have been avoided. Moreover, the Individual Plaintiffs have had these redacted documents since May, so they should have raised the issue (if at all) in the Omnibus Motion to Compel that was required to be filed by August 6, 2018. With all of that being said, Reynolds has no objection to tendering the two documents at issue in the instant motion for *in camera* review by the Court. As the Court will see, the redacted portions of these documents are clearly privileged summaries of legal advice sought and received from Reynolds's outside legal counsel—the second of which even mentions two of the undersigned outside litigation counsel by name.

## I. The Individual Plaintiffs' representations regarding the September 6, 2018 letter, and Reynolds's alleged failure to respond, are false.

The only substantive correspondence any plaintiff ever sent to Reynolds regarding its redactions was a letter dated July 16, 2018. Dkt. No. 398-1 Ex. D. Reynolds promptly responded to that letter on July 30, 2018. Dkt. No. 398-1 Ex. E.

The next time Reynolds heard anything about any challenge to its redactions was in the Individual Plaintiffs' September 28, 2018 motion, which states:

> Given the importance of the two documents at issue in this motion, on September 6, 2018, Plaintiffs objected to the conclusory nature of Reynolds's description of the basis for its privilege claim and again asked Reynolds to substantiate its assertion of attorney-client privilege for the emails between Mr. Brockman and Mr. Schaefer by a date certain – September 10, 2018. . . . Reynolds did not respond.

Dkt. No. 397 at 3. The memorandum later highlights Reynolds's "refusal" to provide additional information requested by the September 6 letter. *Id*. at 6.

Likewise, the supporting declaration by the Individual Plaintiffs' counsel stated that they had sent Reynolds the September 6 letter and that "Reynolds never responded to Plaintiffs' September 6, 2018 letter." Dkt. No. 398-1 ¶¶ 10-11.

After receiving the Individual Plaintiffs' surprising filing on the evening of September 28, Reynolds immediately investigated whether any of its counsel had received the September 6 letter. Once it had become sufficiently clear that no Reynolds counsel (or CDK counsel for that matter) had received the letter, we immediately reached out to the Individual Plaintiffs. *See* Ex. A. In response, the Individual Plaintiffs stated that "after some quick investigation," they had confirmed that they had only sent the September 6 letter to their own, internal distribution list, and not to defense counsel. *See* Ex. B. Despite this obvious error (which counsel for the Individual Plaintiffs attributed to the "many emails" exchanged in this case) and despite Reynolds' offer to engage in a proper meet and confer with the Individual Plaintiffs as soon as the (plainly misleading) motion was withdrawn (Ex. A), the Individual Plaintiffs refused to withdraw the motion because "[i]t is a simple issue and there is no need to delay." Ex. B.

Needless to say, the Individual Plaintiffs' position misses the point and is a concerning statement about their views on the parties' obligations to meet-and-confer in good faith and accurately state facts in court filings.[1]

---

[1] To be clear, Reynolds is not arguing that the Individual Plaintiffs' counsel intentionally failed to send the September 6 letter or intentionally misrepresented in its September 28 motion that the letter had been sent. Innocent mistakes happen. The problem here is that the Individual Plaintiffs compounded that mistake by (i) failing to make a single meet-and-confer phone call or send an email about this motion before it was filed or mention it in person to Reynolds' counsel when both were together in court last week (either which would have revealed the fact that Reynolds had not received the September 6 letter); and (ii) refusing to withdraw the motion after the mistake was discovered (which would have prevented the need for this response).

II.     **The two documents at issue in the motion are properly redacted for privilege.**

As the Individual Plaintiffs acknowledge, Reynolds confirmed in writing on July 30, 2018 that the redacted portions of the two documents at issue are clearly privileged summaries of legal advice sought and received from Reynolds's outside legal counsel.[2]  It is well settled that "documents reflecting discussions among executives of legal advice" are within the attorney-client privilege.  *Acosta v. Target Corp*, 281 F.R.D. 314, 321 (N.D. Ill. 2012); *see also Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D. 371, 379 (N.D. Ill. 1999) ("Management personnel should be able to discuss the legal advice rendered to them as agents of the corporation.").

As a procedural matter, if the Individual Plaintiffs believed that the explanation in Reynolds's July 30 letter was conclusory or that there was serious doubt about the privilege claim, as their motion asserts, they could and should have included the issue in the Omnibus Motion to Compel that was required to be filed by August 6, 2018.

However, in order to avoid further wasteful briefing—and to ensure that the Individual Plaintiffs' inflammatory suggestions in its brief that the redacted portions of these emails are not privileged and/or are somehow helpful to their baseless claims of a conspiracy between Reynolds and CDK are soundly refuted—Reynolds does not object to an *in camera* review.[3]  Reynolds will bring unredacted copies of the two documents to Court at the upcoming October 5, 2018 hearing and will be prepared submit them *in camera* at a convenient time.

---

[2] Reynolds also explained that all of the documents about which Plaintiffs inquired were documents produced pursuant to its agreement to produce documents that had been produced in the pending FTC investigation.  The documents were reproduced to the Plaintiffs months ago, in exactly the same form and with the same redactions as when they were produced to the FTC as was required.  Dkt. No. 398-1 Ex. E.

[3] Reynolds's position here is without waiver of the right to challenge any future motions to compel that could have been raised by the August 6, 2018 motion to compel deadline; or any future motions to compel for which the Individual Plaintiffs fail to properly meet and confer.

Dated: October 1, 2018

Respectfully submitted,

*/s/ Aundrea K. Gulley*
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 650-8805
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Aundrea K. Gulley, an attorney, hereby certify that on October 1, 2018, I caused a true and correct copy of the foregoing **RESPONSE TO MOTION TO COMPEL THE REYNOLDS AND REYNOLDS COMPANY TO PRODUCE UNREDACTED DOCUMENTS FOR *IN CAMERA* REVIEW**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    */s/ Aundrea K. Gulley*
Aundrea K. Gulley
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
E-mail: agulley@gibbsbruns.com