**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to:<br>*Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-00865 (N.D. Ill.) | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S OPPOSITION
TO DEFENDANT COMPUTERIZED VEHICLE REGISTRATION'S
MOTION FOR A STAY OF DISCOVERY**

Despite successfully advocating for a single, synchronized discovery schedule, Defendant Computerized Vehicle Registration ("CVR") now urges the Court to stay discovery in the case brought by Motor Vehicle Software Corporation ("MVSC") – thus placing CVR on a separate, delayed discovery track not applicable to any other party in this MDL. In support of a stay, CVR points to its pending motion to dismiss, claiming that a delay of its discovery obligations is appropriate until that motion is resolved. But CVR offers nothing to overcome the general rule against stays in such circumstances. It also assumes (wrongly) that CVR is likely to prevail on its motion, which is deeply flawed on the merits. And, most fundamentally, CVR overlooks the reality that its motion to dismiss will have little to no effect on CVR's ultimate obligation to comply with discovery: CVR's role as a key player in MVSC's case means that CVR will be subject to discovery regardless of the outcome of its motion.

CVR's other claimed justifications for a stay – namely, the timing and scope of the discovery requests – are red herrings. These issues, if they are issues at all, are best resolved through ordinary discovery procedures, including a meet-and-confer process, not through a court-ordered stay of discovery. MVSC respectfully requests that the Court deny CVR's motion for a stay.

**BACKGROUND**

MVSC refers the Court to its Memorandum in Support of Its Motion to Compel Defendant Computerized Vehicle Registration to Respond to Discovery (hereinafter "MVSC's Motion to Compel"), which summarizes the background of MVSC's lawsuit against CVR, CDK Global, LLC ("CDK"), and The Reynolds and Reynolds Company ("Reynolds"), as well as most of the circumstances leading up to the present dispute. *See* Dkt. 387, at 1-3. MVSC also highlights the following factual and procedural background, which is specifically relevant to CVR's motion.

1

Discovery has proceeded in this MDL pursuant to the coordinated pretrial schedule proposed by Defendants, including CVR itself, and that discovery is now at an advanced stage. All parties have exchanged extensive written discovery requests. On May 25, 2018, Defendants – including CVR – served MVSC with 80 separate requests for production ("RFPs"). *See* Defendants' First Set of Requests for Production to MVSC ("RFPs to MVSC") (attached hereto as Nemelka Decl. Exhibit A). Although many of the requests were plainly overbroad or irrelevant, *see, e.g., id.* RFP No. 67, MVSC served written objections and responses to the requests, *see* MVSC's Objections and Responses to Defendants' First Set of Requests for Production (attached hereto as Nemelka Decl. Exhibit B), and engaged in good-faith negotiations over their scope, Nemelka Decl. ¶¶ 14-15. MVSC successfully resolved all disputes with Defendants – Defendants did not file any motion to compel with respect to MVSC[1] – and it has proceeded to search for and produce responsive documents, expending significant time and resources in the process. *Id.* ¶¶ 15-16. MVSC's document production is underway and will be substantially complete by the document production deadline of October 12, 2018. *Id.* ¶ 17.

Contrary to CVR's representations in its motion, MVSC has actively sought CVR documents from the early stages of MDL discovery. *Id.* ¶¶ 18-19. On May 25, 2018, Individual Plaintiffs, including MVSC, served discovery requests on Defendant CDK, many of which requested CVR documents. *See, e.g.*, Individual Plaintiffs' First Set of Requests for the Production of Documents for Defendant CDK Global, LLC ("RFPs to CDK") (attached hereto as Nemelka Decl. Exhibit C), RFP Nos. 14, 32, 34, 43-62, 64. Even though CDK exercises substantial control over CVR, CDK objected to producing CVR documents. *See* Nemelka Decl. Exhibit D (Letter

---

[1] Initially, Defendants moved to compel the production of MVSC documents from 2013, *see* Dkt. 317, at 31-34, but that issue is now moot, since MVSC later agreed to produce those documents, *see* Dkt. 355, at 32.

from D. Ho and P. Wedgworth to B. Miller (June 1, 2018)); Nemelka Decl. Exhibit E (Letter from B. Miller to D. Ho and P. Wedgworth (June 1, 2018)); Nemelka Decl. Exhibit F (CDK Global, LLC's Responses and Objections to "Individual Plaintiffs'" First Set of Requests for the Production of Documents), at 8 ¶ 4. At CDK's behest, Individual and Vendor Class Plaintiffs thus agreed over the course of meet-and-confer negotiations to serve separate requests on CVR. And during those negotiations, CVR's counsel – which also represents CDK – agreed to accept these requests at a later date and to respond to them when received. *See* Nemelka Decl. ¶¶ 19-20. Accordingly, Individual Plaintiffs served CVR separate discovery requests on August 30, 2018, and shortly thereafter proposed document custodians and search terms for CVR. *See* Nemelka Decl. Exhibit G (Letter from M. Nemelka to M. Provance (Sept. 18, 2018)); Nemelka Decl. Exhibit H (Individual and Vendor Class Plaintiffs' Proposed CVR Search Terms). CVR agreed to several of the custodians. *See* Nemelka Decl. Exhibit I (Letter from M. Provance to M. Nemelka (Sept. 14, 2018)).

On September 20, 2018, during a meet-and-confer set up to further negotiate custodians and search terms, CVR for the first time stated it would no longer participate in discovery and would instead likely move for a stay of discovery. Dkt. 387, at 3. CVR did so on September 24, 2018. *See* Dkt. 380. The same day, MVSC filed a motion to compel CVR to participate in discovery. *See* Dkt. 386.

## LEGAL STANDARDS

In evaluating whether a stay is warranted, courts must determine whether a stay "will advance the goal memorialized in Rule 1 of the Federal Rules of Civil Procedure to secure 'the just, speedy and inexpensive determination of [this] action and proceeding.'" *O'Conner v. Eden Mgmt. LLC*, 2014 WL 5761138, at *2 (N.D. Ill. Nov. 4, 2014) (Gilbert, J.). And a stay should be

3

denied if it is "unlikely to expedite resolution of the litigation and, in fact, may be counterproductive in achieving that end." *Id.*; *see also Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("Where the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere."). With respect to motions to dismiss, in particular, this Court has "reminded" the parties "that the pendency of a motion – even a dispositive motion – does not operate as an automatic stay of discovery." Discovery Proc. Hon. J. Dow.

## ARGUMENT

### I. CVR's Pending Motion to Dismiss Does Not Warrant a Stay of Discovery

MVSC's Section 1 conspiracy claims against CDK and Reynolds have already survived a motion to dismiss, and MVSC's case is therefore going forward no matter the disposition of CVR's motion to dismiss MVSC's Section 2 monopolization claims. *See* Dkt. 387, at 7. CVR's argument that its pending motion to dismiss justifies a stay of discovery is unpersuasive, for four reasons.

*First*, "that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim" is generally "deemed insufficient to support a stay of discovery." *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013).[2] The reason is simple: Rule 12(b)(6) motions are common in federal practice, and staying discovery every time a defendant files such a motion would undermine Rule 1's goal of a just, speedy, and inexpensive determination of actions. As one court aptly stated:

---

[2] Even *DSM Desotech Inc. v. 3D Systems Corp.* – upon which CVR heavily relies – recognizes this rule. 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008). The court there observed that "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity" – none of which applies here – "or where . . . discovery may be especially burdensome and costly to the parties." *Id.* As explained *infra*, CVR has failed to demonstrate any burden.

4

> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

*Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)); *cf. O'Conner*, 2014 WL 5761138, at *2 (denying motion to stay discovery pending resolution of a motion to dismiss because it was "unlikely to expedite resolution of the litigation and, in fact, may be counterproductive in achieving that end").

Here, staying discovery as to CVR will undermine the efficient and just resolution of this MDL. CVR's unilateral and indefinite refusal to participate in discovery until its motion to dismiss is resolved "would essentially delay or prolong discovery, thereby causing management problems which would impede the court's responsibility to expedite discovery." *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993). It also threatens to derail the coordinated discovery schedule that MDLs are designed to achieve. *See*, *e.g.*, *In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 890 F. Supp. 2d 896, 904 (N.D. Ill. 2012) ("[T]he primary purpose behind the establishment of a multidistrict litigation transferee court was and is to promote efficiency through the coordination of discovery.") (quoting *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1997 WL 109595, at *2 (E.D. Pa. Mar. 7, 1997)).

*Second*, CVR's stay request is inconsistent with its own prior conduct in this litigation. As explained in MVSC's Motion to Compel (at 5-6), CVR itself pursued MDL consolidation and transfer, and then later vigorously (and successfully) urged this Court for a single, coordinated discovery schedule. CVR has itself propounded and obtained discovery from Plaintiffs based on that coordinated pretrial schedule. Now that CVR has benefited from that schedule, it would be entirely inequitable to let CVR exempt itself from its discovery obligations under it. Indeed, if

5

*MVSC* were a standalone case, a defendant such as CVR would *never* be in a position to obtain offensive discovery and simultaneously avoid defensive discovery pending a motion to dismiss. Yet that is exactly the inequitable result it asks this Court to bless.

*Third*, CVR's assertions that its motion is likely to be granted consists of nothing more than speculation and wishful thinking.[3] In reality, as described in MVSC's opposition to CVR's motion to dismiss, MVSC's Second Amended Complaint includes detailed and plausible factual allegations that: (1) CDK exercises substantial control over CVR through its 80% ownership stake, including making hiring and firing decisions; directing business strategy and marketing efforts; rolling up CVR's financial results with its own; sharing offices and email addresses; and many other facts, *see* MVSC Second Am. Compl. ¶¶ 7, 56-60, Dkt. 387-7; and (2) CVR actively participated in the conspiracy to monopolize state markets for electronic vehicle registration and titling (the markets in which CVR and MVSC compete), *see*, *e.g.*, *id.* ¶¶ 109-114. MVSC's allegations are more than enough to establish the necessary elements of its Section 2 claims. CVR thus has not shown a reasonable likelihood of success on the merits of its motion to dismiss.

*Fourth*, a stay pending resolution of CVR's motion to dismiss is not warranted because CVR will almost certainly be subject to substantially the same discovery obligations even assuming its motion to dismiss were granted. The Honorable Judge Dale S. Fischer – the transferor court – has already found that MVSC has properly alleged an unlawful conspiracy between CDK

---

[3] As an initial matter, testing this assumption would require this Court to make a preliminary finding about the viability of MVSC's claims, thus "circumvent[ing]" the ordinary "procedures for resolution" of a motion to dismiss. *New England Carpenters*, 2013 WL 690613, at *2 (quoting *Gray*, 133 F.R.D. at 40). In addition, CVR's self-serving predictions about its motion are speculative at best, and courts routinely decline to credit such contentions. *See*, *e.g.*, *O'Conner*, 2014 WL 5761138, at *2 ("The . . . Defendants' motion to stay [discovery] is predicated on the assumption that their motion to dismiss will be granted. But that is pure speculation at this juncture.").

and Reynolds to boycott it from their data integration programs. *See* Memorandum Opinion at 8, Dkt. 387-2. That conspiracy occurred with the participation of CVR – CDK's and Reynolds's joint venture. *See* MVSC Second Am. Compl. ¶¶ 100-114, Dkt. 387-7. This Court has also already upheld the related claim – also at issue in the MVSC case – that CDK and Reynolds conspired to block independent integrators (like Authenticom) and thus prevent MVSC from getting necessary dealer data that way, *see* Memorandum Opinion and Order, Dkt. 176, at 25-31, thereby giving CVR exclusive access to the dealer data necessary to compete. Thus, there is no question that CVR's documents will be centrally relevant to this case – whether CVR is a party or a third party. *See*, *e.g.*, *Hill v. City of Chicago*, 2015 WL 12844948, at *1 (N.D. Ill May 28, 2015) ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules.") (quoting *Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008)).

CVR's principal argument for dismissal of MVSC's Section 2 conspiracy to monopolize claim is that it is not economically independent of CDK. But again, that question will not affect the scope of permissible discovery against CVR. Even if the Court were to side with CVR and find that CVR and CDK are a single entity incapable of conspiring under the Sherman Act, that very ruling would make CVR's documents within the possession, custody, or control of CDK. *See* Fed. R. Civ. P. 34(a) ("[a] party may serve on any other party a request . . . to produce . . . items in the responding party's possession, custody, or control"); *see also In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) ("It is . . . well settled that a party need not have actual possession of documents to be deemed in control of them. The test is whether the party has a legal right to control or obtain them.") (citation omitted). There simply is no plausible scenario in which a favorable resolution of CVR's motion to dismiss results in CVR avoiding the obligation to

7

produce relevant documents. There is accordingly no basis for CVR's categorical refusal to participate in discovery in this MDL.

## II. A Stay Is Not the Proper Mechanism for Resolving CVR's Disputes over the Timing and Scope of Discovery Requests

The other grounds CVR cites (at 7-10) for refusing to participate in discovery – namely, the scope and timing of the requests – should be resolved through a meet-and-confer process between the parties, not through a blanket halt of discovery.

CVR objects at length (at 8-10) to the scope of the RFPs, claiming that they are unduly burdensome. But these objections have little merit at this stage, since CVR has made *no* attempt to negotiate with MVSC over narrowed requests. *See* Dkt. 387, at 3; Dkt. 387-1, ¶¶ 14-17. CVR should not be entitled to the immediate – and drastic – relief of a discovery stay because it initially disagrees with MVSC about the proper scope of discovery. *See* Local Rule 37.2 (requiring parties to make "good faith attempts to resolve differences" prior to seeking court intervention in a discovery dispute); Discovery Proc. Hon. J. Dow ("Parties should make every effort to resolve discovery disputes without the need for judicial intervention. Accordingly, discovery motions should be filed only as a last resort and will not be heard unless the moving party has complied with the 'meet and confer' requirement of Local Rule 37.2.").

Moreover, there is no reason to think CVR's discovery obligations will be any more burdensome than those faced by any other party in this MDL. As explained, CVR itself sought extensive discovery from MVSC, serving 80 separate document requests, many of which were overly broad. *See generally* RFPs to MVSC, Nemelka Decl. Exhibit A. Nevertheless, the parties negotiated in good faith and resolved all issues with respect to MVSC's responses to Defendants' document requests. *See* Nemelka Decl. ¶ 15. MVSC has now nearly completed its search for and

production of responsive documents. *Id.* ¶ 17. CVR should not be entitled to a delay of its discovery obligations when it is imposing those very same obligations on MVSC.

MVSC acknowledges that it would be difficult for CVR to meet the October 12 deadline for substantial completion of document production. That is why MVSC offered to negotiate an extended deadline for CVR's discovery responses during the parties' meet-and-confer on September 20, 2018. *See* Dkt. 387, at 3, 6; Dkt. 387-1, ¶ 14. CVR refused that offer and instead rushed to seek this Court's intervention. *See* Dkt. 387-1, ¶ 15; Dkt. 380. In any event, discovery in this case does not close until February 15, 2019. It is entirely feasible for CVR to complete discovery on the Court-ordered schedule, so long as it does not further delay its collection and production of documents.

### III. A Stay Will Severely Prejudice MVSC

CVR's unilateral and indefinite refusal to participate in discovery would seriously prejudice MVSC. This complex antitrust MDL is proceeding on an expedited discovery schedule. If the Court allows CVR to delay the process of collecting and producing documents, MVSC may not have sufficient time to review those documents and depose appropriate witnesses prior to the close of fact discovery on February 15, 2019.

CVR attempts to diminish the likely harm of its proposed stay, asserting (at 11-12) that a decision on CVR's motion to dismiss will likely come relatively soon. But no party can predict the timing of the Court's decision. Moreover, even if the Court's ruling were imminent, for all the reasons discussed above, that does not justify CVR's refusal to participate in discovery.

CVR also suggests that any harm to MVSC is ameliorated by the fact that the RFPs to CVR "overlap" with discovery already served on CDK. But once again, CDK is speaking out of both sides of its mouth. It would have been efficient had CDK agreed to produce CVR's documents

9

pursuant to Plaintiffs' RFPs to CDK. Yet it refused to do so and required Plaintiffs to serve separate requests on CVR. In a two-step, CVR then suddenly refused to produce, citing its motion to dismiss. As discussed above, CVR is the joint venture through which CDK and Reynolds had some of their conspiratorial communications. It is thus reasonable to expect that many of the relevant documents are in *CVR's* files. The fact that CDK has agreed to produce does not mitigate CDK's and CVR's concerted effort to evade production of highly relevant documents from CVR.

Finally, CVR's characterization of the discovery timeline overlooks key facts. CVR claims that this timeline shows MVSC has not demonstrated a "compelling" need for discovery.[4] But as noted, MVSC has pursued CVR documents since the early stages of this MDL. *See generally* Nemelka Decl. ¶¶ 18-19; RFPs to CDK, Nemelka Decl. Exhibit C. And while it is true that MVSC offered to negotiate an extension for CVR to complete its document production, the indefinite delay CVR seeks threatens to disrupt the coordinated and expedited schedule of this MDL. That is sufficient reason alone to deny CVR's stay request.

## CONCLUSION

For the foregoing reasons, this Court should deny CVR's motion for a stay.

---

[4] CVR's reliance on *Desotech* is misplaced. Although the court there observed that no "compelling" circumstances suggested a need for "prompt" discovery, that case did not involve an MDL in which the parties were on a coordinated and expedited discovery timeline. *See* 2008 WL 4812440, at *2-3. The need for prompt discovery here is clear: the parties must continue the discovery process to remain in compliance with the impending deadlines in the Court's Case Management Order.

Dated: October 3, 2018

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Joshua Hafenbrack
Christine Bonomo
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
jhafenbrack@kellogghansen.com
cbonomo@kellogghansen.com

Gary Salomons
Daniel J. Friedman
**GABRIELSALOMONS, LLP**
16311 Ventura Blvd., Ste. 970
Encino, CA 91436
(818) 906-3700
gary@gabrielsalomons.com
daniel@gabrielsalomons.com

*Attorneys for Plaintiff Motor Vehicle Software Corporation*

**CERTIFICATE OF SERVICE**

I, Derek T. Ho, an attorney, hereby certify that on October 3, 2018, I caused a true and correct copy of the foregoing **PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S OPPOSITION TO DEFENDANT COMPUTERIZED VEHICLE REGISTRATION'S MOTION FOR A STAY OF DISCOVERY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com