# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to: | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corporation v. CDK Global, Inc., et al.* Case No. 1:18-cv-865 (N.D. Ill.) | |

**MOTOR VEHICLE SOFTWARE CORPORATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Motor Vehicle Software Corporation ("MVSC") hereby serves these Objections and Responses to Defendants The Reynolds and Reynolds Company ("Reynolds"), CDK Global, Inc. ("CDK"), and Computerized Vehicle Registration's ("CVR") (collectively "Defendants") First Set of Requests for Production. MVSC reserves the right to supplement its responses or document production if it learns of additional information or responsive documents. Any production of documents is subject to the Agreed Confidentiality Order ("Protective Order") and the Stipulated Order Re: Discovery of Electronically Stored Information ("ESI Protocol") entered by the Court in this case.

## <u>GENERAL OBJECTIONS AND RESPONSES</u>

MVSC makes the following general objections to Defendants' definitions, instructions, and requests for production ("Requests"), which are hereby incorporated by reference and made part of MVSC's response to each and every individually numbered request for production as if fully set forth therein. MVSC reserves the right to supplement, revise, correct, clarify, or otherwise modify its objections and responses to each Request. MVSC also reserves the right to assert any other applicable objections to these Requests, and to object to any other request

relating to the subject matter of the responses herein. MVSC's response to any of the Requests is not a waiver of any of these rights.

1.     MVSC has not completed its investigations or discovery with respect to the information and facts that may be discoverable or relevant in this action. MVSC reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as its investigation proceeds.

2.     MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent that they seek discovery of information or documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or other applicable privileges and protections against disclosures. MVSC will not disclose or produce information protected by any such privilege or doctrine.

3.     MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent that they seek information that exceeds the permissible scope of discovery, including information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.     MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent they attempt to impose duties upon MVSC that are not provided for by the Federal Rules of Civil Procedure, or any other applicable law or rule.

5.     MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent they call for the production of documents not in the possession, custody, or control of MVSC.

6.     MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent the answers sought may be derived from publicly available

information, where the burden of deriving the responsive information is substantially the same for Defendants as it is for MVSC.

7.      MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent they seek documents and information already in Defendants' possession, custody, or control.

8.      MVSC objects to the Requests for production and their accompanying instructions and definitions to the extent that they call for information not kept by MVSC in the ordinary course of business.

9.      MVSC objects to the Requests to the extent they seek the disclosure of trial preparation or expert documents prior to the dates fixed for such disclosure in this case. Any disclosure of such documents is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other protection.

10.     MVSC objects to the Requests to the extent they seek documents that are publicly available or otherwise equally available to Defendants from other sources.

11.     MVSC objects to the Requests to the extent they contain no temporal limitation. Unless otherwise stated, MVSC's response will relate to the time period January 1, 2015, to the present.

12.     MVSC objects to the Requests to the extent they request or call for the provision of documents covered by a Non-Disclosure Agreement or other contract barring dissemination.

13.     MVSC objects to the "Definitions" and "Instructions" to the extent they purport to change the common meaning of the English language with regard to any word or phrase.

14.    MVSC objects to the definition of the terms "MVSC," "you" and "your" to the extent those terms purport to include documents from legal entities, employees, agents, officers, or directors of entities other than MVSC.

15.    MVSC objects to the Requests to the extent they seek information that is more appropriately sought through another discovery device.

16.    MVSC objects to the Requests to the extent they contain legal conclusions or the application of law to facts that are subject to dispute in this action.

17.    MVSC objects to the Requests as overly broad and unduly burdensome to the extent that they call for the production of "all" documents when documents "sufficient to show" would suffice to provide the relevant facts.

18.    MVSC objects to the Requests, including the Definitions and Instructions, to the extent they are argumentative, prejudicial, vague, ambiguous, duplicative, cumulative, unduly burdensome, and/or do not specify the documents sought with sufficient particularity.  MVSC will use reasonable diligence in interpreting the Requests and providing responsive information or documents.

19.    MVSC disclaims any suggested obligation to create documents in response to the Requests.

20.    MVSC objects to the definition of "Document" to the extent it purports to alter discovery available under the Federal Rules, the ESI protocol, or what is reasonably accessible.

21.    By making the accompanying objections and responses to the Requests, MVSC does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this Action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.

Further, MVSC provides the objections and responses herein without in any way implying that they consider the Requests and responses to be relevant to any claims or defenses asserted in this Action or proportional to the needs of this Action.

22.     A response to a Request indicating that documents will be produced shall not be deemed or construed to suggest that there are, in fact, responsive documents, that MVSC performed any of the acts described in the document request, or that MVSC acquiesced in the characterization of the conduct or activities contained in the Request or any definitions and/or instructions applicable to the Request.

### MVSC'S STATEMENT REGARDING RESPONSES

1.     MVSC states that its objections and responses to the Requests are based upon information presently available and specifically known to it and subject to the General Objections identified above.  MVSC expressly reserves the right to amend, supplement, or otherwise modify its objections, responses, and document productions as it believes to be necessary and appropriate in light of additional information, documents or materials that are discovered or disclosed in the course of these proceedings.

2.     Where MVSC states that it will produce responsive, non-privileged documents pursuant "to a diligent search," this search will primarily include a search of the hard copy and electronically stored information of the custodians agreed to by the parties.  Where appropriate, MVSC will also search non-custodial files (such as centrally-maintained drives and files) reasonably expected to contain responsive, non-duplicative documents.  When searching emails and other voluminous electronically stored information, MVSC will use a set of search terms agreed to by the parties.

3.      Any instance in which MVSC agrees to produce documents is contingent on Defendants likewise producing documents pursuant to the same or similar Requests from MVSC.

## MVSC'S RESPONSES AND SPECIFIC OBJECTIONS

## DOCUMENT REQUEST NO. 1:

Without limitation as to time, all documents relied on, used, considered, reviewed, or consulted by you to draft your complaint or any prior version of your complaint, including any documents or communications referenced or quoted in your complaint or any prior version of your complaint, and including all materials referenced in paragraph 18 of your complaint.

**Response:**  MVSC incorporates by reference each of the General Objections set forth above.  MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 2:

Without limitation as to time, all documents relating to the allegations in your complaint and the claims you are asserting against Defendants, including, but not limited to: (1) your claim that Defendants have engaged in anticompetitive conduct; (2) your claim that Defendants have injured you; and (3) your claim that Defendants have harmed competition.

**Response:** MVSC incorporates by reference each of the General Objections set forth above.  MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  MVSC

further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 3:**

Without limitation as to time, all documents relating to your allegations that Defendants have unlawfully conspired, including, but not limited to: (1) documents relating to the participants in each alleged conspiracy; (2) documents relating to the purpose and effect of each alleged conspiracy; (3) documents relating to when each alleged conspiracy was formed and how each alleged conspiracy was enforced.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 4:**

All documents supporting your allegations in paragraphs 11 and 100 of your complaint that a conspiracy by Defendants to block MVSC was in existence by at least by January 2014.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC objects to this Request insofar as the requested documents are already in Defendants' possession.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 5:**

All documents sufficient to show the EVR products and services offered by MVSC, and the associated prices and costs for those products and services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show MVSC's EVR products and services and prices for those products and services to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 6:**

All documents sufficient to show MVSC's EVR customers, the EVR products and services they purchased from MVSC, and the associated prices, costs and other terms and conditions for those products and services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls

for the production of "all" documents. MVSC further objects to this Request as seeking documents irrelevant to the claims in this case.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show MVSC's EVR customers to the extent the documents exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 7:

All documents referring to MVSC's EVR competitors, or competition between or among EVR providers, including any type of competitive intelligence report or assessment.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 8:

All documents referring to products or services offered by other EVR providers, including any type of competitive intelligence report or assessment.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 9:**

All documents relating to MVSC's marketing and business plans for its Vitu product.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information. MVSC further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 10:**

All documents identifying the participants in the California and Illinois EVR markets.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above.  MVSC further objects to this Request as overly broad and unduly burdensome to the

extent that it calls for the production of "all" documents.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 11:**

All documents relating to the EVR market share for MVSC and its competitors, in each
state where MVSC provides EVR services, including changes over time.

**Response:**  MVSC incorporates by reference each of the General Objections set forth

above.  MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents.  MVSC further objects to this Request on the basis

that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 12:**

All documents sufficient to show how MVSC became the EVR market leader in California,
Oregon, or any other market where MVSC holds the greatest EVR market share.

**Response:**  MVSC incorporates by reference each of the General Objections set forth

above.  MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information. MVSC further objects to this Request as vague and ambiguous with respect to the use of the term "market leader." MVSC further objects to this Request insofar as it mischaracterizes MVSC's market position.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 13:**

All documents sufficient to show when MVSC entered or exited any EVR market in any state.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 14:**

All documents relating to any analysis, evaluation, assessment, communication or discussion of whether to enter or exit, or to not enter or not exit, any EVR market, and the reasons therefor.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking confidential and proprietary information. MVSC further objects to this Request as seeking documents irrelevant to any claims in this case.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 15:**

All documents sufficient to identify all dealers that that have switched from using CVR to using MVSC for EVR, or vice versa (by dealer name, the effective date of the switch, and the number of stores switched), and documents relating to reasons for the switch.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show the dealers that have switched from using CVR to MVSC, or vice versa, to the extent they exist and

13

can be identified and located pursuant to a diligent search as described in MVSC's Statement

Regarding Responses.

**DOCUMENT REQUEST NO. 16:**

All documents relating to the reasons why any customer or potential customer selects one EVR provider over another.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request as overly broad and unduly burdensome to the

extent that it calls for the production of "all" documents.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 17:**

All documents referring to complaints about any EVR provider, including but not limited to complaints by your dealer customers regarding the functionality or capabilities of your products and services.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request as overly broad and unduly burdensome to the

extent that it calls for the production of "all" documents. MVSC further objects to "functionality

or capabilities" as vague and ambiguous. MVSC further objects to this Request as seeking

information irrelevant to any claims in this litigation.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and

confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 18:**

If you contend that MVSC offers EVR products or services that are superior to those offered by CVR, all documents supporting your contention.

14

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 19:**

All contracts or agreements with dealers relating to your EVR services or products.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 20:**

All communications and documents exchanged between you and any other EVR provider.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 21:**

All documents referring or relating to CVR's acquisition of AVRS, Inc., including the acquisition's potential impact on MVSC or competition in any EVR market.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 22:**

All documents referring to Reynolds, CDK or CVR related to EVR.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 23:**

All communications and documents exchanged between you and Reynolds, CDK, or CVR.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

17

it calls for the production of "all" documents. MVSC further objects to this Request as seeking

documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 24:**

All documents and communications relating to negotiations between you and Reynolds or CDK concerning RCI or 3PA access, including documents showing terms, conditions, or prices that were offered, and any responses, counter-offers or rejections, including reasons therefor.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents. MVSC further objects to this Request as seeking

documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 25:**

All documents relating or referring to the RCI or 3PA program, including pricing, security protocols, and any terms of access.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 26:**

All documents and communications referring or relating to your applications or requests to participate in RCI or 3PA.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 27:**

All documents relating any analysis, evaluation, assessment, communication or discussion of access to dealership data through RCI or 3PA as compared to any other method, such as access through an independent data integrator or directly from a dealership.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents. MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant

information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 28:**

All documents referring or relating to complaints about Reynolds, RCI, CVR, CDK or 3PA, including but not limited to complaints by your dealer customers.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 29:**

All documents referring or relating to efforts by CVR to acquire your EVR customers in any state.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 30:**

All documents referring or relating to efforts by you to acquire CVR's EVR customers in any state.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 31:**

All documents referring or relating to your application to be an EVR provider in Oregon.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 32:

All documents referring or relating to the assertion in paragraph 107 of your complaint that CVR has "generat[ed] hundreds of millions of dollars" for CDK and Reynolds.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 33:**

All documents referring or relating to CVR board meetings.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 34:**

All documents relating to your contention that Reynolds or CDK threatened dealers.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 35:

All documents and communications referring or relating to your access to data from a Reynolds DMS or CDK DMS other than through RCI or 3PA.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

## DOCUMENT REQUEST NO. 36:

All documents and communications referring or relating to your access to data through a third-party program offered by a DMS provider other than Reynolds or CDK, including but not limited to Dealertrack and Advent.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 37:**

All documents and communications referring or relating to your application to participate in a third-party program offered by a DMS provider other than Reynolds or CDK, including but not limited to Dealertrack and Advent.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 38:**

All documents and communications relating to your allegations that Reynolds or CDK offered MVSC a rate for RCI or 3PA that was anticompetitive, exorbitant, inflated, unjustified, or impossible for MVSC to pay.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 39:**

All documents referring to the scope of any DMS market that Reynolds or CDK allegedly participates in, the participants in that market, their market shares, and/or changes to those market shares over time.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 40:**

All documents referring or relating to DMS competition or competitors.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 41:**

All documents supporting your allegation that it is difficult for a dealer to switch DMS providers.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request as seeking documents equally available to Defendants.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 42:**

All documents referring to any independent data integrator, including the directors, officers, employees, agents, or attorneys thereof.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 43:**

All documents referring to the legality or illegality of any conduct by any independent data integrator, including Authenticom.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 44:**

All documents reflecting the extent to which MVSC knew or intended that any independent data integrator was accessing or would access a Reynolds DMS or CDK DMS without authorization from Reynolds or CDK.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 45:**

All documents referring to any independent data integrator's ability or inability to access a Reynolds DMS or CDK DMS.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant

information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 46:

All documents referring to Defendants' efforts to prevent any independent data integrator
from accessing a Reynolds DMS or CDK DMS, including any documents relating to perceived or
purported changes in any such efforts.

**Response:**  MVSC incorporates by reference each of the General Objections set forth

above.  MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents.  MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant

information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 47:**

All communications and documents exchanged between you and any independent data integrator, including but not limited to Authenticom.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 48:**

All documents referring to competition between or among independent data integrators.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant

information.

**DOCUMENT REQUEST NO. 49:**

All documents relating to complaints about independent data integrators or their products or services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 50:**

All documents relating to security or privacy issues, policies, practices or concerns relating to access of DMS data through independent data integrators.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

**DOCUMENT REQUEST NO. 51:**

All documents relating to the scope of any data integration market, the participants in any such market, their market shares, and/or changes to those market shares over time.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 52:**

All documents relating to the geographic markets served by any independent data integrator.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 53:**

All documents sufficient to show the products or services provided to you by any third party data integrator, including Authenticom, and the associated prices and costs for those products and services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 54:**

All documents sufficient to show payments made by you to any independent data integrator, or received by you from any independent data integrator.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 55:**

All documents sufficient to show when you started or stopped using any independent data integrator, and the reasons therefor.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 56:**

Your contracts or agreements with any independent data integrator.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 57:**

All documents and communications relating to MVSC's data security or cybersecurity policies, guidelines, and practices.

**Response:**  MVSC incorporates by reference each of the General Objections set forth above.  MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.  MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

## DOCUMENT REQUEST NO. 58:

All documents or communications relating to your internal or external security audits, including those described in paragraph 204 of your complaint.

**Response:**  MVSC incorporates by reference each of the General Objections set forth above.  MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.  MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 59:**

All documents reflecting, containing or referring to DMS logins and passwords for a Reynolds DMS or CDK DMS.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 60:**

All documents and communications relating to any data breach, system breach, or hack suffered by or thwarted by MVSC.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 61:**

All documents and communications relating to any data security or cybersecurity training provided to MVSC employees.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents. MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant

information.

Subject to and without waiving the foregoing objections, . .

**DOCUMENT REQUEST NO. 62:**

All documents or communications reflecting MVSC's policies and practices with respect to handling or use of login and password information, whether for its own system or the systems of third parties.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents. MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 63:**

All documents or communications relating to the following allegation at paragraph 204 of your complaint: "MVSC maintains the highest-level security with respect to all sensitive, confidential data."

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 64:**

All documents identifying the type of data or information MVSC needs from a Reynolds DMS or CDK DMS in order to provide EVR services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 65:**

All documents identifying the type of data or information MVSC actually obtains from a Reynolds DMS or CDK DMS through independent data integrators.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this

Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 66:**

All documents and communications exchanged between MVSC and dealers describing how MVSC accessed or planned to access the DMS system for that dealer in order to provide services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 67:**

All of MVSC's competitive analyses, strategic plans, long-range plans, business plans, marketing plans, and forecasts, and any documents referring or relating to these materials.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

**DOCUMENT REQUEST NO. 68:**

All documents sufficient to show MVSC's monthly, quarterly and annual sales revenue and profits related to MVSC's EVR products and services, from their first sale to the present, with sufficient detail to show for each product or service: (a) the product name, number, or other identifier; (b) the amount of revenue and profits earned as a result of sale; (c) the business division responsible for the sale; (d) the distribution channel for the sale; (e) the region where the sale occurred; and (f) the customer name.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show MVSC's sales revenue and profits for its EVR products and services as that information is kept in the ordinary course of business to the extent such documents exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 69:**

All documents sufficient to show MVSC's monthly, quarterly and annual expenses related to MVSC's EVR products and services, from their first sale to the present, with sufficient detail to show: (a) the product name, number, or other identifier related to the expenses; (b) the type of expense (e.g., taxes including excise taxes, selling expenses, marketing expenses, research &

development expenses, overhead, legal expenses, royalty expenses); (c) the nature of the expense (e.g., fixed, semi-fixed or variable); (d) the business division related to the expense; (e) the distribution channel related to the expense; (e) the region where the expense was incurred; and (f) the customer name related to the expense.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show MVSC's expenses for its EVR products and services as that information is kept in the ordinary course of business to the extent such documents exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

## DOCUMENT REQUEST NO. 70:

All documents sufficient to show MVSC's EVR profits and profit margins, by month and by customer.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show MVSC's profits for its EVR products and services as that information is kept in the ordinary course of business to the extent such documents exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 71:**

All forecasts or projections relating to MVSC's EVR products and services.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control sufficient to show MVSC's forecasts or projections for its EVR products and services as that information is kept in

the ordinary course of business to the extent such documents exist and can be identified and

located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 72:**

All documents, such as organizational charts, sufficient to identify MVSC's corporate structure and reporting structure, including identifying all of MVSC's officers, directors, managers, and department heads.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that

it calls for the production of "all" documents. MVSC further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, joint defense or common interest privilege, or any other applicable privilege.

MVSC further objects to this Request on the basis that it seeks confidential and irrelevant

information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control sufficient to show

MVSC's organizational charts as that information is kept in the ordinary course of business to

the extent such documents exist and can be identified and located pursuant to a diligent search as

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 73:**

All documents referring or relating to any damages or other harm you claim to have suffered and for which you seek any form of recovery in this action, including documents sufficient to quantify the amount of any such damages, restitution or other harm or relief.

**Response:** MVSC incorporates by reference each of the General Objections set forth

above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 74:**

All documents referring or relating to the February 2015 "Wind Down Access Agreement" referenced in your complaint.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive,

relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 75:**

All documents or communications exchanged with or referring to Steve Cottrell.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 76:**

All documents or communications exchanged with or referring to Data Software Services, LLC or eLead, including the directors, officers, employees, agents, or attorneys thereof.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

## DOCUMENT REQUEST NO. 77:

All documents showing when and how you first became of aware of any of the facts alleged in your complaint or any prior version of your complaint.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

## DOCUMENT REQUEST NO. 78:

All documents reflecting statements or communications regarding any of the claims or allegations in your complaint, any of the claims or allegations in the cases that have been consolidated within the above-captioned matter (*In re Dealer Management Systems*, MDL No. 2817 (N.D. Ill.)), or any government investigation relating to the claims or allegations in the above-captioned matter.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC is willing to meet and confer with Defendants regarding this Request.

## DOCUMENT REQUEST NO. 79:

Without limitation as to time, all communications or documents that you sent to or received from the Federal Trade Commission or U.S. Department of Justice relating to Defendants, Authenticom, the EVR market, the DMS market, or the data integration market.

**Response:** MVSC incorporates by reference each of the General Objections set forth above. MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as

51

described in MVSC's Statement Regarding Responses.

**DOCUMENT REQUEST NO. 80:**

 All documents referenced or identified in your responses to Defendants' interrogatories.

 **Response:** MVSC incorporates by reference each of the General Objections set forth above.  MVSC further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MVSC further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.  MVSC further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. MVSC further objects to this Request on the basis that it seeks confidential and irrelevant information.

 Subject to and without waiving the foregoing objections, MVSC will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located pursuant to a diligent search as described in MVSC's Statement Regarding Responses.

Dated: June 22, 2018                          Respectfully submitted,


                                              */s/ Derek T. Ho*
                                              Derek T. Ho
                                              Michael N. Nemelka
                                              Aaron M. Panner
                                              Joanna T. Zhang
                                              Joshua Hafenbrack
                                              **Kellogg, Hansen, Todd,**
                                              **  Figel & Frederick, P.L.L.C.**
                                              1615 M Street, NW, Suite 400
                                              Washington, D.C. 20036
                                              (202) 326-7900
                                              dho@kellogghansen.com
                                              mnemelka@kellogghansen.com
                                              apanner@kellogghansen.com
                                              jzhang@kellogghansen.com
                                              jhafenbrack@kellogghansen.com

                                              Gary Salomons
                                              Daniel J. Friedman
                                              **GABRIELSALOMONS, LLP**
                                              16311 Ventura Blvd., Ste. 970
                                              Encino, CA 91436
                                              (818) 906-3700
                                              gary@gabrielsalomons.com
                                              daniel@gabrielsalomons.com

                                              *Attorneys for Plaintiff Motor Vehicle*
                                              *Software Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2018, I caused a true and correct copy of the foregoing Motor Vehicle Software Corporation's Objections and Responses to Defendants' First Set of Requests for Production to be served by email upon the following individuals:

SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

*/s/ Derek T. Ho*
*Derek T. Ho*