# Exhibit D

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

**MILBERG TADLER PHILLIPS GROSSMAN** LLP

One Pennsylvania Plaza 19th Floor ● New York, NY 10119 ● 212.594.5300 ● F 212.868.1229 ● www.milberg.com

June 1, 2018

*Via Electronic Mail*

Britt M. Miller, Esq.
Mayer Brown
71 South Wacker Drive
Chicago, IL 60606

      Re:  *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817
          Custodians and Search Terms Meet and Confer

Dear Britt:

    We write on behalf of all MDL Plaintiffs in response to your May 29th letter.

    **Custodians and Search Terms.** Your proposal that search terms and custodians can only be discussed *after* the parties discuss the discovery responses is inefficient as that would put any discussion regarding custodians and search terms well into July. *See* Letter from B. Miller to MDL Plaintiffs (May 20, 2018). Discovery responses are not due until June 22. This is unacceptable.

    We find Defendants' refusal to discuss custodians and search terms now to be inappropriate, especially in light of Defendants' position that they will not undertake meaningful custodial document review until agreement on all search terms and custodians. It is also inconsistent with your statements on our meet and confers of May 18 and 22 when you specifically invited MDL Plaintiffs to provide you with the names of any additional custodians and stated that you would be happy to promptly discuss them with us.

    As we wrote in our letter of May 25th, the prudent course is to identify for each other – now – which custodians and search terms the parties may agree to, and which they will not. And then if there is a dispute as to the search terms or custodians, those can be worked out in the context of the meet and confers on the discovery requests. This procedure would be most efficient for all parties.

Even if Defendants refuse to discuss search terms, there is no basis to refuse to discuss custodians. We renew our request that, at a minimum, the parties indicate which custodians they will agree to by this Monday, June 4. We have proposed a meet and confer for Tuesday, June 5 at 10:00 a.m. ET to discuss any custodians that may be in dispute. Please let us know if Defendants are available at that time. As for search terms, on that call we would like to discuss a schedule by when the parties will be ready to discuss those.

**Consolidated RFPs and Search Terms.** In your May 29th letter, you requested a meet and confer on the fact that (1) the Individual Plaintiffs served one set of RFPs on each of CDK and Reynolds, and (2) that the MDL Plaintiffs served one set of search terms on each of CDK and Reynolds. We will be prepared to discuss those items on Tuesday at 10:00 a.m. We also offer these thoughts beforehand.

This is an MDL in which Defendants have sought consolidated, coordinated, and non-duplicative discovery. Taking Defendants at their word, the Individual Plaintiffs and the Dealer Class Plaintiffs coordinated closely on their RFPs and search terms in order to avoid duplication. But that does *not* mean that the documents the Dealer Class Plaintiffs seek are irrelevant to the Individual Plaintiffs' claims, and vice versa. All of the documents that the Dealer Class Plaintiffs seek, the Individual Plaintiffs seek as well, and vice versa.

The same is true for search terms. The MDL Plaintiffs coordinated closely on search terms and presented a unified set. It could not be otherwise. Defendants have taken the position that they will not run any search terms until they have a single, unified set. Therefore, in the spirit of cooperation and expediency, the MDL Plaintiffs coordinated and worked hard to compile a single set of additional search terms, as Defendants requested. The MDL Plaintiffs understand that the documents that Defendants produce in this MDL will be produced to all parties. If you have a different understanding, please let us know immediately.

As for your letter's points regarding CVR, CDK will certainly be in the possession of many documents (if not all) of the documents related to CVR. In fact, given CDK's control of CVR, CDK is fairly characterized as having possession, custody, and control of CVR's documents. In any event, if CDK would prefer for plaintiffs to serve a separate set of document requests on CVR now, we can discuss that on our meet and confer. Relatedly, given that CVR is differently situated than CDK or Reynolds, we are also willing to consider a narrower set of search terms that only CVR would run.

Please let us know if Tuesday, June 5 at 10:00 a.m. ET works for Defendants to discuss these, and other matters. *See* Letter from M. Nemelka to Defendants (May 31, 2018). If 10:00 a.m. does not work for Defendants, please propose a different time for that day.

Very truly yours,

*s/ Derek T. Ho*    *s/ Peggy J. Wedgworth*

Derek T. Ho    Peggy J. Wedgworth

2