# Exhibit E

**MAYER·BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

June 1, 2018

**Britt M. Miller**
Direct Tel +1 312 701 8663
Direct Fax +1 312 706 8763
bmiller@mayerbrown.com

<u>BY E-MAIL</u>

Derek T. Ho
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 60036

Peggy J. Wedgworth
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Dealer Management Systems Antitrust Litig.,*
<u>MDL 2817, Case No. 18-CV-864 (N.D. Ill.)</u>

Dear Counsel:

To say that we disagree with your June 1 Letter's characterizations of Defendants' positions is putting it mildly. But rather than engaging on that level, we respond as follows.

Contrary to your repeated accusations, Defendants are not seeking to delay any portion of these proceedings, but the over-breadth of Plaintiffs' discovery requests, paired with the fact that the Class Plaintiffs have not even served an operative complaint, necessitates that Defendants be afforded sufficient time to review, analyze, and discuss those requests with their clients prior to substantively engaging with Plaintiffs.[1] And contrary to your representation that Defendants "invited" the MDL Plaintiffs to provide us with the names of any additional custodians, Defendants made clear that *if* Plaintiffs proposed any additional custodians, Defendants would consider them. That dialogue, of course, was in the context of discussing focused inquiries involving specific document requests. Then Plaintiffs served Defendants with a list of *64 additional custodians*[2] that Plaintiffs want Defendants to search not only with the broad search terms already agreed to in the *Authenticom* litigation, but with an additional laundry list of new search terms. Defendants did not invite such dissemblance.

Some of the individuals that Plaintiffs have identified appear to be far afield of the actions and matters at the core of Plaintiffs' complaints. Accordingly, Defendants need time to investigate and meaningfully determine whether there is any valid basis for their inclusion (which, for the

---

[1] As you know, the requests were all served the day before a long holiday weekend.

[2] Twenty-seven for CDK (which, if accepted, would bring its total to 44 custodians), 13 for CVR, and 24 for Reynolds (which, if accepted, would bring its total to 38 custodians).

Mayer Brown LLP

Derek T. Ho
Peggy J. Wedgworth
June 1, 2018
Page 2

bulk of the identified individuals, we are skeptical). As such, we will not be in a position to discuss custodians on June 5 as proposed, but will commit to discussing them on Friday, June 8, at 11:00 a.m. Central / 12:00 p.m. Eastern.

As for search terms, Defendants stand by their position that it is highly *inefficient* to discuss search terms before the parties have agreed on the scope of discovery as a whole (through discussion of their responses and objections to the other sides' requests) and on custodians. Negotiating search terms now neuters Defendants' (and Plaintiffs') objections and responses as, under Plaintiffs' construct, Defendants could be agreeing to search terms that will require them to review scores of documents responsive to RFPs that will be later limited by the parties' meet-and-confer efforts or subject to motion practice. Given the likely size of the productions, that makes little sense here.

**Consolidated RFPs and Search Terms**

Defendants accept your offer to meet-and-confer on June 5 regarding this issue.

As to your proffered thoughts, we respond as follows.

To be sure, this is an MDL, so discovery, like all proceedings in the mater, should be coordinated and non-duplicative. Defendants have never said that there can be no overlap between the various Plaintiffs' discovery requests or search terms as there are certain claims and allegations common to all of the cases. But the Individual Defendants (and various plaintiffs within that group) and the Class Plaintiffs have a number of unique claims and have chosen to sue only a few (or one) defendants. They therefore cannot use the MDL as an excuse to propound discovery that they otherwise would not be entitled to were they not part of the MDL.

Your statement regarding search terms is inaccurate. Defendants have always said that they wanted to run search terms once to avoid the need to potentially review documents multiple times and have therefore always insisted that Plaintiffs needed to ensure that their respective search term lists were not duplicative or redundant as to common issues. And while (consistent with the Court's order) we will provide copies of all of our productions to the various Plaintiffs' groups, that does not mean that each is entitled to actively seek discovery that it would not be entitled to in its own, standalone action.

As to CVR, it is true that CDK will have a number of documents related to CVR.[3] And CDK is prepared to undertake a reasonable search for documents relevant to the *MVSC* litigation that relate to CVR. Currently, however, CVR has no written discovery to respond to and thus, no basis to engage in a discussion about custodians or search terms. If MVSC wants to serve CVR

---

[3] We are not going to engage on your repeated assertion that CDK has control over CVR. MVSC chose to name CVR as a defendant in its suit; it should seek discovery in CVR's possession, custody, and control from CVR itself.

Mayer Brown LLP

Derek T. Ho
Peggy J. Wedgworth
June 1, 2018
Page 3

with requests for production targeted to the allegations and claims asserted in *MVSC* (which it should have served on May 25), and propound a narrower set of search terms related to those claims, CVR is prepared to consider them with the understanding that—depending on when those requests are served (and their volume)—CVR may need additional time to respond. Under the circumstances, we would expect Plaintiffs to agree to a modest extension.

\* \* \* \* \*

Based on the foregoing and Mr. Nemelka's May 31 letters, Defendants are willing to meet-and-confer on June 5 regarding (1) my May 29 Letter (as to CVR and Reynolds), (2) the issues identified in Mr. Nemelka's letter regarding Authenticom's responses and objections to CDK's document requests (*i.e.*, the issues raised in our January 29, 2018 Letter), and (3) the alleged deficiencies in Defendants' responses to Authenticom's interrogatories. We would ask that the call occur at 11:00 a.m. Central / 12:00 p.m. Eastern to accommodate all necessary defense counsel. We will respond in writing to the other matters raised in Mr. Nemelka's May 31 letters and, as noted above, will be ready to discuss custodians on June 8 at 11:00 a.m. Central/12:00 p.m. Eastern.

Regards,

*Britt M. Miller*

Britt M. Miller

cc: Reynolds Counsel
 Mark Ryan
 Andrew Marovitz
 Matthew Provance