**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This filing relates to:* | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-865 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT COMPUTERIZED VEHICLE REGISTRATION'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Britt M. Miller
Michael A. Scodro
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
Computerized Vehicle Registration*

**INTRODUCTION**

CVR is named as a defendant in only one of the cases comprising this MDL, *Motor Vehicles Software Corp. v. CDK Global LLC*, No. 18-cv-865. Judge Fischer granted CVR's motion to dismiss the First Amended Complaint ("FAC") prior to the formation of this MDL; CVR's motion to dismiss the claims in the Second Amended Complaint ("SAC") has been fully briefed since May 2018. On top of that, neither MVSC nor any other MDL Plaintiffs chose to serve CVR with any discovery until three months after the other MDL Defendants, just over a month before the deadline for the substantial production of documents under the Court-ordered schedule. As CVR's September 24, 2018 motion to stay (MDK Dkt. 380) explains, under these circumstances this Court should stay discovery as to CVR until it decides CVR's motion to dismiss.

Instead of simply responding to CVR's motion, MVSC filed its own competing motion, styled a "motion to compel", which seeks to "compel CVR to engage in discovery and produce relevant and responsive documents on a reasonable timeframe." MDL Dkt. 387 at 2. The motion is simply a thinly disguised response to CVR's motion to stay. Indeed, to the extent MVSC's motion *is* construed as a motion to compel, it is premature and should be denied.[1] In any event, MSVC's arguments against the entry of a stay largely tilt at windmills. MVSC's own actions have already guaranteed that CVR will respond to discovery on a different schedule than the

---

[1] At the time the motion was filed CVR's deadline to respond to MVSC's discovery requests was still one week away. For good reason, a party cannot move to compel responses to discovery requests before the responses are due. *E.g.*, *Schadee v. Maldonado*, 2013 WL 6500197, at *1 (D. Conn. Dec. 11, 2013) (denying as premature motion to compel filed "less than thirty days after receipt of the production request by counsel for the defendants"); *Metzler Contracting Co. LLC v. Stephens*, 642 F. Supp. 2d 1192, 1201 (D. Haw. 2009) (same). Nonetheless, citing CVR's "refusal" to participate in discussions regarding custodians and search terms (which are premature until the scope of discovery is resolved), MVSC filed its motion. Judge Dow subsequently ordered that, if CVR's motion to stay is denied/MVSC's motion to compel is granted, CVR will have three business days from the date the motion is denied to respond to the requests. Ex. A (9/27/18 Transcript) at 13.

1

other defendants in the MDL. Formally staying discovery against CVR while the motion to dismiss is resolved will not prejudice MVSC or any other party, is consistent with decisions from other courts in this District, and will promote fairness and the efficient resolution of discovery disputes.

## ARGUMENT

As shown below and in CVR's motion, CVR's motion should be granted and discovery stayed until Judge Dow has ruled on the motion to dismiss in this and (to the extent appropriate) other cases. Judge Fischer already dismissed CVR once from the litigation; MVSC's attempts at curing the problem through amendment are unavailing; and CVR advances compelling arguments for dismissal of all of MVSC's claims. To proceed with enormously burdensome discovery against CVR, on a schedule already months behind of the rest of the MDL, and before Judge Dow has an opportunity to pass on the validity of the SAC, simply makes no sense. MVSC's "motion to compel" accordingly should be denied.[2]

Contrary to the impression provided by MVSC's filing, the parties agree on many of the basic ground rules governing the competing motions. In particular, CVR agrees that the "mere

---

[2] The suggestion that CVR acted improperly by filing its motion for a stay in front of Judge Dow (MDL Dkt. 387 at 3 n.2) is meritless. The principal basis for CVR's motion to stay is CVR's pending motion to dismiss, which is pending before Judge Dow, and which Judge Dow has indicated he will prioritize now that the motions to dismiss are fully briefed across all the MDL cases. *See* MDL Dkt. 382, Ex. 11 at 22. CVR's motion does not ask Judge Dow to rule on specific discovery requests, examine documents *in camera*, or undertake other technical or time-consuming inquiries related to discrete discovery disputes. Rather, CVR seeks a single determination about whether discovery as to CVR should move forward at this juncture at all, a high-level case management decision that Judge Dow is well-suited to make.

CVR's request also is consistent with Judge Dow's past practice. He has frequently considered motions to stay discovery that are auxiliary to a pending motion to dismiss or similar motion. *See, e.g.*, *Repay v. Bank of Am., N.A.*, 2013 WL 622461, at *5 (N.D. Ill. Nov. 27, 2013) (Dow, J.); *Salcedo v. City of Chicago*, 2010 WL 2721864, at *4 (N.D. Ill. July 8, 2010) (Dow, J.). That is true even when, as here, he has referred discovery-related disputes to a magistrate judge as a general matter. *See Simon v. Northwestern Univ.*, No. 15-cv-1433, Dkt. 154 (referral of discovery matters to Magistrate Judge Weisman); Dkt. 215 (denying motion for judgment on the pleadings and denying motion to stay discovery as moot).

filing" of a motion to dismiss does not "automatically" warrant a stay of discovery. MDL Dkt. 387 at 4 n.3; *see also* MDL Dkt. 382 at 7 ("a motion to dismiss does not automatically stay discovery"). But CVR's motion for a temporary stay is based on the following additional factors, each of which distinguish this case from one in which a party seeks a stay based merely on a pending dispositive motion:

1) CVR's prior successful motion to dismiss before Judge Fischer in the Central District of California;

2) This Court's indication that a decision on the pending motion to dismiss would be forthcoming in relatively short order;

3) MVSC's unexplained failure to serve discovery on CVR until many months after the other defendants, on a timeline which made it practically impossible for CVR to coordinate discovery with the rest of the MDL;

4) The extraordinarily broad and burdensome nature of the discovery that MVSC did serve; and

5) The considerable overlap between many of the discovery requests directed at CDK (for which no stay has been sought) and the requests directed at CVR.

MVSC ignores or mischaracterizes these points and fails to show why discovery should not be stayed temporarily pending the motion to dismiss.

### A. MVSC IS Responsible For The Inability To Coordinate Discovery

MVSC first argues that "CVR's unilateral and indefinite refusal to participate in discovery . . . threatens to derail the coordinated discovery schedule that MDLs are designed to achieve." MDL Dkt. 387 at 5. However, CVR does not seek an "indefinite" stay. This Court has said it will prioritize the motions to dismiss in all of the MDL cases now that they are fully briefed. *See, e.g.,* Ex. A at 7 ("I have a week or two now. So I will get you guys rulings soon…."). The motions to dismiss in the MVSC case have been pending for months; in addition to the briefs and supplemental briefing on Seventh Circuit law, Judge Dow will also have the benefit of Judge Fischer's earlier well-reasoned opinion. There is thus no reason to believe that

3

the stay requested by CVR would "indefinitely" postpone discovery or "derail" these proceedings.

What is more, coordinated discovery *already* has been derailed, not because of any unilateral action by CVR but because *MVSC* chose (despite repeated reminders from CVR's counsel) to wait months to serve its discovery requests, even as discovery as to the other MDL defendants barreled forward with full speed. *See* MDL Dkt. 382 at 5-6. MVSC's motion does not even pretend to offer an explanation for this three-month delay. Indeed, MVSC does not dispute that it would be "practically impossible" for CVR to meet the October 12 deadline for the substantial completion of document production. MDL Dkt. 387 at 6.

Instead, MVSC suggests negotiating an extended deadline for discovery responses, although it offers no specifics. In so doing, of course, MVSC flatly admits that CVR will not be able to produce documents on the schedule initially contemplated by the parties and the Court and that, because of MVSC's delay, discovery will need to be bifurcated no matter how Judge Dow rules. Like the proverbial son who murders his parents and then asks the court to show mercy because he is an orphan, MVSC's contention that the temporary stay sought by CVR would interfere with coordinated discovery is "shear chutzpah." *In re Trans Union Corp. Privacy Litig.*, 2012 WL 426744, at *1 (N.D. Ill. Feb. 8, 2012) (Gettleman, J.).

### B. MVSC's Requests Are Extraordinarily Burdensome

MVSC does not—and, as a glance at its discovery requests shows, cannot—dispute that its requests to CVR are enormously burdensome, spanning virtually every sale, document, or communication CVR has made for the past twelve years. *See* MDL Dkt. 382 at 8-10. Moreover, while MVSC suggests in a footnote that CVR is to blame for not attempting to negotiate with MVSC before filing its motion (MDL Dkt. 387 at 6 n.5), that excuse rings hollow. MVSC did

4

not have to seek virtually every document related to CVR's business any more than it had to wait three months to serve its requests.

MVSC's suggestion (at 7-8) that CVR will be subject to "full discovery" regardless of the outcome of the motion to dismiss is unavailing. MVSC cites no case for the proposition that if Judge Dow dismisses CVR because it cannot conspire with CDK under *Copperweld*, all of CVR's documents are within CDK's possession, custody, or control as a matter of law. In any event, that is an argument MVSC should make to *CDK*. It is not a basis for parallel discovery of CVR prior to dismissal. Likewise, the fact that CVR may later be subject to *some* appropriate third-party discovery under Rule 45, subject to the Court's ruling in the motion to dismiss, does not mean that CVR should be subjected to the full scope of party discovery now. It makes far more sense to await a definitive ruling from Judge Dow, so that counsel can hammer out appropriate discovery positions once the legal and factual issues relevant to CVR have been fully clarified.

MVSC also does not suggest it will suffer *any* prejudice from a temporary stay as to CVR. That is because MVSC will not be materially prejudiced. *See* MDL Dkt. 382 at 11-12. Indeed, MVSC has effectively conceded that it will not suffer undue prejudice by waiting three months to serve its requests; and even if a stay is granted, MVSC may obtain CVR-related discovery from the other defendants subject to the ordinary discovery process. MVSC's inability to identify any reason why it will be harmed by CVR's request weighs powerfully in support of a temporary stay.

**C.     CVR Has Strong Arguments For Dismissal**

MVSC mischaracterizes CVR's position in arguing that CVR seeks a stay based on the "self-serving prediction" that it "*might* prevail on its motion to dismiss." MDL Dkt. 387 at 5.

5

MVSC also misses the mark when it argues (notwithstanding its position that it is somehow inappropriate to evaluate the likelihood of success of a motion to dismiss when considering a stay) that CVR's motion to dismiss will likely not be granted. MDL Dkt. 387 at 6-7. CVR does not rely on "self-serving" prediction or ask the Court to speculate about its motion to dismiss in a vacuum. Judge Fischer *already* ruled that MVSC failed to state a claim against CVR and dismissed all of the claims with leave to amend. *See* MDL Dkt. 382 at 4; *MVSC* Dkt. 73. MVSC has exercised its right to try again to plead a claim against CVR, but its position that CVR's liability should be presumed is hardly tenable after Judge Fischer's clear ruling.[3]

In addition, MVSC's suggestion (at 7) that CVR will remain a defendant regardless of how the conspiracy claim against CVR is resolved is incorrect. Although MVSC purported to bring monopolization and attempted monopolization claims against CVR in the SAC, those claims were identical to the claims that Judge Fischer dismissed from the FAC after finding that MVSC had not alleged any unilateral conduct by CVR that rose to the level of monopolization or attempted monopolization. *MVSC* Dkt. 73 at 10; *MVSC* Dkt. 107 at 2 n.2. As CVR noted in its reply, MVSC never disputed this conclusion or suggested a basis on which the non-conspiracy Section 2 claims in the SAC could be distinguished from those dismissed in the FAC. *MVSC* Dkt. 95 at 1. To the contrary, MVSC has unequivocally maintained that Judge Fischer's ruling is

---

[3] The SAC does not cure the deficiencies with respect to the claims against CVR. CVR's motion papers speak for themselves, and Judge Dow, who will decide the motion, is in the best position to make a judgment about the motion's merits. Nevertheless, MVSC's assertion that CVR has "misappl[ied] *Copperweld* and its progeny" (MDL Dkt. 387 at 7) merely incorporates the points MVSC made in its opposition briefing and is wrong for the reasons described in CVR's papers. And MVSC's contention that its allegations against CVR have somehow been borne out by CDK's documents is baseless. *See id.* (citing MDL Dkt. 136 at 8). As explained in Defendants' motion to strike the cited material (MDL Dkt. 144), MVSC's contention is based on briefing that (1) ignored the express terms of Judge St. Eve's request for supplemental briefing, (2) is not properly before the Court on a motion to dismiss; (3) violated the spirit of the *Authenticom* confidentiality order; and (4) is inapposite and not suggestive of conspiracy in any event. MDL Dkt. 144. Judge St. Eve ruled that she would take the motion under advisement in considering defendants' motions to dismiss. *See* Ex. B (4/25/18 Transcript) at 6-7.

law-of-the-case that "preclude[s]" the parties "from re-litigating" questions decided in the first motion to dismiss. *MVSC* Dkt. 120 at 13.

### D. Case Law Supports CVR's Request

If and to the extent discovery of CVR is appropriate, CVR should be allowed to wait for a ruling on its motion to dismiss before it must expend substantial time and expense negotiating with MVSC to narrow MVSC's over 100 vastly overbroad and unduly burdensome requests. *See DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (granting stay where requests sought business records "spann[ing] a period of at least eight years of activity" as well as "extensive, voluminous, and expensive" internal communications and other information that is "highly sensitive subject matter to turn over to one's competitor").

MVSC briefly acknowledges the *Desotech* case (at 4-5 n.3), attempting to distinguish it on the grounds that MVSC has purportedly "failed to demonstrate any burden" by not meeting-and-conferring prior to moving for a stay. That distinction holds no water—MVSC's requests are grossly overbroad on their face, and MVSC does not even try to defend its more egregious requests. MVSC also asserts that "there is no reason to think CVR's discovery obligations will be any more burdensome than those faced by any other party in this MDL." MDL Dkt. 387 at 5 n.3. Yet MVSC has proposed much more expansive discovery against CVR, a "relatively small joint venture," than other parties to the MDL. Dkt. 382 at 6-7. And unlike the other parties to the MDL, CVR already is proceeding on a parallel track through no fault of its own.[4]

---

[4] It is also inaccurate for MVSC to claim, as it did at the hearing before Judge Dow on CVR's motion for a stay, that CVR has been actively participating in discovery by negotiating custodians. Ex. A at 11. To the contrary, MVSC (and the other "Individual Plaintiffs") served discovery on **CDK** on May 25, 2018 (the deadline by which written discovery was to be served) and included in their list of proposed custodians some 13 CVR custodians. In negotiating **CDK's** (and plaintiffs') custodians, CVR indicated that although there was no discovery for CVR to respond to (as no requests had been served on it), that CVR did not "anticipate" objecting to 4 of them, but that it would evaluate once MVSC issued discovery to CVR. *See* Ex. C (Letter from M. Provance to M. Nemelka and P. Wedgworth, dated June 12, 2018).

The Court's decision in *O'Conner v. Eden Management LLC*, 2014 WL 5761138 (N.D. Ill. Nov. 4, 2014) (Gilbert, J.), does not support MVSC's position. Indeed, the *O'Conner* decision is nothing like this case. In *O'Conner*, certain defendants expressed reluctance to respond to written discovery at the initial status hearing, dragged their feet for eight months after discovery was served, secured a one-month extension to respond to the plaintiff's motion to compel, and then, "[r]ather than respond substantively to Plaintiffs' motion to compel, . . . filed a motion to dismiss Plaintiff's first amended complaint . . . and, two days later, a motion to stay all discovery pending a ruling on their motion to dismiss." *Id*. at *1. In these circumstances, the Court quite appropriately held that the defendants could not rely on "talismanic intonation of legal truisms" and "boilerplate language" to obtain a stay. *Id*. at *2.

This case is the polar opposite of *O'Conner*: CVR's counsel made clear from the get-go that MVSC should serve discovery on CVR (Ex. C at 4; MDL Dkt. 380 at 5-6); MVSC's counsel elected to delay in serving those requests; and after CVR had evaluated MVSC's expansive requests and its custodian and search term proposals, it acted promptly in filing its motion. CVR has not "appropriated" any advantage to itself, nor has it relied on "legal truisms" or "boilerplate" to support its motion for a stay. Rather, CVR has demonstrated, with specific reference to prior legal rulings, discovery requests, and the overall course of this MDL, why a temporary stay is appropriate. In contrast to the defendants in *O'Conner*, who "effectively ha[d] obtained an eight-month stay of discovery since they first appeared before this Court,"

---

CVR heard nothing from MVSC on the topic until the Individual Plaintiffs served their 100+ document requests and asked CVR to let them know when they wanted to discuss custodians. *See* Ex. D (email transmitting doc requests). Plaintiffs then reiterated their demand for 11 of the custodians identified in their May 25, 2018 list. *See* Ex. E (Letter from M. Nemelka to B. Miller, dated Sept. 10, 2018). After CVR objected, plaintiffs dropped several custodians (at least two of which CVR had previously told plaintiffs it had no documents for) and *added* in two more. *See* Ex. F (Letter from M. Nemelka to M. Provance, dated Sept. 18, 2018). It was after receiving this letter (including the attached list of 94 complex search strings that plaintiffs proposed for CVR) that CVR opted to move to stay discovery.

8

"appropriat[ing] it for themselves by refusing to respond to Plaintiffs' legitimate discovery requests" (*id.* at *3), CVR simply waited for MVSC to serve its requests and then sought appropriate relief.

MVSC's other principal case, *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013), is inapposite as well. Unlike the movant in *New England Carpenters*, CVR does not offer "mere speculation" regarding its motion to dismiss. *Id.* at *2. As unlike the *New England Carpenters* movant, CVR seeks a stay "not merely because of the antitrust claims, but because of the breadth of the discovery sought," which is "'extensive, voluminous, and expensive to produce.'" *Id.* at *3 (citing *Desotech*, 2008 WL 4812440, at *2-3). Finally, a stay will not "slow" overall resolution of the MDL here. *Id.* at 2. That is so because discovery is proceeding apace as to the other defendants (including CDK), and because CVR will not be able to coordinate document production with the other parties no matter whether a stay is granted.

In sum, *O'Conner* and *New England Carpenters* simply demonstrate that, as Judge Lefkow recognized in *Desotech*, "the hefty costs associated with antitrust discovery" do not create "an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint." *Desotech*, 2008 WL 4812440, at *3. That does not mean that courts should "forget" that "antitrust discovery can be expensive" and burdensome, especially for defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). While not every motion to dismiss will warrant to a temporary stay, a court should "be particularly mindful of the course of discovery it will authorize in antitrust cases" and, in appropriate cases, enter a stay in the interests of fairness and efficiency. *Desotech*, 2008 WL 4812440, at *3. As indicated by

9

MVSC's still-unexplained delay, the sweeping breadth of its requests, the strength of CVR's pending motion, and the lack of any prejudice to MVSC, this is such a case.

## CONCLUSION

The Court should temporarily stay discovery against CVR until the resolution of CVR's pending motion to dismiss. CVR's motion for a stay should be granted and MVSC's "motion to compel" should be denied.

Dated: October 3, 2018

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
Computerized Vehicle Registration*

## **CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on October 3, 2018, I caused a true and correct copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com