# Exhibit A

```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3
      IN RE                              )  Docket No. 18 C 864
 4    DEALER MANAGEMENT SYSTEMS          )  Chicago, Illinois
      ANTIRUST LITIGATION                )  September 27. 2018
 5                                       )  9:35 a.m.
                                         )
 6

 7                       TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE ROBERT M. DOW, JR.
 8

 9    APPEARANCES:
      For the Plaintiffs,
10    Authenticom, et al.:     KELLOGG, HANSEN, TODD, FIGEL &
                               FREDERICK, PLLC, by
11                             MR. MICHAEL N. NEMELKA
                               1615 M Street, N.W.
12                             Suite 400
                               Washington, District of Columbia   20036
13                             (202) 236-7931
                               mnemelka@kellogghansen.com
14

15
      For Defendants CDK
16    Global, LLC, and
      Computerized Vehicle
17    Registration:            MAYER BROWN LLP, by
                               MS. BRITT M. MILLER
18                             MR. MATTHEW D. PROVANCE
                               71 South Wacker Drive
19                             Chicago, Illinois   60606
                               (312) 782-0600
20                             bmiller@mayerbrown.com
                               mprovance@mayerbrown.com
21

22

23

24

25
```

```
 1   APPEARANCES:  (Continued)

 2   For Defendant
     The Reynolds and
 3   Reynolds Company:      GIBBS & BRUNS, LLP, by
                            MS. AUNDREA K. GULLEY
 4                          1100 Louisiana
                            Suite 5300
 5                          Houston, Texas  77002
                            (713) 650-8805
 6                          agulley@gibbsbruns.com

 7   Court Reporter         KRISTIN M. ASHENHURST, CSR, RDR, CRR
                            Official Court Reporter
 8                          United States District Court
                            219 S. Dearborn Street, Suite 2303-A
 9                          Chicago, IL 60604
                            (312) 818-6549
10                          kristin_ashenhurst@ilnd.uscourts.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      THE CLERK: 18 civil 864, In Re Dealer Management.
2      THE COURT: Good morning.
3      MS. MILLER: Good morning, your Honor. Britt Miller
4  on behalf of defendant Computerized Vehicle Registration.
5      MR. NEMELKA: Good morning, your Honor. Mike Nemelka
6  on behalf of the individual and vendor-class plaintiff.
7      MS. GULLEY: Reynolds and Reynolds -- Aundrea Gulley
8  appearing on behalf of Reynolds and Reynolds.
9      MR. PROVANCE: Good morning, your Honor. Matt
10  Provance, also on behalf of Vehicle Registration.
11      THE COURT: Good morning, everybody. The good news
12  for you guys is that I had a two-week trial in October that
13  settled yesterday. So I'm going to get a lot more time to
14  spend with you guys, and my other big case, which has two days
15  of public hearings in the ceremonial courtroom next month. The
16  bad news is that I spent all week getting that case settled,
17  which happened about 4 o'clock yesterday. So I'm not even sure
18  exactly what you're asking for today.
19      Can you give me the short version of what's going on
20  here?
21      MS. MILLER: Sure. We will give you the short, short
22  version.
23      THE COURT: Sure.
24      MS. MILLER: We filed a motion to stay discovery as to
25  CVR, which is a defendant in only one of the cases in this MDL.

1    THE COURT:  And that's the 865 case.

2    MS. MILLER:  That's the -- is that the number?  Yes,
3  it's the 865.  So it's a defendant only in that one case, which
4  is the MVSC case.

5    THE COURT:  Mm-hmm.

6    MS. MILLER:  We filed a motion to stay discovery on
7  that defendant for the simple reason that, one, it has already
8  previously been dismissed once on the motion to dismiss in
9  front of the original transferee court.  We have a pending
10 motion to dismiss, and we are hopeful that we will be
11 successful again.  We don't think that the repled allegations
12 are sufficient.  But the reality is that we have an -- as your
13 Honor is very aware -- we have an upcoming October 12th
14 substantial completion deadline.

15   We just received discovery on CVR on August 30th, not
16 back on May 25th when they were due under the schedule.  And we
17 received 111 document requests on behalf of all of the
18 individual plaintiffs, not just the one that has sued this
19 defendant.

20   We think that's onerous in and of itself.  But rather
21 s ' waste the resources responding to those, since it is not
22 alleged to be part of the alleged conspiracy that's the heart
23 of all of the other cases, that it would make more sense -- and
24 we understand, from having spoken with plaintiffs' counsel,
25 that the reason -- the motivation for not serving CVR back in

1  May was the thought that we might have a decision on the motion
2  to dismiss and that would guide discovery.  But as it is, we
3  are now three weeks out -- not even -- two weeks out, give or
4  take, from the substantial completion deadline.  And we have
5  111 requests, which we think is onerous for a defendant of this
6  size.  And if there's a possibility, as we hope there is, given
7  the prior dismissal, that CVR will be dismissed, it makes no
8  sense to engage in these -- respond to these 111 requests,
9  engage in what I am sure is going to be a lengthy discussion on
10 search terms and custodians, and possibly motion practice in
11 front of Judge Gilbert.
12         The reason we are primarily here today, although the
13 parties have agreed on a briefing schedule for this, namely
14 that we will -- the plaintiffs will file a response to this
15 motion on October 3rd.
16         THE COURT:  Mm-hmm.
17         MS. MILLER:  And we have waived replies.
18         THE COURT:  Mm-hmm.
19         MS. MILLER:  But the reason we are here is because the
20 day after we filed our motion for a stay --
21         MR. NEMELKA:  Same day.
22         MS. MILLER:  -- same day.  Sorry.  After we filed our
23 motion for a stay, but the same day, plaintiff filed a motion
24 to compel the exact -- and basically has the exact -- different
25 request, but they filed that in front of Judge Gilbert.  And so

1   that is up for hearing on the 5th in front of Judge Gilbert
2   when we have a number of other discovery matters up in front of
3   him.  And so we, obviously, are concerned that that motion
4   would get heard before ours, which was the first filed, and
5   would obviate your Honor's province over this motion.
6            THE COURT:  Well, 80 percent of what you just told me
7   in my own mind as I'm listening to you, I said, Is this for me
8   or Judge Gilbert?  That's what's in my mind.  It's kind of a
9   hybrid here.  When I can get you a ruling on the motion to
10  dismiss, really -- and the original motion to dismiss, was this
11  before Judge St. Eve or way back in the day?
12           MS. MILLER:  Way back in California.
13           MS. GULLEY:  Back in front of Judge Fischer.
14           THE COURT:  So this is the transferor judge, not a
15  transferee judge.
16           MS. MILLER:  Transferor judge.
17           THE COURT:  Okay.  That's where I got a little
18  confused.
19           MS. MILLER:  Sorry.
20           THE COURT:  Those motions to dismiss were laying in
21  the weeds for me until the last -- whenever the last time we
22  had our major status, and I went back.  I knew that
23  Judge St. Eve had given me a great gift by ruling on a motion
24  to dismiss, but I didn't know she hadn't ruled on all of the
25  motions to dismiss because I didn't go far back enough on the

1  docket.  So this is one of the older motions on my docket right
2  now.
3              MS. MILLER:  Mm-hmm.
4              THE COURT:  But in a way I have been kind of waiting
5  for these other motions to get briefed, too, because when
6  Kassie and I tackle this, it's going to be, like, all hands on
7  deck for the two of us for probably a week or two.  And you've
8  lucked into that because I have a week or two now.  So I will
9  get you guys rulings soon, but I guess I didn't put all of the
10 pieces together that you have got a discovery cutoff.
11             I think this -- stick to the briefing schedule you
12 have.  I will talk to Judge Gilbert about this, because he may
13 be the one who is in the best position to decide the discovery
14 part of this, but a very important input for him will be "when
15 can I get a ruling on the motion to dismiss?"
16             So it's perfectly fine for me to -- you guys to give
17 us a brief on October 3rd.  I really couldn't expect a brief
18 sooner than that.
19             We have to get through Friday, which is a reporting
20 day for us.  And we will -- we're trying to accomplish zero on
21 the Biden list, which we're very close.
22             MR. NEMELKA:  Mm-hmm.
23             THE COURT:  But next Monday this will be the first
24 thing on our docket.  So if you give me a response by
25 Wednesday, Kassie and I will have our hands around this by

1    then, and I will communicate with Judge Gilbert whether he
2    should decide this motion or whether I should decide this
3    motion.  Because at the moment it's in front of me.  I can
4    refer it to him, obviously, but he will ask me, "When are you
5    going to rule on the motion to dismiss?" because that's an
6    important input.  So you guys have helped me out a great deal
7    by explaining all of this to me.  And on the 3rd, if you would
8    give me a response brief, that will be great.
9            MR. NEMELKA:  We will.
10           THE COURT:  And you'll see Judge Gilbert on the 5th,
11   and he will either tell you, "Judge Dow still has that one, or
12   I have got it."  Sound good?
13           MS. MILLER:  That's great.
14           We also -- we will be filing -- we've agreed to
15   simultaneous responses, so we'll be responding to their motion
16   to compel in front of Judge Gilbert on the 3rd.
17           THE COURT:  Perfect.  So we will all get the full kit
18   and caboodle, and then on the 5th you will see him and he will
19   either tell you, "You're going to get a written ruling from
20   Judge Dow or it's on me, so let's talk."
21           MS. MILLER:  Fair enough.
22           One other thing, your Honor, as part of this, CVR's
23   responses to these discovery requests that were served on
24   August 30th are due on Monday.
25           THE COURT:  Mm-hmm.

1      MS. MILLER: We asked for an extension because,
2 obviously, we don't want to file either a motion for protective
3 order or have to respond to them, if, in fact, CVR is going to
4 be dismissed, at which point we think it's certainly onerous
5 for third-party discovery, and that would be a whole different
6 discussion. We requested an extension, but plaintiffs are
7 obviously anxious for discovery to proceed, and so they
8 declined.
9      We would ask that given your Honor is going to address
10 this in the short term either directly or through Judge
11 Gilbert, that we receive an extension so we don't have to
12 answer those on Monday, and, hopefully, we will have an answer
13 one way or the other in the short term, and we will either
14 proceed reasonably thereafter or will be going down a different
15 track.
16      THE COURT: So they are due when?
17      MS. MILLER: Monday.
18      THE COURT: Monday. And what did you ask for in your
19 extension?
20      MS. MILLER: We asked for three business days
21 after -- if your Honor denies our requests, that we respond
22 within three business days thereafter.
23      THE COURT: Okay. So let's assume that Judge Gilbert
24 has this on his plate next Friday on the 5th. He's got a hell
25 of a day on the 5th because I know what else he's doing on the

```
1   5th, too.
2           MS. MILLER:  He's got quite the schedule that day.
3           THE COURT:  Yeah.  Because he has got you guys and
4   he's got another huge case for me that day, too.  So let's
5   assume that on the 5th he gives you a ruling.  So three
6   business days after that would be the 10th of October.
7           MS. MILLER:  I think that's right.
8           THE COURT:  That's not holding anybody up for too
9   long.  And he conceivably could give you a ruling before that
10  if I refer this to him on Monday and he says, "No."  And I
11  don't think that's unreasonable.  And, obviously, he can catch
12  you guys up.  We're talking about eight business days at that
13  point.
14          MS. MILLER:  Mm-hmm.
15          THE COURT:  No.  Monday, it would be less than that.
16  It would be, like, seven business days.  That's not the end of
17  the world to let us sort out what you're going to brief.
18          MR. NEMELKA:  Okay.  Can I just respond to a few
19  points?
20          THE COURT:  Yeah, sure.
21          MR. NEMELKA:  We don't think there's any basis for CVR
22  to categorically refuse to participate in discovery here.
23          THE COURT:  You're going to get them anyway if they
24  are a third party or a nonparty.
25          MR. NEMELKA:  True.  And, also, if they succeed on the
```

1 motion to dismiss, the theory would be -- is that they are a
2 single entity with CDK, in which case CDK would have
3 possession, custody, and control of their documents, and they
4 would be responding as a party anyway, and so we don't think
5 there's any basis for them to withhold responding to the
6 discovery requests.
7 We've already been negotiating custodians. And, in
8 fact, the first time we heard that they were going to move for
9 a stay was last Thursday on a meet and confer. They've already
10 agreed to four custodians, we think a few more. We provided
11 them search terms. We had set up a call to discuss them, and
12 then they said, "You know what, we're just going to stop. We
13 are not going to participate in discovery." And that's when
14 they filed on Monday and we filed our motion to compel.
15 We don't think there's any basis for them to
16 categorically refuse to participate in discovery, and they
17 should at least respond to the discovery requests so that
18 process can go forward. They say that these discovery requests
19 are burdensome. Well, let us negotiate. Let us see if there's
20 compromises to be had, and we can't do that --
21 THE COURT: If you have got 112 and they're due on
22 Monday, you're not getting all of them on Monday, right? I
23 mean, that's realistic.
24 MR. NEMELKA: Yeah. They've had them -- since August
25 30th to respond to them.

1    THE COURT: Right. But they said they were supposed
2 to have them how much before August 30th?
3    MS. MILLER: May 25th was the deadline set in Judge
4 St. Eve's for offensive discovery.
5    THE COURT: Okay. So everybody is going to be late
6 here, and I don't know who -- exactly if it's a pox on
7 everybody's house or whatever it is. But I don't think eight
8 days is going to make the difference if you guys were two
9 months late.
10    MR. NEMELKA: Okay.
11    THE COURT: If you guys were two months late. And I
12 don't want to get into whether there is a defense to that, too.
13    MR. NEMELKA: Yeah. Yeah.
14    THE COURT: In the big picture, eight days isn't going
15 to make a difference here.
16    MR. NEMELKA: Okay.
17    THE COURT: But it will allow you guys to
18 intelligently present this, and Judge Gilbert and I to
19 intelligently sort it out, and, you know, it can all be caught
20 up later on the eight days. So I'm going to give you the eight
21 days. Three days after you get a ruling, and I'm predicting
22 you will get a ruling next Friday.
23    MS. MILLER: Fair enough.
24    MR. NEMELKA: And I'll just say we also offered to
25 work with them on the October 12th deadline for document

1 production.

2 THE COURT: Yeah. And he's going to have you do that
3 anyway.

4 MR. NEMELKA: Yeah, exactly. And the depositions
5 we've noticed for them, we've given them a comprehensive
6 schedule, calendar for depositions. The CVR depositions, we
7 put at the end.

8 MS. MILLER: And, again, obviously, if we're a third
9 party it's a whole different ballgame.

10 THE COURT: Yeah. But all of this is sensible. I
11 mean, put it at the end so you have time to work this out.
12 Work out the days, work out the onerousness, all of that.
13 He'll have you do all of that anyway, but you guys know that,
14 so you're a step ahead on that.

15 So I will grant you the oral motion for extension of
16 your deadline until three business days after you get a ruling
17 from either me or Judge Gilbert on the stay motion.

18 MS. MILLER: Thank you, your Honor. Great.

19 THE COURT: And he and I will talk next week. And I
20 will pray for his good health and happiness on next Friday,
21 because he has got two big cases for me next Friday.

22 MS. MILLER: Fair enough.

23 THE COURT: And I will see you guys -- once I sort all
24 of this stuff out, it may be that you guys have to come in and
25 explain some stuff for me. Now, I have done this very

1  successfully in a couple cases in the last month, where I send
2  the questions out ahead of time and that makes a really nice
3  opinion for me because I've got all -- there's
4  nothing -- nobody buried out there.  I'm just going to tell you
5  what's on my mind, and you answer the questions.  And when I
6  have really good lawyers who can do that, you know, it gives me
7  my best opportunity to get it right, so that might happen.
8          MR. NEMELKA:  Okay.
9          THE COURT:  Okay?
10         MR. NEMELKA:  All right.
11         THE COURT:  All right. Excellent.  Thank you.  Good
12 to see you all.
13         MR. NEMELKA:  Thank you, your Honor.
14         MS. MILLER:  You as well.
15         MR. NEMELKA:  Good to see you.  Thank you.
16      (Proceedings concluded.)
17              * * * * * * * * *
18              C E R T I F I C A T E
19   I certify that the foregoing is a correct transcript from
20 the record of proceedings in the above-entitled matter.
21
22
23 /s/Kristin M. Ashenhurst, CSR, RDR, CRR   October 2, 2018
   Kristin M. Ashenhurst, CSR, RDR, CRR     Date
   Federal Official Court Reporter
24
25