# Exhibit B

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   IN RE:                          ) Docket No. 18 C 864
                                     )
 4     DEALER MANAGEMENT SYSTEMS     )
       ANTITRUST LITIGATION.         )
 5                                   ) Chicago, Illinois
                                     ) April 25, 2018
 6                                   ) 11:00 o'clock a.m.

 7           TRANSCRIPT OF PROCEEDINGS - STATUS & MOTION
                BEFORE THE HONORABLE AMY J. ST. EVE
 8
     APPEARANCES:
 9
     For Plaintiffs:            KELLOGG, HANSEN, TODD, FIGEL &
10                                FREDERICK, PLLC
                                BY:  MR. DEREK T. HO
11                                   MR. MICHAEL N. NEMELKA
                                1615 M Street, N.W., Suite 400
12                              Washington, D.C.  20036

13                              MR. SAMUEL ISSACHAROFF
                                40 Washington Square South
14                              New York, New York  10012

15                              MILBERG, LLP
                                BY:  MS. PEGGY J. WEDGWORTH
16                                   MS. ELIZABETH McKENNA
                                1 Penn Plaza, Suite 4800
17                              New York, New York  10119

18                              CLIFFORD LAW OFFICES, P.C.
                                BY:  MR. ROBERT A. CLIFFORD
19                                   MS. SHANNON M. McNULTY
                                120 North LaSalle Street, 31st Fl.
20                              Chicago, Illinois  60602

21   For CDK and Computerized   MAYER BROWN, LLP
     Vehicle Registration:      BY:  MS. BRITT M. MILLER
22                              71 South Wacker Drive
                                Chicago, Illinois  60606
23
     For The Reynolds and       GIBBS & BRUNS, LLP
24   Reynolds Company:          BY:  MS. AUNDREA K. GULLEY
                                     MR. BRIAN T. ROSS
25                              1100 Louisiana, Suite 5300
                                Houston, Texas  77002
```

```
 1
                                SHEPPARD, MULLIN, RICHTER
 2                                & HAMPTON, LLP
                              BY:  MR. LEO CASERIA
 3                              333 South Hope Street, 43rd Floor
                                Los Angeles, California  90071
 4
    Also Present:               MR. JONATHAN EMMANUAL,
 5                                Reynolds and Reynolds

 6  Court Reporter:             MR. JOSEPH RICKHOFF
                                Official Court Reporter
 7                              219 S. Dearborn St., Suite 1232
                                Chicago, Illinois  60604
 8                              (312) 435-5562

 9              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

10                   PROCEEDINGS RECORDED BY
                      MECHANICAL STENOGRAPHY
11              TRANSCRIPT PRODUCED BY COMPUTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE CLERK:  18 C 864, In Re: Dealer Management
 2   Systems Antitrust Litigation.
 3              THE COURT:  Good morning.
 4              MS. GULLEY:  Good morning, your Honor.
 5              MS. MILLER:  Good morning, your Honor.
 6              MR. HO:  Good morning, your Honor.
 7              MS. WEDGWORTH:  Good morning, your Honor.
 8              THE COURT:  You are here for status.  I have ruled on
 9   lead counsel issues.  We are working on the motions to
10   dismiss.  I have the motion to strike that came in --
11   defendants' motion to strike.
12              I need your names, please.  Joe needs your names.  I
13   know you, but go ahead.
14              MS. WEDGWORTH:  Good morning, your Honor, Peggy
15   Wedgworth from Milberg Tadler Phillips Grossman on behalf of
16   the class plaintiffs auto dealerships.  With me, I have
17   Elizabeth McKenna also from our firm, as well.
18              THE COURT:  Good morning.
19              MR. HO:  Good morning, your Honor, Derek Ho from
20   Kellogg, Hansen, and with me is Professor Issacharoff, Mike
21   Nemelka --
22              MR. CLIFFORD:  Good morning, your Honor, Robert
23   Clifford --
24              MR. HO:  I'll let Mr. Clifford introduce himself.
25              MR. CLIFFORD:  -- and Shannon McNulty from Clifford
```

1 Law.
2     THE COURT: Good morning.
3     MS. McNULTY: Good morning, your Honor.
4     MS. MILLER: Britt Miller, Mayer Brown, on behalf of
5 CDK Global. Just me.
6     THE COURT: All on your own today.
7     MS. MILLER: All on my own today.
8     MS. GULLEY: Good morning, your Honor, Aundrea Gulley
9 on behalf of The Reynolds and Reynolds Company, and with me is
10 Brian Ross and Leo Caseria, as well as Jonathan Emmanual from
11 Reynolds and Reynolds.
12     THE COURT: Good morning.
13     So, I have the motion to strike, I was saying before.
14     Do you want to respond to that at all?
15     MR. HO: Yes, your Honor.
16     Our understanding of the purpose of the supplemental
17 submissions was to update our respective filings to account
18 for the differences between Ninth Circuit law and Seventh
19 Circuit law. And one of the material differences between the
20 law of this Circuit and that of the Ninth Circuit is that in
21 the Geinosky case, this Circuit said that it was appropriate
22 for a party opposing a motion to dismiss to rely on materials
23 outside the four corners of the complaint in order to
24 demonstrate that there was evidence that would support the
25 allegations in the complaint.

5

1           And, so, we thought it was appropriate to both
2 identify that legal difference for the Court, but also to
3 carry through on that difference by doing exactly what
4 Geinosky authorized, which is to identify illustrative
5 documents that we think bolster our opposition motion.
6           My understanding is that the main argument that the
7 defendants have made is that they ought to have an opportunity
8 to respond. And, frankly, if they had asked for that, we
9 would have consented. And we don't oppose an opportunity to
10 respond if they think that they have something to say about
11 the documents that we've put in front of the Court.
12           THE COURT: I did not see that as the main argument,
13 but --
14           MS. MILLER: And, your Honor, it's not the main
15 argument. It's something we said if your Honor was not
16 inclined to grant the motion to strike, then we would welcome
17 the opportunity. But at the last hearing, your Honor made
18 clear that you didn't want replies and that the only --
19           THE COURT: Yes.
20           MS. MILLER: -- thing you asked for was us to
21 essentially do your -- help you with the research and provide
22 you the Seventh Circuit law; and, that's what defendants did
23 when they filed their pieces on the 13th.
24           What we got in response -- the case that he cites
25 says you can do that when you otherwise would have had the

Case: 1:18-cv-00864 Document #: 409-2 Filed: 10/03/18 Page 7 of 9 PageID #:15966

6

1  documents available to submit in your opposition.  They
2  already submitted their opposition last year.  All your Honor
3  asked them to do was update the case law and not add new
4  facts.  The transcript is clear.  You said the facts were in
5  there; you didn't need any more.  And, so, we stuck to that by
6  providing your Honor with the Seventh Circuit, and we think
7  they went beyond that.
8             And, so, they essentially tried to get the last word
9  on the motion to dismiss and introduce material that they
10 didn't have available to them when they submitted their
11 original response to the motion to dismiss back in December.
12 Because all of the material they submitted had only been
13 produced in the Authenticom case; this MDL didn't exist; and,
14 notwithstanding the fact that Mr. Ho is counsel for both of
15 the parties, was prohibited by the protective order from using
16 those documents in the MVSC case.
17            So, that's why we moved -- that's the primary
18 argument, and that's why we moved to strike it.
19            If your Honor is inclined to let it stand, then of
20 course, if your Honor would like, we would be happy to file a
21 substantive response.
22            THE COURT:  Okay.
23            I am going to keep this under advisement and take it
24 up in the context of the motion.  And if I feel like I need a
25 response from you -- I certainly will not let you be

1    prejudiced if I let these stand.  So, I will let you know,
2    though.
3              MS. MILLER:  Appreciate it.
4              So, I assume, then, the motion date for next week is
5    off?
6              THE COURT:  You do not have to come back for this
7    motion next week.
8              MS. MILLER:  Okay.
9              THE COURT:  A couple things about motions.
10             In my original scheduling order, I asked that you
11   file all motions in both the MDL file, as well as in the
12   underlying case number that was originally filed here.  I am
13   going to modify that.  I only want the documents filed in the
14   MDL number, which is the 18 C 864, I think.  So, you do not
15   have to file them in two places.
16             You can put the other case number on there if you
17   want, if you want that for your tracking purposes; but, only
18   file them in the MDL.  That will make it more simple.  So, I
19   am modifying my order from before.
20             Also, when you drop off courtesy copies of things, if
21   you have an under-seal filing as well as a redacted public
22   version, I only need the under-seal filing.  I do not need the
23   redacted version.  So, please do not drop those off.
24             And in terms of status, I had directed you the last
25   time you were here to have some discussions about going

1           MS. WEDGWORTH:  Thank you, your Honor.
2                    *    *    *    *    *
3
4  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
5
6
   /s/ Joseph Rickhoff                         April 26, 2018
7  Official Court Reporter