**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: DEALER MANAGEMENT SYSTEMS | ) | MDL No. 2817 |
| ANTITRUST LITIGATION | ) | Case No. 1:18-CV-00864 |
| | ) | |
| *This document relates to:* | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| ALL CASES | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |

**DEFENDANTS' SUBMISSION OF REVISED DEPOSITION PROTOCOL ORDER**

Pursuant to the Court's directive at the October 5, 2018 Status Conferernce, Defendants

CDK Global, LLC ("CDK"), Computerized Vehicle Registration ("CVR"), and The Reynolds

and Reynolds Company ("Reynolds") hereby submit a revised Deposition Protocol Order (the

"Protocol") that they believe comports with the Court's rulings and statements on October 5. *See*

Ex. 1 (Proposed Revised Deposition Protocol Order). Defendants have attempted to reach

agreement with Plaintiffs on this proposed Order, but were unsuccessful (as described below). In

support of the entry of this Order, Defendants state as follows:

1.      Deposition discovery begins today and the first deposition is scheduled for this

Thursday, October 18, 2018.

2.      On October 8, 2018, the Monday after appearing before this Court on this issue,

Defendants sent a draft proposed revised Deposition Protocol Order to Plaintiffs' counsel for

review and comment. *See* Ex. 2 (10/8/18 email from M. Provance to Plaintiffs' counsel

attaching draft revised Order). As set forth in Defendants' original proposed order (Dkt. 368-7),

the revised proposed order allowed for a maximum of six depositions per week (four party

depositions and two third party depositions, total), absent party agreement or Court Order to the

contrary and thus contemplated modest "double-tracking" to allow for the completion of the 90

1

depositions ordered by the Court without unduly burdening the parties. *See* Ex. 1 (Defendants' Proposed Order) at ¶¶ I.B (six depositions per week); IV.D (referring to "double-tracking" as opposed to "multi-tracking").

3.      On October 11, 2018, Plaintiffs' counsel responded to Defendants, providing suggested edits to the revised Protocol. *See* Ex. 3 (10/11/18 Letter from P. Wedgworth and D. Ho to A. Gulley and B. Miller).

4.      Later that day, Defendants responded to Plaintiffs' letter and proposed edits to the revised Protocol. *See* Ex. 4 (10/11/18 Letter from A. Gulley and B. Miller to P. Wedgworth and D. Ho). Defendants accepted all but two of Plaintiffs' proposed changes—the elimination on the limit of six depositions per week and substitution of a requirement that the parties accede to possible triple-tracking of depositions—as both provisions were specifically addressed and rejected by this Court during the October 5 status conference (a fact Defendants noted in their response). *Id.*

5.      Plaintiffs responded by again eliminating any limit on the number of depositions in any given week and reinserting a requirement that the parties engage in "multi-tracking" of depositions (specifically striking the reference to only "double-tracking" where appropriate). *See* Ex. 5 (10/12/18 Letter from P. Wedgworth and D. Ho to A. Gulley and B. Miller).

6.      Defendants rejected those changes a second time and informed Plaintiffs' counsel that they would be submitting the revised Protocol as sent to Plaintiffs on October 11, 2018. *See* Ex. 6 (10/15/18 Letter from A. Gulley and B. Miller to P. Wedgworth and D. Ho).

7.      The two issues in dispute—the limit on the number of depositions that can occur each week and the lack of need for anything more than occasional double-tracking of depositions to accommodate party and third-parties' schedules—was directly addressed by the Court:

> "I think as a baseline, defendants' proposal of four party depositions a week and two third-party deposition a week by each side, so that's six depositions a week, that's not a bad default, with no party to be deposed in more than one dep per day.
>
> I think that where necessary, deps can be double tracked, either by agreement of the parties or with a motion to me. I hope I don't get motions on this. There's no reason that unrelated depositions can't be double-tracked during this period."

Ex. 7 (10/5/18 Transcript of Proceedings ("Tr.")) at 57:17-58:1. *See also id.* at 21:1-4 ("I know what double- and triple-tracking depositions looks like. And if it has to be done, it has to be done. I'm just not sure it has to be done in this case right now."); *id.* at 48:4-5 ("[I]f double-tracking depositions is necessary, I'm good with that."); *id.* at 69:11-12 ("To me, you could take 90 depositions in six months, some of them double-tracked, some of them half days.").

8.      Defendants believe that it is necessary to include a default limit on the number of depositions per week (6) and limit permissible "multi-tracking" to "double-tracking" in the deposition protocol so that there is no ambiguity at the outset of deposition discovery and the parties' are not unnecessarily bringing motions to the Court to address these issues later on. Defendants' version of the revised Protocol makes clear that both provisions—the limit on the number per week and the number per day—may be altered by "a specific agreement among the parties or Court order" or during the meet-and-confer process. *See* Ex. 1 at ¶¶ I.B, IV.D. Those protections should be sufficient to address Plaintiffs' concerns.

        WHEREFORE, Defendants respectfully request that the Court enter Defendants' revised Deposition Protocol (Ex. 1, hereto).

Dated: October 15, 2018                                   Respectfully submitted,


/s/ Aundrea K. Gulley                                     /s/ Britt M. Miller
Aundrea K. Gulley                                         Britt M. Miller
Kathy D. Patrick                                          Matthew D. Provance
Brian T. Ross                                             MAYER BROWN LLP
Brice A. Wilkinson                                        71 South Wacker Drive
Ross M. MacDonald                                         Chicago, IL 60606
GIBBS & BRUNS LLP                                         (312) 782-0600
1100 Louisiana Street, Suite 5300                         bmiller@mayerbrown.com
Houston, TX 77002                                         mprovance@mayerbrown.com
(713) 650-8805
agulley@gibbsbruns.com                                    Mark W. Ryan
kpatrick@gibbsbruns.com                                   MAYER BROWN LLP
bross@gibbsbruns.com                                      1999 K Street, NW
bwilkinson@gibbsbruns.com                                 Washington, DC 20006
rmacdonald@gibbsbruns.com                                 (202) 263-3000
                                                          mryan@mayerbrown.com
Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP                    *Counsel for Defendants CDK*
2099 Pennsylvania Ave., NW, Suite 100                     *Global, LLC and Computerized*
Washington, DC 20006                                      *Vehicle Registration*
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and*
*Reynolds Company*

## CERTIFICATE OF SERVICE

I, Aundrea K. Gulley, an attorney, hereby certify that on October 15, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' SUBMISSION OF REVISED DEPOSITION PROTOCOL ORDER**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Aundrea K. Gulley*
Aundrea K. Gulley
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 650-8805
agulley@gibbsbruns.com