# Katie Stehling

| | |
|---|---|
| **From:** | Provance, Matthew D. <MProvance@mayerbrown.com> |
| **Sent:** | Monday, October 08, 2018 3:48 PM |
| **To:** | Wedgworth, Peggy; Ho, Derek T.; Nemelka, Michael N. |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL; Reynolds Team; Brian T. Ross; Aundrea K Gulley; Miller, Britt M. |
| **Subject:** | RE: In re DMS MDL -- Deposition Protocol |
| **Attachments:** | MDL 2817 - Deposition Protocol Order (10.08.2018).doc |

Counsel –

As requested by the Court, attached is a revised copy of the deposition protocol order that we intend to submit, reflecting rulings that Judge Gilbert made on the record Friday. We would like to submit this order tomorrow, so please let us know as soon as possible if plaintiffs object to any language and wish to discuss.

Thanks,
Matt

**Matt Provance**
Mayer Brown LLP
mprovance@mayerbrown.com
Tel: 312 701 8598
Fax: 312 706 9397

---

**From:** Aundrea K Gulley <agulley@gibbsbruns.com>
**Sent:** Monday, September 10, 2018 2:30 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <ReynoldsTeam@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Counsel:

As you requested on Friday (and subject to our prior reservations), attached is a blackline of your last proposal on the protocol. We look forward to your responses to this and the balance of our proposal from Friday.

Regards,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax |
agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Thursday, September 6, 2018 3:55 AM
**To:** Aundrea K Gulley <agulley@gibbsbruns.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>

1

**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Dear Andi,

Thanks for the email and counter-proposal. Please see attached our redlines to the draft Deposition Protocol.

As for the number of depositions, we respond as follows:

1. **Number of Depositions.** We had proposed 110 total depositions (80 party; 30 third-party); you countered with a total of 75 depositions. We are willing to further compromise as follows:
    a. 75 party depositions; 25 third-party depositions for a total of 100
2. **Percentage Split.** It appears we may be at impasse as Defendants are insisting on having as many depositions as the Plaintiffs, but we would propose:
    a. Party depositions – 45 for Plaintiffs; 30 for Defendants
    b. Third-Party depositions – 15 for Plaintiffs; 10 for Defendants
    c. You can see that in our offer to reduce our total requested depositions by ten, we are removing all of those from our side of the ledger.
    d. Please let us know if we should continue to negotiate the numbers and percentage split, or if we are at an impasse.
3. **Half-Day Depositions.** You did not respond to our proposal that many of these depositions would be half-day. We assume that means you agree that a certain number of depositions would be half-day.
4. **Multi-tracking.** You did not respond to our proposal that there will be multi-tracking of depositions so that more than one deposition occurs in a day. We assume that means you agree that a certain number of days will include more than one deposition.
    a. Non-party depositions would be scheduled on a separate track, based on the convenience/availability of the witnesses, and can be scheduled on top of the party depositions. There's no reason the music should stop on all party depositions on any day there's a third party deposition. We all have big teams.
5. **Scheduling Committee.** As for the scheduling committee, we generally agree with your proposal but would like to discuss.
    a. We agree the committee will include one lawyer each from (1) Kellogg Hansen; (2) Milberg; (3) Mayer Brown; and (4) Gibbs & Bruns;
    b. We agree there should be a set schedule for noticing and scheduling depositions. We would like to discuss with you the specifics regarding that schedule, and how the one you proposed would work.

Could we please have a call on Friday at 10:00 a.m. or 2:00 p.m. ET to discuss the deposition protocol and the issues still in dispute?

Thanks,
Mike

---

**From:** Aundrea K Gulley [mailto:agulley@gibbsbruns.com]
**Sent:** Tuesday, September 4, 2018 4:33 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Dear Counsel,

Thanks, Mike. I think we can narrow the discussion as follows (subject to our reservation of rights regarding arbitration and other motions):

1. **The % split**: Defendants do not agree to a split that gives plaintiffs more depositions than defendants. I believe that we are at an impasse on the split, and we can brief this in the letter briefs.
   a. Your proposal is that Defendants get 40 of 110 proposed depositions.
   b. There is only *one* defendant in some of the cases.
   c. That defendant (CDK) needs to prepare its defense and prosecute its pending (and in some cases contemplated) counterclaims in cases brought by two *classes* of Plaintiffs, as well as the individual plaintiffs.
   d. Any split that does not give Defendants at least as many depositions as Plaintiffs is not acceptable to Defendants and does not present them with a fair opportunity to prepare their own affirmative claims and defenses in response to Plaintiffs case/prosecute their pending/forthcoming counterclaims.

2. **The total number:** Defendants do not agree to your proposal for 110 depositions in 78 available days of deposition time (including days on which we will no doubt have hearings and other conflicts). Defendants cannot agree to more than 75 total (party and third party) depositions.
   a. If Plaintiffs do not agree to fewer than 75 total depositions (within the 7 hour limits in the rules and draft protocol), Defendants are willing to discuss a modification to the schedule to allow extra time for the burden of those extra depositions.
   b. Or, we can agree to something less than 75 total depositions.
   If neither (a) or (b) is acceptable, I believe that we are at an impasse and we can brief this in the letter briefs.

3. **Scheduling Committee**. If you have a proposal for an efficient method of coordinating deposition schedules, please let us know your counterproposal. It is customary professional courtesy (and also included in the *Broilers* protocol) that counsel coordinate depositions before unilaterally noticing them. [See, e.g., ABA Guidelines for Conduct]. As a practical matter, in order to coordinate 70+ depositions of parties and third parties on the majority of the available days, this will be necessary. We have made a proposal that allows for this. If you have an alternative solution, please promptly let us know.

4. **Existing Notices.** As noted in my letter last week, please withdraw your 59 defendant party deposition notices that you unilaterally noticed for the *same day*. This is not an acceptable practice and is in violation of the Federal Rules. Defendants reserve their objections and all rights with respect to them.

5. **9/14 Letter Brief**. We had suggested 5 pages to avoid burden on the court and the parties. You stated that you "cannot agree on a page limit…" Rather than unnecessarily debating the issue further, the parties can proceed with the limit imposed by the Local Rules.

Thank you,
Andi

Aundrea K. Gulley | Gibbs & Bruns LLP | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax |
agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Friday, August 31, 2018 3:03 PM
**To:** Aundrea K Gulley <agulley@gibbsbruns.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Dear Andi and Britt,

Thanks for the call yesterday and the email below.

We agree to the 9/14 date for submitting briefing to the court on any disputed issues with respect to depositions, but we cannot agree on a page limit until we know which issues ultimately will be contested. We can discuss a page limit as we finalize the contested issues.

As to substance, you will not be surprised to learn that we see no basis for Defendants to have more depositions than Plaintiffs in this MDL. Also, Defendants have proposed that Plaintiffs have *fewer* party depositions in this MDL than Defendants had proposed when this litigation only involved one plaintiff, Authenticom. Now that we have an MDL with multiple plaintiffs, the number of CDK/Reynolds/CVR deponents should be more, not fewer. And in our experience, having multiple depositions per day is standard practice in litigation, especially in large MDLs like this one. Where Judge St. Eve recognized the need for "creative solutions" to meet a faster schedule, double-tracking depositions – which is standard practice – should not be controversial. Indeed, Judge Gilbert's *Chicken Broiler* deposition protocol provides for "double- or triple-tracking of depositions" where doing so "becomes necessary to comply with scheduling deadlines."

With that preface, our proposal is as follows:

1. 50 party depositions for Plaintiffs, and 30 party depositions for Defendants.

2. 20 non-party depositions for Plaintiffs, and 10 for Defendants.

3. Many of these depositions can and should be half-day depositions, the precise number of which we can discuss. These half-day depositions will be coordinated to the maximum extent possible so that two depositions can occur on the same day in the same location.

4. There will be multi-tracking of depositions so that more than one deposition occurs in a day. Given the large teams and multiple law firms that represent each Defendant, there is no reason this cannot and should not happen, as it does regularly in large cases like this.

5. As for the proposal of a Scheduling Committee and the rolling dates for noticing depositions, we fear the proposal is too bureaucratic and will actually impede the efficient coordination of schedules. This is an issue we would like to discuss further.

With respect to the draft deposition protocol, we will provide our redlines to the protocol on Wednesday. But we wanted to give you this counter-proposal before then to move the process along.

We look forward to your response.

Thanks,
Mike

---

**From:** Aundrea K Gulley [mailto:agulley@gibbsbruns.com]
**Sent:** Thursday, August 30, 2018 6:16 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; Ho, Derek T. <dho@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Brian T. Ross <bross@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Counsel,

Further to our discussion (and subject to our reservation of rights regarding arbitration and any other pending motion):

1. Attached is a blackline of our proposed deposition protocol as compared to *Broilers*. As discussed, it is probably not 100% accurate because the original used to generate it was generated by word processing staff from a scanned PDF.
2. The proposal for #s was: 55 total party depositions, split 25 to Plaintiffs, 30 to Defendants. Plus 20 3rd party depositions, split 10 and 10. No borrowing between party & third party depositions.
3. You asked about more than one deposition per day if the depositions were noticed for fewer than 7 hours. At this time Defendants do not agree to this.
4. You asked about more than 7 hours per deposition. Defendants proposal on this is as set out in the draft deposition protocol that we sent. Generally, we do not agree unless specific agreement or order of court.
5. You asked about double tracking. Defendants do not agree to this or believe it is called for in this case. If a specific one off situation requires further discussion, we are willing to discuss special circumstances if they arise.
6. Defendants also proposed:
    a. Designate October witnesses (e.g., no more than 5 per side) by September 10. ("Witness Designation")
    b. Designate all other witnesses on the 1st of the month before the month of the deposition. So, for example, witnesses for November would be Designated on October 1st; witnesses for December Designated on November 1st, etc.
    c. Witness Designation to include any 30(b)(6) Depositions (which would count like any other deposition).
    d. Witnesses identified in Witness Designation with hard conflicts to be promptly identified.
    e. Parties representing a witness designated in a Witness Designation to identify the location where the witness will be deposed within 5 days of the Witness Designation.
    f. A "Deposition Scheduling Committee" will schedule the witnesses by month as the Witness Designations come in. (E.g., within 14 days of the Witness Designation, that month's calendar will be set).
        i. The Deposition Scheduling Committee to include one lawyer from each of Mayer Brown, Gibbs & Bruns, Kellogg, & Milberg.

We look forward to your response and any comments on the Deposition Protocol that we provided on 8/29. As a gatekeeping matter, please let us know as soon as possible whether you will agree to the structure set forth in Section I of the draft protocol – i.e., whether you agree to submit 5 page letter briefs on the issues above on 9/14.

Thank you,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Aundrea K Gulley
**Sent:** Wednesday, August 29, 2018 12:20 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; Brian T. Ross <bross@gibbsbruns.com>
**Cc:** Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Mike,

The call for tomorrow at 1pm CT is confirmed. We will use your dial in provided below. At that time Defendants will be prepared to discuss our counterproposal on the number of depositions. In addition, per my letter, attached is a draft deposition protocol to discuss tomorrow. It is modeled on a recent order entered by Judge Gilbert in an antitrust MDL.

Thank you,
Andi

Aundrea K. Gulley | Gibbs & Bruns LLP | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax |
agulley@gibbsbruns.com | www.gibbsbruns.com

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Wednesday, August 29, 2018 9:45 AM
**To:** Brian T. Ross <bross@gibbsbruns.com>
**Cc:** Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS MDL -- Deposition Notices

Brian,

Tomorrow at 2:00 p.m. ET works for us. To make the discussion more productive, could Defendants also provide their counter-proposal on deposition numbers? Andi's letter stated that Defendants want to "meet and confer regarding the number of depositions to be taken in this MDL," and so we need Defendants' proposal on that before tomorrow's call.

Thanks,
Mike

**From:** Brian T. Ross [mailto:bross@gibbsbruns.com]
**Sent:** Wednesday, August 29, 2018 10:26 AM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** Re: In re DMS MDL -- Deposition Notices

Mike—

Since our letter was 2 days ago and we didn't hear back from you until just now, that time no longer works on our end. Please propose a time for tomorrow. I can't speak for CDK, but Reynolds is generally available tomorrow except for 10:30 - 11:30am CT.

We will send the draft deposition protocol referenced in Andi's letter today.

Thanks,

Brian

> On Aug 29, 2018, at 9:20 AM, Nemelka, Michael N. <mnemelka@kellogghansen.com> wrote:
>
> Brian,
>
> This is to confirm that we are still speaking today at 11:00 a.m. ET, 10:00 a.m. CT. We can use this dial-in:
>
> (800) 768-2983;
> Code: 3267932
>
> Thanks,

Mike

**From:** Brian T. Ross [mailto:bross@gibbsbruns.com]
**Sent:** Monday, August 27, 2018 11:53 AM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** Re: In re DMS MDL -- Deposition Notices

Please see the attached letter regarding depositions. Thanks,

Brian

> On Aug 23, 2018, at 12:54 PM, Nemelka, Michael N. <mnemelka@kellogghansen.com> wrote:
>
> Dear Counsel,
>
> Please see the attached correspondence and accompanying deposition notices.
>
> Thanks,
> Mike
>
> Michael N. Nemelka
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M. St. N.W., Suite 400
> Washington, DC 20036
> Direct: (202) 326-7932
> mnemelka@kellogghansen.com
>
> NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.
>
> <2018 08 23 Letter re Deposition Notices.pdf><Joza, Mike Depo Notice (CDK).pdf><Karp, Robert Amended Depo Notice (CDK).pdf><Lilly, John Depo Notice (CDK).pdf><MacDonald, Brian Amended Depo Notice (CDK).pdf><Marvin, Robert Depo Notice (CDK).pdf><McCray, Daniel Amended Depo Notice (CDK).pdf><Morris, Chris Depo Notice (CDK).pdf><Neitzel, Al Depo Notice (CDK).pdf><Noser Michael 2nd Amended Depo Notice (CDK).pdf><Nosick, Jeff Depo Notice (CDK).pdf><Roman, Mark Depo Notice (CDK).pdf><Thorne, Malcolm Amended Depo Notice (CDK).pdf><Traucht, Jesse Depo Notice (CDK).pdf><Workman, Ron Amended Depo Notice (CDK).pdf><Wrobel, David Depo Notice (CDK).pdf><Anenen, Steve 2nd Amended Depo Notice (CDK).pdf><Ayotte, Elizabeth 2nd Amended Depo Notice (CDK).pdf><Barr, Jeff Depo Notice (CDK).pdf><Bihner, Joe Depo Notice (CDK).pdf><Conver, Leigh Ann 2nd Amended Depo Notice (CDK).pdf><Crutchfield, Dean Amended Depo Notice (CDK).pdf><Distelhorst, Kevin 2nd Amended Depo Notice (CDK).pdf><Douglas, Josh Depo Notice (CDK).pdf><Foote, Jim Depo Notice

(CDK).pdf><French, Steven Amended Depo Notice (CDK).pdf><Frey, Ron 2nd Amended Depo Notice (CDK).pdf><Gardner, Howard Amended Depo Notice (CDK).pdf><Gerlich, Trey Depo Notice (CDK).pdf><Guentzel, Michael Depo Notice (CDK).pdf><Herbers, Scott Depo Notice (CDK).pdf><Imowitz, Mark Depo Notice (CDK).pdf><Wonderly, Jeff Depo Notice (Reynolds).pdf><Agan, Dan Depo Notice (Reynolds).pdf><Bates, Dave Depo Notice (Reynolds).pdf><Boughan Depo Notice (Reynolds).pdf><Braun, Michael Depo Notice (Reynolds).pdf><Brockman Amended Depo Notice (Reynolds).pdf><Burnett, Robert Depo Notice (Reynolds).pdf><Edwards, Kasi Depo Notice (Reynolds).pdf><Farley, Will Depo Notice (Reynolds).pdf><Grabill, Chris Depo Notice (Reynolds).pdf><Hahn, Michael 2nd Amended Depo Notice (Reynolds).pdf><Hall, Kelly 2nd Amended Depo Notice (Reynolds).pdf><Hellyer, Chris Amended Depo Notice (Reynolds).pdf><Hill, Keith Depo Notice (Reynolds).pdf><Kaser, Eric Depo Notice (Reynolds).pdf><Lamb, Ronald Amended Depo Notice (Reynolds).pdf><Martin, Jamie Depo Notice (Reynolds).pdf><Martin, Jon 2nd Amended Depo Notice (Reynolds).pdf><Maurer, Joel Depo Notice (Reynolds).pdf><Rahill, Tim Depo Notice (Reynolds).pdf><Roadhouse, Dan Depo Notice (Reynolds).pdf><Rulon, Christopher Depo Notice (Reynolds).pdf><Schaefer, Robert Amended Depo Notice (Reynolds).pdf><Schwartz, Thomas Amended Depo Notice (Reynolds).pdf><Sidwell, Peter Depo Notice (Reynolds).pdf><Strawsburg, Jeff Depo Notice (Reynolds).pdf><Thornhill, Ed 2nd Amended Depo Notice (Reynolds).pdf><Wenclewicz, Barbara Depo Notice (Reynolds).pdf>

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our [Privacy Notice](#).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) ) MDL No. 2817<br>Case No. 1:18-CV-00864 |
| *This document relates to:* | ) ) ) |
| ALL CASES | ) Hon. Robert M. Dow, Jr.<br>) Magistrate Judge Jeffrey T. Gilbert<br>) |

**DEPOSITION PROTOCOL ORDER**

IT IS HEREBY ORDERED as follows:

This Deposition Protocol Order may be modified at any time by agreement of the parties or by order of the Court. All parties reserve all rights to seek relief from the Court from any provision for good cause.

I. **NUMBER OF DEPOSITIONS**

   A. Plaintiffs shall be limited to a maximum of 30 total depositions from the Defendants. Defendants shall be limited to a maximum of 30 total depositions from the Plaintiffs. In addition, each "side" may notice a maximum of 15 third party depositions each.

   B. Depositions shall be scheduled as follows: (a) a maximum of two party depositions per week per side (4 total); and (b) a maximum of one third party deposition per week per side (2 total).

   C. Depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6) shall count against each side's deposition limits as follows: For any party, a notice consisting of up to 20 topics (including subparts) shall count as one deposition against the noticing side's limit. Additional topics (including subparts) up to 40 shall count as another deposition against the noticing side's

limit, and so on. However, nothing in this protocol in intended to amend or modify the Federal Rules as they apply to the notice and taking of depositions under Fed. R. Civ. P. 30(b)(6).

## II. DEPOSITION PROCEDURES

A. Absent a specific agreement among the parties or Court order to the contrary, depositions of percipient witnesses noticed by any party will be limited to seven (7) hours of direct examination consistent with Fed. R. Civ. P. 30(d)(l) with the exception of deponents Howard Gardner and Robert Schaefer, whose depositions will be limited to fourteen (14) hours of direct examination. Plaintiffs will not notice any additional party percipient witnesses for depositions lasting more than seven (7) hours. Defendants may seek leave to notice Plaintiff witnesses for depositions lasting more than seven (7) hours for good cause.

B. A witness may be deposed only once in these proceedings unless the parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a party designated under Fed. R. Civ. P. 30(b)(6). Nor will this procedure affect the rights of a party to seek a corporate representative deposition under Fed. R. Civ. P. 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other parties to object to such depositions. The parties will make a good faith effort to notice Fed. R. Civ. P. 30(b)(6) depositions at the outset of all depositions to allow parties to coordinate the timing of the depositions of a corporate representative designated under Fed. R. Civ. P. 30(b)(6) and the deposition of that individual as a fact witness.

C. If any individual has been employed by more than one Plaintiff or Defendant, that individual may be deposed only once and shall not be counted twice for purposes of § (I)(A)-(B) above.

D. Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (*e.g.*, a third party or an employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

III. ALLOCATION OF DEPOSITION TIME

A. As to all depositions noticed by Plaintiffs, Plaintiffs' counsel shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Counsel for any Plaintiff objecting to the allocation of examination time among Plaintiffs shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) business days before the date of the deposition.

B. As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Magistrate Judge by means of a teleconference hearing no later than seven (7) business days before the date of the deposition.

C. Absent unforeseen circumstances, the parties will not cross-notice the depositions of their own current employees or former employees who have consented to the deposition (or the employees / former employees of their respective co-plaintiffs or co-defendants). Counsel for a witness or for the party that is the witness's current or past employer, or that party's respective co-plaintiff or co-defendant, will have reasonable time to examine the witness at the conclusion of direct examination without need for a cross-notice. For the avoidance of doubt, such examination by counsel for the witness, his or her current or past employer, or its co-plaintiff /

3

co-defendant, will not count against the seven (7) hours allotted to the side that noticed the deposition.

  **D.** To the extent counsel for one of the Plaintiffs or Defendants cross-notice a third party for deposition, the noticing parties and the witness will meet and confer on the appropriate duration of the deposition, which will be split as agreed to by the parties or ordered by the Court. Absent a specific agreement among the parties or Court order, the side that noticed the third party witness (which will count against that side's allotted number of third-party depositions) shall be allotted a maximum of four (4) hours of examination; and the side that cross-noticed the third party (which will not count against that side's allotted number of third-party depositions) shall be allotted a minimum of three (3) hours of examination, provided the total amount of time does not exceed seven (7) hours. Each side shall confer before the deposition to allocate examination time among any of its side's counsel intending to participate and ask question at the deposition.

**IV.** <u>SCHEDULING AND LOCATION OF DEPOSITIONS</u>

  **A.** Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness (including, for any former employees, counsel for that person's former employer if the former employer is a party that has identified that they will represent the former employee in the deposition) or the party that is the current employer of the witness.

  **B.** Unless otherwise agreed, the deposition will occur at a location chosen by the witness. If the noticed party objects to the date of the noticed deposition, counsel for the noticed party will respond to the party issuing notice within five (5) business days and will counter-propose alternative dates on which the witness and his or her counsel will be available within

4

fourteen (14) days of the requested date. All parties agree to respond to such counter-proposal within five (5) business days of receipt and to meet and confer in good faith consistent with the local rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided on by the Magistrate Judge with no briefing unless so ordered.

      **C.**     A party may serve a deposition subpoena on a third party without consulting any opposing party, consistent with the notice provisions in the Federal Rules of Civil Procedure. If an opposing party informs the noticing party within five (5) business days that the opposing party intends to cross-notice the third party's deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition.

      **D.**     In scheduling party and non-party depositions (including 30(b)(6) depositions), the parties shall meet and confer on a monthly basis to allow for the scheduling of depositions consistent with this Order. Party depositions shall be formally noticed only after consultation pursuant to this section.

      **E.**     Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all parties. Deposition notices shall have the legal effect of a deposition notice in all related actions.[1]

      **F.**     Once a deposition has been scheduled as set forth in this Order, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court.

---

[1] All rights of any Party relating to pending motions are preserved and are not waived by compliance with this Order.

V. EXHIBITS

A. Electronic and Hard Copy Exhibits. A party may utilize electronic exhibits in connection with a deposition so long as the party arranges for the technology to permit presentment of the electronic exhibit at the deposition to the witness and counsel, and, at least five minutes prior to questioning the witness about the electronic exhibit, provides counsel for the deponent, as well as counsel for each of the Plaintiff groups and Defendant groups, a thumb drive containing the electronic exhibit. With respect to any hard copy exhibit used in a deposition, counsel shall bring at least five (5) hardcopies. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition.

VI. PARTICIPATION BY TELECONFERENCE

A. To minimize travel and related costs, counsel may participate in any deposition by telephone or videoconference (where requested). Counsel noticing the deposition shall make arrangements so that a conference call line, and a real-time text feed are available during every deposition. Any party requesting a real-time text feed or equivalent electronic reporting shall be responsible for the cost of the additional services requested. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation.

VII. CONDUCT OF DEPOSITIONS

A. Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law, including Fed. R. Civ. P. 30(c)(2), except that:

    (1) the parties agree that one objection by Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants respectively; and

6

      (2)    the parties agree that under Fed. R. Civ. P. 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." Objections or other statements by counsel in the presence of the deponent made to suggest an answer to the deponent, such as (without limitation) "if you know" or "if you understand," are improper. Objections to questions during an oral deposition shall be limited to "Objection, leading" and "Objection, form." Objections to testimony during an oral deposition are limited to "Objection, nonresponsive." However, the objecting party must give a clear and concise explanation of an objection at the time the objection is made if requested by the party taking the oral deposition. Absent a request for such explanation, an objection to "form" shall preserve every objection to a question that is otherwise available under the Federal Rules of Evidence. In the unlikely event that a party wishes to make a motion to terminate or limit a deposition under Fed. R. Civ. P. 30(d)(3), that party's counsel should concisely state the grounds in support of such motion on the record.

      (3)    The parties may contact Magistrate Judge Gilbert during a deposition should a dispute arise that necessitates his involvement.

**B.** The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

## VIII. DEPARTING EMPLOYEES AND FORMER EMPLOYEES

**A.** In response to a request for deposition in Section IV above, if the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall, within seven (7) business days of the deposition notice, provide the date of

7

730212312.2

departure and last known address of the former employee, whether counsel can accept service of the notice, and whether counsel will be representing that party for the deposition.

      **B.**    Former employees represented by counsel for the party employer shall count against the limit as a party deposition for purposes of Section I.

      **C.**    In response to a request for deposition in Section IV above, if the witness is a departing employee, the party shall, within five (5) business days of the deposition notice, request that the deponent appear for deposition at a date, place and time convenient for the parties and the deponent, without the need for service of a third party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply and the deposition will be counted as a party deposition for purposes of Paragraph I.

**IX.**    <u>CLAIMS OF PRIVILEGE</u>

      **A.**    Regardless of location, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the Northern District of Illinois, and this Order. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

      **B.**    During a deposition, a witness may consult with his attorney except while a question is pending. If a question is pending, the witness must first answer the question before consulting with counsel, except on an issue relating to privilege.

      **C.**      Private conferences between deponents and attorneys to determine whether a privilege should be asserted and/or to determine whether to clarify or correct testimony previously given by the deponent are permissible. Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

**X.**      STANDARD STIPULATION

      The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

      **A.**      Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward a copy to the witness for review, correction, and signature under penalty of perjury. Within thirty (30) days of receiving the final transcript from the court reporter, the witness's counsel shall forward an executed signature page and any errata to the court reporter, who will promptly notify all counsel of its receipt and any errata.

      **B.**      If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within thirty (30) days from the date of receipt, the witness shall return an executed signature page and any errata to the court reporter, who will notify all counsel of its receipt and any errata.

      **C.**      Any witness who submits errata must do so in accordance with Fed. R. Civ. P. 30(e)(2).

      **D.**      The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

XI. USE OF DEPOSITIONS

A. Depositions taken pursuant to this Deposition Protocol may be made available and used in all actions previously or hereafter transferred to Case No. 1: 18-cv-00864, as permitted by the Federal Rules of Civil Procedure.

XII. MISCELLANEOUS

A. Nothing in this Order supersedes the governing Agreed Confidentiality Order (Dkt. No. 104).

**IT IS SO ORDERED.**

Dated:                                                   ENTERED:

  
_____
HON. JUDGE JEFFREY T. GILBERT
U.S. MAGISTRATE JUDGE

730212312.2