

Aundrea K. Gulley
Partner
agulley@gibbsbruns.com
713.751.5258

October 15, 2018

**Via Email**
Peggy J. Wedgworth
Milberg Tadler Phillips Grossman LLP
One Pennsylvania Plaza
New York, NY 10119

**Via Email**
Derek T. Ho
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street, N.W., Ste. 400
Washington, D.C. 20036-3215

   Re: *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864, MDL No. 2817 (N.D. Ill.)

Dear Peggy and Derek,

  Further to our continuing correspondence regarding the Deposition Protocol and other scheduling and discovery issues, Defendants write in response to your most recent letter from Friday afternoon.

  Thank you for clarifying that (other than Beth Ayotte) you are "eliminating all previous entries on [your] proposed calendar." Although you complained in your prior letter that Defendants' provision of a month's notice of depositions was insufficient, you have now identified numerous witnesses for the next several weeks that you had not previously identified as witnesses for October or November—some requested for as soon as next week. This is insufficient notice. Nevertheless, Defendants will consult with the witnesses identified and provide you with available dates within 5 business days of your request. We also note that, given your change of course, the available dates may fall outside of the two-week window of the dates requested, though we will work to accommodate your requests where possible. That said, we reserve the right to object to your insufficient notice. We also remind you that witnesses are only to be deposed once, and should you intend to attempt to re-depose these witnesses later, for example, after any ruling on the pending motions regarding discovery disputes, we will object to any such re-deposition. As noted in our October 12 correspondence, Defendants have identified Plaintiff witnesses for October and November with this in mind.

  Thank you for confirming Brian Clements and Joseph Nemelka's availability. Notices will be issued accordingly. Please let us know your preferred location for Mr. Nemelka. Both

October 15, 2018
Page 2

Sheppard Mullin and Mayer Brown have offices in Los Angeles and both are willing to host the deposition and to provide lunch if you are amenable. We will issue the notice for Sheppard Mullin's offices if we do not hear from you in advance. We will be happy to amend the notice, however, should you later let us know that you prefer a different location.

Defendants are unable to accommodate your demand that Defendants identify all other MVSC deponents for the same week as Mr. Nemelka's deposition. MVSC's documents have only just been produced and Defendants cannot commit to any number or identity of MVSC witnesses at this time. That said, Defendants are entitled to begin to depose Plaintiff witnesses. It is unfair to the Defendants, and for that matter, the other 36 Plaintiffs, to demand special treatment for MVSC.

You also have only provided two dates out of the five requested by Defendants for October and November. These witnesses were first identified on September 28, 2018. Please note that if Mssrs. Anderson, Jezek, or Petruzzelli are not available, Defendants will substitute other witnesses. Please let us know if we should do so as soon as possible.

With respect to the Deposition Protocol Order, the hearing transcript is available. Defendants are confident that the draft that we sent to you comports with the Court's comments. We intend to submit it shortly. We will note that it is a unilateral submission and that you do not agree.

We appreciate Shannon McNulty's offer to host a meeting in Chicago on Wednesday. Mayer Brown is likewise happy to host a meeting when appropriate. However, you have suggested topics that are not yet ripe for discussion but will be soon. For example:

1. You want to discuss witness scheduling and the case calendar. We agree that these issues need to be addressed. However, you have only just produced some of your documents not in dispute, while other categories remain outstanding. For instance, Authenticom has not provided us a date by when it will produce its counterclaim discovery. Please let us know when we can expect it to be produced. We also don't know the outcome of the omnibus motions to compel (including when any documents will be produced) or whether Plaintiffs' most recent productions include updated financial information. Importantly, we also don't know the imminent outcome of motions to dismiss. Until these issues are addressed, an expensive in-person meeting requiring travel and lodging for most of the lead counsel in this case is premature. The Court stated in the hearing on October 9 that this meeting should occur *after* the rulings on the motions to dismiss. We agree.

2. What would you like to discuss regarding authentication of party and third-party discovery and business record certification of party and third-party documents? You letter was the first you have raised the issue and it does not strike us as a reason to have an expensive travel-heavy in person meeting. Please let us know your proposal and we will respond.

October 15, 2018
Page 3

3. With respect to 30(b)(6) depositions and topics, Peggy had proposed to send us your proposed topics several weeks ago. That did not occur. Please let us know when we can expect to see those topics. For the reasons identified above, Defendants are not yet in a position to provide their proposed topics. Once we receive those, we can determine whether an in-person meeting is appropriate. If there are other issues to be discussed on this point, please let us know what they are.

4. You have also suggested that we need to discuss "privilege log issues." Privilege logs are already discussed in a prior Court Order and are not yet due. Thus, this issue is premature unless you are aware of any issues that you need to discuss in advance. If so, what are they? Again, once you identify them, we can determine whether a in person meeting to address them is warranted.

Very truly yours,

*/s/ Britt M. Miller*
Britt M. Miller
Mayer Brown LLP
*Counsel for CDK Global, LLC*

*/s/ Aundrea Gulley*
Aundrea K. Gulley
Gibbs & Bruns LLP
*Counsel for the Reynolds & Reynolds Company*

cc: MDL Counsel Service List