# Exhibit A

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

MILBERG TADLER PHILLIPS GROSSMAN LLP

One Pennsylvania Plaza 19th Floor ● New York, NY 10119 ● 212.594.5300 ● F 212.868.1229 ● www.milberg.com

September 24, 2018

*Via Electronic Mail*

Britt M. Miller, Esq.
Mayer Brown
71 South Wacker Drive
Chicago, IL 60606

      Re: *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817

Dear Britt:

      Pursuant to ¶ 8(a) of the Confidentiality Order, *see* Dkt. 104, MDL Plaintiffs request that CDK de-designate the documents listed below and in Exhibit A (the "Subject Documents) from "Highly Confidential" to "Confidential." As explained below, none of the Subject Documents warrant "Highly Confidential" treatment under either the Confidentiality Order or relevant caselaw. Many of these documents have been the subject of our extensive prior correspondence on this topic, and you have declined to de-designate them.

      The Subject Documents should be designated "Confidential" – not "Highly Confidential" – for at least six reasons:

      *First*, none of the Subject Documents meet the specific definition for "Highly Confidential" provided in ¶ 2(g) of the Confidentiality Order. None of the Subject Documents contain (1) "copyrighted software"; (2) "computer or programming code and associated comments and revision histories"; (3) or "formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs." *Id.*

      *Second*, the Subject Documents are not of a "highly sensitive nature the disclosure of which could result in significant harm" to CDK. *Id.* Highly Confidential designations should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015). "To justify [an

1

Attorneys' Eyes Only] designation, the designating party must do more than show that it is a competitor of the receiving party or that the documents in question disclose information about the designating party's relationships with other competitors." *Id.*; *accord Motorola, Inc. v. Lemko Corp.*, 2010 WL 2179170, at *5 (N.D. Ill. June 1, 2010). The Subject Documents do not contain trade secrets, technological or proprietary information, current or recent customer lists, or financial details about CDK's business. Rather, the Subject Documents are comprised of collusive communications between CDK and its supposed competitor Reynolds, emails and documents about CDK's data access policies, and emails and documents about competition in the DMS and data integration markets – none of which support a "Highly Confidential" designation.

*Third*, as listed below, a number of the Subject Documents are communications between CDK and Reynolds. CDK-Reynolds communications categorically are not entitled to "Highly Confidential" treatment, because if they revealed information of such a "highly sensitive nature" that their disclosure could "result in significant harm" to CDK, CDK would not have shared them with its purported chief competitor.

*Fourth*, as listed below, virtually all of the Subject Documents are three or more years old. Many are even older. CDK cannot meet its burden to "establish good cause and explain with particularity why the information is not stale." *Global Material*, 133. F. Supp. 3d at 1085.

*Fifth*, under the Confidentiality Order, counsel can only disclose "Confidential" information to their clients (and employees of their clients) "to the extent Counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action." Confidentiality Order ¶ 5(b)(2). And any such client or employee is barred from using Confidential information "for any purpose whatsoever other than in the above captioned case." *Id.* ¶ 5(a). In light of these restrictions, it is again CDK's burden to show that "disclosure of *these materials* to a small number of [Plaintiffs'] business personnel, all of whom will be subject to non-disclosure / non-use restrictions under the Court's protective order, presents a risk of disclosure (including inadvertently or accidentally) of sensitive competitive information." *Lemko*, 2010 WL 2179170, at *4; *accord Global Material*, 133 F. Supp. 3d at 1084. There is no such risk here, because MDL Plaintiffs and our clients will fully comply with this Court's order and will not use the Subject Documents outside the context of this litigation – much less in a manner that will result in "significant harm" to CDK.

*Sixth*, "[o]n the other side of the ledger (assuming the Court even needs to get there, given defendants' failure to show a need for the extraordinarily restrictive limitations they seek to maintain), there is a legitimate need for [MDL Plaintiffs'] outside counsel to be able to consult with client representatives other than lawyers." *Lemko*, 2010 WL 2179170, at *5; *see also Global Material*, 133 F. Supp. 3d at 1084 ("The [Highly Confidential] designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious."). MDL Plaintiffs' clients (and their key executives) have a legitimate need to see the Subject Documents. Simply put, our clients' ability to evaluate the

Subject Documents is critical to their meaningful participation in this MDL – including their ability to determine their litigation strategy and provide knowledgeable input to counsel.

The above objections to CDK's "Highly Confidential" designations for the Subject Documents apply on a document-by-document basis to every document listed below. MDL Plaintiffs further object to CDK's designations as follows:

## I. Communications Between CDK and Reynolds (14 Documents)

The following documents are not entitled to Highly Confidential treatment for the reasons stated above and because they are communications between competitors CDK and Reynolds; they are not "Highly Confidential" under ¶ 8(a) of the Confidentiality Order or the relevant caselaw; they are all more than three years old; and a "Confidential" designation will fully protect CDK's legitimate interests:

1. CDK-0222945
2. CDK-1424529
3. CDK-1974207
4. CDK-0048430
5. CDK-0774207
6. CDK-0222931
7. CDK-0235764
8. CDK-0903802
9. CDK-0919318
10. CDK-1796970
11. CDK-2053730
12. CDK-2284462
13. CDK-1860966
14. CDK-1861079

## II. Other CDK Documents and Communications (87 Documents)

The following documents are not entitled to Highly Confidential treatment for the reasons stated above and because they are not "Highly Confidential" under ¶ 8(a) of the Confidentiality Order or the relevant caselaw; they are all more than three years old; and a "Confidential" designation will fully protect CDK's legitimate interests:

15. CDK-0066958
16. CDK-0602338
17. PI Hearing Ds' Ex. 24
18. PI Hearing Ds' Ex. 31
19. CDK-0189652
20. CDK-2182930
21. CDK-0061228
22. CDK-0473275 (cover email)
    CDK-0473277 (attachment)
23. CDK-0189798
24. CDK-0022018
25. CDK-0053346
26. CDK-0863519
27. CDK-0236597
28. CDK-0021983
29. CDK-0018738
30. CDK-0019518
31. CDK-0855506
32. CDK-0230616
33. CDK-0040165
34. CDK-0223000
35. CDK-0109347
36. CDK-0035959
37. CDK-0124034
38. CDK-0105062
39. CDK-0215041
40. CDK-0325566
41. CDK-0016195
42. CDK-0049380
43. CDK-0728579
44. CDK-0053764
45. CDK-0235305

46. CDK-0177998
47. CDK-2397246
48. CDK-0049413
49. CDK-1421310
50. CDK-0061059
51. CDK-0458493
52. CDK-0473731
53. CDK-0039309
54. CDK-1221834
55. CDK-1802134 (cover email)
    CDK-1802135 (attachment)
56. CDK-1802135
57. CDK-0802599
58. CDK-0817721
59. CDK-0977351
60. CDK-0686257

61. CDK-1138147
62. CDK-1203686
63. CDK-0688619
64. CDK-0039309
65. CDK-0061059
66. CDK-1221834
67. CDK-1393076
68. CDK-1421310
69. CDK-2182963
70. CDK-2219474
71. CDK-2239477
72. CDK-1714946
73. CDK-1716917
74. CDK-2426621

The following documents are not entitled to Highly Confidential treatment for the reasons stated above and because they are not "Highly Confidential" under ¶ 8(a) of the Confidentiality Order or the relevant caselaw and a "Confidential" designation will fully protect CDK's legitimate interests:

75. CDK-0843493
76. CDK-0032559
77. CDK-0584712
78. CDK-0177588
79. CDK-0913658
80. CDK-0797233
81. CDK-0987733

82. CDK-1138147
83. CDK-1203686
84. CDK-0569059
85. CDK-0693118
86. CDK-0224081
87. CDK-0019201

\* \* \*

In accordance with ¶ 8(a) of the Confidentiality Order, please let us know within 10 days whether CDK will agree to de-designate the Subject Documents (or any subset of the Subject Documents) from "Highly Confidential" to "Confidential."

If CDK refuses to de-designate any of the Subject Documents from "Highly Confidential" to "Confidential," MDL Plaintiffs reserve all rights and plan to seek prompt relief from the Court pursuant to ¶ 8(b) of the Confidentiality Order.

Very truly yours,

*s/ Joshua Hafenbrack*

Joshua Hafenbrack

CC:    MDL Service External Email List