# Exhibit B

**MAYER•BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

Matthew D. Provance
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

October 9, 2018

**BY E-MAIL**

Joshua Hafenbrack
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 60036

Re: *In re Dealer Management Systems Antitrust Litig.*,
MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Josh:

Pursuant to Paragraph 8(a) of the Agreed Confidentiality Order (Dkt. 104, "Confidentiality Order"), I write on behalf CDK Global, LLC ("CDK") in response to MDL Plaintiffs' challenge to the designation of certain documents produced by CDK as "Highly Confidential."

We disagree that the documents identified in Plaintiffs' September 24, 2018 letter do not meet the definition of "Highly Confidential" set forth in Paragraph 2(g) of the Confidentiality Order. In this MDL, where CDK or its affiliated CVR joint venture (a) compete with co-Defendant Reynolds and Plaintiffs Cox, AutoLoop, and MVSC for various products and services that are "at issue" in the litigation and (b) are engaged in ongoing negotiations with many members of both the putative dealer and vendor classes for DMS and managed data services, many of the documents that CDK produces will be appropriately designated Highly Confidential under a two-tiered protective order. *See, e.g.*, *Hitz Entm't Corp. v. Mosley*, 2017 U.S. Dist. LEXIS 14259, *20 (N.D. Ill. Feb. 1, 2017) ("[T]here is good cause to protect [highly confidential] information from disclosure to a competitor where the competitor could use that information to obtain a competitive advantage.").[1] Indeed, the Plaintiffs that Kellogg Hansen represents have designated a substantial number of their own documents Highly Confidential, and they have used that designation more frequently—in some cases, much more frequently—than CDK:

---

[1] *See also In re Takata Airbag Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 177522 (S.D. Fla. Aug. 7, 2015) (noting that courts "regularly impose" two-tier protective orders in cases involving competitors, "who must protect their Highly Confidential material from each other (in addition to others).") (collecting cases). Even the *Global Material* case principally relied upon in Plaintiffs' September 24 letter recognizes that "[c]ourts have made clear that the AEO designation is particularly appropriate in situations where the confidential information might otherwise be used to gain a commercial advantage by a direct competitor." 133 F. Supp. 3d 1079, 1090 (N.D. Ill. 2015). To the extent that *Global Material* did not afford AEO protection to certain documents at issue in that case, we believe that the case is readily distinguishable on several grounds, including because two of the producing parties apparently were no longer "functioning companies" and therefore the court was "unable to determine whether the AEO-designated information ha[d] any on-going value to either company." *Id.* at 1086.

Mayer Brown LLP operates in combination with other Mayer Brown entities, which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.
730230349

Joshua Hafenbrack
October 9, 2018
Page 2

| **Producing Party** | **Documents Produced** | **Confidentiality Designation** | | | |
|---|---|---|---|---|---|
| | | **None** | **Confidential** | **Highly Confidential** | **% Highly Confidential** |
| Authenticom | 37,120 | 494 | 17,261 | 19,365 | 52% |
| MVSC | 2,284 | 0 | 432 | 1,852 | 81% |
| AutoLoop | 3,678 | 39 | 837 | 2,802 | 76% |
| Cox Automotive | 6,096 | 0 | 726 | 5,370 | 88% |
| **Kellogg Hansen Plaintiffs**[2] | **49,178** | **533** | **19,256** | **29,389** | **60%** |
| **CDK** | **823,553** | **36,270** | **407,800** | **379,483** | **46%** |

Against this backdrop, Plaintiffs' challenge is overreaching. In addition, we will briefly respond to the six arguments raised in your September 24 letter. None is persuasive.

*First*, the three categories of Highly Confidential information that are enumerated in Paragraph 2(g) of the Agreed Confidentiality Order are expressly provided "[w]ithout limitation to other forms of Confidential Information properly designated as 'HIGHLY CONFIDENTIAL' in accordance with this subparagraph." Therefore, to the extent that the documents identified in Plaintiffs' September 24 letter do not reflect "copyrighted software," "computer or programming code," "formulas, engineering specifications," or system "schematics," etc., the documents are still properly designated Highly Confidential under Paragraph 2(g).

*Second*, you assert that the Highly Confidential designation is only appropriate for "a relatively small and select number of documents." Ltr. at 1. As noted above, that argument is unpersuasive given that CDK has designated significantly *fewer* documents Highly Confidential (on a percentage basis) than each of your own clients Authenticom, MVSC, AutoLoop, and Cox. Moreover, contrary to the statements in your letter, the challenged documents reflect highly confidential and competitively sensitive information, including (without limitation) non-public financial information (*e.g.*, CDK-0035959); internal presentations and discussions of ongoing and contemplated business strategies (*e.g.*, CDK-0105062 and CDK-0863519); contract negotiations, pricing terms, and pricing strategies (*e.g.*, CDK-0177588); and internal evaluations of possible transactions and acquisitions (*e.g.*, CDK-0053764 and CDK-0235305). Unsurprisingly, many of the challenged documents reflect contemporaneous statements attesting to their highly sensitive and confidential nature. *See, e.g.*, CDK-0584712 (content of the email and attachment is "not to be shared with anyone"). Allowing business executives at CDK's competitors to access these documents, regardless of whether their access is ostensibly for purposes of assisting counsel with the conduct of this MDL, could result in significant harm, including but not limited to competitive harm. As such, the designations are proper.

---

[2] With regard to Cox Automotive, the above numbers reflect our preliminary analysis of the overlay file that we received last night re-designating the confidentiality values associated with Cox's production.

Mayer Brown LLP

Joshua Hafenbrack
October 9, 2018
Page 3

*Third*, the fact that some of the challenged documents reflect "communications between CDK and Reynolds" does not mean that they "categorically are not entitled to 'Highly Confidential' treatment." Ltr. at 2. To the extent that CDK has shared confidential or competitively sensitive information with Reynolds, it has done so pursuant to mutual confidentiality/non-disclosure agreements in connection with lawful agreements (including the February 2015 agreements) or in the context of joint ventures that exist between Defendants.[3]

*Fourth*, the competitively sensitive information in certain of the challenged documents is not automatically "stale" to the extent those documents were created three or more years ago. In many cases, the information relates to contracts, strategies, and pricing arrangements that remain ongoing. Further, Plaintiffs have not applied a three-year expiration date to their own "Highly Confidential" information. For example, of the 12,109 documents that Authenticom designated Highly Confidential and which include date-related metadata, 7,493 of those documents (61%) contain metadata indicating that the information is more than three years old.[4]

*Fifth*, while we appreciate that Plaintiffs will agree to abide by Paragraph 5(b)(2) of the Confidentiality Order regarding any materials that are made available to them on a "Confidential" basis, if that were sufficient, then a two-tiered protective order would be unnecessary. Again, your own clients clearly believe (to a greater degree than CDK) that greater protections are necessary for a substantial number of documents subject to discovery.

*Sixth*, we disagree that Plaintiffs have demonstrated a "legitimate need" for their business representatives to have access to the challenged documents. As noted above, CDK has produced nearly 450,000 documents that Plaintiffs' business representatives may review subject to the restrictions set forth in the Confidentiality Order. They will also be able to review deposition testimony from CDK witnesses that is designated "Confidential" or lower, once depositions begin later this month. These two sources of information (and likely others) are sufficient to convey the core relevant facts of this proceeding.

\* \* \*

While CDK maintains that its designations are proper, in the spirit of compromise and in an effort to avoid the unnecessary distraction that motions practice over this dispute would create, CDK is willing to designate the following documents "Confidential," reserving all rights to maintain their original designation if a compromise cannot be reached[5]:

---

[3] Of course, we strongly disagree that any challenged document reflects "collusive communications" between CDK and Reynolds. Ltr. at 2. But our disagreements over whether the documents support Plaintiffs' claims are irrelevant to the fact that they are appropriately designated Highly Confidential.

[4] As indicated in the letter sent yesterday to Derek Ho and Mike Nemelka, thousands of documents produced by Authenticom, many of which are designated Highly Confidential, do not include any date-related metadata. Many of these documents may be more than three years old, as well.

[5] In the list that follows, please note that challenged documents No. 2 (CDK-1424529) and No. 84 (CDK-0569059) were originally designated "Confidential," so it is unnecessary for CDK to re-designate them.

730230349

Mayer Brown LLP

Joshua Hafenbrack
October 9, 2018
Page 4

| # | Beginning Bates | | # | Beginning Bates | | # | Beginning Bates |
|---|---|---|---|---|---|---|---|
| 1 | CDK-0222945 | | 29 | CDK-0018738 | | 69 | CDK-2182963 |
| 2 | CDK-1424529 | | 31 | CDK-0855506 | | | |
| 3 | CDK-1974207 | | 43 | CDK-0728579 | | | |
| 4 | CDK-0048430 | | 55 | CDK-1802134 | | | |
| 16 | CDK-0602338 | | 59 | CDK-0977351 | | | |
| 24 | CDK-0022018 | | 63 | CDK-0688619 | | | |

To the extent that additional documents remain in dispute, we are available to meet and confer about them later this week.

Sincerely,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc: Lead MDL Plaintiff Counsel of Record
Reynolds Counsel of Record
Mark Ryan
Britt Miller
Andrew Marovitz