IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 <br><br> *This document relates to:* <br><br> THE DEALERSHIP CLASS ACTION | No. 1:18-CV-864 <br><br> Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO DEALERSHIP CLASS PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

The dealers have sought leave to submit as supplemental authority *In re Asacol Antitrust Litigation*, 2018 WL 4958856 (1st Cir. Oct. 15, 2018), which they say is "pertinent to standing issues raised in CDK's motion to dismiss." Dkt. 420 at 3. CDK does not oppose the submission of *Asacol* as supplemental authority, but writes to make clear that *Asacol* does not represent a change in the law or provide grounds for revisiting the conclusion this Court reached in *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, 2013 WL 4506000, (N.D. Ill. Aug. 23, 2013) ("DFA I"), when it held that plaintiffs "fail[ed] to satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue." *Id*. at *8.

In *Asacol*, the First Circuit concluded that named plaintiffs may represent purchasers in other states under Fed. R. Civ. P. 23 if "the claims of the named plaintiffs parallel those of the putative class members." 2018 WL 4958856, at *4. As this Court has recognized, however, the Article III standing inquiry "remains the same" in a class action. *DFA I*, 2013 WL 4506000, at *8 (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 427 U.S. 26, 40 n.20 (1976)). Just as Congress "cannot erase Article III's standing requirements" (*Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1547-48 (2016)), a federal rule may not do so.

*Asacol*'s suggestion that plaintiffs may use Rule 23 to bring "parallel" claims on behalf of absent class members also flies in the face of binding precedent. A plaintiff "who has been subject to injurious conduct of one kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). As the Supreme Court has frequently reaffirmed, "standing is not dispensed in gross"—and this "same principle applies when there are multiple plaintiffs." *Town of Chester v. Laroe Estates*, 137 S. Ct. 1645, 1650-51 (2017).

Ultimately, *Asacol* is no different than the other cases the dealers cited in their opposition (at 77-79), which largely predated *DFA I* or simply found the opinion "unpersuasive." As this Court held, however, the "better-reasoned" conclusion is that district courts should not "delay determining whether an actual case or controversy is before them" merely because the claim is brought as part of a putative class action. *DFA I*, 2013 WL 4506000 at *6. The Court was correct and should not revisit that determination.

Even if *Asacol* were persuasive authority, moreover, it would not apply here. The dealers do not purport to make even the threshold showing that the statutes of the twenty-six states in which no named plaintiff does business or is a resident are sufficiently similar to confer standing under *Asacol*. In fact, there are material differences between and among many of the state laws at issue in this case. *E.g.*, Mem. at 39-44 (discussing differences on inter- versus intra-state conduct, tangible versus intangible services, etc.); Reply at 20-25. More importantly, the dealers bring their state-law claims on behalf of 36 state-specific classes rather than a single nationwide class. *Compare* Compl. ¶ 17 *with Asacol*, 2018 WL 4958856, at *2. Thus, unlike in *Asacol*, the dealers are not even members of most of the classes they seek to represent.

Dated: October 19, 2018          Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

**CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, hereby certify that on October 19, 2018, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO DEALERSHIP CLASS PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      */s/ Britt M. Miller*
      Britt M. Miller
      MAYER BROWN LLP
      71 South Wacker Drive
      Chicago, IL 60606
      Phone: (312) 782-0600
      Fax: (312) 701-7711
      E-mail: bmiller@mayerbrown.com