# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817<br>Case No. 18-cv-00864 |
| **This Document Relates To:** | Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| **THE DEALERSHIP CLASS ACTION** | |

**SETTLEMENT AGREEMENT BETWEEN THE DEALERSHIP CLASS AND
REYNOLDS**

This Settlement Agreement ("Agreement")[1] is made and entered into on October 23, 2018 by and between the Dealership Class Plaintiffs, both individually and on behalf of the Dealership Class, and The Reynolds and Reynolds Company ("Reynolds"), through their respective counsel. This Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Dealership Class Claims and the Released Reynolds Claims, upon and subject to the terms and conditions set forth in this Agreement and subject to the approval of the Court.

WHEREAS, the Dealership Class Plaintiffs are prosecuting the Dealership Class Action on their own behalf and on behalf of the Dealership Class against Reynolds and another defendant, CDK Global, LLC ("CDK"); and

WHEREAS, the Dealership Class Plaintiffs allege, among other things, that Reynolds unlawfully colluded to restrain and/or eliminate competition by charging supracompetitive prices in the markets for Dealer Management System ("DMS") software services and Data Integration

---

[1] Unless otherwise noted, capitalized terms not immediately defined have the meanings set forth in the Definitions section of this Agreement.

Services ("DIS"), in violation of Sections 1 and 2 of the Sherman Act and certain state antitrust and consumer protection laws; and

WHEREAS, the Dealership Class Plaintiffs have conducted an investigation into the facts and the law regarding the Dealership Class Action and have concluded that a settlement with Reynolds according to the terms of this Agreement is fair, reasonable, and adequate, and beneficial to and in the best interests of the Dealership Class Plaintiffs and the Dealership Class; and

WHEREAS, Reynolds denies all allegations of wrongdoing in the Dealership Class Action and believes it is not liable for the claims asserted and has good defenses to those claims; however Reynolds desires to settle the Dealership Class Action and has agreed to enter into this Agreement to avoid further expense, risk, inconvenience, and distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Reynolds based on the allegations of the Dealership Class Action, as more particularly set out below; and

WHEREAS, Reynolds maintains that it has certain potential counterclaims against Dealership Class Plaintiffs in the Dealership Class Action, and also maintains that all of Dealership Class Plaintiffs' claims against Reynolds in the Dealership Class Action are subject to individual, contractual arbitrations and that the Dealership Class Action should be stayed as to Reynolds until such arbitrations are completed; and

WHEREAS, Dealership Class Plaintiffs deny that they would be liable for the potential counterclaims identified by Reynolds and believe they have good defenses to such claims, and deny and dispute each of Reynolds's arguments with respect to arbitration and staying the

Dealership Class Action; however Dealership Class Plaintiffs desire to settle the Dealership Class Action and have agreed to enter into this Agreement to avoid further expense, risk, inconvenience, and distraction of burdensome and protracted litigation, and to obtain the releases, orders and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Dealership Class Plaintiffs based on the allegations of the Dealership Class Action, as more particularly set out below; and

WHEREAS, Dealership Class Counsel and Reynolds's Counsel have engaged in arm's-length settlement negotiations, including a full-day mediation before Kenneth S. Marks, Esq. on September 25, 2018 in Houston, Texas;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Dealership Class Action be settled, compromised and dismissed on the merits with prejudice as to Reynolds only and, except as provided by this Agreement, without costs as to the Dealership Class Plaintiffs, the Dealership Class, or Reynolds, subject to the approval of the Court, following notice to the Dealership Class, on the following terms and conditions:

A.     **Definitions**

1.     These terms, as used in this Agreement, have the following meanings:

(a)     "Action" means The Dealership Class Action, *In Re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.).

(b)     "Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018. Excluded from the Dealership

3

Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors. Subject to Court approval, the parties agree that the Dealership Class shall be certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only as to Reynolds.

      (c)     "Dealership Class Counsel" means the law firms of Milberg Tadler Phillips Grossman LLP; Bellavia Blatt, P.C.; Gustafson Gluek PLLC; and Robbins Geller Rudman & Dowd LLP.

      (d)     "Dealership Class Lead Counsel" means Milberg Tadler Phillips Grossman LLP.

      (e)     "Dealership Class Member" means each member of the Dealership Class who does not timely elect to be excluded from the Dealership Class.

      (f)     "Dealership Class Period" means the period from January 1, 2015 through October 23, 2018.

      (g)     "Dealership Class Plaintiffs" means each of the named plaintiffs in the Consolidated Class Action Complaint: (1) ACA Motors, Inc. d/b/a Continental Acura; (2) Baystate Ford Inc.; (3) Cherry Hill Jaguar; (4) Cliff Harris Ford, LLC d/b/a Warrensburg Ford; (5) Continental Autos, Inc. d/b/a/ Continental Toyota; (6) Continental Classic Motors, Inc. d/b/a Continental Autosports; (7) 5800 Countryside, LLC d/b/a/ Continental Mitsubishi; (8) HDA Motors, Inc. d/b/a Continental Honda; (9) H & H Continental Motors, Inc. d/b/a Continental Nissan; (10) Gregoris Motors, Inc.; (11) Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville; (12) JCF Autos LLC d/b/a Stevens Jersey City Ford; (13) Jericho Turnpike Sales LLC d/b/a Ford & Lincoln of Smithtown; (14) Jim Marsh American Corporation d/b/a Jim

Marsh Mitsubishi Suzuki Kia Mahindra; (15) John O'Neil Johnson Toyota, LLC; (16) Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota; (17) Marshall Chrysler Jeep Dodge, LLC; (18) Naperville Zoom Cars, Inc. d/b/a/ Continental Mazda; (19) NV Autos, Inc. d/b/a Continental Audi; (20) Patchogue 112 Motors LLC d/b/a Stevens Ford; (21) Pitre Imports, LLC d/b/a Pitre Kia; (22) Pitre, Inc. d/b/a Pitre Buick GMC; (23) Teterboro Automall, Inc. d/b/a Teterboro Chrysler Dodge Jeep Ram; (24) Waconia Dodge, Inc. d/b/a Waconia Dodge Chrysler Jeep Ram; and (25) Warrensburg Chrysler Dodge Jeep, L.L.C.

(h)     "Dealership Class Releasees" and "Dealership Class Releasors" means the Dealership Class Plaintiffs and Dealership Class Members, and their respective past and present (as of the Execution Date) officers, directors, employees, agents, stockholders, attorneys, servants, members, entities, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

(i)     "Defendants" means CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds").

(j)     "DIS" or "Data Integration Services," for purposes of this Agreement only, and subject to Reynolds's and the Dealership Class Plaintiffs' rights to argue otherwise in the MDL or otherwise, means the programs and services for extracting, formatting, integrating, and/or organizing data from DMSs.

(k)     "DMS," for purposes of this Agreement only, and subject to Reynolds's and the Dealership Class Plaintiffs' rights to argue otherwise in the MDL or

otherwise, means Dealer Management System, which is an enterprise software system and computing platform designed for automobile dealers.

(l) "Effective Date" shall mean the date on which the Final Approval Order and Judgment becomes Final or, if the Court enters an order and final judgment in a form other than that provided as Exhibit B ("Alternative Judgment") and neither of the Settling Parties elect to terminate this Settlement, the date that such Alternative Judgment becomes Final.

(m) "Escrow Account" means the separate escrow account at a banking institution into which the Settlement Amount will be deposited for the benefit of the Dealership Class.

(n) "Escrow Agent" means the Settlement Administrator.

(o) "Execution Date" means the date of the last signature on the signature pages set forth below. On the Execution Date, the Dealership Class Plaintiffs and Reynolds are bound by the terms of this Agreement, and this Agreement shall not be rescinded except in accordance with their Rescission Rights.

(p) "Final," with respect to the Final Approval Order and Judgment or an Alternative Judgment, means: (a) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Judgment approving the Settlement, i.e. thirty (30) calendar days after entry of the Judgment; or (b) if there is an appeal, the date of final dismissal of any appeal from the Judgment, or the final dismissal of any proceeding on *certiorari* to review the Judgment; or (c) the date of final affirmance on an appeal of the Judgment, the expiration of the time to file a petition for a writ of *certiorari*, or the denial of a writ of *certiorari* to review the Judgment, and, if *certiorari* is granted, the date of final affirmance of the Judgment following review under that grant. It is agreed that neither the provisions of Rule 60 of the Federal Rules of

6

Civil Procedure nor the All Writs Act, 28 U.S.C. §1651, shall be taken into account in determining the above-stated times. Any proceeding or order, or any appeal or petition for a writ of *certiorari* pertaining solely to any distribution plan and/or application for attorneys' fees, costs, or expenses, shall not delay or preclude the Judgment from becoming Final.

      (q)    "Final Approval Order and Judgment" means the order and final judgment to be entered by the Court approving the Settlement, substantially in the form attached as Exhibit B.

      (r)    "MDL" means the multidistrict litigation: *In Re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.), which includes the Dealership Class Action, the Vendor Class Action, and the Individual Plaintiffs Actions brought by *Authenticom, Inc.*, Case No. 1:17-cv-00318-JDP (W.D. Wis.), *Cox Automotive, Inc.*, Case No. 1:18-cv-1058 (N.D. Ill.) and *Motor Vehicle Software Corporation*, Case No. 1:18-cv-00865 (N.D. Ill.), and any other cases coordinated or consolidated under the Multidistrict Litigation Number 2817.

      (s)    "MDL Liaison Counsel" means the law firm of Clifford Law Offices, P.C..

      (t)    "Non-Settling Defendant" means CDK Global, LLC ("CDK").

      (u)    "Notice" means these forms of notice attached to the form of Preliminary Approval Order attached as Exhibit A:

      (1)    "Mail Notice" means the proposed settlement notice to be mailed to members of the Dealership Class substantially in the form of Exhibit 1 to the form of Preliminary Approval Order attached as Exhibit A

      (2)    "Long-Form Posted Notice" means the proposed settlement notice to be posted on the Settlement Website substantially in the form of Exhibit 2 to the form of Preliminary Approval Order attached as Exhibit A

        (3)    "Publication Notice" means the proposed settlement notice to be published substantially in the form of Exhibit 3 to the form of Preliminary Approval Order attached as Exhibit A.

        (v)    "Preliminary Approval Order" means the proposed order, substantially in the form attached as Exhibit A, preliminarily approving the Settlement and directing notice to the Dealership Class.

        (w)    "Released Claims" means the Released Dealership Class Claims and the Released Reynolds Claims.

        (x)    "Released Dealership Class Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise (whether or not any Dealership Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, indirectly, representatively, derivatively, or in any other capacity) that Dealership Class Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against Reynolds Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any facts, circumstances, acts, or omissions arising out of or related to the direct or indirect provision, licensing, pricing, purchasing, selling, marketing, development, availability, accessibility, or functionality of DMS or DIS, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any complaints filed in the Dealership Class Action, including without limitation those arising under antitrust, unfair competition, consumer protection, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy, common law or statutory fraud laws, whether under federal, state, local, or foreign law. For the avoidance of

doubt, the Released Dealership Class Claims (a) include without limitation any claim or allegation relating in any way to a continuation after the Effective Date of any conduct described in the preceding sentence; but (b) do not release, alter, or affect any existing or future contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services.

(y) "Released Reynolds Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise that Reynolds Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Dealership Class Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in the Dealership Class Action, including without limitation those asserted or that could be asserted in any counterclaim by Reynolds arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.; the Copyright Act, 17 U.S.C. § 501; the Digital Millennium Copyright Act, 17 U.S.C. § 1201; the Wisconsin Computer Crimes Act, Wis. Stat. § 943.70(2)(a); the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200; and similar laws. For the avoidance of doubt, the Released Reynolds Claims (a) include any claims that Reynolds could have asserted against the Dealership Class Releasees relating to the use or sharing of log-in credentials prior to the Effective Date, but (b).do not release, alter, or affect any existing or future

contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services and (c) Reynolds Releasors do not release, and expressly preserve, all claims, known or unknown, they may have against any person other than Dealership Class Releasees, including without limitation any current or future plaintiff in the MDL other than Dealership Class Plaintiffs.

(z)     "Reynolds Releasees" and "Reynolds Releasors" means Reynolds and all of its past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, and affiliates and all of their respective past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, predecessors in interest, successors, successors in interest and assigns of any of the above; and each and all of the present (as of the Execution Date) and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, servants, members, entities, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

(aa)     "Settlement" means the settlement contemplated by this Agreement.

(bb)     "Settlement Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc., which shall administer the Settlement, subject to the Court's approval.

(cc)     "Settlement Amount" means $29,500,000 in U.S. dollars.

(dd)     "Settlement Fund" means the funds accrued in the Escrow Account.

(ee)    "Settling Defendant" means The Reynolds and Reynolds Company ("Reynolds").

(ff)    "Settling Defendant Reynolds's Counsel" means the law firms of Gibbs & Bruns LLP and Sheppard, Mullin, Richter & Hampton LLP.

(gg)    "Settling Parties" means the Dealership Class Plaintiffs and Reynolds.

### B.    Approval of this Agreement, Notice, and Dismissal of Claims Against Reynolds

2.    <u>Reasonable Best Efforts to Effectuate this Settlement</u>. The Dealership Class Plaintiffs and Reynolds will use their best efforts to effectuate this Agreement, including cooperating in seeking Court approval of the Settlement and securing both the Court's certification of the Dealership Class and the Court's approval of procedures (including issuing class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete and final dismissal with prejudice of the Dealership Class Action as to Reynolds.

3.    <u>Motion for Preliminary Approval</u>. Class Counsel will submit a motion for preliminary approval of the Settlement by the Court and for authorization to disseminate Notice to the Dealership Class, substantially in the form attached as Exhibit A.

4.    <u>Notice to the Dealership Class</u>. As ordered by the Court in the Preliminary Approval Order, consistent with the requirements of Rule 23 and due process, Notice shall be disseminated to the Dealership Class, which shall be provided with the opportunity to request to be excluded from the Dealership Class and the opportunity to object to certification of the Dealership Class, the Settlement, or any attorneys' fees, costs and expenses sought by Dealership Class Counsel. On the timetable and in the manner set by the Court in the Preliminary Approval Order, the Settlement Administrator shall disseminate notice to the Dealership Class. Reynolds,

11

to the extent practicable, shall provide to the Settlement Administrator a list of available names and last known addresses for its DMS and DIS customers during the Dealership Class Period.

       5.    <u>Motion for Final Approval and Entry of Final Judgment</u>. Prior to the date set by the Court to consider whether this Settlement should be finally approved, Class Counsel will submit a motion for final approval of the Settlement by the Court. The Settling Parties shall jointly seek entry of a Final Approval Order and Judgment, substantially in the form attached as Exhibit B.

    **C.**    **Releases, Discharge, and Covenants Not to Sue**

       6.    <u>Release of Claims Against Reynolds Releasees</u>. Upon the Effective Date, and in consideration of payment of the Settlement Amount, Reynolds Releasees shall be completely released, acquitted, and forever discharged from any and all Released Dealership Class Claims.

       7.    <u>Release of Claims Against Dealership Class Releasees</u>. Upon the Effective Date, the Dealership Class Releasees shall be completely released, acquitted, and forever discharged from any and all Released Reynolds Claims.

       8.    <u>No Future Actions Following Releases</u>. Dealership Class Releasors and Reynolds Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against Reynolds Releasees or Dealership Class Releasees, respectively, (including pursuant to the MDL) based on the Released Claims in any forum worldwide, whether on his, her, or its own behalf or as part of any putative, purported or certified class.

       9.    <u>Covenant Not to Sue</u>. Dealership Class Releasors and Reynolds Releasors hereby covenant not to sue Reynolds Releasees and Dealership Class Releasees, respectively, with respect to any Released Claims. Dealership Class Releasors and Reynolds Releasors shall

be permanently barred and enjoined from instituting, commencing, or prosecuting against the Reynolds Releasees and Dealership Class Releasees, respectively, any claims based in whole or in part on the Released Claims. The Settling Parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted by or on behalf of any Dealership Class Releasor or Reynolds Releasor with respect to the Released Claims.

10.    Waiver of California Civil Code § 1542 and Similar Laws. Dealership Class Releasors and Reynolds Releasors acknowledge that, by virtue of this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, including any Released Claim that any Dealership Class Releasor or Reynolds Releasor does not know or suspect to exist in his, her or its favor at the time of the release that if known by him, her or it, might have affected his, her or its settlement with and release, or might have affected his, her or its decision not to object to this Settlement ("Unknown Claims"). Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and equivalent, similar, or comparable laws or principles of law. California Civil Code § 1542 provides:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

Each Dealership Class Releasor and Reynolds Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims, but each such Dealership Class Releasor and Reynolds Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement

13

becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Dealership Class Plaintiffs and Reynolds acknowledge, and all Dealership Class Releasors, Dealership Class Releasees, Reynolds Releasors, and Reynolds Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the Released Claims was separately bargained for and was a key element of the Settlement.

11.   <u>Arbitration</u>. Reynolds does not waive, and expressly preserves, any contractual rights to arbitrate any and all disputes that are not Released Claims. In the event the Effective Date does not occur, Reynolds shall retain any contractual rights it may have to arbitrate any dispute with any Dealership Class Plaintiff or Dealership Class Member relating to any Released Claim. Reynolds also expressly preserves and retains any right to arbitrate any dispute relating to any Released Claim with any Dealership Class Member who timely and validly elects to be excluded from the Dealership Class in accordance with the procedure established by the Court.

**D.     Discovery and Motion Practice**

12.   After the Effective Date, Reynolds and Dealership Class Plaintiffs will continue to participate in coordinated discovery in the MDL, consistent with and subject to their respective rights and obligations under the Federal Rules of Civil Procedure and any applicable orders of the Court. In the event that Reynolds and/or Dealership Class Plaintiffs cease to be parties to the MDL, they will fulfill any discovery obligations they may have in the Dealership Class Action as third parties, subject to their respective rights to object to such discovery pursuant to the Federal Rules of Civil Procedure. With the exception of any motions to enforce this Settlement Agreement, or to enforce the discovery obligations described in this Paragraph,

neither Reynolds nor Dealership Class Plaintiffs shall file any further motions against the other. Reynolds and Dealership Class Plaintiffs agree to jointly and promptly seek an order from the Court staying and taking off calendar all pending motions against each other pending final approval of this Settlement, with the exception of arguments made by the Dealership Class Plaintiffs in the MDL Plaintiffs' Omnibus Motion to Compel (ECF No. 316). In the event this Settlement does not become Final, both Reynolds and Dealership Class Plaintiffs shall retain the right to reinstate and pursue any motions that were stayed or taken off calendar while this Settlement was pending final approval.

**E.      Payments**

13.      <u>Notice Allowance</u>. In addition to the Settlement Amount, Reynolds agrees to pay actual class notice costs up to a maximum limit of $250,000 in U.S. dollars. Reynolds will also provide reasonable assistance with notice to Reynolds dealers.

14.      <u>Settlement Amount</u>. Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, not later than thirty (30) days after the Execution Date, Reynolds shall pay or cause to be paid the Settlement Amount into the Settlement Fund.

**F.      Settlement Fund**

15.      <u>Settlement Fund</u>. Dealership Class Counsel will provide complete and accurate payment instructions and a W-9 for payment of the Settlement Amount into the Escrow Account.

(a)      <u>Escrow Account</u>. All funds required to be held in escrow for the purposes of this Settlement shall be held by the Escrow Agent. All funds required to be held in the Escrow Account are deemed to be in the custody of the Court and will remain subject to the

jurisdiction of the Court until the funds are distributed pursuant to this Agreement and/or further order of the Court.

(b)     The Escrow Agent or any independent entity designated by the Escrow Agent will invest any funds held in the Escrow Account in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments) or in a fully US Government-insured account, and will collect and reinvest any interest accrued thereon, except that any residual cash balances or funds needed for short-term placement up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC and held in cash.

(c)     All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund, and the Reynolds Releasees shall have no responsibility for, interest in, or liability regarding investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

(d)     The Settling Parties and their counsel shall treat, and shall cause the Settlement Administrator or its designee to treat, the Settlement Fund as at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Settlement Administrator or its designee and, as required, the parties, shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements in such regulations. It shall be the responsibility of the Escrow Agent, the Settlement Administrator or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing

16

to occur. All provisions of this Agreement shall be interpreted consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

(e)     For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Settlement Fund shall be the Escrow Agent, the Settlement Administrator or its designee, who shall timely and properly file or cause to be filed, all tax returns necessary or advisable regarding the Settlement Fund (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2).

(f)     The Escrow Agent or its designee will file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund.

(g)     The Escrow Agent or any independent entity designated by the Escrow Agent will pay out of the Settlement Fund: (i) all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Reynolds with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this Paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph ("Tax Expenses").

(h)     Reynolds Releasees shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered,

a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (and any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Settling Parties, through their counsel, agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

### G.    Administration and Distribution of Net Settlement Fund

16.    <u>Net Settlement Fund</u>. The Settlement Fund, net of any Taxes and Tax Expenses shall be used to pay (i) any attorneys' fees and litigation expenses awarded by the Court; and (ii) any Court-approved administration expenses involved in distributing funds to Dealership Class Members. The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund." Dealership Class Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Reynolds Releasees of all Released Claims, and shall have no other recovery against Reynolds or any other Reynolds Releasee.

17.    <u>Distribution of Net Settlement Fund</u>. Upon further orders of the Court, the Settlement Administrator, subject to such supervision and direction of the Court and/or Dealership Class Counsel as may be necessary or as circumstances may require, will distribute the Net Settlement Fund to Dealership Class Members pursuant to a distribution plan to be approved by the Court. Dealership Class Counsel, either before or after final settlement approval, shall propose to the Court a reasonable distribution plan for the Net Settlement Fund designed to effectuate the Settlement and may require Dealership Class Members to submit claim forms to the Settlement Administrator. In no event shall any Reynolds Releasee have any responsibility,

financial obligation, or liability whatsoever with respect to the costs and expenses of such distribution and administration, with the sole exception of the Notice Allowance Paragraph. Reynolds and Reynolds's Counsel shall have no involvement in reviewing or challenging claim forms. Reynolds shall be dismissed from the Dealership Class Action prior to any distribution of this Settlement Fund and shall have no involvement in the distribution of the Settlement Fund.

18.     Distribution Plan. A distribution plan is not a necessary term of this Agreement and it is not a condition of this Agreement that any particular distribution plan be approved. A distribution plan will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement in this Agreement, and any order or proceedings relating to any distribution plan shall not operate to terminate or cancel this Agreement or affect the finality of the Final Approval Order and Judgment, or any other orders entered pursuant to this Agreement. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Final Approval Order and Judgment or an Alternative Judgment, regardless of whether either any distribution plan or application for attorneys' fees and expenses has been submitted to the Court or approved.

19.     No Reversion. This is not a claims-made settlement. The Net Settlement Fund shall be distributed to Dealership Class Members pursuant to a Court-approved distribution plan or as otherwise ordered by the Court. Reynolds shall not be entitled to the return of any of the settlement monies once the Settlement reaches the Effective Date.

**H.     Class Counsel's Attorneys' Fees and Reimbursement of Expenses**

20.     Fee and Expense Application. Subject to Court approval, on behalf of Dealership Class Counsel and MDL Liaison Counsel, Dealership Class Lead Counsel may seek an award of attorneys' fees, payment of service awards to Dealership Class Plaintiffs, and reasonable litigation expenses to be paid solely out of the Settlement Fund. The Reynolds

Releasees shall not have any liability for any costs, fees, or expenses of any of Dealership Class Plaintiffs' or the Dealership Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund.

21.     <u>Payment of a Fee and Expense Award</u>. Upon entry of an order by the Court approving the request for an award of attorneys' fees and litigation expenses ("<u>Fee and Expense Order</u>"), attorneys' fees and litigation expenses may be paid from the Settlement Fund pursuant to the terms of the Fee and Expense Order, subject to Dealership Class Counsel's and MDL Liaison Counsel's obligations to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as earned by the Settlement Fund, if, because of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the fee or cost award is reduced or reversed. The Fee and Expense Order becomes Final when the time for appeal or to seek permission to appeal from the Fee and Expense Order has expired or, if appealed, has been affirmed by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

22.     Dealership Class Lead Counsel shall allocate the attorneys' fees amongst Dealership Class Counsel and MDL Liaison Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Dealership Class Action. Reynolds has no liability or obligation to Dealership Class Plaintiffs, the other Dealership Class Members, or Dealership Class Counsel for any attorneys' fees, costs, or expenses other than Reynolds's obligation to pay or cause to be paid the Settlement Amount.

23. <u>Award of Fees and Expenses Not Part of Settlement</u>. The procedure for and the allowance or disallowance by the Court of any fee and expense application are not part of the Settlement, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to any fee and expense application, including without limitation an award of attorneys' fees or expenses less than the amount requested by Dealership Class Counsel, or any appeal from or reversal or modification of any order relating to attorneys' fees or expenses, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment approving the Settlement, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Reynolds Releasees, or any other orders entered pursuant to the Settlement. Neither Reynolds nor any Reynolds Releasee shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Dealership Class Counsel of any fee or expense award in the Dealership Class Action. The Dealership Class Plaintiffs and Dealership Class Counsel have no Rescission Rights to exercise based on the Court's or any appellate court's ruling regarding fees and expenses in the Dealership Class Action.

## I. Opt-Out Termination Right

24. <u>Reynolds's Opt-Out Termination Right</u>. Simultaneously herewith, Dealership Class Counsel and Reynolds's Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be terminated by Reynolds if a certain number of potential Dealership Class Members exclude themselves from the Dealership Class. The Supplemental Agreement will not be filed prior to the deadline for submitting exclusion requests unless a dispute arises as to its terms. In the event of termination of the Settlement pursuant to the Supplemental Agreement, this Agreement shall become null and void and of no further force and effect and the Status Quo Ante Provisions shall apply.

Notwithstanding the foregoing, this Agreement shall not become null and void as a result of the election by Reynolds to exercise its option to terminate the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

**J.      Settling Parties' Rescission Rights**

25.      Reynolds and the Dealership Class Plaintiffs may each elect to terminate the Settlement and this Agreement ("Rescission Rights") by providing written notice to the other party within thirty (30) days after any of the following events: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Agreement or any material part of it; (c) the Court's declining to enter the Final Approval Order and Judgment in any material respect; (d) the date upon which the Final Approval Order and Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**K.      Effect of Termination, Rescission, or Failure to Become Final**

26.      <u>Status Quo Ante</u>. Except as otherwise provided in this Agreement, if the Settlement is terminated, rescinded, or otherwise does not become Final, then the parties to this Agreement shall be deemed to have reverted to their respective status in the Dealership Class Action as of September 25, 2018 and, except as otherwise provided, they shall proceed as if this Agreement and any related orders had not been entered.  The Settlement Amount  (including interest earned thereon), less any Taxes and Tax Expenses shall be returned to Reynolds within thirty (30) calendar days of termination or rescission of this Agreement, or failure of this Agreement to become Final.  Reynolds reserves the right to seek full recovery of all Taxes and Tax Expenses paid prior to the termination, rescission, or failure of this Agreement to become

22

Final, as the case may be. Dealership Class Plaintiffs expressly reserve all their claims and Reynolds expressly reserves all of its claims, rights, and defenses if this Agreement terminated or otherwise does not become Final.

### L. No Admission of Wrongdoing

27. The Dealership Class Plaintiffs and Reynolds agree this Agreement, whether or not it shall become Final, and any negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees), or of the truth of the claims or allegations in any complaint or any other pleading filed in the MDL, and evidence thereof shall not be discoverable or used directly or indirectly in the MDL or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by either of the Settling Parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

### M. Miscellaneous Provisions

28. This Agreement does not release, alter, or affect any contractual rights or obligations between Reynolds and any other person, including without limitation Dealership Class Plaintiffs and other Dealership Class Members.

29. Dealership Class Plaintiffs agree that, with respect to the continuing litigation in the Dealership Class Action against any other defendant, they will not seek

23

certification of any class, for litigation or settlement purposes, that includes persons beyond those included in the Dealership Class; provided, however, that they may seek (i) certification of any class that includes persons who purchased DMS after October 23, 2018; and (ii) certification of any class based on the class members' geographic locations. The definition of DMS as set forth in this agreement is for purposes of this Agreement only, and subject to Reynolds's and the Dealership Class Plaintiffs' rights to argue otherwise in the MDL or otherwise.

30. This Agreement does not settle or compromise any claim by the Dealership Class Plaintiffs or any other Dealership Class Member asserted in the Dealership Class Action against Non-Settling Defendant CDK or any subsequent defendant or unnamed co-conspirator other than the Reynolds Releasees. All rights of any Dealership Class Member against Non-Settling Defendant CDK or any subsequent defendant or unnamed co-conspirators or any other person or entity other than the Reynolds Releasees are specifically reserved by the Dealership Class Plaintiffs and other Dealership Class Members. Reynolds's conduct shall remain in this Dealership Class Action as a basis for damage claims against CDK and shall be part of any joint and several liability claims against CDK or other persons or entities other than the Reynolds Releasees.

31. This Agreement does not settle or compromise any claim by Reynolds or any Reynolds Releasor against any other party, including without limitation Authenticom, other than Dealership Class Releasees. Notwithstanding anything to the contrary in this Agreement, all rights of any Reynolds Releasor against any other past, current, or future party to the MDL, or any other person or entity other than Dealership Class Releasees, including without limitation with respect to any current or future counterclaims any Reynolds Releasor may have in the MDL against Authenticom, are specifically reserved by the Reynolds Releasors.

32. <u>Solvency Warranty</u>. The Settling Defendant warrants that, as to the payments made by or on behalf of it, at the time of such payment it made or caused to be made pursuant to this Agreement, it was not insolvent, nor did nor will the payment required to be made by or on behalf of it render such it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by the Settling Defendant and not by its counsel.

33. If a case is commenced in respect of the Settling Defendant (or any insurer contributing funds to the Settlement Fund on behalf of it) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of the Settling Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Dealership Class Counsel, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Settling Defendant pursuant to this Agreement, which releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the Dealership Class Action as of September 25, 2018 and any cash amounts in the Settlement Fund shall be returned as provided by this Agreement.

34. <u>Exhibits</u>. The exhibits attached to this Agreement are incorporated by reference as though set forth in this Agreement.

35. <u>Final and Complete Resolution; Rule 11 Compliance; Voluntary Settlement</u>. The Settling Parties intend the Settlement to be a final and complete resolution of all

disputes asserted or which could be asserted with respect to the Released Claims. Accordingly, the Dealership Class Plaintiffs and Reynolds agree not to assert in any forum that the litigation was brought, litigated, or settled by the Dealership Class Plaintiffs or Reynolds, or defended by Reynolds or the Dealership Class Plaintiffs in bad faith or without a reasonable basis. The Settling Parties will assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Dealership Class Action. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily and after consultation with experienced legal counsel.

36.     Amendment; Waiver. This Agreement may not be modified or amended, except by a writing signed by or on behalf of all Settling Parties or their successors-in-interest. The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving Party. The waiver by any Settling Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

37.     Retention of Exclusive Jurisdiction; Resolution of Disputes; Choice of Law. The United States District Court for the Northern District of Illinois shall retain exclusive jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute between the Settling Parties arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by the Dealership Class Plaintiffs and Reynolds. This Agreement shall be governed by and interpreted according to the substantive laws of the State of Illinois without regard to its choice of law or conflict of laws principles.

38.     Integrated Agreement. This Agreement constitutes the entire agreement among the Dealership Class Plaintiffs (and the other Dealership Class Releasors and Dealership Class Releasees) and Reynolds (and the other Reynolds Releasors and Reynolds Releasees) pertaining to the settlement of the Dealership Class Action against Reynolds only and supersedes any and all prior and contemporaneous agreements and undertakings of the Dealership Class Plaintiffs and Reynolds in connection therewith. In entering into this Agreement, the Dealership Class Plaintiffs and Reynolds have not relied upon any representation or promise made by the Dealership Class Plaintiffs or Reynolds not contained in this Agreement. This Agreement may be modified or amended only by a writing executed by the Dealership Class Plaintiffs and Reynolds, through their respective counsel, and approved by the Court.

39.     Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Dealership Plaintiffs and Reynolds. Without limiting the generality of the foregoing: (a) every covenant and agreement made in this Agreement by the Dealership Class Plaintiffs shall be binding upon all Dealership Class Releasors; and (b) every covenant and agreement made by Reynolds shall be binding upon all Reynolds Releasors. The Dealership Class Releasees and the Reynolds Releasees (other than the Dealership Class Plaintiffs and Reynolds, who are parties to this Agreement) are third party beneficiaries of this Agreement and may enforce its terms applicable to them. With the exception of the Dealership Class Releasees and the Reynolds Releasees, there are no other third-party beneficiaries of any provision of this Agreement, including without limitation the Releases set forth herein. Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than the Dealership Class Releasors, Dealership Class Releasees, Reynolds Releasors, and Reynolds Releasees any right or remedy under or from this Agreement.

40.     <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts by Dealership Class Counsel and Reynold's Counsel, and a facsimile signature or an electronically-scanned (in either .pdf or .tiff format) signature will be considered as an original signature for purposes of execution of this Agreement.

41.     <u>Headings</u>. The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

42.     <u>No Party Deemed to be the Drafter</u>. Neither the Dealership Class Plaintiffs nor Reynolds are considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

43.     <u>No Tax Advice</u>. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Dealership Class Members is being given or will be given by Dealership Class Counsel or Reynold's Counsel; nor is any representation or warranty made by this Agreement. Each Dealership Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Dealership Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Dealership Class Member.

44.     <u>Notice to Settling Parties Under This Agreement</u>. Where this Agreement requires either Settling Party to provide notice or any other communication or document to the other Settling Party, this notice, communication, or document must be in writing and provided by email, facsimile or letter by overnight delivery to the party being notified as follows:

For the Dealership Class Plaintiffs and Dealership Class:

Peggy J. Wedgworth
pwedgworth@milberg.com
Elizabeth McKenna
emckenna@milberg.com
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Penn Plaza, Suite 1920
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

For Settling Defendant Reynolds:

Aundrea K. Gulley
agulley@gibbsbruns.com
Brian T. Ross
bross@gibbsbruns.com
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Tel: (713) 650-8805
Fax: (713) 750-0903

Either Settling Party may change the address for notice delivery by giving notice in the manner set forth in this Agreement.

45.     Authorization to Enter into this Agreement. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

DATED: October 13 , 2018

*Peggy J. Wedgworth*
_____
Peggy J. Wedgworth (pro hac vice)
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

***Interim Lead Counsel for the Dealership Class***

29

Leonard A. Bellavia (pro hac vice)
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Daniel C. Hedlund (pro hac vice)
Michelle J. Looby (pro hac vice)
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com
SNM@cliffordlaw.com

*MDL Liaison Counsel*

DATED: October **23**__, 2018

_Aundrea K Gulley_

Aundrea K. Gulley
Brian T. Ross
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Tel: (713) 650-8805
Fax: (713) 750-0903
agulley@gibbsbruns.com
bross@gibbsbruns.com

*Counsel for Defendant Reynolds*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817<br>Case No. 18-cv-00864 |
| **This Document Relates To:** | Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| **THE DEALERSHIP CLASS ACTION** | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER FOR SETTLEMENT BETWEEN
THE DEALERSHIP CLASS AND REYNOLDS**

WHEREAS, on October 23, 2018, the Dealership Class Plaintiffs and Reynolds entered

into a Settlement Agreement Between the Dealership Class and Reynolds (the "Agreement")

which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which,

together with its exhibits, sets forth a proposed settlement with Reynolds of the Dealership Class

Action; and the Court having read and considered the Agreement and the accompanying

documents; and the parties to the Agreement having consented to the entry of this Order; and all

capitalized terms used herein having the meanings defined in the Agreement;

NOW, THEREFORE, it is hereby ORDERED, this _____ day of _____,

2018, as follows:

1.      The Court preliminarily approves the Settlement with Reynolds set forth in the

Agreement, subject to further consideration at a final approval hearing for the proposed

settlement (the "Settlement Hearing").

2.      For purposes of the Settlement only, the Court preliminarily finds that the

requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been

satisfied with respect to the Dealership Class. At this preliminary certification phase, and only

for purposes of the proposed settlement with Reynolds, the Dealership Class is defined as

follows:

"Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018. Excluded from the Dealership Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

3.      The Court concludes that, for purposes of the Settlement only, and without

adjudication on the merits, the Dealership Class is sufficiently well-defined and cohesive to merit

preliminary approval.

4.      For purposes of the Settlement only, the Court preliminarily finds that the

requirements of Rule 23(a) have been satisfied:

(a)      Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the

Court determines that the Dealership Class is so numerous that joinder of all members is

impracticable.

(b)      Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, the

Court determines that the commonality requirement is satisfied because Dealership Class

Plaintiffs have alleged one or more questions of fact and law common to the Dealership Class,

including whether Reynolds violated Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §

1, *et seq.*, and certain state antitrust and consumer protection laws.

(c)      Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, the

Court hereby appoints the Dealership Class Plaintiffs—(1) ACA Motors, Inc. d/b/a Continental

Acura; (2) Baystate Ford Inc.; (3) Cherry Hill Jaguar; (4) Cliff Harris Ford, LLC d/b/a
Warrensburg Ford; (5) Continental Autos, Inc. d/b/a/ Continental Toyota; (6) Continental Classic
Motors, Inc. d/b/a Continental Autosports; (7) 5800 Countryside, LLC d/b/a/ Continental
Mitsubishi; (8) HDA Motors, Inc. d/b/a Continental Honda; (9) H & H Continental Motors, Inc.
d/b/a Continental Nissan; (10) Gregoris Motors, Inc.; (11) Hoover Automotive, LLC d/b/a
Hoover Dodge Chrysler Jeep of Summerville; (12) JCF Autos LLC d/b/a Stevens Jersey City
Ford; (13) Jericho Turnpike Sales LLC d/b/a Ford & Lincoln of Smithtown; (14) Jim Marsh
American Corporation d/b/a Jim Marsh Mitsubishi Suzuki Kia Mahindra; (15) John O'Neil
Johnson Toyota, LLC; (16) Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota; (17) Marshall
Chrysler Jeep Dodge, LLC; (18) Naperville Zoom Cars, Inc. d/b/a/ Continental Mazda; (19) NV
Autos, Inc. d/b/a Continental Audi; (20) Patchogue 112 Motors LLC d/b/a Stevens Ford; (21)
Pitre Imports, LLC d/b/a Pitre Kia; (22) Pitre, Inc. d/b/a Pitre Buick GMC; (23) Teterboro
Automall, Inc. d/b/a Teterboro Chrysler Dodge Jeep Ram; (24) Waconia Dodge, Inc. d/b/a
Waconia Dodge Chrysler Jeep Ram; and (25) Warrensburg Chrysler Dodge Jeep, L.L.C.—as
Dealership Class Representatives. The Court finds, for settlement purposes only, these
Dealership Class Representatives' claims are typical of the claims of the Dealership Class. The
claims of the Dealership Class Representatives and absent class members rely on the same legal
theories and arise from the same alleged conspiratorial conduct by Defendants.

(d) Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the
Court preliminarily finds that the Dealership Class Representatives will fairly and adequately
protect the interests of the Dealership Class in satisfaction of the requirements of Rule 23(a)(4)
of the Federal Rules of Civil Procedure because: (1) the interests of the Dealership Class
Representatives are consistent with those of the other Dealership Class Members; (2) there

3

appear to be no conflicts between or among the Dealership Class Representatives and the other Dealership Class Members; (3) the Dealership Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Dealership Class Representatives and the Dealership Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

5.     For purposes of the Settlement only, the Court preliminarily finds that the Dealership Class Action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because (i) questions of fact and law common to the members of the Dealership Class predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Dealership Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

6.     The Court approves and appoints Peggy J. Wedgworth of Milberg Tadler Phillips Grossman LLP as class counsel pursuant to Rule 23(g), and finds Dealership Class Counsel has and will fairly and adequately protect the interests of the Dealership Class.

7.     The Court finds that the proposed settlement set forth in the Agreement falls within the range of possible final approval. The Court further finds there is a sufficient basis for notifying the Dealership Class of the proposed settlement, and enjoining Dealership Class

4

Members from continuing this litigation against Reynolds pending the conclusion of the

Settlement Hearing.

8.      **Retention of Settlement Administrator.** The Court approves the appointment of

Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator and finds this

Settlement Administrator is competent and has no conflicts of interest in serving as the

Settlement Administrator.

9.      **Approval of Form and Content of Notice.** The Court approves the form,

content, and requirements of the Mail Notice, the Long-Form Posted Notice, and the Publication

Notice, substantially in the forms attached as Exhibits 1, 2, and 3, respectively.

10.      The Court finds that notice by direct mail to potential Dealership Class Members,

and by publication in *Automotive News* and in *WardsAuto Dealer Newsletter*, constitutes the best

notice practicable under the circumstances, is due and sufficient notice to the Dealership Class

and complies fully with the requirements of Federal Rule of Civil Procedure 23 and with

constitutional due process.

11.      **Manner of Providing Notice.**

(a)      The Settlement Administrator shall disseminate notice to all Dealership

Class Members who can be identified with reasonable effort.

(b)      Within fourteen (14) days from the entry date of this Order (the "Notice

Date"), the Settlement Administrator shall cause the Mail Notice, substantially in the form

attached as Exhibit 1 to Exhibit A of the Agreement, to be sent to all potential Dealership Class Members identified from the records of Reynolds and CDK. The Mail Notice will be sent by first class mail, postage prepaid, to all Dealership Class Members at their last known postal mailing address identified from the records provided to the Settlement Administrator, updated based on the National Change of Address database or other similar databases prior to mailing.

(c)     No later than the Notice Date, the Long-Form Posted Notice, substantially in the form attached as Exhibit 2 to Exhibit A of the Agreement, will be posted on the Internet at a readily accessible website to be created and maintained by the Settlement Administrator (the "Settlement Website") and sent to anyone who requests a copy.

(d)     The Settlement Administrator is hereby directed to cause the Publication Notice to be published in *Automotive News* and in *WardsAuto Dealer Newsletter* no later than seven (7) days after the Notice Date. The Publication Notice shall direct interested parties to the Settlement Website, where the Long-Form Posted Notice will be provided.

(e)     Dealership Class Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Mail Notice and proof of publication of the Publication Notice.

(f)     Reynolds shall cause to be issued notice contemplated by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA"). No later than twenty-eight (28) days after the Notice Date, Reynolds shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

12.     **Notice Costs.** All costs incurred in identifying and notifying Dealership Class Members shall be paid as set forth in the Agreement.

13.     **Exclusion Requests.** Each Dealership Class Member shall have the right to request to be excluded from the Dealership Class by mailing a request for exclusion to the Settlement Administrator postmarked no later than forty-two (42) days after the Notice Date.

14.     Requests for exclusion must be in writing and: (1) provide the name, address, telephone number of the person or entity requesting exclusion, along with any trade names or business names used by that person or entity; (2) state that the person or entity who wishes to be excluded is a member of the Dealership Class and wants to be excluded from the Settlement with Reynolds in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.); and (3) be signed by the person or entity requesting exclusion or by a person (identified by title) with the authority to bind the person or entity requesting exclusion. Persons or entities requesting exclusion are also directed to state: (1) the date(s) during the Dealership Class Period they entered into a contract for DMS; (2) who they entered into the contract with; (3) the number of dealership rooftops included in the request for inclusion; and (4) the physical address in the State or U.S. territory where each such rooftop is located. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15.     All Dealership Class Members who submit valid and timely requests for exclusion shall have no rights or benefits under the Settlement, shall not share in the distribution of Settlement proceeds under the Settlement, and shall not be bound by the terms of the Settlement or a final judgment approving the Settlement.

7

16.     At or before the Settlement Hearing, Dealership Class Lead Counsel shall file with the Court a list of all persons and entities who have timely and validly requested exclusion from the Dealership Class. The Court will exclude all persons and entities who submit timely and valid requests for exclusion.

17.     Dealership Class Members shall be bound by all determinations and judgments in this Dealership Class Action, whether favorable or unfavorable, unless such persons or entities request exclusion.

18.     The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19.     Any Dealership Class Member who does not properly and timely request exclusion shall, upon final approval of the Settlement, be bound by the terms and provisions of the Agreement, including but not limited to the releases, waivers and covenants described in the Agreement, whether or not such person or entity objected to the Settlement and whether or not such person or entity makes a claim to participate in the Settlement Fund.

20.     **Settlement Hearing.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a hearing (the "Settlement Hearing") on _____, 2019, at ___:_____ __.m..

21.     The Settlement Hearing will be held for the following purposes:

(a)     to determine that the Court has subject matter jurisdiction, and personal jurisdiction over the Dealership Class Plaintiffs, Reynolds, and Dealership Class Members for the purpose of approving and enforcing the Agreement;

(b)     to determine finally whether the Dealership Class satisfies the requirements of a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and applicable case law;

(c)     to determine whether the notice given satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process;

(d)     to determine whether to finally approve the Settlement with Reynolds in the Agreement as fair, reasonable and adequate to the Dealership Class, and directing consummation of the Agreement pursuant to its terms;

(e)     to determine whether each Dealership Class Member who has not filed a request for exclusion accepted by the Court is bound by the terms of the Agreement;

(f)     to determine whether the Final Approval Order and Judgment as provided under the Agreement should be entered, dismissing Dealership Class Action on the merits and with prejudice as against Reynolds only, and to determine whether the release by the Dealership Class Releasors of the Released Dealership Class Claims, as set forth in the Agreement, should be provided to the Reynolds Releasees;

(g)     to consider the application of Dealership Class Counsel and MDL Liaison Counsel to set aside an amount not to exceed $3,000,000 from the Settlement Fund to be used to pay litigation costs and expenses (including expert fees, deposition costs and other expenses) incurred and to be incurred in the ongoing litigation against CDK in the Dealership Class Action, as approved by the Court; and

(h)     to rule upon other such matters as Reynolds or the Dealership Class Plaintiffs may request, or the Court may deem appropriate.

22.     **Continuance of Hearing.** The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Dealership Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court's retention of jurisdiction for this purpose shall have no effect on any contractual rights Reynolds may have to arbitrate any dispute with any Dealership Class Member. The Court may approve the Settlement, with such modifications as may be agreed to by the parties to the Agreement, if appropriate, without further notice to the Dealership Class. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter an Final Approval Order and Judgment approving the Agreement and dismissing the Dealership Class Action as against Reynolds only on the merits and with prejudice regardless of whether it has approved a distribution plan or awarded attorneys' fees and expenses.

23.     **Briefing Schedule.** No later than twenty-eight (28) days after the Notice Date, Dealership Class Lead Counsel shall file a motion and supporting papers in support of final

10

approval of the Settlement, including an application for reimbursement of costs and expenses and to set aside funds out of the Settlement Fund for future litigation costs and expenses. This filing shall be posted on the Settlement Website.

24. **Objections and Appearances at Settlement Hearing.** Any Dealership Class Member who does not timely request exclusion from the Dealership Class may appear at the Settlement Hearing and seek to show cause why the Court should not approve the Settlement and may appear at the hearing to support or oppose Dealership Class Counsel's and MDL Liaison Counsel's application for reimbursement of costs and expenses and to establish an expense fund to pay future litigation expenses and costs, provided that no Dealership Class Member shall be heard unless his, her or its objection or opposition is made in writing, signed by the objecting member, and together with any papers or briefs in support of such objections, filed with the Court no later than forty-two (42) days after the Notice Date, and served on Dealership Class Lead Counsel and Reynolds's Counsel by first-class mail, postage prepaid. Failure to timely file and serve written objections will preclude a Dealership Class Member from having the right to be heard at the Settlement Hearing.

25. The Court will only consider timely and valid objections. To be considered, an objection must be in writing and be signed by the Dealership Class Member making the objection and must include: (i) the objector's complete name, address, and telephone number, along with any trade names or business names used by the objector; (ii) statement signed under penalty of perjury that the objector is a member of the Dealership Class and objects to the Settlement with Reynolds in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.); (iii) all grounds for the objection and any supporting papers the objector wishes the Court to consider; (iv) the identity of all counsel who

represent the objector; (v) a statement confirming whether the objector or any counsel representing the objector intends to personally appear and/or testify at the Settlement Hearing; and (vi) the number of times in which the objector or the objector's counsel (if any) has objected to a class action settlement within the three years preceding the date that the objector files the objection and the caption of each case in which such objection was made. Any member of the Dealership Class or other person who does not timely file and serve a written objection complying with the terms above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. The Settling Parties may seek appropriate discovery from any objector. including depositions, on the issues related to the objection.

26.     Filing an objection shall not extend the time to file a request for exclusion from the Dealership Class.

27.     Any Dealership Class Member who has filed written objections and wishes to be heard at the Settlement Hearing may enter an appearance through counsel of the objector's own choosing and at the objector's own expense, or may appear on his, her, or its own behalf.

28.     Attendance at the Settlement Hearing is not necessary. Dealership Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

29.     All briefs, memoranda and papers in response to any objections by no later than seven (7) days before the Settlement Hearing.

12

30.     The procedures and requirements for filing objections in connection with the Settlement Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Dealership Class Member's objection to the Settlement, in accordance with the due process rights of all Dealership Class Members.

31.     **Settlement Fund.** The Court approves the establishment of an escrow account, as set forth in the Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the Escrow Account. The Escrow Agent and its designees are authorized to expend funds from the Escrow Account to pay Taxes and Tax Expenses, as set forth in the Agreement. All funds deposited by Reynolds into the Escrow Account are deemed to be in the custody of the Court and will remain subject to the jurisdiction of the Court until distributed pursuant to the Agreement or further order of the Court or unless the Agreement is terminated, rescinded, or otherwise does not become Final as contemplated by Paragraph 36 below, in which case all funds deposited by Reynolds shall be returned to Reynolds as set forth in the Agreement without need for further order by the Court.

32.     **Stay Pending Final Approval.** With the exception of any motions to enforce the Agreement, or to enforce the discovery obligations described in this Paragraph, neither Reynolds nor Dealership Class Plaintiffs shall file any further motions against the other. The Court hereby stays and removes from the calendar all pending motions against each other pending final approval of this Settlement, with the exception of arguments made by the Dealership Class Plaintiffs in the MDL Plaintiffs' Omnibus Motion to Compel (ECF No. 316). In the event this Settlement does not become Final, both Reynolds and Dealership Class Plaintiffs shall retain the

right to reinstate and pursue any motions that were stayed or taken off calendar while this Settlement was pending final approval. After the Effective Date, Reynolds and Dealership Class Plaintiffs will continue to participate in coordinated discovery in the MDL, consistent with and subject to their respective rights and obligations under the Federal Rules of Civil Procedure and any applicable orders of the Court. In the event that Reynolds and/or Dealership Class Plaintiffs cease to be parties to the MDL, they will fulfill any discovery obligations they may have in the Class Dealership Action as third parties, subject to their respective rights to object to such discovery pursuant to the Federal Rules of Civil Procedure.

33.     Pending final determination of whether the Settlement should be approved, the Dealership Class Releasors and Reynolds Releasors and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Reynolds Releasees and Dealership Class Releasees.

34.     **Attorneys' Fees and Expenses.** At or after the Settlement Hearing, the Court shall determine whether any application of Dealership Class Counsel and MDL Liaison Counsel for reimbursement of costs and expenses and to set aside funds out of the Settlement Fund for future litigation costs and expenses shall be approved. Any amount awarded by the Court shall be paid as set forth in the Agreement. Such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

35.     **Effect of Termination, Rescission, or Failure to Become Final.** If the Settlement is terminated, rescinded, or otherwise does not become Final, then the Agreement, including any amendment(s) thereof, and this Order shall be null and void, of no further force or

14

effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of September 25, 2018 without need for any further order of the Court.

36.     **Use of Order.** This Order, the Agreement, and any negotiations, documents, and discussions associated with them, shall not be deemed or construed to be an admission by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees), or of the truth of the claims or allegations in any complaint or any other pleading filed in the Dealership Class Action, and evidence thereof shall not be discoverable or used directly or indirectly in the Dealership Class Action or in any other action or proceeding.

37.     Neither this Order, nor the Agreement, nor any of its terms and provisions, nor the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by either of the Settling Parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

38.     **Continuing Jurisdiction.** The Court retains exclusive continuing jurisdiction over all parties to the MDL Action (including this Dealership Class Action) and the Settlement Fund to consider all further matters arising out of or connected with the Agreement.  In the event

the Effective Date as defined in the Agreement does not occur, Reynolds shall retain any

contractual rights it may have to arbitrate any dispute with any Dealership Class Plaintiff or

Dealership Class Member relating to any Released Claim.  Reynolds shall also retain any

contractual rights it may have to arbitrate any dispute relating to any Released Claim with any

Dealership Class Member who timely and validly elects to be excluded from the Dealership

Class in accordance with the procedure established by the Court.

39.     The Court may, for good cause, extend the deadlines in this Order without further

notice to the Dealership Class.


Dated:          Chicago, Illinois
                _____, 2018


                                                _____
                                                Honorable Robert M. Dow, Jr.
                                                UNITED STATES DISTRICT JUDGE

EXHIBIT 1

**If you are a U.S.-based retail auto dealership that bought a Reynolds or CDK Dealer Management System (DMS) from January 1, 2015 through October 23, 2018, you could benefit from a class action settlement.**

A settlement with The Reynolds and Reynolds Company has been reached in an antitrust class action lawsuit (the Dealership Class Action in *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, Case No. 18-CV-864) over the price of Dealer Management Systems ("DMS") purchased from Reynolds and/or CDK Global, LLC during the period January 1, 2015 through October 23, 2018, including related vendor integration services. The lawsuit alleges CDK and Reynolds unlawfully colluded to force auto dealerships to pay more for DMS than they should have. Reynolds denies any wrongdoing and the Court has not ruled that Reynolds did anything wrong or violated any law. The Settlement is with Reynolds only; the litigation continues against CDK.

**Who Is Included In This Settlement?**

The "Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018.

**What Can You Get From The Settlement?**

Reynolds will pay $29,500,000 in cash into a Settlement Fund which, after any Court-approved fees and expenses, will be distributed to Dealership Class Members who submit valid claim forms at a later date.

**How Can You Get a Settlement Payment?**

There is no claims process at this time. Claim forms will be sent to Dealership Class Members at a later date. You should keep all documentation you have about your DMS purchases, including invoices paid to vendors, from January 1, 2015 through October 23, 2018 for use in a claim form later. Once this lawsuit is concluded against all Defendants, the Settlement Fund will be distributed based on the claim forms submitted by Dealership Class Members, subject to an allocation plan approved by the Court, upon further notice to the Dealership Class. You do not need to sign up with a claims recovery service to participate in the Settlement. No-cost claims filing assistance will be available from Dealership Class Counsel and the Settlement Administrator once claim forms become available. The settlement website ([www.Domain.com]) will display updated claims information. You may register your email address at [www.Domain.com] to receive email alerts of future notices, including the claim form when the claims process begins. Please keep your address current with the Settlement Administrator to help ensure delivery of future notices.

**What Are Your Rights and Options?**

The Court will hold a Settlement Hearing on _____, 2019 at __:__ _.m. CT to consider whether to approve the Settlement and the request by the court-appointed lawyers for the Dealership Class (called "Dealership Class Counsel") for up to $3 million from the Settlement Fund in litigation expenses (including expert fees, deposition costs and other expenses). Dealership Class Counsel are not seeking any attorneys' fees or service awards

for the plaintiffs at this time. The notification about the claims process will include information about any applications for litigation expenses above $3 million, for attorneys' fees, or for service awards for the plaintiffs. Any fee request will not exceed one-third of the amounts ultimately recovered on behalf of the Dealership Class.

If you are a Dealership Class Member and you don't want to be eligible to receive a settlement payment, or don't want to be legally bound by this Settlement, you must exclude yourself by _____, 2019, or you won't be able to sue, or continue to sue, Reynolds about the legal claims in this case. If you exclude yourself, you will not be eligible to receive a payment under this Settlement. If you remain a Dealership Class Member, you may object to the Settlement and/or the request for litigation expenses by _____, 2019. The long-form notice, available at [www.Domain.com], explains how to exclude yourself or object. You may appear at the Settlement Hearing, but you don't have to. Dealership Class Counsel have been appointed to represent the Dealership Class. These attorneys are listed in the long-form notice. You may hire your own attorney to appear for you, but you will have to pay that attorney.

**Where Can You Get More Information?**

For more information, visit [www.Domain.com], call [TOLL-FREE #], or write to *Dealership Class Settlement—DMS Antitrust Litigation*, Settlement Administrator, P.O. Box ____, CITY, STATE  ZIP. You can also contact Dealership Class Counsel: Peggy J. Wedgworth, Milberg Tadler Phillips Grossman LLP, One Pennsylvania Plaza, 19th Floor, New York, NY 10119, Tel: (212) 594-5300, pwedgworth@milberg.com; or Leonard A. Bellavia, Bellavia Blatt, PC**,** 200 Old Country Road, Suite 400, Mineola, New York 11501, Tel: (516) 873-3000, lbellavia@dealerlaw.com

**For More Information: 1-8xx-xxx-xxxx  [www.Domain.com]**

EXHIBIT 2

United States District Court – Northern District of Illinois

**If you are a U.S.-based retail auto dealership that bought a Reynolds or CDK Dealer Management Systems (DMS) from January 1, 2015 through October 23, 2018, you could benefit from a class action settlement.**

- The court in charge of this case approved this notice, which summarizes your legal rights and options. It is not a solicitation from a lawyer, and you are not being sued. Please read this notice carefully.

- There is a proposed class action Settlement with The Reynolds and Reynolds Company ("Reynolds") involving an alleged conspiracy by CDK Global, LLC ("CDK") and Reynolds to charge unlawful prices in the markets for Dealer Management System ("DMS") software services and Data Integration Services. Reynolds denies any wrongdoing and the Court has not ruled that Reynolds did anything wrong or violated any law.

- The Settlement with Reynolds is detailed in the Settlement Agreement Between the Dealership Class and Reynolds (the "Agreement"), dated October 23, 2018, All terms used in this notice have the same meanings as set forth in the Agreement.

- The Dealership Class Action will continue against CDK.

- There is no claims process at this time. Claim forms will be distributed and processed once this lawsuit is concluded against all the Defendants, subject to an allocation plan approved by the Court, upon further notice to the Dealership Class.

- Dealership Class Counsel and MDL Liaison Counsel are seeking up to $3 million from the Settlement Fund for litigation expenses (including expert fees, deposition costs and other expenses). They are not seeking attorneys' fees at this time, but will seek a fee at a later date. Any applications for reimbursement of litigation expenses above $3 million, for attorneys' fees, or for service awards to the Dealership Class Plaintiffs will be made upon further notice to the Dealership Class. Any fee request will not exceed one-third of the amounts ultimately recovered on behalf of the Dealership Class.

- If you are in the business of the retail sale of automobiles in the United States and purchased DMS from CDK and/or Reynolds (or any predecessor, successor, subsidiary, joint venture or affiliate) during the period from January 1, 2015 through October 23, 2018, you may be entitled to money back as part of the Settlement.

- If you have any questions about the lawsuit or this Notice, you may contact: Peggy J. Wedgworth, Milberg Tadler Phillips Grossman LLP, One Pennsylvania Plaza, 19th Floor, New York, NY 10119, Tel: (212) 594-5300, pwedgworth@milberg.com; or Leonard A. Bellavia, Bellavia Blatt, PC**,** 200 Old Country Road, Suite 400, Mineola, New York 11501, Tel: (516) 873-3000, lbellavia@dealerlaw.com.

| A Summary of Your Rights and Choices: | | |
|---|---|---|
| **You May:** | | **Deadline:** |
| **Do Nothing** | You will give up your rights to be part of any other lawsuit against Reynolds based on the legal claims in this lawsuit. You will still be bound by the Court's orders. Claim forms will be made available later. **See question [9].** | Not Applicable |
| **Exclude Yourself** | **Remove yourself from the Dealership Class.** You may write and ask to get out of the Dealership Class and keep your right to sue Reynolds on your own, at your own expense, for the claims in the lawsuit. **See Question [11].** | **Postmarked on or before _____, 2019** |
| **Object to the Settlement** | **Object or comment to the Settlement.** If you do not exclude yourself, you may object or comment on the Settlement, either on your own or through a lawyer you hire. If you file a timely objection, you can attend the Settlement Hearing and ask to speak in Court about your objection to the Settlement. **See Question [16].** | **Filed with the Court and postmarked on or before _____, 2019** |
| **Go to the Settlement Hearing** | **Go to the Settlement Hearing.** The Settlement Hearing will be held so that the Court can consider the Settlement and hear any objections. **See Questions [19] and [20].** | **_____, 2019 at ___:_____ __.m.** |

- These rights and options—**and the deadlines to exercise them—**are explained in this notice.

- If you have any questions, please call [1-8xx-xxx-xxxx] or visit the website at [*www.Domain.com*]

## WHAT THIS NOTICE CONTAINS

### Table of Contents

Page

BASIC INFORMATION..................................................................................................................5

1.    What is this lawsuit about? ........................................................................5

2.    Why is this a class action? ......................................................................5

3.    Why is there a settlement? .......................................................................5

4.    Who is a dealership class member in the settlement with Reynolds?..........6

5.    How do I know if I am part of the Settlement with Reynolds? .................6

SETTLEMENT BENEFITS — WHAT YOU GET .........................................................6

6.    What does the Settlement with Reynolds provide? .....................................6

7.    How do I submit a claim to get a payment?................................................6

8.    I have been contacted by a claims recovery service encouraging me to sign up to participate in the Settlement. Do I need to sign up with the claims recovery service to get a payment or maximize my recovery?....................................................................................................7

REMAINING IN THE CLASS ....................................................................................7

9.    What happens if I do nothing at all? ...........................................................7

10.   What am I giving up to get a payment or stay in the Dealership Class? ...........................................................................................................7

EXCLUDING YOURSELF FROM THE SETTLEMENT ..............................................8

11.   How do I exclude myself from the Dealership Class?................................9

12.   If I do not exclude myself, can I sue Reynolds and the other Reynolds Releasees for the same thing later?.............................................9

13.   If I exclude myself, can I get money from the Settlement? ......................10

THE LAWYERS REPRESENTING THE CLASS ......................................................10

14.   Do I have a lawyer representing me in this case?.....................................10

15.   How will the lawyers be paid?..................................................................10

OBJECTING TO THE SETTLEMENT ......................................................................11

16.   How do I tell the Court that I do not like the Settlement?.......................11

17.   What is the difference between objecting and excluding?........................12

THE COURT'S SETTLEMENT HEARING ........................................................................12

      18.    When and where will the Court decide whether to approve the
            Reynolds Settlement? ................................................................................12

      19.    Do I have to come to the hearing? ............................................................13

      20.    May I speak at the hearing? ......................................................................13

IF YOU DO NOTHING ......................................................................................................13

      21.    What happens if I do nothing at all? .........................................................13

GETTING MORE INFORMATION .....................................................................................13

      22.    Where can I get more information? ...........................................................13

## BASIC INFORMATION

| 1. | What is this lawsuit about? |
|----|---|

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as the Dealership Class Action, *In Re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.). This case was assigned to United States District Judge Robert M. Dow, Jr.. The group of auto dealerships in the U.S. who sued are called the Dealership Class Plaintiffs, and the companies they sued, Reynolds and CDK, are called the Defendants.

Defendants were sued by Dealership Class Plaintiffs who claim that Reynolds and CDK conspired, in violation of federal antitrust laws and certain state antitrust and consumer protection laws, to restrain and/or eliminate competition by charging Dealership Class Plaintiffs more than they should have in the markets for Dealer Management System ("DMS") software services and for Data Integration Services ("DIS") programs and services for extracting, formatting, integrating, and/or organizing data from DMSs.

The Defendants deny the claims in the lawsuit and have asserted legal defenses. Reynolds has agreed to settle this case to avoid the cost and uncertainty associated with continuing the lawsuit. The lawsuit will continue against CDK.

| 2. | Why is this a class action? |
|----|---|

In a class action, one or more people called class representatives sue on behalf of people who have similar claims. The people together are a "class" or "class members." The Court must still determine if it will allow the lawsuit to proceed as a class action. If it does, all decisions made will affect everyone in the class.

Here, the Dealership Class Plaintiffs and Reynolds have reached a proposed Settlement. The Court has preliminarily approved the Settlement with Reynolds and sending notice to the Dealership Class. There will be a Settlement Hearing for the Court to decide whether to give final approval to the Settlement with Reynolds (*see* Question [18]).

| 3. | Why is there a settlement? |
|----|---|

A settlement is an agreement between a plaintiff and a defendant following negotiations. A settlement concludes the lawsuit as to that defendant but this does not mean that the Court has ruled in favor of the plaintiff or the defendant. A settlement allows both parties to avoid the cost and risk of a trial and allows them to establish a just, fair and final resolution that is best for all involved.

The lawyers representing Reynolds and the lawyers representing the Dealership Class ("Dealership Class Counsel") have engaged in extensive negotiations, including with the assistance of a mediator, regarding the issues presented in the lawsuit and the possible terms of a settlement. Reynolds has agreed to settle the claims in this lawsuit and Dealership Class Counsel believe the Settlement is fair, reasonable, adequate and in the best interests of the Dealership Class.

| | |
|---|---|
| 4. | Who is a dealership class member in the settlement with Reynolds? |

The Court directed, for the purposes of the proposed Settlement only, that everyone who fits this description is a Dealership Class Member: *all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018.* Excluded from the Dealership Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

| | |
|---|---|
| 5. | How do I know if I am part of the Settlement with Reynolds? |

If you meet the Dealership Class definition above, unless you exclude yourself, you are a member of the Dealership Class and will be included in the Settlement with Reynolds.

## SETTLEMENT BENEFITS — WHAT YOU GET

| | |
|---|---|
| 6. | What does the Settlement with Reynolds provide? |

In exchange for the release of claims in the Dealership Class Action (*see* Question [10]), Reynolds will pay $29,500,000 for the benefit of the Dealership Class. This $29.5 million Settlement Fund, net of any fees and expenses allowed by the Court, will be made available to Dealership Class Members at the end of the lawsuit against all Defendants. The cash will be distributed to Dealership Class Members who submit valid claim forms.

Complete details about the Settlement can be accessed at [***www.Domain.com***].

| | |
|---|---|
| 7. | How do I submit a claim to get a payment? |

There is no claims process at this time. Claim forms will be distributed and processed once this lawsuit is concluded against all the Defendants. You may register at [**www.Domain.com**] to receive notification of when the claims process will begin. Or, if a notice was sent to you by mail, a claim form will be sent to you at that address. If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Settlement Administrator, and provide them with your correct address. If the Settlement Administrator does not have your correct address, you may not receive notice

of important developments in this lawsuit. You should keep all documentation you have about your DMS purchases, including invoices paid to vendors, during the period from January 1, 2015 through October 23, 2018 for your use in a claim form later. If you exclude yourself from the Dealership Class, you will not be eligible to submit a claim form to participate in the Settlement Fund.

| | |
|---|---|
| 8. | I have been contacted by a claims recovery service encouraging me to sign up to participate in the Settlement. Do I need to sign up with the claims recovery service to get a payment or maximize my recovery? |

No, you will recover the maximum amount you are entitled to by directly filing your own claim with the Settlement Administrator once claim forms become available. No-cost claims filing assistance will be available from Dealership Class Counsel and the Settlement Administrator once claim forms become available.

## REMAINING IN THE CLASS

| | |
|---|---|
| 9. | What happens if I do nothing at all? |

If you do nothing at this time, you will remain a member of the Dealership Class and you will be legally bound by the Settlement if it is approved, even if you do not submit a claim form later to participate in the Settlement Fund.

If the Settlement is approved, the claims against Reynolds will be completely released and you will never be able to sue Reynolds concerning the claims in this lawsuit. In order to receive any part of the Settlement Fund, you will eventually have to submit a claim form when those are made available.

| | |
|---|---|
| 10. | What am I giving up to get a payment or stay in the Dealership Class? |

In short, if you remain in the Dealership Class, you cannot ever sue Reynolds for the claims made in this lawsuit. More specifically, unless you exclude yourself, you are staying in the Dealership Class, and that means that, upon the "Effective Date," you will release all "Released Dealership Class Claims" (as defined below) against the "Reynolds Releasees" (as defined below).

"Released Dealership Class Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise (whether or not any Dealership Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, indirectly, representatively, derivatively, or in any other capacity) that Dealership Class Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against Reynolds Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to

any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any facts, circumstances, acts, or omissions arising out of or related to the direct or indirect provision, licensing, pricing, purchasing, selling, marketing, development, availability, accessibility, or functionality of DMS or DIS, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any complaints filed in the Dealership Class Action, including without limitation those arising under antitrust, unfair competition, consumer protection, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy, common law or statutory fraud laws, whether under federal, state, local, or foreign law. For the avoidance of doubt, the Released Dealership Class Claims (a) include without limitation any claim or allegation relating in any way to a continuation after the Effective Date of any conduct described in the preceding sentence; but (b) do not release, alter, or affect any existing or future contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services.

"Reynolds Releasees" means Reynolds and all of its past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, and affiliates and all of their respective past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, predecessors in interest, successors, successors in interest and assigns of any of the above; and each and all of the present (as of the Execution Date) and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, servants, members, entities, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

The Dealership Class Action is continuing against CDK. The Agreement does not settle or compromise any claim by the Dealership Class Plaintiffs or any other Dealership Class Member asserted in the Dealership Class Action against Non-Settling Defendant CDK or any subsequent defendant or unnamed co-conspirator other than the Reynolds Releasees.

If you remain a member of the Dealership Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be eligible for a payment from this settlement, but you want to keep any right you may have to sue or continue to sue Reynolds, on your own, about the Released Dealership Class Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the class. Reynolds may withdraw from and terminate the Settlement if a certain number of Dealership Class Members exclude themselves.

If you exclude yourself, you will not be eligible to receive a payment from the Settlement, and you cannot object to the Settlement.

| 11. | How do I exclude myself from the Dealership Class? |

If you wish to be excluded from the Dealership Class, you must send a letter that includes all of the following:

    1)    Your name, address, and telephone number;

    2)    All trade names or business names and addresses used by you or your business;

    3)    The number of and physical address in the State or U.S. territory for the rooftops requesting exclusion;

    4)    That you want to be excluded from the class in the Dealership Class Action, *In Re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.);

    5)    The date(s) during the Dealership Class Period you entered into a contract for DMS and who you entered into the contract with, if you have that information; and

    6)    Your signature.

All exclusion letters must be mailed first class, **postmarked on or before _____, 2019,** to:

<div align="center">

*Dealership Class Settlement—DMS Antitrust Litigation*
Exclusions
c/o _____, Settlement Administrator
P.O. Box _____
_____, ___ _____

</div>

You cannot exclude yourself by telephone call or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

| 12. | If I do not exclude myself, can I sue Reynolds and the other Reynolds Releasees for the same thing later? |

No. Unless you exclude yourself, you give up any rights to sue Reynolds and the other Reynolds Releasees for the Released Dealership Class Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2019**.

| 13. | If I exclude myself, can I get money from the Settlement? |

No. If you exclude yourself, you will not be eligible to receive a payment from the Settlement. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Reynolds and the other Reynolds Releasees.

## THE LAWYERS REPRESENTING THE CLASS

| 14. | Do I have a lawyer representing me in this case? |

The Court ordered that the law firms of Milberg Tadler Phillips Grossman LLP, Bellavia Blatt, P.C., Gustafson Gluek PLLC, and Robbins Geller Rudman & Dowd LLP will represent the Dealership Class. These lawyers are called Dealership Class Counsel. The Court also ordered that The Clifford Law Offices will act as liaison counsel for the entire MDL.

You will not be charged personally for these lawyers, but they will ask the Court to approve a fee award at a later date. Dealership Class Counsel and MDL Liaison Counsel are not requesting fees from the Reynolds Settlement at this time. The future notification about the claims process in this case will include information about any request for fees.

The Court will determine the amount of any fees and expenses paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. If you want your own lawyer to speak for you or appear in Court, you must file a Notice of Intention to Appear (see Question [20]).

| 15. | How will the lawyers be paid? |

Dealership Class Counsel and MDL Liaison Counsel will ask the Court to approve payment from the Settlement Fund of litigation expenses (including expert fees, deposition costs and other expenses) for reimbursement and for the ongoing litigation against CDK. The expense request will not exceed $3 million without further notice to the Dealership Class.

Dealership Class Counsel and MDL Liaison Counsel are not seeking any attorneys' fees or service awards for the plaintiffs at this time. The notification about the claims process will include information about any applications for litigation expenses above $3 million, for attorneys' fees, or for service awards for the Dealership Class Plaintiffs. Any fee request will not exceed one-third of the amounts ultimately recovered on behalf of the Dealership Class.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it.

| 16. | How do I tell the Court that I do not like the Settlement? |
| --- | --- |

If you are a Dealership Class Member you can object to the Settlement or the application by Dealership Class Counsel for expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement with Reynolds in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation*. The objection must include the following: (i) the objector's complete name, address, and telephone number, along with any trade names or business names used by the objector; (ii) a statement signed under penalty of perjury that the objector is a member of the Dealership Class and objects to the Settlement with Reynolds in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.); (iii) all grounds for the objection and any supporting papers the objector wishes the Court to consider; (iv) the identity of all counsel who represent the objector; (v) a statement confirming whether the objector or any counsel representing the objector intends to personally appear and/or testify at the Settlement Hearing; and (vi) a list of any persons who may be called to testify at the Settlement Hearing in support of the objection.

Your objection must be filed with the Court and served on all the following counsel on or before _____, **2019**:

| COURT | DEALERSHIP CLASS LEAD COUNSEL | SETTLING DEFENDANT REYNOLDS'S COUNSEL |
| --- | --- | --- |
| Clerk of the Court United States District Court for the Northern District of Illinois, Eastern Division Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, Illinois 60604 | Peggy J. Wedgworth Milberg Tadler Phillips Grossman LLP One Pennsylvania Plaza, 19th Floor New York, NY 10119 | Aundrea K. Gulley Gibbs & Bruns LLP 1100 Louisiana Street, Suite 5300 Houston, TX 77002 |

You do not need to go to the Settlement Hearing to have your written objection considered by the Court. At the Settlement Hearing, any Dealership Class Member who has not previously submitted a request for exclusion from the Dealership Class and who has complied with the procedures set out in this question [16] and question [18] below for filing with the Court and

providing to the counsel for Dealership Class Plaintiffs and Reynolds a statement of an intention to appear at the Settlement Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement or the application by Dealership Class Counsel for expenses. Any objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing. If you or your attorney want to appear at the Settlement Hearing, your objection must include your Notice of Intention to Appear (see Question [20]).

| | |
|---|---|
| 17. | What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Dealership Class. Excluding yourself is telling the Court that you do not want to be part of the Dealership Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

| | |
|---|---|
| 18. | When and where will the Court decide whether to approve the Reynolds Settlement? |

The Court will hold a Settlement Hearing at \_\_\_:\_\_\_\_\_ \_\_.m. on \_\_\_\_day, _____, **2019**, at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. The Court also will consider the application of Dealership Class Counsel for an award of litigation expenses (including expert fees, deposition costs and other expenses) for reimbursement and for the ongoing litigation against CDK.

The Court will take into consideration any written objections filed in accordance with the instructions in question [16]. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question [20] for more information about speaking at the hearing. The Court may also decide how much to pay to Dealership Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the hearing, you should check with Dealership Class Counsel before coming to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Dealership Class Counsel will answer questions the Court may have. Attendance is not required, but you are welcome to come at your own expense. If you filed a written objection or other comment on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Dealership Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|-----------------------------|

You may ask the Court for permission to speak at the Settlement Hearing. If you want to do so, you must include with your objection (see question [16] above) a statement that this is your "Notice of Intention to Appear in the Dealership Class Action, *In Re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.)." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you, and identify any witnesses you may call to testify and exhibits you intend to introduce into evidence at the Settlement Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Dealership Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described in questions [16] and [18] above.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will remain a member of the Dealership Class and you will be legally bound by the Settlement if it is approved, even if you do not later submit a claim form to participate in the Settlement Fund.

If the Settlement is approved, the claims against Reynolds will be completely released and you will never be able to sue Reynolds concerning the claims in this lawsuit. In order to receive any part of the Settlement Fund, you will eventually have to submit a claim form when those are made available.

## GETTING MORE INFORMATION

| 22. | Where can I get more information? |
|-----|-----------------------------------|

This notice summarizes the proposed settlement with Reynolds. More details are in the Settlement Agreement Between the Dealership Class and Reynolds (the "Agreement"), dated October 23, 2018, and the other legal documents that have been filed with the Court in this lawsuit. You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of the Court, United States District Court for the Northern District of

Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604. Certain documents, including the papers in support of final approval of the Settlement and in support of the application for an award of costs and expenses, will also be available on the Settlement Administrator's website at [***www.Domain.com***].

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the Settlement Administrator's website at [www.Domain.com]
- Call the Settlement Administrator toll-free at 1-8xx-xxx-xxxx
- Write to the Settlement Administrator, [email and P.O. Box]
- Contact Dealership Class Counsel: Peggy J. Wedgworth, Milberg Tadler Phillips Grossman LLP, One Pennsylvania Plaza, 19th Floor, New York, NY 10119, Tel: (212) 594-5300, pwedgworth@milberg.com; or Leonard A. Bellavia, Bellavia Blatt, PC, 200 Old Country Road, Suite 400, Mineola, New York 11501, Tel: (516) 873-3000, lbellavia@dealerlaw.com

An independent Settlement Administrator is handling the Settlement. Do not contact the Court, the Clerk's Office, or the airlines directly about the Settlement.

Dated:        Chicago, Illinois
              _____, 2018

                                   By Order of the Court
                                   CLERK OF THE COURT

EXHIBIT 3

**If you are a U.S.-based retail auto dealership that bought a Reynolds or CDK Dealer Management System (DMS) from January 1, 2015 through October 23, 2018, you could benefit from a class action settlement.**

A settlement with The Reynolds and Reynolds Company has been reached in an antitrust class action lawsuit (the Dealership Class Action in *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, Case No. 18-CV-864) over the price of Dealer Management Systems ("DMS") purchased from Reynolds and/or CDK Global, LLC during the period January 1, 2015 through October 23, 2018, including related vendor integration services. The lawsuit alleges CDK and Reynolds unlawfully colluded to force auto dealerships to pay more for DMS than they should have. Reynolds denies any wrongdoing and the Court has not ruled that Reynolds did anything wrong or violated any law. The Settlement is with Reynolds only; the litigation continues against CDK.

**Who Is Included In This Settlement?**

The "Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018.

**What Can You Get From The Settlement?**

Reynolds will pay $29,500,000 in cash into a Settlement Fund which, after any Court-approved fees and expenses, will be distributed to Dealership Class Members who submit valid claim forms at a later date.

**How Can You Get a Settlement Payment?**

There is no claims process at this time. Claim forms will be sent to Dealership Class Members at a later date. You should keep all documentation you have about your DMS purchases, including invoices paid to vendors, from January 1, 2015 through October 23, 2018 for use in a claim form later. Once this lawsuit is concluded against all Defendants, the Settlement Fund will be distributed based on the claim forms submitted by Dealership Class Members, subject to an allocation plan approved by the Court, upon further notice to the Dealership Class. You do not need to sign up with a claims recovery service to participate in the Settlement. No-cost claims filing assistance will be available from Dealership Class Counsel and the Settlement Administrator once claim forms become available. The settlement website ([www.Domain.com]) will display updated claims information. You may register your email address at [www.Domain.com] to receive email alerts of future notices, including the claim form when the claims process begins. Please keep your address current with the Settlement Administrator to help ensure delivery of future notices.

**What Are Your Rights and Options?**

The Court will hold a Settlement Hearing on _____, 2019 at __:__ _.m. CT to consider whether to approve the Settlement and the request by the court-appointed lawyers for the Dealership Class (called "Dealership Class Counsel") for up to $3 million from the Settlement Fund in litigation expenses (including expert fees, deposition costs and other expenses). Dealership Class Counsel are not seeking any attorneys' fees or service awards

for the plaintiffs at this time. The notification about the claims process will include information about any applications for litigation expenses above $3 million, for attorneys' fees, or for service awards for the plaintiffs. Any fee request will not exceed one-third of the amounts ultimately recovered on behalf of the Dealership Class.

If you are a Dealership Class Member and you don't want to be eligible to receive a settlement payment, or don't want to be legally bound by this Settlement, you must exclude yourself by _____, 2019, or you won't be able to sue, or continue to sue, Reynolds about the legal claims in this case. If you exclude yourself, you will not be eligible to receive a payment under this Settlement. If you remain a Dealership Class Member, you may object to the Settlement and/or the request for litigation expenses by _____, 2019. The long-form notice, available at [www.Domain.com], explains how to exclude yourself or object. You may appear at the Settlement Hearing, but you don't have to. Dealership Class Counsel have been appointed to represent the Dealership Class. These attorneys are listed in the long-form notice. You may hire your own attorney to appear for you, but you will have to pay that attorney.

**Where Can You Get More Information?**

For more information, visit [www.Domain.com], call [TOLL-FREE #], or write to *Dealership Class Settlement—DMS Antitrust Litigation*, Settlement Administrator, P.O. Box ____, CITY, STATE ZIP. You can also contact Dealership Class Counsel: Peggy J. Wedgworth, Milberg Tadler Phillips Grossman LLP, One Pennsylvania Plaza, 19th Floor, New York, NY 10119, Tel: (212) 594-5300, pwedgworth@milberg.com; or Leonard A. Bellavia, Bellavia Blatt, PC, 200 Old Country Road, Suite 400, Mineola, New York 11501, Tel: (516) 873-3000, lbellavia@dealerlaw.com

**For More Information: 1-8xx-xxx-xxxx  [www.Domain.com]**

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817<br>Case No. 18-cv-00864 |
| **This Document Relates To:** | Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| **THE DEALERSHIP CLASS ACTION** | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT FOR SETTLEMENT
BETWEEN DEALERSHIP CLASS AND REYNOLDS**

WHEREAS, the Dealership Class Plaintiffs and The Reynolds and Reynolds Company have

entered into a Settlement Agreement Between the Dealership Class and Reynolds (the

"Agreement"), dated October 23, 2018, to settle the Dealership Class Action as against Reynolds

only; and

WHEREAS, on _____, 2018, by Preliminary Approval Order for Settlement

Between the Dealership Class and Reynolds ("Preliminary Approval Order"), dated

_____, 2018, this Court (a) preliminarily approved the Settlement; (b) ordered that notice

of the proposed Settlement be provided to the Dealership Class; (c) provided Dealership Class

Members with the opportunity either to exclude themselves from or to object to the proposed

Settlement; and (d) scheduled a hearing regarding final approval of the Settlement (the "Settlement

Hearing"); and

WHEREAS, due and adequate notice has been provided to the Dealership Class in

accordance with the Preliminary Approval Order; and

WHEREAS, the Court conducted the Settlement Hearing on _____, 2019 to

consider, among other things, (i) whether the terms and conditions of the Settlement are fair,

reasonable and adequate and the Settlement should therefore be approved; and (ii) whether a

1

judgment should be entered dismissing the Dealership Class Action with prejudice as against Reynolds only; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments made to the Court regarding the proposed Settlement, and the record in the Dealership Class Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.     This Final Approval Order and Judgment incorporates by reference the definitions set forth in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement unless otherwise specified herein. The terms of the Agreement are incorporated in this Final Approval Order and Judgment as if fully set forth herein.

2.     **Jurisdiction.** The Court has jurisdiction over the subject matter of the MDL Action (including this Dealership Class Action), and all matters relating to the Settlement, as well as personal jurisdiction over the Dealership Class Plaintiffs, all Dealership Class Members, and the Defendants.

3.     **Class Certification.** Pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure, the Court certifies, for purposes of the Settlement only, the following Dealership Class:

"Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS  from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018. Excluded from the Dealership Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

4.     The Court finds and concludes, for purposes of the Settlement only, the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied, in that, with respect to the Dealership Class:

2

(a)    numerosity is satisfied;

(b)    the claims of the Dealership Class Plaintiffs are typical of those of the other Dealership Class Members;

(c)    there are questions of fact and law that are common to all members of the Dealership Class; and

(d)    the Dealership Class Plaintiffs will fairly and adequately protect the interests of the Dealership Class and have retained counsel experienced in antitrust and class action litigation who have and will continue to adequately represent the Dealership Class.

5.    The Court further finds and concludes, for purposes of the Settlement with Reynolds only, the Dealership Class Action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the Dealership Class predominate over any questions affecting only individual members.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement, this Court finally certifies the Dealership Class Plaintiffs—(1) ACA Motors, Inc. d/b/a Continental Acura; (2) Baystate Ford Inc.; (3) Cherry Hill Jaguar; (4) Cliff Harris Ford, LLC d/b/a Warrensburg Ford; (5) Continental Autos, Inc. d/b/a/ Continental Toyota; (6) Continental Classic Motors, Inc. d/b/a Continental Autosports; (7) 5800 Countryside, LLC d/b/a/ Continental Mitsubishi; (8) HDA Motors, Inc. d/b/a Continental Honda; (9) H & H Continental Motors, Inc. d/b/a Continental Nissan; (10) Gregoris Motors, Inc.; (11) Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville; (12) JCF Autos LLC d/b/a Stevens Jersey City Ford; (13) Jericho Turnpike Sales LLC d/b/a Ford & Lincoln of Smithtown; (14) Jim Marsh American

3

Corporation d/b/a Jim Marsh Mitsubishi Suzuki Kia Mahindra; (15) John O'Neil Johnson Toyota, LLC; (16) Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota; (17) Marshall Chrysler Jeep Dodge, LLC; (18) Naperville Zoom Cars, Inc. d/b/a/ Continental Mazda; (19) NV Autos, Inc. d/b/a Continental Audi; (20) Patchogue 112 Motors LLC d/b/a Stevens Ford; (21) Pitre Imports, LLC d/b/a Pitre Kia; (22) Pitre, Inc. d/b/a Pitre Buick GMC; (23) Teterboro Automall, Inc. d/b/a Teterboro Chrysler Dodge Jeep Ram; (24) Waconia Dodge, Inc. d/b/a Waconia Dodge Chrysler Jeep Ram; and (25) Warrensburg Chrysler Dodge Jeep, L.L.C.—as the Dealership Class Representatives.

7.        **Class Members Bound by this Final Approval Order and Judgment.** Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all persons and entities who fall within the foregoing description of the Dealership Class who have not timely and validly requested exclusion from the Dealership Class are Dealership Class Members and are fully bound by this Final Approval Order and Judgment and the terms of the Agreement.

8.        **Exclusion Requests.** The persons and entities who timely and validly excluded themselves from the Dealership Class ("Opt-Outs") and are listed in Exhibit 1 to this Final Approval Order and Judgment. The Opt-Outs are not bound by this Final Approval Order and Judgment or the terms of the Agreement, and may pursue their own individual remedies (if any) against Reynolds and the Reynolds Releasees. However, the Opt-Outs are not entitled to any of the rights or benefits accorded to Dealership Class Members under the Agreement.

9.        **Notice.** As established by the Settlement Administrator's Declaration, filed on _____, 2019, the Settlement Administrator caused the Mail Notice in the form approved by the Preliminary Approval Order to be mailed postage prepaid to all potential Dealership Class Members who could be identified from the records of Reynolds and CDK, and

caused the Publication Notice to be published in the manner required by the Preliminary Approval Order, and the Long-Form Posted Notice, also in the form approved by the Preliminary Approval Order, to be made available to members of the Dealership Class on the Settlement Website and upon their request.

10. The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.

11. **Objections.** [The Court finds there were no objections to the Settlement set forth in the Agreement] OR [All objections to the Settlement, to the extent not previously withdrawn, are overruled.]

12. **Final Settlement Approval.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court fully and finally approves the Settlement with Reynolds set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable and adequate to the Dealership Class. The Court orders the Settling Parties to consummate the Settlement with Reynolds set forth in the Agreement in accordance with its terms.

13. **Release of Claims Against Reynolds Releasees.** Upon the Effective Date, and in consideration of payment of the Settlement Amount, Reynolds Releasees shall be completely

5

released, acquitted, and forever discharged from any and all Released Dealership Class Claims by the Dealership Class Releasors.

(a)  "Reynolds Releasees" means Reynolds and all of its past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, and affiliates and all of their respective past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, predecessors in interest, successors, successors in interest and assigns of any of the above; and each and all of the present (as of the Execution Date) and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, servants, members, entities, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

(b)  "Released Dealership Class Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise (whether or not any Dealership Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, indirectly, representatively, derivatively, or in any other capacity) that Dealership Class Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against Reynolds Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any facts, circumstances, acts, or omissions arising out of or related to the direct or indirect provision, licensing, pricing, purchasing, selling, marketing, development, availability, accessibility, or functionality of DMS or DIS, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any complaints filed in the Dealership

6

Class Action, including without limitation those arising under antitrust, unfair competition, consumer protection, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy, common law or statutory fraud laws, whether under federal, state, local, or foreign law. For the avoidance of doubt, the Released Dealership Class Claims (a) include without limitation any claim or allegation relating in any way to a continuation after the Effective Date of any conduct described in the preceding sentence; but (b) do not release, alter, or affect any existing or future contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services.

(c) "Dealership Class Releasors" means the Dealership Class Plaintiffs and Dealership Class Members, and their respective past and present (as of the Execution Date) officers, directors, employees, agents, stockholders, attorneys, servants, members, entities, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

14. **Release of Claims Against Dealership Class Releasees.** Upon the Effective Date, the Dealership Class Releasees shall be completely released, acquitted, and forever discharged from any and all Released Reynolds Claims by the Reynolds Releasors.

(a) "Dealership Class Releasees" means the Dealership Class Plaintiffs and Dealership Class Members, and their respective past and present (as of the Execution Date) officers, directors, employees, agents, stockholders, attorneys, servants, members, entities, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations

7

with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

(b) "Released Reynolds Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise that Reynolds Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Dealership Class Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in the Dealership Class Action, including without limitation those asserted or that could be asserted in any counterclaim by Reynolds arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.; the Copyright Act, 17 U.S.C. § 501; the Digital Millennium Copyright Act, 17 U.S.C. § 1201; the Wisconsin Computer Crimes Act, Wis. Stat. § 943.70(2)(a); the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200; and similar laws. For the avoidance of doubt, the Released Reynolds Claims (a) include any claims that Reynolds could have asserted against the Dealership Class Releasees relating to the use or sharing of log-in credentials prior to the Effective Date, but (b) do not release, alter, or affect any existing or future contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services and (c) Reynolds Releasors do not release, and expressly preserve, all claims, known or unknown, they may have against any person other than

8

Dealership Class Releasees, including without limitation any current or future plaintiff in the MDL other than Dealership Class Plaintiffs.

(c) "Reynolds Releasors" means Reynolds and all of its past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, and affiliates and all of their respective past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, predecessors in interest, successors, successors in interest and assigns of any of the above; and each and all of the present (as of the Execution Date) and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, servants, members, entities, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

15. **No Future Actions Following Releases.** Dealership Class Releasors and Reynolds Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against Reynolds Releasees or Dealership Class Releasees, respectively, (including pursuant to the MDL) based on the Released Claims in any forum worldwide, whether on his, her, or its own behalf or as part of any putative, purported or certified class.

16. **Covenant Not to Sue.** Dealership Class Releasors and Reynolds Releasors hereby covenant not to sue Reynolds Releasees and Dealership Class Releasees, respectively, with respect to any Released Claims. Dealership Class Releasors and Reynolds Releasors shall be permanently barred and enjoined from instituting, commencing, or prosecuting against the Reynolds Releasees and Dealership Class Releasees, respectively, any claims based in whole or in part on the Released Claims. The Settling Parties contemplate and agree that this Agreement may be pleaded as a bar to a

9

lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted by or on behalf of any Dealership Class Releasor or Reynolds Releasor with respect to the Released Claims.

17. **Waiver of California Civil Code § 1542 and Similar Laws.** Dealership Class Releasors and Reynolds Releasors acknowledge that, by virtue of this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, including any Released Claim that any Dealership Class Releasor or Reynolds Releasor does not know or suspect to exist in his, her or its favor at the time of the release that if known by him, her or it, might have affected his, her or its settlement with and release, or might have affected his, her or its decision not to object to this Settlement ("Unknown Claims"). Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and equivalent, similar, or comparable laws or principles of law. California Civil Code § 1542 provides:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

Each Dealership Class Releasor and Reynolds Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims, but each such Dealership Class Releasor and Reynolds Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Dealership Class Plaintiffs and Reynolds acknowledge, and all Dealership Class Releasors, Dealership Class Releasees, Reynolds Releasors,

10

and Reynolds Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the Released Claims was separately bargained for and was a key element of the Settlement.

18. **Dismissal.** The Court hereby dismisses with prejudice the Dealership Class Action as to Reynolds only, without costs to any of the parties as against the others, except as otherwise provided in the Agreement.

19. **Contribution and Indemnification.** There shall be no right of contribution between the Non-Settling Defendant and the Settling Defendant based on their potential, alleged or actual status as joint tortfeasors or co-conspirators with respect to the Released Claims (any claim for such being a "Contribution Claim"). Notwithstanding the foregoing, should any court determine any Non-Settling Defendant is/was legally entitled to contribution from any Settling Defendant with respect to a Contribution Claim, then any money judgment subsequently obtained by the Dealership Class Plaintiffs against such Non-Settling Defendant shall be reduced to an amount such that, upon paying the entire amount, the Non-Settling Defendant would have no Contribution Claim against any Settling Defendant.

20. **Use of Order.** This Final Approval Order and Judgment, the Agreement, and any negotiations, documents, and discussions associated with them, shall not be deemed or construed to be an admission by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees), or of the truth of the claims or allegations in any complaint or any other pleading filed in the Dealership Class Action, and evidence thereof shall not be discoverable or used directly or indirectly in the Dealership Class Action or in any other action or proceeding.

11

21.     Neither this Final Approval Order and Judgment, nor the Agreement, nor any of its terms and provisions, nor the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by either of the Settling Parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

22.     **Effect of Termination, Rescission, or Failure to Become Final.** If the Settlement is terminated, rescinded, or otherwise does not become Final, then the Agreement, including any amendment(s) thereof, then this Final Approval Order and Judgment (and any other orders of the Court relating to the Settlement) shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of September 25, 2018.

23.     **Retention of Jurisdiction.** Without affecting the finality of this Order, the Court reserves and retains exclusive and continuing jurisdiction over all parties to the MDL Action, all Dealership Class Members, and the Settlement Fund to consider all further matters arising out of or connected with the Agreement.  Reynolds retains any contractual rights it may have to arbitrate any dispute relating to any Released Claim with any Dealership Class Member who timely and validly elects to be excluded from the Dealership Class in accordance with the procedure established by the Court.

24.     **Attorneys' Fees and Expenses Not a Delay.** The award of any attorneys' fees, costs, or expenses to Dealership Class Counsel and MDL Liaison Counsel, including any appeals

therefrom, shall not affect the finality of this Final Approval Order and Judgment or delay the Effective Date of the Settlement.

25. **Entry of this Final Order and Judgment.** The Court finds there is no just reason for delay and directs the Clerk to enter this Final Approval Order and Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Dealership Class Action is not dismissed in respect of claims against any person or entity other than the Settling Defendant Reynolds.

Dated:      Chicago, Illinois
            _____, 2019

                                _____
                                Honorable Robert M. Dow, Jr.
                                UNITED STATES DISTRICT JUDGE