IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**PRELIMINARY APPROVAL ORDER FOR SETTLEMENT BETWEEN THE DEALERSHIP CLASS AND REYNOLDS**

WHEREAS, on October 23, 2018, the Dealership Class Plaintiffs and Reynolds entered into a Settlement Agreement Between the Dealership Class and Reynolds (the "Agreement") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with its exhibits, sets forth a proposed settlement with Reynolds of the Dealership Class Action; and the Court having read and considered the Agreement and the accompanying documents; and the parties to the Agreement having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Agreement;

NOW, THEREFORE, it is hereby ORDERED, this 7th day of November, 2018, as follows:

1.    The Court preliminarily approves the Settlement with Reynolds set forth in the Agreement, subject to further consideration at a final approval hearing for the proposed settlement (the "Settlement Hearing").

2.    For purposes of the Settlement only, the Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied with respect to the Dealership Class. At this preliminary certification phase, and only

for purposes of the proposed settlement with Reynolds, the Dealership Class is defined as follows:

"Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018. Excluded from the Dealership Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

3. The Court concludes that, for purposes of the Settlement only, and without adjudication on the merits, the Dealership Class is sufficiently well-defined and cohesive to merit preliminary approval.

4. For purposes of the Settlement only, the Court preliminarily finds that the requirements of Rule 23(a) have been satisfied:

(a) Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court determines that the Dealership Class is so numerous that joinder of all members is impracticable.

(b) Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, the Court determines that the commonality requirement is satisfied because Dealership Class Plaintiffs have alleged one or more questions of fact and law common to the Dealership Class, including whether Reynolds violated Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, and certain state antitrust and consumer protection laws.

(c) Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, the Court hereby appoints the Dealership Class Plaintiffs—(1) ACA Motors, Inc. d/b/a Continental

Acura; (2) Baystate Ford Inc.; (3) Cherry Hill Jaguar; (4) Cliff Harris Ford, LLC d/b/a Warrensburg Ford; (5) Continental Autos, Inc. d/b/a/ Continental Toyota; (6) Continental Classic Motors, Inc. d/b/a Continental Autosports; (7) 5800 Countryside, LLC d/b/a/ Continental Mitsubishi; (8) HDA Motors, Inc. d/b/a Continental Honda; (9) H & H Continental Motors, Inc. d/b/a Continental Nissan; (10) Gregoris Motors, Inc.; (11) Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville; (12) JCF Autos LLC d/b/a Stevens Jersey City Ford; (13) Jericho Turnpike Sales LLC d/b/a Ford & Lincoln of Smithtown; (14) Jim Marsh American Corporation d/b/a Jim Marsh Mitsubishi Suzuki Kia Mahindra; (15) John O'Neil Johnson Toyota, LLC; (16) Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota; (17) Marshall Chrysler Jeep Dodge, LLC; (18) Naperville Zoom Cars, Inc. d/b/a/ Continental Mazda; (19) NV Autos, Inc. d/b/a Continental Audi; (20) Patchogue 112 Motors LLC d/b/a Stevens Ford; (21) Pitre Imports, LLC d/b/a Pitre Kia; (22) Pitre, Inc. d/b/a Pitre Buick GMC; (23) Teterboro Automall, Inc. d/b/a Teterboro Chrysler Dodge Jeep Ram; (24) Waconia Dodge, Inc. d/b/a Waconia Dodge Chrysler Jeep Ram; and (25) Warrensburg Chrysler Dodge Jeep, L.L.C.—as Dealership Class Representatives. The Court finds, for settlement purposes only, these Dealership Class Representatives' claims are typical of the claims of the Dealership Class. The claims of the Dealership Class Representatives and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Defendants.

   (d) Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Court preliminarily finds that the Dealership Class Representatives will fairly and adequately protect the interests of the Dealership Class in satisfaction of the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure because: (1) the interests of the Dealership Class Representatives are consistent with those of the other Dealership Class Members; (2) there

appear to be no conflicts between or among the Dealership Class Representatives and the other Dealership Class Members; (3) the Dealership Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Dealership Class Representatives and the Dealership Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

5. For purposes of the Settlement only, the Court preliminarily finds that the Dealership Class Action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because (i) questions of fact and law common to the members of the Dealership Class predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Dealership Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

6. The Court approves and appoints Peggy J. Wedgworth of Milberg Tadler Phillips Grossman LLP as class counsel pursuant to Rule 23(g), and finds Dealership Class Counsel has and will fairly and adequately protect the interests of the Dealership Class.

7. The Court finds that the proposed settlement set forth in the Agreement falls within the range of possible final approval. The Court further finds there is a sufficient basis for notifying the Dealership Class of the proposed settlement, and enjoining Dealership Class

Members from continuing this litigation against Reynolds pending the conclusion of the Settlement Hearing.

8. **Retention of Settlement Administrator.** The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator and finds this Settlement Administrator is competent and has no conflicts of interest in serving as the Settlement Administrator.

9. **Approval of Form and Content of Notice.** The Court approves the form, content, and requirements of the Mail Notice, the Long-Form Posted Notice, and the Publication Notice, substantially in the forms attached as Exhibits 1, 2, and 3, respectively.

10. The Court finds that notice by direct mail to potential Dealership Class Members, and by publication in *Automotive News* and in *WardsAuto Dealer Newsletter*, constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Dealership Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and with constitutional due process.

11. **Manner of Providing Notice.**

(a) The Settlement Administrator shall disseminate notice to all Dealership Class Members who can be identified with reasonable effort.

(b) Within fourteen (14) days from the entry date of this Order (the "Notice Date"), the Settlement Administrator shall cause the Mail Notice, substantially in the form

attached as Exhibit 1 to Exhibit A of the Agreement, to be sent to all potential Dealership Class Members identified from the records of Reynolds and CDK. The Mail Notice will be sent by first class mail, postage prepaid, to all Dealership Class Members at their last known postal mailing address identified from the records provided to the Settlement Administrator, updated based on the National Change of Address database or other similar databases prior to mailing.

(c) No later than the Notice Date, the Long-Form Posted Notice, substantially in the form attached as Exhibit 2 to Exhibit A of the Agreement, will be posted on the Internet at a readily accessible website to be created and maintained by the Settlement Administrator (the "Settlement Website") and sent to anyone who requests a copy.

(d) The Settlement Administrator is hereby directed to cause the Publication Notice to be published in *Automotive News* and in *WardsAuto Dealer Newsletter* no later than seven (7) days after the Notice Date. The Publication Notice shall direct interested parties to the Settlement Website, where the Long-Form Posted Notice will be provided.

(e) Dealership Class Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Mail Notice and proof of publication of the Publication Notice.

(f) Reynolds shall cause to be issued notice contemplated by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. ("CAFA"). No later than twenty-eight (28) days after the Notice Date, Reynolds shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

12.     **Notice Costs.** All costs incurred in identifying and notifying Dealership Class Members shall be paid as set forth in the Agreement.

13.     **Exclusion Requests.** Each Dealership Class Member shall have the right to request to be excluded from the Dealership Class by mailing a request for exclusion to the Settlement Administrator postmarked no later than forty-two (42) days after the Notice Date.

14.     Requests for exclusion must be in writing and: (1) provide the name, address, telephone number of the person or entity requesting exclusion, along with any trade names or business names used by that person or entity; (2) state that the person or entity who wishes to be excluded is a member of the Dealership Class and wants to be excluded from the Settlement with Reynolds in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.); and (3) be signed by the person or entity requesting exclusion or by a person (identified by title) with the authority to bind the person or entity requesting exclusion. Persons or entities requesting exclusion are also directed to state: (1) the date(s) during the Dealership Class Period they entered into a contract for DMS; (2) who they entered into the contract with; (3) the number of dealership rooftops included in the request for inclusion; and (4) the physical address in the State or U.S. territory where each such rooftop is located. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15.     All Dealership Class Members who submit valid and timely requests for exclusion shall have no rights or benefits under the Settlement, shall not share in the distribution of Settlement proceeds under the Settlement, and shall not be bound by the terms of the Settlement or a final judgment approving the Settlement.

16. At or before the Settlement Hearing, Dealership Class Lead Counsel shall file with the Court a list of all persons and entities who have timely and validly requested exclusion from the Dealership Class. The Court will exclude all persons and entities who submit timely and valid requests for exclusion.

17. Dealership Class Members shall be bound by all determinations and judgments in this Dealership Class Action, whether favorable or unfavorable, unless such persons or entities request exclusion.

18. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19. Any Dealership Class Member who does not properly and timely request exclusion shall, upon final approval of the Settlement, be bound by the terms and provisions of the Agreement, including but not limited to the releases, waivers and covenants described in the Agreement, whether or not such person or entity objected to the Settlement and whether or not such person or entity makes a claim to participate in the Settlement Fund.

20. **Settlement Hearing.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a hearing (the "Settlement Hearing") on January 22, 2019, at 10:00 a.m.

21. The Settlement Hearing will be held for the following purposes:

(a) to determine that the Court has subject matter jurisdiction, and personal jurisdiction over the Dealership Class Plaintiffs, Reynolds, and Dealership Class Members for the purpose of approving and enforcing the Agreement;

(b) to determine finally whether the Dealership Class satisfies the requirements of a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and applicable case law;

(c) to determine whether the notice given satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process;

(d) to determine whether to finally approve the Settlement with Reynolds in the Agreement as fair, reasonable and adequate to the Dealership Class, and directing consummation of the Agreement pursuant to its terms;

(e) to determine whether each Dealership Class Member who has not filed a request for exclusion accepted by the Court is bound by the terms of the Agreement;

(f) to determine whether the Final Approval Order and Judgment as provided under the Agreement should be entered, dismissing Dealership Class Action on the merits and with prejudice as against Reynolds only, and to determine whether the release by the Dealership Class Releasors of the Released Dealership Class Claims, as set forth in the Agreement, should be provided to the Reynolds Releasees;

      (g)    to consider the application of Dealership Class Counsel and MDL Liaison Counsel to set aside an amount not to exceed $3,000,000 from the Settlement Fund to be used to pay litigation costs and expenses (including expert fees, deposition costs and other expenses) incurred and to be incurred in the ongoing litigation against CDK in the Dealership Class Action, as approved by the Court; and

      (h)    to rule upon other such matters as Reynolds or the Dealership Class Plaintiffs may request, or the Court may deem appropriate.

22.    **Continuance of Hearing.** The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Dealership Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court's retention of jurisdiction for this purpose shall have no effect on any contractual rights Reynolds may have to arbitrate any dispute with any Dealership Class Member. The Court may approve the Settlement, with such modifications as may be agreed to by the parties to the Agreement, if appropriate, without further notice to the Dealership Class. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter an Final Approval Order and Judgment approving the Agreement and dismissing the Dealership Class Action as against Reynolds only on the merits and with prejudice regardless of whether it has approved a distribution plan or awarded attorneys' fees and expenses.

23.    **Briefing Schedule.** No later than twenty-eight (28) days after the Notice Date, Dealership Class Lead Counsel shall file a motion and supporting papers in support of final

approval of the Settlement, including an application for reimbursement of costs and expenses and to set aside funds out of the Settlement Fund for future litigation costs and expenses. This filing shall be posted on the Settlement Website.

24. **Objections and Appearances at Settlement Hearing.** Any Dealership Class Member who does not timely request exclusion from the Dealership Class may appear at the Settlement Hearing and seek to show cause why the Court should not approve the Settlement and may appear at the hearing to support or oppose Dealership Class Counsel's and MDL Liaison Counsel's application for reimbursement of costs and expenses and to establish an expense fund to pay future litigation expenses and costs, provided that no Dealership Class Member shall be heard unless his, her or its objection or opposition is made in writing, signed by the objecting member, and together with any papers or briefs in support of such objections, filed with the Court no later than forty-two (42) days after the Notice Date, and served on Dealership Class Lead Counsel and Reynolds's Counsel by first-class mail, postage prepaid. Failure to timely file and serve written objections will preclude a Dealership Class Member from having the right to be heard at the Settlement Hearing.

25. The Court will only consider timely and valid objections. To be considered, an objection must be in writing and be signed by the Dealership Class Member making the objection and must include: (i) the objector's complete name, address, and telephone number, along with any trade names or business names used by the objector; (ii) statement signed under penalty of perjury that the objector is a member of the Dealership Class and objects to the Settlement with Reynolds in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.); (iii) all grounds for the objection and any supporting papers the objector wishes the Court to consider; (iv) the identity of all counsel who

represent the objector; (v) a statement confirming whether the objector or any counsel representing the objector intends to personally appear and/or testify at the Settlement Hearing; and (vi) the number of times in which the objector or the objector's counsel (if any) has objected to a class action settlement within the three years preceding the date that the objector files the objection and the caption of each case in which such objection was made. Any member of the Dealership Class or other person who does not timely file and serve a written objection complying with the terms above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. The Settling Parties may seek appropriate discovery from any objector. including depositions, on the issues related to the objection.

26. Filing an objection shall not extend the time to file a request for exclusion from the Dealership Class.

27. Any Dealership Class Member who has filed written objections and wishes to be heard at the Settlement Hearing may enter an appearance through counsel of the objector's own choosing and at the objector's own expense, or may appear on his, her, or its own behalf.

28. Attendance at the Settlement Hearing is not necessary. Dealership Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

29. All briefs, memoranda and papers in response to any objections by no later than seven (7) days before the Settlement Hearing.

30. The procedures and requirements for filing objections in connection with the Settlement Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Dealership Class Member's objection to the Settlement, in accordance with the due process rights of all Dealership Class Members.

31. **Settlement Fund.** The Court approves the establishment of an escrow account, as set forth in the Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the Escrow Account. The Escrow Agent and its designees are authorized to expend funds from the Escrow Account to pay Taxes and Tax Expenses, as set forth in the Agreement. All funds deposited by Reynolds into the Escrow Account are deemed to be in the custody of the Court and will remain subject to the jurisdiction of the Court until distributed pursuant to the Agreement or further order of the Court or unless the Agreement is terminated, rescinded, or otherwise does not become Final as contemplated by Paragraph 36 below, in which case all funds deposited by Reynolds shall be returned to Reynolds as set forth in the Agreement without need for further order by the Court.

32. **Stay Pending Final Approval.** With the exception of any motions to enforce the Agreement, or to enforce the discovery obligations described in this Paragraph, neither Reynolds nor Dealership Class Plaintiffs shall file any further motions against the other. The Court hereby stays and removes from the calendar all pending motions against each other pending final approval of this Settlement, with the exception of arguments made by the Dealership Class Plaintiffs in the MDL Plaintiffs' Omnibus Motion to Compel (ECF No. 316). In the event this Settlement does not become Final, both Reynolds and Dealership Class Plaintiffs shall retain the

right to reinstate and pursue any motions that were stayed or taken off calendar while this Settlement was pending final approval. After the Effective Date, Reynolds and Dealership Class Plaintiffs will continue to participate in coordinated discovery in the MDL, consistent with and subject to their respective rights and obligations under the Federal Rules of Civil Procedure and any applicable orders of the Court. In the event that Reynolds and/or Dealership Class Plaintiffs cease to be parties to the MDL, they will fulfill any discovery obligations they may have in the Class Dealership Action as third parties, subject to their respective rights to object to such discovery pursuant to the Federal Rules of Civil Procedure.

33. Pending final determination of whether the Settlement should be approved, the Dealership Class Releasors and Reynolds Releasors and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Reynolds Releasees and Dealership Class Releasees.

34. **Attorneys' Fees and Expenses.** At or after the Settlement Hearing, the Court shall determine whether any application of Dealership Class Counsel and MDL Liaison Counsel for reimbursement of costs and expenses and to set aside funds out of the Settlement Fund for future litigation costs and expenses shall be approved. Any amount awarded by the Court shall be paid as set forth in the Agreement. Such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

35. **Effect of Termination, Rescission, or Failure to Become Final.** If the Settlement is terminated, rescinded, or otherwise does not become Final, then the Agreement, including any amendment(s) thereof, and this Order shall be null and void, of no further force or

effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of September 25, 2018 without need for any further order of the Court.

36. **Use of Order.** This Order, the Agreement, and any negotiations, documents, and discussions associated with them, shall not be deemed or construed to be an admission by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees), or of the truth of the claims or allegations in any complaint or any other pleading filed in the Dealership Class Action, and evidence thereof shall not be discoverable or used directly or indirectly in the Dealership Class Action or in any other action or proceeding.

37. Neither this Order, nor the Agreement, nor any of its terms and provisions, nor the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by either of the Settling Parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

38. **Continuing Jurisdiction.** The Court retains exclusive continuing jurisdiction over all parties to the MDL Action (including this Dealership Class Action) and the Settlement Fund to consider all further matters arising out of or connected with the Agreement. In the event

the Effective Date as defined in the Agreement does not occur, Reynolds shall retain any contractual rights it may have to arbitrate any dispute with any Dealership Class Plaintiff or Dealership Class Member relating to any Released Claim. Reynolds shall also retain any contractual rights it may have to arbitrate any dispute relating to any Released Claim with any Dealership Class Member who timely and validly elects to be excluded from the Dealership Class in accordance with the procedure established by the Court.

39. The Court may, for good cause, extend the deadlines in this Order without further notice to the Dealership Class.

Dated: November 7, 2018

_____
Robert M. Dow, Jr.
United States District Judge