# EXHIBIT E

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 1, 2018

*Via Electronic Mail*

Aundrea K. Gulley  
Gibbs & Bruns LLP  
1100 Louisiana, Suite 5300  
Houston, TX 77002

Britt M. Miller, Esq.  
Mayer Brown  
71 South Wacker Drive  
Chicago, IL 60606

Re: *In re: Dealer Management Systems Antitrust Litigation*, MDL No. 2817  
*Motor Vehicle Software Corporation v. CDK Global*, Case No. 1:18-cv-865 (N.D. Ill.)

Dear Andi and Britt:

I write in response to your letter of September 24, 2018 relating to "counterclaim discovery" – which are more accurately termed Defendants' Fourth Set of Requests for Production (the "Requests").[1]

**Timeliness of Requests**. Your letter is off the mark in suggesting the Requests are timely merely because they were served "a few weeks" after filing your counterclaims on June 29, purportedly "in accordance with the Scheduling Order." In reality, Defendants did not serve the Requests for *six weeks* after filing the counterclaims. Moreover, although Defendants were free to answer the complaint at any time (and thus file their counterclaims) after moving to dismiss, they chose to wait nearly nine months until their motions to dismiss were denied, all the while predicating their discovery requests on relevance to the unfiled counterclaims. *See, e.g.*, May 16, 2018 Letter from B. Ross, at 8 ("This issue is also directly relevant to Reynolds' forthcoming counterclaims."); July 12, 2018 Letter from M. Provance, at 3 ("Such communications are plainly relevant to the defenses ***and counterclaims*** in the Authenticom case."). Therefore, Defendants themselves predicated their meet and confer negotiations with Authenticom based on the fact that their existing RFPs covered their counterclaims. And Authenticom negotiated with Defendants in good faith based on that premise articulated by Defendants both in writing and orally during numerous telephonic meet and confers. Defendants then, as stated above, waited an additional six weeks *after* filing their counterclaims before serving their Requests. Despite your contention that this was "in accordance with the Scheduling Order," nothing in the operative Case Management Order, ECF No. 166, permits or contemplates such timing.

---

[1] We note that though Defendants have persistently referred to them as Requests for Production "relating to counterclaims against Authenticom", the certificate of service attached to the requests accurately labels them the Fourth Set of Requests for Production.

Even more critically, the Requests are untimely because the timing of their service was plainly calculated to harass and abuse Authenticom, coming a full week *after* the parties had reached final agreement on search terms and custodians, and despite Defendants' repeated reliance on their counterclaims for insisting on the scope of the final agreed custodians and search terms. Defendants had over a month to serve these untimely RFPs while the parties were still negotiating search terms and custodians, but instead Defendants laid in wait and served them after it was all complete. We refuse to give any credence or legitimacy to this conduct, especially where Defendants' mantra from the start has been the necessity of negotiating search terms and custodians only once because of the burden in doing so piecemeal. Finally, Defendants' Fourth Set of RFPs are largely duplicative of Defendants' prior multiple sets of RFPs, making Defendants' efforts to harass Authenticom and abuse the discovery process all the more troubling.

\* \* \* \* \*

Even though Authenticom is inclined to stand on its objections – especially given the expansive discovery it has already agreed to, and Defendants' abuse of the discovery process with respect to these Requests – in the interest compromise and avoiding motion practice, Authenticom is willing to agree to the following on the condition that this resolves the parties' disputes. To be clear, these compromise positions are conditioned on reaching a compromise on all of the outstanding requests.

**Noncustodial Documents.** While we disagree with your characterization of our position on the call, in the interest of compromise, Authenticom is willing to agree to the following: Authenticom is willing to undertake a targeted search of non-custodial files likely to have responsive documents for the Requests. Authenticom is also willing to search and produce responsive documents from the Slack channels specifically identified in Defendants' RFPs.

**Custodial Discovery.** As we made clear during the call, Authenticom has already agreed to produce documents located using existing custodians and search terms. In the interest of compromise, we are also willing to search CDKDataMovement@authenticom.com and RRDataMovement@authenticom.com.

**RFP 35**. In the interest of compromise, Authenticom will agree – as with the other RFPs in this Fourth Set – to produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this Request to the extent they exist and can be identified and located within the already agreed sources and custodians and using the already agreed search terms.

Please let us know if these compromise positions resolve the parties' disputes.

                                            Very truly yours,

                                            *s/ Michael N. Nemelka*

                                            Michael N. Nemelka