**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 1:18-CV-00864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *ALL CASES* | |

**DEFENDANTS' NOTICE REGARDING DECEMBER 13 STATUS
CONFERENCE AND REQUEST TO CLARIFY CASE MANAGEMENT ORDER**

At the hearing on December 6, 2018, the Court indicated that it would schedule a status conference for Thursday, December 13, 2018. Counsel for Defendants The Reynolds and Reynolds Company ("Reynolds"), CDK Global, LLC ("CDK") and Computerized Vehicle Registration ("CVR") stated that they would submit, in writing, possible issues for discussion at that status hearing; the instant filing is that submission. As noted below, Defendants respectfully request that the Court clarify certain dates and deadlines contained in the Court's May 7, 2018 Case Management Order (Dkt. 166) and address certain other ongoing issues as identified below.

**Item #1. Deadline for Written Discovery.**

    1.    **The deadline to serve written discovery was May 25, 2018.**

On May 7, 2018, Judge Amy J. St. Eve entered a Case Management Order ("CMO") (Dkt. 166), which established May 25, 2018 as the "[d]eadline to serve any additional, non-duplicative, coordinated discovery requests, search terms, and custodians." Dkt. 166, p. 2, § 6.[1] The CMO also

---

[1] The sole exception to the May 25 deadline pertains to discovery on Defendants' counterclaims, as Defendants clarified with the Court prior to entry of the CMO. 3/12/18 Hrg. Tr. 63:16-23. Defendants filed their answers and counterclaims against Plaintiff Authenticom, Inc. on June 29, 2018. Dkt. 225, 229. Defendants served Authenticom with one combined set of document requests on August 13, 2018. As of the date of this submission, motions to dismiss the complaints filed by Plaintiffs Loop, LLC d/b/a/ AutoLoop ("AutoLoop"), Cox Automotive, Inc. ("Cox"), and the putative dealership class remain pending; therefore, neither answers nor any counterclaims have yet been filed against those Plaintiffs.

1

established a June 22, 2018 deadline for responding to such requests, and an August 6, 2018 deadline for filing motions to compel. *Id.* Oral discovery would subsequently "commence" on October 15, 2018. *Id.* at § 9. The only subsequent modification to that schedule is this Court's extension of the fact discovery cut-off to April 15, 2019, in order to accommodate the 90 depositions allotted to the parties (of which only 15 have collectively been completed). *See* 11/5/18 Minute Entry (Dkt. 410).

By its plain terms, the May 25 deadline in the CMO applied to all non-deposition "discovery requests," including document requests, interrogatories, and requests for admission, as well as requests for document custodians. The CMO thereby established a phased discovery schedule, starting with document requests, interrogatories and requests for admission, moving to depositions, and then on to expert discovery.

## 2. Plaintiffs' late-served discovery

In recent weeks, Plaintiffs have served a number of additional discovery requests that post-date the CMO's May 25, 2018 deadline for "coordinated" non-deposition fact discovery:

- On October 12, 2018, over four months after the May 25 deadline, Plaintiffs served a set of thirteen document requests on CDK. These requests are the subject of a pending motion for protective order. *See* Dkt. 446.

- On November 21, 2018, nearly six months after the May 25 deadline, Plaintiff Motor Vehicle Software Corporation ("MVSC") served nine interrogatories on Reynolds (Ex. A), ten interrogatories on CDK (Ex. B), and twelve interrogatories on CVR (Ex. C).[2]

- On November 27, 2018, less than one week later, MVSC served an additional four interrogatories on Reynolds. Ex. D.

---

[2] Defendants recognize that the Court has ruled that discovery as to Defendant CVR may proceed although CVR was not served with any discovery requests until August 30, 2018, several months after the May 25, 2018 deadline under the CMO. However, given the late date that discovery was initiated as to CVR and in the spirit of § 6 of the CMO, Defendants believe that any interrogatories directed to CVR should have been served with the initial round of discovery requests that CVR received in August.

- The same day, November 27, Plaintiff Cox Automotive, Inc. ("Cox") served five interrogatories on CDK (Ex. E); Plaintiff Loop, LLC d/b/a/ AutoLoop ("AutoLoop") served nine interrogatories on CDK (Ex. F); Plaintiff Authenticom, Inc. ("Authenticom") served five interrogatories on CDK (Ex. G) and eleven interrogatories on Reynolds (Ex. H).

- On November 30, more than six months after the May 25 deadline to propose document custodians, and seven weeks after the October 12 deadline for substantial completion of document production, Plaintiffs requested that CDK add Kevin Witt as a document custodian. *See* 11/30/18 Letter from J. Hafenbrack to B. Miller (Ex. I).

All of this discovery covers topics that should have (and could have) been included in Plaintiffs' pre-May 25 discovery requests[3] and/or include requests that Defendants believe are inconsistent with the Court's recent rulings on the parties' motions to compel. *Compare* 11/19/18 Order at 3 (Dkt. 441) (denying Plaintiffs' motion to compel responses to an interrogatory asking Defendants to catalog every communication between them concerning hostile integration and third-party integrators because the request was "overbroad and imposes an unreasonable burden," and explaining that depositions "may be the more appropriate venue in which to conduct this kind of discovery"), *with* Exs. A, B, C (MVSC Int. 9 to Reynolds and CDK and Int. 12 to CVR) (asking Defendants to "identify all communications between CDK and Reynolds regarding MVSC's access to dealer data."); *Compare* 11/19/18 Order at 1 & 5 (Dkt. 441) (denying discovery as to telephone records and OEM pricing) *with* Exs. G & H (Authenticom Ints. 18 and 19 to Reynolds and 15 & 16 to CDK regarding OEM purchases); Ex. D (MVSC interrogatory no. 10 to Reynolds requesting information regarding phone numbers and carriers for Reynolds document custodians); Ex. E (Cox Int. 4 to CDK requesting information regarding phone numbers and carriers for CDK document custodians).

---

[3] *See, e.g.,* Ex. A (MVSC interrogatories to Reynolds asking about RCI participants, terms, pricing, integration details); Ex. F (AutoLoop interrogatories to CDK asking about CDK's applications and associated prices, revenues, costs and integration details); Ex. E (Cox interrogatories to CDK asking about data access provided to applications).

The meet-and-confer correspondence between the parties, much of which has already been presented to the Court in connection with the parties' Omnibus motions to compel (filed on August 6, 2018, in compliance with the CMO), reflects an understanding by both sides that the CMO contemplated an orderly procedure to both serve and resolve any disputes over written discovery in advance of substantial completion of the parties' document productions and in advance of commencement of oral discovery.

In their most recent filing—its opposition to CDK's motion for protective order—Plaintiffs note that "[t]he parties are negotiating the submission of written deposition questions" as a possible method of addressing questions about data produced by other parties. Dkt. 459 at 9. But they fail to note that it was Defendants who, on November 16, proposed depositions by written question as a possible path for the parties to obtain answers to data questions, specifically because the deadline to serve interrogatories or move to compel interrogatory responses had passed. *See* Ex. J (11/16/18 letter from Defendants again explaining that CMO deadlines had passed and suggesting deposition on written questions relating to data issues instead). To date, Plaintiffs have never responded to Defendants' proposal. Indeed, Defendants only learned that the parties are "negotiating" on this issue upon reading Plaintiffs' brief.

At bottom, the CMO does not permit parties to ignore deadlines and issue new written discovery or seek additional documents every time they learn something new at a deposition or through review of already-produced documents. This type of iterative discovery would require a significantly longer discovery period than what is allowed under the current schedule. As a practical matter, the parties cannot simultaneously respond to new interrogatories, and collect, review and produce additional documents, which would most likely require the negotiation and

application of new or additional search terms, all while taking and defending a total of 90 depositions by April 15, 2019.

In the event that the CMO is interpreted to permit the parties to seek additional non-deposition discovery such as Plaintiffs' requests described above, Defendants request a discussion about an appropriate extension of the current fact discovery deadline and an establishment of a new written discovery cut-off so that the parties who have thus far abided by the May 25 deadline might have an opportunity to serve additional RFPs and interrogatories.

**Item #2. Case Schedule.**

As noted above, Plaintiffs continue to serve written discovery well past the court ordered deadline. Deposition scheduling not only has proven difficult, but Plaintiffs' refusal to produce clearly responsive documents has put Defendants at a distinct disadvantage in witness selection. Were that not enough, important issues that will directly impact both fact and expert discovery remain open pending resolution on motions to dismiss and the doomsday scenario posited by Plaintiff Authenticom that is the genesis of the current accelerated schedule remains suspect and subject to open discovery requests. As a result, Defendants believe that the current case schedule cannot hold.

      **1.**      **Deposition Scheduling has proven difficult.**

Consistent with the Deposition Protocol Order (Dkt. 422), Defendants have endeavored to provide Plaintiffs with dates and locations for depositions on request. To date, Defendants have facilitated 9 of the allotted 30 Defendant depositions. Despite Defendants requesting dates for Plaintiffs depositions on a similar schedule, they have been able so far to depose only 6 Plaintiff witnesses. Reasons for Plaintiffs refusal to put forward its witnesses as requested are wide-ranging but include Plaintiffs' refusal to provide dates within 14 days of the requested date (Ex. K (12/4/18

E-Mail from A. Gulley), refusal to confirm whether they represent witnesses on within a reasonable time frame (Ex. L, 12/6/18 E-mail from M. Nemelka), and offering dates on a take-it-or-leave it basis (Ex. M, 11/16/18 E-mail from M. Nemelka and B. Miller response).

**2.      Defendants await responses to discovery.**

Per the Deposition Protocol, by default, "a witness may be deposed only once," Dkt. 422, II.B, a limitation that Defendants support.  Defendants, however, are only now learning (following a few recent depositions of Plaintiffs' witnesses) about the serious deficiencies in a number of Plaintiffs' productions. And whereas these issues have already generated 23 pages of letters back and forth between the parties (making clear that there will be additional motion practice before the Court), this creates the untenable situation in which Defendants must continue to proceed with depositions in the absence of documents in order to comply with the current schedule but are nonetheless precluded from deposing a witness for a second time once those documents have been produced.   Further, without responsive information from Plaintiffs, Defendants at are a disadvantage in even identifying the core witnesses with relevant knowledge for deposition.

**3.      Authenticom's financial condition**

Throughout this litigation, Authenticom has suggested that it required an expedited schedule to accommodate its imminent business failure, yet has requested discovery rendering the current schedule impossible. This Court recognized as much at the October 5, 2018, hearing on the parties' proposals for a deposition protocol, observing that Plaintiffs were was playing a "game of chicken" by seeking to take a number of depositions that was unreasonable in light of the time available and the nature of this case. 10/5/18 Tr. (Dkt. 413) at 27. And although Authenticom continues to press its imminent collapse in opposing any change to the schedule (*see id.* at 29-31**;** 10/9/18 Tr. at 12-15), the evidence that Authenticom relied on most recently at the October 9,

2018, hearing to argue against any further extension of the discovery schedule was the *same* evidence it presented to Judge St. Eve more than five months earlier to argue (unsuccessfully) for an April 2019 trial date. *See* Dkt. 151 at 10-11. And despite repeated requests, Authenticom has refused outright to update its outdated financial condition information absent an incongruous promise from Defendants. Ex. N (12/7/18 Letter from M. Nemelka).

    **4.**     **Motions to Dismiss that bear directly on discovery remain pending.**

CDK's motions to dismiss the AutoLoop (class), Dealership (class) and Cox complaints are still undecided. Further, all of CDK's and one of Reynolds's counterclaims against Authenticom are subject to motions to dismiss. Rulings on these motions will directly impact the scope of discovery—particularly expert discovery that is set to begin in March (prior to the end of fact discovery). And although Defendants are confident that the Court is moving with all due speed to resolve these complex motions, they nonetheless remain undecided, leaving the parties, and this Court, with a number of unanswered questions.

CONCLUSION

In light of the foregoing, Defendants respectfully request an order clarifying that the deadline for documentary discovery from parties has passed and any non-counterclaim-related written discovery served after that date is void. Further, in light of the volume and complexity of the outstanding discovery issues (both documentary and testimonial), as well as uncertainty caused by the outstanding motions to dismiss, Defendants believe that the current schedule is unworkable.

Defendants look forward to discussing these, and any other issues the Court may wish the parties to address, at the status hearing scheduled for Thursday, December 13, 2018.

Dated: December 11, 2018

Respectfully submitted,

*/s/ Aundrea K. Gulley*
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

Dylan I. Ballard
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
dballard@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

*/s/ Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC and Computerized*
*Vehicle Registration*

## CERTIFICATE OF SERVICE

I, Leo D. Caseria, an attorney, hereby certify that on December 11, 2018, I caused true and correct copies of the foregoing **DEFENDANTS' NOTICE REGARDING DECEMBER 13 STATUS CONFERENCE AND REQUEST TO CLARIFY CASE MANAGEMENT ORDER** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

> */s/ Leo D. Caseria*
> LEO D. CASERIA
> SHEPPARD MULLIN RICHTER
> & HAMPTON, LLP
> 333 S. Hope St., 43rd Floor
> Los Angeles, CA 90071
> (213) 617-4206
> lcaseria@sheppardmullin.com