IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DEALERSHIP CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' NOTICE REGARDING DECEMBER 13
STATUS CONFERENCE AND RESPONSE TO DEFENDANTS' NOTICE**

Dealership Class Plaintiffs submit this response to Defendants' Notice (ECF No. 466), and respectfully submit additional requests as identified below.

1. **Deadline for Written Discovery**

On May 7, 2018, Judge St. Eve entered the Case Management Order ("CMO"), which, *inter alia*, provides a deadline of May 25, 2018 to serve "any additional, non-duplicative, coordinated discovery requests, search terms and custodians." ECF No. 166 at 2, § B.6. Defendants seek to have the Court interpret this provision in the CMO as including, among other things, interrogatories, requests for admission and requests for document custodians. *See* ECF No. 466 at 2. This interpretation should be rejected, however, as it defies logic and is completely impractical given the timing of the litigation and the numerous parties participating in the litigation – including the fact that Dealership Interim Lead Class Counsel was *not even appointed* until April 16, 2018 (ECF No. 123), and Dealership Class Plaintiffs did not even have documents from the *Authenticom* case until as late as May 18. *See* ECF No. 166 at 1-2, § B.1-4.

Although other Individual Plaintiffs filed complaints as early as February 3, 2017 (*MVSC* Complaint), and May 1, 2017 (*Authenticom* Complaint),[1] Dealership Class Plaintiffs

---

[1] In July 2017, following a multi-day hearing held in June 2017, Authenticom obtained preliminary injunctions from the Wisconsin court, which rulings were overturned by the Seventh Circuit on

did not file their first complaint until October 19, 2017, wherein numerous additional dealership complaints were filed, and the Defendants requested JPML intervention for consolidation and transfer. On February 1, 2018, the JPML consolidated the dealership complaints and transferred them along with the *Authenticom* and *MVSC* cases to Judge St. Eve to preside over the entire MDL proceeding. *See* ECF No. 1. By Order dated April 16, 2018, Judge St. Eve appointed two co-lead counsels to the MDL: (i) Derek Ho, as "Authenticom Interim Lead Counsel," and (ii) Peggy Wedgworth, as "Dealership Interim Lead Class Counsel." ECF No. 123 at 1. The Dealership Class Plaintiffs did not receive any documents or data prior to April 16, 2018 (*see* ECF No. 166 at 1-2, § B.1-4) and could not have begun any serious review of that production until May 2018. Therefore, it is untenable under any construction of the CMO that all document requests, interrogatories, and requests for admission, as well as requests for document custodians, could have been *completed* by May 25, 2018. Defendants admit as much wherein they state that if the "CMO is interpreted to permit the parties to seek additional non-deposition discovery," Defendants request a discussion about appropriate deadlines. ECF No. 466 at 5.

Dealership Class Plaintiffs served document requests on May 25, 2018, and have been reviewing the documents and data which were "substantially produced" on October 12, 2018, as well as thereafter, negotiating additional productions through numerous meet and confers, filing motions to compel, and participating in the taking and (soon to be) defending of what will be ninety depositions in total. Dealership Class Plaintiffs continue to pursue new avenues of discovery that have recently arisen in the litigation, including third party subpoenas. Dealership Class Plaintiffs anticipate serving requests to admit as well as interrogatories once discovery is more fully developed, at which point such requests and interrogatories will be most constructive and efficient for this MDL. Not unlike other complex litigations,

---

November 6, 2017.

Dealership Class Plaintiffs (along with the Individual Plaintiffs) are pursuing additional custodians and documents as new information is discovered.[2]

Interpreting the May 25, 2018 deadline to extend to interrogatories and requests for admission would substantially undermine the purpose of those discovery devices. Interrogatories "represent an inexpensive means of securing useful information." Fed. R. Civ. P. 33, advisory committee's note to 1946 amendment. Indeed, interrogatories "are important elements of discovery; a [party] would be hard-pressed to conduct its case without them" *Pruitt v. Bank of Am., N.A.*, No. 8:15-cv-01310, 2016 WL 7033972, at *2 (D. Md. Dec. 2, 2016). The advisory committee's note to Rule 33 acknowledges the utility of serving interrogatories later in the discovery schedule. *See* Fed. R. Civ. P. 33, advisory committee's note to 1946 amendment ("It may be quite desirable or necessary to elicit additional information by the inexpensive method of interrogatories where a deposition has already been taken"); advisory committee's note to 1970 amendment ("[I]nterrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed …"). Requests for admissions serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, advisory committee's note to 1970 amendment. Moreover, courts have recognized that requests for admission are not a general discovery device, and therefore, are not subject to cutoff dates for general discovery devices. *See O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (citing Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n.

---

[2] In addition, Dealership Class Plaintiffs' Consolidated Class Action Complaint ("CCAC") was filed on June 4, 2018, Defendants' motion to dismiss the CCAC was filed on July 18, 2018, and the fully briefed motion is currently under submission with this Court. At this time, the Dealership Plaintiffs do not have the guidance of an opinion regarding the motion to dismiss, any answer to the CCAC, and any potential counterclaims. All these key events provide valid, additional reasons for Dealership Class Plaintiffs to pursue additional written discovery as is done in the normal course of litigation. Accordingly, any additional written discovery should not be limited to only "counterclaim-related written discovery" as Defendants argue.

23 (1970)); *cf. Phillips Petroleum Co. v. Northern Petrochemical Co.*, No. 84 C 2028, 1986 WL 11004, at *1 (N.D. Ill. Sept. 29, 1986) ("[A] request to admit 'is not a discovery procedure at all, since it presupposes that the party [propounding] it knows the facts or has the document and merely wishes his opponent to concede their genuineness …'") (citing Wright & Miller).

Dealership Class Plaintiffs agree with Defendants that a discussion should occur for deadlines regarding additional RFPs, requests to admit, interrogatories and requests for document custodians. In addition, any discussion of modifying the current case schedule should include a potential extension of the expert report deadlines until after the end of fact discovery.

### 2. The Deposition Scheduling Is Working Efficiently

Depositions have been scheduled and have taken place with minimal disagreements. Defendants complain that some witnesses have not been confirmed quickly enough, and that deposition dates have been proposed that varied from the original proposals. However, these minor concerns are typical of any complex litigation, and have been overcome smoothly.

There have been no delays in the scheduling of depositions of Dealership Class Plaintiffs, and Defendants' Notice does not identify any such delays. Dealership Class Plaintiffs currently await the Rule 30(b)(6) topics which Defendants will propose for one dealership, and upon receipt of those topics, Dealership Class Plaintiffs will confirm a date convenient to the dealership's designated representative(s).

Of the ninety depositions to be taken by April 15, 2019, fifteen have been taken (five plaintiff depositions, nine defendant depositions, and one third party deposition); another four depositions are scheduled before year's end, and eleven depositions have been proposed for January 2019 – four of these are confirmed. Accordingly, a total of thirty depositions have either been taken, are scheduled to be taken, or have been proposed.

In sum, based on the parties' experience to date, Dealership Class Plaintiffs submit that the current schedule for depositions is workable and scheduling has been proceeding efficiently.

### 3. Cox, MVSC, Authenticom and AutoLoop Subpoenas

Dealership Class Plaintiffs served subpoenas upon individual plaintiffs Cox, MVSC, Authenticom, and AutoLoop on November 5, 2018.[3] Individual Plaintiffs produced no documents in response to the subpoenas, and responded to all Cox, AutoLoop, and Authenticom subpoena requests that documents had already been produced in response to Defendants' document requests. MVSC's responses stated either that documents were already produced or that it had no responsive documents. Dealership Class Plaintiffs have retained an expert who will provide economic analysis as to the overcharge of integration fees charged by Defendants to the Individual Plaintiffs (among others) and passed on to the dealerships, and these subpoenas request data and documents for that analysis.

Dealership Class Plaintiffs are currently meeting and conferring with the Individual Plaintiffs' counsel in order for production of the missing data and documents to begin. Dealership Class Plaintiffs are concerned that without a swift production by Individual Plaintiffs, additional time will be needed for Dealership Class Plaintiffs' expert to analyze and incorporate the data and documents into his analysis regarding the pass-through of Defendants' integration fee overcharges from the Individual Defendants to the dealerships.

At this time, Dealership Class Plaintiffs do not seek an additional extension to the schedule other than the extension of the expert report deadline. However, should the Individual Plaintiffs fail to produce the responsive documents and data by the end of December, Dealership Class Plaintiffs will revisit this issue as motions to compel may be

---

[3] Although Individual Plaintiffs stated that they would produce the relevant data and documents without Dealership Class Plaintiffs' subpoenaing the information, after several months passed, and with no production date in sight, Dealership Class Plaintiffs served subpoenas on Individual Plaintiffs.

needed which will necessarily require more time for production, review and analysis of the relevant data and documents, as described above.

## CONCLUSION

In light of the foregoing, Dealership Class Plaintiffs respectfully request an order clarifying that written discovery from Dealership Class Plaintiffs (including non-counterclaim-related discovery) can proceed through the close of discovery, currently set at April 15, 2019. Dealership Class Plaintiffs look forward to addressing these issues, and any other issues that the Court may raise, at the status hearing scheduled for December 13, 2018.

Dated: December 12, 2018

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
***Dealership Interim Lead Class Counsel***
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

**CERTIFICATE OF SERVICE**

    I, Peggy J. Wedgworth, an attorney, hereby certify that on December 12, 2018, I caused a true and correct copy of the foregoing DEALERSHIP CLASS PLAINTIFFS' NOTICE REGARDING DECEMBER 13 STATUS CONFERENCE AND RESPONSE TO DEFENDANTS' NOTICE to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          */s/ Peggy J. Wedgworth*
                                          Peggy J. Wedgworth
                                          **MILBERG TADLER PHILLIPS GROSSMAN LLP**
                                          One Pennsylvania Plaza, 19th Floor New York, NY 10119
                                          (212) 594-5300
                                          pwedgworth@milberg.com