**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2817<br>Case No. 18 C 864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert<br><br>**PUBLIC-REDACTED** |

**MDL PLAINITFFS' OPPOSITION TO
DEFENDANT REYNOLDS'S MOTION FOR PARTIAL RECONSIDERATION OF
[DKT. 441] ORDER ON MDL PLAINTIFFS' OMNIBUS MOTION TO COMPEL**

**INTRODUCTION**

This Court properly ordered Reynolds to produce documents related to its security tools, processes, and training ("Security Documents"). These documents (which CDK voluntarily agreed to produce) are relevant to a "central" issue in this case – "whether Reynolds's professed security concerns were legitimate" – because the existence of poor security tools, processes, and training tends to show that Reynolds's blocking of independent integrators was motivated by non-security considerations. *In re DMS Antitrust Litig.*, 2018 WL 6047082, at *5 (N.D. Ill. Nov. 19, 2018). In fact, the evidence has shown that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Plaintiffs are entitled to further demonstrate that, far from being legitimate, Reynolds's professed security concerns were largely pretext.

Reynolds moves for reconsideration on the ground that this Court may have mistakenly believed that Reynolds's stance toward independent integrators changed in 2015. Its motion is both legally and factually meritless. Indeed, the entire premise is faulty ████████████ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Its motion fails to meet the heavy burden for reconsideration for additional reasons as well. *First*, Reynolds forfeited the argument that is the sole basis for its motion. During the briefing on the motions to compel, Reynolds never argued that the Security Documents were irrelevant because Reynolds (supposedly) blocked independent integrators before 2015. It is hornbook law that reconsideration is not available to raise new arguments after prior arguments are found wanting. *Second*, whether Reynolds began blocking independent integrators earlier than 2015 is irrelevant to this Court's decision. The Court

reasoned that Plaintiffs are entitled to the Security Documents to test the legitimacy of Reynolds's purported security rationale, ████████████████████████████████████████████████████████████████████████████████████████████████

## STANDARD

"[T]he party moving for reconsideration bears a heavy burden." *SEC v. Nutmeg Grp., LLC*, 2016 WL 3023291, at *1 (N.D. Ill. May 24, 2016). Such motions "may be granted where the court made a manifest error of fact or law, the court misunderstood a party's argument, the law or facts significantly changed after the court's initial ruling, or the initial ruling reached an issue not properly before the court." *Id.* But those problems "rarely arise." *Id.* And "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2010 WL 1325732, at *2 (N.D. Ill. Mar. 30, 2010) (Dow, J.) (motion for reconsideration denied), *aff'd*, 683 F.3d 1356 (Fed. Cir. 2012).

## ARGUMENT

### I. Reynolds's Argument Rests On A Faulty Premise That It Consistently Blocked Independent Integrators For The Last Decade

Reynolds's entire argument is premised on the assertion that Reynolds had a "closed" system prior to its market division and group boycott agreements with CDK in 2015, and that Reynolds's blocking of independent integrators has remained consistent for the last decade. Plaintiffs vigorously dispute that assertion. In their complaints, Plaintiffs alleged that Reynolds's blocking efforts became "more vigorous" and "increased" in 2013. *E.g.*, Dealer Class Compl., Dkt. 198, ¶ 7 (June 4, 2018); AutoLoop Am. Compl., Dkt. 194, ¶ 86 (June 5, 2018). As Judge Peterson found at the preliminary injunction hearing, "Reynolds already allows many exceptions

2

to its 'no hostile integration' policy. There was ample evidence that Reynolds allowed (and even continues to allow to this day) third parties to use dealer credentials when it suited Reynolds." *Authenticom, Inc. v. CDK Global, LLC*, 2017 WL 3017048, at *9 (W.D. Wis. July 14, 2017). █

█

█

█

█

█

█

█

█

█

█

█

█

█





## II. Reynolds Forfeited Its Current Argument

Even if Reynolds's entire argument were not inconsistent with the record – and it is – that argument was forfeited when Reynolds failed to advance it during the parties' briefing of their dueling motions to compel on this issue. In moving to compel production of the Security Documents, Plaintiffs explained that Reynolds's decision to inject its security rationale into this litigation had made these documents relevant. Plaintiffs argued that they wanted to test the legitimacy of Reynolds's security rationale by examining the Security Documents to determine whether Reynolds's internal actions matched its purported justification. In response, Reynolds argued that Plaintiffs only need to know "*why* Reynolds thought security was important and *whether* legitimate security concerns supported Reynolds's conduct," not "*how*" Reynolds actually implemented its security. Defs.' Opp'n to MDL Pls.' Omnibus Mot. to Compel, Dkt. 354, at 22-24. Reynolds did not argue then – as it does now (at 2-3) – that the Security Documents were irrelevant because Reynolds's "security stance" has been the same for "the last decade" and that its policies did not change after entering into a conspiracy with CDK. Because Reynolds failed to advance its current argument in briefing the motion to dismiss, it is therefore forfeited. As this

5

Court explained in *Nutmeg Grp.*, 2016 WL 3023291, at *1 "[m]otions to reconsider cannot be used to present . . . theories that the moving party could have presented earlier."

### III.   The Court's Opinion Did Not Turn On When Reynolds Changed Its Security Stance

This Court held that Plaintiffs were entitled to discovery into "*how* Reynolds's security tools and processes work" to determine "whether Reynolds's professed security concerns were legitimate." *In re DMS Antitrust Litig.*, 2018 WL 6047082, at *5. This ruling reflects the adage "actions speak louder than words." The actions Reynolds took with respect to security – its tools, processes, and training – are probative of whether its blocking of independent integrators was motivated by factors other than its publicly stated security rationale. *See id.* (rejecting Reynolds's argument that "Plaintiffs' discovery in this area should be limited to why Reynolds says it thought security was important"). ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In seeking reconsideration, Reynolds focuses on this italicized phrase in the Court's opinion: "[T]he [Security Documents] . . . appear to be relevant to an evaluation of Reynolds's security rationale *for the change in the way it did business implemented in 2015*." *Id.* That phrase was immaterial because none of this Court's reasoning depended on *when* Reynolds began blocking independent integrators. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, Reynolds's actions with respect to security throughout that period would still be probative of Reynolds's motivations to block – and to continue to block – independent integrators. Thus, even if the phrase highlighted by Reynolds was based on a mistaken understanding of the facts, that could not justify reconsideration. *See*

6

*Irwin v. Wisconsin*, 998 F.2d 1016, at *4 (7th Cir. 1993) (Table) (affirming denial of a motion to reconsider relying on "immaterial" facts that "would not change the outcome").

## CONCLUSION

Reynolds's motion for reconsideration should be denied.

Dated:  December 12, 2018                                   Respectfully submitted,

*/s/ Peggy J. Wedgworth*                                    */s/ Derek T. Ho*
Peggy J. Wedgworth                                          Derek T. Ho
**MILBERG TADLER PHILLIPS**                                 **KELLOGG, HANSEN, TODD,**
**GROSSMAN LLP**                                            **FIGEL & FREDERICK, P.L.L.C.**
One Pennsylvania Plaza, 19th Floor                          1615 M Street, NW, Suite 400
New York, NY 10119                                          Washington, D.C. 20036
(212) 594-5300                                              (202) 326-7900
pwedgworth@milberg.com                                      dho@kellogghansen.com

*MDL Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

      I, Derek T. Ho, an attorney, hereby certify that on December 12, 2018, I caused a true and correct copy of the foregoing **MDL PLAINITFFS' OPPOSITION TO DEFENDANT REYNOLDS'S MOTION FOR PARTIAL RECONSIDERATION OF [DKT. 441] ORDER ON MDL PLAINTIFFS' OMNIBUS MOTION TO COMPEL** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      */s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

8