# Exhibit C

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

December 7, 2018

*Via Electronic Mail*

Ross M. MacDonald.
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, TX 77002

      Re:    *In re: Dealer Management Systems Antitrust Litigation*, MDL No. 2817

Dear Ross:

      Thanks for your letter of November 21, to which I write in response.

      We agree that the parties should continue to confer in a respectful and professional manner. Part of that means honoring prior commitments. As described in my November 16th letter, that is something Defendants appear not to be doing. We do not think that is appropriate, especially where Authenticom relied on those prior commitments to undertake burdensome work.

      That said, let's see if we can work through the issues.

**I.**    **Updated Financial Discovery**

      The current case schedule is based on a proposal that Defendants argued to the Court should be adopted. When you made that proposal to the Court, you were aware of all the facts that you say "are not materially different" today. Defendants therefore have no basis to argue that there should be a different schedule, especially after the Court's two-month extension to the fact discovery deadline. All the parties need to discuss, per the Court's instruction, is how to make up some of those two months at the back-end of the schedule.

      You also mischaracterize our position. As I said in my letter, if Defendants want a refresh of Authenticom's financial documents kept in the ordinary course, then Authenticom will agree to provide it. But it will not undertake the burden of doing so multiple times. You state that Defendants want their refresh of Authenticom's financial documents before the parties discuss how to adjust the back-end of the case schedule. We will therefore provide Defendants with the updated financial documents promptly.

      With respect to a refresh of Defendants' full financial information, MDL Plaintiffs will let Defendants know when they would like Defendants to provide that information.

**II.  Username & Password Policy**

You are incorrect in your assumption, and as we wrote, Mr. Clements' testimony speaks for itself.

**III.  Slack Channels**

As we've confirmed, Authenticom undertook a good faith search to identify the Slack channels that could contain responsive information, and reviewed and produced documents from those channels. You state that there are some Slack communications that appear in email that were not produced in Slack channel form. One reason for that is likely that we did not undertake the burden of producing duplicative documents and information. But if there is unique information in the Slack channels, we will certainly investigate. So that we can, could you please identify the communications to which you alluded?

**IV.  PCM Log Information**

As I wrote, we believe that your request for PCM Logs is another instance of Defendants not honoring discovery commitments in this case, and ignoring the enormous burden that Authenticom undertook to create the DMS Access Log – even though it had no duty to create the document for Defendants. Authenticom only undertook that burden because it resolved the discovery dispute with Defendants. We have also repeatedly informed Defendants that Authenticom cannot retain the PCM Log Information because it is transitory data and would require a total system change that is beyond Authenticom's ability or means.

But again, in a further effort to address Defendants' demands, we have been investigating whether it is possible to create an example of a PCM Log, as Defendants request. We have been undertaking this effort, and if it is possible, we expect to produce it to Defendants.

**V.  Axciom**

Before we agree to produce documents outside of the agreed date range limitation, we would like to understand Defendants' claim of relevance regarding the 2012 Axciom security document. In addition to being outside the agreed upon date range, it is fundamentally irrelevant – it cannot justify any security policies that Defendants adopted as it is something Defendants never knew about. We fail to see the argument that a 2012 document has any bearing on what Defendants did starting in 2013 without knowledge of its existence. If Defendants can articulate a relevant basis for the production of the document, we are happy to consider it.

**VI.  Screenshots**

This week we produced replacement images for affected Authenticom, MVSC, Cox, and AutoLoop documents, and have therefore addressed this issue.

Very truly yours,

*s/ Michael N. Nemelka*

Michael N. Nemelka