# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2817<br>Case No. 18 C 864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

## DECLARATION OF PEGGY J. WEDGWORTH

I, Peggy J. Wedgworth, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner with the law firm of Milberg Tadler Phillips Grossman LLP, and I represent Dealership Class Plaintiffs ("Dealership Plaintiffs") in the above-captioned matter as Dealership Interim Lead Class Counsel and MDL Co-Lead Counsel. I was appointed Dealership Class Counsel pursuant to the Preliminary Approval Order for Settlement between the Dealership Class and Reynolds ("Settlement"), entered by the Court November 7, 2018 (ECF No. 432 ¶ 6).

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, I respectfully submit this Declaration in support of Dealership Class Plaintiffs' Motion for Final Approval of Settlement with Defendant The Reynolds and Reynolds Company ("Final Approval Motion") and in support of Dealership Class Plaintiffs' Motion for the Advancement of Litigation Expenses from the Settlement with Defendant The Reynolds and Reynolds Company ("Litigation Expenses Motion").

**Final Approval Motion**

3. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

4.      I respectfully submit this Declaration in Support of Dealership Class Plaintiffs' Final Approval Motion to finally approve a settlement reached with Defendant The Reynolds and Reynolds Company and its predecessors, successors, subsidiaries, joint ventures or affiliates (collectively "Reynolds") as fair, reasonable and adequate.

5.      Dealership Plaintiffs' Settlement with Reynolds satisfies the standard for the Court's approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, including the newly-amended Rule 23(e)(2)(A-D). The Settlement provides substantial monetary relief to members of the Dealership Class in the sum of $29,500,000 ("Settlement Amount" or "Settlement Fund") in cash. Additionally, Reynolds is paying up to $250,000 for provision of Settlement notice to the Class ("Notice Costs").

6.      In consideration, Dealership Plaintiffs, on behalf of themselves and the Dealership Class, have agreed to release claims against Reynolds as specified in the Settlement Agreement (ECF No. 427-2). This is a partial settlement; the Dealership Plaintiffs' claims against Defendant CDK Global, LLC ("CDK") remain pending.

**Preliminary Approval Background and Notice Plan Implementation**

7.      Dealership Plaintiffs filed their Motion for Preliminary Approval (ECF No. 427) on October 23, 2018. Following a hearing on November 6, 2018, the Court entered a Preliminary Approval Order on November 7, 2018 (ECF No. 432). In the Preliminary Approval Order, the Court found that the Settlement satisfied all the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*.

8.      The Court's Preliminary Approval Order, *inter alia*, certified the Settlement Class, appointed Dealership Interim Lead Class Counsel as Settlement Class Counsel, approved Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator for the Dealership Class

("Epiq"), and approved the proposed plan for providing notice of the proposed Settlement to the Dealership Class (ECF No. 432 ¶¶ 3-7).

9. On or about November 20, 2018, Reynolds paid the Settlement Amount into an interest-bearing escrow account.

10. On November 26, 2018, the Court entered a Minute Order (ECF No. 449) approving the replacement of publication notice in *WardsAuto* Dealer Newsletter with publication notice on *WardsAuto.com* (ECF No. 449). A Final Settlement Hearing is scheduled for January 22, 2019 (ECF No. 432 ¶ 20).

11. Since the Settlement was preliminarily approved, the Notice Program approved by the Court has been fully implemented, including dissemination of Mail Notice to over 15,000 known Dealership Class Members via first class mail, and additional notice exposures via publication notice and internet banner notices. The Settlement Administrator also established and maintains a settlement website, www.dealershipclassDMSsettlement.com ("Settlement Website"), and a toll-free telephone number, both dedicated to this Settlement.

12. The Declaration of Cameron Azari, Esq. Regarding Notice Administration ("Azari Decl.") is attached hereto as **Exhibit 1**, describing in detail the successful implementation of the Notice Program approved by the Court.

13. Although the deadline for Dealership Class Members to object to the Settlement, or exclude themselves from the Dealership Class, is January 2, 2019, at the time of this filing, no Class Member has objected to the Settlement, nor excluded itself from the Dealership Class. *See* Azari Decl., Exhibit 1 ¶ 26.

14. The lack of any objections to date is persuasive that the Settlement is deemed fair and reasonable by the Class Members because the Dealership Class is comprised of car

3

dealerships that are business entities that can analyze the Settlement and make their own determination of its merits.

### Factors Supporting Final Approval of the Settlement

15. The Settlement preliminarily approved by this Court is the result of arm's-length, intensive negotiations, undertaken in good faith, between competent and experienced attorneys, assisted by well-respected mediator, Kenneth S. Marks, Esq. In settling this Action, Dealership Class Counsel have taken into account the information obtained during discovery as to the many contested legal and factual issues; the substantial expense and length of time necessary to prosecute the litigation against Reynolds; the significant uncertainties in predicting the outcome at each stage of this complex litigation, as well the relative strengths and weaknesses of the parties' respective litigation positions in relation to the Settlement.

16. The case was settled with Reynolds (one of two defendants) approximately four months after the filing of Dealership Plaintiffs' Consolidated Class Action Complaint ("Consolidated Complaint") (ECF No. 184), and approximately twelve months after the first Dealership Class Complaint was filed in October 2017. Dealership Plaintiffs' Counsel performed a substantial amount of investigation early in the case, prior to filing the original complaint and subsequently the Consolidated Complaint, including reviewing thousands of documents and conducting additional extensive investigation of the claims and parties at issue, as evidenced by the 172-page Complaint with accompanying 61 exhibits (detailed in ECF No. 427-1; *see also* ECF No. 96 at 5-9).

17. Counsel for Dealership Plaintiffs and Reynolds were well-informed of the factual and legal issues of the case when negotiating the Settlement. While there was, and continues to be, more discovery in this litigation, the completed discovery framed the issues sufficiently for

the settling parties to fully understand their positions. Dealership Plaintiffs had filed an extensive and detailed Consolidated Complaint; reviewed thousands of pages reproduced in this litigation by Reynolds, CDK, Plaintiff Authenticom, Inc., and third parties; propounded and responded to written discovery requests; participated in numerous and lengthy meet and confers on numerous on discovery issues; as well as filed and responded to multiple discovery motions.

18. The parties entered into the Settlement before the Court ruled on Reynolds' Motion to Dismiss the Complaint (ECF No. 256). Dealership Plaintiffs evaluated the flaws and merits of Reynolds' arguments, including, *inter alia*, that the claims of Dealership Plaintiffs with Reynolds contracts are subject to arbitration by virtue of agreements between the Dealership Plaintiffs and Reynolds. *See* ECF No. 256 at 6-7. Dealership Plaintiffs dispute Reynolds' argument and contend that the claims in this Action are beyond the scope of any arbitration agreement. *See* ECF No. 358 at 9. The Settlement moots Reynolds' efforts to require arbitration by Reynolds Dealers entirely and quells the possibility of costly and inefficient arbitration proceedings with Reynolds.

19. Absent this Settlement, continued litigation of this Action against Reynolds would be complex and lengthy, requiring the investment of considerable resources by both parties and the Court. Liability and damages in this case are heavily contested and both sides would face considerable risks should the litigation proceed. Although Dealership Plaintiffs believe they would ultimately prevail on the merits at trial, success is far from assured.

20. Without approval of this Settlement, Dealership Plaintiffs will proceed toward trial with Reynolds. As trial approaches, a pre-trial order needs to be prepared, jury instructions need to be agreed upon, and *motions in limine* need to be drafted, submitted, and argued in front of the Court.

**Dealership Class Counsel and Dealership Class Representation**

21. Dealership Class Counsel are of the opinion the Settlement is fair, reasonable and an adequate recovery for the Class. Dealership Class Counsel have substantial experience and extensive knowledge of the relevant antitrust, dealership, and class action law and have developed expertise in applying that knowledge effectively and efficiently to prosecute complex class actions. *See* ECF No. 90 at 7-9, 19-21; ECF No. 96 at 5-20.

22. Dealership Class Representatives have each committed substantial time to and been active participants in this litigation: meeting with counsel, searching for and producing documents, and responding to interrogatories in response to discovery requests, as well as being willing to testify in upcoming depositions. Dealership Class Representatives' interests are aligned with, and are not antagonistic to, the interests of the Dealership Class. Dealership Class Representatives have a sufficient interest in the outcome of the case and share an overriding interest in obtaining the largest possible recovery with all Class Members.

23. The Settlement does not grant preferential treatment to the Dealership Class Representatives or to any segment of the Class. When distribution to Dealership Class Members is made, subject to an allocation plan approved by the Court and upon further notice to the Class, the plan of allocation will ensure that all Class Members will be treated equitably in relation to their claims, and that Class Counsel and the Settlement Administrator will work together to achieve that end.

24. Dealership Class Counsel are not seeking any attorneys' fees or service awards for the Dealership Class Representatives at this time. Any applications for litigation expenses above $3 million (or for attorneys' fees or for service awards to the Dealership Plaintiffs) will be made upon further notice to the Dealership Class in connection with the claims process. Any fee

6

request will not exceed one-third of the amounts ultimately recovered on behalf of the Dealership Class. Class Members have also been notified of this information in the Mail and Publication Notices.

**Litigation Expenses Motion**

25. Dealership Class Counsel are requesting approval of $3,000,000 to be used exclusively for litigation expenses, including expert fees, deposition costs and other expenses, incurred on behalf of Dealership Plaintiffs.

26. The advance of funds will be withdrawn from the Settlement Fund of $29,500,000 if the Court grants final approval to the Settlement between Dealership Plaintiffs and Reynolds.

27. Upon request of the Court, Dealership Class Counsel will provide an accounting to the Court, *in camera*, for all litigation expenses incurred and paid from the Settlement Fund, as frequently and with as much detail as the Court shall require to perform its oversight function.

28. Based on their experience litigating other antitrust and complex class actions, Dealership Class Counsel anticipate actual litigation expenses are likely to exceed $3,000,000 before the complete resolution of this case; however, they are limiting their request to $3,000,000 at this time.

29. Assuming the Court grants final approval to the Settlement with Reynolds, it will resolve Dealership Plaintiffs' claims as to Reynolds only. Notwithstanding the Settlement with Reynolds, as part of Dealership Plaintiffs' ongoing case against CDK, Dealership Plaintiffs' document discovery of Reynolds and CDK will continue, and depositions of Reynolds and CDK personnel will go forward. Dealership Class Counsel have obtained substantial discovery from Reynolds and CDK, as well as third parties, and have continued their factual investigation into the conspiracy alleged in the Complaint.

30. Thus far, Dealership Plaintiffs have relied exclusively on Dealership Class Counsel's ability to pay for the costs associated with this case. Dealership Plaintiffs have been litigating this class action using Dealership Class Counsel's resources since their first complaint was filed in October 2017. Counsel have worked on behalf of the Dealership Class strictly on a contingency-fee basis.

31. Dealership Class Counsel have undertaken substantial risks and made significant out-of-pocket expenditures in an effort to bring about a swift resolution to this case that will also adequately compensate Class Members for damages caused by Defendants' alleged unlawful conspiracy.

32. To adequately prosecute this case, Dealership Class Counsel have established a litigation fund. Dealership Class Counsel have used, and still use, this litigation fund to pay for some, though not all, expenses. Some expenses Class Counsel firms pay individually. The types of expenses paid from the litigation fund, to date, include document hosting services, mediator fees, and vendor copying services.

33. This is Dealership Class Counsel's first request in this case for advancement of litigation expenses, and the request is only for funds to cover specific categories of substantial expenses necessary to prosecute this case, such as expert fees and deposition costs.

34. Dealership Class Counsel is providing adequate notice to all parties and Dealership Class Members of this request for a litigation expense advancement. This Motion will be made publicly available both through the Court's ECF system, as well as posted on the Settlement Website. The noticed hearing date and time — January 22, 2019 at 10:00 a.m. — provides adequate time for any interested parties to learn of Dealership Class Counsel's request. And the noticed hearing is the same date and time as scheduled for the Settlement Hearing on the

8

Reynolds Settlement, which the Court set in its Order granting Preliminary Approval of the Settlement with Reynolds (ECF No. 432).

35. A proposed Final Approval Order was originally attached to the Settlement Agreement between the Dealership Class and Reynolds as Exhibit B (ECF No. 427-2), submitted to the Court on October 23, 2018. An updated proposed order will be filed with Dealership Plaintiffs' reply papers on or before January 15, 2019, after the deadlines for objecting and seeking exclusion have passed. A proposed form expense order will be also be filed at that time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 19th day of December 2018 at Birmingham, Alabama.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth