IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' MOTION FOR THE ADVANCEMENT OF LITIGATION EXPENSES FROM THE SETTLEMENT WITH DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. THE COURT MAY AWARD AN ADVANCE OF LITIGATION EXPENSES FROM PARTIAL SETTLEMENTS ................................................................................... 2

III. THE COURT SHOULD ADVANCE LITIGATION EXPENSES FROM THE PARTIAL SETTLEMENT TO ASSIST FURTHER THE DEALERSHIP CLASS'S PROSECUTION OF THE REMAINING CLAIMS AGAINST CDK ................................... 4

IV. THIS CASE REQUIRES REASONABLE AND NECESSARY LITIGATION EXPENDITURES ................................................................................................... 6

V. ALL PARTIES AND CLASS MEMBERS HAVE BEEN NOTIFIED OF THIS REQUEST FOR LITIGATION EXPENSES ............................................................. 9

VI. CONCLUSION .................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                           **Page(s)**

*In re Asbestos School Litig.*,
   No. 83-0268, 1988 WL 82853 (E.D. Pa. Aug. 5, 1988) ..................................................5

*In re Auto. Parts Antitrust Litig.*,
   No. 12-md-02311, 2016 U.S. Dist. LEXIS 98446 (E.D. Mich. June 20, 2016) ...................4, 5

*Beesley v. Int'l Paper Co.*,
   No. 3:06-cv-703-DRH-CJP, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) ..............................3, 7

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ...........................................................................................................2

*In re Brand Name Prescription Drug Litig.*,
   No. 94 C 897 (N.D. Ill. Feb. 18, 1998) .............................................................................4, 6

*In re Bromine Antitrust Litig.*,
   203 F.R.D. 403 (S.D. Ind. 2001) ........................................................................................4

*In re Cal. Micro Devices Sec. Litig.*,
   965 F. Supp. 1327 (N.D. Cal. 1997) ...............................................................................4, 5

*City of Greenville v. Syngenta Crop Prot., Inc.*,
   904 F. Supp. 2d 902 (S.D. Ill. 2012) ..................................................................................7

*In re Cont'l Ill. Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992) ..............................................................................................6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   No. 02-md-01486, ECF No. 1315 (N.D. Cal. Feb. 14, 2007) ............................................4

*In re High Fructose Corn Syrup Antitrust Litig.*,
   No. 95-1477 (C.D. Ill. Jan. 15, 1997) .................................................................................4

*Kleen Products LLC v. International Paper Co.*,
   No. 1:10-cv-05711, ECF No. 770 (N.D. Ill. Sept. 24, 2014) ............................................3, 4

*Kleen Products LLC v. International Paper Co.*,
   No. 1:10-cv-05711, ECF No. 992 (N.D. Ill. Oct. 15, 2015) ..............................................3, 4

*In re Linerboard Antitrust Litig.*,
   292 F. Supp. 2d 631 (E.D. Pa. 2003) ..................................................................................4

*In re M.D.C. Holdings Securities Litig.*,
   No. CV89-0090 E(M), 1999 WL 454747 (S.D. Cal. Aug. 30, 1990) .................................5

*In re Media Vision Technology Secs. Litig.*,
   913 F. Supp. 1362 (N.D. Cal. 1996) ...................................................................................3, 6, 7

*Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co.*,
   381 U.S. 311 (1965) ..................................................................................................................8

*Newby v. Enron Corp.*,
   394 F.3d 296 (5th Cir. 2004) .................................................................................................4, 5

*In re Packaged Ice Antitrust Litig.*,
   No. 08-md-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ........................................4, 5

*In re Plastic Additives Antitrust Litig.*,
   No. 03-2038, ECF No. 252 (E.D. Pa. Feb. 17, 2006) ..............................................................4

*Spicer v. Chi. Bd. Options Exch., Inc.*,
   844 F. Supp. 1226 (N.D. Ill. 1993) ...........................................................................................7

*Sutton v. Bernard*,
   504 F.3d 688 (7th Cir. 2007) ....................................................................................................7

*In re Synthroid Mktg. Litig.*,
   264 F.3d 712 (7th Cir. 2001) ................................................................................................6, 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. 07-1827, ECF No. 2474 (N.D. Cal. Feb. 17, 2011) ........................................................4, 5

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
   No. C 07-05634 CRB, 2015 WL 3396829 (N.D. Cal. May 26, 2015) .................................4, 5

**Statutes**

28 U.S.C. § 1920 ................................................................................................................................7

**Other Authorities**

Alba Conte, *Attorney Fee Awards,* (3d. ed. 2004) ...........................................................................3

Fed. R. Civ. P. 23 .....................................................................................................................2, 6, 9

Fed. R. Civ. P. 54 .......................................................................................................................2, 10

*Manual for Complex Litigation*, *Fourth* (2004) ...............................................................................3

iii

**I.    INTRODUCTION**

Dealership Class Counsel request an advance of $3,000,000 to be used exclusively for litigation expenses incurred on behalf of the Dealership Class Plaintiffs ("Dealership Plaintiffs"). These litigation expenses would be paid from the $29,500,000 settlement fund ("Settlement Fund") established if the Court grants final approval to the preliminarily-approved class action settlement ("Settlement") of claims between the Dealership Plaintiffs and Defendant The Reynolds and Reynolds Company ("Reynolds").[1] *See* the Declaration of Peggy J. Wedgworth, ("Wedgworth Decl.") filed contemporaneously herewith, ¶¶ 25-26. This motion is noticed for the same date and time as the Settlement Hearing.

If the Court grants this motion, Dealership Class Counsel may withdraw up to $3 million from the Settlement Fund to pay expenses incurred as they continue litigating this case against CDK. Upon request of the Court, Dealership Class Counsel will provide an accounting to the Court, *in camera*, for all expenses incurred and paid from the Settlement Fund, as frequently and with as much detail as the Court shall require to perform its oversight function. *Id.* ¶ 27. Based on costs incurred to date, and the nature of this complex case, Dealership Class Counsel reasonably anticipate the need to expend substantial funds to continue litigating against CDK. Thus far, Dealership Plaintiffs have relied exclusively on Dealership Class Counsel's ability to pay for the costs associated with this case. *Id.* ¶¶ 28, 30. Assuming the Court grants final approval to the Settlement with Reynolds, it will resolve Dealership Plaintiffs' claims as to Reynolds only. Notwithstanding the Settlement with Reynolds, as part of Dealership Plaintiffs' ongoing case against CDK, Dealership Plaintiffs' document discovery of Reynolds and CDK will continue, and depositions of Reynolds and CDK personnel will go forward. To date,

---

[1] This is a partial settlement; the Dealership Plaintiffs' claims against Defendant CDK Global, LLC ("CDK") remain pending.

Dealership Class Counsel have obtained substantial discovery from Reynolds and CDK, as well as third parties, and have continued their factual investigation into the conspiracy alleged in the Consolidated Class Action Complaint ("Complaint") (ECF No. 184).[2] *Id.* ¶ 29.

The Court has the authority to approve an advance or award of interim costs to Class Counsel. *See* Fed. R. Civ. P. 23(h) ("the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement"); Fed. R. Civ. P. 54(d) (allowing costs to prevailing parties). Moreover, in its Order preliminarily approving the Settlement with Reynolds, the Court retained exclusive, continuing jurisdiction over all parties to the MDL Action (including this Dealership Class Action) and the Settlement Fund to consider all further matters arising from or connected with the Settlement Agreement. *See* ECF No. 432 ¶ 38. Courts regularly approve an advance of litigation expenses to class counsel after partial settlements, and it is warranted under the circumstances of this case. *See infra* Sections II-IV.

Accordingly, Dealership Class Counsel respectfully request the Court grant this motion to advance $3 million from the Settlement Fund for litigation expenses.

## II. THE COURT MAY AWARD AN ADVANCE OF LITIGATION EXPENSES FROM PARTIAL SETTLEMENTS

It is well-established in class actions that plaintiffs' counsel representing the class may be reimbursed for reasonable and necessary litigation costs from a common settlement fund

---

[2] The Settlement does not contemplate distributions to Dealership Class Members at this time. Distributions will be made at a later date, subject to an allocation plan approved by the Court, upon further notice to the Dealership Class. Dealership Class Counsel are not seeking any attorneys' fees or service awards for the Dealership Plaintiffs at this time. Any applications for litigation expenses above $3 million (or applications for attorneys' fees or for service awards to the Dealership Plaintiffs) will be made upon further notice to the Dealership Class. Any fee request will not exceed one-third of the amounts ultimately recovered on behalf of the Dealership Class. *See* the Declaration of Cameron Azari, Esq. Regarding Notice Administration ("Azari Decl.") attached to the Wedgworth Decl. as Exhibit 1, Attachment 3 (the Mail Notice) and Attachment 5 (the Publication Notice), "What Are Your Rights and Options?" and Attachment 4 (the Long-Form Posted Notice), page 1, sixth bullet and page 9, Q&A 15 "How will the lawyers be paid?" *See also* Wedgworth Decl. ¶ 24..

2

established for the benefit all class members. Fed. R. Civ. P. 23(h); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (explaining that this "common-fund doctrine" dates back to 1882); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-703-DRH-CJP, 2014 WL 375432, at *1 (S.D. Ill. Jan. 31, 2014); *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement").

The common-fund doctrine is an equitable doctrine. Its basic principle is that "an attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved." Alba Conte, *Attorney Fee Awards,* § 2:19 (3d. ed. 2004). Courts typically find the following out-of-pocket expenses "reasonable," and therefore reimbursable: "(1) witness fees; (2) expert or specialist fees; (3) special master; (4) transcripts of hearings and depositions; (5) copying charges; (6) travel; (7) long-distance and conference telephone; (8) postage; (9) delivery services; (10) computerized legal research; [and] (11) settlement administrative costs" *Id.* (citing cases).

Under this common-fund doctrine, courts have also "permitted class plaintiffs who have settled with fewer than all defendants to expend class-settlement monies, or a portion thereof, for litigation expenses to prosecute the action against remaining, nonsettling defendants." *Id.* § 2:20 (citing cases). As the *Manual for Complex Litigation* explains, one reason that courts encourage partial settlements is because they "provide funds needed to pursue the litigation . . . ." *Manual for Complex Litigation*, *Fourth*, § 13.21 (2004).

Accordingly, courts regularly advance to class counsel money from settlement funds for future expenses. *See, e.g., Kleen Products LLC v. International Paper Co.*, No. 1:10-cv-05711, ECF No. 770 (N.D. Ill. Sept. 24, 2014) (upon final approval of partial settlement, granting

3

advance from a settlement fund for payment of future litigation expenses "for the sole purpose of prosecuting this action on behalf of the Class against non-settling defendants") and ECF No. 992 (N.D. Ill. Oct. 15, 2015) (second advance) (attached as Exhibits 1 and 2); *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2016 U.S. Dist. LEXIS 98446, at *560-61 (E.D. Mich. June 20, 2016); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07-05634 CRB, 2015 WL 3396829, at *3 (N.D. Cal. May 26, 2015); *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 717519, at *13 (E.D. Mich. Feb. 22, 2011); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827, ECF No. 2474 (N.D. Cal. Feb. 17, 2011) (attached as Exhibit 3); *Newby v. Enron Corp.*, 394 F.3d 296, 303 (5th Cir. 2004); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-md-01486, ECF No. 1315 (N.D. Cal. Feb. 14, 2007) (attached as Exhibit 4); *In re Plastic Additives Antitrust Litig.*, No. 03-2038, ECF No. 252 (E.D. Pa. Feb. 17, 2006) (citing three other E.D. Pa. antitrust cases) (attached as Exhibit 5); *In re High Fructose Corn Syrup Antitrust Litig.*, No. 95-1477, Order (C.D. Ill. Jan. 15, 1997) (attached as Exhibit 6); *In re Cal. Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal. 1997) (approving class counsel's request for a $1.5 million litigation fund "[b]ecause the remainder of the case appears to have potential value for the class"); *In re Brand Name Prescription Drug Litig.*, No. 94 C 897, Order (N.D. Ill. Feb. 18, 1998) (attached as Exhibit 7).

### III. THE COURT SHOULD ADVANCE LITIGATION EXPENSES FROM THE PARTIAL SETTLEMENT TO ASSIST FURTHER THE DEALERSHIP CLASS'S PROSECUTION OF THE REMAINING CLAIMS AGAINST CDK

Dealership Class Counsel request this Court authorize them to use a portion of the Settlement Fund to pay expenses in prosecuting the remaining claims against Non-Settling Defendant CDK. Allowing a portion of the total settlement fund to be used for expenses incurred in pursuing litigation against non-settling defendants is well-accepted. *See, e.g.*, *In re Bromine*

4

*Antitrust Litig.*, 203 F.R.D. 403, 416 (S.D. Ind. 2001) (preliminarily approving partial settlement: "[t]he settlement with the Dead Sea Defendants provides Plaintiffs with funding to pursue their perhaps more lucrative claims against [the non-settling defendant] . . . ."); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003) (concluding that a partial "settlement provides class plaintiffs with an immediate financial recovery that ensures funding to pursue the litigation against the non-settling defendants"); *In re Asbestos School Litig.,* No. 83-0268, 1988 WL 82853, at *1 (E.D. Pa. Aug. 5, 1988) (creating a future-expenses fund when class notice of the settlement agreements stated that the settlement funds may be used in part to "*defray the costs of the litigation*") (emphasis in original); *In re M.D.C. Holdings Securities Litig.*, No. CV89-0090 E(M), 1999 WL 454747, at *10 n.10 (S.D. Cal. Aug. 30, 1990) (granting advancement of expenses when settlement agreement stipulated to establish a $1 million fund "to pay actual expenses incurred in the further prosecution of the Litigation against the Non-Settling Defendants"); Conte, *supra*, § 2:20 (courts have "permitted class plaintiffs who have settled with fewer than all defendants to expend class-settlement monies, or a portion thereof, for litigation expenses to prosecute the action against remaining, non-settling defendants") (collecting cases).

      Here, the Court should permit Dealership Class Counsel to use up to $3 million of the Settlement Fund to pay litigation expenses. There remain substantial future expenses which must be spent in order to successfully continue to prosecute this case, including, but not limited to, expert fees and deposition costs. Wedgworth Decl. ¶¶ 28-33. This request is in accord with the amounts and percentages of settlement funds dedicated to future expenses in other antitrust cases.[3]

---

[3] *See, e.g., Auto. Parts*, 2016 U.S. Dist. LEXIS 98446, at *560-61 (approving $11.25 million, or five percent, of settlement fund for future litigation expenses); *Transpacific*, 2015 WL 3396829, at *2 (approving $3 million, or 7.5 percent, of settlement fund for future litigation expenses); *Packaged Ice*, 2011 WL 717519, at *13 (approving 5.6 percent of $13.5 million settlement for future litigation

Based on their experience litigating other antitrust and complex class actions, Dealership Class Counsel anticipate actual litigation expenses are likely to exceed $3 million before the complete resolution of this case; however, they are limiting their request to $3 million at this time. Wedgworth Decl. ¶ 28. Any applications for reimbursement of litigation expenses above $3 million would be made upon further notice to the Dealership Class. *See* Azari Decl. ¶ 12, Attachment 2 (the Mail Notice); ¶ 15, Attachment 4 (the Publication Notice), "What Are Your Rights and Options?"; and ¶ 13, Attachment 3 (the Long-Form Posted Notice), page 1, sixth bullet, and page 9, Q&A 15 "How will the lawyers be paid?". Awarding litigation expenses of up to $3 million from the Settlement Fund would assist Dealership Plaintiffs in the continued prosecution of this case.

### IV. THIS CASE REQUIRES REASONABLE AND NECESSARY LITIGATION EXPENDITURES

The Federal Rules of Civil Procedure allow the Court, in a certified class action, to award reasonable nontaxable costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). It is well-established that attorneys who create a common fund for the benefit of a class are also entitled to reimbursement from that fund of the reasonable and necessary litigation expenses that they advanced on the Class's behalf. *See, e.g., In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001); *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992).

"The standard of reasonableness [of costs] is to be given a liberal interpretation." *Media Vision Tech.*, 913 F. Supp. at 1368. In fact, "[w]ith the exception of routine office overhead

---

expenses); *Cal. Micro Devices,* 965 F. Supp. at 1337 (approving 7.9 percent of approximately $19 million settlement fund for future litigation expenses); *Newby*, 394 F.3d at 300 (affirming approval of class settlement where $15 million (37.5 percent of $40 million settlement fund) was used to create fund for future litigation expenses); *TFT-LCD (Flat Panel)*, No. 07-1827, ECF No. 2474 (N.D. Cal. Feb. 17, 2011) (order granting $3 million in future litigation expenses) (attached as Exhibit 3); *Brand Name Prescription Drug,* No. 94 C 897 (N.D. Ill. Feb. 18, 1998) (order granting $6 million disbursement "for advancement of trial preparation expenses of Class Counsel") (attached as Exhibit 7).

6

normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of the litigation, or as an aspect of settlement of the case, may be taxed." *Id*.

It is well-established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses. *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007); *Beesley*, 2014 WL 375432, at *3 (citing Fed. R. Civ. P. 23; *Boeing*, 444 U.S. at 478). The Seventh Circuit has held that costs and expenses should be awarded based on the types of "expenses private clients in large class actions . . . pay." *Synthroid Mktg.*, 264 F.3d at 722; *see also Spicer v. Chi. Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1256 (N.D. Ill. 1993) (noting that courts regularly award reimbursement of those expenses that are reasonable and necessarily incurred in the course of litigation). Reimbursable expenses include, among other things: expert fees; deposition costs; travel; long distance and conference telephone; postage; delivery services; and computerized legal research. *See, e.g., Beesley*, 2014 WL 375432, at *3 (granting reimbursement from common fund for litigation expenses including "expert witness costs; computerized research; court reports; travel expense; copy, phone and facsimile expenses and mediation"); *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 910 (S.D. Ill. 2012) (granting reimbursement of expenses including "experts' fees, other consulting fees, deposition expenses, travel, and photocopying costs"); *Media Vision Tech.*, 913 F. Supp. at 1366-67, 1371 (recognizing the necessity for counsel to retain experts, and permitting reimbursement of necessary deposition costs).[4] Expert fees and deposition costs are reasonable and necessary expenses Dealership Class Counsel have been and continue to incur in order to adequately and effectively continue prosecuting this litigation.

---

[4] Indeed, by statute or rule, some of these costs are specifically allowed as taxable costs. *See, e.g.,* 28 U.S.C. § 1920.

This motion is Dealership Class Counsel's first request in this case for litigation expenses and they are requesting *only* funds to cover specific categories of substantial expenses necessary to prosecute this case such as expert fees and deposition costs. Dealership Plaintiffs have been litigating this class action using Dealership Class Counsel's resources since their first complaint was filed in October 2017.[5] Counsel have worked on behalf of the Dealership Class strictly on a contingency-fee basis. Dealership Class Counsel have undertaken substantial risks and made significant out-of-pocket expenditures in an effort to bring about a swift resolution to this case that will also adequately compensate Class Members for damages caused by Defendants' alleged unlawful conspiracy. Wedgworth Decl. ¶¶ 30, 31, 33. In light of these circumstances, awarding an advance of litigation expenses up to $3 million is fair and just to both Dealership Class Counsel and the Dealership Class Members.

Public policy also supports advancing funds to cover reasonable costs because it promotes private actions as a means for enforcing antitrust laws. *See Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co.*, 381 U.S. 311, 318 (1965) ("Congress has expressed its belief that private antitrust litigation is one of the surest weapons for effective enforcement of the antitrust laws"). In this case, Dealership Class Members rely on Dealership Class Counsel to perform this role. At this time, no government action seeks restitution for Class Members.[6]

Accordingly, the Court should grant Dealership Class Counsel's request of up to $3 million for litigation expenses.

---

[5] To adequately prosecute this case, Dealership Class Counsel have established a litigation fund. Dealership Class Counsel have used, and still use, this litigation fund to pay for some (though not all) expenses. Some expenses Class Counsel firms pay individually. The types of expenses paid from the litigation fund, to date, include document hosting services, mediator fees, and vendor copying services. Wedgworth Decl. ¶ 32.

[6] The FTC has issued a civil investigative demand to CDK. *See* CDK Global, Inc., Annual Report (Form 10-K), at 25-26 (June 30, 2017).

8

## V. ALL PARTIES AND CLASS MEMBERS HAVE BEEN NOTIFIED OF THIS REQUEST FOR LITIGATION EXPENSES

In compliance with Federal Rule of Civil Procedure 23(h) and this Court's Order granting preliminary approval of the Settlement with Reynolds (ECF No. 432), Dealership Class Counsel provided notice to all parties and to the Dealership Class of this request for up to $3 million from the Settlement Fund in litigation expenses (including expert fees, deposition costs and other expenses). *See* Azari Decl. ¶¶ 12-15, Attachments 2, 3, and 4.

The Mail Notice was sent directly to each Dealership Class Member who could be identified by reasonable effort. *Id.* ¶¶ 10-12, Attachment 2. The Publication Notice appeared in the national edition of *Automotive News* on November 26, 2018, and ran as Internet Banner Notices on WardsAuto.com from November 20, 2018 to December 3, 2018.[7] *Id.* ¶¶ 15-17, Attachments 4, 5 and 6. The Long-Form Notice was posted on the public website, www.dealershipclassDMSsettlement.com ("Settlement Website"), maintained by the Settlement Administrator.[8] *Id.* ¶ 18. Dealership Class Counsel's request for advancing litigation expenses is consistent with the Notice provided to the Dealership Class.

Finally, by and through the Motion and Notice of Motion, Dealership Class Counsel is providing adequate notice to all parties and Dealership Class Members of this request for a litigation expense advancement. As stated in the accompanying Notice of Motion, this Motion will be made publicly available both through the Court's ECF system, as well as posted on the Settlement Website. The noticed hearing date and time — January 22, 2019 at 10:00 a.m. — provides adequate time for any interested parties to learn of Dealership Class Counsel's request. Furthermore, the noticed hearing is the same date and time as scheduled for the Settlement

---

[7] *See* Court's Minute Entry (ECF No. 449).

[8] The Mail Notice and Publication Notice refer Dealership Class Members to the Settlement Website, which contains the Long-Form Posted Notice. *See* Azari Decl. ¶¶ 12 and 15, Attachments 2 and 4.

Hearing on the Reynolds Settlement, which the Court set in its Order granting Preliminary Approval of the Settlement with Reynolds (ECF No. 432). The notices distributed to the Dealership Class informed Dealership Class Members of this hearing and the application for litigation expenses. Wedgworth Decl. ¶ 34.

Because all parties and the Dealership Class have adequate notice of the timing and amount of the litigation expenses requested by this Motion, Dealership Class Counsel's request is fair and reasonable and complies with Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure.

## VI. CONCLUSION

For the foregoing reasons, Dealership Class Counsel respectfully request the Court grant their Motion to approve up to $3 million from the Settlement Fund for their litigation expenses to continue to litigate against the Non-Settling Defendant, CDK, on behalf of the Dealership Class.

DATED: December 19, 2018

Respectfully submitted,

*/s/ Peggy J. Wedgworth*_____
Peggy J. Wedgworth (pro hac vice)
Elizabeth McKenna (pro hac vice)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*Interim Lead Counsel for the Dealership Class*

Leonard A. Bellavia (pro hac vice)
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Daniel C. Hedlund (pro hac vice)
Michelle J. Looby (pro hac vice)
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

11

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com
SNM@cliffordlaw.com

*MDL Liaison Counsel*

**CERTIFICATE OF SERVICE**

       I, Peggy J. Wedgworth, an attorney, hereby certify that on December 19, 2018, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' MOTION FOR THE ADVANCEMENT OF LITIGATION EXPENSES FROM THE SETTLEMENT WITH DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ Peggy J. Wedgworth*_____
                                              Peggy J. Wedgworth