IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 1:18-CV-00864 |
| *THIS DOCUMENT APPLIES TO:* | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| ALL CASES | |

**THE REYNOLDS AND REYNOLDS COMPANY'S OPPOSITION TO DOMINION'S RULE 72(A) OBJECTION TO MAGISTRATE JUDGE GILBERT'S ORDER REQUIRING PRODUCTION OF DOCUMENTS AND DENYING MODIFICATION TO PROTECTIVE ORDER**

Dominion Enterprise, Inc. ("Dominion") filed a Fed. R. Civ. P. 75(a) Objection to Magistrate Judge Gilbert's Order Requiring Production of Documents and Denying Modification of Confidentiality Order. ECF No. 461 ("Order"); ECF No. 483 ("Appeal"). The Reynolds and Reynolds Company ("Reynolds") opposes that Appeal.[1]

The Order follows more than a year of discovery procedure that Dominion invoked to support its refusal—based on speculative concerns about use outside counsel might make of discovery materials—to comply with a properly served subpoena. But a broad Confidentiality Order already exists that regulates counsel's use of and access to confidential discovery information. ECF No. 104 (Confidentiality Order, April 4, 2018). As the party seeking to modify an existing Confidentiality Order, Dominion bore the burden to demonstrate why the existing order was not adequate to address its claimed concerns. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) ("To establish good cause for a protective order" courts require "a particular

---

[1] Although Defendants CDK Global, LLC ("CDK") and Computerized Vehicle Registration ("CVR") are not parties to the instant motion (as Reynolds served the underlying subpoena at issue), Reynolds's counsel has confirmed that both Defendants also oppose Dominion's Appeal for the reasons stated herein.

and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"). After considering the parties' extensive briefing on this issue, Magistrate Judge Gilbert correctly held that Dominion's arguments were completely unsupported by evidence.

The parties and vast majority of non-parties have been proceeding under the existing Confidentiality Order in this MDL. Dominion nevertheless argued that retained counsel for Reynolds are dishonest to a degree they cannot be trusted to abide by the Court's existing Confidentiality Order. ECF No. 305 (Dominion Mot.), at 1-2, 10. Dominion also argued for an unprecedented departure from the "competitive decisionmaking" legal standard that governs the risk of "inadvertent disclosure" of information subject to a Confidentiality Order, *id*., one that would have prohibited defendants' outside counsel from giving their respective clients legal advice regarding their rights and potential remedies for the unauthorized use of computer systems defendants have spent millions of dollars to develop and secure.

Magistrate Judge Gilbert's comprehensive Order addressed all of Dominion's arguments, ruling against every one of them. The Order does not contain any error of law or fact, let alone clear error. Reynolds therefore asks this Court to affirm the Order and adopt it wholesale as the decision of this Court. Reynolds also respectfully asks the Court to award Reynolds its reasonable expenses, including attorneys' fees, opposing this Appeal. Putting aside the question of whether Dominion had valid grounds for its motion practice before the Magistrate Judge under Fed. R. Civ. P. 11, there are no grounds for appeal here, and Reynolds should not have to bear this additional cost. *See* Fed. R. Civ. P. 37(a).

## I.  THE STANDARD OF REVIEW IS CLEAR ERROR

1.  Magistrate Judge Gilbert's discovery order is reviewed for clear error. Fed. R. Civ. P. 72(a); *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) ("the district judge reviews

magistrate-judge discovery decisions for clear error"); *U.S. EEOC v. DolGenCorp, LLC*, 2015 WL 7251947, at *1 (N.D. Ill. Nov. 17, 2015) (citing *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013)) ("Magistrate judges enjoy extremely broad discretion in controlling discovery"). "Clear error is an extremely deferential standard of review, and will only be found to exist where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *EEOC*, 2015 WL 7251947, at *1 (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)). To use Judge Wood's words, Courts generally will not reverse a Magistrate's determination for clear error unless it "strikes the Court as wrong with the force of a 5-week-old, unrefrigerated, dead fish." *Id.* (citing *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001)); *see also id.* ("The fact that the district court would have decided the case differently is an insufficient reason to overturn the decision").

## II. PROCEDURAL HISTORY

2. The Reynolds subpoena to Dominion has been outstanding for over one year. *See* Order, at 1; ECF No. 283 (Reynolds Motion to Compel Production of Documents) ("Reynolds Mot."), at Exhibit A. Reynolds issued the subpoena because Dominion testified for Plaintiff Authenticom, Inc. ("Authenticom") in the preliminary injunction hearing in one of the cases that incited this multi-district litigation. Order, at 1-2. Dominion also produced documents and, on belief, written correspondence to the Federal Trade Commission ("FTC Documents") in an investigation that federal agency commenced after Authenticom filed its case against defendants.

3. Nearly a year ago, in January 2018, Dominion committed to re-produce its FTC documents, representing to Reynolds that the information should resolve the outstanding subpoena. *See* Reynolds Mot., at ¶¶ 4-5. Four months later, Dominion reneged on its commitment, seeking assurances that retained litigation and trial counsel at the law firms Gibbs

& Bruns, Sheppard Mullin, and Mayer Brown are not engaged in "competitive decisionmaking," a defined legal standard that governs risk of inadvertent disclosure of confidential information. *See id.*, at ¶ 8, Exhibit B. Outside counsel for defendants promptly gave Dominion the assurances it sought on June 26, 2018. *Id.*, at ¶ 11, Exhibit D.

4. Despite having received the assurance it demanded, Dominion again refused to comply. Abandoning the well-defined "competitive decisionmaking" legal standard on which it based its initial request, Dominion made a new demand: that defense counsel agree not to provide to their clients any future "legal advice on business dealings" with Dominion. No federal or state case applies a "legal advice on business dealings" standard nor does any Federal Rule of Civil Procedure permit a court to enter an Order that would *prohibit* counsel from advising its client of that client's legal rights. And there is no federal or state case that precludes *outside* counsel from providing legal advice to a client outside of the patent context. Dominion's effort to condition its compliance with a lawfully issued subpoena on a demand that counsel for the requesting party and the other defendant be *barred* from providing *legal* advice to their clients is unprecedented in any federal or state case, past or pending, across the nation's judicial systems.

5. Accordingly, the parties reached impasse. Order, at 3. Reynolds filed a Motion to Compel on July 23, 2018, and Dominion filed its Opposition and its Motion to Modify the Confidentiality Order on August 6, 2018. *Id.* Dominion's proposal urged the Court to adopt a radical, not "minor," change that would have precluded retained trial counsel from providing future *legal* advice to their clients and imposed an unworkable due-diligence requirement:

> No Receiving Party with access to Confidential Information or Items of Dominion Enterprise, Inc., its affiliates, and subsidiaries ("Dominion") shall provide advice, legal or otherwise regarding business relationships with or business conduct affecting Dominion until one year after the conclusion of this Action. This prohibition does not extend to general advice, legal or otherwise that the Receiving Party has concluded affects

>Dominion no differently than its competitors after undertaking reasonable due diligence to investigate the potential effect.

ECF No. 343 (Reynolds Rep.), at ¶¶ 3-4.

6. Reynolds argued that the proposed modification was unprecedented, without legal support, and imposed obligations that are undefined. *See* Reynolds Rep. ¶¶ 4-5, 20-21; *see also U.S. v. Aetna Inc. and Humana Inc.*, 2016 WL 8738422, at *8 (D.D.C. Sept. 22, 2016) ("because it is not always possible to anticipate who may be considered a business competitor in particular situations, the proposed modification may force defense counsel to make an untenable choice between providing fulsome representation in this case, or being able to provide such representation in future cases").

7. Magistrate Judge Gilbert adjusted the briefing schedule twice, allowing Dominion a full opportunity to present and respond to all arguments it wished to make in support of its motion, including an additional reply brief to support its Motion to Modify. *See* ECF No. 283 (Reynolds Mot.); ECF No. 284 (Judge Gilbert's Minute Order setting briefing schedule); ECF No. 305 (Dominion's Response to Motion to Compel and Motion to Modify Confidentiality Order); ECF No. 325 (Judge Gilbert's Minute Order setting briefing schedule); ECF No. 343 (Reynolds Reply to Motion to Compel and Opposition to Dominion's Motion to Modify Protective Order) ("Reynolds Rep."); ECF No. 348 (Dominion's Motion for Leave to File Reply); ECF No. 350 (Reynolds Opposition to Dominion's Motion for Leave); ECF No. 353 (Judge Gilbert's Order granting Dominion's motion to file reply to its Motion to Modify Confidentiality Order); ECF No. 365 (Dominion's Reply in Support of its Motion to Modify).

8. On December 6, 2018, Magistrate Judge Gilbert issued his decision granting the Reynolds motion and denying the Dominion motion after considering both side's "extensive written materials." Order, at 9. In his Order, Judge Gilbert held that the FTC documents

Reynolds sought in its subpoena are "directly relevant" to this litigation and thus "discoverable." Order, at 4. Dominion does not object to this holding on appeal. Appeal, at 6 (Dominion is "only seeking a modification of the Order"). Rather, Dominion attacks Magistrate Judge Gilbert's ruling that the Confidentiality Order is sufficient to protect Dominion.

9. Magistrate Judge Gilbert held that the governing Confidentiality Order "is sufficient to protect Dominion's interest" and that Dominion failed to meet its burden of proof because it put forward "broad and speculative allegations of harm" rather than "a particular and specific demonstration of fact" as required by the case law. Order, at 6. Despite committing to produce 40,000 documents if Magistrate Judge Gilbert ordered compliance, Dominion now appeals and asks the District Court to find that "Magistrate Judge Gilbert's opinion is both clearly erroneous and contrary to law" under Rule 72(a). Appeal, at 5. In doing so, Dominion again demands an unprecedented change to the Confidentiality Order that would bring non-party discovery to a standstill and deny defendants their constitutional right to be advised by counsel of their choice. Appeal, at 5; *see also* Reynolds Mot., at ¶ 20; Reynolds Rep., at ¶¶ 20-21.

### III. MAGISTRATE JUDGE GILBERT CORRECTLY HELD DOMINION FAILED TO MEET ITS HIGH BURDEN TO MODIFY THE CONFIDENTIALITY ORDER IN PLACE SINCE THE INCEPTION OF THIS CASE

10. Magistrate Judge Gilbert correctly articulated the legal standard for modifying a protective order: Rule 26(c) "requires the movant to show good cause by submitting a particular and specific demonstration of fact. Broad and speculative allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient." Order, at 6 (*citing* Fed. R. Civ. P. 26(c); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) ("To establish good cause for a protective order under [Fed. R. Civ. P.] 26(c), the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements")).

11. Dominion has not demonstrated that it carried its initial burden before Magistrate Judge Gilbert to provide *facts* and *evidence* of a *clearly defined* injury that support its proposed modification. See Reynolds Rep. at ¶ 6 (*Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, 2011 WL 148252, at *2 (N.D. Ill. Jan. 18, 2011) (*citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16); *Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004) (requiring a "showing that the disclosure will cause a clearly defined and serious injury"); *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("A party seeking a protective order carries the burden of showing good cause for its issuance")). And as explained below, Dominion cannot demonstrate that the Magistrate Judge clearly erred in holding that Dominion failed to carry its initial burden. Fed. R. Civ. P. 72(a); *EEOC*, 2015 WL7251947, at *1 ("reversal is appropriate only when the magistrate judge's decision strikes the Court as wrong with the force of a 5 week old, unrefrigerated, dead fish").

**A. Magistrate Judge Gilbert Correctly Held Hypotheticals Are Not Evidence**

12. To meet its burden to demonstrate *facts* and *evidence* of *specific harm* to Dominion, Dominion's counsel proffered hypotheticals and submitted two declarations with conclusory statements. Magistrate Judge Gilbert correctly held that Dominion's hypotheticals are "pure speculation," holding as a matter of fact that there was not "a shred of evidence in the record that indicates such risks of harm are real." Order, at 5. Dominion nonetheless claims that Magistrate Judge Gilbert neither addressed Dominion's hypotheticals, nor "specifically address" Dominion's declarations showing that "it is highly vulnerable to Defendants' actions." *Id*. at 1, 3.

13. Magistrate Judge Gilbert properly found that Dominion's arguments boiled down to an attorney-generated "parade of horribles" and declarations containing conclusions repeating Dominion's hypothetical concerns (*see* Reynolds Rep., at ¶¶ 7-10), all of which Magistrate Judge

Gilbert expressly rejected: "Dominion's conjecture about the multiplicity of ways Reynolds could use its confidential information to harm its business is, at this stage, pure speculation with *no solid basis in the record* to support it." Order, at 5 (emphasis added). "While the Court appreciates Dominion's concern that the information disclosed could be used against it, there is simply nothing to indicate that will happen or even that it is likely to happen." *Id*. at 6; *see also id.* at 2 ("Dominion's position is rooted in speculation").

14. The Court comprehensively held:

> There is *absolutely no basis in the record* for the parade of horrible potential harms that Dominion spins out. There is *no evidence* that the lawyers or law firms that represent Reynolds and CDK in this litigation are so involved in competitive decision-making for their clients that Dominion faces any realistic risk of harm if it produces documents under the existing Confidentiality Order which expressly prohibits such competitive use of the information produced. *Dominion points to nothing* that Defendants' trial counsel has done in representing their clients in this case that vaults those lawyers into a position in which there is a realistic or credible risk or threat that they will use Dominion's designated confidential information outside of this litigation in violation of the Confidentiality Order.

Order, at. 8 (emphasis added).

15. Magistrate Judge Gilbert is correct as a matter of law that hypotheticals and conclusory speculation about future harms are an insufficient basis to modify a comprehensive confidentiality order: "the non-parties' speculations regarding potential future harms are not sufficient to justify imposing a three-year ban which would potentially prevent any current defense counsel who views confidential information from representing any competitor of any non-party who provided information in this case." *Aetna*, 2016 WL 8738422, at *8; *see also Pfizer v. Apotex*, 744 F. Supp. 2d 758, 766 (N.D. Ill. 2010) ("Categorical arguments that a party will be harmed by the disclosure are insufficient"); *JAB Distributors LLC v. London Luxury*, 2010 WL 4008193, at *3 (N.D. Ill. Oct. 13, 2010) (denying protective order when party "merely

provides attorney argument, unsubstantiated by affidavit or declaration, as to the allegedly disastrous effect inadvertent disclosure would have on its business").

16. Dominion's unsupported and conclusory "assertions" about being driven out of business by a competitor (*see* Appeal, at 9) likewise "indicate nothing more than a competitive relationship between the two companies. Of course, competition depends on rivalry between companies, which seek to procure business opportunities at the others' expense." *JAB Dist.*, 2010 WL 4008193, at *2 (denying modification to protective order where party declared that a direct competitor "has attempted to oust it" and "will spare no effort or expense to usurp the business"). That is why a comprehensive Confidentiality Order is in place to fully protect Dominion. *Id.* at *3 ("it cannot be—and indeed is not—the case that protective orders become an inadequate mechanism to facilitate the discovery of confidential material whenever producing entities simply declare them so. . . . Federal litigation invariably involves discovery of some sensitive information.. . . A party cannot simply assert—without any support—that the pertinent protective order displays a systemic weakness that renders its prophylactic powers inefficacious.").

    **B. Magistrate Judge Gilbert Correctly Held Outside Retained Defense Counsel Can Be Expected To Abide by the Existing Confidentiality Order**

17. Magistrate Judge Gilbert also rejected Dominion's argument that outside retained defense counsel are dishonest to a degree they cannot be trusted to abide by the present Confidentiality Order. Dominion not only failed to offer evidence of its allegations against counsel, but again offers no evidence to demonstrate Judge Gilbert's holding was incorrect, much less that it was so obviously incorrect as to constitute clear error.

18. Magistrate Judge Gilbert held that the Court "expects that Defendants' attorneys will abide by the terms of the Confidentiality Order and the highest duties and ethical standards required of them as members of the bar of this court and comply with the Confidentiality Order."

Order, at 7. That holding is on solid legal ground as "courts in this district give weight to the expectation that the parties' attorneys will abide by the highest duties and ethical standards that are required of them in general and according to the protective order." *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, 2011 WL 148252, at *6 (N.D. Ill. Jan. 18, 2011); *see also JAB Dist.*, 2010 WL 4008193, at *4 ("the Court emphasizes its belief that all attorneys in this case will abide by their duties"). This should have ended the matter, but Dominion was determined to continue litigating with less than four months remaining before fact discovery cutoff.

19. Dominion claims on appeal that Magistrate Judge Gilbert overlooked two instances of defense counsel conduct that Dominion contends should disqualify counsel from any presumptions of ethical ability and behavior. First, Dominion asserts that Reynolds mischaracterized Dominion's testimony in the *Authenticom* preliminary injunction hearing. Appeal, at 6-7. Defendants cited accurately to Dominion's testimony, Authenticom counsel's characterization and use of that testimony at closing argument, and the express references to the testimony by the District Court and Seventh Circuit. *See* ECF No. 283 (Reynolds Mot.) at ¶ 2; ECF No. 343 (Reynolds Rep.) at ¶¶ 22-26. Based on Dominion's claim, Magistrate Judge Gilbert analyzed the Authenticom record, and held "that the parties disagree about the content and context Dominion's testimony in the Authenticom case," but did not credit Dominion's claim that defense counsel misrepresented the testimony. Order, at 4.

20. Magistrate Judge Gilbert further held that the information Reynolds seeks "is directly relevant to the allegations being made against Reynolds in the instant multi-district litigation. Dominion cannot, at this stage, avoid the discovery by disclaiming or minimizing its prior testimony in the *Authenticom* case or trying to explain it away. . . . To do so would deprive Reynolds of information that is relevant to its defense and is not justified by any burden that may

be imposed on Dominion." Order, at 4-5. This finding of fact that the import of Dominion's testimony is disputed serves only to confirm that the discovery Reynolds seeks is highly relevant to resolving the dispute between the parties in this case, and that Dominion failed to demonstrate good cause to claim the discovery should not be had or that Reynolds' (or CDK's) counsel should not be permitted to see the discovery, advise their clients of their legal rights, and try the case within the parameters of the existing Confidentiality Order.

21. Second, Dominion speculates that Reynolds "does not intend to strictly follow the Order" because it has "loose interpretations of the Order" in responding to Dominion's hypotheticals. Appeal, at 7. Despite Dominion's efforts to malign defense counsel, nothing in the Reynolds briefs even hints that outside retained defense counsel do not intend to obey this Court's Order. Indeed, it is a remarkable proposition that opposition to Dominion's motion portends an inclination to violate the Confidentiality Order.

22. Magistrate Judge Gilbert correctly held, moreover, that the Confidentiality Order itself contains obligations, requirements, safeguards and remedies for violations:

> The Confidentiality Order prohibits the use of confidential information produced in this case beyond the boundaries of this case. That Confidentiality Order explicitly envisions the sharing of highly confidential information with outside counsel and incorporates penalties for counsel who improperly share such information outside of the litigation. . . . These designations limit both the scope and purpose for which the documents can be used. A document marked "highly confidential" only may be shared with outside legal counsel for the parties and outside counsel is required to "make best efforts to prevent unauthorized or inadvertent disclosure of Confidential Information." Further, the Confidentiality Order requires that all documents marked "confidential" or "highly confidential" be returned or destroyed within sixty [days] after dismissal or entry of final judgment in the case. Therefore, Dominion not only has the option of classifying the documents as "confidential" or "highly confidential," it also has the benefit of an enforceable order that requires Reynolds and CDK to return or destroy Dominion's documents at the end of the litigation. . . . Dominion is not left without a remedy in the unlikely event that counsel uses the information outside of this litigation as the Court could hold a party or lawyer in contempt of violating the Confidentiality Order.

Order, at 5-7.

23. As Magistrate Judge Gilbert held, "Courts have found that confidentiality orders with similar provisions are sufficient to protect a party or third-party's interest." Order, at 7 (*citing Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 2018 WL 1071444 at *4 (N.D. Ill. 2018) (upholding Magistrate Judge's ruling that party was protected by confidentiality order preventing parties from using confidential information outside of the litigation); *JAB Dist.*, 2010 WL 4008193 at *4)); *see also In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (provisions "specifying that designated confidential information may be used only for purposes of the current litigation" are "generally accepted as an effective way of protecting sensitive information while granting trial counsel limited access to it for purposes of the litigation"); *FTC v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 672-74 (N.D. Ill. 2016) (a "sure way" to protect nonparty information "is to carve out a special category of Highly Confidential information for them that is not accessible to in-house designees"). There is nothing "clearly erroneous" in this legal analysis or in the underlying fact-finding.

### C. Magistrate Judge Gilbert Correctly Adhered to the Well Defined and Uniformly Applied "Competitive Decisionmaking" Standard

24. To safeguard the risk that counsel will inadvertently disclose information subject to Confidentiality Order, courts use the "competitive decisionmaking" standard to determine whether an *unacceptable* threat of inadvertent disclosure exists. *U.S. Steel Corp. v. U.S*, 730 F.2d 1465, 1467-69 (Fed. Cir. 1984). Hallmarks of competitive decisionmaking include a lawyer's service on the client's board of directors or an executive position with the client, secondment of firm lawyers to the client, and participation in pricing and development of the client's product. *Id.* at 1467-69.

25. Applying the competitive decisionmaking standard, Magistrate Judge Gilbert correctly held "[t]here is no evidence that the lawyers of law firms that represent Reynolds and

CDK in this litigation are so involved in competitive decisionmaking for their clients that Dominion faces any realistic risk of harm if it produces documents under the existing Confidentiality Order." Order, at 8.

26. Despite this finding, and ignoring its failure of proof below, Dominion singles out in this appeal Aundrea Gulley, a partner at the litigation firm Gibbs & Bruns and the lead retained trial counsel for Reynolds. Dominion claims Ms. Gulley is an "existential threat" to Dominion, citing cease-and-desist correspondence she sent to Dominion's in-house counsel regarding its affiliate SelectQu. Appeal, at 10. Here again, Magistrate Judge Gilbert analyzed the correspondence and found, as a matter of fact, that Ms. Gulley was not engaged in competitive decisionmaking for Reynolds. Order, at 8, fn. 2. This factual finding was not error, much less clearly erroneous: cease and desist correspondence—here, a demand that Dominion stop its unauthorized and unlawful hacking into the Reynolds computer system—is a routine legal engagement for external counsel. It is not a competitive decisionmaking exercise in any respect. Magistrate Judge Gilbert's holding is correct as a matter of law and fact.

27. Left without legal support for the Confidentiality Order restrictions it seeks, Dominion contends that "trial lawyers are not able to abide by a Confidentiality Order if they learn confidential information and then continue to advise their clients." Appeal, at 8. This speculation, if accepted by this Court, would stand to disqualify tens of thousands of attorneys and law firms with multiple representations of the same client. Dominion does not and cannot cite any case for this expansive notion, which would represent a landmark change to the private practice of law, and raise Constitutional questions. *See Pfizer*, 744 F. Supp. at 764 ("an attorney who reviews confidential information does not automatically become a competitive

decisionmaker"); *Trading Techs.*, 2011 WL 148252, at *8 (requiring a factual analysis on "a counsel-by counsel basis").

28. Dominion then asserts that "harm to Dominion is foreseeable as a matter of law because it is impossible for lawyers *not* to use confidential information when providing advice or dealing directly with Dominion." Appeal, at 9 (emphasis in original). The only cases Dominion cites relate to disclosing information to ***in-house*** counsel who were intricately involved in all facets of their employers' business. *See Advocate*, 162 F. Supp. 3d at 669 ("the risk of inadvertent disclosure is obviously higher [for in-house] than for retained counsel"). Despite multiple opportunities to do so, ***Dominion has yet, in all its briefs and appeal papers, to cite a single case where retained outside counsel was prevented from seeing confidential documents***.

29. Magistrate Judge Gilbert did not "ignore[] numerous precedents that hold that trial lawyers are not able to abide by a confidentiality order if they learn confidential information and then continue to advise their clients," as Dominion contends. Appeal, at 8. He followed the legal precedent. *See Aetna*, 2016 WL 8738422, at *10 ("there is no good cause to amend the Order to expressly limit disclosure to counsel who verify that they are not and will not be involved in competitive decisionmaking"); *Pfizer*, 768 F. Supp. at 768 (denying protective order where party "presented no evidence that Apotex's outside counsel are competitive decisionmakers"); *JAB Dist.*, 2010 WL 4008193, at *4 (rejecting argument that governing protective order is inadequate for direct competitors); *Trading Techs.*, 2011 WL 148252, at *8 (denying to modify confidential order as movants "have not pointed out any case, nor have we found one, where an absolute bar against an attorney's access to a wide range of confidential information in a protective order was held to reasonably reflect the risk presented by the disclosure of proprietary competitive information") (internal citation omitted).

## IV. REYNOLDS IS ENTITLED TO REASONABLE EXPENSES BECAUSE DOMINION'S APPEAL IS NOT SUBSTANTIALLY JUSTIFIED

30. Throughout this discovery dispute, continuing now for more than a year, Dominion has made arguments unsupported by evidence or law that impugn defense counsel's ethics, integrity and capacity to follow the court's Confidentiality Order. Magistrate Judge Gilbert's Order is clear and comprehensive, and Dominion has no grounds for appeal under the clear error standard. Accordingly, Reynolds asks the Court to award reasonable expenses, including attorneys' fees, Reynolds has incurred to oppose this appeal. *See* Fed. R. Civ. P. 37(a)(5)(A) (when a motion compelling discovery is granted and an opposing party's objection is not substantially justified, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"); *In re Prof'l Sales & Mktg. Grp., Inc.*, 2010 WL 1489912, at *3-4 (N.D. Ill. Apr. 9, 2010) (granting fees against non-party who "was obstreperous and obfuscatory" and holding that "Rule 37 does not distinguish between parties and non-parties").

## CONCLUSION

31. For the foregoing reasons, Reynolds respectfully asks this Court for a Decision affirming Magistrate Judge Gilbert's Order, adopting that Order as the Decision of this Court, and awarding to Reynolds reasonable expenses, including attorneys' fees, incurred opposing this appeal.

Dated: January 4, 2019                                  Respectfully submitted,

*/s/ Michael P.A. Cohen*
Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

James L. McGinnis
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
jmcginnis@sheppardmullin.com

Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

*Counsel for Defendant The Reynolds and Reynolds Company*

**CERTIFICATE OF SERVICE**

  I, Leo D. Caseria, an attorney, hereby certify that on January 4, 2019, I caused a true and correct copy of the foregoing **THE REYNOLDS AND REYNOLDS COMPANY'S OPPOSITION TO DOMINION'S RULE 72(A) OBJECTION TO MAGISTRATE JUDGE GILBERT'S ORDER REQUIRING PRODUCTION OF DOCUMENTS AND DENYING MODIFICATION TO PROTECTIVE ORDER**, to be filed and served electronically via the court's CM/ECB system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

            */s/ Leo D. Caseria*
            LEO D. CASERIA
            SHEPPARD MULLIN RICHTER &
            HAMPTON, LLP
            333 S. Hope St., 43rd Floor
            Los Angeles, CA 90071
            (213) 617-4206
            lcaseria@sheppardmullin.com