# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION <br><br> This document relates to: <br><br> ALL CASES | ) MDL NO. 2817 <br> ) <br> ) Case No. 1:18-CV-00864 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Hon. Robert M. Dow, Jr. <br> ) Magistrate Judge Jeffrey T. Gilbert |

**NON-PARTY DOMINION ENTERPRISES, INC.'S REPLY IN SUPPORT OF ITS RULE 72(A) OBJECTION TO MAGISTRATE'S ORDER REQUIRING PRODUCTION OF DOCUMENTS AND DENYING MODIFICATION OF CONFIDENTIALITY ORDER**

Non-party Dominion respectfully submits this Reply in support of its Rule 72(a) objection to Magistrate Judge Jeffrey T. Gilbert's Opinion and Order [ECF No. 461] ("Op." or "Opinion and Order") granting The Reynolds and Reynolds Company's ("Reynolds" or "R&R") Motion to Compel Production of Documents Pursuant to Subpoena [ECF No. 280] and denying Dominion's Motion to Modify the Confidentiality Order [ECF No. 303]. This Reply responds to R&R's arguments in its Opposition to Dominion's Rule 72(a) objection [ECF No. 487] ("Opp." or "Opposition"), paragraph by paragraph. For example, paragraph 1 below responds to R&R's paragraph 1 in its Opposition. It is best read side-by-side with R&R's Opposition.

**I.  INTRODUCTION**

Dominion is a *non-party* customer and competitor of Defendants, Reynolds and CDK Global, LLC ("CDK"). It has asked this Court to deny Defendants' Motion to Compel and to modify the Confidentiality Order ("Order") in the underlying litigation, to protect against the disclosure of misuse of its confidential information by Defendants' trial counsel. Specifically, Dominion requested that Defendants' trial counsel not provide advice to their clients regarding their business dealings with Dominion after reviewing Dominion's highly confidential materials. Dominion made clear, if the Court granted the relief sought, Dominion will produce responsive material as agreed to between Dominion and R&R. Magistrate Judge Gilbert granted Defendants Motion to Compel and denied Dominion's modification, but in doing so made clear errors of law and fact, as described below. Dominion requests this Court vacate Judge Gilbert's Opinion.

Judge Gilbert applied the incorrect legal standard, among other things, holding he could only modify the Protective Order: (a) under "extraordinary circumstances" or a showing of "compelling need," and (b) based upon a showing that Defendants had already engaged in improper conduct in *this litigation* that resulted in harm. To the contrary, a court should modify a protective order where, as here, the movant shows good cause. Reynolds does not address this clear error of law in its papers. Moreover, the black letter law holds that non-parties are entitled a

greater level of confidentiality protection than the litigating parties. Neither Judge Gilbert nor Reynolds address this critical point.

The relief Dominion seeks is discrete. Both Judge Gilbert and Reynolds mischaracterize Dominion's request as a total ban on Defendants' counsel from accessing Dominion's highly confidential documents. But, Dominion only seeks to limit temporally the advice Defendants counsel can give their clients with respect to Dominion business dealings.

Dominion provided specific and particularized law and fact as to why the harm to it is foreseeable. Judge Gilbert and Reynolds fail to address the majority of these arguments, including Dominion's crucial argument that Defendants cannot abide by the confidentiality order if they advise their clients on business dealings with Dominion because they would not be able to separate the highly confidential information in their minds and use it solely for purposes of this litigation. Dominion identifies these omissions in its Appeal and further describes them below.

I. **ARGUMENT**

1. R&R asserts that "[c]lear error is an extremely deferential standard of review" Opp. [ECF No. 487] ¶ 1 (internal quotation marks omitted). That standard cannot overcome the fact that Judge Gilbert ignored or improperly rejected 11 distinct categories of compelling evidence. Appeal [ECF No. 483] at 1-2. For example, neither the Magistrate nor R&R address evidence that: "(1) Defendants could easily drive Dominion out of application businesses and they have the incentives to do so" and that "(2) CDK forces competitors to divulge confidential information." *Id*. at 1.

In addition, that standard cannot overlook Judge Gilbert's many mistakes of law. For example, he wrongly concluded that he could modify the Protective Order only: (a) under "extraordinary circumstances" or a showing of "compelling need," and (b) based upon a showing that Defendants had already engaged in improper conduct *in this case* that resulted in harm. *Id*. at 7-8 (*in this case*), 10-11 (extraordinary circumstances). He never addressed the critical point that non-parties are entitled to more protection than parties. *Id.* at 2; *see also id.* at 11-12.

2-4. R&R asserts that "[f]our months later, Dominion reneged on its commitment [to produce the agreed upon documents.]" Opp. [ECF No. 487] ¶ 3. R&R's description of the origin

2

of the dispute is incorrect. Dominion never reneged on its commitment; R&R did. *See* Resp. [ECF No. 305] at 4-5. In an early communication to the first of four counsel and of two firms representing R&R, Dominion made clear it "needs assurances that the outside attorneys with access to Dominion's documents are not attorneys *that advise defendants on business issues*." *Id*. at 4 (internal quotation marks omitted) (emphasis added). In January 2018, the parties were nearing agreement on Dominion's production based on the representation of R&R's first counsel that "[a]ll the defendant attorneys that will have access to Dominion documents are litigation attorneys, not business attorneys advising the defendants." *Id*. (internal quotation marks omitted). Months later, new counsel, Leo Caseria, rejected the previous accommodations because "circumstances have changed." *Id*. (internal quotation marks omitted). Mr. Caseria then acknowledged that trial counsel "obviously provide legal advice to Reynolds . . . and that legal advice may relate to business dealings," *id*. at 5 (internal quotation marks omitted), increasing Dominion's concern. In addition, R&R asserts its subpoena has been "outstanding for over one year." Opp. [ECF No. 487] ¶ 2. It, disingenuously, omits that Dominion waited over 4 months for Dominion's counsel to respond to its proposals, and over 4 months for the Court to rule on its Motion to Modify the Confidentiality Order. *See* Resp. [ECF No. 305] at 4; *see generally* Op. [ECF No. 461].

  Reynolds further asserts "[d]espite having received the assurance it demanded, Dominion again refused to comply." Opp. [ECF No. 487] ¶ 4. R&R never gave Dominion the assurances it requested. Rather than respond to Dominion's concern that trial counsel "may provide legal advice [to Reynolds and CDK] that relates to business dealings," R&R's Mot. to Compel [ECF No. 283] at Ex. B, R&R simply noted that outside counsel do not present a risk of inadvertent disclosure. *Id.* at Ex. C; *see also* Opp. [ECF No. 487] ¶ 4. This provided no comfort to Dominion because the distinction between in-house and outside counsel is an arbitrary one that holds little weight. *See infra* ¶¶ 28-29.

  Indeed, R&R acknowledges that courts have precluded outside counsel from providing legal advice to their client after accessing the confidential information of another entity. Opp.

3

[ECF. No. 487] ¶ 4; Mot. to Compel [ECF. No. 283] ¶ 10. For example, in *In re Deutsche Bank Trust Co., Americas*, the court recognized that even with a protective order,

> there may be circumstances in which even the most rigorous efforts of the recipient of [confidential] information to preserve confidentiality in compliance with the provisions of such a protective order may not prevent inadvertent compromise . . . It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.

605 F.3d 1373, 1378 (Fed. Cir. 2010) (internal citations omitted). Thus, the court instructed the lower court to consider whether it should bar plaintiff's lead litigation counsel from "giv[ing] advice or participat[ing], supervis[ing] or assist[ing]" its client in prosecuting patents after accessing defendant's confidential material. *Id.* at 1376. R&R dismisses this case because it arises in the "patent context," Opp. [ECF. No. 487] ¶ 4, but, the consideration in patent cases, like here, is whether a party's counsel, when accessing confidential information of a competitor in a litigation, can "prevent inadvertent compromise" of that information when counseling its client on other separate matters dealing with related issues. *See, e.g.*, *Deutsche Bank*, 605 F.3d at 1378. R&R makes no effort to explain why such cases are inapplicable, simply because they involve patents.

   5-6. R&R argues that Dominion's proposal is "radical" and "unprecedented" because it bars the provision of future legal advice. Opp. [ECF No. 487] ¶¶ 5, 6. But, this provision, which is consistent with that in *Deutsche Bank,* is a lesser impingement on counsel than is typical. Given Aundrea Gulley's role in attempting to negotiate competitors' exit from the market, the Court could bar her from even seeing highly confidential documents. Dominion asks for less. Nor does Reynolds acknowledge that the proposed modification is temporally limited to last for only one year after the end of this litigation, which puts severe limits on its applicability, and primarily protects Dominion against the detrimental use of its confidential information during the pendency of this litigation.

   9-14. R&R asserts the Magistrate held "that Dominion failed to meet its burden . . . because it put forward 'broad and speculative allegations of harm' rather than 'a particular and specific

4

demonstration of fact' . . . ." Opp. [ECF No. 487] ¶ 9. This is the overriding theme of the Magistrate's Opinion and Order. This conclusion is erroneous because Dominion provided particularized, specific, supported, and undisputed facts showing that harm is foreseeable. We offer Ms. Gulley's efforts to obtain the exit of Dominion's integration product as an example: 1) R&R and CDK can drive Dominion out of the application business and have competitive incentives to do so, 2) Ms. Gulley sought Dominion's agreement to exit the business and end its competition, and 3) Ms. Gulley's letter suggested a wind down period *with the business details* to be negotiated with Ms. Gulley. *See* Resp. [ECF No. 305] at 3 and Exs. 2, 4.

According to numerous authorities, in any future negotiations, between CDK and Dominion, Ms. Gulley would know, and not be able to compartmentalize, Dominion's confidential information. Resp. [ECF No. 305] at 6-9; Appeal [ECF No. 483] at 10. The law holds that Ms. Gulley would be unable to forget what she knows, which is preposterously unfair to Dominion, as it would tilt future negotiations against Dominion. *See* Appeal [ECF No. 483] at 10. These are undisputable facts; R&R never disputes them and Judge Gilbert never directly addresses them. Certainly, R&R could have submitted a declaration from Ms. Gulley representing she will not be involved in the same types of negotiations with Dominion, as she has been in the past. Her silence is deafening.

These undisputed facts demonstrate a *clear danger* to Dominion, albeit, not an inevitable outcome, as Judge Gilbert and R&R seem to require. Opp. [ECF No. 487] ¶¶ 10-14. The law does not require a movant to show that harm is inevitable; confidentiality orders are supposed to be prophylactic, preventing against a risk of future harm. Appeal [ECF No. 483] at 8. For example, in *In re Northshore University Healthsystem*, the court modified the protective order in the underlying litigation because it was concerned that "disclosure would be costly [to non-parties] in future negotiations and would destroy their competitive advantage." 254 F.R.D. 338, 341 (N.D. Ill. 2008). In so doing, it apparently did not address *any* evidence showing that the disclosure would destroy their competitive advantage. *See generally id. Federal Trade Commission v. Advocate Health Care Network* is also instructive, as there the court did not require any more

5

evidence from petitioners than did the court in *Northshore*. 162 F. Supp. 3d 666, 673 (N.D. Ill. 2016).

15. Neither Judge Gilbert nor R&R address *Northshore* or *Advocate Health*. Rather, R&R points to three inapposite precedents for the proposition that Dominion's proof is insufficient to support a modification of the Order. Opp. [ECF No. 487] ¶ 15. *Pfizer v. Apotex* is of no help to R&R because the *Pfizer* court found that plaintiffs had "provide[d] no explanation" and no "affidavit, declaration, or other form of evidence" to suggest that there was a risk that opposing counsel would inadvertently disclose its confidential information and that, "without such evidence, a party has not shown why a court should impose" the relief sought. 744 F. Supp. 2d 758, 764-65 (N.D. Ill. 2010). Thus, at most, *Pfizer* stands for the proposition, that "the party seeking to bar certain activities must rely on specific evidence—not an inflexible rule." *Id.* Here, in contrast, Dominion has provided specific facts and two declarations. In addition, *Pfizer* revolved around the risk of inadvertent disclosure, rather than misuse, and was a dispute between parties, rather than a party and non-party. *See* 744 F. Supp. 2d at 761, 763-66. The need for protection is higher for a non-party. Appeal [ECF No. 483] at 11-12.

*United States v. Aetna Inc. and Humana Inc.* is of no help because the petitioners did not show that Defendants' outside counsels' duties extended beyond the litigation in question. 2016 WL 8738422, *8 (D.D.C. Sept. 22, 2016). Here, Reynolds has admitted that its litigators "obviously provide legal advice to Reynolds . . . and that legal advice may relate to business dealings." Resp. [ECF No. 305] at 5 (internal quotation marks omitted). Likewise, in *JAB Distributors, LLC v. London Luxury, LLC*, the petitioner "merely provides attorney argument, unsubstantiated by affidavit or declaration." 2010 WL 4008193, *3 (N.D. Ill. Oct. 13, 2010). That is not the case here.

16. Reynolds tries to downplay the harm Dominion faces by arguing that its "'assertions' about being driven out of business by a competitor . . . 'indicate nothing more than a competitive relationship.'" Opp. [ECF No. 487] ¶ 16. This argument, however, ignores the critical fact that Defendants pose an existential threat to Dominion because they can drive Dominion out of

6

business by withholding their integration products. Appeal [ECF No. 483] at 3-4. In fact, the evidence shows that R&R tried to end Dominion's competition with R&R's integration product, R&R's exorbitant integration prices have already driven one of Dominion's products out of business, and CDK coerced Dominion to reveal its secret CRM roadmap so that it would not be forced out of the CRM market. *Id*.

17-21. Reynolds notes that "Magistrate Judge Gilbert also rejected Dominion's argument that outside retained defense counsel are dishonest to a degree they cannot be trusted to abide by the present Confidentiality Order" and that "nothing in the Reynolds briefs even hints that outside retained defense counsel do not intend to obey this Court's Order." Opp. [ECF No. 487] ¶¶ 17, 21. Judge Gilbert did not address Dominion's evidence on this point, instead relying on a relevancy argument Dominion never made. Op. [ECF No. 461] at 4-5. To be sure, courts should give weight to the "expectation" that trial counsel will abide by ethical standards, but that inclination must be subject to rebuttal based on evidence that a party is not adhering to ethical standards. R&R also failed to address Dominion's specific claims. *See* Appeal [ECF No. 483] at 6-7, 8-12. R&R has had multiple opportunities to support its claim that a Dominion employee testified about the effect of the alleged conspiracy on integration prices but has continually failed to offer a pin cite to such testimony.[1]

22-23. While the Magistrate and R&R believe the present Order contains sufficient safeguards and remedies, neither explains how the safeguards in the Order can prevent inadvertent disclosure and misuse. Opp. [ECF No. 487] ¶¶ 22-23. Of equal importance, adequate remedies are not available to Dominion because if Defendants drive it out of business, sanctions would not make it whole or mitigate its harm in way. Appeal [ECF No. 483] at 13-14.

---

[1] Dominion confesses one error in its Appeal brief. Dominion wrote that the Dominion employee "never connected [the exorbitant integration prices] to a conspiracy (which a third party was very unlikely to know about)." Appeal [ECF No. 483] at 6 (citing Resp. [ECF No. 305] at 10). The parenthetical may be wrong in this case, as there are allegations here that the conspiracy is evidenced in public R&R letters to customers, but his testimony did not assert that connection, as R&R has repeatedly stated. Resp. [ECF No. 305] at 10; Reply [ECF No. 365] at 11.

24-26. In one of R&R's oft-repeated themes, it asserts Judge Gilbert "appl[ied] the competitive decision-making standard" to determine whether there was a risk of "inadvertent disclosure" to Dominion. Opp. [ECF No. 487] ¶¶ 24-25. Judge Gilbert did not nothing of the sort: he does not cite the decision-making precedents; he does not examine decision-making criteria; he does not apply such criteria to the activities of Defendants' trial counsel. In any event, the Court could not apply the competitive-decision making standard because R&R has submitted zero evidence regarding the activities of its counsel, not even the activities of Aundrea Gulley regarding her efforts to force competitors from the market. She will have access to Dominion's confidential information and is not denying that she will face Dominion in future business negotiations. All we have is the *ipse dixit* of R&R's counsel, and, as the court in observed in *Advocate Health*, "that is not enough." 162 F. Supp. 3d at 674. In fact, in that case, unlike here, the counsel at issue provided declarations regarding their role for their clients and even that was not sufficient to dissuade the court from limiting counsel's access to certain confidential materials. *Id*. at 671. Importantly, it is not just R&R's trial attorneys that are at issue; it is all trial counsel in the underlying litigation who will access Dominion's information. Dominion, as a non-party, has no ability to examine the representations of any of these attorneys.

27. R&R characterizes Dominion's argument that Defendants' trial counsel will not be able to compartmentalize Dominion's confidential information as "speculation." Opp. [ECF No. 487] ¶ 27. It is not. It is based upon the holdings of numerous authorities. Resp. [ECF No. 305] at 6-9; Appeal [ECF No. 483] at 8-9. Further, contrary to R&R's assertion, these precedents do not disqualify "tens of thousands of attorneys" from conducting litigation. Opp. [ECF No. 487] ¶ 27. It merely means that there will be occasions where they cannot use confidential information to provide legal advice regarding business dealings.

28-29. Dominion asserts that, as a matter of law, it is impossible for Defendant's counsel in the underlying litigation to *not* to use Dominion's confidential information, if they have access to it, when providing Defendants advice or dealing directly with Dominion. *See* Resp. [ECF No. 305] at 6-9; Appeal [ECF No. 483] at 8-9. Judge Gilbert never addressed this argument.[2]

R&R asserts that Judge Gilbert made no omission, but does not provide a citation to his Order. Opp. [ECF No. 487] ¶ 29. In parallel, it re-asserts *its* position that Dominion's argument does not apply to outside counsel. *Id.* at ¶ 28. R&R's argument fails for several reasons. *First,* outside counsel have been limited in the advice they can give in future cases after accessing confidential information. *See supra* ¶ 4.

*Second*, courts have expressly cautioned against such a categorical and arbitrary approach in assessing the potential harm a party may suffer from the disclosure or misuse of its confidential information by counsel. *See* Resp. [ECF No. 305] at 12-13. Reynolds does not address this argument, and, in fact, admits, the distinction between outside and in-house counsel is not "dispositive" here. Mot. to Compel [ECF No. 283] ¶¶ 10, 17-18. Of course, it follows that if the courts have found that inside counsel cannot compartmentalize confidential information in future dealings, the same would be true of outside counsel. R&R does not explain why its outside counsel have a super human ability to engage in such "mental gymnastic[s]." *See* Resp. [ECF No. 305] at 6, 12-13 (internal quotation marks omitted).

---

[2] R&R argues that Dominion's efforts, as a non-party, to save its company from the threat of misuse of its confidential information is "obstreperous and obfuscatory," citing Federal Rule 37. Opp. [ECF No. 487] ¶ 30 (internal quotation marks omitted). R&R does not state that Rule has ever been applied to a Rule 72(a) motion. In addition, Judge Gilbert set no deadline in the Opinion and Order by which Dominion had to comply with the Order, so no stay was required to mount this appeal. Finally, R&R would have received Dominion documents a long time ago if it had stuck to the bargain it had made regarding the role of its outside trial counsel and much of the delay in this process is due to its own conduct.

*Third*, and perhaps most fundamentally, Dominion is not—contrary to R&R's bolded and italicized assertion—seeking to bar Defendants' retained outside counsel from "seeing confidential documents." Opp. [ECF No. 487] ¶ 28. In this, R&R repeats the mistake made by the Magistrate.[3] Dominion has been abundantly clear about its request. *See* Resp. [ECF No. 305] at 11, 12 n.3 ("Dominion is not seeking to prevent trial counsel from reviewing Dominion's documents; it is simply asking them not to provide advice to their clients regarding their business dealings with Dominion after reviewing Dominion's sensitive documents"; "Dominion does not seek to prohibit R&R's outside counsel from seeing its confidential documents, but rather, requests that once counsel has access to those documents, it not provide advice to R&R on *separate matters* related to Dominion") (emphasis in original); *see also* Reply [ECF No. 365] at 3 ("Dominion does not seek to restrict Defendants' trial counsel from reviewing its highly confidential materials, as Reynolds wrongly suggests."); Appeal [ECF No. 483] at 13 ("The proposed modification does not prevent trial counsel from reviewing Dominion's confidential information; it only prohibits them from providing business-related advice to their client once they access such information."). The Court should not reward R&R's attempt to mischaracterize the discrete and narrow relief Dominion seeks.

## II. <u>CONCLUSION</u>

Dominion respectfully requests that the Court set aside the Magistrate's Memorandum Opinion and Order and modify the Protective Order.

---

[3] In clear error, Judge Gilbert also misunderstood the relief Dominion seeks. Op. [ECF No. 461] at 8 (Dominion is seeking to "bar an opponent's litigation counsel from having access to confidential or highly confidential information . . . .").

10

Dated: January 7, 2019            Respectfully submitted,

/s/ *Jeff Norberg*

Jeff Norberg, Ill. Bar No. 6315012
Neal & McDevitt, LLC
1776 Ash Street
Northfield, Il 60093

(847) 441-9100
jnorberg@nealmcdevitt.com

Marc Schildkraut
Deepti Bansal
Cooley LLP
1299 Pennsylvania Ave, NW,
Suite 700
Washington, DC 20004

(202) 728-7000
(202) 728-7027

mschildkraut@cooley.com
dbansal@cooley.com

*Counsel for Non-Party Respondent Dominion Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

I, Jeff Norberg, an attorney, hereby certify that on January 7, 2019, I caused true and correct copies of the foregoing to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: /s/ *Jeff Norberg*
Jeff Norberg, Ill. Bar No. 6315012
Neal & McDevitt, LLC
1776 Ash Street
Northfield, Il 60093
(847) 441-9100
jnorberg@nealmcdevitt.com

*Counsel for Non-Party Respondent*
*Dominion Enterprises, Inc.*