## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR (1) MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY; AND (2) MOTION FOR THE ADVANCEMENT OF LITIGATION EXPENSES FROM THE SETTLEMENT WITH DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY**

Pursuant to Rules 23(a), (b)(3), (e), and (h) of the Federal Rules of Civil Procedure, Dealership Class Plaintiffs ("Dealership Plaintiffs"), on behalf of themselves and the proposed Dealership Class,[1] by and through their counsel, respectfully submit this supplemental memorandum of law in further support of their (1) Motion for Final Approval of Settlement with Defendant The Reynolds and Reynolds Company ("Final Approval Motion") (ECF Nos. 479-480); and (2) Motion for the Advancement of Litigation Expenses from the Settlement with Defendant The Reynolds and Reynolds Company ("Litigation Expenses Motion") (ECF Nos. 481-482).[2]

## NO OBJECTION HAS BEEN FILED

Notice to the Dealership Class has been disseminated pursuant to the Preliminary Approval Order For Settlement Between the Dealership Class and Reynolds (ECF Nos. 432, 449), advising all interested parties that any objections to the Settlement, or to the advancement of litigation expenses, were required to be filed with the Court on or before January 2, 2019 and served on certain counsel for the Settling Parties. The January 2, 2019 objection deadline has now passed. Dealership Plaintiffs and their counsel are pleased to advise the Court of the positive reaction of the Dealership Class to the proposed Settlement and the application for the advancement of litigation expenses.

The reaction of a class to a settlement is a significant factor in assessing the fairness and adequacy of a settlement. *See* Final Approval Motion at 14-16. As of the date of this filing, and following notice being sent to more than 15,600 potential Dealership Class Members, to

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth and defined in the Settlement Agreement ("Agreement") Between the Dealership Class and Reynolds, dated October 23, 2018 (ECF No. 427-2).

[2] Pursuant to the terms of the Agreement (ECF No. 427-2 ¶ 23), final approval of the Settlement is not contingent on the Court's resolution of the Litigation Expenses Motion.

Dealership Class Counsel's knowledge, not one Dealership Class Member has objected to the Settlement, or to the requested advancement of litigation expenses.

Likewise, the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") has not received any objections. (Although any objections were required to be filed with the Clerk of the Court and served on counsel, Epiq monitored all mail delivered to this case's post office box for any objections in the event an objector did not follow the instructions and instead mailed an objection to Epiq.) *See* the accompanying Supplemental Declaration of Cameron R. Azari, Esq. Regarding Notice Administration ("Supplemental Azari Decl.") ¶ 17, submitted herewith. Therefore, Dealership Class Plaintiffs respectfully submit that no response brief, as permitted by the Preliminary Approval Order (ECF No. 432 ¶ 29), is necessary given that the time for submitting objections has passed and no objections to the proposed Settlement have been received.

Furthermore, in response to notice mailed to over 15,600 potential Dealership Class Members, Epiq received only 57 letters (three are duplicates)[3] requesting exclusion from the Dealership Class. *See* Supplemental Azari Decl. ¶¶ 15-16[4] Accordingly, it is respectfully submitted that the lack of any Dealership Class Member objection, and the minimal requests for

---

[3] The 54 letters requesting exclusion provided dealership information matching 158 of the over 15,600 potential Dealership Class Members that were sent individual direct mail notice by Epiq. The 54 letters provided information for another 146 dealerships that did not match information from the direct mailing list. *See id*. ¶ 16.

[4] At the Settlement Hearing on January 22, 2019, Dealership Class Counsel will provide the Court with a complete list of all exclusion requests received to date. Dealership Plaintiffs make no representations about the timeliness or validity of the exclusion requests. The Court will exclude all persons and entities that it deems to have submitted timely and valid requests for exclusion.

exclusion, are a testament to the fairness, adequacy, and reasonableness of the proposed Settlement and the application for the advancement of up to $3 million in litigation expenses.

## CONCLUSION

For the foregoing reasons, and for those set forth in the previous submissions, Dealership Class Plaintiffs and Dealership Class Counsel respectfully request that the Court: (i) grant final approval of the Settlement; and (ii) approve up to $3 million in litigation expenses from the Settlement Fund to be used for litigation expenses incurred on behalf of the Dealership Class. Two proposed orders are attached to this memorandum as Exhibit A ([Proposed] Final Approval Order and Judgment for Settlement Between the Dealership Class and Reynolds); and Exhibit B ([Proposed] Order Granting Advancement of Litigation Expenses from the Settlement Between the Dealership Class and Reynolds). Pursuant to this Court's Case Procedures, both proposed orders are being submitted to the Court's proposed orders inbox concurrently herewith.


DATED: January 15, 2019                Respectfully submitted,

                                       */s/ Peggy J. Wedgworth*_____
                                       Peggy J. Wedgworth (*pro hac vice*)
                                       Elizabeth McKenna (*pro hac vice*)
                                       **MILBERG TADLER PHILLIPS GROSSMAN LLP**
                                       One Pennsylvania Plaza, 19th Floor
                                       New York, NY 10119
                                       Tel: (212) 594-5300
                                       Fax: (212) 868-1229
                                       pwedgworth@milberg.com
                                       emckenna@milberg.com

                                       ***Interim Lead Counsel for the Dealership Class***

Leonard A. Bellavia (*pro hac vice*)
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Daniel C. Hedlund (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
dnordin@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (*pro hac vice*)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com
SNM@cliffordlaw.com

*MDL Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I, Peggy J. Wedgworth, an attorney, hereby certify that on January 15, 2019, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR (1) MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY; AND (2) MOTION FOR THE ADVANCEMENT OF LITIGATION EXPENSES FROM THE SETTLEMENT WITH DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth