# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT FOR SETTLEMENT BETWEEN THE DEALERSHIP CLASS AND REYNOLDS**

WHEREAS, the Dealership Class Plaintiffs and The Reynolds and Reynolds Company ("Reynolds") have entered into a Settlement Agreement Between the Dealership Class and Reynolds (the "Agreement"), dated October 23, 2018, to settle the Dealership Class Action as against Reynolds only; and

WHEREAS, on November 7, 2018, by Preliminary Approval Order for Settlement Between the Dealership Class and Reynolds ("Preliminary Approval Order") (ECF No. 432), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to the Dealership Class; (c) provided Dealership Class Members with the opportunity either to exclude themselves from or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement (the "Settlement Hearing"); and

WHEREAS, due and adequate notice has been provided to the Dealership Class in accordance with the Preliminary Approval Order; and

WHEREAS, the Court conducted the Settlement Hearing on January 22, 2019 to consider, among other things, (i) whether the terms and conditions of the Settlement are fair,

1

reasonable and adequate and the Settlement should therefore be approved; and (ii) whether a judgment should be entered dismissing the Dealership Class Action with prejudice as against Reynolds only; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments made to the Court regarding the proposed Settlement, and the record in the Dealership Class Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. This Final Approval Order and Judgment incorporates by reference the definitions set forth in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement unless otherwise specified herein. The terms of the Agreement are incorporated in this Final Approval Order and Judgment as if fully set forth herein.

2. **Jurisdiction.** The Court has jurisdiction over the subject matter of the MDL Action (including this Dealership Class Action), and all matters relating to the Settlement, as well as personal jurisdiction over the Dealership Class Plaintiffs, all Dealership Class Members, and the Defendants.

3. **Class Certification.** Pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure, the Court certifies, for purposes of the Settlement only, the following Dealership Class:

"Dealership Class" means all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from January 1, 2015 through October 23, 2018. Excluded from the Dealership Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

4. The Court finds and concludes, for purposes of the Settlement only, the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied, in that, with respect to the Dealership Class:

(a) numerosity is satisfied;

(b) the claims of the Dealership Class Plaintiffs are typical of those of the other Dealership Class Members;

(c) there are questions of fact and law that are common to all members of the Dealership Class; and

(d) the Dealership Class Plaintiffs will fairly and adequately protect the interests of the Dealership Class and have retained counsel experienced in antitrust and class action litigation who have and will continue to adequately represent the Dealership Class.

5. The Court further finds and concludes, for purposes of the Settlement with Reynolds only, the Dealership Class Action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the Dealership Class predominate over any questions affecting only individual members.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement, this Court finally certifies the Dealership Class Plaintiffs—(1) ACA Motors, Inc. d/b/a Continental Acura; (2) Baystate Ford Inc.; (3) Cherry Hill Jaguar; (4) Cliff Harris Ford, LLC d/b/a Warrensburg Ford; (5) Continental Autos, Inc. d/b/a/ Continental Toyota; (6)

3

Continental Classic Motors, Inc. d/b/a Continental Autosports; (7) 5800 Countryside, LLC d/b/a/ Continental Mitsubishi; (8) HDA Motors, Inc. d/b/a Continental Honda; (9) H & H Continental Motors, Inc. d/b/a Continental Nissan; (10) Gregoris Motors, Inc.; (11) Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville; (12) JCF Autos LLC d/b/a Stevens Jersey City Ford; (13) Jericho Turnpike Sales LLC d/b/a Ford & Lincoln of Smithtown; (14) Jim Marsh American Corporation d/b/a Jim Marsh Mitsubishi Suzuki Kia Mahindra; (15) John O'Neil Johnson Toyota, LLC; (16) Kenny Thomas Enterprises, Inc. d/b/a Olathe Toyota; (17) Marshall Chrysler Jeep Dodge, LLC; (18) Naperville Zoom Cars, Inc. d/b/a/ Continental Mazda; (19) NV Autos, Inc. d/b/a Continental Audi; (20) Patchogue 112 Motors LLC d/b/a Stevens Ford; (21) Pitre Imports, LLC d/b/a Pitre Kia; (22) Pitre, Inc. d/b/a Pitre Buick GMC; (23) Teterboro Automall, Inc. d/b/a Teterboro Chrysler Dodge Jeep Ram; (24) Waconia Dodge, Inc. d/b/a Waconia Dodge Chrysler Jeep Ram; and (25) Warrensburg Chrysler Dodge Jeep, L.L.C.— as the Dealership Class Representatives.

7. **Class Members Bound by this Final Approval Order and Judgment.** Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all persons and entities who fall within the foregoing description of the Dealership Class who have not timely and validly requested exclusion from the Dealership Class are Dealership Class Members and are fully bound by this Final Approval Order and Judgment and the terms of the Agreement.

8. **Exclusion Requests.** The persons and entities who timely and validly excluded themselves from the Dealership Class ("Opt-Outs") and are listed in Exhibit 1 to this Final Approval Order and Judgment. The Opt-Outs are not bound by this Final Approval Order and Judgment or the terms of the Agreement, and may pursue their own individual remedies (if any)

against Reynolds and the Reynolds Releasees. However, the Opt-Outs are not entitled to any of the rights or benefits accorded to Dealership Class Members under the Agreement.

9. **Notice.** As established by the Settlement Administrator's Declaration, filed on December 19, 2018, the Settlement Administrator caused the Mail Notice in the form approved by the Preliminary Approval Order to be mailed postage prepaid to all potential Dealership Class Members who could be identified from the records of Reynolds and CDK, and caused the Publication Notice to be published in the manner required by the Preliminary Approval Order, and the Long-Form Posted Notice, also in the form approved by the Preliminary Approval Order, to be made available to members of the Dealership Class on the Settlement Website and upon their request.

10. The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.

11. **Objections.** The Court finds there were no objections to the Settlement set forth in the Agreement.

12. **Final Settlement Approval.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court fully and finally approves the Settlement with Reynolds set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable and adequate to the Dealership Class. The Court orders the Settling Parties to consummate the Settlement with Reynolds set forth in the Agreement in accordance with its terms.

13. **Release of Claims Against Reynolds Releasees.** Upon the Effective Date, and in consideration of payment of the Settlement Amount, Reynolds Releasees shall be completely released, acquitted, and forever discharged from any and all Released Dealership Class Claims by the Dealership Class Releasors.

(a) "Reynolds Releasees" means Reynolds and all of its past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, and affiliates and all of their respective past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, predecessors in interest, successors, successors in interest and assigns of any of the above; and each and all of the present (as of the Execution Date) and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, servants, members, entities, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

(b) "Released Dealership Class Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise (whether or not any Dealership Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, indirectly, representatively, derivatively, or

6

in any other capacity) that Dealership Class Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against Reynolds Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any facts, circumstances, acts, or omissions arising out of or related to the direct or indirect provision, licensing, pricing, purchasing, selling, marketing, development, availability, accessibility, or functionality of DMS or DIS, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any complaints filed in the Dealership Class Action, including without limitation those arising under antitrust, unfair competition, consumer protection, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy, common law or statutory fraud laws, whether under federal, state, local, or foreign law. For the avoidance of doubt, the Released Dealership Class Claims (a) include without limitation any claim or allegation relating in any way to a continuation after the Effective Date of any conduct described in the preceding sentence; but (b) do not release, alter, or affect any existing or future contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services.

   (c) "Dealership Class Releasors" means the Dealership Class Plaintiffs and Dealership Class Members, and their respective past and present (as of the Execution Date) officers, directors, employees, agents, stockholders, attorneys, servants, members, entities, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons,

7

partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

14. **Release of Claims Against Dealership Class Releasees.** Upon the Effective Date, the Dealership Class Releasees shall be completely released, acquitted, and forever discharged from any and all Released Reynolds Claims by the Reynolds Releasors.

(a) "Dealership Class Releasees" means the Dealership Class Plaintiffs and Dealership Class Members, and their respective past and present (as of the Execution Date) officers, directors, employees, agents, stockholders, attorneys, servants, members, entities, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

(b) "Released Reynolds Claims" means any and all claims, demands, judgments, actions, suits, and causes of action, whether class, individual or otherwise that Reynolds Releasors, or each of them, whether directly, indirectly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Dealership Class Releasees, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, relating in any way to any conduct prior to the Effective Date and arising out of or related in any way, in whole or in part, to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in the Dealership Class Action, including without limitation those asserted or that could be asserted in

8

any counterclaim by Reynolds arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.; the Copyright Act, 17 U.S.C. § 501; the Digital Millennium Copyright Act, 17 U.S.C. § 1201; the Wisconsin Computer Crimes Act, Wis. Stat. § 943.70(2)(a); the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200; and similar laws. For the avoidance of doubt, the Released Reynolds Claims (a) include any claims that Reynolds could have asserted against the Dealership Class Releasees relating to the use or sharing of log-in credentials prior to the Effective Date, but (b) do not release, alter, or affect any existing or future contractual obligations between Reynolds and a Dealership Class Member for Reynolds to provide products or services to the Dealership Class Member and for the Dealership Class Member to pay for those products or services and (c) Reynolds Releasors do not release, and expressly preserve, all claims, known or unknown, they may have against any person other than Dealership Class Releasees, including without limitation any current or future plaintiff in the MDL other than Dealership Class Plaintiffs.

(c) "Reynolds Releasors" means Reynolds and all of its past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, and affiliates and all of their respective past and present (as of the Execution Date), direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, predecessors in interest, successors, successors in interest and assigns of any of the above; and each and all of the present (as of the Execution Date) and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, servants, members, entities, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing, as well as to anyone claiming by, for, or through any of the foregoing.

15. **No Future Actions Following Releases.** Dealership Class Releasors and Reynolds Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against Reynolds Releasees or Dealership Class Releasees, respectively, (including pursuant to the MDL) based on the Released Claims in any forum worldwide, whether on his, her, or its own behalf or as part of any putative, purported or certified class.

16. **Covenant Not to Sue.** Dealership Class Releasors and Reynolds Releasors hereby covenant not to sue Reynolds Releasees and Dealership Class Releasees, respectively, with respect to any Released Claims. Dealership Class Releasors and Reynolds Releasors shall be permanently barred and enjoined from instituting, commencing, or prosecuting against the Reynolds Releasees and Dealership Class Releasees, respectively, any claims based in whole or in part on the Released Claims. The Settling Parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted by or on behalf of any Dealership Class Releasor or Reynolds Releasor with respect to the Released Claims.

17. **Waiver of California Civil Code § 1542 and Similar Laws.** Dealership Class Releasors and Reynolds Releasors acknowledge that, by virtue of this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, including any Released Claim that any Dealership Class Releasor or Reynolds Releasor does not know or suspect to exist in his, her or its favor at the time of the release that if known by him, her or it, might have affected his, her or its settlement with and release, or might have affected his, her or its decision not to object to this Settlement ("Unknown Claims"). Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and

10

equivalent, similar, or comparable laws or principles of law. California Civil Code § 1542 provides:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

Each Dealership Class Releasor and Reynolds Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims, but each such Dealership Class Releasor and Reynolds Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Dealership Class Plaintiffs and Reynolds acknowledge, and all Dealership Class Releasors, Dealership Class Releasees, Reynolds Releasors, and Reynolds Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the Released Claims was separately bargained for and was a key element of the Settlement.

18. **Dismissal.** The Court hereby dismisses with prejudice the Dealership Class Action as to Reynolds only, without costs to any of the parties as against the others, except as otherwise provided in the Agreement.

19. **Contribution and Indemnification.** There shall be no right of contribution between the Non-Settling Defendant and the Settling Defendant based on their potential, alleged or actual status as joint tortfeasors or co-conspirators with respect to the Released Claims (any

11

claim for such being a "Contribution Claim"). Notwithstanding the foregoing, should any court determine any Non-Settling Defendant is/was legally entitled to contribution from any Settling Defendant with respect to a Contribution Claim, then any money judgment subsequently obtained by the Dealership Class Plaintiffs against such Non-Settling Defendant shall be reduced to an amount such that, upon paying the entire amount, the Non-Settling Defendant would have no Contribution Claim against any Settling Defendant.

20. **Use of Order.** This Final Approval Order and Judgment, the Agreement, and any negotiations, documents, and discussions associated with them, shall not be deemed or construed to be an admission by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing by Reynolds or the Dealership Class Plaintiffs (or the other Reynolds Releasees or Dealership Class Releasees), or of the truth of the claims or allegations in any complaint or any other pleading filed in the Dealership Class Action, and evidence thereof shall not be discoverable or used directly or indirectly in the Dealership Class Action or in any other action or proceeding.

21. Neither this Final Approval Order and Judgment, nor the Agreement, nor any of its terms and provisions, nor the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by either of the Settling Parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

22. **Effect of Termination, Rescission, or Failure to Become Final.** If the Settlement is terminated, rescinded, or otherwise does not become Final, then the Agreement, including any amendment(s) thereof, then this Final Approval Order and Judgment (and any other orders of the Court relating to the Settlement) shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of September 25, 2018.

23. **Retention of Jurisdiction.** Without affecting the finality of this Order, the Court reserves and retains exclusive and continuing jurisdiction over all parties to the MDL Action, all Dealership Class Members, and the Settlement Fund to consider all further matters arising out of or connected with the Agreement. Reynolds retains any contractual rights it may have to arbitrate any dispute relating to any Released Claim with any Dealership Class Member who timely and validly elects to be excluded from the Dealership Class in accordance with the procedure established by the Court.

24. **Attorneys' Fees and Expenses Not a Delay.** The award of any attorneys' fees, costs, or expenses to Dealership Class Counsel and MDL Liaison Counsel, including any appeals therefrom, shall not affect the finality of this Final Approval Order and Judgment or delay the Effective Date of the Settlement.

25. **Entry of this Final Order and Judgment.** The Court finds there is no just reason for delay and directs the Clerk to enter this Final Approval Order and Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Dealership Class Action is

not dismissed in respect of claims against any person or entity other than the Settling Defendant Reynolds.

Dated:   Chicago, Illinois
         _____, 2019

                                            _____
                                            Honorable Robert M. Dow, Jr.
                                            UNITED STATES DISTRICT JUDGE

14