# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>**This Document Relates To:**<br><br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

### [PROPOSED] ORDER GRANTING ADVANCEMENT OF LITIGATION EXPENSES FROM THE SETTLEMENT BETWEEN THE DEALERSHIP CLASS AND REYNOLDS

WHEREAS, on December 19, 2018, Dealership Class Counsel filed a motion for the advancement of up to $3,000,000 in litigation expenses from the $29,500,000 settlement fund ("Settlement Fund") established if the Court grants final approval to the preliminarily-approved class action settlement ("Settlement") of claims between the Dealership Plaintiffs and Defendant The Reynolds and Reynolds Company ("Reynolds"), upon consideration of that Motion, all related filings, and the statements of counsel and the parties, the Court finds that the motion should be **GRANTED**.

The Court finds that:

1. The Court has jurisdiction over the subject matter of the MDL Action (including this Dealership Class Action), and all matters relating to the Settlement with Reynolds, including all Dealership Class Members.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement (ECF No. 427-2), unless otherwise specified herein.

1

3. All parties and Dealership Class Members were given adequate notice of the timing and amount of this request for litigation expenses, and have had opportunity to comment on or to oppose the request.

4. The advanced litigation funds will benefit Dealership Class Members by assisting Dealership Class Counsel in continuing to prosecute this case effectively.

5. The Court has granted final approval to the Dealership Class Settlement with Reynolds.

6. A Settlement Fund of $29,500,000 has been established and is held in an interest-bearing escrow account.

7. Under Federal Rules of Civil Procedure 23(h) and 54(d), costs reasonably and necessarily incurred by class counsel for the effective prosecution of a case may be reimbursed from settlement funds. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (endorsing the common-fund doctrine). For the same reason, a court may order that money for litigation expenses, reasonably and necessarily incurred on behalf of a class, be advanced from the settlement funds negotiated on behalf of the class.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Dealership Class Counsel are authorized to use up to $3,000,000 from the Settlement Fund for litigation expenses incurred by Dealership Class Counsel in the prosecution of this case against the Non-Settling Defendant CDK Global, LLC ("CDK") on behalf of the Dealership Class.

2. Dealership Class Counsel may withdraw this $3,000,000 from the Settlement Fund, at their discretion, to pay reasonable expenses, such as expert fees and deposition costs, incurred as they continue litigating this case against CDK.

3. Upon request of the Court, Dealership Class Counsel shall provide an accounting to the Court, *in camera*, for all litigation expenses incurred and paid from the Settlement Fund, as frequently and with as much detail as the Court shall require to perform its oversight function.

4. The foregoing sets forth the Court's findings of fact and conclusions of law regarding the application and the fairness and reasonableness of the litigation expense award made in accordance with Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure.

5. Without affecting the finality of this Order, the Court reserves and retains exclusive and continuing jurisdiction over all parties to the MDL Action, all Dealership Class Members, and the Settlement Fund to consider all further matters arising out of or connected with the Settlement Agreement.

Dated: Chicago, Illinois
_____, 2019

_____
Honorable Robert M. Dow, Jr.
UNITED STATES DISTRICT JUDGE