# EXHIBIT C

# Dealership Class Settlement with Reynolds

*In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817 (N.D. Ill.)

## Additional Settlement Q & A

**1. If a Dealership Opts out of the Reynolds Settlement, will that Dealership Continue to Participate in the Litigation Against CDK?**

We expect that, when we file a motion seeking certification of a class with respect to CDK, we will request that the Court include in that class any dealers who may have opted out of the Reynolds settlement class. However, there can be no assurance that the Court will certify a class against CDK. Additionally, even if the Court does certify a class against CDK, there can be no assurance that the Court will include, in that class, any dealers who previously opted out of the Reynolds settlement class. *See In re Del-Val Fin. Corp. Sec. Litig.,* 162 F.R.D. 271, 275 (S.D.N.Y. 1995) ("We believe that the balance struck by Rule 23 would be upset if individual could choose to participate in a class for the purposes of settlement with some defendants, but to exclude themselves from the settlement with other defendants.").

As to the ultimate distribution to class members, if a dealership opts out of the Reynolds settlement, that dealership would NOT be entitled to any part of the $29.5 million Reynolds settlement amount. If that same dealership is determined to be a class member for purposes of the CDK settlement or judgment class, that dealership could potentially recover from a CDK recovery. But should the opt out dealership have recovered money from Reynolds in its own individual proceeding (be it a court proceeding or arbitration), that recovery would most likely be an offset to any CDK recovery for that dealership.

**2. Potential Counterclaims Against Dealers**

It has been pointed out that no counterclaims have been brought against any dealers to date in the MDL, but given the posture of the case, this technically would not have occurred yet -- Defendants would not assert any counterclaims prior to answering the complaint. The Court has not yet decided CDK's pending motion to dismiss, therefore, CDK has not filed its answer. Additionally, due to the proposed partial settlement with Reynolds, Reynolds' motion to dismiss has been stricken as moot.

However, and importantly, Reynolds has already asserted counterclaims against Authenticom (the *Authenticom* case is part of the MDL proceeding) **based on allegations that implicate the dealers.** *See* Defendant The Reynolds and Reynolds Company's Answer to Original Complaint, Affirmative Defenses, and Counterclaims (ECF No. 226) ¶ 106 ("Reynolds's

Customer Agreements prohibit Reynolds's dealer customers from granting third-party integrators like Authenticom access to the Reynolds DMS without Reynolds's consent."). As part of the settlement, Reynolds has agreed to release Dealership Plaintiffs and the Class from any counterclaims that could be asserted against them, including under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., the Copyright Act, 17 U.S.C. § 501, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201. Dealers who opt out of the Class lose the benefit of Reynolds's release of such counterclaims.

Contact Us (/Home/ContactUs)   Privacy Policy (/Home/Privacy)

Terms of Use (http://www.epiqglobal.com/terms-of-use)

**Questions? Contact the Settlement Administrator at 1-888-842-3161 (Toll-Free).**

© 2018 Epiq (http://www.epiqglobal.com) All rights reserved | | Version: 1.0.0.15 | Updated: 12/31/2018 9:31:26 AM