IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to All Cases | Magistrate Judge Jeffrey T. Gilbert |

## ORDER

This case is now before the Court on Defendant CDK Global, LLC's ("CDK") Motion for Protective Order [443]. The Motion is granted. The written discovery the Individual and Vendor Class Plaintiffs ("Plaintiffs") want to pursue is untimely given that written discovery was to be served in this case by May 25, 2018. Case Management Order [166]. Even if some of Plaintiffs' newly-proposed written discovery is predicated on facts or developments of which Plaintiffs were not fully aware as of May 25, 2018, dates and deadlines set by court orders are important. They mean something especially in a case like this in which Plaintiffs repeatedly insist they want to get to trial as soon as humanly possible. In almost every case, facts or circumstances arise or come to light during the discovery process that one party or the other may want to explore further or in more depth with additional written discovery. But that does not mean that a court should allow the discovery process to expand beyond previously set deadlines or parameters simply because a party would like the opportunity to find out more information even if it thinks that information could be valuable to its case.

Magistrate Judge Cole made this point in his inimitable way in *Robinson v. Stanley*, No. 06 C 5158, 2010 WL 1005736, at *5 (N.D. Ill. Mar. 17, 2010), a case decided before the December 1, 2015 amendments to Federal Rule of Civil Procedure 26, using language that has even more resonance today:

1

> In all cases there comes a time when discovery must end. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The discovery rules are not an excursion ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055, at *2 (N.D. Ill. 1994). *See also Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1020 (N.D. Ill. 2009).

In this case, through the filter of Rule 26(b)(1) as it now reads, Plaintiffs have not shown that even if it is relevant to some degree (and that threshold issue is disputed in large measure by CDK), the additional discovery they now seek to pursue is proportional to the needs of the case. Further, Plaintiffs have not shown that the discovery is so relevant or sufficiently proportional to the needs of the case such that the Court should relax the May 25, 2108 deadline for serving written discovery to allow Plaintiffs to serve and pursue additional written discovery now when the parties are in the midst of a demanding deposition schedule.

No party should overread the Court's statements about the relevance of Plaintiffs' newly-served discovery. The Court acknowledges that some of the discovery may be relevant to one or more of the claims or defenses in this case. But this Order is grounded in the confluence of the relevancy analysis, the proportionality filter, the untimeliness of Plaintiffs' proposed discovery, and the point in an already aggressive discovery schedule when the new discovery was served. Moreover, if Plaintiffs are allowed to proceed with their proposed discovery now even as they have limited it to some extent, it will take time and intensive work and negotiations about such things as search terms and other matters before CDK can respond to that discovery. In addition, CDK well-may (and, in fact, it says it will) file a "me too" motion asking that discovery be re-opened to allow it to explore and investigate things it now would like to investigate given disclosures and events that have come to light since May 25, 2018. This presents the very realistic risk of the "never-ending exploration" that Judge Cole cautioned against in *Robinson.*

It would be difficult to differentiate between Plaintiffs' desire or need for the discovery they now are seeking and the discovery that CDK or its co-defendant would seek if the May 25, 2018 deadline is not respected. Those arguments would lead the parties down roads and into detours that, in the Court's view, would not be productive in moving this case forward through the next phases of the pre-trial process and, ultimately, to an orderly and timely conclusion whether by trial or some other means.

In addition, CDK has more than met its burden to show good cause for the issuance of a protective order to avoid the kinds of harms, additional expense, delay, and burdens that Federal Rule of Civil Procedure 26(c) is designed to protect against especially in multi-party cases such as this one. Plaintiffs' discovery was served very late in the gestation of a case that already is on a very tight discovery schedule. Responding to that discovery would take a great deal of time and require CDK to incur significant expense. Allowing the discovery to proceed now very well could delay materially the progress of this case overall and the conclusion of fact discovery in particular. Even if the facts Plaintiffs now want to discover are as central to their claims as Plaintiffs argue they are in response to CDK's Motion (an issue the Court is not now deciding), why wait so long to propound discovery relating to those matters?

It is beyond cavil that district courts have broad discretion when resolving discovery disputes. *In the Matter of the Complaint of Ingram Barge Company*, 306 F.R.D 184, 185 (N.D. Ill. 2014) (St. Eve, J.). In the exercise of its discretion, the Court finds that Plaintiffs have not met their threshold burden of showing the discovery they seek passes muster within the meaning of Federal Rule of Civil Procedure 26(b)(1) and CDK has more than met its burden to show good cause why a protective order should issue with respect to that discovery under Federal Rule of Civil Procedure 26(c)(1).

Finally, the Court overrules Plaintiffs' objection that CDK did not comply with Local Rule 37.2 before it filed its Motion. The parties' positions here were absolute (*i.e.,* go/no-go on this discovery) such that no point would have been served by more consultation than occurred. Local Rule 37.2 does not prevent the Court from ruling on CDK's motion on the merits. *Baxter International, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 167 (N.D. Ill. 2017) (Local Rule 37.2 no bar to deciding discovery motion when the parties would not have been able to resolve the dispute even with further discussion).

Accordingly, for all these reasons, CDK's Motion for Protective Order [443] is granted. It is so ordered.

Date: January 17, 2019

                                                   Honorable Jeffrey T. Gilbert
                                                   United States Magistrate Judge