# EXHIBIT A

| | |
|---|---|
| **From:** | Miller, Britt M. |
| **To:** | Dorris, Daniel V.; SERVICE-EXTERNAL-DMS-MDL |
| **Subject:** | RE: Sandy Schwartz Deposition Request // Confidentiality Order |
| **Date:** | Tuesday, February 19, 2019 3:04:18 PM |

Dan –

Further to Andi Gulley's February 14 email, I write in response to your email below.  Defendants disagree that there is not a valid basis to take Mr. Schwartz's deposition.  Indeed, based on discovery taken to date (including from the other deponents Cox has proffered), it is clear, despite the paucity of his custodial document production, that Mr. Schwartz played a significant role in Cox's sales, marketing, and other relevant business dealings with defendants and others in this case including, but not limited to his involvement in Cox's marketing strategy, the acquisition of DealerTrack, and direct communications with Defendants and Cox's dealer customers.

We also note that every other non-dealer company in this litigation who has received a request for the deposition of its CEO during the relevant period is making that individual available for deposition—Steve Anenen (CDK), Bob Brockman (Reynolds), Steve Cottrell (Authenticom), and Don Armstrong (MVSC)—but Cox is unwilling to do the same.  As stated above, based on the discovery to date, we do not believe that Cox has a basis for resisting Defendants' request.  We are happy to meet-and-confer on the issue – and are available on Thursday at 9:00 a.m. Central if that time works for you (and if not, please propose an alternative time) – but would appreciate knowing, at the conclusion of that meet-and-confer, whether Cox maintains its refusal to produce Mr. Schwartz for deposition, so that we can promptly raise the issue with the Court.

With respect to our request for Mr. Schwartz's deposition being "inconsistent" with our prior discussions re: Mr. MacDonald and Mr. Schwartz, again, we disagree.  CDK has always taken the position that Mr. MacDonald is an inappropriate deponent given that he became CEO of CDK in 2016, after the majority of the relevant events at issue occurred, and that Steve Anenen (the CEO during the relevant period, who CDK is making available for deposition) and Robert Karp (the President of the North American business, who has already been deposed), were more appropriate deponents.  The agreement the parties reached, we believe, was with respect to Mr. MacDonald and Mr. Schwartz being made document custodians.  As we understood our agreement, we each agreed to make the other a document custodian without prejudice to our respective right to oppose either being a deponent.  Indeed, in what we believe was our last correspondence on this issue (*see* A. Gulley 10/29/18 E-Mail) we made clear *in response to Plaintiffs' request for Mr. MacDonald's deposition* that while CDK continues to believe that Mr. MacDonald is not an appropriate deponent, we nonetheless were prepared to make him available for deposition if all of the other individual defendants (Authenticom, Cox, and MVSC) and AutoLoop would make their CEOs or CEO-equivalents available for deposition.  Plaintiffs responded that they were evaluating our proposal and would remove Mr. MacDonald from the deposition list "until a decision is made".  *See* E. McKenna 10/31/18 Email.  Our records indicate that we have not received any further communication on this point from Plaintiffs, but please let us know if that is not the case.  In any event, CDK stands by its offer and will make Mr. MacDonald available for deposition if Cox makes Mr. Schwartz available for deposition.

With respect to your comments regarding the designations of transcripts, Defendants disagree with your characterizations of their designations.  Defendants' designations are in line with those of Plaintiffs.  In any event, the Agreed Confidentiality Order [Doc. No. 104, Section I(8)] sets forth the appropriate procedure for challenging confidentiality designations.  If you have specific challenges, please provide them and we will meet and confer regarding those specific challenges.

Regards – Britt and Andi

_____

**Britt M. Miller**
**MAYER BROWN LLP**
**71 South Wacker Drive**
**Chicago, Illinois 60606-4637**
**Direct Dial: (312) 701-8663**
**Direct Fax: (312) 706-8763**
**e-mail:** bmiller@mayerbrown.com

---

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Tuesday, February 12, 2019 12:16 PM
**To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** Sandy Schwartz Deposition Request // Confidentiality Order

**\*\*EXTERNAL SENDER\*\***

Counsel,

I write on behalf of Cox Automotive with respect to the requested deposition of Sandy Schwartz.  We do not believe there is a valid basis for Defendants to seek his deposition.  Mr. Schwartz is the CEO of Cox Automotive, and any relevant knowledge that he may have would also be possessed by other individuals at Cox Automotive, including witnesses Defendants have already deposed.  If Defendants believe there are any unique issues on which Mr. Schwartz may have knowledge that others at Cox Automotive do not have similar (or better) knowledge, please identify them.  Defendants' request is also inconsistent with our prior discussions regarding not deposing Mr. MacDonald and Mr. Schwartz.

In addition, we'd like to meet and confer regarding the Confidentiality Order.  Defendants continue to misuse the Highly Confidential label, now extending their misuse to the virtual entirety of their deposition transcripts.  Defendants' designations have prevented us from adequately consulting with our clients.  Accordingly, we'd like to discuss amending the Confidentiality Order to allow for one in-house individual at each Individual and Vendor Class Plaintiff to see Highly Confidential documents.  We would of course agree to the same condition for Defendants.

We are available to meet-and-confer regarding these issues at 10 a.m. on Friday.

Best,

Dan

--

**Dan Dorris**

Kellogg, Hansen, Todd, Figel & Frederick, PLLC

1615 M Street NW, Suite 400

Washington, DC 20036

Phone: 202-326-7938

Email: ddorris@kellogghansen.com

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.