# Exhibit 1

**MAYER•BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

**Jessica A. Michaels**
Direct Tel +1 312 701 7121
Direct Fax +1 312 706 8135
jmichaels@mayerbrown.com

January 9, 2019

<u>B<small>Y</small> E-M<small>AIL</small></u>

Derek T. Ho
K<small>ELLOGG</small>, H<small>ANSEN</small>, T<small>ODD</small>, F<small>IGEL</small> & F<small>REDERICK</small>, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036

Re:   *In re Dealer Management Systems Antitrust Litig.*,
       MDL No. 2817

Dear Derek:

I write on behalf of Defendant CDK Global, LLC ("CDK") to address certain deficiencies in AutoLoop's revised privilege and redaction logs (the "Logs") produced to CDK on December 6, 2018. In particular, many entries in the Logs do not satisfy AutoLoop's burden of establishing privilege under the Federal Rules of Civil Procedure or the Stipulated Order Re: Discovery of Electronically Stored Information (the "ESI Order") (Dkt. 105), which governs discovery matters—including privilege logs—in the above referenced litigation.

Included with this letter are two excel spreadsheets that identify various deficiencies with the Logs on an entry-by-entry basis. CDK is available to meet-and-confer with AutoLoop regarding the deficiencies in the Logs on Friday, January 11, 2019, at 1 pm Central. Please let us know if you are available at that time. If not, please propose another time in the short term that AutoLoop is available to discuss these issues.

Although the below list is not exhaustive, the Logs are deficient in the following areas:

1. **<u>Vague Descriptions</u>**

The descriptions of the subject matter in many of AutoLoop's Log entries are so vague as to be meaningless. The party withholding otherwise discoverable materials under a claim that they are privileged or protected as work product bears the burden of proving that the materials are in fact immunized from discovery. *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). To meet its burden, the withholding party must describe the nature of the material in such a way that the requesting party can "assess the claim." Fed. R. Civ. Pro. 26(b)(5)(A). As the court explained in *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992):

> The log should . . . describe the document's subject matter, purpose
> for its production, and a specific explanation of why the document
> is privileged or immune from discovery. These categories,
> especially this last category, must be sufficiently detailed to allow

Mayer Brown LLP operates in combination with other Mayer Brown entities, which have offices in North America,
Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Derek T. Ho, Esq.
January 9, 2019
Page 2

> the court to determine whether the discovery opponent has discharged its burden of establishing the [existence of the claimed privilege or immunity].

Many entries on the Logs fall far short of this basic requirement. For example, AL_MDL_PRIV_0096 is described as a "[c]onfidential communication reflecting the provision of legal advice regarding potential legal claims." But it is simply not possible, based on such oblique descriptions, for CDK to assess AutoLoop's privilege claims.

CDK requests that AutoLoop supplement the descriptions on its Logs for each entry to meet its burden of establishing privilege.

2. **Work Product**

The work product doctrine "protects from discovery documents and tangible things that are prepared in anticipation of litigation," but "generic descriptions" in the Logs do not establish the privilege. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 217, 220 (N.D. Ill. 2013) (internal quotation marks omitted). The party asserting work-product immunity bears the burden of showing the documents are "prepared because an articulable claim, likely to lead to litigation, has arisen," rather than "in the normal course of business for the remote prospect of litigation." *Lockhart v. ExamOne World Wide, Inc.*, No. 2:11-CV-37-JMS-WGH, 2012 WL 243688, at *2 (S.D. Ind. Jan. 25, 2012).

Many entries on the Logs claiming protection under the work-product doctrine appear akin to the "report in anticipation of litigation" that the *Allendale* court provided as an example of an insufficiently vague description. 145 F.R.D. at 88. AL_MDL_PRIV_0791, for example, is described as a "[c]onfidential communication reflecting the request for legal advice and work product of Friddell*, Rusty, Jaye*, Nathan, and Buchman*, Barry prepared in anticipation of litigation." This is insufficient for CDK to determine whether the work product "was prepared because an articulable claim, likely to lead to litigation, ha[d] arisen." AL_MDL_PRIV_1163, for example, is described as a "[c]onfidential communication reflecting the request for legal advice and work product prepared in anticipation of litigation and collection and analysis of facts in support of legal claims." The vague reference to a "legal claims" is also insufficient for CDK to determine whether the work product "was prepared because an articulable claim, likely to lead to litigation, ha[d] arisen."

Additionally, AutoLoop claims protection under the work-product doctrine for AL_MDL_PRIV_0076 and AL_MDL_PRIV_0091, which are purported to be "[c]onfidential communication[s] reflecting the request for and provision of legal advice of Jaye*, Nathan regarding contract negotiations." The requirements of the work-product doctrine have not been met with respect to this communication, as it is clear from the description that it was not created in anticipation of litigation.

Derek T. Ho, Esq.
January 9, 2019
Page 3

AutoLoop's work product claims fall short of establishing protection under the work product doctrine. To the extent AutoLoop continues to assert work product protection over these documents, CDK requests that AutoLoop supplement the Log descriptions for each entry to meet its burden of establishing privilege.

### 3. No Attorney on Communication

AutoLoop's Logs contain many withheld communications that were exclusively between non-attorneys. That an attorney is not a sender or recipient of a communication "doesn't necessarily scotch a claim of privilege or work product, but it does raise red flags." *United States ex rel. McGee v. IBM Corp.*, No. 11 C 3482, 2017 WL 1232616, at *2 (N.D. Ill. Apr. 4, 2017). Communications between non-attorney employees, even if they relate to legal matters, are not privileged. *Lockhart*, 2012 WL 243688, at *2. To the extent the communication between the non-attorneys qualifies as privileged, that portion should be redacted with the remainder of the communication produced. Fully withheld communications between non-attorneys should be re-produced to CDK so that only the specific portion of those documents that reflect the provision of legal advice is redacted.

Numerous withheld or redacted communications between non-attorney employees merely reflect the fact of a possible request for legal advice rather than the content of such a request. *See, e.g.*, AL_MDL_PRIV_0035 ("Confidential communication reflecting the request for legal advice and work product of Jaye*, Nathan prepared in anticipation of litigation regarding compliance with pending regulatory action."). Communications between non-attorneys in which someone mentions that he plans to seek, or has sought, legal advice are not privileged. *Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 WL 3624084, at *2 (N.D. Ill. Aug. 23, 2017). Documents between non-attorneys merely "reflecting a request for legal advice" should be fully produced.

### 4. No Recipient Listed

The ESI Stipulation is clear: entries must identify, among other things, the "author" and "recipient(s)" of the document being withheld or redacted. ESI Stip. 18. Yet for many entries, AutoLoop's Logs fail to do so. AL_MDL_PRIV_0837, for example, is described as a "[c]onfidential communication reflecting the request for legal advice regarding CDK product offering," but does not identify the author/sender. Similarly, AL_MDL_PRIV_0505 is described as a "[c]onfidential communication reflecting the provision of legal advice regarding potential litigation and work product prepared in anticipation of litigation," but the entry does not identify the recipient. Other entries identify the author/sender as "Loop" and fail to identify the recipient, despite being described as communications. *See, e.g.,* AL_MDL_PRIV_0155. Besides contravening the ESI Stipulation, these deficiency prevents CDK from assessing the applicability of the privilege. *See* Fed. R. Civ. P. 26(b)(5)(A).

For those entries without identified authors and recipients, we ask that AutoLoop either correct the deficiency or produce the underlying document.

Derek T. Ho, Esq.
January 9, 2019
Page 4

### 5. Information Disclosed Outside AutoLoop

As you are aware, "disclosure to a third party outside the scope of the privilege generally waives the protection of the attorney-client privilege by destroying the confidential nature of the communication." *LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 3294800, at *3 (N.D. Ill. Aug. 24, 2009). For example, in AutoLoop's Logs, a number of communications including Mayz Yang at Subaru Connect may have been improperly withheld. *See* AL_MDL_PRIV_0870 to AL_MDL_PRIV_0880.

For each entry involving a third party, AutoLoop should produce the document or provide a specific justification for not doing so. For instance, for each communication for which AutoLoop is claiming a "common interest privilege," please identify the specific common interest AutoLoop is claiming. As written, the Logs contain no such justifications.

*********

We reiterate that the above deficiencies are representative but not exhaustive. We reserve our rights as to every deficiency in the Logs. Our review of the Logs is ongoing and we reserve our rights to raise challenges to additional entries as necessary.

Sincerely,

*/s/ Jessica A. Michaels*

Jessica A. Michaels

cc: Plaintiffs' Co-Lead Counsel
      Defendants' Counsel