PUBLIC VERSION

# Exhibit 2

**PUBLIC VERSION**

**MAYER•BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

January 9, 2019

**Jessica A. Michaels**
Direct Tel +1 312 701 7121
Direct Fax +1 312 706 8135
jmichaels@mayerbrown.com

<u>BY E-MAIL</u>

Daniel V. Dorris
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036

Re:   *In re Dealer Management Systems Antitrust Litig.*,
      MDL No. 2817

Dear Daniel:

I write on behalf of CDK Global, LLC ("CDK") to address certain deficiencies in Cox Automotive Inc.'s ("Cox") revised privilege log (the "Log") sent on December 6, 2018. In particular, many entries in the Log do not satisfy Cox's burden of establishing privilege under the Federal Rules of Civil Procedure or the Stipulated Order Re: Discovery of Electronically Stored Information (the "ESI Order") (Dkt. 105), which governs discovery matters—including privilege logs—in the above referenced litigation. The following examples are representative of the deficiencies in the Log, but the list is not exhaustive.

Included with this letter is an Excel spreadsheet that identifies various deficiencies with Cox's Log on an entry-by-entry basis. CDK is available to meet-and-confer with Cox regarding the deficiencies in the Log on Friday, January 11, 2019 at 1 pm Central. Please let us know if you are available at that time. If not, please propose another time in the short term that Cox is available to discuss these issues.

*Vague Descriptions*

To satisfy its burden of establishing that a particular communication merits privilege protection, Cox must "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 217 (N.D. Ill. 2013) ("The party seeking to invoke the privilege bears the burden of proving all of its essential elements."). That is, each entry on the Log must describe the "document's subject matter" and offer a "specific explanation of why the document is privileged." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992). Many entries on the Log fall far short of this basic requirement. Log entry 487, for example, describes the document as "Email communication(s) reflecting the request and provision of legal

Daniel V. Dorris
January 9, 2019
Page 2

advice regarding guidance with draft correspondence (with attachment(s)).ced" That description says nothing about the document's subject matter.[1]

We request that Cox supplement the Log descriptions for each entry to meets its burden of establishing privilege.

*Documents "Reflecting the Request of Legal Advice"*

Many entries in the Log refer to communications "reflecting the request of legal advice." *See, e.g.*, Entry 380. But "descriptions like 'reflecting request for legal advice' do not make out a claim of attorney-client privilege. Communications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *United States ex rel. McGee v. IBM Corp.*, No. 11 C 3482, 2017 WL 1232616, at *2 (N.D. Ill. Apr. 4, 2017) (internal quotation marks omitted). Log entries such as number 380—"Redacted email communication(s) reflecting the request of legal advice regarding notice of CDK fee increase"—thus do not establish a privilege.

Because Cox has not met its burden of establishing privilege for these entries, we request that Cox produce the documents.

*References to "Impressions of Counsel"*

Many entries in the Log refer to communications reflecting the "impressions of counsel." *See, e.g.*, Entry 586. But the attorney-client privilege extends only to communications made: "(1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship." *See LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 3294800, at *2 (N.D. Ill. Aug. 24, 2009) (citation omitted). Stating that a document reflects the "impressions of counsel" does not even assert that legal advice of any kind was sought or provided.

Because Cox has not met its burden of establishing privilege for these entries, we request that Cox produce the documents. To the extent Cox continues to assert privilege over these documents, it should supplement the Log descriptions for such entries to meet its burden of establishing privilege.

---

[1] *See Allendale*, 145 F.R.D. at 88: "The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements expounded upon in the foregoing discussion. Accordingly, descriptions such as 'letter re claim,' 'analysis of claim,' or 'report in anticipation of litigation'—with which we have grown all too familiar—will be insufficient."

Daniel V. Dorris
January 9, 2019
Page 3

*Work Product Claims*

The work product doctrine "protects from discovery documents and tangible things that are prepared in anticipation of litigation," and the "doctrine applies only when there was an identifiable prospect of litigation because of specific claims that have arisen." *See Husain*, 291 F.R.D. at 217 (internal quotation marks omitted). "[G]eneric descriptions" in a log do not establish the privilege. *Id.* at 220.

For Cox's work product descriptions, characterizing them as "generic" would be charitable. Many simply tack on the phrase "work product" to a claim of attorney-client privilege without providing any further details. Entry 4736, for example, states: "Presentation reflecting the impressions of counsel and work product regarding potential litigation." By any metric, that description does not suffice. Merely asserting that a document is "work product" does not establish that the documents were prepared in anticipation of litigation rather than in the ordinary course of business. *See, e.g.*, *Int'l Surplus Lines Ins. Co. v. Willis Corroon Corp*., No. 91 C 6057, 1992 WL 345051, at *8 (N.D. Ill. Nov. 12, 1992) (finding privilege log descriptions that "d[id] nothing to suggest they were not prepared in the ordinary course of business" were not sufficient to establish work product protection).

Some entries also predate when Cox could have contemplated identifiable litigation. *See, e.g.*, Entry 349 (dating to June 30, 2015). Work product claims of that sort must be viewed with a "jaundiced eye." *McGee*, No. 11 C 3482, 2017 WL 1232616, at *2 (discussing work product claims over documents created three or four years before filing of case). In 2015, there was no "identifiable prospect of litigation because of specific claims" related to this case. *See Husain*, 291 F.R.D. at 217 (internal quotation marks omitted).

Cox's work product claims fall short of establishing protection under the work product doctrine. To the extent Cox continues to assert work product protection over these documents, we request that Cox supplement the Log descriptions for each entry to meet its burden of establishing privilege.

*No Attorney on Communication*

In a privilege log, communications between only non-attorneys "raise red flags." *McGee*, No. 11 C 3482, 2017 WL 1232616, at *2.

That is particularly so where, as for many of Cox's documents, the materials are fully withheld rather than merely redacted to conceal the allegedly privileged sections that reflect legal advice of an attorney. *See, e.g.,* Entry 1. Moreover, communications reflecting only the "request" for legal advice should not even be redacted. *See, e.g.*, Entry 380. That is so because, as discussed above, "descriptions like 'reflecting request for legal advice' do not make out a claim of attorney-client privilege. Communications from attorney to client are privileged only if they

Daniel V. Dorris
January 9, 2019
Page 4

constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *McGee*, No. 11 C 3482, 2017 WL 1232616, at *2.

We ask that Cox produce (with redactions, if warranted) the following two categories of documents: communications between non-attorneys that are (1) withheld or (2) reflect only the request of legal advice.

*References to "Cox Legal Department"*

In the Log, many entries do not identify the attorney supporting the asserted privilege. The entries instead list "Cox Legal Department"—a group without even an associated email address. *See, e.g.*, Entry 382. That does not suffice. "Whether a privilege exists is a fact-intensive inquiry." *Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444, at *10 (N.D. Ill. Sept. 5, 2018) (internal quotation marks omitted). The party asserting the privilege must show, among other things, that the communications were made "in connection with the provision of legal services . . . to an attorney." *See LG Elecs.*, No. 08 C 242, 2009 WL 3294800, at *2 (citation omitted). The identity of the involved attorney matters for this showing. For example, we are unable to even ascertain whether the communication involves an attorney, as it is possible the "Cox Legal Department" includes non-lawyers.

Because Cox has not satisfied its burden of identifying the attorney that provided legal advice, we request that Cox supplement the Log with this information or produce these documents.

*No Author and/or Recipient Listed*

The ESI Order is clear: entries must identify, among other things, the "author" and "recipient(s)" of the document being withheld or redacted. *See* Stipulated Order Re: Discovery of Electronically Stored Information 17-18 (Dkt. 105). Yet for many entries, Cox fails to do so. Log entry 3066, for example, purports to log a "Memorandum reflecting the request of legal advice . . . ," but identifies neither the author nor recipient. So too for Log entry 2109, which purports to log a "Letter reflecting the provision of legal advice . . . ," but identifies neither the letter-author nor letter-recipient. Besides contravening the ESI Order, this deficiency prevents us from assessing the applicability of the privilege. *See* Fed. R. Civ. P. 26(b)(5). Indeed, the Log lacks even a column header for "Author."

For those entries without identified authors or recipients, we ask that Cox either correct the deficiency or produce the underlying document.

*Information Disclosed Outside Cox*

"[D]isclosure to a third party outside the scope of the privilege generally waives the protection of the attorney-client privilege by destroying the confidential nature of the communication." *LG Elecs.*, No. 08 C 242, 2009 WL 3294800, at *3. A number of entries in the Log indicate that the

Daniel V. Dorris
January 9, 2019
Page 5

communication was sent to non-Cox employees. For example, a number of communications include Leigh Parrish of Joele Frank. *See, e.g.*, Log entry 1385. Additionally, Log entry 2453 includes Brad Fleener of Reynolds & Reynolds.

For each entry involving a third party, Cox should produce the document or provide a specific justification for not doing so. As written, the Log contains no such justifications.

Cox also names several distribution lists, such as "CAI Retail Solutions Leadership Team," as a sender or recipient of many of the communications appearing on the Log. It is difficult to evaluate the privilege claim as it would apply to an email sent to a list of unidentified recipients. Please confirm that, at least since January 1, 2013, no non-Cox employees have received emails through any distribution lists appearing on the Log. If any non-Cox employees have received emails through those listservs, please identify them.

*********

We reiterate that the above deficiencies are not exhaustive. Our review of the Log is ongoing and we reserve our rights to raise challenges to additional entries as necessary.

Sincerely,

*/s/ Jessica A. Michaels*

Jessica A. Michaels

cc: Plaintiffs' Co-Lead Counsel
 Defendants' Counsel