**PUBLIC VERSION**

# Exhibit 3

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

January 18, 2019

*Via Electronic Mail*

Jessica A. Michaels
Mayer Brown
71 South Wacker Drive
Chicago, IL 60606

   Re: *In re Dealer Management Systems Antitrust Litig.*,
     MDL No. 2817

Dear Jessica:

  I write in response to your January 7[1] letter regarding Defendants' objections to AutoLoop's revised privilege and redaction logs produced to Defendants on December 6, 2018.

  **1. "Vague" Descriptions**

  CDK incorrectly asserts that "all" of AutoLoop's log entries are overly vague. Indeed, CDK actually challenges as vague only 374 entries for which its "Basis for Challenge" is that the description "does not provide sufficient factual information for defendants to evaluate the merits of the privilege claim." CDK's challenge also fails for those entries. For example, the very first privilege log entry that CDK challenges for vagueness, AL_MDL_PRIV_0001, is an internal email from AutoLoop's chief operating officer to AutoLoop's general counsel and other company insiders with the description "[c]onfidential communication reflecting the request for and provision of legal advice regarding potential litigation . . . ." That description provides "the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992). The log shows that it is an internal communication including AutoLoop's in-house attorney, and explains that the communication reflects the provision of legal advice concerning potential legal claims. *See also*, *e.g.*, AL_MDL_PRIV_0124 ("Confidential communication reflecting the provision of legal advice prepared in anticipation of litigation and regarding pending regulatory investigation."); AL_MDL_PRIV_0172 ("Confidential communication reflecting the request for legal advice and work product prepared in anticipation of litigation regarding effect of recent developments on legal strategy.")

---

[1] Received at 12:45 am EST on January 8, 2019.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 2

We further note that the specificity provided by AutoLoop mirrors what CDK itself has provided in its privilege log. CDK's privilege log contains entries with a description of the form: "Document reflecting legal advice of [an attorney] regarding regulatory investigation and/or litigation." In addition, there appear to be more than 1,300 entries on CDK's privilege log of the form, "[d]ocument reflecting legal advice of [an attorney] regarding contract enforcement and/or termination," or "[d]ocument reflecting legal advice of [an attorney] regarding contract interpretation." *See, e.g.*, CDK_Priv_0000008; CDK_Priv_0000469; CDK_Priv_0000754. Reynolds privilege log contains many similar entries.

As such, we strongly disagree that "each" of AutoLoop's descriptions are inadequate. Nevertheless, in order to avoid waste of the parties' and the court's resources in what AutoLoop believes would be futile motion practice, *if* Defendants will do the same, AutoLoop will supplement the descriptions it has provided for the Log entries specifically challenged by Defendants on this basis, as appropriate. To the extent Defendants challenge the vagueness of AutoLoop's privilege log descriptions, AutoLoop will request that any relief ordered by the Court apply reciprocally to Defendants.

### 2. Work Product

CDK's assertion that all of AutoLoop's log entries concerning work product are deficient also fails. Indeed, CDK actually challenges AutoLoop's work product assertions for 376 documents for which CDK's "Basis for Challenge" is that the entry "does not provide sufficient factual information for defendants to evaluate the merits of the privilege claim." For instance, you challenge AL_MDL_PRIV_0189, which is described as "Confidential communication reflecting the provision of legal advice prepared in anticipation of litigation and regarding pending regulatory investigation." Such a description clearly expresses that the document was created because of the prospect of litigation related to a pending regulatory matter. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* 244 F.R.D. 412, 423–24 (N.D. Ill. 2006) ("documents are protected by the work product privilege if they were prepared 'because of the prospect of litigation.'") (citing *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508 514 (N.D.Ill.2005) ( "The standard ... that the documents must be 'created principally or exclusively to assist in contemplated litigation' is ... not the applicable legal standard in the Seventh Circuit.")). CDK's and Reynolds' own privilege logs include descriptions of work product that include similar levels of detail about the underlying litigation or anticipated litigation. *See, e.g.*, CDK_Priv_0000701 ("Email between attorney(s) and clients providing legal advice regarding draft press release and/or public statement and prepared in anticipation of and connection with potential litigation.").

Nevertheless, in order to avoid waste of the parties and the court's resources in what AutoLoop believes would be futile motion practice, *if* Defendants will do the same, AutoLoop will supplement the descriptions it has provided for the Log entries asserting work-product

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 3

privilege specifically challenged by Defendants on that basis. To the extent Defendants challenge the sufficiency of AutoLoop's assertions of work product privilege, AutoLoop will request that any relief ordered by the court apply reciprocally to Defendants.

### 3. No Attorney on Communication

As Defendants are well aware, it is commonplace for communications within a company to contain privilege client confidences and legal advice, even without the presence of an attorney on the communication. *See Crabtree v. Experian Info. Sols., Inc.*, No. 1:16-CV-10706, 2017 WL 4740662, at *2 n. 2 (N.D. Ill. Oct. 20, 2017) (holding communications without attorneys were entitled to privilege as "communication need only reveal 'directly or indirectly' the substance of an attorney-client communication."). "The work product doctrine clearly protects party, and not just attorney, preparation" and "the fact that a particular communication may not go to an attorney does not prevent its being work product." *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 616 (N.D. Ill. 2000). Indeed, CDK itself makes many assertions of privilege over communications between non-attorneys. There appear to be more than 400 entries where privilege is asserted for communications between non-attorneys "discussing" legal advice that had been provided. *See, e.g.*, CDK_Priv_0000001; CDK_Priv_0000030.

Despite this disagreement, *if* Defendants are willing to do the same, AutoLoop is willing to re-review each log entry for a communication where no attorney is a sender or recipient, and supplement its Log or produce the documents as appropriate. To the extent Defendants challenge AutoLoop's assertion of privilege over communications between non-attorneys, AutoLoop will request that any relief ordered by the court apply reciprocally to Defendants.

### 4. No Recipient Listed

To the extent logged documents are missing author or sender information, and such information is reasonably available, AutoLoop will re-review those documents and supplement its Log to provide such information.

With respect to the "recipient" fields, most Logged items missing this information were not communications such that the document had a "recipient." As such, it would be impossible to populate a "recipient" field beyond the information available in the "custodian" field, which plainly reflects the identified persons who were in possession of such documents as collected. To the extent such information is available, however, AutoLoop will re-review those documents and supplement its Log to provide such information. AutoLoop notes that CDK's own log has over 400 entries missing author and/or sender metadata, and Reynolds has nearly 300 such entries. To the extent such information is available, Defendants are obligated to provide it as well. And to the extent CDK seeks relief regarding missing author and/or sender information in

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 4

AutoLoop's privilege log, AutoLoop will request that any relief ordered by the court be applied reciprocally to Defendants.

### 5. Information Disclosed Outside AutoLoop

Your letter cited eleven e-mails to Mayz Yang (AL_MDL_PRIV_0870-0880). At the time these e-mails were sent, Ms. Yang was an AutoLoop employee, as indicated by the mayz@loop.com e-mail address that is cc'd in the e-mails you cited. Subaru provided Ms. Yang with the e-mail address mayz@subarucareconnect.com because, at the time, she was working primarily on providing service and support for AutoLoop's white-labeled products for Subaru. But she was always an AutoLoop employee (and, in fact, Ms. Yang is still an AutoLoop employee). Therefore, information disclosed to Mayz Yang was not disclosed "outside" of AutoLoop.

Additionally, AutoLoop confirms that no non-AutoLoop employees have received emails through any distribution lists appearing on the log from January 1, 2013, to the present.

Very truly yours,

*s/ Daniel S. Guarnera*

Daniel S. Guarnera

cc: MDL External Service List