# Exhibit 10

# MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

February 8, 2019

**Jessica A. Michaels**
Direct Tel +1 312 701 7121
Direct Fax +1 312 706 8135
jmichaels@mayerbrown.com

<u>B</u>Y <u>E-M</u>AIL

Daniel J. Nordin
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402

Re: *In re Dealer Management Systems Antitrust Litig.*, MDL No. 2817

Counsel:

I write in further response to your letter dated December 25, 2018 regarding the privilege log (the "Log") produced by defendant CDK Global, LLC ("CDK") in the above referenced matter. As agreed by the parties, CDK has reviewed all entries on the Log that Dealership Plaintiffs have challenged and CDK has revised certain of those challenged entries accordingly.[1] Shortly, CDK will be making a production of the revised log ("Revised Log") and documents the CDK has determined to be not privileged or to require lesser redactions via secure file transfer.

Passwords needed to access the Revised Log and the aforementioned documents will be delivered to the designated individuals at each of your firms via separate secure file transfers. Certain of the documents in the production have been designated "Confidential" or "Highly Confidential" in accordance with the Agreed Confidentiality Order in this MDL proceeding (Dkt. 104), and should be treated accordingly. Moreover, this production is made subject to and without waiver of any of CDK's existing or potential objections to discovery requests, and, further, any production of privileged or otherwise protected documents in this production is inadvertent and not intended as a waiver of any such protections. By providing these documents, CDK does not intend to waive, and is not waiving, its protections under the attorney-client privilege, the work product doctrine, or any other applicable privilege. Any disclosure of privileged or protected information is inadvertent and should not be deemed a waiver. In accordance with the Agreed Confidentiality Order, CDK requests that counsel promptly return or destroy any inadvertently disclosed privileged documents and all copies thereof. Please let us know if you have any difficulty accessing the documents.

Certain of the other issues raised by Dealership Plaintiffs are addressed in additional detail below.

---

[1] CDK disagrees, however, with Plaintiffs' characterizations of the Log and disagrees that the Log is in any way deficient. CDK reserves all rights in this regard.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 2

### I. Additional Documents on CDK's Revised Log

CDK's Revised Log contains entries for documents withheld or produced in redacted form that were identified during the review and preparation of the supplementary document productions delivered on December 31, 2018 and January 28, 2019. The Privilege Log Identification Number range for these additional entries on the revised Log is CDK_Priv_0011954 – CDK_Priv_0012059.

### II. Documents with Numerous Participants

Dealership Plaintiffs originally challenged 452 entries on the Log based on the number of recipients. *See* Schedule A. Specifically Dealership Plaintiffs alleged that "Even if underlying communication is privileged, dissemination to a large number of individuals increases the chances this message was sent to someone who did not need access to the communication, thus waiving any privilege." Dealership Plaintiffs agreed following meet-and-confers with Defendants that they would limit this challenge to documents including twenty or more recipients. 01/11/2019 Email from D. Nordin to L. Caseria and A. Gulley. CDK has re-reviewed all 51 emails plus their family members on the Log that included twenty or more recipients. *See* Schedule B. As a result of that re-review, CDK is withdrawing its claim on 40 of the 51 entries challenged and will produce those documents (plus family members as appropriate).

### III. Emails with Third-Party Addressees

With regard to Dealership Plaintiffs demand that CDK "produce all emails disseminated outside the company or provide specific information to justify its claims that such dissemination did not waive privilege[,]" CDK has further investigated all such emails and has determined the following.

1. "Part and Parcel"

Dealership Plaintiffs have challenged certain entries on the Log based on the presence of a third party where the third party is present in lower/earlier emails and the top-most communication is between CDK counsel and client only.[2] For each of these entries, a communication involving a

---

[2] *See, e.g.*, CDK_Priv_0000147, CDK_Priv_0000148, CDK_Priv_0000149, CDK_Priv_0000150, CDK_Priv_0000151, CDK_Priv_0000153, CDK_Priv_0000154, CDK_Priv_0000155, CDK_Priv_0000156, CDK_Priv_0000157, CDK_Priv_0000158, CDK_Priv_0000160, CDK_Priv_0000161, CDK_Priv_0000162, CDK_Priv_0000163, CDK_Priv_0000164, CDK_Priv_0000165, CDK_Priv_0000171, CDK_Priv_0000185, CDK_Priv_0000206, CDK_Priv_0000207, CDK_Priv_0000209, CDK_Priv_0000210, CDK_Priv_0000224, CDK_Priv_0000225, CDK_Priv_0000226, CDK_Priv_0000318, CDK_Priv_0000319, CDK_Priv_0000320, CDK_Priv_0000400, CDK_Priv_0000464, CDK_Priv_0000466, CDK_Priv_0000474, CDK_Priv_0000475, CDK_Priv_0000487, CDK_Priv_0000488, CDK_Priv_0000513, CDK_Priv_0000514, CDK_Priv_0000515, CDK_Priv_0000516, CDK_Priv_0004364, CDK_Priv_0005089, CDK_Priv_0005090, CDK_Priv_0005091, CDK_Priv_0005092, and CDK_Priv_0009383.

PUBLIC VERSION

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 3

third party is either forwarded to/by (or attached to an email to/from) a CDK attorney to/from the client for the purpose of rendering or receiving legal advice. The third party communications at issue in these entries are an integral part of the privileged attorney-client communication (*i.e.*, "part and parcel" of the privileged communication) and therefore properly withheld.

2. PricewaterhouseCoopers LLP

Dealership Plaintiffs have challenged various entries on the Log that include individuals at PricewaterhouseCoopers LLP ("PwC").[3] PwC was hired by CDK to advise the company regarding corporate strategy, including regarding data management. Each communication with PwC that appears on the Log is a confidential communication between CDK, its counsel, and PwC that was made for the purpose of obtaining or providing legal advice. In each of these instances, PwC was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

3. Presidio Technology Partners

Dealership Plaintiffs have challenged various entries on the Log that include Presidio Technology Partners ("Presidio"), a consulting company hired by CDK to advise the company regarding a potential transaction with Automate.[4] Each communication with Presidio that appears on the Log is a confidential communication between CDK, its counsel, and Presidio that was made for the purpose of obtaining or providing legal advice. In each of these instances, Presidio was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request of or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

4. Secureworks

Dealership Plaintiffs have challenged various entries on the Log that include Arthur Petrochenko at Secureworks. Secureworks was hired by CDK to advise the company on data security issues.[5] Each communication with Secureworks that appears on the Log is a confidential communication between CDK, its counsel, and Secureworks that was made for the purpose of obtaining or providing legal advice. In each of these instances, Secureworks was acting in its capacity as

---

[3] *See, e.g.*, CDK_Priv_0000693, CDK_Priv_0000694, CDK_Priv_0000695, CDK_Priv_0000696, CDK_Priv_0009632, CDK_Priv_0009639, CDK_Priv_0009640, CDK_Priv_0009664

[4] *See, e.g.*, CDK_Priv_0000486, CDK_Priv_0000487, CDK_Priv_0000488

[5] *See, e.g.*, CDK_Priv_0002736, CDK_Priv_0002737, CDK_Priv_0002738, CDK_Priv_0002741, CDK_Priv_0002742, CDK_Priv_0002744, CDK_Priv_0002750, CDK_Priv_0002751, CDK_Priv_0008524, CDK_Priv_0008535, CDK_Priv_0008539, CDK_Priv_0008540, CDK_Priv_0008542

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 4

CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

5. Ernst & Young

Dealership Plaintiffs have challenged entries on the Log that include Ernst & Young ("E&Y").[6] E&Y was engaged by CDK to advise CDK regarding a joint venture with Reynolds. Each communication with E&Y that appears on the Log is a confidential communication between CDK and E&Y that was made for the purpose of obtaining or providing legal advice. In each of these instances, E&Y was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

6. Aberdeen Strategies

Dealership Plaintiffs have challenged entries on the Log that include Aberdeen Strategies, a strategic communications firm hired by CDK to assist with communications efforts on corporate matters, including responses to the ongoing litigation.[7] Each communication with Aberdeen Strategies that appears on the Log is a confidential communication between CDK and Aberdeen Strategies that was made for the purpose of obtaining or providing legal advice. In each of these instances, Aberdeen Strategies was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

7. Sard Verbinnen & Co.

---

[6] *See*, *e.g.* CDK_Priv_0011335.

[7] *See, e.g.*, CDK_Priv_0000380, CDK_Priv_0000567, CDK_Priv_0000703, CDK_Priv_0000704, CDK_Priv_0000705, CDK_Priv_0000706, CDK_Priv_0000707, CDK_Priv_0000708, CDK_Priv_0000709, CDK_Priv_0000710, CDK_Priv_0000711, CDK_Priv_0000712, CDK_Priv_0000713, CDK_Priv_0000732, CDK_Priv_0000733, CDK_Priv_0002743, CDK_Priv_0002745, CDK_Priv_0002746, CDK_Priv_0002747, CDK_Priv_0002748, CDK_Priv_0002753, CDK_Priv_0003111, CDK_Priv_0003112, CDK_Priv_0003113, CDK_Priv_0003114, CDK_Priv_0003115, CDK_Priv_0003117, CDK_Priv_0003118, CDK_Priv_0003120, CDK_Priv_0003121, CDK_Priv_0003221, CDK_Priv_0003223, CDK_Priv_0003224, CDK_Priv_0003230, CDK_Priv_0003231, CDK_Priv_0003335, CDK_Priv_0003340; CDK_Priv_0005633, CDK_Priv_0008501, CDK_Priv_0008526, CDK_Priv_0008544, CDK_Priv_0008545, CDK_Priv_0008548, CDK_Priv_0010350, CDK_Priv_0010356, CDK_Priv_0011741, CDK_Priv_0011742, CDK_Priv_0011744, CDK_Priv_0011766, CDK_Priv_0011770, CDK_Priv_0011771, CDK_Priv_0011772, CDK_Priv_0011773, CDK_Priv_0011776, CDK_Priv_0011778, CDK_Priv_0011794, CDK_Priv_0011800, CDK_Priv_0011804, CDK_Priv_0011805, CDK_Priv_0011807, CDK_Priv_0011809, CDK_Priv_0011812, CDK_Priv_0011819, CDK_Priv_0011823, CDK_Priv_0011827, CDK_Priv_0011829, CDK_Priv_0011831, CDK_Priv_0011832.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 5

Dealership Plaintiffs have challenged entries on the Log that include individuals from Sard Verbinnen & Co. ("Sard"), a strategic communications firm hired by CDK to assist with communications efforts on corporate matters. Each communication with Sard that appears on the Log is a confidential communication between CDK and Sard that was made for the purpose of obtaining or providing legal advice. In each of these instances, Sard was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

8. Joele Frank

Dealership Plaintiffs have challenged entries on the Log that include individuals from Joele Frank, a strategic communications firm hired by CDK to assist with communications efforts on corporate matters. Each communication with Joele Frank that appears on the Log is a confidential communication between CDK and Joele Frank that was made for the purpose of obtaining or providing legal advice. In each of these instances, Joele Frank was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

9. Morgan Stanley

Dealership Plaintiffs have challenged entries on the Log that include individuals from Morgan Stanley, an investment bank hired by CDK to assist with corporate strategy.[8] Each communication with Morgan Stanley that appears on the Log is a confidential communication between CDK and Morgan Stanley that was made for the purpose of obtaining or providing legal advice. In each of these instances, Morgan Stanley was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

10. Digital Motorworks

Dealership Plaintiffs have challenged entries on the Log that include individuals using @dmotorworks.com and @digitalmotorworks.com domains.[9] Communications with individuals using a Digital Motorworks email addresses are not communications with third parties, as Digital

---

[8] *See, e.g.*, CDK_Priv_0005617, CDK_Priv_0005669, CDK_Priv_0005781, CDK_Priv_0005787, and CDK_Priv_0005788.

[9] *See, e.g.*, CDK_Priv_0000431, CDK_Priv_0000433, CDK_Priv_0000436, and CDK_Priv_0000437.

Daniel J. Nordin
February 8, 2019
Page 6

Motorworks was a wholly-owned CDK subsidiary during the timeframe of the communications at issue.

    11. Red Bumper

Dealership Plaintiffs have challenged entries on the Log that include individuals using @redbumper.com domains.[10] Red Bumper was a provider of software services to CDK, and the challenged communication's relate to a legal issues arising from those services. CDK and Red Bumper shared a common interest in the outcome of the legal issues discussed in the challenged communications. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

    12. Taft Stettinius & Hollister LLP

Dealership Plaintiffs have challenged entries on the Log involving Taft Stettinius & Hollister LLP.[11] Taft Stettinius & Hollister LLP is an outside law firm that provides legal advice to CDK relating to various litigation issues. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

    13. Weil, Gotshal & Manges LLP

Dealership Plaintiffs have challenged entries on the Log involving communications with attorneys at Weil, Gotshal & Manges LLP ("Weil"). Weil is an outside law firm that provides legal advice to CDK relating to various corporate matters. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

    14. McDermott Will & Emery

Dealership Plaintiffs have challenged entries on the Log involving communications with David Rogers, a partner at the law firm McDermott Will & Emery. McDermott Will & Emery was hired by CDK to provide legal advice regarding certain employee benefits matters. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

    15. NERA

Dealership Plaintiffs have challenged various entries on the Log that include NERA.[12] NERA was hired by CDK to provide consulting services. Each communication with NERA that appears on

---

[10] *See, e.g.*, CDK_Priv_0005815.

[11] *See, E.g.*, CDK_Priv_0006260, CDK_Priv_0008498, CDK_Priv_0008912, CDK_Priv_0009122, CDK_Priv_0010275.

[12] *See, e.g.*, CDK_Priv_0003351, CDK_Priv_0003591, CDK_Priv_0003786

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 7

the Log is a confidential communication between CDK, its counsel, and NERA that was made for the purpose of obtaining or providing legal advice. In each of these instances, NERA was acting in its capacity as CDK's advisor and was included on the communication to facilitate the request for or provision of legal advice. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

16. Open Dealer Exchange and Computerized Vehicle Registration and Reynolds

Dealership Plaintiffs have challenged certain entries on the Log involving Open Dealer Exchange ("ODE") and/or Computerized Vehicle Registration ("CVR"). CDK and Reynolds jointly own the joint ventures ODE and CVR. Accordingly, the Log includes certain privileged communications with individuals at CDK and/or ODE and/or CVR and/or Reynolds. All such communications relate to the joint ventures or, in the case of Reynolds, other legal matters that CDK and Reynolds share a common interest in, such as this litigation. As such, communications between Reynolds, CDK, CVR and/or ODE concerning legal issues relating to CVR or ODE are privileged. There is no waiver under the common interest doctrine to the extent that CDK and Reynolds and each of their joint ventures shares a common legal interest.

17. ADP

Dealership Plaintiffs have challenged certain entries on the Log involving communications with ADP.[13] CDK was a subsidiary of ADP at the time the communications was made, therefore there is no waiver.

18. Nielsen Merksamer Parrinello Gross & Leoni LLP and DealerTrack

Dealership Plaintiffs have challenged entries on the Log involving CDK, CVR, and DealerTrack.[14] CDK, CVR, and DealerTrack jointly engaged Nielsen Merksamer Parrinello Gross & Leoni LLP ("Nielsen") to provide legal and lobbying services beginning in 2015 relating to issues that CDK, CVR, and DealerTrack shared a common legal interest in. Each communication with Nielsen that appears on the Log is a confidential communication between CDK, CVR, and/or DealerTrack and Nielsen that was made for the purpose of obtaining or providing legal advice. Further, CDK, CVR, and DealerTrack shared a common interest in the outcome of the legal topics discussed in each such challenged communication. As a result, these communications are protected by the attorney-client privilege and are properly withheld.

19. Third Parties that Break Privilege

---

[13] *See, e.g.*, CDK_Priv_0000405, CDK_Priv_0000474, CDK_Priv_0000475

[14] *See, e.g.*, CDK_Priv_0001036, CDK_Priv_0001038, CDK_Priv_0001039

Daniel J. Nordin
February 8, 2019
Page 8

As part of CDK's review of the Log entries Dealership Plaintiffs challenged based on the presence of third parties, CDK has determined that certain of those entries are not privileged and will be producing them in whole or in a redacted form.

### IV. CDK Email Distribution Lists Appearing on Privilege Log

As agreed, below please find the number of current members of each group email address on the Log, along with a brief description of the current general purpose of the group.[15]

| Email Address | Name | No. People | General Purpose |
|---|---|---|---|
| *CDK* | CDK@peppercomm.com | 0 | This distribution list is no longer in use. |
| AUS Account Directors (DS) | ausaccountdirectors@dmotorworks.com | 14 | Communication to Data Services Account Directors. |
| AUS Account Directors | AUS | 14 | Communication to Data Services Account Directors. |
| AUS Account Directors | ausaccountdirectors@dmotorworks.com | 14 | Communication to Data Services Account Directors. |
| AUS AD Sales | adsales.dataservices@cdk.com | 32 | Communication to Dealer Services Account Directors, their sales teams, and certain individuals from Operations. |
| AUS AD Sales | adsales@digitalmotorworks.com | 32 | Communication to Dealer Services Account Directors, their sales teams, and certain individuals from Operations. |
| AUS CDK DS Sales Engineers | cdkds.se.dataservices@cdk.com | 6 | Communication to Data Services Sales Engineers. |
| AUS Client Execs | AUSClientExecs@digitalmotorworks.com | 4 | Communication to Kevin Distelhorst's direct reports. |
| AUS DDX Support | DDX.Support@cdk.com | 9 | Communication to Dealer Data Exchange (DDX) Support Team. |
| AUS DS Incident Response Team | CDK.AUSDSIncidentResponseTeam@cdk.com | 4 | Communication to the incident response team regarding service incidents. |

---

[15] The information listed in the chart is as of December 2018.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 9

| Email Address | Name | No. People | General Purpose |
|---|---|---|---|
| AUS Exec Leadership Team | AUS.Exec.LeadershipTeam@cdk.com | 11 | Communication to Data Services leadership team. |
| AUS Recognition Team | AUSRecognition.Team@cdk.com | 0 | This distribution list is no longer in use. |
| AUS Team SFrench | DS.TeamSFrench@cdk.com | 12 | Communication to Steve French's team members. |
| AUS-DMI-Sales | sales.dataservices@cdk.com | 6 | Communication to Data Services sales team members. |
| CDK Global Communications | Internal.Communication@cdk.com | 59 | Communication to communications team members. |
| CDK Internal Communication | Internal.Communication@cdk.com | 2 | Communication to communications team members. |
| CDS-support | CDS-support@cdk.com | 4 | Communications from clients sending requests to the Consumer Data Services team. |
| DDA Sales Engineer | DDASalesEngineer@cdk.com | 2 | Communications to solutions engineering group for the Dealer Data Access program. |
| DS SUP Transition Team | DS_SUP_TransitionTeam@cdk.com | 3 | Communications to Dwight Finnamore's management team. |
| GRP-CDK | GRP-CDK@paulweiss.com | 0 | This distribution list is no longer in use. |
| GSO Cyber Security Incident Response Team | CSIRT@cdk.com | 10 | Communications to internal CDK cyber security incident response team. |

**V. Metadata And Other Challenges**

Dealership Plaintiffs make various other challenges to the Log relating to produced metadata and the basis for CDK's privilege claims.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 10

1. CDK_Priv_0000550

Dealership Plaintiffs have challenged CDK_Priv_0000550 arguing that "[s]ender information is redacted, thus making it impossible to evaluate claim of privilege" in CDK_Priv_0000550. This is not accurate. The redactions cover only the body of the emails, and there is no sender information in this email because it is a draft email from Leigh Ann Conver's custodial files, as stated in the description for this entry on the Log.

2. CDK_Priv_0000590

Dealership Plaintiffs have challenged CDK_Priv_0000590 arguing that the Log entry for CDK_Priv_0000590 "is missing metadata." This is not accurate. The document is a scanned PDF, and as such no metadata exists beyond what was provided to Dealership Plaintiffs. The names of each recipient appeared on the Log. Moreover, email addresses for each of the recipients appear elsewhere on the log, allowing Dealership Plaintiffs to fully evaluate the privilege claim. However, to assist in your review of this document, we have provided email addresses for each sender and recipient below:

- Kevin Cole - Kevin.Cole@cdk.com
- Ron Walkman - Ron.Workman@cdk.com
- Brian MacDonald - Brian.MacDonald@cdk.com
- Bob Karp - Bob.Karp@cdk.com
- Rajiv Amar - Rajiv.Amar@cdk.com
- Scott Matthews - Scott.Mathews@cdk.com
- Ron Frey - Ron.Frey@cdk.com
- Joe Bihner - Joe.Bihner@cdk.com
- Lee Brunz ESQ - Lee.Brunz@cdk.com
- Malcolm Thorne - Malcolm.Thorne@cdk.com
- Al Nietzel - Al.Nietzel@adp.com
- Dan Flynn - Dan.Flynn@cdk.com
- Robert Marvin -Robert.Marvin@cdk.com
- Matt Erickson - Matthew.Erickson@cdk.com

3. CDK_Priv_0000986

Dealership Plaintiffs have challenged the Log entry for CDK_Priv_0000986 arguing that CDK failed to identify the sender of the email. Consistent with the Stipulated Order Re: discovery of Electronically Stored Information (the "ESI Order") (Dkt. 105), the information provided by CDK in the "From" field of the Privilege Log—"Microsoft Office"—reflected the information contained in the document's metadata. However, upon further examination, CDK was able to determine that the sender was Ron Frey (Ron.Frey@cdk.com). CDK has updated the entry for this document to reflect this information.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 11

4. CDK_Priv_0002427

Dealership Plaintiffs have challenged the Log entry for CDK_Priv_0002427, arguing that the "Log does not identify the individuals to which this attachment was sent." The recipients of this document are listed in the Log entry relating to its parent email—CDK_Priv_0002426—which appears directly above CDK_Priv_0002427 in the Privilege Log.

5. CDK_Priv_0003105

Dealership Plaintiffs have challenged the Log entry for CDK_Priv_0003105 arguing that it does not identify sender of email. Consistent with the ESI Order, the information provided by CDK in the "From" field of the Log—"Microsoft Office"—reflected the information contained in the document's metadata. However, upon further examination, CDK was able to determine that the sender was LeeAnne Worthington (LeeAnne.Worthington@cdk.com). CDK has updated the entry for this document to reflect this information.

6. CDK_Priv_0003367

As with CDK_Priv_0000590 discussed above, Plaintiffs have challenged the Log entry for CDK_Priv_0003367 arguing that the entry "is missing metadata." This is not accurate. The documents is a scanned PDF, and as such no metadata exists beyond what was provided on the Log. The names of each recipient were provided to Plaintiffs on the Log. Additionally, the emails addresses for each recipient appear elsewhere on the Log, allowing Dealership Plaintiffs to full evaluate the privilege claim. However, to assist in your review of these documents, we have provided email addresses for each sender and recipient below.

- o Kevin Cole - Kevin.Cole@cdk.com
- o Matt Erickson - Matthew.Erickson@cdk.com
- o Robert Marvin - Robert.Marvin@cdk.com

7. CDK_Priv_0005704

Dealership Plaintiffs have challenged the Log entry for CDK_Priv_0005704 arguing that the "[e]mail addresses were not provided as agreed upon." CDK provided all sender and recipient metadata associated with this document to Plaintiffs in its revised Log provided to Plaintiffs in December 2018. Nevertheless, CDK has provided the email addresses again below to further assist Dealership Plaintiffs in evaluating the privilege claim:

- o Daniel Sperer - Daniel.Sperer@cdk.com
- o Joe Bihner - Joe.Bihner@cdk.com
- o Josh Douglas - Josh.Douglas@cdk.com
- o Tom d'Ambrosio ESQ - Tom.dAmbrosio@cdk.com

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 12

- o Ron Workman - Ron.Workman@cdk.com
- o Ray Menocal - Ray.Menocal@adp.com
- o Julie Le - Julia.le@cdk.com
- o James Kinzer ESQ - James.Kinzer@cdk.com
- o Kate Wald ESQ - kwald@paulweiss.com
- o Kristen-Elise DePizzo ESQ –kdepizzo@paulweiss.com

8. CDK_Priv_0006733; CDK_Priv_0006229

Plaintiffs have challenged the Log entries for CDK_Priv_0006733 and CDK_Priv_0006229 arguing that CDK did not provide email addresses. As with other challenged entries, CDK provided all available metadata to Plaintiffs, as agreed upon, in its revised Log served in December 2018. Additionally, despite the lack of email addresses on this particular log entry, the email addresses for each sender and recipient of this document appears elsewhere on the Log, allowing Dealership Plaintiffs to fully evaluate the privilege claim. Nevertheless, the further assist Dealership Plaintiffs in their review of this document, please find the email addresses below:

- o Kevin Distelhorst - kdistelhorst@digitalmotorworks.com
- o Trey Gerlich - Trey.Gerlich@cdk.com
- o Leigh Ann Conver - LeighAnn.Conver@cdk.com
- o Tom d'Ambrosio ESQ - Tom.dAmbrosio@cdk.com
- o Beth Ayotte - Beth.Ayotte@cdk.com

9. CDK_Priv_0008571

Dealership Plaintiffs have challenged CDK's description for CDK_Priv_0008571 partially because "despite this document being an email as indicated by the metadata, no metadata is included for the recipient of the message." CDK has re-checked the metadata and confirms that all the metadata that exists for the document has been provided to Plaintiffs. As the Revised Log makes clear, this document is attached to CDK_Priv_000850 and is being withheld as an integral part to that privileged communication.

10. CDK_Priv_0011945-46 and CDK_Priv_0011948-50

Plaintiffs have challenged entries assert that "[e]mail addresses are not provided as agreed upon" in the following Log entries: CDK_Priv_0011945-46; CDK_Priv_0011946;and CDK_Priv_0011948-; CDK_Priv_0011949; CDK_Priv_0011950. As CDK indicated when it agreed to produce email addresses to Plaintiffs, despite not being obligated to do so under the ESI Order, CDK exported existing metadata for each document on the Log into new columns in the revised Log served in December of 2018. Each of these documents was a hardcopy document and therefore no metadata exists.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 13

However, with the exception of one person, the email addresses for each sender and recipient appear in other Log entries, allowing Dealership Plaintiffs the opportunity to fully evaluate CDK's privilege claim. Aaron Kenyon is the sole recipient whose name and email address do not appear elsewhere on the Log. He is a lawyer that was hired in 2009 to act as Corporate Counsel for Open Dealer Exchange, LLC. Nevertheless, to further assist Plaintiffs in their review of this document, please find the email addresses below:

- o Aihong Yu ESQ - Aihong.Yu@cdk.com
- o Ken Gladish ESQ - Ken.Gladish@adp.com
- o Mike Joza - Mike.Joza@adp.com
- o Steve Luyckx - sluyckx@opendealerexchange.com
- o Aaron Kenyon ESQ - aaron.kenyon@opendealerexchange.com
- o Ron Workman - Ron.Workman@cdk.com
- o Malcolm Thorne - Malcolm.Thorne@cdk.com
- o Tom d'Ambrosio ESQ - Tom.dAmbrosio@cdk.com

11. CDK_Priv_0003116; CDK_Priv_0003119; CDK_Priv_0003123, and CDK_Priv_0006275

With regards, to CDK_Priv_0003116, CDK_Priv_0003119, CDK_Priv_0003123, and CDK_Priv_0006275, CDK has confirmed that all available metadata for these documents has been provided to Plaintiffs in the revised Log produced in December 2018. CDK continues to investigate whether there is any additional information that it can provide relating to these documents. CDK will provide Plaintiffs with additional information if it becomes available.

12. CDK_Priv_0000433; CDK_Priv_0000436-0000437; CDK_Priv_0000439; CDK_Priv_0000441; and CDK_Priv_0000508

With regard to CDK_Priv_0000433, CDK_Priv_0000436-0000437, CDK_Priv_0000439, CDK_Priv_0000441, and CDK_Priv_0000508, these documents are being withheld because they are an integral part of a privileged attorney-client communication. CDK is not asserting that they are independently privileged. As explained to Dealership Plaintiffs previously, CDK individually logged each family member that was associated with inadvertently Disclosed Protected Information identified by CDK in March and June of 2018 on the privilege logs produced to Plaintiffs at the time of those clawed back the documents pursuant the Agreed Confidentiality Order. MDL Plaintiffs were required to challenge any documents logged by CDK pursuant to Paragraph 13(a) of the Agreed Confidentiality Order "within ten business days of receipt of the claim of privilege or protection." *See* Agreed Confidentiality Order ¶13(c). Consequently, the challenge to CDK_Priv_0000433, CDK_Priv_0000436-0000437, CDK_Priv_0000439; CDK_Priv_0000441, and CDK_Priv_0000508 is barred. CDK included these entries on its final

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 14

Log in accordance with its obligation under the ESI Order, which states in relevant part, "Each privilege/redaction log should include the entries of all prior privilege logs."

### VI. Challenges Related to Produced Images

In the excel spreadsheet provided to CDK with line-by-line challenges to various entries on CDK's privilege log, Plaintiffs identify a number of Log entries that they claim do not appear to have redactions or were withheld for privilege instead of redacted: CDK_Priv_0000188, CDK_Priv_0000189 CDK_Priv_0000190, CDK_Priv_0000191, CDK_Priv_0000192, CDK_Priv_0000197, CDK_Priv_0000367-369, CDK_Priv_0000372-374, CDK_Priv_0000376, CDK_Priv_0000377, CDK_Priv_0000379, and CDK_Priv_0000445.

Each of these documents was identified in a letter that CDK sent to all MDL Plaintiffs on June 21, 2018 stating that, pursuant the Agreed Confidentiality Order (Dkt 104), the above listed documents contained inadvertently produced Disclosed Protected Information. In that letter, CDK requested that Plaintiffs destroy or return all copies of the Disclosed Protected Information pursuant to Paragraph 13(b) of the Agreed Confidentiality Order. On June 26, 2018, CDK provided MDL Plaintiffs with an overlay production containing new versions of the documents identified in its June 21, 2019 letter with all the previously identified Disclosed Protected Information redacted. Please confirm that you have destroyed all copies of the documents identified by CDK in its June 21, 2018. If Dealership Plaintiffs require CDK to re-produce a copy of this overlay, please let us know.

Additionally, MDL Plaintiffs were required to challenge any documents—including individually-identified privileged attachments—logged by CDK pursuant to Paragraph 13(a) of the Agreed Confidentiality Order "within ten business days of receipt of the claim of privilege or protection." *See* Agreed Confidentiality Order ¶13(c). As a result, your challenge to Log entries CDK_Priv_0000001 through CDK_Priv_0000187 is barred, notwithstanding that CDK included the entries it initially logged pursuant to Paragraph 13(a) of the Agreed Confidentiality Order in the subsequent iterations of its Log provided to MDL Plaintiffs on November 2, 2018 (and as amended on December 5, 2018).

### VII. Challenges Related to Redactions Not Appearing on Log

The spreadsheet Plaintiffs provided also identifies a number of documents that were withheld under the part-and-parcel doctrine but whose parent email does not appear on the Log. These documents are included on the privilege log that will be produced to the Federal Trade Commission in response to the Civil Investigative Demand ("CID") issued to CDK. Once CDK's FTC log is complete, it will be re-produced to MDL Plaintiffs. To account for this, CDK proposes an extension on the motion to compel deadline with respect to all log entries appearing on the FTC CID log, running for 30 days after the date the log is produced to MDL Plaintiffs.

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 15

Sincerely,

*/s/ Jessica A. Michaels*

Jessica A. Michaels

cc: Plaintiffs' Co-Lead Counsel
 Defendants' Counsel

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 16

## **Schedule A**

| | | | |
|---|---|---|---|
| CDK_Priv_0000096; | CDK_Priv_0000099; | CDK_Priv_0000100; | CDK_Priv_0000101; |
| CDK_Priv_0000102; | CDK_Priv_0000103; | CDK_Priv_0000104; | CDK_Priv_0000105; |
| CDK_Priv_0000106; | CDK_Priv_0000107; | CDK_Priv_0000108; | CDK_Priv_0000109; |
| CDK_Priv_0000110; | CDK_Priv_0000111; | CDK_Priv_0000112; | CDK_Priv_0000113; |
| CDK_Priv_0000114; | CDK_Priv_0000115; | CDK_Priv_0000116; | CDK_Priv_0000117; |
| CDK_Priv_0000118; | CDK_Priv_0000119; | CDK_Priv_0000120; | CDK_Priv_0000121; |
| CDK_Priv_0000122; | CDK_Priv_0000123; | CDK_Priv_0000124; | CDK_Priv_0000125; |
| CDK_Priv_0000126; | CDK_Priv_0000127; | CDK_Priv_0000380; | CDK_Priv_0000397; |
| CDK_Priv_0000398; | CDK_Priv_0000487; | CDK_Priv_0000561; | CDK_Priv_0000573; |
| CDK_Priv_0000574; | CDK_Priv_0000575; | CDK_Priv_0000590; | CDK_Priv_0000636; |
| CDK_Priv_0000637; | CDK_Priv_0000638; | CDK_Priv_0000639; | CDK_Priv_0000640; |
| CDK_Priv_0000642; | CDK_Priv_0000650; | CDK_Priv_0000653; | CDK_Priv_0000668; |
| CDK_Priv_0000703; | CDK_Priv_0000704; | CDK_Priv_0000705; | CDK_Priv_0000706; |
| CDK_Priv_0000707; | CDK_Priv_0000708; | CDK_Priv_0000709; | CDK_Priv_0000710; |
| CDK_Priv_0000711; | CDK_Priv_0000712; | CDK_Priv_0000713; | CDK_Priv_0000732; |
| CDK_Priv_0000733; | CDK_Priv_0000753; | CDK_Priv_0000780; | CDK_Priv_0000848; |
| CDK_Priv_0000870; | CDK_Priv_0000891; | CDK_Priv_0000959; | CDK_Priv_0000960; |
| CDK_Priv_0000961; | CDK_Priv_0000962; | CDK_Priv_0000963; | CDK_Priv_0000964; |
| CDK_Priv_0000965; | CDK_Priv_0000966; | CDK_Priv_0000967; | CDK_Priv_0000969; |
| CDK_Priv_0000970; | CDK_Priv_0000971; | CDK_Priv_0000972; | CDK_Priv_0000973; |
| CDK_Priv_0000974; | CDK_Priv_0000975; | CDK_Priv_0000976; | CDK_Priv_0000977; |
| CDK_Priv_0000978; | CDK_Priv_0000979; | CDK_Priv_0000980; | CDK_Priv_0000982; |
| CDK_Priv_0000983; | CDK_Priv_0000984; | CDK_Priv_0000985; | CDK_Priv_0001002; |
| CDK_Priv_0001003; | CDK_Priv_0001005; | CDK_Priv_0001057; | CDK_Priv_0001058; |
| CDK_Priv_0001059; | CDK_Priv_0001060; | CDK_Priv_0001063; | CDK_Priv_0001066; |
| CDK_Priv_0001067; | CDK_Priv_0001068; | CDK_Priv_0001070; | CDK_Priv_0001086; |
| CDK_Priv_0001511; | CDK_Priv_0001514; | CDK_Priv_0001516; | CDK_Priv_0001522; |
| CDK_Priv_0001544; | CDK_Priv_0001561; | CDK_Priv_0001584; | CDK_Priv_0001585; |
| CDK_Priv_0001836; | CDK_Priv_0001866; | CDK_Priv_0001877; | CDK_Priv_0001878; |
| CDK_Priv_0001879; | CDK_Priv_0001971; | CDK_Priv_0001972; | CDK_Priv_0002027; |
| CDK_Priv_0002028; | CDK_Priv_0002029; | CDK_Priv_0002035; | CDK_Priv_0002036; |
| CDK_Priv_0002037; | CDK_Priv_0002038; | CDK_Priv_0002046; | CDK_Priv_0002047; |
| CDK_Priv_0002259; | CDK_Priv_0002350; | CDK_Priv_0002351; | CDK_Priv_0002400; |
| CDK_Priv_0002401; | CDK_Priv_0002402; | CDK_Priv_0002403; | CDK_Priv_0002404; |
| CDK_Priv_0002410; | CDK_Priv_0002411; | CDK_Priv_0002412; | CDK_Priv_0002413; |
| CDK_Priv_0002417; | CDK_Priv_0002418; | CDK_Priv_0002426; | CDK_Priv_0002427; |
| CDK_Priv_0002428; | CDK_Priv_0002443; | CDK_Priv_0002444; | CDK_Priv_0002445; |
| CDK_Priv_0002530; | CDK_Priv_0002738; | CDK_Priv_0002840; | CDK_Priv_0002573; |

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 17

| | | | |
|---|---|---|---|
| CDK_Priv_0002589; | CDK_Priv_0002591; | CDK_Priv_0002596; | CDK_Priv_0002603; |
| CDK_Priv_0002604; | CDK_Priv_0002606; | CDK_Priv_0002635; | CDK_Priv_0002698; |
| CDK_Priv_0002699; | CDK_Priv_0002702; | CDK_Priv_0002720; | CDK_Priv_0002743; |
| CDK_Priv_0002745; | CDK_Priv_0002746; | CDK_Priv_0002747; | CDK_Priv_0002748; |
| CDK_Priv_0002752; | CDK_Priv_0002753; | CDK_Priv_0002952; | CDK_Priv_0003025; |
| CDK_Priv_0003048; | CDK_Priv_0003049; | CDK_Priv_0003050; | CDK_Priv_0003107; |
| CDK_Priv_0003108; | CDK_Priv_0003243; | CDK_Priv_0003255; | CDK_Priv_0003269; |
| CDK_Priv_0003307; | CDK_Priv_0003314; | CDK_Priv_0003334; | CDK_Priv_0003337; |
| CDK_Priv_0003343; | CDK_Priv_0003347; | CDK_Priv_0003348; | CDK_Priv_0003359; |
| CDK_Priv_0003368; | CDK_Priv_0003407; | CDK_Priv_0003408; | CDK_Priv_0003416; |
| CDK_Priv_0003417; | CDK_Priv_0003609; | CDK_Priv_0003610; | CDK_Priv_0003611; |
| CDK_Priv_0003646; | CDK_Priv_0003647; | CDK_Priv_0003651; | CDK_Priv_0004533; |
| CDK_Priv_0004534; | CDK_Priv_0004535; | CDK_Priv_0003757; | CDK_Priv_0003772; |
| CDK_Priv_0003773; | CDK_Priv_0003811; | CDK_Priv_0003829; | CDK_Priv_0003851; |
| CDK_Priv_0003949; | CDK_Priv_0003961; | CDK_Priv_0003962; | CDK_Priv_0003963; |
| CDK_Priv_0003966; | CDK_Priv_0004000; | CDK_Priv_0004068; | CDK_Priv_0004069; |
| CDK_Priv_0004088; | CDK_Priv_0004167; | CDK_Priv_0004169; | CDK_Priv_0004170; |
| CDK_Priv_0004179; | CDK_Priv_0004180; | CDK_Priv_0004182; | CDK_Priv_0004186; |
| CDK_Priv_0004187; | CDK_Priv_0004256; | CDK_Priv_0004343; | CDK_Priv_0004344; |
| CDK_Priv_0004345; | CDK_Priv_0004942; | CDK_Priv_0004953; | CDK_Priv_0004998; |
| CDK_Priv_0005017; | CDK_Priv_0005285; | CDK_Priv_0005286; | CDK_Priv_0005287; |
| CDK_Priv_0005288; | CDK_Priv_0005289; | CDK_Priv_0005291; | CDK_Priv_0005292; |
| CDK_Priv_0005303; | CDK_Priv_0005547; | CDK_Priv_0005548; | CDK_Priv_0005549; |
| CDK_Priv_0005552; | CDK_Priv_0005617; | CDK_Priv_0005704; | CDK_Priv_0005774; |
| CDK_Priv_0005777; | CDK_Priv_0005781; | CDK_Priv_0005787; | CDK_Priv_0005845; |
| CDK_Priv_0005854; | CDK_Priv_0005861; | CDK_Priv_0005883; | CDK_Priv_0005884; |
| CDK_Priv_0005940; | CDK_Priv_0005941; | CDK_Priv_0005955; | CDK_Priv_0005958; |
| CDK_Priv_0005960; | CDK_Priv_0005964; | CDK_Priv_0005965; | CDK_Priv_0005966; |
| CDK_Priv_0005967; | CDK_Priv_0005968; | CDK_Priv_0006224; | CDK_Priv_0006225; |
| CDK_Priv_0006226; | CDK_Priv_0006303; | CDK_Priv_0006305; | CDK_Priv_0007746; |
| CDK_Priv_0006227; | CDK_Priv_0006260; | CDK_Priv_0006335; | CDK_Priv_0006470; |
| CDK_Priv_0006478; | CDK_Priv_0006514; | CDK_Priv_0006684; | CDK_Priv_0006685; |
| CDK_Priv_0006817; | CDK_Priv_0006823; | CDK_Priv_0007078; | CDK_Priv_0007120; |
| CDK_Priv_0007121; | CDK_Priv_0007122; | CDK_Priv_0007139; | CDK_Priv_0007169; |
| CDK_Priv_0007181; | CDK_Priv_0007182; | CDK_Priv_0007189; | CDK_Priv_0007223; |
| CDK_Priv_0007224; | CDK_Priv_0007225; | CDK_Priv_0007366; | CDK_Priv_0007436; |
| CDK_Priv_0007441; | CDK_Priv_0007447; | CDK_Priv_0007454; | CDK_Priv_0007478; |
| CDK_Priv_0007480; | CDK_Priv_0007487; | CDK_Priv_0007523; | CDK_Priv_0007546; |
| CDK_Priv_0007548; | CDK_Priv_0007549; | CDK_Priv_0007550; | CDK_Priv_0007551; |
| CDK_Priv_0007552; | CDK_Priv_0007557; | CDK_Priv_0007595; | CDK_Priv_0007596; |
| CDK_Priv_0007597; | CDK_Priv_0007620; | CDK_Priv_0007742; | CDK_Priv_0007855; |

**PUBLIC VERSION**

Mayer Brown LLP

Daniel J. Nordin
February 8, 2019
Page 18

| | | | |
|---|---|---|---|
| CDK_Priv_0007861; | CDK_Priv_0007863; | CDK_Priv_0007990; | CDK_Priv_0007996; |
| CDK_Priv_0007997; | CDK_Priv_0008006; | CDK_Priv_0008009; | CDK_Priv_0008017; |
| CDK_Priv_0008020; | CDK_Priv_0008038; | CDK_Priv_0008039; | CDK_Priv_0008041; |
| CDK_Priv_0008052; | CDK_Priv_0008087; | CDK_Priv_0008089; | CDK_Priv_0008250; |
| CDK_Priv_0008266; | CDK_Priv_0008269; | CDK_Priv_0008912; | CDK_Priv_0009402; |
| CDK_Priv_0008309; | CDK_Priv_0008313; | CDK_Priv_0008451; | CDK_Priv_0008452; |
| CDK_Priv_0008457; | CDK_Priv_0008524; | CDK_Priv_0008525; | CDK_Priv_0008526; |
| CDK_Priv_0008539; | CDK_Priv_0008542; | CDK_Priv_0008544; | CDK_Priv_0008545; |
| CDK_Priv_0008575; | CDK_Priv_0008576; | CDK_Priv_0008591; | CDK_Priv_0008898; |
| CDK_Priv_0009012; | CDK_Priv_0009019; | CDK_Priv_0009020; | CDK_Priv_0009021; |
| CDK_Priv_0009122; | CDK_Priv_0009252; | CDK_Priv_0009253; | CDK_Priv_0009254; |
| CDK_Priv_0009255; | CDK_Priv_0009260; | CDK_Priv_0009261; | CDK_Priv_0009276; |
| CDK_Priv_0009278; | CDK_Priv_0009287; | CDK_Priv_0009288; | CDK_Priv_0009371; |
| CDK_Priv_0009390; | CDK_Priv_0009403; | CDK_Priv_0009423; | CDK_Priv_0009445; |
| CDK_Priv_0009446; | CDK_Priv_0009447; | CDK_Priv_0009464; | CDK_Priv_0009511; |
| CDK_Priv_0009512; | CDK_Priv_0010284; | CDK_Priv_0009520; | CDK_Priv_0009582; |
| CDK_Priv_0009619; | CDK_Priv_0009625; | CDK_Priv_0009630; | CDK_Priv_0009642; |
| CDK_Priv_0009652; | CDK_Priv_0009655; | CDK_Priv_0009656; | CDK_Priv_0009657; |
| CDK_Priv_0009662; | CDK_Priv_0009695; | CDK_Priv_0009704; | CDK_Priv_0009708; |
| CDK_Priv_0009715; | CDK_Priv_0009793; | CDK_Priv_0009809; | CDK_Priv_0009810; |
| CDK_Priv_0009815; | CDK_Priv_0009878; | CDK_Priv_0009990; | CDK_Priv_0009991; |
| CDK_Priv_0010002; | CDK_Priv_0010037; | CDK_Priv_0010048; | CDK_Priv_0010049; |
| CDK_Priv_0010050; | CDK_Priv_0010081; | CDK_Priv_0010128; | CDK_Priv_0010144; |
| CDK_Priv_0010168; | CDK_Priv_0010169; | CDK_Priv_0010170; | CDK_Priv_0010275; |
| CDK_Priv_0010311; | CDK_Priv_0010312; | CDK_Priv_0010347; | CDK_Priv_0010348; |
| CDK_Priv_0010349; | CDK_Priv_0010367; | CDK_Priv_0010368; | CDK_Priv_0010380; |
| CDK_Priv_0010430; | CDK_Priv_0010431; | CDK_Priv_0010438; | CDK_Priv_0010631; |
| CDK_Priv_0010729; | CDK_Priv_0011090; | CDK_Priv_0011096; | CDK_Priv_0011142; |
| CDK_Priv_0011143; | CDK_Priv_0011144; | CDK_Priv_0011333; | CDK_Priv_0011370; |
| CDK_Priv_0011371; | CDK_Priv_0011408; | CDK_Priv_0011422; | CDK_Priv_0011512; |
| CDK_Priv_0011583; | CDK_Priv_0011633; | CDK_Priv_0011634; | CDK_Priv_0011635; |
| CDK_Priv_0011636; | CDK_Priv_0011697; | CDK_Priv_0011708; | CDK_Priv_0011711; |
| CDK_Priv_0011714; | CDK_Priv_0011716; | CDK_Priv_0011717; | CDK_Priv_0011763; |
| CDK_Priv_0011771; | CDK_Priv_0011773; | CDK_Priv_0011823; | CDK_Priv_001182 |

Mayer Brown LLP

**PUBLIC VERSION**

Daniel J. Nordin
February 8, 2019
Page 19

## Schedule B

| | | | |
|---|---|---|---|
| CDK_Priv_0000380; | CDK_Priv_0000636; | CDK_Priv_0000639; | CDK_Priv_0000640; |
| CDK_Priv_0000642; | CDK_Priv_0000650; | CDK_Priv_0000848; | CDK_Priv_0001511; |
| CDK_Priv_0001514; | CDK_Priv_0001516; | CDK_Priv_0001522; | CDK_Priv_0001544; |
| CDK_Priv_0001561; | CDK_Priv_0001836; | CDK_Priv_0001866; | CDK_Priv_0001879; |
| CDK_Priv_0001971; | CDK_Priv_0001972; | CDK_Priv_0002027; | CDK_Priv_0002028; |
| CDK_Priv_0002029; | CDK_Priv_0002035; | CDK_Priv_0002036; | CDK_Priv_0002037; |
| CDK_Priv_0002038; | CDK_Priv_0002046; | CDK_Priv_0002047; | CDK_Priv_0002259; |
| CDK_Priv_0002591; | CDK_Priv_0002702; | CDK_Priv_0002952; | CDK_Priv_0003269; |
| CDK_Priv_0003651; | CDK_Priv_0004942; | CDK_Priv_0005774; | CDK_Priv_0005777; |
| CDK_Priv_0005883; | CDK_Priv_0005958; | CDK_Priv_0005960; | CDK_Priv_0006238; |
| CDK_Priv_0006260; | CDK_Priv_0008266; | CDK_Priv_0008269; | CDK_Priv_0008898; |
| CDK_Priv_0009012; | CDK_Priv_0010367; | CDK_Priv_0010430; | CDK_Priv_0010431; |
| CDK_Priv_0010438; | CDK_Priv_0010631; | CDK_Priv_0011408 | |