IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 18-CV-864 |
| | This Document Related to All Cases |

**JOINT STATUS REPORT OF DEFENDANTS AND DOMINION ENTERPRISES INCORPORATED FOLLOWING MARCH 4, 2019 STATUS CONFERENCE**

Defendants The Reynolds and Reynolds Company ("Reynolds"), CDK Global LLC ("CDK"), and Computerized Vehicle Registration ("CVR") (collectively, "Defendants") and nonparty Dominion Enterprises Inc. ("Dominion") respectfully submit a Joint Status Report addressing this Court's proposal that the parties consider resolving Dominion's objections to Magistrate Judge Gilbert's Memorandum Opinion and Order (ECF No. 461) by amending the governing Protective Order as follows: "Outside counsel for Reynolds and CDK have not been, nor for the duration of this litigation will be, involved in competitive decision-making with their clients." ECF No. 552; Hearing Tr. (March 4, 2019) at 4:22-5:3.

**Dominion's Position**

Dominion offered Defendants' the following proposed amendment to the Protective Order based on the Court's suggestion:

> No Receiving Party with access to Confidential Information or items of Dominion Enterprises, Inc., its affiliates and subsidiaries ("Dominion") shall engage in "competitive decision making" with respect to Dominion until one year after the conclusion of this Action. For purposes of this paragraph "competitive decision-making" means providing advice, legal or otherwise, or engaging in conduct, that may affect Dominion in any business. This prohibition does not extend to general advice, legal or otherwise, or conduct that the Receiving Party has concluded affects Dominion no differently than Dominion's competitors after undertaking reasonable due diligence to investigate the potential effect.

Dominion cannot accept Defendants' proposal because it does not define "competitive decision making" and it is Defendants' position that its trial counsel are not engaged in competitive decision-making. Hence acceptance of the proposal without a definition would be the equivalent of accepting the *status quo ante*.

Dominion believes that Defendant's counsel are engaged in competitive decision making and further that Dominion will likely be harmed even if Defendants' trial counsel's advice and actions were not deemed competitive decision making. Dominion's definition of competitive decision making would have offered some protection from adverse effects on Dominion resulting from trial counsel's advice and actions regarding Dominion's business relations with Defendants.

Further Dominion disagrees with Defendants' argument surrounding its citation to *Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) set forth in Defendant's Position below. In fact, competitive decision-making is a "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.)." *Id.* at 1468, n. 3; *Silversun Indus., Inc. v. PPG Indus., Inc.*, 296 F. Supp. 3d 936, 940 (N.D. Ill. 2017) (same). *See also Pfizer Inc. v. Apotex Inc.*, 744 F. Supp. 2d 758, 766 (N.D. Ill. 2010) ("rigid rules related to competitive decisionmaking must give way to a review of each case's facts").

**Defendants' Position**

Defendants are willing to accept the Court's proposed compromise because it embraces the legal standard. Understanding that this will not resolve the current dispute short of a ruling, Defendants nonetheless are prepared to submit for the Court's consideration a proposed Amended Protective Order.

Defendants do not, however, agree to Dominion's proposal because, in substance, it is the same provision that the parties have been litigating since mid-2018 and Magistrate Judge Gilbert rejected in his nine page Order. Dominion's proposed definition of "competitive decision making" appears nowhere in the case law cited and discussed extensively by the parties and reviewed in detail by Magistrate Judge Gilbert. The legal definition of "competitive decisionmaking" has been widely accepted and never expanded to "legal advice" or "general advice" by any court. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467-69 (Fed. Cir. 1984) and every case cited on this point in the extensive briefing.

Dated: March 14, 2019                                        Respectfully submitted,

*/s/ James L. McGinnis*
James L. McGinnis
SHEPPARD MULLIN RICHTER
    & HAMPTON, LLP
4 Embarcadero Center, Floor 17
San Francisco, CA 94111
(415) 434-9100
jmcginnis@sheppardmullin.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
    & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington. DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
    & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@ gibbsbruns.com

*Counsel for Defendant The Reynolds and Reynolds Company*

*/s/ Marc Schildkraut*
Marc Schildkraut
Deepti Bansal
Cooley LLP
1299 Pennsylvania Ave, NW,
Suite 700
Washington, DC 20004
(202) 728-7000
(202) 728-7027
mschildkraut@cooley.com
dbansal@cooley.com

Jeff Norberg, Ill. Bar No. 6315012
Neal & McDevitt, LLC
1776 Ash Street
Northfield, Il 60093
(847) 441-9100
jnorberg@nealmcdevitt.com

*Counsel for Non-Party Respondent Dominion Enterprises, Inc.*

*/s/ Brill M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago. 1L 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant CDK Global, LLC and Defendant Computerized Vehicle Registration*

## CERTIFICATE OF SERVICE

    I, James L. McGinnis, an attorney, hereby certify that on March 14, 2019, I caused true and correct copies of the foregoing **JOINT STATUS REPORT OF DEFENDANTS AND DOMINION ENTERPRISES INCORPORATED FOLLOWING MARCH 4, 2019 STATUS CONFERENCE** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    */s/ James L. McGinnis*
JAMES L. MCGINNIS
SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
jmcginnis@sheppardmullin.com