PUBLIC VERSION

# Exhibit 10

MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

Matthew D. Provance
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

February 26, 2019

**By E-Mail**

Michael N. Nemelka
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036-3215

Robert A. Wallner
Milberg Tadler Phillips Grossman LLP
One Pennsylvania Plaza
New York, NY 10119

Re:    *In re Dealer Management Systems Antitrust Litig.,*
       MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)

Dear Mike and Rob:

Defendants write in follow-up to our February 19, 2019 meet-and-confer regarding MDL
Plaintiffs' request that Defendants withdraw their respective privilege claims as to the February
2015 agreements. During that call, we disagreed that Plaintiffs had established any basis for a
privilege waiver but asked whether Plaintiffs would identify the specific documents they seek,
given that Defendants' privilege logs would allow Plaintiffs to provide such an itemization. You
declined to provide this information unless Defendants would commit to produce at least the
handful of privileged documents previously identified by Plaintiffs.[1] We do not understand why
Plaintiffs will not provide this information. It is clear that Plaintiffs have in mind the specific
privileged documents that they intend to seek. Your most recent letter indicated that the dispute is
limited to documents regarding Section 4.5 of the Data Exchange Agreement. Although we are
unlikely to find common ground on the underlying issues (indeed, as discussed below, the parties
have been at impasse for over a year), knowing the specific documents that Plaintiffs intend to
seek would allow Defendants to at least determine whether any partial compromises might be
possible on a document-by-document basis. But holding that information hostage unless
Defendants provide a concession—an agreement to produce certain documents, which we believe
are clearly privileged—is neither helpful nor, in our view, consistent with the obligation to meet-
and-confer in good faith arising under the Federal Rules. If Plaintiffs choose to proceed with a
motion under these circumstances, we will respond appropriately.

---

[1] Those documents are: (i) CDK Privilege Log, Entries CDK_Priv_0000562-563, 0000735-741, 0004447;
and (ii) Reynolds Privilege Log, Entries 872-79, 1095-1115, 3049, 3874.

Mayer Brown LLP operates in combination with other Mayer Brown entities, which have offices in North America,
Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP                                                          **PUBLIC VERSION**

Michael N. Nemelka
Robert A. Wallner
February 26, 2019
Page 2

A few additional points were raised during our February 19 discussion that we will briefly address. First, you asserted that footnote 12 in CDK's motion to dismiss the Dealership Class Plaintiffs' consolidated complaint "waives" privilege as to the February 2015 agreements. We have now reviewed footnote 12 and find nothing in it that might amount to a waiver of privilege (even entertaining the dubious proposition that a footnote in a motion to dismiss *could* waive privilege). Footnote 12 references the express language in Section 4.5 of the Data Exchange Agreement. Both sides in this case have advanced arguments that are based on the terms of Section 4.5 and their purported effect. This does not amount to a waiver of privilege.

You also brought up the assertion, first raised over a year ago, that Defendants had each waived privilege based on certain statements made by their counsel during the *Authenticom* preliminary injunction hearing. We believe that the parties' positions on this issue are adequately set forth in prior correspondence, *e.g.*, 11/13/2017 Ltr. from M. Nemelka; 11/15/2017 Ltr. From B. Miller; 11/16/2017 Ltr. from B. Ross; 11/24/2017 Ltr. from M. Nemelka; 12/1/2017 Ltr. from B. Miller; and 12/1/2017 Ltr. from B. Ross. As Defendants explained then, and as we confirmed in our February 12, 2019 letter, neither Defendant has asserted an "advice of counsel" defense. If Plaintiffs believed that they had grounds to seek Defendants' privileged documents on this basis, they could have raised the issue with the Court over a year ago instead of waiting until now, when the close of fact discovery is approaching.

In addition, we continue to believe that Plaintiffs' efforts to seek Defendants' privileged documents are untimely and meritless for the reasons discussed in our prior correspondence.

Regards,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc:      Plaintiffs' Co-Lead Counsel; Defense Counsel