# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18 C 864 |
| This Document Relates to All Cases | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

## DECLARATION OF LORI WILKINS IN SUPPORT OF INDIVIDUAL AND VENDOR CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

I, Lori J. Wilkins (formerly, Zimmer), pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a Management Coach and Consultant employed by Plaintiff Authenticom. I respectfully submit this declaration in support of Individual and Vendor Class Plaintiffs' Opposition to Defendants' Motion to Compel.

2.     From February 2016 to the present, I have been employed by Authenticom as a management coach and consultant. I provide leadership consulting and strategic planning services, including advising on company processes and strategic visioning and goals. Attached as **Exhibit 1** is a spreadsheet accurately reflecting the hours I have billed to Authenticom for my coaching and consulting services. Attached as **Exhibit 2** is a true and correct copy of the contract entered into between Authenticom and my company for my services.

3.     In the course of my work for Authenticom, I communicate primarily with the company's CEO, Steve Cottrell, and COO, Brian Clements.

4.     As a management coach, in order to effectively provide my services, I need to be privy to the conversations between the executive team of the company. Accordingly, I have been included on the vast majority of communications between executives, including those with Authenticom's General Counsel, Dane Brown where legal advice was sought or provided. At

various times, I have been included on Authenticom's "Executive" and "Leadership" email lists through which I have received communications concerning legal advice.

5.     To perform my job, I need access to confidential communications between Authenticom's executives, including those where legal advice is discussed. Without access to all of those interactions, I would be substantially hindered in my ability to provide leadership consulting and strategic planning services.

6.     For Authenticom specifically, I could not perform my job without being privy to the communications regarding the present antitrust litigation, which is crucial to the company's continued survival. Excluding me from communications relating to these major legal issues would have been impractical because this litigation frequently cannot be separated from broader discussions regarding the company's business strategy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 15, 2019

Lori J. Wilkins

2