# Exhibit B

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

January 18, 2019

*Via Electronic Mail*

Jessica A. Michaels
Mayer Brown
71 South Wacker Drive
Chicago, IL 60606

      Re:    *In re Dealer Management Systems Antitrust Litig.*,
             MDL No. 2817

Dear Jessica:

      I write on behalf of Cox Automotive, Inc. in response to CDK's January 9, 2019 letter regarding Cox Automotive's privilege log.

**I.    Vague Descriptions**

      CDK asserts that Cox Automotive's privilege log contains "vague descriptions" that are not sufficient to establish the privileged nature of the documents. Although CDK's letter requests that "Cox supplement the Log descriptions for *each entry*" (emphasis added), we understand CDK's assertion to apply to 1,088 documents for which CDK has asserted as a "Basis for Challenge" that the "description is vague."

      We disagree with CDK's assertion that many of the descriptions are too "vague" to establish privilege. For example, COX_MDL_P0343 is described as an "[e]mail communication reflecting the provision of legal advice regarding pending regulatory matter," and identifies Cox Automotive's inside and outside counsel as participants. That description provides the subject matter (a pending regulatory matter), purpose for production (legal advice with respect to that matter), and explanation of why the document is privileged (the provision of legal advice). *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992). Indeed, there can be no legitimate challenge to Cox Automotive's assertion of privilege with respect to Cox Automotive's inside and outside counsel providing advice regarding pending legal matters.

      We further note that the specificity provided by Cox Automotive mirrors what CDK itself has provided in its privilege log. CDK's privilege log contains entries with a description of the form: "Document reflecting legal advice of [an attorney] regarding regulatory investigation

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 2

and/or litigation." In addition, there appears to be more than 1,300 entries on CDK's privilege log of the form, "[d]ocument reflecting legal advice of [an attorney] regarding contract enforcement and/or termination," or "[d]ocument reflecting legal advice of [an attorney] regarding contract interpretation."

Cox Automotive, however, will undertake a review of the 1,088 challenges CDK has made to "vague descriptions" and will supplement its privilege log as appropriate. In the event that CDK seeks relief regarding "vague descriptions," Cox Automotive will request that any relief ordered by the Court apply reciprocally to CDK and Reynolds.

## II. Documents "Reflecting the Request of Legal Advice"

CDK challenges certain privilege log entries that contain the phrase "reflecting the request for legal advice." Cox Automotive understands this challenge to apply to 394 documents for which CDK has asserted as a "Basis for Challenge" that the description "merely reflects the fact of an attorney communication rather than the content of that communication." CDK's challenges are misplaced. It is black letter law that the attorney-client privilege protects communications "from client to lawyer" that would "reveal the content of privileged communications from clients made for the purpose of securing legal advice or services." *Lexecon, Inc. v. Milberg Weiss Bershad Spechthrie & Lerach*, 1993 WL 179789, *7 (N.D. Ill. May 24, 1993); *see also Crabtree v. Experian Info. Sols., Inc.*, 2017 WL 4740662, at *2 & n.2 (N.D. Ill. Oct. 20, 2017). Therefore, communications *requesting* legal advice are just as privileged as communications *providing* legal advice.

Once again, CDK asserts privilege in the same manner. For example, CDK_Priv_0000004 asserts privilege over emails "requesting legal advice regarding contract enforcement and/or termination." There appear to be hundreds (if not thousands) of entries on CDK's privilege log of the same type. By comparison, Cox Automotive has used similar privilege descriptions like "[e]mail communication(s) reflecting the request of legal advice regarding contract interpretation." We also note that both Reynolds and CDK have taken the same position that requests for legal advice are privileged. *See* L. Caseria Letter to D. Nordin at 2-3 (Jan. 4, 2019); Deposition of T. Gerlich at 277:20-278:9.

As with the challenge to "vague" documents, Cox Automotive will review the 394 entries that are challenged and make any appropriate modifications to its privilege log. If CDK intends to seek relief on the erroneous basis that communications requesting legal advice are not privileged, Cox Automotive will request that any relief apply reciprocally to CDK and Reynolds.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 3

### III.    References to "Impressions of Counsel"

CDK challenges privilege log entries that refer to "impressions of counsel" because those entries do not establish that legal advice was sought or provided. Our understanding is that this challenge applies to 241 documents for which CDK has asserted as a "Basis for Challenge" that "the communication merely reflects the 'impressions' of counsel does not render it privileged." Fairly read, we believe these descriptions establish privilege. For example, COX_MDL_P0003 asserts privilege over "[r]edacted email communication(s) reflecting the impressions of counsel regarding contract interpretation." The only reasonable way to read that description is that an attorney provided his or her "impressions" – *i.e.*, advice – on a legal issue on which he or she had been asked to opine. Nonetheless, Cox Automotive will review these 241 entries and make any appropriate modifications to its privilege log.

### IV.    Work Product Claims

CDK claims that all of Cox Automotive's work product assertions are deficient. We understand this challenge to apply to 136 entries for which CDK has asserted a "Basis for Challenge" that "[i]t cannot be determined from the description whether the requirements of the work product doctrine have been met." Cox Automotive disagrees that many of its descriptions are insufficient. For example, the privilege log describes COX_MDL_P0349 as an "[e]mail communication(s) reflecting the request of legal advice and work product regarding pending regulatory matter (with attachment(s))." This is materially the same as CDK's own work-product descriptions, which take the form: "[e]mail between clients gathering information at request of counsel . . . regarding Authenticom litigation and/or settlement and prepared in anticipation of and in connection with litigation" (CDK_Priv_0000353).

CDK also argues that certain assertions of work-product privilege are deficient because the documents were created years before the pending litigation. But these work-product claims are about work-product prepared for other legal matters. For example, CDK challenges COX_MDL_P0349, which is from 2015 and concerns a separate pending regulatory matter. CDK also asserts work-product claims for legal matters that precede the present litigation. *See*, *e.g.*, CDK_Priv_0000520 (asserting work-product in connection with 2013 litigation).

As with other challenges, Cox Automotive will review the 136 entries challenged by CDK and will make appropriate modifications to its privilege log. To the extent CDK challenges the sufficiency of Cox Automotive's work product descriptions, Cox Automotive will request that any relief ordered by the Court be applied reciprocally to CDK and Reynolds.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 4

### V. No Attorney on Communication

CDK requests that Cox Automotive produce documents on the privilege log for which no attorney is listed as being on the communication. Our understanding is that this challenge applies to the 554 entries for which CDK's "Basis for Challenge" is "[t]o the extent a portion of the communication between non-attorneys qualifies as privileged, that portion should be redacted with the remainder of the communication produced" or the entry "does not involve an attorney."

There is no basis for CDK's challenge to these entries. Communications between non-attorneys can reflect legal advice from legal personnel, and Cox Automotive's privilege log identifies the relevant legal personnel for communications between non-attorneys. Therefore, CDK's "insistence that an attorney must be involved as a participant in the communication before it can be found to reflect a client confidence or legal advice is misplaced." *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 434 (N.D. Ill. 2006); ECF No 439 (similar); Letter from L. Caseria to D. Nordin at 5-6 (Jan. 4, 2019). Indeed, CDK itself makes many assertions of privilege over communications between non-attorneys. There appear to be more than 400 entries where privilege is asserted for communications between non-attorneys "discussing" legal advice that had been provided. *See*, *e.g.*, CDK_Priv_0000001; CDK_Priv_0000030.

As with other disputes, Cox Automotive will review the 554 entries challenged by CDK and will make appropriate modifications to its privilege log. To the extent CDK challenges the entries concerning communications between non-attorneys, Cox Automotive will request that any relief ordered by the Court be applied reciprocally to CDK and Reynolds.

### VI. References to "Cox Legal Department"

CDK challenges entries on Cox Automotive's privilege log identifying the legal personnel involved as "Cox Legal Department." Our understanding is that this challenge applies to the 285 entries for which CDK's "Basis for Challenge" is "[t]he entry is also deficient because it does not identify the attorney(s) supporting the claim. 'Cox Legal Department' does not suffice." The entries identifying "Cox Legal Department" as the legal personnel predominately concern communications referencing advice from Cox Automotive's in-house counsel that does not identify a particular individual – *e.g.*, "Legal advises that they interpret the contract to impose this requirement." There is no basis for CDK's assertion that documents can be privileged only if the specific person providing advice is identified. *See Crabtree v. Experian Info. Sols., Inc.,* 2017 WL 4740662, at *2 (N.D. Ill. Oct. 20, 2017) (holding documents with descriptions attributing privilege to "request of the Legal Department" adequate to establish privilege).

CDK's privilege log also asserts privilege with respect to legal advice provided by entities without identifying the specific person providing the advice. Among others, there appear

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 5

to be nearly 200 entries referring to communications with Mayer Brown or Paul Weiss without identifying the specific individual at those entities. Reynolds likewise has asserted privilege by identifying the legal personnel as either "Reynolds Outside Counsel" or "Reynolds In-House Counsel." *See* L. Caseria Letter to D. Nordin at 6 (Jan. 4, 2019).

As with other disputes, Cox Automotive will review the 285 entries challenged by CDK and will make appropriate modifications to its privilege log. To the extent CDK asserts a challenge that privilege cannot be established by referencing an entity providing advice rather than a specific individual (*e.g.*, "Cox Legal Department," "Mayer Brown," "Reynolds In-House Counsel"), Cox Automotive will request that any relief ordered by the Court be applied reciprocally to CDK and Reynolds.

**VII. No Author and/or Recipient Listed**

CDK claims that Cox Automotive has not complied with the ESI Order's requirement that the "author" and "recipient(s)" be identified on the privilege log. We understand that this challenge applies to the 1,212 entries for which CDK's "Basis for Challenge" is "[t]he privilege log entry does not identify the document author and/or recipient, as required by the ESI Stipulation." Most of the entries for which CDK makes this challenge are attachments to email communications for which the sender and recipient are identified. The ESI Order does not require that any additional information be provided for these privileged attachments. *See* ESI Order § 9(b) ("A Document family (email and attachments) may be logged as a single entry so long as the description of that entry includes a reference to the privileged attachments."). Rather than listing the email and attachments as a single line on the privilege log, Cox Automotive included *more* information by separating out the attachments and referring back to the parent email. Accordingly, Cox Automotive has complied with the ESI Order.

Notwithstanding the lack of any requirement to do so, Cox Automotive is willing to supplement its privilege log by adding "author" metadata – specifically, the FILEAUTHOR field – for the 1,212 entries that CDK has challenged. Please confirm this will address CDK's concerns.

We further note that CDK's own privilege log has more than 400 entries missing author and/or sender information, and Reynolds has nearly 300 such entries. To the extent such information is available, Defendants are obligated to provide it as well. Should CDK seek relief from the court with respect to purportedly missing author or sender information on Cox Automotive's privilege log, Cox Automotive will request that any relief ordered by the Court be applied reciprocally to CDK and Reynolds.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jessica A. Michaels
January 18, 201
Page 6

**VIII. Information Disclosed Outside Cox**

      CDK has challenged certain privilege log entries that CDK believes were sent to third parties thereby breaking privilege. Our understanding is that this challenge applies to the nine entries for which CDK has asserted as a "Basis for Challenge" that "[a] third party breaks privilege." Cox Automotive will re-review these nine entries and make any appropriate modifications to its privilege log. In the meantime, Cox Automotive notes that "the attorney-client privilege applies to third parties who are agents of either the lawyer or the client." *Heriot v. Byrne*, 257 F.R.D. 645, 665 (N.D. Ill. 2009). The third party for six of these entries was Leigh Parrish at Joele Frank, a communications firm engaged by Cox Automotive.

                                       Best regards,

                                       *s/ Daniel V. Dorris*

                                       Daniel V. Dorris

cc:   MDL External Service List