AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| In re: Dealer Management Systems Antitrust Litig. *Plaintiff* v. _____ *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:18-cv-00864; MDL No. 2817 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Accel-KKR Capital Partners IV, LP, 2500 Sand Hill Road, Suite 300, Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A.

| Place: Sheppard Mullin, 379 Lytton Ave, Palo Alto, CA 94301 | Date and Time: 04/16/2019 9:00 am |
|---|---|

The deposition will be recorded by this method: Videography, stenography

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/06/2019

_____  OR  _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Reynolds and Reynolds Company, who issues or requests this subpoena, are:
Leo Caseria, Sheppard Mullin, 333 S. Hope St., 43rd Floor, Los Angeles, CA, 90071, lcaseria@smrh.com, 2136174206

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT 2

Civil Action No. 1:18-cv-00864, MDL No. 2817

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.     "Accel-KKR," "you," and "your" means Accel-KKR Capital Partners IV, LP and any other entity d/b/a or formerly known as "Accel-KKR Capital Partners IV, IP," and its officers, directors, principals, employees, agents, representatives, contractors, subsidiaries, partners, successors or predecessors, all persons acting on behalf of Accel-KKR Capital Partners IV, LP, and any and all persons and entities affiliated with or controlled by Accel-KKR Capital Partners, IV, LP.

2.     "CDK" means CDK Global LLC and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by CDK.

3.     "CVR" means Computerized Vehicle Registration and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by MVSC.

4.     The term "Data Extractor" means a party who provides Data Extraction and Writeback Services, including but not limited to Authenticom, Superior Integrated Solutions, ProQuotes, SelectQu, and StoneEagle.

5.     "Data Extraction and Writeback Services" means the provision of services for extracting, cleansing, formatting, integrating, standardizing or organizing the data housed on a DMS and/or the insertion or "writeback" of data into a DMS.

6. The term "EVR" means electronic vehicle registration and titling services for automobiles sold at dealerships.

7. "MVSC" means Motor Vehicle Software Corporation and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by MVSC.

8. "Reynolds" means The Reynolds and Reynolds Company and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by Reynolds.

9. The term "RCI" means the Reynolds Certified Interface program offered by Reynolds.

10. The term "3PA" means the Third Party Access program offered by CDK.

11. "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re Dealer Management Systems Antitrust Litigation,* MDL No. 2817, Case No. 18 C 864, currently pending in the United States District Court for the Northern District of Illinois.

12. "Communication," "communicate," and "communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## TO ICS FOR E A INATION

1. All contracts, agreements, letters of intent, memorandums of understanding between Accel-KKR and MVSC.

2. Your actual or contemplated investment(s) in MVSC or acquisition of an ownership stake in MVSC, including your investment in MVSC in 2015. This topic includes the reasons or pros and cons for any such investment or acquisition, the extent to which the investment or acquisition has been successful, and any future plans or projections with respect to the investment or acquisition.

3. Your contemplated investment(s) in CVR or acquisition of an ownership stake in CVR. This topic includes any reasons or pros and cons for possibly investing or acquiring CVR and any future plans or projections with respect to that contemplated investment or acquisition.

4. Your actual or contemplated investment(s) in any EVR provider other than MVSC and CVR. This topic includes the reasons or pros and cons for any such investment or acquisition, the extent to which the investment or acquisition has been successful, and any future plans or projections with respect to the investment or acquisition.

5. MVSC's market share in any relevant market where MVSC competes, and the factors that impact MVSC's market share, including changes over time.

6. MVSC's profitability and the factors that impact MVSC's profitability, including changes over time.

7. MVSC's Electron application, or Neutrino, an Electron feature or capability.

8. MVSC's relationship with Reynolds and CDK, and MVSC's interest in or efforts to join RCI and 3PA.

9. MVSC's relationship with and use of Data Extractors and the role that Data Extractors play with respect to the EVR services that MVSC provides to dealers.

10. Any plans to expand or contract or change MVSC's business or the services it provides, including the reasons therefor and any related projections.

11. Your communications and documents relating to the topics above and all documents requested of you or produced by you in response to Reynolds's subpoena to Accel-KKR for documents.