**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

213.617.4206 direct
lcaseria@sheppardmullin.com

March 7, 2019

File Number: 48KZ-266044

**VIA ELECTRONIC MAIL ONLY**

Sara Siegall
Chapman Spingola
190 South LaSalle Street, Suite 3850
Chicago, Illinois 60603
E-Mail: ssiegall@chapmanspingola.com

Re: In re Dealer Management Systems Antitrust Litigation, No. 18-CV-864; MDL No. 2817 (N.D. Ill.)

Dear Sara:

I write on behalf of The Reynolds and Reynolds Company ("Reynolds") in response to your letter dated March 6, 2019. Your letter asserts that Reynolds's subpoena to Accel-KKR Capital Partners IV, LP ("Accel-KKR") is untimely, seeks documents that could have been obtained from MVSC, seeks irrelevant documents, is overbroad, and imposes an undue burden on Accel-KKR. Reynolds disagrees, as set forth below.

As a preliminary matter, Reynolds disagrees that Accel-KKR, as an investor and part-owner of MVSC, is necessarily entitled to the same degree of protection typically afforded to true non-parties under Rule 45. *See, e.g., Peoria Day Surgery Center v. OSF Healthcare Sys.*, 2008 WL 724798, *4 (C.D. Ill. Mar. 17, 2008) ("[Plaintiff's] shareholders, though not named parties, do stand to economically benefit if [plaintiff] succeeds and, presumably, have some ability to control the course of [plaintiff's] litigation in this case. . . .Thus, balancing the relevant factors [under Rule 45] might produce different results for shareholders as compared to non-shareholders.").

**1. Reynolds's subpoena is timely.**

The fact discovery deadline in this case is April 15, 2019, soon to be extended to April 30, 2019. *See* Dkt. 410; 553. Reynolds's subpoena was served on Accel-KKR on February 5, 2019. The subpoena is therefore timely.

Your reliance on Judge Gilbert's January 17, 2019 Order (Dkt. 498) is misplaced. That Order dealt with discovery requests to a party that were issued after the May 25, 2018 deadline to issue discovery requests to parties. In contrast, Reynolds's subpoena to Accel-KKR was issued more than two months before the applicable deadline, with more than enough time for Accel-KKR to respond and produce documents.

EXHIBIT 6

Sara Siegall
March 7, 2019
Page 2

    **2. Reynolds's subpoena seeks relevant information and does not seek documents that were or could have been obtained from MVSC.**

    Accel-KKR made an investment and became a part-owner of MVSC in 2015. It is likely to have relevant documents showing that MVSC was a good investment target because MVSC was a dominant EVR provider unaffected by anything resembling what MVSC has alleged in its complaint against defendants. Documents created after Accel-KKR's 2015 investment in MVSC are likely to include projections and analyses showing that MVSC only became stronger and more dominant over time, and discredit MVSC's allegations that it was harmed by an alleged conspiracy or other anticompetitive conduct. Accordingly, Reynolds's subpoena to Accel-KKR contains nine document requests seeking Accel-KKR's relevant documents regarding its investment in MVSC and related issues that potentially bear on the success of its investment, such as the EVR market, hostile integration, Reynolds, CDK, RCI, 3PA, and MVSC's Electron application. These documents are relevant to liability, causation, and damages.

    Contrary to your assertions, Reynolds was not able to obtain these documents from MVSC. Reynolds could not request materials from MVSC specifically relating to Accel-KKR's evaluations, analyses, or assessments of its investment in MVSC, or similar types of documents, because MVSC did not disclose its relationship with Accel-KKR prior to the May 25 deadline for party discovery requests. And even though Reynolds served a broad and comprehensive set of discovery requests on MVSC, MVSC did not produce any such documents in response. The only references to Accel-KKR contained in MVSC's productions are brief references appearing in three financial statements. Moreover, Reynolds would not expect MVSC to have possession, custody or control over Accel-KKR's assessments of its investment in MVSC.

    **3. Reynolds's subpoena is not overbroad.**

    For the reasons stated at the start of the preceding section, Reynolds believes its subpoena is not overbroad, and seeks relevant information that is only in the possession of Accel-KKR. Your letter states that Accel-KKR should not have to produce documents going back to 2013. Reynolds does not know how long ago Accel-KKR began assessing an investment in MVSC or related issues. If such efforts began in 2013, then Reynolds is entitled to those documents. If, on the other hand, Accel-KKR did not begin to evaluate an investment in MVSC until 2015, then there is nothing for Accel-KKR to produce in the earlier periods anyway.

    Your reliance on Judge Gilbert's Nov. 19, 2018 Order denying plaintiffs' request for CDK correspondence with private equity firms (Dkt. 441) is misplaced. First, plaintiffs sought communications between CDK and *potential* investors, whereas Reynolds is seeking information from an entity that made an *actual, recent* investment in MVSC. Documents relating to an actual, recent investment have much greater relevance than document relating to potential investments. Second, plaintiffs were only interested in these documents in order to learn more about "CDK's opinions and insights" (not the insights of the investors), whereas Reynolds is seeking documents from Accel-KKR in order to learn about the opinions and insights of the investor, Accel-KKR (which only Accel-KKR would have).

Sara Siegall
March 7, 2019
Page 3

**4. Reynolds's subpoena does not impose an undue burden.**

Your letter states in conclusory fashion that "hundreds of hours" would need to be spent responding to Reynolds's subpoena.  How did Accel-KKR arrive at that conclusion? Given that Accel-KKR's investment in MVSC occurred in late 2015, is the volume of potentially responsive, non-privileged material really that substantial?

Reynolds also disagrees with your assertion that any relevant documents in Accel-KKR's possession are likely to overlap with MVSC's production.  As already noted above, MVSC's production contains no references to Accel-KKR outside of financial statements, and certainly contains no documents reflecting Accel-KKR's assessments or evaluations of its investment.

Regardless, Reynolds is willing to meet and confer with Accel-KKR to discuss possible ways of reducing any purported burden or overbreadth (which Reynolds does not agree exists).

I am available to meet and confer telephonically on Monday, March 11, anytime 9 a.m. pacific or later.  Please let me know if there is a time on Monday that works for you.


Sincerely,

*/s/ Leo Caseria*

Leo D. Caseria
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


SMRH:228660341.1