# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18 C 864 |
| This Document Relates to All Cases | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffery T. Gilbert |

**MDL PLAINTIFFS' AMENDED NOTICE OF DEPOSITION SUBPOENA FOR
NON-PARTY SUPERIOR INTEGRATED SOLUTIONS, INC.**

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, MDL Plaintiffs, by and through their undersigned counsel, hereby notices the attached subpoena on non-party Superior Integrated Solutions, Inc. to testify at a deposition. The subpoena seeks to take the deposition upon oral examination of a corporate representative of non-party Superior Integrated Solutions, Inc. on the topics listed in Attachment A to the subpoena. The subpoena is attached hereto as Exhibit A.

The deposition will take place on March 14, 2019, beginning at 9:00 A.M. Eastern Standard Time, at the Renaissance Woodbridge Hotel, 515 US Highway 1 South, Iselin, NJ 08830, or other such location to be determined. The deposition will continue for at least one, seven-hour day, and is subject to continuance or adjournment until completed. The deposition will be recorded by video and stenographic means, and it will be taken before a notary public or other person authorized by law to administer oaths, for use as discovery, as evidence at trial, or for any other purposes allowed by the Federal Rules of Civil Procedure and the Rules of the Court.

Dated: March 7, 2019

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Joshua Hafenbrack
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax:    (202) 326-7999
Email: dho@kellogghansen.com
        mnemelka@kellogghansen.com
        jhafenbrack@kellogghansen.com

*Attorneys for Individual Plaintiffs*
*and Vendor Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2019, I caused a true and correct copy of the foregoing MDL Plaintiffs' Amended Notice of Deposition Subpoena to be served by email upon all counsel of record via the following email listserv:

SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com


 */s/ Daniel S. Guarnera*
Daniel S. Guarnera

# Exhibit A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| In re Dealer Management Systems Antitrust Litig. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:18-cv-00864, MDL No. 2817

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Superior Integrated Solutions, Inc.
        c/o Grey Squires-Binford, 2 South Orange Ave, 5th Fl., Orlando, FL 32801

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A.

| Place: Renaissance Woodbridge Hotel 515 US Highway 1 South Iselin, NJ 08830 | Date and Time: 03/14/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:  Video, audio-visual, and/or stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/07/2019

|  CLERK OF COURT | | |
|---|---|---|
| | OR | *Daniel Guarnera* (AK) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Individual Plaintiffs and Vendor Class Plaintiffs
                                            , who issues or requests this subpoena, are:
Daniel S. Guarnera, Kellogg, Hansen, Todd, Figel & Frederick, PLLC, 1615 M St., NW, Ste. 400, Washington, DC 20036
dguarnera@kellogghansen.com  (202) 326-7900

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:18-cv-00864, MDL No. 2817

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## <u>DEFINITIONS</u>

1.      "All" shall be construed as all and any, and the term "any" shall be construed as all and any.

2.      "Authenticom" shall refer to Authenticom Inc., one of the Plaintiffs in this MDL and a provider of data integration services in the automotive industry based in La Crosse, Wisconsin.  "Authenticom" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

4.      "CDK" shall mean CDK Global, LLC.  "CDK" shall include the Dealer Services business of Automatic Data Processing, Inc. ("ADP") prior to September 30, 2014.  "CDK" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

5.      "Communication" shall mean any exchange or transfer of information, whether electronic, written, oral, or in any other form.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6.      "Data Integrators" shall refer to providers of data integration.  For the avoidance of doubt, "data integrators" includes CDK (through its 3PA program (defined below)) and

1

Reynolds (through its RCI program (defined below)), as well as Third Party Data Integrators (defined below).

7.      "Data Integration" shall mean the provision of access by any means to dealer data on the DMS database, whether by extracting the data, writing data back into the DMS, or both.

8.      "DMS" shall mean Dealer Management System.  "DMS" shall include any integrated system of computers that perform all business office and other core dealership operation functions for an automotive dealership, including but not limited to accounting, Finance and Insurance ("F&I"), parts inventory, and basic service management.

9.      "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

10.      "Documents sufficient to show" means both documents that are necessary and documents that are sufficient to provide the specified information.  If summaries, compilations, lists, or synopses are available that provide the information being requested, these may be provided in lieu of the underlying documents.

11.      "Include" denotes a portion of a larger whole and is used without limitation.

12.      "Including" (in addition to its usual meanings) shall mean including but not limited to.

13.       "Person" or "persons" shall mean, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

14.     The terms "relating to," "related to," "referring to," "regarding," or "with respect to" shall mean, without limitation, the following concepts: concerning, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

15.     "Reynolds" shall mean "The Reynolds & Reynolds Company."  "Reynolds" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

16.     "RCI" means the Reynolds program through which vendors can purchase access to dealer data stored on the Reynolds DMS database, including its predecessor program "Performance Path" and any other similar program operated by Reynolds.

17.     "SIS" means Superior Integrated Solutions and shall include its present and former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

18.     "Third Party Integrators" shall mean data integrators that provide data integration services on a DMS platform and are unaffiliated with the DMS provider, including but not limited to Authenticom, SIS, ProQuotes, and Stone Eagle.

19.     "Vendors" or "application providers" shall mean vendors who provide software applications that perform operations functions for dealerships, as described in Paragraph 20 of the SoAF.

20.     "You," "your" or "your company" refer to the corporate entity or individual to whom this subpoena has been issued, as set forth on the cover page served herewith, including its

parents, divisions, subsidiaries, affiliates, and corporate predecessors; its current and former partners, directors, owners, officers, members, employees, agents, representatives, and attorneys; and any other persons under its control or acting on its behalf.

21. "Your Representatives" means any of your current or former employees, officers, executives, or agents, or any other Person acting on your behalf.

22. "3PA" means the CDK program through which vendors can purchase access to dealer data stored on the CDK DMS database.

## GENERAL INSTRUCTION

Unless otherwise indicated, the Deposition Examination Topics refer to the period from

January 1, 2010, to the present.

## DEPOSITION EXAMINATION TOPICS

**TOPIC NO. 1:**

The Data Integration services offered by SIS, including but not limited to, (a) descriptions of the Data Integration services offered by SIS; (b) the prices charged by SIS to vendors and/or dealers for Data Integration; (c) the DMS platforms served by SIS; and (d) the authorization that dealers (and/or others) provided to SIS to provide Data Integration services with respect to the dealer's data.

**TOPIC NO. 2:**

The security features and security practices associated with SIS's Data Integration services, including but not limited to any security breaches that SIS has suffered.

**TOPIC NO. 3:**

Contracts, purchase or assignment agreements, 3PA or RCI agreements, settlement agreements, and any other agreements (in writing or verbal) between SIS and each of CDK and Reynolds, including the negotiations of the agreements and discussions concerning the same.

**TOPIC NO. 4:**

Actual (or threatened) litigation between SIS and Reynolds or CDK.

**TOPIC NO. 5:**

The circumstances under which SIS stopped providing such Data Integration services.

**TOPIC NO. 6:**

The disruption of SIS Data Integration services caused by Reynolds or CDK, including but not limited to the time period of the disruption, the method of disruption, any efforts undertaken by SIS to continue to provide its Data Integration services, and communications with Reynolds or CDK concerning the foregoing.

**TOPIC NO. 7:**

Each occasion on which CDK or Reynolds has white-listed or otherwise permitted SIS to provide or to continue to provide Data Integration services to any dealer, vendor, or OEM for any CDK or Reynolds DMS, including but not limited to the identity of the dealer, vendor or OEM, the time period, and the method(s) used by SIS to provide Data Integration services. For the avoidance of doubt, this topic covers every dealership where CDK or Reynolds have approved or contracted for SIS's placement or maintenance of SIS software on a dealer DMS or any computer at a dealership.

**TOPIC NO. 8:**

SIS's applications – such as Darwin – including but not limited to, (a) a description of those applications; (b) their participation (or lack thereof) in the 3PA and RCI programs; and (c) how those applications obtain dealer Data Integration services, including but not limited to for dealers using CDK or Reynolds DMSs.

**TOPIC NO. 9:**

Any attempt – whether through pricing for data integration services, restricted data access rights, restricted functionality, categorical exclusions, or otherwise – by CDK or Reynolds to provide competitive advantages to their own applications to the detriment of competing applications offered by SIS.

**TOPIC NO. 10:**

Any lost business, or any applications or products that you had to modify or withdraw from the market, as a result of Reynolds's and/or CDK's data access policies, 3PA and RCI pricing, or any other conduct by CDK or Reynolds.

**TOPIC NO. 11:**

Any DMS performance or data corruption issues caused by SIS's access to CDK's or Reynolds's DMS.

**TOPIC NO. 12:**

Coordination between CDK and Reynolds regarding competition in the Data Integration market.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) | MDL No. 2817 Case No. 18 C 864 |
| This Document Relates To: | ) ) ) | Assigned to: Hon. Robert M. Dow, Jr. Magistrate Judge: Hon. Jeffrey T. Gilbert |
| ALL ACTIONS. | ) ) ) ) | |

**MULTI-DISTRICT LITIGATION PLAINTIFFS' NOTICE OF SUBPOENA
FOR TESTIMONY TO NON-PARTY DEALERSOCKET, INC.**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure ("Rule") 26, 30, and 45, Multi-District Litigation Plaintiffs ("Plaintiffs"), by and through their undersigned counsel, will take the deposition of non-party DealerSocket, Inc. ("DealerSocket") at the date, time, and location indicated below, or at some other location, date, and time agreed upon by the parties.

| Non-Party | Location | Date/Time |
|---|---|---|
| DealerSocket, Inc. | Umberg Zipser LLP<br>1920 Main Street, Suite 750<br>Irvine, California 92614 | April 11, 2019<br>at 9:30 a.m. |

Pursuant to Rule 30(b)(6), DealerSocket shall designate and produce for deposition upon oral examination, at the above-stated date, time, and place, one or more of its officers, directors, commissioners, employees or other persons with personal knowledge sufficient to testify on its behalf with respect to the topics set forth in the Schedule A attached to the Subpoena to Testify at a Deposition in a Civil Action.

ADDITIONALLY, PLEASE TAKE NOTICE that pursuant to Rules 26, 30 and 45, the deposition will be taken before a notary public or some other officer authorized by law to administer oaths. You are invited to attend and cross-examine.  The deposition will be recorded by a stenographer, videotape and/or real-time computer means, and will continue from one day to the next, excluding Sundays and holidays, until the examinations are completed.  The deposition is pursuant to a subpoena issued by Plaintiffs' counsel on behalf of the United States District Court.

PLEASE TAKE FURTHER NOTICE that the non-party listed above, pursuant to Rule 45(g), may be held in contempt of court if it fails to obey the subpoena served upon it and that the non-party has certain legal rights in response to Plaintiffs' subpoena served upon it under Rule 45(c) and 45(d).

1543175_1

DATED: March 18, 2019

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
LONNIE A. BROWNE

_____
LONNIE A. BROWNE

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Dealership Plaintiffs' Steering Committee

MILBERG TADLER PHILLIPS
  GROSSMAN LLP
PEGGY J. WEDGWORTH
ELIZABETH MCKENNA
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Telephone: 212/594-5300

Dealership Interim Lead Class Counsel

- 2 -

1543175_1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| In re Dealer Management Systems Antitrust Litigation | ) |
| *Plaintiff* | ) |
| v. | )      Civil Action No.    1:18-cv-00864, MDL No. 2817 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        DealerSocket, Inc. c/o Todd Smith, Umberg Zipser LLP, 1920 Main Street,
Suite 750, Irvine, CA 92614

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Schedule A.

| Place:   Umberg Zipser LLP<br>1920 Main Street, Suite 750<br>Irvine, CA 92614 | Date and Time:<br><br>04/11/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:    stenography, videotape, and LiveNote

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/18/2019

            *CLERK OF COURT*
                                        OR

       _____        _____
       *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
MDL Plaintiffs
_____, who issues or requests this subpoena, are:
Lonnie A. Browne, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; (619) 231-1058; LBrowne@rgrdlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:18-cv-00864, MDL No. 2817

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## (DEALERSOCKET, INC.)

### I.     DEFINITIONS

This section sets forth specific definitions applicable to certain words and terms used herein. Unless words or terms have been given a specific definition in this section or in a specific Request, each word or term shall be given its usual and customary dictionary definition, except where a word or term has a specific customary and usage definition in your trade and industry.  In that case, the word or term shall be interpreted in accordance with the specific customary and usage definition.

1.     "You," "your" or "your company" shall refer to DealerSocket, including its parents, divisions, subsidiaries, affiliates, and corporate predecessors; its current and former partners, directors, owners, officers, members,  employees, agents, representatives, and attorneys; and any other persons under its control or acting on its behalf.

2.     "All" shall be construed as all and any, and the term "any" shall be construed as all and any.

3.     "Authenticom" shall refer to Authenticom, Inc., one of the plaintiffs in this Multi-District Litigation ("MDL") and a provider of Data Integration services in the automotive industry based in La Crosse, Wisconsin.  "Authenticom" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

4.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the noticed deposition topics all information that might otherwise be construed to be outside of their scope.

5.     "CDK" shall mean CDK Global, LLC.  "CDK" shall include the dealer services business of Automatic Data Processing, Inc. ("ADP") prior to September 30, 2014.  "CDK" shall

include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

6. "Communication" shall mean any exchange or transfer of information, whether electronic, written, oral, or in any other form. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

7. "Data integrators" shall refer to providers of Data Integration. For the avoidance of doubt, the term "data integrators" includes CDK (through its 3PA program (defined below)) and Reynolds (defined below) (through its RCI program (defined below)) as well as third party integrators (defined below).

8. "Data Integration" shall mean the provision of access by any means to dealer data on a DMS database, whether by extracting data, writing data back into the DMS, or both.

9. "DMS" shall mean Dealer Management System. "DMS" shall include any integrated system of computers that perform business office and other core operation functions for an automotive dealership, including but not limited to accounting, finance and insurance, parts inventory, and basic service management.

10. "Document" or "documents" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34. Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

11. "Include" denotes a portion of a larger whole and is used without limitation.

12. "Including" (in addition to its usual meanings) shall mean including but not limited to.

13. "Matter" shall refer to *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, No. 1:18-CV-864 (N.D. Ill.).

- 2 -

14.     "Person" or "persons" shall mean, without limitation, any individual, corporation, partnership or any variation thereof (*e.g.*, limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

15.     The terms "relating to," "related to," "referring to," "regarding," or "with respect to" shall mean, without limitation, the following concepts: concerning, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

16.     "Reynolds" shall mean "The Reynolds & Reynolds Company."  "Reynolds" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

17.     "RCI" means the Reynolds program through which vendors can purchase access to dealer data stored on the Reynolds DMS database, including its predecessor program "Performance Path" and any other similar program operated by Reynolds.

18.     "Independent integrators" shall mean data integrators that provide data integration services on a DMS platform and are unaffiliated with the DMS provider, including but not limited to Authenticom, Superior Integrated Solutions, Inc. ("SIS"), ProQuotes, Inc. and StoneEagle.com, Inc. For the avoidance of doubt, independent integrators also include Digital Motorworks, Inc. and IntegraLink, data integrators and wholly owned subsidiaries of CDK.

19.     "Vendors" or "application providers" shall mean vendors who provide software applications that perform operations functions for dealerships.

20.     "3PA" means the CDK program through which vendors can purchase access to dealer data stored on the CDK DMS database.

- 3 -

## II.     RULE 30(b)(6) TOPICS

Unless otherwise indicated, the Rule 30(b)(6) Topics below refer to the period from January 1, 2013 through the present.

TOPIC NO. 1:

The documents and data you produced in response to any subpoena served in this Matter, including your interpretations thereof.

TOPIC NO. 2:

Your business in providing applications and software services to dealerships, including: (a) pricing information; (b) the dealer data needed for your application(s) to function; (c) the dealership customers of your application(s); and (d) the terms and conditions of your contracts with dealership customers.

TOPIC NO. 3::

The methods and means of access by which you obtain, or could obtain, data from a dealership's DMS, the differences between those methods and means, any changes in those methods and means over time, and the reason for any changes.

TOPIC NO. 4:

Your participation, or attempt to participate, in the certification programs of CDK (3PA) and Reynolds (RCI), including: (a) the terms and conditions in your contracts with CDK or Reynolds for participation in the 3PA and RCI programs; (b) the 3PA or RCI certification process; (c) the up-front and monthly 3PA and RCI fees you have paid; (d) and the types of data and services you receive through the 3PA and RCI programs.

TOPIC NO. 5:

Your use of independent integrators (including but not limited to SIS and Authenticom). For the avoidance of doubt, this Topic includes: (a) the type of services you received from independent

1543175_1

integrators; (b) your current use of independent integrators, if any; (c) the cost of those services; (d) the terms and conditions in any contracts governing those services; (e) your experience and satisfaction level with independent integrators; and (f) any blocking efforts made by CDK or Reynolds of your ability to obtain dealership data through independent integrators.

TOPIC NO. 6:

The extent to which RCI or 3PA integration fees, and related fees (*e.g.*, one-time and/or annual fees) paid by you to Reynolds or CDK were passed-through or charged to your dealership customers.

TOPIC NO. 7:

A comparison of the integration, and related fees, charged by Reynolds and CDK in connection with their respective RCI and 3PA programs with the integration fees charged by other certified programs, such as OpenTrack and Open/Mate, or through independent integrators.

TOPIC NO. 8:

Any attempt by CDK or Reynolds to provide competitive advantages to its own applications to the detriment of your competing applications, including: (a) restricting your data access rights; (b) restricting functionality; or (c) categorical exclusions on data or access.

TOPIC NO. 9:

Your market share over time, including the reasons for any changes in your market share.

TOPIC NO. 10:

Competition faced by you in the sale or marketing of tour applications in the vendor market, including: (a) the identity of competing products or applications; (b) the types of customers for whom you compete; and (c) any competition from CDK- and/or Reynolds-owned applications.

1543175_1

TOPIC NO. 11:

Any business loss or disruption that you experienced as a result of CDK and Reynolds' business practices, including loss or disruption related to CDK and Reynolds' blocking, or attempted blocking, of independent integrators used by you.

TOPIC NO. 12:

Your data security and/or privacy policies and all measures that you have taken to protect data or information you use in order to provide application services to dealerships, including the results of those policies and measures.

TOPIC NO. 13:

Communications between you and CDK, Reynolds, or the government regarding this Matter, including *Authenticom, Inc. v. CDK Global, LLC, et al.*, No. 3:17-CV-318-JDP (W.D. Wis.), or the underlying legal claims or factual allegations in those cases.

TOPIC NO. 14:

Your responses to, and/or the steps taken to respond to, the subpoena served on you by Dealership Class Plaintiffs on our around July 23, 2018 in this Matter.

1543175_1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, I caused a true and correct copy of the foregoing

MULTI-DISTRICT        LITIGATION        PLAINTIFFS'        NOTICE        OF        SUBPOENA

FOR TESTIMONY TO NON-PARTY DEALERSOCKET, INC. to be served by email upon the

following recipients:  service-external-dms-mdl@lists.kellogghansen.com.

LONNIE A. BROWNE

1543175_1

| | |
|---|---|
| **From:** | Miller, Kevin J. |
| **To:** | "Leo Caseria"; SERVICE-EXTERNAL-DMS-MDL |
| **Subject:** | RE: In re DMS: Notice of Deposition Subpoena to Non-Party Dominion |
| **Date:** | Wednesday, February 27, 2019 11:36:06 AM |

Leo, as we discussed on Monday, we intend to serve a cross-notice on Dominion. Per IV.C of the deposition protocol, please let us know when you are free to discuss scheduling of the deposition. Thanks, Kevin

Kevin J. Miller

Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

Sumner Square

Suite 400

1615 M. Street, N.W.

Washington, D.C. 20036

(202) 326-7987 (direct)

(202) 326-7900 (main)

(202) 326-7999 (fax)

kmiller@kellogghansen.com

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Leo Caseria [mailto:LCaseria@sheppardmullin.com]
**Sent:** Tuesday, February 26, 2019 12:25 PM
**To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** In re DMS: Notice of Deposition Subpoena to Non-Party Dominion

Dear Counsel,

Please see the attached notice.

**Leo D. Caseria** | Partner
+1 213-617-4206 | direct
LCaseria@sheppardmullin.com | Bio

**Sheppard**Mullin

333 South Hope Street, 43rd Floor

Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.