## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IN RE DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | **MDL No. 2817** <br> **Case No. 18 C 864** <br><br> **This Document Related to All Cases** |

## STIPULATION AND FIRST AMENDED
## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

## I.     CONFIDENTIALITY

### 1.     Scope.

All materials and information produced, adduced or disclosed in the course of formal or informal discovery in this Action (defined below), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, audio and video files, preliminary injunction exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the District, and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods. This Order is binding upon parties and non-parties to whom any Confidential Information is disclosed or who have been served with a copy of this order.

**2.** **Definitions.**

a. **Action:** this pending federal lawsuit – *In Re: Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill.).

b. **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

c. **Confidential Information or Items:** information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, regulation, court rules, case decisions, or common law; (b) information that reveals trade secrets, confidential research, development, business practices or other confidential customer, technical, commercial (including pricing), financial or business information; (c) private or sensitive information not readily ascertainable through lawful means by the public concerning any individual, including medical information; (d) non-public personal information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records; (g) information subject to any non-disclosure or confidentiality agreement between the Designating Party and any other Party or Non-Party (defined below); or (h) other information the Producing Party reasonably believes is subject to protection.

Confidential Information excludes information that is publicly available unless such information is publicly available because of: (a) a breach of this Confidentiality Order; (b) a violation of any other obligation of confidentiality (whether intentional or inadvertent); or (c) an inducement of a violation of obligation of confidentiality.

d.    **Counsel:**  Outside Counsel of Record and In-House Counsel (as well as their support staff) for any Party or the successor of a Party.

e.    **Designating Party:**  a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

f.    **Discovery Material:**  all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non- Party during discovery in this Action.

g.    **HIGHLY CONFIDENTIAL:**  Confidential Information of a highly sensitive nature the disclosure of which could result in significant harm, including but not limited to competitive harm, to the business or operations of that Party or Non-Party or to an individual. Without limitation to other forms of Confidential Information properly designated as "HIGHLY CONFIDENTIAL" in accordance with this subparagraph, a Producing Party may designate copyrighted software and all other information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs as "HIGHLY CONFIDENTIAL."

h.  **In-House Counsel:** attorneys who are employees of a Party to this Action or the successor of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

i.  **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

j.  **Outside Counsel of Record:** attorneys who are not employees of a Party to this Action but are retained or represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

k.  **Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

l.  **Producing Party:** a Party or Non-Party that produces documents.

m.  **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

n.  **Receiving Party:** a Party that receives documents from a Producing Party.

**3.  Designation.**

a.  A Party or Non-Party shall designate as Confidential Information such information that it reasonably believes, in good faith, is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Designating Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates,

extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.     The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a Party appearing pro se in this Action, or a Non-Party producing documents in this Action that the document contains Confidential Information as defined in this Order. The Designating Party's Counsel, by stamping any document as "Confidential" or "Highly Confidential" under this Confidentiality Order, are certifying that they have a good faith belief that the designation of confidentiality is warranted under the existing Protective Order, that the designation is not being made for any tactical purpose and there is good cause why it should not be part of the public record of this case.

c.     All documents produced, exchanged, or filed by any Party or by any Non-Party, not otherwise designated pursuant to this Order, shall be treated as "CONFIDENTIAL" until the later of (a) fourteen (14) days following the issuance of this Order, or (b) fourteen (14) days after such document is first produced, filed, or exchanged. If a Party to this lawsuit believes that another Party or any Non-Party has produced or submitted documents containing that Party's Confidential Information, such Party shall have fourteen (14) days from the date of entry of this Order or fourteen (14) days after such materials are produced, filed, or exchanged to designate any such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such documents so designated shall be

treated accordingly under the terms of this Order. After the time periods set forth in this paragraph, any documents not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as non-confidential information, subject to paragraphs 6 and 13 below.

d.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

e.    A Non-Party's use of this Order to protect its Confidential Information does not entitle it to access or use any Confidential Information produced by any Party in this case.

f.    Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party or a third party if that information (i) either originated from the Designating Party or third party (or was generated on the designating or third party's behalf), or (ii) contains the Designating Party's Confidential Information or Highly Confidential Information, in which case the Designating Party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

4.    **Depositions.**

a.   A Party or Non-Party may designate some or all of a witness's deposition testimony as Confidential or Highly Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken. Inadvertent failure to do so does not operate as a waiver. The Designating Party must provide the specific page and line designations over which the Party or Non-Party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to the Designating Party or Non-Party. Deposition testimony shall be treated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

b.     In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. Except as provided herein, if the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

5.     **Protection of Confidential Information.**

a.     **General Protection**s.     Discovery Material shall not be used or disclosed by the Receiving Parties, Counsel for the Receiving Parties, or any other persons identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in the above captioned case, including any appeal thereof (the "Litigation"). In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and to the owners of the named dealership plaintiff(s). or any individual plaintiff with a case on file in this Litigation and not to any other member of the putative class unless and until a class including the putative member has been certified.  Notwithstanding the foregoing, the parties agree that information designated as "HIGHLY CONFIDENTIAL" may only be disclosed to those persons identified in paragraph 5(c) of this Order.[1]

---

[1]  Plaintiffs agree to adhere to the provision in paragraph 5(a), but reserve their rights with respect to the issue of whether putative class members are parties in this litigation.

b. **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order. Subject to this Confidentiality Order, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

1) **Counsel**. Counsel for the Parties and such employees and support staff of Counsel as have responsibility for the action, including contract attorneys, secretaries, and legal assistants;

2) **Parties**. Parties and employees of a Party, at any time, but only to the extent Counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action;

3) **The Court and its personnel**;

4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions in this Action, but only after such persons have completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

5) **Contractors**. Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

6) **Consultants and Experts**.     Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

7) **Witnesses at depositions**.  During their depositions, witnesses and their Counsel to whom disclosure is reasonably necessary according to the good faith judgment of the disclosing Counsel, and the Counsel representing them at the deposition, if any. Neither witnesses nor their Counsel shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their Counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their Counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) **Author, subject, or recipient.**  Persons whom the Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements, communications or actions are expressly mentioned, discussed or referred to by actual name in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized

9

to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

      9)    **Special masters and their direct staff;**

      10)    **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties; and

      11)    **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

      c.    **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."** No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order. The following categories of persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

      1)    **Counsel.**    Outside legal counsel for the parties in this action and such employees, support staff, and contract attorneys of outside counsel as necessary to conduct this action;

      2)    **The Court and its personnel**;

      3)    **Court Reporters and Recorders**.    Court reporters and recorders engaged for depositions in this Action, but only after such persons have completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

      4)    **Contractors**.

Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

5) **Consultants and Experts**. Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

6) **Witnesses at depositions**. During their depositions witnesses in this action to the extent witnesses fall within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL." If a witness does not fit within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL," the Party or Non-Party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents, and information to be disclosed. The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause. The Designating Party shall not disclose to any other Party or Non- Party that a notice of disclosure has been

provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law. If the Designating Party provides such notice to any other Party or Non-Party, then the Designating Party must provide a copy of its communications providing that notice to the Party wishing to make the disclosure. If timely written notice of the good cause objection to the proposed disclosure is provided to the Party or Non-Party wishing to make such disclosure, disclosure is not permissible without leave of Court.

Neither witnesses nor Counsel to third-party witnesses shall retain a copy of exhibits designated as "HIGHLY CONFIDENTIAL." Pages of transcribed deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

7) **Author, subject, recipient**.   Persons whom the Highly Confidential Material itself indicates, or the receiving party otherwise has a goodfaith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements are expressly mentioned, discussed or referred to in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

8) **Special masters and their direct staff**;

12

9) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties; and

10) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

d. **Control of Documents**. Counsel for the Parties shall make best efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

e. Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Confidential Information.

6. **Failure to Designate**. A failure to designate a document or transcript (or any portion thereof) as Confidential Information does not waive the confidential status of such information or the right to so designate the document. If a Party or Non-Party designates a document as Confidential Information after it was initially produced, the designating party shall reproduce with the document with the appropriate designation, and the Receiving Party, on notification of the designation must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential

Information in connection with a motion, brief, or other submission to the Court must comply with all applicable Local Rules (including LR 26.2), and Electronic Filing Procedures of this District.

8.     **De-Designation and Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is subject to challenge by any Party.[2] Any Confidential Information shall be treated as designated until the change is completed. The following procedure shall apply to any such challenge:

a.     **Meet and Confer**.     A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party. In conferring, the Challenging Party must identify the document(s) at issue, and explain, on a document-by-document basis with separate explanations for each document, the specific basis for its belief that the confidentiality designation was not proper, and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) business days.

b.     **Judicial Intervention**.     Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the

---

[2] Materials and documents have been produced in *Authenticom, Inc. v. CDK Global LLC*, 3:17-cv-00318 (W.D. Wis.). Additional plaintiffs are now parties to this MDL. Those additional plaintiffs reserve the right to seek de-designation and challenge the designation of any material or document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

c. **Fees/Costs**. Each Party shall bear its own fees and costs related to any challenges of confidentiality designations under this Order.

9. **Action by the Court**. Applications to the Court for an order relating to the confidential treatment of materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial or Hearing**. A Party that intends to present Confidential Information at a hearing or trial shall notify the Designating Party at least ten (10) days prior to said hearing or trial. The Court may make such orders as are necessary to govern the use of Confidential Information at a hearing or trial including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in this Order, as appropriate, shall be excluded from specific portions of the proceedings. The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. **Confidential Information Subpoenaed in Other Litigation or Proceeding**.

a. If a Receiving Party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.      The Receiving Party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

d.      This Order must be served with any subpoenas served in this Litigation.

**12.     Obligations on Conclusion of the Litigation.**

a.      **Obligations at Conclusion of the Litigation**.      Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless (1) otherwise agreed by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified.

b.      **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, Counsel may retain their records of (1) email correspondence related to their representation, (2) attorney work product, including memoranda and correspondence related to the Litigation, and/or an index that refers or

16

relates to designated Confidential Information, and (3) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

c. **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

## II. LIMITATIONS ON WAIVER OF PRIVILEGE

13. **Clawback of Inadvertent Disclosure.**

a. This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims that such information is privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

b. A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The receiving party must— unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 13(c) of this Order—within ten business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within ten business days of receipt of the notification that the Disclosed Protected Information has been returned or

destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

        c.     If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

        d.     The parties may stipulate to extend the time periods set forth in subparagraphs (b) and (c).

        e.     Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

        f.     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

    **14.**    **Receiving Party's Obligation.** Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and

not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## III.    MISCELLANEOUS

**15.    Order Subject to Modification.**    This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

**16.    No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by Counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.    Persons Bound.**    This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms and any counsel, parties and persons who join this action in the future.

**18.    Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**19.    Backup/Archival/Disaster Recovery Systems.**    Notwithstanding any of the destruction and deletion requirements set forth herein, no person or entity is required by this Order to delete information that may reside on the respective person or entity's back-up, archival, or disaster recovery.

20.     Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information.

21.     All persons who executed Attachment A in connection with the original Agreed Confidentiality Order (Dkt. 104) shall be bound by the terms of this and any future amendments to this Order and are not required to re-execute Attachment A after each amendment.

SO STIPULATED.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Elizabeth McKenna
MILBERG TADLER PHILLIPS
   GROSSMAN LLP
One Pennsylvania Plaza, 19th Floor
71 South Wacker Drive
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
emckenna@milberg.com

*/s/ Brill M Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Interim Lead Counsel for Dealership Plaintiffs*

*Counsel for Defendant CDK Global, LLC and Defendant Computerized Vehicle Registration*

/s/ Derek T. Ho
Derek T. Ho
Michael N. Nemelka
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, PLLC
1615 M Street, N.W., Suite 400
dho@kellogghansen.com
mnemelka@kellogghansen.com

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbrLins.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER
   & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington. DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER
   & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles. CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

*Counsel for Authenticom, Inc.; Cox Automotive, Inc.; Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., Homenet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., Vinsolutions, Inc., and XTime, Inc.; Loop, LLC, d/b/a Auto Loop on behalf of itself and all others similarly situated; and Motor Vehicle Software Corp.*

*Counsel for Defendant The Reynolds and Reynolds Company*

IT IS SO ORDERED.

DATED: March 22, 2019

_____
THE HONORABLE ROBERT M. DOW, JR.
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned Action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of

the United States District Court for the Northern District of Illinois in matters relating to the

Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to

use materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance

with the Order solely for the purposes of the above-captioned Action, and not to disclose any such

Confidential Information to any other person, firm, or concern.

As soon as practical, but no later than thirty (30) days after final termination of this Action, I

shall return to the attorney from whom I have received any documents in my possession designated

"Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests,

abstracts, and indices that contain Confidential or Highly Confidential Information.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Employer: _____

Address: _____

Signature: _____

Date: _____