# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

| | |
|---|---|
| In re: Dealer Management Systems Antitrust Litig. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    1:18-CV-864 / MDL No. 2817 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Accel-KKR Capital Partners IV, LP, 2500 Sand Hill Road, Suite 300, Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Sheppard Mullin Richter & Hampton LLP 4 Embarcadero Center, 17th Floor San Francisco, CA 94111 | Date and Time: 02/22/2019 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/05/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

The Reynolds & Reynolds Company _____ , who issues or requests this subpoena, are:

Leo Caseria, Sheppard Mullin, 333 S. Hope Street, 43rd Fl., LA, CA 90071, lcaseria@smrh.com, 213-617-4206

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-864 / MDL No. 2817

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A – DOCUMENT RIDER

## DEFINITIONS AND INSTRUCTIONS

As used below in the document requests, the following terms shall have the following meanings:

1.      "Accel-KKR," "you," and "your" means Accel-KKR Capital Partners IV, LP and any other entity d/b/a or formerly known as "Accel-KKR Capital Partners IV, IP," and its officers, directors, principals, employees, agents, representatives, contractors, subsidiaries, partners, successors or predecessors, all persons acting on behalf of Accel-KKR Capital Partners IV, LP, and any and all persons and entities affiliated with or controlled by Accel-KKR Capital Partners, IV, LP.

2.      "Authenticom" means Authenticom, Inc. and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by Authenticom.

3.      "CDK" means CDK Global LLC and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by CDK.

4.      "CVR" means Computerized Vehicle Registration and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by MVSC.

5.      The term "EVR" means electronic vehicle registration and titling services for automobiles sold at dealerships.

6.      "MVSC" means Motor Vehicle Software Corporation and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by MVSC.

7.      "Reynolds" means The Reynolds and Reynolds Company and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by Reynolds.

8.      The term "RCI" means the Reynolds Certified Interface program offered by Reynolds.

9.      The term "3PA" means the Third Party Access program offered by CDK.

10.     "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re Dealer Management Systems Antitrust Litigation,* MDL No. 2817, Case No. 18 C 864, currently pending in the United States District Court for the Northern District of Illinois.

11.     "Communication," "communicate," and "communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

12.     "Document" means all things that are documents under the Federal Rules of Civil Procedure, including, without limitation, the original and any non-identical copy (which is different from the original or any copy because of notations or attachments, or otherwise) of any written, printed, typewritten, handwritten, recorded, tape-recorded, videotaped, computer-generated, graphic, photographic, or other tangible matter or material from whatever source

(however produced, reproduced, or recorded), including, without limitation, all of the following: correspondence, drafts, notes, telegraphs, facsimiles, memoranda, contracts (including all drafts and changes), calendars, reports, studies, diaries, time-slips, log books, daybooks, work schedules, pamphlets, charts, maps, plans, drawings, tabulations, calculations, financial records, bank records, schedules, spreadsheets, tax returns, audit reports, invoices, drafts, workpapers, work sheets, books, computer printouts, computer cards, computer tapes, computer diskettes, e-mail, other similar or dissimilar repositories of computer-generated, computer-compiled, or computer-maintained information, minutes and minute books (of any meeting of any person(s), committee(s), or board(s)), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or information accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures, and other materials related to any of the foregoing.

13.     In responding to these requests, you are required to furnish information that is available to you or subject to your reasonable inquiry, including information in the possession of your subsidiaries, affiliates, attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your ownership or control. All documents that respond to the below requests shall be produced in their entirety, including all attachments and enclosures.

14.     Unless a different time period is indicated in a specific Request or category of Requests below, please produce responsive documents for the time period January 1, 2013 to the present (the "Relevant Time Period").

15.     The attached Protective Order currently governs the production of documents in this matter. (*See* Exhibit B). Please indicate whether any documents produced pursuant to this

subpoena should be designated as confidential pursuant to the Protective Order.

## DOCUMENTS REQUESTED

1.      All contracts, agreements, letters of intent, memorandums of understanding between Accel-KKR and MVSC.

2.      All documents relating or referring to any actual or contemplated investment or acquisition of an ownership stake in MVSC, including your investment in MVSC in 2015.  This request includes, but is not limited to:

   a.   Presentations, studies, surveys, analyses, reports, or projections evaluating any aspect of MVSC or the pros and cons of investing in MVSC.

   b.   Executed agreements, contracts, agreements, letters of intent, memorandums of understanding.

   c.   Materials prepared by third parties for you, such as a confidential information memorandum or management presentation or market study.

   d.   Documents provided to the Department of Justice or Federal Trade Commission.

3.      All documents relating or referring to any actual or contemplated investment or acquisition of an ownership stake in CVR.  This request includes, but is not limited to, presentations, studies, surveys, analyses, reports, or projections evaluating any aspect of CVR or the pros and cons of investing in CVR.

4.      All communications or documents regarding or relating to Louis Robert Cohen (aka Rob Cohen), including your acquisition of Mr. Cohen's ownership stake in MVSC.

5.      All documents or communications regarding MVSC following any investment or acquisition of an ownership stake in MVSC, including projections, plans, or strategies.

6.      All documents or communications relating or referring to MVSC's Electron application, or Neutrino, an Electron feature or capability.

7.      All documents or communications relating or referring to EVR, or providers of EVR services, including but not limited to CVR.

8.      All documents or communications referring or relating to Reynolds, CDK, RCI, or 3PA.

9.      All documents or communications referring or relating to Authenticom or competing providers of third party DMS integration services, including but not limited to ProQuotes, Superior Integrated Solutions ("SIS") or SelectQu.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>This Document Relates to All Cases |

---

## AGREED CONFIDENTIALITY ORDER

---

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

## I.     CONFIDENTIALITY

### 1.     Scope.

All materials and information produced, adduced or disclosed in the course of formal or informal discovery in this Action (defined below), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, audio and video files, preliminary injunction exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order is binding upon

parties and non-parties to whom any Confidential Information is disclosed or who have been served with a copy of this order.

**2.    Definitions.**

a.    **Action:**  this pending federal lawsuit – *In Re: Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill.).

b .    **Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

c.    **Confidential Information or Items:**  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute, regulation, court rules, case decisions, or common law; (b) information that reveals trade secrets, confidential research, development, business practices or other confidential customer, technical, commercial (including pricing), financial or business information; (c) private or sensitive information not readily ascertainable through lawful means by the public concerning any individual, including medical information; (d) non-public personal information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records; (g) information subject to any non-disclosure or confidentiality agreement between the Designating Party and any other Party or Non-Party (defined below); or (h) other information the Producing Party reasonably believes is subject to protection.

Confidential Information excludes information that is publicly available unless such information is publicly available because of: (a) a breach of this Confidentiality Order; (b) a violation of any other obligation of confidentiality (whether intentional or inadvertent); or (c) an inducement of a violation of obligation of confidentiality.

       d.     **Counsel:**  Outside Counsel of Record and In-House Counsel (as well as their support staff) for any Party or the successor of a Party.

       e.     **Designating Party:**  a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

       f.     **Discovery Material:**  all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

       g.     **HIGHLY CONFIDENTIAL:** Confidential Information of a highly sensitive nature the disclosure of which could result in significant harm, including but not limited to competitive harm, to the business or operations of that Party or Non-Party or to an individual.  Without limitation to other forms of Confidential Information properly designated as "HIGHLY CONFIDENTIAL" in accordance with this subparagraph, a Producing Party may designate copyrighted software and all other information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs as "HIGHLY CONFIDENTIAL."

       h.     **In-House Counsel:**  attorneys who are employees of a Party to this Action or the successor of a Party.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

        i.     **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

        j.     **Outside Counsel of Record:**  attorneys who are not employees of a Party to this Action but are retained or represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

        k.     **Party:**  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

        l.     **Producing Party:**  a Party or Non-Party that produces documents.

        m.     **Professional Vendors:**  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

        n.     **Receiving Party:**  a Party that receives documents from a Producing Party.

    **3.**     **Designation.**

        a.     A Party or Non-Party shall designate as Confidential Information such information that it reasonably believes, in good faith, is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  A Designating Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order,

"copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      b.    The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be deemed a good-faith certification by an attorney, a Party appearing pro se in this Action, or a Non-Party producing documents in this Action that the document contains Confidential Information as defined in this Order. The Designating Party's Counsel, by stamping any document as "Confidential" or "Highly Confidential" under this Confidentiality Order, are certifying that they have a good faith belief that the designation of confidentiality is warranted under the existing Protective Order, that the designation is not being made for any tactical purpose and there is good cause why it should not be part of the public record of this case.

      c.    All documents produced, exchanged, or filed by any Party or by any Non-Party, not otherwise designated pursuant to this Order, shall be treated as "CONFIDENTIAL" until the later of (a) fourteen (14) days following the issuance of this Order, or (b) fourteen (14) days after such document is first produced, filed, or exchanged. If a Party to this lawsuit believes that another Party or any Non-Party has produced or submitted documents containing

that Party's Confidential Information, such Party shall have fourteen (14) days from the date of entry of this Order or fourteen (14) days after such materials are produced, filed, or exchanged to designate any such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such documents so designated shall be treated accordingly under the terms of this Order. After the time periods set forth in this paragraph, any documents not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as non-confidential information, subject to paragraphs 6 and 13 below.

       d.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

       e.     A Non-Party's use of this Order to protect its Confidential Information does not entitle it to access or use any Confidential Information produced by any Party in this case.

       f. Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party or a third party if that information (i) either originated from the Designating Party or third party (or was generated on the designating or third party's behalf), or (ii) contains the Designating Party's Confidential Information or Highly Confidential Information, in which case the Designating Party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

4. **Depositions**.

a. A Party or Non-Party may designate some or all of a witness's deposition testimony as Confidential or Highly Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the time the testimony is taken. Inadvertent failure to do so does not operate as a waiver. The Designating Party must provide the specific page and line designations over which the Party or Non-Party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to the Designating Party or Non-Party. Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

b. In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. Except as provided herein, if the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

5. **Protection of Confidential Information**.

a. **General Protections**. Discovery Material shall not be used or disclosed by the Receiving Parties, Counsel for the Receiving Parties, or any other persons

identified in subparagraphs 5(b)-(c) for any purpose whatsoever other than in the above captioned case, including any appeal thereof (the "Litigation"). In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and to the owners of the named dealership plaintiff(s). or any individual plaintiff with a case on file in this Litigation and not to any other member of the putative class unless and until a class including the putative member has been certified.[1]

      b.    **Limited Disclosures of Confidential Information Designated as "CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(b)(1)-(11) of this Order.  Subject to this Confidentiality Order, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

      1)    **Counsel**.  Counsel for the Parties and such employees and support staff of Counsel as have responsibility for the action, including contract attorneys, secretaries, and legal assistants;

      2)    **Parties**.  Parties and employees of a Party, at any time, but only to the extent Counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action;

      3)    **The Court and its personnel**;

      4)    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this Action, but only after such persons have

---

[1] Plaintiffs agree to adhere to the provision in paragraph 5(a), but reserve their rights with respect to the issue of whether putative class members are parties in this litigation.

completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

5) **Contractors**. Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

6) **Consultants and Experts**. Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

7) **Witnesses at depositions**. During their depositions, witnesses and their Counsel to whom disclosure is reasonably necessary according to the good faith judgment of the disclosing Counsel, and the Counsel representing them at the deposition, if any. Neither witnesses nor their Counsel shall retain a copy of any exhibit designated as "CONFIDENTIAL", except witnesses and their Counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their Counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as

"CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) **Author, subject, or recipient**.  Persons whom the Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements, communications or actions are expressly mentioned, discussed or referred to by actual name in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

9) **Special masters and their direct staff;**

10) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**; and**

11) **Others by Consent**.  Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

c. **Limited Disclosures of Confidential Information Designated as "HIGHLY CONFIDENTIAL."**  No person shall disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL" to any person or entity except as set forth in subparagraphs 5(c)(1)-(10) of this Order.  The following categories of

10

persons may be allowed to review Confidential Information designated as "HIGHLY CONFIDENTIAL":

    1)    **Counsel**.   Outside legal counsel for the parties in this action and such employees, support staff, and contract attorneys of outside counsel as necessary to conduct this action;

    2)    **The Court and its personnel**;

    3)    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in this Action, but only after such persons have completed the Acknowledgement and Agreement to be Bound ("Acknowledgement") contained in Attachment A;

    4)    **Contractors**.

Those persons specifically engaged for the limited purpose of copying, scanning, organizing, filing, searching, coding, converting, storing, or retrieving documents or data, including Professional Vendors hired to process and manage electronically stored documents, but only after such persons have completed the Acknowledgment contained in Attachment A;

    5)    **Consultants and Experts**.   Consulting or testifying Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this Action, and the staff of each such consulting or testifying Expert, as long as any such expert or staff member are not employees or regular contractors of the parties or any affiliated entity, and jury or trial preparation services, but only after such persons have completed the Acknowledgment contained in Attachment A;

6)      **Witnesses at depositions.**  During their depositions witnesses in this action to the extent witnesses fall within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL."  If a witness does not fit within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL," the Party or Non-Party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents, and information to be disclosed.  The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause.  The Designating Party shall not disclose to any other Party or Non-Party that a notice of disclosure has been provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law.  If the Designating Party provides such notice to any other Party or Non-Party, then the Designating Party must provide a copy of its communications providing that notice to the Party wishing to make the disclosure.  If timely written notice of the good cause objection to the proposed disclosure is provided to the Party or Non-Party wishing to make such disclosure, disclosure is not permissible without leave of Court.

Neither witnesses nor Counsel to third-party witnesses shall retain a copy of exhibits designated as "HIGHLY CONFIDENTIAL."  Pages of transcribed

12

deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

7) **Author, subject, recipient**. Persons whom the Highly Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the documents; and any person whose statements are expressly mentioned, discussed or referred to in the material as indicated on its face. The author, subject, or recipient of a document (not including a person who received the document in the course of the Litigation or was authorized to receive the document pursuant to any other provision of this Order) may be shown only those portions of the document that meets the criteria set forth in this subparagraph;

8) **Special masters and their direct staff;**

9) **Mediators and their direct staff**, provided that they are bound by a confidentiality agreement acceptable to all parties**; and**

10) **Others by Consent**. Other persons only by written consent of the Producing Party or Non-Party or upon order of the Court and only on such conditions as may be agreed or ordered.

d. **Control of Documents**. Counsel for the Parties shall make best efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

        e.      Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Confidential Information.

      **6**.     **Failure to Designate**.  A failure to designate a document or transcript (or any portion thereof) as Confidential Information does not waive the confidential status of such information or the right to so designate the document.  If a Party or Non-Party designates a document as Confidential Information after it was initially produced, the designating party shall reproduce with the document with the appropriate designation, and the Receiving Party, on notification of the designation must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and return or destroy the original Confidential Information and all copies of the same.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential Information.

      **7**.     **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with all applicable Local Rules (including LR 26.2), and Electronic Filing Procedures of this District.

      **8**.     **De-Designation and Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" is subject to challenge by any Party.[2]  Any Confidential Information shall be treated as designated until the change is completed.  The following procedure shall apply to any such challenge:

      a.    **Meet and Confer**.  A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party.  In conferring, the Challenging Party must identify the document(s) at issue, and explain, on a document-by-document basis with separate explanations for each document, the specific basis for its belief that the confidentiality designation was not proper, and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within ten (10) business days.

      b.    **Judicial Intervention**.  A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

      c.    **Fees/Costs**.  Each Party shall bear its own fees and costs related to any

---

[2]    Materials and documents have been produced in *Authenticom, Inc. v. CDK Global LLC*, 3:17-cv-00318 (W.D. Wis.). Additional plaintiffs are now parties to this MDL.  Those additional plaintiffs reserve the right to seek de-designation and challenge the designation of any material or document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

challenges of confidentiality designations under this Order.

9. **Action by the Court**. Applications to the Court for an order relating to the confidential treatment of materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial or Hearing**. A Party that intends to present Confidential Information at a hearing or trial shall notify the Designating Party at least ten (10) days prior to said hearing or trial. The Court may make such orders as are necessary to govern the use of Confidential Information at a hearing or trial including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in this Order, as appropriate, shall be excluded from specific portions of the proceedings. The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. **Confidential Information Subpoenaed in Other Litigation or Proceeding.**

a. If a Receiving Party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

16

      b.     The Receiving Party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

      c.     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

      d.     This Order must be served with any subpoenas served in this Litigation.

**12.**     **Obligations on Conclusion of the Litigation**.

      a.     **Obligations at Conclusion of the Litigation**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless (1) otherwise agreed by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified.

      b.     **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, Counsel may retain

their records of (1) email correspondence related to their representation, (2) attorney work product, including memoranda and correspondence related to the Litigation, and/or an index that refers or relates to designated Confidential Information, and (3) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

       c. **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

## II. LIMITATIONS ON WAIVER OF PRIVILEGE

       13. **Clawback of Inadvertent Disclosure.**

       a. This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a party that produces or otherwise discloses information in connection with this action (the "Producing Party") thereafter claims that such information is privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

       b. A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The receiving party must—

unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 13(c) of this Order—within ten business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within ten business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

        c.    If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact of the disclosure and may not disclose, rely on, or refer to any of the Disclosed Protected Information except as necessary to contest the claim of attorney-client privilege or work product protection. Pending resolution of the Disclosure Motion, the receiving party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

        d.    The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

        e.    Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

f.    The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

**14.    Receiving Party's Obligation.**  Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## III.    MISCELLANEOUS

**15.    Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

**16.    No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by Counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.    Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms and any counsel, parties and persons who join this action in the future.

**18.    Order Continues in Force**.  Unless otherwise agreed or ordered, this Order

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

     **19**. **Backup/Archival/Disaster Recovery Systems**. Notwithstanding any of the destruction and deletion requirements set forth herein, no person or entity is required by this Order to delete information that may reside on the respective person or entity's back-up, archival, or disaster recovery

     **20**. Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information.

       **SO ORDERED.**

Dated: April 4, 2018

                               Hon. Amy J. St. Eve
                        United States District Judge

Dated:  April 3, 2018

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX  77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
**SHEPPARD MULLIN RICHTER
    & HAMPTON, LLP**
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC  20006
(202) 747-1900
mcohen@sheppardmullin.com

*Counsel for Defendant The Reynolds and
Reynolds Company*

Respectfully submitted,

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
**MAYER BROWN LLP**
71 South Wacker Drive Chicago,
IL  60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
**MAYER BROWN LLP**
1999 K Street, NW Washington,
DC  20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants CDK Global, LLC,
CDK Global, Inc., and Computerized Vehicle
Registration*

/s/ Michael N. Nemelka
Michael N. Nemelka
Derek T. Ho
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7932
mnemelka@kellogghansen.com
dho@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Kendall W. Harrison
**GODFREY & KAHN S.C.**
One East Main Street, Suite 500
Madison, Wisconsin 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
si13@nyu.edu

*Counsel for Plaintiffs Authenticom, Inc.,*
*Motor Vehicle Software Corporation, Cox*
*Automotive, Inc., Autotrader.com, Inc.,*
*Dealer Dot Com, Inc., Dealertrack, Inc.,*
*HomeNet, Inc., Kelley Blue Book Co., Inc.,*
*vAuto, Inc., VinSolutions, Inc., and Xtime,*
*Inc., and Bob Baker Volkswagen*

/s/ Gregory Asciolla
Gregory Asciolla
Christopher J. McDonald
Karin E. Garvey
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
gasciolla@labaton.com
cmcdonald@labaton.com
kgarvey@labaton.com

*Counsel for Plaintiff Bob*
*Baker Volkswagen*

/s/ Victoria Romanenko
Jonathan W. Cuneo
Victoria Romanenko
Jennifer Kelly
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
(202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

/s/ Shawn M. Raiter
Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com

*Counsel for Hartley Buick GMC Truck, Inc.*

23

/s/ Robert N. Kaplan
Robert N. Kaplan
Gregory Arenson
Jeffrey P. Campisi
Elana Katcher
Aaron Schwartz
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue; 14th Floor
NY, NY 10022
(212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
jcampisi@kaplanfox.com
ekatcher@kaplanfox.com
aschwartz@kaplanfox.com

Gary L. Specks
423 Sumac Road
Highland Park, Illinois 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580
gspecks@kaplanfox.com

*Counsel for Plaintiffs Hartley Buick
GMC,Truck, Inc., Cox Motors N.C., Inc. d/b/a
Cox Toyota, and Northtown Automotive
Companies Inc.*

/s/David McMullan, Jr.
David M. McMullan, Jr.
Don Barrett
Sterling Starns
**BARRETT LAW GROUP, P.A.**
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com

*Counsel for John O'Neil Johnson Toyota, LLC*

/s/ James E. Barz
James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD
LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
(312) 674-4674
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD
LLP**
655 West Broadway, Suite 1900 San
Diego, CA 92101-8498
(619) 231-1058
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Samuel H. Rudman
**ROBBINS GELLER RUDMAN & DOWD
LLP**
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
SRudman@rgrdlaw.com

Brian J. Robbins
George C. Aguilar
Michael J. Nicoud
**ROBBINS ARROYO LLP**
600 B Street, Suite 1900 San
Diego, CA 92101 Telephone:
(619) 525-3990
brobbins@robbinsarroyo.com
gaguilar@robbinsarroyo.com
mnicoud@robbinsarroyo.com

*Counsel for Plaintiff Baystate Ford Inc.*

24

/s/ Charles Barrett
Charles Barrett
**NEAL & HARWELL, PLC**
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
(615) 268-3647
Cbarrett@nealharwell.com

Michael Roberts
Karen Halbert
Jana K. Law
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
(501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
janalaw@robertslawfirm.us

*Counsel for Plaintiff Hoover Automotive,
LLC*

/s/ Marvin A. Miller
Marvin A. Miller
Andrew Szot
Lori A. Fanning
Matthew E. Van Tine
Kathleen Boychuck
**MILLER LAW LLC**
115 S. LaSalle St., Ste. 2910
Chicago, Illinois 60603
(312) 332-3400
mmiller@millerlawllc.com

*Counsel for Plaintiff F.G. Downing
Development, Inc.*

/s/ Eric H. Gibbs
Eric H. Gibbs
Michael L. Schrag
Aaron Blumenthal
Amy M. Zeman
**GIBBS LAW GROUP, LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700
ehg@classlawgroup.com
mls@classlawgroup.com
ab@classlawgroup.com
amz@classlawgroup.com
*\*to be admitted pro hac vice*

Mark H. Troutman
Shawn K. Judge
Gregory M. Travalio
**ISAAC WILES BURKHOLDER &
TEETOR, LLP**
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
(614) 221-2121
mtroutman@isaacwiles.com
sjudge@isaacwiles.com
gtravalio@isaacwiles.com

Paul C. Peel
**FARRIS BOBANGO BRANAN, PC**
999 South Shady Grove Road, Suite 500
Memphis, TN 38120
(901) 259-7100
ppeel@farris-law.com
*\*to be admitted pro hac vice*

*Attorneys for Plaintiff Kenny Thomas
Enterprises, Inc. (d/b/a Olathe Toyota)*

*/s/ W. Daniel "Dee" Miles, III*
W. Daniel "Dee" Miles, III
Archie I. Grubb, II
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS, & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
Dee.Miles@BeasleyAllen.com
Archie.Grubb@BeasleyAllen.com

Ralph Edward Massey, Jr.
**CLAY, MASSEY & ASSOCIATES**
509 Church Street
Mobile, AL 36602
(251)433-1000
em@claymassey.com

Michael Stephen Dampier
**THE DAMPIER LAW FIRM, PC**
55 North Section Street Fairhope,
AL 36532
(251) 929-0900
steve@dampierlaw.com

*Counsel for Massey Chrysler Center, Inc.,
and Massey Automotive*

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Andrei V. Rado
Elizabeth A. McKenna
**MILBERG TADLER PHILLIPS
GROSSMAN, LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com
arado@milberg.com
emckenna@milberg.com

Leonard A. Bellavia
**BELLAVIA BLATT, P.C.**
200 Old Country Road, Suite 400
Mineola, NY 11501
(516) 873-3000
lbellavia@dealerlaw.com

*Counsel for Plaintiffs Teterboro Automall,
Inc., JCF Autos LLC, 440 Jericho Turnpike
Sales LLC, and Patchogue 112 Motors LLC*

*/s/ Kenneth A. Wexler*
Kenneth A. Wexler
Bethany R. Turke
Thomas A. Doyle
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
tad@wexlerwallace.com

Daniel E. Gustafson
Daniel C. Hedlund
David A. Goodwin
Michelle J. Looby
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com

Brian D. Penny
Paul J. Scarlato
**GOLDMAN SCARLATO & PENNY, P.C.**
161 Washington Ave, Suite 1025
Conshohocken, PA 19428
(484) 342-0700
penny@lawgsp.com
scarlato@lawgsp.com

Heidi M. Silton
Anna M. Horning Nygren
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
amhorningnygren@locklaw.com

Kevin Landau
Tess Bonoli
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
(646) 873-7654
klandau@tcllaw.com
tbonoli@tcllaw.com

*Counsel for Plaintiff Waconia Dodge, Inc.*

27

*/s/ Michael J. Freed*
Michael J. Freed
Douglas A. Millen
Robert J. Wozniak
Brian M. Hogan
**FREED KANNER LONDON**
    **& MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL  60015
(224) 632-4500
mfreed@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com
bhogan@fklmlaw.com

Joshua H. Grabar, Esq.
**GRABAR LAW OFFICE**
1735 Market Street
Suite 3750
Philadelphia, PA 19103
(267) 507-6085
jgrabar@grabarlaw.com

Marc H. Edelson, Esq.
**EDELSON & ASSOCIATES, LLC**
3 Terry Drive
Suite 205
Newtown, PA 18940
(215) 867-2399
medelson@edelson-law.com

*Counsel for Plaintiff Pensacola Motor Sales,*
*Inc. d/b/a Bob Tyler Toyota, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**ATTACHMENT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned Action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned

Action, and not to disclose any such Confidential Information to any other person, firm, or

concern.

As soon as practical, but no later than thirty (30) days after final termination of this

Action, I shall return to the attorney from whom I have received any documents in my

possession designated "Confidential" or "Highly Confidential," and all copies, excerpts,

summaries, notes, digests, abstracts, and indices that contain Confidential or Highly Confidential

Information.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Employer: _____

Address: _____

Signature: _____

Date: _____

29