**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This filing relates to:* <br><br> *Cox Automotive, Inc., et al. v. CDK Global, LLC, Case No. 1:18-CV-1058 (N.D. Ill.)* | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT CDK GLOBAL, LLC'S EMERGENCY MOTION TO TAKE COX RULE 30(B)(6) "DATA" DEPOSITION OFF CALENDAR DUE TO LATE PRODUCTION OF DATA AND UNRESOLVED OBJECTIONS**

Defendant CDK Global, LLC ("CDK") respectfully files this emergency motion seeking an Order removing the Rule 30(b)(6) "data" deposition of plaintiff Cox Automotive and its eight subsidiary plaintiffs[1] from the deposition calendar, and requiring the parties to select a mutually agreeable date for a rescheduled deposition. To be sure, CDK does not take lightly this request for relief on an emergency basis and has attempted to avoid filing this motion. However, under the circumstances, CDK respectfully requests a ruling or a telephonic status conference at the Court's earliest convenience—if possible, this afternoon—to determine whether the deposition will proceed on April, 4, 2019, in Atlanta, GA as currently scheduled. In support, CDK provides the following relevant details:

1. On March 6, 2019, in accordance with the parties' agreement, CDK noticed a Fed. R. Civ. P. 30(b)(6) deposition of Cox Automotive regarding the meaning and structure of

---

[1] Autotrader.com, Inc., Dealer Dot Com, Inc. ("Dealer.com"), Dealertrack, Inc., HomeNet,Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., and Xtime, Inc.

certain data that Cox Automotive has produced in this MDL. Plaintiffs accepted the date of April 4, 2019 for the deposition. The deposition is supposed to proceed in Atlanta, GA.

2. The Deposition Protocol Order provides that once a deposition has been scheduled "it shall not be taken off calendar … except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court." *See* Dkt. 422 at IV.F.

3. CDK has had extreme difficulty obtaining relevant data in advance of the deposition, and Cox Automotive recently acknowledged that significant data was never produced. *See* Ex. 1 (Fenske March 6, 2019 Letter, outlining categories of missing data); Ex. 2 (Dorris March 14, 2019 Letter at 3, n.1, listing data that had not been produced).

4. CDK has been diligently attempting to obtain this data since learning about its existence. Ex. 3 (Entwisle March 19, 2019 Letter at 2); Ex. 4 (Dorris March 20, 2019 Letter at 2); Ex. 5 (Entwisle March 22, 2019 Letter); Ex. 6 (Entwisle March 27, 2019 email within chain).

5. Cox Automotive made a significant production of additional data at approximately 6:45 PM (Central) on Friday, March 29, 2019. That production includes more than 4,500 new documents, many of which are spreadsheets. The documents area not organized in any manner that CDK can readily discern. Also, more than 70 of these files are corrupted, cannot be reviewed, and will need to be replaced. The parties met and conferred this morning, and Cox Automotive did not agree that it would correct these errors in advance of the deposition, instead suggesting that CDK could attempt to correct the problems with the production.

6. CDK should not be receiving these documents just a few days before the deposition. Cox Automotive was required to substantially complete its document production by October 12, 2018, and in any event, was required under the Case Management Order ¶ 9 to produce these materials "no later than 14 days prior to" the deposition (Dkt. 166).

7. Setting aside the missed deadlines, there is simply no practical way that CDK can meaningfully assess thousands of newly produced documents (many of them large Excel files of data) and be prepared to go forward with a deposition on those documents on Thursday—indeed, CDK will not even be able to view some of the files that have been produced before the deposition. Accordingly, if the deposition were to proceed as scheduled, CDK would be severely prejudiced.

8. In light of these outstanding issues, and to avoid the need for multiple depositions, CDK asked counsel for Cox Automotive to agree to remove the deposition from the calendar and agree to a new tentative date for the deposition so that CDK may review the additional documents that Cox produced on Friday and also continue to work towards resolving Cox's objections.[2] Cox refuses to do so. The deposition is scheduled to proceed in Atlanta on Thursday, so counsel for CDK must ship exhibits today and travel from Chicago to Atlanta on Wednesday. To avoid potentially unnecessary travel costs and attorney time spent traveling, CDK has filed this motion on an emergency basis, as only the Court can modify the deposition schedule in the absence of an agreement between the parties.

9. This morning, counsel for Cox Automotive, CDK and the dealer plaintiffs conferred and were not able to reach an agreement on this issue. Cox Automotive and the dealer plaintiffs have stated that they intend to go forward with the deposition in the absence of a ruling from the Court granting the relief requested by CDK. Accordingly, in the absence of a ruling from the Court granting the relief requested in this motion between now and tomorrow when counsel must travel, CDK intends to appear at the deposition in Atlanta on April 4, ask Cox's witness the questions that it can ask, and seek an additional or continued deposition on the

---

[2] If the parties are unable to amicably resolve Cox's objections, either or both of the parties may seek further guidance from the Court.

questions that it cannot ask for the reasons outlined above. CDK has filed the instant motion reserving all rights in this respect, and in the hope that the Court may be able to provide the parties with guidance so that multiple rounds of depositions and travel can be avoided.

## CONCLUSION

CDK respectfully requests that the Court remove the Cox data deposition currently scheduled for April 4, 2019 from the calendar, and order the parties to work collaboratively to identify a mutually agreeable date for the deposition after April 15, 2019, and beyond April 30, 2019, if necessary. CDK respectfully requests a ruling from the Court as soon as possible or a telephonic status hearing at the Court's earliest convenience.

Dated: April 2, 2019

Respectfully submitted,

/s/ *Matthew D. Provance*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

## CERTIFICATE OF SERVICE

      I, Matthew D. Provance, an attorney, hereby certify that on April 2, 2019, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S EMERGENCY MOTION SEEKING TO RESCHEDULE COX RULE 30(B)(6) "DATA" DEPOSITION** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                        */s/ Matthew D. Provance*
                                        Britt M. Miller
                                        MAYER BROWN LLP
                                        71 South Wacker Drive
                                        Chicago, IL  60606
                                        Phone:  (312) 782-0600
                                        Fax:  (312) 701-7711
                                        E-mail:  bmiller@mayerbrown.com