# EXHIBIT 1

**MAYER•BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

**Daniel T. Fenske**
Direct Tel +1 312 701 8926
Direct Fax +1 312 701 7711
dfenske@mayerbrown.com

March 6, 2019

**BY E-MAIL**

Daniel V. Dorris, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036

Re: In re Dealer Management System Antitrust Litig., MDL No. 2817, Cox v. CDK (18-CV-1058)

Dear Counsel:

We write regarding Cox's responses to CDK's First Requests for Production. As you are aware, CDK filed Counterclaims against Cox on February 15, 2019. There are several categories of documents called for by CDK's existing requests that are relevant to the Counterclaims. Cox's production of financial, pricing, and switching-related information and data also continues to be deficient.

I. **DOCUMENTS RELEVANT TO CDK'S COUNTERCLAIMS**

There are three general categories of documents that are relevant to CDK's Counterclaims and that are called for by CDK's existing requests. First, CDK requested documents related to Cox's syndication of data obtained from CDK's DMS to third parties. These documents are relevant to Counts 1 through 3 of CDK's Counterclaims and are directly responsive to RFP Nos. 45, 69-71 and 85-86. As you know, CDK moved to compel Cox to produce documents responsive to these RFPs. The Court denied CDK's motion, finding that discovery in support of "claims not yet asserted" against Cox was unwarranted. Dkt. 442 at 6. Now that CDK's counterclaims against Cox are on file, we intend to ask the Court to reconsider its ruling. However, before we raise this issue with the Court we would like to know whether Cox will produce documents responsive to RFPs 45, 69-71, and 85-86 voluntarily. Please let us know immediately whether Cox will produce the aforementioned documents.

Second, CDK requested documents related to Cox accessing CDK's DMS through means other than 3PA integration and Cox's efforts to circumvent CDK's security protocols, including its use of automated processes to evade CDK's CAPTCHA prompts. These documents are relevant to Counts 1 through 5 of CDK's Counterclaims and are directly responsive to CDK's RFP Nos. 48-62 and the following "relevancy categories": (1) data integration; (2) access to DMSs; and (3)

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP

Daniel V. Dorris, Esq.
March 6, 2019
Page 2

effects Cox Applications[1] have on security, performance, and data integrity of any DMS. Despite Cox's many assurances that it would produce these documents, they do not appear to be in Cox's existing productions. Please explain why Cox's production does not include these documents and let us know if Cox will produce them.

Third, we are aware of only a handful of non-substantive documents in Cox's production related to the Autotrader data license agreement at issue in Counts 6 through 7 of CDK's Counterclaims. *See, e.g.*, COX_0001811. Such documents are responsive to RFP 72, among others. Please confirm that Cox will produce all of the above-referenced documents immediately.

## II. CONTINUED DEFICIENCIES WITH COX'S PRODUCTION OF FINANCIAL, PRICING AND SWITCHING DATA

We also write regarding the continued deficiencies with Cox's production of financial and transactional data. As we discussed in prior meet and confers, Cox has failed to substantially complete its production of such data in response to RFP Nos. 77 through 91, to which Cox agreed to produce responsive documents. In particular, we note the following:

### A. RFPs re: Revenue, Costs and Profits

A number of CDK's RFPs seek documents sufficient to show, on a monthly or quarterly basis, the prices Cox charged and paid for particular Applications and for Dealertrack DMS; the revenue and profits Cox earned from such Applications and for Dealertrack DMS; and costs Cox incurred in providing certain Applications and Dealertrack DMS. *See* RFP Nos. 77-80 and 88- 91. Cox agreed to respond to these RFPs notwithstanding its self-imposed "relevancy" limitations.

Based on our review of Cox's production, Cox has not produced documents sufficient to respond to any of those RFPs. For example, Cox produced certain Ossining reports. *See, e.g.*, COX_0003447, COX_0006571, and COX_0116843. Those reports provide limited information as to Cox's revenue, expenses and profits for certain Applications and for Dealertrack DMS. The Ossining reports, however, do not provide information at the granular level required by CDK's RFPs. In particular, the Ossining reports aggregate the data on a per-Application basis, across all dealers who used that Application. This makes it impossible for CDK to determine the prices paid by any particular Dealer for that Application. The Ossining reports' descriptions of costs and integration fees are similarly aggregated at the Application level.[2]

---

[1] "Application," as the term is used herein, shall mean each of the Cox subsidiaries at issue in this litigation: Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., and Xtime, Inc.

[2] Further, despite Cox's representations in the parties' meet and confers that it would produce additional Ossining reports, it still appears as though reports are missing for certain Applications and time periods. Please confirm if you have produced all Ossining reports that exist for the period of 2013-present in response to the aforementioned RFPs.


Daniel V. Dorris, Esq.
March 6, 2019
Page 3

Accordingly, CDK requests that Cox properly respond to RFP Nos. 77-80 and 88-91, and in particular, produce documents sufficient to show the relevant revenues, prices, fees, costs, and profits on a dealer-by-dealer basis. To the extent Cox asserts that it has produced documents sufficient to show the information requested in these RFPs, please identify those documents by Bates number. These documents should have been produced months ago. If Cox does not produce them immediately we intend to bring the issue to the Court's attention.

### B. RFPs re: Data Integration and Extraction Fees

RFP Nos. 81, 82 & 84 seek documents sufficient to show, on a monthly basis, the integration and/or extraction fees (a) paid by Cox for each of its Applications or (b) charged to dealers by each of Cox's Applications. It appears that Cox has produced a handful of database extracts that track the integration fees charged by Cox Applications on a dealer-by-dealer and DMS-by-DMS basis for a certain period of time. *See, e.g.*, COX_0031408. But it has failed to provide such information for the entire relevant time period or for each application at issue. Similarly, Cox has produced certain database extracts that track Cox's payments to certain DMS providers and data extractors. *See, e.g.*, COX_0111342. But again, it has failed to provide a comprehensive set of such information that includes data for the entire relevant time period and for each Application at issue.

Accordingly, CDK requests that Cox respond completely to RFP Nos. 81, 82, and 84. To the extent Cox believes that it has produced documents sufficient to show the information requested in these RFPs, please identify those documents by Bates number. As above, these documents should have been produced months ago. Please produce them immediately. If not, we intend to bring the issue to the Court's attention.

### C. RFPs re: Customer Switching and Win/Loss Data

RFP Nos. 12-13 and Nos. 27 and 34-35 seek documents sufficient to identify the dealers who have switched to or from Dealertrack DMS and Cox's Applications; they also seek all "win/loss" reports and documents that reflect the aforementioned switching. It appears that Cox has only produced a limited set of data in response to these RFPs. *See, e.g.*, COX_0033203, COX_0052302, and COX_0052351. As above, Cox agreed to respond to these RFPs notwithstanding its self-imposed "relevancy" limitations. These documents should have been produced months ago. If Cox does not produce them immediately we intend to bring the issue to the Court's attention.

Per the parties' agreement, today we are serving a 30(b)(6) notice of deposition on Cox regarding the sufficiency and nature of Cox's pricing, financial and switching information and data productions, as identified in part herein. If Cox fails to immediately produce the documents identified herein, the current deficiencies in Cox's production will materially prejudice CDK's ability to take this 30(b)(6) deposition. CDK thus reserves all rights in this regard.

Daniel V. Dorris, Esq.
March 6, 2019
Page 4

Sincerely,

*/s/ Daniel T. Fenske*

Daniel T. Fenske
Partner