# EXHIBIT 6

**Nowik, Mary Ann**

| | |
|---|---|
| **From:** | Entwisle, Robert E. |
| **Sent:** | Monday, April 01, 2019 6:46 PM |
| **To:** | Dorris, Daniel V.; SERVICE-EXTERNAL-DMS-MDL |
| **Cc:** | Miller, Britt M.; Ryan, Mark; Fenske, Daniel T.; Provance, Matthew D.; Wayne, Natalie F. |
| **Subject:** | RE: MDL 2817 - Letter Regarding Cox |

**\*\*EXTERNAL SENDER\*\***

Dan, we will follow-up on the substance of your response, but let's plan to speak tomorrow at 11 AM Eastern.

Thanks,
Bob

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Monday, April 01, 2019 4:56 PM
**To:** Entwisle, Robert E. <REntwisle@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; Wayne, Natalie F. <NWayne@mayerbrown.com>
**Subject:** RE: MDL 2817 - Letter Regarding Cox

**\*\*EXTERNAL SENDER\*\***

Robert,

Our responses to your email are below. I'm generally available after 11 a.m. EST on Tuesday if you would like to discuss.

1. We stand on our objections, which forth our position on this issue. In short, CDK cannot seek to obtain Rule 30(b)(6) testimony from representatives for nine distinct entities in a single one-day deposition. Putting aside the case law that supports our position, it is not practical for CDK to explore each of these entities in depth during that deposition, nor would it be practical for us to prepare a witness to respond to such questioning. Accordingly, we will present a corporate representative to testify on behalf of Cox Automotive, Inc. as to "information known or reasonably available" to Cox Automotive, Inc., which will include information about the other eight entities.

We do not believe the fact that we have used "Cox Automotive" as shorthand for nine entities changes the fact that these are nine distinct entities. Further, we note that, in its briefing on the deposition protocol, CDK stated that the Cox Automotive case involved *nine* plaintiffs so that CDK need to "discover information regarding at least 36 other named plaintiffs" (counting nine from the Cox Automotive case). ECF No. 368, at 4-5. Having argued to the Court that the nine Cox Automotive entities should be treated separately for purposes of apportioning depositions, CDK cannot now contend otherwise.

2. Cox Automotive will not object to the scope of questions that define "Dealer" to mean "any new or used auto, truck, motorcycle, marine, recreational vehicle or heavy equipment dealer operating in the United States." However, we do not undertake the obligation to present a witness knowledgeable about questions using that definition.

3. As long as CDK does not seek to unreasonably interpret the scope of its topics, we do not believe this will be an issue.

4. Thank you for the correction. We disagree that the topic is relevant even as reformed. The damages CDK seeks are set forth in Paragraphs 46-47 of CDK's counterclaims. CDK alleges the purported syndication caused CDK to lose "the ability to monitor who is using the data" and to lose "3PA fees [CDK] would otherwise earn." Cox Automotive's "monthly revenue, costs, and profit (including profit margin)" from any such syndication has no possible relevance to either of those damage theories or any other issue.

Best,
Dan

---

**From:** Entwisle, Robert E. [mailto:REntwisle@mayerbrown.com]
**Sent:** Friday, March 29, 2019 5:16 PM
**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; Wayne, Natalie F. <NWayne@mayerbrown.com>
**Subject:** RE: MDL 2817 - Letter Regarding Cox

Dan:

Thank you for your email and we look forward to receiving the outstanding data today. I am writing to clarify a few of Cox's objections to CDK's 30(b)(6) data deposition notice.

- First, we do not understand the basis for the objection to providing a witness to testify on behalf of the Cox subsidiaries (General Objection No. 2). The notice was directed to Cox Automotive and each of the plaintiff subsidiaries that have brought claims against CDK. Cox Automotive has consistently defined itself to include both Cox Automotive and the eight subsidiary parties in pleadings and discovery. Thus, those subsidiaries cannot now unilaterally opt-out of testifying pursuant to Rule 30(b)(6) (and the cases cited are inapposite, dealing with questions directed at non-party entities, for example). In addition, my understanding is that all of the data produced in the litigation has been through Cox, and not on behalf of specific, individual subsidiaries. Accordingly, we expect Ms. Guadalupe to be prepared to testify regarding data specific to Cox Automotive and the subsidiaries.

- Second, Cox has objected to the definition of "dealer" as overbroad, but the Court has not adopted Cox's narrow definition of "dealer," and the data produced by Cox includes not only data related to "new franchised automobile dealer[s]" operating in the U.S., but also includes, by way of example, used and non-franchised dealer data. We expect Cox to present a witness to testify about the dealer data it has produced, without regard to Cox's views on the relevant scope of the term "dealer."

- Third, Cox appears to also assert a boilerplate "relevance" limitation in response to all of the noticed topics. Cox's witness needs to be prepared to testify about the noticed topics irrespective of Cox's views on relevance.

- Fourth, Topic No. 11 seeks information related to "[t]he manner in which Cox maintains data on Cox monthly revenue, costs, and profit (including profit margin) derived from any Syndication of data maintained on each non-CDK DMS." The notice should have included "and each CDK DMS" at the end of the sentence. We are happy to provide an amended notice to correct the error, if needed. As Cox acknowledges, the manner in which Cox maintains revenue, costs and profit derived from syndication of data maintained on each CDK DMS is relevant to CDK's counterclaims. Additionally, we expect Ms. Guadalupe to be prepared to testify regarding any syndication-related figures contained in the types of documents identified in the 30(b)(6) notice, regardless of

whether the line item relates to revenue, costs or profit generated from syndication of data from a CDK DMS or another DMS.

If you believe a discussion on these points would be helpful, we can convene a call on Monday between 10-11 AM Central, and after 2 PM Central. We remain hopeful that we can move forward on April 4th, but reserve our rights given the above issues and the outstanding data.

Best,
Bob

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Wednesday, March 27, 2019 8:21 PM
**To:** Entwisle, Robert E. <REntwisle@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; Wayne, Natalie F. <NWayne@mayerbrown.com>
**Subject:** Re: MDL 2817 - Letter Regarding Cox

**\*\*EXTERNAL SENDER\*\***

Robert, I apologize if I missed this, but I believe this is the first time CDK has asked about the witness. It is Tammy Guadalupe. Our objections are attached. We are available to confer about those at your convenience on Thursday before 4 p.m., or late Friday afternoon. We expect the production of any additional data to be made this week. We will present the witness on April 4. Best, Dan

**From:** "Entwisle, Robert E." <REntwisle@mayerbrown.com>
**Date:** Wednesday, March 27, 2019 at 7:03 PM
**To:** "Dorris, Daniel V." <ddorris@kellogghansen.com>, SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** "Miller, Britt M." <BMiller@mayerbrown.com>, "Ryan, Mark" <MRyan@mayerbrown.com>, "Fenske, Daniel T." <DFenske@mayerbrown.com>, "Provance, Matthew D." <MProvance@mayerbrown.com>, "Wayne, Natalie F." <NWayne@mayerbrown.com>
**Subject:** RE: MDL 2817 - Letter Regarding Cox

Mike and Dan,

We write regarding the Rule 30(b)(6) data deposition of Cox that is currently scheduled for April 4th. We are a little over a week out from the deposition, yet despite multiple requests, Cox still has not: i) identified the witness(es) who will actually appear; ii) provided or attempted to confer about any objections it may have as to the noticed topics; and iii) produced missing data, including financial data for Autotrader, Dealer.com, and Kelley Blue Book and any switching-related data or other outstanding data as set forth in our prior correspondence. Defendants need this most basic information to adequately prepare for the deposition, and Cox's failure to provide it is prejudicial.

Accordingly, we are making a final attempt to keep the April 4th date. Please provide Defendants with any objections to the 30(b)(6) data notice, identify the witness(es) who will be testifying at the deposition, and produce all outstanding financial data to Defendants by 5pm CT tomorrow. If Cox declines to do so, please provide Defendants with a date by which Cox will provide the requested materials and information, and provide new dates for the 30(b)(6) data deposition that are at least 14 days after Cox will produce the requested information.

Best,

Bob

---

**From:** Entwisle, Robert E. <REntwisle@mayerbrown.com>
**Sent:** Friday, March 22, 2019 3:12 PM
**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; Wayne, Natalie F. <NWayne@mayerbrown.com>
**Subject:** RE: MDL 2817 - Letter Regarding Cox

**\*\*EXTERNAL SENDER\*\***

Dan,

Please see the attached letter.

Thanks,
Bob

---

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Wednesday, March 20, 2019 8:24 PM
**To:** Entwisle, Robert E. <REntwisle@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; Wayne, Natalie F. <NWayne@mayerbrown.com>
**Subject:** Re: MDL 2817 - Letter Regarding Cox

**\*\*EXTERNAL SENDER\*\***

Bob, please see the attached letter. Best, Dan

---

**From:** "Entwisle, Robert E." <REntwisle@mayerbrown.com>
**Date:** Tuesday, March 19, 2019 at 7:58 PM
**To:** "Dorris, Daniel V." <ddorris@kellogghansen.com>, SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** "Miller, Britt M." <BMiller@mayerbrown.com>, "Ryan, Mark" <MRyan@mayerbrown.com>, "Fenske, Daniel T." <DFenske@mayerbrown.com>, "Provance, Matthew D." <MProvance@mayerbrown.com>, "Wayne, Natalie F." <NWayne@mayerbrown.com>
**Subject:** RE: MDL 2817 - Letter Regarding Cox

Dan, please see the attached letter.

Regards,
Bob


**Robert Entwisle**
*Counsel*

Mayer Brown LLP
71 S. Wacker
Chicago, IL 60606
T +1 312 701 8151 | M +1 312 782 0600

LinkedIn | Twitter
mayerbrown.com

---

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Thursday, March 14, 2019 8:09 PM
**To:** Wayne, Natalie F. <NWayne@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>
**Subject:** RE: MDL 2817 - Letter Regarding Cox

**\*\*EXTERNAL SENDER\*\***

Please see the attached letter. Best, Dan

---

**From:** Wayne, Natalie F. [mailto:NWayne@mayerbrown.com]
**Sent:** Wednesday, March 06, 2019 11:29 PM
**To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>
**Subject:** MDL 2817 - Letter Regarding Cox

Counsel:

Please see the attached correspondence from Dan Fenske to Dan Dorris regarding Cox.

Regards,
Natalie

---

**Natalie F. Wayne**
Associate, Litigation
Mayer Brown LLP
Tel:+1-312-701-8316
nwayne@mayerbrown.com
www.mayerbrown.com

---

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.