# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
### Eastern Division

Dealer Management Systems Antitrust Litigation, et al.

        Plaintiff,

v.

CDK Global, LLC, et al.

        Defendant.

Case No.: 1:18−cv−00864
Honorable Robert M. Dow Jr.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, April 15, 2019:

    MINUTE entry before the Honorable Jeffrey T. Gilbert: Third Party Subpoena Respondent Accel−KKR Capital Partners IV, LP's ("AKKR's") Motion to Quash Subpoenas for Documents and Deposition Testimony [578] is granted for the reasons set forth in AKKR's Motion [578] and its Reply [623]. Nothing in Reynolds & Reynolds Company's ("RR's") Opposition to the Motion [590] convinces the Court otherwise. The documents RR seeks from AKKR are minimally relevant, if they are relevant at all, to the claims and defenses in this case. AKKR has established sufficiently the burden it will face as a third−party respondent if it is required to respond to RR's Rule 45 subpoena, and that burden appears to be substantial. That AKKR is an equity investor in MVSC, a plaintiff in this case, and, therefore, as RR argues, not a total stranger to this litigation, does not change the Court's view. The information in AKKR's possession that RR seeks relating to AKKR's equity investment in MVSC and AKKR's related "insights into whether or not defendants caused harm to MVSC" and its "analysis of the relevant markets and its own due diligence on MVSC," while potentially interesting, is not nearly so important to a full explication of the issues in this case, including any antitrust injury to or damage suffered by MVSC, that AKKR should be forced to shoulder the burden of responding to RR's subpoena. RR's Opposition [590] at 3. RR is not completely without information about MVSC since MVSC already has responded to RR's written discovery and produced information about its business, including its financial position, before, during, and after AKKR acquired an interest in MVSC. The Court also is convinced that RR's offer to limit further the scope of its subpoena does not materially lessen AKKR's burden in responding to the subpoena. Therefore, through the filter of Rule 26(b)(1) of the Federal Rules of Civil Procedure, the discovery RR is seeking from AKKR is not proportional to the needs of this case within the meaning of that Rule particularly in view of the minimal, if any, relevance of that discovery to the claims and defenses in this case. The hearing on AKKR's Motion [578] previously set for 4/17/19 [592] is stricken in light of the ruling contained in this order and no appearances are necessary on that date. Mailed notice (cn).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.