# **EXHIBIT F**

# Stein, Micah D.

| | |
|---|---|
| **From:** | Ross MacDonald <RMacDonald@gibbsbruns.com> |
| **Sent:** | Tuesday, January 29, 2019 3:19 PM |
| **To:** | Nemelka, Michael N.; Wedgworth, Peggy |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL; Reynolds Team |
| **Subject:** | RE: DMS MDL -- Upcoming depositions |

**\*\*EXTERNAL SENDER\*\***

Dear Mike,

Despite our repeated requests, on our meet and confer this morning, you again did not provide us with a possible date for Mr. Gentry's deposition. As you know, this continues to be in violation of the deadlines set by the Deposition Protocol Order. *See* Dkt. 422 at §§ IV(B), VIII. We initially inquired about Mr. Gentry's representation back in December, and asked for a deposition date on January 15. Instead, you asked Defendants to agree to limit the deposition of Mr. Gentry to a half day (of, presumably, 3.5 hours on the record). The purported rationale for this request was that Mr. Gentry had a busy schedule. As an attempted compromise, we offered to schedule his deposition for two non-consecutive half-days, or to move it to a Saturday, but you refused.

In response then, Defendants told you that we would consider your half-day request, but that given Mr. Gentry's selection as a document custodian, his former status as a shareholder of Authenticom, his former status as an officer of both Authenticom and DealerVault, and the positions he has held since he left Authenticom, we were unlikely to agree to such an accommodation. Though we always intend to be efficient with our questioning at depositions, Mr. Gentry is, indisputably, a witness with knowledge relevant to this case, and we do not believe there are any grounds to artificially limit our time with him. Further, as you know, former employees of many parties in this litigation have already been deposed, and no other party or witness has demanded a half-day stipulation in return for testifying.

On the call, we again requested that you provide us with possible dates and locations for Mr. Gentry (regardless of whether we ultimately agree to a half-day or full-day). You initially refused, but then indicated that you would discuss it with Mr. Gentry. Please let us know when you have a response. We also requested an indication of whether and to what extent Mr. Gentry would be producing documents pursuant to the subpoena we served on January 15. You indicated that you would let us know in the near term. (You also indicated that this may depend on our agreement to a half-day proposal, and if that is the case, please let us know).

As we consider your half-day proposal, and await your response on the documents and the dates, however, one issue that needs to be resolved is whether, under the half-day proposal, either the Individual Plaintiffs or the Dealer Class Plaintiffs intend to examine Mr. Gentry for any amount of time. As such, before we can adequately consider your proposal we need to know the estimated period of time, if any, that the Individual Plaintiffs and the Dealer Class Plaintiffs intend to examine Mr. Gentry.

Mike & Peggy – Please let us know as soon as is possible.

Finally, Mike, thank you for confirming on the call that you will accept service of the subpoena to Presidio Technology Partners served on January 22. And thank you for also confirming that you are continuing to search for the videos identified at the deposition of Bill Munns and in our correspondence of January 9 and January 25. We understand that you believe you will have an update for us on the status of those videos in the near term.

Best,

Ross

Ross MacDonald
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002
713.751.5231 direct l 713.650.8805 main l 713.750.0903 fax

---

**From:** Ross MacDonald
**Sent:** Tuesday, January 29, 2019 10:10 AM
**To:** 'Nemelka, Michael N.' <mnemelka@kellogghansen.com>
**Cc:** 'SERVICE-EXTERNAL-DMS-MDL' <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: DMS MDL -- Upcoming depositions

Mike,

We still have not been offered a date for the Gentry deposition. It has now been 2 weeks since we first requested a date. We expect that you will provide one on the meet and confer that you've requested at 12PM EST. We can use this dial-in for that meet and confer.

1-855-747-8824
655942

Ross

---

**From:** Ross MacDonald
**Sent:** Thursday, January 24, 2019 5:07 PM
**To:** 'Nemelka, Michael N.' <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: DMS MDL -- Upcoming depositions

Mike,

The length of the deposition will be up to seven hours. The purpose is to learn Mr. Gentry's personal knowledge regarding the various allegations and facts relevant to this MDL. The scope of the deposition will be said knowledge and any pertinent documents. Regarding the document subpoena, we'd like the documents we requested produced at least seven days in advance of the deposition.

We have not met and conferred regarding the purpose or scope of any other requested deposition in this litigation (nor do I think either side wants to make this the norm) but If you believe a meet and confer is essential, we will be available on Tuesday. In the interim, however, please provide us a date and location for this deposition per the requirements of the deposition protocol order.

Thanks,

Ross

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Thursday, January 24, 2019 4:21 PM

2

**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** Re: DMS MDL -- Upcoming depositions

Ross,

We'd like to confer about the length, scope, and purpose regarding the Gentry deposition, in addition to the document subpoena. I'm not available until Tuesday given other depositions. Thanks for being available at the Tuesday time. Talk to you then.

Regards,
Mike

On Jan 23, 2019, at 6:55 PM, Ross MacDonald <RMacDonald@gibbsbruns.com> wrote:

> Mike –
>
> Thanks for your note. Can you be a little more specific regarding what you would like to meet and confer about with respect to Mr. Gentry's deposition? Is it an issue of scheduling? Per the deposition protocol, plaintiffs are supposed to confirm the requested date or provide an alternative date by COB today. If you need another day or two, however, just let us know.
>
> Alternatively, if this is about the document subpoena that we served, we're happy to discuss. We're available sooner than next week if that is the case. If Plaintiffs are unavailable before Tuesday, however, we can make your proposed time work to discuss the document subpoena.
>
> Also, thank you for the update on Mr. Robinson and Mr. Dolezel.
>
> Ross
>
> **Ross MacDonald**
> **Gibbs & Bruns LLP**
> 1100 Louisiana Suite 5300 Houston, TX 77002
> 713.751.5231 direct | 713.650.8805 main | 713.750.0903 fax
>
> **From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
> **Sent:** Wednesday, January 23, 2019 3:09 PM
> **To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
> **Subject:** DMS MDL -- Upcoming depositions
>
> Dear Counsel,
>
> With respect to the questions in your letter from last night, we would like to meet and confer regarding the deposition of Mr. Gentry. We are available next Tuesday at 12:00 p.m. ET if that works for you. As for Travis Robinson, he also has decided to retain us. With respect to Steve Dolezel, however, we do not represent him at this time.
>
> Thanks,
> Mike
>
> Michael N. Nemelka
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M. St. N.W., Suite 400
> Washington, DC 20036

Direct:  (202) 326-7932
mnemelka@kellogghansen.com

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.  Thank you.