# EXHIBIT L

**Stein, Micah D.**

| | |
|---|---|
| **From:** | Nemelka, Michael N. <mnemelka@kellogghansen.com> |
| **Sent:** | Thursday, March 28, 2019 4:09 PM |
| **To:** | 'Aundrea K Gulley'; 'McKenna, Elizabeth'; Miller, Britt M. |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL |
| **Subject:** | RE: DMS - Third Party Scheduling |

**\*\*EXTERNAL SENDER\*\***

Dear Counsel,

Thanks for the email.  We responded to Britt's email of March 15 with the email that started this current chain.  In addition, as we've pointed out, the main point expressed by Britt's email does not make sense.  Even if Defendants had provided a list of 15 third parties with 15 weeks to go in discovery, that does not mean Defendants actually get to take those third party depositions unless Defendants actually schedule them in compliance with the Deposition Protocol Order.  So too here.  Defendants are trying to schedule third party depositions that not only fail to comply with the Order, but also are simply not feasible with the calendar.

As for your statement that Defendants noticed their third parties months ago, we don't believe that is correct.  In making that statement to support your position, please let us know the specific date when Defendants believe they nominated each of the remaining third parties.  By our notes, Defendants did not notice Mr. Brookshire, Mr. McKinley, NADA, Accel-KKR, etc. until our in-person meet and confer and then the deadline for noticing third parties.  Defendants' position is belied by the fact that they waited too long to notice and then try to schedule the third party depositions.

As for the specific third parties, we believe your information is incorrect with respect to Dominion.  Dominion has emailed Defendants and Plaintiffs explaining that they will provide a date to sit for a deposition before the end of discovery, and so your "freebie" for them does not work.

As for Mr. Lamm, Defendants already have Carfax scheduled the week of the 8th, and so that week does not work.   That Defendants also noticed Mr. Lamm's deposition for that week is a problem of Defendants' own making.  As for your demand that Mr. Lamm sit for a deposition *next week*  -- giving him less than a week's notice – is unreasonable, to say the least, for any witness, let alone a third party.  Mr. Lamm has pre-existing commitments next week, and we as his counsel are also not available with only a few days' notice.  Again, this is a problem of Defendants' own making.  Once Defendants decide which third parties they actually want to depose within the slots that they have available, we will certainly work with you in scheduling Mr. Lamm's deposition.  But Defendants must first choose which third parties they actually want to take.

Finally, with respect to Accel-KKR, again, Defendants do not have space in their calendar even if the Court denied the motion to quash.  We do not think it is appropriate for Defendants to get a "freebie" third party deposition in this way.

Given the calendar and Deposition Protocol Order, Defendants must still eliminate two third parties from their list.  We continue to expend unnecessary resources given Defendants' refusal to comply with the Deposition Protocol Order.  Please let us know promptly which two third parties those are.

As for your questions regarding Plaintiffs' remaining third parties – Stone Eagle and Group One – we have issued the deposition notice for Stone Eagle, which you received.  With respect to Group One, we are not able to get them scheduled within one of our available time slots, and so we will not be taking their deposition.  We will be in touch if there is a different nominated third party we are able to schedule instead.

Finally, with respect to Neal East, he is available to be deposed on April 16, one day after your requested date of April 15. His deposition will take place in San Mateo. MDL Plaintiffs have now provided dates for every deposition Defendants have requested of Plaintiffs. But Defendants, on the other hand, have still not provided deposition dates for the CDK, Reynolds, and CVR 30(b)(6) depositions. We again request that Defendants provide them.

Thanks,
Mike, Peggy, and Liz

---

**From:** Aundrea K Gulley [mailto:agulley@gibbsbruns.com]
**Sent:** Tuesday, March 26, 2019 8:41 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; 'McKenna, Elizabeth' <emckenna@milberg.com>; 'Miller, Britt M.' (BMiller@mayerbrown.com) <BMiller@mayerbrown.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: DMS - Third Party Scheduling

Counsel:

As detailed in Britt's March 15 email (to which Plaintiffs did not respond), we disagree that Defendants' actions in noticing some third parties months ago (and well in advance of the March 6 deadline) that have been unable to be scheduled through no fault of Defendants is the same as Plaintiffs having identified an excessive number of new third parties with 7 weeks of discovery to go.

Dominion, InDesign, and KKR are, as Plaintiffs are aware, the subject of motion practice. In the event the Court rules in Defendants' favor on those motions (or any one of them), Defendants will move promptly to schedule those depositions. We would not, however, expect those depositions to occur in April. Nor would we expect that the Court would require us to forego any of the three depositions because the Court did not rule on the pending motions prior to the April 30 deadline.

On March 19, Dan Dorris confirmed the April 30 date for NADA.

That leaves David Brookshire, Serra, and William Lamm.

- **Brookshire:** Mr. Brookshire has indicated that the week of April 15 may be an option (the subpoena currently states April 19) – a week there are currently no Defendant third parties scheduled.
- **Serra:** As stated in Brian Ross's March 30 email, Serra is generally available the week of April 22, but as Mr. McKinley is confirmed for the 23, taking Serra that week would require exceeding the limits of the deposition protocol for that week. Plaintiffs responded that they would only agree to this if defendants agreed to a quid-pro-quo for some unidentified third parties in a yet to be identified week in the schedule. As Defendants cannot reasonably be expected to know whether they can accommodate such a request, Plaintiffs offer is essentially a refusal to accommodate our request and we will therefore withdraw our request for Serra.
- **Lamm:** Defendants asked for Mr. Lamm's deposition on March 6 and originally proposed April 8 as a possible date. In the twenty days since Defendants proposed Mr. Lamm's deposition date, Carfax has been confirmed for April 9, thus making it unlikely that Mr. Lamm will be deposed that week (again, unless Plaintiffs are willing to accommodate two Defendant third party depositions that week). Assuming that, as with Serra, Plaintiffs are unwilling to proceed in that fashion, we would request Mr. Lamm be produced on April 5 – a week that there is currently no Defendant third party scheduled. As Kellogg Hansen represents Mr. Lamm, it is unreasonable on its face for Plaintiffs to refuse to provide a date for Mr. Lamm's deposition and then seek to deprive Defendants of the opportunity to take that deposition because Defendants have been "unable" to confirm a date. If Plaintiffs refuse to produce Mr. Lamm on the 5th or the week of the 8th as originally proposed, then the parties are at an impasse and we will bring the issue to the Court for resolution.

As for Plaintiffs' remaining third parties, for scheduling purposes, please let us know what the scheduling plan is for Group 1 Automotive and Stone Eagle. As previously advised, Defendants will cross-notice these depositions.

Finally, we are still awaiting a date for party-deponent Neal East, which also was requested on March 6 (Plaintiffs' response is now 2 weeks overdue). Mike indicated in his March 21 email that a proposed date was coming, but it remains unscheduled. So that the parties can negotiate a mutually-agreeable date for that deposition, please let us know his availability in April. Otherwise, Defendants will be required to seek his deposition in May by agreement or from the Court.


Thank you,
Andi

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Tuesday, March 26, 2019 10:41 AM
**To:** 'McKenna, Elizabeth' <emckenna@milberg.com>; 'Miller, Britt M.' (BMiller@mayerbrown.com) <BMiller@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: DMS - Third Party Scheduling

Dear Counsel,

You have ignored our emails below. Nominating 8 third party depositions in the remaining 5 weeks of discovery is directly contrary to what Defendants represented should happen – or what the ESI Protocol allows. Indeed, on March 7, 2019, after MDL Plaintiffs notified Defendants that they intended to depose 11 third parties in the remaining weeks of discovery, Andi wrote the following to MDL Counsel, threatening to go to Court over the issue: "Please let us know promptly which 7 of the companies listed below you intend to try to depose during the discovery period -- or, if we are at an impasse on this issue so that we can bring it to the Court's attention." We refer you to the points made in Andi's entire email. In response, MDL Plaintiffs reduced their list of third party depositions so that there would only be one Plaintiff-nominated third party deposition per week, just as Defendants demanded.

In repeated emails below, we have asked Defendants now to do the same – to let us know which of the 8 third party depositions Defendants intend to take in the remaining six weeks (now five weeks) of discovery. You need to reduce your list by three as it is no longer possible that a third party will be deposed this week.

Please let us know **_today_** which of the five third parties Defendants actually intend to schedule and take in the available five weeks of discovery. Defendants' failure to do so is causing real and substantial harm to MDL Plaintiffs as we are expending scarce resources preparing for at least three depositions that will never happen. That is prejudicial and is imposing an unnecessary hardship, for which we may need to hold Defendants accountable.

We look forward to receiving your list today of the five third party depositions you intend to take in the next five weeks.

Thanks,
Mike, Peggy, and Liz

---

**From:** McKenna, Elizabeth [mailto:emckenna@milberg.com]
**Sent:** Friday, March 22, 2019 1:25 PM
**To:** 'Miller, Britt M.' (BMiller@mayerbrown.com) <BMiller@mayerbrown.com>; 'agulley@gibbsbruns.com' (agulley@gibbsbruns.com) <agulley@gibbsbruns.com>

**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: DMS - Third Party Scheduling

A correction to my earlier email – XTime shouldn't have been included as a third party – your third party depo list needs to be reduced by two. All other points remain. Thanks.

---

**From:** McKenna, Elizabeth
**Sent:** Friday, March 22, 2019 12:28 PM
**To:** 'Miller, Britt M.' <BMiller@mayerbrown.com>; 'agulley@gibbsbruns.com' <agulley@gibbsbruns.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** DMS - Third Party Scheduling

Counsel:

There are six weeks left before the end of fact discovery. You have either scheduled or proposed the following **nine** third party depositions -- three too many under the deposition protocol. As you can see from the dates below, additionally in violation of the protocol, there are two weeks in the schedule where you have proposed more than one third party deposition per week.

We will accommodate your request to schedule more than one third party deposition in a week under the condition that you agree to the reciprocal accommodation for MDL Plaintiffs' third party deposition scheduling. However, we will not agree to all nine of the third party depositions you have proposed, and request that you inform us immediately which six third parties you intend to depose.

| | |
|---|---|
| **Week of March 25-29:** | No third party depositions scheduled by defendants |
| **Week of April 1-5:** | |
| 1. Your Staff Plus (David Brookshire) | 4/1 (unconfirmed) |
| **Week of April 8-12:** | |
| 2. Presidio (William Lamm) | 4/8 (unconfirmed) |
| 3. Carfax | 4/9 |
| **Week of April 15-19:** | |
| 4. Dominion | 4/15 (unconfirmed) |
| 5. XTime (Neal East) | 4/15 (unconfirmed) |
| 6. Accel-KKR | 4/16 (unconfirmed) |
| **Week of April 22-26:** | |
| 7. Uftring Auto Group (Patrick McKinley) | 4/23 |
| 8. Serra Auto | Proposed for week of 4/22-4/26 |
| **Week of April 29-30:** | |
| 9. NADA | 4/30 (unconfirmed) |

Regards,
Liz

Elizabeth McKenna
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor

New York, New York 10119
T: 212.631.8605
F: 212.273.4337
emckenna@milberg.com
**Bio  Website**

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information and is intended only for the use of the individual or entity it is addressed to. If you are not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please erase this message and its attachments and notify me immediately. Thank You.