# EXHIBIT M

**Stein, Micah D.**

___

| | |
|---|---|
| **From:** | Provance, Matthew D. |
| **Sent:** | Wednesday, April 10, 2019 8:03 PM |
| **To:** | Nemelka, Michael N. |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL; Miller, Britt M.; Aundrea K Gulley; Brian T. Ross; Ross MacDonald |
| **Subject:** | RE: In re DMS - Outstanding Depositions and Discovery Issues |

**EXTERNAL SENDER**

Dear Mike,

Thank you for confirming the 30(b)(6) dates. We agree that Defendants will not argue for an extension of discovery or other pretrial deadlines based on the dates of the CVR and CDK depositions, but otherwise reserve all of our rights regarding the impact of any other ongoing discovery issues on the schedule. With respect to your other inquiry, given that the topics are still under negotiation, Defendants are not in a position to make specific designations yet. Assuming the topics are resolved, we will let you know our designations well in advance of the deposition dates.

With respect to third party depositions, we have explained multiple times why your accusations are incorrect. At this point the record speaks for itself. At your insistence, we met-and-conferred yet again last evening regarding Plaintiffs' refusal to provide a date for the deposition of your client Mr. Lamm, where you merely repeated the same arguments that you have made in prior meet-and-confers and in our correspondence. Unsurprisingly, no progress was made towards resolving our issues. In short, your "offer" remains that Defendants give up their rights to depose the other third parties whom they have timely identified and sought to depose in order to depose your client Mr. Lamm, and now apparently only for a "half-day" deposition in which Defendants would have two hours to question him. As was confirmed on the call, Mr. Lamm has no particular availability issues that would prevent him from being deposed on a mutually agreeable date that meets all restrictions of deposition protocol and falls before the fact discovery cut-off; his deposition is merely being held hostage. Your "offer" is not a real one, and we decline.

Finally, with respect to the hearing date and related next steps, Defendants agree with your suggestion that the parties provide responses by close of business on Thursday regarding whatever open discovery issues remain in their respective courts.

We understand Plaintiffs' objection to rescheduling the hearing for the week of April 22-26, and will work with you to find an alternative date. For the record, Defendants remain willing to schedule the hearing that week or proceed on May 1, as scheduled.

Thanks, and safe travels tonight.

Matt

___

**Matthew Provance**
*Partner, Litigation*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Tuesday, April 09, 2019 8:55 AM
**To:** Provance, Matthew D. <MProvance@mayerbrown.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Ross MacDonald <RMacDonald@gibbsbruns.com>
**Subject:** RE: In re DMS - Outstanding Depositions and Discovery Issues

**\*\*EXTERNAL SENDER\*\***

Matt,

We appreciate your email from yesterday. Taking each issue in turn:

**Defendants' 30(b)(6) Depositions**

For the confirmed May 2 Reynolds 30(b)(6) deposition, as we requested in separate correspondence, please let us know who the witness or witnesses will be, and on which topics they will testify.

With respect to the May 8th date for the CVR 30(b)(6), and the May 10th date for the CDK 30(b)(6), we are disappointed that Defendants did not provide dates before the discovery cutoff. That said, if Defendants do not argue for an extension of the discovery cutoff or any other dates in the case schedule based on the scheduling of these depositions, then we will accept those dates for the CVR and CDK 30(b)(6) depositions. And as we requested in separate correspondence, please let us know who the witness or witnesses will be, and on which topics they will testify.

**Third Party Discovery**

For over a month, our position has been clear that Defendants have noticed more third party depositions than the Deposition Protocol and schedule allow, and we have asked Defendants to identify the third parties that they will actually take consistent with the Protocol and schedule. Defendants have refused. Our position has been that Defendants should identify which depositions they plan on taking. Defendants' refusal to do so is resulting in wasted resources and an unnecessary burden on counsel and parties. You have also preemptively rejected any compromise we were willing to discuss.

As for Mr. Brookshire, we are in the process of reviewing the subpoena and will respond to the subpoena after we have had an opportunity to discuss with Mr. Brookshire. We suggest a meet and confer once we have had an opportunity to discuss with Mr. Brookshire. We are also willing to meet and confer regarding Mr. Lamm's deposition before then or at the same time.

**Hearing**

We heartily agree with your sentiment that the parties should try to resolve any outstanding discovery disputes, avoid needless motion practice, and focus on completing discovery. That said, there are still some very important issues outstanding that we have been discussing (e.g., whether CDK will review the pre-2013 documents it committed to review; the need for CDK to answer our data questions; the refresh of data; etc.). We need to resolve those outstanding issues. We propose providing responses to any outstanding discovery issues by close of business this Thursday, and then we can determine whether a court hearing will be necessary to resolve the outstanding issues.

As for the date for the court hearing, we are not available the week of April 22-26 because of depositions. Perhaps we could pick a date for the hearing after we have a better idea which issues may need the Court's involvement?

Thanks,
Mike and Peggy

---

**From:** Provance, Matthew D. [mailto:MProvance@mayerbrown.com]
**Sent:** Monday, April 8, 2019 11:49 AM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Ross MacDonald <RMacDonald@gibbsbruns.com>
**Subject:** In re DMS - Outstanding Depositions and Discovery Issues

Mike –

As there a number of different email chains floating around on deposition issues, we thought it made sense to address them in once place so that we can, hopefully, deal with them collectively.

**Defendants' Rule 30(b)(6) Depositions.**

Thank you for accepting **May 2** for the Reynolds Rule 30(b)(6) deposition.  We address your request regarding the May 1 hearing below.

With respect to the CVR and CDK 30(b)(6) depositions, we've gone back and reviewed the parties' correspondence re: the CVR deposition and can find no email between Defendants' March 13 email offering a date for the CVR 30(b)(6) and Britt's March 18 email withdrawing that date (indeed, we specifically checked prior to withdrawing the date to confirm whether a motion might be necessary per the Deposition Protocol).  If we missed an email, we would ask that you forward it so that we have a copy, but if not, it is not accurate as you claim in your April 4 email that the CVR date was ever "confirmed and accepted" by Plaintiffs or that (contrary to Plaintiffs' actions with respect to other depositions) "CVR took it off the calendar".

In any event, as you are aware, the parties are in the process of negotiating the scope of both the CVR and CDK 30(b)(6) notices.  As Brian Ross noted in his April 3 email with respect to the Reynolds 30(b)(6) and as we also have explained during our meet-and-confers on this subject, it is difficult if not impossible for CDK or CVR to confirm a date for these depositions with the number of open issues regarding Plaintiffs' notices.  In the interests of moving this forward, however, and in a good faith effort to get a final schedule nailed down, both CDK and CVR have been working to coordinate the calendars of the representatives that they believe are most likely to be designated to testify given the course of the parties' negotiations to date.

In light of all of the other CDK/CVR depositions on the calendar for April (4 over the next 3 weeks) and reserving all of our rights, we are now in a position to offer **May 8th** for the CVR 30(b)(6) deposition and **May 10th** for the CDK 30(b)(6), both at our offices in Chicago.  If those dates do not work for Plaintiffs, we're happy to try to find dates later in May, but in that it has not been an easy task to coordinate the various schedules necessary to offer these dates—and given the number of CDK depositions already on the calendar and the fact that the topics have yet to be finalized—we are not in a position to offer earlier dates.

**Third Party Discovery**

Your continued attempts to muddy the record on this issue is unavailing.  Defendants are in full compliance with their numerous statements on these topics and with the Deposition Protocol.  Moreover, despite your repeated offers to "meet-and-confer" regarding the William Lamm deposition you have yet to identify a single thing for the parties to meet-and-confer about as all Defendants are requesting is a date for that deposition.  Indeed, the last time you wanted to "discuss a compromise" regarding a deposition, it was to suggest shortened depositions on limited topics for Mr. Gentry and Mr.

Robinson—positions that were baseless and squarely rejected by Defendants. If that is the sort of compromise Plaintiffs are contemplating again, then we don't expect our discussions to be productive. But so that there can be no accusation like the one in your April 4 email that we did not fully participate in the meet-and-confer process (even though such an accusation would be demonstrably false), we're happy to listen to whatever your proposed compromise with respect to Mr. Lamm's deposition is and are generally available on Monday afternoon from 12:30 to 4:00 central.

We are simply at issue with respect to the InDesign, Dominion, and KKR depositions and will await the Court's rulings on those third parties' motions before seeking to schedule their depositions.

Finally, with respect to Mr. Brookshire, we note that despite repeated outreach, Plaintiffs have been noticeably silent about scheduling Mr. Brookshire's deposition since he retained Plaintiffs' counsel as his counsel. Barring receiving a date for that deposition in the short term, we will raise the issue with the Court.

**May 1, 2019 Hearing**

Setting aside Plaintiffs' repeated chastisements of CDK for seeking emergency relief on the Cox 30(b)(6) data depositions (all of which lack merit), Defendants do not want to spend what little time is left in the month of April briefing needless discovery motions and responding to seemingly endless correspondence. As such, we would suggest that we ask the Court to move the hearing up—to April 22, or April 24—so that the parties can discuss and hopefully resolve all of the outstanding discovery issues (that are not already subject to motion practice) and then get back to actually completing discovery. We can, of course, ask for another hearing upon the completion of the scheduled depositions to discuss what, if anything, remains outstanding.

Please let us know your thoughts.

Regards,
Matt

_____

**Matthew Provance**
*Partner, Litigation*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.