# Exhibit D

| | |
|---|---|
| **From:** | Michaels, Jessica A. |
| **To:** | Dan Nordin |
| **Cc:** | Miller, Britt M.; Provance, Matthew D.; SERVICE-EXTERNAL-DMS-MDL; Wedgworth, Peggy; McKenna, Elizabeth; Nemelka, Michael N.; Dorris, Daniel V.; Rockoff-Kirk, Ariane; Keane, Maria H |
| **Subject:** | RE: CDK FTC Privilege Logs and Clawback |
| **Date:** | Thursday, March 28, 2019 5:19:46 PM |

Dan –

Briefing Schedule

As an initial matter—as CDK's email to you yesterday made clear—it will be impossible for CDK to review all 15,042 challenges to the FTC CID Privilege Log (the "FTC Log") by April 5. Based on our initial review of MDL Plaintiffs' challenges, we believe that CDK will be able to complete its review and make any necessary amendments to the FTC Log by April 10. This April 10 proposal is based on our belief that a re-review of the 8,057 entries challenged solely based on the lack of sender/recipient information on documents that are logged as attachments, presentations, or contracts (*i.e.*, documents that correctly do not have sender/recipient information) will not be necessary. If, however, additional review of those documents is required, CDK will need additional time to complete its review and the FTC Log revisions.

Based on the above, CDK proposes the following schedule:

April 10 – Meet-And-Confers Completed
April 17 – Motion To Compel
May 1 – Opposition to Motion To Compel
May 8 – Reply In Support Of Motion To Compel

Sender/Recipient Information

CDK's position here is completely consistent with its position relating to the missing sender/recipient information in the privilege log provided by Plaintiff Cox Automotive (the "Cox Log"). The briefs submitted by CDK on this topic speak for themselves and I do not intend to re-hash that entire issue here. However, it is worth noting that CDK made clear during the meet-and-confers relating to the Cox Log (which Dealership Plaintiffs attended), that CDK only sought sender/recipient information on communications (*i.e.*, documents that by their nature would have a sender and recipient). CDK did not intend to challenge missing sender/recipient information on contracts, presentations, or other documents that by their nature are not sent or received. To the extent that the information provided on the Cox Log and by Cox during the meet-and-confer process allowed CDK to narrow its challenges to only these documents, CDK did so. Additionally, as CDK also clearly stated during the meet-and-confers relating to the Cox Log, CDK only sought sender/recipient information to the extent the document was being withheld as independently privileged. To the extent Cox (or any other plaintiff) asserted that sender/recipient information was not provided on documents withheld solely because they were integral to an attorney-client communication (*i.e.*, part-and-parcel to the privileged communication), CDK stated that it would not continue to seek sender/recipient information.

To clarify CDK's position with respect to the approximately 8,000 documents that MDL Plaintiffs have now challenged on the FTC Log for missing metadata, only 49 of those documents are "parent documents" that are being withheld based on an independent privilege. The remaining documents are being withheld because they are an integral part of an attorney-client communication (*i.e.*, part-and-parcel of the privileged communication). These documents were logged consistent with the FTC's requirements, even though they would not have appeared on a privilege log under the requirements of the ESI Stipulation in this litigation.

None of the 49 parent documents for which CDK asserts an independent privilege are emails: 7 of the documents are hardcopy documents (handwritten notes, memos, and presentations). The other 42 documents are presentations, spreadsheets, contracts, or memoranda. CDK is tracking down author information for these 49 documents and will provide it—to the extent it is available—in its revised FTC Log.

Third Parties / Legend

With respect to Plaintiffs' insistence that "the 'legend' CDK provided is not sufficient to establish that communications with third parties remain privileged," we believe that you are misinterpreting the information that CDK provided.

Third parties appear on CDK's FTC legends for two reasons: (1) the third party appeared in the metadata of a document that was part-and-parcel to a privileged email, but is not being withheld as independently privileged or (2) the third-party appears on an independently privileged document, but does not break the asserted privilege. When a third-party appeared on a document that was part-and-parcel to a privileged document the legends state in the description column that the document was "forwarded to counsel. . ." and provides the reason the document was forwarded (*e.g.*, to obtain legal advice). For documents where the third party appeared on an independently privileged communication, CDK explained the nature of the relationship between the third party and CDK. If you have questions about specific third parties that CDK has asserted were acting as an agent on an inherently privileged communication, and therefore do not break privilege, please let us know. To the extent it is relevant to your ability to assess the privilege asserted, we will do our best to provide that information to you.

Regards,
Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596
LinkedIn | Twitter
mayerbrown.com

**From:** Dan Nordin <DNordin@gustafsongluek.com>
**Sent:** Thursday, March 28, 2019 12:19 PM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Rockoff-Kirk, Ariane <arockoff-kirk@paulweiss.com>; Keane, Maria H <mkeane@paulweiss.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

**\*\*EXTERNAL SENDER\*\***

Jessica,

**1.** Thank you for your explanation about the lack of author, sender, and recipient information, but CDK's position is still inconsistent with its briefing. In its opposition to Cox Automotive's motion to compel on the same issue, Cox Automotive explained that CDK was seeking author, sender, and recipient information for attachments for which Cox Automotive could not provide "additional sender or recipient information." ECF No. 573, at 3. In its reply, CDK nonetheless continued to seek author and recipient information. *See* ECF No. 587, at 12-13. Accordingly, CDK must provide the same information that it seeks from others under identical circumstances. If CDK is willing to notify the Court that it retracts its motion to compel on that issue, we may be able to resolve this issue.

**2.** The "legend" CDK provided is not sufficient to establish that communications with third parties remain privileged. Notably, CDK has argued that communications with third parties must be "necessary . . . for the *lawyer's* services." ECF No. 585, at 4. We don't believe any of the descriptions in CDK's legend meet that standard, and so we stand by our challenges. If CDK has additional information that it is willing to provide, we're willing to consider it.

**3.** We think we can reach agreement on the briefing schedule. Here is our proposal:

April 5 – Meet-And-Confers Completed
April 12 – Motion To Compel
April 26 – Opposition to Motion To Compel
May 3 – Reply In Support Of Motion To Compel

Thanks,

Dan

---

**From:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Sent:** Wednesday, March 27, 2019 2:50 PM
**To:** Dan Nordin <DNordin@gustafsonqluek.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kelloghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>; Rockoff-Kirk, Ariane <arockoff-kirk@paulweiss.com>; Keane, Maria H <mkeane@paulweiss.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

Dan,

We have spoken with CDK's FTC counsel regarding MDL Plaintiffs' challenges to the CDK FTC CID Privilege Log (the "Log"). For the sake of bringing all the relevant people together on a single email, I have cc'd Ariane Rockoff-Kirk and Maria Keane from Paul Weiss to this communication. Please include them on all future communications regarding the Log.

Based on our initial review of the challenges we received from MDL Plaintiffs last night, we believe that CDK will be able to complete its review of MDL Plaintiffs' Log challenges and make any necessary amendments to the Log by April 10. As you note, approximately 8,100 entries are challenged for lack of author, sender, or recipient. It appears that 8,057 entries challenged solely based on the lack of sender/recipient are to documents that are logged as attachments, presentations, or contracts (*i.e.*, documents that correctly do not have sender/recipient information). CDK used document metadata to populate the author, sender and recipient information in the Log. Given that Plaintiffs have all the metadata that exists for these 8,057 entries and the type of document suggests that no additional sender/recipient information should exist, CDK does not presently intend to re-review those documents. If we are misinterpreting Plaintiffs' challenge to these documents, please let us know and we will propose a revised schedule that accounts for the additional documents that will need to be reviewed.

Additionally, MDL Plaintiffs appear to have challenged all entries on the Log that include third parties (column AA), without regard for the legend that CDK produced to MDL Plaintiffs on March 8. In accordance with the instructions contained in the Civil Investigative Demand, CDK provided the FTC with a legend of each non-Company recipient that appeared in the "to", "from", "cc" or "bcc" field. This legend also included an additional description sufficient to show that individual's need to know the information contained in the document. The legend therefore already provides the description MDL Plaintiffs have requested regarding why the third-party does not break any assertion of privilege.

CDK also will agree to MDL Plaintiffs' proposal to consolidate the motion to compel deadline for the clawback documents and any contested entries on the FTC CID Privilege Log. MDL Plaintiffs' March 25 proposal gave Plaintiffs 1 week following the meet-and-confer deadline to file any motion to compel. Sticking with that same timeframe, the deadline to file motions to compel would be April 17.

Regards,
Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter
mayerbrown.com

---

**From:** Dan Nordin <DNordin@gustafsongluek.com>
**Sent:** Wednesday, March 27, 2019 9:06 AM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kelloghhansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kelloghhansen.com>; Dorris, Daniel V. <ddorris@kelloghhansen.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

**\*\*EXTERNAL SENDER\*\***

Jessica,

Yes, these are MDL Plaintiffs' challenges to CDK's FTC privilege log and clawbacks. We don't think the number of entries challenged is meaningfully different than the number of entries challenged by CDK and Reynolds in a schedule with a shorter time frame. Further, the absolute number is not really indicative of burden. For example, there are 8,100 entries challenged for lack of author, sender, or recipient. Given CDK's position in its briefing, we expect CDK's answer will be that it will supplement these entries to provide all of the missing information, and we should not even need to confer about it.

In any case, please let us know by noon today whether CDK will agree to a single date for filing a motion to compel on clawbacks and the FTC privilege log. We can then resolve that precise date.

Otherwise, we will need to seek relief with the court today and will request the schedule we have proposed.

Thanks,

Dan

**From:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Sent:** Tuesday, March 26, 2019 7:00 PM
**To:** Dan Nordin <DNordin@gustafsongluek.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D.
<MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-
MDL@lists.kelloghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth
<emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kelloghansen.com>; Dorris, Daniel V.
<ddorris@kelloghansen.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

Dan –

Thank you for providing Dealership Plaintiffs' challenges to the FTC CID Privilege Log earlier this evening. Are you
able to confirm that this is all the challenges from MDL Plaintiffs that CDK can expect?

As you know, Dealership Plaintiffs have challenged 15,042 entries on CDK's FTC CID Privilege Log. While CDK is
committed to working with Plaintiffs to resolve any disputes regarding the Log in a reasonable timeframe, it would
be very difficult for CDK (or anyone) to review all 15,042 entries, gather additional information/revise the Log as
necessary, and be in a position to meaningfully meet and confer with Plaintiffs on any outstanding issues in less
than 10 days. We are reaching out to CDK's FTC counsel, who will be conducting the review of your challenges,
now to determine a timeframe that they believe is achievable given the breadth of your challenges. As I think is
clear my previous communications on this topic and CDK's conduct during the discussions related to CDK's Civil
Litigation Privilege Log, CDK is committed to working with Plaintiffs in good faith to narrow the issues related to the
FTC CID Privilege Log in an efficient manner and without the court's involvement. We will be in touch shortly.

Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter
mayerbrown.com

**From:** Dan Nordin <DNordin@gustafsongluek.com>
**Sent:** Tuesday, March 26, 2019 4:15 PM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D.
<MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-
MDL@lists.kelloghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth

<emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

**\*\*EXTERNAL SENDER\*\***

Jessica, please let us know today whether CDK agrees with this schedule so that we know whether we need to seek relief with the court. Thanks, Dan

---

**From:** Dan Nordin
**Sent:** Monday, March 25, 2019 5:41 PM
**To:** 'Michaels, Jessica A.' <JMichaels@mayerbrown.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

Jessica,

It suffices to say that we do not think CDK should string out resolution of the many problems with its FTC privilege log any longer, after having served that privilege log five months late. Nonetheless, we propose a compromise that is based on the amount of time the parties provided one another for the last round of privilege challenges. On February 20, CDK and Reynolds served those challenges; they requested a meet-and-confer one day later on February 21; and their filed their motion to compel on March 1. We propose a more generous schedule:

- **March 26** – Plaintiffs will provide their challenges to CDK
- **April 5** – Deadline for parties to complete their meet-and-confers and for CDK to amend their privilege log and/or clawbacks
- **April 12** – Plaintiffs will file their motion to compel and will also raise any issues relating to the March 8 clawback letter

Please let us know as soon as possible whether this is acceptable, and we will prepare a stipulation for the court.

Thanks,

Dan

---

**From:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Sent:** Friday, March 22, 2019 5:36 PM
**To:** Dan Nordin <DNordin@gustafsongluek.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-

MDL@lists.kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>

**Subject:** RE: CDK FTC Privilege Logs and Clawback

Dan –

Given the success of our previous meet-and-confers in narrowing the issues related to the Civil Litigation Privilege Log, it is inappropriate for Dealership Plaintiffs to rush to file a motion to compel relating to the FTC CID Privilege Log and the clawback documents until CDK has had adequate time to review your challenges and the Parties are able to meaningfully discuss them. As you point out, the FTC CID Privilege Log is approximately 40,000 entries—which takes time to review. CDK will need a similar amount of time to review your challenges to those entries so that we are able to meet-and-confer with you about them in an attempt to resolve any disputes without the involvement of the court. If the volume of challenges related to the FTC CID Privilege Log is similar to those that Dealership Plaintiffs initially brought related to CDK's Civil Litigation Log, CDK's review won't be something that can happen overnight.

The timeline agreed to by the parties on February 28—which was proposed by Dealership Plaintiffs—allowed CDK two weeks following the meet-and-confer deadline to address any lingering disputes before Dealership Plaintiffs filed a motion to compel. You are now telling us that you plan to notify us of your challenges sometime next week and file a motion to compel days later. This blatant backtracking on our previous agreement is not well received. Additionally, given that Dealership Plaintiffs recently belatedly logged nearly as many documents as included on the original log you submitted on November 2, 2018—after initially improperly withholding those documents from the discovery process and requiring a motion to compel—your proclamations regarding the timeliness of CDK's FTC CID Privilege Log are similarly not well taken as well.

As I mentioned in my March 19 email to you, all CDK is requesting is that we be given the same amount of time to review your challenges to the FTC CID Privilege Log as Dealership Plaintiffs took in reviewing the Log itself. Without time to review your challenges, there is no opportunity for a meaningful meet-and-confer. We believe this is an appropriate request and that the court will agree. If you continue to insist on filing a motion to compel before the Parties are able to meaningfully meet-and-confer, we will make sure that the court is aware that you have chosen to neglect this obligation over our objections and in contradiction to the Parties' agreed-upon-schedule.

Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter
mayerbrown.com

**From:** Dan Nordin <DNordin@gustafsongluek.com>
**Sent:** Wednesday, March 20, 2019 7:08 PM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; Dorris, Daniel V.

<ddorris@kellogghansen.com>
**Subject:** Re: CDK FTC Privilege Logs and Clawback

**EXTERNAL SENDER**

Jessica,

We would have welcomed an opportunity to meet-and-confer with CDK on these issues, but our ability to discuss the documents has been hampered by a compressed schedule that has left plaintiffs with at most a week to review 40,000 entries (the number of which plaintiffs only recently learned) and by CDK clawing back 690 documents on the same day that it provided the privilege log even though those documents had been produced months ago and had even been used at depositions (without objection). CDK knew these factors would make the proposed schedule untenable. Moreover, the logs were produced without Bates numbers for this litigation, as well as numerous other issues that necessitated service of a revised privilege log on March 13 (which plaintiffs had two days to review under the schedule) and a meet and confer on March 13. We think it is important to resolve any remaining challenges quickly to keep the case on schedule. Accordingly, Plaintiffs will get CDK their challenges as soon as possible, we will be available to meet and confer thereafter, and we will stick by the schedule to file any motion to compel by March 29, 2019.

With respect to the clawback deadline, our understanding of your email is that CDK will agree that this can be filed on March 29, 2019 with any FTC privilege log motion to compel. We think this will be far more convenient for the court to have these issues combined into a single motion. If CDK does not agree, let us know so we may seek relief from the court.

Thanks,

Dan

**From:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Sent:** Tuesday, March 19, 2019 10:54 PM
**To:** Dan Nordin
**Cc:** Miller, Britt M.; Provance, Matthew D.; SERVICE-EXTERNAL-DMS-MDL; Wedgworth, Peggy; McKenna, Elizabeth; Nemelka, Michael N.; Dorris, Daniel V.
**Subject:** RE: CDK FTC Privilege Logs and Clawback

Dan –

The timeline agreed to by the parties on February 28 relating to the production of and challenges to CDK's FTC CID Privilege Log is clear and we will not recount it here. Suffice it to say that CDK agreed that it would produce its FTC CID Privilege Log by March 8 and it did so on that date in the same form and format that it was produced to the FTC. Nonetheless, your March 18 email *states* that Dealership Plaintiffs will not provide challenges to CDK's FTC

CID Privilege Log until sometime the week of March 25 (over a week after the agreed-upon meet-and-confer deadline) and will be available to meet-and-confer with CDK thereafter.

While we disagree that Plaintiffs are entitled to unilaterally change the agreed-upon schedule, we certainly do not agree that they have the ability to unilaterally change it solely in Plaintiffs' favor. Had Plaintiffs requested additional time to review CDK's FTC CID Privilege Log and a revised briefing schedule, we would have been happy to discuss that with you. But, as you have chosen to simply inform us that you plan to provide your challenges to us next week, we will simply respond that CDK expects that it will need a commensurate amount of time to review those challenges and engage in a meaningful meet-and-confer process to try—as we successfully did in connection with the civil litigation logs—to narrow the parties' disputes prior to the filing of any motion to compel.

In short, given that Plaintiffs have afforded themselves an additional week to review and challenge entries on CDK's log, we would expect that Plaintiffs would agree to extend the meet-and-confer deadline by an additional week as well—i.e., 2 weeks after CDK receives Plaintiffs' challenges. The deadline to file motions to compel would similarly be pushed by a week—i.e., 2 weeks after the meet-and-confer deadlines, which provides Plaintiffs the same amount of time to draft and file the motion to compel as anticipated in the original schedule. We can finalize the actual dates after CDK receives Plaintiffs' challenges. If, for some reason, Plaintiffs are not amenable to proceeding in this fashion, please let us know so that we can promptly raise the issue with the Court and ask it to set a revised schedule.

With respect to the clawback documents, as your email correctly notes, CDK is amenable to allowing Plaintiffs ten business days from the receipt of the redacted documents to challenge the clawback of Disclosed Protected Information. By our calculation, that deadline is March 27, 2019. CDK also will agree to Plaintiffs' proposal to consolidate the motion to compel deadline for the clawback documents and any contested entries on the FTC CID Privilege Log on the condition that Plaintiffs inform CDK of any objections to CDK's clawback by the March 27 deadline and meaningfully engage in the meet-and-confer process with CDK during the weeks before the motion to compel deadline.

Of course, the above proposal is conditional upon all MDL Plaintiffs' agreement to its terms.

We look forward to hearing from you.

Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596
LinkedIn | Twitter
mayerbrown.com

**From:** Dan Nordin <DNordin@gustafsongluek.com>
**Sent:** Monday, March 18, 2019 6:09 PM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kelloghansen.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; McKenna, Elizabeth <emckenna@milberg.com>; Nemelka, Michael N. <mnemelka@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

**\*\*EXTERNAL SENDER\*\***

Jessica,

Following our meet and confer on Wednesday, March 13, 2019, Plaintiffs received CDK's production of its newly-redacted clawback documents and its combined FTC privilege log that includes bates numbers for this action later that day. Plaintiffs have since been evaluating the material produced by CDK. Given that the FTC log contains over 40,000 entries and that Plaintiffs did not receive a log that included bates numbers for this case until March 13, Plaintiffs were obviously not in a position to meet and confer on March 15 regarding CDK's FTC privilege log. Plaintiffs will provide their challenges to CDK's FTC privilege log next week and will be available to meet and confer afterwards.

Also, in your March 8, 2019 letter regarding the clawbacks, you indicated that CDK was amenable to allowing Plaintiffs until ten business days from the receipt of the redacted documents to challenge the clawback. That deadline would be March 27, 2019. The currently agreed deadline for any motion to compel related to CDK's FTC privilege log is March 29, 2019. In order to streamline matters for the Court and the Parties, Plaintiffs propose filing a single motion related to CDK's FTC log and clawbacks on March 29, 2019. Please let us know if CDK is amenable.

Regards,

Dan

**Daniel J. Nordin**  (profile)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 333-8844

website  vCard  |  map

*committed to the protection of fair competition ...*

---

**From:** Wedgworth, Peggy <pwedgworth@milberg.com>
**Sent:** Wednesday, March 13, 2019 9:27 AM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Cc:** McKenna, Elizabeth <emckenna@milberg.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Dan Nordin <DNordin@gustafsongluek.com>; Dan Hedlund <DHedlund@gustafsongluek.com>; Michelle Looby <mlooby@gustafsongluek.com>
**Subject:** Re: CDK FTC Privilege Logs and Clawback

Great thanks. We will call in.

Sent from my iPhone

On Mar 13, 2019, at 10:26 AM, Michaels, Jessica A. <JMichaels@mayerbrown.com> wrote:

> Peggy and Mike –
>
> I am confirming that CDK is available to meet-and-confer regarding the below at 2 pm EST today. We can use the below dial-in number.

USA Toll-Free: 888-299-9913
Access Code: 2773387

Best,
Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596
LinkedIn | Twitter
mayerbrown.com

---

**From:** Michaels, Jessica A.
**Sent:** Monday, March 11, 2019 9:41 PM
**To:** 'McKenna, Elizabeth' <emckenna@milberg.com>; Miller, Britt M.
<BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-
MDL@lists.kellogghansen.com>; Dan Nordin <dnordin@gustafsongluek.com>; Dan
Hedlund <dhedlund@gustafsongluek.com>; Michelle Looby
<mlooby@gustafsongluek.com>
**Subject:** RE: CDK FTC Privilege Logs and Clawback

Peggy and Mike –

I write in response to your March 11 letter regarding CDK's March 8 notice to Plaintiffs of documents
inadvertently produced by CDK containing Disclosed Protected Information.

Schedule A

With respect to your questions regarding Schedule A, you are correct that the "Treatment of the
Document" column indicates whether the documents is being fully or partially clawed back.  The
overlay for documents that are listed as "redacted," will contain redactions.  In some instances, these
documents were originally produced in full and will now contain redactions.  In other instances, the
documents already contained redactions and will have additional redactions in the updated images.
The overlay for documents that are listed as "withheld" will contain a slipsheet that states "Document
Withheld for Privilege."  The overlay for the documents in Schedule A will be produced by
Wednesday, March 13.

Schedule B

We are checking our schedules to see if Wednesday, March 13 at 2 pm Eastern works for the
necessary people on our end.  We will respond shortly confirming that time or suggesting
alternative times this week.

Schedule C

The documents in Schedule C will be produced by Wednesday, March 13.

Best,
Jessica

_____

**Jessica A. Michaels**
*Associate, Litigation*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter
mayerbrown.com

---

**From:** McKenna, Elizabeth <emckenna@milberg.com>
**Sent:** Monday, March 11, 2019 2:52 PM
**To:** Michaels, Jessica A. <JMichaels@mayerbrown.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Provance, Matthew D. <MProvance@mayerbrown.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Dan Nordin <dnordin@gustafsongluek.com>; Dan Hedlund <dhedlund@gustafsongluek.com>; Michelle Looby <mlooby@gustafsongluek.com>
**Subject:** CDK FTC Privilege Logs and Clawback

**\*\*EXTERNAL SENDER\*\***

Britt, Matt and Jessica:

Please see the attached letters.

Regards,
Liz


Elizabeth McKenna
**MILBERG TADLER PHILLIPS GROSSMAN LLP**

One Pennsylvania Plaza, 19th Floor
New York, New York 10119
T: 212.631.8605
F: 212.273.4337
emckenna@milberg.com
**Bio  Website**


This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information and is intended only for the use of the individual or entity it is addressed to. If you are not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please erase this message and its attachments and notify me immediately. Thank You.

---

**From:** Michaels, Jessica A. <JMichaels@mayerbrown.com>
**Sent:** Monday, March 11, 2019 12:51 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-

MDL@lists.kellogghansen.com>; Dan Nordin <dnordin@gustafsongluek.com>
**Subject:** RE: CDK FTC Privilege Logs

Mike and Dan –

CDK's FTC privilege logs were prepared in the format requested by the FTC. We understand from CDK's FTC counsel that the FTC requested that CDK prioritize logging from certain custodians, and that iterative logs—which were subject to review and revision until Friday's production—were served in sequence as separate files.

Once CDK had completed its logging of documents requested by the FTC, which occurred on March 8, 2019, such logs were immediately reproduced to MDL Plaintiffs in the same form and format in which they were produced to the FTC. You will recall that during the parties' October 1, 2018 telephone conference with Judge Gilbert regarding the Dealership Class Plaintiffs' motion to compel production of CDK clawback documents, MDL Plaintiffs asked the Court to compel CDK to produce its FTC privilege log piecemeal, and the Court declined, instead agreeing that CDK should reproduce its FTC privilege log once that logging was complete. That is what CDK has done.

We disagree that CDK was obligated to reformat its FTC privilege log into the format specified by the ESI protocol prior to reproducing it, particularly when MDL Plaintiffs were demanding that the reproduction occur immediately. We also disagree that our reproduction of the FTC privilege logs was contrary to any representations made to the Court during the February 27, 2019 status hearing. Please point us to the portion of the transcript you are referring to.

As to substantive challenges to the FTC log entries, the parties have stipulated to a procedure for making such challenges. We ask that you follow that procedure, which does not contemplate challenges by email at 10:40 p.m. on a weekend evening.

Should you wish to meet-and-confer about the foregoing, we are generally available to do so during business hours this coming week. As Mayer Brown did not generate the log or do the attendant review of documents and to the extent Plaintiffs will have questions about CDK's interactions with the FTC concerning the privilege log, we have reached out to CDK's FTC counsel who has indicated they are generally available this week as well.

Regards,
Jessica

_____

**Jessica A. Michaels**
Associate, Litigation
Mayer Brown LLP
Tel:+1-312-701-7121
Cell:+1-509-499-8596
jmichaels@mayerbrown.com
www.mayerbrown.com

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Saturday, March 09, 2019 10:39 PM
**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Dan Nordin <DNordin@gustafsongluek.com>
**Subject:** Re: CDK FTC Privilege Logs

**\*\*EXTERNAL SENDER\*\***

Britt, Matt, and Jessica,

And it's worth noting right now that many of the log entries are preposterous on their face, such as communications between Howard Gardner and Bob Schaefer. What privilege protects their communications?

Mike

On Mar 9, 2019, at 11:23 PM, Nemelka, Michael N. <mnemelka@kellogghansen.com> wrote:

> Britt, Matt, and Jessica,
>
> I want to add that these logs are also contrary to what you represented to the Court at the last hearing — that they would comply with the ESI protocol and that they would provide full information so that we could evaluate whether to challenge the entries. These do neither. Indeed, the Court gave you counsel in that regard. Moreover, you induced us agree to a tight schedule for challenging entries on the FTC log based on the representations that they would comply with the ESI protocol order. Perhaps most troubling, it appears these logs were created almost a year ago when we have been asking for them for almost as long but are only getting them now.
>
> I hope you take this as seriously as we do.
>
> Mike
>
> On Mar 9, 2019, at 9:17 PM, Dorris, Daniel V. <ddorris@kellogghansen.com> wrote:
>
> > Counsel,
> >
> > CDK's privilege logs for the materials that were also produced to or withheld from the FTC do not comply with the ESI protocol. Among other things, the privilege logs do not even list the bates numbers used in this litigation. CDK also produced 11 different spreadsheets without any indication of what these different spreadsheets represent, such as whether certain spreadsheets correct prior privilege logs, supplement prior privilege logs, contain distinct or overlapping log entries, etc. By close of business Monday, please provide a single privilege log – or at most a single withhold log and a single redaction log – containing all of CDK's asserted privileges for the documents that were produced to or withheld from the FTC, including the bates numbers used in this litigation and all other information required by the ESI protocol.

We are also troubled by the logs that CDK produced, which indicate that these privilege logs had been prepared as far back as *March 21, 2018*. We would appreciate CDK explaining what the basis was for CDK to delay asserting privilege for tens of thousands of documents nearly a year after the privilege logs had been created, and months after the deadline for providing privilege logs.

Best regards,
Dan D. & Dan N.

---

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.