IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION, MDL 2817 ) ) ) ) ) This document relates to: ) ) ALL CASES ) ) | Case No. 18-cv-864<br><br>Judge Robert M. Dow, Jr. |

## ORDER

Before the Court are non-party Dominion Enterprises, Inc.'s Rule 72(a) objections [483] to Magistrate Judge Gilbert's December 6, 2018 order [461]. For the reasons stated below, Dominion's objections [483] are overruled, but the Court will issue a modified protective order based on further discussions between Dominion and Defendants before this Court, as explained below. Signed order to follow.

## STATEMENT

The background of this discovery dispute is set out in detail in Magistrate Judge Gilbert's memorandum and opinion order [461] issued on December 6, 2018. Briefly summarized, on December 7, 2017, Defendant Reynolds and Reynolds Company served a subpoena for the production of documents on non-party Dominion. Dominion objected to the subpoena on the grounds that it is a competitor of Reynolds and that it therefore "needs assurances that outside attorneys with access to Dominion's documents are not attorneys that advise defendants on business issues." [305, at 4.] Judge Gilbert granted Reynolds's motion to compel and denied non-party Dominion's motion to modify the confidentiality order. [461.] On December 20, 2018, Dominion filed its Rule 72(a) objections to Judge Gilbert's order. [483.] Since then, Dominion has engaged in discussions with Defendants in an effort to reach a mutually agreeable resolution.

While Defendants oppose entering a modified protected order with the language requested by Dominion, Defendants have agreed to modify the protective order to some extent. Specifically, Defendants have agreed to a compromise proposed by the Court, which would add the following language to a modified protective order:

> Outside counsel for the parties have not been, nor for the duration of this litigation will be, involved in competitive decision-making with their clients.

Dominion objects to this proposal because it does not define "competitive decision-making" and because it is Defendants' position that its trial counsel's advice and/or actions were not deemed competitive decision-making, even though Dominion would characterize

actions as competitive decision-making.[1] [561, at 1-2.] With respect to the former argument, the Court agrees with Defendants that the concept of competitive decision-making already is understood in the law. In any event, for the sake of clarity, the Court will include in the modified protective order the definition of competitive decision-making set forth in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984). In that case, the court defined "competitive decision-making" as "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Id*. at 1468 n.3. This definition addresses the concerns raised by both Defendants and Dominion. The definition will prevent counsel from revealing competitive information—even inadvertently—that might prejudice Dominion. It also allows outside counsel to continue to advise their clients regarding issues that may have an affect on Dominion, but that are unrelated to competitive information disclosed by Dominion. With respect to the latter argument, Dominion asserts that it believes that Defendants' counsel are engaged in competitive decision-making and that Dominion will likely be harmed even if Defendants' trial counsel's advice does not constitute competitive decision-making. Those arguments were rejected by Judge Gilbert, and Dominion's objections to that decision are overruled as discussed below. Furthermore, defining "competitive decision-making" should address this concern to some extent.

In light of this modification, the Court overrules Dominions objections to Judge Gilbert's December 6, 2018 order. As an initial matter, the Court does not see any basis for sustaining Dominion's objections in any event. Federal Rule of Civil Procedure 72 governs district court review of rulings by magistrate judges. In regard to non-dispositive matters—which include almost all routine discovery motions like the one at issue here—the abuse of discretion standard applies. See *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 784 (7th Cir. 2013) (noting the broad discretion afforded to courts making discovery rulings); *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996) (explaining that under abuse of discretion standard, "it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both"); see also Fed. R. Civ. P. 72(a). Simply put, if the discovery issues before the magistrate judge present a debatable proposition, the magistrate judge's ruling will not constitute an abuse of discretion whichever way it is decided. Moreover, in contrast to *de novo* review under Rule 72(b)—which authorizes the district judge to "receive further evidence" (Fed. R. Civ. P. 72(b)(3))—abuse of discretion review generally is confined to "the evidence that was before the magistrate judge at the time of the order." *SmithKline Beecham Corp. v. Apotex Corp.*, 2000 WL 1310669, at *3 (N.D. Ill. Sept. 13, 2000). Dominion has not shown that Judge Gilbert abused his discretion. Regardless, the modification of the protective order discussed above certainly addresses many of the concerns raised by Dominion. For the sake of completeness, however, the Court will address the arguments raised by Dominion briefly below.

---

[1] Dominion also provided language for a proposed modified protective order defining "competitive decision-making" as "providing advice, legal or otherwise, or engaging in conduct, that may affect Dominion in any business." Dominion's proposed modified protective order further states that the prohibition on engaging in competitive decision-making "does not extend to general advice, legal or otherwise, or conduct that the Receiving Party has concluded affects Dominion no differently than Dominion's competitors after undertaking reasonable due diligence to investigate the potential effect." The Court agrees that this proposed language is much too broad.

I.       **Purported Legal Errors**

Dominion argues that Judge Gilbert made numerous legal errors in ruling on its motion to modify the protective order. First, Dominion argues that Judge Gilbert incorrectly held that a protective order could only be modified if "'extraordinary circumstances' or 'compelling need' warrants the requested modification." [461, at 6 (citing *F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982)).] Dominion argues that such a standard only applies when a confidentiality order has been entered and relied upon. Although the Court agrees that a finding of "extraordinary circumstances" or a "compelling need" are not necessary to modify a protective order absent a showing of reliance, Judge Gilbert's opinion makes clear that Dominion would not be entitled to the relief sought even under the "good cause" standard.

As noted by Judge Gilbert, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Judge Gilbert concluded that there is nothing indicating that Reynolds's counsel's review of Dominion's highly confidential materials will put Dominion at a severe competitive disadvantage and could destroy its business, as argued by Dominion. In reaching that conclusion, Judge Gilbert relied on cases concluding that "confidentiality orders with similar provisions are sufficient to protect a party or third-party's interest." [461, at 7 (collecting cases).] These cases did not apply the "extraordinary circumstances" or "compelling need" requirement. Thus, although Judge Gilbert discussed the "extraordinary circumstances" or "compelling need" requirement that applied to modifications of protective orders that have been relied upon, it is clear from reviewing Judge Gilbert's order that his decision was not based on that requirement.

Second, Dominion argues that Judge Gilbert applied the incorrect legal standard in assessing the risk of harm to Dominion. Specifically, Dominion argues that Judge Gilbert "required Dominion to prove past harm in this proceeding to get relief." [483, at 9.] In its response to Reynolds's motion to compel, Dominion devoted pages of its brief to discussing numerous hypotheticals to illustrate how Defendants' counsel might use confidential information in competitive decision-making to Dominion's detriment. Judge Gilbert concluded that there was "absolutely no basis in the record for the parade of horrible potential harms that Dominion spins out." [461, at 8.] Although Judge Gilbert goes on to note that "Dominion points to nothing that Defendants' trial counsel has done in representing their clients in this case that vaults those lawyers into a position in which there is a realistic or credible risk or threat that they will use Dominion's designated confidential information outside of this litigation in violation of the Confidentiality Order" [*id*.], this was not the only basis for his decision. Judge Gilbert also concluded that there was "no evidence that the lawyers or law firms that represent Reynolds and CDK in this litigation are so involved in competitive decision-making for their clients that Dominion faces any realistic risk of harm if it produces documents under the existing Confidentiality Order which expressly prohibits such competitive use of the information produced." [*Id*.] Accordingly, Judge Gilbert found the risk of future harm too speculative to warrant modification of the protective order.[2] This

---

[2] To be sure, the Court recognizes that courts should modify protective orders to account for non-speculative, future risks. However, as Judge Gilbert concludes, Dominion has not identified any non-speculative risk warranting modification.

analysis did not constitute an abuse of discretion. In any event, the modification to the protective order identified above provides further protection against the risk of harm to Dominion.

Third, Dominion argues that Judge Gilbert ignored numerous precedents holding that trial lawyers are not able to abide by a confidentiality order if they learn confidential information and then continue to advise their client. After reviewing Judge Gilbert's order, the Court is not persuaded that Judge Gilbert improperly failed to consider the possibility that Defendants' counsel could inadvertently disclose confidential information. Although Judge Gilbert discussed the risk of intentional disclosure of confidential information, he also concluded that "[t]here was no evidence that the lawyers or law firms that represent Reynolds and CDK in this litigation are so involved in competitive decision-making for their clients that Dominion faces any realistic risk of harm if it produces documents under the existing Confidentiality Order which expressly prohibits such competitive use of the information produced." [461, at 8.] Based on this language and other language in Judge Gilbert's order, the Court is confident that Judge Gilbert considered the risk of inadvertent disclosure. Given that Dominion focuses much of its argument on purported misconduct by defense counsel, however, Judge Gilbert can hardly be faulted for focusing on intentional disclosure. Again, while the Court concludes that Judge Gilbert did not abuse his discretion, Dominion's concern about the improper use (even inadvertent use) of confidential materials is further addressed by the modification of the protective order discussed above.

## II. Purported Factual Errors

Dominion also argues that Judge Gilbert made numerous factual errors. First, Dominion argues that Judge Gilbert failed "to consider the evidence showing that Defendants could drive Dominion out of the application business by withholding or raising the prices of accessing the car dealer date that its applications require." [483, at 10.] Dominion further notes that Reynolds did not argue that it and CDK did not have the ability to drive Dominion out of business. [*Id*.] But Dominion fails to explain how these facts justify the broad modification of the protective order it seeks. To the extent that Dominion is concerned that Defendants will use information obtained from Dominion through discovery to competitive decision-making, the modification to the protective order discussed above addresses that concern.

Second, Dominion argues that the Court should not have any confidence that defense counsel will act ethically with respect to complying with the protective order. In support of this argument, Dominion cites to facts that it contends show that (1) Defendants' counsel are unwilling and/or unable to comply with the ethical obligations of the protective order in this case, and (2) Defendants' outside counsel do participate in what Dominion would characterize as competitive decision-making. Without getting into details about what Dominion characterizes as misconduct, like Judge Gilbert, the Court concludes that Dominion has not identified any actions that call into question defense counsel's ability to comply with court orders and/or their ethical obligations. Furthermore, as discussed above, the Court will enter a protective order clearly defining the term "competitive decision-making."

Finally, Dominion argues that Judge Gilbert misunderstood what it was seeking. Specifically, Dominion asserts that it opposed the motion to compel not because it was seeking to avoid the discovery sought, but because it was seeking a modification of the protective order before

4

producing the agreed-upon set of documents. Judge Gilbert's order clearly indicates that he understood Dominion was seeking a modification of the protective order. Thus, even assuming Judge Gilbert also thought Dominion was seeking to avoid the discovery sought, there is no indication that belief changed Judge Gilbert's analysis regarding the appropriateness of modifying the protective order.

### III.     Conclusion

For the reasons stated above, Dominion's objections [483] are overruled. However, given the agreement by Defendants to accept the Court's proposed compromise, the Court will enter the modified protective order as discussed above. Signed order to follow.

Dated: April 25, 2019

_____
Robert M. Dow, Jr.
United States District Judge