**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-00864 |
| *This document relates to:* <br> ALL ACTIONS | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT CDK'S RESPONSE IN OPPOSITION TO DEALERSHIP CLASS PLAINTIFFS' EMERGENCY MOTION FOR LEAVE OF COURT TO DISCLOSE PLAINTIFFS' EXHIBITS 865, 934, 980, 1247, AND 1249 TO NON-PARTY WITNESS NATIONAL AUTOMOBILE DEALERS ASSOCIATION AT APRIL 30, 2019 DEPOSITION PURSUANT TO PROTECTIVE ORDER**

The Dealership Class Plaintiffs' ("Dealership Plaintiffs'") emergency motion for leave to disclose certain Highly Confidential, internal documents produced by Defendant CDK Global LLC ("CDK") to non-party National Automobile Dealers Association ("NADA") is meritless. The documents at issue contain competitively sensitive information regarding CDK's business operations, including ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ NADA neither created nor received any of the documents, *none* of the subject documents mentions, discusses, or even references NADA, and the Dealership Plaintiffs offer no convincing reason why NADA must be shown these highly confidential documents or why NADA's testimony about documents it has no connection with would be relevant to or probative of any issue in this litigation. The disclosure of these documents to NADA—the membership of which includes many of CDK's actual and prospective customers— would significantly harm CDK. The Court should deny the Dealership Plaintiffs' motion. In support of this Response, CDK states the following:

1. The Dealership Plaintiffs notified CDK by email on April 22, 2019, that they intended to disclose Plaintiffs' Exhibits 865, 934, 980, 1247, and 1249 at the upcoming April 30, 2019 deposition of non-party NADA. *See* Ex. A to Dealers' Mot. Rather than identify "with particularity" the information the Dealership Plaintiffs intended to disclose (as required by Section 5(c)(6) of the Stipulation and First Amended Agreed Confidentiality Order ("Protective Order"), ECF No. 586), the Dealership Plaintiffs stated in that email that the "information to be disclosed is the content of the listed exhibits, which includes but is not limited to ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

2. On April 24, 2019, CDK invoked its right under Section 5(c)(6) of the Protective Order to object to that disclosure. *See* Ex. B to Dealers' Mot. In its letter, CDK explained that the proposed disclosure "threatens to harm CDK's standing in the industry and strain its business relationships, including any future dealings it may have with NADA or NADA's members." *Id.* at 1. Pursuant to Section 5(c)(6) of the Protective Order, CDK's timely written notice of its good cause objection rendered the proposed disclosure impermissible without leave of court. *See* Protective Order at 11-12.

3. The Dealers responded by filing the instant emergency motion. Before doing so, the Dealers made no attempt to meet and confer with CDK pursuant to L.R. 37.2 to discuss why they believe disclosing the disputed documents to NADA is permissible. In their motion, the Dealers do not—and cannot—demonstrate that disclosure of these documents over CDK's good cause objection is warranted.

4. Each of the documents at issue contains extremely sensitive information, the disclosure of which to NADA—a well-known industry organization—would cause significant harm to CDK's business and operations. *See* Protective Order at 3. NADA did not create or receive

any of these documents, and none of the documents expressly mentions, discusses, or references NADA.[1] Indeed, there is no reason to believe that anyone at NADA has ever seen any of the documents or is aware of any of their contents. In short, the Dealers have come nowhere close to demonstrating an overriding interest in disclosing these documents at the April 30 deposition of NADA, and CDK is entitled to prevent that disclosure under the Protective Order to which all parties agreed.

5. CDK's good cause objection is supported by a review of the documents themselves.

  a. ***Documents Reflecting*** ▮▮▮▮▮▮▮▮▮▮▮▮. The Dealers seek to disclose to NADA highly sensitive information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ NADA is not identified, referenced or otherwise implicated by either document.

6. ***Document Related to*** ▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs' Exhibit 934 is ▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████ Again, NADA is not referenced in the document, and Plaintiffs offer no reason as to why this information should be disclosed to that non-party over CDK's well-founded objection.

7. **_Documents Related to_** ████████████████████████████████

Plaintiffs' Exhibits 1247 and 1249 are ████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████ Once again, there is no reference to or mention of NADA that might bring either document within the exceptions set forth in the Protective Order. Indeed, the Dealership Plaintiffs' proposed use of these exhibits appears to be a blatant attempt to tarnish CDK's reputation or otherwise harm CDK's business by disclosing the documents to NADA, whose membership includes many CDK dealer customers. *See* Exs. F, G to Dealers' Mot.

8. The Dealers argue that the disclosure of these documents to NADA cannot threaten CDK's business relationships and reputation because "NADA is not a competitor of CDK." *See* Dealers' Mot. ¶ 16. That argument completely misses the point. NADA is a nationwide organization that represents "all franchised new-car dealers—domestic and import—before Congress, federal agencies, the media and the general public," and also "[r]epresents dealers' interests with automobile and truck manufacturers." *See* https://www.nada.org/about/ (last accessed Apr. 25, 2019). Many of CDK's dealer customers are members of NADA, as are other dealers with which CDK may attempt to form business relationships in the future. CDK's relationship with NADA itself is therefore relevant to maintaining CDK's current and future relationships with dealers, and with others in the industry (such as manufacturers) with which

4

NADA interacts. Disclosing non-public, sensitive information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has the clear potential to damage CDK's standing in the automotive industry and its business relationships with NADA's members. *Cf. Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 2012 WL 6160468, at *5 (E.D. Cal. Dec. 11, 2012) (recognizing that "substantial risk of serious harm could come from sources other than direct competitors").

9. Significant harm to CDK would result even if, as Dealers suggest, CDK designates all related testimony at the NADA deposition as Highly Confidential. The corporate representative of NADA would still be privy to CDK's highly sensitive information as reflected in the documents at issue, and regardless of whether he agrees to abide by the terms of the Protective Order, once he has seen them he will be unable to "un-see" them. And the harm that would inevitably impact CDK's relationship with NADA, and CDK's standing in the industry, could only work to the advantage of CDK's competitors—including several of the Plaintiffs in this litigation.

10. The Dealership Plaintiffs' focus on the noticed deposition topics and document requests similarly is misplaced. The Dealers quote at length from CDK's subpoena *duces tecum* to NADA and argue that the subpoena "expressly requested production of documents relating to . . . ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Dealers' Mot. at 3-4. But in each of the cited document requests to NADA, CDK sought documents "*from you to your dealers or members*" about specified topics. *See* Ex. H to Dealers' Mot. at 10-11 (emphasis added). The upcoming deposition of NADA is about what *NADA* knows about certain topics that are relevant to the claims and defenses in this litigation. The internal, sensitive CDK documents that NADA never received, containing subject matter about which

5

NADA currently has no knowledge, and that the Dealers now seek to disclose to NADA are wholly outside the bounds of those topics.

11. Moreover, that the documents at issue relate to ▇▇▇▇▇ cannot support their disclosure on the basis of Defendants' noticed examination topics for the NADA deposition. *See* Dealers' Mot. at 4-6. CDK issued a subpoena for the deposition of a corporate representative of NADA pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* Ex. H to Dealers' Mot. Regardless of the noticed topics' relation to ▇▇▇▇▇ none of those topics can form the basis for disclosure to NADA of CDK's sensitive *internal* communications and *non-public* information ▇▇▇▇▇, which NADA has not authored nor received and which make no reference to NADA or any statements by NADA. Under the Dealership Plaintiffs' reasoning, any document related even peripherally to ▇▇▇▇▇ would be relevant to the upcoming NADA deposition and consequently appropriate for disclosure to NADA, despite CDK's Highly Confidential designations and objection to disclosure. That, of course, is not the case. In the course of discovery, CDK has received a variety of documents that Plaintiff Authenticom, other MDL Plaintiffs, and non-parties have designated Highly Confidential, and that CDK might otherwise be interested in disclosing to an industry association such as NADA. However, the Protective Order to which all parties agreed does not allow such a disclosure in the face of a good cause objection by the designating party. CDK has presented a good cause objection here. A basic desire to tarnish a party's reputation in the industry—a desire the Dealership Plaintiffs have plainly displayed—is no ground on which to overrule that good cause objection.

12. The Dealership Plaintiffs' criticisms of CDK's cited case law do not save their motion. As the Supreme Court recognized in *Seattle Times Co. v. Rhinehart*, the threat of reputational damage from an improper disclosure can justify a limitation on disclosure. *See* 467

U.S. 20, 35 (1984). Though the *Seattle Times* Court may have referenced "irrelevant" information, *see id.*, a document's relevance has no bearing on whether its Highly Confidential treatment may be maintained under the parties' agreed Protective Order here. Instead, that depends on whether disclosure "could result in significant harm . . . to the [designating party's] business or operations," *see* Protective Order at 3; reputational damage risks precisely that harmful effect. Even if the disputed documents were relevant to the litigation as a whole—which CDK does not concede—their relevance to the NADA deposition would remain highly suspect, given their lack of any reference or connection to NADA. In addition, while *Directory Concepts, Inc. v. Fox* involved a disclosure of third parties' information,[2] that court acknowledged that "strain [on] the business relationships" between a party and a non-party can similarly establish good cause for protection. *See* 2008 WL 5263386, at *7 (N.D. Ind. Dec. 16, 2008). The Dealer Plaintiffs' proposed disclosure of CDK's Highly Confidential information to NADA threatens to significantly strain CDK's relationship with non-party NADA and the many current and prospective CDK customers that are members of that organization.

## CONCLUSION

For the foregoing reasons, Dealership Plaintiffs' motion should be denied.

Dated: April 25, 2019

Respectfully submitted,

*/s/ Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

---

[2] The Dealership Plaintiffs allege in their motion that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dealers' Mot. at 5-6. CDK disputes that unfounded allegation, which in any event is not relevant to the propriety of the disclosure of these documents to NADA (▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

7

**PUBLIC VERSION**

(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

**PUBLIC VERSION**

**CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on April 25, 2019, I caused a true and correct copy of the foregoing **DEFENDANT CDK'S RESPONSE IN OPPOSITION TO DEALERSHIP CLASS PLAINTIFFS' EMERGENCY MOTION FOR LEAVE OF COURT TO DISCLOSE PLAINTIFFS' EXHIBITS 865, 934, 980, 1247, AND 1249 TO NON-PARTY WITNESS NATIONAL AUTOMOBILE DEALERS ASSOCIATION AT APRIL 30, 2019 DEPOSITION PURSUANT TO PROTECTIVE ORDER** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com