IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' CORRECTED EMERGENCY MOTION FOR LEAVE OF COURT TO DISCLOSE PLAINTIFFS' EXHIBITS 865, 934, 980, 1247, AND 1249 TO NON-PARTY WITNESS NATIONAL AUTOMOBILE DEALERS ASSOCIATION AT APRIL 30, 2019 DEPOSITION PURSUANT TO PROTECTIVE ORDER**

Dealership Class Plaintiffs ("Dealership Plaintiffs") respectfully file this emergency motion seeking an Order, pursuant to Section 5(c)(6) of the parties' Stipulation and First Amended Agreed Confidentiality Order ("Protective Order") (ECF No. 586), permitting Dealership Plaintiffs to disclose Plaintiffs' Exhibits 865, 934, 980, 1247, and 1249 to non-party National Automobile Dealers Association ("NADA") at the April 30, 2019 deposition of NADA. Dealership Plaintiffs respectfully request a ruling or a telephonic status conference at the Court's earliest convenience to determine whether the identified exhibits may be disclosed at the April 30th deposition. In support of this request, Dealership Plaintiffs provide the following relevant details:

1.  On April 22, 2019, pursuant to Section 5(c)(6) of the parties' Protective Order, Dealership Plaintiffs notified CDK that Dealership Plaintiffs intended to use Plaintiffs' Exhibits 865, 934, 980, 1247, and 1249 at the April 30, 2019 deposition of non-party NADA. This letter is attached hereto as Exhibit A.

2. On April 24, 2019, pursuant to Section 5(c)(6) of the Protective Order, CDK gave notice to Dealership Plaintiffs that CDK objected to the proposed use of the identified documents. This letter is attached hereto as Exhibit B.

3. Section 5(c)(6) of the parties' Protective Order states, in relevant part:

> If a witness does not fit within another category able to review Confidential Information designated as "HIGHLY CONFIDENTIAL," the Party or Non-Party wishing to make such disclosure shall give seven (7) days' advance notice in writing to counsel for the Designating Party, stating the names of the witness(es) to whom the disclosure will be made, identifying with particularity the documents, and information to be disclosed. The Designating Party may withhold its consent to the disclosure, but only upon a showing of good cause and must serve, within two (2) business days of receiving notice, any objection to the proposed disclosure in writing, setting forth the basis for the Designating Party's good cause. The Designating Party shall not disclose to any other Party or Non-Party that a notice of disclosure has been provided to it pursuant to this paragraph except to the extent that such disclosure is contractually or otherwise required by applicable law. If the Designating Party provides such notice to any other Party or Non-Party, then the Designating Party must provide a copy of its communications providing that notice to the Party wishing to make the disclosure. If timely written notice of the good cause objection to the proposed disclosure is provided to the Party or Non-Party wishing to make such disclosure, disclosure is not permissible without leave of Court.

ECF No. 586.

4. Plaintiffs' Exhibit 865, attached hereto as Exhibit C, consists of ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████.

5. Plaintiffs' Exhibit 934, attached hereto as Exhibit D, consists of ███████ ████████████████████████████████████████████ ███████████████████████████████████████.

6. Plaintiffs' Exhibit 980, attached hereto as Exhibit E, consists of ██████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████.

7. Plaintiffs' Exhibit 1247, attached hereto as Exhibit F, consists of ██████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████.

8. Plaintiffs' Exhibit 1249, attached hereto as Exhibit G, consists of ██████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████.

9. Defendants' Notice of Issuance of Subpoenas to Produce Documents and to Testify at a Deposition for Non-Party National Automobile Dealers Association, attached hereto as Exhibit H, identified the following document requests:

> 1. Any bulletins, advisories, policies, publications, notices, webinar materials, blog posts, website postings (including but not limited to materials posted in the "Education" section of the NADA website), email blasts, or other communications from you to your dealers or members regarding cybersecurity, data security, or liability for data breaches.

    2. Any bulletins, advisories, policies, publications, notices, webinar materials, blog posts, website postings (including but not limited to materials posted in the "Education" section of the NADA website), email blasts, or other communications from you to your dealers or members regarding access to data maintained on a DMS, including access gained through the sharing of usernames and passwords.

    3. Any bulletins, advisories, policies, publications, notices, webinar materials, blog posts, website postings (including but not limited to materials posted in the "Education" section of the NADA website), email blasts, or other communications from you to your dealers or members regarding security or other risks related to sharing usernames and passwords with third parties. This Request includes documents created or sent from 2011 to the present.

    4. Any bulletins, advisories, policies, publications, notices, webinar materials, blog posts, website postings (including but not limited to materials posted in the "Education" section of the NADA website), email blasts, emails, or other documents or communications from you to your dealers or members regarding any aspect of this litigation, or from your dealers or members to you regarding any aspect of this litigation.

*See* Ex. H.

    10. CDK's subpoena to NADA expressly requested production of documents relating to, as well as indicated that CDK would be taking the deposition of NADA's corporate representative on, the topics of cybersecurity, data security, data breaches, and access to data maintained on a DMS. *See* Ex. H. ███████████████████████████████

███████████████████████████████████████████████████████████

███████, and are therefore directly relevant to the topics of the documents CDK requested from NADA and the topics on which CDK seeks to take the deposition of NADA's corporate representative.

    11. MDL Plaintiffs cross-noticed the NADA deposition, which is attached hereto as Exhibit I.

4

12. Pursuant to Section 5(c)(6) of the parties' Protective Order, CDK "may withhold its consent to the disclosure, but only upon a showing of good cause . . . ." (ECF No. 586). CDK has not made the requisite showing of good cause. CDK's letter objecting to Dealership Plaintiffs' use of the identified exhibits provides merely conclusory statements that disclosure of the documents threatens to harm CDK's business relationships and reputation, failing to show how disclosure of the identified exhibits "will cause a clearly defined and serious injury." *Directory Concepts, Inc. v. Fox*, 2008 WL 5263386, at *7 (N.D. Ind. Dec. 16, 2008) (citing *Patt v. Family Health Sys., Inc.*, 189 F.R.D. 518, 522 (E.D. Wis. 1999)).

13. Rule 26(c) of the Federal Rules of Civil Procedure "facilitates disclosure." *Directory Concepts, Inc. v. Fox*, 2008 WL 5263386 (N.D. Ind. Dec. 16, 2008) (quoting *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 413–14 (S.D. Ind. 2001)).

14. CDK's reliance on *Directory Concepts, Inc. v. Fox*, 2008 WL 5263386 (N.D. Ind. Dec. 16, 2008), is misplaced. In *Directory Concepts*, the court held that good cause existed for the entry of a protective order where disclosure of "*Non-Party Private Information* would risk unnecessary annoyance or embarrassment of non-parties, would unfairly and gratuitously invade the privacy of non-parties, would subject *non-parties* to the possibility of identity theft, and would strain the business relationships the parties have with the non-parties." *Id.* at *7 (emphasis added). In the present case, CDK seeks to prevent the disclosure of its own information, unlike the non-party information at issue in *Directory Concepts*. The same concerns do not exist in the present case. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████.

15. CDK's reliance on *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) is similarly misplaced. In *Rhinehart*, the Court discusses generally the opportunity "for litigants to obtain— incidentally or purposefully — information *that not only is irrelevant* but if publicly released could be damaging to reputation and privacy." *Id.* at 35 (emphasis added). In *Rhinehart*, the Court was concerned with information regarding the identification of donors who had made contributions to a religious group and the amounts donated, and whether a protective order concerning such information violated the First Amendment. *Id.* at 24. Thus, the information and questions involved in *Rhinehart* are distinguishable from the present case. Here, the identified exhibits are clearly relevant because they bear directly on the topics identified in CDK's subpoena to NADA and Dealership Plaintiffs should be allowed to question NADA on ██████████████████ ██████████████████████████—*targeted by CDK* in its subpoena to NADA. Thus, the *Rhinehart* court's concern that irrelevant information could be damaging to reputation and privacy is not implicated by the use of the identified exhibits at the deposition of NADA.

16. Finally, CDK's concerns regarding threats to its business relationships and reputation are unfounded. NADA is not a competitor of CDK and the Protective Order in this case allows CDK to designate Highly Confidential portions of the NADA deposition transcript as such, protecting them from public disclosure. ECF No. 586 ¶ 4.

## CONCLUSION

Dealership Plaintiffs respectfully request that the Court permit Dealership Plaintiffs, pursuant to Section 5(c)(6) of the parties' Protective Order, to disclose Plaintiffs' Exhibits 865,

6

934, 980, 1247, and 1249 to non-party NADA at the April 30, 2019 deposition of NADA. The identified exhibits are directly related to the topics listed in CDK's subpoena to NADA, and CDK has failed to show good cause, as required by Section 5(c)(60), to object to this proposed disclosure. Dealership Plaintiffs respectfully request a ruling from the Court as soon as possible or a telephonic status hearing at the Court's earliest convenience.

DATED: April 26, 2019                  Respectfully submitted,

/s/ *Peggy J. Wedgworth*
Peggy J. Wedgworth (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*Interim Lead Counsel for the Dealership Class*

Daniel C. Hedlund (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
dnordin@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

7

Leonard A. Bellavia (*pro hac vice*)
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (*pro hac vice*)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7 423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C .**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com
SNM@cliffordlaw.com

*MDL Liaison Counsel*

9

## CERTIFICATE OF SERVICE

I, Peggy J. Wedgworth, an attorney, hereby certify that on April 26, 2019, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' CORRECTED EMERGENCY MOTION FOR LEAVE OF COURT TO DISCLOSE PLAINTIFFS' EXHIBITS 865, 934, 980, 1247, AND 1249 TO NON-PARTY WITNESS NATIONAL AUTOMOBILE DEALERS ASSOCIATION AT APRIL 30, 2019 DEPOSITION PURSUANT TO PROTECTIVE ORDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>  */s/ Peggy J. Wedgworth*
>  Peggy J. Wedgworth