Exhibit B

# MAYER | BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711
mayerbrown.com

**Britt M. Miller**
*Partner*
T: +1 312 701 8663
F: +1 312 706 8763
BMiller@mayerbrown.com

April 24, 2019

**BY EMAIL**

Peggy J. Wedgworth
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
19th Floor
New York, NY 10119

Re: In re Dealer Management Systems Antitrust Litig.,
    MDL No. 2817, Case No. 18-cv-864 (N.D. Ill.)

Peggy:

We are in receipt of John Hughes's email of April 22 invoking Section 5(c)(6) of the current Protective Order with respect to the dealer plaintiffs' planned use of Plaintiffs' Exhibits 865, 980, 934, 1247, and 1249 at the April 30 deposition of non-party National Automobile Dealers Association ("NADA"). Pursuant to that same section, CDK hereby gives notice of its objection to the dealership plaintiffs' proposed use of the identified documents.

The dealer plaintiffs have provided no reasoning to support this proposed disclosure to NADA and none is apparent from the face of the documents. Indeed, all of the documents at issue contain highly sensitive information, the disclosure of which could result in significant harm to CDK. NADA neither authored nor received these documents, and none of the documents expressly mentions, discusses, or references NADA.

Put simply, the documents at issue contain non-public, highly sensitive information regarding CDK's business practices, including its data security measures. The disclosure of that information could significantly harm CDK in its business operations and otherwise. In particular, the disclosure of any of the documents at the NADA deposition threatens to seriously harm CDK's business relationships and reputation. As you know, NADA's membership includes many actual and prospective CDK dealer customers. The proposed disclosure to NADA threatens to harm CDK's standing in the industry and strain its business relationships, including any future dealings it may have with NADA or NADA's members. *See Directory Concepts, Inc. v. Fox*, 2008 WL 5263386 at *7 (N.D. Ind. Dec. 16, 2009) (finding good cause for a protective order where "strain [on] the business relationships" between parties and non-parties might result). The Federal Rules and case law both recognize that a party may protect its confidential information when the

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Peggy J. Wedgworth
April 24, 2019
Page 2

disclosure of that information might "be damaging to [the] reputation and privacy" of the party. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–35 & n.21 (1984) (citing Rule 26(c)).

Pursuant to Section 5(c)(6) of the Stipulation and First Amended Agreed Protective Order (Dkt. 586), CDK's timely written notice of its good cause objection renders the proposed disclosure impermissible without leave of Court.

Regards,

*[signature]*

Britt M. Miller


cc: MDL Counsel Email List