**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817 |
| | Case No. 18-cv-00864 |
| **This Document Relates To:** | Hon. Robert M. Dow, Jr. |
| **ALL ACTIONS** | Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' REPLY IN SUPPORT OF CORRECTED EMERGENCY MOTION FOR LEAVE OF COURT TO DISCLOSE PLAINTIFFS' EXHIBITS 865, 934, 980, 1247, AND 1249 TO WITNESS NATIONAL AUTOMOBILE DEALERS ASSOCIATION AT APRIL 30, 2019 DEPOSITION PURSUANT TO PROTECTIVE ORDER**

Dealership Class Plaintiffs ("Dealership Plaintiffs") are asking the court for leave to disclose documents at the April 30, 2019 deposition of NADA pursuant to Section 5(c)(6) of the parties' Protective Order. The Protective Order requires CDK to show a good cause basis for objecting to a proposed disclosure. CDK has not met its burden of showing good cause to object to the proposed disclosure. Even if the Court finds that CDK has shown good cause, the Protective Order gives the Court discretion to allow the disclosure over CDK's objection.

Defendant CDK noticed the April 30, 2019 30(b)(6) deposition of non-party NADA and subpoenaed documents relating to the topics of ███████████████████████████ █████████████████████ Defendant CDK now asks the court to prohibit the proposed disclosure, for the purpose of the deposition noticed by CDK, directly related to those topics which CDK has indicated it will be pursuing at the deposition. CDK argues that the disclosure of such documents will cause CDK embarrassment and reputational injury, ignoring the fact that CDK has continuously put ████████████████████████████████████████████████████████████

████████████ The Court should grant Dealership Plaintiffs' motion. In support of this Reply, Dealership Plaintiffs state the following:

1.    By requesting documents related to the topics of ████████████████████████ ████████████████████████████████ CDK put these topics at issue for this deposition. CDK is now attempting to tie Dealership Plaintiffs' hands and prevent them from asking about relevant documents on those very same topics that CDK wishes to question NADA. CDK argues that these documents should not be disclosed at the NADA deposition because "NADA did not create or receive any of these documents, and none of the documents expressly mentions, discusses, or references NADA." CDK's Br. at 2–3. CDK also attempts to contrast Dealership Plaintiffs' motion to disclose certain Highly Confidential documents in the NADA deposition to Defendants' disclosure of Highly Confidential documents in the Gentry deposition. CDK's Br. at 3 n.1. First, Dealership Plaintiffs note that they did not object to the use of the documents at the Gentry deposition, that objection was made by Authenticom's counsel.  Second, as the Court noted with respect to the Gentry documents in ruling that such documents could be shown to the deponent, it is important to consider whether the documents relate to a material issue in the case.  Like the documents the Court allowed Defendants to use in the Gentry deposition, the documents Dealership Plaintiffs seek to use here too go to a critical issue in dispute in this litigation.

2.    CDK claims that the proposed disclosure will cause significant harm to CDK's business and operations. CDK's Br. at 2. "To establish good cause [for entry of a protective order], the courts have generally required 'specific examples of articulated reasoning,' as opposed to 'stereotyped and conclusory statements.'" *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) and *United*

*States v. Garrett*, 571 F.2d 1323, 1326 N.3 (5th Cir. 1978)). "With respect to the claim of confidential business information, this standard demands that the company prove that disclosure will result in a 'very clearly defined and very serious injury' to its business." *Id.* (quoting *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 n.1 (N.D. Ill. 1993) (quoting *United States v. IBM Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975)). CDK has not provided anything beyond conclusory statements that the proposed disclosure will harm its business relationships and standing in the industry. CDK's Br. at 2, 5. CDK has failed to provide the articulated reasoning or clearly defined injury required to satisfy its burden of good cause for objecting to the proposed disclosure.

3.     CDK's argument that once NADA's corporate representative has seen the documents at issue, he will be unable to "un-see" them ignores the fact that the parties have a Protective Order in place to prevent any further use or disclosure of these documents beyond the April 30, 2019 deposition. *See* CDK's Br. at 5. This argument assumes, without any basis for doing so, that NADA's corporate representative will willingly and knowingly violate the Court's Protective Order and use that information to CDK's harm. The proposed disclosure will not, as CDK claims, "inevitably impact" CDK's standing in the industry through the disclosure of these documents for the sole purpose of the NADA deposition. *See* CDK's Br. at 5.

4.     CDK argues that the proposed disclosure to non-party NADA threatens CDK's business relationships and reputation even though NADA is not a competitor of CDK, citing *Stanislaus Food Products Co. v. USS-POSCO Industries*, No. 1:09-cv-00560-LJO-BAM, 2012 WL 6160468, at *5 (E.D. Cal. Dec. 11, 2012). CDK's Br. at 4–5. In *Stanislaus Food*, the court found that disclosure of pricing and quantity strategies to a non-competitor would give the non-competitor significant negotiating leverage as a customer of the defendant's customer. *Id.* Here, the proposed disclosure does not consist of business decisions, such as pricing and quantity

strategies, that would give another entity significant negotiating leverage in business dealings with CDK or its competitors. Additionally, there is no way for NADA to use the proposed disclosure directly in business dealings with CDK or its competitors as NADA has no business dealings with CDK or any other DMS provider. For the proposed disclosure to somehow become relevant to negotiations with CDK or its competitors, NADA would have to willingly violate this Court's Protective Order and disclose the information to some other entity who could then leverage that information in business dealings. The concerns presented in *Stanislaus Foods* are simply not present here.

5. CDK continues to rely on *Directory Concepts, Inc. v. Fox*, 2008 WL 5263386 (N.D. Ind. Dec. 16, 2008) and *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). CDK's Br. at 6–7. Dealership Plaintiffs have already distinguished these cases on the basis that they involved concerns regarding non-party information and irrelevant information, which is not the case here. Dealers' Mot. at 5–6. CDK has not shown that these cases prohibit the proposed disclosure of CDK's relevant information to NADA.

## CONCLUSION

For the foregoing reasons, Dealership Plaintiffs' motion should be granted.

DATED: April 26, 2019                Respectfully submitted,

                            */s/ Michelle J. Looby*

                            Daniel C. Hedlund (*pro hac vice*)
                            Michelle J. Looby (*pro hac vice*)
                            Daniel E. Gustafson
                            David A. Goodwin
                            Daniel J. Nordin
                            **GUSTAFSON GLUEK PLLC**
                            Canadian Pacific Plaza
                            120 South Sixth Street, Suite 2600
                            Minneapolis, MN 55402
                            Tel: (612) 333-8844

4

Fax: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
dnordin@gustafsongluek.com

***Dealership Class Plaintiffs' Steering Committee***

Peggy J. Wedgworth (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
**MILBERG TADLERPHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

***Interim Lead Counsel for the Dealership Class***

Leonard A. Bellavia (*pro hac vice*)
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

***Dealership Class Plaintiffs' Steering Committee***

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

David W. Mitchell (*pro hac vice*)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7 423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C .**
120 N. LaSalle Street, 31 Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com
SNM@cliffordlaw.com

*MDL Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I, Michelle J. Looby, an attorney, hereby certify that on April 26, 2019, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' REPLY IN SUPPORT OF CORRECTED EMERGENCY MOTION FOR LEAVE OF COURT TO DISCLOSE PLAINTIFFS' EXHIBITS 865, 934, 980, 1247, AND 1249 TO WITNESS NATIONAL AUTOMOBILE DEALERS ASSOCIATION AT APRIL 30, 2019 DEPOSITION PURSUANT TO PROTECTIVE ORDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Michelle J. Looby*
Michelle J. Looby