IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 1:18-CV-00864 |
| *This document relates to:* <br><br> ALL CASES | Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Dealership Class Plaintiffs' Corrected Emergency Motion for Leave of Court to Disclose Plaintiffs' Exhibits to Non-Party Witness National Automobile Dealers Association ("NADA") at April 30, 2019 Deposition Pursuant to Protective Order [655] is denied. See Statement below for further details.

## STATEMENT

Dealership Class Plaintiffs' Corrected Emergency Motion for Leave of Court to Disclose Plaintiffs' Exhibits to Non-Party Witness National Automobile Dealers Association ("NADA") at April 30, 2019 Deposition Pursuant to Protective Order [655] is denied for the following reasons:

First, Dealership Class Plaintiffs did not comply with the requirements of section 5(c)(6) of the Agreed Confidentiality Order entered on April 4, 2018 [104] and recently amended [650] by "identifying with particularity" the information they wish to disclose to the third-party NADA witness. Order [104, 650] section 5(c)(6).

Second, Defendant CDK Global Global LLC ("CDK") has met its burden to show good cause why the documents referenced in and attached to Dealership Class Plaintiffs' Motion [655] should not be shown to the NADA witness. CDK's Sealed Response [652]. CDK has presented specific, solid reasons why the information contained in the documents is highly sensitive business information the disclosure of which could cause serious harm to CDK. *Id.* The Court does not agree with Dealership Class Plaintiffs' argument in their Reply in Support of their Corrected Emergency Motion [658] that CDK has presented only a conclusory speculation of harm if the documents are disclosed to the NADA witness. Disclosure of the information contained in the documents to a third-party witness in the same industry as CDK could cause serious competitive, reputational, and other harm to CDK. That is a sufficient showing of good cause under the Agreed Confidentiality Order. Order [104, 650] at section 5(c)(6).

Third, Dealership Class Plaintiffs have articulated no good reason why they need to show the documents referenced in and attached to their Motion [655] to the NADA witness. Plaintiffs' argument that the documents relate to data security issues flagged as potential deposition topics in the deposition notices served upon NADA is unavailing and insufficient to overcome CDK's good cause showing. That the documents are relevant to data security issues at CDK is no answer to the question why these documents need to be shown to this third-party witness.

Dealership Class Plaintiffs present no evidence or argument that the NADA witness or anyone affiliated with NADA ever received the documents or knows about the matters contained in the documents. If Plaintiffs intend to show the documents to the witness as a predicate to probing whether the witness has knowledge about the matters contained in the documents, or what the witness or NADA members would have done if he or they knew about those things (and the Court is purely speculating about Plaintiffs' purpose at this point), that intended use is wholly disproportionate to the needs of this case and is insufficient to overcome CDK's showing of good cause.

If Dealership Class Plaintiffs had made a stronger case for disclosing to the NADA witness the documents at issue in their Motion [655], then the Court would have to decide whether such disclosure under the confidentiality undertaking provided for in the Agreed Confidentiality Order [104, 650] would be sufficient to protect CDK's interests. But in the absence of any material showing by Plaintiffs that it is necessary to show the documents to the NADA witness, the Court need not decide whether the confidentiality undertaking would be sufficient to protect CDK's interests here.

None of the arguments contained in Dealership Class Plaintiffs' Reply in Support of their Corrected Emergency Motion [658], which was filed shortly before this Order is being entered and which the Court read before issuing this Order, changes the Court's view that Plaintiffs' Motion must be denied.

Dealership Class Plaintiffs have had three opportunities to make their case as to why they should be permitted to show the documents to the NADA witness, first in connection with the process they did not follow under section 5(c)(6) of the Agreed Confidentiality Order [104, 650], then in the body of their Motion [655], and last in their Reply [658]. They did not take advantage of any of those opportunities. It is, therefore, unnecessary to afford Dealership Class Plaintiffs a fourth opportunity by scheduling their Motion [655] for a hearing. That is particularly true given that the deposition at issue is set for Tuesday, April 30, 2019. Therefore, the Motion will be decided on the papers.

Accordingly, for all the reasons set forth in this Order, Dealership Class Plaintiffs' Corrected Emergency Motion for Leave of Court to Disclose Plaintiffs' Exhibits to Non-Party Witness National Automobile Dealers Association ("NADA") at April 30, 2019 Deposition Pursuant to Protective Order [655] is denied.

It is so ordered.

Dated: April 26, 2019

ENTERED:

_____
Hon. Judge Jeffrey T. Gilbert
United States Magistrate Judge