# Exhibit A.3

**MAYER•BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

December 17, 2018

**Matthew D. Provance**
Direct Tel +1 312 701 8598
Direct Fax +1 312 706 9397
mprovance@mayerbrown.com

<u>**By E-Mail**</u>

Michael Nemelka
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036-3215

Re: *In re Dealer Management Systems Antitrust Litig.*,
<u>MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)</u>

Dear Mike:

We write in further response to your December 11, 2018 letter regarding issues stemming from the Court's rulings on Plaintiffs' omnibus motion to compel (Dkt. 441, "Order").

**<u>OEM Pricing Information</u>**. As explained in our December 5 correspondence, we interpret the Court's Order as a rejection of Plaintiffs' request for discovery of OEM pricing (*Authenticom* RFP 73). Nevertheless, if it would avoid further motions practice on the issue, we indicated that CDK would consider a proposal for narrowed discovery into OEM pricing if you had one in mind. Plaintiffs' four-part proposal, however, is not a narrowed version of the OEM pricing discovery they originally requested.[1] In fact, parts (2)-(4) of the proposal appear to seek additional information that is beyond the scope of the information requested in *Authenticom* RFP 73, which requested "documents and communications relating to prices charged to OEMs for access to data on the CDK DMS." Plaintiffs tried a similar tactic with *Authenticom* RFP 63, which was not successful. *See* Order § 14. We are also not sure why the CDK proposal includes more requested data points, and therefore would be more burdensome, than the proposal for OEM pricing information that you made to Reynolds. Moreover, we are not aware of any single dataset maintained by CDK in the ordinary course of business that contains all four parts of Plaintiffs' proposal, meaning that—at a minimum—CDK would have to create documents in order to provide what Plaintiffs are now seeking, which CDK objects to doing. For all these reasons, Plaintiffs' proposal is not acceptable to CDK and does not advance our discussions.

---

[1] Per your December 11 correspondence, we understand Plaintiffs' proposal as to CDK to be seeking the production of "financial data sufficient to identify, from January 2013 to present: (1) the OEMs that purchased data services from CDK (whether through DMI or otherwise); (2) the DMS providers used by the dealers for which CDK provided data services for OEMs; (3) the number of connections that CDK serviced for each OEM, per DMS provider; and (4) the monthly spend on data services by each OEM customer of CDK, per DMS provider."

Mayer Brown LLP operates in combination with other Mayer Brown entities, which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Michael Nemelka
December 17, 2018
Page 2

**Correspondence with Private Equity Firms**. We are discussing Plaintiffs' proposal with our client and will let you know if CDK is willing to produce the items outlined in your December 11 correspondence in order to reach closure on this issue. However, Plaintiffs' purported reservation of rights to seek "additional documents" on this topic based on CDK's production is not acceptable. If Plaintiffs' proposal for correspondence with private equity firms will not resolve the issue once and for all, we are not inclined to consider it. Please let us know.

**Industry Conference Materials**. Our December 5 letter describes what CDK searched for and produced in response to these requests: "(a) documents evidencing or otherwise reflecting meetings between CDK and Reynolds, if any, at such conferences, (b) marketing and promotional materials used or distributed by CDK at such conferences, and (c) written training and instructions provided to CDK employees concerning the marketing of CDK's DMS services, applications, or Data Services at such conferences." The Court specifically approved these parameters as "a reasonable compromise." Order § 2.

Your December 11 letter asks CDK to "confirm" that it produced industry conference meeting materials "for industry conference meetings between CDK and Reynolds, *or between any Defendant and a named Plaintiff, such as Cox Automotive, MVSC, AutoLoop, and Authenticom*." Your request inserts an additional element into CDK's production commitment that does not exist. While CDK has no doubt produced many materials related to industry conference meetings with the "Individual Plaintiffs" as responsive to any number of the requests for production that have been served in this MDL, CDK did not agree to produce all such materials, the Order does not require it, and accordingly we decline to undertake any burden to "confirm" for Plaintiffs whether all such materials have been produced.

**Financial Information**. We have reviewed the correspondence from both the discovery issues litigated in *Authenticom* and in the MDL leading up to the August 6, 2018 discovery motions deadline, and believe that CDK's production commitments do not give rise to any duty to provide financial information specifically with respect to add-on applications. Nor was discovery into financial data pertaining to add-on applications raised during the pre-motions meet-and-confer process. However, as a practical matter we are in discussions with our client regarding the extent to which CDK's regularly maintained financial information pertaining to its DMS business—which CDK has agreed to produce—will encompass add-on applications as well, in which case the debate is moot. We will let you know.

Regards,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc:   Plaintiffs' Co-Lead Counsel
      Defendants' Counsel