PUBLIC VERSION

# GZJ KDKV'4"

PUBLIC VERSION

March 12, 2019

**BY E-MAIL**

Peggy J. Wedgworth
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Michael N. Nemelka
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3215

Re:     *In re Dealer Management Systems Antitrust Litig.,*
        *MDL No. 2817, Case No. 18-CV-864 (N.D. Ill.)*

Dear Mike and Peggy:

We write in response to your March 11, 2019 letter regarding CDK Global, LLC's ("CDK") reproduction to the MDL Plaintiffs of its privilege log produced to the Federal Trade Commission ("FTC") pursuant to the civil investigative demand ("CID") received by CDK on June 26, 2017 ("FTC CID Privilege Log"). CDK's counsel in both the MDL and the CID proceedings are available to meet and confer on this topic at your requested time tomorrow—2:00 pm eastern.

As explained in CDK's prior communication to MDL Plaintiffs on this issue, the FTC CID Privilege Log—which includes 11 separate excel spreadsheets—was prepared in the format requested by the FTC and re-produced to MDL Plaintiffs in the same format. *See* 03/11/2019 email from J. Michaels to M. Nemelka and D. Nordin. Unlike the privilege logs produced by many of the parties in the MDL, the FTC CID Privilege Log contains a separate entry for each responsive document that was redacted or withheld for privilege. As a result, the number of entries on the FTC CID Privilege Log is greater than it would be had CDK, for example, only logged the top/most recent email from each email subject to a privilege or if CDK had logged emails and attachments in a single entry.[1] While the FTC Privilege Log contains over 40,300 entries, it is only 29,028 families (including standalone documents), which are part of 27,904 unique threads.

---

[1] Pursuant to Paragraph 9(b) of the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. 105) ("ESI Order"), parties in the MDL were permitted to prepare logs that "include one entry for the top/most recent email on the privilege/redaction log for the entire e-mail chain" Additionally, document families (email and attachments) could be "logged as a single entry so long as the description of that entry include[d] a reference to the privileged attachments." These modifications were intended to—and did in fact—drastically decrease the number of documents MDL parties were required to log, resulting in smaller privilege logs than would have otherwise been produced if the modifications did not exist.

Peggy J. Wedgworth
Michael N. Nemelka
March 12, 2019
Page 2

Your March 11 letter specifically requested that CDK respond to 10 questions regarding the FTC CID Privilege Log.  CDK's responses to those questions are as follows.[2]

1. *When was each spreadsheet originally created? Metadata and file names indicate varying dates of creation such as: May 4, 2018, September 17, 2018, January 15, 2019, March 21, 2018, and November 9, 2018.*

CDK's FTC counsel created and iteratively produced 11 sub-sections of the final FTC CID Privilege Log to the FTC.  Each sub-section remained subject to review and revision until Friday, March 8, 2019 when Paul Weiss completed its logging of documents. Indeed, the two privilege logs named "1710.4 - Exhibit B" and "Exhibit B"—which were produced on February 15, 2019 and May 8, 2019 respectively—contained modifications and revisions to entries that appeared on previously produced sub-sections. As explained below, the "1710.4 - Exhibit B" and "Exhibit B" logs were sent as attachments to correspondence with the FTC. Each letter had an Exhibit A, which is a list of log entries that should be ignored on the previously produced logs.  For your reference, we have attached copies of both Exhibit A's to this letter.

The sub-sections that comprise the final FTC CID Privilege Log were originally produced to the FTC on March 21, 2018 (the "Thorne/Workman Privilege Log"), May 4, 2018 (the "Supplemental Privilege Log"), May 25, 2018 (the "Second Supplemental Privilege Log"), September 17, 2018 (the "Gardner Privilege Log"), February 15, 2019 (the "Third Supplemental Privilege Log" entitled "1710.4 - Exhibit B"), and March 8, 2019 (the "Bihner Privilege Log", "Conver Privilege Log", "Frey Privilege Log", "Imowitz Privilege Log", "Karp Privilege Log" and the "Fourth Supplemental Privilege Log" entitled "Exhibit B"). There was an additional sub-section produced to the FTC on March 8, 2018, but this portion of the log was fully subsumed within other sub-sections of the final FTC CID Privilege Log and therefore not separately included in the privilege log production that MDL Plaintiffs received on March 8, 2019.

2. *As it appears the spreadsheets were created as far back as almost a year, why were these spreadsheets produced after the privilege log deadline? If any spreadsheet was created before last week, why was it produced last Friday for the first time?*

As previously explained, all portions of the FTC CID Privilege Log remained subject to review and revision until Friday, March 8, 2019.  For example, see above regarding Exhibits "A" and the Third and Fourth Supplemental Privilege Logs that accompanied certain sub-sections of the FTC CID Privilege Log provided to the FTC in 2019, reflecting revisions to prior log entries. Plaintiffs received a copy of the FTC CID Privilege Log on the same day that Paul Weiss completed its logging and production of CDK's full FTC CID Privilege Log to the FTC.

---

[2] Paul Weiss will be available to speak to all questions related to the logs and legends submitted to the FTC; Mayer Brown will be available to speak to the reproduction of those logs and the reproduction of any CID-related documents in the MDL.

Peggy J. Wedgworth
Michael N. Nemelka
March 12, 2019
Page 3

3. *If a document is listed as redacted, does that mean that you have redacted it in the production we currently have, or do you anticipate producing the redacted version in the overlay production to be produced to MDL Plaintiffs in the next few business days?*

If a document is listed as "redacted," it is redacted in the production that MDL Plaintiffs currently have in their possession. There is a small subset of documents that were originally withheld from the FTC, but were determined during the logging process to require redactions and/or full production. CDK is working to add MDL Bates numbers to the downgraded documents that were produced to the FTC on Friday and anticipates completing the re-production of these documents to MDL Plaintiffs early next week.

4. *For the documents in the spreadsheets that do not have even "CID_CDK" Bates numbers, please explain how we can determine what those documents are, and how they were produced to the FTC.*

Documents that do not have CID_CDK Bates were fully withheld.

5. *As to the Bates numbers listed, which all begin "CID_CDK", have all of these documents been produced in this litigation?*

With the exception of the documents referenced in our response to Question 3, all documents that begin with bates CID_CDK have been produced to MDL Plaintiffs in this litigation.

6. *Please explain the names of each spreadsheet. For example, two spreadsheets are titled, "Exhibit B" – Exhibit B to what document? Is there an Exhibit A? If so, does it pertain to the FTC privilege log issue? Are there other exhibits to whatever documents are referenced, and if so, what are they?*

Eight of the spreadsheets are named for the 9 custodians that CDK was required to log for the FTC. Paul Weiss also submitted 4 supplemental privilege logs, two of which were entitled "1710.4 - Exhibit B" and "Exhibit B". These 4 supplemental logs were submitted as addendums/corrections to the Thorne/Workman and Gardner logs. The two privilege logs named "1710.4 - Exhibit B" and "Exhibit B" were sent as attachments to correspondence with the FTC. As noted above, each letter had an Exhibit A, which is a list of log entries that should be ignored on the previously produced logs.

7. *You have ten legends and eleven spreadsheets. Please confirm that the "Exhibit B" legend corresponds to the two "Exhibit B" privilege logs. Please confirm that the legend simply titled "Legend" corresponds to the Thorne Workman privilege log.*

The legend entitled "Legend" corresponds to entries on the Thorne/Workman log. The "Third Supplemental Privilege Log" entitled "1710.4 - Exhibit B", which was produced on February 15, 2019 contained no unique names and therefore did not require an accompanying legend. The "Exhibit B"

Peggy J. Wedgworth
Michael N. Nemelka
March 12, 2019
Page 4


legend references unique names found on the "Fourth Supplemental Privilege Log" entitled "Exhibit B" that was produced on March 8, 2019.

> 8.  *Please confirm that the legends list every individual's title and company affiliation on all eleven privilege logs.*

This is confirmed.

> 9.  *Please confirm that there are no additional FTC privilege logs to be produced.*

This is confirmed.

> 10. *Please confirm that all documents that have been produced to the FTC, including the competition investigation, have been produced to MDL Plaintiffs unless they are listed in one of the eleven spreadsheets sent on Friday.*

As explained in CDK's response to Question 3, above, CDK has re-produced all documents to the MDL Plaintiffs that were produced to the FTC pursuant to the CID received by CDK on June 26, 2017 with the exception of the handful that were determined not to be privileged and produced to the FTC on Friday, March 8.  We are working to add MDL Bates numbers to these documents and anticipate completing the re-production to MDL Plaintiffs by early next week.


| */s/ Jessica A. Michaels* | */s/ Maria H. Keane* |
|---|---|
| Jessica A. Michaels | Maria H. Keane |
| MAYER BROWN LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| As to the reproduction | As to the FTC submissions |
| of the FTC submissions | |


cc:  Lead MDL Plaintiff Counsel
     Mark W. Ryan
     Britt M. Miller
     Matthew D. Provance
     Aidan Synnott
     Ariane Rockoff-Kirk