**PUBLIC VERSION**

# EXHIBIT 3

PUBLIC VERSION

**MAYER · BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

May 4, 2018

Britt M. Miller
Direct Tel +1 312 701 8663
Direct Fax +1 312 706 8763
bmiller@mayerbrown.com

<u>BY E-MAIL</u>

Michael N. Nemelka
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Re:   *In re Dealer Management Systems Antitrust Litig.*,
      <u>MDL 2817, Case No. 18-CV-864 (N.D. Ill.)</u>

Dear Mike:

I write in response to you letter and subsequent email of late Wednesday night. As the bulk of the letter is directed at Reynolds, I will let Gibbs & Bruns respond.

As to your demands of/questions to CDK, I respond as follows.

*First*, your demand that CDK produce the entirety of its production to the FTC in connection with CDK's previously proposed acquisition of Auto/Mate is not well taken. As you know, Request No. 56 in Authenticom's First Set of Requests for Production of Documents sought "Documents and communications relating to CDK's announced acquisition of Auto/Mate." CDK resisted this request but informed Authenticom that it was willing to produce:

> any pre-existing business documents produced by CDK to the Federal Trade Commission ("FTC") in connection with the FTC's Second Request regarding CDK's planned acquisition of Auto/Mate, as well as any factual summaries, data compilations, or presentations created and provided to the government for purposes of responding to the Second Request, *to the extent such documents are relevant to the claims and defenses in this litigation*, and are not protected from disclosure by an applicable privilege.

*See* 11/15/2017 Ltr. from Britt M. Miller (emphasis added). You *accepted* that offer and did not request production of any additional documents. *See* 11/24/2017 Ltr. from Michael N. Nemelka. We then reiterated our position in response to Authenticom's improper (and duplicative) Request No. 106 which seeks "for the avoidance of doubt, all documents provided to the FTC in connection with the FTC's review of the Auto/Mate acquisition." *See* CDK's Responses and Objections to Authenticom's Second Set of RFPs.

Now, notwithstanding our agreement from five months ago, you again demand that *all* documents produced to the FTC in relation to its review of the proposed Auto/Mate acquisition be produced and that they be produced by May 9. But for the reasons previously discussed, the

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Michael N. Nemelka
May 4, 2018
Page 2

fact remains that the bulk of that production simply is not relevant to this case. And CDK has already committed to producing whatever portion, if any, is relevant. Given, as Reynolds correctly notes, that "Authenticom's argument for 'per se' relevance of the CDK/Reynolds FTC production has always been based on the fact that *the investigation* involves the same allegations" as its case, we are at a loss as to how that logic extends to the now-aborted CDK-Auto/Mate transaction.[1] Nonetheless, if an additional meet-and-confer is necessary to clarify the parameters of CDK's contemplated production (which we do not intend to produce until after all of the parties have agreed upon search terms and custodians), we are happy to engage.

*Second*, as to your email complaint regarding CDK's most recent production and although we don't see it as an "issue" at all, you are correct that CDK's April 27, 2018 re-production of documents contained 1,841 records slip-sheeted as privileged and 607 records produced with redactions. These 2,448 records were produced to Authenticom in the same manner that they were produced to the FTC, either in the first instance or as they were clawed back from the FTC after it was discovered that privileged material had been inadvertently produced. At present, CDK is still in the process of preparing its privilege log for the FTC. Once its privilege log is complete, we will timely produce it to plaintiffs.

Please let us know if you would like to set up a time to further discuss the above.

Sincerely,

Britt M. Miller

cc:  Andi Gulley
     Brian Ross
     Matt Provance
     Mark Ryan

---

[1] We disagree that the FTC "blocked" the proposed acquisition "on the grounds that the acquisition would be anticompetitive," but needn't debate that point at this juncture.