# **EXHIBIT B**

| | |
|---|---|
| **From:** | Frank Richter <FRichter@rgrdlaw.com> |
| **Sent:** | Wednesday, May 01, 2019 6:46 PM |
| **To:** | Provance, Matthew D.; Jim Barz |
| **Cc:** | Dominic LoVerde; Christina Kopko; 'SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com'; Miller, Britt M. |
| **Subject:** | RE: In re Dealer Management Systems Antitrust Litig., No. 1:18-cv-00864 (N.D. Ill.) |

**\*\*EXTERNAL SENDER\*\***

Matt,

Thank you for your email. We do not agree to limit Plaintiffs' subpoena to AT&T.

The Court's prior order limited discovery of *CDK's* phone records under different circumstances and does not apply here. Discovery in this MDL has demonstrated that CDK and Reynolds were in frequent communication in 2013 and 2014 – when Plaintiffs contend CDK and Reynolds began to coordinate their data access policies, target independent integrators, and negotiate the formalized, written agreement dated February 2015. By way of illustration only, we note the following communications from the 2013-2014 time frame just between Mr. Gardner and Mr. Workman and Mr. Schaefer: PX 200, PX 250, PX 446, PX 449, PX 641, PX 949, PX 951, PX 952, PX 967, PX 1355, PX 1387, PX 1388, PX 1389, PX 1390, PX 1391, PX 1392. Communications before the 2015 agreement are especially important, given that CDK and Reynolds are likely to attempt to explain away the frequent communications after the 2015 agreement as implementing the formal terms of that agreement. The AT&T subpoena is reasonable and appropriate.

In any event, AT&T has not objected, and CDK does not appear to have standing to challenge the subpoena. *See, e.g., Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 186 (N.D. Ill. 2013) ("Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought."). Even if it did, the date of compliance for the subpoena (April 26, 2019) has passed. *See Jallali v. Nova Se. Univ.*, No. 11 C 8115, 2012 WL 2368322, at \*3 (N.D. Ill. June 21, 2012) (holding that motion to quash is timely if filed on or before date of compliance).

We're happy to meet and confer if you would like, although we do not anticipate there being a middle ground here.

Best,
Frank

**Frank Richter**

Robbins Geller Rudman & Dowd LLP

frichter@rgrdlaw.com
312.674.4674

---

**From:** Provance, Matthew D. [mailto:MProvance@mayerbrown.com]
**Sent:** Wednesday, May 01, 2019 1:16 PM
**To:** Frank Richter; Jim Barz
**Cc:** Dominic LoVerde; Christina Kopko; 'SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com'; Miller, Britt M.
**Subject:** RE: In re Dealer Management Systems Antitrust Litig., No. 1:18-cv-00864 (N.D. Ill.)

1

Dear Frank and Jim –

We write regarding Plaintiffs' April 5, 2019 subpoena to non-party AT&T Wireless Subpoena Compliance Center for certain telephone records, including records of calls to and from CDK employee Howard Gardner. Yesterday, we received a letter from the AT&T Global Legal Demand Center indicating that AT&T intends to respond to the subpoena on May 2, 2019 (tomorrow) unless CDK files a motion to quash the subpoena or otherwise limit AT&T's production. Unless plaintiffs are willing to modify their request, CDK intends to seek an order limiting the production of Mr. Gardner's phone records to the period 2015-2016, which is the time period for phone records that the Court held could be potentially relevant in its prior ruling on this issue (Dkt. 441). Given the exigencies of the situation, we need to know whether the parties are in agreement (or at an impasse) by close of business today. If we do not reach agreement, CDK will file its motion this evening.

We are available to meet and confer at any time between now and 6:00 p.m. (Central) if you would like to discuss this issue.

Regards,
Matt Provance

_____

**Matthew Provance**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com

---

**From:** Christina Kopko <CKopko@rgrdlaw.com>
**Sent:** Friday, April 05, 2019 4:43 PM
**To:** 'service-external-dms-mdl@lists.kellogghansen.com' <service-external-dms-mdl@lists.kellogghansen.com>
**Cc:** Frank Richter <FRichter@rgrdlaw.com>; Dominic LoVerde <DLoVerde@rgrdlaw.com>
**Subject:** In re Dealer Management Systems Antitrust Litig., No. 1:18-cv-00864 (N.D. Ill.)

**\*\*EXTERNAL SENDER\*\***

Counsel:

Please find attached Dealership Class Plaintiffs' Notice of Subpoena to Produce Documents to Non-Party AT&T Wireless.

Best regards,
**Christina Kopko**
Paralegal

Robbins Geller Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058



**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**