IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION ) ) ) ) *This document relates to:* ) ) ALL CASES ) ) | MDL No. 2817 Case No. 1:18-CV-00864  Magistrate Judge Jeffrey T. Gilbert |

### ORDER

Cox Automotive, Inc.'s Motion for a Protective Order to Prevent the Deposition of Sandy Schwartz [ECF No. 527] is denied. See Statement below for details.

### STATEMENT

As the movant, Plaintiff Cox Automotive, Inc. ("Cox") has the burden to show good cause in support of its Motion for Protective Order to prevent the deposition of its president, Sandy Schwartz ("Schwartz"). FED. R. CIV. P. 26(c); *see also Johnson v. Jung*, 242 F.R.D. 481, 483-486 (N.D. Ill. 2007). The Court finds that Cox has not shown good cause for a protective order to issue in this instance. Rather, Defendant CDK Global, LLC ("CDK") has shown that Schwartz may have unique, personal knowledge of matters that are relevant to the claims and defenses in this case, and his deposition should proceed.

Cox is a plaintiff in this case, and Schwartz is a key Cox executive as its president. Although he is a so-called "apex" executive, that does not immunize him from sitting for a deposition. Other key executives from other companies that are parties in this litigation have been deposed in this case. Schwartz's high office with Cox does not insulate him from being deposed by the party his company sued unless he is likely to have no unique, personal knowledge of relevant matters such that his deposition testimony would merely be duplicative of testimony given by other witnesses. On the record developed on its Motion, the Court cannot say that Cox has met its burden of showing that is the case here. CDK makes a credible argument that Schwartz has personal knowledge about Cox's acquisition of Dealertrack, the applications market, and his own communications with industry participants that is relevant and not duplicative of knowledge possessed or testimony given by other Cox employees. CDK cites documents that show Schwartz was personally involved in matters that are relevant to this litigation. Cox argues that others are better suited to testify about these matters, but the Court agrees with CDK that it is reasonable to believe that Schwartz has relevant knowledge, views, opinions, or observations that others do not have given his position within the company. Requiring Schwartz to sit for a deposition is proportional to the needs of this case.

CDK also says Schwartz's deposition is necessary because Cox has produced relatively few documents in this case and CDK has documents in its files involving Schwartz that Cox never

produced. CDK Resp. [ECF No. 560], at 8. Depending upon what those documents show, that may be reason in and of itself that Schwartz should be deposed.

Further, the Court has limited the number of depositions each side in this multi-district litigation can take by entering a deposition protocol. [ECF Nos. 410, 422]. Under these circumstances, CDK's choice of whom to depose within the limited number of depositions it has been allocated is entitled to some deference so long as it reasonable as it appears to be in the case of Schwartz.

Cox has not shown that requiring Schwartz to sit for a deposition would be unduly burdensome for Cox or Schwartz. There is a lot at stake in this litigation for both Cox and CDK, many depositions already have occurred, and oral fact discovery is winding down. Cox has not shown that CDK's request to depose Schwartz is the kind of abusive, annoying, harassing, or vexatious discovery that other courts have found constitute good cause to prevent a deposition of a high-ranking executive from going forward. If, as Cox argues, Schwartz has no relevant knowledge, then his deposition should not last long. If he does have relevant knowledge, then CDK is entitled to it.

As Magistrate Judge Cole recognized in *Johnson v. Jung*, 242 F.R.D. at 483-486, whether Schwartz should be deposed is a highly discretionary call. Moreover, as then-Judge Posner said in *United States v. Bullion,* 466 F.3d 574, 577 (7th Cir. 2006)*,* when talking about the exercise of judicial discretion in the context of sentencing in a criminal case, "[t]he striking of a balance of uncertainties can rarely be deemed unreasonable. . . ." Therefore, for the reasons discussed above, in its discretion, the Court denies Cox's Motion for a Protective Order to Prevent the Deposition of Sandy Schwartz [ECF No. 527]. Cox shall produce Mr. Schwartz for his deposition at a date and time mutually agreeable to the parties and the witness.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: May 9, 2019