IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* <br> ALL ACTIONS | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**JOINT MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINES REGARDING CERTAIN NON-PARTY SUBPOENAS**

Pursuant to the Court's May 15, 2019 Order (Dkt. 695), Defendants CDK Global, LLC, Computerized Vehicle Registration, and The Reynolds and Reynolds Company and the Dealership Class Plaintiffs (together, the "Moving Parties") submit this joint motion for entry of an order extending fact discovery deadlines for the limited purpose of enforcing two document request subpoenas previously served by Defendants upon third parties The Impact Group, Inc. and Infutor Data Solutions, Inc. and three document request subpoenas that Dealership Class Plaintiffs intend to serve upon wireless providers AT&T, Verizon, and Sprint.[1] The relief requested in this motion represents a compromise reached by the Moving Parties to resolve their dispute as to Dealership Class Plaintiffs' request for leave to serve their proposed subpoenas (a disputed issue discussed at the parties' May 15 status conference). *See* Dkt. 684, Plaintiffs' Add'l Issues, ¶ 2. In support of their motion, the Moving Parties state as follows:

1. On April 30, 2019, Defendants served two document request subpoenas upon The Impact Group, Inc. and Infutor Data Solutions, Inc., attached hereto as Exhibits 1 and 2. The

---

[1] As noted during the May 15 status conference, the parties are continuing to receive documents from other third parties, and the MDL parties are continuing to produce "refreshed" information. Nothing in this joint motion is meant to impact those productions or any agreement concerning those productions.

subpoenas have return dates of May 14, 2019 (Impact Group) and May 31, 2019 (Infutor).

2. As noted in the parties' May 8, 2019 Joint Status Report (Dkt. 684), and as discussed during the May 15 status hearing, Dealership Class Plaintiffs seek leave to serve three document request subpoenas upon AT&T, Verizon, and Sprint for mobile phone records and text message records of communications between one current and one former CDK employee (Howard Gardner and Ron Workman) and one Reynolds employee (Robert Schaefer). The Dealership Class Plaintiffs' proposed subpoenas are attached hereto as Exhibits 3, 4, and 5.

3. During the May 15 status hearing, Defendants raised objections that the Dealership Class Plaintiffs' proposed subpoenas to AT&T, Verizon, and Sprint are untimely under the deadline to complete fact discovery in this MDL, which closed on April 30, 2019. The Dealership Class Plaintiffs have also raised objections to the timeliness of Defendants' April 30 subpoenas to The Impact Group and Infutor. Following additional meet-and-confer discussions held after the parties' status hearing, the Moving Parties have reached an agreement, pending the Court's approval, to extend the period for fact discovery in the MDL for the limited purpose of enforcing the five subpoenas identified in this motion. An order from the Court to this effect would essentially moot both sides' objections to the timeliness of the subpoenas.

4. The Moving Parties recognize that with the exception of The Impact Group, the third parties to whom the subpoenas are directed have yet to respond and may assert substantive objections to the subpoenas.[2] For the avoidance of doubt, the Moving Parties agree that all remaining objections to the subpoenas on grounds other than their timeliness, including the scope, burden, and relevance of the subpoenas, are expressly preserved as to all parties and non-parties who may have standing to assert such objections.

---

[2] The Impact Group produced documents in response to the subpoena on May 10, 2019.

5. Also for the avoidance of doubt, the relief requested by the Moving Parties in this motion is not intended to apply to the Dealership Class Plaintiffs' prior subpoena to AT&T for certain telephone records, which is the subject of CDK Global, LLC's pending motion to quash or, in the alternative, for a protective order. *See* Dkt. 670, 689. The Moving Parties intend to stand on their respective briefs and will abide by the Court's resolution of that motion.

6. Individual Plaintiffs Authenticom, Inc., Cox Automotive, Inc. and its eight plaintiff subsidiaries, Motor Vehicle Software Corporation, and Loop, LLC d/b/a AutoLoop (the "Individual Plaintiffs") do not join this motion and have stated that they do not agree to the relief requested as it pertains to the Infutor and Impact Group subpoenas issued by Defendants.[3]

7. However, the compromise reached between the Dealership Class Plaintiffs and Defendants is premised upon the Court granting the relief requested in this motion on an "all-or-nothing" basis, *i.e.*, to prevent a scenario where it extends discovery for the Dealership Class Plaintiffs' proposed subpoenas but not for the Infutor and Impact Group subpoenas previously served by Defendants (or vice versa). Thus, in the event the Individual Plaintiffs file an opposition to the instant motion and the Court is not inclined to approve the Moving Parties' compromise on the basis of said opposition or for any other reason, the Moving Parties will submit their arguments for and against the Dealership Class Plaintiffs' proposed subpoenas in a joint filing, as originally requested by the Court. In that event, the Moving Parties request that the Court deny this motion in its entirety and order the parties to submit a joint filing on the merits along the lines that the Court initially ordered (Dkt. 695).

---

[3] Pursuant to Local Rule 37.2 the Moving Parties state that they engaged in good faith efforts to resolve the Individual Plaintiffs' objections to the instant motion. Specifically, the parties met-and-conferred via telephone on Friday, May 17 for approximately 20 minutes and again on Monday, May 20 for approximately 15 minutes. The email attached as Exhibit 6 from counsel for the Individual Plaintiffs followed.

-4-

WHEREFORE, the Moving Parties respectfully ask that the Court grant their motion and issue an order extending the period to complete fact discovery in this MDL for the limited purpose of serving and enforcing the subpoenas served or to be served by the Moving Parties to Infutor Data Solutions, Inc., The Impact Group, Inc., AT&T, Verizon, and Sprint. In the alternative, the Moving Parties request that the Court deny their motion in its entirety and direct them to submit argument regarding the Dealership Class Plaintiffs' proposed subpoenas in a joint report not to exceed 10 pages, to be filed not later than five days from the entry of an order on this motion.

Dated: May 24, 2019

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

Respectfully submitted,

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC and Defendant Computerized Vehicle Registration*

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com

*MDL Co-Lead Counsel for the Dealership Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Matthew D. Provance, an attorney, hereby certify that on May 24, 2019, I caused a true and correct copy of the foregoing **JOINT MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINES REGARDING CERTAIN NON-PARTY SUBPOENAS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Matthew D. Provance
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: mprovance@mayerbrown.com