# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| In re Dealer Management Systems Antitrust Litig. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-00864, MDL No. 2817 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Infutor Consumer Data Solutions, Inc. c/o Registered Agent
David W. Glover

19065 Hickory Creek Dr., Ste. 150, Mokena, Illinois 60448

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Gibbs & Bruns LLP<br>1100 Louisiana, Suite 5300<br>Houston, TX 77002 | Date and Time:<br>05/31/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/30/2019

*CLERK OF COURT*

OR

_____       /s/ *Ross M. MacDonald*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Reynolds and Reynolds Company_____, who issues or requests this subpoena, are:

Ross M. MacDonald, Gibbs & Bruns LLP, 1100 Louisiana St., Ste. 5300, Houston, TX 77002

RMacdonald@gibbsbruns.com, (713) 751-5231

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the

Case: 1:18-cv-00864 Document #: 699-1 Filed: 05/24/19 Page 3 of 10 PageID #:26259

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 2)

Civil Action No. 1:18-cv-00864, MDL No. 2817

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:18-cv-00864 Document #: 699-1 Filed: 05/24/19 Page 5 of 10 PageID #:26261

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

As used below, both in the document requests and in the topics for examination, the following terms shall have the following meanings:

1. "All" shall be construed as all and any, and the term "any" shall be construed as all and any.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

3. "Authenticom" shall mean "Authenticom, Inc." and shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, accountants and any and all persons and entities affiliated with or controlled by Authenticom, including but not limited to, Authenticom Services, LLC, DealerVault, Data Specialty Group, Data Services, LLC, and Xcelerated, Inc.

4. "CDK" shall mean CDK Global, LLC. "CDK" shall include the Dealer Services business of Automatic Data Processing, Inc. ("ADP") prior to September 30, 2014. "CDK" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

5. "Communication" shall mean any exchange or transfer of information, whether electronic, written, oral, or in any other form. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or

non-identical copy is a separate document within the meaning of this term.

7. "Documents sufficient to show" or "Documents sufficient to identify" means both documents that are necessary and documents that are sufficient to provide the specified information. If summaries, compilations, lists, or synopses are available that provide the information being requested, these may be provided in lieu of the underlying documents.

8. "Include" denotes a portion of a larger whole and is used without limitation.

9. "Including" (in addition to its usual meanings) shall mean including but not limited to.

10. "Infutor" means Infutor Consumer Data Solutions, Inc. and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors and any and all persons and entities affiliated with or controlled by Infutor, including but not limited to, Infutor Data Solutions, Inc and Infutor Data Solutions, LLC.

11. "Person" or "persons" shall mean, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

12. The terms "relating to," "related to," "referring to," "regarding," or "with respect to" shall mean, without limitation, the following concepts: concerning, discussing, describing,

-3-

reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

13. "Reynolds" shall mean "The Reynolds & Reynolds Company." "Reynolds" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

14. The "Data License Agreement" shall mean the Data License Agreement, and any Product Schedule(s) thereto, entered into between Infutor and Data Services, LLC on or about March 15, 2009, and any prior or subsequent versions of said agreement.

## INSTRUCTIONS

(a) No Request shall be read as limiting any other Request.

(b) The singular form of a word shall be interpreted to include the plural, and "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise not be included. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(c) Indicate whether any produced documents should be designated as confidential or highly confidential pursuant to the protective order in the underlying litigation. *See* Exhibit B.

(d) Pursuant to Federal Rule of Civil Procedure 45(d)(1)(A), documents responsive to the requests are to be made available in their present condition and as they are kept in the ordinary course of business or labeled to identify the specific request to which they pertain, including folder title(s) and folder Bates range(s).

(e) Each Request for documents seeks production of all documents described along with any attachments, drafts, and non-identical copies in any language whatsoever, in the possession, custody, or control of you or your respective agents or attorneys.

(f) Each document requested herein should be produced in its entirety and without deletion, redaction or excision, except as permitted by a recognized privilege, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document on the ground of privilege, stamp the word "REDACTED" beside the redacted information on each page of the document you have redacted.

(g) If any Request for a document or thing cannot be complied with in full, please comply to the extent possible.

(h) To the extent any Request is objected to in whole or in part, please state with specificity all grounds for objection, and produce all documents and things responsive to those parts of the request as to which no objection is made.

(i) If you identify any ambiguities in the Request's wording, please set forth the matter deemed ambiguous and the construction used in responding.

(j) Unless otherwise indicated, the relevant time period for each Request is January 1, 2009 to present.

**REQUESTS**

1. Any agreements between Authenticom and Infutor.

2. All communications with Authenticom regarding or referring to the Data License Agreement or any other agreement between Authenticom and Infutor to license or sell consumer data.

3. Documents sufficient to show the number of individual records purchased or licensed by Infutor pursuant to the Data License Agreement or any other agreement between Authenticom and Infutor to license or sell consumer data.

4. Documents sufficient to show all data fields Authenticom (or Data Services) supplied to Infutor pursuant to the Data License Agreement or any other agreement between Authenticom and Infutor to license or sell consumer data.

5. Documents sufficient to show all entities to whom Infutor sold, licensed, or otherwise provided any data provided to it pursuant to the Data License Agreement (or any other agreement between Authenticom and Infutor to license or sell consumer data) and what restrictions (if any) Infutor placed on those entities.

6. Any and all communications or documents referring to the provision of social security numbers or drivers' license numbers by Authenticom (or Data Services) to Infutor.

7. All documents or communications related to the termination of the Data License Agreement and/or the Mutual Release and Satisfaction entered into between Infutor and Data Services on or about November 20, 2012.

8. All documents or communications related to any complaints, disputes, or settlements by or with any dealership or application customers of Authenticom regarding Infutor's use, sale, or license of any data obtained from Authenticom (or Data Services).

9. All communications with Authenticom regarding or relating to the types and quantities of data provided by Authenticom to Infutor, including but not limited to, any royalty reports, weekly summary reports, or other similar information.

10. All communications or documents regarding any license restrictions or privacy protections Infutor agreed to place on the use of any consumer data it purchased or licensed from Authenticom.