# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| In re Dealer Management Systems Antitrust Litig. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-CV-0864/MDL No. 2817 |
| CDK Global, LLC, and The Reynolds and Reynolds Company, et. al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       The Impact Group, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A for document requests.

| Place: Mayer Brown LLP<br>1999 K Street, NW<br>Washington, DC 20006-1101 | Date and Time:<br><br>05/14/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/30/2019

*CLERK OF COURT*

OR

_____               _____
        *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
CDK Global, LLC and The Reynolds and Reynolds Company              , who issues or requests this subpoena, are:

Matthew D. Provance, Mayer Brown LLP, 71 S. Wacker Dr., Chicago, Illinois, (312) 701-8598, mprovance@mayerbrown

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-0864/MDL No. 2817

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                          *Server's signature*

                                   _____

                                          *Printed name and title*


                                   _____

                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A – DOCUMENT SUBPOENA RIDER

## DEFINITIONS AND INSTRUCTIONS

1.      "You," "Your," and "Impact Group" means The Impact Group, Inc., including its affiliates, parents, subsidiaries, divisions, and corporate predecessors, as well as any and all officers, directors, members, partners, employees, consultants, agents and attorneys therefor, including former officers, directors, members, partners, employees, consultants, agents and attorneys, any and all persons acting on behalf of The Impact Group, Inc., and any and all persons and entities affiliated with or controlled by The Impact Group, Inc.

2.      "CDK" means CDK Global, LLC f/k/a ADP, Inc.

3.      "Reynolds" means The Reynolds and Reynolds Company.

4.      "Communication," "communicate," and "communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).   The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

5.      "DMS" means an enterprise system comprised of hardware, software, databases, and related data used by Dealers to manage and operate their dealerships, usually referred to as the DMS or Dealer Management System.

6.      "DMS Providers" means entities that offer DMSs, including AutoMate, Autosoft, ADAM, PBS, CDK, Dealertrack, Dealerbuilt, Dominion, and Reynolds.

7.      "CDK DMS" means any DMS licensed to a Dealer by CDK.

8.      "Reynolds DMS" means any DMS licensed to a Dealer by Reynolds.

9.      "Dealer" means any new or used auto, truck, motorcycle, marine, recreational vehicle or heavy equipment dealer operating in the United States, including any ownership group or entity that owns or operates one or more such dealers.

10.      "Vendor" means any third-party application provider that uses Dealer or DMS data to provide Dealers with services, including marketing and lead generation, inventory management, customer relationship management, and electronic vehicle registration and titling.

11.      "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, No. 1:18:CV-864 (N.D. Ill.).

12.      "OEM" means any Original Equipment Manufacturer.

13.      "Person" or "persons" shall mean, without limitation, any individual corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

14. "Relating to," "related to," "referring to," "regarding," or "with respect to" shall mean, without limitation, the following concepts: concerning, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

15. "Integration Services" means any services provided to facilitate data exchange between Dealers and Vendors, including but not limited to screen scraping, data polling, data extraction, data aggregation, data standardization, system integration, and/or interfaces.

16. "Third Party Integrator" shall mean any person that provides Integration Services and is unaffiliated with a DMS provider, including but not limited to Authenticom, Inc. (including Authenticom, Inc. d/b/a DealerVault), Superior Integrated Solutions, ProQuotes, and Stone Eagle.

17. Unless a different time period is indicated in a specific Request below, each Request pertains to the time period January 1, 2013 to the present.

18. The Court has entered the attached Second Amended Protective Order governing the production of documents in this matter. *See* Exhibit B. Please indicate whether any documents produced pursuant to this subpoena should be designed as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

## DOCUMENT REQUESTS

1. One copy of each version of the standard contract terms and conditions, including licensing terms, in place between January 1, 2013 and the present that Dealers sign or otherwise agree to in connection with the purchase of Impact Group applications.

2. One copy of any agreements between Impact Group and any DMS Provider other than CDK or Reynolds related to Impact Group's participation in that DMS Provider's third-party access program or which is otherwise related to Integration Services on that Provider's DMS.

3. One copy of any written agreements with OEMs or requests for proposal (RFPs), requests for information (RFIs), or the like, including Impact Group's formal responses, that include any requirements for the use of DMS Provider-certified Integration Services.

4. Documents sufficient to show the standard or list pricing for Impact Group applications between January 1, 2013 and the present.

5. Any communications with counsel representing Plaintiffs in the Lawsuit regarding the subjects or substance of Impact Group's testimony in response to Plaintiffs' subpoena.