# Exhibit 14

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
___
(202) 326-7900

FACSIMILE:
(202) 326-7999

August 2, 2018

*Via Electronic Mail*

Leo Caseria, Esq.
Sheppard Mullin
333 South Hope Street, 43rd Floor
Los Angeles, California 90071

      Re:    *In re Dealer Management Systems Antitrust Litigation,* MDL No. 2817

Dear Leo:

    I write in response to your July 28, 2018 letter. We respond to your letter's questions – many of which would be more appropriate for a deposition – in a spirit of compromise and in a good faith effort to reach resolution on these issues.

    **Instances of DMS Access.** The data fields set forth in the log represent the following:

- ACDealerID – Authenticom's internal identification number for a dealer customer.
- DealerStoreID –To the extent a dealer customer has more than one rooftop, this is the identification number for that rooftop.
- FileType – This is the type of data set that was transferred.
- EventDateTime – This is the approximate date and time that the data was entered into Authenticom's system.
- DMSType – This indicates which DMS type the dealer used.

    You asked for a "key or dictionary so that we can understand the actual entries in the ACDealerID, DealerStoreID and FileType columns." We are working to see if we can produce such information. Based on our investigation, we believe we will be able to do so.

    You asked what the earliest entry that will appear on the log. We are working to get an answer.

    The description in your fourth bullet point is generally correct. The "EventDateTime" field shows the approximate time and date when the data was entered into Authenticom's system, though it does not distinguish between data entered by a dealer (i.e., data manually extracted by the dealer from its DMS) versus data entered by Authenticom itself (i.e., automated data extraction on dealer's behalf).

    The proposed log contains the information reasonably accessible to Authenticom sufficient to show the instances of DMS access by Authenticom.

You ask whether Authenticom has taken steps to preserve DMS access information. As we have explained numerous times, Authenticom has taken steps to preserve data related to its DMS access – as evidenced by its ability to create the proposed log – but that it has not and cannot preserve the transient data.

**DMS Connections.** It is unreasonable for Defendants to demand that Authenticom produce this information before the August 6 motion to compel deadline. We too have been asking Defendants to produce numerous types of information for a long time, including since last year, and yet Defendants have not fully produced the information. Authenticom will produce the DMS connection information, hopefully within the next two or three weeks as we work tirelessly to review and produce responsive information. If it is insufficient or if you think Authenticom has not abided by its obligations, then you can raise the issue then, just as Plaintiffs will with Defendants' productions. The parties undoubtedly will have follow up regarding each other's document productions and data.

**Authenticom RFA Responses.** We informed you that the RFA responses at issue applied generally to the requested time period. *See* Letter from M. Nemelka to L. Caseria (July 27, 2018). We will update the formal RFA responses accordingly.

**Subpoenas to Authenticom or Cottrell Related Non-Parties.** You had several questions regarding our responses, and we will answer them, though again we feel Reynolds has approached the limit of what is reasonable.

- Yes, 621 Holdings, Inc., Data Services LLC, Data Specialty Group LLC are affiliates/subsidiaries of Authenticom.

- The relevant custodians who would have documents, if any exist, for the above entities would be Steve Cottrell, Brian Clements, and Joe Noth. Yes, our search for responsive documents will include and has included these custodians and, consistent with our prior representations, centralized files.

- As for 2320 Cunningham Street LLC and Central States Arms LLC, we did a diligent and reasonable search and inquiry to determine that they did not have any responsive documents, which moots your other questions. Even so, if responsive documents happen to be found within Steve Cottrell's custodial documents, they will not be excluded.

Very truly yours,

*s/ Michael N. Nemelka*

Michael N. Nemelka