# Exhibit 22

| | |
|---|---|
| **From:** | Nemelka, Michael N. |
| **To:** | Ross MacDonald |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL; Reynolds Team |
| **Subject:** | RE: In re DMS - Authenticom & Autoloop Common Interest Communications |
| **Date:** | Monday, March 18, 2019 10:59:56 AM |

Ross,

A few updates:

(1) We will be producing documents this week based on the supplemental search of Archer for the linked documents.
(2) In terms of the PCM Log, let's discuss if there is a compromise to be had. You know our position, but we think the parties should avoid motion practice if possible.

In terms of the meet and confer today, we understand your position that you'd prefer to have a separate meet and confer on non-30b6 discovery issues. So that we make sure to get through all of the 30(b)(6) issues, we can put off the other topics to later. Does tomorrow or Wednesday morning at 9:00 a.m. ET work for Defendants?

Thanks,
Mike

---

**From:** Nemelka, Michael N.
**Sent:** Friday, March 15, 2019 5:51 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** Re: In re DMS - Authenticom & Autoloop Common Interest Communications

Ross,

We expect to provide a supplemental privilege log next week for this document. None of the points you raise changes our position on the document. We don't see the relevance of any dispute that *MVSC* had with SIS, given that *MVSC* didn't participate in the common interest discussions at issue. We are confident that our clawback of the document the same day that we learned of it heads off any argument of voluntary waiver. And we don't read the transcript the same way you do. Mr. Battista actually testified he had initial communications with the common interest group (and hence, the privilege) but then decided he didn't want to pursue those efforts (which doesn't retroactively waive the privilege). It's irrelevant whether there was a written common interest agreement.

As for the sufficiency of the parties' respective document productions, you appear now to be asking whether we are aware of any "other responsive and relevant communications out there" that Authenticom and Autoloop are withholding. We are not aware of any. Authenticom and AutoLoop produced or logged any such documents that it collected and reviewed, using the parties' agreed search terms. Your efforts to cast

aspersions to the contrary are groundless.

Best,
Mike

On Mar 15, 2019, at 3:31 PM, Ross MacDonald <RMacDonald@gibbsbruns.com> wrote:

Mike,

Thank you for letting us know that you are now claiming a common interest privilege with even more entities, including SIS, an entity that your law firm, on behalf of MVSC, initially threatened to sue as a *named, co-conspirator* of CDK and Reynolds at the outset of this case (claims that MVSC subsequently settled). The document labeled SIS_DMS_0018107 was marked yesterday at Phil Battista's deposition, and Mr. Battista testified about it without any objection or invocation of privilege by either SIS's counsel or Kellogg Hansen. Incidentally, during that deposition, Mr. Battista indicated that he had never joined any common interest arrangement with any of these other parties, so it is difficult to see how there could be an existing privilege here. If you are still intent on snapping back such a document, however, please immediately provide us a supplemental privilege log entry. We can let the Court sort out Plaintiffs' privilege theories.

It is disappointing that you are refusing to let us know whether there are other responsive and relevant communications out there that Authenticom and Autoloop are, at best, inadvertently withholding. We will advise the Court of this. Your attempt to cast blame on Reynolds is not well taken or particularly persuasive. Reynolds can certify that any relevant documents in its possession, custody, and control, from agreed custodians, that hit on agreed search terms, were produced (or placed on its privilege log). Autoloop and Authenticom apparently are refusing to do the same.

We decline to respond to your threat of sanctions.

Ross

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct | 713.650.8805 main | 713.750.0903 fax

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Thursday, March 14, 2019 9:27 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>; Reynolds Team <ReynoldsTeam@gibbsbruns.com>

**Subject:** Re: In re DMS - Authenticom & Autoloop Common Interest Communications

Ross,

As you are well aware, Authenticom and AutoLoop have asserted that documents such as these are privileged, and we will clawback SIS_DMS_0018107 pending resolution of the current motions to compel. We disagree that there is no colorable privilege claim. The document obviously discloses legal strategy and advice to parties considering bringing joint antitrust litigation against CDK and Reynolds. It is irrelevant that outside counsel are not included on this email chain. As the parties' various letters with respect to privilege logs make clear, attorneys do not need to be on communications for them to be privileged. In any case, Rusty Friddell is General Counsel at Dominion, and this refers to legal counsel he has given.

We also note that this document makes clear that common legal claims were contemplated, discussed, and pursued well in advance of this litigation. We have repeatedly told this fact to Defendants, though Defendants stated they simply did not believe us, and that any case, there could be no common legal interest in advance of the actual filing of litigation. Now that Defendants have seen this document, we expect that Defendants will promptly notify the Court that they withdraw their arguments to the contrary. If not, please let us know what factual basis Defendants rely upon for continuing to make these assertions consistent with Defendants' obligations under Rule 11. Given that our opposition is due tomorrow, we request a reply by noon.

Defendants' final suggestion that these two documents expose any deficiency in Authenticom's and AutoLoop's productions has no basis, and we decline Defendants' request to re-review documents. It is abundantly clear that the communications Defendants seek were not intentionally "hidden," as many such communications have been produced and others are included on a privilege log. In this regard, we note that Reynolds production lacks countless communications with CDK that were produced by CDK, including on issues that go to the heart of this case. We think those issues are much more "deeply troubling," and we would look forward to informing the Court about it.

Best,
Mike

On Mar 14, 2019, at 6:08 PM, Ross MacDonald <RMacDonald@gibbsbruns.com> wrote:

> Dear Mike,
>
> I write regarding certain production issues that have recently come to our attention. As you are aware, Defendants have filed a motion to compel various documents listed on Authenticom's (and Autoloop's) privilege log that were shared amongst a number of third-parties with whom Authenticom (and Autoloop) claim a joint common interest

privilege. *E.g.,* Dkt. 541. It has come to our attention that there are other communications out there between these parties (or a subset of these parties) – without any outside counsel involved – that neither Authenticom nor Autoloop have produced or listed on their privilege logs. For instance, SIS produced an email between a number of these entities, along with the addition of SIS and Autopoint, discussing CDK's data access policies as well as plans to complain about them to the Federal Trade Commission. *See* SIS_DMS_0018107. Neither this email nor any of the earlier emails in this chain appear in Authenticom (or Autoloop's) production, or on either of their privilege logs. (Nor do we believe there is a colorable privilege claim here, given the diverse entities involved as well as the lack of any outside counsel on the communication). Similarly, Solera produced a conference call invite to discuss CDK's data access policies between a number of these same entities. SLRA-DMSLIT-00016378. This too, does not seem to have been produced by either Autoloop or Authenticom (and does not appear on either party's privilege logs).

It is deeply troubling that documents that (1) were obviously responsive to our document requests, (2) would have hit on agreed search terms, and (3) were between agreed custodians, were neither produced nor added to any privilege log. We request that Authenticom and Autoloop immediately re-search their documents for any and all communications between these entities (i.e., Authenticom, Autoloop, DealerSocket, Autopoint, SIS, Dominion, eLead, MOC Products, Advent, etc.), or any subset thereof, regarding CDK, Reynolds, or either of their data access policies and either produce such documents or provide us a supplemental privilege log listing such documents by COB on <u>Tuesday, March 19</u>, so that we may bring it to the Court's attention as part of our reply briefing on the privilege issue, which is due on Friday, March 22.

Ross

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct **|** 713.650.8805 main **|** 713.750.0903 fax