# Exhibit 25

| | |
|---|---|
| **From:** | Ross MacDonald |
| **To:** | Nemelka, Michael N.; SERVICE-EXTERNAL-DMS-MDL |
| **Cc:** | Reynolds Team |
| **Subject:** | RE: In re DMS - Authenticom Discovery |
| **Date:** | Tuesday, June 4, 2019 4:27:00 PM |

Mike,

Defendants have not changed positions. We have requested a 7-day example for six months. The offer to accept a 1-day example in March was an effort to reach a compromise—a compromise which Authenticom rejected. The notice that this is technically infeasible is a new one—and one you have, despite your email, never stated before, despite our months of negotiations on this. You did not tell us that it was "technically impossible" after we requested a 7-day example in November. In fact, you stated you would "investigate whether it was possible," on December 7, and then in our meet and confer on December 21, informed me that it *was* possible and that Authenticom would be producing such a log. At no point in any of our subsequent meet and confers—in January, February, March, and May, did you ever tell us otherwise. Nor did you tell us it was impossible when we first indicated we were intending to move to compel and you asked us to hold off on doing that in March, or when we told you in May that again, we were planning to move to compel, and added it to the Court's agenda at the May 15 hearing.

It is surprising for you to claim otherwise now. Only more so because Authenticom witnesses have testified that PCM Logs are something that Authenticom keeps and uses in the regular course of its business, even if they are only retained for seven days. And such logs are repeatedly referenced in Authenticom's production. As such, we are not persuaded by your eleventh-hour change of tune, nor do we think the Court will look kindly upon Authenticom's stringing along of Defendants for months only to let them know now, the afternoon before they intended to file their Motion, that they seek something not available.

In any event, after Authenticom failed to respond to our repeated requests for agreement on a briefing schedule—sent first on May 17 and then on May 28 (and not responded to until June 3)—we drafted a traditional discovery motion. Given the circumstances that have developed (including the new argument that our request is technically impossible), we require more than the proposed five pages to fairly respond and would stick with our very reasonable request for 10 pages. Since it appears we cannot reach an accord on this issue, we suggest the following joint email to the Court.

Ross

\*\*\*\*\*\*\*\*

Dear Brenda,

In the Court's Docket Entry No. 695, the Court advised the Parties that to the extent they reached an impasse on any of the outstanding Authenticom discovery issues identified in their May 8, 2019 Joint Proposed Agenda (Dkt. 684), "they should contact the Court's courtroom deputy via email with a bullet point list of the issues that remain in dispute (identifying the issues without argument) and a proposed briefing schedule to address those issues." The Parties have since conferred and

determined that two of the issues previously identified remain unresolved and are ripe for the Court's decision. These two issues are:

- Defendants' request for Authenticom to produce a 7-day example of its Polling Client Manager ("PCM") log; and

- Objections and instructions related to DataVast, a product developed by a former Authenticom affiliate, Xcelerated, raised at Authenticom's Fed. R. Civ. P. 30(b)(6) deposition.

The Parties have further conferred but have been unable to agree on a proposed briefing schedule. Authenticom proposes that the Parties submit a joint, 5-page per side brief on Wednesday, June 5. Defendants believe that the complexity of the narrative requires more than 5 pages to fairly explain the issues. Defendants instead propose a traditional briefing schedule, wherein Defendants file a 10-page Motion on June 5, Authenticom files a 10-page Response on June 12, and Defendants file a 5-page Reply, on June 19. Given that they are unfortunately unable to agree on an appropriate briefing schedule for this Motion, the Parties respectfully request that the Court set one.

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct **|** 713.650.8805 main **|** 713.750.0903 fax

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Tuesday, June 4, 2019 1:41 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Reynolds Team <ReynoldsTeam@gibbsbruns.com>
**Subject:** RE: In re DMS - Authenticom Discovery

Ross,

Thanks for the email. We think we should get these issues resolved at the Monday hearing, when we are already going to be together. The Court has contemplated a joint submission for similar issues, *see* Docket No. 695, and we see no reason we can't comply with that. We would suggest we stick to the five pages per side, and submit them tomorrow so that we can have these issues resolved on Monday.

As for the substantive issues, Defendants had asked for a 1-day example of the PCM log, which is where the discussions were left, but now you have listed below a request for a 7-day example. It appears therefore that Defendants have changed positions. Substantively, however, as we have told you all along, neither is technically possible. Our offer to manually provide examples for 10 CDK and 10 Reynolds dealers remains.

Thanks,
Mike

**From:** Ross MacDonald [mailto:RMacDonald@gibbsbruns.com]
**Sent:** Monday, June 3, 2019 7:22 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS - Authenticom Discovery

Mike,

Thank you for your response, though we are disappointed it was delayed. As a result (and given Judge Gilbert's previously stated preference to have materials filed a week before a hearing), we think we should just follow a more traditional briefing schedule on these issues.

As such, we would suggest that Defendants file their motion on Wednesday, June 5, Authenticom respond by Wednesday, June 12, and Defendants file their reply by Wednesday, June 19. We'd further suggest page limits of Motion (10 Pages), Response (10 Pages), and Reply (5 Pages). Let us know if this is acceptable to you. If so, I have drafted a proposed email to the Court below.

Ross

****
Dear Brenda,

In the Court's Docket Entry No. 695, the Court advised the Parties that to the extent they reached an impasse on any of the outstanding Authenticom discovery issues identified in their May 8, 2019 Joint Proposed Agenda (Dkt. 684), "they should contact the Court's courtroom deputy via email with a bullet point list of the issues that remain in dispute (identifying the issues without argument) and a proposed briefing schedule to address those issues." The Parties have conferred and believe that two of the issues previously identified remain unresolved and are ripe for the Court's decision. These two issues are:

- Defendants' request for Authenticom to produce a 7-day example of its Polling Client Manager ("PCM") log; and

- Objections and instructions related to DataVast, a product developed by a former Authenticom affiliate, Xcelerated, raised at Authenticom's Fed. R. Civ. P. 30(b)(6) deposition.

The Parties have further conferred and have agreed to a proposed briefing schedule. Defendants would file their motion by Wednesday, June 5. Authenticom would file its response by Wednesday, June 12. Defendants would file their reply by Wednesday, June 19. Further, the Parties have agreed to limit the length of their briefs to 10 pages for the Motion, 10 pages for the Response, and 5 pages

for the Reply.

Please let us know if this is acceptable to the Court.

Best,

Ross


**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002
713.751.5231 direct **|** 713.650.8805 main **|** 713.750.0903 fax

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Monday, June 3, 2019 3:54 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Reynolds Team <ReynoldsTeam@gibbsbruns.com>
**Subject:** RE: In re DMS - Authenticom Discovery

Ross,

Just checking on this.

Thanks,
Mike

**From:** Nemelka, Michael N.
**Sent:** Monday, June 3, 2019 10:17 AM
**To:** 'Ross MacDonald' <RMacDonald@gibbsbruns.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS - Authenticom Discovery

Ross,

As we read Dkt. No. 695, the Court stated that the parties "should contact the Court's courtroom deputy via email with a bullet point list of the issues that remain in dispute (identifying the issues without argument) and a proposed briefing schedule to address those issues."

As you note below, the two issues ripe for the Court's decision are (1) the PCM Log, and (2) the questions regarding DataVast rasied at the 30(b)(6) deposition.   It seems we should contact the

Court's deputy with those two bullet points, and propose a briefing schedule.

Our proposed briefing schedule would be that we jointly submit our five pages on Wednesday to the Court. So that the arguments are not ships passing in the night, we would also be open to exchanging among the parties our respective five pages on Wednesday morning.

I'd be happy to discuss today if you'd like.

Thanks,
Mike

---

**From:** Ross MacDonald [mailto:RMacDonald@gibbsbruns.com]
**Sent:** Tuesday, May 28, 2019 11:44 AM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** RE: In re DMS - Authenticom Discovery

Mike,

Thank you, but I don't think this entirely resolves the issue. In Docket Entry 695, the Court asked the parties to submit a list of the issues that remain in dispute as well as a proposed briefing schedule. Our email from May 17 was an attempt to agree on a briefing schedule, to which Authenticom did not reply.

As you know, in the Joint Proposed Agenda, we raised four discovery issues for the Court's attention related to Authenticom: (1) the PCM Log, (2) objections and instructions related to DataVast raised at Authenticom's Fed. R. Civ. P. 30(b)(6) deposition; (3) the assertion of privilege with respect to the videos referenced at the Lucas Hembd deposition; and (4) our outstanding, unanswered questions about Authenticom's data productions. Of these, we believe that Issues 1 and 2 are ripe for the Court's decision and we would like to submit a proposed briefing schedule to the Court. On Issue 3, we believe we are still waiting on a supplemental privilege log identifying the withheld videos and the bases for Authenticom's claim of privilege. Once Authenticom provides that to Defendants, we can then address that issue as needed. On Issue 4, we are, of course, still awaiting answers to a number of our outstanding questions and so will wait for those answers before bringing any remaining issues to the Court's attention.

As for the proposed briefing schedule, we remain amenable to providing a joint statement where both Authenticom and the Defendants each put forth their positions on Issues 1 and 2 in five pages per side before the June 10 hearing. If you have an alternative briefing schedule you would like to propose, please let us know. If we do not hear from you, we will submit our own 5-page statement to the Court on Monday, June 3.

Hope you had a good Memorial Day weekend.

Ross

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct **|** 713.650.8805 main **|** 713.750.0903 fax

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Thursday, May 23, 2019 3:47 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Reynolds Team <ReynoldsTeam@gibbsbruns.com>
**Subject:** RE: In re DMS - Authenticom Discovery

Ross,

I believe the Court's docket entry No. 695 addresses this and has therefore mooted this proposal. Please let me know if you disagree.

Thanks,
Mike

**From:** Ross MacDonald [mailto:RMacDonald@gibbsbruns.com]
**Sent:** Friday, May 17, 2019 5:06 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** In re DMS - Authenticom Discovery

Mike,

In the Joint Proposed Agenda submitted for the May 15 status hearing, Defendants raised a number of discovery issues with respect to Authenticom that Defendants believe remain outstanding. To the extent they remain outstanding before the next scheduled status conference in June, we would like to agree on a schedule to provide written statements of the issues to the Court. We'd suggest, as the Court ordered with respect to the wireless carrier subpoena issue, a 10-page joint filing where each side has 5 pages to outline their positions on the then-outstanding issues.

Our proposed schedule would be that Defendants provide Authenticom with their draft statement on May 24th, Plaintiffs provide their statement on May 30th, and the parties file the final joint statement on June 3rd. Please let us know if this proposal works for you by Monday, 5/20. In the alternative, if you do not agree, we can proceed to file a traditional discovery motion. If you would like to continue discussing any of the issues outlined in the Proposed Agenda, please let us know by Tuesday, 5/21.

Have a good weekend.

Ross

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct **|** 713.650.8805 main **|** 713.750.0903 fax