# Exhibit 27

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) MDL No. 2817 ) Case No. 18 C 864 |
| This document relates to: | ) ) |
| ALL CASES | ) Hon. Robert M. Dow, Jr. ) Magistrate Judge Jeffrey T. Gilbert ) |

**DEFENDANTS' AMENDED NOTICE OF RULE 30(b)(6)
DEPOSITION OF AUTHENTICOM, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants The Reynolds and Reynolds Company ("Reynolds") and CDK Global, LLC ("CDK"), by and through their counsel, will take the deposition upon oral examination of the person or persons designated and prepared to testify on behalf of Plaintiff Authenticom, Inc. regarding the topics described in Schedule A, attached hereto.

The deposition will take place on April 5, 2019 at 8:00 a.m. EST at the offices of Kellogg, Hansen, Todd & Figel, 1615 M St NW #400, Washington, DC 20036 or at such other mutually agreeable time and location. The deposition will be taken before an officer authorized to administer oaths. The deposition will continue for at least one, seven-hour day, and is subject to continuance or adjournment until completed. The deposition will be recorded by video and stenographic means. Defendants reserve the right to use the video or audio recording for use as discovery, as evidence at trial or any other proceeding in this or any related action, or for any other purposes allowed by the Federal Rules of Civil Procedure and the Rules of the Court.

Dated: April 3, 2019

<div style="column-count:2">

*/s/ Aundrea K. Gulley*
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendants CDK Global, LLC and Computerized Vehicle Registration*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I caused a true and correct copy of **DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION OF AUTHENTICOM, INC.** to be served via email upon the following recipients:

SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

/s/ Brice A. Wilkinson
Brice A. Wilkinson

## SCHEDULE A

**I.      Definitions and Instructions**

1. The term "you," "your," and "Authenticom" mean Plaintiff Authenticom, Inc., and any related companies, divisions, or subsidiaries, past or present, including without limitation, the directors, officers, employees, agents, or attorneys thereof.

2. The term "CDK" means CDK Global, LLC, and any related companies, divisions, or subsidiaries, past or present, including, without limitation, the directors, officers, employees, agents, or attorneys thereof.

3. The term "Reynolds" means The Reynolds and Reynolds Company, and any related companies, divisions, or subsidiaries, past or present, including, without limitation, the directors, officers, employees, agents, or attorneys thereof.

4. The term "Defendants" refers to Reynolds and CDK.

5. The term "DMS" means enterprise systems known in the industry as Dealer Management Systems, including hardware and software, and further including any databases or data relating thereto.

6. The term "dealer" means any vehicle dealer, including a new or used auto, truck, motorcycle, marine, recreational vehicle or heavy equipment dealer.

7. Unless otherwise specified, the time period applicable to each topic is from January 1, 2013 to present.

**II.     Topics for Examination**

1. Any efforts by Authenticom to secure or protect "dealer data," as that term is used in Authenticom's Complaint.

2. The basis for Authenticom's pleaded allegation that "Authenticom has never had a data breach," including all efforts to investigate and monitor for such breaches. Compl. ¶ 16.

3. Authenticom's "security protections and protocols," and all bases for Authenticom's allegation that its security protections and protocols "meet or exceed the highest federal standards." Compl. ¶ 16.

4. Any security audits, monitoring, or testing undertaken by Authenticom or third parties on Authenticom's behalf of Authenticom's infrastructure or software. This topic shall include the time period from January 2012 to the present.

5. Authenticom's employee handbook and the policies set forth therein, as well as any other cybersecurity or data privacy policies adopted by Authenticom, including the development, implementation, and enforcement of those policies.

6. Any security-related hardware, software, or other technologies utilized by Authenticom.

7. Any use of or agreements with third-party vendors to obtain data maintained on a CDK or Reynolds DMS.

8. Any methods used by Authenticom to connect to dealer PCs, including but not limited to the Authentilink and DVConnect software, as well as the secure communications libraries and credentials used in that process.

9. Authenticom's usage of FTP or SFTP servers, and any efforts by Authenticom to secure those servers.

10. Any efforts by Authenticom (or its agents, customers or representatives) to obtain, secure, or protect login credentials (including usernames and passwords) to Reynolds and CDK DMSs.

11. Authenticom's "AutoCAPTCHA" process, including its development, functionality, and usage (including timeline and frequency).

12. Authenticom's "Manual Captcha" process (including but not limited to Authenticom's use of the "Captchabot" program), including its development, functionality, and usage (including timeline and frequency).

13. Authenticom's usage of and dealings with CAPTCHA-solution vendors, including but not limited to the DMS information sent by Authenticom to those vendors and any efforts made by Authenticom to validate or filter information received from those vendors.

14. Any method Authenticom used to make its automated access to Reynolds or CDK DMSs mimic the usage pattern of a human user at a physical dealership computer, including but not limited to spoofing or emulating a physical key board or mouse, any form of "hooking," timing of keyboard or mouse actions, and "menu walking."

15. Measures, if any, taken by Authenticom to protect the functionality or security of the Reynolds or CDK DMSs.

16. Authenticom's procurement, copying, and usage of Reynolds or CDK software, including but not limited to timeline, version information, and number of copies procured.

17. Any efforts or methods used by Authenticom to obtain copies of or reverse engineer Reynolds or CDK software.

18. Any data that was extracted by Authenticom from a Reynolds or CDK DMS but was not imported into the Dealervault database and Authenticom's handling of that dropped or deleted data.

19. Any efforts by Authenticom to determine whether its accessing of the Reynolds DMS or the CDK DMS violated the Reynolds DMS license or CDK DMS license or was otherwise without Reynolds' authorization or CDK's authorization.

20. Authenticom's cybersecurity insurance policies, including the claims and parties potentially covered by such policies, as well as any questionnaires or representations made by Authenticom to obtain such policies.