IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 1:18-CV-00864 |
| *This document relates to:* <br><br> ALL CASES | Hon. Robert M. Dow, Jr. <br> Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Defendant CDK Global, LLC's Motion to Quash or Modify Subpoena Or, in the Alternative, for a Protective Order [670] is denied. The Court addresses briefly Defendant CDK Global, LLC's arguments in support of its Motion(s) below.

Dealership Class Plaintiffs have shown the telephone records they have subpoenaed from AT&T potentially are relevant to the claims asserted in this case and proportional to the needs of the case within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant CDK Global, LLC ("CDK") over-reads the Court's Order of November 19, 2018 [ECF 441] in arguing the Court previously determined the only time-period for which discovery can be sought is 2015 to 2016. The Court made no such finding in that Order. The Court referenced the more limited time frame in connection with the situation, facts, and dispute before it at that time, and the relative benefit and burden associated with the discovery at issue in that Order. All those data points are different in the context of the dispute now before the Court. Records apparently exist for the time frame covered by Plaintiffs' subpoena. Plaintiffs have shown the records they seek at least arguably are relevant based upon facts gleaned in discovery to date, and CDK itself has propounded discovery targeting the time frame for which Plaintiffs are seeking the AT&T

telephone records (2013 to the present). Plaintiffs also point out that while CDK now says that time span is unreasonably broad, it previously argued that is the "baseline relevant time period" for discovery in this case. [ECF 322], at 3.

Plaintiffs have subpoenaed a key CDK executive's telephone records for calls to and from six telephone numbers used by employees of CDK's competitor and co-defendant, Reynolds & Reynolds Company, between 2013 and the present based upon facts developed in discovery to date. Those facts include the deposition testimony of the executive in which he references potentially relevant conduct going back to 2013. Whether or not the information ultimately is admissible is a different question than whether it is discoverable. Plaintiffs make a credible argument as to why the telephone records they seek potentially could contain relevant evidence concerning communications between two alleged antitrust co-conspirators during an arguably relevant time period. Without deciding whether the time frame covered by Plaintiffs' subpoena to AT&T is or is not the baseline relevant time period for all purposes in this case, it is a reasonable time frame for the AT&T subpoena now before the Court. Again, CDK's argument that the telephone records are not relevant is based primarily upon its over-reading of the Court's prior Order which, as discussed above, is not justified.

Assuming without deciding that CDK has standing to object to Plaintiffs' subpoena to AT&T and that its Motion to Quash or for a Protective Order [ECF 670] is timely, CDK has not shown that it will suffer an undue burden (or any burden at all) if AT&T complies with Plaintiffs' subpoena. AT&T apparently does not object to the subpoena. The records to be produced likely are not terribly voluminous given that they involve one executive's telephone calls to and from six other telephone numbers identified by Plaintiffs. Given that the records

involve a CDK executive's telephone calls with employees of CDK's competitor, any potential invasion of any cognizable right to privacy either is minimal or non-existent.

For these reasons, the Court declines to quash Plaintiffs' subpoena to AT&T or to issue a protective order against enforcement of the subpoena. Therefore, CDK's Motion to Quash or Modify Subpoena Or, in the Alternative, for a Protective Order [670] is denied.

It is so ordered.

                                                             Jeffrey T. Gilbert
                                                             United States Magistrate Judge

Dated: June 6, 2019