# Exhibit 3

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 25, 2018

*Via Electronic Mail*

Brian T. Ross, Esq.  
Gibbs & Bruns LLP  
1100 Louisiana  
Suite 5300  
Houston, TX 77002

Britt M. Miller, Esq.  
Mayer Brown LLP  
71 South Wacker Drive  
Chicago, IL 60606

Leo D. Caseria, Esq.  
Sheppard, Mullin, Richter & Hampton LLP  
333 South Hope Street, 43rd Floor  
Los Angeles, California 90071

      Re: *In re: Dealer Management Systems Antitrust Litigation*, MDL No. 2817

Dear Britt, Brian, and Leo:

      I write regarding several discovery matters discussed on our meet and confers on May 18, 21, and 22, as well as in response to your letters of May 23 (Reynolds) and May 24 (CDK). In this letter, I address the issues raised by Defendants Reynolds and CDK with respect to their discovery requests. In a separate letter, I will address the issues raised by Authenticom.

**I.    Issues Raised in Reynolds' May 23rd Letter**

      **Reynolds Subpoenas to Cox/Dealertrack ("Cox Automotive") and AutoLoop.** Your recitation of our discussion regarding Reynolds' Rule 45 subpoenas to Cox Automotive and AutoLoop is inaccurate. Your description of the history also leaves out most of the relevant facts. Most importantly, Cox Automotive's and AutoLoop's responses to the subpoenas were due December 19, 2017 (Cox Automotive) and December 22, 2017 (AutoLoop). In those responses, both Cox Automotive and AutoLoop offered to meet and confer with Reynolds regarding their responses to those subpoenas and the scope of any document productions in response thereto. But Reynolds did nothing. Instead, Reynolds and CDK sought a stay of discovery, a stay that applied to discovery from Cox Automotive and AutoLoop. During the four

1

months after the stay was entered, Reynolds again did nothing (including with respect to its own custodial discovery). Only when the stay was lifted two weeks ago did Reynolds reach out to discuss the subpoenas to Cox Automotive and AutoLoop, and now Reynolds is making unreasonable demands for immediate production of documents. Such demands are not well taken.

To make the record clear, Cox Automotive and AutoLoop are now parties to this MDL. Today, CDK presumably will serve discovery on them. Cox Automotive and AutoLoop will promptly respond to this discovery, including to the extent it overlaps with the requests from Reynolds. Cox Automotive and AutoLoop are not engaging in any delay. But they have every right to respond to Defendants' document requests in an efficient and timely manner, especially given Reynolds' utter failure to pursue a meet and confer *for over four months* after Cox Automotive and AutoLoop offered one. With respect to the two particular categories of documents for Cox Automotive that you raise – non-custodial switching and market share data – we can agree to produce those documents first, and Cox Automotive is working on gathering and preparing that information. But we cannot accede to your unreasonable demand that those documents be produced in a matter of days.

**Usernames and Passwords.** We are still evaluating whether Authenticom will redact passwords, and are not prepared to provide a response today.

**Custodial Productions.** Unlike Reynolds, Authenticom has been working on its custodial document collection and review during the pendency of the stay *and* over the past two weeks since the stay was lifted. And Authenticom has been making productions of custodial documents, including nearly 20,000 documents and 75,000 pages yesterday. If you compare that single production – which was Authenticom's ninth – to the size of Reynolds' *entire* production to date, you will see that Reynolds has no basis to complain.

**Instances of DMS Access.** Much of your recitation on this issue – like other issues – is incorrect and we will not take the time today (given that you demanded a response today, two days after sending your letter) to correct all of your misstatements. As we have stated, Authenticom does not track instances of DMS data access in the ordinary course. Apparently this information is needed for Reynolds' forthcoming counterclaims, which Reynolds has yet to file. But in good faith, Authenticom has been investigating whether there are ways to provide that information through other information that is available, including: (1) Authenticom's schedule for data access; (2) the queries that are run; (3) the data fields that are accessed; (4) the dealers using a Reynolds DMS that Authenticom serves; and (5) timing information when the dealer data is entered into Authenticom's system. Demanding a response by today is unreasonable, and we have not completed our investigation. And at no point did I claim that dealer data becomes "Authenticom data," contrary to your suggestion. We should avoid such mischaracterizations of our discussions.

**DMS Connections.** You are wrong that I "indicated that an Authenticom database containing DMS connection data exists." Instead, as you state in your letter, I offered to

investigate what additional DMS connection data might exist above and beyond what we have already produced, and we are doing that.

**RFAs.** Authenticom will agree to amend its responses to Reynolds' RFA Nos. 1-3.

**Interrogatories.** Authenticom will agree to supplement its responses to Reynolds' Interrogatory Nos. 13 and 20. As with other aspects of your letter, your recitation of our discussion with respect to these interrogatories is riddled with inaccuracies. For example, you state that Authenticom "could not even commit to" supplementing Interrogatory No. 20 "before the discovery cutoff." That is wrong, and I specifically stated we would supplement before the discovery cutoff. But the supplement likely will be through the identification of documents. Therefore, any supplement – especially for a contention interrogatory like Reynolds Interrogatory No. 20 – will need to wait for a fuller discovery record.

### III. Issues Raised In CDK's May 24th Letter

**Interrogatories.** Authenticom will agree to supplement its responses to CDK Interrogatories Nos. 4, 5, 9, 10, 11, 13, 14, 15, and 21.

With respect to Interrogatory No. 25, you are correct that we explained to you that CDK has violated Fed. R. Civ. P. 33 by propounding more interrogatories than the Rules permit. We asked if CDK had any authority to the contrary, and if it did, to please provide that authority for our consideration. In the meantime, Authenticom will stand on its objections.

**RFAs.** Authenticom will agree to amend its responses to CDK RFA Nos. 3, 4, and 8.

**CDK RFPs.** We thank you for the reminder regarding the outstanding discovery issues with respect to CDK's RFPs. We are working on a response to those issues, and will provide a written response next week.

Very truly yours,

*s/ Michael N. Nemelka*

Michael N. Nemelka

3