# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

AUTHENTICOM, INC.,

                Plaintiff,            Case No. 17-cv-318-jdp

     vs.

CDK GLOBAL, LLC; and THE REYNOLDS
AND REYNOLDS COMPANY,

                Defendants.

**AUTHENTICOM'S OBJECTIONS AND RESPONSES TO
DEFENDANT CDK GLOBAL, LLC'S FIRST REQUESTS
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Authenticom, Inc. ("Authenticom") hereby serves these Objections and Responses to Defendant CDK Global, LLC's ("CDK") First Set of Requests for the Production of Documents and Things. Authenticom reserves the right to supplement its responses or document production if it learns of additional information or responsive documents. Any production of documents is subject to the Protective Order entered by the Court in this case and the Stipulation Regarding the Collection and Production of Documents and Electronically Stored Information (the "ESI Protocol").

## GENERAL OBJECTIONS AND RESPONSES

Authenticom makes the following general objections to Defendant's definitions, instructions, and requests for production ("Requests"), which are hereby incorporated by reference and made part of Authenticom's response to each and every individually numbered request for production as if fully set forth therein. Authenticom reserves the right to supplement, revise, correct, clarify, or otherwise modify its objections and responses to each Request.

Authenticom also reserves the right to assert any other applicable objections to these Requests, and to object to any other request relating to the subject matter of the responses herein. Authenticom's response to any of the Requests is not a waiver of any of these rights.

1.  Authenticom has not completed its investigations or discovery with respect to the information and facts that may be discoverable or relevant in this action. Authenticom reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as its investigation proceeds.

2.  Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent that they seek discovery of information or documents protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or other applicable privileges and protections against disclosures. Authenticom will not disclose or produce information protected by any such privilege or doctrine.

3.  Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent that they seek information that exceeds the permissible scope of discovery, including information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent they attempt to impose duties upon Authenticom that are not provided for by the Federal Rules of Civil Procedure, or any other applicable law or rule.

5.  Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent they call for the production of documents not in the possession, custody, or control of Authenticom.

2

6.    Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent the answers sought may be derived from publicly available information, where the burden of deriving the responsive information is substantially the same for Reynolds as it is for Authenticom.

7.    Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent they seek documents and information already in CDK's possession, custody, or control.

8.    Authenticom objects to CDK's requests for production and their accompanying instructions and definitions to the extent that they call for information not kept by Authenticom in the ordinary course of business.

9.    Authenticom objects to CDK's requests to the extent they seek the disclosure of trial preparation or expert documents prior to the dates fixed for such disclosure in this case. Any disclosure of such documents is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other protection.

10.    Authenticom objects to CDK's requests to the extent they seek documents that are publicly available or otherwise equally available to Reynolds from other sources.

11.    Authenticom objects to CDK's requests to the extent they contain no temporal limitation.  Unless otherwise stated, Authenticom's response will relate to the time period January 1, 2013, to the present.

12.    Authenticom objects to CDK's requests  to the extent they request or call for the provision of documents covered by a Non-Disclosure Agreement or other contract barring dissemination.

3

13. Authenticom objects to the "Definitions" and "Instructions" to the extent they purport to change the common meaning of the English language with regard to any word or phrase.

14. Authenticom objects to the definition of the terms "Authenticom," "you" and "your" to the extent those terms purport to include documents from legal entities, employees, agents, officers, or directors of entities other than Authenticom

15. Authenticom objects to the Requests to the extent they seek information that is more appropriately sought through another discovery device.

16. Authenticom objects to the Requests to the extent they contain legal conclusions or the application of law to facts that are subject to dispute in this action.

17. Authenticom objects to the Requests as overly broad and unduly burdensome to the extent that they call for the production of "all" documents when documents "sufficient to show" would suffice to provide the relevant facts.

18. Authenticom objects to the Requests, including the Definitions and Instructions, to the extent they are argumentative, prejudicial, vague, ambiguous, duplicative, cumulative, unduly burdensome, and/or do not specify the documents sought with sufficient particularity. Plaintiffs will use reasonable diligence in interpreting the Requests and providing responsive information or documents.

19. Authenticom disclaims any suggested obligation to create documents in response to the Requests.

20. Authenticom objects to the definition of "Document" to the extent it purports to alter discovery available under the Federal Rules, the ESI protocol, or what is reasonably accessible.

21. Authenticom objects to CDK's definitions of "Relevant Services" to the extent it includes the term "access."

22. Authenticom objects to CDK's requests for production to the extent that they call for the production of documents beyond the scope of the parties' agreed upon Electronic Discovery Plan.

23. Authenticom's productions are subject to any agreement among the parties as to the relevant time period, the identity of custodians' files to be searched, and search terms.

24. By making the accompanying responses and objections to the Requests, Authenticom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this Action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Authenticom provides the responses and objections herein without in any way implying that they consider the Requests and responses to be relevant to any claims or defenses asserted in this Action or proportional to the needs of this Action.

25. A response to a Request indicating that documents will be produced shall not be deemed or construed to suggest that there are, in fact, responsive documents, that Authenticom performed any of the acts described in the document request, or that Authenticom acquiesced in the characterization of the conduct or activities contained in the Request or any definitions and/or instructions applicable to the Request.

## **AUTHENTICOM'S STATEMENT REGARDING RESPONSES**

1. Authenticom states that its objections and responses to the Requests are based upon information presently available and specifically known to them. Authenticom expressly reserves the right to amend, supplement, or otherwise modify its objections, responses, and

document productions as it believes to be necessary and appropriate in light of additional information, documents or materials that are discovered or disclosed in the course of these proceedings.

2.     Where Authenticom states that it will produce responsive, non-privileged documents pursuant "to a diligent search," this search will primarily include a search of the hard copy and electronically stored information of the custodians agreed to by the parties. Where appropriate, Authenticom will also search non-custodial files (such as centrally-maintained drives and files) reasonably expected to contain responsive, non-duplicative documents. When searching emails and other voluminous electronically stored information, Authenticom will use a set of search terms agreed to by the parties.

## AUTHENTICOM'S RESPONSES AND SPECIFIC OBJECTIONS TO CDK'S DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents and communications related to whether or not You have the ability to access or have accessed from any CDK DMS—either directly or indirectly, including as a technical matter and regardless of any self-imposed, legal, or contractual restrictions or obligations—any Dealer employee or customer social security numbers, Nonpublic Personal Information ("NPI"), Personally Identifiable Information ("PII"), OEM Proprietary Data, CDK Proprietary Data, Third-Party Proprietary Data, or any other non-Dealer created or non-Dealer owned data.

**Response:**  Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request as duplicative of prior requests from

6

Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show the date, time, content, and duration of all queries that You have performed on any CDK DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to the term "duration" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show all data fields that You have accessed in, extracted from, or "pushed" back into any CDK DMS, and the frequency of each.

7

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show the data fields accessed by Authenticom for dealers using the CDK DMS.

## DOCUMENT REQUEST NO. 4:

All documents and communications related to any degradation in system performance or data corruption, data integrity, or data security issue or incident attributed to Your access to a CDK DMS, including any investigations or complaints, and any policies, technologies, or other measures undertaken by You to prevent or mitigate degradation in system performance or data corruption, data integrity, or data security issues or incidents resulting from Your DMS access methods.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

8

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 5:**

All documents and communications related to Your policies and practices for requesting, receiving, accessing, storing, securing, encrypting, or using DMS login credentials.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above.  Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.  Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to show all attempts by You to obtain username and password credentials for any CDK DMS and all username and password credentials that You have used to access any CDK DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.  Authenticom objects to

9

producing any actual usernames and passwords. Authenticom objects to the term "attempt" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 7:**

All documents and communications related to any request for administrator-level or "UUP user" access to any CDK DMS, or any such access that You have received whether or not it was requested.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive

to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 8:**

One copy of any "user emulation software" or any other software code or executable programs that You have created, used, or provided to Dealers to facilitate Your access to any CDK DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show every means and method through which You have accessed, obtained data from, or "pushed" data back into a CDK DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to the term "accessed" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents.

11

Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show the means and methods by which Authenticom has accessed data on the CDK DMS on behalf of dealers.

## DOCUMENT REQUEST NO. 10:

All documents and communications related to Your ability or alleged inability to obtain Dealer data without directly accessing a CDK DMS, including through the use of manual reporting tools.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "accessing" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to the term "directly" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to the term "manual reporting tools" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

## DOCUMENT REQUEST NO. 11:

All documents and communications that relate to whether Your methods of DMS access, data distribution, or data scraping comply with data security, data privacy, or automotive industry standards or guidance, including as provided by the National Automobile Dealers Association or the American International Automobile Dealers Association.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to the term "data distribution" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive

to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 12:**

All documents and communications related to whether or not Your methods of DMS access, data distribution, or data scraping are prohibited by any applicable laws, regulations, or contractual agreements.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to the term "data distribution" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive

to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 13:**

All documents and communications related to any efforts by CDK to block, disable, or otherwise restrict Your access to a CDK DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 14:**

All documents and communications related to Your efforts to evade CDK's blocking and detection efforts, including any attempts to bypass or work around any security features implemented by CDK and all scripts, programs, or executable files that You have created, used, or provided to Dealers.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome to the extent that it calls for the production of "all scripts, programs, or executable files that [Authenticom] has created, used, or provided to Dealers, without limiting that request to those "scripts, programs, or executable files" otherwise related to the rest of the request. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 15:**

All documents and communications related to Your data security policies and practices, including as they relate to the storage and encryption of data that You obtain from DMSs, and including any data security assessments or audits (internal or external).

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this

16

Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 16:**

All documents and communications related to Your data transfer protocols.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive

to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

## DOCUMENT REQUEST NO. 17:

All documents and communications related to any actual or attempted security breach of Your systems, including DealerVault.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

## DOCUMENT REQUEST NO. 18:

All communications with Microsoft related to data storage or data security, or Your certification as a Microsoft certified "partner" in any capacity.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to

this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to show the form, content, and security features of the "secure web form" that You claim to use to receive DMS login credentials.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to the term "content" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 20:**

All documents and communications related to any request for, or receipt of, DMS login credentials through plain text email, or any other method besides "secure web form."

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 21:**

All documents and communications related to Your cyber liability insurance.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show Authenticom's cyber liability insurance policies.

**DOCUMENT REQUEST NO. 22:**

All documents and communications related to any actual or suspected misuse or misappropriation of data maintained in DealerVault.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the terms "misuse" and "misappropriation" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 23:**

All documents and communications that You contend to be evidence of an illegal agreement between CDK and Reynolds.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this

Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom objects to the Requests to the extent they contain legal conclusions or the application of law to facts that are subject to dispute in this action. Authenticom objects to the Requests to the extent they seek information that is more appropriately sought through another discovery device.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request and which can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 24:**

All documents and communications related to the alleged April 3, 2016 conversation between Steve Cottrell and Dan McCray.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive

22

to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 25:**

All communications between You and any government agency related to CDK, Your claims and allegations, or this litigation.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 26:**

All documents and communications related to any complaint to, or investigation by, any government agency concerning CDK, including all documents that You have provided to any government agency in connection with such complaint or investigation, either voluntarily or pursuant to a Civil Investigative Demand or other legal process.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to

respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 27:**

All documents and communications that relate to or mention CDK or CDK's DMS, third-party access program, business practices, policies, strategy, or pricing.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

24

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

## DOCUMENT REQUEST NO. 28:

All communications with CDK related to Your access to any CDK DMS or Your provision of or ability to provide Relevant Services.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

## DOCUMENT REQUEST NO. 29:

All communications with Dealers, Vendors, or current or former "independent data integrators," as that term is used in the Complaint, related to Your access to any CDK DMS, Your claims and allegations, or this litigation.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.  Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 30:**

All documents and communications related to any presentations that You have prepared or given that refer to CDK, Your claims and allegations, or this litigation.

**Response:**  Authenticom incorporates by reference each of the General Objections set forth above.  Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.  Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive

to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 31:**

All notes or minutes of any meeting of Your board of directors, shareholders, or investors that refer to CDK, Your claims and allegations, or this litigation.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to identify (1) each Dealer whose data You have obtained in connection with providing Relevant Services, (2) their DMS provider, and (3) whether You obtain(ed) the data by accessing the Dealer's licensed DMS, from reports generated by the Dealer, or through some other means.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in

the fashion requested and would require Authenticom to create documents not presently in existence.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 33:**

Documents sufficient to identify (1) each Vendor to whom You provide or have provided Relevant Services, (2) the specific Relevant Services provided, and (3) each Dealer whose data You have accessed in connection with providing Relevant Services.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 34:**

All contracts with which you claim CDK has tortiously interfered.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show the contracts to which Authenticom is a party with which CDK has tortiously interfered and which serves as a basis for Authenticom's claims.

**DOCUMENT REQUEST NO. 35:**

All versions of Your Terms and Conditions with Dealers—and any agreements to similar effect but otherwise named—that have been in effect at any time.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show representative version of Authenticom's Terms and Conditions with Dealers and similar agreements.

**DOCUMENT REQUEST NO. 36:**

All versions of Your Vendor Agreement with Vendors—and any agreements to similar effect but otherwise named—that have been in effect act at any time.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show representative versions of Authenticom's Terms and Conditions with Vendors and similar agreements.

## DOCUMENT REQUEST NO. 37:

All documents and communications related to the drafting, negotiation, interpretation, or enforcement of any of the following provisions, or provisions to the same or similar effect, in Your Terms and Conditions and Vendor Agreements:

a. Terms and Conditions § 6.7: "**Password Security**. DealerVault will issue to Dealership, or shall authorize an Administrator to issue, a password for each User authorized to use Dealership's account. Dealership and Dealership's Users must maintain the confidentiality of all passwords and ensure that each password is used only by the unique authorized User to whom such password is assigned. …"

b. Terms and Conditions § 6.8: "**General Security**. DealerVault will maintain the DealerVault Technology used to provide the Services at a third party location, hosting, and telecommunication facilities, where it is subject to commercially reasonable security precautions to prevent unauthorized access to the Services. Dealership acknowledges that, notwithstanding such security precautions, unauthorized third parties may gain access to the Services and to any or all Dealership Data. Accordingly, DealerVault cannot and does not guarantee the privacy, security, or integrity of any Dealership Data or of any other data transmitted by or through the Services."

c.   Terms and Conditions § 7.1: "**Mutual Warranties**. Each Party represents and warrants that: (I) it has the legal right, power, and authority to enter into these Terms and Conditions and to perform all of its obligations under these Terms and Conditions, and (II) its entrance into these Terms and Conditions does not violate any agreement between such Party and any third party."

d.   Terms and Conditions § 10.4: "**Relationship of the Parties**. The Parties expressly agree that they are independent contractors and do not intend for these Terms and Conditions to be interpreted as an employment agency, joint venture, or partnership relationship."

e.   Vendor Agreement § 1.2: "Vendor agrees that Vendor will not furnish to any third party any Data provided to Vendor by DealerVault without written authorization from DealerVault or the Dealership."

f.   Vendor Agreement § 1.3: "Vendor is only authorized to use the Data received from DealerVault in accordance with the specific written instruction of the specific Dealership from which DealerVault obtained the Data or with written authorization provided by DealerVault."

g.   Vendor Agreement § 1.4: "Vendor agrees that the Vendor will protect all Data provided by DealerVault so as to preclude access by any third party."

h.   Vendor Agreement § 3.1: "Vendor is granted a non-transferable, revocable, non-exclusive, non-sub licensable (without prior written permission from Dealership), limited license to the Data only to the extent to perform the services or provide the products to Dealership as those are specifically set forth and defined in the written contract between Dealership and Vendor. If no such written contract exists Vendor may not receive Dealership Data until the basic terms of the provision of the products and/or services are set forth in writing. …"

i.   Vendor Agreement § 7.11: "Authority. Each Party represents that it has full power and authority to enter into this Agreement, that the execution of this Agreement and the matters contemplated in this Agreement have been fully authorized by all necessary legal action, and that this Agreement is binding upon such Party. Each Party further represents that it has not entered into, nor will it enter into, any agreements that would conflict with its obligations under this Agreement or would render it incapable of satisfactorily performing hereunder."

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

## DOCUMENT REQUEST NO. 38:

All documents and communications related to Your polices [sic] and procedures for providing notification and/or obtaining consent or authorization from Dealers to access DMSs.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the terms "access" and "notification" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to the term "polices" as vague and ambiguous. Authenticom further objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are

32

identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show Authenticom's policies and procedures for obtaining authorization from Dealers to retrieve their data.

**DOCUMENT REQUEST NO. 39:**

All documents and communications that You contend establish Authenticom as any Dealer's "agent" or authorize Authenticom to access any CDK DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom objects to the Requests to the extent they contain legal conclusions or the application of law to facts that are subject to dispute in this action. Authenticom objects to the Requests to the extent they seek information that is more appropriately sought through another discovery device.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer with CDK regarding this Request.

**DOCUMENT REQUEST NO. 40:**

All documents and communications related to any circumstances in which You have accessed a CDK DMS without first obtaining express, written authorization from a Dealer purporting to permit such access.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 41:**

All documents and communications related to any Dealer who has declined to authorize or has asked You to stop accessing, or extracting data from, any DMS.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "access" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to

34

respond and produce documents. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show Your total monthly DMS connections (as measured by dealer rooftops) for each DMS provider.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence.

Subject to and without waiving the foregoing objections, to the extent they exist, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to identify the Vendors and/or Dealers that comprise the "CDK" line and the Relevant Service or Services associated with the "connections" attributed to the "CDK" line in the "DMS Connections" chart on page 27 of Authenticom's Consolidated Brief filed in the Seventh Circuit on September 5, 2017, and any comparable data as may become available through the close of fact discovery.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom objects to the term "any comparable data as may become available" as vague, ambiguous, and overbroad.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show the identities of Vendors and Dealers represented in the "R&R" line of the "DMS Connections" chart on page 27 of Consolidated Brief for Plaintiff-Appellee Authenticom filed in the Seventh Circuit on September 5, 2017.

## DOCUMENT REQUEST NO. 44:

Documents sufficient to show Your total monthly revenues, expenses, net cash flows, net profits, and EBITDA for each Relevant Service that You provide.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that

it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence.

Subject to and without waiving the foregoing objections, to the extent they exist, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

## DOCUMENT REQUEST NO. 45:

Documents sufficient to show all projected revenues, profits, and earnings for Relevant Services on an annual and quarterly basis.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence.

Subject to and without waiving the foregoing objections, to the extent they exist, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

## DOCUMENT REQUEST NO. 46:

Documents sufficient to show Your current and historical pricing for all Relevant Services.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

## DOCUMENT REQUEST NO. 47:

Documents sufficient to show any up-front fees, initial installation fees, and monthly fees charged to Dealers and Vendors for each Relevant Service that You provide, or which You have provided.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents.

Subject to and without waiving the foregoing objections, to the extent they exist, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 48:**

Documents sufficient to show Your fixed and variable costs associated with providing each Relevant Service.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence.

Subject to and without waiving the foregoing objections, to the extent they exist, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 49:**

All documents and communications comparing Your costs or pricing for Relevant Services against CDK's costs or pricing.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already

responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 50:**

All documents and communications related to Your development of DealerVault.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the term "development" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer with CDK regarding this Request.

**DOCUMENT REQUEST NO. 51:**

Documents sufficient to show how data is received, stored, and transmitted by DealerVault, including Your network and systems architecture related to DealerVault.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 52:**

Documents sufficient to show Your investments in DealerVault including, specifically, any investments in DealerVault related to data security.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to the term "investments" as vague, ambiguous and overbroad. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, to the extent they exist, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show Authenticom's expenditures in developing DealerVault.

**DOCUMENT REQUEST NO. 53:**

Any written business plan or presentation related to DealerVault or Your provision of Relevant Services.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Request on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 54:**

All communications with investors, potential investors, employees, partners, owners, shareholders, principals, or third parties in which those individuals have expressed doubt or disapproval of the DealerVault business model.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to the term "potential investors" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence to the extent it includes entities other than banks or other financial services institutions generally in the business of providing commercial lines of credit or others otherwise in bona fide discussions relating to investment in Authenticom. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 55:**

All documents, communications, and agreements related to Your repurchase of stock, shares, or other ownership interests from any of Your investors or shareholders.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

## DOCUMENT REQUEST NO. 56:

All documents and communications related to Your April 2014 loan transactions with BMO Harris, as reflected in the credit agreement, promissory note, and related loan documents, including all documents that form the loan, all documents provided to BMO Harris in connection with the loan, all communications with BMO Harris related to the loan, and any efforts to obtain refinancing or forbearance on the loan.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

## DOCUMENT REQUEST NO. 57:

43

All documents and communications related to any efforts to obtain refinancing on the 2014 loan transactions with any other lender besides BMO Harris, including all documents provided to the lender and communications with the lender.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 58:**

All documents and communications related to the "Going Concern" note to Your financial statement for the years ended October 31, 2016 and 2015 prepared by WIPFLi LLP.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 59:**

All documents relied upon, considered, reviewed, or consulted by You in connection with Your Complaint, Your motion for a preliminary injunction, including any briefs, declarations, argument, expert reports, or other papers filed in support thereof, or any papers filed in the appeal thereof now pending before the Seventh Circuit.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom objects to the term "consulted" as vague, ambiguous, overbroad, and not likely to lead to the discovery of admissible evidence. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 60:**

All documents and communications related to Your claims that CDK has engaged in any anticompetitive activity or that competition in any market has been harmed.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to

this request as being so vague, indeterminate, and non-specific as to be impossibly overbroad. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses sufficient to show the competitive effects of CDK's conduct.

**DOCUMENT REQUEST NO. 61:**

All documents and communications related to Your alleged injuries or damages.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom has already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and

analysis.  Authenticom further objects to this Request on the grounds that it seeks documents

protected by the attorney-client privilege, the attorney work product doctrine, joint defense or

common interest privilege, or any other applicable privilege.  Authenticom further objects to this

Request to the extent that it seeks information not in the possession, custody, or control of

Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce

responsive, relevant, non-privileged documents in its possession, custody, or control that are

identified and located pursuant to a diligent search as described in Authenticom' Statement

Regarding Responses sufficient to show the harm to Authenticom caused by Defendants'

conduct.

## DOCUMENT REQUEST NO. 62:

All documents and communications related to the existence or bounds of the alleged
"DMS Market," the "Dealer Data Integration Market," and any alleged "single-brand
aftermarket," as those terms are used in the Complaint.

**Response:** Authenticom incorporates by reference each of the General Objections set

forth above.  Authenticom further objects to this Request on the basis that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Authenticom further objects to this Request as overly broad and unduly burdensome

to the extent that it calls for the production of "all" documents.  Authenticom further objects to

this request as being so vague, indeterminate, and non-specific as to be impossibly overbroad.

Authenticom further objects to this Request as seeking information subject to expert opinion and

analysis.  Authenticom further objects to this Request to the extent that it seeks information not

in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 63:**

All documents and communications related to competition with or among any participants in the alleged "DMS Market" or "Dealer Data Integration Market," including all documents related to customer switching.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 64:**

All documents and communications related to any products or services offered by current or former "independent data integrators," as that term is used in the Complaint, including InDesign Data/1DMS, Superior Integrated Solutions, SelectQu, New Freedom Data Resources, The StoneEagle Group, and ProQuotes Inc.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to the phrase

48

"any products or services offered by current or former 'independent data integrators'" as vague, ambiguous, overbroad, and unduly burdensome to the extent it includes Authenticom. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control responsive to this request to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 65:**

Documents sufficient to show your policies concerning the preservation, retention, storage, or destruction of any documents or ESI.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

**DOCUMENT REQUEST NO. 66:**

Documents sufficient to show Your organizational structure from January 1, 2013 to the present, including the identity of all officers, employees, investors, partners, owners, shareholders, or principals with management-level responsibility for Relevant Services.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require

Authenticom to create documents not presently in existence. Authenticom objects to the term "management-level responsibility" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control that are identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses.

**DOCUMENT REQUEST NO. 67:**

All documents requested by or produced to Reynolds in this litigation.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request as seeking information subject to expert opinion and analysis. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege. Authenticom further objects to this Request to the extent that it seeks information not in the possession, custody, or control of Authenticom. Authenticom further objects to this Request on the basis that it seeks confidential and irrelevant information. Authenticom further objects to this Request because it seeks information not relevant to any claim or defense in the pending litigation. Authenticom further objects to this

Request on the grounds that it seeks the production of documents that may not be maintained in the fashion requested and would require Authenticom to create documents not presently in existence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of documents "requested" by CDK but to which Authenticom has objected to production.

Subject to and without waiving the foregoing objections, Authenticom will produce responsive, relevant, non-privileged documents in its possession, custody, or control to the extent they exist and can be identified and located pursuant to a diligent search as described in Authenticom' Statement Regarding Responses that it has produced to Reynolds in this litigation.

**DOCUMENT REQUEST NO. 68:**

All documents provided to You by any non-party that are related to this litigation or otherwise responsive to these Requests, whether pursuant to a subpoena or otherwise.

**Response:** Authenticom incorporates by reference each of the General Objections set forth above. Authenticom further objects to this Request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of "all" documents. Authenticom objects to this Request as duplicative of prior requests from Defendants to which Authenticom have already responded and produced documents, or has agreed to respond and produce documents. Authenticom further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Authenticom is willing to meet and confer regarding this Request.

Dated: November 13, 2017        Respectfully submitted,

*s/ Jennifer L. Gregor*

Jennifer L. Gregor
Allison W. Reimann
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax:    608-257-0609
Email: jgregor@gklaw.com
        areimann@gklaw.com

Michael N. Nemelka *(pro hac vice)*
Aaron M. Panner *(pro hac vice)*
David L. Schwarz *(pro hac vice)*
Kevin J. Miller *(pro hac vice)*
Derek T. Ho *(pro hac vice)*
Joshua Hafenbrack *(pro hac vice)*
Joanna T. Zhang *(pro hac vice)*
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax:    (202) 326-7999
Email: mnemelka@kellogghansen.com
        apanner@kellogghansen.com
        dschwarz@kellogghansen.com
        kmiller@kellogghansen.com
        dho@kellogghansen.com
        jhafenbrack@kellogghansen.com
        jzhang@kellogghansen.com

*Attorneys for Plaintiff Authenticom, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2017, I caused a true and correct copy of the foregoing Authenticom, Inc.'s Objections and Responses to Defendant CDK Global LLC's First Requests for the Production of Documents to be served by email upon the following individuals:

Mark W. Ryan (mryan@mayerbrown.com)
Britt M. Miller (bmiller@mayerbrown.com)
Matthew D. Provance (mprovance@mayerbrown.com)
Jeffrey A. Simmons (jsimmons@foley.com)
Joseph S. Harper (jharper@foley.com)
Aundrea K. Gulley (agulley@gibbsbruns.com)
Brian T. Ross (bross@gibbsbruns.com)
Brice A. Wilkinson (bwilkinson@gibbsbruns.com)
Ross M. MacDonald (rmacdonald@gibbsbruns.com)
Michael P. A. Cohen (mcohen@sheppardmullin.com)
John S. Skilton (jskilton@perkinscoie.com)
Charles G. Curtis, Jr. (ccurtis@perkinscoie.com)
Michelle M. Umberger (mumberger@perkinscoie.com)

*s/ Michael N. Nemelka*
Michael N. Nemelka