# Exhibit 8

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

November 16, 2018

*Via Electronic Mail*

Ross M. MacDonald
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, TX 77002

      Re:    *In re: Dealer Management Systems Antitrust Litigation*, MDL No. 2817

Dear Ross:

      I write regarding the issues raised in your letters of November 7, 2018 and October 26, 2018.

## I.      Authenticom Financials

      Many of the statements in your letter requesting Authenticom financial information are inaccurate, illogical, and off the mark. For example, you write as if Authenticom has not provided full financial information, noting that "[t]his discovery is responsive to a number of outstanding document requests, many of which of [sic] been pending for over a year now." Authenticom has produced the requested financial information, and did so last winter and spring. It is simply inaccurate to suggest that Authenticom has not responded to document requests from last year when Authenticom provided that full financial information many, many months ago. Another example of your letter's illogic: you state that you need Authenticom's updated financial information "in advance of the November depositions" when the Authenticom deposition at issue was Bryan Anderson – *who has not worked at Authenticom for over four years*. That deposition took place and there was no inquiry about Authenticom's current financial condition because it's obviously irrelevant for a witness that has not worked at Authenticom for many years. But you put that as a justification in your letter anyway. These are just two examples of your letter's many inaccuracies and inconsistencies.

      We also note that it is inappropriate for Defendants to refuse to engage in discussions regarding the case schedule. At the October 9th hearing, the Court specifically suggested that the parties should work to make up the two-month extension for fact discovery in the back-end of the schedule, such as by adjusting the deadlines for expert discovery and summary judgment and *Daubert* briefing. But Defendants are refusing to engage in those discussions, apparently wanting to wait for the Court's rulings on the motions to dismiss. But the Court has since ruled on Defendants' motions to dismiss the MVSC complaint, and the Court denied those motions in full. The Court has also already largely denied the motion to dismiss the Authenticom complaint. We do not understand the basis for Defendants' efforts to further delay these necessary discussions. It is a matter of adjusting the schedule for the two-month fact discovery

extension, seeing where some of that time could be made up. We have worked productively on many similar issues in the past, and we think we should heed the Court's suggestion to do so again here.

Putting your letter's bluster aside, it appears what Defendants are requesting is a "refresh" of the Authenticom financial information that is kept in the ordinary course. As you will recall, MDL Plaintiffs have also stated that they will need a "refresh" and supplement of Defendants' full financial information. No date for that supplement of Defendants' full financial information has been selected. Authenticom would be agreeable to provide a similar supplement of its updated financial information at the same time.

## II. Screenshots

We have contacted our vendor and are in the process of identifying and re-imaging the impacted files.

## III. Username & Password Policy

With respect to your reference to Mr. Clements' deposition testimony, the testimony speaks for itself. Moreover, contrary to your suggestion, there has been substantial evidence produced in the course of this litigation regarding the way dealers were supposed to provide the dealer-created login credentials to Authenticom.

## IV. Slack Channels

Our correspondence regarding slack channels makes clear that Authenticom has fulfilled its obligations, and nothing from Mr. Clements' deposition suggests otherwise. The history here is instructive and important. First, Defendants propounded late and improper RFPs asking for the production of responsive documents from specific slack channels, and Authenticom – as part of a broader compromise on Defendants' late, overbroad, and improper new set of RFPs – agreed to produce them. Defendants agreed to that proposal. Then Defendants asked for us to engage in a search for additional slack channels that could contain responsive documents, and we agreed to do that, again as part of the broader agreement on Defendants' improper new RFPs. We engaged in that search in good faith, and identified nine additional slack channels that could contain responsive information. Authenticom offered to search for responsive documents from those slack channels if that would resolve the parties' disputes. Defendants accepted that proposal and the parties reached a final compromise on the new set of RFPs. Relying on that agreement, Authenticom, despite the burdensome and overbroad discovery that it has already subjected itself to, undertook that collection and review of slack channels and produced the responsive documents from them. Thus, with respect to your question as to Authenticom's production of slack channels, Authenticom confirms that it has completed the production of documents from the agreed-to channels.

Now, after the parties reached a global resolution on Defendants' new set of RFPs, after Authenticom engaged in a good faith search for responsive documents from slack channels, and after Authenticom *produced those documents*, Defendants appear to be asking for more, reneging – without any basis – on the compromise Authenticom relied on. To put it mildly, that is inappropriate.

Moreover, nothing in Mr. Clements' testimony indicates that Authenticom should produce more than it already has. The fact that Authenticom uses slack is not new information. And the fact that Mr. Cottrell uses slack channels only sparingly undermines, rather than supports, your request. In short, Authenticom undertook a good faith search to identify the slack channels that could contain responsive information, and reviewed and produced documents from those channels. Nothing more is required.

## V.      DealerVault Technology Townhall

Notwithstanding your unsupported assertions about the nature of the document in question, after a reasonable search of Authenticom's collection of custodial documents, we can confirm all documents related to the "Technology Questions" document (AUTH_00167755) that hit on the agreed search terms and were in the custodial files of the agreed custodians were produced. Furthermore, in an act of good faith, we conducted a further search of noncustodial sources likely to contain drafts of the "Technology Questions" document, and we were unable to locate any responsive drafts or related communications or documents.

## VI.     PCM Logs

Your request for PCM Logs is another instance of ignoring the discovery negotiations and history in this case. As you know, Authenticom does not and cannot maintain the PCM Logs. The parties specifically discussed and wrote letters about this very topic this past summer. Instead of the PCM Logs, Authenticom agreed to manually create a log tracking instances of DMS access, although it would have various limitations. Defendants agreed to that proposal and Authenticom then undertook the very laborious process of doing so. Authenticom produced that log before the document production deadline. Now, after the parties reached agreement on this issue, after Authenticom undertook extensive work to create the log, and after Authenticom produced the log, it borders on bad faith – if not crossing the line – to now insist on any further discovery with respect to the PCM Logs.

## VII.    DMS Access Log / Connections Information

It appears that Defendants have not undertaken a review of Authenticom's document productions. Authenticom produced the "log" document over a month ago, bearing bates number AUTH_00447450. Likewise, Authenticom produced updated connections information over a month ago, bearing bates numbers AUTH_00446820 – AUTH_00446885.

## VIII.   CDW/Axciom

With respect to the CDW documents, to the extent such relevant and responsive documents were within non-custodial or within the agreed custodians files and hit on the agreed search terms, they were produced. And with respect to Axciom, as your letter notes, all such documents appear to be from before the agreed discovery cutoff date.

- 4 -

## IX.        Privilege Log

We are available to meet and confer to discuss your questions regarding Authenticom's privilege log, and we can do so on the meet and confer we have requested on various issues related to discovery from Defendants.  We propose Monday at 2:00 p.m. ET.

Very truly yours,

*s/  Michael N. Nemelka*

Michael N. Nemelka