IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT<br>SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Status and motions hearing held on June 10, 2019. This Order memorializes some of the Court's rulings made and direction provided on the record during the hearing. The parties are directed to the transcript of the hearing for a complete record of the proceedings. The parties should note that, upon reflection after the hearing, the Court has modified the direction given during the hearing with respect to the *in camera* submission of documents.

The Joint Motion for Extension of Fact Discovery Deadlines Regarding Certain Non-Party Subpoenas [699] is denied without prejudice for the reasons stated on the record unless all parties agree to the relief requested. If all parties agree to the relief requested, then the Court will grant it, and the parties should submit an agreed order memorializing the relief being granted. As of now, however, the Vendor Class and Individual Plaintiffs object to the relief requested, and the Joint Motion is denied without prejudice for the reasons stated on the record. As discussed, the Court is not of a mind to grant Dealership Class Plaintiffs or Defendants leave to serve the third-party subpoenas they wish to serve, or have served, on the last day of or after the close of fact discovery unless all parties agree to that requested relief.

For the reasons stated on the record, Dealership Class Plaintiffs' Motion to Compel Production of Inadequately Logged Documents From Defendants' Privilege Logs and to Compel Discovery Regarding Drafting of Agreements [535][536] is granted in part, denied in part, and remains under advisement in part. The Motion is granted in part with respect to email communications to a large number of recipients whom Defendant CDK Global, LLC, has not identified as being within the attorney client privilege and email communications to a distribution group whose members are unknown or unidentified by CDK. The Motion is denied in part with respect to Dealership Class Plaintiffs' implicit waiver argument as it relates to the drafting of certain written agreements for the reasons stated on the record.

The Motion remains under advisement in part with respect to (i) communications between CDK and third-party advisors, consultants, and agents, and (ii) CDK communications that Dealership Class Plaintiffs argue are not primarily legal in nature. During the hearing, the Court directed CDK to submit all the disputed documents in categories (i) and (ii) for *in camera* review. The Court now modifies that direction so that Dealership Class Plaintiffs and CDK each shall submit up to 10 documents from each of categories (i) and (ii) for *in camera* review – up to 40 documents in total. The parties should submit documents they believe are good exemplars of their respective positions on the privilege issue. The Court recognizes it is difficult for the party that

has seen only a description of a document on a log and not the document itself to make its selections of exemplar documents, but it should do the best it can do in that regard. Dealership Class Plaintiffs shall identify for CDK the documents they want to submit *in camera* in each category and CDK shall include those unredacted documents with its delivery to the Court. The parties' submissions should identify clearly which documents are being submitted by which party in each category.

The Court will review the documents *in camera* and either enter a written order or set this matter for further hearing, or both, to give the parties guidance on whether the documents submitted are covered by the attorney client privilege. The parties then can apply the Court's guidance or ruling to the larger set of documents still at issue. If disputes remain concerning certain documents after this process, the Court can address those disputes. Counsel shall email the Court's courtroom deputy with an agreed date that the parties will submit the *in camera* documents to Magistrate Judge Gilbert's chambers so the Court can plan accordingly.

Defendant CDK Global LLC's Motion for Protective Order [597] is denied for the reasons stated on the record. CDK shall respond to the Dealership Class Plaintiffs' First Set of Interrogatories Concerning CDK's Counterclaims by July 1, 2019. No further written discovery can be served with respect to CDK's counterclaims by either side.

For the reasons stated on the record, Defendants CDK Global, LLC and Reynolds and Reynolds Company's Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc. [709] is denied in part and remains under advisement in part. Defendants' Motion [709] is denied as to their request to resume the Authenticom Rule 30(b)(6) deposition so they can pursue their line of inquiry concerning DataVast. DataVast was not an identified topic for the Rule 30(b)(6) deposition. Defendants' argument that information concerning DataVast was embedded in other Rule 30(b)(6) topics is not persuasive for the reasons discussed on the record. Reconvening the Rule 30(b)(6) deposition now under these circumstances is not proportional to the needs of the case given, among other things, the information Defendants appear to have been able to obtain about DataVast in depositions and otherwise.

Defendants' Motion [709] remains under advisement in part as to Authenticom's polling client manager ("PCM") data. The Court will address that issue in a separate order or set the matter for a continued in-court hearing.

Finally, at the end of the hearing, the Court asked the parties to submit for *in camera* review the documents that are the subject of certain remaining motions to compel that currently are under advisement and which require the Court to determine whether various documents are properly being withheld from discovery.[1] Upon further reflection, the Court will not perform a document-

---

[1] Those motions are: Defendants CDK Global, LLC's and Reynolds and Reynolds's Motion to Compel Plaintiff Authenticom to Produce Third-Party Communications or, In the Alternative, to Submit Such Communications for In Camera Review [539] [541], Defendants CDK Global, LLC's and Reynolds and Reynolds's Motion to Compel Production of Documents Withheld or Redacted by Plaintiffs Loop, LLC d/b/a Auto Loop and Cox Automotive, Inc. or, In the Alternative, for an In Camera Inspection [543], and Plaintiffs' Motion Challenging CDK Global LLC's March 8, 2019 Clawbacks and to Compel Production of Inadequately Logged Documents from CDK Global's LLC's FTC Privilege Log [633].

by-document review of all the documents at issue in these remaining motions and the parties do not need to submit all those documents for *in camera* review. Instead, the Court will employ a similar process to that described above in which each side submits up to 10 unredacted documents it wants the Court to review in discrete subject matter categories as exemplars of their respective positions concerning whether the documents are properly withheld from production. The party challenging the withholding of documents must identify for the withholding party the exemplar documents it wants submitted in a category so that party can submit those documents in unredacted form for *in camera* review. Again, the Court recognizes it is difficult for the party that has seen only a description of a document on a log and not the document itself to make its selections of exemplar documents, but it should do the best it can do in that regard. The parties should make every effort to agree on the categories into which the withheld documents fall for the various pending motions. The parties also should identify for the Court which documents fall within which category when they make their submissions.

The Court will review the documents submitted *in camera* and either enter a written order or set this matter for further hearing, or both, to give the parties guidance on whether the documents submitted are properly withheld from production. The parties then, hopefully, can apply the Court's guidance or rulings to the larger set of documents still at issue. If disputes remain concerning certain documents after this process, the Court can address those disputes. Counsel shall email the Court's courtroom deputy with an agreed date that the parties will submit to Magistrate Judge Gilbert's chambers the *in camera* documents so the Court can plan accordingly.

If the parties do not understand the modifications of the procedure for submission of documents for *in camera* review described in this Order, they should promptly contact the Court's courtroom deputy to set up a conference call to clarify anything that is unclear.

It is so ordered.

Dated: June 10, 2019

Jeffrey T. Gilbert
Unites States Magistrate Judge