IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Defendants CDK Global, LLC and Reynolds and Reynolds Company's Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc. [ECF No. 709] is denied as to Authenticom's polling client manager ("PCM") log. The Motion was briefed and then argued at a hearing held on June 10, 2019. It was taken under advisement at that time. [ECF No. 717].

Defendants seek Authenticom's PCM log for a rolling 7-day period beginning immediately after this Motion is decided because Authenticom represents that historical PCM log information is overwritten or reset to a default state every seven days.[1] The PCM log is contained in software that runs on Authenticom's servers and it provides information about how and when Authenticom accesses Defendants' Dealer Management Systems ("DMSs"). Authenticom argues that the PCM log is "ephemeral" or "transient data" that normally is not produced in discovery. *See* Authenticom's Opposition to Defendants' Motion to Compel [ECF No. 716], at 2-4; *see also* Affidavit of Brian Clements [ECF No. 716-2], Ex. 1, at ¶¶ 4-6. The Court agrees with Authenticom that the PCM log is ephemeral or transient data that "generally is not discoverable in most cases." *See* Seventh Circuit Electronic Discovery Committee, Principles Relating to the Discovery of Electronically Stored Information, Principle 2.04(d).

Authenticom also argues that the PCM log is "information [that] is not reasonably accessible because of undue burden or cost" within the meaning of Federal Rule of Civil Procedure 26(b)(2)(B). *See* Authenticom's Opposition to Defendants' Motion to Compel [ECF No. 716-2], Affidavit of Brian Clements, Ex. 1, at ¶¶ 6-7. The Court also agrees with Authenticom in this regard. Although Authenticom has not submitted an affidavit itemizing all the costs it would incur to produce the PCM log, the information Defendants seek runs within the software on Authenticom's servers, and Authenticom does not have any means to run a report that contains that information. *See* Authenticom's Opposition to Defendants' Motion to Compel [ECF No. 716-2], Affidavit of Brian Clements, Ex. 1, at ¶ 6. Authenticom says the information would have to be extracted manually. *See* Authenticom's Opposition to Defendants' Motion to Compel [ECF No. 716-2], Affidavit of Brian Clements, Ex. 1, at ¶ 6 ("In order to create such a report, Authenticom would have to compile the data and manually create the report itself."). That is an expensive and time-consuming process, particularly for a company that says it has lost a substantial percentage

---

[1] Defendants say they reserve a potential spoliation argument. That issue, however, is not germane to the pending Motion, and the Court expresses no view on it. *See* Brief in Support of Defendants' Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc., [ECF No. 710], at 4 n.1.

1

of its workforce during this litigation. *See* Authenticom's Opposition to Defendants' Motion to Compel [ECF No. 716-2], Affidavit of Brian Clements, Ex. 1, at ¶ 7. Moreover, Authenticom is not obligated to create a report for Defendants that it does not otherwise create or maintain in its business for the sole purpose of responding to Defendants' discovery requests. *Ahad v. Board of Trustees of Southern Illinois University,* 2018 WL 534158, *5 (C.D. Ill. Jan. 24, 2018).

Defendants also have not shown good cause under Federal Rule 26(b)(2)(B) to justify production of the PCM log. It is not clear either from Defendants' brief or their argument at the hearing why Defendants need this information. If Defendants are seeking the PCM log for illustrative or demonstrative purposes, then there are easier ways to obtain at least a snapshot of some of that information than requiring Authenticom to produce a full rolling 7-days of its PCM log. In fact, Authenticom has offered to produce more limited information from its system that can be used for that purpose.

If Defendants want the information to determine the number of times Authenticom queried their DMSs, or Defendant CDK Global, LLC, wants it to compute potential damages on its counterclaims against Authenticom alleging a violation of federal law arising from Authenticom accessing its system, then it is not clear the information Defendants are seeking from June 2019 will be materially helpful or statistically significant for that purpose. Although Defendants argue they need the information for these purposes, no concrete specifics were provided so the Court cannot evaluate fully the bona fides of Defendants' position. *See, e.g.,* Brief in Support of Defendants' Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc. [ECF No. 711], at p. 7 ("The PCM log – even though it would only contain data for a limited time period – may be the only means through which Defendants can understand Authenticom's polling activities on a poll-by-poll, and dealer-by-dealer basis.") In addition, Defendants apparently have other evidence about the various ways in which Authenticom queried their DMSs and, as counsel said during oral argument, the PCM log is just another leg for that stool. *See* Brief in Support of Defendants' Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc. [ECF No. 711], at pp. 2-3. While a four-legged stool is sturdier than a three-legged stool, a stool with three legs still can hold a good amount of weight if each of its legs is firm and stable. On this record, the Court is not convinced the work required to produce a four-legged stool is justified by the benefit Defendants would derive from it.

Finally, even if the Court were inclined to order production of the PCM log, it most likely would require, at the very least, that the cost of production be allocated among the parties, and more likely a greater share of the cost would be allocated to Defendants than to Authenticom. But a decision along these lines is premature until Defendants convince the Court there is good cause to order production of the PCM log and that the burden on Authenticom of harvesting that information now, years into the litigation, is proportional to the needs of the case. On the present record, as discussed above, the Court is not convinced of that proposition.

For the reasons stated above, Defendants CDK Global, LLC and Reynolds and Reynolds Company's Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc. [ECF No. 709] is denied as to the PCM data.

It is so ordered.

Dated: June 12, 2019

_____
Jeffrey T. Gilbert
Unites States Magistrate Judge