**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DEALERSHIP CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION (i) TO COMPEL PRODUCTION OF CDK/COX SETTLEMENT AGREEMENT; AND (ii) TO STAY WITTMAN DEPOSITION PENDING RULING ON MOTION**

Dealership Class Plaintiffs ("Dealership Plaintiffs") respectfully submit this memorandum in support of their motion, pursuant Federal Rule of Civil Procedure 37(a)(1), for entry of an Order (i) compelling Defendant CDK Global, LLC ("CDK") to produce a copy of its settlement agreement and any related agreement ("Settlement Agreement") with former plaintiff Cox Automotive, Inc. and its subsidiaries ("Cox"); and (ii) to stay the deposition of Lori Wittman, Senior Vice President of Cox's Dealer Software Solutions division, pending a ruling on this Motion.

Pursuant to Local Rule 37.2, counsel for Dealership Plaintiffs certify that they have met and conferred with counsel for CDK, The Reynolds and Reynolds Company ("Reynolds") and Cox, through written correspondence and in a telephonic meet and confer on August 8, 2019, in a good faith attempt to resolve the dispute presented by this Motion. The parties have been unable to resolve the dispute, thereby necessitating this Motion.[1]

## PRELIMINARY STATEMENT

Until recently, Cox was one of the named plaintiffs in this MDL litigation. Like the Dealership Plaintiffs, Cox alleged that Defendants CDK and Reynolds[2] engaged in an antitrust conspiracy that "inflicted widespread harm on automotive dealers." *See* Complaint ¶ 2, ECF No. 3, *Cox Automotive, Inc. v. CDK Global, LLC*, No. 17-cv-925 (U.S.D.C., W.D. Wis. Dec. 11, 2017) ("Cox Cplt."). Cox acknowledged that it passed on overcharges by CDK and Reynolds to dealers.

---

[1] Dealership Plaintiffs had made a compromise offer not to seek discovery of the Settlement Agreement subject to CDK's agreement (i) not to rely on Ms. Wittman's deposition testimony or the testimony of any live Cox witness, and (ii) to represent that it was not cooperating with Cox in this litigation. CDK, however, would not agree to refrain from relying on the testimony of Ms. Wittman or live Cox witnesses.

[2] Dealership Plaintiffs previously settled their claims against Reynolds. The settlement agreement was publicly filed. *See* ECF No. 427-2.

*See id*. ¶ 155 ("Cox Automotive must pass on significant portions of these integration fees to the dealers . . . ."). CDK acknowledges that Cox is "one of the world's largest automotive software products and services companies," ECF No. 519 at 107, ¶ 11 (quoting Cox Cplt. ¶ 6);[3] accordingly, Defendants' conspiracy necessarily resulted in substantial damages to the dealers. *See* Cox Cplt. ¶ 2 ("The resulting harm to . . . dealers has been immense.").

For its part, CDK has asserted similar counterclaims against Cox and various Dealership Plaintiffs, alleging, *inter alia*, violations of the Computer Fraud and Abuse Act and the Digital Millennium Copyright Act.[4] Importantly, CDK's counterclaims against Cox depend largely on allegations that Cox engaged in conduct violative of CDK's contract with *dealers*, and wrongfully used dealers' login credentials to access CDK's DMS. *See, e.g.*, ECF No. 519 at 105, ¶ 2 (Cox's actions violated "the contracts between CDK and its dealer customers"); *id*. at 128, ¶ 93 (Cox and subsidiary "wrongfully obtained login credentials in violation of contractual requirements that such credentials be given to and used by authorized dealer employees only unless otherwise allowed by CDK.").

On July 11, 2019, Cox and CDK dismissed their claims against each other, having reached a settlement. *See* ECF No. 722. The Settlement Agreement, however, was not publicly filed.

In connection with the dismissal, CDK abandoned its effort to depose Cox's CEO, Sandy Schwartz, even though it had previously defeated Cox's motion for a protective order to prevent

---

[3] *See also* Cox Cplt. ¶ 7(d) (Cox's Xtime subsidiary "processes more than 44 million service appointments each year for more than 8,000 dealer clients, accounting for $9 billion in yearly revenue for dealers.").

[4] *See* ECF No. 523, CDK's Answer and Affirmative and Additional Defenses to the Dealership Consolidated Class Action Complaint and CDK Counterclaims, at 276-81; ECF No. 519, CDK's Answer [to Cox Cplt.] and Affirmative and Additional Defenses and Counterclaims at 123-25, 127-28. Dealership Plaintiffs dispute the viability of CDK's counterclaims, and have filed a motion to dismiss them in their entirety. *See* ECF No. 593. That motion is *sub judice*.

the deposition. *See* ECF No. 688 (Order dated May 9, 2019). In lieu of that deposition, CDK (along with Reynolds) have noticed the deposition of Ms. Wittman. That deposition is scheduled to go forward on August 22, 2019, in Kansas City, Missouri.

In light of the upcoming Wittman deposition, Dealership Plaintiffs have requested CDK to produce the Settlement Agreement forthwith. CDK has refused to make production, thus necessitating this Motion.

## ARGUMENT

Rule 26 allows the discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When determining the scope of discovery, Rule 26(b)(1) requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard." *Nammari v. Town of Winfield*, No. 2:07-cv-0306, 2010 WL 1286733, at *1 (N.D. Ind. Mar. 29, 2010) (citation omitted).

The above standards apply equally to settlement agreements. Indeed, numerous decisions in this District and elsewhere firmly support discovery of settlement agreements. *See, e.g.*, *ABN Amro, Inc. v. Capital Int'l Ltd.*, No. 04 C 3123, 2006 WL 6898001, at *3 (N.D. Ill. Jan. 30, 2006); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 365, 367-68 (N.D. Ill. 2001); *Meharg v. I-Flow Corp.*, No. 1:08-cv-0184-DFH-TAB, 2009 WL 3032327, at *3 (S.D. Ind. Sept. 18, 2009); *Wagner v. Mastiffs*, No. 2:08-cv-431, 2013 WL 2096655, at *6 (S.D. Ohio May 14, 2013); *State*

3

*Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2014 WL 10294813, at *2 (E.D. Mich. Apr. 24, 2014).[5]

Here, discovery of the Settlement Agreement is warranted given CDK's overlapping counterclaims against Cox and the Dealership Plaintiffs, and the overlapping nature of Cox and Dealership Plaintiffs' claims against CDK. Indeed, with respect to CDK's counterclaims against various Dealership Plaintiffs, Dealership Plaintiffs are entitled to an offset in light of CDK's settlement of its counterclaims against Cox. *See Ill. Sch. Dist. Agency v. Pacific Ins. Co.*, 571 F.3d 611, 615-16 (7th Cir. 2009) (applying Illinois law). Without the offset, CDK could end up scoring a double-recovery windfall at the expense of the Dealership Plaintiffs. *Gen. Tel. Co. of the Nw. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual."). As such, Dealership Plaintiffs are entitled to examine the Settlement Agreement to determine how much CDK has already received in respect of its settled counterclaims against Cox, and to ensure that Dealership Plaintiffs are not being asked to pay for any alleged damages that CDK has already recovered through the Cox settlement. *See Arrow Elecs., Inc. v. Aetna Cas. & Sur. Co.*, No. CV 17-5247-JFW, 2018WL 4792014, at *2 (C.D. Cal. Apr. 12, 2018) (ordering production of settlement agreements, explaining that defendant "is entitled to pursue its double recovery theory through

---

[5] Even if a settlement agreement is not admissible under Federal Rule of Evidence 408 to prove a settling party's liability, that would not bear on its discoverability under Federal Rule of Civil Procedure 26. *See* Fed. R. Cv. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."); *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979); *White*, 203 F.R.D. at 368. In any event, the Settlement Agreement may well be admissible to show, *inter alia*, Wittman's bias, *see generally Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 483 (7th Cir. 2000) (Rule 408 "does not require exclusion when the evidence is offered" to "prov[e] the bias or prejudice of a witness"). Accordingly, the Settlement Agreement *is*, by necessity, discoverable.

discovery"); *Asko Processing, Inc. v. Kibble & Prentice Holdings Co.*, No. C17-1393 RSM, 2018 WL 834744, at *3 (W.D. Wash. Feb. 12, 2018) (ordering discovery of settlement agreement, noting its relevance to "offset defense"); *White*, 203 F.R.D. at 367 (in case involving "overlapping claims," noting that "[d]iscovery of the settlement documents will allow the remaining defendant to assess their remaining liability.") (citing *Bennett v. La Pere*, 112 F.R.D. 136, 138 (D.R.I. 1996)).

The potential bias of Cox -- and its senior executive, Ms. Wittman, whose deposition is scheduled for August 22, 2019 -- also supports discovery of the Settlement Agreement. *See, e.g.*, *ABN Amro,* 2006 WL 6898001, at *3 ("The courts have allowed discovery of settlement agreements because the settlement terms and agreements may be relevant for the purpose of proving the bias or prejudice of a witness under Rule 408."); *White*, 203 F.R.D. 364 at 365, 367-68 (compelling production of settlement agreement "and any related agreements," explaining: "Because Gottlieb will likely be a witness, the remaining defendants are entitled to learn whether any promises have been made in connection with his dismissal as a party defendant or whether Plaintiffs chose to voluntarily drop their claims against Gottlieb") (citing authorities); *Meharg*, 2009 WL 3032327, at *3 (citing *White* with approval); *Wagner*, 2013 WL 2096655, at *6 ("settlement agreements frequently are found to be discoverable in order to allow the requesting party to explore [bias and credibility] with respect to witnesses."); *State Farm*, 2014 WL 10294813, at *2. Given Ms. Wittman's location outside this District, her deposition may well be treated as trial testimony; accordingly, Dealership Plaintiffs' only opportunity to explore her bias or credibility may be at her upcoming deposition.

Finally, discovery of the Settlement Agreement could promote settlement discussions. As Magistrate Judge Denlow has explained:

> [T]he discovery could foster settlement talks, which in turn promotes judicial economy. For example, in a claim for $1,000,000 involving overlapping claims

> against multiple defendants, the fact that one defendant has settled for $0, $100,000 or $750,000 has great strategic significant to the remaining defendants. Such information may promote settlement of the remaining claims and permits the remaining defendants to evaluate their risks in continuing with the litigation.

*White*, 203 F.R.D. at 367.

Accordingly, the Court should compel CDK to produce the Settlement Agreement. Additionally, given that Ms. Wittman's deposition is scheduled to go forward on August 22, 2019, the Court should stay the deposition pending a ruling on this Motion.

## CONCLUSION

For the foregoing reasons, the Motion should be granted in its entirety.

DATED: August 9, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Peggy J. Wedgworth*
　　　　　　　　　　　　　　　　　　　　Peggy J. Wedgworth (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Elizabeth McKenna (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**MILBERG PHILLIPS GROSSMAN LLP**
　　　　　　　　　　　　　　　　　　　　One Pennsylvania Plaza, Suite 1920
　　　　　　　　　　　　　　　　　　　　New York, New York 10119-0165
　　　　　　　　　　　　　　　　　　　　Tel: (212) 594-5300
　　　　　　　　　　　　　　　　　　　　Fax: (212) 868-1229
　　　　　　　　　　　　　　　　　　　　pwedgworth@milberg.com
　　　　　　　　　　　　　　　　　　　　emckenna@milberg.com

　　　　　　　　　　　　　　　　　　　　***Interim Lead Counsel for the Dealership Class***

Leonard A. Bellavia (*pro hac vice*)
Steven Blatt
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com
sblatt@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Daniel C. Hedlund (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
Daniel E. Gustafson
David A. Goodwin
Daniel J. Nordin
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
dgoodwin@gustafsongluek.com
dnordin@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, Illinois 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.con

David W. Mitchell (pro hac vice)
Alexandra S. Bernay
Carmen A. Medici
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
Shannon M. McNulty
**CLFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com
SNM@cliffordlaw.com

*MDL Liaison Counsel*

8

**CERTIFICATE OF SERVICE**

       I, Peggy J. Wedgworth, an attorney, hereby certify that on August 9, 2019, I caused a true and correct copy of the foregoing DEALERSHIP CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION (i) TO COMPEL PRODUCTION OF CDK/COX SETTLEMENT AGREEMENT; AND (ii) TO STAY WITTMAN DEPOSITION PENDING RULING ON MOTION to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                         */s/ Peggy J. Wedgworth*
                         Peggy J. Wedgworth