# EXHIBIT E



NEW YORK
LOS ANGELES

Matthew A. Kupillas
Direct Dial: (212) 613-5697
mkupillas@milberg.com

July 22, 2019

<u>BY EMAIL</u>

Matthew D. Provance
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

   Re: *In re Dealer Management Systems Antitrust Litigation – CDK's Responses*
     *and Objections to Dealership Class Plaintiffs' First Set of Interrogatories*
     *Concerning CDK's Counterclaims*

Dear Matt:

   I write in follow-up to our July 17, 2019 meet-and-confer call concerning CDK's Responses and Objections to Dealership Class Plaintiffs' First Set of Interrogatories Concerning CDK's Counterclaims, served on July 3, 2019 (the "Responses").

   **Interrogatory No. 1**:

   On our call, you represented that CDK made a reasonably diligent effort to identify all responsive public statements by CDK executives from January 1, 2013 through the present, and that the Responses identify all responsive public statements identified by CDK in that search.

   With regard to the two privileged documents (CDK-0887485 and CDK-0887504) that CDK's Responses identified as responsive to this Interrogatory, you represented that those two documents were withheld from production because they are attachments to privileged emails, but that CDK has already produced non-privileged copies of those two attachments. On the call, Dealership Plaintiffs asked you, and you agreed, to identify the Bates numbers of those two documents.

   **Interrogatory No. 2**:

   On our call, you represented that although CDK objected to Interrogatory No. 2 on relevance grounds, CDK's Responses did not withhold any responsive information. You further

July 22, 2019
Page 2

represented that CDK is not aware of any instances, other than through the execution of NSAs to MSAs, in which CDK communicated its consent for a CDK dealer to provide its login credentials to a third party. However, you acknowledged that in your efforts to gather information in response to this Interrogatory, you did not ask any CDK employees specifically whether CDK ever gave such consent through oral communications, and you stated that you would consider going back to ask CDK employees that question. Dealership Plaintiffs believe that a complete response to this Interrogatory requires you to ask that question of CDK employees.

**Interrogatory No. 3**:

On our call, you stated that CDK's Response to this Interrogatory was intended to be a "comprehensive summary" of all efforts made by CDK from January 1, 2013 to the present, to enforce the relevant provisions of the MSA. Specifically, you represented that (i) CDK is not aware of any instances in which CDK attempted to enforce those provisions through the termination of any contracts with dealers, and (ii) other than the lawsuits identified in the Responses, CDK is not aware of any instances in which CDK has attempted to enforce those provisions through the filing of a lawsuit or arbitration proceeding.

You stated that CDK's Response to Interrogatory No. 3 was a "summary", in that the Response identifies certain "security events" undertaken by CDK to enforce the relevant provisions of the MSA, but does not identify every individual "security event" undertaken by CDK; you also stated that CDK's Response to Interrogatory No. 12 identifies documents concerning additional "security events" that would be response to Interrogatory No. 3. In response to Dealership Plaintiffs' request, you stated that CDK would consider supplementing its response to Interrogatory No. 3 to identify other documents that contain responsive information.

**Interrogatories Nos. 4, 7, and 10**:

On our call, Dealership Plaintiffs stated that we continue to believe these Interrogatories are relevant to CDK's Counterclaims and to Dealership Counter-Defendants' defenses thereto, including for the reasons set forth in my letter dated July 11, 2019. You stated that CDK continues to believe that these Interrogatories seek information that is completely irrelevant to the Counterclaims, and that you would need to confirm with CDK whether it intends to stand on those "relevance" objections.

**Interrogatories Nos. 11-14**:

On our call, you again asserted the objection that these Interrogatories are more properly the subject of expert testimony, and reiterated your belief that Dealership Plaintiffs would be unable to obtain a ruling compelling CDK to further respond to these Interrogatories before the due date for service of CDK's damages-related expert report(s). We reiterated our belief that regardless of the case schedule for expert discovery, to the extent that CDK is in possession of information that is responsive to these Interrogatories, CDK is required to identify that information



July 22, 2019
Page 3

now; however, we recognized that given the case schedule, we may be unlikely to obtain an order compelling CDK to respond to these Interrogatories before CDK serves its expert reports.

With specific regard to Interrogatory No. 14, you clarified that CDK currently is not in possession of any responsive information, but that CDK reserves its right to supplement its Response to Interrogatory No. 14 to the extent that additional information becomes available.

In the spirit of cooperation, Dealership Plaintiffs offer the following compromise: Dealership Plaintiffs will agree not to move to compel CDK to more fully respond to Interrogatories Nos. 11-14 until after CDK serves its damages-related expert reports, if CDK agrees not to argue that a motion to compel filed after service of CDK's expert reports is untimely. Please let us know if CDK accepts this offer.

### Interrogatory No. 16:

On our call, Dealership Plaintiffs stated that we continue to believe this Interrogatory is relevant to CDK's Counterclaims and to Dealership Counter-Defendants' defenses thereto, including for the reasons set forth in my July 11 letter. You stated that CDK continues to believe that this Interrogatory seeks information that is completely irrelevant to the Counterclaims, and that you would need to confirm with CDK whether it intends to stand on its "relevance" objection.

### Interrogatories Nos. 17-18:

On our call, we explained that our prior offer to withdraw Interrogatories Nos. 17 and 18 was contingent on CDK's agreement to respond to the Interrogatories Nos 1-16, and that by moving forward with its motion for protective order, CDK rejected that offer. You reiterated your belief that Dealership Plaintiffs had left that prior offer open, and that withdrawing that offer now would be inconsistent with Dealership Plaintiffs' representations in the briefing of CDK's motion for protective order. In an effort to resolve this dispute, Dealership Plaintiffs stated that if CDK is willing to withdraw its objections to some or all of the other disputed Interrogatories, and to provide substantive responses to those Interrogatories, Dealership Plaintiffs may be willing to withdraw Interrogatories Nos. 17 and 18.

* * *

We look forward to hearing back from you with regard to the open issues identified above.

Very truly yours,

*/s/ Matthew A. Kupillas*
Matthew A. Kupillas

cc:     All counsel of record



MILBERG
PHILLIPS GROSSMAN LLP