# EXHIBIT F



Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711
mayerbrown.com

July 26, 2019

Matthew D. Provance
Partner
T: +1 312 701 8598
mprovance@mayerbrown.com

BY EMAIL

Matthew A. Kupillas
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Dealer Management System Antitrust Litig.*,
MDL 2817, Case No. 18-cv-864 (N.D. Ill.)

Dear Matt:

I write in response to your July 11 and July 22, 2019 letters regarding CDK Global, LLC's Responses and Objections to Dealership Class Plaintiffs' First Set of Interrogatories Concerning CDK's Counterclaims and our July 17, 2019 meet-and-confer. CDK's response and position concerning each Interrogatory that remains in dispute is set forth below.

**Interrogatory No. 1**

In response to your inquiry, we confirm that when identifying the Bates numbers associated with documents that contain information responsive to this Interrogatory, CDK inadvertently identified Bates numbers associated with two documents that are privileged as attachments to communications with counsel (and accordingly those documents have been withheld from production). Below are replacement Bates numbers that identify non-privileged versions of these documents in CDK's production.

| Bates Number of Document Cited in CDK's Response to Interrogatory No. 1 | Replacement Bates Number |
|---|---|
| CDK-0887485 | CDK-0744485 |
| CDK-0887484 | CDK-2448949 |

**Interrogatory No. 2**

CDK's investigation preceding its response to this Interrogatory considered instances of "consent" without regard to their form. Nevertheless, we have taken under advisement your request that we specifically investigate any instances of "oral" consent. As of the date of this letter, CDK's investigation has not uncovered any additional information that would require amendment or supplementation to its response.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Matthew A. Kupillas
July 26, 2019
Page 2

**Interrogatory No. 3**

To the extent that it would resolve our remaining disputes regarding this Interrogatory, CDK is willing to consider supplementing its response to include a citation to Bates ranges in its production that identify security events that CDK has implemented in order to enforce the terms of its DMS contracts. However, as we explained during our July 17 meet-and-confer, we believe that this information has already been identified in CDK's responses to other Interrogatories served by Dealership Counter-Defendants and by other parties in this MDL.

**Interrogatories No. 4, 7, and 10**

We continue to believe that these Interrogatories, all of which seek an accounting of "all" instances of various purported conduct by former CDK subsidiaries DMI and IntegraLink vis-à-vis other providers' DMSs, seek information that is neither relevant to CDK's counterclaims nor proportional to the needs of the case. Fundamentally, we disagree that purported conduct by DMI and IntegraLink regarding the manner in which they previously accessed and extracted data from *other* DMSs is relevant to interpreting the DMS contracts that CDK entered into with its customers, whether the hostile access to the CDK DMS that Dealership Counter-Defendants facilitated was authorized by CDK, or whether Dealership Counter-Defendants have grounds to assert an "unclean hands" defense. Contrary to Plaintiffs' assertions of relevance, there is no overlap between the subject-matter of these Interrogatories and the basis of CDK's counterclaims. Moreover, answering these Interrogatories would impose a substantial and undue burden on CDK, particularly in light of the fact that CDK has already produced documents and ESI in response to Plaintiffs' previous discovery requests on this same subject-matter, which are readily and equally available to Dealership Counter-Defendants.

**Interrogatories No. 11-14**

It appears that we may no longer have a live dispute concerning these Interrogatories. However, we will point out that CDK's responses identify the type and nature of the losses, expenses, and other damages that it seeks to recover on its counterclaims. To the extent that Dealership Counter-Defendants are seeking a full itemization of CDK's damages as will be forthcoming from CDK's experts in accordance with the deadline for affirmative expert disclosures established by the Court (*see* Dkt. 695), their request is premature. In fact, Dealership Counter-Defendants have made similar objections, and have provided no more information about their alleged damages than CDK has provided, in response to CDK's Interrogatory No. 6, which asks each Dealership Class Plaintiff to identify and describe in detail "how, when, the manner in which, and the extent to which You believe You have been damaged as a result of the conduct alleged in the Consolidated Amended Complaint." Moreover, with affirmative expert disclosures due in a matter of weeks, motions practice over this Interrogatory would serve no purpose other than to needlessly waste the time and resources of the parties and the Court.

Upon disclosure of the expert opinion that supports CDK's damages claims, Dealership Counter-Defendants will have a full opportunity to engage in expert discovery, including a deposition of

Matthew A. Kupillas
July 26, 2019
Page 3

CDK's experts regarding the basis of their opinions. We do not see what possible grounds Dealership Counter-Defendants would have to move to compel further responses to these Interrogatories. Rather, any need that Plaintiffs have for further discovery of CDK's damages claims will be adequately served by the expert discovery and disclosures that are forthcoming.

**Interrogatory No. 16**

CDK's expenses associated with "Project Stone" are irrelevant to CDK's counterclaims or the damages that it is seeking to recover from Dealership Counter-Defendants. Your assertion that Dealership Counter-Defendants are entitled to discovery of CDK's expenses in connection with Project Stone "in order to ensure that CDK does not include those same damages and costs in any calculation of the damages and losses that are allegedly attributable to Dealership Counter-Defendants' alleged breaches of contract and statutory violations" is without merit. CDK has not identified—nor does it intend to identify—Project Stone as a source of damages that CDK seeks to recover from Dealership Counter-Defendants. Accordingly, the costs and expenses associated with Project Stone would not shed light on the basis of CDK's damages or whether those damages are causally related to Dealership Counter-Defendants' unlawful conduct.

**Interrogatories No. 17 and 18**

We are surprised that Dealership Counter-Defendants continue to pursue these Interrogatories after representing to the Court in their opposition to CDK's motion for a protective order that they would withdraw them. *See* Dkt. 632 at 4, 10. Nevertheless, blanket requests for a party to identify "all documents" and "all evidence" that support its claims have been roundly rejected as overly broad, unduly burdensome, and harassing. *See, e.g.*, *Dakota Station II Condominium Assoc., Inc. v. Owners Ins. Co.*, 2016 WL 9735773, at *6 (D. Colo. May 16, 2016). As such, it appears that we remain at issue regarding these Interrogatories.

Regards,

*/s/ Matthew D. Provance*
Matthew D. Provance

cc: MDL 2817 Counsel of Record