IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 CV 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Dealership Class Plaintiffs' Motion to Compel Production of CDK/Cox Settlement Agreement and Stay Wittman Deposition [ECF No. 736] is denied. The earlier stay of Lori Wittman's deposition is vacated [ECF No. 746] and Ms. Wittman's deposition shall proceed as scheduled. See Statement below for further details.

## STATEMENT

Dealership Class Plaintiffs ("DCPs") advance three arguments in support of their Motion. First, DCPs argue that because Defendant CDK Global, LLC ("CDK") has asserted overlapping counterclaims against Plaintiff Cox Automotive, Inc. and its subsidiaries ("Cox") and DCPs, and DCPs and Cox have asserted overlapping affirmative claims against CDK, the monetary terms of the CDK/Cox settlement may be relevant to a possible offset against any damages recoverable as between CDK and the DCPs. Second, DCPs argue that the settlement agreement may be relevant to show possible bias of Cox and its senior executive, Ms. Wittman, in favor of CDK. Third, DCPs assert that discovery of the settlement agreement could promote settlement discussions, presumably between DCPs and CDK. In the Court's view, within the context of the relevance and proportionality analysis incorporated into Federal Rule of Civil Procedure 26(b)(1), none of these arguments override the settling parties' interest in keeping the terms of their settlement confidential at this time.

Courts generally favor voluntary settlement of disputes in the interest of both public policy and judicial efficiency. Federal Rule of Evidence 408 prohibits the use of statements made during settlement negotiations to prove liability or the lack of liability at trial for precisely this purpose: to encourage settlements. *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000). Here, in the spirit of Rule 408, CDK and Cox reached a settlement that includes confidentiality as a bargained-for term. DCPs now seek disclosure of the terms of the confidential settlement between CDK and Cox.

Whether a confidential settlement agreement should be disclosed to other parties in a multi-party case is governed by the familiar Rule 26(b)(1) discovery standards. *See, e.g., Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1246216, at *4 (D. Kan. 2007); *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, 2007 WL 963975, at *2 (N.D. Cal. 2007); *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552 (S.D. Ind. 1999); *In re General Motors*

*Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1124 n. 20 (7th Cir. 1979). Under the Federal Rules, parties are entitled to discovery about "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED.R.CIV.P. 26(b)(1).

Within this general framework, the party seeking disclosure of a confidential settlement agreement involving two other parties in the same case must articulate something more than a bald desire to see what the other parties said in their settlement agreement. While there is no settlement privilege to overcome, in most cases, the movant articulates a specific basis as to why the settlement terms are relevant to a claim or defense in the continuing litigation so that production of the settlement agreement is proportional to the needs of the case and overrides the settling parties' interest in keeping their settlement confidential. *See e.g., Meharg v. I-Flow Corp.,* 2009 WL 3032327, at *2 (S.D. Ind. 2009); *Heartland,* 2007 WL 1246216 at *4; *In re AT&T Fiber Optic Cable Installation Litig.,* 2002 WL 1364157, at *2 (S.D. Ind. 2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). Here, by contrast, DCPs have not articulated facts sufficient to make the required showings. Instead, DCPs' Motion simply reflects their (understandable) desire to know what Cox and CDK agreed to in their confidential settlement, but without the necessary facts to establish that disclosing those settlement terms is relevant and proportional to the needs of this case at this time. To grant DCPs' Motion, the Court essentially would have to say that no parties in a multi-party case can settle their claims against each other without producing that confidential settlement agreement to the non-settling parties. In the Court's view, the law does not go that far.

The Court will take each of DCPs' three arguments in turn. With respect to DCPs' offset or double recovery argument, DCPs do not explain how the settlement agreement between CDK and Cox is relevant to a possible offset involving CDK's counterclaims against them. Those counterclaims are for breach of contract and statutory violations. It is unclear what offset would apply as a result of a CDK/Cox settlement with reference to the claims CDK has asserted against individual DCPs based on the alleged conduct of those specific parties vis-à-vis CDK. DCPs also do not explain how the CDK/Cox settlement would be relevant to any offset that might apply on the antitrust or other claims DCPs have asserted against CDK. It is not clear to the Court, for example, that even if the DCP and Cox claims "overlap," as DCPs say, the terms of a settlement between Cox and CDK would be relevant to any potential offset that could reduce the DCPs' recovery on their claims against CDK.

Without a more particularized showing and explanation, the Court is left with DCPs vague, talismanic invocation of a possible, inchoate damages "offset" involving "overlapping" though not identical claims that does not meet DCPs' burden of showing the terms of the settlement agreement are relevant to a claim or defense in this case or that production of the agreement is proportional to the needs of the case at this time. *See, e.g., Illinois Sch. Dist. Agency v. Pacific Ins. Co., Ltd.,* 571 F. 3d 611, 615-16 (7th Cir. 2009) (explaining the relevance of a damages set off for an identical injury). In addition, even if the settlement terms could be relevant to some potential offset at some point in the future, DCPs have not shown they need that information now,

before trial, before the parties finalize a pretrial order, or, importantly, before Ms. Wittman's deposition. If or when the terms of the CDK/Cox settlement agreement do become relevant to a damage analysis, DCPs can renew their motion seeking disclosure of the settlement agreement based on a more specific or particularized argument than the argument they are now advancing.

With respect to the potential bias of Lori Wittman, one of Cox's senior executives, DCPs have offered nothing more than conjecture that the confidential terms of the settlement agreement may be probative of bias. DCPs argument appears to be that because Ms. Wittman works for Cox, and Cox entered into a settlement agreement with CDK, Ms. Wittman may be biased in favor of CDK. But DCPs already know Cox and CDK have settled their claims against each other. To the extent that fact gives rise to a potential Cox bias in favor of CDK (or vice versa), it already is of record and DCPs can inquire about it. While the monetary settlement terms certainly would provide more color, that is true in any case. As stated above, ordering production of a confidential settlement agreement on that basis at this point in a case, without more, is tantamount to saying parties never can settle between themselves in a multi-party case without disclosing the terms of their settlement to all other parties. And that is not the law as far as the Court can tell. Without a more specific showing or articulation of the potential bias of this witness, DCPs' argument fails at least on the ground that they need the settlement agreement before Ms. Wittman's deposition. If the case proceeds to trial and Ms. Wittman is a trial witness, the calculus may change and DCPs can renew their motion.

Further, the Court has reviewed the CDK/Cox settlement agreement *in camera* and sees nothing express in that document that could give rise to what DCPs fear. For example, the settlement agreement imposes no ongoing obligations on either CDK or Cox other than might already exist because of their ongoing commercial relationships. The agreement contains nothing in the Court's view that suggests CDK and Cox are colluding in the current litigation or otherwise. In fact, at oral argument on the DCPs' Motion, their counsel disclaimed any argument that they are entitled to the settlement agreement because of any collusion between CDK and Cox. DCPs supplemental filing [ECF No. 745], which contains recent statements from a CDK earnings call in which CDK's CEO referenced an ongoing business relationship with Cox, also does not advance DCPs' argument or suggest bias. Instead, these statements simply show, in keeping with the Court's review of the settlement agreement, that CDK and Cox have an ongoing business relationship and they have settled their disputes in the current litigation. There is nothing nefarious about that.

Finally, regarding DCPs conclusion that discovery of the settlement agreement may promote or inform their own settlement discussions in this case, DCPs do not say they currently are engaged in settlement discussions with CDK or anyone else such that they need to see the details of the CDK/Cox settlement agreement and that need to know overrides the settling parties' interest in keeping their settlement confidential at this time. Again, if circumstances change in the future in a way that suggests the CDK/Cox settlement terms are more relevant than they are now, DCPs may renew their motion at that time.

For these reasons, Dealership Class Plaintiffs' Motion to Compel Production of CDK/Cox Settlement Agreement and Stay Wittman Deposition [ECF No. 736] is denied. The earlier stay of

Lori Wittman's deposition is vacated [ECF No. 746] and Ms. Wittman's deposition shall proceed as scheduled.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 16, 2019