**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *Cox Automotive, Inc., et al. v. CDK Global, LLC*, Case No. 1:18-CV-1058 (N.D. Ill.) | |

**COX AUTOMOTIVE'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING CDK GLOBAL, LLC'S MOTION TO COMPEL**

Former Plaintiff Cox Automotive, Inc. and its affiliates (collectively, "Cox Automotive") respectfully submit this notice of supplemental authority with respect to Defendant CDK Global, LLC's ("CDK") motion to compel filed on March 1, 2019 against Cox Automotive (Dkts. 543, 544). CDK moved to compel when Cox Automotive was still a party to this litigation, claiming that Cox Automotive had not provided enough information on its privilege log. CDK contended that Cox Automotive needed to provide more detailed information and descriptions for certain entries on the privilege log. *See* Dkt. 544, at 6, 14. On July 11, 2019 – while that motion was pending – CDK and Cox Automotive settled and consequently dismissed their claims against one another with prejudice. *See* Dkts. 722, 723. Cox Automotive is no longer a party to this litigation. For the reasons previously provided, *see* Dkt. 573, there is no basis to order Cox Automotive to provide the additional information sought by CDK because Cox Automotive has already met its burden as a party to establish privilege. But now as a non-party, the reduced burdens that apply to Cox Automotive in that capacity provide even more reason to deny CDK's motion.

As a non-party to this litigation, Cox Automotive's discovery obligations are less than when it was a party:

> [A]lthough discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight*.

*Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Indeed, Rule 45 requires courts to "enforce [the] duty" on parties not to "impos[e] undue burden or expense" on a third party. Fed. R. Civ. P. 45(d)(1). This mandatory language – absent from Rule 26(c), which applies to parties – "make[s] clear" that the federal rules "enlarge the protections afforded [non-parties] who are required to assist the court by giving information or evidence." *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at *2 (N.D. Ill. Oct. 21, 2005) (internal quotation marks omitted).

Cox Automotive's reduced discovery obligations extend to the creation of a privilege log. The Federal Rules' Advisory Committee Notes explain that a non-party is "entitled to protection" when "faced with a burdensome task to provide full information regarding all that person's claim to privilege or work product protection." Fed. R. Civ. P. 45(d) Advisory Committee's Notes (1991 Amendment). Courts have effectuated this protection by allowing non-parties to provide less detailed privilege logs – including categorical privilege logs – than would ordinarily be required of parties. *See*, *e.g.*, *FDIC for Valley Bank v. Crowe Horwath LLP*, 2018 WL 3105987, at *5-6 (N.D. Ill. June 25, 2018) (holding non-party FDIC in its corporate capacity could assert privilege categorically without "the make-work of a document-by-document privilege log"); *see Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (allowing a non-party to "provide a categorical privilege log rather than a traditional, itemized privilege log" in order "[t]o lessen the burden posed by reviewing and recording a large quantity of protected communications").

- 3 -

For the reasons the Cox Automotive provided in its opposition to CDK's original motion, there is no basis to order Cox Automotive to provide the additional information sought by CDK. And now that Cox Automotive is a non-party, the reduced discovery burdens that apply to non-parties provide an additional reason to deny CDK's motion.

Dated: September 4, 2019    Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*Counsel for Plaintiffs Cox Automotive, Inc.,
Autotrader.com, Inc., Dealer Dot Com, Inc.,
Dealertrack, Inc., HomeNet, Inc.,
Kelley Blue Book Co., Inc., vAuto, Inc.,
VinSolutions, Inc., and Xtime, Inc.*

## CERTIFICATE OF SERVICE

       I, Derek T. Ho, an attorney, hereby certify that on September 4, 2019, I caused a true and correct copy of the foregoing **COX AUTOMOTIVE'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING CDK GLOBAL, LLC'S MOTION TO COMPEL** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                                          */s/ Derek T. Ho*
                                                          Derek T. Ho
                                                          **KELLOGG, HANSEN, TODD,**
                                                          **FIGEL & FREDERICK, P.L.L.C.**
                                                          1615 M Street, NW, Suite 400
                                                          Washington, D.C. 20036
                                                          (202) 326-7900
                                                          dho@kellogghansen.com