**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Cox Automotive, Inc., et al. v. CDK Global, LLC*, Case No. 1:18-CV-1058 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO
COX AUTOMOTIVE'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING CDK GLOBAL, LLC'S MOTION TO COMPEL**

In December 2018, CDK Global, LLC ("CDK"), then-Plaintiff Cox Automotive, Inc., ("Cox"), and several other parties in the MDL exchanged privilege logs. In March 2019, following a meet-and-confer process during which all parties had an opportunity to revisit and revise their logs, CDK filed a motion to compel the production of a variety of documents that Cox continued to improperly withhold on privilege grounds (the "Motion"). Dkt. 543; Dkt. 544. Cox responded on March 15. Dkt. 573. CDK replied one week later. Dkt. 587. On July 11, Cox and CDK settled and dismissed their claims against each other with prejudice. Dkt. 723. However, Cox is still an integral third party in the litigation. CDK's Motion remains pending.

On September 4, 2019, Cox filed a Notice of Supplemental Authority ("Notice") concerning CDK's Motion. Dkt. 754. The Notice does not cite any cases suggesting that the principles governing attorney-client privilege or the work product doctrine change depending on whether Cox is a party or a non-party. Rather, the Notice observes that under the Federal Rules non-parties should not be subjected to "undue burden or expense" in discovery. Notice at 2.

This discussion of undue burden might be relevant if CDK were seeking to compel Cox to produce vast numbers of new documents that Cox had not already reviewed. But the Motion

1

merely asks the Court to review an *existing* privilege log to determine whether Cox has adequately supported its assertions of privilege over already collected and reviewed documents. If the Court grants CDK's Motion, producing the withheld documents will not impose an "undue burden" within the meaning of Rule 45. As one of the cases Cox cites in its Notice recognizes, "non-parties are not exempt from the basic obligation of all citizens to provide evidence of which they are capable upon appropriate request." *Uppal v. Rosalind Franklin University of Medicine & Science*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015).

The Notice also asserts that courts sometimes allow non-parties to provide "less detailed privilege logs—including categorical privilege logs—than would ordinarily be required of parties." Notice at 2. Neither of the cases Cox cites—*FDIC for Valley Bank v. Crowe Horwarth LLP*, 2018 WL 3105987 (N.D. Ill. June 25, 2018), and *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008)—supports this proposition. Those cases involved non-parties, but do not suggest that the use of a categorical privilege log turns on non-party status; *Valley Bank* did not even cite Rule 45(d)'s "undue burden" language, and both cases cited decisions in which courts had allowed a party (not a non-party) to submit categorical logs. In any event, the issue of what format to use for logging is moot. Cox and the other parties submitted itemized privilege logs nine months ago. Resolving CDK's Motion imposes no additional burden on Cox to log anything, categorically or otherwise.

The *Orbit One* case in fact supports CDK. There, the court explained that non-parties "bear[] the burden of establishing that particular communications are privileged." 255 F.R.D. at 109. Thus, where they possess "non-privileged, highly relevant documents," non-parties must ensure that their privilege logs contain sufficient information to enable a party or the court "to assess any potential objections to the assertion of attorney-client privilege." *Id.*; *see also In re*

*Rivastigmine Patent Litig.*, 237 F.R.D. 69, 87 (S.D.N.Y. 2006) (cited at *Orbit One*, 255 F.R.D. at 109) (ordering production of documents in a categorical log where "[t]he vast majority of the categorical justifications provided by the plaintiffs are inadequate"). Here, Cox's documents are extremely relevant to the remaining claims in the MDL, and the information Cox provided in its privilege log is not sufficient to establish privilege.

For example, Cox's privilege log contains numerous documents sent to distribution groups whose membership Cox has declined to disclose. Dkt. 544 at 13-14; Dkt. 587-10 (Ex. 23).[1] Cox's privilege log also contains documents sent to a distribution list with over 500 members. Dkt. 587 at 14. One month before Cox and CDK settled, the Court ruled that CDK must produce "email communications to a large number of recipients" that are not "within the attorney client privilege" as well as "email communications to a distribution group whose members are unknown or unidentified by CDK" Dkt. 717 at 1. The Court also indicated that this issue is one where "what's good for the goose is good for the gander," so that if Plaintiffs were "protecting things that are in the same category that you're talking the other side should produce," then "you have got to be prepared to produce yourself too." 6/10/19 Tr. at 25:9-16. Despite this, Cox still has not produced the documents. It is unfair for Cox to withhold purportedly privileged documents when it has not provided the information necessary to support a claim of privilege and when Plaintiffs successfully sought the production of CDK documents on the same ground prior to Cox's settlement.

The Court should order Cox to produce the challenged documents for the reasons set forth in CDK's Motion and supporting papers. *See* Dkt. 544 at 6, 13-15; Dkt. 587 at 12-15.[2]

---

[1] As noted in Exhibit 23 to CDK's reply brief, Cox identified "0" members for 14 of the distribution groups identified on its privilege log that were no longer in service. This is the same deficiency that Plaintiffs raised concerning certain distribution groups identified on Defendants' privilege logs. 6/10/19 Tr. at 23:20-24:18.

[2] Cox's Notice states (at 1) that the Motion asks the Court to "order Cox Automotive to provide the additional information [on its privilege log] sought by CDK." That is incorrect. CDK tried to seek additional information during the meet-and-confer process. When that proved unsuccessful, CDK filed its Motion,

## <u>CONCLUSION</u>

Cox's current status as a third party is not relevant to whether the challenged documents on its privilege log are privileged. The Court should grant CDK's Motion in full.

Dated: September 11, 2019

Respectfully submitted,

*/s/ Britt M. Miller*
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

---

requesting that the Court order Cox to "produce the challenged documents identified in this Motion" or alternatively conduct "an *in camera* review of the challenged documents." Dkt. 544 at 15.

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on September 11, 2019, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO COX AUTOMOTIVE'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING CDK GLOBAL, LLC'S MOTION TO COMPEL** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com

5