# EXHIBIT A

Senate Engrossed House Bill

State of Arizona
House of Representatives
Fifty-fourth Legislature
First Regular Session
2019

# CHAPTER 52

# HOUSE BILL 2418

AN ACT

AMENDING TITLE 28, CHAPTER 10, ARIZONA REVISED STATUTES, BY ADDING ARTICLE 10; RELATING TO MOTOR VEHICLE DEALERS.

(TEXT OF BILL BEGINS ON NEXT PAGE)

- i -

H.B. 2418

1  Be it enacted by the Legislature of the State of Arizona:
2  Section 1. Title 28, chapter 10, Arizona Revised Statutes, is
3  amended by adding article 10, to read:
4  ARTICLE 10. PROTECTED DATA
5  28-4651. Definitions
6  IN THIS ARTICLE, UNLESS THE CONTEXT OTHERWISE REQUIRES:
7  1. "AUTHORIZED INTEGRATOR" MEANS A THIRD PARTY WITH WHOM A DEALER
8  ENTERS INTO A CONTRACTUAL RELATIONSHIP TO PERFORM A SPECIFIC FUNCTION FOR
9  A DEALER THAT ALLOWS THE THIRD PARTY TO ACCESS PROTECTED DEALER DATA OR TO
10 WRITE DATA TO A DEALER DATA SYSTEM, OR BOTH, TO CARRY OUT THE SPECIFIED
11 FUNCTION.
12 2. "CYBER RANSOM" MEANS TO ENCRYPT, RESTRICT OR PROHIBIT OR
13 THREATEN OR ATTEMPT TO ENCRYPT, RESTRICT OR PROHIBIT A DEALER'S OR A
14 DEALER'S AUTHORIZED INTEGRATOR'S ACCESS TO PROTECTED DEALER DATA FOR
15 MONETARY GAIN.
16 3. "DEALER DATA SYSTEM":
17 (a) MEANS A SOFTWARE, HARDWARE OR FIRMWARE SYSTEM THAT IS OWNED,
18 LEASED OR LICENSED BY A DEALER, THAT INCLUDES A SYSTEM OF WEB-BASED
19 APPLICATIONS, COMPUTER SOFTWARE OR COMPUTER HARDWARE, WHETHER LOCATED AT
20 THE MOTOR VEHICLE DEALERSHIP OR HOSTED REMOTELY, AND THAT STORES OR
21 PROVIDES ACCESS TO PROTECTED DEALER DATA.
22 (b) INCLUDES DEALERSHIP MANAGEMENT SYSTEMS AND CONSUMER RELATIONS
23 MANAGEMENT SYSTEMS.
24 4. "DEALER DATA VENDOR" MEANS A DEALER MANAGEMENT SYSTEM PROVIDER,
25 CONSUMER RELATIONSHIP MANAGEMENT SYSTEM PROVIDER OR OTHER VENDOR PROVIDING
26 SIMILAR SERVICES THAT PERMISSIBLY STORES PROTECTED DEALER DATA PURSUANT TO
27 A CONTRACT WITH THE DEALER.
28 5. "FEE" MEANS A CHARGE FOR ALLOWING ACCESS TO PROTECTED DEALER
29 DATA BEYOND ANY DIRECT COSTS INCURRED BY THE DEALER DATA VENDOR IN
30 PROVIDING PROTECTED DEALER DATA ACCESS TO AN AUTHORIZED INTEGRATOR OR
31 ALLOWING AN AUTHORIZED INTEGRATOR TO WRITE DATA TO A DEALER DATA SYSTEM.
32 6. "PRIOR EXPRESS WRITTEN CONSENT" MEANS THE DEALER'S EXPRESS
33 WRITTEN CONSENT THAT IS CONTAINED IN A DOCUMENT SEPARATE FROM ANY OTHER
34 CONSENT, CONTRACT, FRANCHISE AGREEMENT OR OTHER WRITING AND THAT CONTAINS:
35 (a) THE DEALER'S CONSENT TO THE DATA SHARING AND IDENTIFICATION OF
36 ALL PARTIES WITH WHOM THE DATA MAY BE SHARED.
37 (b) ALL DETAILS THAT THE DEALER REQUIRES RELATING TO THE SCOPE AND
38 NATURE OF THE DATA TO BE SHARED, INCLUDING THE DATA FIELDS AND THE
39 DURATION FOR WHICH THE SHARING IS AUTHORIZED.
40 (c) ALL PROVISIONS AND RESTRICTIONS THAT ARE REQUIRED UNDER FEDERAL
41 LAW TO ALLOW THE SHARING.
42 7. "PROTECTED DEALER DATA" MEANS ANY:
43 (a) PERSONAL, FINANCIAL OR OTHER DATA RELATING TO A CONSUMER THAT A
44 CONSUMER PROVIDES TO A DEALER OR THAT A DEALER OTHERWISE OBTAINS AND THAT
45 IS STORED IN THE DEALER'S DEALER DATA SYSTEM.

H.B. 2418

```
1        (b)  MOTOR VEHICLE DIAGNOSTIC DATA THAT IS STORED IN A DEALER DATA
2   SYSTEM.  THIS SUBDIVISION DOES NOT GIVE A DEALER ANY OWNERSHIP OR RIGHTS
3   TO SHARE OR USE THE MOTOR VEHICLE DIAGNOSTIC DATA BEYOND WHAT IS NECESSARY
4   TO FULFILL A DEALER'S OBLIGATION TO PROVIDE WARRANTY, REPAIR OR SERVICE
5   WORK TO ITS CONSUMERS.
6        (c)  OTHER DATA THAT RELATES TO A DEALER'S BUSINESS OPERATIONS IN
7   THE DEALER'S DEALER DATA SYSTEM.
8        8.  "REQUIRED MANUFACTURER DATA":
9        (a)  MEANS DATA THAT IS REQUIRED TO BE OBTAINED BY THE MANUFACTURER
10  UNDER FEDERAL OR STATE LAW OR TO COMPLETE OR VERIFY A TRANSACTION BETWEEN
11  THE DEALER AND THE MANUFACTURER.
12       (b)  INCLUDES INFORMATION THAT IS REASONABLY NECESSARY FOR ANY OF
13  THE FOLLOWING:
14       (i)  A SAFETY, RECALL OR OTHER LEGAL NOTICE OBLIGATION.
15       (ii)  THE SALE AND DELIVERY OF A NEW MOTOR VEHICLE OR A CERTIFIED
16  USED MOTOR VEHICLE TO A CONSUMER.
17       (iii)  THE VALIDATION AND PAYMENT OF CONSUMER OR DEALER INCENTIVES.
18       (iv)  CLAIMS FOR DEALER SUPPLIED SERVICES RELATING TO WARRANTY PARTS
19  OR REPAIRS.
20       (v)  THE  EVALUATION  OF  DEALER  PERFORMANCE,  INCLUDING  WITHOUT
21  LIMITATION THE EVALUATION OF THE DEALER'S MONTHLY FINANCIAL STATEMENTS AND
22  SALES OR SERVICE, CONSUMER SATISFACTION WITH THE DEALER THROUGH DIRECT
23  CONSUMER CONTACT OR CONSUMER SURVEYS.
24       (vi)  DEALER AND MARKET ANALYTICS.
25       (vii)  THE  IDENTIFICATION  OF  THE  DEALER  THAT  SOLD  OR  LEASED  A
26  SPECIFIC MOTOR VEHICLE AND THE DATE OF THE TRANSACTION.
27       (viii)  MARKETING PURPOSES DESIGNED FOR THE BENEFIT OF OR TO DIRECT
28  LEADS TO DEALERS BUT DOES NOT INCLUDE A CONSUMER'S FINANCIAL INFORMATION
29  ON THE CONSUMER'S CREDIT APPLICATION OR A DEALER'S INDIVIDUALIZED NOTES
30  ABOUT A CONSUMER WHICH ARE NOT RELATED TO A TRANSACTION.
31       (ix)  MOTOR VEHICLE DIAGNOSTIC DATA.
32       (x)  THE  DEVELOPMENT,  EVALUATION  OR  IMPROVEMENT  OF  THE
33  MANUFACTURER'S PRODUCTS OR SERVICES.
34       9.  "STAR  STANDARDS"  MEANS  THE  CURRENT,  APPLICABLE  SECURITY
35  STANDARDS PUBLISHED BY THE STANDARDS FOR TECHNOLOGY IN AUTOMOTIVE RETAIL.
36       10.  "THIRD PARTY":
37       (a)  INCLUDES A SERVICE PROVIDER, VENDOR, INCLUDING A DEALER DATA
38  VENDOR AND AUTHORIZED INTEGRATOR, AND ANY OTHER PERSON OTHER THAN THE
39  DEALER.
40       (b)  DOES NOT INCLUDE A GOVERNMENTAL ENTITY ACTING PURSUANT TO
41  FEDERAL, STATE OR LOCAL LAW, A THIRD PARTY ACTING PURSUANT TO A VALID
42  COURT ORDER OR A MANUFACTURER.
```

H.B. 2418

```
 1      28-4652. Dealer; data submission to manufacturers or third
 2                parties
 3      A MANUFACTURER OR A THIRD PARTY MAY NOT REQUIRE A DEALER TO GRANT
 4  THE MANUFACTURER, THE THIRD PARTY OR ANY PERSON ACTING ON BEHALF OF THE
 5  MANUFACTURER OR THIRD PARTY DIRECT OR INDIRECT ACCESS TO THE DEALER'S
 6  DEALER DATA SYSTEM.  INSTEAD OF PROVIDING A MANUFACTURER OR THIRD PARTY
 7  WITH ACCESS TO THE DEALER'S DATA SYSTEM, A DEALER MAY SUBMIT OR PUSH DATA
 8  OR INFORMATION TO A MANUFACTURER OR THIRD PARTY THROUGH ANY WIDELY
 9  ACCEPTABLE ELECTRONIC FILE FORMAT OR PROTOCOL THAT COMPLIES WITH THE STAR
10  STANDARDS OR OTHER GENERALLY ACCEPTED STANDARDS THAT ARE AT LEAST AS
11  COMPREHENSIVE AS THE STAR STANDARDS.
12      28-4653. Manufacturers and third parties; prohibitions;
13                requirements
14      A.  A THIRD PARTY MAY NOT DO ANY OF THE FOLLOWING:
15      1.  ACCESS, SHARE, SELL, COPY, USE OR TRANSMIT PROTECTED DEALER DATA
16  WITHOUT PRIOR EXPRESS WRITTEN CONSENT.
17      2.  ENGAGE IN ANY ACT OF CYBER RANSOM.
18      3.  TAKE ANY ACTION BY CONTRACT, TECHNICAL MEANS OR OTHERWISE TO
19  PROHIBIT OR LIMIT A DEALER'S ABILITY TO PROTECT, STORE, COPY, SHARE OR USE
20  PROTECTED DEALER DATA, INCLUDING ALL OF THE FOLLOWING:
21      (a)  IMPOSING ANY FEE OR OTHER RESTRICTION ON THE DEALER OR AN
22  AUTHORIZED INTEGRATOR FOR ACCESSING OR SHARING PROTECTED DEALER DATA OR
23  FOR WRITING DATA TO A DEALER DATA SYSTEM, INCLUDING ANY FEE ON A DEALER
24  THAT CHOOSES TO SUBMIT OR PUSH DATA OR INFORMATION TO THE THIRD PARTY AS
25  PRESCRIBED IN SECTION 28-4652.  A THIRD PARTY MUST DISCLOSE A CHARGE TO
26  THE DEALER AND JUSTIFY THE CHARGE BY DOCUMENTARY EVIDENCE OF THE COSTS
27  ASSOCIATED WITH ACCESS OR THE CHARGE WILL BE DEEMED TO BE A FEE PURSUANT
28  TO THIS SUBDIVISION.
29      (b)  PROHIBITING A THIRD PARTY THAT HAS SATISFIED OR IS COMPLIANT
30  WITH THE STAR STANDARDS OR OTHER GENERALLY ACCEPTED STANDARDS THAT ARE AT
31  LEAST AS COMPREHENSIVE AS THE STAR STANDARDS AND THAT THE DEALER HAS
32  IDENTIFIED AS ONE OF ITS AUTHORIZED INTEGRATORS FROM INTEGRATING INTO THE
33  DEALER'S DEALER DATA SYSTEM OR PLACING AN UNREASONABLE RESTRICTION ON
34  INTEGRATION BY AN AUTHORIZED INTEGRATOR OR OTHER THIRD PARTY THAT THE
35  DEALER WISHES TO BE AN AUTHORIZED INTEGRATOR.  FOR THE PURPOSES OF THIS
36  SUBDIVISION, "UNREASONABLE RESTRICTION" INCLUDES:
37      (i)  AN UNREASONABLE LIMITATION OR CONDITION ON THE SCOPE OR NATURE
38  OF THE DATA THAT IS SHARED WITH AN AUTHORIZED INTEGRATOR.
39      (ii)  AN UNREASONABLE LIMITATION OR CONDITION ON THE ABILITY OF THE
40  AUTHORIZED INTEGRATOR TO WRITE DATA TO A DEALER DATA SYSTEM.
41      (iii)  AN UNREASONABLE LIMITATION OR CONDITION ON A THIRD PARTY THAT
42  ACCESSES OR SHARES PROTECTED DEALER DATA OR THAT WRITES DATA TO A DEALER
43  DATA SYSTEM.
44      (iv)  REQUIRING UNREASONABLE ACCESS TO A THIRD PARTY'S SENSITIVE,
45  COMPETITIVE OR OTHER CONFIDENTIAL BUSINESS INFORMATION AS A CONDITION FOR
```

H.B. 2418

1  ACCESSING PROTECTED DEALER DATA OR SHARING PROTECTED DEALER DATA WITH AN
2  AUTHORIZED INTEGRATOR.
3      (v) PROHIBITING OR LIMITING A DEALER'S ABILITY TO STORE, COPY,
4  SECURELY SHARE OR USE PROTECTED DEALER DATA OUTSIDE OF THE DEALER DATA
5  SYSTEM IN ANY MANNER AND FOR ANY REASON.
6      (vi) ALLOWING ACCESS TO OR ACCESSING PROTECTED DEALER DATA WITHOUT
7  PRIOR EXPRESS WRITTEN CONSENT.
8      B. PRIOR EXPRESS WRITTEN CONSENT MAY:
9      1. BE UNILATERALLY REVOKED OR AMENDED BY THE DEALER WITH THIRTY
10 DAYS' NOTICE WITHOUT CAUSE AND IMMEDIATELY FOR CAUSE.
11     2. NOT BE SOUGHT OR REQUIRED AS A CONDITION OF OR FACTOR FOR
12 CONSIDERATION OR ELIGIBILITY FOR ANY MANUFACTURER PROGRAM, STANDARD OR
13 POLICY, INCLUDING THOSE THAT OFFER OR RELATE TO A BONUS, INCENTIVE, REBATE
14 OR OTHER PAYMENT OR BENEFIT TO A DEALER, EXCEPT THAT IF THE BONUS,
15 INCENTIVE, REBATE OR OTHER PAYMENT PROGRAM REQUIRES THE DELIVERY OF THE
16 INFORMATION THAT IS PROTECTED DEALER DATA TO QUALIFY FOR THE PROGRAM AND
17 RECEIVE THE PROGRAM BENEFITS, A DEALER MUST SUPPLY THE INFORMATION TO
18 PARTICIPATE IN THE PROGRAM.
19     C. THIS SECTION DOES NOT PREVENT A DEALER, MANUFACTURER OR THIRD
20 PARTY FROM DISCHARGING ITS OBLIGATIONS AS A SERVICE PROVIDER OR OTHERWISE
21 UNDER FEDERAL, STATE OR LOCAL LAW TO PROTECT AND SECURE PROTECTED DEALER
22 DATA OR TO OTHERWISE LIMIT THOSE RESPONSIBILITIES.
23     D. UNLESS A DEALER GIVES PRIOR WRITTEN CONSENT, A MANUFACTURER MAY
24 NOT ACCESS, SHARE, SELL, COPY, USE OR TRANSMIT OR REQUIRE A DEALER TO
25 SHARE OR PROVIDE ACCESS TO PROTECTED DEALER DATA BEYOND THE REQUIRED
26 MANUFACTURER DATA AND MAY USE ANY REQUIRED MANUFACTURER DATA OBTAINED FROM
27 A DEALER DATA SYSTEM FOR THE PURPOSES LISTED IN SECTION 28-4651,
28 PARAGRAPH 8.
29     E. A MANUFACTURER MAY NOT ENGAGE IN AN ACT OF CYBER RANSOM OR TAKE
30 AN ACTION BY CONTRACT, TECHNICAL MEANS OR OTHERWISE TO PROHIBIT OR LIMIT A
31 DEALER'S ABILITY TO PROTECT, STORE, COPY, SHARE OR USE PROTECTED DEALER
32 DATA, INCLUDING ACTIONS DESCRIBED IN SUBSECTION A, PARAGRAPH 3,
33 SUBDIVISION (b) OF THIS SECTION. A MANUFACTURER OR A MANUFACTURER'S
34 SELECTED THIRD PARTY MAY NOT REQUIRE A DEALER TO PAY A FEE FOR THE SHARING
35 OF REQUIRED MANUFACTURER DATA IF THE MANUFACTURER BOTH:
36     1. REQUIRES A DEALER TO PROVIDE REQUIRED MANUFACTURER DATA THROUGH
37 A SPECIFIC THIRD PARTY THAT THE MANUFACTURER SELECTS.
38     2. DOES NOT ALLOW THE DEALER TO SUBMIT THE DATA USING THE DEALER'S
39 CHOICE OF A THIRD-PARTY VENDOR AND BOTH OF THE FOLLOWING APPLY:
40     (a) THE DATA IS IN A FORMAT THAT IS COMPATIBLE WITH THE FILE FORMAT
41 REQUIRED BY THE MANUFACTURER.
42     (b) THE THIRD-PARTY VENDOR SATISFIES OR IS IN COMPLIANCE WITH THE
43 STAR STANDARDS OR OTHER GENERALLY ACCEPTED STANDARDS THAT ARE AT LEAST AS
44 COMPREHENSIVE AS THE STAR STANDARDS.

H.B. 2418

F. A MANUFACTURER SHALL INDEMNIFY A DEALER FOR ANY THIRD-PARTY CLAIMS ASSERTED AGAINST OR DAMAGES INCURRED BY THE DEALER TO THE EXTENT CAUSED BY ACCESS TO, USE OF OR DISCLOSURE OF PROTECTED DEALER DATA IN VIOLATION OF THIS SECTION BY THE MANUFACTURER OR A THIRD PARTY ACTING ON BEHALF OF A MANUFACTURER TO WHOM THE MANUFACTURER HAS PROVIDED THE PROTECTED DEALER DATA. A DEALER BRINGING A CAUSE OF ACTION AGAINST A MANUFACTURER FOR A VIOLATION OF THIS SECTION HAS THE BURDEN OF PROOF.

G. NOTWITHSTANDING SUBSECTION D OF THIS SECTION AND EXCEPT AS PROVIDED IN SECTION 28-4655, THIS ARTICLE DOES NOT RESTRICT OR LIMIT A MANUFACTURER'S RIGHT TO OBTAIN REQUIRED MANUFACTURER DATA, USE REQUIRED MANUFACTURER DATA FOR THE PURPOSES PRESCRIBED BY SUBSECTION D OF THIS SECTION OR USE OR CONTROL DATA THAT IS PROPRIETARY TO THE MANUFACTURER, CREATED BY THE MANUFACTURER, OBTAINED FROM A SOURCE OTHER THAN THE DEALER OR THAT IS PUBLIC INFORMATION.

28-4654. <u>Dealer data vendors; authorized integrators; requirements</u>

A. A DEALER DATA VENDOR SHALL:

1. ADOPT AND MAKE AVAILABLE A STANDARDIZED FRAMEWORK FOR THE EXCHANGE, INTEGRATION AND SHARING OF DATA FROM DEALER DATA SYSTEMS WITH AUTHORIZED INTEGRATORS AND THE RETRIEVAL OF DATA BY AUTHORIZED INTEGRATORS USING THE STAR STANDARDS OR A STANDARD THAT IS COMPATIBLE WITH THE STAR STANDARDS.

2. PROVIDE ACCESS TO OPEN APPLICATION PROGRAMMING INTERFACES TO AUTHORIZED INTEGRATORS. IF THE APPLICATION PROGRAMMING INTERFACES ARE NOT THE REASONABLE COMMERCIAL OR TECHNICAL STANDARD FOR SECURE DATA INTEGRATION, THE DEALER DATA VENDOR MAY PROVIDE A SIMILAR OPEN ACCESS INTEGRATION METHOD IF THAT METHOD PROVIDES THE SAME OR BETTER ACCESS TO AUTHORIZED INTEGRATORS AS AN APPLICATION PROGRAMMING INTERFACE AND USES THE REQUIRED STANDARDIZED FRAMEWORK.

B. A DEALER DATA VENDOR AND AUTHORIZED INTEGRATOR:

1. MAY ACCESS, USE, STORE OR SHARE PROTECTED DEALER DATA OR ANY OTHER DATA FROM A DEALER DATA SYSTEM ONLY TO THE EXTENT ALLOWED IN THE WRITTEN AGREEMENT WITH THE DEALER.

2. MUST MAKE ANY AGREEMENT RELATING TO ACCESS TO, SHARING OR SELLING OF, COPYING, USING OR TRANSMITTING PROTECTED DEALER DATA TERMINABLE ON NINETY DAYS' NOTICE FROM THE DEALER.

3. ON NOTICE OF THE DEALER'S INTENT TO TERMINATE THE AGREEMENT, IN ORDER TO PREVENT ANY RISK OF CONSUMER HARM OR INCONVENIENCE, MUST WORK TO ENSURE A SECURE TRANSITION OF ALL PROTECTED DEALER DATA TO A SUCCESSOR DEALER DATA VENDOR OR AUTHORIZED INTEGRATOR, INCLUDING:

(a) PROVIDING ACCESS TO OR AN ELECTRONIC COPY OF ALL PROTECTED DEALER DATA AND ALL OTHER DATA STORED IN THE DEALER DATA SYSTEM IN A COMMERCIALLY REASONABLE TIME AND FORMAT THAT A SUCCESSOR DEALER DATA VENDOR OR AUTHORIZED INTEGRATOR CAN ACCESS AND USE.

H.B. 2418

```
 1           (b)  DELETING OR RETURNING TO THE DEALER ALL PROTECTED DEALER DATA
 2      BEFORE  THE  CONTRACT  TERMINATES  PURSUANT  TO  THE  DEALER'S  WRITTEN
 3      DIRECTIONS.
 4           4.  ON A DEALER'S REQUEST, MUST PROVIDE THE DEALER WITH A LISTING OF
 5      ALL ENTITIES WITH WHOM IT IS SHARING PROTECTED DEALER DATA OR WITH WHOM IT
 6      HAS ALLOWED ACCESS TO PROTECTED DEALER DATA.
 7           5.  MUST ALLOW A DEALER TO AUDIT THE DEALER DATA VENDOR OR
 8      AUTHORIZED INTEGRATOR'S ACCESS TO AND USE OF ANY PROTECTED DEALER DATA.
 9           28-4655.  Applicability
10           THIS ARTICLE DOES NOT:
11           1.  GOVERN, RESTRICT OR APPLY TO DATA THAT EXISTS OUTSIDE OF A
12      DEALER DATA SYSTEM, INCLUDING DATA THAT IS GENERATED BY A MOTOR VEHICLE OR
13      DEVICES THAT A CONSUMER CONNECTS TO A MOTOR VEHICLE.
14           2.  AUTHORIZE A DEALER OR THIRD PARTY TO USE DATA THAT IS OBTAINED
15      FROM A PERSON IN A MANNER THAT IS INCONSISTENT WITH EITHER:
16           (a)  AN AGREEMENT WITH THE PERSON.
17           (b)  THE PURPOSES FOR WHICH THE PERSON PROVIDED THE DATA TO THE
18      DEALER OR THIRD PARTY.
```

APPROVED BY THE GOVERNOR APRIL 9, 2019.

FILED IN THE OFFICE OF THE SECRETARY OF STATE APRIL 9, 2019.