# EXHIBIT F



NEW YORK
LOS ANGELES

Matthew A. Kupillas
T: 212-613-5697
mkupillas@milberg.com

March 21, 2019

Matt Provance
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606-4637

      Re: *In re Dealer Management Systems Antitrust Litigation*,
           MDL No. 2817, No. 18-cv-00864

Dear Matt,

    I write in response to your letter dated March 15, 2019, in which you requested that Dealership Plaintiffs withdraw their March 8, 2019 interrogatories to CDK (the "Interrogatories"). Dealership Plaintiffs decline that request, and do not agree to withdraw the Interrogatories, as explained further below.

    In your March 15 letter, you wrote that "much discovery in this MDL has already been propounded to all parties, and in particular to CDK." However, it is important to note that CDK has not yet responded to any interrogatories from Dealership Plaintiffs; the Interrogatories are the only set of interrogatories that Dealership Plaintiffs have served on CDK. In your letter, you also wrote that "based on the Court's prior rulings and its statements made in open court, [] the Court tends to agree" that "enough written discovery has been served in this case." We disagree with your assumption about the Court's views on this matter. At the March 4, 2019 status conference with the Court, Dealership Plaintiffs' counsel Peggy Wedgworth informed the Court (on more than one occasion) that Dealership Plaintiffs intended to serve counterclaim-related interrogatories on CDK, and the Court did not prohibit or discourage Plaintiffs from doing so.

    Your letter references a meet-and-confer held on February 27, 2019, in which CDK communicated its position that Dealership Plaintiffs should not serve any new counterclaim-related discovery, but instead should rely on CDK's previously-served discovery responses. However, as your letter correctly notes, Dealership Plaintiffs did not agree with CDK's position. You also stated in your letter that CDK "understood that the Dealership Class Plaintiffs were willing to engage with CDK" concerning any "limited", non-duplicative discovery on CDK's counterclaims; while I am not aware of the basis for CDK's understanding, Dealership Plaintiffs believe that the Interrogatories are limited and not duplicative of previously-served discovery.

Matt Provance
March 21, 2019
Page 2 of 3

      In your letter, you assert that certain of the Interrogatories "are duplicative of discovery that [Plaintiffs] have already served." However, as noted above, CDK has not yet responded to any interrogatories served by Dealership Plaintiffs. As examples of "duplicative" discovery requests, your letter states that Dealership Plaintiffs have already served document requests on many of the same topics raised by the Interrogatories. That is not surprising, as interrogatories often (indeed, typically) relate to the same issues that are raised in parties' document requests. However, interrogatories serve a different purpose than document requests, and for that reason, the Federal Rules of Civil Procedure permit parties to use both discovery methods to obtain evidence relevant to their claims. *See, e.g., V. O. Machinoimport v. Clark Equipment Co.*, 11 F.R.D. 55, 60 (S.D.N.Y. 1951) ("The deposition-discovery rules create integrated procedural devices. The sections are complementary to one another and the use of one does not restrict the further use of the other on the same subject matter. The various sections may be used independently, simultaneously or consecutively as required.") (internal citations and quotation marks omitted).

      For example, your letter states that "Plaintiffs have already served extensive written discovery" on the subject of Interrogatory No. 1, which seeks the identification of "all public statements by CDK executives . . . concerning CDK's policy or position on whether CDK dealers were permitted to provide their DMS login credentials to third parties". While CDK has produced a handful of documents reflecting such public statements, there is no reason to believe that those documents reflect all of CDK executives' public statements on that topic; instead, those documents were only included in CDK's production because CDK employees happened to send internal emails in which they pasted the text of news articles containing such public statements. Dealership Plaintiffs are entitled to request that CDK identify all such public statements, not merely those public statements which CDK employees decided to copy and paste into internal emails.

      The fact that Plaintiffs have questioned CDK witnesses on the subjects of the Interrogatories also does not negate the need for responses to the Interrogatories. CDK's witnesses have acknowledged having a poor memory of some specific events and have testified that they were not (and/or would not have been in a position to be) aware of certain activities that took place at CDK. Plaintiffs' Interrogatories may, to some extent, fill in the gaps in the testimony of CDK's employees. *See In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) ("Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure.") (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2169); *B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.*, 24 F.R.D. 1, 4 (S.D. Tex. 1959) (Although a party may have given relevant deposition testimony on a particular topic, the opposing party "still is entitled to obtain a clear answer subsequently through interrogatories, unless a hardship or injustice would be done to plaintiff thereby.").

      Further, while previously-produced documents and testimony touch on some of the subjects of the Interrogatories, those subjects have taken on a greater importance due to CDK's filing of counterclaims against certain Dealership Plaintiffs. Dealership Plaintiffs are entitled to take further discovery on those topics in light of CDK's decision to file counterclaims.

Matt Provance
March 21, 2019
Page 3 of 3

      Additionally, many of the Interrogatories seek information which has not, and could not have been, addressed in previously-served discovery. For example, Interrogatory No. 16 seeks information about the specific damages and losses that CDK claims to have suffered as a result of the alleged actions of each Dealership Counter-Defendant. That Interrogatory obviously could not have been served prior to CDK's filing of its counterclaims, and Dealership Plaintiffs are entitled to receive responses to that Interrogatory.

      However, Dealership Plaintiffs are willing to try to address some of CDK's concerns. First, your letter states that the Interrogatories are "incredibly burdensome, purporting to require CDK to 'identify' each and every instance of numerous events across an 8+ year period." Dealership Plaintiffs do not seek to unduly burden CDK in that manner. To the extent that CDK's responses to any Interrogatory would require CDK to identify an unduly burdensome number of "instances", Dealership Plaintiffs are willing to accept a response which states the approximate number of instances of the events which are the subject of the Interrogatory, and which provides a summary of the other identifying information sought in the Interrogatory. For example, if Interrogatory No. 10 would require CDK to identify more than fifty (50) instances in which CDK knowingly "engaged in unauthorized access to" another DMS provider's DMS, Dealership Plaintiffs are willing to accept a response which states the approximate number of such instances, the time period in which those instances took place, the identities of the DMS providers whose DMSs were accessed without their authorization, and the identities of the CDK employees who possess relevant information about CDK's unauthorized access.

      Second, in order to reduce CDK's burden in responding to the Interrogatories, and in the spirit of cooperation, if CDK agrees to respond to the Interrogatories 1-16, Dealership Plaintiffs are willing to withdraw Interrogatories Nos. 17 and 18. If CDK identifies other specific interrogatories which CDK believes are particularly burdensome, Dealership Plaintiffs are willing to listen to CDK's position on why those Interrogatories are unduly burdensome, and may be willing to amend those Interrogatories in order to reduce the burden on CDK. Additionally, if CDK believes that it requires more time to respond to the Interrogatories, Dealership Plaintiffs would be willing to extend the response date.

      Finally, we believe that your threat to serve Dealership Plaintiffs with additional counterclaim-related discovery – if, and only if, CDK is required to respond to the Interrogatories – is improper "gamesmanship". If CDK truly believed that it needed discovery relating to its counterclaims, CDK could have served counterclaim-related discovery concurrently with the service of its counterclaims, but CDK did not do so. Instead, CDK now seeks to use the threat of discovery against Dealership Plaintiffs as leverage to induce Dealership Plaintiffs to withdraw the Interrogatories, or as retaliation for Dealership Plaintiffs' refusal to withdraw the Interrogatories. Such tactics are plainly improper.

      Sincerely,

      */s/ Matthew A. Kupillas*
      Matthew A. Kupillas

Cc: All counsel of record