**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | |
| THE DEALERSHIP CLASS ACTION | Hon. Robert M. Dow, Jr. |
| *Authenticom, Inc. v. CDK Global, LLC et al.*, Case No. 1:18-cv-00868 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |
| *Loop, LLC d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 (N.D. Ill.) | |

**DEFENDANT CDK GLOBAL, LLC'S MOTION
FOR AN EXTENSION OF CERTAIN EXPERT DEADLINES**

Pursuant to Fed. R. Civ. P. 16, Defendant CDK Global, LLC ("CDK") moves for an Order modifying certain expert discovery deadlines set forth in the Second Stipulated Case Management Order (Dkt. 769) ("CMO") necessitated by a delay in scheduling depositions of Plaintiffs' experts. As described below, Defendants have been diligently attempting to schedule depositions of three of Plaintiffs' experts since mid-September. Plaintiffs engaged in stall-and-delay tactics for several weeks. Then, when Plaintiffs finally agreed to schedule the requested depositions, Plaintiffs proposed dates that are foreclosed by the existing CMO. Plaintiffs nevertheless have refused to consent to a global modification of the discovery schedule, instead proposing a piecemeal modification that will interfere with the orderly completion of expert discovery.

As discussed below, the parties appear to agree that: (i) the deposition of Individual Plaintiffs' proposed expert economist, Dr. Mark Israel, will take place after the current deadline to complete expert depositions on January 10, 2020; and (ii) the deadline to serve expert rebuttal reports that address the opinions of the Dealership Class Plaintiffs' proposed expert economist,

Dr. Michael Williams, should be extended from the current deadline, October 25, 2019, until after his deposition is taken in November. CDK respectfully contends that all rebuttal expert deadlines should move along with these adjustments to prevent expert discovery in the MDL from splitting into multiple tracks, an outcome that would be both inefficient and untenable for CDK.[1]

Expert discovery deadlines are fast approaching and the issues presented in this motion are straightforward. CDK therefore respectfully requests that the Court rule on this motion at its presentment or as soon as practical. In support of this motion, CDK states as follows.

## I.      The Existing Expert Discovery Schedule

1.      On August 12, 2019, the parties stipulated to the current deadlines for expert discovery in this MDL, which the District Court subsequently entered on October 7:

| Expert Discovery Event | Date |
|---|---|
| Opening Merits Expert Reports | August 26, 2019 |
| Rebuttal Merits Expert Reports | October 25, 2019 |
| Reply Merits Expert Reports | November 25, 2019 |
| Deadline to Complete Expert Depositions | January 10, 2020 |

*See* Dkt. 769. Deadlines for *Daubert* and dispositive motions follow closely after the close of expert discovery. *Id.*

2.      Pursuant to the CMO, the parties disclosed ten testifying experts on August 26, 2019. Specifically, Plaintiffs disclosed the following six proposed experts and Defendants disclosed the following four proposed experts:

| Plaintiffs' Proposed Experts | | |
|---|---|---|
| Expert | Disclosing Part(ies) | Subject Matter |

---

[1]      Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.2, CDK certifies that it has conferred in good faith with Plaintiffs to obtain the requested relief set forth in this motion without court action, but was unable to reach agreement. CDK recognizes that this motion raises issues about extending the case management schedule that may require the District Court's guidance to resolve. However, discovery issues are at the heart of the parties' dispute, which are appropriate for this Court to address in the first instance.

| Dr. Michael A. Williams | Dealership Class Plaintiffs | Liability and damages |
|---|---|---|
| Allan Stejskal | All Plaintiffs | Industry issues |
| Dr. Mark Israel | Authenticom, MVSC, Vendor Class Plaintiffs | Liability (all Plaintiffs) Damages (Vendor Class Plaintiffs) |
| Catherine Lawton | Authenticom | Damages |
| Prof. Gordon Klein | MVSC | Damages |
| Brian Halpin | Authenticom, MVSC, Vendor Class Plaintiffs | Computer forensics expert |

| Defendants' Proposed Experts | | |
|---|---|---|
| **Expert** | **Disclosing Part(ies)** | **Subject Matter** |
| Prof. Dan Rubinfeld | CDK and Reynolds | Counterclaim Damages |
| Edward Stroz | CDK and Reynolds | Cybersecurity |
| Paul Schneck | Reynolds | Computer science |
| Scott Tenaglia | CDK and Reynolds | Authenticom Cybersecurity Practices |

It is likely that almost as many additional experts will be disclosed by the parties on October 25, 2019, when rebuttal expert reports are currently due under the CMO. However, the exact number of rebuttal experts who will need to be deposed remains unknown.

## II.    Defendants' Request to Schedule Expert Depositions

3.    Given the aggressive schedule to complete expert discovery that Plaintiffs pushed for,[2] it was clear as soon as the parties made their initial expert disclosures that *some* of Plaintiffs' experts would need to be deposed early in the schedule if there was any possibility that the January 10, 2020 deadline would hold. Attempting to shoehorn what may turn out to be upwards of 15 to 20 expert depositions into the 46-day period between November 25, 2019 (the current expert reply

---

[2]    Plaintiffs originally proposed to complete all expert discovery by December 30, 2019, while Defendants suggested January 30, 2020. Ex. A at 4-5 (7/29/2019 Email from A. Gulley). Eventually, the parties agreed to a "compromise" of January 10, 2020, which was much closer to Plaintiffs' initial proposal than Defendants believed was necessary or reasonable. *Id*. at 1-2 (8/2/2019 Email from A. Gulley).

deadline) and January 10, 2020—a period that includes Thanksgiving, Christmas, New Year's Day, and other holidays—is simply not feasible.

4.      Recognizing these constraints, Defendants promptly identified Dr. Williams and Mr. Stejskal for early depositions. Moreover, CDK elected to take Dr. Williams's deposition before serving expert rebuttal reports that will respond to his opinions.[3]

5.      On September 19, 2019, Defendants requested October 4, 9, or 16 to depose Dr. Williams; a day during the week of November 4, 2019 to depose Mr. Stejskal; and two days during the week of January 6-10, 2020 to depose Dr. Israel. Ex. B at 8-9 (9/19/2019 Email from M. Provance).

## III.     Plaintiffs' Initial Refusal to Schedule Expert Depositions

6.      Plaintiffs initially refused to provide *any* dates for Dr. Williams, Dr. Israel, or Mr. Stejskal, even though the Deposition Protocol in this case required Plaintiffs to accept or offer alternative dates within five business days.[4] Instead, Plaintiffs asserted a series of purported objections and preconditions to scheduling expert discovery.

7.      First, before scheduling any expert depositions, Plaintiffs demanded that Defendants "agree" that "all experts in this MDL will only be deposed once." Ex. B at 8 (9/20/2019 Email from M. Nemelka). Such an agreement would be directly contrary to what the parties

---

[3]      When negotiating the current deadlines, the parties recognized that "for the compromise schedule to work, we would expect that some opening experts would be deposed before [the current expert rebuttal report deadline of] October 2[5]." Ex. A at 4 (7/29/2019 Email from A. Gulley). In any event, the Federal Rules provide that absent court order or stipulation, the choice of when to take Dr. Williams's deposition is within CDK's discretion. *See* Fed R. Civ. P. 26(d)(3).

[4]      *See* Dep. Protocol § IV.B (Dkt. 422 at 4-5). Plaintiffs now claim that the Deposition Protocol "clearly only applies to depositions conducted during fact discovery." Ex. D at 1 (10/4/2019 Email from E. McKenna). But the Deposition Protocol contains no such limitation, express or otherwise. Expert witnesses are within the parties' control, and the procedures designed to ensure the timely and efficient scheduling of depositions in Section IV of the Deposition Protocol make equally good sense for experts.

discussed when negotiating the CMO.[5] Regardless, Defendants have not yet asked for a second deposition of any expert witness, so Plaintiffs' insistence on resolving hypothetical disputes that may one day arise over this issue was no excuse for refusing to schedule the requested expert depositions promptly.

8.      Second, Plaintiffs demanded that Defendants enter into two stipulations prior to scheduling any expert depositions: (1) that counsel for any party in the MDL "may attend any expert depo, but a party's counsel may participate (i.e., question or object) only if the expert has been offered as an expert witness in a case in which that party is currently named"; and (2) that expert testimony will not be admissible against another party unless that party had the opportunity to cross-examine the expert. Ex. B at 8 (9/20/2019 Email from M. Nemelka). The parties reached agreement Plaintiffs' first stipulation. *Id*. at 6-7 (9/26/2019 Email from M. Provance); *id*. at 5 (10/2/2019 Email from P. Wedgworth). The parties are still discussing an appropriate way to address Plaintiffs' second requested stipulation regarding the admissibility of MDL experts' deposition testimony at trial. *See id*. at 2-3 (10/4/2019 Email from E. McKenna). Regardless, a stipulation regarding the *admissibility* of expert deposition testimony at trial is not necessary to schedule or proceed with any expert deposition.

9.      Third, Plaintiffs took the position that no deposition of their own experts should exceed seven hours unless the parties are able to reach a "reciprocal" agreement on the issue. Ex. B at 4 (10/3/2019 Email from M. Provance). Defendants were not seeking to depose Dr. Williams

---

[5]      *See* Ex. A at 4 (7/29/2019 Email from A. Gulley) ("As we discussed, if the schedule below is agreed, the parties reserve the right (but not the obligation) to take depositions of opening experts between August 26 and October 2[5] (and similarly reserve the right to take these depositions after reply reports on 11/25 instead). But for the compromise schedule to work, we would expect that some opening experts would be deposed before October 2[5]. Each party reserves all rights with respect to that issue, but all parties agree that if they choose to take an opening expert deposition before 10/24, there is the possibility of a reply-report-related deposition to address reply issues.").

or Mr. Stejskal for more than seven hours, so Plaintiffs' insistence on resolving the issue before scheduling the one-day depositions requested of Dr. Williams and Mr. Stejskal was yet one more unjustified roadblock. Moreover, any dispute regarding the length of Dr. Israel's deposition did not preclude Plaintiffs from confirming that Dr. Israel would at least be *available* on two days during the week of January 6, 2020.

10.     Even though none of the issues raised by Plaintiffs precluded scheduling expert depositions as an initial matter, as late as October 4 Plaintiffs continued to declare that these supposed "threshold issues" had to be "resolved" before the parties can "move forward with scheduling the depositions." Ex. B at 2 (10/4/2019 Email from E. McKenna).

## IV.     Plaintiffs' Sudden Willingness to Schedule Expert Depositions

11.     On October 5, 2019, two and a half weeks after Defendants' initial email, Plaintiffs agreed to reserve both January 16 and 17 for a deposition of Dr. Israel, pending resolution of the deposition's length. Ex. C at 1 (10/5/2019 Email from M. Nemelka). However, Plaintiffs did not offer any dates for Mr. Stejskal or Dr. Williams.

12.     On October 10, Defendants again asked Plaintiffs to schedule the depositions of Mr. Stejskal or Dr. Williams, and stated their intent to seek relief from the Court if necessary. Ex. B at 1 (10/10/2019 Email from M. Provance).

13.     Following a meet-and-confer on October 11, Plaintiffs agreed to offer Mr. Stejskal on November 7. However, the Dealership Class Plaintiffs disclosed for the first time that Dr. Williams was out of the country the week of October 14, returning October 25, and therefore was unavailable for the remaining date Defendants had requested—October 16—in advance of the due date for expert rebuttal reports. Ex. D at 1-2 (10/11/2019 Email from M. Provance).

14.     After the meet-and-confer, the Dealership Class Plaintiffs agreed to make Dr. Williams available for deposition in November and to move the rebuttal and reply deadlines for

Williams-related reports (*i.e.*, reports responding to his opinions, and any reply he may submit) accordingly. As of the filing of this motion, the Dealership Class Plaintiffs have offered Dr. Williams for deposition on November 25, 2019, although requests have been made to make him available sooner if possible. Ex. D at 1 (10/11/19 Email from P. Wedgworth).

**V.     Reasons for Extending Expert Discovery**

15.     Although there is agreement to extend the deadlines in the CMO that pertain to expert reports and opinion addressing Dr. Williams, CDK does not believe it makes any sense to bifurcate expert discovery, such that the deadlines for Williams-related reports should move while the deadlines for all other rebuttal and reply reports stay fixed. That is especially true because CDK intends to issue rebuttal reports that respond to *both* Dr. Williams and other Plaintiff experts who have opined on similar issues addressed by Dr. Williams. Bifurcating expert rebuttal deadlines to create a Williams-only track would require CDK to issue more expert rebuttal reports than would otherwise be necessary and provide the Dealership Class Plaintiffs with a preview of expert rebuttal reports that address the same subject-matter as Dr. Williams's opinions prior to his deposition. Plaintiffs' delay in scheduling the first three expert depositions should not force CDK or the other parties to this MDL to pursue expert discovery on two separate tracks or provide Plaintiffs with advantages in expert discovery that CDK intentionally sought to avoid.

16.     Any impact on the overall expert discovery schedule that would result from keeping Williams-related and non-Williams-related deadlines on the same track are not likely to be significant in the grand scheme of the case. It is possible that the Dealership Class Plaintiffs will be able to make Dr. Williams available for deposition earlier than November 25, 2019, the date that they have offered him. Moreover, an extension of the deadline to complete expert depositions will be necessary in any event because the deposition of Plaintiffs' proposed expert Dr. Israel has already been set for January 16 and/or 17, 2020, dates that are both outside of the existing schedule.

*See* ¶ 11 *supra*. In reality, ten experts have already been disclosed, with many more likely to be disclosed as rebuttal experts, and the current expert discovery schedule puts the vast majority of expert depositions between Thanksgiving and New Year's Day. If an extension is not granted now, it seems almost certain that one will be necessary down the road once it becomes clear that all these experts cannot be deposed over the holidays.

17.     Therefore, the CMO should be amended to provide that *all* rebuttal merits expert reports will be due one week after the deposition of Dr. Williams. Remaining deadlines should be adjusted accordingly, because an orderly completion of expert discovery is a prerequisite to moving on to those next phases of the case. However, as of the filing of this motion, the exact date of Dr. Williams's deposition remains uncertain. Accordingly, CDK requests an order from this Court extending the deadline to serve rebuttal merits expert reports from October 25, 2019 until seven days following the deposition of Dr. Williams. CDK then proposes to submit a proposed amended CMO that addresses remaining deadlines for the District Court's consideration and entry once a date for the deposition of Dr. Williams has been confirmed. If Dr. Williams can be made available for deposition earlier in November such that the current deadlines in the CMO would only need to move by a few weeks, it may still be possible for the parties to reach agreement.

Dated:  October 14, 2019                          Respectfully submitted,

                                                  /s/ *Matthew D. Provance*
                                                  Britt M. Miller
                                                  Daniel T. Fenske
                                                  Matthew D. Provance
                                                  MAYER BROWN LLP
                                                  71 South Wacker Drive
                                                  Chicago, IL 60606
                                                  (312) 782-0600
                                                  bmiller@mayerbrown.com
                                                  dfenske@mayerbrown.com
                                                  mprovance@mayerbrown.com

                                                  Mark W. Ryan
                                                  MAYER BROWN LLP
                                                  1999 K Street NW
                                                  Washington, DC 20006
                                                  (202) 263-3000
                                                  mryan@mayerbrown.com

                                                  *Counsel for Defendant*
                                                  *CDK Global, LLC*

## CERTIFICATE OF SERVICE

I, Matthew D. Provance, an attorney, hereby certify that on October 14, 2019, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL'S MOTION FOR AN EXTENSION OF CERTAIN EXPERT DEADLINES** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Matthew D. Provance*
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: mprovance@mayerbrown.com