# Exhibit C

| | |
|---|---|
| **From:** | Nemelka, Michael N. <mnemelka@kellogghansen.com> |
| **Sent:** | Saturday, October 05, 2019 10:02 AM |
| **To:** | 'McKenna, Elizabeth'; Provance, Matthew D.; Wedgworth, Peggy; SERVICE-EXTERNAL-DMS-MDL |
| **Cc:** | Miller, Britt M.; Ryan, Mark; Fenske, Daniel T.; Aundrea K Gulley; Brian T. Ross; Brice Wilkinson |
| **Subject:** | RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions |

**\*\*EXTERNAL SENDER\*\***

Matt,

Subject to the reservations in our email below – we do not agree to a two-day deposition for Mark Israel, or to multiple depositions of the same expert – we have been working with Mr. Israel on his availability. He is teaching the entire week of January 6-10, and is not available any day that week. But he is available on January 16. If Defendants accept this date, then we have reserved January 17 so that the deposition can proceed depending on how the scheduling issues are resolved.

Please let us know at your earliest convenience if January 16 will work given the many demands on Mr. Israel's time.

Thanks,
Mike

**From:** McKenna, Elizabeth [mailto:emckenna@milberg.com]
**Sent:** Friday, October 4, 2019 3:42 PM
**To:** Provance, Matthew D. <MProvance@mayerbrown.com>; Wedgworth, Peggy <pwedgworth@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** [EXTERNAL] RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

Matt,

Plaintiffs are not in violation of the Deposition Protocol (ECF No. 422) which clearly only applies to depositions conducted during fact discovery – it is disingenuous to suggest otherwise. In fact, the only document referencing experts is the schedule dates contained in the Second Stipulated Amended Case Management Order (ECF No. 739), which has not yet been entered by the Court. Moreover, we have been working in good faith to resolve the threshold issues that are necessary to get the depositions on the calendar, and have been engaging in ongoing discussions with you. Once these issues are resolved, we are happy to move forward with scheduling the depositions.

As for other issues raised in your email, citing to defense emails as somehow definitive of all parties' positions on a subject is tenuous at best. As you're well aware, there was much compromise from all parties on the expert discovery schedule, for the various reasons stated by the parties in emails and discussions prior to submission of the proposed schedule.

We request that you clarify your statement: "Defendants do *not* agree to Plaintiffs' proposal as written: 'No expert testimony will be admissible against another party unless that party had the opportunity to cross-examine that expert. Mere attendance at a deposition does not qualify as an opportunity for cross-examination.' Rather, again as stated in my September 26th email, Defendants are prepared to agree that an expert's deposition testimony will not be admissible at trial in any case in which that expert was not disclosed as an expert." Given this statement, if a party has not had an opportunity to cross-examine an expert because that expert was not disclosed as an expert in that party's case, in what situations do you foresee using that expert's deposition testimony in that party's case? You refuse to agree to what appears to be a common-sense application that no expert testimony will be admissible against another party if that party did not have the opportunity to cross-examine that expert.

We renew our proposal that no expert testimony will be admissible against another party unless that party had the opportunity to cross-examine that expert. The following chart illustrates our proposal:

| Expert Deponent | Deposition Testimony may be used only in this/these MDL case(s) | Only these MDL parties may examine or object during the deposition |
|---|---|---|
| Williams | Dealer Case | CDK, Dealers |
| Israel | Authenticom, MVSC, Vendor Case | CDK, Reynolds, Authenticom, MVSC, Vendors |
| Stejskal | Authenticom, MVSC, Vendor Case, Dealer Case | CDK, Reynolds, Authenticom, MVSC, Vendors, Dealers |
| Lawton | MVSC | CDK, Reynolds, MVSC |
| Halpin | Authenticom, MVSC, Vendor Case | Vendors, CDK, Reynolds, Authenticom |
| Rubinfeld | Authenticom, Dealer Case | CDK, Reynolds, Authenticom, Dealers |
| Stroz | Authenticom, Vendor Case, Dealer Case | CDK, Reynolds, Authenticom, Vendors, Dealers |
| Tenaglia | Authenticom, Vendor Case, Dealer Case | CDK, Reynolds, Authenticom, Vendors, Dealers |
| Klein | MVSC | CDK, Reynolds, MVSC |
| Schneck | Authenticom | Reynolds, Authenticom |

On the issue of deposing experts twice/for two days, our position remains the same as discussed in our October 2 response that the Federal Rules do not permit multiple depositions of the same individual absent court order or agreement of the parties. Fed. R. Civ. P. 30(a)(2)(A)(ii). Indeed, Andi's email, which you quote in your email below ("[T]he parties reserve the right (but not the obligation) to take depositions of opening experts between August 26 and October 24 (and similarly reserve the right to take these depositions after reply reports on 11/25 **instead**).") (emphasis added), contemplates that, in the absence of a future agreement or court order, each expert will be deposed only once. Whether Defendants choose to proceed on the basis that certain experts may be deposed twice/for two days is up them, but our position stands and we will object to all such requests.

Regards,
Peggy and Mike

---

**From:** Provance, Matthew D. <MProvance@mayerbrown.com>
**Sent:** Thursday, October 3, 2019 1:44 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>;

Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** [EXTERNAL] RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

Dear Peggy and Mike –

Thanks for your response. Nearly two weeks ago, we asked to schedule depositions for three Plaintiff experts: Michael Williams, Alan Stejskal, and Mark Israel. Under the Deposition Protocol, Plaintiffs should have responded to Defendants' requested dates within 5 days. Having failed to do so, Plaintiffs are once again in violation of the Court's Order. Moreover, the multitude of issues that Plaintiffs have attempted to raise since then are not well-taken, and none of them excuses Plaintiffs' continued delay in scheduling their experts' depositions.

First, on the issue of whether any expert initially deposed before the current reply report deadline may be subject to a continued deposition depending on the contents of his or her reply report, we refer you to what is clearly stated in the record:

> "[T]he parties reserve the right (but not the obligation) to take depositions of opening experts between August 26 and October 24 (and similarly reserve the right to take these depositions after reply reports on 11/25 instead). But for the compromise schedule to work, we would expect that some opening experts would be deposed before October 24. Each party reserves all rights with respect to that issue, but all parties agree that if they choose to take an opening expert deposition before 10/24, there is the possibility of a reply-report-related deposition to address reply issues."

7/29/2019 email from A. Gulley to MDL Service List. Defendants' agreement to a joint submission of the current expert discovery schedule was expressly subject to the parties' understanding on this point. *Id*.

If Plaintiffs are now taking the position that no expert may be deposed more than once, regardless of circumstances, then the record speaks for itself, and Defendants reserve all rights to raise the issue with the Court at the appropriate time. However, whatever disagreement apparently may now exist between the parties on this issue, such disagreement does not in any way create an impediment to scheduling the depositions of Mr. Stejskal and Drs. Israel and Williams, as Defendants have requested.

Second, you ask Defendants to confirm that "counsel for any party in the MDL may attend any expert deposition, but a party's counsel may participate (i.e., question or object) only if the expert has been offered as an expert witness in a case in which that party is currently named," but that point was confirmed already in our September 26th email. You then ask us to confirm that "mere attendance at a deposition does not qualify as an opportunity for cross examination." Although, we generally agree that a party's attendance at a deposition where that party is prohibited from participating (i.e., question or object) does not qualify as an opportunity for cross examination, that point is irrelevant given Defendants' counterproposal on point #3 to which Plaintiff have yet to respond. As stated in my September 26th email, Defendants do **not** agree to Plaintiffs' proposal as written: "No expert testimony will be admissible against another party unless that party had the opportunity to cross-examine that expert. Mere attendance at a deposition does not qualify as an opportunity for cross-examination." Rather, again as stated in my September 26th email, Defendants are prepared to agree that an expert's deposition testimony will not be admissible at trial in any case in which that expert was not disclosed as an expert. We believe that covers the issue and that the agreement does not turn on whether or not attendance provides an opportunity to cross-examine a witness. Accordingly, we continue to await Plaintiffs' confirmation. Regardless, even if there are remaining questions or requests for clarification, it is no reason for Plaintiffs to further delay in scheduling their experts' depositions.

Third, Plaintiffs have no basis to demand that discussions about the length of Dr. Israel's deposition must take place on a "reciprocal" basis with regard to the depositions of Defendants' forthcoming rebuttal experts. The number of days that are appropriate and proportional for each expert's deposition depend on that expert and that expert only. Given the number of cases in (and the number of issues for) which Dr. Israel's report is being proffered, two days of deposition is reasonable. Plaintiffs' insistence on "reciprocal" discussions that could not meaningfully take place before the current rebuttal expert deadline appears in our view to be a transparent attempt to delay the scheduling of Dr. Israel's deposition. If Plaintiffs will

not agree to a two-day deposition absent Court involvement, then at the very least they should reserve two consecutive days in Dr. Israel's schedule during the requested week of January 6-10, 2020, so that his deposition can proceed once this issue is resolved. Please confirm that he is available.

Fourth, given Plaintiffs' continued delay in scheduling the deposition of Dr. Williams, October 9th (less than a week from now) is now off calendar. Please confirm that his deposition will go forward on October 16th so that counsel can make appropriate travel arrangements.

Regards,
Matt

_____

**Matthew Provance**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com

---

**From:** Wedgworth, Peggy <pwedgworth@milberg.com>
**Sent:** Wednesday, October 2, 2019 3:33 PM
**To:** Provance, Matthew D. <MProvance@mayerbrown.com>; Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

**\*\*EXTERNAL SENDER\*\***

Matt,

We disagree with a number of your assertions below including the assertion that an agreement exists that an expert might be "subject to an additional deposition…"   We had several conversations (some of which you were not present) where many possibilities were discussed but no agreement was made regarding expert depositions except as to schedule.  There is no record of any such agreement, because there was none.  We take issue that any expert should be deposed twice.  Indeed, the Federal Rules of Civil Procedure do not permit multiple depositions of the same individual absent court order or agreement of the parties. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Your concern that the current schedule will not accommodate all depositions would be aggravated by your attempt to depose an expert twice.  As to scheduling, enough time is available for all depositions (each expert being deposed once). No expert should have to be deposed twice without court order. Should additional time be needed to complete all expert depositions (with agreement to one deposition per expert), the schedule is flexible enough that depositions could spill into the following week past the currently proposed deadline.

As to points 2 and 3, It appears we have agreement that counsel for any party in the MDL may attend any expert deposition, but a party's counsel may participate (i.e., question or object) only if the expert has been offered as an expert witness in a case in which that party is currently named, and mere attendance at a deposition does not qualify as an opportunity for cross examination.  Please confirm that Defendants agree.

With respect to Mr. Israel's deposition, we disagree that more than one day would be required, and your explanation does not provide any basis for a two-day deposition.  And even if two-days were appropriate, it would need to be

4

reciprocal.  That is why we asked whether Defendants will be sharing experts or have their own.  Contrary to your statement, we did not ask for "a preview of [Defendants'] yet-to-be disclosed rebuttal expert reports."  Instead, we asked: "Are CDK and Reynolds each tendering their own rebuttal report to Mr. Israel, or are they providing a single report on behalf of both Defendants?" and "Similarly, will Defendants have a single report that responds to both Mr. Israel and Mr. Williams, or separate reports?"  The topic of one or two-day depositions should be discussed on a reciprocal basis, not a one-way basis, and we think answers to those questions are necessary to start the conversation.

Thanks,
Peggy and Mike


Peggy Wedgworth, Esq.
**Partner**



One Pennsylvania Plaza, Suite 1920
New York, New York 10119
**Main:**   212-594-5300
**Direct:**  646-515-1269


Link to Bio

---

**From:** Provance, Matthew D. <MProvance@mayerbrown.com>
**Sent:** Friday, September 27, 2019 12:17 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** [EXTERNAL] RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

Counsel –

While you consider our response, please note that given the fact that it is now a week out from October 4th, we are no longer available to proceed with the deposition of Michael Williams on that date. Our request to depose Mr. Williams on either October 9th or October 16th stands, and we reiterate our request that Plaintiffs confirm a date for his deposition as soon as possible.

Thanks,
Matt

_____

**Matthew Provance**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com

5

**From:** Provance, Matthew D.
**Sent:** Thursday, September 26, 2019 8:48 AM
**To:** 'Nemelka, Michael N.' <mnemelka@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

Mike, thanks for your note. In response to Plaintiffs' proposals:

**1.** You asked Defendants to confirm that "all experts in this MDL will be deposed only once." We are not aware of any such agreement between the parties. To the contrary, as we discussed with Derek Ho and Peggy Wedgworth in our meet and confers earlier this summer regarding the schedule in this case, both sides recognized that in order for the compromise schedule to work, any expert who was deposed before submitting a reply report would be potentially subject to an additional deposition, though perhaps limited in scope or duration, to the extent that the expert disclosed new analyses on reply that went beyond the appropriate scope of rebuttal. *See also* 7/29/19 email from A. Gulley to MDL Service List (reiterating that a compromise schedule was conditioned on "all parties agree[ment] that if they choose to take an opening expert deposition before 10/24, there is the possibility of a reply-report-related deposition to address reply issues."). In asking for the depositions of Michael Williams and Alan Stejkal before the current reply report deadline, Defendants do not intend to waive any of their rights in this regard. It is simply a reality that the period between expert rebuttal and reply deadlines and January 10, 2020 (the current deadline to complete expert discovery) will not reasonably accommodate a full deposition of every expert who has been or will be disclosed by the parties in this litigation, particularly with the intervening holidays.

Defendants note that if Plaintiffs intend to rescind the agreement regarding reply-related depositions of experts deposed before replies, Defendants reserve their right to withdraw their request for depositions before replies and, as noted this summer, request from you (or the court if necessary) a longer period for expert depositions after replies and an extension of the rest of the schedule to accommodate that period.

**2.** Defendants will agree to your proposal, i.e., counsel for any party in the MDL may attend any expert deposition, but a party's counsel may participate (i.e., question or object) only if the expert has been offered as an expert witness in a case in which that party is currently named.

**3.** Defendants do not agree to your proposal as phrased, but believe that we are agreed in principle. Defendants are prepared to agree that an expert's deposition testimony will not be admissible at trial in any case in which that expert was not disclosed as an expert. Together with #2 above, this should cover the issue. Please let us know if the parties are in agreement.

In response to Plaintiffs' questions:

**1.** We believe that two days will be necessary for Defendants to complete the deposition of Mark Israel for the following reasons, among others: He is disclosed as Plaintiffs' liability expert in three separate cases (*Authenticom*, *MVSC*, and *AutoLoop*), two of which are pending against both Defendants. In addition, Mr. Israel has been disclosed as the putative vendor class's damages expert. His report is voluminous, exceeding 120 pages exclusive of charts and tables. And the econometric models that Israel puts forth include more than 200 GB of backup. Under the circumstances, we believe that Defendants' request is reasonable and proportional to the needs of the case.

**2-3.** Defendants do not believe that a preview of their yet-to-be disclosed rebuttal expert reports is necessary for Plaintiffs to schedule depositions of their own experts. The number or content of the reports that Defendants' experts will submit in rebuttal has no bearing on the timing or duration of Plaintiffs' experts' depositions. As we discussed with Mr. Ho and Ms. Wedgworth this summer, in order to ensure that the very limited (and holiday-ridden) time period for

depositions is sufficient, we will need you to confirm these dates in the near term. And we ask that you do not delay further in responding regarding these dates. It is inappropriate for Plaintiffs to hold up the process of scheduling their own experts' depositions by demanding that Defendants provide a preview into what Defendants' experts are going to address in rebuttal.

_____

**Matthew Provance**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Friday, September 20, 2019 10:56 AM
**To:** Provance, Matthew D. <MProvance@mayerbrown.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** RE: In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

**\*\*EXTERNAL SENDER\*\***

Matt,

In response to your email request concerning expert depositions, please confirm:

1. All parties agree that all experts in this MDL will only be deposed once.

2. Counsel for any party in the MDL may attend any expert depo, but a party's counsel may participate (i.e., question or object) <u>only</u> if the expert has been offered as an expert witness in a case in which that party is currently named (i.e., Dealer class plaintiffs may not question Reynolds' experts, and Reynolds may not question Dealer class plaintiffs' experts).

3. No expert testimony will be admissible against another party unless that party had the opportunity to cross-examine that expert. Mere attendance at a deposition does not qualify as an opportunity for cross-examination, in accordance with #2 above.

We also have the following questions:

1. What is the basis for Defendants' request for two days for Mark Israel's deposition? You provide no explanation.

2. And so that we can evaluate Defendants' request, we'll need to know what Defendants are planning with respect to their rebuttal reports on antitrust and economic issues. Are CDK and Reynolds each tendering their own rebuttal report to Mr. Israel, or are they providing a single report on behalf of both Defendants?

3. Similarly, will Defendants have a single report that responds to both Mr. Israel and Mr. Williams, or separate reports?

Thanks,

Mike and Peggy

---

**From:** Provance, Matthew D. [mailto:MProvance@mayerbrown.com]
**Sent:** Thursday, September 19, 2019 11:08 AM
**To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Miller, Britt M. <BMiller@mayerbrown.com>; Ryan, Mark <MRyan@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Aundrea K Gulley <agulley@gibbsbruns.com>; Brian T. Ross <bross@gibbsbruns.com>; Brice Wilkinson <bwilkinson@gibbsbruns.com>
**Subject:** [EXTERNAL] In re DMS, 18-cv-864 (N.D. Ill.) - Expert Depositions

Dear Counsel –

Defendants write to request depositions of three of Plaintiffs' disclosed experts in the following date ranges:

1. Michael Williams – October 4, October 9, or October 16, 2019
2. Allan Stejkal – November 4-8, 2019
3. Mark Israel – January 6-10, 2020

Defendants believe that two consecutive days (14 hours) to complete their respective examinations of Dr. Israel is appropriate and proportional, and we are requesting dates for him now, well in advance, in an effort to avoid any conflicts with prior commitments in his schedule.

We will revert with our requested dates for the depositions of Plaintiffs' remaining experts shortly.

Regards,
Matt Provance

_____

**Matthew Provance**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
T +1 312 701-8598
LinkedIn | Twitter
mayerbrown.com


_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.