IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Magistrate Judge Jeffrey T. Gilbert |

### ORDER

This matter is before the Court on Defendants CDK Global, LLC and the Reynolds and Reynolds Company's Motion to Clarify June 12, 2019 Order (Dkt. 719) [ECF No. 724]. For the reasons discussed below, Defendants' Motion to Clarify is granted, and their request that the Court order Plaintiff Authenticom to produce a single day of data from its polling client manager ("PCM") logs is denied.

On June 12, 2019, the Court issued an Order [ECF No. 719] denying Defendants' Motion to Compel Outstanding Discovery and Testimony from Plaintiff Authenticom, Inc. [ECF No. 709] as to Authenticom's PCM log. In their original Motion [ECF No. 709], Defendants sought the production of Authenticom's PCM log for a rolling seven-day period. Authenticom opposed that Motion. During the parties' meet and confer process, Authenticom offered to produce data from its PCM logs for one day to avoid bringing the dispute to the Court. Defendants, however, rejected that offer and wanted the PCM logs for a full seven-day period presumably because data for just one day would not suit their purposes.

During the hearing on Defendant's Motion held on June 10, 2019, the Court discussed various possible ways to resolve the dispute with the parties, including Authenticom's offer to produce one day of PCM logs. Notwithstanding that discussion, the Court ultimately denied Defendants' motion to compel production of the PCM logs and did not require Authenticom to produce anything. See June 12, 20919 Order [ECF No. 719]. The Court was not persuaded that Authenticom should be required to produce its PCM logs, either for single day or for the full seven days sought by Defendants. The Court sees no reason to change that ruling now.

Defendants read too much into the Court's acknowledgement in its previous Order that Authenticom had offered to produce limited information from its system as a possible way of resolving Defendants' Motion to Compel. See [ECF No. 719], at 2. Authenticom's primary argument was that it would be too burdensome and not proportional to the needs of the case for it to produce any of the information Defendants were seeking. Although the Court referenced Authenticom's offer, that was done to illustrate (perhaps poorly in retrospect) that there were potentially less burdensome ways for Defendants to get the information they were seeking for a seven-day rolling time period. In addition, the parties never agreed on which dealers' data Authenticom would search for and produce even for just one day, or on any other variables that would characterize the exemplar data to be produced. The Court's impression also was that even such a "limited" production would require a considerable amount of work by Authenticom. The

Court never was presented with a concrete plan or parameters for production of even one day of data, and it was not clear that such a production would meet Defendants' needs in any event since they rejected that offer when it was made. For all the reasons set out in the Court's prior Order, therefore, the Court declined to find that exercise was proportional to the needs of the case.

To be clear, the Court will not stand in the way of any agreement the parties might reach that would result in Authenticom's producing some of the information Defendants are seeking. But the Court did not require more from Authenticom in its prior Order, and it will not re-visit that decision now. The Court did not have enough information back in June 2019 to structure a compromise solution to the dispute about production of the PCM log data and it does not have enough information now to do so. To the extent Defendants really are seeking reconsideration of the Court's earlier Order, that motion would be denied as well on this record.

Accordingly, for the reasons discussed in the Court's June 12, 2019 Order [ECF No. 719] incorporated by reference herein, and for the reasons stated above, Defendants' Motion to Clarify June 12, 2019 Order (Dkt. 719) [ECF No. 724] is granted, and Defendants' request to order Authenticom to produce a single day of data from its PCM logs is denied.

It is so ordered.

Dated: October 23, 2019

Jeffrey T. Gilbert
Unites States Magistrate Judge