Exhibit 101

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to:<br>*Authenticom, Inc. v. CDK Global, LLC, et al.,*<br>Case No. 1:18-cv-00868 | Hon. Amy J. St. Eve |

### AUTHENTICOM, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S REQUESTS FOR ADMISSION

Pursuant to the Federal Rules of Civil Procedure and the governing Local Rules, Authenticom, Inc. ("Authenticom") submits the following Responses and Objections to The Reynolds and Reynolds Company's ("Reynolds") Requests for Admission.

### GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if they were fully repeated therein and will not be specifically repeated or referenced in each such response. Authenticom reserves the right to assert additional objections as necessary and/or appropriate.

1. Authenticom objects to each and every Definition, Instruction, and Request for Admission ("Requests") to the extent it attempts to alter the scope of discovery or impose obligations that are inconsistent with or exceed those required under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Northern District of Illinois, any order of this Court, or any agreement between the parties.

2. Authenticom objects to the Requests to the extent they seek information protected by applicable privileges (including, but not limited to, the attorney-client privilege, joint defense

1

or common interest privilege, and attorney work product privilege) or otherwise protected under applicable law. In the event such information is produced in response to these Requests, such production is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other applicable ground for protecting such documents from disclosure.

3. Authenticom objects to the Requests to the extent they are vague, overly broad, unduly burdensome, irrelevant, duplicative, or not reasonably calculated to lead to the discovery of admissible evidence.

4. Authenticom's responses are made without waiver of and with preservation of all objections as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose and in any further proceeding in this action and in any other action; the right to object to the use of any such responses or the subject matter thereof, on any ground in any further proceeding in this action and any other action; and the right to object on any ground at any time to a demand or request for further response to these Requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided.

5. Authenticom objects to the Requests to the extent that they seek information that is not reasonably available. Authenticom will only provide information that is reasonably available.

6. Authenticom objects to the Requests insofar as they seek information that is not relevant to the claim or defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence. By responding to these Requests, Authenticom does not concede the relevance or admissibility of any information provided, and reserves the right to

object to the relevance and admissibility of any information provided in response to the Requests.

7. Authenticom objects to the Requests insofar as they seek confidential, proprietary or trade secret information, the disclosure of which would cause irreparable competitive injury to Authenticom, without providing adequate assurances that such information will not be disclosed. All confidential or proprietary materials or information provided are subject to the Protective Order entered in this case.

8. Authenticom objects to the Requests insofar as they purport to impose upon it a duty to provide information not within Authenticom's possession, custody, or control. Authenticom shall respond to the Requests on behalf of itself only.

9. Authenticom objects to the Requests to the extent that they contain or rely upon a misstatement of fact or law, or assume the existence of facts or events that do not exist or did not take place. Any answer of Authenticom to a Request for Admission shall not be construed as an admission that any characterization of facts, circumstances, or legal obligations stated or implied in that Request is accurate. Authenticom reserves the right to contest any such characterization as inaccurate.

10. Authenticom objects to the Requests to the extent that they are overbroad, cumulative, unduly burdensome, unreasonable, vague, indefinite, uncertain, imprecise, ambiguous, susceptible to multiple interpretations, and/or otherwise cannot reasonably be responded to.

11. Authenticom objects to the Requests to the extent that they call for information over an unreasonably long time frame or over a time period for which Authenticom does not maintain historical records.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1

Admit that you have accessed a Reynolds DMS without a license from Reynolds.

### AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 1

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame. Authenticom further objects to this Request because "you have accessed a Reynolds DMS without a license from Reynolds" is vague and ambiguous. Authenticom will interpret "you have accessed a Reynolds DMS without a license from Reynolds" to mean "Authenticom has obtained data from the Reynolds DMS without authorization granted by a dealer that possesses a license from Reynolds and authorizes Authenticom to access the dealer's data."

Subject to and without waiving the foregoing objections, denied.

### REQUEST FOR ADMISSION NO. 2

Admit that you have used the software programs ERAccess.exe and ERALink.exe without a license from Reynolds.

### AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 2

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame. Authenticom further objects to this Request because "you have used the software programs ERAccess.exe and ERALink.exe without a license from Reynolds" is vague and ambiguous. Authenticom will interpret "you have used the software programs ERAccess.exe and ERALink.exe without a license from Reynolds" to mean "Authenticom has used the software programs ERAccess.exe and ERALink.exe without authorization granted by a dealer that possesses a license from Reynolds and authorizes Authenticom to access the dealer's data."

Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 3**

Admit that you have evaded software security measures (for example, CAPTCHA) to obtain access to a Reynolds DMS.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame. Authenticom objects to this Request on the ground that the term "you have evaded" is vague and ambiguous. Authenticom will interpret "you have evaded software security measures [] to obtain access to a Reynolds DMS" to mean "Authenticom has evaded Reynolds's software security measures to obtain data from Reynolds's DMS without authorization granted by a dealer that possesses a license from Reynolds and authorizes Authenticom to access the dealer's data."

Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that you compete in the market for integration services relating to used and independent automotive dealerships.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame. Authenticom will construe this Request as concerning Authenticom's current practices. Authenticom objects to this Request to the extent it assumes the legal conclusion that there is a separate "market" for data integration services for used and independent automotive dealerships. Whether a relevant antitrust market exists is a question of fact that depends on the commercial realities faced by consumers. Authenticom further objects to the Request as vague and ambiguous to the extent that it does not define "used and independent automotive dealerships." Authenticom will construe this Request as concerning

5

non-franchised automotive dealerships. Authenticom further objects to this Request as irrelevant to the claims and defenses in this litigation. Authenticom further objects to this Request to the extent it suggests that data integration for vendors servicing non-franchised car dealerships is the same as data integration services for new car franchised dealerships.

Subject to and without waiving the foregoing objections, Authenticom admits that, for non-franchised dealerships, it provides data extraction, which is a type of data integration service, for vendors primarily needing access to inventory data. Authenticom otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 6**

Admit you are a certified provider in Dealertrack's Opentrack program.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame. Authenticom will construe this Request as concerning Authenticom's current practices.

Subject to and without waiving the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 7**

Admit that you have no evidence of the existence of an unlawful horizontal conspiracy or agreement involving Reynolds prior to February 2015.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Denied.

**REQUEST FOR ADMISSION NO. 8**

Admit that dealers do not purchase integration services directly from you.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Authenticom objects to this Request as vague and ambiguous to the extent it does not

state a specific time frame.  Authenticom further objects that "purchase [] directly" is vague and ambiguous and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Authenticom admits that vendors (not dealers) typically make payments to Authenticom for data integration services.  However, dealers must authorize Authenticom to provide their data to the vendors.  Vendors also may pass through some or all of the data integration fees to dealers.  Authenticom otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 9**

Admit that you are not a competitor or customer in the DMS market.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame.  Authenticom will construe this Request as concerning Authenticom's current practices.  Authenticom further objects to this Request as vague and ambiguous to the extent it fails to define "the DMS market."

Subject to and without waiving the foregoing objections, Authenticom admits that it does not sell or purchase dealer management systems.

**REQUEST FOR ADMISSION NO. 10**

Admit that dealers do not own all of the data in a Reynolds DMS.

**AUTHENTICOM RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Authenticom objects to this Request as vague and ambiguous to the extent it does not state a specific time frame.  Authenticom further objects to this Request as vague and ambiguous to the extent it does not define "data in a Reynolds DMS."

Subject to and without waiving the foregoing objections, Authenticom lacks information sufficient to admit or deny this Request.

Dated: May 7, 2018                                    Respectfully submitted,

                                                                                              */s/ Derek T. Ho*
                                                                                              Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**Kellogg, Hansen, Todd,**
  **Figel & Frederick, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Kendall W. Harrison
**Godfrey & Kahn S.C.**
One East Main Street, Suite 500
Madison, WI 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

*Attorneys for Authenticom, Inc.*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2018, I caused a true and correct copy of the foregoing Authenticom, Inc.'s Objections and Responses to Defendant The Reynolds and Reynolds Company's Requests for Admission to be served by email upon the following individuals:

Mark W. Ryan (mryan@mayerbrown.com)
Britt M. Miller (bmiller@mayerbrown.com)
Matthew D. Provance (mprovance@mayerbrown.com)
Jeffrey A. Simmons (jsimmons@foley.com)
Joseph S. Harper (jharper@foley.com)
Aundrea K. Gulley (agulley@gibbsbruns.com)
Brian T. Ross (bross@gibbsbruns.com)
Brice A. Wilkinson (bwilkinson@gibbsbruns.com)
Ross M. MacDonald (rmacdonald@gibbsbruns.com)
Justin D. Patrick (jpatrick@gibbsbruns.com)
Kathy D. Patrick (kpatrick@gibbsbruns.com)
Michael P. A. Cohen (mcohen@sheppardmullin.com)
Amar S. Naik (anaik@sheppardmullin.com)
James L. McGinnis (jmcginnis@sheppardmullin.com)
John S. Skilton (jskilton@perkinscoie.com)
Charles G. Curtis, Jr. (ccurtis@perkinscoie.com)
Michelle M. Umberger (mumberger@perkinscoie.com)
Brandon M. Lewis (blewis@perkinscoie.com)
Jesse J. Bair (jbair@perkinscoie.com)
Kathleen A. Stetsko (kstetsko@perkinscoie.com)

                                                                           */s/ Derek T. Ho*
                                                                           Derek T. Ho