Exhibit 102

CONFIDENTIAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to:<br>*Authenticom, Inc. v. CDK Global, LLC, et al.*<br>Case No. 1:18-cv-00868 | Hon. Amy J. St. Eve |

### AUTHENTICOM, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Authenticom, Inc. ("Authenticom") hereby serves the following Objections and Responses to Defendant The Reynolds and Reynolds Company's ("Reynolds") First Set of Interrogatories. These responses and objections exclude Authenticom's responses and objections to Reynolds' Interrogatory Nos. 11 and 14, which Authenticom served at Defendants' request on April 21, 2018. Authenticom reserves the right to amend, supplement, and correct its objections or responses as necessary.

### GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if they were fully repeated therein and will not be specifically repeated or referenced in each such response. Authenticom reserves the right to assert additional objections as necessary and/or appropriate.

1.      Authenticom objects to each and every Definition, Instruction, and Interrogatory to the extent it attempts to alter the scope of discovery or impose obligations that are inconsistent with or exceed those required under the Federal Rules of Civil Procedure, the Local Rules of the

1

**CONFIDENTIAL**

U.S. District Court for the Northern District of Illinois, any order of this Court, or any agreement between the parties.

2.      Authenticom objects to the Interrogatories to the extent they seek information protected by applicable privileges (including, but not limited to, the attorney-client privilege, joint defense or common interest privilege, and attorney work product privilege) or otherwise protected under applicable law.  In the event such information is produced in response to these Interrogatories, such production is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other applicable ground for protecting such information from disclosure.

3.      Authenticom objects to the Interrogatories to the extent they are vague, overly broad, unduly burdensome, irrelevant, duplicative, or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Authenticom's responses are made without waiver of and with preservation of all objections as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose and in any further proceeding in this action and in any other action; the right to object to the use of any such responses or the subject matter thereof, on any ground in any further proceeding in this action and any other action; and the right to object on any ground at any time to a demand or request for further response to these requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided.

5.      Authenticom objects to the Interrogatories to the extent that they seek information that is not reasonably available.  Authenticom will provide only information that is reasonably available.

CONFIDENTIAL

6.     Authenticom objects to the Interrogatories insofar as they seek information that is not relevant to the claim or defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.  By responding to these Interrogatories, Authenticom does not concede the relevance or admissibility of any information provided, and reserves the right to object to the relevance and admissibility of any information provided in response to these Interrogatories.

7.     Authenticom objects to the Interrogatories insofar as they seek confidential, proprietary or trade secret information, the disclosure of which would cause irreparable competitive injury to Authenticom, without providing adequate assurances that such information will not be disclosed.  All confidential or proprietary materials or information provided are subject to the Protective Order entered in this case.

8.     Authenticom objects to the Interrogatories insofar as they purport to impose upon it a duty to provide information not within Authenticom's possession, custody, or control. Authenticom shall respond to the Interrogatories on behalf of itself only.

9.     Authenticom objects to the Interrogatories to the extent that they seek information for which the burden of ascertaining the answer is substantially the same for Reynolds, or which is equally available to Reynolds from other sources which are more convenient, less burdensome, or less expensive.

10.     Authenticom objects to the Interrogatories to the extent that they contain or rely upon a misstatement of fact or law, or assume the existence of facts or events that do not exist or did not take place.  Any response of Authenticom to an Interrogatory shall not be construed as an admission that any characterization of facts, circumstances, or legal obligations stated or implied

CONFIDENTIAL

in that Interrogatory is accurate. Authenticom reserves the right to contest any such characterization as inaccurate.

11. Authenticom objects to the Interrogatories to the extent that they are overbroad, cumulative, unduly burdensome, unreasonable, vague, indefinite, uncertain, imprecise, ambiguous, susceptible to multiple interpretations, and/or otherwise cannot reasonably be responded to.

12. Authenticom objects to the Interrogatories to the extent that they seek information Authenticom has provided or will provide pursuant to Requests for Production of Documents submitted by Defendants in this action. Authenticom reserves the right to refer Defendants to that information.

13. Authenticom objects to the Interrogatories to the extent that they call for information over an unreasonably long timeframe or over a time period for which Authenticom does not maintain historical records.

14. Authenticom objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure. Reynolds has impermissibly put forth numerous compound Interrogatories that bring the total number of Interrogatories to well above 25. Because Reynolds has violated Rule 33(a)(1), Authenticom will not answer any additional interrogatories from Reynolds unless and until Reynolds obtains leave of the Court.

15. Authenticom's investigation of this case is ongoing, and its Responses to these Interrogatories are made after reasonable inquiry into the relevant facts within the time period allowed for such Responses. Authenticom has not completed its investigation, discovery, analysis, legal research, or preparation for trial in this matter. Authenticom anticipates that

further investigation, discovery, and research may result in the ascertainment of additional or different information or documentation or different factual and legal contentions. Accordingly, Authenticom reserves the right to modify, correct, or supplement its Responses, which should not be construed to prejudice Authenticom's right to conduct further investigation, discovery and research, or to limit Authenticom's right to utilize any additional evidence that may be discovered.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1

State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses).

### RESPONSE TO INTERROGATORY NO. 1

Authenticom objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "you" and "relationship to you" in this context. Authenticom further objects to this Interrogatory as irrelevant to the claims and defenses in this litigation. Authenticom further objects to this Interrogatory on the ground that it seeks protected attorney work product. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that this Interrogatory seeks protected attorney work product and attorney-client communications.

CONFIDENTIAL

## INTERROGATORY NO. 2

List all logins, corresponding passwords, and corresponding dealers that you have used to access a Reynolds DMS.

## RESPONSE TO INTERROGATORY NO. 2

Authenticom objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and does not seek relevant information. Authenticom further objects to this Interrogatory on the ground that the time period covered by this Interrogatory, January 1, 2013 to the present, is overly broad and unduly burdensome as it relates to "all logins, corresponding passwords, and corresponding dealers." Authenticom further objects to this Interrogatory insofar as it seeks confidential and proprietary information, the disclosure of which would cause irreparable competitive injury to Authenticom. Authenticom further objects to this Interrogatory as dealer-authorized logins and passwords are irrelevant to the claims and defenses in this litigation. Authenticom further objects to this Interrogatory as intending only to harass Authenticom and its customers. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that discovery is ongoing and information identifying certain Reynolds dealers that use or have used Authenticom's services will be forthcoming.

## INTERROGATORY NO. 3

Describe each non-privileged interview that you or anyone acting on your behalf conducted relating to the claims you raise in this litigation, including the name, address, and

**CONFIDENTIAL**

telephone number of the individual interviewed; the date of the interview; and the name, address, and telephone number of the person who conducted the interview.

## RESPONSE TO INTERROGATORY NO. 3

Authenticom objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, as it is impracticable for Authenticom to identify the details of every "interview" that it or "anyone acting on [its] behalf" conducted "relating" to claims raised in this litigation. Authenticom further objects that the term "interview" is undefined, vague, and ambiguous. Authenticom objects to this Interrogatory on the grounds that it seeks information that is irrelevant to this litigation, and therefore not the proper subject of discovery. Authenticom further objects on the grounds that this Interrogatory seeks protected attorney work product and attorney-client communications related to the investigation of Authenticom's legal claims. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that this Interrogatory seeks protected attorney work product and attorney-client communications.

## INTERROGATORY NO. 4

Describe each non-privileged written or recorded statement that you obtained from any individual regarding the claims you raise in this litigation, including the name, address, and telephone number of the individual from whom the statement was obtained; the name, address and telephone number of the individual who obtained the statement; the date the statement was obtained; and the name, address, and telephone number of each person who has the original statement or copy.

CONFIDENTIAL

## RESPONSE TO INTERROGATORY NO. 4

Authenticom objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, as it is impracticable for Authenticom to document and describe every non-privileged "written or recorded statement" "regarding" the claims raised in this litigation. Authenticom further objects that the term "written or recorded statement" is undefined, vague, and ambiguous. Authenticom objects to this Interrogatory on the ground that the word "obtained" is vague and ambiguous, as it is unclear whether it is intended to encompass witness statements obtained by counsel or inbound communications from third parties commenting upon the litigation. Authenticom will construe the Interrogatory as seeking the former. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that this Interrogatory seeks protected attorney work product and attorney-client communications.

## INTERROGATORY NO. 5

Identify all business arrangements between you and any dealer's association (including the California New Car Dealers Association), including the amount of money you have paid to those organizations and the reasons for those payments.

## RESPONSE TO INTERROGATORY NO. 5

Authenticom objects to this Interrogatory as irrelevant to the claims and defenses in this case. Authenticom further objects that the terms "business arrangements" and "dealer's association" are vague, ambiguous, and undefined in this context. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than

CONFIDENTIAL

allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that it pays the California New Car Dealers Association ("CNCDA") 7% of all DealerVault sales generated from dealerships located in California in return for DealerVault appearing on the CNCDA website as a "Licensed Vendor." *See* CNCDA Licensed Vendors, *available at* https://www.cncda.org/about/associate-directory/licensed-vendors (listing DealerVault alongside Reynolds, among others). Authenticom is required to make quarterly royalty payments and a minimum of $25,000 annually to CNCDA. Below is a list of payments that Authenticom has made to CNCDA:

- January 20, 2015: $25,000 (initial license payment)
- May 15, 2015: $2,206.77 (first quarter of 2015 royalty payment)
- July 28, 2015: $3,087.18 (second quarter of 2015 royalty payment)
- October 23, 2015: $2,827.97 (third quarter of 2015 royalty payment)
- February 9, 2016: $16,878.08 (fourth quarter of 2015 royalty payment, including a $13,728.08 payment to meet the annual minimum of $25,000)
- February 24, 2016: $5,000 (payment for CNCDA sponsorship at NADA trade show)
- April 26, 2016: $3,474.91 (first quarter of 2016 royalty payment)
- July 28, 2016: $4,802.35 (second quarter of 2016 royalty payment)
- February 17, 2017: $16,722.74 (third and fourth quarter of 2016 royalty payments, including a $3,819.88 payment to meet the annual minimum of $25,000)
- May 12, 2017: $8,165.99 (first quarter of 2017 royalty payment)
- August 18, 2017: $8,076.50 (second quarter of 2017 royalty payment)
- November 20, 2017: $8,104.08 (third quarter of 2017 royalty payment)
- January 24, 2018: $8,475.53 (fourth quarter of 2017 royalty payment)
- April 24, 2018: $8,164.59 (first quarter of 2018 royalty payment)

Authenticom has also paid the Montana Auto Dealer Association annual membership dues of $600 on January 4, 2016, October 19, 2016, and September 21, 2017.

**INTERROGATORY NO. 6**

Identify by month the number of times Authenticom has accessed a Reynolds DMS or has run or used any version of the programs ERAccess.exe or ERALink.exe.

9

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 6**

Authenticom objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Authenticom further objects to this Interrogatory on the ground that the time period covered by this Interrogatory, January 1, 2013 to the present, is overly broad and unduly burdensome as it relates to tracking every time Authenticom has provided data integration services for a Reynolds dealer. Authenticom further objects to this Interrogatory on the ground that it contains two separate interrogatories. Authenticom will respond to this Interrogatory as requesting Authenticom to "identify by month the number of times Authenticom has accessed a Reynolds DMS." Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that it does not have this information in its possession, custody, or control.

**INTERROGATORY NO. 7**

Describe Authenticom's policies, procedures and standards for protecting dealer or DMS data at rest and in transit, including changes over time.

**RESPONSE TO INTERROGATORY NO. 7**

Authenticom objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, as it purports to require a description of every change in "policies, procedures, and standards" "over time." Authenticom further objects that the terms "policies," "procedures," and "standards" are vague, ambiguous, and undefined in this context. Authenticom further objects to this Interrogatory on the ground that it contains at least two separate interrogatories, asking for

10

CONFIDENTIAL

information regarding Authenticom's security with respect to data in transit and at rest.

Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded

more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer

them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that it

has numerous security measures in place. Authenticom partners with Microsoft Azure cloud

services to store dealer data at rest. All dealer data that is at rest is secured behind a firewall. All

dealer data in transit is encrypted. For Reynolds and CDK dealers, Authenticom accesses dealer

data over an industry standard secure shell (SSH) tunnel. For manual pushing for Reynolds and

CDK dealers, dealers send exported data to Authenticom over an industry standard secure file

transfer protocol (SFTP). For non-CDK and non-Reynolds dealers, Authenticom generally

utilizes either an API or an SFTP connection.

## INTERROGATORY NO. 8

Describe how DMS authentication credentials are and have been transmitted and stored

by Authenticom, including a list of all persons who have or had access to those credentials

during that time frame.

## RESPONSE TO INTERROGATORY NO. 8

Authenticom objects to this Interrogatory on the grounds that it is overbroad and unduly

burdensome. It is impracticable for Authenticom to name "all persons" who "have or had

access" to DMS authentication credentials. Authenticom also lacks information on a dealer by

dealer basis as to the person(s) that the dealer has given access to such dealer-authorized

authentication credentials. To the extent this Interrogatory requests the identity of each

Authenticom employee that had access to credentials, Authenticom objects to providing that

11

information as it is not relevant to any claim or defense in this litigation, is unduly burdensome, and is intended only to harass. Authenticom further objects that the terms "time frame," "persons," "transmitted," and "have or had access" are vague, ambiguous, and undefined in this context. Authenticom further objects to this Interrogatory on the ground that it seeks information that is irrelevant to this litigation, and therefore not the proper subject of discovery. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that Authenticom's policy is to receive a dealer's login credentials via a secure web form. The secure web form utilizes industry standard secure socket layer ("SSL") encryption. In some instances, Authenticom requests that a dealer provide login credentials over the phone. In the instances in the past where a dealer chose to send login credentials by email, Authenticom's policy was to direct the dealer to provide the username and password in separate emails. Authenticom stores usernames and passwords in a Microsoft SQL server. Authenticom further refers Reynolds to Authenticom Dkt. No. 143 (Declaration of S. Cottrell, June 22, 2017)

**INTERROGATORY NO. 9**

Please describe where Authenticom transmits data once data is scraped, polled, copied, or otherwise taken out of a Reynolds or CDK DMS from the point at which Authenticom takes possession of the data until the point at which Authenticom no longer stores or has control over the data (or to the present, if Authenticom stores the data indefinitely).

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 9**

Authenticom objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Authenticom further objects that the terms "data," "taken out," "takes possession," and "control" are vague, ambiguous, and undefined in this context. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that Authenticom uses Microsoft Azure cloud services as the technology infrastructure hub for its data integration services. Authenticom stores the dealer data that it receives from Reynolds and CDK dealers on Microsoft Azure and then sends that data to the vendors selected by its dealer customers directly from Microsoft Azure. If a dealer cancels Authenticom's services, Authenticom purges that dealer's data within 90 days unless the dealer requests an earlier purge date. Authenticom further refers Reynolds to Authenticom Dkt. No. 143 (Declaration of S. Cottrell, June 22, 2017)

**INTERROGATORY NO. 10**

Please identify each individual who has responsibility or had responsibility for communicating with Reynolds DMS customers on behalf of Authenticom regarding Authenticom's services.

**RESPONSE TO INTERROGATORY NO. 10**

Authenticom objects to this Interrogatory as overbroad and unduly burdensome. Authenticom objects to this Interrogatory on the ground that the time period covered by this Interrogatory, January 1, 2013 to the present, is overly broad and unduly burdensome as it relates

CONFIDENTIAL

to every individual who communicated with Reynolds DMS customers. Authenticom further objects that the term "responsibility" is vague and undefined in this context. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that the following current or former employees were assigned to a team that served Reynolds DMS customers:

- Sumaria Azim
- Mallory Buckholtz
- Lydia Danielson
- Tanya Hedberg
- Michael Jobb
- Lynn Kamrowski
- Melissa McCormick
- Kyle Murphy
- Chris Noethe
- Nick Randall
- Collin Semb
- Emily Valley

CEO Steve Cottrell has also communicated with Reynolds DMS customers. Other Authenticom employees or management may have communicated with Reynolds DMS customers when contacted or appropriate.

## INTERROGATORY NO. 12

If you contend that any of the following are not competitors of Authenticom, please explain why: Dealertrack Opentrack, Autosoft Connect, Auto/Mate Enterprise Application Integration, InDesign DMSconnect.

## RESPONSE TO INTERROGATORY NO. 12

Authenticom objects to this contention interrogatory insofar as it purports to require

CONFIDENTIAL

Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects that the term "competitor[]" is vague and undefined in this context. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that, to the best of its current knowledge, Dealertrack Opentrack, Autosoft Connect, and Auto/Mate Enterprise Application Integration offer data integration services that compete with Authenticom's data integration service for dealers using the specific DMS platforms served by those services. To the best of Authenticom's knowledge, InDesign DMSconnect, if it is still in business, offered integration services used by a handful of vendors.

**INTERROGATORY NO. 13**

Identify all business arrangements between you and Cox Automotive (or any subsidiary or affiliate), including the name, date, amount of remuneration provided for, and substance of any such agreement.

**RESPONSE TO INTERROGATORY NO. 13**

Authenticom objects to this Interrogatory as irrelevant to the claims and allegations in this case. Authenticom further objects that the term "business arrangements" is vague, ambiguous, and undefined in this context. Authenticom further objects to this Interrogatory insofar as it seeks confidential and proprietary information. Authenticom further objects to this Interrogatory as irrelevant to this litigation and intended only to harass. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the

allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that it is willing to meet and confer with Reynolds to clarify the scope and relevance of this Interrogatory.

## INTERROGATORY NO. 15

In paragraph 246 of your complaint, you assert that one of the purposes of Defendants' alleged conspiracy was to "protect their DMS duopoly." If you contend that Defendants' alleged conspiracy had any purpose or effect relating to the DMS market, please explain the basis for your contention.

## RESPONSE TO INTERROGATORY NO. 15

Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken. Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before discovery is complete. The general rule is to defer contention interrogatories until discovery is near an end in order to promote efficiency and fairness. Authenticom further objects to this Interrogatory insofar as it asks for information that is properly the subject of expert testimony. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom refers Reynolds to

CONFIDENTIAL

the remainder of Authenticom's Complaint, Authenticom's briefing in support of its motion for a preliminary injunction, the transcript from the preliminary injunction hearing, the exhibits introduced at the preliminary injunction hearing (which express concerns about the threatened disintermediation of DMS functionality), The Honorable James D. Peterson's opinions and orders, and Authenticom's briefing before the Court of Appeals for the Seventh Circuit which articulate the purposes and effects of CDK and Reynolds' conspiracy. Discovery is ongoing and additional details of the purposes and effects of Defendants' illegal collusion will be provided at an appropriate time.

## INTERROGATORY NO. 16

In paragraph 246 of your complaint, you assert that one of the purposes of Defendants' alleged conspiracy was to "drive competing data integrators out of the Dealer Data Integration Market and their respective aftermarkets, thereby protecting and increasing the flow of monopoly profits to CDK and Reynolds." Please explain the basis for your contention, including the identity of each integrator that you contend has been driven out of business by Reynolds and the date on which the integrator was driven out of business.

## RESPONSE TO INTERROGATORY NO. 16

Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken. Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before

discovery is complete. The general rule is to defer contention interrogatories until discovery is

near an end in order to promote efficiency and fairness. Authenticom further objects to this

Interrogatory insofar as it asks for information that is properly the subject of expert testimony.

Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded

more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer

them in order until the allowable limit is reached. Authenticom further objects that this

Interrogatory is compound. To the extent that Reynolds is asking for a list of each data

integrator that Reynolds drove out of business as part of its conspiracy with CDK and the date

that the data integrator went out of business, Authenticom objects on the ground that this

information is more accessible to Reynolds than it is to Authenticom.

Subject to and without waiving the foregoing objections, Authenticom refers Reynolds to

the remainder of Authenticom's Complaint, Authenticom's briefing in support of its motion for a

preliminary injunction, the transcript from the preliminary injunction hearing, the exhibits

introduced at the preliminary injunction hearing, The Honorable James D. Peterson's opinions

and orders, and Authenticom's briefing before the Court of Appeals for the Seventh Circuit

which articulate the purposes and effects of CDK and Reynolds' conspiracy. Further evidence of

the purpose underlying Defendants' conspiracy is contained in the exhibits to MDL Dkt. 126.

Discovery is ongoing and additional details of the purposes and effects of Defendants' illegal

collusion will be provided at an appropriate time.

**INTERROGATORY NO. 17**

If you contend that any conduct by Reynolds or CDK that forms the basis of any of your

causes of action harmed competition in any market, please explain the basis for your contention,

separately for each relevant market you contend was so harmed.

**CONFIDENTIAL**

## RESPONSE TO INTERROGATORY NO. 17

Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken. Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before discovery is complete. The general rule is to defer contention interrogatories until discovery is near an end in order to promote efficiency and fairness. Authenticom further objects to this Interrogatory insofar as it asks for information that is properly the subject of expert testimony. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached. Authenticom further objects that this Interrogatory is compound. Authenticom further objects on the ground that this Interrogatory is duplicative insofar as it seeks responses that have already been provided in Interrogatory Nos. 15 and 16.

Subject to and without waiving the foregoing objections, Authenticom refers Reynolds to Authenticom's Complaint, Authenticom's briefing in support of its motion for a preliminary injunction, the transcript from the preliminary injunction hearing, the exhibits introduced at the preliminary injunction hearing, The Honorable James D. Peterson's opinions and orders, and Authenticom's briefing before the Court of Appeals for the Seventh Circuit which articulate the purposes and effects of CDK and Reynolds' conspiracy. Discovery is ongoing and additional

19

CONFIDENTIAL

details of harm to competition caused by Defendants' illegal collusion will be provided at an appropriate time.

## INTERROGATORY NO. 18

A vendor named Motor Vehicle Software Corporation (MVSC), which is represented by your counsel in this matter, has alleged in a court filing that "[u]ntil 2014, MVSC was able to obtain data from the Reynolds DMS through Authenticom. But Reynolds cut off that route." Please explain the extent to which this statement is accurate or inaccurate, and describe all facts relating to the services you provided to MVSC, including how you were able to provide MVSC with access to data from the Reynolds DMS until 2014 even though you allege that Reynolds started blocking your access to DMS in 2007 and started blocking your access "in earnest" in 2011.

## RESPONSE TO INTERROGATORY NO. 18

Authenticom objects to this Interrogatory as overbroad and unduly burdensome, including the request for "all facts." Authenticom further objects to this Interrogatory as irrelevant to the claims and allegations in this case. Authenticom further objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects that this Interrogatory is compound, and contains multiple separate interrogatories. Authenticom further objects to this Interrogatory insofar as it seeks confidential and proprietary information. Authenticom further objects on the ground that this Interrogatory is argumentative. Authenticom objects to the characterization that it provided any vendor "access to data from the Reynolds DMS" insofar as this phrase suggests that Authenticom gave a vendor access to the Reynolds DMS or access to dealer data without authorization. To the contrary, Authenticom only provided vendors with dealer data with the

authorization of the dealer. Authenticom further objects to the Interrogatories on the ground that

Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil

Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that it

provided data integration services to MVSC until 2014 pursuant to dealer authorization and

direction. *See also* Response to Interrogatory No. 19.

**INTERROGATORY NO. 19**

If you provided other vendors with access to Reynolds's DMS after 2007, describe all

facts relating to the services you provided, including how you were able to provide access to data

from the Reynolds DMS after 2007 even though you allege that Reynolds started blocking your

access to DMS in 2007 and started blocking your access "in earnest" in 2011.

**RESPONSE TO INTERROGATORY NO. 19**

Authenticom objects to this Interrogatory as overbroad and unduly burdensome.

Authenticom further objects to this Interrogatory on the ground that the time period covered by

this Interrogatory, 2007 to the present, is overly broad and unduly burdensome as it relates to "all

facts relating to the services [Authenticom] provided" to vendors with access to Reynolds' DMS.

Authenticom further objects to this contention interrogatory insofar as it purports to require

Authenticom to recite all of the evidence and bases for its contentions. Authenticom further

objects that this Interrogatory is compound. Authenticom further objects to this Interrogatory

insofar as it seeks confidential and proprietary information. Authenticom further objects on the

ground that this Interrogatory is argumentative. Authenticom further objects to the

characterization that it provided vendors "access to data from the Reynolds DMS" insofar as this

phrase suggests that Authenticom gave vendors access to the Reynolds DMS or access to dealer

data without authorization.  To the contrary, Authenticom only provided vendors with dealer data with the authorization of the dealer.  Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that Reynolds has imposed certain measures to limit access to its DMS, including deactivating user profiles and adding CAPTCHA challenges.  Authenticom has properly responded to such measures by reactivating user profiles or answering CAPTCHA challenges in accordance with dealers' authorization for Authenticom to access dealer data stored on the DMS.

**INTERROGATORY NO. 20**

Identify each contract that Reynolds or CDK allegedly interfered with, including the name, date, contracting party, and whether that party is a dealer or vendor.

**RESPONSE TO INTERROGATORY NO. 20**

Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions.  Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken.  Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before discovery is complete.  The general rule is to defer contention interrogatories until discovery is near an end in order to promote efficiency and fairness.  Authenticom further objects to this Interrogatory insofar as it asks for information that is properly the subject of expert testimony.

CONFIDENTIAL

Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.  Authenticom further objects to this Interrogatory on the ground that the time period covered by this Interrogatory, January 1, 2013 to the present, is overly broad and unduly burdensome as it relates to every contract that Reynolds or CDK interfered with.  Authenticom further objects that the term "interfere[]" is undefined, vague, and ambiguous.  To the extent that Reynolds is asking for a list of every contract with a dealer or vendor – not limited to contracts involving Authenticom – that either Reynolds or CDK interfered with, Authenticom objects on the ground that this information is more accessible to Reynolds and CDK than it is to Authenticom.

Subject to and without waiving the foregoing objections, Authenticom responds that at a minimum, since Reynolds and CDK entered into their illegal conspiracy to drive Authenticom out of the data integration market, Reynolds and CDK have interfered, either directly or indirectly, with the contractual relationships that Authenticom has, had, or would have had with dealers using a CDK or Reynolds DMS and the vendor customers that use, used, or would have used Authenticom for data integration in order to serve those dealers.

**INTERROGATORY NO. 21**

Describe any business that you allegedly lost because of Reynolds's or CDK's alleged misconduct, including the name of the customer or prospective customer, the date when you lost that customer or prospective customer, the annual revenue earned from each customer in the year prior to losing that customer, and the profits you assert were lost from that customer or prospective customer for which you are seeking recovery in this action.

CONFIDENTIAL

## RESPONSE TO INTERROGATORY NO. 21

Authenticom objects to this Interrogatory as overbroad and unduly burdensome. Authenticom further objects to this Interrogatory insofar as it asks for information that is properly the subject of expert testimony. Authenticom further objects to this Interrogatory insofar as it seeks confidential and proprietary information. Authenticom further objects that this Interrogatory is compound. Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken. Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before discovery is complete. The general rule is to defer contention interrogatories until discovery is near an end in order to promote efficiency and fairness. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that discovery is ongoing and Authenticom has produced and will produce documents identifying existing and/or prospective customers that Authenticom lost as a result of CDK's and Reynolds' misconduct.

CONFIDENTIAL

**INTERROGATORY NO. 22**

Identify the specific categories and amounts of damages or other monetary relief that you are seeking, and explain the basis for your response.

**RESPONSE TO INTERROGATORY NO. 22**

Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken. Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before discovery is complete. The general rule is to defer contention interrogatories until discovery is near an end in order to promote efficiency and fairness. Authenticom further objects to this Interrogatory insofar as it asks for information that is properly the subject of expert testimony. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached.

Subject to and without waiving the foregoing objections, Authenticom responds that the categories and amounts of its damages will be the subject of expert testimony, but may include, among other things, lost profits and the reduction in enterprise value.

**INTERROGATORY NO. 23**

Fully describe the nature and extent of participation by, and competition between, Defendants in the alleged "data integration market" prior to entering into the alleged unlawful

25

agreement described in your response to CDK Interrogatory No. 1, including by identifying all customers for whom Reynolds competed (with you, CDK, or anyone else) in the alleged "data integration market."

**RESPONSE TO INTERROGATORY NO. 23**

Authenticom objects to this contention interrogatory insofar as it purports to require Authenticom to recite all of the evidence and bases for its contentions. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and relevant documents have not yet been produced and depositions have not yet been taken. Authenticom objects to this Interrogatory as premature as Authenticom is not required to respond to contention interrogatories before discovery is complete as doing so would require multiple supplemental answers in the future and improperly require Authenticom to commit to a position before discovery is complete. The general rule is to defer contention interrogatories until discovery is near an end in order to promote efficiency and fairness. Authenticom further objects to this Interrogatory insofar as it asks for information that is properly the subject of expert testimony. Authenticom further objects to the Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed under the Federal Rules of Civil Procedure and will answer them in order until the allowable limit is reached. Authenticom further objects on the grounds that this Interrogatory asks for information that is more accessible to Reynolds and CDK insofar as it seeks a description of the "competition between[] Defendants" and "all customers for whom Reynolds competed."

Subject to and without waiving the foregoing objections, Authenticom responds that prior to entering into the unlawful conspiracy with CDK, Reynolds competed with CDK and its subsidiaries (including DMI and IntegraLink), SIS, SelectQu, and Authenticom, among other

CONFIDENTIAL

data integrators, in providing data integration for vendors needing data from dealers using the Reynolds DMS.

## INTERROGATORY NO. 24

Is your response to each request for admission in Reynolds's First Requests for Admission served with these interrogatory responses an unqualified admission?  If not, for each response that is not an unqualified admission:  state the number of the request, state all facts upon which you base your response; state the names and contact information of all persons who have knowledge of those facts; and identify all documents and other tangible things that support your response and the identity of the person who has such document or thing.

## RESPONSE TO INTERROGATORY NO. 24

Authenticom objects that this Interrogatory is compound, as it asks Authenticom to evaluate each of Reynolds' 10 Requests for Admission in Reynolds' First Requests for Admission, and then propounds multiple interrogatories with respect to each.  Prior to this Interrogatory, Reynolds had already propounded more Interrogatories than permitted under the Federal Rules.  Reynolds has vastly exceeded the number of Interrogatories permitted under the Federal Rules of Civil Procedure.  Authenticom therefore objects to responding to these Interrogatories on the ground that Reynolds has propounded more Interrogatories than allowed in violation of Rule 33.

**CONFIDENTIAL**

Dated: May 7, 2018

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Joanna T. Zhang
Joshua Hafenbrack
**Kellogg, Hansen, Todd,**
**  Figel & Frederick, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
jzhang@kellogghansen.com
jhafenbrack@kellogghansen.com

Jennifer L. Gregor
Kendall W. Harrison
**Godfrey & Kahn S.C.**
One East Main Street, Suite 500
Madison, WI 53703
(608) 257-0609
jgregor@gklaw.com
kharrison@gklaw.com

*Attorneys for Authenticom, Inc.*

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I caused a true and correct copy of the foregoing Authenticom Inc.'s Objections and Responses to Defendant The Reynolds and Reynolds Company's First Set of Interrogatories to be served by email upon the following individuals:

Mark W. Ryan (mryan@mayerbrown.com)
Britt M. Miller (bmiller@mayerbrown.com)
Matthew D. Provance (mprovance@mayerbrown.com)
Jeffrey A. Simmons (jsimmons@foley.com)
Joseph S. Harper (jharper@foley.com)
Aundrea K. Gulley (agulley@gibbsbruns.com)
Brian T. Ross (bross@gibbsbruns.com)
Brice A. Wilkinson (bwilkinson@gibbsbruns.com)
Ross M. MacDonald (rmacdonald@gibbsbruns.com)
Justin D. Patrick (jpatrick@gibbsbruns.com)
Kathy D. Patrick (kpatrick@gibbsbruns.com)
Michael P. A. Cohen (mcohen@sheppardmullin.com)
Amar S. Naik (anaik@sheppardmullin.com)
James L. McGinnis (jmcginnis@sheppardmullin.com)
John S. Skilton (jskilton@perkinscoie.com)
Charles G. Curtis, Jr. (ccurtis@perkinscoie.com)
Michelle M. Umberger (mumberger@perkinscoie.com)
Brandon M. Lewis (blewis@perkinscoie.com)
Jesse J. Bair (jbair@perkinscoie.com)
Kathleen A. Stetsko (kstetsko@perkinscoie.com)

*/s/ Derek T. Ho*
Derek T. Ho

## VERIFICATION OF INTERROGATORY ANSWERS

I, Steve Cottrell, am authorized to make this verification for and on behalf of Authenticom, Inc. I have read the foregoing Authenticom Inc.'s Objections and Responses to Defendant The Reynolds and Reynolds Company's First Set of Interrogatories and know their contents. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of May, 2018.

 

Steve Cottrell
Chief Executive Officer of Authenticom, Inc.

30