**PUBLIC VERSION**

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to:<br>*Authenticom, Inc. v. CDK Global, LLC, et al.,*<br>Case No. 1:18-cv-00868 (N.D. Ill.) | Hon. Robert M. Dow, Jr. |

**AUTHENTICOM'S AMENDED OBJECTIONS AND RESPONSES TO
DEFENDANT CDK'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Authenticom, Inc. ("Authenticom") hereby serves the following Amended Objections and Responses to Defendant CDK Global, LLC's ("CDK") First Set of Interrogatories, served by CDK on January 3, 2018. Autheticom's responses to Interrogatory Nos. 4 and 5 have been supplemented with this submission. Authenticom reserves the right to further amend, supplement, and correct its objections or responses as necessary.

**GENERAL OBJECTIONS**

1. Authenticom objects to each and every Definition and Instruction to the extent it attempts to alter the scope of discovery or impose obligations that are inconsistent with or exceed those required under the Federal Rules of Civil Procedure.

2. Authenticom objects to the Interrogatories to the extent they seek information that is in the possession, custody, or control of CDK.

3. Authenticom objects to the Interrogatories to the extent they seek information that is in the public domain or is otherwise equally accessible to CDK as it is to Authenticom.

4. Authenticom objects to the Interrogatories to the extent they seek information not in Authenticom's possession, custody, or control.

5. Authenticom objects to the Interrogatories to the extent they seek information that is protected by the attorney-client privilege, that consists of attorney work product, or that is otherwise protected from disclosure by a common interest privilege or any other privilege or protection. Authenticom does not intend to disclose any such information, nor does it intend to waive any applicable privileges with respect to any such information that is inadvertently produced. Any inadvertent disclosure of information that is privileged or exempt from discovery shall not constitute a waiver of any privilege, or any other ground for objecting to discovery, or of Authenticom to object to its use during this litigation or otherwise.

6. Authenticom objects to the Interrogatories, including the Definitions and Instructions, to the extent they are argumentative, prejudicial, vague, ambiguous, duplicative, cumulative, unduly burdensome, call for a legal conclusion, and/or do not specify the information sought with sufficient particularity. Authenticom will use reasonable diligence in interpreting the Interrogatories and providing responsive information.

7. Authenticom objects to the Interrogatories to the extent they are premature, and Authenticom's responses to these Interrogatories are without prejudice to this objection. Authenticom reserves the right to amend and/or supplement each of its Responses.

8. Authenticom objects to the Interrogatories to the extent they purport to impose a duty on Authenticom to seek information or documents beyond a reasonable search of files where potentially responsive materials or information would reasonably be found. Authenticom further objects to the breadth of the Interrogatories to the extent that they impose any unreasonable expense on Authenticom or create a significant delay that is not outweighed by the probative value or relevance of the material sought.

9. Authenticom objects to the Definition of "You," "Your," and "Authenticom" as overbroad, unduly burdensome, and seeking information that is not reasonably available to Authenticom and not within Authenticom's possession, custody, or control.

10. In responding or objecting to the Interrogatories, Authenticom does not admit that any of the information sought in the Interrogatories is material, relevant, or admissible. Each response and objection is being provided subject to Authenticom's right to object to the introduction of such response and/or objection herein at any hearing or trial in this action, or in connection with any other discovery related to the subject matter of the Interrogatories.

11. Each of Authenticom's General Objections are incorporated in each response to each Interrogatory, regardless of whether it is enumerated in the Specific Objections to that Interrogatory.

12. Authenticom's investigation and discovery is ongoing, and Authenticom reserves the right to amend and supplement the responses provided herein.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1

Please specifically identify every term of any agreement between CDK and Reynolds that you allege is a *per se* violation of the antitrust laws.

### RESPONSE TO INTERROGATORY NO. 1

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory on the grounds that it is vague, ambiguous, and calls for a legal conclusion. Many words and phrases used in this Interrogatory, including but not limited to "term" and "agreement," are vague, ambiguous, and undefined in this context. Authenticom further objects on the grounds that this Interrogatory improperly attempts to view

in isolation individual "terms" of agreements between CDK and Reynolds, which is an incorrect and misplaced mode of analysis. Authenticom further objects to this Interrogatory on the ground that discovery is ongoing and depositions have not yet been taken. Authenticom's response is therefore preliminary.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom refers CDK to Authenticom's Complaint, Authenticom's briefing in support of its motion for a preliminary injunction, the transcript from the preliminary injunction hearing, The Honorable James D. Peterson's opinions and orders, and Authenticom's briefing before the Court of Appeals for the Seventh Circuit which articulate CDK and Reynolds' *per se* violations of the federal antitrust laws. Discovery is ongoing and additional details of Defendants' illegal collusion will be forthcoming.

At a minimum, CDK and Reynolds colluded to boycott and drive Authenticom out of the data integration market. The key "term" of this agreement is CDK and Reynolds' joint agreement and objective to eliminate Authenticom as a provider of data integration services for dealers using a CDK or Reynolds DMS. In addition, CDK and Reynolds entered into a market division agreement by which they agreed not to compete for data integration services for dealers using their respective DMSs. Part of that agreement is evidenced in the series of written agreements dated February 2015. The written agreements not only corroborate the existence of the conspiracy to boycott Authenticom, but those agreements are – in and of themselves – *per se* unlawful. Significant terms of those agreements include *inter alia* Sections 4.1, 4.4, 4.5, and 6.1 of the "Wind Down Access Agreement" and the provisions of the 3PA Agreement and RCI Agreement that give reciprocal, preferential treatment to CDK and Reynolds' respective add-on applications. *See* Dkt. No. 172, Opinion & Order, at 6-7.

4

**INTERROGATORY NO. 2**

Please identify each person who, prior to the filing of this lawsuit, Steve Cottrell told of (i) his alleged conversation with Robert Schaefer described in Paragraph 181 of the Complaint, or (ii) his alleged conversation with Dan McCray described in Paragraphs 10, 120 and 180 of the Complaint. You may omit privileged conversations with counsel.

**RESPONSE TO INTERROGATORY NO. 2**

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory to the extent it seeks information more properly obtained from Mr. Cottrell during a deposition.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom responds that Mr. Cottrell told Brian Clements about his May 2015 conversation with Mr. Schaefer, as detailed in Paragraph 181 of the Complaint, and about his April 3, 2016 conversation with Mr. McCray, as detailed in Paragraph 180 of the Complaint.

**INTERROGATORY NO. 3**

Please identify each competitor of Authenticom's for the period January 1, 2013 to the present and, for each, the products or services on which it competes or competed with Authenticom.

**RESPONSE TO INTERROGATORY NO. 3**

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory as vague, ambiguous, and undefined, including such

terms as "products or services." To respond to this Interrogatory, Authenticom will define "products and services" as data integration services.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom agrees that the data integration providers listed by Malcolm Thorne at CDK-0105059 are relevant "[c]ompetitors." Authenticom's present and former competitors since January 1, 2013 include, but are not limited to, the following list of data integration service providers:

- CDK's 3PA program
- Digital Motorworks (DMI)
- Dimension Marketing Group, Inc.
- ETL Solutions
- HomeNet
- IntegraLink
- Inventory Command Center
- New Freedom Data Resources
- Oxlo Systems
- ProQuotes
- Reynolds' RCI program
- SelectQu
- Superior Integrated Solutions
- Stone Eagle

**INTERROGATORY NO. 4**

Please describe the steps taken by Authenticom from January 1, 2013 to the present to prevent either Reynolds or CDK from (i) detecting Authenticom's access to data on Reynolds or CDK DMS platforms, or (ii) blocking Authenticom's access.

**RESPONSE TO INTERROGATORY NO. 4**

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory as overbroad and unduly burdensome, as it is impracticable for Authenticom to identify every action it has taken for the past five years in response to Reynolds' or CDK's anticompetitive conduct.

6

Subject to and without waiving the foregoing objections and the General Objections, Authenticom responds as follows: Reynolds and CDK have made it a practice to deactivate, or lock, Authenticom's dealer-created username profiles and to create hurdles for Authenticom's polling scripts (such as by introducing CAPTCHA challenges) in order to prevent Authenticom from accessing dealers' data with dealer authorization. When Authenticom detects that its profiles are being deactivated, Authenticom asks its dealer clients to call Reynolds and/or CDK and request that these profiles be reactivated. Authenticom researches what is causing the lockouts, including by speaking to dealers, and works with dealers to re-establish access to the dealers' data. Authenticom further states that it works with dealers to randomize the usernames and passwords that dealers create and provide to Authenticom.

**INTERROGATORY NO. 5**

Please identify the means (*e.g.*, screen-scraping, data "push," API, or other) by which Authenticom accesses data on non-Reynolds, non-CDK DMS platforms.

**RESPONSE TO INTERROGATORY NO. 5**

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom accesses dealer data on non-Reynolds, non-CDK DMS platforms through a variety of means that are approved by the dealer, including *inter alia* screen-scraping, data pushing, and API. No other DMS provider, aside from CDK and Reynolds, has ever disabled or interrupted Authenticom's dealer-authorized access to dealer data. On rare occasions, some dealers have provided Authenticom with encrypted hard drives or storage media devices containing the dealers' data.

7

**INTERROGATORY NO. 6**

Please identify any Dealer from whom Authenticom has extracted or syndicated data that told or complained to Authenticom that it did not have the Dealer's consent to do so.

**RESPONSE TO INTERROGATORY NO. 6**

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory as overbroad and unduly burdensome, as it is impracticable for Authenticom to review or recall every communication since January 1, 2013 that the company's employees had with dealers regarding data extraction or syndication.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom is not aware of any dealer who communicated to Authenticom that it lacked the dealer's consent to extract or syndicate the dealer's data. While Authenticom has received inquiries from dealers as to who authorized Authenticom's access to the dealer's data, Authenticom has been able to show appropriate authorization for all such occurrences.

**INTERROGATORY NO. 7**

Please identify any Vendor who has received DMS data through Authenticom or DealerVault without the Dealer's express consent.

**RESPONSE TO INTERROGATORY NO. 7**

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory as overbroad and unduly burdensome, as it is impracticable for Authenticom to review or recall every communication or transaction since January 1, 2013 involving the transmission of dealer data through Authenticom or DealerVault to a vendor.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom is not aware of any instance in which Authenticom transmitted dealer data through Authenticom or DealerVault to a vendor without the dealer's express consent.

## INTERROGATORY NO. 8

Please identify and describe the "attempts to diversity [sic] Authenticom's business and pursue opportunities outside the automotive sector" referenced in Paragraph 10 of the December 22, 2017 Declaration of Steve Cottrell.

## RESPONSE TO INTERROGATORY NO. 8

Authenticom incorporates by reference each of the General Objections set forth above. Authenticom objects to this Interrogatory as irrelevant to the claims and allegations in this case.

Subject to and without waiving the foregoing objections and the General Objections, Authenticom states that Mr. Cottrell has explored the possibility of offering Authenticom's data integration services to industries outside of the automotive sector in an effort to offset the damage that Defendants have caused and are continuing to cause as a result of their conspiracy and exclusionary conduct to drive Authenticom out of the dealer data integration market. Mr. Cottrell has had discussions with manufacturing companies looking to utilize data to increase efficiency and expand current processes. He has also spoken with government agencies on the topic of event planning services as well as with recycling companies on the topic of inventory acquisition and control. All possibilities are merely speculative at this time and have not materialized into any deals.

PUBLIC VERSION

Dated: June 22, 2018　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Derek T. Ho*
　　　　　　　　　　　　　　　　　　　　　　　Derek T. Ho
　　　　　　　　　　　　　　　　　　　　　　　Michael N. Nemelka
　　　　　　　　　　　　　　　　　　　　　　　Aaron M. Panner
　　　　　　　　　　　　　　　　　　　　　　　Joanna T. Zhang
　　　　　　　　　　　　　　　　　　　　　　　Joshua Hafenbrack
　　　　　　　　　　　　　　　　　　　　　　　**Kellogg, Hansen, Todd,**
　　　　　　　　　　　　　　　　　　　　　　　　**Figel & Frederick, P.L.L.C.**
　　　　　　　　　　　　　　　　　　　　　　　1615 M Street, NW, Suite 400
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　　　(202) 326-7900
　　　　　　　　　　　　　　　　　　　　　　　dho@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　　　mnemelka@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　　　apanner@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　　　jzhang@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　　　jhafenbrack@kellogghansen.com

　　　　　　　　　　　　　　　　　　　　　　　Jennifer L. Gregor
　　　　　　　　　　　　　　　　　　　　　　　Kendall W. Harrison
　　　　　　　　　　　　　　　　　　　　　　　**Godfrey & Kahn S.C.**
　　　　　　　　　　　　　　　　　　　　　　　One East Main Street, Suite 500
　　　　　　　　　　　　　　　　　　　　　　　Madison, WI 53703
　　　　　　　　　　　　　　　　　　　　　　　(608) 257-0609
　　　　　　　　　　　　　　　　　　　　　　　jgregor@gklaw.com
　　　　　　　　　　　　　　　　　　　　　　　kharrison@gklaw.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Authenticom, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2018, I caused a true and correct copy of the foregoing Plaintiff Authenticom Inc.'s Amended Objections and Responses to Defendant CDK Global, LLC's First Set of Interrogatories to be served by email upon the following recipients:

SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com


/s/ *Derek T. Ho*
Derek T. Ho