IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Authenticom, Inc. v. CDK Global, LLC et al.,* Case No. 1:18-cv-00868 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

**REYNOLDS'S RESPONSE [TO DKT. 806] REGARDING PROPOSED BRIEFING SCHEDULE FOR ITS MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 777]**

**I.      Introduction**

Authenticom seeks, again, to delay adjudication of its wrongdoing, but it identifies no valid reason to do so.  Reynolds's Motion for Partial Summary Judgment relies on Authenticom's own documents, testimony, and pleadings to establish Authenticom's liability as a matter of law.  The motion is based on Authenticom's own factual admissions and does not require expert testimony for adjudication.  The issues presented in the motion are ripe for prompt resolution and will assist the parties in narrowing the issues as they prepare for further summary judgment briefing and, if necessary, trial.  Authenticom's preference to bury these issues in a sea of summary judgment briefing more than 5 months from now underscores the weakness in Authenticom's position.  Resolution of this partial summary judgment motion will advance this MDL litigation, streamline trial, and should not be delayed.  Reynolds has offered, and Authenticom has refused, a generous briefing schedule in which Authenticom's response would not be due until December, more than 6 weeks after the motion was filed and (though Reynolds believes it unnecessary) weeks after Authenticom's responsive expert disclosures are served.  For these reasons, Reynolds seeks entry

of a briefing schedule on its Motion for Partial Summary Judgment (Dkt. 777) that orders Authenticom's response due on December 2; and Reynolds's reply due on December 30.

In its Statement [Dkt. 806], Authenticom makes two arguments as to why it should not be required to respond to Reynolds's motion until April 2020. Both are meritless. Authenticom first invokes Rule 56(d) but wholly fails to satisfy its requirements. The Rule requires an affidavit or declaration specifying what materials Authenticom needs and why it has not yet obtained them. Fact discovery has been closed for more than 6 months and Authenticom claims no need for further fact discovery. Instead, providing neither an affidavit nor specificity, Authenticom gestures only at vague subject matters that it intends to introduce through expert testimony. That is legally insufficient. Moreover, even though expert testimony is irrelevant to the motion, Reynolds has offered a briefing schedule that would allow Authenticom plenty of time both to complete its rebuttal expert disclosures and any supportive declarations from them before responding to the motion. Thus, no Rule 56(d) extension is warranted.

Second, there are also meaningful benefits to proceeding with this motion now rather than in April 2020. Reynolds filed its motion now because the two counterclaims at issue are critically important to resolution of the two MDL cases in which Reynolds remains a party, *Authenticom* and *MVSC*.[1] Authenticom attempts to downplay the importance of Reynolds's claims for Authenticom's long-running efforts to circumvent Reynolds's unilateral system security measures (which were in place well before any alleged conspiracy). But Reynolds's claim under the Digital Millennium Copyright Act (DMCA) is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in either case by monetary value, under even the lowest measure of permitted statutory damages ($200 per violation) and the most conservative assumptions. And both of the claims at issue allow Reynolds to obtain

---

[1] Reynolds is also a party to *i3 Brands, Inc., et. al. v. CDK Global, LLC et. al.*, No. 1:19-cv-01412 (N.D. Ill.), though its motion to compel arbitration of that case (Dkt. 601), remains pending.

permanent injunctive relief against Authenticom accessing Reynolds's DMS without Reynolds's authorization.

Throughout its statement, Authenticom treats Reynolds's motion as a tactical gambit to recast itself as the proper plaintiff in this matter. But as the motion establishes, Reynolds *is* the proper plaintiff. Authenticom wants to ignore the merits and magnitude of Reynolds's counterclaims by ducking the motion and hoping they are obscured in the general summary-judgment scrum. An order from this Court recognizing those merits and holding Authenticom liable for its wrongdoing will materially advance this litigation, especially as to Reynolds and Authenticom.

## II. Background and the Parties' Competing Proposals

This case has featured numerous expedited briefing and response schedules for complex motions, often at Authenticom's insistence. For example, Authenticom required Reynolds to respond to its preliminary injunction motion (with 70 exhibits, 3 expert reports, 5 fact declarations, and 281 statements of fact) in less than 30 days. Defendants similarly had to file their motions to dismiss the dealership class's (167 page) consolidated complaint [Dkt. 184] within 45 days, and responded to Plaintiffs' (38 page) Omnibus Motion to Compel [Dkt. 316, 318] within 23 days.

Reynolds filed its Motion for Partial Summary Judgment on October 15, 2019. Reynolds informed Authenticom that it was amenable to any reasonable briefing schedule for the response and reply, and subsequently provided the following proposal after the Court's initial presentment hearing:

- Authenticom's response due December 2, 2019;
- Reynolds's reply due December 30, 2019.

That would give Authenticom more than six weeks after the motion was filed—and nearly four weeks from the filing of this statement—to compose its response. Authenticom declined that proposal, instead asserting that its response should be due on April 29, 2020, approximately 5 months from now.

### III. Authenticom's Rule 56(d) Arguments Fail

Authenticom invokes Rule 56(d) but fails to satisfy it in any way. Rule 56(d)—which was formerly known as Rule 56(f)—provides:

> When Facts Are Unavailable to the Nonmovant: If a non-movant shows by affidavit or declaration that, **for specified reasons**, it cannot present **facts** essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added). As the Seventh Circuit has held, "[i]f a party cannot present 'facts essential to justify his opposition,' Rule 56(f) requires that it explain why." *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1002 (7th Cir. 1994); *accord Smith v. OSF HealthCare System*, 933 F.3d 859, 866 (7th Cir. 2019) ("Rule 56(d) itself requires an affidavit or declaration giving specific reasons why the party cannot present facts essential to opposing a motion for summary judgment.").

Authenticom does not contend it needs more facts. It submitted no affidavit or declaration in support of its request to delay briefing.[2] It suggests no reasons that facts surrounding its own access-control circumvention measures or unauthorized access to Reynolds's computer programs

---

[2] Authenticom asserts in a footnote that the Court gave it leave to seek additional time without need for a formal declaration. Statement at 5 n.2. The Seventh Circuit has held that an affidavit is required by the Rule. *See Kallal v. CIBA Vision Corp., Inc.*, 779 F.3d 443, 446 (7th Cir. 2015). But if that requirement is waived, that does not absolve Authenticom of the requirement to specifically identify the facts that it needs to justify its opposition and why they are currently unavailable to it. *See Chambers*, 17 F.3d at 1002; *accord Johnke v. Espinal-Quiroz*, 14-CV-6992, 2018 WL 3361888, at *4 (N.D. Ill. July 9, 2018) (holding that a party seeking to invoke Rule 56(d) must "provide 'specified reasons' why 'it cannot present facts essential to justify its opposition' to the motion and request time to take discovery to that end").

4

are unavailable to it. Fact discovery in this MDL closed last spring with over 1.7 million documents produced and 72 depositions taken. Any suggestion that Authenticom is lacking essential facts would be specious—particularly given that Reynolds's motion primarily focuses on Authenticom's own behavior.

Rather than actual facts, Authenticom instead asserts that it needs expert testimony to refute the motion. Dkt. 806 at 6. But the primary testimony that Authenticom apparently intends to introduce is from its own experts.[3] Authenticom does not cite—and Reynolds is unaware of—any precedent granting a Rule 56(d) delay for a party to muster factual support from its own experts. And rightly so, for that evidence is fully available to Authenticom right now. Reynolds's proposed schedule allows Authenticom plenty of time to gather whatever expert declarations it deems necessary—though experts cannot, of course, change the facts. There is no risk of premature expert disclosure either: Reynolds's proposed briefing schedule set Authenticom's response date for December 2, 2019. That is more than two weeks after the rebuttal expert disclosure deadline (November 15, 2019), at which point Authenticom will have to disclose all such experts and their opinions anyway.

Authenticom also briefly contends that it intends to obtain "admissions" from Reynolds's experts as part of its opposition as well. Authenticom does not specify what these admissions would be, much less why those admissions would somehow provide "facts" essential to its opposition. Additionally, to date, Authenticom has not asked for any of Reynolds's opening expert's depositions, despite being in possession of their reports since August 26, 2019. More importantly, Reynolds did not include or rely upon any opinions or testimony from any experts in

---

[3] Authenticom's apparent intent to establish a material fact "dispute" by contradicting its own documents, testimony, and pleadings through submission of expert testimony is dubious, but such issues are properly left to the merits briefing. The key for present purposes is that there is no valid reason why Authenticom cannot submit its expert testimony now.

support of the motion, instead relying on Authenticom's own documents and fact witnesses. Authenticom's attempt to drag those experts into its scheduling arguments is thus misplaced. Any *Daubert* motion by Authenticom would likewise have no bearing whatsoever on this motion (as well as being meritless).

Courts have rejected Rule 56(d) requests in precisely this scenario. As one court explained:

> The Court is unpersuaded by this argument. Nothing prohibited MasterObjects from submitting a declaration from its own expert. And it has no need to depose eBay's expert to defeat summary judgment since eBay is not relying on any expert testimony.

*MasterObjects, Inc. v. eBay, Inc.*, 3:12-CV-680 JSC, 2013 WL 1365915, at *4 (N.D. Cal. Apr. 3, 2013); *accord Chapin v. Great S. Wood Preserving, Inc.*, 2012-77, 2016 WL 910186, at *4 (D.V.I. Mar. 9, 2016) (denying Rule 56(d) argument that nonmovant needed time to depose its "own experts" because "they are under plaintiffs' control," so "their depositions do not need to be taken in order for plaintiffs to gather information: all plaintiffs need to do is confer with their own experts"). Just so here. Authenticom is not entitled to any additional time for discovery or other delay under Rule 56(d).

## IV. Resolving Reynolds's Motion Will Materially Advance This Litigation

Authenticom also incorrectly asserts that resolving Reynolds's motion sooner rather than later will offer no material benefits to the Court and the parties. In fact, the opposite is true.

Reynolds's motion asks the Court for a ruling that Authenticom violated the DMCA and the Computer Crimes Act as a matter of law. As the Court will see from even a cursory review of the motion, these are serious claims. Authenticom was circumventing Reynolds's unilateral system security measures in place long before any alleged conspiracy in violation of federal and criminal statutes. The motion relies on Authenticom's own documents and testimony, measuring them directly against the Court's prior legal rulings on counterclaim liability. Resolving that issue

6

is not unduly burdensome, notwithstanding Authenticom's intention to inject various defensive experts and other extraneous issues on its behalf.

Resolving Authenticom's DMCA liability is meaningful to this litigation because of the statute's damages provision. The DMCA provides that a defendant may recover statutory damages of "not less than $200 or more than $2,500 per act of circumvention . . . or performance of service, as the court considers just." 17 U.S.C. § 1203(c)(3). If damages are calculated using the lowest possible mandatory $200 figure for Authenticom's usage of one Eastern European CAPTCHA farm, they exceed ███████. Using the most conservative assumptions, Authenticom's damages to Reynolds are in excess of ███████. Either of those figures ████████████████████████████████████████████████, even after trebling. In other words, even if Authenticom completely prevails on its affirmative claims and damages model, a finding of DMCA liability (as sought in the motion) combined with any reasonable counting metric for statutory damages would ████████████████████████████████████████████████████████████. The significance of such a ruling is self-evident.

Both the DCMA and the Computer Crimes Act also allow for injunctive relief against future violations. Reynolds is entitled to injunctive relief to prevent Authenticom's access and use of its DMS, and the Court's ruling on liability in the motion will provide the legal predicate for that protection.

Authenticom has established a pattern of trying to avoid responding to Reynolds's counterclaims. As noted in the motion, Authenticom ignored Reynolds's cease and desist letter for more than 2 years before the litigation. Rey. Memo. ISO MPSJ [Dkt. 785] at 24. When Reynolds filed its counterclaims at the beginning of the case in the Western District of Wisconsin, Authenticom moved to have them withdrawn on purely procedural grounds. Auth. Mt. to Strike

[Auth. Dkt. 190]. When the counterclaims were refiled in this MDL, Authenticom declined to move to dismiss either of the counterclaims at issue in this motion. Auth. Partial MTD Rey's Countercl. [Dkt. 277, 278]. Finally, now that fact discovery is complete and Reynolds has duly framed the issues for the Court, Authenticom seeks to delay having to respond to Reynolds's motion until more than 6 months after it was filed. Authenticom has not set forth any valid basis for delay beyond the generous schedule offered by Reynolds. Authenticom seeks only to extend its perceived litigation advantage by further delaying adjudication of these straightforward claims.

**V.     Conclusion**

For these reasons, Reynolds asks that the Court order Authenticom to respond to Reynolds's Motion for Partial Summary Judgment on or before December 2, 2019 and order Reynolds to reply on or before December 30.

[Signature block on following page]

Dated: November 6, 2019 Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

## CERTIFICATE OF SERVICE

I, Brice A. Wilkinson, an attorney, hereby certify that on November 6, 2019, I caused a true and correct copy of the foregoing **REYNOLDS'S RESPONSE REGARDING PROPOSED BRIEFING SCHEDULE FOR ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                */s/ Brice A. Wilkinson*
                                                Brice A. Wilkinson
                                                GIBBS & BRUNS LLP
                                                1100 Louisiana Street
                                                Suite 5300
                                                Houston, TX 77002
                                                (713) 751-5218
                                                bwilkinson@gibbsbruns.com