# Exhibit 3

# MAYER•BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711
www.mayerbrown.com

**Jed Glickstein**
T: +1 312 701 8704
F: +1 312 706 8460
JGlickstein@mayerbrown.com

November 30, 2018

**Via Email**

Michael Nemelka
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036-3215

Re: In re Dealer Management Systems Antitrust Litig.,
MDL 2817, Case No. 18-cv-864 (N.D. Ill.)

Dear Mike:

Thanks for your recent letters regarding CVR search terms, custodians, and RFP responses. Our responses to those letters are below.

**Search Terms.** On November 21, 2018, you asked us to provide the "de-duped total number of documents" used to test Plaintiffs' proposed search terms. The search terms you proposed returned approximately 416,000 unique documents (including families) out of a searchable set of approximately 800,000 unique documents. That said, as I mentioned in my November 20 letter, we are still gathering additional documents from certain proposed CVR custodians, so these numbers will increase.

In addition, we are in receipt of your revised search term proposal of November 29. Reserving all of our rights on this issue, we will include these terms in our next test and provide the results, as appropriate.[1]

**Custodians.** Although we appear to be close on custodians, your latest proposal on November 21, 2018 does not close the gap or materially advance the parties' discussions.

As you know, CVR originally agreed to four of the nine custodians you proposed (Jim Quinlan, Janet Michaels, Jason Bonifay, and Scott Herbers). On October 26, we offered to add two

---

[1] Christine Bonomo asked by email what syntax issues we encountered when running search Term 39 in our previous hit report. According to our discovery vendor, Term 39 will run in Relativity, but it exceeds the character limit for the Search Term Report tool, which is used to generate reporting on multiple search terms. To fix this issue, we split the term into three separate terms and concatenated them using the OR operator, which avoids the character limit problem.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

additional custodians (Scott Dudley and Mark Kithcart) in the spirit of compromise. We also explained that no documents or data were available for one of the remaining custodians on your list (Rick Francis).

On November 1, you rejected our offer, proposing to add the two remaining custodians on your list besides Rick Francis (Jim Negrette and John Roeder). After we pointed out that it was not reasonable merely to drop the one custodian for whom no documents or data were available, you proposed swapping out John Roeder for Chris Morris, leaving the total number of proposed custodians at eight. 11/16/18 Ltr. from M. Nemelka to M. Provance.[2]

We have explained previously why we believe that CVR has strong arguments for limiting the total number of custodians to six, given the size of the organization, the relevant allegations against CVR in the *MVSC* case, and the number of custodians agreed to by the various Plaintiffs in this litigation. While we are willing to add Chris Morris as a seventh custodian in an effort to reach a compromise, we cannot agree to add yet another custodian (whether Jim Negrette or John Roeder). We therefore ask you to re-consider our offer to add Chris Morris to the six CVR custodians proposed on October 26, so that we can proceed with discussions over search terms.

**RFP Responses.** Thank you for your November 20, 2018 letter. As the parties are now in agreement on many of the Requests and responses, we focus below only on those items where we understand that there are issues outstanding.

*Request 47 (CDK's or CVR's consideration or evaluation of whether to acquire EVR providers):* We accept your proposal. CVR will produce nonprivileged documents and communications that reflect CDK's or CVR's consideration or evaluation of whether to acquire MVSC, if any such documents exist in CVR's possession, custody, or control.

*Request 53 (California Assembly Bill 516)*: We continue to disagree that this Request seeks relevant information not encompassed by other Requests. However, in the spirit of compromise, we are willing to run the search term that you have proposed based on California Assembly Bill No. 516. If the results are otherwise responsive to other Requests and non-privileged, those documents will be produced. We hope this resolves our dispute.

*Request 58 (costs associated with entering new EVR market):* We accept your proposal. CVR will produce nonprivileged documents sufficient to show analyses, if any, performed by CVR concerning the costs of expanding its EVR offerings into other states, including licensing fees, if such documents exist and are in CVR's possession, custody, or control.

*Request 68 (CVR's acquisition of AVRS):* You asked whether, as a compromise, CVR would produce documents sufficient to show the terms and conditions of the transaction as well as

---

[2] Thus, although you state that our discussions "are now focused on three custodians: John Roeder, Jim Negrette, and Chris Morris," the broader context of these discussions shows otherwise. CVR has agreed to substantially increase the number of custodians it is willing to designate, but Plaintiffs have not agreed to make comparable movements downwards.

CVR's valuation of AVRS. After review of the existing discovery record, we believe that this information has already been produced, and we do not believe CVR possesses any additional information on these points that is not already in the current discovery record.

*Request 71 (communications with potential acquirers of CVR):* We are presently standing on our objections regarding this Request for the reasons previously stated. We understood that Plaintiffs would be making a proposal for compromise regarding this Request, but none was outlined in your last letter. If you have a specific compromise to propose for this Request, we would be happy to consider it. We further note that to the extent that the application of reasonable search terms and custodians identifies relevant non-privileged documents responsive to other Requests, they will not be withheld on the basis that they would also be responsive to this Request.

*Request 84 (valuation of CVR):* We believe this Request is of doubtful relevance and, in any event, is vastly overbroad, as indicated by Magistrate Judge Gilbert's ruling on a substantially similar request to CDK. However, if in light of Judge Gilbert's rulings you continue to believe this Request can be narrowed to a relevant, proportional set of documents, let us know.

*Request 92 (contracts or agreements with dealers for EVR services):* We accept your proposal. CVR will produce representative contracts with dealers from January 2013 to February 2017.

*Request 93 (communications with other EVR providers):* We largely accept your proposal. However, we disagree that it is relevant or proportional for CVR to produce "communications with other EVR providers regarding the use of independent or third-party integrators to access data on *any* DMS" (prong 2 of your proposal). CVR is willing to produce communications with other EVR providers regarding the use of so-called independent or third-party integrators to access data on CDK's or Reynold's DMS. Communications as to other DMSs, if any, are far afield of the issues in the *MVSC* case. If that further refinement to your proposal is acceptable, we are in agreement on this Request.

*Request 94 (RCI or 3PA program):* We accept your proposal to narrow this Request.

*Request 95 (CVR's applications to participate in RCI or 3PA):* To the extent that there are any non-privileged documents responsive to this Request that can be identified through a reasonable search, they will be produced. We believe that this should resolve our dispute as to this Request.

*Request 97 (documents referring to complaints about Reynolds, RCI, CVR, CDK, or 3PA):* We believe that our agreement to produce documents referring or relating to complaints regarding MVSC not being a member of 3PA or RCI is more than adequate given the allegations in MVSC's Complaint. However, in the interests of compromise, we will also agree to produce documents referring or relating to complaints about CVR relating to the manner in which CVR or other EVR providers access or receive data maintained on a Reynolds or CDK DMSs.

*Market-Based Limitations*: You accepted our proposal to limit the production to responsive documents to documents for California, Illinois, Virginia, and Wisconsin for Requests 37-40 but rejected our proposal as to the same states for Requests 36, 41-43, and 45, and made a new request that we similarly broaden our response to Request 57. As noted, according to MVSC's

4          **MAYER • BROWN**

Second Amended Complaint, those are the only states in which MVSC allegedly operates or is working to gain approval to operate. We do not see a distinction between Requests 37-40 and the other Requests for which you want documents regardless of geography. However, in the spirit of compromise, CVR will produce non-privileged documents responsive to Request 45 as they pertain to "the EVR industry generally," to the extent such documents exist, with no limitations on geography. We will also agree to remove a geographic limitation with respect to our response to Request 57.

* * * * * *

We trust this addresses the bulk of the parties' outstanding disputes. If a further meet-and-confer is necessary and would be productive, please let us know.

Sincerely,

*/s/ Jed Glickstein*

**Jed Glickstein**

cc:     Lead MDL Plaintiffs Counsel of Record
            Reynolds Counsel of Record
            Britt Miller
            Mark Ryan
            Andrew Marovitz
            Matt Provance