# Exhibit 4

| | |
|---|---|
| **From:** | Leo Caseria |
| **To:** | Nemelka, Michael N.; SERVICE-EXTERNAL-DMS-MDL |
| **Subject:** | [EXTERNAL] RE: In re DMS MDL -- Reynolds"s Motion to Bar |
| **Date:** | Saturday, November 9, 2019 6:02:26 PM |

Dear Mike,

For the reasons stated in our motion, Reynolds will not be withdrawing the motion. Reynolds has filed a motion only on behalf of Reynolds, not on behalf of CVR. Your reliance on discovery correspondence exchanged between MVSC and CVR (discovery which occurred on a separate and later track in the MVSC case) is inapposite.

Contrary to your email, Reynolds has never "acknowledged" that MVSC is bringing claims based on the Virginia and Wisconsin markets.

Leo

**Leo D. Caseria** | Partner
+1 202-747-1925 | Direct (Washington, DC)
+1 213-617-4206 | Direct (Los Angeles)
+1 310-405-1787 | Mobile
LCaseria@sheppardmullin.com | Bio

**SheppardMullin**

2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
+1 202-747-1900 | main

333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Saturday, November 9, 2019 1:25 PM
**To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** In re DMS MDL -- Reynolds's Motion to Bar

Dear Leo,

     Motor Vehicle Software Corporation ("MVSC") respectfully requests that The Reynolds and Reynolds Company ("Reynolds") withdraw its wholly unfounded Motion to Bar MVSC's Damages in the Virginia and Wisconsin markets for electronic registration and titling. *See* Dkt. 787. Reynolds says (at 1) that these "markets were previously unalleged," which is the basis for its motion. But MVSC's Complaint *on its face* alleges that MVSC was harmed in the "Wisconsin and Virginia" markets. Among other places, under a bolded heading entitled "Other State EVR Markets," MVSC specifically alleged:

     CVR maintains a monopoly or dominant position in many other state EVR markets,

including Michigan, Wisconsin, West Virginia, and South Carolina.  **MVSC plans to enter other EVR markets, including Wisconsin and Virginia.  But so long as CDK and Reynolds deny MVSC access to the dealer data stored in their DMS platforms, it will be very difficult, if not impossible, for MVSC to compete in those markets**.

Complaint, paragraph 86 (emphasis added).

What is more, *Defendants acknowledged in discovery correspondence that the Virginia and Wisconsin markets were relevant to MVSC's claims and were specifically alleged in the Complaint*.  With respect to a compromise on the scope of Defendants' document productions (specifically CVR), **_Defendants_** wrote: "You accepted our proposal to limit the production to responsive documents for California, Illinois, **Virginia, and Wisconsin** . . . **As noted, according to MVSC's Second Amended Complaint, those are the only states in which MVSC allegedly operates or is working to gain approval to operate** . . ."  11/30/18 Letter from Counsel for CDK and CVR to counsel for MVSC (emphasis added).  In fact, throughout discovery, MVSC repeatedly stated in written correspondence that "**state markets beyond California, Illinois, Virginia, and Wisconsin are relevant to this case if Defendants' conduct impeded MVSC's ability to enter those markets,**" but that "[i]n the spirit of compromise," MVSC accepted *Defendants'* proposal to limit their document productions to "**the California, Illinois, Virginia, and Wisconsin markets**."  *See* Letter from C. Bonomo to J. Glickstein (Dec. 7, 2018).  Both Defendants *and* MVSC produced documents regarding the Virginia and Wisconsin markets pursuant to those discovery discussions, and Defendants asked numerous questions at multiple depositions of MVSC executives regarding the Wisconsin and Virginia markets.

In short, Reynolds's motion is frivolous.  MVSC respectfully requests that Reynolds withdraw its motion, both to spare MVSC the expense of this motion practice and the Court the use of scarce judicial resources in having to rule on it.  If Reynolds does not withdraw its motion, MVSC reserves the right to seek its costs and expenses in responding to Reynolds's wholly unfounded motion.  In the meantime, MVSC will continue to work on its opposition to Reynolds's motion in preparation for filing on Tuesday, November 12th.

Very truly yours,

Mike

Michael N. Nemelka
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M. St. N.W., Suite 400
Washington, DC  20036
Direct:  (202) 326-7932
mnemelka@kellogghansen.com

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.  Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.