# Exhibit 13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE: DEALER MANAGEMENT
SYSTEMS ANTITRUST LITIGATION

**This Document Relates To:**

*Motor Vehicle Software Corporation v. CDK
Global, Inc. et al.*, Case No. 1:18-cv-00865 (N.D.
Ill.); *Authenticom, Inc. v. CDK Global, LLC et al.*,
Case No. 1:18-cv-00868 (N.D. Ill.); *Cox
Automotive, Inc. et al v. CDK Global, LLC*, Case
No. 1:18-cv-01058 (N.D. Ill.); *Loop LLC v. CDK
Global, LLC*, Case No. 1:18-cv-02521 (N.D. Ill.)

**MDL No. 2817**
**Case No. 18-cv-00864**

**Hon. Robert M. Dow, Jr.**
**Magistrate Judge Jeffrey M. Gilbert**

## CDK GLOBAL, LLC'S RESPONSES AND OBJECTIONS TO
## "INDIVIDUAL PLAINTIFFS'" FIRST SET OF REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS

Defendant CDK Global, LLC ("CDK"), by and through its attorneys, and pursuant to Fed.

R. Civ. P. 26 and 34, hereby submits its written objections and responses to plaintiffs Motor

Vehicle Software Corporation ("MVSC"), Authenticom, Inc. ("Authenticom"), Cox Automotive,

Inc., Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue

Book Co., Inc., vAuto, Inc., VinSolutions, Inc., Xtime (collectively, "Cox"), and Loop, LLC d/b/a

AutoLoop's ("AutoLoop")[1] (collectively "Plaintiffs") First Set of Requests for the Production of

Documents to CDK, dated May 25, 2018 (the "Requests").[2]

---

[1] CDK notes that AutoLoop is no longer an "Individual Plaintiff" but rather now purports to be suing on its own behalf as well as on behalf of a putative class of vendors. *See* Dkt. 194. CDK reserves the right to seek class-related discovery in that case as AutoLoop's amended complaint (in which the class allegations first appeared) was not filed until June 5, 2018—after the May 25, 2018 discovery deadline.

[2] On June 13, 2018, Plaintiffs served an "Amended" First Set of Requests for the Production of Documents, which reiterated their May 25 Requests verbatim and added a new Request No. 102 that purports to "incorporate[ ] all RFPs propounded by the Dealer Class Plaintiffs and formally request[ ] all documents sought by those RFPs." CDK believes that Plaintiffs' "Amended" Requests are untimely under Paragraph B.6 of the Court's May 7, 2018 Case Management Order (Dkt. 166) and therefore improper. Nevertheless, solely for efficiency's sake, CDK incorporates

## GENERAL OBJECTIONS

1.      CDK asserts each of the following objections to the Requests.  In addition to these General Objections, CDK may also state specific objections to a Request where appropriate.  By setting forth such additional specific objections, CDK does not in any way intend to limit or restrict its General Objections.  Moreover, to the extent CDK provides a response to any of the Requests to which CDK objects, such response shall not constitute a waiver of any General Objection or specific objection.

2.      Nothing herein shall be construed as an admission by CDK regarding the competence, admissibility, or relevance of any fact sought by the Requests.  CDK reserves its right to challenge the competency, relevance, materiality, and admissibility of any information or documents that it produces in response to any discovery request at trial, of Plaintiffs' actions or any other action, or at any subsequent proceeding, of Plaintiffs' actions or of any other action. Further, CDK intends no incidental or implied admissions by its answers to the Requests. Whether CDK answers or objects to any particular Request should not be interpreted as an admission that CDK accepts or admits the existence of any fact(s) set out or assumed by such Requests, that the Requests are proper, that CDK's answers or objections constitute admissible evidence, that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery, that such documents or information are properly discoverable, or that other such discovery requests will be treated in a similar fashion Plaintiffs' actions or any other proceeding.  Furthermore, whether CDK answers part or all of any particular Request is not intended and should not be construed as a waiver by CDK of any or all objections to such Request or any other Request.

its responses to Request Nos. 1-101 and "Amended" Request No. 102, below, and hereby serves them as its responses to the "Amended" Requests as if fully and separately stated.

3.     CDK objects to any request, instruction, definition, or directive contained in the Requests to the extent that it purports to impose any obligations on CDK beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois.

4.     CDK objects to the Requests to the extent they are unlimited in time or not limited to the time relevant to Plaintiffs' actions, on the ground that such Requests seek information which is neither relevant to any claim or defense in Plaintiffs' actions and is overly broad and unduly burdensome.  The limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first complaint by any of them in this Multidistrict Litigation ("MDL"), which was February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  Therefore, unless otherwise specified in its response to a specific Request, CDK's production of documents will be limited to the time period beginning on or after January 1, 2013.

5.     CDK objects to Requests propounded on behalf of Authenticom and to the extent such Requests seek discovery on behalf of Authenticom or specific to the claims and defenses asserted in *Authenticom, Inc. v. CDK Global, LLC et al*.  On October 2, 2017, Authenticom served CDK with 92 requests for production.  On March 12, 2018, the Court ordered Authenticom to issue further "written discovery" to Defendants by March 23, 2018 (Dkt. 43); on March 23, Authenticom served CDK with another 15 requests for production, for a total of 107 separate requests, not including subparts.  To the extent Authenticom purports to seek additional documents through the instant Requests, CDK objects to such Requests as untimely and because the burden of responding to such Requests outweighs any marginal benefit given the voluminous discovery that Authenticom has already sought and obtained from CDK.  CDK further objects to the Requests to the extent they are not relevant to the claims or defenses asserted in each of the

3

cases filed by the remaining Plaintiffs who issued these Requests: *Motor Vehicle Software Corp. v. CDK Global, Inc., et al.* ("*MVSC*"); *Cox Automotive, Inc., et al. v. CDK Global, LLC* ("*Cox*"); and *Loop, LLC d/b/a AutoLoop v. CDK Global, LLC* ("*AutoLoop*").

6.      CDK objects to making multiple collections of documents for purposes of responding to these and other Requests for the Production of Documents served in the MDL, dated October 2, 2017, March 23, 2018, and May 25, 2018, on the ground that such collections are unnecessarily burdensome and disproportional to the needs of the MDL.  Therefore, to the extent that CDK has already collected documents from sources implicated by these Requests in connection with fulfilling its discovery obligations in the MDL, CDK objects to making additional collections for purposes of responding to these Requests.

7.      CDK objects to the Requests, and each and every definition, instruction, and request therein, to the extent they seek information and/or documents that: (a) contain privileged attorney-client communications; (b) constitute work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of CDK; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery.  To the extent that the Requests, or any one of them, seek such information, CDK hereby claims such privilege and invokes such protection.  The fact that CDK does not specifically object to an individual request on the grounds that it seeks privileged or protected material shall not be deemed a waiver of the protection afforded by any applicable privilege.  Similarly, to the extent any information or documents subject to a privilege or otherwise protected from discovery are produced in response to these Requests, such production is inadvertent and not intended as a waiver.

4

8.     CDK objects to the Requests to the extent that they seek information and/or documents that are confidential or otherwise proprietary in nature.  The represented parties in this litigation have agreed upon an Agreed Confidentiality Order ("Confidentiality Order"), which was approved and entered by the Court on April 4, 2018 (Dkt. 104).  Thus, to the extent that a request calls for production of confidential or competitively sensitive material, as defined by the Confidentiality Order, CDK will only produce such material subject to that Order.

9.     CDK objects to the Requests to the extent that they violate any constitutional, statutory, or common law rights of privacy and confidentiality, including those provided under U.S. state or federal law or any other country's law, of CDK's employees and other persons, including individuals who are not parties to Plaintiffs' actions.  CDK reserves the right to protect the privacy and confidentiality interests of non-parties to this litigation, including by allowing such parties to seek a protective order from the Court prior to the production of material that implicates their confidential or private information, or by redacting such information from documents or ESI that CDK may produce.

10.    CDK objects to the Requests to the extent they purport to require the production of documents or information that are not maintained by CDK in the form or manner requested.

11.    CDK objects to the Requests to the extent that they seek the production of documents or information beyond the possession, custody, or control of CDK or its current officers, directors, or employees and/or that cannot be located with a reasonably diligent search, thus making the Requests unduly burdensome.

12.    CDK objects to the Requests on the ground of undue burden to the extent that they seek the production of documents or information currently in Plaintiffs' possession,

custody, or control, that is publicly available, or that can be obtained more easily from third parties.

13.     No statement that CDK will produce requested documents or information in response to any given Request shall be deemed a representation that such documents or information exist, but rather is a statement that CDK will undertake to produce responsive, non-privileged documents or information to the extent that they exist, are within its possession, custody, or control and can be located with a reasonably diligent search.

14.     To the extent CDK has agreed to search for documents responsive to these Requests, its searches will be limited to the files of those document custodians agreed upon by the parties and to central or shared file locations (if any) where documents that are responsive to particular Requests are likely to be found.  Similarly, in accordance with the Stipulated Order Re: Discovery Of Electronically Stored Information ("ESI") ("ESI Stipulation"), which was approved and entered by the Court on April 6, 2018 (Dkt. 105), CDK will produce responsive, non-privileged documents and information in accordance with the parties' agreements regarding date limitations and search terms, to avoid the need to manually inspect every potentially responsive document.  To the extent that responsive documents can be identified and produced without the use of search terms, custodian, or date limitations, CDK will make good-faith, diligent efforts to produce those responsive documents concurrent with resolving any disagreements over search criteria.

15.     CDK's responses to the Requests are based on its present knowledge, upon a reasonable inquiry.  Discovery is ongoing, and CDK's investigation continues.  CDK reserves the right to supplement, amend, and correct these responses and objections, if necessary, based on information later obtained through investigation, discovery, or otherwise.

16.     To the extent CDK has objected to or refused to produce documents or information in response to any given Request, and to the extent that Plaintiffs take issue with any such objection or refusal, CDK is willing to meet-and-confer with Plaintiffs to see if a reasonable, mutually-acceptable compromise might be reached.

17.     CDK objects to these Requests to the extent that they are duplicative of Requests for the Production of Documents served by other parties in the MDL. Such Requests violate Paragraph B.6 of the Court's May 7, 2018 Case Management Order (Dkt. 166), which directs the parties to serve "additional, *non-duplicative, coordinated* discovery requests" on or before May 25, 2018."

18.     CDK incorporates each of the foregoing General Objections as though fully set forth in each response and objection below.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.     CDK objects to each and every "Definition" set forth in the Requests, including "communication," "relating to," "related to," "referring to," "regarding," and "with respect to," to the extent that such definitions purport to broaden these terms beyond their ordinary meaning or impose obligations on CDK broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34 and/or any applicable Local Rule or other Court Order. CDK will interpret and respond to Requests using these terms consistent with their ordinary meaning.

2.     CDK objects to Plaintiffs' definition of "add-on application" in Definition No. 1 as overly broad and unduly burdensome, to the extent it purports to include "software applications" that are not relevant to any party's claims or defenses, *e.g.*, software applications

used by car dealerships that do not require direct or indirect access to data maintained by the dealership's licensed DMS.

3.          CDK objects to Plaintiffs' definitions of "CDK" and "You," "Your" and "Your company" in Definition Nos. 9 and 20 as overly broad and unduly burdensome to the extent they purport to require CDK to produce information and/or documents beyond CDK's possession, custody, or control.  In addition, CDK objects to Definition Nos. 9 and 20 to the extent they purport to require CDK to produce information and/or documents within the possession, custody, or control of any person or entity other than its current officers, directors, employees, agents, or any person acting on CDK's behalf.

4.          CDK objects to Plaintiffs' definition of "CVR" in Definition No. 11 as overly broad and unduly burdensome, and to the extent it purports to require CDK to produce information and/or documents maintained by CVR.  Plaintiffs have stated their intent to serve separate discovery requests upon CVR; therefore, to the extent these Requests seek documents from CVR, they should be directed to CVR, not CDK.

5.          CDK objects to Plaintiffs' definitions of "Authenticom," "AutoLoop," "Cox Automotive," "MVSC," "RTS," and "Reynolds" in Definition Nos. 3, 4, 5, 6, 7, and 18 as overly broad and unduly burdensome.

6.          CDK objects to Plaintiffs' definition of "data integrators" in Definition No. 12, in so far as an entity that does not own or provide its own DMS but which "provide[s] access by any means to dealer data" on another provider's "DMS database, whether by extracting the data, writing data back into the DMS, or both," is not providing "integration" services as CDK uses and understands the term.  CDK further objects to Definition No. 12 as inaccurate.  CDK is not a "data integrator" "through its 3PA program" despite Plaintiffs' repeated attempts to label it as

8

such.  CDK's subsidiaries DMI and IntegraLink have served in that role (as CDK understands the term) at various times during the relevant period.  To the extent that CDK responds to Requests that reference "data integrators," it does not mean that CDK agrees with or accepts Plaintiffs' definitions.

7.     CDK objects to Plaintiffs' definitions of "DMI" and "IntegraLink" in Definition Nos. 13 and 15 as overly broad, unduly burdensome, and seeking documents and information that are irrelevant and not within CDK's possession, custody, or control, to the extent that these definitions purport to include any documents or information pertaining to Digital Motorworks, Inc. or IntegraLink before those entities were acquired by and incorporated into the business operations of CDK.

8.     CDK objects to Plaintiffs' definitions of "Vendors" and "application providers" in Definition No. 19 as overly broad and unduly burdensome, to the extent it purports to include "Vendors" or "application providers" of "software applications" that are not relevant to any party's claims or defenses, *e.g.*, software applications used by car dealerships that do not require direct or indirect access to data maintained by the dealership's licensed DMS.

9.     CDK objects to Plaintiffs' "Instructions" to the extent that they purport to conflict with, or impose any obligations that are greater than or otherwise inconsistent with, the ESI Stipulation.  CDK will collect, review, and produce ESI responsive to these Requests in accordance with that Stipulation.  CDK further objects to Instruction No. 1 to the extent it purports to require the production of privileged documents, including but not limited to those in the possession of CDK's "attorneys or their employees, agents, vendors, or investigators.

## CDK'S SPECIFIC RESPONSES TO REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** The executed versions of every 3PA contract with a vendor.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of Plaintiffs' actions, and to the extent it is duplicative. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks production of any executed contract for each of CDK's 300+ 3PA customers, from the beginning of time to the present, irrespective of whether the vendors are current or former customers, and without taking into consideration that CDK may have had executed multiple 3PA contracts with particular customers over time. CDK further objects to this Request to the extent that it is unlimited in time and thus not limited to the time period relevant to Plaintiffs' actions. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom's Request for Production ("Authenticom RFP") No. 43, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 2:** All documents and communications regarding CDK's Managed Interface Agreement with (a) Cox Automotive and (b) AutoLoop.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of Plaintiffs' actions, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" relating, in any way, to the agreements identified in the

Request.  CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs'" Request for Production ("'Individual Plaintiffs' RFP") Nos. 1 and 6.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce (a) executed versions and non-privileged drafts of the agreements identified in this Request, and (b) non-privileged documents and communications regarding the agreements identified in this Request, for the period January 1, 2015 (approximately one year prior to the execution of Cox and AutoLoop's respective Managed Interface Agreements with CDK), to the date of CDK's collections.

**REQUEST NO. 3:** All documents and communications regarding the 3PA fees to be charged to (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of Plaintiffs' actions, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege.  Specifically, CDK objects to this Request as vague and overly broad to the extent it seeks information related to 3PA fees "to be charged" to Cox, AutoLoop, and MVSC; "to be charged" could refer to any number of things including but not limited fees that might or will be charged in the future or fees

11

CDK contemplated charging.  CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" relating, in any way, to the 3PA fees.  CDK further objects to this Request to the extent that it is unlimited in time and thus not limited to the time period relevant to the claims and defenses in Plaintiffs' actions.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs  do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.  CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 2, 6, 7, and 8, and 82 and Authenticom RFP Nos. 61 and 96.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the periods January 1, 2014 (for MVSC), and January 1, 2015 (for Cox and AutoLoop), to the date of CDK's collections.

**REQUEST NO. 4:** All documents and communications regarding access to dealer data on a CDK DMS through the 3PA program by (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of Plaintiffs' actions, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege.  Specifically, CDK objects to the use of the terms "access" and "dealer data" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request as overly broad and unduly

12

burdensome to the extent it seeks "all documents and communications" relating, in any way, to Cox's, AutoLoop's, or MVSC's access to "dealer data" through the 3PA program. CDK further objects to this Request to the extent that it is unlimited in time and thus is not limited to the time period relevant to the Plaintiffs' actions. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 2, 11-15, 32, 33, 37, and 96-97.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the periods January 1, 2014 (for MVSC), and January 1, 2015 (for Cox and AutoLoop), to the date of CDK's collections.

**REQUEST NO. 5:** All documents and communications regarding whether data received by a (a) Cox Automotive or (b) AutoLoop application from a CDK DMS may be shared with another application run by (a) Cox Automotive or (b) AutoLoop.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of Plaintiffs' actions, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" relating, in any way, to whether data from a CDK DMS can be shared between

13

Cox's or AutoLoop's multitude of applications, from the beginning of time to the present. CDK further objects to this Request to the extent that it is unlimited in time and thus is not limited to the time period relevant to the Plaintiffs' actions. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2015, to the date of CDK's collections.

**REQUEST NO. 6:** All documents and communications regarding the Most Favored Nations clause – or anything like it – in the Managed Interface Agreement between Cox Automotive and CDK.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of Plaintiffs' actions, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" relating, in any way, to a particular clause, "or anything like it," in the agreement identified in this Request. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to

14

the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP No. 2, 3, 7, and 8.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period beginning January 1, 2015 to the date of CDK's collections.

**REQUEST NO. 7:** All documents and communications regarding any instance in which a vendor received equal or better pricing than Cox Automotive for data integration under the 3PA program from 2015 to the present.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" relating, in any way, to "any instance" in which any of CDK's 300+ vendors received equal or better "pricing" (a term undefined in these Requests or Cox's Complaint) than those that Cox receives for services that are not comparable to the services that Cox receives. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to,, but not limited to "Individual Plaintiffs" RFP No. 82.

Subject to and without waiving these or its General Objections, CDK states that it has already produced data sufficient to show pricing for data integration services paid by CDK's customers, to the extent that such data exists and is within CDK's possession, custody, and

control. *See, e.g.*, CDK-0701423; CDK-0701424; CDK-0701425; CDK-0701426; CDK-0701427; CDK-0701428; CDK-0701429; CDK-0701430; CDK-0701431; CDK-0701432; CDK-0701433; CDK-0701434; CDK-0701435; CDK-0701436; CDK-0701437; CDK-0701438; CDK-0701439; CDK-0701440; CDK-0701441; CDK 0701442; CDK-0701443; CDK-0701444; CDK-0701445; CDK-0701446; CDK-0701447; CDK-0701448; CDK-0701449.

**REQUEST NO. 8:** All documents and communications regarding any representation made to Cox Automotive that it would pay the lowest rates for integration services.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as vague and overly broad to the extent it seeks documents and communications related to "any representation" in any form by any person or entity to Cox that it would pay the "lowest rate" (a term undefined in these Requests or Cox's complaint) for integration services. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP No. 3.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2015, to the date of CDK's collections.

**REQUEST NO. 9:** All documents regarding 3PA Governance. *See*, *e.g.*, CDK-0001039, at 46.

16

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as vague to the extent it references CDK-0001039, which contains a passing reference to "3PA Governance" as it relates to "Writeback and IP Functions" made available to DMS providers. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating, in any way, to "3PA Governance," since the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK also objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 27.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 10:** All documents and communications regarding any DMS access restrictions, to which CDK add-on applications are not subject, that CDK places on third-party add-on applications.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in Plaintiffs' actions and thus is beyond the scope of permissible discovery. Whether CDK places the same "access restrictions" on its own applications—which CDK can monitor and for which it is ultimately responsible—as those placed upon applications offered by third parties has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" regarding any "DMS access restrictions" placed on any "third-party add-on applications" offered by 300+ vendor customers, since the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 11-15 and Authenticom RFP No. 91.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will

18

produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 11:** All documents and communications regarding allowing applications to create or modify "repair orders." *See*, *e.g.*, CDK-0000786, at 818.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in Plaintiffs' actions and thus is beyond the scope of permissible discovery. Whether CDK allows certain functionality for applications offered by third parties has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications," related in any way to allowing *any* third-party application to create and modify repair orders in CDK's DMS, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 91.

19

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 12:** All documents and communications regarding allowing applications to finalize purchasing and leasing transactions. *See id.*

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in Plaintiffs' actions and thus is beyond the scope of permissible discovery. Whether CDK allows certain functionality for applications offered by third parties has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" related in any way to allowing *any* third-party application to "finalize" purchasing and leasing transactions, the meaning of which is not clear from this Request, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC

and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 91.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 13:** All documents and communications regarding any "category restrictions" in place at any time with respect to data integration. *See*, *e.g.*, CDK-0001039, at 64.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" related in any way to *any* "category restrictions" on data access for third-party applications in place "at any time." As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 91.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 14:** All documents and communications relating to any "CVR Category" for data access by electronic vehicle registration and titling vendors.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to use of the term "CVR Category" in this Request as vague and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications," related in any way to any "CVR" category for third-party data access, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 91.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control

22

responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 15:** All documents and communications relating to any "Closed Category" for data access by electronic vehicle registration and titling vendors.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to use of the term "Closed Category" as vague and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" related in any way to *any* "Closed Category" for third-party data access, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 91.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will

produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 16:** All communications with Nissan Motor Acceptance Corporation, American Honda Finance Corporation, or their affiliates regarding Dealertrack's Sales and F&I solution.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" relating, in any way, to Dealertrack's Sales and F&I solution, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce communications with Nissan Motor Acceptance Corp. and American Honda Finance Corporation as they relate to Dealertrack's Sales and F&I solution and the allegations in Cox's complaint, for the period January 1, 2015, to the date of CDK's collections.

**REQUEST NO. 17:** All documents and communications concerning the process of transitioning dealers from CDK's DMS to Dealertrack's DMS.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents and information protected from disclosure by an applicable

privilege.  Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" regarding the transition of any dealer, for any reason, to Dealertrack's DMS, from the beginning of time to the present.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody and control, and can be identified through a reasonable search of appropriate sources, CDK will produce documents sufficient to show its policies and procedures for transferring customer data to a new DMS provider for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 18:**  All documents and communications regarding impeding, blocking, or in any way making it difficult for a dealer to switch from CDK's DMS to a competing DMS, including Dealertrack's DMS.  For the avoidance of doubt, this Request includes all communications and documents regarding a dealer's ability to transfer the dealer's data stored on the CDK DMS to a competing DMS.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege.  Specifically, CDK objects to the use of the phrase "difficult" in this Request as vague, ambiguous, and undefined.  CDK could make it "difficult," for example, for customers to switch DMS providers by offering those customers better pricing or more attractive terms of service.  CDK also objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is

25

beyond the scope of permissible discovery. Whether or not CDK "make[s] it difficult" to switch DMS providers, DMS customers regularly switch to and from CDK as demonstrated by information that CDK has already produced in this MDL. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks discovery of CDK "making it difficult" "in any way" for a dealer to switch DMS providers, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody and control, and can be identified through a reasonable search of appropriate sources, CDK will produce documents sufficient to show its policies and procedures for transferring customer data to a new DMS provider for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 19:** All documents and communications regarding "push" notifications for 3PA or similar functionality provided to CDK's own add-on applications.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks information that is duplicative and protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. Whether CDK provides or has ever provided "push" notifications through the 3PA

26

program or for its own "add-on applications" has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications regarding "push" notifications, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK also objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 26, 27, and 91, to which CDK has produced and is producing responsive documents subject to its objections, and "Individual Plaintiffs" RFP No. 96.

**REQUEST NO. 20:** All documents regarding functionality, data access, or level of data integration provided to one vendor but not offered to a competing vendor or vendors.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. Whether or not all of CDK's 300+ current and former vendor customers have equal or comparable data integrations has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful

agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" comparing such data integrations, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 21:** All documents and communications regarding any purported burden placed on a CDK DMS by the applications of (a) Cox Automotive or (b) AutoLoop.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request to the extent it seeks discovery of the burden placed on CDK's DMS by 3PA-certified applications, which is irrelevant to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" regarding "any" burden placed on a CDK DMS by any application affiliated with Cox or AutoLoop, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents related to the burden placed on CDK's DMS by unauthorized third-party applications, including from Cox and AutoLoop, for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 22:** All documents and communications regarding the response time for 3PA interfaces from the time they are requested by a vendor until the time they are actually activated.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the term "response time" in this Request as vague, ambiguous, and undefined. It is unclear whether "response time" is measured from the time that CDK is first contacted by a new vendor interested in the 3PA program, from the time that CDK and the vendor actually negotiate and execute a managed interface agreement, or some other point in time. CDK also objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. The "response time" for activation of 3PA interfaces has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks "all documents and communications" regarding response times for activation of 3PA interfaces for any vendor and any application, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first

29

"Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 23:** All documents and communications regarding "Project Peach."

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. The project between non-party Open Dealer Exchange and Cox that is the subject of this Request has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks "all documents and communications" regarding any aspect of the project. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 24:** All documents and communications regarding Dealertrack Registration & Titling's access to the CDK DMS.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is duplicative and protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. Dealertrack's EVR product is not at issue in

Plaintiffs' actions. CDK also objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks "all documents and communications" regarding DealerTrack Registration & Titling's access to CDK's DMS, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK also objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 4 and 10.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents related to Dealertrack Registration & Titling's eligibility for the 3PA program and any negotiations concerning its possible participation in the 3PA program.

**REQUEST NO. 25:** All documents and communications regarding RTS participating in the 3PA program.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is duplicative and protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. Dealertrack's EVR product is not at issue in

31

Plaintiffs' actions. CDK also objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks "all documents and communications" regarding DealerTrack Registration & Titling's possible participation in CDK's 3PA program. Additionally, CDK objects to this Request as unlimited in time and thus not limited to the time period relevant to the claims and defenses in Plaintiffs' actions. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK also objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 4, 5 10, and 24.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents related to Dealertrack Registration & Titling's eligibility for the 3PA program and any negotiations concerning its possible participation in the 3PA program.

**REQUEST NO. 26:** All documents and communications regarding AutoLoop's application to join the 3PA program.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks "all documents and communications"

regarding AutoLoop's application to join the 3PA program. Additionally, CDK objects to this Request as unlimited in time and thus not limited to the time period relevant to the claims and defenses in Plaintiffs' actions. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or Cox and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2015, to the date of CDK's collections.

**REQUEST NO. 27:** All documents and communications regarding CDK's certification of AutoLoop's products for the 3PA program under the January 2016 Statement of Work between AutoLoop and CDK.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is duplicative and protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks "all documents and communications" regarding CDK's certification of AutoLoop's products in the 3PA program. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or Cox and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other

Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP No. 2.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2015, to the date of CDK's collections.

**REQUEST NO. 28:** All documents and communications regarding CDK's decision to let AutoLoop use independent third-party integrators to provide data integration services to CDK dealers after AutoLoop's acceptance into the 3PA program.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications" regarding a purported "decision" by CDK to permit AutoLoop to use "third party integrators" after its admission to the 3PA program. CDK also objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or Cox and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 30.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will

34

produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 29:** All communications – and all documents regarding those communications – between CDK and dealers regarding (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and duplicative. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome in that it literally seeks "all documents and/or communications" between CDK and dealers relating, in any way, to Cox, AutoLoop, and MVSC, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 2, 3, 4, and 5.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents related to communications with dealers regarding access by Cox, AutoLoop, and/or MVSC to CDK's DMS for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 30:** All documents and communications relating to any threat or perceived threat to Your DMS business posed by add-on applications, including but not limited to add-on applications provided by Cox Automotive.

35

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the term "threat" in this Request as vague, ambiguous, and undefined. "Threat" could mean competitive threats (as the term was used in Authenticom RFP 90) or the threats to data security and system performance and integrity caused by unauthorized third-party access. CDK assumes for the purposes of this Request that Plaintiffs mean the former. CDK also objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. Whether or not add-on applications pose a competitive "threat" has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as grossly overbroad and unduly burdensome in that it seeks the production of "all documents and communications" relating, in any way, to any competitive threat posed by "add-on applications," from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 90.

36

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 31:** All documents and communications between CDK and OEMs or car manufacturers regarding (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and duplicative. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome in that it literally seeks "all documents and/or communications" between CDK and OEMs relating, in any way, to Cox, AutoLoop, or MVSC, from the beginning of time to the present. OEMs are not parties to this case and Plaintiffs make no material allegations regarding OEMs in their complaints. And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint— February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 2, 3, 4, and 5.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified

through a reasonable search of appropriate sources, CDK will produce non-privileged documents related to communications with OEMs regarding access by Cox, AutoLoop, and/or MVSC to CDK's DMS for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 32:** All communications, and documents related to those communications, between CVR and CDK concerning MVSC, including but not limited to: (1) MVSC's access to dealer data stored on the CDK DMS; (2) MVSC's presence and market share in California, Illinois, or any other state EVR market; (3) MVSC's expansion or potential expansion into states beyond California; and (4) any competitive threat or perceived competitive threat posed by MVSC to CVR.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the terms "access" and "dealer data" in this Request as vague, ambiguous, and undefined  CDK also objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks the production of "all" communications with CVR, and documents "related" in any way to those communications, concerning MVSC, from the beginning of time to the present.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint— February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.  Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified

through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 33:** All communications, and documents related to those communications, between CDK and Reynolds concerning or relating to MVSC.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks the production of "all" communications, and documents "related" in any way to those communications, between CDK and Reynolds concerning or relating to MVSC, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK also objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 2, 3, and 4.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 34:** All documents and communications related to MVSC's attempts or applications to join the Your data integration program, including but not limited to internal communications regarding whether to permit MVSC to participate in Your data integration program; internal communications regarding any competitive threat that permitting MVSC to join Your data integration program might pose to CVR; and the terms and pricing offered to MVSC.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "related," in any way, to any attempts by MVSC or applications submitted by MVSC to join CDK's 3PA program, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2014, to the date of CDK's collections.

**REQUEST NO. 35:** All documents and communications related to any other application or attempt by any EVR provider, other than MVSC, to join Your data integration program, including the terms and pricing offered to any such EVR vendor.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks

40

the production of "all" documents and communications "related," in any way, to any attempts or applications submitted by any EVR provider other than MVSC to join CDK's 3PA program and the terms and pricing offered to such provider, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents sufficient to show the EVR providers who are enrolled in CDK's 3PA program and the contractual terms and conditions of their enrollment in the 3PA program for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 36:** All documents and communications regarding any EVR provider currently participating in Your data integration program, including when they started participating; the pricing they pay for participation; their applications to participate in the program; Your internal considerations regarding their applications; the data elements they receive and /or have access to; and the state EVR markets in which they participate.

**RESPONSE:** CDK objects to this Request as overly broad, vague, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "regarding," in any way, any EVR providers' participation in CDK's 3PA program. CDK also objects to this Request as overly broad and unduly burdensome in that it seeks documents from an unlimited time period. As

noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP No. 35.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents sufficient to show the EVR providers who are enrolled in CDK's 3PA program and the contractual terms and conditions of their enrollment in the 3PA program for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 37:** All communications, and documents related to those communications, between You and Your dealer customers regarding MVSC, including but not limited to communications between You and Your dealer customers concerning (1) the way in which MVSC accesses dealer data; (2) MVSC's attempts to join the 3PA program and/or 3PA certification status; and (3) MVSC's security and data practices.

**RESPONSE:** CDK objects to this Request as overly broad, vague, unduly burdensome, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the terms "access" and "dealer data" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" communications and documents between CDK and its customers "related," in any way, to MVSC, from the beginning of time to the present. As noted above, the limitations period

42

applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP No. 29.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to subparagraphs (1)-(3) of this Request for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 38:** All communications and documents concerning or mentioning any MVSC executive, including but not limited to Don Armstrong, Kelly Kimball, Joseph Nemelka, and John Brueggeman.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications and documents" "concerning or mentioning" any of four individuals affiliated with MVSC, in any context, from the beginning of time to the present. Of course, not "all" such documents have any relevance or bearing on the claims or defenses at issue in the MVSC litigation. And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2017. Further, Plaintiffs do not allege

43

any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, "Individual Plaintiffs" RFP Nos. 2, 3, 4, 31, 32, 33, 34, and 37.

Subject to and without waiving these or its General Objections, CDK states that it is willing to consider a search term based upon this Request in connection with the parties' ongoing negotiations concerning additional search terms and custodians.

**REQUEST NO. 39:** All communications and documents concerning CDK's consideration or evaluation of whether to acquire or purchase MVSC.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. Whether CDK considered or evaluated purchasing MVSC has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" communications and documents "concerning," in any way, CDK's consideration or evaluation of whether to acquire or purchase MVSC, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual

44

Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 40:** All communications and documents concerning any efforts by You to block or impede MVSC's access to data for a dealer using Your DMS platform.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the phrase "access to data" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" communications and documents "concerning," in any way, CDK's supposed efforts to block or impede MVSC's access to CDK's DMS, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 14, 22, 23, 27, 42, 79, and 81.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states

that to the extent they exist and are within CDK's possession, custody and control, CDK will

produce additional non-privileged documents responsive to this Request identified through the

use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 41:** All communications and documents concerning MVSC's use of independent integrators, including but not limited to Authenticom, SIS, and ProQuotes, to access data for a dealer using Your DMS platform.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to

the extent it is duplicative and seeks documents protected from disclosure by an applicable

privilege. Specifically, CDK objects to the phrase "access data for a dealer" in this Request as

vague, ambiguous, and undefined. CDK also objects to this Request as overly broad and unduly

burdensome to the extent it seeks the production of "all" communications and documents

"concerning," in any way, MVSC's use of "independent integrators" to access CDK's DMS,

from the beginning of time to the present. As noted above, the limitations period applicable to

Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff"

complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable

conduct by CDK until much later than that. CDK further objects to this Request to the extent it

seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and

irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to

the extent it is duplicative of other Requests for Production served upon CDK in this MDL,

including, but not limited to, Authenticom RFP Nos. 14, 22, 23, 27, and 42.

Subject to and without waiving these or its General Objections, CDK states that it has

already produced and is producing documents within its possession, custody, or control

responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states

that to the extent they exist and are within CDK's possession, custody and control, CDK will

produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 42:**  All communications and documents concerning the importance of having real time or bi-directional data integration in order to provide EVR services in Illinois, California, or any other state EVR market.

**RESPONSE:**  CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the phrase "importance of having real time or bi-directional data integration" in this Request as vague, ambiguous, and undefined.  Any document referring to such integrations could be interpreted to bear on their "importance," or not, to the provision of EVR services.  CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" communications and documents related to the "importance," in any context, of real time or bi-directional data integration in connection with the provision of EVR services.  CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks documents regarding any alleged "EVR market" in any state other than Illinois or California.  And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents

responsive to this Request to the extent they relate to the provision of EVR services in Illinois or California for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 43:** Documents sufficient to show CVR's market share and customer base in every state in which it operates, from 2011 to present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents beyond CDK's possession, custody, or control. Specifically, CDK objects to this Request as overly broad and unduly burdensome in that it seeks documents related to CVR's "market share" and "customer base" in every state in which it operates, from 2011 to the present. Only CVR's operations in Illinois and California are implicated by MVSC's claims. And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents sufficient to show the number of customers that CVR serves in California and Illinois.

**REQUEST NO. 44:** All documents and communications concerning CVR's customer base and market share in California and Illinois, from 2011 to present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically,

48

CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications that are in any way related to CVR's customer base and "market share" in California and Illinois, from 2011 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents that refer to or otherwise purport to calculate CVR's "share" of EVR customers in California or Illinois for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 45:** All documents and communications concerning any market analysis or competitive analysis of the EVR markets in California and Illinois.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "concerning," in any way, any "market analysis" or "competitive analysis" of EVR services in California and Illinois, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—

February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 46:** All documents and communications concerning CVR's operational costs, revenues, profitability, and financial projections and forecasts, from 2011 to present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to any claim or defense in Plaintiffs' actions and thus is beyond the scope of permissible discovery. The revenues or "profitability" realized by CVR— particularly prior to the relevant time period—has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "concerning," in any way, CVR's operational costs, revenues, profitability, and financial projections and forecasts from 2011 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the

50

first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any

potentially actionable conduct by CDK until much later than that. CDK further objects to this

Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop

and/or untimely and irrelevant additional discovery on behalf of Authenticom.      Finally,  to the

extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 47:** All documents and communications concerning deficiencies or
perceived deficiencies in CVR's product and service level.  For the avoidance of doubt, this
Request includes not only internal documents and communications but also communications
with third parties (including CVR's dealer customers) regarding deficiencies or perceived
deficiencies in CVR's product and service level.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not

proportional to the needs of the case, and to the extent it seeks documents protected from

disclosure by an applicable privilege.  Specifically, CDK objects to this Request as overly broad

and unduly burdensome to the extent it seeks the production of "all" documents and

communications "concerning" supposed deficiencies in CVR's products or services, from the

beginning of time the present.  As noted above, the limitations period applicable to Plaintiffs'

claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—

February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK

until much later than that.  CDK further objects to this Request to the extent it seeks discovery

unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional

discovery on behalf of Authenticom.  Finally, to the extent this Request seeks documents from

CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the

extent they exist, are within CDK's possession, custody, and control and can be identified

through a reasonable search of appropriate sources, CDK will produce non-privileged documents

comparing the product quality or perceived product quality of CVR and MVSC for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 48:** All documents and communications concerning the product quality or perceived product quality of CVR's competitors, including but not limited to MVSC.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents beyond CDK's possession, custody, or control, or protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "concerning," in any way, the product quality or perceived product quality of CVR's competitors, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents comparing the product quality or perceived product quality of CVR and MVSC for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 49:** All documents and communications regarding any delays or backlogs by CVR in processing vehicle registrations and titles, including but not limited to any such delays or backlogs in California.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to any claim or defense in Plaintiffs' actions and thus is beyond the scope of permissible discovery. Any delays or backlogs in processing vehicle registrations and titles (if any) have no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "regarding" such purported delays or backlogs, from the beginning of time to the present. Only CVR's operations in Illinois and California are implicated by MVSC's claims. And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents

related to any "backlogs" for EVR providers processing vehicle registrations and titles in California, for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 50:** All documents and communications concerning any advantage or perceived advantage CVR has over its competitors because of CVR's ability to access dealer data stored on the CDK and Reynolds DMSs.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to term "advantage" and the phrase "dealer data" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "concerning," in any way, any "advantage" that CVR has from its ability to access—along with several other EVR providers—data stored on CDK and Reynolds's DMSs. CDK also objects to this Request as overly broad and unduly burdensome in that it seeks documents from an unlimited time period. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents

comparing CVR against other EVR providers in terms of their ability to access to data on CDK and/or Reynolds's DMSs for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 51:** All documents and communications concerning the costs associated with entering a new EVR market, including costs associated with legal licensing and DMV requirements and capital and technological costs.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that it seeks information unrelated to any claim or defense in Plaintiffs' actions and thus is beyond the scope of permissible discovery. The entry costs associated with EVR services have no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "concerning" such costs, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 52:** Documents sufficient to show CVR's ownership structure, including documents sufficient to show how CVR's revenues and profits are divided between CDK and Reynolds.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks documents from an unlimited time period. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 53:** All documents and communications relating to Reynolds' ownership interest in CVR, including when that interest was acquired; why Reynolds acquired that interest; from whom Reynolds acquired that interest; how much Reynolds paid for that ownership interest; and what Reynolds' rights are with respect to its ownership interest.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, this Request appears to have been mistakenly directed at CDK and obviously requests Reynolds documents as opposed to CDK documents (and an identical Request has been propounded to Reynolds). CDK also objects to this Request on the grounds that it seeks information unrelated to any claim or defense in Plaintiffs' actions

and thus is beyond the scope of permissible discovery. The details surrounding when, how, and why Reynolds acquired its ownership interest in CVR have no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "relating," in any way, to Reynolds' ownership interest in CVR, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 54:** All documents and communications relating to the financial benefits received by Reynolds and CDK relating to their ownership interest in CVR, including any allocated profits or other financial benefit, from 2011 to the present.

**RESPONSE:** CDK objects to this Request as overly broad, vague, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to use of the term "financial benefits" in this Request as vague, ambiguous, and undefined. CDK further objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "relating," in any way, to "financial benefits" obtained by CDK and Reynolds from their ownership interest in CVR from 2011 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual

57

Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents sufficient to show how CVR's profits are allocated between CDK and Reynolds for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 55:** The operative CVR ownership agreement between CDK and Reynolds.

**RESPONSE:** Subject to and without waiving these or its General Objections, CDK states that it has already produced documents responsive to this Request. *See* CDK-0001931.

**REQUEST NO. 56:** All iterations of CVR's organizational chart from 2011 to the present.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the term "iterations" in this request as vague, ambiguous, and undefined, and overly broad and unduly burdensome to the extent it means drafts or non-final versions of the documents identified by this Request. CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks CVR's "organizational chart" from 2011 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.

58

Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents responsive to this Request for the period January 1, 2013 to the date of CDK's collections.

**REQUEST NO. 57:** All documents concerning CDK's involvement in the operation of CVR, including but not limited to CDK's involvement in CVR's management, budget and capital investments, hiring, firing, personnel decisions, salary and bonus allotments, strategic priorities, sales and marketing efforts, and other daily business activities.

**RESPONSE:** CDK objects to this Request as overly broad, vague, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to use of the term "involvement" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. MVSC's theory that CDK "controls" CVR is pled in service of a Section 2 claim that has been dismissed once already, is subject to another pending motion to dismiss, and contradicts MVSC's own allegations in prior versions of its complaint. CDK further objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "relating," in any way, to CDK's "involvement" in the operation of CVR—which could mean

literally anything—from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 58:** All documents and communications between anyone at CVR, on the one hand, and anyone at CDK, on the other, including regarding the operations, finances, and/or management of CVR.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK also objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. MVSC's theory that CDK "controls" CVR is pled in service of a Section 2 claim that has been dismissed once already, is subject to another pending motion to dismiss, and contradicts MVSC's own allegations in prior versions of its complaint. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications between CVR and CDK, regardless of content, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely

60

and irrelevant additional discovery on behalf of Authenticom.  Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 59:**  All communications between CDK and Reynolds regarding CVR.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks communications protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" communications between CVR and CDK regarding CVR, in any way, from the beginning of time to the present.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged communications between CDK and Reynolds regarding CVR's operations or finances, including CVR's participation in CDK's and Reynolds's 3PA and RCI programs, for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 60:**  All documents and communications relating to CVR's acquisition of AVRS, including the strategic and financial considerations in CVR's acquisition of AVRS.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds

61

that it seeks information unrelated to any claim or defense in Plaintiffs' actions and thus is beyond the scope of permissible discovery. The details of CVR's acquisition of AVRS—and strategic or financial considerations thereof—have no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "relating," in any way, to CVR's acquisition of AVRS. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 61:** All documents and communications regarding deficiencies or perceived deficiencies in AVRS's product and service levels after the acquisition. For the avoidance of doubt, this Request includes not only internal documents and communications but also communications with third parties (including AVRS's dealer customers) regarding deficiencies or perceived deficiencies in AVRS's product and service level.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the term "deficiencies" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request on the grounds that it seeks information unrelated to any claim or defense in Plaintiffs' actions and thus is beyond the scope of permissible discovery. Any perceived deficiencies in AVRS's products or service levels has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as

overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "concerning" such purported deficiencies, in any way. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

**REQUEST NO. 62:** All documents and communications regarding instances in which CVR or AVRS uses or used independent integrators for access to dealer data on a DMS platform, whether CDK's, Reynolds', or any other DMS platform.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the terms "access" and "dealer data" in this Request as vague, ambiguous, and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "regarding," the use of so-called "independent integrators" by CVR or AVRS, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents

related to any agreements with "independent integrators" with respect to CVR or AVRS's (after its acquisition by CVR) access to data maintained on CDK or Reynolds's DMS, or any other DMS providers with policies restricting third-party access.

**REQUEST NO. 63:** All documents and communications regarding any instance in which an add-on application owned (or partly owned) by CDK or Reynolds uses or used independent integrators for access to dealer data on a DMS platform, whether CDK's, Reynolds', or any other DMS platform.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the terms "access" and "dealer data" in this Request as vague, ambiguous, and undefined. CDK further objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications "regarding," in any way, the use of so-called "independent integrators" by an add-on application owned by CDK or Reynolds, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 25.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will

produce additional non-privileged documents related to agreements with "independent integrators" with respect to CDK applications' access to data maintained on CDK or Reynolds's DMS, or any other DMS providers with policies restricting third-party access, identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 64:** All documents relating to CVR's Board of Directors or any equivalent governing body for CVR. This Request has no date limitation. This Request includes, but is not limited to:

        a.      All documents relating to the composition of CVR's Board of Directors;
        b.      Identification of every member of CVR's Board of Directors through time;
        c.      All materials presented to CVR's Board of Directors;
        d.      All materials considered by CVR's Board of Directors;
        e.      All minutes of meetings of CVR's Board of Directors; and
        f.      All communications between or among CVR's Board of Directors.

**RESPONSE:** CDK objects to this Request as overly broad, vague, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the phrase "materials considered" in this Request as vague and undefined. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents "relating," in any way, to CVR's Board of Directors or "any equivalent governing body," from the beginning of time to the present. CVR's Board of Directors discusses and considers a variety of issues unrelated to any of claims and defenses in Plaintiffs' actions. And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by Cox or AutoLoop and/or untimely and

65

irrelevant additional discovery on behalf of Authenticom. Finally, to the extent this Request seeks documents from CVR, it should be directed to CVR, not CDK.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged documents sufficient to show the composition of CVR's Board of Directors, CVR Board of Directors meeting minutes, and materials distributed to CVR Board members in advance of Board meetings for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 65:** All communications between You and any customer or former customer of Authenticom regarding data integration services or data access, including Team Velocity, Automotive Masterminds, or any other vendor customer of Authenticom.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" communications between CDK and any customer or former "customer" of Authenticom (which may include potentially hundreds of vendors) that are in any way related to "data integration services or data access," from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. In addition, the Request provides no way for CDK to determine who is a customer or former customer of Authenticom. CDK also objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely additional discovery on behalf of Authenticom. CDK

66

further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 10, 13, 20, and 22, to which CDK has produced and is producing responsive documents subject to its objections.

Subject to and without waiving these or its General Objections, CDK states that if Authenticom is able to provide a list of its current or former vendor customers, and the time periods when they were customers of Authenticom, CDK is willing to consider producing documents responsive to this Request to the extent that such documents can be identified through the use of agreed-upon search terms, date limitations, and custodians.

**REQUEST NO. 66:** All communications between You and any dealer customer or former dealer customer of Authenticom regarding data integration services or data access.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks the production of "all" communications between CDK and "any dealer customer or former customer of Authenticom" (which may include potentially thousands of dealers) related in any way to "data integration services or data access," from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK also objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely additional discovery on behalf of Authenticom. CDK further objects to this

67

Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 10, 13, 20, and 22, to which CDK has produced and is producing responsive documents subject to its objections.

Subject to and without waiving these or its General Objections, CDK states that if Authenticom is able to provide a list of its current or former dealer customers, and the time periods when they were customers of Authenticom, CDK is willing to consider producing documents responsive to this Request to the extent that such documents can be identified through the use of agreed-upon search terms, date limitations, and custodians.

**REQUEST NO. 67:**  All documents concerning Your evaluation of the market for data access / integration services, including what companies compete with You for provision of data access / data integration services.

**RESPONSE:**  CDK objects to this Request as overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege.  Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents concerning any evaluation by CDK of the alleged "market for data access/integration services," from the beginning of time to the present. The alleged "market" for "data integration services" is a legal conclusion that requires the application of law to facts that are subject to dispute in Plaintiffs' actions. Moreover, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom.  CDK also objects to this Request to the extent it is duplicative of other

Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 89.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 68:**  All documents concerning Your cost of capital, cost of equity, cost of debt, and/or weighted average cost of capital, including any documents upon which any of the foregoing are based.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks documents and information protected from disclosure by an applicable privilege and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK's overall capital, debt, and equity costs—whether based on lines of business that are related to Plaintiffs' allegations or otherwise—have no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive.  CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents concerning CDK's capital, debt, and equity costs from the beginning of time to the present.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  CDK further objects to this

69

Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 69:** All documents concerning the economic value of data or data access to dealers, vendors, or DMS providers, including any economic value placed by You on Your ability to deny, restrict, or in any way control access to data on Your DMS platform.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to the use of the phrase "economic value of data or data access" in this Request as vague and ambiguous. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents concerning such purported "economic value" from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 70:** All communications between CDK and any potential acquirer or acquirers, including The Carlyle Group, Silver Lake, Vista Equity Partners, Bain Capital, Thoma Bravo, and Advent International (or any person acting on behalf of the foregoing), regarding the valuation of CDK, its subsidiaries, or any aspect of their business.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request on the ground that communications, if any, with potential acquirers regarding valuations of CDK or its business have no bearing on the matters at

issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" such communications, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 71:** All documents regarding CDK's Fortellis Automotive Exchange, including all communications with dealers (including AutoNation, Lithia, Berkshire Automotive, Group One, and the Larry Miller Group) and vendors; historical data or projections regarding the costs of research and development, pricing, subscriptions, revenues, and profits.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents "regarding" the Fortellis Automotive Exchange ("Fortellis"), in any respect. In particular, the financial information and pricing and revenue data related to Fortellis called for in this Request appears to have no relevance to any party's claims or defenses and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

71

Subject to and without waiving these or its General Objections, CDK states it is willing to meet and confer with Plaintiffs to understand why they believe this Request is relevant to the matters at issue in Plaintiffs' actions.

**REQUEST NO. 72:**  All projections, forecasts, or other financial analyses regarding CDK's 3PA, OEM DCS, and/or DMI data services programs.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" projections, forecasts, or "other financial analyses" related to nearly every aspect of CDK's Data Services business, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 60, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 73:** All documents concerning the following conferences and/or meetings from 2009 to the present:  the National Automobile Dealers Association Show; the Digital Dealer Conference & Expo; or any other industry conference.  For the avoidance of doubt, this Request includes all documents concerning:  the identity of any of Your employees that attended the conference and/or meeting; any booth or other exhibition space obtained by You; and the exhibitor list and/or floor plan for any such show.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks information that

72

is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request on the ground that its participation (or not) at conferences and trade shows has no bearing on the matters at issue in Plaintiffs' actions, including whether CDK and Reynolds entered into an unlawful agreement or whether the terms of CDK's dealer and vendor contracts are anticompetitive. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents concerning the National Automobile Dealers Association Show, the Digital Conference & Expo, "or any other industry conference" from 2009 to the present, irrespective of their relevance to the claims and defenses at issue in Plaintiffs' actions. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Dealership Class Plaintiffs RFP Nos. 37-38.

**REQUEST NO. 74:** All telephone records – whether landline or cell phone – reflecting calls made or received by any Reynolds employee and any employee of CDK from 2014 to the present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks information that is harassing and not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request on the ground that it is grossly overbroad and unduly burdensome in so far as it seeks *all* telephone records reflecting calls made or received by any Reynolds or CDK employee,

regardless of their subject matter, from 2014 to the present. Thousands of employees' telephone records are potentially implicated by this Request, which, as written, is not even limited to calls made *between* CDK and Reynolds employees. CDK further objects to this Request to the extent it seeks information not within CDK's possession, custody, or control and/or more readily available from third parties, including telephone carriers. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 75:** All telephone records – whether landline or cell phone – for Your document custodians from 2014 to the present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it seeks information that is harassing and not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request on the ground that it is grossly overbroad and unduly burdensome in so far as it seeks *all* telephone records for *all* CDK document custodians, regardless of their subject matter, from 2014 to the present. CDK further objects to this Request to the extent it seeks information not within CDK's possession, custody, or control and/or more readily available from third parties, including telephone carriers. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 76:** All documents concerning any training provided by You to Your employees regarding antitrust or competition laws.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, and to the extent it is duplicative and seeks documents or information protected by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents that in any way concern "any training" provided to CDK employees regarding antitrust and

74

competition laws from an unlimited time period. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs' Complaints do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Dealer Class Plaintiffs RFP No. 43.

Subject to and without waiving these or its General Objections, CDK states that to the extent they exist, are within CDK's possession, custody, and control, and can be identified through a reasonable search of appropriate sources, CDK will produce non-privileged written antitrust compliance policies and training materials distributed to employees in the normal course of business for the period January 1, 2013, to the date of CDK's collections.

**REQUEST NO. 77:** All documents concerning CDK's Secure the DMS initiative.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overbroad and unduly burdensome to the extent it seeks the production of "all" documents that in any way concern CDK's efforts to secure its DMS from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom. CDK

75

further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 20, 22, 23, 27, and 42.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 78:** All Secure the DMS Dashboard Reports (*see*, *e.g*., CDK-0841086, at 87), including all data used to prepare such reports.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative. Specifically, CDK objects to this Request as overbroad and unduly burdensome to the extent it seeks the production of not only "all" dashboard reports created in connection with CDK's "Secure the DMS" strategy, but "all data used to prepare such reports." CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production previously served upon CDK in this MDL, including Authenticom RFP Nos. 22 and 42.

Subject to and without waiving these or its General Objections, CDK states that it has already produced the data used to track non-authorized access to CDK's DMS and communications with dealers featured in the report referenced in this Request. *See, e.g.*, CDK-0720676; CDK-0720677; CDK-0720678; CDK-0720679; CDK-0720680; CDK-0720681; CDK-

0720682; CDK-0720683; CDK-0720684; CDK-0720685; CDK-0720686; CDK-0720687; CDK-0720688; CDK-0720689; CDK-0720690; CDK-0720691; CDK-0720692; CDK-0720693; CDK-0720694; CDK-0720695; CDK-0720696; CDK-0720697; CDK-0720698; CDK-0720699; CDK-0720700; CDK-0720701; CDK-0720702; CDK-0720703; CDK-0720704; CDK-0720705; CDK-0720706; CDK-0720707; CDK-0720708; CDK-0720709; CDK-0720710; CDK-0720711; CDK-0720712; CDK-0720713; CDK-0720714; CDK-0720715; CDK-0720716; CDK-0720717; CDK-0720718; CDK-0720719; CDK-0720720; CDK-0720721; CDK-2437144.

**REQUEST NO. 79:** All documents regarding access by ReverseRisk to CDK's DMS platform.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request on the grounds that the terms and conditions of access to CDK's DMS by one application among hundreds (if not thousands) is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents regarding ReverseRisk's access to CDK's DMS, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs' Complaints do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks discovery unrelated to the claims asserted by MVSC or AutoLoop and/or untimely and irrelevant additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that it will produce the Managed Interface Agreement and Statement of Work between CDK and ReverseRisk to the extent not otherwise produced in this litigation.

**REQUEST NO. 80:** All documents concerning "hostile integration" or use of non-authorized usernames or passwords to extract data from the CDK or Reynolds platforms.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents in any way related to "hostile integration" or the use of non-authorized DMS usernames or passwords, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint— February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 10, 11, 12, 13, 14, 16, 18, 19, 20, 22, 23, 24, and 27.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 81:** Documents sufficient to show CDK's revenue, profit (including profit margins), and costs for providing data integration services, on a monthly basis, from January 1, 2000, to the present, with the revenues, profits, and costs of 3PA, DMI, and IntegraLink broken out separately.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks revenue, profit and cost information for "data integration" services from 2000 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. Further, CDK's costs of providing data integration services with respect to its own DMS are not separable from its costs of providing DMS services, as data integration is part of the design and functionality of the DMS itself. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 57, 58, and 59, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 82:** Documents sufficient to show transactional sales data (including sales, profit, and cost data) on a per-customer and per-transaction basis for data integration services from January 1, 2006 to the present, with the data for 3PA, DMI, and IntegraLink broken out separately. For the avoidance of doubt, this Request includes, without limitation, the following data linked to each data integration service transaction:

    a. Date and location of transaction;
    b. Data integration service customer;
    c. Specific data integration service purchased;
    d. Information tied to the specific data integration service purchased, including the unit price, unit cost, quantity, and applicable discounts;
    e. CDK salesperson and applicable commission;

79

      f.   Order number and other identifying order information; and

      g.   Any documents necessary to interpret the contents of these data fields, including abbreviation keys and explanations.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents sufficient to show transactional sales data (including sales, profit and cost data) on a per-customer and per-transaction basis for "data integration" services from 2006 to the present. As written, this Request literally seeks the production of thousands upon thousands of invoices issued by CDK and two of its subsidiaries from over a 10+ year period. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs' Complaints do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK also objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 57-59, 65-66, 68-70, and 102 to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 83:** All reports and analyses pertaining to CDK's marketing and sales of data integration services from January 1, 2009 to the present, with information for 3PA, DMI, and IntegraLink broken out separately. For the avoidance of doubt, this Request includes, without limitation:

      a.    Sales reports;

      b.    Sales representative performance reports;

      c.    Marketing plans;

      d.    Marketing reports, including sales promotions and discounts;

      e.    Strategic plans, including pricing strategy;

      f.    Cost accounting reports;

      g.     General ledger reports;
      h.     Charts of accounts;
      i.     Analyses of competitive position, including market share; and
      j.     Profit and loss reports.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" reports, plans, and analyses of almost any kind related to CDK's data integration services from 2009 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK also objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 27, 58-60, 66 and 67, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 84:** Documents sufficient to show CDK's projections with respect to revenue and profit for providing data integration services from January 1, 2009 to the present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks revenue and profit projections for CDK's data integration services from 2009 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this

Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 60, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 85:** Documents sufficient to show CDK's projections with respect to costs for providing data integration services from January 1, 2009 to the present, with the projections for 3PA, DMI, and IntegraLink broken out separately.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks cost projections for CDK's data integration services from 2009 to the present. CDK's costs of providing data integration services with respect to its own DMS are not separable from its costs of providing DMS services, as data integration is part of the design and functionality of the DMS itself. Further, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 57, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 86:** All documents and communications concerning CDK's projections with respect to its data integration services from January 1, 2009 to the present. For the avoidance of doubt, this Request includes, without limitation, documents and communications

relating to estimates, forecasts, and budgets for revenue, profit, and costs associated with CDK's provision of data integration services.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents that in any way concern financial projections for CDK's data integration services from 2009 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs' Complaints do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP No. 60, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 87:** All documents and communications concerning CDK's internal valuations of its data integration service businesses, separate and apart from its DMS business, from January 1, 2009 to the present, including, without limitation, valuations of 3PA, DMI, and IntegraLink.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK's own internal business valuations are irrelevant to the claims or defenses in Plaintiffs' actions. CDK also objects to this Request as overly broad and unduly burdensome to

the extent it seeks the production of "all" documents and communications that in any way concern CDK's internal valuations of its data integration services business from 2009 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 88:** All documents and communications concerning CDK's internal valuations of its DMS business, separate and apart from its data integration services, from January 1, 2009 to the present.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK's own internal business valuations are irrelevant to any issue in Plaintiffs' actions. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "all" documents and communications that in any way concern CDK's internal valuation of its DMS business from 2009 to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs' Complaints do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 89:** All documents and communications from January 1, 2009 to the present concerning industry publications or industry reports with respect to data integration services.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome in that it seeks the production of "all" documents and communications related to any "industry publications" and "reports" that in any context mention data integration services from 2009 to the present, regardless of their relevance to any issue in the litigation. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 90:** All documents and communications from January 1, 2009 to the present concerning industry publications or industry reports with respect to DMS services.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents, information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome in that it seeks the production of "all" documents and communications related to any "industry publications and reports" that in any context mention DMS services from 2009 to the present, regardless of their

relevance to any issue in the litigation. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 91:** All documents and communications CDK relied upon from January 1, 2009 to the present in creating projections, estimates, forecasts, and budgets for revenue, profit, and costs associated with CDK's provision of data integration services.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative, seeks documents and information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request as grossly overbroad and unduly burdensome to the extent it seeks the production of "all" documents and communications relied upon by CDK in creating projections, estimates, forecasts, and budgets associated with CDK's data integration services from 2009 to the present. Such a Request encompasses nearly every piece of financial information that CDK possesses or has ever possessed related to data integration. And, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not

limited to, Authenticom RFP Nos. 57-60, to which CDK has produced and is producing responsive documents subject to its objections.

**REQUEST NO. 92:**  Documents sufficient to show the number of connections CDK has established between a vendor and a dealer's data for purposes of transmitting dealer data to the vendor, broken down by customer, specific service (3PA, DMI, or IntegraLink), and date, from January 1, 2009 to the present.

**RESPONSE:**  CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to the use of the term "dealer data" in this Request as vague, ambiguous, and undefined.  CDK also objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery.  The number of data "connections" (as defined by Plaintiffs in this Request) that CDK maintains between vendors and dealers is irrelevant to any claim or defense in Plaintiffs' actions.  CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks discovery of every such "connection," broken down by customer, specific service, and date, from 2009 to the present.  As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013.  Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that.  CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom.

**REQUEST NO. 93:**  CDK's "win/loss" reports, communications, analyses, or any other documents sufficient to show the data integration customers (for 3PA, DMI, and IntegraLink, broken out separately) that CDK has lost every year since January 1, 2009, including the reasons the customer switched from a CDK data integration service to a non-CDK data integration service and the identity of the data integration service to whom the customer switched.

87

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "win/loss" reports and other documents sufficient to show the "data integration" customers CDK has lost each year from 2009 to the present. CDK does not in the normal course of its business maintain "win/loss" reports or similar to track customer gains and losses, or the reasons for such gains or losses, outside of its core DMS business. Moreover, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that it has already produced data sufficient to show customers of CDK's 3PA program, DMI, and IntegraLink on a monthly basis—and therefore, which customers joined and left at various times—to the extent that such information exists and is within CDK's possession, custody, and control. *See, e.g.*, CDK-0701423; CDK-0701424; CDK-0701425; CDK-0701426; CDK-0701427; CDK-0701428; CDK-0701429; CDK-0701430; CDK-0701431; CDK-0701432; CDK-0701433; CDK-0701434; CDK-0701435; CDK-0701436; CDK-0701437; CDK-0701438; CDK-0701439; CDK-0701440; CDK-0701441; CDK 0701442; CDK-0701443; CDK-0701444; CDK-0701445; CDK-0701446; CDK-0701447; CDK-0701448; CDK-0701449.

**REQUEST NO. 94:** CDK's "win/loss" reports, communications, analyses, or any other documents sufficient to show the data integration customers (for 3PA, DMI, and IntegraLink, broken out separately) that CDK has won every year since January 1, 2009, including the reasons

the customer switched to a CDK data integration service and the identity of the data integration service from whom the customer switched.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as overly broad and unduly burdensome to the extent it seeks "win/loss" reports and other documents sufficient to show the "data integration" customers CDK has won each year from 2009 to the present. CDK does not in the normal course of its business maintain "win/loss" reports or similar to track customer gains and losses, or the reasons for such gains or losses, outside of its core DMS business. Moreover, as noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely additional discovery on behalf of Authenticom.

Subject to and without waiving these or its General Objections, CDK states that it has already produced data sufficient to show customers of CDK's 3PA program, DMI, and IntegraLink on a monthly basis—and therefore, which customers joined and left at various times—to the extent that such information exists and is within CDK's possession, custody, and control. *See, e.g.*, CDK-0701423; CDK-0701424; CDK-0701425; CDK-0701426; CDK-0701427; CDK-0701428; CDK-0701429; CDK-0701430; CDK-0701431; CDK-0701432; CDK-0701433; CDK-0701434; CDK-0701435; CDK-0701436; CDK-0701437; CDK-0701438; CDK-0701439; CDK-0701440; CDK-0701441; CDK 0701442; CDK-0701443; CDK-0701444; CDK-0701445; CDK-0701446; CDK-0701447; CDK-0701448; CDK-0701449.

**REQUEST NO. 95:** All documents and communications regarding the length of time to complete a request to receive data from or send data to a CDK DMS through the 3PA program.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to the use of the phrase "complete a request to receive data from or send data to a CDK DMS" as vague, ambiguous, and undefined. Further, the amount of time that it takes a vendor to send or receive data through the 3PA program—however defined—is irrelevant to any issue in Plaintiffs' actions. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications related to such issues, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs' Complaints do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 96:** All documents and communications regarding making "push" functionality available for the 3PA program.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative, seeks documents and information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible

discovery. CDK incorporate its additional objections and response to "Individual Plaintiffs" RFP No. 19.

**REQUEST NO. 97:** All documents and communications regarding how frequently vendors are allowed to pull, poll, or transfer data from the CDK DMS.

**RESPONSE:** CDK objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CDK objects to this Request as vague and ambiguous to the extent it does not specify whether it relates to data polling activities within the 3PA program or by some other means. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications regarding how frequently vendors can "pull," "poll," or "transfer" data from CDK's DMS, presumably under the 3PA program, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom. CDK further objects to this Request to the extent it is duplicative of other Requests for Production served upon CDK in this MDL, including, but not limited to, Authenticom RFP Nos. 5, 26 and 27.

Subject to and without waiving these or its General Objections, CDK states that it has already produced and is producing documents within its possession, custody, or control responsive to this Request in response to the Authenticom RFPs. Answering further, CDK states that to the extent they exist and are within CDK's possession, custody and control, CDK will

produce additional non-privileged documents responsive to this Request identified through the use of additional search terms and custodians as may be agreed upon by the parties.

**REQUEST NO. 98:** All documents and communications regarding how CDK determined what kinds of data, information, or technical specifications to require vendors to provide as part of the 3PA certification process, including "workflow" models, live demonstrations of the add-on applications, justifications for how add-on applications use each data element, and the add-on application's security features.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, how CDK determines what kinds of information and data are necessary for vendors to provide as part of the 3PA certification process is irrelevant to any issue in Plaintiffs' actions. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and communications related to such requirements for 3PA certification, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 99:** All documents and communications regarding any CDK policies or guidelines designed to prevent competitively sensitive information submitted by vendors seeking 3PA certification from being shared with CDK's sales teams, add-on application development teams, or any other components of CDK other than those with direct responsibility for engineering the integration of the vendors' add-on applications with the CDK DMS.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information

protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK's policies and procedures for handling competitively sensitive information exchanged in the course of the 3PA certification process is irrelevant to any issue in Plaintiffs' actions. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and communication related in any way to the handling of such information, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs' claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 100:** All documents and communications regarding information, data, or technical specifications shared by vendors with CDK as part of the 3PA certification process used by CDK for any purpose other than engineering the integration of the vendors' add-on applications with the CDK DMS, including, for example, development of applications by CDK.

**RESPONSE:** CDK objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents and information protected from disclosure by an applicable privilege, and seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK's handling of information provided by vendors in the course of the 3PA certification process is irrelevant to any issue in Plaintiffs' actions. CDK also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and communication related in any way to CDK's handling or use of such information, from the beginning of time to the present. As noted above, the limitations period applicable to Plaintiffs'

claims is, at most, four years from the filing of the first "Individual Plaintiff" complaint—February 3, 2013. Further, Plaintiffs do not allege any potentially actionable conduct by CDK until much later than that. CDK further objects to this Request to the extent it seeks untimely and irrelevant additional discovery on behalf of Authenticom.

**REQUEST NO. 101:** All pictures of the cake from party for the one-year anniversary of the 2015 agreements between CDK and Reynolds.

**RESPONSE:** CDK objects to this Request as not relevant to any claim or defense and thus beyond the scope of permissible discovery. CDK also objects to this Request to the extent it assumes that CDK attended any "party" to commemorate the February 2015 agreements between CDK and Reynolds, or that there was a cake, or that the cake (if it existed) had anything to do with CDK.

Subject to and without waiving these or its General Objections, CDK states that based upon a reasonable investigation, it is not aware of any documents responsive to this Request within its possession, custody, or control.

**REQUEST NO. 102:** This RFP incorporates all RFPs propounded by the Dealer Class Plaintiffs and formally requests all documents sought by those RFPs.

**RESPONSE:** CDK objects to this Request as untimely, duplicative, grossly overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks information that is not relevant to any party's claims or defenses and thus is beyond the scope of permissible discovery. Specifically, CDK objects to this Request as untimely pursuant to Paragraph B.6 of the Court's May 7, 2018 Case Management Order. CDK also objects to this Request as overly broad and unduly burdensome in that it purports to duplicate 48 other Requests for Production served on behalf of the Dealer Class Plaintiffs, many of which have no

bearing or relevance to the "Individual Plaintiffs'" claims or any defenses thereto. This Request also violates the Case Management Order's directive for the parties to serve "additional, *non-duplicative*, coordinated discovery requests" on or before May 25, 2018.

Subject to and without waiving these or its General Objections, CDK states that to the extent it produces documents in response to the Dealer Class Plaintiffs' RFPs, those documents will in the normal course be provided to all other parties in the MDL.

Dated: June 22, 2018                              Respectfully submitted,


*/s/ Matthew Provance*
Britt M. Miller
Matthew D. Provance
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com


*Counsel for Defendants*
*CDK Global, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew D. Provance, an attorney, certify that I caused a copy of the foregoing **CDK GLOBAL, LLC'S RESPONSES AND OBJECTIONS TO "INDIVIDUAL PLAINTIFFS'" FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** to be served on counsel of record in the above-captioned proceeding via email in accordance the parties' written stipulation to receive service by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Matthew Provance*