# Exhibit 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| IN RE: DEALER MANAGEMENT SYSTEMS | ) | MDL No. 2817 |
| ANTITRUST LITIGATION | ) | Case No. 18 C 864 |
| | ) | |
| _____ | ) | |
| This Document Relates To: | ) | |
| | ) | Hon. Robert M. Dow Jr. |
| *Motor Vehicle Software Corporation v. CDK* | ) | Magistrate Judge Jeffrey T. Gilbert |
| *Global, Inc. et al., No. 1:18-cv-00865;* | ) | |
| *Authenticom, Inc. v. CDK Global, LLC et al.,* | ) | |
| *No. 1:18-cv-00868; Cox Automotive, Inc. et al* | ) | |
| *v. CDK Global, LLC, No. 1:18-cv-01058; and* | ) | |
| *Loop LLC v. CDK Global, LLC, No. 1:18-cv-* | ) | |
| *02521* | ) | |

<u>**THE REYNOLDS AND REYNOLDS COMPANY'S
RESPONSES AND OBJECTIONS TO
INDIVIDUAL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant The

Reynolds and Reynolds Company ("Reynolds") hereby objects and responds to the First Set of

Requests for the Production of Documents served on Reynolds by Plaintiffs Motor Vehicle

Software Corporation, Authenticom, Inc., Cox Automotive, Inc., Autotrader.com, Inc., Dealer

Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc.,

VinSolutions, Inc., Xtime, and Loop, LLC ("Individual Plaintiffs"), dated May 25, 2018, and a

single additional Request served on June 13, 2018.

**GENERAL OBJECTIONS**

1.     Reynolds asserts each of the following objections (the "General Objections") to

Individual Plaintiffs' Requests. In addition to these General Objections, Reynolds may also state

specific objections to a Request where appropriate. By setting forth such additional specific

objections, Reynolds does not in any way intend to limit or restrict its General Objections.

Moreover, to the extent Reynolds provides a response to any of Individual Plaintiffs' Requests to which Reynolds objects, such response shall not constitute a waiver of any General Objection or specific objection.

2.     Nothing herein shall be construed as an admission by Reynolds regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by Individual Plaintiffs' Requests. Reynolds reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents Individual Plaintiffs produce in response to any discovery request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action. Further, Reynolds intends no incidental or implied admissions by its answers to Individual Plaintiffs' Requests. Whether Reynolds answers or objects to any particular Request should not be interpreted as an admission that Reynolds accepts or admits the existence of any fact(s) set out or assumed by such Request, that the Requests are proper, that Reynolds's answers or objections constitute admissible evidence, that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery, that such documents or information are properly discoverable, or that other such discovery requests will be treated in a similar fashion in this or any other proceeding. Furthermore, whether Reynolds answers part or all of any particular Request is not intended and should not be construed as a waiver by Reynolds of any or all objections to such Request or any other Request.

3.     Reynolds objects to the Requests, definitions, and instructions to the extent that they purport to impose any obligations on Reynolds beyond the obligations imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. In

responding to these Requests, Reynolds does not assume any burden not imposed by the Federal Rules, Local Rules, or applicable Court Orders.

4.     Reynolds objects to the Requests to the extent they are unlimited in time or not limited to the time relevant to this litigation, on the ground that such Requests seek information which is neither relevant to any claim or defense in this action and is overly broad and unduly burdensome. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). As a general matter, Reynolds objects to production of documents prior to January 1, 2013. Any production that includes documents prior to January 1, 2013 is expressly not intended to waive Reynolds's position as to the relevant time period for the purposes of any request or category of documents.

5.     Reynolds objects to the Requests, and each and every definition, instruction, and request therein, to the extent they seek information and/or documents that: (a) contain privileged attorney-client communications; (b) constitute work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Reynolds; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery (collectively, "Privileged Documents or Information"). Reynolds does not intend to disclose or produce any Privileged Documents or Information. Any disclosure of Privileged Documents or Information in response to any of the Requests is inadvertent and shall not be deemed a waiver of any applicable privileges or protections.

6.     To the extent Requests seek information and/or documents that are confidential or otherwise proprietary in nature, Reynolds shall only produce such information subject to the

-3-

other considerations set forth in Federal Rule of Civil Procedure 26(b)(1), the terms of the Agreed Confidentiality Order ("Confidentiality Order"), which was approved and entered by the Court on April 4, 2018 (Case No. 18-cv-864, Dkt. No. 104), and the contractual rights of any third parties whose confidential information is implicated by the Requests.

7. Reynolds objects to the Requests to the extent that they violate any constitutional, statutory, or common law rights of privacy and confidentiality, including those provided under U.S. state or federal law or any other country's law, of Reynolds's employees and other persons, including individuals who are not parties to this litigation. Reynolds reserves the right to protect the privacy and confidentiality interests of non-parties to this litigation (including government agencies), including by allowing such parties to seek a protective order from the Court prior to the production of material that implicates their confidential or private information, or by redacting such information from documents or ESI that Reynolds may produce.

8. No statement that Reynolds will produce requested documents or information in response to any given Request shall be deemed a representation that such documents or information exist, but rather is a statement that Reynolds will undertake to produce responsive, non-privileged documents or information to the extent that they exist, are within its possession, custody, or control and can be located with a reasonably diligent search.

9. To the extent Reynolds has agreed to search for documents responsive to these Requests, its searches will be limited to the files of those document custodians agreed upon by the parties and to central or shared file locations (if any) where documents that are responsive to particular Requests are likely to be found. Similarly, Reynolds reserves the right to use electronic searching techniques, including but not limited to the use of agreed upon search terms, to avoid the need to manually inspect every potentially responsive document.

10.     Reynolds's responses to the Requests are based on its present knowledge, upon a reasonable inquiry. Discovery is ongoing, and Reynolds's investigation continues. Reynolds reserves the right to supplement, amend, and correct these responses and objections, if necessary, based on information later obtained through investigation, discovery, or otherwise.

11.     To the extent Reynolds has objected to or refused to produce documents or information in response to any given Request, and to the extent that Individual Plaintiffs take issue with any such objection or refusal, Reynolds is willing to meet-and-confer with Individual Plaintiffs and Co-Lead Counsel in the MDL to see if a reasonable, mutually-acceptable compromise might be reached.

12.     Reynolds objects to the extent that Individual Plaintiffs' Requests are duplicative and/or cumulative of prior Requests for Production or the Class Plaintiffs' requests for production, and to the extent the Requests seek to end-run or undo specific agreements that have already been reached with Individual Plaintiffs' attorneys in connection with prior Requests by Authenticom, Inc. ("Authenticom").

13.     Reynolds objects to the extent that any Individual Plaintiff who has not filed a complaint against Reynolds in this action is purporting to request documents from Reynolds through a Request served under Rule 26.  For any such Plaintiff, Reynolds is a third party to its case, and that Plaintiff can only request documents from Reynolds through a properly served Rule 45 subpoena.  Furthermore, Reynolds, as a third party, would be entitled to greater protection when responding to a Rule 45 subpoena, and any such Plaintiff would need to overcome a greater burden and relevance standard to justify its Requests to Reynolds.  While Reynolds has agreed to serve responses and objections to such Requests without the need for

them being formally re-served as Rule 45 subpoenas, Reynolds does not intend to waive, and expressly preserves, these objections and protections.

14.     Reynolds expressly reserves all applicable rights, if any, to arbitrate any claim by any Plaintiff, and does not intend to waive any such rights by responding to any Request.

15.     Reynolds objects to the extent that any Request herein is served on behalf of Authenticom. As set forth in the Court's March 12, 2018 Order and the Court's comments at the hearing that day, the parties in the *Authenticom* matter were ordered to issue any final written discovery in that case by March 23, 2018. Accordingly, the Individual Plaintiffs' Requests, which were served on May 25, 2018, are untimely as to Authenticom.

16.     Reynolds incorporates each of the foregoing General Objections as though fully set forth in each response and objection below.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Reynolds objects to each and every "Definition" set forth in the Requests, including "all," "any," "and," "or," "communication," "document," "including," "relating to," "related to," "referring to," "regarding," and "with respect to" to the extent that such definitions purport to broaden these terms beyond their ordinary meaning or impose obligations on Reynolds broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. Reynolds will interpret and respond to Requests using these terms consistent with their ordinary meaning.

2.     Reynolds objects to the definitions of "Reynolds," "The Reynolds & Reynolds Company," and "you," "your" and "your company" as overly broad and unduly burdensome to the extent they purport to require Reynolds to produce information and/or documents beyond Reynolds's possession, custody, or control. In addition, Reynolds objects to these definitions to

the extent they purport to require Reynolds to produce information and/or documents within the possession, custody, or control of any person or entity other than its current officers, directors, employees, agents, or any person acting on Reynolds's behalf.

4.      Reynolds objects to the definition of "data integrators" in so far as an entity that does not own or provide its own DMS but which "provide[s] access by any means to dealer data" on another provider's "DMS database, whether by extracting the data, writing data back into the DMS, or both," is not providing "integration" services as Reynolds uses and understands the term. To the extent that Reynolds responds to Requests that reference "data integrators," it does not mean that Reynolds agrees with or accepts Individual Plaintiffs' definition.

5.      Reynolds objects to Individual Plaintiffs' purported "Instructions," including Instructions No. 1, 2, 3, 4, 5, 6, and 7, to the extent that they purport to conflict with, or impose any obligations that are greater than or otherwise inconsistent with, the Stipulated Order Re: Discovery Of Electronically Stored Information ("ESI") ("ESI Stipulation"), which was approved and entered by the Court on April 6, 2018 (Case No. 18-cv-864, Dkt. No. 105). Reynolds will produce ESI responsive to these Requests in accordance with that Stipulation.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

The executed versions of every RCI contract with a vendor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is cumulative and duplicative of other Requests, including Authenticom Request Nos. 41-44. Also, the Request seeks information that is not relevant to the claims or defenses in this case because it

has no time limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further states that Authenticom already has a standard form RCI contract (Plaintiff's Preliminary Injunction Hearing Exhibit 53), and the relevant terms of that form are not disputed. The burden of collecting and producing each and every executed RCI contract is not proportional to the needs of the case under these circumstances.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. Reynolds's RCI contracts are not relevant to the Cox and Autoloop matters, where the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Reynolds objects that Reynolds's RCI contracts unrelated to the Electronic Vehicle Registration ("EVR") market are irrelevant to the MVSC matter. The Request therefore subjects Reynolds to an undue burden and is not proportional to the needs of the MVSC case.

Reynolds objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments. Reynolds further objects that this Request seeks to end-run or undo specific agreements that were reached in connection with certain of Authenticom's prior Requests.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds will, as previously agreed with Authenticom, produce (i) a representative, current RCI Agreement, along with any other current version(s) or template(s) of the RCI

Agreement that materially vary from Plaintiff's Preliminary Injunction Hearing Exhibit 53 with respect to any alleged exclusive dealing (i.e., "Non Approved Access") or price confidentiality provisions (each such version with vendor-specific identifying information redacted); (ii) any external modifications or waivers that Reynolds has agreed to with respect to the material terms; and (iii) a summary analysis showing the distribution of use (as a percentage of contracts) of each variant of the contracts identified.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications regarding Reynolds' RCI Agreements with (a) Cox Automotive and (b) AutoLoop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is cumulative and duplicative of other Requests, including Authenticom Requests 41-44 and 57. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications concerning any RCI agreement with Cox or Autoloop, regardless of whether it relates to any of the claims or defenses in the case, and with no date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further states that Authenticom already has a standard form RCI contract (Plaintiff's Preliminary Injunction Hearing Exhibit 53), and the relevant terms of that form are not disputed. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. Documents and communications regarding Reynolds's RCI contracts with Cox and Autoloop are not relevant to the Cox and Autoloop matters, where the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Documents and communications regarding Reynolds's RCI contracts with Cox and Autoloop are also not relevant to the MVSC matter. The Request therefore subjects Reynolds to an undue burden and is not proportional to the needs of the MVSC case.

Reynolds objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications regarding the RCI fees to be charged to (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is cumulative and duplicative of other Requests, including Authenticom Requests 55-61. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications concerning any RCI fee charged to Cox or Autoloop or MVSC, regardless of whether it relates to any of the claims or defenses in the case, and with no date limitation. The

-10-

limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to the extent the Request seeks to end-run or undo specific agreements that were reached in connection with certain of Authenticom's prior Requests, including agreements relating to RCI pricing. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. Documents and communications regarding Reynolds's RCI fees charged to Cox, Autoloop, and MVSC are not relevant to the Cox and Autoloop matters, where the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Documents and communications regarding Reynolds's RCI fees charged to Cox and Autoloop are also not relevant to the MVSC matter, to the extent they do not relate to EVR. In addition, Reynolds never charged any RCI fees to MVSC because MVSC never joined the RCI program. The Request therefore subjects Reynolds to an undue burden and is not proportional to the needs of the MVSC case to the extent it seeks documents unrelated to EVR.

Reynolds objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments. Also, RCI fees charged to Cox and Autoloop, or offered to MVSC, have no relevance to the claims or defenses in the Authenticom case.

-11-

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  Reynolds has already produced REYMDL0037507, consistent with its prior discovery agreements with Authenticom regarding RCI pricing information.  Furthermore, in light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications regarding access to dealer data on a Reynolds DMS through the RCI program by (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is cumulative and duplicative of other Requests, including Authenticom Request No. 44.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications concerning access to data on a Reynolds DMS through RCI by Cox or Autoloop or MVSC, regardless of whether it relates to any of the claims or defenses in the case, and with no date limitation.  The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC).  Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. Documents and communications regarding access to data on a Reynolds DMS through RCI by Cox, Autoloop, and MVSC are not relevant to the Cox and Autoloop matters, where the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Documents and communications regarding access to data on a Reynolds DMS through RCI by Cox and Autoloop are also not relevant to the MVSC matter, to the extent they do not relate to EVR. In addition, MVSC never accessed a Reynolds DMS through RCI because MVSC never joined the RCI program. The Request therefore subjects Reynolds to an undue burden and is not proportional to the needs of the MVSC case to the extent it seeks documents unrelated to EVR.

Reynolds objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer

regarding reasonable search terms to be applied to agreed upon custodian files in a good faith

effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications regarding whether data received by a (a) Cox

Automotive or (b) AutoLoop application from a Reynolds DMS may be shared with another

application run by (a) Cox Automotive or (b) AutoLoop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is cumulative

and duplicative of other Requests. It also seeks information that is not relevant to the claims or

defenses in this case and fails to describe the items sought with reasonable particularity to the

extent it effectively seeks all documents and communications regarding whether Cox or

AutoLoop may share data from a Reynolds DMS between applications, regardless of whether it

relates to any of the claims or defenses in the case, and with no date limitation. The limitations

period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed

suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this

Request to the extent it seeks documents protected from disclosure by the attorney-client

privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is

entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

Autoloop. Documents and communications regarding whether Cox or AutoLoop may share

data from a Reynolds DMS between applications are not relevant to the Cox and Autoloop

matters, where the only claims asserted are against CDK. The Request is therefore particularly

burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Documents and communications regarding whether Cox or AutoLoop may share data from a Reynolds DMS between applications are also irrelevant to the MVSC and Authenticom matters. The Request therefore subjects Reynolds to an undue burden and is not proportional to the needs of the MVSC and Authenticom cases.

Reynolds objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications regarding any instance in which a vendor received equal or better pricing than Cox Automotive for data integration under the RCI program from 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is cumulative and duplicative of other Requests. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding instances when a vendor received equal or better RCI pricing than Cox, regardless of whether it relates to any of the claims or defenses in the case. The Request is also vague in that RCI products are

customized, and it is unclear how Individual Plaintiffs expect Reynolds to determine whether one vendor received an equal or better price than another. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, documents and communications regarding Reynolds' RCI pricing to Cox or other vendors is irrelevant because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request also does not have any relevance to the Autoloop, MVSC or Authenticom matters as stated. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds that it has already produced REYMDL0037507, which contains RCI pricing information.

**REQUEST FOR PRODUCTION NO. 7:**

All communications with and documents regarding the RCI pricing committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity because it seeks "all" communications with and documents regarding

"the RCI pricing committee," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, documents and communications regarding Reynolds' "RCI pricing committee," however it is defined, are irrelevant and overbroad because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Also, Reynolds has previously discussed this topic with Authenticom in connection with earlier requests served by Authenticom, and has reached an agreement with Authenticom to produce certain materials. Reynolds objects to the extent this Request seeks to undo or end-run that agreement. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds is willing to perform a diligent search and produce any materials presented to or considered by an RCI pricing committee from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding any DMS access restrictions, to which Reynolds' add-on applications are not subject, that Reynolds places on third-party add-on applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding any DMS access restrictions that apply to non-Reynolds applications but not Reynolds applications, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, documents and communications regarding any DMS access restrictions that Reynolds applies to non-Reynolds applications but not Reynolds applications, are irrelevant and overbroad because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

As to MVSC, the Request is irrelevant to the extent it requests documents unrelated to DMS access restrictions on EVR applications.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications regarding allowing applications to create or modify "repair orders."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding the vague concept of "allowing" applications to create or modify "repair orders," neither of which are defined or explained, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it

seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad to the extent they seek documents going beyond CDK's alleged conduct with respect to creating or modifying repair orders, because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

As to MVSC and Authenticom, the Request is irrelevant and inapplicable as those cases have nothing to do with "repair orders." Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

## REQUEST FOR PRODUCTION NO. 10:

All documents and communications regarding allowing applications to finalize purchasing and leasing transactions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding the vague concept of "allowing" applications to "finalize" purchasing and leasing transactions, neither of which are defined or explained, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad to the extent they seek documents going beyond CDK's alleged conduct with respect to finalizing purchasing and leasing transactions, because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

As to MVSC and Authenticom, the Request is irrelevant and inapplicable as those cases have nothing to do with finalizing purchasing and leasing transactions. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer

-21-

regarding reasonable search terms to be applied to agreed upon custodian files in a good faith

effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications regarding any category restrictions in place at any

time with respect to data integration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it effectively seeks all documents and communications

regarding the vague concept of data integration "category restrictions," which is not defined or

explained, regardless of whether it relates to any of the claims or defenses in the case, and

without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is,

at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed

(MVSC). Furthermore, the concept of a category restriction is unintelligible, because RCI is

open to any vendor that provides an application to a dealership, if the vendor agrees to

Reynolds's terms and conditions and prices. Reynolds further objects to this Request to the

extent it seeks documents protected from disclosure by the attorney-client privilege, the work

product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is

entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad

to the extent they seek documents going beyond CDK's alleged category restrictions, because the

only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

## REQUEST FOR PRODUCTION NO. 12:

All documents and communications relating to any "CVR Category" for data access by electronic vehicle registration and titling vendors.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding the vague concept of a "CVR Category," which is not defined or explained, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Furthermore, the concept of a CVR or EVR category is unintelligible, because RCI is open to any vendor that provides an application to a dealership, if the vendor agrees to Reynolds's terms and conditions and prices. Reynolds further objects to this Request to the extent it seeks documents protected

from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad to the extent they seek documents going beyond an alleged CDK data access category, because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which does not relate to data access by EVR vendors. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to any "Closed Category" for data access by electronic vehicle registration and titling vendors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications

regarding the vague concept of a "Closed Category," which is not defined or explained, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Furthermore, the concept of a "Closed Category" is unintelligible, because RCI is open to any vendor that provides an application to a dealership, if the vendor agrees to Reynolds's terms and conditions and prices. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant because those cases do not involve EVR. The Request is also irrelevant and overbroad to the extent it seeks documents going beyond an alleged CDK "Closed Category," because the only claims asserted by Cox and Autoloop are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which does not relate to EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning the process of transitioning dealers from Reynolds' DMS to Dealertrack's DMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding the "process of transitioning" dealers form Reynolds' DMS to Dealertrack's DMS, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. Cox and Autoloop have only asserted claims against CDK. The process of switching customers from a Reynolds DMS to a Dealertrack DMS is not relevant to the Cox and Autoloop claims against CDK. Furthermore, Cox (and all other plaintiffs) can more easily obtain information or documents concerning the process of switching from a Reynolds DMS to a Dealertrack DMS from Cox itself. The Request is therefore particularly burdensome, not

proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom, MVSC and Autoloop cases, because those cases do not concern Dealertrack. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications regarding impeding, blocking, or in any way making it difficult for a dealer to switch from Reynolds' DMS to a competing DMS, including Dealertrack's DMS. For the avoidance of doubt, this Request includes all communications and documents regarding a dealer's ability to transfer the dealer's data stored on the Reynolds DMS to a competing DMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding "making it difficult" for a dealer to switch from a Reynolds' DMS to a competing DMS, regardless of whether it relates to any of the claims or defenses in the case, and without

any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. The process of switching customers from a Reynolds DMS is not relevant to the Cox and Autoloop claims against CDK, as those plaintiffs are not DMS customers and have only asserted claims against CDK. Furthermore, Cox (and all other plaintiffs) can more easily obtain information or documents concerning the process of switching from a Reynolds DMS to a Dealertrack DMS from Cox itself. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom and MVSC cases, which do not concern DMS switching. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications regarding "push" notifications for RCI or similar functionality provided to Reynolds' own add-on applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding the vague and undefined concept of "push" notifications "or similar functionality," regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. Reynolds does not understand what "push" notifications "or similar functionality" refers to, making the Request unintelligible. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom and MVSC cases, which do not concern RCI push notifications. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents regarding functionality, data access, or level of data integration provided to one vendor but not offered to a competing vendor or vendors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is also duplicative of Individual Plaintiffs' Request No. 8. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding "functionality," "data access" or "level of data integration" provided to one vendor but not another, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

Autoloop.  As to both Cox and Autoloop, documents and communications regarding "functionality," "data access" or "level of data integration" provided to one vendor but not another, to the extent the request extends beyond CDK, are irrelevant and overbroad because the only claims asserted are against CDK.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

As to MVSC, the Request is irrelevant to the extent it requests documents unrelated to EVR.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications regarding any purported burden placed on a Reynolds DMS by the applications of (a) Cox Automotive or (b) AutoLoop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding "any purported burden," of any kind, placed on a Reynolds DMS by Cox or Autoloop applications, regardless of whether it relates to any of the claims or defenses in the case, and

without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, documents and communications regarding the burdens placed on a Reynolds DMS by Cox and Autoloop applications are irrelevant and overbroad because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the MVSC and Authenticom matters, which have nothing to do with the purported burdens of Cox and Autoloop applications on a Reynolds DMS.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications regarding the response time for RCI interfaces from the time they are requested by a vendor until the time they are actually activated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding the vague concept of "response time for RCI interfaces," regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, documents and communications regarding the response time for RCI interfaces are irrelevant and overbroad because the only claims asserted are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the MVSC and Authenticom matters, which have nothing to do with response time for RCI interfaces.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications regarding Dealertrack Registration & Titling's access to dealer data on a Reynolds DMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding Dealertrack Registration & Titling's access to dealer data on a Reynolds DMS, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant because those cases do not involve EVR, and the Request relates to Cox's EVR application. The Request is further irrelevant and overbroad because it seeks documents relating to Cox's EVR's application's access to data on a Reynolds DMS, but the only claims asserted by Cox and Autoloop are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which does not relate to EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's

deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018

Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as

follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer

regarding reasonable search terms to be applied to agreed upon custodian files in a good faith

effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications regarding Dealertrack Registration and Titling's

participating in the RCI program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the case.  It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it effectively seeks "all" documents and communications

regarding Dealertrack Registration & Titling's "participating" in RCI, regardless of whether it

relates to any of the claims or defenses in the case, and without any date limitation.  The Request

is also unintelligible because Dealertrack Registration & Titling does not participate in RCI.  The

limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date

they filed suit – February 3, 2013 for the earliest case filed (MVSC).  Reynolds further objects to

this Request to the extent it seeks documents protected from disclosure by the attorney-client

privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is

entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

Autoloop.  As to both Cox and Autoloop, the documents requested are irrelevant because those cases do not involve EVR, and the Request relates to Cox's EVR application.  The Request is further irrelevant and overbroad because it seeks documents relating to Cox's EVR's application's participation in RCI, but the only claims asserted by Cox and Autoloop are against CDK.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which does not relate to EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

### REQUEST FOR PRODUCTION NO. 22:

All documents and communications regarding AutoLoop's application to join the RCI program.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding AutoLoop's application to join the RCI program, regardless of whether it relates to any

of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad because they relate to RCI, but the only claims asserted by Cox and Autoloop are against CDK. Furthermore, documents relating to AutoLoop's application to join RCI are in the possession of AutoLoop itself. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom and MVSC cases, which have nothing to do with AutoLoop's application to join RCI. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications regarding Reynolds' certification of AutoLoop's products for the RCI program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding AutoLoop's RCI certification, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to both Cox and Autoloop, the documents requested are irrelevant and overbroad because they relate to RCI, but the only claims asserted by Cox and Autoloop are against CDK. Furthermore, documents relating to AutoLoop's RCI certification are in the possession of AutoLoop itself. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom and MVSC cases, which have nothing to do with AutoLoop's RCI certification. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

**REQUEST FOR PRODUCTION NO. 24:**

All communications – and all documents regarding those communications – between Reynolds and dealers regarding (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all communications between Reynolds and dealers regarding Cox, AutoLoop or MVSC, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Furthermore, the Request is additionally overbroad, not proportional to the needs of the case, and fails to describe the items sought with reasonable particularity in that it requests not only certain categories of communications, but also "all documents regarding those communications," which expands this Request exponentially. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox, Autoloop, and MVSC, the documents requested are irrelevant and overbroad because not every Reynolds communication with a dealer about Cox, AutoLoop or MVSC is relevant to each of the Cox, AutoLoop and MVSC cases. In addition, the claims brought by Cox and AutoLoop are only against CDK, and have nothing to do with MVSC or EVR. Furthermore, communications with dealers can be obtained through the dealers themselves, who have also asserted claims in this case and are separately represented and are

supposed to be coordinating with Individual Plaintiffs. The Request is therefore particularly

burdensome, not proportional to the needs of the Cox and Autoloop cases, and is nconsistent

with third party discovery protections.

The Request is also irrelevant as to the Authenticom case. Reynolds further objects that

this Request is untimely as to Authenticom, because Authenticom's deadline to issue written

discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing

comments.

Subject to and without waiving these or its General Objections, Reynolds responds as

follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied

to agreed upon custodian files in a good faith effort to capture responsive and relevant

documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to the threat to Your DMS business posed by add-on applications,

such as those provided by Cox Automotive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it seeks "all" documents relating to the "threat" to Reynolds

DMS posed by other applications, which is undefined and unexplained, regardless of whether it

relates to any of the claims or defenses in the case, and without any date limitation. The Request

is unintelligible as Reynolds does not view applications as "threats" to Reynolds' DMS. The

limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date

they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, and have nothing to do with Reynolds' DMS. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom and MVSC case, neither of which have to do with a purported threat to Reynolds' DMS posed by applications. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications between Reynolds and OEMs or car manufacturers regarding (a) Cox Automotive, (b) AutoLoop, and (c) MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications Reynolds exchanged with OEMs about Cox, AutoLoop or MVSC, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Not every communication with an OEM, even as to these entities, is relevant. OEMs are not parties to this case and there are no material allegations regarding OEMs in the complaints. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop do not relate to OEMs and are only against CDK, but the Request asks for documents exchanged between OEMs and Reynolds. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is nconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom and MVSC case, neither of which have to do with OEMs. Reynolds further objects that this Request is untimely as to

Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 27:**

All communications, and documents related to those communications, between CVR and Reynolds concerning MVSC, including but not limited to: (1) MVSC's access to dealer data stored on the Reynolds DMS; (2) MVSC's presence and market share in California, Illinois, or any other state EVR market; (3) MVSC's expansion or potential expansion into states beyond California; (4) any competitive threat or perceived competitive threat posed by MVSC to CVR; and (5) specific dealers served by either CVR or MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications between Reynolds and CVR about MVSC, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Not every communication between Reynolds and CVR about MVSC is relevant. Reynolds was a part owner of CVR and therefore may have had ordinary course discussions with CVR about CVR's business and CVR's competitors, including MVSC. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the

date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege. Furthermore, the Request is additionally overbroad, not proportional to the needs of the case, and fails to describe the items sought with reasonable particularity in that it requests not only certain categories of communications, but also "documents related to those communications," which expands this Request exponentially.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, but the Request asks for communications between Reynolds and CVR. Furthermore, the Cox and AutoLoop cases have nothing to do with MVSC, CVR, or EVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is nconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC, CVR or EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

-44-

**REQUEST FOR PRODUCTION NO. 28:**

All communications, and documents related to those communications, between CDK and Reynolds concerning or relating to MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications between Reynolds and CDK about MVSC, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Not every communication between Reynolds and CDK about MVSC is relevant. Reynolds and CDK jointly owned CVR and therefore may have had discussions about CVR's business and CVR's competitors, including MVSC. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege. Furthermore, the Request is additionally overbroad, not proportional to the needs of the case, and fails to describe the items sought with reasonable particularity in that it requests not only certain categories of communications, but also "all documents related to those communications," which expands this Request exponentially.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad

because the claims brought by Cox and AutoLoop have nothing to do with MVSC, CVR, or EVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is nconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC, CVR or EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications related to MVSC's attempts or applications to join Your data integration program, including but not limited to internal communications regarding whether to permit MVSC to participate in Your data integration program; internal communications regarding any competitive threat that permitting MVSC to join Your data integration program might pose to CVR; and the terms and pricing offered to MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications related to MVSC's attempts to join RCI, regardless of whether they relate to any of the claims or defenses

in the case, and without any date limitation. The limitations period applicable to Individual

Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the

earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks

documents protected from disclosure by the attorney-client privilege, the work product doctrine,

or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is

entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad

because the claims brought by Cox and AutoLoop have nothing to do with MVSC, CVR, or

EVR. Also, the documents requested are irrelevant and overbroad because the claims brought by

Cox and AutoLoop are only against CDK, but the Request asks for documents relating to

MVSC's attempts to join RCI. The Request is therefore particularly burdensome, not

proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party

discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with

MVSC, CVR or EVR. Reynolds further objects that this Request is untimely as to Authenticom,

because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the

Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as

follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer

regarding reasonable search terms to be applied to agreed upon custodian files in a good faith

effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications related to any other application or attempt by any EVR provider, other than MVSC, to join Your data integration program, including the terms and pricing offered to any such EVR vendor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications related to any attempt by any EVR provider to join RCI, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with MVSC, CVR, or EVR. Also, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, but the Request asks for documents relating to EVR providers' attempts to join RCI. The Request is therefore particularly burdensome, not

proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC, CVR or EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present. With respect to EVR providers who actually joined RCI, Reynolds will produce documents sufficient to show the RCI prices applicable to those EVR providers.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications regarding any EVR provider currently participating in Your data integration program, including when they started participating; the pricing they pay for participation; their applications to participate in the program; Your internal considerations regarding their applications; the data elements they receive and /or have access to; and the state EVR markets in which they participate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications "regarding any

EVR provider" participating in RCI, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with MVSC, CVR, or EVR. Also, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, but the Request asks for documents relating to EVR providers participating in RCI. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC, CVR or EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 32:**

All communications, and documents related to those communications, between You and Your dealer customers regarding MVSC, including but not limited to communications between You and Your dealer customers concerning (1) the way in which MVSC accesses dealer data; (2) MVSC's attempts to join the RCI program and/or RCI certification status; and (3) MVSC's security and data practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is duplicative of Individual Plaintiffs' Request No. 24. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all communications between Reynolds and dealers regarding MVSC, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Furthermore, the Request is additionally overbroad, not proportional to the needs of the case, and fails to describe the items sought with reasonable particularity in that it requests not only certain categories of communications, but also "all documents related to those communications," which expands this Request exponentially. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

AutoLoop.  As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with MVSC, CVR, or EVR.  Also, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, but the Request asks for communications between Reynolds and dealers about MVSC.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC, CVR or EVR.  Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 33:**

All communications and documents concerning or mentioning any MVSC executive, including but not limited to Don Armstrong, Kelly Kimball, Joseph Nemelka, and John Brueggeman.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it effectively seeks all communications that simply mention "any MVSC executive," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Not every document mentioning these individuals is automatically going to be relevant without regard to the remaining content of the document. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with MVSC or its executives. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC or its executives. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

All communications and documents concerning any efforts by You to block or impede MVSC's access to data for a dealer using Your DMS platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all" communications and documents concerning "any effort" by Reynolds to "block or impede" MVSC's access to DMS data, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. For instance, anything other than giving away RCI for free could be interpreted as "blocking" or "impeding" access, and any technical barrier or requirement of any kind, including a simple login and password requirement, could be viewed the same way. The concepts of blocking and impeding are not defined and are vague and unclear. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are solely against CDK and have nothing to do with MVSC or Reynolds' alleged efforts to block MVSC. The Request is therefore

particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC or Reynolds' alleged efforts to block MVSC. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 35:**

All communications and documents concerning MVSC's use of independent integrators, including but not limited to Authenticom, SIS, and ProQuotes, to access data for a dealer using Your DMS platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications and documents concerning MVSC's use of independent data integrators to access data on a Reynolds DMS, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further

objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are solely against CDK and have nothing to do with MVSC or MVSC's use of independent integrators to access data on a Reynolds DMS. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which has nothing to do with MVSC or MVSC's use of independent integrators to access data on a Reynolds DMS. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 36:**

All communications and documents concerning the importance of having real time or bi-directional data integration in order to provide EVR services in Illinois, California, or any other state EVR market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications and documents concerning "the importance of having real time or bi-directional data integration in order to provide EVR services," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document relating to integration for EVR. The Request is also vague in that it does not explain how Reynolds should identify issues concerning "importance." Furthermore, Reynolds objects to the extent that the Request assumes that certain issues have "importance." Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with EVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with EVR. Reynolds further objects that this Request is untimely as to Authenticom, because

Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

In addition, MVSC's claims only relate to the alleged Illinois and California EVR markets, and the Request is therefore overbroad and irrelevant to the extent it seeks information beyond those markets.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

## REQUEST FOR PRODUCTION NO. 37:

Documents sufficient to show CVR's market share and customer base in every state in which it operates, from 2011 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks documents that are duplicative or cumulative of other Requests directed at Reynolds, CDK or CVR. Also, Reynolds objects to the extent the Request seeks documents going back to 2011. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects to the extent this Request, which seeks documents "sufficient to show" CVR's market share and customer base, is seeking duplicative or cumulative documents that could be or will be obtained from CVR. In addition, MVSC's claims only relate to the alleged Illinois and California EVR markets, and the Request is therefore overbroad and irrelevant to the extent it seeks information beyond those markets.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning CVR's customer base and market share in California and Illinois, from 2011 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents concerning CVR's "customer base and market share," regardless of whether they relate to any of the claims or defenses in the case. Reynolds objects that this is so vague and broad that it could be read to include any document relating to any issue involving a CVR customer. Also, Reynolds objects to the extent the Request seeks documents going back to 2011. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning any market analysis or competitive analysis of the EVR markets in California and Illinois.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications concerning "any market analysis or competitive analysis" of certain EVR markets, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document or communication relating to a particular market. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad

because the claims brought by Cox and AutoLoop have nothing to do with EVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with EVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

## REQUEST FOR PRODUCTION NO. 40:

All documents and communications concerning CVR's operational costs, revenues, profitability, and financial projections and forecasts, from 2011 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications concerning CVR's "operational costs, revenues, profitability, and financial projections and forecasts," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document or communication relating to anything having to do with CVR. Also, Reynolds

objects to the extent the Request seeks documents going back to 2011. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its "operational costs, revenues, profitability, and financial projections and forecasts." The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its "operational costs, revenues, profitability, and financial projections and forecasts." Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, CVR's "operational costs, revenues, profitability, and financial projections and forecasts" are not relevant. MVSC alleges conspiracy and monopolization claims against Defendants relating to integration and EVR. CVR's costs, revenues, profits, and the like has no relevance to any of the claims or defenses, and have no bearing on liability, causation or damages issues. In addition, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR.

To the extent this Request seeks documents in the possession, custody, or control of

CVR, the Request should be directed to CVR, not Reynolds.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning deficiencies or perceived deficiencies in

CVR's product and service level. For the avoidance of doubt, this Request includes not only

internal documents and communications but also communications with third parties (including

CVR's dealer customers) regarding deficiencies or perceived deficiencies in CVR's product and

service level.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it seeks all documents and communications concerning

"deficiencies or perceived deficiencies in CVR's product and service level," regardless of

whether they relate to any of the claims or defenses in the case, and without any date limitation.

Reynolds objects that this is so vague and broad that it could be read to include any document or

communication relating to anything having to do with CVR's products or service. The reference

to "deficiencies or perceived deficiencies" is also vague and overbroad, and does not explain

how to identify a deficiency or perceived deficiency or differentiate between them. It is unclear

if a communication or document concerning a suggested or requested improvement would be

viewed as a document concerning a deficiency or perceived deficiency. Also, the limitations

period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed

suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this

Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its "deficiencies or perceived deficiencies." The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its "deficiencies or perceived deficiencies." Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, CVR's "deficiencies or perceived deficiencies" are not relevant. MVSC alleges conspiracy and monopolization claims against Defendants relating to integration and EVR. CVR's "deficiencies or perceived deficiencies" have no relevance to any of the claims or defenses, and have no bearing on liability, causation or damages issues. In addition, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied

to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning the product quality or perceived product quality of CVR's competitors, including but not limited to MVSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications concerning "product quality or perceived product quality of CVR's competitors," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document or communication relating to anything having to do with CVR's competitors. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or the product quality or perceived product quality of its competitors. The Request is therefore particularly

burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or the product quality or perceived product quality of its competitors. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, the Request is also irrelevant and overbroad. MVSC alleges conspiracy and monopolization claims against Defendants relating to integration and EVR. The product quality or perceived product quality of CVR's competitors other than MVSC has no relevance to any of the claims or defenses, and have no bearing on liability, causation or damages issues. In addition, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications regarding any delays or backlogs by CVR in processing vehicle registrations and titles, including but not limited to any such delays or backlogs in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is also duplicative and cumulative of Individual Plaintiffs' Request No. 41 above. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications concerning any "delays" or "backlogs," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document or communication relating to anything having to do with CVR's processing of vehicle registrations and titles. The reference to "delays or backlogs" is vague and overbroad, and does not explain how to identify a delay or backlog or differentiate between them. Every time CVR processes vehicle registrations and titles, the process takes time – the Request does not explain the point at which a "delay" or "backlog" arises. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its "delays" or "backlogs." The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its "delays" or "backlogs."  Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, CVR's "delays" or "backlogs" are not relevant.  MVSC alleges conspiracy and monopolization claims against Defendants relating to integration and EVR. CVR's "delays" or "backlogs" have no relevance to any of the claims or defenses, and have no bearing on liability, causation or damages issues. In addition, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR. Furthermore, MVSC's claims only relate to California and Illinois, and Reynolds objects to the extent the Request seeks information beyond those states.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications concerning any advantage or perceived advantage CVR has over its competitors because of CVR's ability to access dealer data stored on the CDK and Reynolds DMSs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it seeks all documents and communications concerning any "advantage or perceived advantage" relating to CVR's access to data a Reynolds DMS or CDK DMS, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document or communication relating to or referencing the simple fact of CVR's access to data on a Reynolds DMS or CDK DMS. The reference to "advantage or perceived advantage" is also vague and overbroad, and does not explain how to identify an advantage or perceived advantage or differentiate between them. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its "advantage or perceived advantage" relating to access to data on Reynolds DMS or CDK DMS. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its "advantage or perceived advantage" relating to access to data on Reynolds DMS or CDK DMS. Reynolds further objects that this Request is untimely as to Authenticom,

because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, MVSC's claims only relate to California and Illinois, and Reynolds objects to the extent the Request seeks information beyond those states.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show CVR's ownership structure, including documents sufficient to show how CVR's revenues and profits are divided between CDK and Reynolds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Reynolds objects that this Request seeks documents irrelevant to the Authenticom, Cox and Autoloop matters.  Reynolds objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop.  As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its ownership structure or how its revenues or profits are divided between CDK and Reynolds.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its ownership structure or how its revenues or profits are divided between CDK and Reynolds.  Reynolds further objects that this Request is untimely as to Authenticom, because

Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects to the extent this Request is seeking duplicative or cumulative documents that could be obtained from CVR or CDK or that have already been produced by Reynolds.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications relating to Reynolds' ownership interest in CVR, including when that interest was acquired; why Reynolds acquired that interest; from whom Reynolds acquired that interest; how much Reynolds paid for that ownership interest; and what Reynolds' rights are with respect to its ownership interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications concerning Reynolds' ownership in CVR, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that this is so vague and broad that it could be read to include any document or communication relating to anything having to do with CVR's management or operations, and not just the details of Reynolds's ownership stake.

Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its Reynolds' ownership of CVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its Reynolds' ownership of CVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects to the extent this Request is seeking duplicative or cumulative documents that could be obtained from CVR or that have already been produced by Reynolds. In particular, Reynolds has already produced the executed agreements and related documents relating to the formation of CVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive documents relevant to Reynolds' ownership stake in CVR, as opposed to the management or operations of CVR, from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications relating to the financial benefits received by Reynolds and CDK relating to their ownership interest in CVR, including any allocated profits or other financial benefit, from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications relating to "financial benefits" that Reynolds or CDK received from CVR, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Also, Reynolds objects to the extent the Request seeks documents going back to 2011. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with "financial benefits" that Reynolds or CDK received from CVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with "financial benefits" that Reynolds or CDK received from CVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR or CDK or that are requested by other requests herein, including Request Nos. 45 and 46, or materials that have already been produced. The Request is also not relevant. MVSC alleges conspiracy and monopolization claims against Defendants relating to integration and EVR. The "financial benefits" that Reynolds or CDK received from CVR have no relevance to any of the claims or defenses, and have no bearing on liability, causation or damages issues.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 48:**

The operative CVR ownership agreement between CDK and Reynolds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

This document has already been produced by Reynolds. See REYMDL134010-REYMDL134365.

**REQUEST FOR PRODUCTION NO. 49:**

All iterations of CVR's organizational chart from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all "iterations" of CVR's organizational chart, which may include drafts that may not reflect an organizational structure that was ever actually implemented. Also, Reynolds objects to the extent the Request seeks documents going back to 2011. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR or its organization. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR or its organization. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer

regarding reasonable search terms to be applied to agreed upon custodian files in a good faith

effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning CDK's involvement in the operation of CVR, including but

not limited to CDK's involvement in CVR's management, budget and capital investments,

hiring, firing, personnel decisions, salary and bonus allotments, strategic priorities, sales and

marketing efforts, and other daily business activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the case. It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it seeks all documents concerning CDK's "involvement in

the operation" of CVR, regardless of whether they relate to any of the claims or defenses in the

case, and without any date limitation. Reynolds objects that Reynolds is not CDK or CVR and

this Request appears to be aimed at CDK and/or CVR documents, not Reynolds documents.

Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from

the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further

objects to this Request to the extent it seeks documents protected from disclosure by the

attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is

entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad

because the claims brought by Cox and AutoLoop have nothing to do with "CDK's

"involvement in the operation" of CVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CDK's "involvement in the operation" of CVR. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects to the extent this Request is seeking to duplicative or cumulative documents that could be obtained from CVR or CDK.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications between anyone at CVR, on the one hand, and anyone at Reynolds, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications between CVR and Reynolds, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds is a part owner of CVR and as a result it communicates with CVR for

reasons having nothing to do with the allegations in any complaint in this case.  Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC).  Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop.  As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK and have nothing to do with communications between Reynolds and CVR.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with communications between Reynolds and CVR.  Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request is extremely overbroad and seeks irrelevant material, as already noted above.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

All communications between CDK and Reynolds regarding CVR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications between CDK and Reynolds regarding CVR, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds and CDK are joint owners of CVR and as a result they communicate about CVR for reasons having nothing to do with the allegations in any complaint in this case. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop have nothing to do with CVR. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR. Reynolds further objects that this Request is untimely as to Authenticom, because

Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request is extremely overbroad and seeks irrelevant material, as already noted above.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and communications relating to CVR's acquisition of AVRS, including the strategic and financial considerations in CVR's acquisition of AVRS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents or communications relating to the CVR acquisition of AVRS, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. CVR's acquisition of AVRS is not a violation of any law or is it alleged to violate any law, nor has any Individual Plaintiff alleged that Reynolds engaged in any unlawful conduct in connection with this acquisition. Reynolds further objects that this Request appears to be aimed at CVR documents, not Reynolds documents. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to

this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK and have nothing to do with CVR's acquisition of AVRS. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR's acquisition of AVRS. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request is seeks irrelevant material, as already noted above, and is a request that appears to be directed at CVR documents, not Reynolds documents.

To the extent this Request seeks documents in the possession, custody, or control of CVR, the Request should be directed to CVR, not Reynolds.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications regarding instances in which CVR or AVRS uses or used independent integrators for access to dealer data on the Reynolds DMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Reynolds further objects that this Request appears to be aimed at CVR documents, not Reynolds documents. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK and have nothing to do with how CVR accessed a Reynolds DMS. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with how CVR accessed a Reynolds DMS. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request seeks irrelevant material, because whether CVR used independent integrators to access a Reynolds DMS makes no difference to MVSC claims of conspiracy or monopolization or whether MVSC was harmed by

that alleged conduct.  In addition, it is a request that appears to be directed at CVR documents, not Reynolds documents.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and communications regarding any instance in which an add-on application owned (or partly owned) by CDK or Reynolds uses or used independent integrators for access to dealer data on a DMS platform, whether CDK's, Reynolds', or any other DMS platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents or communications relating to the "use[]" of independent integrators for access to data on a DMS, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation.  There is no claim or defense in this case that turns on whether an application owned or partially owned by CDK or Reynolds used an independent integrator to access dealer data on a DMS platform.  CDK and Reynolds are each free to make whatever unilateral business decisions they want in this regard and no complaint claims otherwise.  Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the

-84-

earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK. Reynolds' business decisions regarding use of independent integrators is not at issue. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case for reasons already described above. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request is duplicative and cumulative of Request No. 54 above. To the extent that this Request seeks documents beyond those sought in Request No. 54, it is overbroad and irrelevant, as the MVSC case only relates to EVR applications.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: See Request No. 54 and corresponding response.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to CVR's Board of Directors or any equivalent governing body for CVR. This Request has no date limitation. This Request includes, but is not limited to:

a. All documents relating to the composition of CVR's Board of Directors;

b. Identification of every member of CVR's Board of Directors through time;

c. All materials presented to CVR's Board of Directors;

d. All materials considered by CVR's Board of Directors;

e. All minutes of meetings of CVR's Board of Directors; and

f. All communications between or among CVR's Board of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents or communications "relating to CVR's Board of Directors" or "any equivalent governing body," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. CVR's Board of Directors discusses and considers a variety of issues, many of which have nothing to do with the claims and defenses in this case. The Request is also vague as to what "any equivalent governing body" means. CVR has a Board of Directors. Reynolds further objects that this Request appears to be aimed at CVR documents, not Reynolds documents. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

AutoLoop.  As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK and have nothing to do with CVR's Board of Directors.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also irrelevant as to the Authenticom case, which also has nothing to do with CVR's Board of Directors.  Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request is seeks overbroad and irrelevant material, as already noted above, and is a request that appears to be directed at CVR documents, not Reynolds documents.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 57:**

All communications between You and any customer or former customer of Authenticom regarding data integration services or data access, including Team Velocity, Automotive Masterminds, or any other vendor customer of Authenticom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not

relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all communications with "any customer or former customer" of Authenticom concerning integration or data access, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds has communicated with hundreds of vendors over the years in connection with hundreds of applications and issues relating to RCI and on numerous other topics that may generally relate to integration or data access but have nothing to do with the claims or defenses in this case. For instance, the Request, as phrased, would capture any communications between Reynolds and its RCI customers who are former Authenticom customers, and Reynolds objects that this is grossly overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. In addition, the Request provides no way for Reynolds to determine who is a customer or former customer of Authenticom. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons described above and also because the claims brought by Cox and AutoLoop are only against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the Authenticom case, for reasons described above. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the MVSC case, Reynolds objects that this Request is seeks overbroad and irrelevant material, for the reasons described above, and also because the only applications relevant to the MVSC case are EVR applications.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached. Specifically, if Authenticom is willing to provide a list of its current or former customers, and the time periods when they were customers of Authenticom, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present that reference Authenticom or Steve Cottrell.

**REQUEST FOR PRODUCTION NO. 58:**

All communications between You and any dealer customer or former dealer customer of Authenticom regarding data integration services or data access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is duplicative of Individual Plaintiffs' Request No. 57 above. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the

extent it seeks all communications with "any dealer customer or former dealer customer" of Authenticom concerning integration or data access, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Reynolds has communicated with hundreds of dealers over the years in connection with issues relating to DMS and on numerous other topics that may generally relate to integration or data access but have nothing to do with the claims or defenses in this case. For instance, the Request, as phrased, would capture any communications between Reynolds and its DMS customers who are former Authenticom customers, and Reynolds objects that this is grossly overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. In addition, the Request provides no way for Reynolds to determine who is a customer or former customer of Authenticom. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons described above and also because the claims brought by Cox and AutoLoop are only against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

The Request is also overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the Authenticom or MVSC cases, for reasons described above. Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue

written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached. Specifically, if Authenticom is willing to provide a list of its current or former customers, and the time periods when they were customers of Authenticom, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present that reference Authenticom or Steve Cottrell.

**REQUEST FOR PRODUCTION NO. 59:**

All documents concerning Your evaluation of the market for data access / integration services, including what companies compete with You for provision of data access / data integration services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks premature expert discovery on market definition issues. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents concerning Reynolds' "evaluation" of "the market for data access / integration services," without any date limitation. The Request is vague as to what qualifies as an "evaluation," how the "market" is defined, and what is meant by "data access / data integration services." Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed

-91-

(MVSC).  Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop.  As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  In light of the partial relevance of this Request, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 60:**

All documents concerning Your cost of capital, cost of equity, cost of debt, and/or weighted average cost of capital, including any documents upon which any of the foregoing are based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks premature expert discovery and expert financial analysis. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all" documents concerning Reynolds' "cost of capital," "cost of equity," "weighted average cost of capital," and "documents upon which any of the foregoing are based," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. None of these topics are relevant to any claim or defense in any Individual Plaintiff case. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 61:**

All documents concerning the economic value of data or data access to dealers, vendors, or DMS providers, including any economic value placed by You on Your ability to deny, restrict, or in any way control access to data on your DMS platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks premature expert discovery. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all" documents concerning "economic value of data or data access," regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. As phrased, this would potentially encompass any document having anything to do with DMS or integration, and any document having anything to do with DMS or integration pricing. Also, the value of data, as opposed to data access, is not an issue that is relevant to any of the Individual Plaintiff cases. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. In addition, the MVSC case only relates to data access by EVR providers, and the Request is irrelevant and overbroad to the extent it seeks information unrelated to data access by EVR providers.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

**REQUEST FOR PRODUCTION NO. 62:**

All communications between CDK and any potential acquirer or acquirers, including The Carlyle Group, Silver Lake, Vista Equity Partners, Bain Capital, Thoma Bravo, and Advent International (or any person acting on behalf of the foregoing), regarding the valuation of CDK, its subsidiaries, or any aspect of their business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

This Request appears to have been mistakenly directed at Reynolds and obviously requests CDK documents as opposed to Reynolds documents. The Request also does not seek documents relevant to any claim against Reynolds. Reynolds reserves all rights and objections in connection with this Request, including all General Objections noted above.

**REQUEST FOR PRODUCTION NO. 63:**

All documents regarding CDK's Fortellis Automotive Exchange, including all communications with dealers (including AutoNation, Lithia, Berkshire Automotive, Group One, and the Larry Miller Group) and vendors; historical data or projections regarding the costs of research and development, pricing, subscriptions, revenues, and profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

This Request appears to have been mistakenly directed at Reynolds and obviously requests CDK documents as opposed to Reynolds documents. The Request also does not seek documents relevant to any claim against Reynolds. Reynolds reserves all rights and objections in connection with this Request, including all General Objections noted above.

**REQUEST FOR PRODUCTION NO. 64:**

All projections, forecasts, or other financial analyses regarding CDK's 3PA, OEM DCS, and/or DMI data services programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

This Request appears to have been mistakenly directed at Reynolds and obviously requests CDK documents as opposed to Reynolds documents. The Request also does not seek documents relevant to any claim against Reynolds. Reynolds reserves all rights and objections in connection with this Request, including all General Objections noted above.

**REQUEST FOR PRODUCTION NO. 65:**

All documents concerning the following conferences and/or meetings from 2009 to the present:  the National Automobile Dealers Association Show; the Digital Dealer Conference & Expo; or any other industry conference.  For the avoidance of doubt, this request includes all documents concerning:  the identity of any of Your employees that attended the conference and/or meeting; any booth or other exhibition space obtained by You; and the exhibitor list and/or floor plan for any such show.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents concerning "conferences," "meetings" or "any . . . industry conference," regardless of whether they relate to any of the claims or defenses in the case.  Reynolds' attendance or participation in industry conferences is not relevant to any claims or defenses in the Individual Plaintiff cases.  The specific examples referenced in the Request, including "exhibition space" or "floor plan" documents, are also irrelevant and do not tend to prove or disprove any material issue in any case.  Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC).  Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad because the claims brought by Cox and AutoLoop are only against CDK, and do not concern Reynolds' attendance at industry conference. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

**REQUEST FOR PRODUCTION NO. 66:**

All telephone records – whether landline or cell phone – reflecting calls made or received by any Reynolds employee and any employee of CDK from 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all "telephone records" involving any Reynolds or CDK employee. Thousands of employees are encompassed by this Request, and the requested phone records are not relevant to any claims or defenses in the Individual Plaintiff cases. A phone record provides no information about what was discussed, if anything, on a

particular phone call, and does not even necessarily provide enough information to determine who participated in the phone conversation. As such, phone records have no relevance or usefulness in this case. On the other hand, the burden of pulling thousands of phone records for thousands of employees is substantial. The Request, as phrased, is not limited to calls between Reynolds and CDK, but even if it were, it would still be objectionable. The fact of communications between CDK and Reynolds employees is not in dispute. Reynolds objects to undertaking the significant burden of pulling and producing phone records to aid in establishing something that is not in dispute (which a phone record does not even necessarily establish). Reynolds also objects to the extent that this Request purports to require Reynolds to pore over potentially millions of individual entries in all of the phone records for all of its employees, and attempt to determine whether each phone call reflected in each phone record represents a call between Reynolds and CDK.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and do not concern Reynolds' phone records. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 67:**

All telephone records – whether landline or cell phone – for Your document custodians from 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all "telephone records" involving any certain Reynolds employees. The requested phone records are not relevant to any claims or defenses in the Individual Plaintiff cases. A phone record provides no information about what was discussed, if anything, on a particular phone call, and does not even necessarily provide enough information to determine who participated in the phone conversation. As such, phone records have no relevance or usefulness in this case. The Request, as phrased, is not limited to calls between Reynolds and CDK, but even if it were, it would still be objectionable. The fact of communications between CDK and Reynolds employees is not in dispute. Reynolds objects to undertaking the burden of pulling and producing phone records to aid in establishing something that is not in dispute (which a phone record does not even necessarily establish).

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only

against CDK, and do not concern Reynolds' phone records. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 68:**

All documents concerning any training provided by You to Your employees regarding antitrust or competition laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all" documents concerning antitrust training, regardless of whether they relate to any of the claims or defenses in the case. General antitrust training or compliance programs are not at issue in this case. Antitrust is a broad field of law that encompasses many issues not at issue in this case. The details of a general antitrust training program have no bearing on any claims or defenses in this case. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Moreover, antitrust law has changed over time and old antitrust training documents are particularly irrelevant.

-101-

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons state above and because the claims brought by Cox and AutoLoop are only against CDK, and do not concern Reynolds' antitrust training. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Reynolds further objects to this Request because it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege. Reynolds objects that it would not have any antitrust training documents from January 1, 2013 to the present that are not privileged from disclosure by the attorney-client privilege or the attorney work product doctrine. Even if it did, it would not be proportional to the needs of the case to undertake the burden of sifting through all of the privileged material and creating a privilege log in the hopes that Reynolds might find a non-privileged document responsive to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All documents concerning CDK's Secure the DMS initiative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents or communications relating to the CDK's Secure the DMS initiative, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. CDK's Secure the DMS initiative is not a violation of any law or is it alleged to violate any law, nor has any Individual Plaintiff alleged that Reynolds engaged in any unlawful conduct in connection with CDK's Secure the DMS initiative. Reynolds further objects that this Request appears to be aimed at CDK documents, not Reynolds documents. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 70:**

All Secure the DMS Dashboard Reports (*see*, *e.g*., CDK-0841086, at 87), including all data used to prepare such reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

This Request appears to have been mistakenly directed at Reynolds and obviously requests CDK documents as opposed to Reynolds documents. The Request also does not seek documents relevant to any claim against Reynolds. Reynolds reserves all rights and objections in connection with this Request, including all General Objections noted above.

**REQUEST FOR PRODUCTION NO. 71:**

All documents regarding access by ReverseRisk to CDK's DMS platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with

reasonable particularity to the extent it seeks all documents regarding access by ReverseRisk to a CDK DMS, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. Access by this one application to a CDK DMS makes no difference to the claims or defenses in the case. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. Furthermore, ReverseRisk is not an EVR application, and is therefore irrelevant to the MVSC case, where the only relevant applications are EVR applications.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds directs Individual Plaintiffs to the following documents, which concern the

terms of access by ReverseRisk to CDK's DMS platform: REYMDL00017989-90; REYMDL00017979-88; REYMDL00017975-78.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning "hostile integration" or use of non-authorized usernames or passwords to extract data from the CDK or Reynolds platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all documents," without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the only claims asserted by Cox and Autoloop are against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to show Reynolds' revenue, profit (including profit margins), and costs for providing data integration services, on a monthly basis, from January 1, 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents concerning Reynolds' "profit," "profit margins" or "costs," regardless of whether they relate to any of the claims or defenses in the case. The Request also provides no detail regarding what is meant by profit or cost or how those should be calculated or determined. Reynolds objects to the extent this Request seeks to compel Reynolds to create documents that do not exist in the ordinary course; for instance, Reynolds does not fully allocate its costs and therefore does not have documents sufficient to show the requested information. Also, profit and cost information is not relevant to any claim or defense in any Individual Plaintiff case. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims

is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds also objects to the extent that this Request is duplicative and cumulative of other Requests, and/or seeks to end run or undo agreements that have already been reached. Specifically, Reynolds and Authenticom previously reached agreement on the production of certain RCI revenue information for the period 2013-2017, and Reynolds ultimately produced certain RCI revenue information for the period 2011-2017. *See* December 1, 2017 letter from Brian Ross. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 74:**

Documents sufficient to show transactional sales data (including sales, profit, and cost data) on a per-customer and per-transaction basis for data integration services from January 1, 2009 to the present. For the avoidance of doubt, this request includes, without limitation, the following data linked to each data integration service transaction:

a. Date and location of transaction;

b. Data integration service customer;

c. Specific data integration service purchased;

d. Information tied to the specific data integration service purchased, including the unit price, unit cost, quantity, and applicable discounts;

e. Reynolds salesperson and applicable commission;

f. Order number and other identifying order information; and

g. Any documents necessary to interpret the contents of these data fields, including abbreviation keys and explanations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case. Reynolds objects to the extent this Request seeks to compel Reynolds to create documents that do not exist in the ordinary course. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds also objects to the extent that this Request is duplicative and cumulative of other Requests, and/or seeks to end run or undo

-109-

agreements that have already been reached. Specifically, Reynolds and Authenticom previously reached agreement on the production of RCI pricing information, and pursuant to that agreement, Reynolds ultimately produced certain RCI pricing information bates numbered REYMDL0037507. REYMDL0037507 shows the prices paid by vendors participating in Reynolds's RCI program from 2010 to 2017. It contains information from regarding per-vendor certification fees (one-time fees), per-rooftop installation fees (one-time fees), per-rooftop integration fees (monthly fees), and transactional fees (per transaction fees).

Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 75:**

All reports and analyses pertaining to Reynolds' marketing and sales of data integration services from January 1, 2009 to the present.  For the avoidance of doubt, this request includes, without limitation:

        a.      Sales reports;

        b.      Sales representative performance reports;

        c.      Marketing plans;

        d.      Marketing reports, including sales promotions and discounts;

        e.      Strategic plans, including pricing strategy;

        f.      Cost accounting reports;

        g.      General ledger reports;

        h.      Charts of accounts;

        i.      Analyses of competitive position, including market share;

        j.      Profit and loss reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is cumulative and duplicative of other Requests from the Individual Plaintiffs and/or Authenticom.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all reports and analyses pertaining to Reynolds' marketing and sales of data integration, regardless of whether they relate to any of the claims or defenses in the case.  Reynolds also objects to the extent that the categories of documents (a) through (j) are not reports or analyses of Reynolds' marketing

and sales of RCI. Reynolds also objects to searching for or collecting documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. The requested materials are additionally irrelevant as to MVSC to the extent they seek information unrelated to EVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to show Reynolds' projections with respect to costs for providing data integration services from January 1, 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is also duplicative or cumulative of other requests, including Individual Plaintiffs' Request No. 77 below. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "projections with respect to costs." Cost projections are not relevant to any claim or defense in this case. The Request also provides no detail regarding what is meant by "cost" or how it should be determined. Reynolds does not fully allocate its costs and therefore does not have documents sufficient to show the requested information. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference

in those cases.  The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds that it is not aware of any responsive documents.

## REQUEST FOR PRODUCTION NO. 77:

All documents and communications concerning Reynolds' projections with respect to its data integration services from January 1, 2009 to the present.  For the avoidance of doubt, this request includes, without limitation, documents and communications relating to estimates, forecasts, and budgets for revenue, profit, and costs associated with Reynolds' provision of data integration services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  It is also duplicative or cumulative of other requests, including Individual Plaintiffs' Request No. 76 above.  It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications concerning "projections," regardless of whether they relate to any of the claims or defenses in the case. Not every projection of every kind or every document related to every projection is relevant to the

claims and defenses in this case. Revenue, profit and cost projections specifically mentioned in the Request are not relevant to any claim or defense in this case. Reynolds objects to the extent this Request seeks to compel Reynolds to create documents that do not exist in the ordinary course. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied

to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and communications concerning Reynolds' internal valuations of its data integration service business, separate and apart from its DMS business, from January 1, 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all documents and communications" concerning "internal valuations" of Reynolds' "data integration service business." Neither "internal valuations" nor Reynolds' "data integration service business" are defined, and Reynolds objects to both as vague. To the extent this Request is referring to Reynolds' RCI business, whether or how Reynolds valued its RCI business makes no difference to the claims and defenses in this case. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for

the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and communications concerning Reynolds' internal valuations of its DMS business, separate and apart from its data integration services, from January 1, 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks "all documents and communications" concerning "internal valuations." Neither "internal valuations" nor Reynolds' "data integration services" are defined, and Reynolds objects to both as vague. Whether or how Reynolds valued its DMS business makes no difference to the claims and defenses in this case. Reynolds also objects to

the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and communications from January 1, 2009 to the present concerning industry publications or industry reports with respect to data integration services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks not only all industry publications or reports but all documents and communications "concerning" those publications or reports, regardless of whether they relate to any of the claims or defenses in the case. The Request also does not explain what constitutes an industry publication or report or identify them by title. Not every such publication or report or every document concerning such documents will be relevant to the claims or defenses in the case. Furthermore, industry publications or reports published by third parties are equally available to Plaintiff from those third parties. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and communications from January 1, 2009 to the present concerning industry publications or industry reports with respect to data integration services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks not only all industry publications or reports but all documents and communications "concerning" those publications or reports, regardless of whether they relate to any of the claims or defenses in the case. The Request also does not explain what constitutes an industry publication or report or identify them by title. Not every such publication or report or every document concerning such documents will be relevant to the claims or defenses in the case. Furthermore, industry publications or reports published by third parties are equally available to Plaintiff from those third parties. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3,

-120-

2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and communications Reynolds relied upon from January 1, 2009 to the present in creating projections, estimates, forecasts, and budgets for revenue, profit, and costs associated with Reynolds' provision of data integration services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is also duplicative or cumulative of

other requests, including Individual Plaintiffs' Request No. 77 above. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications "relied upon" to create a variety of projections, estimates, forecasts, and budgets since 2009. Responding to this Request would require identifying and collecting each and every projection, estimate, forecast, and budget for revenue, profit, and costs associated with Reynolds' provision of data integration services since 2009, a nearly ten year period, and then, for each such document, determining all documents that were "relied upon" to create those documents. This likely requires identifying each author of each document and then interviewing all of them to ascertain what materials they relied on. This burden is grossly out of proportion to the needs of the case and is a task that cannot be reasonably completed under the Court ordered schedule for this case. Furthermore, projections, estimates, forecasts, and budgets for revenue, profit, and costs associated with Reynolds' provision of data integration services are not even relevant to the claims or defenses in this case. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only

against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 83:**

Documents sufficient to show the number of connections Reynolds has established between a vendor and a dealer's data for purposes of transmitting dealer data to the vendor, broken down by customer, specific service, and date, from January 1, 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Reynolds objects to this Request on the grounds that it is irrelevant, vague, unintelligible, overly broad and fails to describe the items sought with reasonable particularity. Specifically, Reynolds does not understand what is meant by "number of connections." Reynolds does not track or calculate its "number of connections" and objects to the request to the extent it requires Reynolds to create documents that do not exist in the ordinary course.

Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the request is unintelligible, irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

Subject to and without waiving these or its General Objections, Reynolds responds that as it understands this Request, it does not have documents sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 84:**

Reynolds' "win/loss" reports, communications, analyses, or any other documents sufficient to show the data integration customers that Reynolds has lost every year since January 1, 2009, including the reasons the customer switched from a Reynolds data integration service to a non-Reynolds data integration service and the identity of the data integration service to whom the customer switched.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Reynolds objects to the extent this Request seeks to compel Reynolds to create documents that do not exist in the ordinary course; for instance, Reynolds does not track in a systematic fashion all of its RCI customer losses and the reasons for those losses. Reynolds does not have "win/loss" report for RCI. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds also objects that Authenticom should have documents in its possession, custody or control relating to RCI customers who left RCI for Authenticom. Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. In addition, as to MVSC, the requested documents are irrelevant to the extent they are unrelated to EVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds refers Individual Plaintiffs to RCI data previously produced and bates numbered REYMDL0037507 which shows the prices paid by vendors participating in Reynolds's RCI program from 2010 to 2017. Using this information, Individual Plaintiffs can deduce when RCI customers joined or left RCI between 2010 and 2017. With respect to the reasons why RCI customers left RCI, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 85:**

Reynolds' "win/loss" reports, communications, analyses, or any other documents sufficient to show the data integration customers that Reynolds has won every year since January 1, 2009, including the reasons the customer switched to a Reynolds data integration service and the identity of the data integration service from whom the customer switched.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Reynolds objects to the extent this Request seeks to compel Reynolds to create documents that do not exist in the ordinary course; for instance, Reynolds does not track in a systematic fashion all of its RCI customer wins and the reasons for those wins. Reynolds does not have "win/loss" report for RCI. Reynolds also objects to the extent this Request seeks documents going back to 2009; the limitations period

applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit –
February 3, 2013 for the earliest case filed (MVSC). Reynolds also objects that Authenticom
should have documents in its possession, custody or control relating to RCI customers who left
Authenticom for RCI. Reynolds further objects to this Request to the extent it seeks documents
protected from disclosure by the attorney-client privilege, the work product doctrine, or other
applicable privilege.

Reynolds additionally objects that as a third party to the Cox and AutoLoop matters, it is
entitled to greater protection from burdensome or irrelevant discovery requests from Cox and
AutoLoop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for
the reasons stated above and also because the claims brought by Cox and AutoLoop are only
against CDK, and understanding the requested information as to Reynolds makes no difference
in those cases. The Request is therefore particularly burdensome, not proportional to the needs
of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because
Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's
March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other
grounds as stated above. In addition, as to MVSC, the requested documents are irrelevant to the
extent they are unrelated to EVR.

Subject to and without waiving these or its General Objections, Reynolds responds as
follows: Reynolds refers Individual Plaintiffs to RCI data previously produced and bates
numbered REYMDL0037507 which shows the prices paid by vendors participating in
Reynolds's RCI program from 2010 to 2017. Using this information, Individual Plaintiffs can

deduce when RCI customers joined or left RCI between 2010 and 2017. With respect to the reasons why RCI customers joined RCI, Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present. Reynolds also refers Individual Plaintiffs to Reynolds' Response to Authenticom's Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and communications regarding the length of time to complete a request to receive data from or send data to a Reynolds DMS through the RCI program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications "regarding" the "length of time to compete a request" to send or receive data to a Reynolds DMS through RCI, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. Reynolds objects that documents concerning each and every transmission of data to or from a Reynolds DMS through RCI are potentially responsive. Reynolds objects to the extent this Request seeks to compel Reynolds to create documents that are not maintained in the ordinary course. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. In addition, as to MVSC, the requested documents are irrelevant to the extent they are unrelated to EVR.

Subject to and without waiving these or its General Objections, Reynolds is willing to meet and confer to explore whether a mutually acceptable compromise can be reached.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and communications regarding making "push" functionality available for the RCI program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications

regarding the "push" functionality which is not defined or described, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The Request is unintelligible in that Reynolds does not understand what is meant by "push' functionality. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. In addition, as to MVSC, the requested documents are irrelevant to the extent they are unrelated to EVR.

Subject to and without waiving these or its General Objections, Reynolds responds that it is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and communications regarding how frequently vendors are allowed to pull, poll, or transfer data from the Reynolds DMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications "regarding" how frequently vendors are allowed to pull, poll, or transfer data from a Reynolds DMS, regardless of whether it relates to any of the claims or defenses in the case, and without any date limitation. The limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. In addition, as to MVSC, the requested documents are irrelevant to the extent they are unrelated to EVR.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant documents from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and communications regarding how Reynolds determined what kinds of data, information, or technical specifications to require vendors to provide as part of the RCI certification process, including "workflow" models, live demonstrations of the add-on applications, justifications for how add-on applications use each data element, and the add-on application's security features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it effectively seeks all documents and communications regarding "how Reynolds determined" what kind of information to request from vendors, regardless of whether it relates to any of the claims or defenses in the case, and without any date

limitation. One typically requests information that is not already known, and Reynolds cannot produce documents to show an absence of knowledge. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above. In addition, as to MVSC, the requested documents are irrelevant to the extent they are unrelated to EVR. As to Authenticom, the Request has no relevance at all.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to meet and confer regarding reasonable search terms to be applied to agreed upon custodian files in a good faith effort to capture responsive and relevant

documents from January 1, 2013 to the present showing that Reynolds' requests for information from vendors were not pretextual.

**REQUEST FOR PRODUCTION NO. 90:**

All documents and communications regarding any Reynolds policies or guidelines designed to prevent competitively sensitive information submitted by vendors seeking RCI certification from being shared with Reynolds' sales teams, add-on application development teams, or any other components of Reynolds other than those with direct responsibility for engineering the integration of the vendors' add-on applications with the Reynolds DMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It also seeks information that is not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it not only seeks policies or guidelines, but all documents and communications "regarding" those policies or guidelines, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. None of the Individual Plaintiffs have asserted any claims against Reynolds based on alleged misuse of confidential vendor information that would make this Request relevant. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and

Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and communications regarding information, data, or technical specifications shared by vendors with Reynolds as part of the RCI certification process used by Reynolds for any purpose other than engineering the integration of the vendors' add-on applications with the Reynolds DMS, including, for example, development of applications by Reynolds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is also duplicative and cumulative of Request No. 90 above. It also seeks documents that are not relevant to the claims or defenses in this case and fails to describe the items sought with reasonable particularity to the extent it seeks all documents and communications regarding any information provided by a vendor in connection with "the RCI certification process" and used by Reynolds for any purpose other than

"engineering the integration" for that vendor, neither of which is defined, regardless of whether they relate to any of the claims or defenses in the case, and without any date limitation. None of the Individual Plaintiffs have asserted any claims against Reynolds based on alleged misuse of confidential vendor information that would make this Request relevant. Also, the limitations period applicable to Individual Plaintiffs' claims is, at most, four years from the date they filed suit – February 3, 2013 for the earliest case filed (MVSC). Reynolds further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop. As to Cox and AutoLoop, the documents requested are irrelevant and overbroad for the reasons stated above and also because the claims brought by Cox and AutoLoop are only against CDK, and understanding the requested information as to Reynolds makes no difference in those cases. The Request is therefore particularly burdensome, not proportional to the needs of the Cox and Autoloop cases, and is inconsistent with third party discovery protections.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

As to the Authenticom and MVSC cases, Reynolds objects on relevance and other grounds as stated above.

**REQUEST FOR PRODUCTION NO. 92:**

All pictures of the cake from the party for the one-year anniversary of the 2015 agreements between CDK the Reynolds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Reynolds objects to this Request on the grounds that it is not proportional to the needs of the case, irrelevant, and harassing. A picture of a cake makes no difference to any claim or defense in this case.

Reynolds additionally objects that as a third party to the Cox and Autoloop matters, it is entitled to greater protection from burdensome or irrelevant discovery requests from Cox and Autoloop.

Reynolds further objects that this Request is untimely as to Authenticom, because Authenticom's deadline to issue written discovery was March 23, 2018, pursuant to the Court's March 12, 2018 Order and hearing comments.

Subject to and without waiving these or its General Objections, Reynolds responds as follows: Reynolds is willing to make a reasonable inquiry to determine if any responsive documents exist and, if so, is willing to further meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 93:**

This RFP incorporates all RFPs propounded by the Dealer Class Plaintiffs and formally requests all documents sought by those RFPs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Reynolds objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, duplicative, cumulative, seeks irrelevant material, and is untimely. Pursuant to the 5/7/18 Case Management Order (Dkt. 166), May 25, 2018 was the "[d]eadline to serve any additional, non-duplicative, coordinated discovery requests, search terms, and custodians." Individual Plaintiffs served a joint set of 92 Requests on

May 25, 2018.  This additional Request No. 93 was served nearly three weeks later, and only one week before responses and objections were due.  It purports to incorporate by reference forty-four additional Requests separately served by the Dealer Class Plaintiffs.  This would subject Reynolds to the substantially expanded and disproportionate burden of responding to dozens of additional Requests.

Furthermore, contrary to plaintiffs' representations in meet and confer discussions, the 92 Individual Plaintiffs' Requests and the 44 Dealer Class Plaintiffs' Requests and the 89 Authenticom Requests that have been served on Reynolds thus far (225 Requests to Reynolds in total) exhibit an enormous degree of overlap, duplication and repetition, making it clear that the separate sets of Requests were not coordinated.

Subject to and without waiving these or its General Objections, Reynolds responds as follows:  To the extent that Reynolds produces materials in response to the Dealer Class Plaintiffs' Requests, it will also produce those materials to Individual Class Plaintiffs.


Dated:  June 22, 2018    Respectfully submitted,

          */s/ Aundrea K. Gulley*
          Aundrea K. Gulley
          Kathy D. Patrick
          Brian T. Ross
          Brice A. Wilkinson
          Ross A. MacDonald
          GIBBS & BRUNS LLP
          1100 Louisiana Street, Suite 5300
          Houston, TX 77002
          (713) 751-5258
          agulley@gibbsbruns.com
          kpatrick@gibbsbruns.com
          bross@gibbsbruns.com
          bwilkinson@gibbsbruns.com
          rmacdonald@gibbsbruns.com

Michael P.A. Cohen
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA 90071
(213) 617-4206
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and
Reynolds Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I caused a true and correct copy of the foregoing

The Reynolds and Reynolds Company's Responses and Objections to Individual Plaintiffs' First

Set of Requests for Production to be served by email upon the following individuals:

Michael N. Nemelka (mnemelka@kellogghansen.com)
Derek T. Ho (dho@kellogghansen.com)
Britt M. Miller (bmiller@mayerbrown.com; CDK-MDL-Team@mayerbrown.com)
Matthew D. Provance (mprovance@mayerbrown.com; CDK-MDL-Team@mayerbrown.com)
Peggy Wedgworth (pwedgworth@milberg.com; DMSTeam@milberg.com)
All Parties (SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com)


_/s/ Jessica Campos_
Jessica Campos