# Exhibit 15

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 1, 2018

*Via Electronic Mail*

Matthew D. Provance
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

      Re:    *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817

Dear Matt:

      I write in response to your October 26 letter regarding custodians for CVR. I also write to address the matters that were on our plate after our October 29 meet and confer regarding CVR's RFP responses.

**I.    CVR Custodians**

      Thank you for your offer to add Scott Dudley and Mark Kithcart as document custodians. Can you please confirm that CVR is in possession, custody, or control of Mark Kithcart's documents, and that his documents contain responsive documents to our proposed search terms?

      In addition, given their importance, we must continue to request that Jim Negrette and John Roeder be document custodians. Their custodial files contain documents that are highly relevant to MVSC's allegations against CVR. Jim Negrette played an important role in CVR's California operations; he also ran the technological aspects of CVR's business. John Roeder was a CDK executive that played a significant role in CVR's marketing efforts; he also communicated with MVSC regarding the rates that CDK proposed for its participation in the 3PA program. We thus respectfully request that those two individuals be included as custodians as well.

**II.    CVR's RFP Responses**

      **A.    RFP Nos. 1, 2, and 10**

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Matthew D. Provance
November 1, 2018
Page 2

   CVR has objected to producing any documents in response to RFP 1 (communications between CVR custodians and CDK), RFP 2 (communications between CVR custodians and Reynolds), and RFP 10 (documents regarding access by CVR to dealer data on a CDK DMS through the 3PA program).  We believe that these requests are relevant and proportionate to the case.  But in the spirit of compromise, we are willing to wrap these requests into our negotiations regarding search terms, provided the parties can negotiate reasonable compromises on those search terms and for certain related requests to which CVR has objected that are still under negotiation.[1]

   **B.**  **RFP Nos. 36 through 43 and 45**

   CVR has agreed to produce documents in response to RFPs 36-43 and 45, but only with respect to the California and Illinois markets.  As we explained during our meet and confer, other markets are relevant to MVSC's claims in this case, especially those markets in which MVSC has competed or currently competes with CVR (e.g., Virginia), or those markets in which Defendants' (including CVR's) anticompetitive conduct has impeded MVSC's attempted entry.  We therefore respectfully request the following:

- RFP 36 (documents sufficient to show EVR products and services offered by CVR, including prices and costs): This request is narrowly tailored to seek only documents "sufficient to show" the EVR products and services offered by CVR in each state.  We ask that you produce these documents with respect to any market in which CVR competes or has competed.

- RFP 37 (documents sufficient to show CVR's EVR customers, the EVR products and services they purchased from CVR, and the associated prices, costs, and other terms): We ask that you produce these documents with respect to the California, Illinois, Wisconsin, and Virginia markets.

---

[1] *See, e.g.*, RFP 6 (communications regarding how CVR obtains data from the DMSs of Reynolds and CDK dealers), RFP 13 (documents regarding CVR's access to a dealer's general ledger and whether that access is provided to other EVR providers); RFP 22 (documents relating to applications by EVR providers other than MVSC to join 3PA and RCI programs, including terms and pricing); RFP 54 (communications concerning deficiencies or perceived deficiencies in CVR's product and service level); RFP 57 (communications concerning any advantage or perceived advantage CVR has over its competitors because of CVR's ability to access dealer data stored on the CDK and Reynolds DMS); RFP 107 (documents identifying the type of data or information CVR needs from a Reynolds DMS or CDK DMS in order to provide EVR services); and RFP 108 (documents identifying the type of data or information CVR actually obtains from a Reynolds DMS or CDK DMS).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Matthew D. Provance
November 1, 2018
Page 3

- RFP 38 (documents referring to CVR's EVR competitors or competition): This request should be resolved through the negotiation of search terms. There should be no limitation based on geographic EVR markets for this request.

- RFP 39 (documents referring to products or services offered by other EVR providers, including any type of competitive intelligence report or assessment): This request should be resolved through the negotiation of search terms. There should be no limitation based on geographic EVR markets for this request.

- RFP 40 (documents identifying the participants in the California, Illinois, and Virginia EVR markets): We ask that you produce documents with respect to the California, Illinois, and Virginia markets, as this RFP requests.

  RFP 41 (documents relating to EVR market share for CVR and its competitors, in each state where CVR provides EVR services): There should be no limitation based on geographic EVR markets for this request. CVR's market share in the various state EVR markets is relevant to the ability of CVR's competitors to compete despite CVR's advantages with respect to data access and pricing.

- RFP 42 (documents sufficient to show when CVR entered or exited any EVR market in any state): There should be no limitation based on geographic EVR markets for this request. When and where CVR entered and/or exited various state EVR markets is relevant to the ability of CVR's competitors to compete despite CVR's advantages with respect to data access and pricing.

- RFP 43 (any analysis, evaluation, assessment, communication or discussion of whether to enter or exit, or to not enter or not exit, any EVR market): For the same reasons stated above for RFP No. 42, there should be no limitation based on geographic EVR markets for this request.

- RFP 45 (documents concerning any market analysis or competitive analysis of any state EVR markets): We ask that you produce documents with respect to any state EVR market.

We understand that CVR will be providing a letter responding to all other matters we discussed during our October 29 meet and confer. Please provide that response no later than close of business on Friday, November 2 so that we can move this process along.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Matthew D. Provance
November 1, 2018
Page 4

              Very truly yours,

              *s/ Michael N. Nemelka*

              Michael N. Nemelka