# Exhibit 18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) MDL No. 2817<br>Case No. 18 C 864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| This document relates to:<br><br>ALL CASES | |

## DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION OF MOTOR VEHICLE SOFTWARE CORPORATION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants The Reynolds and Reynolds Company ("Reynolds"), CDK Global, LLC ("CDK") and Computerized Vehicle Registration ("CVR"), by and through their counsel, will take the deposition upon oral examination of the person or persons designated and prepared to testify on behalf of Plaintiff Motor Vehicle Software Corporation ("MVSC") regarding the topics described in Schedule A, attached hereto.

The deposition will take place on **March 20, 2019 at 9:00 a.m. PST** at the Sheraton Agoura Hills, 20100 Agoura Road, Agoura Hills, CA 91301, or at such other mutually agreeable time and location. The deposition will be taken before an officer authorized to administer oaths. The deposition will continue for at least one, seven-hour day, and is subject to continuance or adjournment until completed. The deposition will be recorded by video and stenographic means. Defendants reserve the right to use the video or audio recording for use as discovery, as evidence at trial or any other proceeding in this or any related action, or for any other purposes allowed by the Federal Rules of Civil Procedure and the Rules of the Court.

Dated: February 4, 2019

| | |
|---|---|
| */s/ Aundrea K. Gulley* | /s/ *Britt M. Miller* |
| Aundrea K. Gulley | Britt M. Miller |
| Kathy D. Patrick | Matthew D. Provance |
| Brian T. Ross | MAYER BROWN LLP |
| Brice A. Wilkinson | 71 South Wacker Drive |
| Ross A. MacDonald | Chicago, IL 60606 |
| GIBBS & BRUNS LLP | (312) 782-0600 |
| 1100 Louisiana Street, Suite 5300 | bmiller@mayerbrown.com |
| Houston, TX 77002 | mprovance@mayerbrown.com |
| (713) 751-5258 | |
| agulley@gibbsbruns.com | Mark W. Ryan |
| kpatrick@gibbsbruns.com | MAYER BROWN LLP |
| bross@gibbsbruns.com | 1999 K Street NW |
| bwilkinson@gibbsbruns.com | Washington, DC 20006 |
| rmacdonald@gibbsbruns.com | (202) 263-3000 |
| | mryan@mayerbrown.com |
| Michael P.A. Cohen | |
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP | *Counsel for Defendants* |
| 2099 Pennsylvania Ave., NW, Suite 100 | *CDK Global, LLC and* |
| Washington, DC 20006 | *Computerized Vehicle Registration* |
| (202) 747-1900 | |
| mcohen@sheppardmullin.com | |
| | |
| Leo D. Caseria | |
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP | |
| 333 S. Hope St., 43rd Floor | |
| Los Angeles, CA 90071 | |
| (213) 617-4206 | |
| lcaseria@sheppardmullin.com | |
| | |
| *Counsel for Defendant The Reynolds and Reynolds Company* | |

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2019, I caused a true and correct copy of **DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION OF MOTOR VEHICLE SOFTWARE CORPORATION** to be served via email upon the following recipients: SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

                                                                    */s/ Leo D. Caseria*
                                                                     Leo D. Caseria

## SCHEDULE A

I.    **Definitions and Instructions**

1.    The term "you," "your," and "MVSC" mean Motor Vehicle Software Corporation and includes its officers, directors, members, principals, employees, agents, attorneys, representatives, contractors, affiliates, subsidiaries, parents, successors or predecessors, and any and all persons and entities affiliated with or controlled by MVSC, including, without limitation, Vitu or DMVDesk.

2.    The term "CDK" means CDK Global, LLC, and any related companies, divisions, or subsidiaries, past or present, including, without limitation, the directors, officers, employees, agents, or attorneys thereof.

3.    The term "Reynolds" means The Reynolds and Reynolds Company, and any related companies, divisions, or subsidiaries, past or present, including, without limitation, the directors, officers, employees, agents, or attorneys thereof.

4.    The term "CVR" means Computerized Vehicle Registration, and any related companies, divisions, or subsidiaries, past or present, including, without limitation, the directors, officers, employees, agents, or attorneys thereof.

5.    The term "Defendants" refers to Reynolds, CDK, and CVR.

6.    The term "EVR" means electronic vehicle registration and titling services for automobiles and other vehicles or vessels.

7.    The term "DMS" means enterprise systems known in the industry as Dealer Management Systems, including hardware and software, and further including any databases or data relating thereto.

8.    The term "3PA" means the Third Party Access program offered by CDK.

9. The term "RCI" means the Reynolds Certified Interface program offered by Reynolds.

10. The term "hostile integrator" or "hostile integration" refers to entities that access and obtain data from a DMS on behalf of dealers or vendors but are unaffiliated with the DMS provider, including but not limited to Authenticom, Superior Integrated Solutions, ProQuotes, SelectQu, and StoneEagle.

11. The term "dealer" means any vehicle dealer, including a new or used auto, truck, motorcycle, marine, recreational vehicle or heavy equipment dealer.

12. The term "dealer's association" refers to any association, formal or informal, of dealers of new or used automobiles, trucks, motorcycles, marine vehicles, recreational vehicles, or heavy equipment.

## II.    Topics for Examination

1. Your organizational and corporate structure, including change(s) over time and the reasons for such change(s).

2. The services or products offered by MVSC in each state where MVSC is an EVR provider.

3. MVSC's customers or competitors in each state where MVSC is an EVR provider.

4. How differences in state EVR regulations impact MVSC's EVR products or services in each state.

5. MVSC's market share in each state where MVSC is an EVR provider, including changes over time and the reasons for any changes.

6. The nature of competition between MVSC and other EVR providers.

-3-

7. The methods by which MVSC obtains or could obtain data for the purpose of providing EVR services, and the differences between those methods, including changes over time (if any), and the reason for any changes. This topic includes, but is not limited to, certified integration methods, hostile integration methods, manual reporting methods, and Electron and Neutrino.

8. MVSC's negotiations, applications, discussions, communications, or agreements with DMS providers (including, but not limited to Reynolds or CDK) regarding participation in certified third party access programs (including, but not limited to, RCI or 3PA) offered by DMS providers for access to their DMSs, including as to prices and interfaces.

9. MVSC's negotiations, applications, discussions, communications, or agreements with hostile integrators.

10. MVSC's negotiations, applications, discussions, communications, agreements or payments relating to any dealer's association, including but not limited to the California New Car Dealers Association.

11. Any contemplated or actual mergers, acquisitions, investments, joint ventures or other corporate transactions relating to MVSC's EVR business.

12. Your data security and/or privacy policies and all measures that you have taken to protect data or information you use in order to provide EVR services, including the results of those policies and measures.

13. Security or privacy or other issues, policies, practices, or concerns relating to access of DMS data through hostile integrators.

14.     MVSC's plans for expansion to provide EVR services in additional states, including the reasons for the expansion and any perceived or actual advantages or disadvantages or obstacles to the expansion.

15.     If you contend that CDK, Reynolds and/or CVR conspired to harm MVSC or harm competition, all bases for your contention that Defendants so conspired, and all bases for your contention that any such conspiracy harmed MVSC or harmed competition.

16.     The nature and scope of any injury, harm or damage suffered by MVSC for which you are seeking recovery in this action.

17.     MVSC's financial status, including revenues, forecasts, budgets, profits, expenses, costs, balance sheets and financial statements, including change(s) over time, and the reasons for such change(s).

18.     Your efforts to preserve, identify, collect, search, review and/or produce materials potentially relevant to this litigation or responsive to any request for production served on you.

19.     Any data produced by MVSC in this case, including a description of the data fields and how the data is maintained or updated.

20.     Documents or communications produced by MVSC in this case or relating to any of the topics above.