# Exhibit 21

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

213.617.4206 direct
lcaseria@sheppardmullin.com

File Number: 48KZ-266044

July 18, 2018

**VIA EMAIL**

Michael E. Nemelka
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Ste. 400
Washington, DC 20036-3215
mnemelka@kellogghansen.com

Re: *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864; MDL No. 2817 (N.D. Ill.)

Dear Mike:

I write this letter on behalf of Defendants Reynolds, CDK and CVR regarding MVSC's responses and objections to Defendants' first set of discovery requests to MVSC. Please let us know if you are available for a telephonic meet and confer next week at 1 p.m. eastern time following our discussion of Individual Plaintiffs' RFPs.

### 1. MVSC's Responses and Objections to Defendants' Requests for Production

In response to the following RFPs, MVSC raised baseless objections regarding relevance, burden and overbreadth, among others, but concluded with a sentence stating that "MVSC is willing to meet and confer with Defendants regarding this Request." Accordingly, we would like to meet and confer with you regarding these RFPs.

- RFP 9 (Vitu marketing and business plans)

- RFP 17 (complaints about EVR providers)

- RFP 19 (MVSC's EVR contracts/agreements with dealers)

- RFP 20 (documents exchanged with other EVR providers)

- RFPs 35-36 (documents relating to hostile integration to DMS)

- RFP 37 (documents relating to application to participate in third party program offered by a DMS provider other than Reynolds or CDK)

Michael E. Nemelka
July 18, 2018
Page 2

- RFP 42 (documents referring to independent data integrators)

- RFP 43 (documents referring to legality or illegality of independent data integrator conduct)

- RFP 47 (documents exchanged with independent data integrators)

- RFP 49 (documents relating to complaints about independent data integrators)

- RFP 50 (documents relating to security issues surrounding independent data integrators' access to DMS data)

- RFP 78 (documents or communications regarding claims or allegations in complaint or any related government investigation)

In response to the following RFPs, MVSC raised baseless objections regarding relevance, burden and overbreadth, among others, but did not agree to produce any documents and did not offer to meet and confer. We would also like to meet and confer with you regarding these RFPs.

- RFP 44 (documents relating to MVSC's knowledge or intent that independent data integrators would access a Reynolds or CDK DMS without authorization)

- RFP 48 (documents referring to competition between independent data integrators)

- RFP 54 (documents sufficient to show payments to independent data integrators)

- RFP 57 (MVSC's data security policies and guidelines)

- RFP 59 (documents relating to logins and passwords for a Reynolds or CDK DMS)

- RFP 60 (documents relating to any breach or hack)

- RFP 62 (policies and practices relating to handling of login and password information)

- RFP 66 (documents MVSC exchanged with dealers about how it planned to access a DMS)

- RFP 67 (MVSC competitive analyses, strategic plans, long-range plans, business plans, marketing plans, forecasts, and related documents)

- RFP 76 (documents MVSC exchanged with eLead)

Michael E. Nemelka
July 18, 2018
Page 3

- RFP 77 (documents showing when and how MVSC first became aware of facts alleged in complaint)

In response to the remaining RFPs (RFPs 1-8, 10-16, 18, 21-34, 38-41, 45-46, 51-53, 55-56, 58, 63-65, 68-75, 79-80), MVSC stated that, notwithstanding its objections, it would produce certain responsive, non-privileged materials subject to a reasonable search using "search terms agreed to by the parties." Accordingly, we would like to understand MVSC's views regarding Defendants' proposed search terms. Defendants proposed search terms to MVSC on May 25, 2018. Please let us know if you have any comments or proposed edits regarding those search terms.

Finally, MVSC's response to RFP 61 is incomplete and states: "Subject to and without waiving the foregoing objections, . ." Please clarify MVSC's response.

## 2.   **MVSC's Responses and Objections to Defendants' Interrogatories**

In response to the following Interrogatories, MVSC raised baseless objections regarding relevance, burden and overbreadth, among others, but concluded with a sentence stating that MVSC is willing to meet and confer about the Interrogatory. Accordingly, we would like to meet and confer with you regarding these Interrogatories.

- Interrogatory 8 (information regarding unidentified witnesses referenced in complaint)

- Interrogatory 18 (information regarding MVSC's superior security claims)

- Interrogatory 26 (description of MVSC's EVR services for non-new car franchised dealerships)

- Interrogatory 30 (facts supporting allegation that Reynolds and CDK are disabling scripts used by dealers to extract data)

- Interrogatory 31 (facts supporting allegation that CDK and Reynolds have threatened dealers)

- Interrogatory 36 (identity of dealers who started using MVSC's EVR services after January 1, 2014).

In response to the following Interrogatories, MVSC raised baseless objections regarding relevance, burden and overbreadth, among others, but did not agree to provide any information. We would also like to meet and confer with you regarding these Interrogatories.

- Interrogatories 14-15 (information regarding independent data integrators used by MVSC and whether they were authorized to access a Reynolds or CDK DMS)

Michael E. Nemelka
July 18, 2018
Page 4

- Interrogatory 25 (DMS logins and passwords provided to MVSC by dealers or independent data integrators for a Reynolds or CDK DMS)

MVSC's responses to the following Interrogatories were evasive, inaccurate and/or incomplete. We would also like to meet and confer regarding these Interrogatories.

- Interrogatories 1-4 (information regarding non-privileged communications, interviews or statements regarding allegations in complaint)

    o MVSC provided no information in response to these Interrogatories, and instead stated that "MVSC responds that this Interrogatory seeks protected attorney work product and attorney-client privileged communications." This response is improper because Defendants are only seeking non-privileged information in response to these Interrogatories. Indeed, Interrogatories 3 and 4 specifically state this. Interrogatories 1 and 2 seek communications with third parties, which would not be privileged or protected. MVSC's responses are therefore improper and evasive and MVSC must respond and provide any non-privileged responsive information in its possession. If MVSC only has privileged information in its possession, it must say so and set forth the basis for the privilege claim or claims.

- Interrogatory 22 (why did MVSC conceal the fact that it was accessing DMS using independent data integrators?)

    o In its response, MVSC states that it "did not withhold" information from Reynolds or CDK regarding its use of independent data integrators to access dealer data on a Reynolds or CDK DMS. This is false. When Matt Armstrong of MVSC submitted MVSC's application to the RCI program in 2014, he did not inform Reynolds that MVSC had been accessing Reynolds's DMS through Authenticom, even though this information should have been provided in response to one of the questions on the application form. Please supplement MVSC's response to explain why this information was withheld from Reynolds.

- Interrogatory 29 (description of what a fair price for RCI or 3PA would be)

    o MVSC's substantive response is only about 3PA. Please supplement MVSC's response to describe what MVSC believes would be a fair price for RCI and why.

We look forward to meeting and conferring with you and discussing these issues in more detail.

Michael E. Nemelka
July 18, 2018
Page 5

Sincerely,

*[signature: Leo Caseria]*

Leo D. Caseria
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


SMRH:227775265.2