IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 1:18-CV-00864 |
| *This Document Relates To:* | Hon. Robert M. Dow, Jr. |
| i3 Brands, Inc. et al. v. CDK Global, LLC, et al., No. 1:19-CV-01412 | |

## JOINT STATUS REPORT REGARDING BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT IN FAVOR OF ARBITRATION, TO STAY PENDING ARBITRATION, AND/OR TO DISMISS

Plaintiffs i3 Brands, Inc. ("i3 Brands") and PartProtection, LLC ("PartProtection") and Defendants CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") respectfully submit a Joint Status Report regarding their Stipulation Pursuant to Rule 15(a)(2), which they filed on November 19, 2019 (the "Stipulation"). Dkt. 823. The Stipulation has been entered by order of the Court. Dkt. 824. Pursuant to the Stipulation, Plaintiffs will file their First Amended Complaint, maintaining Counts I-V and Count XI and dismissing Counts VI-X without prejudice to refiling in the pending Texas litigation. Under the Court's Order approving the Stipulation, the pending Motions to Dismiss (Dkts. 605 and 601) (the "Motions") are "deemed filed and ripe for adjudication as to the claims that Plaintiffs assert in their First Amended Complaint." *Id.* For the assistance of the Court, the Parties outline below the arguments deemed filed and ripe with respect to the Motions.

### RELEVANT BACKGROUND

The following table summarizes the changes in the First Amended Complaint:

| Original Complaint | Amended Complaint | Cause of Action | Status |
|---|---|---|---|
| Count I | Count I | Sherman Act § 1 | Fully briefed Reynolds MTD in favor of arbitration, or in the alternative under Rule 12(b)(6) (Dkt. Nos. 601, 602, 678, 703) (Reynolds); fully briefed CDK Motion to Stay or, in the Alternative, to Dismiss (Dkt. Nos. 607, 679, 705). |
| Count II | Count II | Sherman Act § 1 | |
| Count III | Count III | Sherman Act § 2 | |
| Count IV | Count IV | Cartwright Act | |
| Count V | Count V | California Unfair Competition Law | |
| Count VI | (dismissed w/o prejudice) | Breach of Contract | Dismissed in their entirety (without prejudice to refiling in the Texas suit) |
| Count VII | (dismissed w/o prejudice) | Promissory Estoppel | |
| Count VIII | (dismissed w/o prejudice) | Fraud | |
| Count IX | (dismissed w/o prejudice) | Trade Secret Misappropriation | |
| Count X | (dismissed w/o prejudice) | Intentional Interference With Prospective Economic Advantage | |
| Count XI | Count VI (CDK only) | Intentional Interference With Prospective Economic Advantage | Fully briefed CDK Motion to Stay or, in the Alternative, to Dismiss (Dkt. Nos. 607, 679, 705). |

**THE STIPULATION'S EFFECT ON DEFENDANTS' MOTIONS**

The parties agree that the Stipulation impacts the briefing on Defendants' Motions as set forth below.

**I. Reynolds's Motion To Dismiss in Favor of Arbitration or in the Alternative to Dismiss Under Rule 12(b)(6)**

With respect to Reynolds's Motion, Reynolds argues that the remaining claims are arbitrable under the Reynolds Interface Agreement arbitration provision, which states in relevant part that:

2

> [A]ny dispute, claim, question or disagreement arising from or relating to this Agreement or the alleged breach thereof . . . shall be finally settled by binding arbitration, before a single arbitrator, administered by the American Arbitration Association . . . in accordance with the provisions of its Commercial Arbitration Rules.

*See* Dkt. 603 at 3. Reynolds further argues that certain of the remaining claims are also arbitrable under the arbitration provisions in the TradeMotion Asset Purchase Agreement and TradeMotion Reseller Agreement. *See* Dkt. 603 at 3-4. Reynolds argues in the alternative that all of Plaintiffs' remaining claims should be dismissed because Plaintiffs have failed to state a claim. *Id*. at 10. Plaintiffs dispute Reynolds' arguments that their remaining claims are subject to arbitration under any of the aforementioned agreements and that they have failed to state a claim.

The Stipulation impacts the parties' briefing as reflected in the following tables:

| **Dkt. 602: Reynolds's Memorandum in Support of its Motion to Dismiss in Favor of Arbitration, or in the alternative, to dismiss under Rule 12(b)(6)** ||
|---|---|
| Ripe for Consideration | Moot / Dismissed Claims |
| • Section I (Background), pages 1-2 (but not including "PartProtection Claims"); | • Background of "PartProtection Claims," page 2; |
| • Section II(A) (provisions), pages 3-4; | • Delegation of arbitrability determination as to "PartProtection Claims," pages 4-5; |
| • Section II(B) (delegation of arbitrability determination as to "Antitrust Claims" and "TradeMotion Claims"), pages 4-5; | • Arbitrability of "PartProtection Claims," pages 8-10; |
| • Section II(C) (arbitrability of "Antitrust Claims" and "TradeMotion Claims"), pages 6-8; | • Rule 12(b)(6) grounds for "PartProtection Claims," pages 21-30. |
| • Sections III(A)-(B) (Rule 12(b)(6) grounds for "Antitrust Claims" and "TradeMotion Claims"), pages 10-21; | |
| • Section IV (conclusion), page 30. | |

| **Dkt. 675: Plaintiffs' Opposition to the Reynolds and Reynolds Company's Motion to Dismiss in Favor of Arbitration, or in the alternative, to dismiss under Rule 12(b)(6)** ||
|---|---|
| Ripe for Consideration | Moot / Dismissed Claims |

3

| | |
|---|---|
| • Introduction, pages 1-2; <br><br>• Factual Background, pages 2-3 (but not including "PartProtection Claims"); <br><br>• Argument, Section I(A) (delegation of arbitrability determination as to "Antitrust Claims" and "TradeMotion Claims"), pages 3-5; <br><br>• Argument, Section I(B)(1)-(2) (arbitrability of "Antitrust Claims" and "TradeMotion Claims"), pages 6-8 ; <br><br>• Argument, Section I(C), stay of non-arbitrable claims, page 10; <br><br>• Argument, Section II(A) (Rule 12(b)(6) grounds for "Antitrust Claims," pages 10-18; <br><br>• Argument, Section II(B)(5) Rule 12(b)(6) grounds for "TradeMotion Claims," page 29; <br><br>• Conclusion, page 30. | • Introduction, page 1 (as to "PartProtection Claims"); <br><br>• Factual Background, pages 2-3 (as to "PartProtection Claims"); <br><br>• Argument, Section I(A) (delegation of arbitrability determination as to "PartProtection Claims"), pages 3-5; <br><br>• Argument, Section I(B)(3) (arbitrability of "PartProtection Claims"), pages 8-9 ; <br><br>• Argument, Section II(B)(1)-(4), (6) (Rule 12(b)(6) grounds for "PartProtection Claims"), pages 19-30. |

| **Dkt. 703: Reynolds's Reply in Support of its Motion to Dismiss in Favor of Arbitration, or in the alternative, to dismiss under Rule 12(b)(6)** ||
|---|---|
| Ripe for Consideration | Moot / Dismissed Claims |
| • Section I(A) (delegation of arbitrability determination as to "Antitrust Claims" and "TradeMotion Claims"), pages 1-3; <br><br>• Section I(B) arbitrability of "Antitrust Claims" and "TradeMotion Claims"), pages 3-6 <br><br>• Sections II(A)-(D) (Rule 12(b)(6) grounds for "Antitrust Claims"), pages 7-10; <br><br>• Section II(H) (Rule 12(b)(6) grounds for "TradeMotion Claims"), page 14. | • Section I(A) (delegation of arbitrability determination as to "PartProtection Claims"), pages 1-3; <br><br>• Section I(B) arbitrability of "PartProtection Claims"), page 6; <br><br>• Section II(E)-(G) and (I) (Rule 12(b)(6) grounds regarding "Agreement of Basic Terms," promissory estoppel, trade secret, and tortious interference claims), pages 10-15. |

II. **CDK's Motion to Stay, or in the Alternative to Dismiss**

CDK argues that all of Plaintiffs' claims should be stayed pending the outcome of any arbitration between Plaintiffs and Reynolds. Dkt. 607 at 4. It further argues, in the alternative, that the Court should dismiss Counts II and XI of the Complaint for failure to state a claim. *Id.* at 5-6. Plaintiffs dispute both of CDK's arguments.

CDK's Motion is impacted by the Stipulation in the following respect:

- CDK's Motion to Stay now applies only to Reynolds' motion to dismiss in favor of arbitration with respect to the remaining claims. Since Plaintiffs have now dismissed Counts VI-X in this action (CDK was not named in Counts VI-X), CDK's motion to stay is now moot as to those dismissed claims.

CDK's Motion is otherwise unaffected by the Stipulation and FAC, and it remains operative and ripe for adjudication.

If the Court wishes, the parties will provide courtesy copies of the prior briefing with the moot/dismissed sections stricken.

Dated: November 25, 2019

Respectfully submitted,

/s/ Michael E. Bloom
J. Erik Connolly
Michael E. Bloom
Lauren C. Tortorella
Benesch, Friedlander, Coplan & Aronoff LLP
333 Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: (312) 212-4949
econnolly@beneschlaw.com
mbloom@beneschlaw.com
ltortorella@beneschlaw.com

*Attorneys for Plaintiffs i3 Brands, Inc. and PartProtection, LLC*

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Kathy D. Patrick
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
Justin D. Patrick
GIBBS & BRUNS, LLP
1100 Louisiana St. Ste. 5300
Houston, TX 77002
(713) 650-8805
agulley@gibbsbruns.com
kpatrick@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com
jpatrick@gibbsbruns.com

5

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

*Attorneys for Defendant CDK Global, LLC*

*Attorneys for Defendant The Reynolds & Reynolds Company*

## CERTIFICATE OF SERVICE

Michael E. Bloom, an attorney, hereby certifies that on November 25, 2019, he caused a true and correct copy of the foregoing **JOINT STATUS REPORT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

/s/ Michael E. Bloom