# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| | Hon. Robert M. Dow, Jr. |
| *This document relates to:* | Magistrate Judge Jeffrey T. Gilbert |
| *Motor Vehicle Software Corporation v. CDK Global, Inc. et al.*, Case No. 1:18-cv-00865 (N.D. Ill.); *Authenticom, Inc. v. CDK Global, LLC et al.*, Case No. 1:18-cv-00868 (N.D. Ill.); *Cox Automotive, Inc. et al v. CDK Global, LLC*, Case No. 1:18-cv-01058 (N.D. Ill.); *Loop LLC v. CDK Global, LLC*, Case No. 1:18-cv-02521 (N.D. Ill.) | |

**COMPUTER VEHICLE REGISTRATION'S OBJECTIONS AND RESPONSES TO INDIVIDUAL PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS FOR DEFENDANT COMPUTERIZED VEHICLE REGISTRATION**

Defendant Computerized Vehicle Registration ("CVR"), by and through its attorneys, and pursuant to Fed. R. Civ. P. 26 and 34, hereby submits its written objections and responses to plaintiffs Motor Vehicle Software Corporation ("MVSC"), Authenticom, Inc. ("Authenticom"), Cox Automotive, Inc., Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., Xtime (collectively, "Cox"), and Loop, LLC d/b/a AutoLoop's ("AutoLoop")[1] (collectively "Plaintiffs") First Set of Requests for the Production of Documents for Defendant Computerized Vehicle Registration, dated August 30, 2018 (the "Requests").

---

[1] CVR notes that AutoLoop is no longer an "Individual Plaintiff" but rather now purports to be suing on its own behalf as well as on behalf of a putative class of vendors. *See* Dkt. 194. CVR objects to all of the Requests to the extent they are served on behalf of AutoLoop or any plaintiff in the MDL other than MVSC which is the only plaintiff that has sued CVR and thus the only plaintiff entitled to party discovery of CVR.

1

## GENERAL OBJECTIONS

1.      CVR asserts each of the following objections to the Requests.  In addition to these General Objections, CVR may also state specific objections to a Request where appropriate.  By setting forth such additional specific objections, CVR does not in any way intend to limit or restrict its General Objections.  Moreover, to the extent CVR provides a response to any of the Requests to which CVR objects, such response shall not constitute a waiver of any General Objection or specific objection.

2.      Nothing herein shall be construed as an admission by CVR regarding the competence, admissibility, or relevance of any fact sought by the Requests.  CVR reserves its right to challenge the competency, relevance, materiality, and admissibility of any information or documents that it produces in response to any discovery request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action.  Further, CVR intends no incidental or implied admissions by its answers to the Requests.  Whether CVR answers or objects to any particular Request should not be interpreted as an admission that CVR accepts or admits the existence of any fact(s) set out or assumed by such Requests, that the Requests are proper, that CVR's answers or objections constitute admissible evidence, that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery, that such documents or information are properly discoverable, or that other such discovery requests will be treated in a similar fashion in this or any other proceeding.  Furthermore, whether CVR answers part or all of any particular Request is not intended and should not be construed as a waiver by CVR of any or all objections to such Request or any other Request.

3.      CVR objects to the Requests as overbroad an unduly burdensome to the extent they purport to be served upon any Plaintiff other than MVSC.  CVR is a defendant in one action in

this MDL—that brought by MVSC.  As such, only MVSC is entitled to party discovery of CVR. The other "Individual Plaintiffs" would be, at most, potentially entitled to third party discovery of CVR, and have failed to serve a subpoena on CVR at any point during this litigation.  Thus, to the extent any of the Requests purport to relate to any action other than *MVSC* and/or seek documents unrelated to the claims and defense in the *MVSC*, CVR objects to all such Requests as not properly served pursuant to Fed. R. Civ. P. 45 and as overbroad and unduly burdensome given CVR's role as a third party in the non-*MVSC* cases.

4.      CVR objects to any request, instruction, definition, or directive contained in the Requests to the extent that it purports to impose any obligations on CVR beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois.

5.      CVR objects to certain Requests to the extent they are unlimited in time or not limited to the time relevant to this litigation, on the ground that such Requests seek information which is neither relevant to any claim or defense in this action and is overbroad and unduly burdensome.  The limitations period applicable to MVSC's claims is, at most, four years from the date MVSC filed its complaint—February 3, 2013.  Further, MVSC's Complaint does not allege any potentially actionable conduct by CVR until much later than that.  Therefore, CVR objects to the extent a Request seeks documents from any period beyond the applicable statute of limitations, and unless otherwise specified in its response, CVR's production of documents in response to such Request, if any, will be limited to the time period beginning on or after February 3, 2013.

6.      CVR objects to the Requests, and each and every definition, instruction, and request therein, to the extent they seek information and/or documents that: (a) contain privileged attorney-client communications; (b) constitute work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions or

legal theories of any attorney for or other representative of CVR; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery. To the extent that the Requests, or any one of them, seek such information, CVR hereby claims such privilege and invokes such protection. The fact that CVR does not specifically object to an individual request on the grounds that it seeks privileged or protected material shall not be deemed a waiver of the protection afforded by any applicable privilege. Similarly, to the extent any information or documents subject to a privilege or otherwise protected from discovery are produced in response to these Requests, such production is inadvertent and not intended as a waiver.

7.      CVR objects to the Requests to the extent that they seek information and/or documents that are confidential or otherwise proprietary in nature. The represented parties in this litigation have agreed upon an Agreed Confidentiality Order ("Confidentiality Order"), which was approved and entered by the Court on April 4, 2018 (Dkt. 104). Thus, to the extent that a request calls for production of confidential or competitively sensitive material, as defined by the Confidentiality Order, CVR will only produce such material subject to that Order.

8.      CVR objects to the Requests to the extent that they violate any constitutional, statutory, or common law rights of privacy and confidentiality, including those provided under U.S. state or federal law or any other country's law, of CVR's employees and other persons, including individuals who are not parties to this litigation. CVR reserves the right to protect the privacy and confidentiality interests of non-parties to this litigation, including by allowing such parties to seek a protective order from the Court prior to the production of material that implicates their confidential or private information, or by redacting such information from documents or ESI that CVR may produce.

9.     CVR objects to the Requests to the extent they purport to require the production of documents or information that are not maintained by CVR in the form or manner requested.

10.    CVR objects to the Requests to the extent that they seek the production of documents or information beyond the possession, custody, or control of CVR or its current officers, directors, or employees and/or that cannot be located with a reasonably diligent search, thus making the Requests unduly burdensome.

11.    CVR objects to the Requests on the ground of undue burden to the extent that they seek the production of documents or information currently in Plaintiffs' possession, custody, or control, that is publicly available, or that can be obtained more easily from third parties.

12.    No statement that CVR will produce requested documents or information in response to any given Request shall be deemed a representation that such documents or information exist, but rather is a statement that CVR will undertake to produce responsive, non-privileged documents or information to the extent that they exist, are within its possession, custody, or control and can be located with a reasonably diligent search.

13.    To the extent CVR has agreed to search for documents responsive to these Requests, its searches will be limited to the files of those document custodians agreed upon by the parties and to central or shared file locations (if any) where documents that are responsive to particular Requests are likely to be found. Similarly, CVR will produce responsive, non-privileged documents and information in accordance with the parties' agreements regarding date limitations and search terms, to avoid the need to manually inspect every potentially responsive document. To the extent that responsive documents can be identified and produced without the use of search terms, custodian, or date limitations, CVR will make good-faith, diligent efforts to produce those responsive documents concurrent with resolving any disagreements over search criteria.

14.     CVR's responses to the Requests are based on its present knowledge, upon a reasonable inquiry.  Discovery is ongoing, and CVR's investigation continues.  CVR reserves the right to supplement, amend, and correct these responses and objections, if necessary, based on information later obtained through investigation, discovery, or otherwise.

15.     To the extent CVR has objected to or refused to produce documents or information in response to any given Request, and to the extent that Plaintiffs take issue with any such objection or refusal, CVR is willing to meet-and-confer with Plaintiffs to see if a reasonable, mutually-acceptable compromise might be reached.

16.     CVR objects to these Requests in that they were served on August 30, 2018, more than 3 months after the court-ordered May 25, 2018 deadline set by the Court to serve requests for production.  *See* Case Management Order (Dkt. 166).  As such, the Requests are untimely and in violation of a Court Order.  CVR reserves the right to seek relief from the Court as the result of MVSC's unexcused and improper delay, including but not limited to an extension of the case schedule to allow sufficient time for CVR to have its objections addressed by the Court and, if not-sustained, sufficient time for CVR to search for and produce relevant, responsive documents.  In addition, CVR objects to any Requests propounded on behalf of Authenticom and to the extent such Requests seek discovery on behalf of Authenticom or specific to the claims and defenses asserted in *Authenticom, Inc. v. CDK Global, LLC et al*.  On March 12, 2018, the Court ordered Authenticom to issue further "written discovery" to Defendants by March 23, 2018 (Dkt. 43); Authenticom served no third party subpoena on CVR (or otherwise attempted to improperly serve party discovery on CVR as of that date).  To the extent Authenticom purports to seek documents through the instant Requests, CDK objects to such Requests as untimely and because the burden

of responding to such Requests outweighs any marginal benefit given CVR's role as a third party in the *Authenticom* matter.

17.    CVR incorporates each of the foregoing General Objections as though fully set forth in each response and objection below.

**OBJECTIONS TO PLAINTIFFS'**
**DEFINITIONS AND INSTRUCTIONS**

1.    CVR objects to each and every "Definition" set forth in the Requests, including "communication," "document," "meeting," "person," "relating to," "related to," "referring to," "regarding," and "with respect to," to the extent that such definitions purport to broaden these terms beyond their ordinary meaning or impose obligations on CVR broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34 and/or any applicable Local Rule or other Court Order.  CVR will interpret and respond to Requests using these terms consistent with their ordinary meaning.

2.    CVR objects to the definitions of "CVR" and "you," "your" and "your company" in Definition Nos. 10 and 18 as overbroad and unduly burdensome to the extent they purport to require CVR to produce information and/or documents beyond CVR's possession, custody, or control.  In addition, CVR objects to Definition Nos. 10 and 18 to the extent they purport to require CVR to produce information and/or documents within the possession, custody, or control of any person or entity other than its current officers, directors, employees, agents, or any person acting on CVR's behalf.

3.    CVR objects to the Requests to the extent that they seek information that has already been produced by other parties in the MDL.

4.      CVR objects to the definitions of "Authenticom," "AutoLoop", "Cox Automotive", "MVSC", "RTS", "CDK", and "Reynolds" in Definition Nos. 2-6, 8 and 16 as overbroad and unduly burdensome.

5.      CVR objects to the definitions of "data integrators" in Definition No. 11 insofar as an entity that does not own or provide its own DMS but which "provide[s] access by any means to dealer data" on another provider's "DMS database, whether by extracting the data, writing data back into the DMS, or both," is not providing "integration" services as CVR uses and understands the term.  CVR further objects to Definition No. 11 as inaccurate.  CDK is not a "data integrator" "through its 3PA program" despite Plaintiffs' repeated attempts to label it as such.  CDK's subsidiaries DMI and IntegraLink have served in that role (as CVR understands the term) at various times during the relevant period.  To the extent that CVR responds to Requests that reference "data integrators," it does not mean that CVR agrees with or accepts Plaintiffs' definitions.

6.      CVR objects to the definitions of "Vendors" and "application providers" in Definition No. 17 as overbroad and unduly burdensome, to the extent it purports to include "Vendors" or "application providers" of "software applications" that are not relevant to any party's claims or defenses, *e.g.*, software applications used by car dealerships that do not require direct or indirect access to data maintained by the dealership's licensed DMS and software applications other than those used to provide electronic vehicle registration ("EVR") services.

7.      CVR objects to the use of the phrase "*all* documents sufficient to show" in certain Requests as vague and ambiguous. CVR interprets the phrase "all documents sufficient to show" in these Requests as seeking documents sufficient to show the subject matter of the Request, not "all" documents that would be sufficient to show the subject matter of the Request.

8.      CVR objects to the "Instructions" to the extent that they conflict with, or impose any obligations that are greater than or otherwise inconsistent with, the ESI Stipulation, or to the extent that such instructions purport to impose obligations on CVR broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34 and/or any applicable Local Rule or other Court Order.

**CVR'S SPECIFIC RESPONSES TO
REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**Communications between CVR and CDK/Reynolds**

**Request Number 1.**  All communications between CVR document custodians and CDK.

**RESPONSE:**  CVR objects to this request as overbroad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is overbroad and unduly burdensome in that it purports to seek "all communications" between CVR document custodians and any employee or agent of CDK (on of CVR's joint venture parent companies) regardless of topic, including routine and other correspondence not relevant to the claims and defenses in this litigation, for an unlimited time period. As noted above, the limitations period for MVSC's (the only plaintiff that has asserted claims against CVR) claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 2.** All communications between CVR document custodians and Reynolds.

**RESPONSE:**  CVR objects to this request as overbroad, unduly burdensome, and to the extent it seeks documents protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is overbroad and unduly burdensome in that it purports

9

to seek "all communications" between CVR document custodians and any employee or agent of Reynolds (CVR's other joint venture parent company), regardless of topic, including routine and other correspondence not relevant to the claims and defenses in this litigation, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 3.** All communications between CVR and CDK and/or Reynolds concerning or relating to MVSC, RTS, TitleTech, or any other EVR provider, including but not limited to: (1) their access to dealer data stored on a CDK or Reynolds DMS; (2) their presence and market share in California, Illinois, or any other state EVR market; (3) their expansion or potential expansion into states beyond California; and (4) any competitive threat or perceived competitive threat posed by them to CVR.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly burdensome because it seeks "all communications" between CVR and CDK and/or Reynolds concerning, in any way, "any" EVR provider, which would include CVR and every single one of its competitors, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of its original complaint—February 3, 2013. CVR further objects to the use of the terms "competitive threat" and "EVR market" in this Request as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the

Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 4.** All communications between CVR and CDK and/or Reynolds regarding data access by EVR providers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects the Request as overbroad and unduly burdensome because it seeks "all communications" between CVR and CDK and/or Reynolds regarding, in any way, data access to any DMS by any EVR Provider, which would include CVR and all of its competitors, for an unlimited time period. As noted above, the only relevant time period is, at most, four years from the filing of MVSC's original complaint—February 3, 2017. CVR further objects to the use of the term "data access" to the extent it refers to anything other than access to dealer owned or generated data stored in a DMS, which is the only relevant form of data in this litigation.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 5.** All communications between CVR and CDK and/or Reynolds regarding data access fees to be charged to EVR providers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks "all communications" between CVR and CDK and/or Reynolds

11

regarding, in any way, data access fees charged to any EVR provider, which would include itself, for an unlimited time period. CVR further objects to the use of the term "data access" in this Request to the extent it refers to anything other than access to dealer owned or generated data stored in a DMS, which is the only relevant form of data in this litigation.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

### Data Access and Fees

**Request Number 6.**  All documents and communications regarding how CVR obtains data from the DMSs of Reynolds and CDK dealers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. The method by which CVR obtains data from DMSs of Reynolds and CDK dealers has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 7.**  All documents and communications regarding any data integration agreement between CVR and any entity, including CDK, Reynolds, any non-CDK, non-Reynolds DMS provider, and/or any independent data integrator.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by

an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly

burdensome because it seeks "all documents and communications" relating, in any way, to "any

data integration agreement" with "any entity," which would include entities that are not relevant

to this litigation located in states that are not at issue in this litigation. Moreover, to the extent

CVR did reach agreements with relevant entities in relevant states, such agreements are not

relevant to the claims and defenses in this litigation, and thus are beyond the scope of permissible

discovery. CVR further objects to the use of the terms "data integration" and "independent data

integrator" as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist,

are within CVR's possession, custody, and control and can be identified through a reasonable

search of appropriate sources, CVR will produce non-privileged documents responsive to the

Request regarding any data integration agreement between CVR and CDK, Reynolds, and/or any

"independent data integrator" (as CVR understands that term) for the period February 3, 2013-

February 3, 2017.

**Request Number 8.** All documents and communications regarding the prices paid by
and/or charged to CVR for data integration, including but not limited to 3PA fees, RCI fees, fees
charged by independent integrators such as Authenticom, and fees charged by non-CDK, non-
Reynolds DMS providers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and

to the extent it is duplicative and seeks documents and information protected from disclosure by

an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly

burdensome because it seeks "all documents and communications" relating, in any way, to "the

prices paid by and/or charged to CVR" for "data integration," which would include entities that

are not relevant to this litigation. CVR further objects to the Request on the grounds that it seeks

information not relevant to the claims and defenses in this litigation and thus are beyond the scope

of permissible discovery. The prices paid by and/or charged to CVR by so-called independent integrators/screen-scrapers such as Authenticom have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the terms "data integration" and "independent data integrator" as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show the prices paid by and/or charged to CVR for participation in the 3PA program, the RCI program, and by "independent data integrators" (as CVR understands that term) for the period February 3, 2013-February 3, 2017.

**Request Number 9.**  All documents and communications regarding the 3PA and RCI fees charged to and/or paid by CVR.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" relating, in any way, to "the prices paid by and/or charged to CVR" for participation in the 3PA and RCI programs. CVR further objects to the Request on the grounds that it seeks information not relevant to the claims and defenses in this litigation and thus are beyond the scope of permissible discovery.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the

Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 10.** All documents and communications regarding access by CVR to dealer data on a CDK DMS through the 3PA program.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" between CVR and literally any entity regarding access to "dealer data" on the CDK DMS, including systems for dealers in states where MVSC does not compete or plan to compete. Moreover, CVR's access to so-called dealer data is not the subject of this litigation. MVSC claims it was unlawfully prevented access to dealer data, not that CVR has unlawfully been granted access to such data. CVR's communications regarding its own access to dealer data have no bearing on whether CVR unlawfully conspired to prevent access to dealer owned or generated data on CDK or Reynolds DMS platforms. Therefore, this Request seeks information not relevant to the claims or defenses in this action and thus is beyond the scope of permissible discovery.

**Request Number 11.** All documents and communications regarding access by CVR to dealer data on a Reynolds DMS through the RCI program.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" between CVR and literally any entity regarding access to "dealer data" on the Reynolds DMS, including systems for dealers in states where MVSC does not compete or plan to compete. Moreover, CVR's access to so-called dealer data is not the subject of this litigation. MVSC claims it was unlawfully prevented access

to dealer data, not that CVR has unlawfully been granted access to such data. CVR's communications regarding its own access to dealer data have no bearing on whether CVR unlawfully conspired to prevent access to dealer owned or generated data on CDK or Reynolds DMS platforms. Therefore, this Request seeks information not relevant to the claims or defenses in this action and thus is beyond the scope of permissible discovery.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 12.** All documents and communications regarding any data access restrictions, to which CVR is not subject, that CDK or Reynolds places on other EVR providers.

CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as unduly burdensome because any "documents or communications regarding any data access restrictions, to which CVR is not subject, that CDK or Reynolds places on other EVR providers" likely are more readily obtained from CDK, Reynolds and other EVR providers as CVR is generally not aware of any data access restrictions, if any, that CDK and/or Reynolds may impose on other EVR providers. CVR further objects to the use of the term "data access restrictions" to the extent it refers to anything other than restrictions on MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms, which is the only relevant data in this litigation. In addition, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. The method by which CVR obtains data from DMSs of Reynolds and CDK dealers has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 13.** All documents and communications regarding CVR's access to a dealer's general ledger, and whether that access is provided to other EVR providers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims or defenses in this litigation and thus beyond the scope of admissible discovery. CVR's access to a dealer's general ledger, if any, is not the subject of this litigation. MVSC claims that it has been unlawfully prevented from accessing certain dealer information, not that CVR has been unlawfully granted access to such information. Moreover, to the extent the Request does seek relevant information, CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" with any entity, which would include CVR's thousands of dealer customers, regarding CVR's access to certain dealer information for an unlimited time period. CVR further objects to the use of the term "general ledger" as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 14.** All documents and communications regarding any "category restrictions" in place at any time with respect to data integration *See*, *e.g.,* CDK-0001039, at 64.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by

an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent that it seeks information regarding "category restrictions" identified/created by CDK, not CVR. CVR did not create or maintain any "category restrictions" as that term is used in the cited document during the relevant period. As such, this Request is better addressed to CDK who is the custodian of the identified document. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" with any entity from "any time." As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 15.** All documents and communications relating to any "CVR Category" for data access by EVR providers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects the use of the term "CVR Category" because it is vague, ambiguous and undefined. CVR further objects to the request as overbroad and unduly burdensome because it seeks information that are not in the possession, custody or control of CVR, and are more easily obtained from other parties, including CDK. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" relating, in any way, to the identified term, for an unspecified period of time.

As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 16.** All documents and communications relating to any "Closed Category" for data access by EVR providers.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent that it seeks information regarding "Closed Categories" identified/created by CDK, not CVR. CVR did not create or maintain any "Closed Categories" during the relevant period. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" with any entity from "any time." As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013. CVR objects to the use of the term "Closed Category" as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 17.** All documents and communications regarding access by any EVR provider – whether MVSC, RTS, TitleTech, specifically, generally, or otherwise – to data on a CDK or Reynolds DMS.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks information on other EVR providers' access to data on CDK's or Reynolds DMS. Such a Request seeks information that generally is not in the possession, custody or control of CVR, and is more easily obtained from other parties, including CDK and Reynolds.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 18.** All documents and communications regarding the prices to be charged to any EVR provider – whether MVSC, RTS, TitleTech, specifically, generally or otherwise – for access to data on a CDK or Reynolds DMS.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks information on other EVR providers' access to data on CDK's or Reynolds DMS. Such a Request seeks information that generally is not in the possession, custody or control of CVR, and is more easily obtained from other parties, including CDK and Reynolds.

**Request Number 19.** All documents and communications regarding MVSC's, RTS's, TitleTech's, or any other EVR provider's participation in the 3PA program.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an

applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks information on other EVR providers' access to data on CDK's or Reynolds DMS. Such a Request seeks information that generally is not in the possession, custody or control of CVR, and is more easily obtained from other parties and third parties, including MVSC, CDK, RTS, and TitleTech.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 20.** All documents and communications regarding MVSC's, RTS's, TitleTech's, or any other EVR provider's participation in the RCI program.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks information on other EVR providers' access to data on CDK's or Reynolds DMS. Such a Request seeks information that generally is not in the possession, custody or control of CVR, and is more easily obtained from other parties and third parties, including MVSC, Reynolds, RTS, and TitleTech.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 21.** All documents and communications related to MVSC's attempts or applications to join the 3PA or RCI program, including but not limited to communications regarding whether to permit MVSC to participate in the 3PA or RCI program; internal communications regarding any competitive threat that permitting MVSC to join the 3PA or RCI program might pose to CVR; and the terms and pricing offered to MVSC.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Requests as overbroad and unduly

burdensome because it seeks information that generally is not in the possession, custody or control of CVR. CDK and Reynolds administer the 3PA and RCI programs, respectively, not CVR. CVR is not involved in the evaluation of applications to either program or in determining the prices to be offered to potential program partners. To the extent MVSC seeks information regarding its application to the 3PA and RCI programs, it should seek that information from its own files or CDK and Reynolds. CVR further objects to this Request as unduly burdensome because it seeks "all documents and communications" regarding MVSC's applications to the 3PA and RCI programs, regardless of their relevance to the claims and defenses in this litigation for an unlimited time period.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 22.** All documents and communications related to any application or attempt by any EVR provider, other than MVSC, to join the 3PA or RCI program, including the terms and pricing offered to any such EVR vendor.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Requests as overbroad and unduly burdensome because it seeks information that generally is not in the possession, custody or control of CVR. CDK and Reynolds administer the 3PA and RCI programs, respectively, not CVR. CVR is not involved in the evaluation of applications to either program or in determining the prices to be offered to potential program partners. To the extent MVSC seeks information regarding its application to the 3PA and RCI programs, it should seek that information from its own files or CDK and Reynolds. CVR further objects to this Request as unduly burdensome because it seeks "all documents and communications" regarding any EVR provider's applications to the 3PA and

RCI programs, regardless of their relevance to the claims and defenses in this litigation for an unlimited time period.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 23.** All documents and communications regarding any EVR provider currently participating in the 3PA or RCI program, including the pricing they pay for participation; their applications to participate in the program; communications regarding their applications; the data elements they receive and /or have access to; and the state EVR markets in which they participate.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Requests as overbroad and unduly burdensome because it seeks information that generally is not in the possession, custody or control of CVR. CDK and Reynolds administer the 3PA and RCI programs, respectively, not CVR. CVR is not involved in the evaluation of applications to either program or in determining the prices to be offered to potential program partners. To the extent MVSC seeks information regarding any other EVR provider's application to the 3PA and RCI programs or the pricing, access terms, and market presence, MVSC should seek that information from the other provider or CDK and Reynolds. CVR further objects to this Request as unduly burdensome because it seeks "all documents and communications" regarding MVSC's applications to the 3PA and RCI programs, regardless of their relevance to the claims and defenses in this litigation for an unlimited time period.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 24.** Documents sufficient to show the actual amounts paid by CVR to CDK and/or Reynolds for data integration services.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks documents and information not relevant to the claims and defenses in this litigation and thus are beyond the scope of permissible discovery. The prices paid by and/or charged to CVR by CDK and/or Reynolds have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the terms "data integration services" as vague, ambiguous, and undefined. CVR also objects to this Request as duplicative of other Requests, including but not limited to Request No. 8.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show the prices paid by and/or charged to CVR for participation in the 3PA program and the RCI program for the period February 3, 2013-February 3, 2017.

**Request Number 25.** The actual checks, wires, or other money transfers from CVR to CDK and/or Reynolds for data integration services. For the avoidance of doubt, this Request seeks documents and information sufficient to show how CVR paid CDK and Reynolds for data integration services.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it seeks documents and information not relevant to the claims and defenses in this litigation and thus are beyond the scope of permissible discovery. The prices paid by and/or charged by CDK or Reynolds to CVR have no bearing on whether CVR unlawfully

conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the terms "data integration services" as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

## Communications with Dealers

**Request Number 26.** All communications – and all documents regarding those communications – between CVR and any dealer regarding (a) MVSC, (b) RTS, (c) TitleTech, or (d) any other EVR provider, including but not limited to communications concerning (1) the way in which they access dealer data; (2) their attempts to join the 3PA or RCI program and/or obtain 3PA or RCI certification status; and (3) their security and data practices.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications," and all documents that may be related to those communication, between CVR and "any dealer," including its thousands of dealer customers, concerning EVR providers, which would include itself, for an unlimited time period.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 27.** All communications – and all documents regarding those communications – between CVR and any dealer regarding data access, including but not limited to communications regarding CVR's participation in the 3PA and RCI programs.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by

an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications," and all documents that may be related to those communications, regarding data access, between CVR and "any dealer," including its thousands of dealer customers. CVR further objects to this Request to the extent is duplicative of other Requests, including but not limited to Request No. 26. CVR further objects to the use of the term "data access" in this Request to the extent it refers to anything other than access to dealer owned or generated data stored in a DMS, which is the only relevant form of data in this litigation.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 28.** All communications – and all documents regarding those communications – between CVR and any dealer regarding data access fees.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications," and all documents that may be related to those communications, regarding data access fees, between CVR and "any dealer," including its thousands of dealer customers to whom CVR charges fees. CVR further objects to this Request to the extent is duplicative of other Requests, including but not limited to Request Nos. 26 and 27. CVR further objects to the use of the term "data access fees" as vague, ambiguous and undefined and, in particular, to the extent this term refers to anything other than fees for access to dealer owned or generated data stored in a DMS, which is the only relevant form of data in this litigation.

26

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 29.** All documents and communications between CVR and OEMs or car manufacturers regarding (a) MVSC, RTS, TitleTech, or any other EVR provider, or (b) data access.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims or defenses in this litigation. OEMs are not parties to this case and MVSC makes no material allegations regarding OEMs in its complaint. CVR's communications with OEMs or car manufacturers, to the extent they exist, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" between CVR and OEMs or car manufacturers relating, in any way, to EVR providers or "data access," for an unlimited time period. CVR further objects to the use of the term "data access" in this Request to the extent it refers to anything other than access to dealer owned or generated data stored in a DMS, which is the only relevant form of data in this litigation.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents and communications

27

between CVR and OEMs regarding MVSC, RTS, or TitleTech for the period February 3, 2013-February 3, 2017.

**Request Number 30.** All documents and communications, including but not limited to agreements or memoranda, concerning the prices and fees CVR charges to dealerships for the provision of EVR services for each geographical region in which CVR operates from January 1, 2009 to the present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims or defenses in this litigation. The prices and fees CVR charges to dealerships for its EVR services has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" related, in any way, to CVR's prices and fees for EVR services, which includes all invoices, bills and receipts, charged each of CVR's thousands of dealer customers, including dealer customers located in regions where MVSC does not operate. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 31.** All documents and communications, including but not limited to agreements or memoranda, concerning any fees CVR remits to state regulators for each geographical region in which CVR operates from January 1, 2009 to the present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant

to the claims or defenses in this litigation. The fees that CVR remits to state regulators, if any, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" concerning any fees remitted to state regulators, including (i) routine correspondence between CVR and state regulators regarding fees and (ii) correspondence with regulators located in states where MVSC does not operate. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 32.** All documents and communications concerning regulatory or statutory limits on fees that CVR may charge for EVR services, broken down by each applicable geographical jurisdiction, from January 1, 2009 to the present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims or defenses in this litigation. The regulatory or statutory limits on fees that CVR may charge for EVR services, if any, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" concerning any regulatory or statutory limits on fees for EVR services, including in states where MVSC does not operate. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 33.** All documents and communications between CVR and state regulators from January 1, 2009 to the present. This Request includes, without limitation, documents that discuss CVR's capital, pricing, and liquidity, as well as documents discussing the quality and nature of CVR's services.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims or defenses in this litigation. CVR's communications with state regulators, if any, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the term "quality and nature of CVR's services" in this Request as vague, ambiguous, and undefined. CVR also objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" between CVR and state regulators, including routine and other correspondence. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**EVR Markets**

**Request Number 34.** All documents regarding – including documents sufficient to show – CVR's market share and customer base in every state in which it operates from 2006 to the present. For the avoidance of doubt, this Request includes all communications regarding CVR's market share.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly

burdensome because it seeks "all documents" regarding CVR's market share, including in states in which MVSC does not operate, which are not relevant to the claims or defenses in this litigation, and since 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR also objects to the Request as contradictory to the extent it purports to seek "all documents" as well as "documents sufficient to show" the requested information.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 35.** All internal documents and communications discussing CVR's presence and market share in any state EVR market, including CVR's expansion or potential expansion into or withdrawal or potential withdrawal from any states.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all internal documents and communications" discussing CVR's presence and market share in "any state EVR market," including in states in which MVSC does not operate, which are not relevant to the claims and defenses in this litigation, and without limitation as to time. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects the use of the terms "potential expansion" and "potential withdrawal" in this Request as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 36.** All documents sufficient to show the EVR products and services offered by CVR, and the associated prices and costs for those products and services.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege . Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims and defenses in this litigation. The EVR products and services offered by CVR have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer data. Moreover, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" related to every EVR product CVR has offered for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this Request as overbroad because it seeks "all documents sufficient to show" as opposed to just "documents sufficient to show."

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show what products and services it offered in the California and Illinois markets and the prices of such services for the period February 3, 2013-February 3, 2017

**Request Number 37.** All documents sufficient to show CVR's EVR customers, the EVR products and services they purchased from CVR, and the associated prices, costs and other terms and conditions for those products and services.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" sufficient to show every product and service, and their associated prices and costs, provided by CVR to each of its thousands of customers without limitation as to time, location and relevance to the claims and defenses to this litigation. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this Request to the extent it is duplicative of other Requests, including but not limited to Request No. 36.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show CVR's EVR customers, the products and services the customers purchased, and the costs of and other terms for those products and services in the California and Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 38.** All documents referring to CVR's EVR competitors, or competition between or among EVR providers, including any type of competitive intelligence report or assessment.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" referring to any of CVR's EVR competitors, including in states in which MVSC does not operate and which therefore are not relevant to the

claims or defenses in this case, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to the use of the terms "EVR competitors," "competition between or among EVR providers," and "competitive intelligence report" as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this Request and concerning the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 39.** All documents referring to products or services offered by other EVR providers, including any type of competitive intelligence report or assessment.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" referring, in any way, to any product or service provided by any EVR competitor, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this request as duplicative of other Requests, including but not limited to Request No. 38.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this

Request and concerning the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 40.** All documents identifying the participants in the California, Illinois, and Virginia EVR markets.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it seeks "all documents" identifying, in any way, participants in the three referenced EVR markets, including the Virginia market, in which MVSC does not operate and which therefore is not relevant to the claims or defenses in this litigation. CVR further objects to the use of the term "participants" in this Request as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to identify the companies that provided EVR services in the California and Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 41.** All documents relating to the EVR market share for CVR and its competitors, in each state where CVR provides EVR services, including changes over time.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks documents "all documents" related to any of CVR's competitors in any state, including in states where MVSC does not operate, which are not relevant to any claims or defenses in this litigation, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original

complaint—February 3, 2013. CVR further objects to this request as duplicative of other Requests, including but not limited to Request Nos. 34 and 35.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this Request and concerning the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 42.** All documents sufficient to show when CVR entered or exited any EVR market in any state.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" related to CVR's presence in "any state," including in states where MVSC does not operate, which are not relevant to any claims or defenses in this litigation, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this request as duplicative of other Requests, including but not limited to Request Nos. 34, 35 and 41.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this Request and concerning the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 43.** All documents relating to any analysis, evaluation, assessment, communication or discussion of whether to enter or exit, or to not enter or not exit, any EVR market, and the reasons therefor.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" relating, in any way, to any analysis, evaluation, assessment, communication, or discussion of whether to enter or exit, or to not enter or not exist, any EVR market, including in states where MVSC does not operate, which are not relevant to any claims or defenses in this litigation, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this request as duplicative of other Requests, including but not limited to Request Nos. 34, 35, 41 and 42. CVR further objects to the use of the terms "analysis, evaluation, assessment, communication or discussion" in this Request as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this Request and concerning the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 44.** All documents and communications discussing a competitive threat or perceived competitive threat posed to CVR by any EVR provider, including MVSC.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly

burdensome in that it seeks "all documents and communications" discussing, in any way, a real or perceived threat from any EVR provider, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents discussing MVSC's perceived or real competitive threat to CVR for the period February 3, 2013-February 3, 2017.

**Request Number 45.** All documents and communications concerning any market analysis or competitive analysis of any state EVR markets or the EVR industry generally.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly burdensome in that it seeks "all documents and communications" concerning, in any way, a market analysis or competitive analysis of any state EVR market or the EVR industry generally, including markets in which MVSC does not participate, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged market analyses of the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 46.** All communications and documents concerning or mentioning any MVSC executive, including but not limited to Don Armstrong, Kelly Kimball, Joseph Nemelka, and John Brueggeman.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome in that it seeks "all communications and documents" concerning or mentioning "any MVSC executive," regardless of their relevance and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013- February 3, 2017.

**Request Number 47.**  All communications and documents concerning CDK's or CVR's consideration or evaluation of whether to acquire or purchase MVSC or any other EVR provider.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks documents and information not relevant to the claims and defenses in this litigation. Whether CDK or CVR considered potential purchase of MVSC or any other EVR provider has no bearing on the claims that CVR unlawfully conspired to prevent MVSC's access to dealer data on a CDK or Reynolds DMS platform. CVR also objects to this Request as overbroad and unduly burdensome because it seeks "all communications and documents" concerning CDK's or CVR's consideration or evaluation of whether to acquire or purchase MVSC or any other EVR

provider for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 48.** All communications and documents concerning any efforts by to [sic] impede MVSC's – or any other EVR provider's – access to data for a dealer using the CDK or Reynolds DMS platform.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects that the Request appears to contain a typo or missing word or words and therefore cannot be answered as written. CVR further objects to the use of the terms "impede" and "access to data for a dealer" as vague, ambiguous and undefined. Moreover, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications and documents" with any entity for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 49.** All communications and documents concerning MVSC's – or any other EVR provider's – use of independent integrators, including but not limited to Authenticom, SIS, and ProQuotes, to access data for a dealer using the CDK or Reynolds DMS platform.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications and documents" concerning "any" EVR provider and their use of any independent integrator, for an unlimited time period. As noted above,

the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR also objects to the use of the phrase "access data for a dealer" as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013- February 3, 2017.

**Request Number 50.** All documents and communications regarding instances in which CVR or AVRS uses or used independent integrators for access to dealer data on a DMS platform, whether CDK's, Reynolds', or any other DMS platform.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. CVR's or AVRS's use of independent integrators for access to dealer data, to the extent any uses occurred, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer data. CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" regarding any instance in which CVR or AVRS used any independent integrator for access to any dealer data for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents related to any agreements with "independent integrators" with respect to CVR or AVRS's (after its acquisition

by CVR) access to data maintained on CDK or Reynolds's DMS, or any other DMS providers with policies restricting third-party access.

**Request Number 51.** All communications regarding Authenticom or Steve Cottrell or DealerVault or SIS.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications" with any entity regarding Authenticom, Steve Cottrell, DealerVault or SIS, regardless of their substance or relevance to the claims and defenses in the litigation, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 52.** All communications and documents concerning having real time or bi-directional data integration in order to provide EVR services, including in Illinois, California, or any other state EVR market.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. CVR's having or not having certain data integration capabilities has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the

Request as overbroad and unduly burdensome because it seeks "all communications and documents" concerning real time and bi-directional data integration in "any" EVR market for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to the use of the phrase "real time or bi-directional data integration" in the Request as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request and concerning the California or Illinois markets for the period February 3, 2013-February 3, 2017.

**Request Number 53.** All documents and communications regarding California Assembly Bill No. 516.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. Documents or communications regarding California Assembly Bill No. 516. California Assembly Bill No. 516, which was not signed into law until July of 2016, and the provisions of which did not become effective until January 1, 2018 at the earliest, has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms.

**Request Number 54.** All documents and communications concerning deficiencies or perceived deficiencies in CVR's product and service level. For the avoidance of doubt, this Request includes not only internal documents and communications but also communications with CDK, Reynolds, and third parties (including CVR's dealer customers) regarding deficiencies or perceived deficiencies in CVR's product and service level.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly burdensome because it seeks "all" documents concerning real or perceived deficiencies in CVR's product and service level, from any entity, including CDK, Reynolds, or any of CVR's thousands of dealer customers, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents comparing the product quality or perceived product quality of CVR and MVSC for the period February 3, 2013-February 3, 2017.

**Request Number 55.**  All documents and communications concerning the product quality or perceived product quality of CVR's competitors, including but not limited to MVSC.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" related to CVR's competitors' "product quality" from any entity for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this Request as overbroad because it seeks information regarding CVR's competitors in all geographic locations, including states in which

MVSC does not operate and which therefore are not relevant to the claims or defenses in this litigation.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents comparing the product quality or perceived product quality of CVR and MVSC for the period February 3, 2013-February 3, 2017.

**Request Number 56.** All documents and communications regarding any delays or backlogs by CVR in processing vehicle registrations and titles, including but not limited to any such delays or backlogs in California.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. Whether CVR had "delays or backlogs" in "processing vehicle registrations in titles" has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" from any entity, including states in which MVSC does not operate and which therefore are not relevant to the claims or defenses in this litigation, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents related to any

"backlogs" processing vehicle registrations and titles by CVR in California for the period February 3, 2013-February 3, 2017.

**Request Number 57.** All documents and communications concerning any advantage or perceived advantage CVR has over its competitors because of CVR's ability to access dealer data stored on the CDK and Reynolds DMSs, whether through the 3PA and RCI programs or otherwise.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" from any entity, including any of CVR's thousands of dealership customers, regardless of their relation to the claims and defenses in this litigation, regarding any real or perceived advantage that CVR has over any competitor, including states in which MVSC does not operate and which therefore are not relevant to the claims or defenses in this litigation, and for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents comparing CVR against other EVR providers in California or Illinois in terms of their ability to access data on CDK and/or Reynolds's DMS to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 58.** All documents and communications concerning the costs associated with entering a new EVR market, including costs associated with legal licensing and DMV requirements and capital and technological costs.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an

applicable privilege. Specifically, CVR objects to this Request because it is not relevant to the claims and defenses in this litigation. The costs associated with entering a new EVR market have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" regarding the costs of entering a new EVR market for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

### CVR Ownership

**Request Number 59.** Documents sufficient to show CVR's ownership structure, including documents sufficient to show how CVR's revenues and profits are divided between CDK and Reynolds.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the use of the term "ownership structure" because it is vague, ambiguous, and undefined. CVR further objects to the Request as overbroad and unduly burdensome because it seeks information that are not in the possession, custody or control of CVR, and are more easily obtained from other parties, including CDK.

Subject to and without waiving these objections, CVR states that to the extent not already produced, to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request.

**Request Number 60.** All documents and communications relating to Reynolds' ownership interest in CVR, including when that interest was acquired; why Reynolds acquired that interest; from whom Reynolds acquired that interest; how much Reynolds paid for that ownership interest; and what Reynolds' rights are with respect to its ownership interest.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the use of the term "ownership interest" because it is vague, ambiguous, and undefined. CVR also objects to this Request on the grounds that it seeks information not relevant to the claims or defenses in this litigation and thus beyond the scope of admissible discovery. Reynolds's ownership interest in CVR, which it acquired in the 1990s, is not the subject of this litigation and has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. Moreover, to the extent the Request does seek relevant information, CVR further objects to the Request as overbroad and unduly burdensome because it seeks information that are not in the possession, custody or control of CVR, and are more easily obtained from other parties, including Reynolds.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request for the period February 3, 2013-February 3, 2017.

**Request Number 61.** All documents and communications relating to the financial benefits received by Reynolds and CDK relating to their ownership interest in CVR, including any allocated profits or other financial benefit, from 2011 to the present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the use of the term "financial benefits" because it is vague, ambiguous, and undefined. CVR also objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" relating to any and all such "financial benefits" received by CDK and Reynolds relating to their ownership interest in CVR.

CVR further objects to the Request as overbroad and unduly burdensome because it seeks information that are not in the possession, custody or control of CVR, and are more easily obtained from other parties, including CDK and Reynolds.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show quarterly or annual profits earned by CDK and Reynolds from their ownership interest in CVR for the period February 3, 2013-February 3, 2017.

**Request Number 62.** All iterations of CVR's organizational chart from 2011 to the present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to any claims or defenses in this litigation and thus beyond the scope of permissible discovery. CVR's organizational charts have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. Moreover, to the extent the Request does seek relevant information, CVR further objects to this Request as overbroad and unduly burdensome because it seeks all "iterations" of CVR organizational charts from 2011 to the present. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013, and MVSC does not allege any unlawful conduct by CVR until much later.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the

Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 63.** All documents concerning CDK's involvement in the operation of CVR, including but not limited to CDK's involvement in CVR's management, budget and capital investments, hiring, firing, personnel decisions, salary and bonus allotments, strategic priorities, sales and marketing efforts, and other daily business activities.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CVR further objects to the Request as overbroad and unduly burdensome to the extent it seeks "all documents" related to any "involvement" by CDK in CVR's operating activities, at any level, for an unlimited time period. CVR further objects to the use of the term "involvement" because it is vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the enumerated categories within this Request for the period February 3, 2013-February 3, 2017.

**Request Number 64.** All documents and communications between anyone at CVR, on the one hand, and anyone at CDK, on the other, including regarding the operations, finances, and/or management of CVR.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" from "anyone at CVR," regardless of title or position, to "anyone at CDK," regardless of title or position, for an unlimited time period, regarding any aspect of the "operations," "finances," or "management" of CVR—essentially CVR's entire business.

50

**Request Number 65.** All documents concerning Reynolds' involvement in the operation of CVR, including but not limited to Reynolds' involvement in CVR's management, budget and capital investments, hiring, firing, personnel decisions, salary and bonus allotments, strategic priorities, sales and marketing efforts, and other daily business activities.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CVR further objects to the Request as overbroad and unduly burdensome to the extent it seeks "all documents" related to any "involvement" by Reynolds in CVR's operating activities, at any level, for an unlimited time period. CVR further objects to the use of the term "involvement" because it is vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the enumerated categories within this Request for the period February 3, 2013-February 3, 20175.

**Request Number 66.** All documents and communications between anyone at CVR, on one hand, and anyone at Reynolds, on the other, including regarding the operations, finances, and/or management of CVR.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" from "anyone at CVR," regardless of title or position, to "anyone at Reynolds," regardless of title or position, for an unlimited time period, regarding any aspect of the "operations," "finances," or "management" of CVR—essentially CVR's entire business.

**Request Number 67.** All communications between CDK and Reynolds regarding CVR.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications" between CDK and Reynolds—to which CVR is not even a party—regarding any aspect of CVR. CVR further objects to the Request as overbroad and unduly burdensome because it seeks information that are not in the possession, custody or control of CVR, and are more easily obtained from other parties, including CDK and Reynolds.

**Request Number 68.** All documents and communications relating to CVR's acquisition of AVRS. This Request includes, without limitation, the terms of the agreement, documents discussing strategic and financial considerations pertaining to the acquisition, all financial statements and projections provided by AVRS to CVR in connection with the acquisition, all internal and external valuation analyses of AVRS, and all accounting documents that reflect the manner in which the acquisition price was allocated.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims and defenses in this litigation and thus beyond the scope of permissible discovery. The details of CVR's acquisition of AVRS—and strategic or financial considerations thereof—are not the subject of this litigation and have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR also objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" related to any aspect of the acquisition. CVR further objects to the use of the terms "strategic and financial considerations," "valuation analyses," and "manner in which the acquisition price was allocated" because they are vague, ambiguous and undefined.

52

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents (a) related to the acquisition of AVRS that discuss the impact of the acquisition on CVR's ability to compete with other EVR providers, and (b) related to complaints received from Dealers regarding deficiencies or perceived deficiencies in AVRS's product and service levels following the AVRS acquisition.

**Request Number 69.** All documents and communications regarding deficiencies or perceived deficiencies in AVRS's product and service levels after the acquisition. For the avoidance of doubt, this Request includes not only internal documents and communications but also communications with third parties (including AVRS's dealer customers) regarding deficiencies or perceived deficiencies in AVRS's product and service level.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims and defenses in this litigation and thus is beyond the scope of permissible discovery. Whether AVRS's product and service levels had any "deficiencies" following the acquisition, real or perceived, has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR also objects to the Request as overbroad and unduly burdensome because it seeks "all" documents pertaining to such deficiencies, real or perceived. CDK further objects to the use of the term "deficiencies" because it is vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents related to complaints received from Dealers regarding deficiencies or perceived deficiencies in AVRS's product and service levels following the AVRS acquisition.

**Request Number 70.** All documents relating to CVR's Board of Directors or any equivalent governing body for CVR. This Request has no date limitation. This Request includes, but is not limited to:

        a.      All documents relating to the composition of CVR's Board of Directors;

        b.      Identification of every member of CVR's Board of Directors through time;

        c.      All materials presented to CVR's Board of Directors;

        d.      All materials considered by CVR's Board of Directors;

        e.      All minutes of meetings of CVR's Board of Directors; and

        f.      All communications between or among CVR's Board of Directors

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, objects to this Request as overbroad and unduly burdensome to the extent it seeks the production of "all" documents "relating," in any way, to CVR's Board of Directors or "any equivalent governing body," from the beginning of time to the present. CVR's Board of Directors discusses and considers a variety of issues which have no bearing on any claim or defense. Further, as noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013. CVR also objects to the use of the terms "materials presented" and "materials considered" because they are vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show the composition of CVR's Board of Directors, CVR Board of Directors meeting minutes, materials distributed to CVR Board members in advance of Board meetings, and communications between

members of CVR's Board of Directors that discuss CVR's business for the period February 3, 2013-February 3, 2017.

**Request Number 71.** All communications with any potential acquirer or acquirers of CVR, including any private equity firm.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims or defenses in this litigation and thus beyond the scope of admissible discovery. Whether CVR ever communicated with potential acquirers has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all communications" with any potential acquirer or acquirers, or any private equity firm, on any topic or subject matter.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Financial Information**

**Request Number 72.** All communications between CVR and CDK and/or Reynolds regarding CVR's financial information.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all communications" with anyone at CDK and/or Reynolds, regardless of title or position, for an unlimited time period, regarding any aspect of CVR's "financial information."

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 73.** All of CVR's financial statements, on a monthly, quarterly, and yearly basis, from 2006 to the present, both cumulative and broken out by state EVR market. This Request includes, without limitation, income statements, balance sheets, and statements of cash flows.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all" financial statements, both cumulative and "broken out by state EVR market," dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013. CVR further objects to the Request as overbroad and unduly burdensome to the extent it seeks information that are not in the possession, custody or control of CVR, and are more easily obtained from other parties, including CDK.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 74.** Documents regarding CVR's revenues on a monthly, quarterly, and yearly basis, from 2006 to the present, both cumulative and broken out by state EVR market.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks documents "regarding" CVR's revenues, both cumulative and "broken out by state EVR market," dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 75.** Documents regarding the prices charged by CVR for its EVR services in each state in which it operates.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks presumably all documents "regarding" prices charged by CVR for its EVR services, in each state where it operates, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 76.** Documents sufficient to show CVR's profit (including profit margins), and costs for providing EVR services, on a monthly basis, from January 1, 2006 to the present, both cumulative and broken out by state EVR market.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks CVR's profit, profit margins, and costs of providing EVR services, both cumulative and "broken out by state EVR market," dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 77.** Documents regarding CVR's financial projections from January 1, 2006 to the present. For the avoidance of doubt, this Request includes, without limitation, documents and communications relating to estimates, forecasts, and budgets for revenue, profit, and costs associated with CVR's provision of EVR services.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks documents and communications related to CVR's financial "projections" of revenue, profit, and costs, dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013. CVR further objects to the use of the terms "estimates" and "budgets" because they are vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 78.** All documents and communications You relied upon from January 1, 2006 to the present in creating projections, estimates, forecasts, and budgets for revenue, profit, and costs associated with Your provision of EVR services.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks documents and communications related to CVR's financial "projections," "estimates," "forecasts," and "budgets" for revenue, profit, and costs, dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013. CVR further objects to the use of the terms "estimates" and "budgets" because they are vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 79.**  All documents and communications concerning CVR's operational costs, revenues, profitability, and financial projections and forecasts, from 2006 to present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" related to CVR's costs, revenues, profitability, and financial projections and forecasts, dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 80.**  All documents concerning Your cost of capital, cost of equity, cost of debt, and/or weighted average cost of capital, including any documents upon which any of the foregoing are based.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims and defenses in this litigation and is outside the scope of permissible discovery. CVR's capital, debt, and equity costs have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms, or any other issues in the litigation.  CVR also objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents concerning CVR's capital, debt, and equity

costs for an unlimited time period.  As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 81.**  All documents concerning the economic value of data or data access to dealers, vendors, or DMS providers, including any economic value placed by You on Your ability to access dealer data through the 3PA and RCI programs.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims or defenses in this litigation and thus beyond the scope of admissible discovery. CVR's evaluation its own ability access to data have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the term "economic value of data or data access" as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request for the period February 3, 2013-February 3, 2017.

**Request Number 82.**  Documents sufficient to show transactional sales data (including sales, profit, and cost data) on a per-customer and per-transaction basis for EVR services from January 1, 2006 to the present .  For the avoidance of doubt, this Request includes, without limitation, the following data linked to each EVR transaction:

    a.      Date and location of transaction;

    b.      EVR dealer customer;

    c.      Specific EVR service purchased;

d.     Information tied to the specific EVR service purchased, including the unit price, unit cost, quantity, and applicable discounts;

e.     Order number and other identifying order information; and

f.     Any documents necessary to interpret the contents of these data fields, including abbreviation keys and explanations

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks essentially all of CVR's transactional sales data, dating back to 2006. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that it is willing to meet and confer about this Request.

**Request Number 83.** All reports and analyses pertaining to CVR's marketing and sales of EVR services from January 1, 2009 to the present. For the avoidance of doubt, this Request includes, without limitation:

g.     Sales reports;

h.     Sales representative performance reports;

i.     Marketing plans;

j.     Marketing reports, including sales promotions and discounts;

k.     Strategic plans, including pricing strategy;

l.     Cost accounting reports;

m.     General ledger reports;

n.     Charts of accounts;

o.     Analyses of competitive position, including market share; and

p.     Profit and loss reports

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all" reports, plans, and analyses of almost any kind related to CVR's business from 2009 to the present. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of centrally-maintained files that CVR reasonably believes are likely to contain responsive documents, CVR will produce non-privileged documents responsive to subparts (a)-(j) of this Request for the period February 3, 2013-February 3, 2017.

**Request Number 84.** All documents and communications concerning any valuations – whether internal or external – of CVR, from January 1, 2009 to the present. These valuations include, without limitation, those prepared by outside auditors, independent valuation consultants, or representatives from CDK or Reynolds. This Request includes, without limitation, formal valuation studies and impairment tests of value.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims or defenses in this litigation and thus beyond the scope of admissible discovery. Internal or external "valuations" of CVR, to the extent they exist, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" related to such "valuations," from 2009 to the present. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

CVR also objects to the use of the terms "formal valuation studies" and "impairment tests of value" as vague, ambiguous, and undefined.

**Request Number 85.** All documents and communications concerning internal and external valuations of Reynolds' and/or CDK's ownership interests in CVR from January 1, 2009 to the present.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request because it seeks documents and communications generated by other entities, such as Reynolds and CDK, and is more easily obtained directly from those parties. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" concerning "internal and external" valuations of CDK and Reynolds from January 1, 2009 to the present. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013- February 3, 2017.

## Miscellaneous

**Request Number 86.** All documents concerning any training provided by You to Your employees regarding antitrust or competition laws.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly

burdensome because it seeks "all documents" concerning antitrust training for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the filing of MVSC's original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged written antitrust compliance policies and training materials distribution to employees in the normal course of business for the period February 3, 2013-February 3, 2017.

**Request Number 87.** All documents concerning "hostile integration" or use of non-authorized usernames or passwords to extract data from the CDK or Reynolds platforms.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly burdensome because it seeks "all documents" concerning "hostile integration" or the use of non-authorized usernames or passwords in anyway, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 88.** All documents and communications from January 1, 2009 to the present concerning industry publications or industry reports with respect to EVR services.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" concerning any "industry publication or industry report" that in any context mentions EVR services from 2009 to the present, regardless of the relevance to any issue in the litigation. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

**Request Number 89.** All documents sufficient to identify all dealers that that have switched from using CVR to using MVSC for EVR, or vice versa (by dealer name, the effective date of the switch, and the number of stores switched), and documents relating to reasons for the switch.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks information on whether and why any of CVR's thousands of dealer customers switched from using CVR to using MVSC for EVR, or vice versa, at any point in time. CVR further objects to this Request because MVSC can just as easily identify which dealer customers switched from CVR to MVSC for EVR services and vice versa.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to the Request that are related to the claims and defenses in this litigation for the period February 3, 2013-February 3, 2017.

**Request Number 90.** All documents relating to the reasons why any customer or potential customer selects one EVR provider over another.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all" documents relating, in any way, to the reasons why a customer or potential customer might select one EVR provider over another, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to this Request because it seeks information more easily obtained directly from EVR customers directly. CVR also objects to this Request as duplicative of other Requests, including but not limited to Request Nos. 38, 39, 44, 54, and 55.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents comparing the product quality or perceived product quality of CVR and MVSC for the period February 3, 2013-February 3, 2017.

**Request Number 91.** All documents referring to complaints about any EVR provider, including but not limited to complaints by your dealer customers regarding the functionality or capabilities of your products and services.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to the Request as overbroad and unduly burdensome because it seeks "all documents" referring in any way to any complaint about "any EVR provider" from any source, including by any of CVR's thousands of dealer customers nationwide, regardless of their relevance to the claims and defenses in this litigation, for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four

years from the date MVSC filed its original complaint—February 3, 2013. CVR further objects to the Request because as duplicative of other Requests, including but not limited to Request Nos. 54 and 55.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents comparing the product quality or perceived product quality of CVR and MVSC for the period February 3, 2013-February 3, 2017.

**Request Number 92.** All contracts or agreements with dealers relating to your EVR services or products.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it is not relevant to the claims or defenses in this litigation. CVR's individual contracts and agreements with its dealer customers have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Request as overbroad and unduly burdensome because it seeks "all contracts or agreements" between CVR and its thousands of dealer customers, related, in any way to CVR's EVR services or products for an unlimited time period. As noted above, the limitations period for MVSC's claims is, at most, four years from the date MVSC filed its original complaint—February 3, 2013.

**Request Number 93.** All communications and documents exchanged between you and any other EVR provider.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an

applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome as it seeks "all communications and documents" between CVR and "any EVR provider," for an unlimited time period, regardless of their subject matter or their relevance to the claims and defenses in this litigation.

**Request Number 94.** All documents relating or referring to the RCI or 3PA program, including pricing, security protocols, and any terms of access.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" relating or referring to the RCI or 3PA program from any time, including routine correspondence regarding the programs that have no relevance to the claims and defenses in this litigation, and specifically no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms.

**Request Number 95.** All documents and communications referring or relating to your applications or requests to participate in RCI or 3PA.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not related to the claims and defenses in this litigation and is outside the scope of permissible discovery. CVR's applications to the RCI or 3PA programs, if any, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Request as duplicative of Request No. 94.

**Request Number 96.** All documents relating any analysis, evaluation, assessment, communication or discussion of access to dealership data through RCI or 3PA as compared to any other method, such as access through an independent data integrator or directly from a dealership.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" regarding "any analysis" of access to dealer data conducted by any entity at any time. CVR further objects to this Request as duplicative of Request No. 94. CVR further objects to the Request to the extent it seeks information about the 3PA and RCI program as that information is more easily obtained from CDK and Reynolds, respectively. CVR further objects to the use of the term "independent data integrator" in this Request as vague, ambiguous and undefined.

**Request Number 97.** All documents referring or relating to complaints about Reynolds, RCI, CVR, CDK or 3PA, including but not limited to complaints by your dealer customers.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" referring to any complaint, no matter how minor, from any entity, relating, in any way, to Reynolds, RCI, CVR, CDK, or 3PA, including any from CVR's thousands of dealer customers, for an unlimited time period. Such documents, to the extent they exist, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this

Request to the extent they relate to complaints regarding MVSC not being part of the 3PA or RCI programs for the period February 3, 2013-February 3, 2017.

**Request Number 98.** All documents referring or relating to efforts by CVR to acquire MVSC's EVR customers in any state.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" referring to any effort by any individual at CVR to "acquire" any of MVSC's EVR customers "in any state." As written, this Request could require the production of any document within CVR's possession, custody, or control relating to its competing against MVSC for customers for an unlimited period of time. CVR further objects to the use of the term "efforts by CVR to acquire" in this Request as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this Request for the period February 3, 2013-February 3, 2017.

**Request Number 99.** All documents referring to CDK's and/or Reynolds' efforts to prevent any independent data integrator from accessing a Reynolds DMS or CDK DMS.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome to the extent it purports to require CVR to produce documents regarding actions taken, if any, by CDK and/or Reynolds to prevent any "independent data integrator" from accessing their respective DMS platforms. Such documents, to the extent any exist, would be more readily

obtained from those parties. CVR further objects to the use of the term "independent data integrator" in this Request as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents responsive to this Request for the period February 3, 2013-February 3, 2017.

**Request Number 100.** All documents sufficient to show payments made by You to any independent data integrator.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to any of the claims or defenses in this litigation. CVR's payments to data integrators have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the Request as overbroad to the extent it seeks "all documents sufficient to show" as opposed to "documents sufficient to show." CVR further objects to the use of the term "independent data integrator" in this Request as vague, ambiguous and undefined.

**Request Number 101.** All documents sufficient to show when You started or stopped using any independent data integrator, and the reasons therefor.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to any of the claims or defenses in this litigation and therefore outside the scope of permissible discovery. Whether CVR started or stopped using an independent data integrator at some point in time and any reasoning for such decisions have no bearing on whether

CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the term "independent data integrator" in this Request as vague, ambiguous and undefined.

**Request Number 102.** Your contracts or agreements with any independent data integrator.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks all contracts or agreements with "any independent data integrator," from the beginning of time regardless of their relevance to the claims or defenses in this litigation. Further, CVR objects to this Request as seeking information not relevant to the claims and defenses in this litigation. CVR's contracts and agreements with independent data integrators, if any, have no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the use of the term "independent data integrator" in this Request as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show its contracts or agreements, if any, with independent data integrators (as CVR understands that term) for the period February 3, 2013-February 3, 2017.

**Request Number 103.** All documents and communications relating to CVR's data security or cybersecurity policies, guidelines, and practices.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because

it seeks "all documents" relating to CVR's data security policies, including documents generated well before the events in the Second Amended Complaint allegedly took place.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show its data security or cybersecurity policies, guidelines, and practices for the period February 3, 2013-February 3, 2017.

**Request Number 104.** All documents or communications relating to CVR's internal or external security audits.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" relating to CVR's "internal or external" security audits, including documents generated well before the events in the Second Amended Complaint allegedly took place. CVR further objects to the use of the term "security audits" in this Request as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show any internal or external security audits, as well as any correspondence related directly thereto, for the period February 3, 2013-February 3, 2017.

**Request Number 105.** All documents and communications relating to any data breach, system breach, or hack suffered by or thwarted by CVR.

**RESPONSE:** CVR objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by

an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents" relating to "any data breach, system breach, or hack" experienced by CVR including documents generated well before the events in the Second Amended Complaint allegedly took place. CVR further objects to the use of the terms "data breach," "system breach," or hack" in this Request as vague, ambiguous and undefined.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show any data breach, system breach, or hack suffered by or thwarted by CVR, as well as any correspondence related directly thereto, for the period February 3, 2013-February 3, 2017.

**Request Number 106.** All documents and communications relating to any data security or cybersecurity training provided to CVR employees.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all documents and communications" regarding "any data security" training provided to any CVR employee at any time, including documents generated well before the events in the Second Amended Complaint allegedly took place.

Subject to and without waiving these objections, CVR states that to the extent they exist, are within CVR's possession, custody, and control and can be identified through a reasonable search of appropriate sources, CVR will produce non-privileged documents sufficient to show any data security or cybersecurity training provided to CVR employees for the period February 3, 2013-February 3, 2017.

**Request Number 107.** All documents identifying the type of data or information CVR needs from a Reynolds DMS or CDK DMS in order to provide EVR services.

74

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims and defenses in this litigation. The type of data or information needed by CVR in order to provide EVR services has no bearing on whether CVR conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to this Requests as overbroad to the extent it seeks "all documents identifying" the types of data needed for EVR services, as opposed to "documents sufficient to identify" the types of data needed for CVR's provision of EVR services to its customers.

**Request Number 108.** All documents identifying the type of data or information CVR actually obtains from a Reynolds DMS or CDK DMS.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims and defenses in this litigation. The data CVR obtains for Reynolds DMS or CDK DMS has no bearing on whether CVR unlawfully conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms.

**Request Number 109.** All documents and communications exchanged between CVR and dealers describing how CVR accessed or planned to access the DMS system for that dealer in order to provide services.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims and defenses in this litigation. The methods by which CVR accessed or planned to access the DMS system for a particular dealer have no bearing on whether

CVR unlawfully conspired to prevent MVSC's access to dealer data. CVR further objects to the Request as overbroad and unduly burdensome because it seeks "all documents and communications" between CVR and its thousands of dealer customers, in numerous states, regarding methods of data access which, read literally, could be read to require the production of all of CVR's correspondence with its dealer customers.

**Request Number 110.** All of CVR's competitive analyses, strategic plans, long-range plans, business plans, marketing plans, and forecasts, and any documents referring or relating to these materials.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request as overbroad and unduly burdensome because it seeks "all" of CVR's strategic plans, business and marketing plans, forecasts and any documents referring or relating to such materials, which literally read, purports to require every document in CVR's possession as every business document relates, in some way, to CVR's business plan(s). CVR further objects to this Request as duplicative of prior Requests, including but not limited to Request No. 83.

**Request Number 111.** Without limitation as to time, all communications or documents that you sent to or received from the Federal Trade Commission or U.S. Department of Justice relating to CDK, Reynolds, Authenticom, the EVR market, the DMS market, or the data integration market.

**RESPONSE:** CVR objects to this Request as overbroad, unduly burdensome, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. Specifically, CVR objects to this Request on the grounds that it seeks information not relevant to the claims and defenses in this litigation and therefore is outside the scope of permissible discovery. CVR's correspondence with the Federal Trade Commission and U.S. Department of Justice, to the extent any exists, has no bearing on whether CVR unlawfully

conspired to prevent MVSC's access to dealer owned or generated data on CDK or Reynolds DMS platforms. CVR further objects to the terms "the EVR market," "the DMS market," and the "data integration market" in this Request as vague, ambiguous, and undefined.

Subject to and without waiving these objections, CVR states that it does not have any documents responsive to this Request for the period February 3, 2013 to the present.

Dated: October 25, 2018                    Respectfully submitted,

                                           /s/ Matthew Provance
                                           Britt M. Miller
                                           Matthew D. Provance
                                           Mayer Brown LLP
                                           71 South Wacker Drive
                                           Chicago, IL 60606
                                           (312) 782-0600
                                           bmiller@mayerbrown.com
                                           mprovance@mayerbrown.com

                                           Mark W. Ryan
                                           Mayer Brown LLP
                                           1999 K Street NW
                                           Washington, DC 20006
                                           (202) 263-3000
                                           mryan@mayerbrown.com

                                           Counsel for Computerized Vehicle Registrations

## <u>CERTIFICATE OF SERVICE</u>

      I, Matthew D. Provance, an attorney, certify that on October 25, 2018, I caused a copy of the foregoing **OBJECTIONS AND RESPONSES TO INDIVIDUAL PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS FOR DEFENDANT COMPUTERIZED VEHICLE REGISTRATION** to be served on counsel of record in the above-captioned proceeding via email in accordance with the parties' written stipulation to receive service by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Matthew Provance*