# EXHIBIT 4

| | |
|---|---|
| **From:** | Nemelka, Michael N. <mnemelka@kellogghansen.com> |
| **Sent:** | Tuesday, November 26, 2019 4:20 PM |
| **To:** | Leo Caseria |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL |
| **Subject:** | RE: In re DMS: MVSC |

Thanks Leo.

1. As we have accurately recited the contents of the email and the authors, your disagreement is one of lawyer argument. You may disagree with the facts of the correspondence between Mr. Herbers and Mr. Strawsburg – including the later Reynolds meeting notes where Reynolds again makes the point that MVSC "WILL NOT" and "will NEVER have direct DMS integration with Reynolds & Reynolds," *see* Dkt. 818, Ex. 7 – but your disagreement is one of argument.

2. On Reynolds's participation in discovery, the record stands. The bottom line is that Reynolds was copied on all correspondence; received MVSC's letters making clear that Virginia and Wisconsin were relevant to its claims and pleaded in its complaint; was copied on the letters from CDK/CVR confirming the same; and itself took discovery on Virginia and Wisconsin. If Reynolds wants to die on the hill of having participated in some but not all of meet and confers – which we disagree with – that is fine.

Since Reynolds appears to be sticking with its argument that MVSC mischaracterized these facts in its opposition, we appreciate you including this full correspondence as an exhibit.

Thanks again,
Mike

**From:** Leo Caseria [mailto:LCaseria@sheppardmullin.com]
**Sent:** Monday, November 25, 2019 10:25 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** [EXTERNAL] RE: In re DMS: MVSC

Thanks for responding, Mike. We will attach this email string to our reply brief as you request.

Just to close the loop:

1. Contrary to MVSC's description at page 2 of its Opposition, Jon Strawsburg of Reynolds did not "write[]" anything in Exhibit 2 about "denying MVSC data access." MVSC has mischaracterized the cited document and is refusing to correct its statement.

2. Reynolds was not involved in MVSC's efforts to obtain discovery from CVR. None of the three documents you reference support your position. The November 2018 email chain makes clear that Reynolds was only interested in discussing a "discrete" issue relating to Authenticom, not CVR. You then attempted to expand the discussion to CVR, and counsel for CVR was forced to respond. Notably, counsel for Reynolds did not respond to your email regarding CVR in the chain you cite. The other two letters you cite relate to follow up issues involved with obtaining discovery from MVSC (which was supposed to be substantially complete in October 2018), not from CVR. Again, we've given MVSC an opportunity to correct its misstatements but it is refusing to do so.

Leo

**Leo D. Caseria** | Partner
+1 202-747-1925 | Direct (Washington, DC)
+1 213-617-4206 | Direct (Los Angeles)
+1 310-405-1787 | Mobile
LCaseria@sheppardmullin.com | Bio

**SheppardMullin**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
+1 202-747-1900 | main

333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Sent:** Monday, November 25, 2019 5:50 PM
**To:** Leo Caseria <LCaseria@sheppardmullin.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** RE: In re DMS: MVSC

Dear Leo,

Thanks for the email. We respectfully do not believe there is anything to correct.

**Herbers (CDK) – Strawsburg (Reynolds) November 2015 Communication.** You state that at "page 2 of MVSC's Opposition, MVSC falsely attributes a statement in REYMDL00118362 to Jon Strawsburg of Reynolds. As reflected on the face of the document, the quoted language is a statement by Scott Herbers, who is not a Reynolds employee." But the brief does attribute the statement to Mr. Herbers of CDK, and so there is no false attribution. On page 1 – right before the quoted section of the Herbers-Strawsburg communication – the brief states: "Scott Herbers (a top CDK executive and CVR General Manager) wrote to Jonathan Strawsburg (a top Reynolds executive and member of CVR's Board of Directors): [quotation]." *See* Dkt. 818 at 1. And then the brief states: "So here we have CDK and Reynolds executives corresponding about denying MVSC data access, and in particular a *CDK* executive emailing a *Reynolds* executive stating that MVSC 'does not and WILL NOT' and 'will NEVER have access to [the data] through R&R.'" The brief thus correctly attributes the quoted language to Mr. Herbers of CDK. Indeed, that is important: CDK knew that Reynolds would never permit MVSC into the RCI program, which is evidence of the group boycott. And Mr. Strawsburg, the Reynolds executive in charge of the CVR relationship, did not correct Mr. Herbers.

In fact, there is a later *Reynolds* sales strategy document – Exhibit 7 to Dkt. 818 – for a meeting at which both Mr. Herbers (CDK) and Mr. Strawsburg (Reynolds) were present that states: "Reynolds & Reynolds is working directly with our co-owned CVR/AVRS company to target some very strategic conquest customers in California that are using a competitive solution" – i.e., MVSC, as the document later makes clear on page 4 by listing all of the "conquest customers" as "DMVDesk" clients. And in that Reynolds sales strategy document, which is dated March 3, 2016 – and is thus over *three months after* the November 30, 2015 Herbers-Strawsburg communication – *Reynolds* makes the same point (at page 5) as the prior communication: "DMVdesk (Which is the competition) does not and WILL NOT have direct DMS integration with Reynolds & Reynolds . . . This data is something that DMVdesk will NEVER have access to through Reynolds & Reynolds." *See* Dkt. 818, Ex. 7.

Therefore, contrary to your statement, not only did MVSC correctly attribute the quote from the email to Mr. Herbers of CDK, but Reynolds in a document months later made the same point, and that document is also an Exhibit to MVSC's Opposition. We therefore do not understand why you would say we misattributed Mr. Herbers's quote, or imply that Reynolds somehow disclaimed it.

**Reynolds Counsel and Discovery.** We also disagree with your statement that Reynolds counsel did not participate on discovery calls regarding MVSC and CVR. And on some of the calls regarding MVSC-CVR discovery, we discussed other MDL issues, and so Reynolds counsel had to participate. *See*, *e.g.*, E-mail from M. Provance to MVSC Counsel (Nov. 19, 2018) ("Working to accommodate plaintiffs' schedule, *defendants* can meet today at 3:00 p.m. (Eastern) but please note that we have a hard stop at 4:00. *We appreciate that you would like to discuss CVR custodians/discovery . . . .*" and identifying other issues that Defendants wanted to discuss). In any event, as the many discovery letters we cited in the Opposition make clear, Reynolds counsel was copied on all correspondence. If Reynolds disagreed with the statements of counsel for CDK/CVR regarding the relevance of the Virginia and Wisconsin markets to MVSC's claims, it could have done so, but didn't. Instead, as the Opposition details, counsel for Reynolds specifically sought discovery from MVSC regarding the Virginia and Wisconsin markets, including at the MVSC 30(b)(6) deposition.

Finally, contrary to your statement, Reynolds and CDK/CVR worked together on discovery regarding MVSC, *see* Dkt. 818 n. 5, including during November and December 2018 timeframe that you reference. *See*, *e.g.*, Letter from R. MacDonald (Reynolds counsel) to MVSC Counsel (Nov. 7, 2018) ("*I write on behalf of Defendants* regarding [discovery from] Motor Vehicle Software Corporation."); Letter from L. Caseria (Reynolds counsel) to MVSC Counsel (Dec. 3, 2018) ("I write this letter on behalf of Defendants regarding" MVSC discovery).

\* \* \* \* \*

Again, thank you for your email. But as detailed above, we disagree with it. If Reynolds chooses to argue that MVSC's Opposition is incorrect in any of the points you identify, we would ask that you please include this correspondence as an exhibit to Reynolds's reply.

Very truly yours,

Mike

---

**From:** Leo Caseria [mailto:LCaseria@sheppardmullin.com]
**Sent:** Friday, November 22, 2019 3:33 PM
**To:** Nemelka, Michael N. <mnemelka@kellogghansen.com>
**Cc:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Subject:** [EXTERNAL] In re DMS: MVSC

Dear Mike,

On Tuesday, Reynolds will be filing a reply brief in support of its motion to bar MVSC's newly disclosed claims based on the Virginia and Wisconsin EVR markets. Our brief will address a variety of issues, but I write regarding the specific misstatements below that were contained in MVSC's opposition brief.

1. At page 2 of MVSC's Opposition, MVSC falsely attributes a statement in REYMDL00118362 to Jon Strawsburg of Reynolds. As reflected on the face of the document, the quoted language is a statement by Scott Herbers, who is not a Reynolds employee.

2. MVSC incorrectly states at page 6 of its Opposition that "counsel for Reynolds participated in the [MVSC-CVR] meet and confers" listed in Appendix A. This is false. Reynolds was not involved in the MVSC-CVR meet and confers listed in Appendix A, which related solely to MVSC's efforts to obtain discovery from CVR, not Reynolds. To the extent that MVSC had telephonic or in-person meet and confers with CVR relating to the correspondence listed in Appendix A, Reynolds did not attend or participate. Similarly false is MVSC's statement on page 10 of its Opposition, where it states that "throughout discovery, Defendants worked as one." Reynolds had no involvement in MVSC's efforts to obtain discovery from CVR in November and December 2018.

We wanted to give you an opportunity to file a revised brief that corrects these misstatements before we address them in our reply.

Leo

**Leo D. Caseria** | Partner
+1 202-747-1925 | Direct (Washington, DC)
+1 213-617-4206 | Direct (Los Angeles)
+1 310-405-1787 | Mobile
LCaseria@sheppardmullin.com | Bio

## SheppardMullin

2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
+1 202-747-1900 | main

333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.