# EXHIBIT 6



Ross M. MacDonald
Associate
rmacdonald@gibbsbruns.com
713.751.5231

November 7, 2018

**Via Email**
Derek T. Ho
Michael Nemelka
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street, N.W., Ste. 400
Washington, D.C. 20036-3215

      Re:    *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864, MDL No. 2817 (N.D. Ill.)

Dear Derek and Mike:

    I write on behalf of Defendants regarding various additional issues we have identified in the productions of Authenticom, Inc. and the Motor Vehicle Software Corporation. These issues are in addition to those identified in previous correspondence, including but not limited to our letters of October 26, October 17, and October 8.

- **Screenshots**. Both Authenticom and MVSC produced their documents without properly rendering embedded screenshots. This means that there are a large number of documents and communications in their respective productions for which there are missing images that should appear in those productions. A few examples of this phenomenon are at AUTH_00153609, AUTH_00433524 and MVSC_MDL_0037150. As you'll see in these communications, screenshots were embedded in the emails and then discussed by the various Authenticom or MVSC custodians, but the actual images of the screenshots were not produced. Without the images of the screenshots it is impossible to make sense of any ensuing email discussion. Please locate all documents in Authenticom's or MVSC's productions missing such screenshots or other embedded images (there are many) and produce them promptly.

- **Username & Password Policy.** At his deposition, Mr. Brian Clements testified that he believed Authenticom had a written policy on the submission or use of Usernames & Passwords for Dealer DMSs. He stated that this policy had been reduced to an email and that it had been circulated, although he did not know when, or by whom, or to whom. Clements Dep. at 178:12-180:15. Given this lack of specifics, we have been unable to locate such a policy. If it has not been produced, and in fact exists, please produce it. If it has been produced, please identify it. If it does not exist, please let us know.

Derek T. Ho
Michael Nemelka
November 7, 2018
Page 2

- **Slack.** In our previous correspondence regarding the production of Authenticom's Slack communications, Defendants asked Authenticom to confirm that it would produce relevant communications from any "Slack channels used by Authenticom that refers to CDK or Reynolds in the title of the channel or which is otherwise used to communicate about gaining access to or extracting data from any CDK or Reynolds DMS by any means." *2018-10-4 Ltr. to M. Nemelka from M. Provance*. In response, Authenticom represented to the Defendants that that it had located nine further channels that "may also contain responsive documents." *2018-10-10 Ltr. from M. Nemelka to M. Provance*. In accepting Authenticom's proposal to search its Slack channels, Defendants relied upon Authenticom's representation that only the identified channels "may contain responsive documents." *Id.*

    At Mr. Clements' deposition, however, he testified that both his and Authenticom's use of Slack was much broader than those limited channels. Just by way of example, Mr. Clements testified that most of Authenticom's staff used Slack, that he regularly used an #Executives Channel—comprising Steve Cottrell, Brian Clements, Michelle Phelps, Lucas Hembd, Joe Noth, Carrie Hahn, and Lindsay Gallagher—to communicate with the other Executives at Authenticom, that he uses Slack "every day" to communicate regarding things that "need immediate attention or just need an immediate response," and finally, that he also communicates with Mr. Cottrell directly, on occasion, via Slack. Clements Dep. at 232:1-236:4.

    This testimony indicates that there is substantially more responsive information on Slack in channels not previously identified by Authenticom that should have been collected as part of Authenticom's general obligation to search and produce responsive, non-custodial discovery under the Federal Rules of Civil Procedure. Please collect any responsive documents from the #Executives channel, as well as any other channel or conversation that "may contain responsive documents," and supplement Authenticom's production in a timely manner.

    Finally, Plaintiffs appear to have recently produced certain Slack communications. Please confirm whether these recently produced documents are the entirety of the responsive Slack communications Plaintiffs have been able to locate on the Slack channels identified in the October correspondence, or alternatively, whether Defendants should expect any additional productions from those previously identified channels.

- **DealerVault Technology Townhall**. One of the exhibits at Mr. Clements' deposition was a document titled "Technology Questions" that appears to have been presented at an Authenticom Townhall meeting in April 2017. *See* Defendants' Ex. 20. Authenticom does not appear to have produced any drafts of this document, nor did it produce any communications regarding it save for a single email distributing the final version of the document to the entire Authenticom office. Please produce all drafts of this document, any

Derek T. Ho
Michael Nemelka
November 7, 2018
Page 3

communications about this document, and any communications regarding or referring to the Townhall held about this document. If Authenticom is claiming privilege over any communications related to this document or drafts of the same, please identify those listings on Authenticom's privilege log.

- **PCM Logs.** At his deposition, Mr. Clements discussed that Authenticom maintained Polling Client Manager reports that log every instance that Authenticom accesses a Dealer's DMS, but that Authenticom only keeps these logs in its ordinary course of business for seven days. *See, e.g.,* Clements Dep. at 302:15-20. Copies of these logs would be responsive to a number of Defendants' outstanding documents requests, but Defendants have been unable to locate any produced examples. Please produce the PCM log(s) showing all instances of Authenticom's Dealer DMS access for the past seven days.

- **DMS Access Log**. Relatedly, in early August, Authenticom agreed to produce a log of "Instances of DMS Access" showing each instance that Authenticom has accessed a Reynolds-brand DMS platform and the file types that Authenticom pulled in that access, among other things. *See 2018-08-02 Ltr. to L. Caseria from M. Nemelka*; *2018-08-03 Ltr. to M. Nemelka from L. Caseria*. Similarly, in response to CDK's Request for Production No. 2, seeking comparable information, Authenticom agreed to produce documents that Authenticom believed would provide "even more information" than CDK was seeking. *See 2018-07-27 Ltr. to M. Provance from M. Nemelka*. We have so far been unable to locate these materials in Authenticom's production. If they have been produced, please identify them in Authenticom's production. If they have not been produced, please produce them promptly.

  In that same exchange of correspondence, Authenticom also agreed to produce updated, accurate DMS connection information as well as amended responses to Reynolds' Requests for Admission Nos. 1-3. *See 2018-08-02 Ltr. to L. Caseria from M. Nemelka*. It appears that these items have also not been addressed by Authenticom's recent productions. Please remedy this quickly.

- **Acxiom/CDW.** At his deposition, Mr. Clements testified that Authenticom conducted intrusion detection testing on a periodic basis using third-party companies CDW or Acxiom. Clements Dep. at 301:9-23. Authenticom's production on this subject appears to be deficient in multiple respects.
    - We have not been able to locate any materials from Acxiom regarding such testing. Instead, we have found a passing reference to an audit report, apparently conducted in 2012, but no copies of that or any subsequent reports. *See* AUTH_00146513. Please produce the 2012 Acxiom audit report as well as any subsequent reports or communications with Acxiom regarding Authenticom's security practices.

Derek T. Ho
Michael Nemelka
November 7, 2018
Page 4

- o With regard to CDW, CDW produced a Rapid Security Assessment Report from 2015 (CDW000002). Authenticom has not produced any copies of this document, nor any of the communications, work, or follow up that surrounded it. Please produce all such documents.
- o We additionally have a CDW Security Services Threat Check from 2014. Please produce all documents related to this report as well.
- o Authenticom has also produced nothing regarding intrusion testing or other security assessments post-December 2015. There is a proposal from CDW for 2017 (AUTH_00228278), but no evidence of Authenticom's assessment of that proposal, whether CDW was in fact engaged, what services they performed, and if they provided any sort of a report regarding their findings. If such documents exist, please produce them.

- **Privilege Log.** We would like to meet and confer regarding Authenticom's claim of privilege over its officers' communications with third-parties, including Tony Petruzelli. This issue is of immediate precedence as Mr. Petruzelli's deposition is scheduled in only a few weeks, on November 28. We are available the afternoon of Friday, November 9. If that does not work for you, please suggest an alternative date and time.

We look forward to your prompt resolution of these issues, and to discussing Authenticom's privilege log as soon as is convenient.

Sincerely,

*/s/ Ross MacDonald*

Ross M. MacDonald

c: MDL Counsel Service List