# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| This document relates to: | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-00865 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

### SUPPLEMENT TO DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO BAR PLAINTIFF MVSC'S NEWLY DISCLOSED CLAIMS BASED ON THE VIRGINIA AND WISCONSIN EVR MARKETS

On October 16, 2019, Defendant The Reynolds and Reynolds Company ("Reynolds") moved to bar Plaintiff Motor Vehicle Software Corporation ("MVSC") from expanding its antitrust claims from two relevant Electronic Vehicle Registration ("EVR") markets to four through the expert report of Gordon Klein served after the close of fact discovery. Dkt. 789. Reynolds's motion is now fully briefed. Subsequently, Mr. Klein provided a reply report on November 26, 2019, and Reynolds took his deposition on January 10, 2020. Reynolds submits this brief to highlight additional supporting evidence from Mr. Klein's reply report and deposition.

Reynolds has been prejudiced by MVSC's improper and late attempt to expand its claims to include the Wisconsin and Virginia EVR markets because Reynolds has lost the opportunity to conduct full and targeted discovery regarding those markets. *See* Motion, Argument Section II. MVSC steered fact discovery so as to keep Reynolds from fully exploring those two markets. *Id.* In its motion, Reynolds highlighted certain key documents it had recently obtained from the State of Wisconsin directly refuting MVSC's claims because they show that the state was not accepting MVSC or any other EVR applicants for reasons unrelated to defendants' alleged misconduct. *See*

Motion, Exs.[1] G, H, I. These documents were all sent by the State of Wisconsin to MVSC's Joe Nemelka, but MVSC never produced them. *See* Motion, Argument Section II.

Just as MVSC steered Reynolds away from discovering this evidence during fact discovery, it steered its own causation and damages expert away from it as well. MVSC's expert Gordon Klein testified at his deposition that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ MVSC that Wisconsin was closed to all new EVR providers. *See* Caseria Decl., **Ex.**[2] **B** (Dep. Ex. 1213) (Feb. 23, 2017 letter to MVSC's Joe Nemelka, stating: "At the time of your request the department was not accepting new [EVR] vendors into [its] program. . . . We are still developing a definitive timetable, but our goal to implement new vendors into the program is early 2019."); Motion, **Ex. I** (same document attached to Reynolds's motion to bar); Caseria Decl., **Ex. A** (Tr.) at 114:10-115:9 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ); 128:12-14 ▇▇▇▇▇▇▇▇▇▇▇▇

Mr. Klein was not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Caseria Decl., **Ex. A** (Tr.) at 132:23-133:4. Notably, at his deposition, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **Ex. A** (Tr.) at 130:7-11.

Mr. Klein's testimony illustrates the problematic and prejudicial nature of expanding

---

[1] References to "Motion" exhibits refer to exhibits attached to Reynolds's motion to bar.

[2] References to "Caseria Decl." exhibits refer to exhibits attached to the Declaration of Leo D. Caseria filed in support of Reynolds's motion to exclude MVSC's expert Gordon Klein.

MVSC's claims at this late stage. To allow MVSC to expand its claims to include the Wisconsin and Virginia EVR markets now would not only require substantial additional fact discovery, it would also require additional expert discovery based on as yet undisclosed documents and evidence relating to those markets. This would be extremely time consuming and expensive and is precisely the type of harm and prejudice that courts have cited when deciding not to permit late efforts to expand claims. *E.g., City of New York v. Grp. Health Inc.*, 649 F.3d 151, 158 (2d Cir. 2011) (affirming decision to deny leave to amend antitrust complaint after close of fact discovery to allege two new relevant markets because additional "discovery would delay proceedings and require substantial additional expense," thus demonstrating "undue prejudice."); *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 549-50 (N.D. Cal. 2009) (precluding new, undisclosed damages theories, holding: "To allow the belated disclosure of the new theories to trigger large new waves of expensive discovery and expert analysis at this late date based on vague allegations that Plaintiffs previously refused to elaborate on despite their ability to do so, would be simultaneously unfair to Defendants, very expensive and hugely time consuming, slowing down what is already very lengthy litigation. Such a result would run directly contrary to the mandate of Rule 1, achieving a dubious trifecta of unfair, glacially slow and exorbitantly expensive litigation.").

MVSC should not be permitted to expand its case now to seek up to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3] Claims based on these markets would either be proceeding on a deficient record that MVSC has

---

[3] MVSC's lost profits estimated by Gordon Klein in his opening report, and set forth in Reynolds's Motion at 2, have been ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Caseria Decl., **Ex. G** (Reply), at Ex. A.

tilted in its favor, or, subject to an enormously burdensome expansion of fact and expert discovery.

With the ink barely dry on MVSC's expansion of its case to the Wisconsin and Virginia EVR markets, Mr. Klein and MVSC already have their sights set on new, as-yet-unidentified, state EVR markets. After being confronted with the evidence described above, Mr. Klein testified ▌

▌

▌

▌ Caseria Decl., **Ex. A** (Tr.) at 143:2-145:25. Mr. Klein asserts ▌

▌

▌

▌ *Id.* at 143:2-145:3.[4]

MVSC's whack-a-mole approach to this case is self-evident. When purported damages in the originally pleaded California and Illinois EVR markets were too low for MVSC's liking, it used Mr. Klein's opening report to expand the case to the Wisconsin and Virginia EVR markets, which now account for ▌ When Reynolds confronted Mr. Klein with recently obtained evidence from the State of Wisconsin refuting his opinions, he

▌

▌

▌. Reynolds respectfully requests that the Court require MVSC to stop moving the goalposts and bar MVSC from expanding its claims beyond the California and Illinois EVR markets.

---

[4] Reynolds reserves the right to file an additional motion to bar if and when MVSC attempts to further expand its claims to additional state EVR markets.

Dated:  February 28, 2020

Respectfully submitted,

/s/ *Leo D. Caseria*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

## **CERTIFICATE OF SERVICE**

  I, Leo D. Caseria, an attorney, hereby certify that on February 28, 2020, I caused a true and correct copy of the foregoing **SUPPLEMENT TO DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION TO BAR PLAINTIFF MVSC'S NEWLY DISCLOSED CLAIMS BASED ON THE VIRGINIA AND WISCONSIN EVR MARKETS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

            */s/  Leo D. Caseria*
            Leo D. Caseria
            SHEPPARD MULLIN RICHTER & HAMPTON, LLP
            2099 Pennsylvania Avenue NW, Suite 100
            Washington, DC 20006
            (202) 747-1900
            lcaseria@sheppardmullin.com