**PUBLIC REDACTED VERSION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* *Authenticom, Inc. v. CDK Global, LLC*, No. 1:18-cv-868 (N.D. Ill.) | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
THE OPINIONS AND PROFFERED TESTIMONY OF MS. CATHARINE LAWTON**

## TABLE OF CONTENTS

PAGE

INTRODUCTION ................................................................. 1

MS. LAWTON'S OPINIONS .......................................... 3

LEGAL STANDARD................................................... 6

ARGUMENT ............................................................ 7

I. ████████████████████████████████
████████

    ██ ████████████████████████████
████

    ██ ████████████████████████████
████

    ██ ████████████████████████████
████

    ██ ████████████████████████████
████

    ██ ████████████████████████████
████

██ ███████████████████████████████

██ ██████████████████████████████
████

██ ██████████████████████████████
████

██ ███████████████████████████████

██ ██████████████████████████████
████

CONCLUSION................................................................. 25

PUBLIC REDACTED VERSION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*360 Mortgage Group, LLC v. Homebridge Financial Servs., Inc.*,
  2016 WL 6075566 (W.D. Tex. Apr. 22, 2016) .......................................................................19

*Blue Cross & Blue Shield United of Wisc. v. Marshfield Clinic*,
  152 F.3d 588 (7th Cir. 1998) ................................................................................................21

*Cates v. Whirlpool Corp.*,
  2017 WL 1862640 (N.D. Ill. May 9, 2017) ...........................................................................24

*CDW LLC v. NETech Corp.*,
  906 F. Supp. 2d 815 (S.D. Ind. 2012) ................................................................................7, 10

*Champagne Metals v. Ken-Mac Metals, Inc.*,
  2008 WL 5205204 (W.D. Okla. Dec. 11, 2008) ....................................................................10

*Children's Broadcasting Corp. v. Walt Disney Co.*,
  245 F.3d 1008 (8th Cir. 2001) ...............................................................................................23

*Concord Boat Corp. v. Brunswick Corp.*,
  207 F.3d 1039 (8th Cir. 2009) ...............................................................................................20

*Craftsmen Limousine, Inc. v. Ford Motor Co.*,
  363 F.3d 761 (8th Cir. 2004) .................................................................................................23

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ............................................................................................................3, 7

*El Aguila Food Prod. v. Gruma Corp.*,
  131 F. App'x 450 (5th Cir. 2005) ..........................................................................................10

*Eleven Line, Inc. v. N. Tex. State Soccer Ass'n, Inc.*,
  213 F.3d 198 (5th Cir. 2000) ..............................................................................................8, 19

*Elorac, Inc. v. Sanofi-Aventis Can., Inc.*,
  2017 WL 3592775 (N.D. Ill. Aug. 21, 2017) ........................................................................23

*Emblaze Ltd. v. Apple Inc.*,
  52 F. Supp. 3d 949 (N.D. Cal. 2014) .....................................................................................25

*Fail-Safe, L.L.C. v. A.O. Smith Corp.*,
  744 F. Supp. 2d 870 (E.D. Wisc. 2010) .............................................................................19, 23

*Gumwood HP Shopping Partners, v. Simon Prop. Grp.*,
  221 F. Supp. 3d 1033 (N.D. Ind. 2016) .............................................................................15, 18, 19

PUBLIC REDACTED VERSION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc*,
  2016 WL 6091244 (N.D. Ind. Oct. 19, 2016) .......................................................................25

*Home Placement Serv., Inc. v. Providence Journal Co.*,
  819 F.2d 1199 (1st Cir. 1987) ............................................................................................7, 12

*Isaksen v. Vermont Castings, Inc.*,
  825 F.2d 1158 (7th Cir. 1987) ...................................................................................12, 15, 18

*Jamsport Ent., LLC v. Paradama Productions, Inc.*,
  2005 WL 14917 (N.D. Ill. Jan. 3, 2005) .............................................................................25

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)...............................................................................................................7

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
  387 F. Supp. 2d 794 (N.D. Ill. 2005) ....................................................................3, 7, 10, 19

*MCI Commc'ns Corp. v. AT&T Co.*,
  708 F.2d 1081 (7th Cir. 1983) .............................................................................................21

*Nilavar v. Mercy Health Sys.-W. Ohio*,
  3:99CV612, 2005 WL 8162667 (S.D. Ohio June 2, 2005)...................................................23

*S. Pac. Commc'ns Co. v. AT&T Co.*,
  556 F. Supp. 825 (D.D.C. 1982) .........................................................................................19

*Schultz v. Akzo Paints, LLC*,
  721 F.3d 426 (7th Cir. 2013) .................................................................................................7

*Sys. Dev. Integration, LLC v. Computer Sciences Corp.*,
  886 F.Supp.2d 873 (N.D. Ill. 2012) .....................................................................................23

*U.S. v. Price*,
  995 F.2d 729 (7th Cir. 1993) ...............................................................................................24

*C.W. ex rel. Wood v. Textron, Inc.*,
  807 F.3d 827 (7th Cir. 2015) .................................................................................................7

**PUBLIC REDACTED VERSION**

## INTRODUCTION

The damages model put forward by Catharine Lawton, Plaintiff Authenticom, Inc.'s proposed damages expert, hinges on an accurate representation of how Authenticom's business has performed since the alleged conspiracy between CDK and Reynolds. It therefore rises and falls on the reliability (and interpretation) of Authenticom's data. But that data (and her model) are unreliable because Authenticom has shown itself willing to characterize that data in whatever way suits its then-current litigation strategy.

At the 2017 preliminary injunction hearing, Authenticom needed to show imminent and irreparable harm. It did so by arguing that Defendants' alleged conspiracy was destroying its business of polling not just CDK's and Reynolds's DMSs, but "Other DMSs" as well. Authenticom put forth an expert to claim that Authenticom's "connections" to Other DMSs peaked in February 2015 and then fell precipitously through November 2016.

Now, Authenticom's interests are reversed. ████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████ █
████████████████████████████████████████ ██████████████████
██████████████████████████████████████████

The about-face is starkly illustrated. ██████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████. ██████████████████████
████████████████████████████████████████████████████████████



Ex. 93; Ex. 4, Rpt. fig. 8.3. A methodology that yields diametrically opposed conclusions from the same data can only be the result of litigation-driven manipulation.[1]

There is a clear reason for this divergence. ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

---

[1] "Ex. __" refers to exhibits attached to the Declaration of Daniel T. Fenske, filed concurrently. Gordon Klein, Authenticom's expert at the injunction hearing, has been retained by MVSC, but not Authenticom. Klein calculated ████████████████████████████████████████████

Lawton's report does not mention (must less justify) any of these failings. Uncovering them requires delving into the backup to her report ███████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████. ████████████████████████████████████

████████████████████████████ *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.,* 387 F. Supp. 2d 794, 817 (N.D. Ill. 2005). This Court should do the same.

Lawton's opinions are inadmissible for multiple other reasons. ███████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ This is exactly the type of unreliable and flawed analysis that *Daubert* and its progeny have charged courts with excluding.

## MS. LAWTON'S OPINIONS

Authenticom designated Lawton to provide opinions "as a damages expert" in the Authenticom matter. Ex. 4, Rpt. ¶ 1. ████████████████████████████████████████

████████████████████ Ex. 6, Tr. 82-84. Her Report opens with nearly 300 pages of narrative advocacy—unconnected to her damages analysis—regarding ████████████████████████

████████████████████████████████████████████████████ Ex. 4, Rpt. at 1-281.

Only the final thirty pages of Lawton's Report consist of her actual calculation of Authenticom's damages. *Id.* at 282-313. According to Lawton, ████████████████████████████████

[REDACTED]

[REDACTED][2] This for a company that, at the onset of the alleged conspiracy, had an annual net income of [REDACTED] Ex. 69 at 5.

In calculating damages, [REDACTED]

[REDACTED] Ex. 6, Tr. 21, 85. [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] *Id.* at 24-25.

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Ex. 4, Rpt. ¶¶ 22, 324 437, 440, 441, 443, 446, 447, 448, 510, 511, 514, 517, 518, Schedule 9.1, 9.2 *etc.* [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Ex. 4, Rpt. ¶¶ 22(b), 54 (emphasis added).

[REDACTED]

[REDACTED]

[REDACTED] Ex. 6, Tr. 117. [REDACTED]

---

[2] [REDACTED]



Ex. 34 at 2; Ex. 48.

---

[3] An independent dealer is a synonym for a user car dealership. "Independent" means the dealer is not a franchise of an original equipment manufacturer, such as General Motors or Toyota.

**PUBLIC REDACTED VERSION**

███████████████████████████████████████████████████████

████████████████████████ The issue remains a mystery, with each expert pointing at the other.

███████████████████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████   █████████████

████████████████████████████████████████████

Finally, Lawton made a number of unreliable assumptions. █████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████ Lawton has yet to

correct any of these errors.

## LEGAL STANDARD

Rule 702 requires the Court to ensure that expert testimony "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire*

**PUBLIC REDACTED VERSION**

*Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As the "gatekeeper of expert testimony," a district court must evaluate "the soundness and care with which the expert arrived at her opinion." *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015) (quoting *Schultz v. Akzo Paints, LLC*, 721 F.3d 426, 431 (7th Cir. 2013)). "The opportunity for vigorous cross examination and the presentation of contrary evidence . . . is not a basis for allowing otherwise inadmissible [expert] testimony to be admitted." *Loeffel Steel Prods.*, 387 F. Supp. 2d at 800.

## ARGUMENT

**I.** ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

A "yardstick" approach to damages has two essential requirements: the yardstick must be comparable to the impacted market and unimpacted by the alleged illegal conduct. ABA Section of Antitrust Law, Proving Antitrust Damages 279-80 (3d. ed. 2017). Comparability ensures that the comparison is between "'apples and apples' rather than one between 'apples and oranges.'" *Loeffel Steel Prods.*, 387 F. Supp. 2d at 812; *see also CDW LLC v. NETech Corp.*, 906 F. Supp. 2d 815, 824 (S.D. Ind. 2012) (yardsticks must be "sufficiently comparable that they may be used as accurate predictors of what the target would have done"). The independence requirement ensures that the alleged exclusionary conduct had no effect on the yardstick market or business. *Home Placement Serv., Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1206 (1st Cir. 1987) ("[T]he yardstick firm must be unaffected, one way or the other, by the defendant's antitrust violation."). It is the propounding expert's burden to justify the yardstick with sufficient economic analysis to establish both its comparability and its independence. *Eleven Line, Inc. v. N. Tex. State Soccer Ass'n, Inc.*, 213 F.3d 198, 207-09 (5th Cir. 2000).

**PUBLIC REDACTED VERSION**

**A.**

---

[4] Authenticom data calls CDK dealers "ADP," a reference to the fact that CDK was formerly a division of ADP.

8

**PUBLIC REDACTED VERSION**



**PUBLIC REDACTED VERSION**

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████. Either way,

these represent (i) an incomparable product market, and should be excluded, or (ii) are other

examples ███████████████████████████████████████

      *i.* ██████████████████████████████████████

███████████████████████████████████████████████████████████████████████

An expert must provide economic analysis to establish that a "yardstick" is appropriate. *CDW LLC*, 906 F. Supp. 2d at 824; *see also El Aguila Food Prod. v. Gruma Corp.*, 131 F. App'x 450, 453 (5th Cir. 2005). It is proper to exclude an expert who includes sales from a separate, non-comparable product market as the "yardstick." *Champagne Metals v. Ken-Mac Metals, Inc.*, 2008 WL 5205204, at *10 (W.D. Okla. Dec. 11, 2008); *Loeffel Steel Prods., Inc.*, 387 F. Supp. 2d at 812. ██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████

    ███████████████████████████████████████████████████

████████████████████████████████████████ ███████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████

In short, Lawton did *no* work, and *no* analysis of the relevant market, to justify her decision

████████████████████████████████████████████ ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████

██            ██████████████████████████████████████████
██████████████████████████████

Even if "vendor" connections constituted a comparable product market to DMS

connections, ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[6] Curiously, at their depositions, neither Mr. Cottrell nor Mr. Noth ████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████ Mr. Cottrell, similarly, could not provide
specifics. Ex. 58, Authenticom 30(b)(6) (Cottrell) Tr. 82.

**PUBLIC REDACTED VERSION**

i███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

    This creates two problems. First, ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████

      ██████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

PUBLIC REDACTED VERSION

**PUBLIC REDACTED VERSION**

Here is how this happened. ████████████████████████████████

Furthermore, as Carpod is an Authenticom-owned application, ████████████

14

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

This is indefensible.

**E.** █████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████  ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

█  ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████ If a firm's profits are inflated as a result of an alleged

antitrust violation, the plaintiff can "not use those profits as his benchmark in calculating the loss

---

[9] Dr. Israel's analysis is not perfect. For instance, ███████████████████████████████████
████████████████████████████████████████████
████████

PUBLIC REDACTED VERSION

of profits that was caused" by the violation. *Isaksen*, 825 F.2d at 1165. A plaintiff cannot ignore competition it might face in a but-for world. It "is only entitled to be put in the position it would have been in had competition been lawful, not the position it would have been had competition been absent." *Gumwood HP Shopping Partners* 221 F. Supp. 3d at 1042.

Courts frequently exclude damages models that make such incredible assumptions as these, such as

**PUBLIC REDACTED VERSION**

██████████████████████████████████████████████████████████████ *see also Gumwood,* 221 F. Supp. 3d at 1042; *360 Mortgage Group, LLC v. Homebridge Financial Servs., Inc.*, 2016 WL 6075566, at *5 (W.D. Tex. Apr. 22, 2016); *Fail-Safe, L.L.C. v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 891-92 (E.D. Wisc. 2010). This Court should do the same.

**III.** ████████████████████████████████████████████████████████

Even as constructed, Lawton admits ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████ *see also Loeffel Steel Prods.*, 387 F. Supp. 2d at 812 ("Absent the requisite showing of comparability, a damage model that predicts either the presence or absence of future profits is impermissibly speculative and conjectural."); *Eleven Line, Inc.*, 213 F.3d at 208. ███

████████████████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

---

[10] Lawton cites to documents ████████████████████████████████████████████████████████████████

This is no minor distinction. ██████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████ *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056 (8th Cir. 2009)

(opinion unreliable when it did not account for conditions preceding alleged violation period).

██ ██████████████████████████████████████████████████████████

████████████████████████████

It is fundamental that antitrust damages must isolate the damages alleged to be the result

of illegal conduct. *MCI Commc'ns Corp. v. AT&T Co.*, 708 F.2d 1081, 1162 (7th Cir. 1983)

_____

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████

**PUBLIC REDACTED VERSION**

("When a plaintiff improperly attributes all losses to a defendant's illegal acts, despite the presence of significant other factors, the evidence does not permit a jury to make a reasonable and principled estimate of the amount of damage."); *see also Blue Cross & Blue Shield United of Wisc. v. Marshfield Clinic*, 152 F.3d 588, 593 (7th Cir. 1998). Lawton admits this cardinal rule but makes no effort to follow it. Ex. 6, Tr. 18-19; *see also* Ex. 4, Rpt. ¶¶ 496-98.

**PUBLIC REDACTED VERSION**

---

[11] Lawton is inconsistent on this point.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ *Children's Broadcasting Corp. v. Walt Disney Co.*, 245 F.3d 1008, 1018 (8th Cir. 2001) (the "assertion that any or all of the alleged wrongful acts would have caused the same outcome is dubious").

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█ ███████████████████████████████████████

An expert cannot provide "results-oriented" analysis. *Nilavar v. Mercy Health Sys.-W. Ohio*, 2005 WL 8162667, at *8 (S.D. Ohio June 2, 2005); *see also Fail-Safe, L.L.C.*, 744 F. Supp. 2d at 888. █████████████████████████████████

███████████████████████████████████████████████████

**PUBLIC REDACTED VERSION**

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████. That is unjustified.

████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

**PUBLIC REDACTED VERSION**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

██    █████████████████████████████████████████████████.

The first nearly 300 pages of Lawton's Report constitute an improper advocacy-inspired interpretation of evidence, which is not appropriate testimony by a damages expert. *See Jamsport Ent., LLC v. Paradama Prods., Inc.,* 2005 WL 14917, at *10 (N.D. Ill. Jan. 3, 2005). Jurors can read documents just as well as any expert. *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, 2016 WL 6091244, at *2 (N.D. Ind. Oct. 19, 2016).

Lawton's fact "opinions" are not tied to her purported expertise, much less to her calculation of damages, which depend on ██████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

**CONCLUSION**

Defendants' Motion to exclude the opinions of Catharine Lawton should be granted.

**PUBLIC REDACTED VERSION**

Dated: February 28, 2020

Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

PUBLIC REDACTED VERSION

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on February 28, 2020, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF MS. CATHARINE LAWTON** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com

PUBLIC REDACTED VERSION

# TECHNICAL APPENDIX

PUBLIC REDACTED VERSION

**APPENDIX A-1** ███████████







---

[14] Some of data sources cited in the technical appendix are voluminous. As such, they are being tendered to the Court and other parties via thumb drive, in their native format. These include any data sources not listed as exhibits.