**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*In re Dealer Management Systems Antitrust Litigation*, MDL 2817

*This document relates to:*
ALL CASES

No. 1:18-CV-864

Hon. Robert M. Dow, Jr.

Magistrate Judge Jeffrey T. Gilbert

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS AND PROFFERED TESTIMONY OF MR. ALLAN STEJSKAL**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. It is Plaintiffs' burden to show that Mr. Stejskal's opinions satisfy Rule 702. .......... 2

II. Mr. Stejskal's opinions on [REDACTED] are unreliable, unhelpful to the jury, and should be excluded. .......... 3

A. Mr. Stejskal's opinion is based on anecdotes rather than expert methodology. .......... 4

B. Mr. Stejskal's personal experience is not a reliable barometer in any event. .......... 7

III. Mr. Stejskal's opinions on [REDACTED] are unreliable, unhelpful to the jury, and should be excluded. .......... 9

A. Mr. Stejskal's opinions on [REDACTED] [REDACTED] are not based on sufficient facts or data, and are not helpful to the jury. .......... 10

B. Mr. Stejskal lacks the specialized knowledge to opine about [REDACTED] [REDACTED] and his proffered opinions are not helpful to the jury. .......... 11

CONCLUSION .......... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bradley v. Brown*,
42 F.3d 434 (7th Cir. 1994) ....................4

*Briscoe v. Health Care Serv. Corp.*,
2020 WL 291361 (N.D. Ill. Jan. 21, 2020) ....................8

*Cates v. Whirlpool Corp.*,
2017 WL 1862640 (N.D. Ill. May 9, 2017) ....................9

*Chapman v. Maytag Corp.*,
297 F.3d 682 (7th Cir. 2002) ....................4

*Charter Practices Int'l, LLC v. Robb*,
2015 WL 13000251 (D. Conn. Mar. 31, 2015) ....................9, 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ....................2, 5

*DePaepe v. Gen. Motors Corp.*,
141 F.3d 715 (7th Cir. 1998) ....................5

*Dhillon v. Crown Controls Corp.*,
269 F.3d 865 (7th Cir. 2001) ....................9

*Driver v. Appleillinois, LLC*,
2011 WL 4007337 (N.D. Ill. Sept. 9, 2011) ....................4

*Gopalratnam v. Hewlett-Packard Co.*,
877 F.3d 771 (7th Cir. 2017) ....................4

*Jamsport Entm't, LLC v. Paradama Prods., Inc.*,
2005 WL 14917 (N.D. Ill. Jan. 3, 2005) ....................14

*Krik v. Exxon Mobil Corp.*,
870 F.3d 669 (7th Cir. 2017) ....................3

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) ....................2

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
661 F. Supp. 2d 940 (N.D. Ill. 2009) ....................14

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
387 F. Supp. 2d 794 (N.D. Ill. 2005) ....................3

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Martin v. Wal-Mart Stores, Inc.*,
2017 WL 6733687 (N.D. Ill. Dec. 18, 2017) ....................9

*Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*,
877 F.2d 1333 (7th Cir. 1989) ....................14

*In re Rezulin Products Liability Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004)....................11

*San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
2018 WL 5281909 (S.D. Cal. Oct. 23, 2018) ....................5

*Schultz v. Akzo Paints, LLC*,
721 F.3d 426 (7th Cir. 2013) ....................3

*In re Trasylol Prod. Liab. Litig.*,
2010 WL 1489793 (S.D. Fla. Feb. 24, 2010) ....................5

*United States v. Vitek Supply Corp.*,
144 F.3d 476 (7th Cir. 1998) ....................12, 14

*C.W. ex rel. Wood v. Textron, Inc.*,
807 F.3d 827 (7th Cir. 2015) ....................3

## INTRODUCTION

Allan Stejskal, [REDACTED] Prior to being hired as an expert, Mr. Stejskal appeared for a deposition in this MDL as a third-party fact witness, ostensibly pursuant to a subpoena issued by Kellogg Hansen on behalf of their Individual and Vendor Class Plaintiff clients. Kellogg Hansen then proceeded to represent Mr. Stejskal in that deposition.

While a number of Mr. Stejskal's proposed opinions are problematic, Defendants move to exclude only two particularly unreliable areas.

*First*, Mr. Stejskal offers a series of opinions on the [REDACTED] These opinions are not the product of any empirical quantitative or qualitative analysis. They arise purely from Mr. Stejskal's own anecdotal experience. By way of example only, [REDACTED]

*Second*, Mr. Stejskal offers conclusory opinions about [REDACTED]

[redacted]

There is no shortage of putative expert witnesses in this MDL. [redacted] Plaintiffs' attempt to cram additional self-serving conclusions regarding these topics into the testimony of an [redacted] falls well short of the admissibility standards set forth in Federal Rule of Evidence 702. These portions of Mr. Stejskal's opinions are unreliable, unhelpful to the jury, and should be excluded.

## ARGUMENT

### I. It is Plaintiffs' burden to show that Mr. Stejskal's opinions satisfy Rule 702.

Rule 702 requires the Court to ensure that expert testimony "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (applying *Daubert* to "technical" and "other

specialized" knowledge). As the "gatekeeper of expert testimony," a district court must go beyond the correctness of an expert's conclusions and evaluate "the soundness and care with which the expert arrived at her opinion." *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015) (quoting *Schultz v. Akzo Paints, LLC*, 721 F.3d 426, 431 (7th Cir. 2013)). "The opportunity for vigorous cross examination and the presentation of contrary evidence . . . is not a basis for allowing otherwise inadmissible [expert] testimony to be admitted." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 800 (N.D. Ill. 2005).

The proponent of expert testimony bears the burden to show that it is admissible. *Krik v. Exxon Mobil Corp*., 870 F.3d 669, 673 (7th Cir. 2017). Plaintiffs thus must show, with respect to the challenged portions of Mr. Stejskal's proposed testimony, that:

(1) Mr. Stejskal's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue";

(2) Mr. Stejskal's opinion is "based on sufficient facts or data";

(3) Mr. Stejskal's opinion is "the product of reliable principles and methods"; and

(4) Mr. Stejskal "reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702.

## II. Mr. Stejskal's opinions on DMS switching are unreliable, unhelpful to the jury, and should be excluded.

Though Plaintiffs' liability theories have shifted significantly during this litigation, their complaints have always featured a contention that dealers are "locked in" to the DMS vendors and that switching DMS providers is "expensive and difficult." *See e.g.*, *Authenticom* Compl. ¶ 113 (Dkt. 1, C.A. No. 18-cv-00868); *AutoLoop* Am. Compl. ¶¶ 47-49 (Dkt. 191, C.A. No. 18-cv-00864).



"Rule 702 explicitly requires that expert testimony be 'based on sufficient facts or data.'" *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 781 (7th Cir. 2017) (citing Fed. R. Evid. 702). The rule further requires that the expert's testimony be "the product of reliable principles and methods." *Id.* Mr. Stejskal's opinions regarding DMS switching fall well short of those requirements.

**A. Mr. Stejskal's opinion is based on anecdotes rather than expert methodology.**

The Seventh Circuit has stressed that "[p]ersonal observation is not a substitute for scientific methodology and is insufficient to satisfy *Daubert*'s most significant guidepost." *Chapman v. Maytag Corp.*, 297 F.3d 682, 688 (7th Cir. 2002); *see also Bradley v. Brown*, 42 F.3d 434, 438 (7th Cir. 1994) (excluding expert whose methodology was "merely anecdotal"). It is therefore not surprising that courts in this district have excluded expert opinions that are based "chiefly on [the expert's] memory, rather than a verifiable body of quantitative data." *Driver v. Appleillinois, LLC*, 2011 WL 4007337, *6 (N.D. Ill. Sept. 9, 2011). Expert testimony "based solely on [the expert's] subjective definitions and standards" does not satisfy *Daubert*'s requirements.

[1] Defendants note that Dr. Israel's switching analysis is nonetheless deeply flawed, and accordingly have moved separately to exclude Dr. Israel's switching analysis, among other opinions.

*San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2018 WL 5281909, at *7 (S.D. Cal. Oct. 23, 2018); *see also In re Trasylol Prod. Liab. Litig.*, 2010 WL 1489793, at *9 (S.D. Fla. Feb. 24, 2010) (excluding opinion based on "subjective beliefs and personal views").

Mr. Stejskal's opinions [REDACTED] Absent review of or experience with actual contracts, Mr. Stejskal's opinions about their effect is necessarily speculative—and "the whole point of *Daubert* is that experts can't 'speculate.'" *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998).

Next, Mr. Stejskal states [REDACTED]

[REDACTED]

- [REDACTED]
- [REDACTED]



**B. Mr. Stejskal's personal experience is not a reliable barometer in any event.**

Even if one were to assume that anecdotal experience could be sufficient to support his conclusions, the gaps in Mr. Stejskal's knowledge are far too wide for his experience to be reliably applied to the facts of this case.

As noted above, t[redacted]

[redacted] he cannot explain "how [his] anecdotal experience enabled [him] to reliably reach [his] expert conclusions" in this case. *See Briscoe v. Health Care Serv. Corp.*, 2020 WL 291361, at *3 (N.D. Ill. Jan. 21, 2020).

[redacted]

[redacted] data renders his opinions, at best, anecdotal and unhelpful to a jury. *See Cates v. Whirlpool Corp.*, 2017 WL 1862640, at *15 (N.D. Ill. May 9, 2017) ("This selective blindness underscores the unreliability of [the expert's] methodology.").

At bottom, Mr. Stejskal's opinion is based on nothing more than his observation that [REDACTED] But "an expert must testify about something more than what is obvious to the layperson in order to be helpful to the jury." *Martin v. Wal-Mart Stores, Inc.*, 2017 WL 6733687, *3 (N.D. Ill. Dec. 18, 2017) (citing *Dhillon v. Crown Controls Corp*., 269 F.3d 865, 871 (7th Cir. 2001)). [REDACTED] and Plaintiffs' efforts to present him as an "expert" on the matter should not be allowed. *See Charter Practices Int'l, LLC v. Robb*, 2015 WL 13000251, at *5 (D. Conn. Mar. 31, 2015) (excluding expert whose "largely anecdotal" opinion did "not rely upon any particular type of expertise, scientific methodology, or principles that would assist the jury").

**III. Mr. Stejskal's opinions on [REDACTED] are unreliable, unhelpful to the jury, and should be excluded.**

Mr. Stejskal also offers opinions [REDACTED]

**A. Mr. Stejskal's opinions on [REDACTED] are not based on sufficient facts or data, and are not helpful to the jury.**

[REDACTED]



moreover, then that opinion is "so vague as to be unhelpful to a fact-finder." *In re Rezulin Products Liability Litig.*,

[2] https://www.nada.org/nadadata/ (last visited Feb. 27, 2020).
[3] Ex. 14, Expert Tr. 110.
[4] Ex. 14, Expert Tr. 110.
[5] Ex. 14, Expert Tr. 113.
[6] Ex. 13, Fact Tr. 173-74.

309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004). It certainly should not be given the imprimatur of testimony from an "industry expert." *See supra* § II.A.

**B. Mr. Stejskal lacks the specialized knowledge to opine about [REDACTED] and his proffered opinions are not helpful to the jury.**

This opinion is inadmissible because Mr. Stejskal is not qualified to give it, he employed no methodology to reach that conclusion, and it has no reliable foundation.

7



Further, Mr. Stejskal did not apply any methodology in reaching his conclusion.

None of that is expert analysis. *See United States v. Vitek Supply Corp.*, 144 F.3d 476, 486 (7th Cir. 1998) (expert testimony must "draw[] on some special skill,

knowledge, or experience to formulate that opinion . . . rather than simply [be] an opinion broached by a purported expert”).

[redacted]

Being an "industry expert" on some issues does not give Mr. Stejskal broad license to weigh in on anything and everything touching the industry. "An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion; the opinion must be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert." *Vitek Supply Corp.*, 144 F.3d at 486; *see also LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 661 F. Supp. 2d 940, 957 (N.D. Ill. 2009) (expert qualified in one respect may not offer opinions in areas in which he has "no training or expertise"). [redacted]

## CONCLUSION

For the reasons set forth above, Defendants request that the Court exclude Mr. Stejksal's proposed testimony [redacted]

8 [redacted] Regardless, the jury can review those materials and draw its own conclusions. *See Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1340 (7th Cir. 1989) (excluding opinion of expert who merely "examined materials produced in discovery and drew inferences from the record"); *Jamsport Entm't, LLC v. Paradama Prods., Inc.*, 2005 WL 14917, at *10 (N.D. Ill. Jan. 3, 2005) (excluding expert because he was no "more competent than the average juror" at reviewing record evidence).

Dated: February 28, 2020

Respectfully submitted,

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

/s/ Britt M. Miller
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

**CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on February 28, 2020, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS AND PROFFERED TESTIMONY OF MR. ALLAN STEJSKAL** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com