**PUBLIC REDACTED VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Authenticom, Inc. v. CDK Global, LLC*, No. 1:18-cv-868 (N.D. Ill.); *Loop, LLC d/b/a AutoLoop v. CDK Global, LLC*, No. 1:18-cv-2521 (N.D. Ill.); *MVSC v. CDK Global, LLC*, No. 1:18-cv-865 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF MR. BRIAN HALPIN

**TABLE OF CONTENTS**

Page

INTRODUCTION AND ARGUMENT ................................................................................... 1

    I.      Mr. Halpin's Opinion Is Irrelevant and Unhelpful To The Jury............................ 2

    II.     Defendants' Proposed Stipulation Renders Mr. Halpin's Opinion
           Even More Clearly Irrelevant. ............................................................................... 3

    III.    Mr. Halpin's Testimony Would Be Unduly Prejudicial And Likely
           Confuse the Jury .................................................................................................... 5

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baumann v. Media General Operations, Inc.*,
2006 WL 5249849 (E.D. Ky. Jan. 13, 2006) .................................................................... 3, 4

*Black & Decker v. Bosch Tools*,
2006 WL 5156873 (N.D. Ill. Sept. 8, 2006) ......................................................................... 6

*Bogathy v. Union Pac. Rr.*,
2020 WL 419406 (N.D. Ill. Jan. 24, 2020) ........................................................................... 1

*In re Brand Name Prescription Drugs Antitrust Litig.*,
186 F.3d 781 (7th Cir. 1999) ................................................................................................. 3

*Brown v. Wescott*,
2013 WL 6670252 (W.D. Wash. Dec. 18, 2013) ................................................................ 3

*Bull v. Bd. of Tr. of Ball State Univ.*,
2012 WL 13028936 (S.D. Ind. May 2, 2012) ...................................................................... 2

*Fairley v. Andrews*,
2011 WL 2142800 (N.D. Ill. May 31, 2011) ............................................................... 5, 6, 7

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
387 F. Supp. 2d 794 (N.D. Ill. 2005) .................................................................................... 2

*LovePop, Inc. v. Paper Pop Cards, Inc.*,
2019 WL 350762 (D. Mass. Jan. 29, 2019) ......................................................................... 4

*Martin v. City of Atlanta*,
579 F. App'x 819 (11th Cir. 2014) ........................................................................................ 3

*Seals v. Mitchell*,
2011 WL 1399245 (N.D. Cal. Apr. 13, 2011) ..................................................................... 3

*Thompson v. City of Chicago*,
472 F.3d 444 (7th Cir. 2006) ................................................................................................. 5

*United States v. Wilkins*,
2016 WL 2616497 (W.D. Mo. Apr. 8, 2016) ...................................................................... 4

*White v. City of Chicago*,
2011 WL 679905 (N.D. Ill. Feb. 16, 2011) ......................................................................... 3

## INTRODUCTION AND ARGUMENT

Brian Halpin's report and testimony should be excluded because his opinion is irrelevant to the issues in this case. Indeed, Defendants are willing to *stipulate* to the undisputed factual issue at the heart of the report. Plaintiffs proffer Mr. Halpin's report for the sole and inappropriate purpose of prejudicing the jury.

Mr. Halpin purports to opine  But Defendants do not dispute that Mr. Cottrell Defendants even offered to stipulate that Individual Plaintiffs refused to withdraw Mr. Halpin's report.

The Court should exclude Mr. Halpin's opinion for three reasons. First, Mr. Halpin's opinion is irrelevant as it would not assist a jury in resolving any factual issue in this litigation. Second, even if Mr. Halpin's opinion had some borderline relevance, Defendants' proposed stipulation renders his opinion moot. Finally, Mr. Halpin's testimony creates a substantial risk of unfair prejudice to Defendants that vastly outweighs any probative value. The Court accordingly should exclude Mr. Halpin's opinion in its entirety.[1]

---

[1] *See Bogathy v. Union Pac. Rr.*, 2020 WL 419406, at *2-3 (N.D. Ill. Jan. 24, 2020) (describing *Daubert* standard). "Ex. __" refers to the exhibits attached to the Declaration of Daniel T. Fenske, filed concurrently.

Case: 1:18-cv-00864 Document #: 896 Filed: 02/29/20 Page 5 of 11 PageID #:41514
PUBLIC REDACTED VERSION

**I.     Mr**. **Halpin's Opinion Is Irrelevant and Unhelpful To The Jury.**

Rule 702 requires as a threshold matter that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "The opportunity for vigorous cross examination and the presentation of contrary evidence . . . is not a basis for allowing otherwise inadmissible [expert] testimony to be admitted." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 800 (N.D. Ill. 2005).

[REDACTED]

Accordingly, this Court should exclude Mr. Halpin's opinion because it is irrelevant to resolving any allegations, claims, defenses, or disputes in issue in this litigation. *See Bull v. Bd. of Tr. of Ball State Univ.*, 2012 WL 13028936, at *2 (S.D. Ind. May 2, 2012) ("Expert testimony is

2

properly excluded under Rule 702 when it 'mainly concerns a matter not in issue.'") (quoting *Stevens v. McBride*, 489 F.3d 883, 892 (7th Cir. 2007)).

### II. Defendants' Proposed Stipulation Renders Mr. Halpin's Opinion Even More Clearly Irrelevant.

Even if Individual Plaintiffs could show some marginal relevance to Mr. Halpin's opinions, Defendants have offered to stipulate that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That offer renders Mr. Halpin's proposed testimony undeniably improper. *See White v. City of Chicago*, 2011 WL 679905, at *4 (N.D. Ill. Feb. 16, 2011) (barring expert opinions that were not "relevant" "[i]n light of Plaintiff's stipulation"). As the Seventh Circuit has stated, expert testimony should be excluded where it "mainly concern[s] a matter not in issue" and can "be[] removed as an issue at trial by a stipulation of the parties"—precisely as Defendants tried to do here. *In re Brand Name Prescription Drugs Antitrust Litig.*, 186 F.3d 781, 786 (7th Cir. 1999).[2]

Courts have recognized as much in cases involving metadata and electronic files specifically. In *Baumann v. Media General Operations, Inc.*, 2006 WL 5249849, at *2 (E.D. Ky. Jan. 13, 2006), for example, the court excluded proposed expert testimony that a particular document "could have been modified" because the software used by the defendants "allows access to and the ability to modify [such] documents." The court found that testimony "not relevant" and "unnecessary" because the defendants were "willing to stipulate" that the software "permits certain

---

[2] *See also, e.g.*, *Martin v. City of Atlanta*, 579 F. App'x 819, 827 (11th Cir. 2014) ("expert testimony regarding anything other than Rubin's intentional discrimination in making the promotions was irrelevant to the issues remaining in the case, because the parties stipulated the creation of the 2004 and 2007 Lists was not the result of discrimination"); *Brown v. Wescott*, 2013 WL 6670252, at *3 (W.D. Wash. Dec. 18, 2013) ("Vega's testimony is irrelevant because Defendants have stipulated to the reasonableness of medical charges."); *Seals v. Mitchell*, 2011 WL 1399245, at *9 (N.D. Cal. Apr. 13, 2011) ("Because the parties stipulate that Defendants were acting under color of law, Mr. Zwickey's proffered opinion regarding official capacity is not helpful to the jury.").

3

people with proper authorization to modify documents and it is impossible to tell which documents have been modified." *Id*. Similarly, in *United States v. Wilkins*, 2016 WL 2616497, at *4 (W.D. Mo. Apr. 8, 2016), the court refused to allow a private investigator to testify about the metadata of certain photographs that showed a gun in the defendant's car because (among other things) it was undisputed that the photographs were taken before the gun was moved.

After Defendants offered the stipulation, Individual Plaintiffs declined to withdraw Mr. Halpin's report, stating without elaboration that Mr. Halpin's "opinion is probative and would be helpful to a jury." Ex. 32, Dec. 29, 2019 Ltr. from M. Nemelka. But the two cases Individual Plaintiffs cited for that proposition point in the opposite direction. In the first, *LovePop, Inc. v. Paper Pop Cards, Inc.*, 2019 WL 350762 (D. Mass. Jan. 29, 2019), the timing of the documents' creation was central to the parties' legal dispute. The plaintiff alleged that the defendant "manipulated" metadata to make it appear as though subject documents "were created before LovePop's designs" and both parties disclosed metadata experts to offer opinions supporting or refuting that theory. *Id*. at *1. As explained above, no such dispute exists here.

The second case Individual Plaintiffs cited was *United States v. Wilkins*, *supra*. There, the court found that testimony about metadata was entirely "irrelevant" because it was undisputed that the photographs in question were taken before alteration of the scene. 2016 WL 2616497, at *4. It added, in the alternative, that metadata should be the subject of expert rather than lay testimony—but only "in the event such evidence *were relevant*." *Id*. at *5 (emphasis added).

Here, as in *Baumann*, Mr. Halpin's testimony would not make any relevant fact "more or less probable than without the testimony" given Defendants' stipulation. 2006 WL 5249849, at *2. Mr. Halpin's testimony is therefore irrelevant and inadmissible.

4

**III.     Mr. Halpin's Testimony Would Be Unduly Prejudicial And Likely Confuse the Jury.**

Mr. Halpin's testimony should also be excluded because its potential prejudicial effect far outweighs its probative value. Evidence should be excluded where its "negligible probative value" would be "substantially outweighed by the danger of unfair prejudice and juror confusion" posed by that testimony. *See Fairley v. Andrews*, 2011 WL 2142800, *5 (N.D. Ill. May 31, 2011); *see also Thompson v. City of Chicago*, 472 F.3d 444, 456 (7th Cir. 2006) ("Evidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis.").

*First*, Mr. Halpin's testimony has little probative value. ████████████████

████████████████████████████████████████████████████████████████████████

5



*Second*, Mr. Halpin's testimony would be extremely prejudicial. Permitting Mr. Halpin to testify at trial would risk confusing the jury on the ▇▇ authenticity as an electronic record with its content's accuracy, which Mr. Halpin does not and cannot address. *See supra* p.2. ▇▇ ▇▇ A party cannot proffer an expert to serve as "the mouthpiece of" a fact witness "on whose statements or opinions [he] purports to base his opinion." *Black & Decker v. Bosch Tools*, 2006 WL 5156873, at *1 (N.D. Ill. Sept. 8, 2006) (St. Eve, J.). The danger of substantial prejudice is heightened given that Mr. Cottrell is one of the Individual Plaintiffs' key witnesses in this litigation and has offered contradictory testimony on many disputed topics. Individual Plaintiffs should not be able to use an expert opinion on an undisputed issue to interfere with the jury's ability to evaluate Mr. Cottrell's credibility on disputed issues.

In sum, in light of the irrelevance of Mr. Halpin's testimony to any fact in issue, the risk of prejudice to Defendants substantially outweighs any arguable probative value of Mr. Halpin's

---

3 ▇▇

opinions. *See Fairley*, 2011 WL 2142800, at *5. I███████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████ There is no reason to allow the Individual Plaintiffs to *also* proffer testimony on the ████ from Mr. Halpin, particularly when the date of the █████████ is not even at issue in the case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exclude the testimony of Brian Halpin.

Dated: February 28, 2020                                   Respectfully submitted,

/s/ *Aundrea K. Gulley*                                    /s/ *Britt M. Miller*
Aundrea K. Gulley                                          Britt M. Miller
Brian T. Ross                                              Michael A. Scodro
Brice A. Wilkinson                                         Daniel T. Fenske
Ross A. MacDonald                                          Matthew D. Provance
GIBBS & BRUNS LLP                                          MAYER BROWN LLP
1100 Louisiana Street                                      71 South Wacker Drive
Suite 5300                                                 Chicago, IL 60606
Houston, TX 77002                                          (312) 782-0600
(713) 751-5258                                             bmiller@mayerbrown.com
agulley@gibbsbruns.com                                     dfenske@mayerbrown.com
bross@gibbsbruns.com                                       mprovance@mayerbrown.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com                                  Mark W. Ryan
                                                           MAYER BROWN LLP
                                                           1999 K Street NW
Michael P.A. Cohen                                         Washington, DC 20006
Leo D. Caseria                                             (202) 263-3000
SHEPPARD MULLIN RICHTER & HAMPTON, LLP                     mryan@mayerbrown.com
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006                                       *Counsel for Defendant*
(202) 747-1900                                             *CDK Global, LLC*
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

## CERTIFICATE OF SERVICE

    I, Britt M. Miller, an attorney, hereby certify that on February 28, 2020, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF MR. BRIAN HALPIN** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                    */s/ Britt M. Miller*
                                    Britt M. Miller
                                    MAYER BROWN LLP
                                    71 South Wacker Drive
                                    Chicago, IL 60606
                                    (312) 782-0600
                                    bmiller@mayerbrown.com