PUBLIC REDACTED VERSION

# EXHIBIT 32

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

October 29, 2019

*Via E-Mail*

Dan Fenske, Esq.,
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606

    Re:  *In re: DMS Antitrust Litigation,* C.A. No. 18-C-864, MDL No. 2817 (N.D. Ill.)

Dear Dan:

    I write in response to your October 17 letter regarding the Forensic Report of Brian Halpin dated August 26, 2019 (the "Report"), which was issued on behalf of Plaintiffs Authenticom, Inc., Motor Vehicle Software Corporation, and the Vendor Class represented by AutoLoop (collectively, the "Individual and Vendor Class Plaintiffs").

    In his Report, as you note, Mr. Halpin opines as to the authenticity of the meeting notes that Steve Cottrell took the morning after his conversation with Dan McCray (the "Subject Document"). In your letter, you state that Defendants CDK and Reynolds "do not dispute the authenticity" of the meeting notes. And that for purposes of summary judgment or trial in the *Authenticom*, *MVSC*, or *AutoLoop* cases, CDK and Reynolds "will stipulate (in those cases in which they remain named) that the Subject Document ███████████████████████████████████████████████████████████████████████." You claim, therefore, that Mr. Halpin's report is moot, and you request that the Individual Plaintiffs and Vendor Class Plaintiffs withdraw the Report.

    We respectfully decline to withdraw Mr. Halpin's Report. You claim that the Report may be "cumulative and unfairly prejudicial," and therefore Defendants may move to strike or bar its use. We disagree that the Report is either cumulative or unfairly prejudicial. To the contrary, Mr. Halpin's opinion is probative and would be helpful to a jury. *See, e.g., United States v. Wilkins*, 2016 WL 2616497, at *4-5 ("computer forensics experts should testify about metadata rather than a lay witness") (citing cases); *LovePop, Inc. v. Paper Pop Cards, Inc.*, 2019 WL 350762, at *2 (D. Mass. 2019) (expert "explanation of what metadata is and how it works will assist lay jurors."). Moreover, how and in what manner Mr. Halpin's opinion may be used at trial – and what other evidence may be presented – is still to be determined. We therefore decline to withdraw Mr. Halpin's Report.

Very truly yours,

*s/ Michael N. Nemelka*

Michael N. Nemelka