IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* ALL ACTIONS EXCEPT *i3 Brands, Inc., et al. v. CDK Global, LLC, et al.*, No. 19-cv-1412 | Hon. Robert M. Dow, Jr.<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' STATEMENT REGARDING SUMMARY JUDGMENT BRIEFING**

Defendants CDK Global, LLC ("CDK") and The Reynolds & Reynolds Company ("Reynolds") file this position statement on the appropriate enlargement of page limits and Local Rule 56.1 statements for the parties' upcoming motions for summary judgment.[1]

## Background

Pursuant to the Fourth Amended Stipulated Amended Case Management Order, Dkt. 856, dispositive motions in four separate cases in this MDL are due on April 1, 2020. Each case involves different parties and market participants, and different (though related) claims and counterclaims.

| Case | Plaintiff | Defendant(s) | Market Participants | Counterclaim(s)? |
|---|---|---|---|---|
| *Authenticom* | Authenticom, Inc. | CDK and Reynolds | Third-Party Data Extractors | Yes (2 sets) |
| *Loop LLC d/b/a AutoLoop* | Putative Vendor Class | CDK | Software Vendors | Yes |
| Dealership Case | Putative Dealer Class | CDK | Car Dealers | Yes |
| *MVSC* | Motor Vehicle Software Corp. | Reynolds | Certain EVR Vendors | No |

The *Authenticom*, vendor, and dealer cases involve a supposed conspiracy to "block" third-party data extractors and force vendors to pay anticompetitive prices for certified integration on Defendants' respective dealer management systems ("DMSs")—a theory that these plaintiffs have recently sought to expand to include a broader purported agreement to reduce competition on DMS "openness." *See* Dkt. 775 (describing this shift). The *MVSC* litigation, by contrast, involves a distinct alleged agreement to exclude a vendor from Defendants' certified integration programs, though MVSC too recently attempted to expand its case to include new state EVR markets (despite each states' own laws and dealings with MVSC and other EVR providers). *See* Dkt. 789 (same).

---

[1] CDK and Reynolds file this statement only as to those cases in which they are a party, respectively.

Discovery in this complex MDL has been voluminous. The parties have taken nearly 90 fact depositions and exchanged millions of pages of documents. They have also proffered approximately 20 experts, whose reports total around 3,000 pages including appendices. Many of these materials are relevant in all or most of the cases. But many are specific to the particular claims, markets, or theories raised by each individual case.

## Summary Judgment Briefing

Defendants anticipate moving for summary judgment in each of the four above cases. In addition, Reynolds has already moved for partial summary judgment on its *Authenticom* counterclaims. *See* Dkt. 777 ("MPSJ"); Dkt. 796 (granting leave to file brief in excess of 15 pages). Reynolds's MPSJ addresses the legality under the Digital Millennium Copyright Act and the Wisconsin Computer Crimes Act of certain measures Authenticom took to avoid Reynolds's blocking efforts. Defendants understand that Plaintiffs will be moving for summary judgment on Defendants' counterclaims as well.

Local Rules 7.1 and 56.1 presumptively authorize opening briefs of 15 pages each, 80 separately-numbered paragraphs of undisputed material fact, and 40 separately-numbered paragraphs of "additional facts" its response to the moving party's 80. On February 12, 2020, Plaintiffs wrote Defendants to propose an expansion of these limits. Ex. A at 3-4. The parties met and conferred on February 14. Defendants wrote Plaintiffs on February 25 to attempt to narrow the gap. *Id*. at 1-2. Following another meet-and-confer on March 3, the parties remained at impasse and agreed to submit position statements to the Court. *See* Dkt. 905.

## The Parties' Proposals

**Page Limits**. On the affirmative claims, Defendants propose per side limits of **240 pages** for opening briefing (48 pages per Defendant per case), **240** pages for opposition briefing, and **120**

**pages** for reply briefing, to be divided in each of the four cases. On the counterclaims, Defendants propose per side limits of **120 pages** for Plaintiffs' opening briefs; **120 pages** for opposition briefs, and **60 pages** for reply, also to be divided as needed. Finally, since Reynolds has already filed a MPSJ on its counterclaims in *Authenticom*, Defendants propose that Reynolds be permitted to file a revised brief of up to **30 pages** or to stand on its current 26-page brief; that Authenticom be given **30 pages** in opposition; and that Reynolds be permitted a **15 page** reply.

Plaintiffs' counterproposal is for a "**100 / 100 / 50**" split per side, numbers that are "inclusive of *all* claims and counterclaims." Ex. B at 1 (emphasis added). Notably, Plaintiffs' *original* proposal for opening briefs contemplated that each Defendant could file a 30-page brief in each case, for a total of 150 pages on Plaintiffs' claims, plus 30 on Defendants' counterclaims. Ex. A at 2, 4.

Respectfully, Defendants do not see how Plaintiffs can reasonably expect the parties to meaningfully address summary judgment in this MDL in 100 total pages—especially when, as Reynolds's MPSJ demonstrates, a relatively discrete argument in just one case benefits from 25-30 pages to fully address the issues. Defendants' motions to dismiss in the dealer case alone were 52 and 45 pages long. *See* Dkt. 255, Dkt. 265. Opening motion to dismiss briefing in the *Authenticom* and vendor cases was approximately 100 pages more. *See, e.g.*, Dkt. 55 (26 pages); Dkt. 57 (50 pages); Dkt. 261 (20 pages). Finally, Reynolds filed rounds of motion to dismiss briefs in the *MVSC* case, with opening briefs ranging from 21 to 17 pages. *See* No. 18-cv-865 (N.D. Ill.), Dkt. 63-1 & 105. All of the foregoing were filed before extensive discovery and before Plaintiffs sought to dramatically expand their conspiracy theory via expert report, which now purports to encompass 18 more months of conduct and a different conspiratorial objective, or the markets in which they were seeking damages in *MVSC*.

3

Under Plaintiffs' proposal, Defendants would have only 74 pages to address *four* distinct cases raising factual and legal issues that go far beyond the narrow question raised by the MPSJ, which is currently 26 pages. That proposal would give Defendants just 18 pages per case on average, which is simply not feasible. Parties routinely file opening summary judgment briefs in significant antitrust cases that far exceed this amount. *E.g.*, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, No. 06-cv-6235 (N.D. Ill.), Dkt. 567 (65 pages).

Defendants wish to stress that they have no interest in burdening Plaintiffs or the Court with unnecessary pages. Defendants intend to avoid duplication across their briefs and statements of facts. If they can fairly and effectively present their arguments in fewer pages than they have requested, Defendants will absolutely do so. That said, summary judgment is a critical juncture in any case, and these cases raise many unique issues that must be evaluated in light of unique evidence. To force the parties to litigate these complex questions within highly unrealistic page constraints does no one any favors.

This Court observed as much previously when the dealers opposed Defendants' request for excess pages to respond to the dealers' Consolidated Complaint. As the Court said then,

> more often than not I've been – I've wished I had more than less on complex cases. There are lots of times where I read briefs in complex cases and I say, "Oh, but I see this issue you guys didn't brief." And then you can go through the dockets and see how many times I have issued supplemental briefing orders, saying, "I want you to brief this, this specific issue." So that's where I trust really good lawyers who are experienced in this area -- as all of you guys are -- to give me what I need, and that's why I generally grant motions for oversize briefs.

Ex. C (7/11/2018 Tr.) at 7. Accordingly, while Defendants will make every effort to economize and avoid duplication, they submit that their proposal will best facilitate the just and speedy resolution of these cases.

**LR 56.1 Statements**. Defendants propose that the parties each be permitted to file up to **240 paragraphs** of "common" statements of fact applicable to all of the cases and up to **80**

4

**paragraphs** (the default contemplated by the local rules) in connection with any individual affirmative/counterclaim motion; and that parties file responsive statements of **120 paragraphs** and **40 paragraphs**, respectively. Plaintiffs counterproposal is a single **240/120 paragraph split** for *all* claims and counterclaims, inclusive of the 56 already used by Reynolds's MPSJ (leaving just 184). *See* Ex. B at 1.

Here, too, Defendants have no wish to multiply the number of pages that the Court or the parties must read. The purpose of the common statements of fact is to set out in one location a set of core material facts that bear on multiple cases in the MDL. The purpose of the satellite, case-specific statements is to address case-specific issues (of which there are many) as appropriate. Defendants do not intend to offer more facts than necessary. But requiring the parties to address all of the material facts that bear on four summary judgment motions and a MPSJ in just 240 paragraphs risks prejudicing Defendants and making it harder for the Court to resolve the motions. The statement of facts in support of Reynolds's MPSJ is 56 paragraphs (short of the 80 allowed). Dkt. 803. The remaining motions deal with a much wider range of issues and require significant additional factual context. Again, Defendants' request is reasonable. In the *Omnicare* case referenced above, the opening brief contained 157 separate statements of fact. No. 06-cv-6235 (N.D. Ill.), Dkt. 568. And that was a single complaint not involving the complications of this MDL.

### Conclusion

Defendants request that the Court adopt page and LR 56.1 limits as follows:

**Defs.' Affirmative SJ:** 240 pages / 240 pages / 120 pages (combined across all cases)
**Defs.' Counterclaim SJ:** 30 pages / 30 pages / 15 pages
**Pls.' Counterclaim SJ:** 120 pages / 120 pages / 60 pages (combined across all cases)
**Defs.' Affirm. LR 56.1:** 240 "combined" facts + 80 per individual motion
120 "combined" facts + 40 per individual motion in response
**Defs.' Counter LR 56.1:** 80 opening facts / 40 in response
**Pls.' Counter LR 56.1:** 240 "combined" facts + 80 per individual counterclaim
120 "combined" facts + 40 per individual motion in response

5

Dated: March 6, 2020            Respectfully submitted,

/s/ *Aundrea K. Gulley*           /s/ *Britt M. Miller*
Aundrea K. Gulley              Britt M. Miller
Brian T. Ross                  Michael A. Scodro
Brice A. Wilkinson           Daniel T. Fenske
Ross A. MacDonald          Matthew D. Provance
Gibbs & Bruns LLP           Mayer Brown LLP
1100 Louisiana Street         71 South Wacker Drive
Suite 5300                     Chicago, IL 60606
Houston, TX 77002          (312) 782-0600
(713) 751-5258              bmiller@mayerbrown.com
agulley@gibbsbruns.com     dfenske@mayerbrown.com
bross@gibbsbruns.com       mprovance@mayerbrown.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com    Mark W. Ryan
                                         Mayer Brown LLP
Michael P.A. Cohen          1999 K Street NW
Leo D. Caseria               Washington, DC 20006
Sheppard Mullin Richter & Hampton, LLP   (202) 263-3000
2099 Pennsylvania Avenue NW, Suite 100   mryan@mayerbrown.com
Washington, DC 20006
(202) 747-1900              *Counsel for Defendant*
mcohen@sheppardmullin.com   *CDK Global, LLC*
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

## **CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on March 6, 2020, I caused a true and correct copy of the foregoing **DEFENDANTS' STATEMENT REGARDING SUMMARY JUDGMENT BRIEFING**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
Fax: (312) 701-7711
E-mail: bmiller@mayerbrown.com