# Exhibit C

```
 1                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3    IN RE                              )  Docket No. 18 C 864
                                         )
 4    DEALER MANAGEMENT SYSTEMS          )  Chicago, Illinois
      ANTIRUST LITIGATION                )  July 11. 2018
 5                                       )  9:21 a.m.
                                         )
 6
                            TRANSCRIPT OF PROCEEDINGS
 7                   BEFORE THE HONORABLE ROBERT M. DOW, JR.

 8
      APPEARANCES:
 9
      For the Plaintiffs,
10    Authenticom, et al.:     KELLOGG, HANSEN, TODD, FIGEL &
                               FREDERICK, PLLC, by
11                             MR. MICHAEL N. NEMELKA
                               1615 M Street, N.W.
12                             Suite 400
                               Washington, District of Columbia  20036
13                             (202) 236-7931
                               mnemelka@kellogghansen.com
14
      For the Dealer
15    Plaintiffs:              MILBERG LLP, by
                               MS. PEGGY J. WEDGWORTH
16                             1 Penn Plaza
                               Suite 4800
17                             New York, New York  10119
                               (212) 631-8622
18                             pwedgworth@milberg.com

19

20

21    Court Reporter:

22                             KRISTIN M. ASHENHURST, CSR, RDR, CRR
                               Official Court Reporter
23                             United States District Court
                               219 S. Dearborn Street, Suite 2303-A
24                             Chicago, IL 60604
                               (312) 818-6549
25                             kristin_ashenhurst@ilnd.uscourts.gov
```

1  also talking about the -- without getting too far into the
2  weeds, it's not yet finalized -- but talking about the issue of
3  class arbitration, which is prohibited by the agreement.
4  There's this circuit split that we want to address for your
5  Honor on two different issues, actually.  So that's why we are
6  briefing that separately so that that's all presented for you.
7        THE COURT:  Right.  Because I just wondered -- quite
8  often I see them as one brief, and that could be potentially a
9  little tighter for you.  There's certainly no reason to repeat
10 the factual background probably much at all.
11       MS. GULLEY:  Absolutely, your Honor.  We have not
12 duplicated across the briefs in the background section or the
13 introduction or anything like that.  The arguments are
14 completely separate in the 12(b)(6) motion and the motion for
15 arbitration.  And to the extent there was any need to reference
16 one or the other, we certainly did that.
17       We are also -- as to your question -- we're also
18 trying very hard to incorporate any of CDK's argument where
19 possible as well.  The issues are different, certainly, between
20 the two, but we are working to coordinate that.
21       MS. MILLER:  And, your Honor, just to be clear, we do
22 raise some arbitration issues in our motion to dismiss, but
23 Reynolds has somewhat of a unique argument in that respect,
24 which is why we didn't ask for a separate arbitration brief.
25       THE COURT:  Okay.  All right.  Fair enough.

1                Okay.  So let's talk about you guys.  So oversize
2    briefs are pretty common in antitrust MDLs.  I went back to
3    look at the -- so I had the cheese antitrust, *Dairy Farmers*,
4    you guys have seen that and recited it.  And I think it was 42
5    pages is what they ended up at.  And, you know, here's what
6    I -- there's a couple things -- couple of observations about
7    pages and briefs.
8                First of all, more often than not I've been -- I've
9    wished I had more than less on complex cases.  There are lots
10   of times where I read briefs in complex cases and I say, "Oh,
11   but I see this issue you guys didn't brief."  And then you can
12   go through the dockets and see how many times I have issued
13   supplemental briefing orders, saying, "I want you to brief
14   this, this specific issue."  So that's where I trust really
15   good lawyers who are experienced in this area -- as all of you
16   guys are -- to give me what I need, and that's why I generally
17   grant motions for oversize briefs.
18               Now, if I go to your guys', the Kellogg Huber issues.
19   So you guys gave me an eight-page brief on Judge St. Eve's
20   opinion, to which Ms. Miller responded last night.  This is
21   just like a patent case, too, where everything comes fast and
22   furious.  And before the notice of motion date, there's a
23   response and a reply and motion for a sur-reply, and that's
24   fine.  That's what I expect from really good lawyers who have
25   the funding to make it all happen.  And, obviously, you guys