**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |
| ALL CASES | |

**MDL PLAINTIFFS' POSITION ON PAGE AND STATEMENT OF FACT
LIMITS FOR SUMMARY JUDGMENT BRIEFING**

Plaintiffs respectfully request that the Court set the following limits for the parties' upcoming summary judgment motions:

- Each side may submit up to 100 pages of affirmative summary judgment briefing accompanied by up to 240 statements of fact.

- Each side may submit up to 100 pages of briefing in opposition to the other side's motions for summary judgment. Each side may also submit responses to the other side's statements of fact, as well as up to 120 statements of additional fact.[1]

- Each side may submit up to 50 pages of reply briefing in support of their summary judgment motions.

Plaintiffs propose that each side may decide how to allocate their pages and statements of fact among parties, issues, and MDL cases, as they see fit. *See* Exhibit A (Plaintiffs' proposal).

Plaintiffs respectfully submit that their proposal provides each side with ample space while still creating a manageable workload for the Court. Defendants' proposal (attached as Exhibit B), by contrast, allows for ***975 pages*** of briefing and ***1260 total statements of fact***.[2] That proposal imposes no discipline on the parties to be concise, is excessive and unmanageable, and is likely to cause prejudicial delay and needless cost. It is also contrary to one of the purposes of an MDL: consolidation for the sake of judicial efficiency.

As Defendants have acknowledged, the cases in this MDL "are based on similar alleged conduct, overlapping factual stories, and the same or similar legal theories." Defs.' Mem. in

---

[1] If necessary, different parties on the same side may respond differently to a statement of fact without those separate responses being counted twice. Subparts would be impermissible other than for the purpose of identification of the parties.

[2] Defendants propose that, with respect to Plaintiffs' claims, they receive 240 pages for opening briefs and 120 pages for reply briefs, and Plaintiffs receive 240 pages for opposition briefs (600 pages). With respect to counterclaims, they propose an ***additional*** 150 pages for opening and opposition briefs and 75 pages for reply on Defendants' counterclaims (375 pages). Defendants also propose 780 total statements of fact for briefing on Plaintiffs' claims (520 for Defendants and 260 additional facts for Plaintiffs' opposition), ***plus*** 320 statements of fact and 160 additional statements of fact with respect to the counterclaims.

Supp. of Mot. for Transfer and Consolidation at 1, *In re DMS Antitrust Litig.*, MDL No. 2817

(J.P.M.L. Nov. 7, 2017), ECF No. 1-1.  Each of the Plaintiffs' cases focuses on a horizontal

conspiracy between CDK and Reynolds to eliminate third-party data integrators from the market.

This conspiracy has harmed independent data integrators (like Authenticom), third-party

software providers (like the vendor class and MVSC), and automobile dealerships.[3]  CDK and

Reynolds have asserted overlapping counterclaims against some of the plaintiffs based on

allegedly unlawful access to their DMS.[4]  As Judge St. Eve has recognized, these counterclaims

are factually intertwined with Plaintiffs' antitrust claims.  *See In re DMS Antitrust Litig.*, 313 F.

Supp. 3d at 948 ("Authenticom's as-alleged practices are not illegal independent of Defendants'

challenged conduct. . . .  [T]he complaint claims that Authenticom lacks authorization or access

to Defendants' DMSs . . . *because of* Defendants' anticompetitive conduct—and it is that

conduct which Authenticom challenges as illegal.") (emphasis in original).

Given these common issues, the parties will be able to make their arguments within the

Plaintiffs' proposal of 100/100/50-page summary judgment briefs.  After all, a party seeking

summary judgment must show the *absence* of any genuine issue of material fact.  It is hard to

fathom how Defendants can need 240 pages to make that showing.[5]  Indeed, courts in other

antitrust MDLs have imposed similar summary-judgment page restrictions.  *See In re Urethane*

---

[3] *See In re DMS Antitrust Litig.*, 362 F. Supp. 3d 477, 484-85 (N.D. Ill. 2019) (vendor class claims); *In re DMS Antitrust Litig.*, 362 F. Supp. 3d 510, 522-24 (N.D. Ill. 2019) (dealership class claims); *In re DMS Antitrust Litig.*, 313 F. Supp. 3d 931, 942-46 (N.D. Ill. 2018) (Authenticom claims).

[4] *See In re DMS Sys. Antitrust Litig.*, 2019 WL 4166864, at *2-3 (N.D. Ill. Sept. 3, 2019) (CDK counterclaims against dealers); *In re DMS Antitrust Litig.*, 362 F. Supp. 3d 558, 563-65 (N.D. Ill. 2019) (CDK and Reynolds counterclaims against Authenticom).

[5] The fact that Defendants want so many pages for their summary judgment motion is a tip-off that there are myriad factual disputes that cannot be resolved without a trial.

*Antitrust Litig.*, MDL No. 1616 (D. Kan. Sept. 28, 2012), ECF No. 2424 (up to 115 pages for defendant's summary judgment arguments and authority); *In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196 (N.D. Ohio Aug. 8, 2014), ECF No. 1308, at 1 (combined 200/140/80 page limit for *Daubert* and summary judgment briefing).[6]

Defendants' request for 975 pages of briefing and 1260 statements of fact is facially excessive. Their proposal will not lead to clearer presentation of the issues. *See In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989) ("[T]ypically the *shorter* briefs . . . are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue[s], and just why they believe the law supports them."). It will lead only to "substantial cost and delay." Manual for Complex Litigation, § 11.32 (encouraging judges to "[l]imit[ ] the length of briefs" and to "requir[e] joint briefs whenever feasible" to "expedite the litigation").

In meet-and-confers, Defendants have claimed the issues are complex. But MDL Plaintiffs' proposal already provides generous page- and statement-of-fact limits that are consistent with limits used in other complex antitrust MDLs. Defendants also have suggested certain parties and cases may raise unique issues. Plaintiffs likewise expect to make arguments that are unique to certain parties or cases, but they will do so within the proposed limitations. Finally, Defendants have complained that they have already used 26 pages and 56 statements of fact on Reynolds' previously filed summary judgment motion against Authenticom. *See* ECF Nos. 777, 779, 785. But it does not make sense not to count those pages just because Reynolds filed its brief early. Moreover, MDL Plaintiffs understand that this is the only summary

---

[6] Because Defendants have submitted 111 pages of *Daubert* briefing, MDL Plaintiffs' proposal would give them *more* pages than the parties had in *Polyurethane Foam.*

judgment motion Defendants will file on any of their counterclaims. The fact that Defendants needed so few pages and statements of fact to address all their counterclaims confirms that MDL Plaintiffs' proposal is sufficient. In any event, if the Court is so inclined, Plaintiffs are willing to exclude Reynolds's already-filed motion from their proposal.[7]

Dated: March 6, 2020

Respectfully submitted,

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth
**MILBERG PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com

/s/ Derek T. Ho
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*MDL Co-Lead Counsel*

---

[7] To the extent Defendants argue that Plaintiffs previously offered more pages and statements of fact in the parties' meet-and-confers, that would be misleading. Plaintiffs' first proposal (*see* Exhibit B) allowed each party in each case to submit summary judgment briefs according to 30/30/15 page limits (which if added across all cases would be 150/150/75 pages per side compared to the current proposal of 100/100/50). However, those proposals are not comparable because the initial proposal contemplated separate briefs in each case rather than consolidated briefing and was made before CDK stated that it did not intend to move for summary judgment on its counterclaims. Plaintiffs have since endeavored to modify their proposal to be more efficient and to limit the burden on the Court.

**CERTIFICATE OF SERVICE**

      I, Derek T. Ho, an attorney, hereby certify that on March 6, 2020 I caused a true and correct copy of the foregoing **MDL PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. KEVIN MURPHY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

                                      */s/ Derek T. Ho*
                                       Derek T. Ho
                                       **KELLOGG, HANSEN, TODD,**
                                         **FIGEL & FREDERICK, P.L.L.C.**
                                       1615 M Street, NW, Suite 400
                                       Washington, D.C. 20036
                                       (202) 326-7900
                                       dho@kellogghansen.com