# Exhibit A

| | |
|---|---|
| **From:** | Wedgworth, Peggy |
| **To:** | Aundrea K. Gulley (agulley@gibbsbruns.com); Miller, Britt M. (BMiller@mayerbrown.com) |
| **Cc:** | SERVICE-EXTERNAL-DMS-MDL; DMSTEAM (MILBERG.COM) |
| **Subject:** | [EXTERNAL] Counter proposal re MSJ and 56.1 statement |
| **Date:** | Monday, March 2, 2020 6:21:40 PM |

Andi and Britt,

Thank you for your email.

With respect, we believe your proposals for briefing and statements of facts are excessive and unwarranted.  All told, Defendants' proposal would result in nearly *400 pages* of briefing just in the opening round, including 240 pages from Defendants alone just on the antitrust issues. This is an MDL in which there is substantial overlap between the cases, which all turn on a common set of facts and legal issues.   Because the purpose of an MDL is consolidation and efficiency, we believe a more condensed and streamlined approach is appropriate.

In light of that backdrop, and after reviewing your proposal, we believe the most efficient approach would be to give both sides (Plaintiffs and Defendants) an overall number of (1) pages for briefing and (2) paragraphs for their Rule 56.1 statements, to divide up however they wish and covering both claims and counterclaims.

Accordingly, we propose:

**Opening Summary Judgment Motions** (due April 1, 2020):

- **Briefing**:  Each side gets 100 pages, to divide up however they wish, for affirmative summary judgment motions (both claims and counterclaims).
- **Rule 56.1 Statement(s)**:  Each side gets 240 paragraphs (no subparts are permissible throughout the 56.1 statement process other than identification of parties), to divide up however they wish, for statements of facts in support of their affirmative motions (both claims and counterclaims).
    .

**Opposition to Summary Judgment Motions** (due May 22, 2020):

- **Briefing**:  Each side gets 100 pages, to divide up however they wish, to oppose summary judgment motions (both claims and counterclaims).
- **Rule 56.1 Statement(s)**:  Each side gets an equal number of paragraphs to respond to the initial statement of facts (up to 240 paragraphs) and gets an additional 120 paragraphs for additional facts (both claims and counterclaims).

**Reply** (due June 12, 2020):

- **Briefing**:  Each side gets a total of 50 pages, to divide up however they wish, for reply briefs in support of any summary judgment motions.
- **Rule 56.1 Statement(s)**:  Each side gets an equal number of paragraphs to respond to the additional statement of facts submitted along with the opposition briefs (up to 120 paragraphs).

We also reserve our rights to adjust the terms above should CDK change its position of no intention to file cross motions for MSJ as to its counterclaims against the various plaintiffs.

We believe this approach would avoid needless complication, while still granting both sides ample flexibility and space to make their arguments.

As one point of clarification: in responding to statements of facts offered by the other side, under our proposal each party retains the right to submit a separate response (i.e., CDK and Reynolds could provide separate responses to a fact offered by MDL Plaintiffs, and vice versa).

If this proposal is not acceptable to you, we propose a meet and confer tomorrow, Tuesday at 4 pm eastern. If no agreement can be reached at that time, we propose that simultaneous motions seeking Court action, limited to three pages, be filed this Friday at 5 pm central, with both notices setting a hearing date of March, 12, 2020 at 10 am central. We, too, are hopeful we can reach a resolution.

Thanks,

Josh and Peggy

Confidentiality Notice: This E-mail or Fax (including attachments) is covered by the Electronic Communications Act, 18 U.S.C.2210-2521, is confidential and may be legally privileged. This communication is intended solely for the use of the individual(s) named above.  If you are not one of the intended addressees or you believe you may have received this communication in error, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited.  In addition, you shall not print, copy, retransmit, disseminate or otherwise use this information in any form without first receiving specific written permission from the author of this communication. If you have received this communication in error, please reply to the sender indicating that fact and destroy the message.