# Exhibit B

| | |
|---|---|
| From: | Aundrea K Gulley |
| To: | Wedgworth, Peggy; Hafenbrack, Joshua; SERVICE-EXTERNAL-DMS-MDL |
| Cc: | ReynoldsTeam (gibbsbruns.com); Miller, Britt M. |
| Subject: | [EXTERNAL] RE: Counter proposal regarding Summary Judgment and Daubert |
| Date: | Tuesday, February 25, 2020 4:05:09 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

Peggy and Josh–

Thanks for your email and for the helpful meet-and-confer. We've now had a chance to discuss with our teams and our clients and although we likely have agreement on a number of points, there are several where the parties currently disagree. We hope that we can bridge any gaps in the short term and submit an agreed order to the Court, but if not, suggest that we bring the issue before the Court in the near term so that everyone has certainty as to what is being filed on April 1.

**Local Rule 56.1 Statements**:

- Both sides seek to avoid as much duplication as possible and believe that there should be a "common" set of SOF / additional facts that will be submitted in all 4 cases (*Authenticom*, *MVSC*, Vendor Class, and Dealer Class).
- The parties are also in agreement that there should be some lesser number of SOFs / additional facts filed in each of the cases – Authenticom, MVSC, Vendor Class, and Dealer Class – both on the affirmative motions for summary judgment filed by Defendants as well as on the motions for summary judgment on the counterclaims filed by Plaintiffs / Defendants.
- Plaintiffs initial proposal was that there be 150 for both sides on the "common" set of SOF / additional facts. Given the complexity of the issues here, we don't believe that 150 will be sufficient to include all of the "common" facts in support of each of CDK's and Reynolds's MSJs and propose that 240 SOF (total for CDK and Reynolds across the 4 actions) is a more reasonable number. This number is not arbitrary; rather it represents 80 for each of the Defendants (160) plus the additional 40 per Defendant that will not be filed separately in Authenticom (*see* below) given the central role that the Authenticom allegations play in each of the cases. In addition, although Plaintiffs proposed that they have the same number of "common" additional facts, the local rules and Court's procedures contemplate that the responding party receive half of the number of the opening party for "additional" statements (as described by the local rules) – as the responding party has the opportunity to both respond to the opening party's SOF and add its additional facts. As such, we would propose that Plaintiffs receive 120 additional "common" SOFs.
- With respect to the individual cases, we propose as follows:
    - *Authenticom* – given that many of the SOFs related to Authenticom will necessarily be part of the "common" facts (*see* above), Defendants believe that half the number of facts allowed by the rules – or 40 SOFs / 20 additional facts – are appropriate for each of CDK's and Reynolds's motion in this case. As discussed, both sides would have the option of filing a combined statement (e.g., CDK and Reynolds combined could file 80, Authenticom could file 40 additional facts)

- *MVSC*, Vendor Class, and Dealer Class – for these we would propose that the parties comply with the standard rule of 80 SOF / 40 additional facts for each case. In other words:
  - *MVSC*: Reynolds 80 / MVSC 40
  - Vendor Class: CDK 80 / Vendor Class 40
  - Dealer Class: CDK 80 / Dealer Class 40

- With respect to Plaintiffs' motions on Defendants' counterclaims/Defendants' motions on their counterclaims,* we agree that the moving party should receive 80 SOF as provided by the rule (and as you have proposed), but do not see a reason to deviate from the rule for the additional facts and would limit those to 40. Thus it would break down as follows:
  - Authenticom's Motion as to Reynolds's Counterclaims: Authenticom 80 / Reynolds 40
  - Authenticom's Motion as to CDK's Counterclaims: Authenticom 80 / CDK 40
  - Reynolds's Motion as to Reynolds's Authenticom Counterclaims: Reynolds 80 / Authenticom 40 (Reynolds agrees that it will count its currently filed (or in the alternative, any re-filed/modified) MSJ within this total)
  - Dealer Class Motion as to CDK's Counterclaims: Dealer 80 / CDK 40
  - Here again, consolidation in each case would be permitted, but not required.
- **Note:** Other than as set forth above regarding the *number* of SOFs and "additional" facts, we propose that the parties agree to follow the local rules and the Court's procedures regarding Statements of Undisputed Material Facts (movants) and "Additional" Facts (non-movants) as outlined in the local rules and Court's procedures.


**Page limits:**

- Based upon your clarification during the meet-and-confer, we understand that plaintiffs are collectively offering Defendants 150 pages total for all of the affirmative briefs in all of the cases. Here again, Defendants do not feel that is sufficient given the length and breadth of plaintiffs' complaints / the discovery record in this case. As such, we would propose that Defendants collectively – i.e., CDK and Reynolds combined – be afforded 240 pages for all of their affirmative motions on Authenticom's, MVSC's, the Vendor Class's, and the Dealer Class's claims to be divided by CDK/Reynolds. Plaintiffs would receive 240 collectively in response to be divided as plaintiffs wish, and Defendants would receive 120 in reply, again, to be divided by CDK and Reynolds.
- On the counterclaim briefs,* the parties are in agreement that breakdown should be 30/30/15 for each, thus:
  - Authenticom's Motion as to Reynolds's Counterclaims: Authenticom 30/Reynolds 30/Authenticom 15
  - Authenticom's Motion as to CDK's Counterclaims: Authenticom 30/Reynolds 30/Authenticom 15
  - Reynolds's Motion as to Reynolds's Authenticom Counterclaims: Reynolds 30 / Authenticom 30 / Reynolds 15 (Reynolds agrees that it will count its currently filed (or in the alternative, any re-filed/modified) MSJ within this total)
  - Dealer Class Motion as to CDK's Counterclaims: Dealer 30 / CDK 30 / Dealer 15

- As to all of the briefs, the parties have the option, but not the obligation, to combine briefs (and combine the page limits above for those briefs).
- *Further to our meet and confer, at this time, CDK does not intend to file cross motions for MSJ as to its counterclaims against the various plaintiffs.

Please let us know your thoughts including whether you think another meet-and-confer would be productive.

Regards – Andi & Britt

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Aundrea K Gulley
**Sent:** Friday, February 14, 2020 12:26 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** DMSTeam <DMSTeam@milberg.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>
**Subject:** RE: Counter proposal regarding Summary Judgment and Daubert

We can use this dial in for the 2pm call:

1-888-450-5996 / 800161

Thank you,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Aundrea K Gulley
**Sent:** Thursday, February 13, 2020 6:32 PM
**To:** Wedgworth, Peggy <pwedgworth@milberg.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** DMSTeam <DMSTeam@milberg.com>; Reynolds Team <reynoldsteam@gibbsbruns.com>
**Subject:** RE: Counter proposal regarding Summary Judgment and Daubert

Thank you Peggy.

First, regarding our February 7th request regarding the MDL schedule: it appears that the parties are

more or less in agreement on the overall extension (i.e., briefing end date of June 10 or 12). However, Defendants do not agree to some of the specifics of Plaintiffs' counterproposal, as we believe them to be disproportionate in some respects. Given the deadlines are quickly approaching, to avoid uncertainty, Defendants are prepared to file a motion seeking their requested schedule tomorrow as we previously indicated. However, in a final attempt to reach a compromise before we file tomorrow, Defendants are willing to accept your counterproposal with the exception of the date for Opening Dispositive Motions. For that deadline, Defendants are willing to agree to Wednesday, April 1 instead of your proposed Monday, March 23 if that will get this done. Please let us know if you agree. Otherwise we intend to file our motion tomorrow.

Second, with respect to your proposal late yesterday regarding page limits and statements of undisputed material facts for MSJs, we have some questions regarding your proposal. We can meet and confer regarding your 2/12 proposal tomorrow (2/14) at 2pm Central time. Please let us know if you are available.

Regards,
Andi

**Aundrea K. Gulley** | **Gibbs & Bruns LLP** | 1100 Louisiana Suite 5300 | Houston, TX 77002 | 713.650.8805 firm | 713.751.5258 direct | 713.750.0903 fax | agulley@gibbsbruns.com | www.gibbsbruns.com

---

**From:** Wedgworth, Peggy <pwedgworth@milberg.com>
**Sent:** Wednesday, February 12, 2020 4:59 PM
**To:** SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** DMSTeam <DMSTeam@milberg.com>
**Subject:** [EXTERNAL] Counter proposal regarding Summary Judgment and Daubert

Britt and Andi,

We have reviewed your proposal to extend certain upcoming deadlines, and although we disagree with any extensions at this time, we attach a counterproposal in the spirit of cooperation.

In addition, in anticipation of the summary judgment briefing deadline (currently of March 13), MDL Plaintiffs write in reference to LR56.1 and the limitation of movants not filing more than 80 separately-numbered statements of undisputed material facts and respondents not filing more than 40 separately-numbered statements of additional facts, as well as briefing page limitations.

In light of the complexity of this case, as well as to streamline submission of issues for Judge Dow, MDL Plaintiffs propose the following:

**56.1 Statements**

**SJ re common issues:**

> Defendants, collectively, shall not file more than 150 separately-numbered statements (including any subparts) that address common issues.

> MDL Plaintiffs, collectively, shall not file more than 150 separately numbered statements (including any subparts) of facts in response to common issues raised.

**Potential offensive/defensive SJ re counterclaims:**

> CDK, Reynolds, Dealership Plaintiffs, Authenticom, MVSC, and the Vendor Class shall each have 80 separately-numbered statements (including any subparts) in reference to any counterclaim SJ motion.

> CDK, Reynolds, Dealership Plaintiffs, Authenticom, MVSC, and the Vendor Class shall each, individually, not file more than 60 separately-numbered statements (including any subparts) of facts in response to unique issues raised.

<u>**Page Limits:**</u>

CDK, Reynolds, Dealership Plaintiffs, Authenticom, MVSC, and the Vendor Class shall each have the right to, individually, file a summary judgment motion with the following page limitations.

> Each opening brief cannot exceed 30 pages.

> Each opposition brief cannot exceed 30 pages.

> Each reply brief cannot exceed 15 pages.

Please let us know if you are in agreement and we will draft a stipulation for the Court. If you would prefer to meet and confer on any of these issues, we suggest tomorrow, Thursday, February 13 at 3 pm Eastern.

Regards,

Peggy Wedgworth, Esq.
Partner



One Pennsylvania Plaza, Suite 1920
New York, New York 10119
**Main**: (212) 594-5300
**Direct**: (646) 515-1269
**Email:** pwedgworth@milberg.com
WWW.MILBERG.COM

[Link to Bio](#)



Confidentiality Notice: This E-mail or Fax (including attachments) is covered by the Electronic Communications Act, 18 U.S.C.2210-2521, is confidential and may be legally privileged. This communication is intended solely for the use of the individual(s) named above.  If you are not one of the intended addressees or you believe you may have received this communication in error, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited.  In addition, you shall not print, copy, retransmit, disseminate or otherwise use this information in any form without first receiving specific written permission from the author of this communication. If you have received this communication in error, please reply to the sender indicating that fact and destroy the message.