**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| ALL CASES | |

**MDL PLAINTIFFS' JOINT STATEMENT REGARDING
ANTICIPATED GROUNDS FOR SUMMARY JUDGMENT**

Pursuant to the Court's request at the March 10, 2020 status conference, MDL Plaintiffs respectfully make this joint statement regarding the anticipated grounds for summary judgment.

**Plaintiffs' Antitrust Claims.** A central issue in this MDL is whether Defendants CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") entered into a horizontal conspiracy to eliminate data integrators (like Authenticom) who competed with CDK's and Reynolds's own data integration services. *See In re DMS Antitrust Litig.*, 313 F. Supp. 3d 931, 942-44 (N.D. Ill. 2018). MDL Plaintiffs do not anticipate seeking summary judgment on that claim because there are material factual disputes. Extensive documentary evidence, admissions by defense witnesses, and expert opinions (including by Dr. Mark Israel and Dr. Michael Williams) show that, prior to 2013, Reynolds and CDK competed with one another on "openness" – *i.e.*, whether to allow independent integrators to access their systems. CDK had an "open" DMS that allowed independent integrators, and Reynolds *wanted* to have a "closed" DMS but could not because of the competitive pressure from CDK. That degree of competition disappeared when CDK and Reynolds unlawfully agreed to adopt "closed" DMS polices to drive out independent data integrators. CDK and Reynolds reaped enormous profits from this agreement because they were able to drastically raise prices for their data integration services due to the lack of competition. There is ample evidence from which a reasonable jury could find the existence of an unlawful antitrust conspiracy. *See*, *e.g.*, ECF No. 820.[1]

Defendants stated at the status conference that they nonetheless intend to move for summary judgment on these claims, and they cited *Matsushita Electric Industry Co. v. Zenith*

---

[1] In addition to their horizontal conspiracy claim, MDL Plaintiffs also have asserted additional antitrust claims, including that Defendants unlawfully imposed exclusive dealing requirements on software vendors that required use of Defendants' data integration services and that Defendants monopolized the aftermarkets for data integration services for their respective DMSs. MDL Plaintiffs also believe there are material factual disputes regarding those claims.

*Radio Corp.*, 475 U.S. 574 (1986) as a reason for needing an extraordinary number of pages for their briefing. But *Matsushita*'s requirement that the "inference of conspiracy [be] reasonable in light of the competing inferences of independent action," *id.* at 588, does not apply here given the direct evidence of a conspiracy (including admissions by Defendants' witnesses, *see* ECF No. 820, at 2-9). *See Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 706 (7th Cir. 2011). And, even under *Matsushita*, it would be Defendants' burden to show that there is no evidence from which a reasonable juror could conclude that Defendants colluded, and Plaintiffs' burden would be to show the existence of a genuine material factual dispute. *See Toys 'R' Us, Inc. v. FTC*, 221 F.3d 928, 935 (7th Cir. 2000) ("The test states only that there must be *some* evidence which, if believed, would support a finding of concerted behavior."); *Viamedia, Inc. v. Comcast Corp.*, 2020 WL 879396, at *28 (7th Cir. Feb. 24, 2020) ("The Court's requirement in *Matsushita* that the plaintiffs' claims make economic sense did not introduce a special burden on plaintiffs facing summary judgment in antitrust cases."). These issues do not justify Defendants' request for 250 pages and 520 statement of facts for their opening brief (975 pages and 1260 statements of fact in total).[2] Nor, contrary to Defendants' suggestion, would it be appropriate for the Court to bar consideration of certain conspiratorial evidence in order to reduce Defendants' burden at summary judgment. *See* ECF No. 820, at 10-14 (explaining the evidence in question supports the conspiracy originally alleged in the various complaints).

**Defendants' Counterclaims.** Certain MDL Plaintiffs intend to move for summary judgment on CDK's and Reynolds's counterclaims. Although these counterclaims are pleaded under a variety of legal theories – including the Digital Millennium Copyright Act ("DMCA")

---

[2] *See*, *e.g.*, *In re Text Messaging Antitrust Litig.*, No. 08-7082 (N.D. Ill. Nov. 8, 2013), ECF No. 776, at 27-33 (60 pages for summary judgment brief by four antitrust defendants).

and the Computer Fraud and Abuse Act ("CFAA") – each is based on essentially the same factual premise: that plaintiffs obtained data from CDK's and Reynolds's DMS without CDK's and Reynolds's authorization. Plaintiffs' arguments for summary judgment on these claims are targeted and do not turn on disputed facts. Among other things, MDL Plaintiffs plan to argue:[3]

- Defendants' counterclaims are untimely. The counterclaims are not compulsory and therefore do not "relate back" to the filing of the complaints for timeliness purposes. *See In re DMS Antitrust Litig.*, 2019 WL 4166864, at *6-9 (N.D. Ill. Sept. 3, 2019).

- Defendants' contracts with dealerships allowed dealers' "agents" to access their DMS. Although the Court was unable to resolve the issue on a motion to dismiss, the undisputed evidence now shows that Authenticom acted as dealerships' "agent" and therefore had authorization to access CDK's and Reynolds's DMS.

- Defendants' DMCA claims fail because the CAPTCHA and other measures they implemented do not fall within the DMCA's statutory coverage. Moreover, in any case, there is no evidence that Authenticom "circumvented" such measures. Finally, Defendants' claims fail because they have not shown the statutorily required nexus to copyright infringement or that their works were copyrightable.

- Defendants have failed to present any evidence of damages with respect to their counterclaims against Loop LLC (the named class representative in the putative vendor class) and the named class representatives in the Dealership Class.

- There is no evidence that any or all Dealerships breached any contracts or the DMCA, or that that any damages are attributable to any or all Dealerships.

\*     \*     \*

As the Manual for Complex Litigation (Fourth) states (at § 11.34), "[d]espite their benefits, summary-judgment proceedings can be costly and time-consuming," and the Court should endeavor to prevent "unproductive" motions. In light of the grounds that the parties intend to present, MDL Plaintiffs respectfully submit that the limits on pages and statements of fact should be considerably closer to MDL Plaintiffs' proposal than to Defendants' proposal.

---

[3] MDL Plaintiffs do not believe their potential arguments are confidential and have not redacted them. Indeed, some courts require litigants to file pre-motion letters that preview expected arguments for potential efficient resolution by the Court. MDL Plaintiffs may make additional arguments in opposition to Reynolds's counterclaim motion for summary judgment.

- 3 -

Dated:  March 11, 2020 Respectfully submitted,

| | |
|---|---|
| */s/ Peggy J. Wedgworth* | */s/ Derek T. Ho* |
| Peggy J. Wedgworth | Derek T. Ho |
| **MILBERG PHILLIPS GROSSMAN LLP** | **KELLOGG, HANSEN, TODD,** |
| One Pennsylvania Plaza, 19th Floor | **FIGEL & FREDERICK, P.L.L.C.** |
| New York, NY 10119 | 1615 M Street, NW, Suite 400 |
| (212) 594-5300 | Washington, D.C. 20036 |
| pwedgworth@milberg.com | (202) 326-7900 |
| | dho@kellogghansen.com |

*MDL Co-Lead Counsel*

- 4 -

## CERTIFICATE OF SERVICE

      I, Derek T. Ho, an attorney, hereby certify that on March 11, 2020 I caused a true and correct copy of the foregoing **MDL PLAINTIFFS INTENDED GROUNDS FOR SUMMARY JUDGMENT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

      */s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com