**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) | MDL No. 2817<br>Case No. 18-cv-864 |
| This Document Relates To: | ) ) | Judge Robert M. Dow, Jr. |
| ALL CASES | ) ) | |

**ORDER**

  Shortly after 5:00 pm yesterday the Courtroom Deputy received an email from counsel for Defendants, appropriately copied to counsel for Plaintiffs, evidencing some confusion about the Court's request for further information concerning the topics to be raised in the parties' anticipated motions for summary judgment. As yesterday's submissions make clear, Plaintiffs understood the Court's request to contemplate a filing on the docket, while Defendants thought they were to provide a letter, the substance of which would be presented only to the Court (through the use of redactions).

  The Court has no doubt that the misunderstanding is sincere and regrets that it did not make explicit what it intended the parties to do in regard to what admittedly was an unusual request. In fairness to the Court, the request for extremely oversized briefs — whether the couple hundred pages proposed by Plaintiffs or the several hundred pages proposed by Defendants — is itself unusual, which left the Court grasping for help in trying to bridge the gap in a manner that would allow for adequate (but not excessive) presentation of the issues. The impromptu suggestion by counsel of what the Court might describe as a short preview of coming attractions made sense as a vehicle for guiding the exercise of the Court's discretion in setting limits on the briefs, so the Court seized on it. In the mind of the undersigned — though evidently not articulated with sufficient clarity — was a submission more in the nature of a letter brief than a legal brief, for the presentation could be informal (e.g., bullet points) and citation to authority would be unnecessary. But the Court did not have in mind in camera correspondence as opposed to an actual filing on the public docket. Hence, the language of the minute entry ("directed to file") that hit the docket yesterday at 3:25 p.m. [see 916], apparently shortly after the messenger arrived in the Courtroom Deputy's office with Defendants' letter and shortly before Plaintiffs publicly filed their submission.

  What to do now? Let's start with the obvious: although parties are by no means obligated to preview their legal arguments in advance of formal filing deadlines, the arguments here are being made two years into extremely complex litigation. At this stage of the case, there likely are not many factual or legal secrets left, and the entire point of the exercise is to determine whether there are genuine issues of material fact such that certain issues must either be tried or settled, but not disposed of at summary judgment. The marginal advantage of having an early preview (by a little more than two weeks) of the outline of the other side's briefs seems minimal, especially when the sharing is mutual and lawyers are both plentiful and expert on both sides. Indeed, given the

magnitude of the requested oversized briefing — vastly exceeding the usual 45 pages per side (15 x 3) permitted under the local rules, even under Plaintiffs' more modest proposal — everyone will have their hands more than full to meet the agreed deadlines [see 856], even in possession of the down-and-dirty preview contemplated by the Court.

Furthermore, it was made clear during the hearing that neither side would be bound by the preview. While courts expect and deserve candor and good faith at all times, the undersigned recalls remarking that if anyone changed their mind and decided to delete or add an argument, that was to be expected since the briefs are not actually due for a few weeks. The purpose of the submissions was simply to give the Court a flavor for the kinds of issues that would be raised, so that it could better assess the number of pages that would be reasonably necessary to intelligently make and respond to requests for summary judgment on those issues.

Two practical points are worth acknowledging as well: (1) Plaintiffs cannot unring the bell; their unredacted submission is on the public docket and presumably in possession of defense counsel, and (2) the hand delivered package from Defendants had not yet made its way to chambers as of the time that the undersigned left for the train yesterday, so the unredacted version of Defendants' submission remains a mystery to both Plaintiffs' counsel and the judge as this order is being written.

In these circumstances, the Court believes the fairest resolution is as follows: (1) the Court will disregard the package sent by defense counsel yesterday, as it was sent in misapprehension of the ground rules contemplated by the Court; (2) Defendants are directed to file their submission on the docket as soon as practicable, knowing now that it will be publicly available to Plaintiffs and the rest of the world; (3) Defendants are not obligated to file the same submission that they transmitted (redacted and unredacted) yesterday and may revise their submission as they see fit now that they know that it will be seen by the other side.

With the benefit of hindsight, the undersigned wishes he had been clearer during the status hearing earlier this week. However, this appears to be a no-harm, no-foul situation, both with respect to (1) the slight tipping of each side's hand on the issues to be raised on summary judgment and (2) the half-day delay in having a full presentation before the Court. Provided that the Court has both sides' submissions by noon today, it will issue an order setting the parameters for summary judgment briefing before the close of business so that counsel can begin budgeting their arguments appropriately.

Dated: March 12, 2020

_____
Robert M. Dow, Jr.
United States District Judge