IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* <br> ALL ACTIONS EXCEPT *i3 Brands, Inc., et al. v. CDK Global, LLC, et al.*, No. 19-cv-1412 | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' STATEMENT REGARDING
ANTICIPATED GROUNDS FOR SUMMARY JUDGMENT**

Each of the four Plaintiffs' groups that have filed separate complaints in this MDL—Authenticom, AutoLoop, Dealers, and MVSC—allege a variety of anticompetitive conduct by Defendants CDK Global, LLC and/or The Reynolds & Reynolds Company. These allegations—particularly as to the nature of the alleged conspiracy—have morphed over time, to say nothing of Plaintiffs' allegations of unlawful vertical restraints and monopolized aftermarkets.

As a result, and as previewed in their Friday filing (Dkt. 911), Defendants' forthcoming motions for summary judgment require marshalling and explaining a large body of record evidence of unilateral behavior spanning more than 15 years. *See Omnicare, Inc. v. UnitedHealth Grp.*, 629 F.3d 697, 707 (7th Cir. 2011) (noting the "extraordinary amount of evidence" offered in opposition to summary judgment); *see also* Dkt. 911 at 2 (describing the volume of discovery in this case). Notwithstanding the volume of documents (millions of pages), depositions (~100), and expert reports (over 30), Plaintiffs seek to deny Defendants sufficient space to address this record evidence even as they plan to oppose summary judgment on the basis that Defendants cannot conclusively demonstrate that there is no evidence of a conspiracy.

Per the Court's March 10, 2020 request, below are the grounds on which Defendants may move for summary judgment on Plaintiffs' theories on April 1, 2020. Reynolds previously filed a motion for partial summary judgment on its counterclaims against Authenticom on October 15, 2019. *See* Dkt. 777. Defendants have indicated where they expect to realize efficiencies by incorporating arguments by reference from other briefing. Defendants note that a ruling on their motion to bar Plaintiffs' new "initial conspiracy" theory (Dkt. 775), and Reynolds's motion to bar MVSC's newly disclosed claims based on the Virginia and Wisconsin EVR markets (Dkt. 789), precluding Plaintiffs from pursuing some or all of these belated theories may result in fewer pages for certain of the issues identified in this outline.

1

I. **Defendants' MSJ re: Authenticom**

   A. Authenticom's conspiracy claims fail under the *Matsushita* standard.

   1. CDK's and Reynolds's conduct was separated in time by many years and is consistent with their respective independent interests.

   2. Authenticom and its experts offer no evidence that tends to exclude Defendants' unilateral explanations.

   3. Authenticom has no direct evidence of a conspiracy.

   B. Alternatively, Authenticom's claim must be evaluated under the rule of reason.

   C. Authenticom's unilateral claims fail.

   1. Defendants have no unilateral obligation to deal with Authenticom under *Trinko*.

   2. Authenticom cannot establish antitrust injury because hostile integration is unauthorized and unlawful.

   3. Defendants do not have monopoly power in any market.

   4. Authenticom has no exclusive dealing claim.

   D. Authenticom's damages model and its tortious interference claim fail as a matter of law.

II. **CDK's MSJ re: AutoLoop**

   A. AutoLoop's conspiracy and unilateral claims fail. (See Part I.A-C above.)

   B. AutoLoop's Florida antitrust and deceptive practices act claims fail.

   C. AutoLoop's damages model fails as a matter of law. (See Part I.D above). In addition:

   1. AutoLoop's model does not (a) calculate price or (b) account for quality changes.

   2. AutoLoop is subject to an enforceable contractual damages limitation.

   3. Class damages must exclude claims released by Cox.

III. **CDK's MSJ re: The Dealers**

   A. The dealers' federal damages claims are barred by *Illinois Brick*.

   B. The dealers' conspiracy claims fail. (See Part I.A & B above.) In addition:

   1. The dealers offer no evidence tending to exclude unilateral explanations.

   2. The dealers' state damages claims fail under the *AGC* standing test.

C. The dealers' exclusive-dealing claim for injunctive relief fails.

    1. Defendants have no market power.

    2. The dealers cannot establish antitrust injury.

    3. The so-called exclusive-dealing provision is not anticompetitive.

D. The dealers' damages claims fail for multiple reasons.

    1. The dealers have no evidence as to named plaintiff damages or as to indirect purchaser states.

    2. The dealers do not properly model the but-for-world. (See Part I.D above.)

E. Certain dealer state-law claims fail on independent grounds.

    1. The state laws parallel the federal antitrust laws.

    2. The dealers did not comply with certain state notice requirements.

    3. The dealers violate certain state class-action bars.

    4. The dealers violate certain consumer-protection statute requirements.

**IV. Reynolds's MSJ re: MVSC**

A. MVSC has no evidence of a conspiracy to block MVSC from DMS access.

    1. MVSC was offered standard prices to join RCI.

    2. MVSC relied on Dynamic Reporting, not hostile integration, to access the Reynolds DMS, which was never blocked.

    3. CDK did not act in parallel with Reynolds.

B. MVSC cannot show antitrust injury or causation.

    1. MVSC is the market leader in California and any difficulty it had in other markets is not due to the alleged conspiracy.

    2. The antitrust laws do not protect MVSC's access to hostile integration.

C. MVSC has no damages.

    1. MVSC's damages analysis is flawed.

    2. MVSC cannot recover damages after October 2019 due to its settlement with CDK.

Dated: March 12, 2020

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
Gibbs & Bruns LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
Sheppard Mullin Richter & Hampton, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

4

## CERTIFICATE OF SERVICE

      I, Britt M. Miller, an attorney, hereby certify that on March 12, 2020, I caused a true and correct copy of the foregoing **DEFENDANTS' STATEMENT REGARDING ANTICIPATED GROUNDS FOR SUMMARY JUDGMENT**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                          */s/ Britt M. Miller*
                                          Britt M. Miller
                                          MAYER BROWN LLP
                                          71 South Wacker Drive
                                          Chicago, IL 60606
                                          Phone: (312) 782-0600
                                          Fax: (312) 701-7711
                                          E-mail: bmiller@mayerbrown.com