**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) | MDL No. 2817 Case No. 18-cv-864 |
| This Document Relates To: | ) ) | Judge Robert M. Dow, Jr. |
| ALL CASES | ) ) | |

**ORDER**

  Upon consideration of the parties' positions concerning page limits and limits on statements of fact and additional statements of fact as contemplated in Local Rule 56.1 [see 911, 912, 917, 919], and taking into account (1) the complexity of the issues contemplated to be raised at summary judgment and (2) the efficiency principle underlying all multidistrict litigation, the Court agrees with counsel that enlargement of the limits provided under the Local Rules is warranted. The parties have offered their differing views on the extent of the enlargement, to which the Court has given respectful consideration. At the outset, it is worth mentioning the Court's agreement with a few basic principles reflected in the parties' correspondence: (1) rather than trying to micromanage page limits for each individual filing—some of which may be more complex or more important in the eyes of the party putting it together—the Court is inclined to set equal per-side limits to be divided between the briefs as counsel see fit in advancing their clients' interests, and (2) each side—or both sides in unison for that matter—should have the option to combine briefs and/or statements of fact if that facilitates the efficient and orderly presentation of the issues. The Court's interest in all of this is to be fair to both sides and to have an effective, yet efficient presentation of the matters for decision.

  To that end, the Court sets the following parameters for summary judgment briefing:

- Each side may submit up to 200 pages of affirmative summary judgment briefing accompanied by up to 350 statements of fact.

- Each side may submit up to 200 pages of briefing in opposition to the other side's motions for summary judgment. Each side may submit responses to the other side's statements of fact, as well as up to 150 statements of additional fact.

- Each side may submit up to 100 pages of reply briefing in support of their summary judgment motions.

In the Court's view, 500 pages of summary judgment briefing, on top of a couple hundred pages of *Daubert* briefing that also is in the works, plus up to 1,000 total statements of fact, should be more than enough for the parties' to put forward their best arguments at this juncture of the case. To these parameters, the Court adds this: to the extent that either side believes that these limits

require them to truncate an important argument, they may so indicate in a footnote in the appropriate brief, which will be a signal to the Court to evaluate whether it should request any supplemental briefing if it agrees that a significant point received short shrift.  Finally, there is a significant chance that the Court will set these motions for an oral argument after it has had an opportunity to review the briefs, in which case counsel would have yet another opportunity to present their key arguments in advance of any decision being rendered.


Dated:  March 12, 2020                             _____
                                                   Robert M. Dow, Jr.
                                                   United States District Judge