**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:*<br>ALL ACTIONS | Hon. Robert M. Dow, Jr.<br><br>Magistrate Judge Jeffrey T. Gilbert |

### DEFENDANT CDK GLOBAL, LLC'S MOTION TO CLARIFY AND RECONSIDER MARCH 4, 2020 ORDER (DKT. 903)

Defendant CDK Global, LLC ("CDK") moves this Court to clarify and, in one respect, amend its March 4, 2020 Order (Dkt. 903) ("Order") concerning Dealership Class Plaintiffs' Motion to Compel Production of Inadequately Logged Documents from Defendants' Privilege Logs and to Compel Discovery Regarding Drafting Agreements. For the reasons set forth below, and consistent with the reasoning expressed in the Court's Order, CDK respectfully believes that the Court intended to rule that one subset of documents that the Dealership Class Plaintiffs submitted to the Court for *in camera* review—which the Court referred to in the Order as their "Tab 2" document—is protected by the attorney-client privilege.

**I.     The Court's March 4, 2020 Order**

On March 1, 2019, Dealership Class Plaintiffs' filed a Motion to Compel Production of Inadequately Logged Documents from Defendants' Privilege Logs and to Compel Discovery Regarding Drafting Agreements. Dkt. 535 ("Motion"). Defendants opposed. Dkt. 570.

On June 10, 2019, the Court ruled on portions of the Motion, but kept under advisement Dealership Class Plaintiffs' request to compel the production of two categories of documents: (1) communications with third-party advisors, consultants and agents, and (2) communications that

Dealership Class Plaintiffs asserted were not primarily legal in nature. *See* Dkt. 717. The Court ordered the parties to each submit 10 documents from each category at issue to the Court for *in camera* review along with the corresponding privilege log entries. *Id.*

On July 2, 2019, Dealership Class Plaintiffs and Defendants CDK and The Reynolds and Reynolds Company ("Reynolds") jointly submitted a letter to the Court identifying the disputed documents that each party selected for the Court's *in camera* review. CDK and Dealership Class Plaintiffs each identified 10 documents challenged as "communications with third-party advisors, consultants, and agents," which are referred to in the Court's Order as CDK's "Tab 1" through "Tab 10" selections and Dealership Class Plaintiffs' "Tab 1" through "Tab 10" selections. (No entries on Reynolds's privilege log were challenged under this category.)

Dealership Class Plaintiffs' "Tab 1" and "Tab 2" selections were emails that appear on their face to be communications between CDK, in-house and outside counsel, and third-party advisors, consultants, and agents. However, both Tab 1 and Tab 2 were *themselves* attachments to the same underlying parent email (provided to the Court for *in camera* review at Tab 1, CDK_Priv_0000485).[1] The underlying parent email is from Ron Workman, a CDK employee, to Tom d'Ambrosio, a CDK lawyer, regarding CDK's proposed merger with Auto/Mate. Accordingly, both CDK_Priv_0000487 ("Tab 1") and CDK_Priv_0000488 ("Tab 2") are described in CDK's privilege log as an "[e]mail attached to cover email to Tom d'Ambrosio ESQ from client gathering information at request of counsel regarding proposed merger with Auto/Mate." CDK's July 2, 2019 *In Camera* Review Submission at Appendix A.

---

[1] The first page of CDK_Priv_0000485 lists the file name for each of its attachments, including "RE: '15 and '16 BS & P&L," which corresponds to CDK_Priv_0000487 (Tab 1), and "Re: Exhibit D to SPA," which corresponds to CDK_Priv_0000488 (Tab 2).

On March 4, 2020 the Court issued an Order granting in part and denying in part the remaining portion of Dealership Class Plaintiffs' Motion. Dkt. 903. With respect to communications that Dealership Class Plaintiffs asserted were not primarily legal in nature, the Court found that "CDK's and Reynolds and Reynolds' claims of privilege are appropriate and well-founded." *Id*. at 1. Regarding communications with third-party advisors, consultants, and agents, the Court found that 3 of the documents submitted by CDK and Dealership Class Plaintiffs for *in camera* review (CDK's Tabs 4 and 5 and Dealership Class Plaintiffs' Tab 1) were privileged and the remainder should be produced. *Id*. at 4-5. The Court also directed CDK to "re-review any additional documents on its privilege log relating to communications with third-party advisors, consultants, and agents and to assess whether any more documents should be produced to Class Plaintiffs' consistent with the Court's analysis." *Id*. at 7.

With respect to Dealership Class Plaintiffs' Tab 1 selection for *in camera* review, which is described above, the Court held that it was "an email communication with attachments between a CDK employee and a CDK in-house counsel in which the CDK employee is sending the in-house lawyer documents regarding the proposed merger with Auto/Mate from his deleted email folder." *Id*. at 6. The Court held that "it was proper for CDK to withhold the attachments [*i.e*., Tab 1] as part of the privileged attorney-client communication." *Id*.

With respect to Dealership Class Plaintiffs' Tab 2 selection for *in camera* review, however, the Court held that the document was "not privileged and should be produced." *Id*. Given that they are both attachments to the same underlying parent email, CDK does not believe it was the Court's intention to rule that Tab 1 was privileged, but Tab 2 was not. The same privilege analysis should apply to both Tab 1 and Tab 2 since they are both attachments to the same underlying email.

3

## II. The March 4, 2020 Order Should Be Amended In Part

A district court has the "inherent power to modify or rescind interlocutory orders prior to final judgment." *Ferrari Fin. Servs., Inc. v. IIA, LLC*, 2010 WL 2836686, at *1 (N.D. Ill. July 19, 2010) (citing *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir.1985)). "Reconsideration of an interlocutory order is committed to the Court's sound discretion." *Dugan v. City of W. Chicago*, 2009 WL 742683, at *1 (N.D. Ill. Mar. 19, 2009) (citations omitted); *see also United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996). Reconsideration may be appropriate when the court has misunderstood a party's contentions or "has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)); *see also Civix-DDI, LLC v. Hotels.Com, LP*, 904 F. Supp. 2d 864, 866–67 (N.D. Ill. 2012); *Dugan v. City of W. Chicago*, 2009 WL 742683, at *1 (N.D. Ill. Mar. 19, 2009).

Here, CDK does not seek to revisit or challenge the Court's substantive rulings on the Motion or its reasoning. However, CDK believes that the Court may not have appreciated that Dealership Class Plaintiffs' Tab 2 selection for the Court's *in camera* review was, like Tab 1, an attachment to an underlying privileged email—in fact, it was an attachment to the same underlying privileged email as Tab 1. Therefore, CDK submits that under the Court's reasoning regarding Tab 1, "it was proper for CDK to withhold the attachments [*i.e.*, Tab 2] as part of the privileged attorney-client communication." Order at 1.

In light of the foregoing, CDK respectfully requests that the Court clarify and amend its March 4, 2020 Order (Dkt. 903) in part, such that CDK may continue to withhold as privileged Dealership Plaintiffs' Tab 2 selection for *in camera* review. To be clear, CDK does not seek reconsideration of the Court's remaining privilege rulings or any other aspect of the Order and will

promptly produce CDK Tabs 1-3 and 6-10 and Dealership Class Plaintiffs Tabs 3-10, along with additional documents from the challenged "third-party advisors, consultants and agents" category consistent with the Order and the Court's decision on this motion.

Dated: March 13, 2020                              Respectfully submitted

                                                   */s/ Matthew D. Provance*
                                                   Britt M. Miller
                                                   Daniel T. Fenske
                                                   Matthew D. Provance
                                                   MAYER BROWN LLP
                                                   71 South Wacker Drive
                                                   Chicago, IL 60606
                                                   (312) 782-0600
                                                   bmiller@mayerbrown.com
                                                   dfenske@ mayerbrown.com
                                                   mprovance@mayerbrown.com

                                                   Mark W. Ryan
                                                   MAYER BROWN LLP
                                                   1999 K Street NW
                                                   Washington, DC 20006
                                                   (202) 263-3000
                                                   mryan@mayerbrown.com

                                                   *Counsel for Defendant*
                                                   *CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

      I, Matthew D. Provance, an attorney, hereby certify that on March 13, 2020, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S MOTION TO CLARIFY AND RECONSIDER MARCH 7, 2020 ORDER (DKT. 903)** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                          */s/ Matthew D. Provance*
                                          Matthew D. Provance
                                          Mayer Brown LLP
                                          71 South Wacker Drive
                                          Chicago, IL 60606
                                          (312) 782-0600
                                          mprovance@mayerbrown.com