**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 1:18-CV-00864 |
| *This document relates to:* | |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.,* Case No. 1:18-cv-00865 (N.D. Ill.) | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION FOR LEAVE TO FILE ITS PROPOSED AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

## I.   INTRODUCTION

Defendant The Reynolds and Reynolds Company ("Reynolds"), pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, respectfully seeks leave from this Court to file a proposed Amended Answer and Affirmative Defenses to Plaintiff Motor Vehicle Software Corp.'s ("MVSC") Second Amended Complaint (clean version attached as **Exhibit A**, redline comparing to existing Answer attached as **Exhibit B**).  Reynolds seeks leave to amend its Answer for the sole purpose of adding the affirmative defense of setoff.  The remaining substance of the proposed Amended Answer is identical to Reynolds's original Answer.  There is no prejudice to MVSC, as the grounds for Reynolds's setoff defense did not exist until MVSC settled with CDK in October 2019, Reynolds has since made its intent to pursue a setoff defense known to MVSC and is promptly seeking leave to assert same, and MVSC is well aware of its own settlement.

## II.   RELEVANT BACKGROUND

MVSC filed its Second Amended Complaint ("SAC") against defendants CDK, CVR and Reynolds in November 2017, alleging that defendants conspired to block MVSC from access to data, including by blocking MVSC from Reynolds's RCI program and CDK's 3PA program. MVSC Dkt. 76.  Reynolds answered the SAC on November 7, 2018.  Dkt. 435.  Fact discovery closed on April 30, 2019.  Dkt. 616-1.

On October 15, 2019, MVSC voluntarily dismissed all claims against CDK and CVR pursuant to a settlement agreement with CDK.  Dkt. 778; Dkt. 818 at 4 n.2.  As set forth in Reynolds's concurrently filed Motion to Compel Plaintiff MVSC to Produce Its Settlement Agreement and 3PA Agreement with CDK, Reynolds has since been trying to obtain a copy of MVSC's settlement and 3PA agreement for several reasons, including to establish a setoff defense. Reynolds informed MVSC of this in a letter dated January 31, 2020.  **Exhibit C** (1/31/20 Letter from Leo D. Caseria).  Reynolds discussed this with MVSC again during a telephonic meet and

confer on February 26, 2020.  MVSC has never claimed that Reynolds is not entitled to assert an affirmative defense of setoff.

To date, neither MVSC nor CDK has produced the MVSC settlement or 3PA agreement(s). There is no dispute that a settlement agreement between MVSC and CDK exists, and publicly available information shows that MVSC is now a member of CDK's 3PA program.  *See Add Value with the Right Partner*, CDK Global,  https:// www.cdkglobal.com/us/partners-list (attached as **Exhibit D**).

On Friday, March 13, 2020, counsel for Reynolds informed counsel for MVSC that Reynolds would seek leave from the Court to amend its Answer and assert an affirmative defense of setoff, and asked whether MVSC would oppose.  **Exhibit E**.  On March 18, 2020, counsel for MVSC responded, stating that it would agree to permit Reynolds to amend its Answer to assert a setoff defense, but only if Reynolds agreed "not to seek any discovery related to its newly proposed setoff defense."  *See id.*  In other words, MVSC is willing to agree that Reynolds can assert an affirmative defense as long Reynolds is unable to use it by discovering the value of the setoff. Given this untenable position, Reynolds was forced to bring this Motion.

## III.    <u>ARGUMENT</u>

A court "should freely give leave" to a party to amend its pleadings "where justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Seventh Circuit has acknowledged that as a "general rule[,] amendment is allowed absent undue surprise or prejudice to the plaintiff . . . ."  *Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 393 (7th Cir. 2000); *see also Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted) (leave to amend should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."). "[I]f the defendant acts in a timely fashion after the availability of the affirmative defense becomes reasonably apparent, a district court is well within its authority to grant leave to amend." *Wallace v. City of Chicago*, 472 F. Supp. 2d 942, 946 (N.D. Ill. 2004) (citing *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997)); *see also Reed v. Fed. Express Corp.*, No. 11 C 806, 2012 WL 13195734, at *1 (N.D. Ill. May 30, 2012) (Dow, J.) ("Just as a plaintiff is permitted to amend a complaint after facts emerge during discovery pursuant to Fed. R. Civ. P. 15(a)(2), a defendant is permitted to amend its answers and affirmative defense."); *Morrison v. Protective Life Ins. Co.*, No. 10 C 7894, 2012 WL 13195733, at *1 (N.D. Ill. Aug. 15, 2012) (Dow, J.) (collecting cases) (no prejudice in granting leave to amend answer where plaintiffs had notice of defense).

Reynolds should be granted leave to amend its Answer to assert the affirmative defense of setoff. Reynolds did not learn of the basis for its setoff defense until it learned in October 2019 that MVSC had settled with CDK, resolving its claims against both CDK and CVR. MVSC reached its settlement with CDK almost a year after Reynolds filed its initial Answer, and nearly six months after the close of fact discovery. MVSC's unsupported assertion this morning that Reynolds's requested amendment would prejudice MVSC, *see* **Exhibit E**, is meritless. Following MVSC's October 2019 settlement with CDK, Reynolds has informed MVSC of its intent to pursue a setoff defense, both through written and telephonic meet and confers relating to Reynolds's efforts to compel production of the settlement and 3PA agreements. *See* **Exhibit C**. To the extent that MVSC believes the discovery requested in Reynolds's concurrently-filed motion to compel is improper or prejudicial, that is a separate question that can be dealt with in connection with the motion to compel.

MVSC has not indicated at any point that it believes Reynolds cannot assert such a defense or that there would be no setoff. Instead, MVSC offered not to oppose Reynolds's request to amend its Answer to assert a setoff defense, but only if Reynolds agreed not to seek any discovery to substantiate it. *See* **Exhibit E**. Of course, this is no choice at all, and would leave Reynolds with a setoff defense but no ability to establish the setoff amount. Games aside, MVSC has not articulated any good faith reason why Reynolds should not be able to amend its Answer to assert an affirmative defense of setoff.

Alleged antitrust coconspirators are jointly and severally liable. To prevent double recovery, Reynolds is entitled to offset any potential liability to account for the relief MVSC has already received through settlement from Reynolds's alleged coconspirator CDK. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (1971) ("a plaintiff who has recovered any item of damage from one coconspirator may not again recover the same item from another conspirator; the law, that is, does not permit a plaintiff to recover double payment."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 6174683, at *6 (N.D. Cal. Nov. 20, 2013), *aff'd*, 637 F. App'x 981 (9th Cir. 2016) (deducting amount of settlement with antitrust coconspirator from damages award); *William Inglis & Sons Baking Co. v. Continental Baking Co., Inc.*, 981 F.2d 1023, 1024 (9th Cir. 1992) (same). Justice requires that leave be granted so Reynolds can assert such a defense.

## IV.    CONCLUSION

For the foregoing reasons, Reynolds respectfully requests that this Court grant the instant motion for leave to file the proposed Amended Answer and Affirmative Defenses.

-4-

March 18, 2020

Respectfully submitted,

/s/ *Leo D. Caseria*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON,
LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Leo D. Caseria, an attorney, hereby certify that on March 18, 2020, I caused true and correct copies of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MOTION FOR LEAVE TO FILE ITS PROPOSED AMENDED ANSWER AND AFFIRMATIVE DEFENSES** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/      Leo D. Caseria*
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com