# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
SEP 14 1998

J. A. L.

IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION ) 94 C 897

This Document Relates To: ) MDL 997

ALL CLASS ACTIONS. )

**RULINGS ON MOTIONS IN LIMINE**

CHARLES P. KOCORAS, District Judge:

**CLASS PLAINTIFFS' MOTION**
**RE: EVIDENCE OF SALES OF NON-DEFENDANTS**

As the plaintiffs assert, it has long been the law that an antitrust defendant is jointly and severally liable for the acts of the co-conspirators. It is also the case that plaintiffs can waive any claim to the benefits of this doctrine of liability as to the conduct of non-defendant co-conspirators. And that is what the plaintiffs have done in this class case. Counsel for the plaintiffs expressly represented that the only purchases for which damages were going to be claimed were purchases from the named defendants. Other comments of counsel have been consistent, and no discovery was conducted with respect to the sales of alleged co-conspirators Boehringer Ingelhein Pharmaceuticals, Inc. and Hoffman-La Roche, Inc. The

3965

plaintiffs' motion is denied as to these two entities, and granted as to Fox Meyer Drug Co., an entity which had been named as a defendant.

## CLASS PLAINTIFFS' MOTION TO TAKE DEPOSITION OF 13 WITNESSES ON WILL CALL LIST

Although the present motion is not comparable to the recent motion filed by the defendants for leave to depose certain will call witnesses not previously identified or disclosed, the court will allow the plaintiffs to depose four of the thirteen listed witnesses with a three hour deposition limit as to each witness. This ruling is for the purpose of minimizing trial surprise.

## ABBOTT LABORATORIES' MOTION TO EXCLUDE TESTIMONY OF DAVID W. LANDSIDLE AND MANUFACTURER DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF CERTAIN Ph RMA MEETINGS

Motions were filed by certain defendants to exclude certain evidence on the basis of the Noerr-Pennington doctrine. The exclusions were as to the testimony of lobbyist David Landsidle and as to certain meetings by a lobbying association. Much of the evidence sought to be offered by the plaintiffs involved a number of subjects unrelated to the charged conspiracy.

Evidence from these two categories shall not be admitted unless it is directly related to the pricing practices of the defendants toward the class plaintiffs and their failure to offer discounts that were available to managed care entities. As to this category of evidence which may be admissible, it will be necessary for the plaintiffs to advise the court and the defendants prior to the proffer of this evidence as to the precise evidence sought to be introduced, so that the defendants may have an opportunity to object to this evidence out of the presence of the jury on the basis of Noerr-Pennington.

Evidence about Ph RMA meetings which shows only the communications and associations of the defendants on other topics is not admissible.

## WHOLESALER DEFENDANTS' MOTION TO EXCLUDE EVIDENCE RELATED TO SPECULATIVE BUYING

The court has previously ruled on the relevance and probative value of "speculative buying," that is, the practice by wholesalers and retailers of trying to increase profits by guessing when a given manufacturer will increase prices on a product, buying the product in quantity in advance of the increase, then reselling it at the increased price. Neither the facts nor the law have changed since the court's

prior ruling on this subject and, for those reasons, the ruling is reaffirmed. The wholesaler defendants' motion to exclude such evidence is granted.

## WHOLESALER DEFENDANTS' MOTION TO EXCLUDE EVIDENCE RELATING TO PLAINTIFFS' EXHIBITS 311 AND 312

Plaintiffs' exhibit 312 is a business record and is admissible as such. Because it contains statements arguably in furtherance of the conspiracy, it is conditionally admissible as to all defendants in accordance with the court's procedure on claimed co-conspirator statements.

Plaintiffs' exhibit 311 is also a business record and is admissible as such. Because it does not contain any statements of other alleged coconspirators, the exhibit is admissible only as to Ciba-Geigy.

## WHOLESALER DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY PERLOFF

This court has, on two prior occasions, thoroughly addressed the propriety and adequacy of the methods by which Professor Perloff analyzed the evidence relating to the wholesalers involvement in the charged conspiracy and the manner in which his opinions were developed. That methodology failed the requirements of Daubert. There has been no update to Professor Perloff's expert report and,

09/14/98 MON 15:06 [TX/RX NO 5019] 007

apparently, no material changes to the materials reviewed by Professor Perloff or to the analysis undertaken in order for him to reach his opinions and conclusions as to the wholesalers alleged involvement in the charged conspiracy.

The plaintiffs argue that the Seventh Circuit's decision reversing this court's grant of summary judgment to the wholesalers removed the underpinnings of the criticism of Professor Perloff's work. The Seventh Circuit's decision did no such thing. The fact that there is a fact question about the wholesalers' involvement, along with the premise that they may have played a role in the prevention of resales of drugs by favored purchasers, does not detract from the validity of the criticisms at how Professor Perloff went about his work or the federal statutes affecting these topics that he was not aware of.

In light of this Court's prior holdings and in the absence of any material change in Professor's methodology and analyses, the wholesalers' motion is granted.

## MANUFACTURER DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF CPI INITIATIVE AND REMAINING DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF DAMAGES OR INJURY TO FLOW FROM CPI CONSPIRACY

The manufacturing defendants have moved to exclude from evidence lobbying and petitioning activities relating to the so-called "CPI Initiative," as well as similar

activities in opposition to price control legislation at both the federal and state levels. The basis for the motion is the Noerr-Pennington doctrine which protects the exercise of such rights as guaranteed by the United States Constitution. The plaintiffs claim that the CPI matters involved a price-fixing arrangement among competitors and that immunization of such conduct is not available under Noerr-Pennington. Additionally, the remaining manufacturer defendants seek to preclude the plaintiffs from offering any evidence of damages or injury alleged to flow from the "CPI conspiracy."

It should be noted that the class plaintiffs' original complaints did not allege that the list prices of brand names prescription drugs were fixed by a collusive agreement among manufacturers. Processor Lucas, plaintiffs' economics expert, has testified that the conspiracy alleged in this case did not involve the fixing of list prices. There has never been a contention in this case that the list prices of brand name drugs were the result of collusive agreements.

Indeed, class plaintiffs have disavowed any attempt to prove injury or damage by virtue of any CPI conspiracy. The representation made to the Seventh Circuit on the subject of recovery of damages was portrayed as follows: "only the damages they suffered as a result of the manufacturers' collusive and unlawful refusal to negotiate discounts with retail pharmacies–damages that will be measured by the

09/14/98 MON 15:06 [TX/RX NO 5019] 009

amounts of the discounts thus denied." No discovery was sought or provided as to how the plaintiffs may have been damaged by the alleged CPI conspiracy.

The manufacturing defendants have delineated a variety of evidence, largely uncontradicted, that any CPI price initiatives were responses to governmental actions and statements surrounding the election of President Clinton and the new administration's concern about rising health care costs. The plaintiffs' evidence involves concerted activity by defendants and industry consideration of the use of CPI standards in price increases. The proffered evidence does not bear on, and is not relevant, to the denial of discounts to plaintiffs which were otherwise offered to managed care entities.

The court finds that activities related to CPI initiatives, particularly as it involved Ph RMA, formerly PMA, are constitutionally protected activities and are not admissible on the basis of the Noerr-Pennington doctrine. Accordingly, the related motions of the manufacturing defendants and remaining manufacturer defendants as to CPI related evidence are granted.

## REMAINING MANUFACTURER DEFENDANTS' MOTION TO EXCLUDE EVIDENCE REGARDING FOREIGN PRICING

Evidence of pricing of drugs in foreign countries is not relevant to any issue of liability in this case. There are many factors involved in the marketing and

09/14/98 MON 15:06 [TX/RX NO 5019] 010

pricing of drugs in foreign countries, including government price regulations and controls or the lack of same. There are profound differences between the United States and many foreign countries as to the sale and pricing of brand name drugs so as to render comparisons inapt. Even where some similarities may exist so as to produce some probative value as to damages, it would be necessary to explore the practices in those foreign countries in order to give completeness to asserted comparables. This would lead to wasteful, time-consuming testimony which may confuse and distract the jury, and would outweigh the evidence's probative value. Finally, the inherent unfair prejudice to the defendants by presenting evidence to an American jury that they are paying more for pharmaceutical drugs than their counterparts in foreign countries is manifest. For all these reasons, the defendants' motion is granted.

**REMAINING DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF ROBERT E. LUCAS and DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF MICHAEL INTRILIGATOR**

The above motions are denied without prejudice. The court shall consider the testimony of experts proffered by parties at trial to insure that the requirements of Daubert have been satisfied, that any opinions and conclusions have been properly

reached, that the opinions call for the expertise of the particular witness and are within the scope of the witness' discipline, and that they will assist the jury to determine a fact in issue or to understand the evidence.

**DEFENDANTS' MOTION TO STRIKE CLASS-PLAINTIFFS' COUNTER-COUNTER DESIGNATIONS OF DEPOSITIONS**

The motion is granted. If, at trial, any undesignated portion of a deposition is logically related to any portion of a deposition which has been read, then any party can move to have the related portion of the undesignated deposition read in accordance with the doctrine of completeness.

Plaintiffs' alternative motion to strike the counter designations of depositions is denied.

**MANUFACTURER DEFENDANTS' MOTION TO EXCLUDE EVIDENCE REGARDING NOMINALLY PRICED PRODUCTS**

This motion is granted to the extent products are given away or sold at nominal prices to hospitals, hospital pharmacies, and to doctors for use in a hospital setting. The motion is denied to the extent the recipient is a managed care entity of one kind of another, including staff model HMOs.

**MANUFACTURER DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FACT OF INJURY OR DAMAGES TO CLASS PLAINTIFFS AFTER THE CLASS SETTLEMENT**

To terminate one's liability for the continuing illegal acts of a conspiracy that one had joined, a withdrawing member must either report the conspiracy to the authorities or announce his withdrawal to his coconspirators. United States v. United States Gypsum Co., 438 U.S. 422, 463-65. The Seventh Circuit reaffirmed the application of that holding in this very case. In re Brand Name Prescription Drugs Litigation, 123 F.3d 599, 616 (7th Cir. 1997).

On May 1, 1996, an Amended Settlement agreement was entered into between a substantial number of the defendants and the class plaintiffs. The entry into this Amended Settlement by the settling defendants was accompanied by individual written notice to the remaining defendants and was widely publicized in many newspapers. The facts of these events are uncontroverted.

By entering into the Amended Settlement Agreement, along with the attendant notices to the remaining coconspirator defendants, these alleged coconspirators announced their withdrawal to their alleged coconspirators. As a matter of law, no more was required to effectuate a withdrawal. Any other holding or result would nullify the Supreme Court's holding in Gypsum and reverse the law of the case pronounced by the Seventh Circuit Court of Appeals.

Assuming the existence of the conspiracy as charged in the plaintiffs' complaint, the withdrawal from the conspiracy by settlement on the part of a substantial number of defendants, along with the attendant notice of settlement (withdrawal) to the remaining defendants, terminated the charged conspiracy as a matter of law on May 1, 1996. For these reasons, the defendants' motion to exclude evidence of fact of injury or damages post May 1, 1996 is granted.

Charles P. Kocoras
United States District Judge

Dated: September 14, 1998

09/14/98 MON 15:06 [TX/RX NO 5019] 014