**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

This matter is before the Court on Defendant CDK Global, LLC's Motion to Clarify and Reconsider March 4, 2020 Order (DKT. 903) [ECF No. 921]. For the reasons discussed below, the Motion [EFC No. 921] is granted.

On March 4, 2020, the Court entered its Order [ECF No. 903] on Class Plaintiffs 'Motion to Compel Production of Inadequately Logged Documents from Defendants 'Privilege Logs and to Compel Discovery Regarding Drafting Agreements [ECF No. 535]. In that Order, the Court made privilege rulings on some documents the parties submitted for *in camera* review.

In the instant Motion [ECF No. 921], CDK now challenges one of the Court's privilege rulings regarding CDK's communications with third-party advisors, consultants and agents. Specifically, CDK requests the Court reconsider its ruling on the communications identified at Tab 2 of the documents submitted by Class Plaintiffs for review. In the March 4, 2020 Order with regard to CDK's communications with third-party advisors, consultants and agents, the Court concluded:

> (b) Of the 10 CDK documents selected by Class Plaintiffs in this category, the Court finds that only one of the documents is privileged. The document at Tab 1 privileged; the remaining documents at Tabs 2 through 10 are not privileged and should be produced
>
> The documents at Tab 1 is privileged because it is an email communication with attachments between a CDK employee and a CDK in-house counsel in which the CDK employee is sending the in-house lawyer documents regarding the proposed merger with Auto/Mate from his deleted email folder. The parties submitted a sample of the documents attached to the parent email, which include, among others, documents relating to the underlying transaction, drafts and status memos. The Court agrees that is was proper for CDK to withhold the attachments as part of the privileged attorney-client communication.
>
> The documents submitted as Tabs 2 through 10 are not privileged and should be produced.

*See* March 4, 2020 Order [ECF No. 903], at 5-6.

In the instant Motion, CDK explains that, similar to the documents included at Tab 1, the documents included in Tab 2 are also attachments to a parent email communication between Ron Workman, a CDK employee, and Tom d'Ambrosio, a CDK in-house counsel. Specifically, Ron Workman "is gathering information at request of counsel regarding proposed merger with Auto/Mate." *See* CDK's Motion to Reconsider [ECF No. 921], at 2 (citing CDK's July 2, 2019 *In Camera* Review Submission at Appendix A). When the Court initially reviewed the documents and CDK's privilege log, it was not clear to the Court that, like the documents at Tab 1, the documents included at Tab 2 also were attachments to the same parent communication between Ron Workman and Tom d'Ambrosio. Based on this clarification and representation, the Court agrees that the documents included at Tab 2 are privileged, and CDK is not required to produce them to Class Plaintiffs.

For the reasons discussed above, Defendant CDK Global, LLC's Motion to Clarify and Reconsider March 4, 2020 Order (DKT. 903) [ECF No. 921] is granted. The Tab 2 documents are properly withheld as privileged. The Court's Order entered on March 4, 2020 [ECF No. 903] is amended to reflect this ruling.

It is so ordered.

_____
Jeffrey T. Gilbert
Unites States Magistrate Judge

Dated: March 20, 2020