# EXHIBIT 110

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817<br><br>*This document relates to:*<br><br>*All Class Actions* | No. 1:18-CV-864<br><br>Hon. Amy J. St. Eve |

**DEFENDANT CDK GLOBAL, LLC'S FIRST
INTERROGATORIES DIRECTED TO DEALER CLASS PLAINTIFFS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the definitions and instructions set forth below, Defendant CDK Global, LLC propounds the following interrogatories to the Named Plaintiffs in the putative class actions filed in the above-captioned matter.

CDK has prepared these Interrogatories in the absence of a Consolidated Amended Complaint, based solely on the limited information set forth in the Dealer Class Plaintiffs' Rule 26 disclosures. CDK reserves the right to serve additional discovery on the Dealership Plaintiffs—including any additional named plaintiffs not identified in Dealer Class Plaintiffs' current Rule 26 disclosures—as well as third-party discovery addressing issues in the Dealership cases, after the filing of the Consolidated Amended Complaint.

**DEFINITIONS**

1. "Application" shall mean any automotive software products or services, whether stand-alone, web-based, or otherwise and regardless of whether the application is capable of being or is integrated with any DMS—including, but not limited to, inventory management, customer relationship management, and electronic vehicle registration and titling applications—utilized by Dealers, manufacturers, lenders and other businesses in the automotive industry.

2. "CDK" means CDK Global, LLC, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on CDK's behalf, and any and all persons and entities affiliated with or controlled by CDK.

3. "Communication," "Communicate," and "Communicated" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Complaints" means the complaints You filed against CDK Global, LLC in each legal proceeding listed in the below "Dealer Class Plaintiffs" definition.

5. "Consolidated Amended Complaint" means the complaint that will be filed by You against CDK Global, LLC, and The Reynolds and Reynolds Company in the United States District Court for the Northern District of Illinois, in case number 1:18-cv-864 on June 4, 2018, as contemplated by the Case Management Order adopted by the Court on May 7, 2018 (Dkt. No. 166).

6. "Data Extraction Services" means the provision of services for extracting, cleansing, formatting, integrating, standardizing or organizing the data housed on a DMS.

7. "Data Extractor" means a party who provides Data Extraction Services. For purposes of these Interrogatories, this term is intended to include Data Integrators, as that term is used in the Complaints.

8. Unless otherwise specified, "Dealer Class Plaintiffs" "You," and "Your" means all named plaintiffs in the Consolidated Amended Complaint and the Complaints in the following legal proceedings, as well as any officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors of the

named plaintiffs, all persons acting on behalf of any Dealer Class Plaintiff, and any and all persons and entities affiliated with or controlled by a Dealer Class Plaintiff:

| Case Name | Case Number |
|---|---|
| *Hartley Buick GMC, Truck, Inc. v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 17-cv-07827 |
| *Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 17-cv-00864 |
| *JCF Autos LLC, 440 Jericho Turnpike Sales LLC, and Patchogue 112 Motors LLC v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 2:17-cv-11975 |
| *Kenny Thomas Enterprises, Inc. (d/b/a Olathe Toyota) v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 3:18-cv-00029 |
| *Massey Chrysler Center, Inc., and Massey Automotive, Inc., v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 2:18-cv-00042-GMB |
| *Northtown Automotive Companies, Inc., v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 18-cv-00833 |
| *John O'Neill Johnson Toyota, LLC, v. CDK Global, LLC* | 3:17-cv-00888-HSO-JCG |
| *Teterboro Automall, Inc., d/b/a Teterboro Chrysler Dodge Jeep Ram v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 2:17-cv-08714 |
| *Waconia Dodge, Inc., v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 1:18-cv-01707 |
| *Apex Motor Co. d/b/a Shearer Acura v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 1:18-cv-02666 |
| *Baystate Ford, Inc., v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 1:18-cv-00996 |
| *Bob Baker Volkswagen v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 1:18-cv-00909 |
| *Cox Motors N.C., Inc. D/B/A Cox Toyota v. CDK Global, LLC* | 1:18-cv-00846 |
| *F.G. Downing Development, Inc., v. CDK Global, LLC, and The Reynolds and Reynolds Company* | 1:18-cv-00987 |

9. "DMS" means an enterprise system comprised of hardware, software, databases, and related data used by Dealers to manage and operate their dealerships, usually referred to as the DMS or Dealer Management System.

10. "Identify" and "Describe"–

(a) when used with reference to an act or acts, shall include, in addition to other information requested in these Interrogatories, the following information: the substance of the referenced act; the date of the act; the person(s) committing the act; and the witnesses to, or documents relating to, the act;

(b) when referring to documents, mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s);

(c) when used with reference to an entity, shall include, in addition to other information requested in these Interrogatories, the following information: the name of the entity, its address, its telephone number, and its business;

(d) when used with reference to a fact or facts, shall include, in addition to other information requested in these Interrogatories, the following information: the referenced fact, the foundation for the fact (for example, the document(s) on which it is based or the witness(es) with knowledge of the fact), and the date;

(e) when referring to a person, mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment;

(f) when used with reference to a statement or communication, shall include, in addition to other information requested in these Interrogatories, the following information: the substance of the statement or communication, the parties to the statement or communication, the witnesses to the statement or communication, the date of the statement or communication, and whether the statement or communication was written (if so, identify the document(s) containing the statement) or oral;

11. "Interrogatory" shall mean any request for information contained herein.

12. "Lawsuit" means the lawsuit captioned on these Inteogatories, *In re Dealer Management Systems Antitrust Litigation*, MDL 2817, currently pending in the United States District Court for the Northern District of Illinois.

13. "Person" shall mean any natural person or any corporation, firm, joint venture, sole proprietorship, governmental entity, association, or other legal or business entity of any kind, and each of their respective predecessors, successors, present or former officers, directors, agents, partners, employees, shareholders, representatives, counsel, or other persons acting on or purporting to act on their behalf. "Person" shall also include, without limitation, the parties in this case.

14. "Reynolds" means The Reynolds and Reynolds Company, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on Reynolds's behalf, and any and all persons and entities affiliated with or controlled by Reynolds.

15. "Vendor" means any third-party Applications provider that uses Dealer or DMS data to provide Dealers with services, including inventory management, customer relationship management, and electronic vehicle registration and titling.

## INSTRUCTIONS

1. Unless otherwise indicated, each Interrogatory relates to the time period January 1, 2013 to the present (the "Relevant Time Period").

2. Each Interrogatory shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

3. In the event You assert any form of objection or privilege as a ground for not answering an Interrogatory, in whole or in part, You must identify the legal grounds and facts supporting the objection or privilege in accordance with Fed. R. Civ. P. 26(b)(5) and any applicable local rules and orders issued in the above-captioned proceeding.

4. If you are unable to fully answer any of the Interrogatories below, you shall answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder, and stating whatever information, knowledge, or belief you have concerning the answerable portion.

5. This set of Interrogatories shall be deemed continuing in accordance with Fed. R. Civ. P. 26(e). If You obtain or become aware of any further information responsive to this set of Interrogatories, You are required to update your responses to reflect such additional information.

**INTERROGATORIES**

1.	Please specifically Identify every term of any agreement between CDK and Reynolds that you allege is a *per se* violation of the antitrust laws and describe why you believe the term is a *per se* violation.

2.	Please Identify for each year of the Relevant Time Period each DMS provider, Data Extractor, and Vendor that You have used, including (1) the type of service provided; (2) for each Data Extractor, the Vendor(s) to whom they provide(d) data; and (3) for each Vendor, the Data Extractor(s) they used.

3.	For each DMS provider, Data Extractor, and Vendor identified in Interrogatory 2, please state (1) the list price of the products or services; (2) the net negotiated price of the products or services before tax, including any discounts, coupons, rebates, refunds, dividends, or any other price adjustment; (3) any rebates, allowances, discounts, refunds, dividends or other price adjustments applied to the price of the product or service; and (4) any taxes or fees paid by any Person in connection with the acquisition of the products or services.

4.	Please Identify Your employee(s) responsible for negotiating contracts with DMS providers, Data Extractors, and Vendors and specifically with which DMS providers, Data Extractor, and Vendors each employee negotiated contracts.

5.	Please Identify Your employee(s) who is/are the main contact(s) with your DMS providers, Data Extractor, and Vendors, and the specific DMS providers, Data Extractors, and Vendors for which each employee is the main contact.

6.	Please Describe in detail how, when, the manner in which, and the extent to which You believe You have been damaged as a result of the conduct alleged in the Consolidated Amended Complaint.

7. Please Identify Your employee(s) with the most knowledge about your alleged damages in this Lawsuit.

8. Please Identify all of Your policies and procedures designed to protect the security of Your customers' data, including but not limited to sensitive data such as social security numbers.

9. Please Describe any instance of which you are aware where a Data Extractor or Vendor has received your DMS data without Your express consent.

10. With respect to Your individual claims in this case, do You seek to assert a claim for damages based on assignment of rights made to You by another Person? If so, list all such Persons and Identify all Evidence on which You intend to rely to prove such assignment of rights.

11. Identify each of Your predecessor or successor entities in existence during the Relevant Period.

12. Please identify in detail every Communication between You and any actual or potential member of the putative class(es) You seek to represent relating to Your potential service as a class representative in this action, including without limitation the Identity of each Person with whom You have so Communicated, whether each such Person has consented, refused to consent, or otherwise responded to Your purported authority to institute the action or serve as a class representative, and the date, time, location, and content of the Communication.

13. Describe each evaluation of and decision concerning which seller, provider, vendor, or supplier should be selected with respect to each of Your acquisitions of DMS, Data Extractor, and Vendor products or services and Identify all Persons with knowledge of each evaluation and decision.

14. Please Identify all persons who participated or assisted in the preparation of Your responses to these and any subsequently served interrogatories (excluding those individuals who merely recorded, typed, or performed administrative tasks associated with the preparation of Your responses).

Dated: May 25, 2018

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Andrew S. Marovitz
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
amarovitz@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for CDK Global, LLC*

**CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, certify that I caused a copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S FIRST INTERROGATORIES DIRECTED TO DEALER CLASS PLAINTIFFS** to be served on counsel of record in the above-captioned proceeding via email in accordance the parties' written stipulation to receive service by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

                                              /s/ *Britt M. Miller* _____

728578599