PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 1:18-CV-00864 |
| *This document relates to:* | |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.,* Case No. 1:18-cv-00865 (N.D. Ill.) | Hon. Robert M. Dow, Jr. <br> Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S CONSOLIDATED REPLY IN SUPPORT OF ITS MOTIONS (1) TO COMPEL PLAINTIFF MVSC TO PRODUCE ITS SETTLEMENT AND 3PA AGREEMENT WITH CDK, AND (2) FOR LEAVE TO FILE ITS PROPOSED AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

PUBLIC VERSION

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ...........................................................................................................1

II.  REYNOLDS'S MOTION TO COMPEL THE SETTLEMENT AND 3PA
AGREEMENT SHOULD BE GRANTED ........................................................................1

    A.  The Settlement and 3PA Agreement Are Highly Relevant to Disputed
Issues Central to This Case .......................................................................................1

        1.  MVSC's Arguments Are Based On the Wrong Standard............................1

        2.  The Agreements Are Highly Relevant to Determining the End
Date of the Alleged Conspiracy, But-For Prices, and Damages.................3

        3.  Reynolds is Entitled to the Agreements for Setoff Purposes......................6

        4.  Joe Nemelka's Declaration Regarding Bias ...............................................8

    B.  The Court Can Order Production of the Settlement and 3PA Agreement
Without Reopening Discovery...................................................................................9

    C.  Reynolds's Motion is Timely....................................................................................9

III.  REYNOLDS'S MOTION TO AMEND ITS ANSWER TO ADD THE
AFFIRMATIVE DEFENSE OF SETOFF SHOULD BE GRANTED ............................12

IV.  CONCLUSION..............................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*In re Ameritech Corp.*
    188 F.R.D. 280 (N.D. Ill. 1999) ...............................................................................14

*Anderson v. Ford Motor Co.*
    MDL No. 875, 2010 WL 4156256 (E.D. Penn. Oct. 20, 2010) .................................8

*Banks v. CBOCS West, Inc.*
    No. 01-c-795, 2004 WL 723767 (N.D. Ill. Apr. 1, 2014) .......................................12

*Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*
    377 F.3d 682 (7th Cir. 2004) ..................................................................................14

*Bennett v. La Pere*
    112 F.R.D. 136 (D.R.I. 1986) ........................................................................2, 5, 6, 7

*Bottaro v. Hatton Associates*
    96 F.R.D. 158 (E.D.N.Y. 1982) .................................................................................2

*In re Brand Name Prescription Drugs Antitrust Litig.*
    MDL No. 997 (N.D. Ill. Sept. 14, 1998) ....................................................................4

*Burke v. Regalado*
    935 F.3d 980 (10th Cir. 2019) ...................................................................................6

*Campania Mgmt. Co. v. Rooks, Pitts & Poubst*
    290 F.3d 843 (7th Cir. 2002) ...................................................................................13

*Centillion Data Sys., Inc. v. Ameritech Corp.*
    193 F.R.D. 550 (S.D. Ind. 1999) ...........................................................................2, 3

*In re CRT Antitrust Litig.*
    MDL No. 1917, 2015 WL 13756260 (N.D. Cal. July 31, 2015) ....................6, 7, 10

*Davis v. Prison Health Servs.*
    No. 09-2629, 2011 WL 3353874 (N.D. Cal. Aug. 3, 2011) ......................................7

*Drug Mart Pharm. Corp. v. Am. Home Prods., Corp.*
    288 F. Supp. 2d 325 (E.D.N.Y. 2003) .......................................................................4

*Feldman v. Am. Med'l Life Ins. Co.*
    196 F.3d 783 (7th Cir. 1999) ...................................................................................14

*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*
  No. 05-2164, 2007 WL 1246216 (D. Kan. Apr. 27, 2007)......................................................2

*Hickman v. Taylor*
  329 U.S. 495 (1947)................................................................................................4

*Jacks v. DirectSat USA, LLC*
  No. 10-cv-1707, 2019 WL 1858500 (N.D. Ill. Apr. 25, 2019)...............................13

*Johnson v. Cypress Hill*
  641 F.3d 867 (7th Cir. 2011) .................................................................................13

*Johnson v. Methodist Med. Ctr. of Ill.*
  10 F.3d 1300 (7th Cir. 1993) .................................................................................14

*Kedzior v. Talman Home Fed. Sav. & Loan Ass'n of Ill.*
  No. 89-c-4188, 1990 WL 70855 (N.D. Ill. May 10, 1990)....................................12

*Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*
  834 F.2d 677 (7th Cir. 1987) ...................................................................................6

*McKinney v. Balboa Ins. Co.*
  8:13-cv-1118, 2013 WL 12106204 (M.D. Fla. Nov. 1, 2013)..................................7

*Morrison v. Protective Life Insurance Co.*
  No. 10-c-7894, 2012 WL 13195733 (N.D. Ill. Aug. 15, 2012) .............................14

*O'Neill v. LVNV Funding, LLC*
  No. 14-cv-7636, 2015 WL 5730271 (S.D.N.Y. Sept. 30, 2015) ..............................7

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*
  No. 02-c-2523, 2003 WL 22848968 (N.D. Ill. Dec. 1, 2003)................................13

*Perrian v. O'Grady*
  958 F.2d 192 (7th Cir. 1992) .................................................................................14

*Reed v. Federal Express Corp.*
  No. 11-c-806, 2012 WL 13195734 (N.D. Ill. May 30, 2012).................................14

*Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Serv. N.A., L.L.C.*
  No. 03-c-760, 2004 WL 3021842 (N.D. Ill. Dec. 30, 2004)..................................12

*Rosetto v. Pabst Brewing Co.*
  217 F.3d 539 (7th Cir. 2000) .................................................................................12

*In re Sulfuric Acid Antitrust Litig.*
  231 F.R.D. 331 (N.D. Ill. 2005).............................................................................12

*Tanner v. Johnston*
    No. 2:11-cv-00028, 2013 WL 121158 (D. Utah Jan. 8, 2013) ...................................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
    MDL No. 1827, 2012 WL 13202833 (N.D. Cal. Apr. 4, 2012) ..............................................7

*The Medicines Co. v. Mylan Inc.*
    No. 11-c-1285, 2013 WL 120245 (N.D. Ill. Jan. 9, 2013)......................................................12

*Wagner v. Circle W. Mastiffs*
    2:08-cv-431, 2013 WL 4479070 (S.D. Oh. Aug. 19, 2013) ................................................7, 8

*White v. Kenneth Warren & Son, Ltd.*
    203 F.R.D 364 (N.D. Ill. 2001).............................................................................................2, 6

*Wisconsin Elec. Power Co. v. N. Assur. Co. of Am.*
    No. 07-c-277, 2007 WL 4631363 (W.D. Wis. Oct. 31, 2007) ................................................8

*Zenith Radio Corp. v. Hazeltine Research, Inc.*
    401 U.S. 321 (1971)...........................................................................................................12, 13

## OTHER AUTHORITIES

Procedures: Discovery Motions, Magistrate Judge Jeffrey T. Gilbert, *available at*
    https://www.ilnd.uscourts.gov/judge-info.aspx?QZFvv1igiJ0=..............................................10

## I. <u>INTRODUCTION</u>

MVSC's settlement and 3PA agreement with CDK should be produced to Reynolds. Both documents are highly relevant to issues central to this case, *i.e.*, (1) whether the alleged conspiracy ended or is ongoing and will continue until 2021 as asserted by MVSC's experts; (2) whether MVSC was blocked from 3PA as a result of proposed prices that were "economically infeasible" as MVSC and its experts have asserted; (3) the soundness of but-for 3PA prices used by MVSC's expert to calculate damages; and (4) the amount of setoff.

Additionally, Reynolds's motion to amend its answer to add the affirmative defense of setoff should be granted because there is no undue delay or undue prejudice to MVSC. Reynolds filed its motion a few short months after the October 2019 MVSC/CDK settlement, and the only "prejudice" to MVSC is the production of two documents in its possession. MVSC is not entitled to a potential double recovery by precluding Reynolds from a setoff defense under these circumstances.

## II. <u>REYNOLDS'S MOTION TO COMPEL THE SETTLEMENT AND 3PA AGREEMENT SHOULD BE GRANTED</u>

### A. The Settlement and 3PA Agreement Are Highly Relevant to Disputed Issues Central to This Case

#### 1. MVSC's Arguments Are Based On the Wrong Standard

Reynolds has shown the "specific basis as to why the settlement terms are relevant" – the standard that applies here. Dkt. 748 ("DCP Order") at 2. Indeed, the settlement terms (including the commercial terms on which MVSC and CDK are now doing business) are among the <u>most</u> relevant information in this litigation. MVSC's opposition is fatally flawed because it is based on the false premise that a "particularized" and/or "heightened" showing of relevance must be made in order to obtain production of a settlement agreement. Opp. at 7 & 11 n.7. MVSC posits the wrong question.

When this Court previously denied the Dealership Class Plaintiffs' ("DCPs") motion to compel the Cox/CDK settlement agreement, it explained that "[w]hether a confidential settlement agreement should be disclosed to other parties in a multi-party case is governed by the familiar Rule 26(b)(1) discovery standards." DCP Order at 1. Specifically, a party seeking disclosure "must articulate something more than a bald desire to see what the other parties said in their settlement," *i.e.*, "a specific basis as to why the settlement terms are relevant . . . [and] proportional to the needs of the case and overrides the settling parties' interest in keeping their settlement confidential." *Id.* at 2. This is not a heightened standard, but the usual Rule 26(b)(1) standard, which Reynolds has met.

None of the cases cited by the Court in the DCP Order adopted a heightened standard.[1]  In fact, in *White* (cited by this Court), Magistrate Judge M. Denlow of the Northern District of Illinois rejected the particularized showing analysis in *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158 (E.D.N.Y. 1982). *White*, 203 F.R.D. at 367. *See also Heartland Surgical*, 2007 WL 1246216, at *3-4 (noting *Bottaro*'s "particularized showing" standard but applying the general Rule 26 standard); *Bennett v. La Pere*, 112 F.R.D. 136, 139 (D.R.I. 1986) ("flatly reject[ing]" the particularized showing in *Bottaro*).

The only other authority MVSC cites in support of a heightened standard is *Centillion*. Opp. at 7. MVSC mischaracterizes the *Centillion* court's passing observation that "some courts"

---

[1]     DCP Order at 1-2 (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 1246216, at *4 (D. Kan. Apr. 27, 2007); *Matsushita Elec. Indus. Co., Ltd. v. Meditek, Inc.*, No. C-05-3148, 2007 WL 963975 (N.D. Cal. Mar. 30, 2007); *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552 (S.D. Ind. 1999); *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106 (7th Cir. 1979); *Meharg v. I-Flow Corp.*, No. 1:08-cv-0184, 2009 WL 3032327 (S.D. Ind. Sept. 18, 2009); *In re AT&T Fiber Optic Cable Installation Litig.*, No. IP99-c-9313, 2002 WL 1364157 (S.D. Ind. June 5, 2002); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D 364 (N.D. Ill. 2001)).

have applied a heightened showing, 193 F.R.D. at 552 n.1, as if that was the standard adopted by

the *Centillion* court. But the *Centillion* court neither endorsed nor applied a heightened standard.

*Id.* at 552-53.[2] MVSC's opposition should be rejected because it presents arguments based on an

inapplicable, heightened standard.

> **2.    The Agreements Are Highly Relevant to Determining the End Date of the Alleged Conspiracy, But-For Prices, and Damages**

As set forth in Reynolds's opening brief (at 7-10), the settlement and 3PA agreement are

highly relevant to disputed issues central to this case: (1) when the alleged conspiracy, if any,

ended; (2) how the actual prices MVSC is now paying for 3PA compares to the allegedly

"economically infeasible" prices previously quoted to it; and (3) the validity of but-for 3PA prices

estimated by MVSC's experts to calculate damages. Nothing in MVSC's opposition demonstrates

otherwise.

*The alleged conspiracy's end date*. According to MVSC's liability expert Mark Israel and

MVSC's causation and damages expert Gordon Klein, ██████████████████████████

████████████████████████████████████████████████████████ **Exhibit E**,

Israel Dep. Tr. at 600:20-21; **Exhibit F**, Klein Rpt. ¶¶ 16, 54 & n.57.[3] ████████████

████████████████████████████████████████████████████████████████

██████ **Exhibit F**, Klein Rpt. ¶ 54 & n.57.

---

[2]    Regardless, *Centillion* is distinguishable. The court in *Centillion* denied a motion to compel a settlement agreement in a different case with a different defendant, with no conspiracy allegations. *Id.* at 551. Here, Reynolds seeks discovery of a settlement agreement which dismissed the only other parties that Reynolds allegedly conspired with, with respect to the same alleged conspiracy, in the same case. Additionally, the moving party in *Centillion* did not present the relevance arguments presented by Reynolds here, and instead sought production of a settlement agreement to evaluate its own settlement prospects. *Id.* at 552.

[3]    Unless otherwise specified, all Exhibit references are to exhibits attached to Reynolds's Memorandum in Support of its Motion to Compel ("Mem."), Dkt. 931.

The MVSC/CDK settlement agreement's terms are relevant to establishing that, ███

████████████████████████████████ the alleged conspiracy could not have continued

beyond October 2019 at the latest. In Reynolds's view, this cannot be genuinely disputed, and

Reynolds has made a summary judgment argument to this effect, citing two cases that reached a

similar conclusion based on relevant settlement agreements. Dkt. 955 at 37 (citing *Drug Mart*

*Pharm. Corp. v. Am. Home Prods., Corp.*, 288 F. Supp. 2d 325 (E.D.N.Y. 2003) (court considered

terms in settlement agreement as evidence of conspirators' withdrawal from the alleged

conspiracy); *In re Brand Name Prescription Drugs Antitrust Litig.*, MDL No. 997 (N.D. Ill. Sept.

14, 1998) (**Exhibit K**, Ruling on Motion in Limine) (accord)). MVSC fails to distinguish *Drug*

*Mart* and *Prescription Drugs*. Instead, MVSC merely points out that the settlements there were

public, which has no bearing on the question of relevance. Opp. at 9. The settlement here is just as

relevant to determining the end of the alleged conspiracy as the settlements in *Drug Mart* and

*Prescription Drugs*.

MVSC cannot attempt to create a disputed fact issue and pursue arguments and theories

that seek to hold Reynolds liable for an alleged conspiracy continuing past October 2019, with full

knowledge of the contours of a relevant October 2019 settlement and 3PA agreement with CDK,

while keeping MVSC's own experts, the Court, and Reynolds, in the dark about those details.

Discovery is meant to illuminate the relevant facts, for all sides. MVSC's retort that the fact of the

settlement alone is all that Reynolds needs misses the point. It may be that Reynolds will ultimately

prevail with one hand tied behind its back, but it shouldn't have to; it should be on a level playing

field with MVSC. "Mutual knowledge of all the relevant facts gathered by both parties is essential

to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

*Actual and but-for 3PA prices*. According to MVSC, the 3PA prices quoted by CDK in 2015 and 2016 were economically infeasible so as to constitute a refusal to deal that blocked MVSC from 3PA, and damages should be based on a but-for world in which MVSC pays a significantly lower but-for 3PA price. The actual 3PA price MVSC is now paying is therefore plainly relevant to these issues.

MVSC's argument (at 9-10) that the 3PA price it pays now can have no relevance to the propriety of previously quoted 3PA prices or Mr. Klein's ██████████████████████. MVSC's disagreement on the precise weight to be given current, actual 3PA prices paid by MVSC is not a reason to keep those prices out of discovery and only within MVSC's exclusive knowledge. Reynolds cannot respond to MVSC's claim (at 10) that the price it currently pays has "necessarily been influenced by the conspiracy and therefore cannot be used as a point of comparison" if it does not know the details of the actual agreement. As the court in *Bennett* held, a plaintiff's position that its settlement should not be disclosed because it is immaterial "represents the triumph of hope over reason. Indeed, the grounds [plaintiffs] assert for a protective order presume a conclusion that can only be fairly reached, in our adversary system, through disclosure." 112 F.R.D. at 139.

Finally, MVSC briefly argues in a footnote (at 9 n.6) that the 3PA agreement is not part of the settlement. Reynolds made clear in its meet and confer correspondence, **Exhibit I**, and in its motion that it is specifically seeking the 3PA agreement. During the parties' meet and confer, MVSC refused to provide any information whatsoever concerning its settlement. It cannot now play a "gotcha" game and hide its 3PA agreement on the grounds that it is "separate." Even if true, this weighs in favor of production of the 3PA agreement because MVSC's purported heightened showing for settlements would not apply to the 3PA agreement.

*MVSC's concerns about confidentiality and "laying bare [its] settlement strategy."*

Finally, none of MVSC's concerns bar discovery here. First, its interest in maintaining confidentiality can be fully addressed by the existing confidentiality order in the same way that other courts have addressed this concern. *E.g.*, *Burke v. Regalado*, 935 F.3d 980, 1048 (10th Cir. 2019); *White*, 203 F.R.D. at 369; *In re CRT Antitrust Litig.*, MDL No. 1917, 2015 WL 13756260, at *4 (N.D. Cal. July 31, 20105); *Bennett*, 112 F.R.D. at 140 ("Whatever suppressive effect the confidentiality clause may have as between the [settling parties], it cannot be allowed to bar the nonsettling defendant's right to inquire into the settlement.").

Second, MVSC's claim that disclosure of the executed settlement and 3PA agreement would "lay[ ] bare MVSC's settlement strategy" is hyperbole. The lone case MVSC cites for this proposition involved "[d]iscovery of settlement negotiations." *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987) (emphasis added); *see also id.* at 680 (the settlement in *Mars* had already been disclosed). MVSC's concern about "severe[ ] prejudice" from "laying bare [its] settlement strategy" is akin to the concern already rejected by the *Bennett* court: "[T]he only 'prejudice' which disclosure [of the settlement agreement] will work vis-à-vis the plaintiffs is to rob them of the (unfair) tactical advantage which would attach to keeping the [nonsettling defendant] uninformed." 112 F.R.D. at 140.

### 3. Reynolds is Entitled to the Agreements for Setoff Purposes

MVSC agrees with the "undisputed proposition of the necessity of a setoff analysis." Opp. at 11 n.7. MVSC instead presents a technical argument about timing, *i.e.*, disclosure of the settlement and 3PA agreement for setoff purposes is premature at this time. *Id.* at 10-11. MVSC elevates form over substance. The same argument was rejected by the *CRT* court. *CRT*, 2015 WL

13756260, at *3 (explaining that Rule 26 does not require "such sequencing for discoverability of information.").

Other courts have also ordered production of settlement agreements for setoff purposes before trial. *E.g.*, *Bennett*, 112 F.R.D. at 138, 141 (ordering production of settlement before trial to determine "the degree of any offset"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 WL 13202833, at *1 (N.D. Cal. Apr. 4, 2012) (granting motion to compel settlement agreement in antitrust case during fact discovery so that defendants could "understand the full extent of their potential liability."). *See also Davis v. Prison Health Servs.*, No. 09-2629, 2011 WL 3353874, at *10 (N.D. Cal. Aug. 3, 2011) (ordering production of settlement agreements at the summary judgment stage, which court found "relevant to determining an offset"); *Tanner v. Johnston*, No. 2:11-cv-00028, 2013 WL 121158, at *4-5 (D. Utah Jan. 8, 2013) (granting defendants' motion to compel settlement because terms were relevant to determining setoff or extent of potential liability on overlapping claims, rejecting argument that setoff should wait until after trial) (both cases cited in Reynolds's meet and confer letter at **Exhibit I**). MVSC only attempts to distinguish cases cited in Reynolds's opening brief on the basis that they did not apply a heightened standard. As explained above, no heightened standard applies.

None of the cases cited by MVSC (at 10-11) support the notion that a settlement should be kept out of discovery until after trial when it is relevant to setoff and other issues, as the MVSC/CDK settlement and 3PA agreement are here. Instead, in those cases: (1) whether or not setoff applied was unclear; and/or (2) the settlement was not relevant to any issue beyond setoff. *O'Neill v. LVNV Funding, LLC*, No. 14-cv-7636, 2015 WL 5730271, at *1 (S.D.N.Y. Sept. 30, 2015); *McKinney v. Balboa Ins. Co.*, 8:13-cv-1118, 2013 WL 12106204, at *2 (M.D. Fla. Nov. 1, 2013); *Wagner v. Circle W. Mastiffs*, 2:08-cv-431, 2013 WL 4479070, at *3-4 (S.D. Oh. Aug. 19,

2013); *Wisconsin Elec. Power Co. v. N. Assur. Co. of Am.*, No. 07-c-277, 2007 WL 4631363, at *1-2 (W.D. Wis. Oct. 31, 2007); *Anderson v. Ford Motor Co.*, MDL No. 875, 2010 WL 4156256, at *1 (E.D. Penn. Oct. 20, 2010).

Contrary to MVSC's opposition, this Court did not hold in the DCP Order that settlements relevant to setoff are not discoverable until after trial. Rather, the Court found that DCPs had failed to demonstrate the applicability of setoff in the first place. DCP Order at 2 ("DCPs do not explain how the settlement agreement between CDK and Cox is relevant to a possible offset involving CDK's counterclaims against them.").

MVSC's remaining argument – that Reynolds is not entitled to setoff discovery because it did not plead setoff as an affirmative defense in its 2018 answer – is a catch-22. According to MVSC, Reynolds is not entitled to the agreements because it did not plead the affirmative defense of setoff in its answer (even though the agreements did not exist at the time), but Reynolds is also not entitled to amend its answer to include setoff now (because according to MVSC, it is too late, and permitting Reynolds to discover anything about the settlement would be prejudicial to MVSC). Opp. at 12. Reynolds could not plead a setoff defense in 2018 based on the MVSC/CDK settlement because it did not exist until 2019. And, as demonstrated below, there are no valid grounds to oppose Reynolds's motion to amend its answer to include the affirmative defense of setoff now.

**4.** ███████████████████████

In opposition to Reynolds's argument that the MVSC/CDK settlement agreement is relevant to witness bias and credibility, ████████████████████████████ ████████████████████████████████████████████ ████████████████████████ MVSC should have disclosed this simple fact during the meet and confer process, when Reynolds specifically raised bias and credibility issues based on a potential

cooperation clause. **Exhibit I** at 3. Instead, MVSC refused to provide any information whatsoever concerning its settlement.

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

**B.      The Court Can Order Production of the Settlement and 3PA Agreement Without Reopening Discovery**

Reynolds is entitled to discovery of these agreements. MVSC's contention that the "floodgates" will open if Reynolds gets the discovery to which it is entitled is both false and irrelevant.

MVSC cites an order from this Court referring to the risk of "me too" motions. Opp. at 5 (citing Dkt. 498). But that order dealt with a dispute involving 13 document demands concerning CDK's acquisition of a company, broadly seeking many different categories of documents and communications. Dkt. 446 & Ex. A. That dispute has no relevance here. Reynolds's narrow request is for the MVSC/CDK settlement and 3PA agreement – likely only two documents.

MVSC exaggerates Reynolds's request for "any attendant documents and side agreements." Reynolds's request for "the MVSC/CDK settlement and 3PA agreement (*and any attendant documents or side agreements*)," Mem. at 7 (emphasis added), is not indicative of a hidden agenda to broadly reopen discovery, but instead merely indicative of the fact that Reynolds does not know whether there is a single integrated agreement, or multiple agreements, or multiple documents memorializing one or more agreements.

**C.      Reynolds's Motion is Timely**

Reynolds's motion is timely. First, it is undisputed that the October 2019 MVSC/CDK settlement and 3PA agreement did not exist until after the April 2019 fact discovery cutoff.

Reynolds cannot be faulted for failing to file a motion to compel prior to the cutoff in order to seek documents that did not exist at that time. Reynolds cited a case directly on point in its opening brief. In *CRT*, the court rejected the same argument advanced by MVSC here and held that because the *CRT* settlements were entered into after the discovery cutoff, "it would be unreasonable to require the defendants to file their motion before the discovery cutoff[.]" 2015 WL 13756260, at \*4; *see also id.* at \*1 (noting the court's earlier denial of a motion to compel settlements because no settlements had been reached then). MVSC does not distinguish *CRT* or address its timeliness analysis.[4]

Second, there was no undue delay or "dilatory conduct." Reynolds first explored alternative means of obtaining the settlement short of a motion, and only filed a motion after those efforts failed, and after MVSC dragged its feet under the pretense of needing "more time" to decide what to do. Reynolds cannot be faulted for attempting "a good faith effort to resolve discovery disputes" without a motion, as required by the Court. *See* Procedures: Discovery Motions, Magistrate Judge Jeffrey T. Gilbert, *available at* https://www.ilnd.uscourts.gov/judge-info.aspx?QZFvv1igiJ0=.

MVSC structured its agreements to prevent Reynolds from uncovering them through alternative channels. Reynolds learned of MVSC's dismissal of all claims against CDK and CVR in a filing on October 15, 2019. Dkt. 778. Reynolds initially expected that CVR would inform it of the settlement terms given its part ownership in CVR. However, CVR would not or could not disclose the settlement on the grounds that there was no agreement signed by CVR – a single settlement agreement between MVSC and CDK had resulted in the dismissal of MVSC's claims

---

[4]   MVSC only argues that *CRT* failed to apply a "heightened standard" applicable to settlement agreements. Opp. at 11-12 n.7. As described *supra* in this section at A.1, there is no such heightened standard applicable here.

against both CDK and CVR. Although CDK and Reynolds jointly own CVR, CDK also would not or could not disclose the settlement to Reynolds.

MVSC also hid the agreement terms from its own expert, preventing Reynolds from learning about its terms through expert discovery. Reynolds anticipated that the settlement would be disclosed with MVSC's experts' reply reports, given that the settlement occurred after opening reports had been served, but before reply reports were due. However, when MVSC served the reply report of MVSC's causation and damages expert Gordon Klein on December 19, 2019, the settlement was not produced, ████████████████████████████████████████

████████████████████████████████████████████ Mem. at 5-6.

At Mr. Klein's January 10, 2020 deposition, ████████████████████████████████

████████████████████████████████████████████████████████

**Exhibit H**, Klein Dep. Tr. at 85:14-17. ██████████████████████████

████████████████████████████████████████████████████████

████████████████ *Id.* at 83:14-19. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ *Id.* at 83:21-25.

Next, MVSC dragged its feet. Following Mr. Klein's deposition, Reynolds sent a letter to MVSC on January 31, 2020 asking it to produce the settlement. **Exhibit I**. On February 7, MVSC responded. It did not refuse, but instead indicated that it "require[d] more time to consider its response." **Exhibit J**. After hearing nothing further from MVSC, Reynolds requested a telephonic meet and confer, which took place on February 26. MVSC refused to provide any information whatsoever concerning its settlement, including information that might have narrowed the scope

of this dispute, for example, the absence of a cooperation clause. The parties then exchanged further emails on March 13 and 18, and Reynolds filed its motion on March 18, 2020.

As the facts above illustrate, Reynolds made reasonable and timely efforts to obtain the settlement through a variety of channels without the need for a motion, but MVSC created obstacles for Reynolds at every turn, ultimately resulting in this motion.

None of the cases MVSC cites (at 4-5) to support its argument that Reynolds's motion is untimely involve similar facts. Each stands for the unremarkable proposition that when a discovery dispute arises during the fact discovery period but the moving party fails without justification to move to compel until after the deadline has passed, the motion is untimely.[5] These cases have no bearing on Reynolds's motion, which deals with documents that did not exist during the fact discovery period. In addition, Reynolds acted more quickly than the parties in many of the cases cited by MVSC, on a timeline that was reasonable under the circumstances described above.

## III.  REYNOLDS'S MOTION TO AMEND ITS ANSWER TO ADD THE AFFIRMATIVE DEFENSE OF SETOFF SHOULD BE GRANTED

Reynolds is entitled to amend its answer. The Supreme Court has held that antitrust conspiracy plaintiffs may not obtain double recovery with respect to the same alleged conspiracy. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (1971) ("[A] plaintiff who has

---

[5] *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 341 (N.D. Ill. 2005) (motion to compel filed 8 months after other side refused to respond to discovery requests, without a legitimate excuse for the delay); *Rosetto v. Pabst Brewing Co. Inc.*, 217 F.3d 539, 542 (7th Cir. 2000) (motion filed 2 months after close of discovery, with no explanation for the delay); *The Medicines Co. v. Mylan Inc.*, No. 11-c-1285, 2013 WL 120245, at *3 (N.D. Ill. Jan. 9, 2013) (motion brought 9 months after other side refused to respond to discovery requests, with no explanation for the delay); *Banks v. CBOCS West, Inc.*, No. 01-c-795, 2004 WL 723767, at *1-2 (N.D. Ill. Apr. 1, 2014) (motion filed 2 months after close of discovery because counsel was occupied with other matters); *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Serv. N.A., L.L.C.*, No. 03-c-760, 2004 WL 3021842, at *5, 6 (N.D. Ill. Dec. 30, 2004) (motion filed 12 months after unsuccessful meet and confer, with no explanation for the delay); *Kedzior v. Talman Home Fed. Sav. & Loan Ass'n of Ill.*, No. 89-c-4188, 1990 WL 70855, at *4 (N.D. Ill. May 10, 1990) (motion filed 5 months after objections were served, with no valid justification for the delay).

recovered any item of damage from one coconspirator may not again recover the same item from another conspirator; the law, that is, does not permit a plaintiff to recover double payment."). MVSC's attempt to bar Reynolds from amending its answer to assert a setoff in hopes of a windfall recovery (through the CDK settlement and then again from Reynolds in litigation) should be denied.

MVSC's arguments in opposition to Reynolds's motion to amend are thin and not credible. MVSC asserts undue delay and undue prejudice, but the facts speak for themselves.

First, there is no undue prejudice to MVSC. Undue prejudice so as to deny leave to amend would require a showing of "expensive and time-consuming additional discovery" as a result of the amendment. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02-c-2523, 2003 WL 22848968, at *2 (N.D. Ill. Dec. 1, 2003) (cited in MVSC's Opp. at 14). Production of the executed settlement and 3PA agreement, constituting a likely grand total of two documents, is far from an undue prejudice.

In contrast to the ease with which MVSC can produce two documents, the cases cited by MVSC (at 14-15) involved amendments that would have resulted in significant prejudice to the opposing party such as (1) a "complete reversal in trial strategy" weeks before trial, *Campania Mgmt. Co. v. Rooks, Pitts & Poubst*, 290 F.3d 843, 847 (7th Cir. 2002); (2) "the sort of switcheroo [courts] have counseled against," *Johnson v. Cypress Hill*, 641 F.3d 867, 872-73 (7th Cir. 2011); and (3) adding twelve new affirmative defenses eight years after the initial answer, *Jacks v. DirectSat USA, LLC*, No. 10-cv-1707, 2019 WL 1858500, at *1-2 (N.D. Ill. Apr. 25, 2019).[6]

---

[6] Indeed, the *Jacks* case cited by MVSC actually supports Reynolds's requested amendment – the court there allowed the defendant to plead two new affirmative defenses because the grounds for those defenses had been discovered within the past year. *Id.* at *6.

-13-

Second, there was no undue delay by Reynolds. Reynolds first learned of MVSC's settlement in October 2019, raised the setoff issue with MVSC in January and February 2020, and then filed its motion to amend the same day that it moved to compel, on March 18, 2020. Dkt. 927 at 1-2. As this timeline demonstrates, no undue delay bars Reynolds's setoff defense.

Two prior cases decided by this Court are directly on point. First, in *Reed v. Federal Express Corp.*, this Court allowed defendant to amend its answer to include additional affirmative defenses discovered several months earlier. No. 11-c-806, 2012 WL 13195734, at *1 (N.D. Ill. May 30, 2012) (Dow, J.). The Court explained that even if the affirmative defenses could have been discovered earlier, "delay alone seldom is an adequate basis for denying leave to amend a pleading." *Id.* Second, in *Morrison v. Protective Life Insurance Co.*, this Court granted leave to amend affirmative defenses discovered five months before the defendant sought leave to amend. No. 10-c-7894, 2012 WL 13195733, at *1 (N.D. Ill. Aug. 15, 2012) (Dow, J.) (collecting cases). MVSC makes no attempt to distinguish these cases.[7]

Because "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party" are absent here, leave to amend should be "freely given." *See, e.g.*, *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

## IV.     **CONCLUSION**

For the foregoing reasons, Reynolds's motions should be granted.

---

[7]   The cases that MVSC cites (at 15) are inapposite. *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (seeking leave to include class action allegations for the first time, after the close of discovery); *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993) (seeking leave to add a host of new allegations and theories of negligent medical care, against a new set of actors); *Feldman v. Am. Med'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (seeking leave to add a new claim and an entirely new defendant after close of discovery); *Perrian v. O'Grady*, 958 F.2d 192, 193 (7th Cir. 1992) (seeking leave to add six new additional defendants on the eve of trial).

-14-

PUBLIC VERSION

June 12, 2020                                    Respectfully submitted,

                                                 /s/ *Leo D. Caseria*
                                                 Aundrea K. Gulley
                                                 Brian T. Ross
                                                 Brice A. Wilkinson
                                                 Ross A. MacDonald
                                                 GIBBS & BRUNS LLP
                                                 1100 Louisiana Street
                                                 Suite 5300
                                                 Houston, TX 77002
                                                 (713) 751-5258
                                                 agulley@gibbsbruns.com
                                                 bross@gibbsbruns.com
                                                 bwilkinson@gibbsbruns.com
                                                 rmacdonald@gibbsbruns.com

                                                 Michael P.A. Cohen
                                                 Leo D. Caseria
                                                 SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                                                 2099 Pennsylvania Avenue NW, Suite 100
                                                 Washington, DC 20006
                                                 (202) 747-1900
                                                 mcohen@sheppardmullin.com
                                                 lcaseria@sheppardmullin.com

                                                 *Counsel for Defendant*
                                                 *The Reynolds and Reynolds Company*

-15-

PUBLIC VERSION

## CERTIFICATE OF SERVICE

I, Leo D. Caseria, an attorney, hereby certify that on June 12, 2020, I caused true and correct copies of the foregoing **DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S CONSOLIDATED REPLY IN SUPPORT OF ITS MOTIONS (1) TO COMPEL PLAINTIFF MVSC TO PRODUCE ITS SETTLEMENT AND 3PA AGREEMENT WITH CDK, AND (2) FOR LEAVE TO FILE ITS PROPOSED AMENDED ANSWER AND AFFIRMATIVE DEFENSES** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/    Leo D. Caseria*
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com