## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *Authenticom, Inc. v. CDK Global, LLC, et al.*,<br>Case No. 1:18-cv-00868 (N.D. Ill.) | |

## PLAINTIFF AUTHENTICOM, INC.'S MOTION
## <u>TO CLARIFY AND RECONSIDER JUNE 8, 2020 ORDER (DKT. 1011)</u>

**INTRODUCTION AND BACKGROUND**

Plaintiff Authenticom, Inc. ("Authenticom") respectfully requests that the Court clarify that its June 8, 2020 Order (Dkt. 1011) ("Order") did not grant Defendants' motion to compel production of documents as to which Authenticom asserted work-product privilege and that the Order therefore does not impose any current obligation on Authenticom to produce documents for which it has asserted work-product privilege. In the alternative – if this Court determines the Order does compel production of documents for which Authenticom asserted work-product privilege – Authenticom seeks reconsideration of that ruling.

In its June 8, 2020 Order, the Court granted in part and denied in part Defendants CDK Global, LLC's ("CDK") and The Reynolds and Reynolds Company's ("Reynolds") motion to compel production of documents that Authenticom asserted were privileged. Specifically, the Court overruled Authenticom's assertion of the attorney-client privilege as to certain documents on the ground that the attorney-client privilege was waived by the sharing of those documents with Lori Zimmer or other third parties. *See* Order at 4-15. However, the Court denied without prejudice Defendants' challenges to Authenticom's assertion of the work-product privilege, and ordered the parties to meet-and-confer as to the scope of any remaining dispute. *See id.* at 16-19.

Of the documents as to which the Court overruled Authenticom's assertion of the attorney-client privilege, Authenticom also asserted the work-product privilege as to 35 documents.[1] Although the Court denied without prejudice Defendants' challenge to the assertion of the work-

---

[1] Authenticom asserted work-product privilege for 38 of the 95 documents at issue in Defendants' motion. *See* Dkts. 572-1, 572-2 (Exhibit A and Exhibit B to Authenticom's opposition). The three additional documents as to which Authenticom asserted work-product privilege were between Authenticom and its prospective counsel. *See* Dkt. 572-1 (AUTH_MDL_PRIV_0364, AUTH_MDL_PRIV_1512, AUTH_MDL_PRIV_1886). The Court upheld the attorney-client privilege as to those communications. *See* Order at 15-16.

product privilege, there is language in the portions of the Order addressing Authenticom's assertion of the attorney-client privilege that, read literally, could be construed to order Authenticom to produce even those documents as to which Authenticom *also* asserted the work-product privilege. Accordingly, Authenticom seeks clarification that the Order does not require Authenticom to produce documents as to which it asserted the work-product privilege. In the alternative, Authenticom seeks reconsideration of the Order to the extent it was intended to require production of documents as to which Authenticom asserted work-product privilege.

Authenticom sought to meet and confer with Defendants regarding this motion, but it was not able to obtain Defendants' position. Defendants stated that they oppose the motion as to one document (AUTH_MDL_PRIV_1103), on the ground that, notwithstanding the denial of Defendants' motion to compel without prejudice, the Court actually addressed – and overrode – the assertion of the work-product privilege as to that one document. Beyond that one document, however, Defendants have declined to state whether they believe the Order overrode the work-product privilege as to other documents. *See* Exhibit A (Emails between D. Dorris and R. MacDonald). Moreover, although Defendants stated that they prefer to address the issue in the forthcoming telephone conference with the Court, Authenticom has no choice but to seek clarification, or in the alternative, reconsideration to preserve its right to seek appeal of the Order. *See* Fed. R. Civ. P. 72(a); *American Hardware Mfrs. Ass'n v. Reed Elsevier Inc.*, 2007 WL 1610455 at *6 (N.D. Ill. Feb. 13, 2007) ("[W]here, as here, the magistrate judge was considering a motion to clarify or reconsider, the [14] days should not begin to run until the magistrate judge comes to a final conclusion.").

**ARGUMENT**

**I.     This Court Should Clarify That Its June 8, 2020 Order Does Not Require Production Of Documents For Which Authenticom Asserted Work-Product Privilege**

This Court should clarify that its June 8, 2020 Order addresses only Authenticom's assertions of attorney-client privilege and not the distinct work-product privilege, and thus that Authenticom has no present obligation to produce documents for which it has asserted work-product privilege.  In its June 8, 2020 Order, this Court specifically declined to resolve any of Defendants' challenges to Authenticom's assertions of work-product privilege.  With respect to Defendants' arguments that Authenticom had failed to establish the existence of the work-product privilege, this Court held that any such decision needed to "be made in the context of each document Authenticom contends is protected as attorney work product or at least like categories of documents and cannot be made in the context of a blanket ruling applicable to all challenged documents."  Order at 18.  However, this Court noted it was "missing certain information necessary" to undertake that analysis.  *Id.*  Further, as to Defendants' contention that Authenticom had waived any work-product privilege by sharing documents with other entities, the Court explained that waiver would occur only where "disclosure to a third party 'substantially increases the opportunity for potential adversaries to obtain the information.' "  *Id.* (quoting *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 736 (N.D. Ill. 2014)).  This Court noted that "some of the information the Court would need to rule on this question is not available to the Court based on how this dispute has been presented."  *Id.* at 19.  Accordingly, this Court declined to "issue any specific rulings on the documents Defendants CDK and Reynolds and Reynolds challenge based on Authenticom's claims of the work-product doctrine."  *Id.*

Other portions of this Court's Order, however, appear to direct Authenticom to produce certain documents to Defendants, including 35 documents for which Authenticom claimed work-

product privilege. *See* Order at 8 ("Authenticom must produce [Authenticom's communications with the so-called Common Interest Group] to Defendants."); *id.* at 10 ("Defendants' Motion to Compel is granted as to Authenticom's communications with BMO Harris, Gilbert Hale, and Motormindz, and Authenticom is ordered to produce the communications at issue."); *id.* at 14 ("Defendants' Motion to Compel is granted as to Authenticom's communications with Lori Zimmer, and Authenticom is ordered to produce its communications with Ms. Zimmer."); *id.* at 15 ("Defendants' Motion to Compel is granted as to Authenticom's communication with Presidio Group and Gerchen Keller, and Authenticom is ordered to produce its communications with Presidio Group and Gerchen Keller.").

Authenticom respectfully submits that, when read in context, those portions of this Court's Order reject only Authenticom's assertion of attorney-client privilege and do not require production of documents for which Authenticom also asserted work-product privilege. In those portions of the Court's Order, the Court rejected only the attorney-client privilege and did not discuss work-product privilege. *See* Order at 2 (addressing Defendants' "challenge [to] Authenticom's claim of attorney-client privilege and its assertion of the common interest doctrine over those documents"); *id.* at 9-10 (in Court's review, finding the BMO Harris, Gilbert Hale, and Motormindz documents were "not protected by any attorney-client privilege or the common interest doctrine"); *id.* at 11 (addressing whether sharing communications with Lori Zimmer "waive[d] the attorney-client privilege"); *id.* at 14-15 (addressing whether communications shared with Presidio Group and Gerchen Keller were "protected attorney-client communications"). Further, in the portion of the Order denying Defendants' challenges to work-product privilege, this Court noted that the standard for waiver was "substantially different than the standard for waiver of the attorney-client privilege" that the Court had applied in the portions of the Order directing

Authenticom to produce documents. *See id.* at 18-19. The Court held it could not apply that distinct standard for waiver of work-product privilege because it needed "more information and context to make such a determination which Defendants have not provided in their written submissions." *Id.* at 18.

Defendants interpret the Order differently. They believe this Court rejected Authenticom's work-product-privilege as to AUTH_MDL_PRIV_1103 because the Court reviewed the document *in camera* and mentioned work-product privilege in a footnote. *See* Exhibit A. But despite that *in camera* review, this Court held that it did not have sufficient information to resolve Defendants' challenges to Authenticom's assertion of work-product privilege. *See* Order at 18-19. And the footnote confirms the Court did not resolve Authenticom's work-product privilege claim for these documents: "*It also is not clear these documents would be covered by the work product doctrine* because they are not being prepared by or for the lawyer at his request in connection with or in anticipation of litigation." *Id.* at 15 n.3 (emphasis added). Defendants ignore the italicized portion of the footnote (which is dispositive) and focus on the unitalicized portion. *See* Exhibit A. The unitalicized portion merely hypothesizes a reason why the Court might conclude the work-product privilege is inapplicable upon further review (because the documents were not "prepared by or for the lawyer at his request in connection with or in anticipation of litigation"). The unitalicized portion is not a holding that the document was not prepared in connection with or in anticipation of litigation. Indeed, such a holding would be error. The two documents addressed in the footnote are email exchanges in October 2016 and December 2016 between Authenticom's then-counsel and a litigation financing firm in which Authenticom's then-counsel provides his mental

impressions regarding damages and market definition for contemplated litigation that was ultimately filed in May 2017 and was the genesis of this MDL.[2]

## II.    Alternatively, This Court Should Reconsider Its Order

If this Court determines that the June 8, 2020 Order does require production of documents for which Authenticom asserted work-product privilege, Authenticom respectfully requests that the Court reconsider that ruling.  Authenticom respectfully submits that this Court may not have appreciated that Authenticom had asserted work-product privilege for certain documents in the categories of documents that the Court ordered to be produced.  It would be appropriate for this Court to modify its Order to state that the Order does not require Authenticom to produce any documents for which it has asserted work-product privilege because this Court elsewhere denied Defendants' challenges to Authenticom's assertion of work-product privilege.  *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (reconsideration appropriate where the court "has made an error not of reasoning but of apprehension"); Dkt. 933 (March 20, 2020 Order) (granting CDK's motion to clarify and reconsider under similar circumstances).

## CONCLUSION

This Court should clarify that the Order did not resolve any of Authenticom's assertions of work-product privilege, or alternatively, should amend the Order to specify that none of Authenticom's assertions of work-product privilege have been resolved.

---

[2] To the extent Defendants argue this Court necessarily resolved work-product privilege for other documents that the Court reviewed *in camera*, that argument fails for the same reasons.

Dated: June 18, 2020

Respectfully submitted,

/s/ Derek T. Ho
Derek T. Ho
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*Counsel for Plaintiff Authenticom, Inc.*

**CERTIFICATE OF SERVICE**

I, Derek T. Ho, an attorney, hereby certify that on June 18, 2020 I caused a true and correct copy of the foregoing **PLAINTIFF AUTHENTICOM, INC.'S MOTION TO CLARIFY AND RECONSIDER JUNE 8, 2020 ORDER (DKT. 1011)** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Derek T. Ho*

Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com