# Exhibit A

| | |
|---|---|
| **From:** | Ross MacDonald |
| **To:** | Dorris, Daniel V.; Ho, Derek T.; SERVICE-EXTERNAL-DMS-MDL |
| **Cc:** | ReynoldsTeam (gibbsbruns.com) |
| **Subject:** | [EXTERNAL] RE: In re DMS - Meet & Confer |
| **Date:** | Wednesday, June 17, 2020 12:48:06 PM |

Dan,

As stated previously, it is difficult for us to understand how Authenticom can maintain, in good faith, the position that the Grechen Keller documents are subject to an alleged work product privilege when Judge Gilbert both reviewed those in camera and found that those documents were "not being prepared by or for the lawyer at his request in connection with or in anticipation of litigation." Dkt. 1011 at 15 n.3. Similarly, as for other groups of documents that Judge Gilbert reviewed in camera and ordered Authenticom to produce, it is hard for us to see how Authenticom, again in good faith, can insist that those nevertheless were prepared by or for an Authenticom attorney at his request in anticipation of litigation.

We think the position that Authenticom is taking, which is that all 37 or 38 documents for which it asserted a work product privilege—including virtually every one of the common interest documents, many of which Judge Gilbert reviewed before ordering their production—do not need to be produced is entirely inconsistent both with Judge Gilbert's request that we meet in confer in good faith and with the statements in his Order, which he hoped "would be helpful" in evaluating the remaining work product claims. We viewed that instruction as advising Authenticom to reevaluate its remaining work product privilege claims—and presumably—to withdraw at least some of them so as to narrow the issues in dispute. You obviously disagree.

That means that the next step is for us to discuss our positions with Judge Gilbert. We will reach out to his courtroom deputy today. In the short term, however, we are fine with Authenticom withholding the production of documents over which it has claimed a work product privilege until we can be heard on the requested telephone conference with Judge Gilbert and get his views on the matter.

Best,

Ross

**Ross MacDonald**

**Gibbs & Bruns LLP**

1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct | 713.650.8805 main | 713.750.0903 fax

**From:** Dorris, Daniel V.
**Sent:** Wednesday, June 17, 2020 8:31 AM
**To:** Ross MacDonald ; Ho, Derek T. ; SERVICE-EXTERNAL-DMS-MDL
**Cc:** Reynolds Team
**Subject:** RE: In re DMS - Meet & Confer

Ross,

Defendants have not answered our question. We believe the order clearly did not resolve any of Authenticom's work-product privilege claims and so Authenticom has no present obligation to produce any documents for which it claimed work-product privilege. But Defendants have taken the position that the Court did resolve work-product privilege for the Gerchen Keller documents, and stated during our meet-and-confer that the Court's ruling has some unspecified bearing on the work-product privilege claims for other, unspecified documents. It is thus unclear to us whether

Defendants take the position that the order ruled on any of Authenticom's other work-product privilege assertions. Accordingly, we ask again: please provide Defendants' position as to whether it opposes Authenticom's motion for clarification/reconsideration that the Court did not resolve Authenticom's work-product privilege assertions, and if Defendants oppose that motion, please state for which documents.

As we have already told you, we agree to schedule a status conference with Judge Gilbert, though we did not believe that status conference would be productive if held before June 22, and given pre-existing commitments, would prefer that the status conference occur on June 26. There are no "impending briefing deadlines" necessitating an earlier conference. The summary judgment briefing deadline is August 28. We also disagree with your claim that it is not reasonable to schedule the conference on that date, and again note that it took CDK more than three months to produce documents in response to the Court's partial grant of a motion to compel (March 4 to June 15).

In any event, if Defendants insist on attempting to schedule the conference earlier, we are unavailable today, Thursday, June 18, and Tuesday, June, 23.

Best,
Dan

**From:** Ross MacDonald [mailto:RMacDonald@gibbsbruns.com]
**Sent:** Tuesday, June 16, 2020 5:50 PM
**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** [EXTERNAL] RE: In re DMS - Meet & Confer

Dan,

If you are now suggesting that Authenticom intends to file a motion for "clarification/reconsideration" as to not only the Gerchen Keller documents but *all* documents for which Authenticom continues to claim a work-product privilege, Defendants do not understand what the basis would be of seeking that relief. As to the latter category of documents – the non-Gerchen Keller documents – the Order instructs the parties to discuss the matter in the first instance with Judge Gilbert on a telephone conference to discuss his preference for addressing issues that remain unresolved.

This is exactly why, once it became clear on our meet-and-confer call last week that there will be unresolved work product claims, we proposed to arrange the telephone conference with the Court as soon as was practicable, given impending briefing deadlines in this case. However, you told us it was Authenticom's position that it did not want to have that conference before the week of June 22 at the earliest. We then asked for dates the week of June 22 and Authenticom identified the *last* possible date for the telephone conference in that week. As discussed on our call, Defendants do not believe it is reasonable or constructive to wait almost 3 weeks from the date of Judge Gilbert's Order to set up the telephone conference, and that is all the more our position if Authenticom now intends to start filing motions for "clarification/reconsideration" in front of Judge Gilbert in addition to, potentially, a Rule 72 appeal brought before Judge Dow.

There is a much more efficient way to proceed, which is to follow the Court's instructions and initiate a telephone conference without further delay. We intend to reach out to the courtroom deputy tomorrow to request a telephone conference. If there are specific dates and times this week and next that you are unavailable due to existing scheduling conflicts, let us know. If we don't hear from you by tomorrow at 12pm CT, we're going to ask the Court to set us for a time at the Court's

earliest convenience.
Best,
Ross

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Tuesday, June 16, 2020 8:04 AM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>; Ho, Derek T. <dho@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Reynolds Team <ReynoldsTeam@gibbsbruns.com>
**Subject:** RE: In re DMS - Meet & Confer

Ross,

We intend to file a motion for clarification/reconsideration asking Judge Gilbert to affirm that he did not rule on any of the work-product privilege assertions in Exhibits A, B attached to Authenticom's opposition to the motion to compel (ECF No. 572-1, 572-2). We understand that you oppose that motion at least as to the Gerchen Keller document (AUTH_MDL_PRIV_1103). Please let us know whether you oppose that motion as to any other documents.

We are available for a telephonic conference with the Court on June 26.

Best,
Dan

**From:** Ross MacDonald [mailto:RMacDonald@gibbsbruns.com]
**Sent:** Monday, June 15, 2020 10:41 AM
**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** [EXTERNAL] RE: In re DMS - Meet & Confer

Dan –

Thanks for your note. With respect to the communications with Gerchen Keller, the Court was able to review the documents in camera and concluded that they were not privileged from discovery. The relevant section of the Court's opinion (Dkt. 1011 at 14-15) discusses both the attorney-client privilege and the work product doctrine. And the Court's conclusion states, "Authenticom is ordered to produce its communications with Presidio Group and Gerchen Keller." Id. at 15. To the extent that Authenticom believes there is a basis to seek "clarification" of this ruling as it relates to Authenticom's work product claims, then that is all the more reason we should jointly request a telephone conference with Judge Gilbert as soon as possible, contrary to the position that you expressed on our call, which is that Authenticom believes that it would be "premature" to address remaining unresolved issues surrounding Authenticom's work product claims according to the procedure that the Court suggested in its order. To be clear, we understand from our meet-and-confer discussion that Authenticom intends to stand on all or substantially all of its disputed work product claims despite the Court's ruling.

The ruling came out on Monday, June 8th, and the underlying issues have been pending now for over a year. Please let us know by close of business today when Authenticom is available for a telephonic conference with the Court during the week of June 22nd (or sooner).
Look forward to hearing from you,
Ross

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct | 713.650.8805 main | 713.750.0903 fax

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Friday, June 12, 2020 3:53 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>; Ho, Derek T. <dho@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** Reynolds Team <ReynoldsTeam@gibbsbruns.com>
**Subject:** RE: In re DMS - Meet & Confer

Ross,

It was good to speak with you today. As discussed, we do not view the order as resolving Authenticom's assertion of work-product privilege for the Gerchen Keller (or other) documents, and understand the order only to resolve Authenticom's assertion of a common interest privilege on the basis of an underlying attorney client privilege. We requested that defendants provide their view of whether the order resolved both the work-product and attorney-client privilege claims for the Gerchen Keller documents. We request that defendants respond by Monday so that Authenticom is able to seek clarification of Judge Gilbert's ruling (if necessary) in advance of the deadline for any appeal of Judge Gilbert's ruling.

As to the times you requested for a status conference with Judge Gilbert, we are awaiting scheduling of a settlement conference the week of June 22, and will provide proposed times as soon as we are able.

Best, Dan

**From:** Ross MacDonald [mailto:RMacDonald@gibbsbruns.com]
**Sent:** Wednesday, June 10, 2020 10:26 AM
**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** [EXTERNAL] RE: In re DMS - Meet & Confer

Dan -

Thanks. We can be available Friday at 3pm ET. Whether you elect to appeal the decision or not, Defendants reserve all rights in the event the subject documents aren't produced well in advance of the July 28 summary judgment response deadline.

We can use this conference line on Friday:
1-855-747-8824 | 655942
Talk to you all then.
Ross

**Ross MacDonald**
**Gibbs & Bruns LLP**
1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct | 713.650.8805 main | 713.750.0903 fax

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Tuesday, June 9, 2020 5:14 PM
**To:** Ross MacDonald <RMacDonald@gibbsbruns.com>; Ho, Derek T. <dho@kellogghansen.com>;

SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>

**Cc:** Reynolds Team <ReynoldsTeam@gibbsbruns.com>

**Subject:** RE: In re DMS - Meet & Confer

Ross,

We need to consult with our client about whether to appeal Judge Gilbert's ruling, and so we cannot commit to producing the documents within 10 days. We will produce the documents no later than seven days after the expiration of the time to seek review of Judge Gilbert's ruling or any other final ruling as to privilege for these documents. We are available to meet-and-confer on Friday after 2 p.m. EST.

Best

Dan

**From:** Ross MacDonald <RMacDonald@gibbsbruns.com>
**Sent:** Monday, June 8, 2020 4:01 PM
**To:** Ho, Derek T. <dho@kellogghansen.com>; SERVICE-EXTERNAL-DMS-MDL <SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com>
**Cc:** ReynoldsTeam (gibbsbruns.com) <reynoldsteam@gibbsbruns.com>
**Subject:** [EXTERNAL] In re DMS - Meet & Confer

Derek,

As you likely saw, Judge Gilbert entered an order this afternoon ordering Authenticom to produce certain third-party communications in this litigation. *See* Dkt. 1011. Please confirm that you will produce such documents by Thursday, June 18, which is 10 days from today. In addition, Judge Gilbert asked the parties to meet and confer in good faith to address any remaining documents that Authenticom maintained were still subject to the work-product privilege despite Judge Gilbert's rulings. *Id*. at 19. We would like to schedule that meet and confer for this week. On the call, please be prepared to discuss which documents, if any, Authenticom maintains it is still entitled to withhold in light of Judge Gilbert's rulings, as well as Authenticom's rationale(s) for withholding such documents.

We are available Tuesday from 5-6pm ET; Wednesday after 2pm ET; or Thursday after 11am ET. Let us know which of those works for you.

Ross

**Ross MacDonald**

**Gibbs & Bruns LLP**

1100 Louisiana Suite 5300 Houston, TX 77002

713.751.5231 direct | 713.650.8805 main | 713.750.0903 fax