IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

This matter is before the Court on CDK Global, LLC's Motion to Compel Production of Documents Withheld or Redacted by Plaintiffs Loop d/b/a AutoLoop and Cox Automotive Inc. or, in the Alternative, for an *In Camera* Inspection of the Challenged Documents [ECF No. 543]. CDK Global LLC's Motion [ECF No. 543] is granted in part and denied in part. See Statement below for further details.

## STATEMENT

In its Motion, CDK Global LLC ("CDK") raises four issues: (1) Cox Automotive failed to identify or produce the current number of people on certain email distribution lists for 51 entries on its privilege log; (2) AutoLoop and Cox Automotive failed to provide sender or recipient information for over 1000 entries on their respective privilege logs (5 entries for AutoLoop and over 1000 entries on Cox Automotive's privilege log); (3) Cox Automotive failed to specifically identify the in-house counsel who provided legal advice for almost 850 documents (366 or 371 entries that refer to "impressions of counsel" and 479 entries that refer to "Legal") that Cox Automotive is claiming are privileged communications; and (4) AutoLoop waived the attorney-client privilege for 137 documents/communications because they were shared with third parties. On June 10, 2019, the Court set a procedure by which the parties would submit a sample set of documents for the Court to review *in camera*. *See* [ECF No. 717]. The documents have been submitted, and the Court has completed its review of the parties' briefs and the documents submitted. The Court will address each of the issues raised in CDK's Motion below.

**(1) Cox Automotive's Current Status in this Litigation**

As a threshold matter, the Court first must address the Notice of Supplemental Authority Regarding CDK Global LLC's Motion to Compel [ECF No. 754] filed by Cox Automotive on September 4, 2019. In that filing, Cox Automotive reminds the Court that CDK and Cox Automotive settled and dismissed their claims against one another with prejudice on July 11, 2019. *See* [ECF Nos. 722, 723]. As a result of the settlement, Cox Automotive argues that because it is no longer a party to this litigation, it is not required to shoulder the same burden in responding to CDK's discovery requests as it would if it were still a party so the Court should deny CDK's Motion.

The Court recognizes that the discovery obligations and the balance of hardships for a party is different than for a non-party. *See Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)) (holding that "although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight"). The Court, however, disagrees with Cox Automotive that it should be treated simply as a non-party with respect to CDK's Motion to Compel.

When CDK filed its Motion, Cox Automotive was a party to this litigation and had certain discovery obligations at that time. Just because Cox Automotive and CDK have settled their claims against one another, that settlement does not automatically excuse Cox Automotive from any further obligation to provide relevant information that is proportional to the needs of this case assuming that doing so does not create an undue burden or hardship on it. This is a hybrid situation, and it is not as black and white as Cox Automotive argues.

Cox Automotive was a party in this litigation when it responded to CDK's discovery requests at issue in this Motion. It still was a party when this Motion was briefed. Cox Automotive now, however, is a non-party as the Court is considering what, if anything, more Cox Automotive is required to do in response to CDK's discovery requests and this pending Motion. CDK still wants the documents it requested from Cox Automotive when it was a party. The Court will keep in mind both Cox Automotive's previous and current status in this case and the somewhat different obligations that apply to parties and non-parties when responding to discovery under the Federal Rules of Civil Procedure when resolving this Motion.

### (2) Identification of the Current Number of People on Email Distribution Lists Identified on Cox Automotive's Privilege Logs

Based on the parties' briefing, it appears that Cox Automotive has agreed to provide some of the information that CDK is seeking for the 51 entries in dispute. Cox Automotive has agreed to provide "the current number of recipients for the email lists." Cox Automotive's Opposition [ECF No. 573], at 13. That, however, does not seem to resolve the dispute in its entirety. The question still remains whether Cox Automotive has satisfied its burden to show that the 51 entries at issue are protected by the attorney-client privilege—entries in which recipients of the email distribution lists have not been identified and entries in which the email distribution lists are no longer in service and there are no current recipients.

The Court previously decided the exact same issue when ruling on Class Plaintiffs' Motion to Compel Production of Inadequately Logged Documents from Defendants' Privilege Logs and to Compel Discovery Regarding Drafting of Agreements [ECF Nos. 535, 536]. The Court issued its ruling on Class Plaintiffs' Motion [ECF Nos. 535, 536] from the bench and on the record on June 10, 2019. *See* June 10, 2019 Transcript [ECF No. 1016]. With respect to email distribution lists with a large number of recipients and email distribution lists that do not have any recipients identified, the Court held that CDK had failed to show that either category of emails were covered by the attorney-client privilege. Specifically, the Court stated:

> It is CDK's burden to show privilege. It has not shown privilege as to either group of email. Again, because the first one, they haven't told me why all those people are within the privilege…. And in the second, if you can't even identify who the email went to, then you're not going to be able to identify privilege.

June 10, 2019 Transcript [ECF No. 1016], at 14-16. Accordingly, the Court granted Class Plaintiffs' Motion to Compel [ECF Nos. 535, 536], and CDK was ordered to produce to Class Plaintiffs the emails at issue. *Id.*

As to CDK's present Motion to Compel, the Court similarly finds that Cox Automotive also has failed to show how the attorney-client privilege attaches to the 51 emails currently at issue for the same reasons. The Court, therefore, similarly grants CDK's Motion to Compel [ECF No. 543] and orders Cox Automotive to produce the challenged emails to CDK.

### (3) Privilege Log Entries that Do Not Identity Specifically Either the Author/Recipient of the Document and/or the Attorney Who Provided Legal Advice

CDK argues that: (1) AutoLoop and Cox Automotive failed to provide sender or recipient information for over 1000 privilege log entries (5 entries for AutoLoop and over 1000 entries on Cox Automotive's privilege log); and (2) Cox Automotive failed to specifically identify the in-house counsel who provided legal advice for almost 850 documents (366 or 371 entries that refer to "impressions of counsel" and 479 entries that refer to "Legal") that Cox Automotive is claiming are privileged communications. These issues are identical to the issues that Class Plaintiffs raised, and the Court addressed in its Order on Class Plaintiffs' Motion Challenging CDK Global, LLC's March 8, 2019 Clawbacks and to Compel Production of Inadequately Logged Documents from CDK Global, LLC's FTC Privilege Log [ECF No. 633]. *See* March 30, 2020 Order [ECF No. 937]. The Court incorporates by reference herein its discussion and analysis in its March 30, 2020 Order [ECF No. 937].

On June 9, 2020, CDK filed a Notice Regarding Partial Resolution of Parties' Privilege Log Motions [ECF No. 1012] saying that the parties have agreed to withdraw challenges to documents on CDK's, AutoLoop's, and Cox's privilege logs that do not identify the author or recipients(s) and/or the attorneys involved based on the Court's March 30, 2020 Order [ECF NO. 937]. Based on the parties' agreement as set forth in the Notice Regarding Partial Resolution of Parties' Privilege Log Motions [ECF No. 1012], this portion of CDK's Motion, therefore, is denied as moot.

### (4) Communications Over Which AutoLoop Asserts A Privilege Based On The Common Interest Doctrine

In its Motion, CDK also challenges AutoLoop's claim of privilege and its assertion of the common interest doctrine over certain communications with third parties. AutoLoop has refused to produce certain communications between AutoLoop and third parties, including Authenticom, Superior Integrated Solutions ("SIS"), other competing software vendors and their outside law firms, among others, based on the common interest doctrine. AutoLoop has raised substantially identical arguments to those raised by Authenticom in opposition to Defendants CDK's and

3

Reynolds and Reynolds's Motion to Compel Plaintiff Authenticom to Produce Third-Party Communications or, In the Alternative, Submit Such Communications for In Camera Review [EFC Nos. 539, 541] and which the Court addressed in its June 8, 2020 Memorandum Opinion and Order [ECF No. 1011]. CDK similarly argues that AutoLoop's invocation of the common interest doctrine is unsupported by the facts and that, like Authenticom, AutoLoop did not (and currently does not) share any protectable common legal interest with these third parties.

The discussion and analysis below is taken in large part from the Court's June 8, 2020 Memorandum Opinion and Order [ECF No. 1011], which is incorporated by reference herein. The Seventh Circuit has articulated the following test for the existence of the attorney-client privilege: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *Naik v. Boehringer-Ingelheim Pharms., Inc.*, 2008 WL 4866015, at *1 (N.D. Ill. June 19, 2008) (citing *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)). Of course, not all communications between the attorney and the client are privileged. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 1991)). The attorney-client privilege applies "'only if [the communications] constitute legal advice or tend directly or indirectly to reveal the substance of a client confidence.'" *Id.* (quoting *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990)).

It is clearly established black letter law that "a party waives the attorney-client privilege when the otherwise privileged documents are disclosed to a third party." *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 326 (N.D. III. 2008). The common interest doctrine, however, is a narrowly construed "exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). The common interest doctrine is applicable when (1) parties undertake a joint effort (2) with respect to an identical legal interest, as opposed to a business or rooting interest, and (3) the withheld communications are made to further said ongoing legal enterprise. *BDO Seidman, LLP*, 492 F.3d at 815-16; *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 732 (N.D. Ill. 2014). The party asserting the common interest doctrine and privilege bears the burden of showing that it applies and has not been waived. *Whitney v. Tallgrass Beef Co. LLC*, 2015 WL 3819373, at *2 (N.D. Ill. June 18, 2015).

As set forth in the June 8, 2020 Memorandum Opinion and Order [ECF No. 1011] on Defendants CDK's and Reynolds and Reynolds's Motion to Compel Plaintiff Authenticom to Produce Third-Party Communications or, In the Alternative, Submit Such Communications for In Camera Review [EFC Nos. 539, 541], the Court concluded that Authenticom failed to establish the common interest doctrine applies to its communications with third parties. The Court incorporates by reference herein the discussion and analysis in its June 8, 2020 Memorandum Opinion and Order [ECF No. 1011]. It is undisputed that purpose of the common interest doctrine is to "foster communication" between parties that share a common interest and to "protect the confidentiality of communications ... where a joint … effort or strategy has been decided upon or undertaken by the parties and their respective counsel." *United States v. Evans,* 113 F.3d 1457, 1467 (7th Cir. 1997). Like Authenticom, however, AutoLoop also has not offered any evidence or testimony other than its own assertions that a common interest agreement or group actually existed

and that these third parties specifically contemplated and pursued a protectable joint effort or enterprise with AutoLoop. To the contrary, the only other evidence that was submitted weighs against a finding that a common interest group existed.[1]

It may be true that AutoLoop and these third parties, like Authenticom, SIS and the other purported members of the alleged common interest group, shared similar business interests in opposing CDK's and Reynolds and Reynolds's purported anti-competitive conduct, but that does not necessarily translate to a shared legal interest sufficient to protect otherwise non-privileged communications among third parties. AutoLoop and these third parties operate different businesses in the automobile industry, have different business interests, and in some instances are competitors with diverging interests. The Court is not persuaded that these third parties shared identical legal interests. The Court recognizes that they may have shared a similar business interest in opposing CDK's and Reynolds and Reynolds's allegedly unlawful business practices under the antitrust laws in litigation or with regulators like the FTC. That shared business or commercial interest, however, does not amount to a joint effort or an identical legal interest for purposes of the application of the common interest doctrine.

Most of the communications between AutoLoop and these third parties that were submitted to the Court for review occurred years before actual litigation was filed. As the Court discussed in its June 8, 2020 Memorandum Opinion and Order [ECF No. 1011], common business and legal sense dictates that if these third parties, and in some instances competitors, truly believed they had a protectable common interest to pursue litigation and truly shared an identical legal interest, then they and their counsel would have memorialized that understanding in a common interest agreement that then could have been trotted out to blunt precisely the challenge that CDK has mounted here. The Court recognizes that a writing is not required. The withheld communications, however, involve sophisticated attorneys with sophisticated clients who, in the Court's view, would have executed a common interest agreement if they could have reached closure on such an agreement. All of these factors cut against this being a group that can invoke the common interest privilege.

Finally, putting aside whether the common interest doctrine should apply to AutoLoop's communications with these third parties, a review of the documents at issue, frankly, confirms that many of communications are not otherwise protected by the attorney-client privilege. For the documents to be privileged, it must be clear from the communication that the lawyer is seeking or needs input and/or advice from the third-party advisor/consultant in order to provide legal advice to the lawyer's client. A communication is not privileged if the lawyer (or the client) is asking the third-party advisor/consultant to offer its independent assistance, assessment, and opinion separate

---

[1] In deposition testimony given on November 28, 2018 by Mr. Anthony Petruzzelli, AutoLoop's head of sales, Mr. Petruzzelli stated that he had no knowledge of any common interest agreements with third parties. *See* CDK's Reply [ECF No. 587] Exhibit 12, Petruzzelli Dep at 45:15-46:5. More recently, on March 14, 2019, SIS's CEO Phil Battista testified similarly. *See* CDK's Reply [ECF No. 587] Exhibit 16, Battista Rough Dep. Transcript, at 310:20-23 ("Q: Do you ever recall signing any kind of common interest agreement with any of these other parties? A: No."). *See also* Tabs 1, 5, 6, 7 of CDK's Selections for In Camera Review (AL_MDL_PRIV_0187, AL_MDL_PRIV_0827, AL_MDL_PRIV_0828, AL_MDL_PRIV_0829) ("I believe even though we are competitors we need to stick together for our survival before we are forced out of business.").

5

and apart from the legal advice being provided by counsel. *Judson Atkinson Candies, Inc.*, 529 F.3d at 388 (holding that the attorney-client privilege applies "only if [the communications] constitute legal advice or tend directly or indirectly to reveal the substance of a client confidence") (internal citation and quotation omitted). The Court's review of the documents submitted in camera confirms that many of the communications are not otherwise protected by any attorney-client privilege, and therefore, the common interest doctrine would not even be applicable.

For all of these reasons discussed above, the Court finds AutoLoop has failed to establish the documents and communications at issue are privileged based on the common interest doctrine and should not be produced. CDK's Motion to Compel [ECF No. 543], therefore, is granted as to AutoLoop's communications with third parties. The Court declines to engage in further review of any additional documents at this time, and AutoLoop is ordered to produce to CDK the communications at issue.

## CONCLUSION

For all the reasons set forth above, CDK Global, LLC's Motion to Compel Production of Documents Withheld or Redacted by Plaintiffs Loop d/b/a AutoLoop and Cox Automotive Inc. or, in the Alternative, for an *In Camera* Inspection of the Challenged Documents [ECF No. 543] is granted in part and denied in part.

It is so ordered.

_____
Jeffrey T. Gilbert
Unites States Magistrate Judge

Dated: June 29, 2020