**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert<br><br>**PUBLIC - REDACTED** |

**MDL PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION**
**TO EXCLUDE THE EXPERT TESTIMONY OF DANIEL L. RUBINFELD**

# TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. PROFESSOR RUBINFELD MAY NOT LEND HIS CREDENTIALS TO OPINIONS [REDACTED] ........ 1

II. PROFESSOR RUBINFELD'S CRITIQUES OF CATHARINE LAWTON'S AUTHENTICOM DAMAGES OPINIONS ARE INADMISSIBLE ........ 4

III. PROFESSOR RUBINFELD'S DMCA DAMAGES OPINIONS ARE BASED ON INSUFFICIENT DATA AND UNHELPFUL TO THE JURY ........ 6

IV. PROFESSOR RUBINFELD'S "REASONABLE ROYALTY" ANALYSIS IS UNRELIABLE ........ 9

V. PROFESSOR RUBINFELD'S [REDACTED] IS UNRELIABLE ........ 9

CONCLUSION ........ 10

## INTRODUCTION

Defendants do not dispute the settled legal proposition that an expert's opinions must be excluded if he cannot articulate them or explain their basis. Defendants are thus forced to characterize Prof. Daniel L. Rubinfeld's failures as routine reliance by a professional expert on "assistants," and to portray Plaintiffs' efforts to show [REDACTED] as somehow unfair. Plaintiffs respectfully suggest that the Court can make its own judgment, by reviewing the videotaped deposition (and, if necessary, conducting an evidentiary hearing). The deposition will show that if Prof. Rubinfeld were to testify at trial, he would lend the aura of his experience and credentials to opinions that [REDACTED] [REDACTED] That is not permissible.

Those opinions are also unreliable. The opinion that Defendants' conspiracy caused Authenticom no damages [REDACTED] [REDACTED] [REDACTED] is legally impermissible in any event. His DMCA damages opinions are inadmissible for several reasons, including [REDACTED] [REDACTED] [REDACTED] [REDACTED] [REDACTED] And his "reasonable royalty" and [REDACTED] lack any reliable methodology. His opinions should be excluded.

## ARGUMENT

### I. PROFESSOR RUBINFELD MAY NOT LEND HIS CREDENTIALS TO OPINIONS [REDACTED]

#### A. [REDACTED]

[REDACTED]

[REDACTED]



This is not "hyperbolic" rhetoric; these are verifiable facts. And those facts require exclusion of Prof. Rubinfeld's opinions. *See* Dkt. 871, Mem. 6-8.

Defendants (*e.g.*, 3, 5-6) invoke the principle that experts may delegate detail work to properly supervised staff. But

This case falls squarely within the rule barring experts from being mouthpieces for others – as one case put it, of testimony by a "highly qualified puppet." *DataQuill Ltd. v. Handspring, Inc.*, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003).

Defendants' offer to allow Plaintiffs to depose Prof. Rubinfeld's staff provides no cure, because Defendants do not propose to have Prof. Rubinfeld's *staff* offer opinions at trial. They want to have Prof. Rubinfeld offer those opinions to the jury. No supplemental expert discovery can make that appropriate. *Cf. Weitz Co., LLC v. Lloyd's of London*, 2007 WL 7131908, at *3 (S.D. Iowa Sept. 28, 2007) ("[W]here it appears [an expert] had no involvement in the underlying research, analysis or drafting of the report, the court finds very little, if any, evidentiary value to his testimony.").

Defendants' effort to equate Prof. Rubinfeld's work to that of Authenticom's damages



expert – Catharine Lawton – mischaracterizes the facts. *See* Dkt. 889-6, Lawton Dep. 227:7-229:9.[1] Prof. Rubinfeld, by contrast, *See* Dkt. 871-9, Rubinfeld Dep. 319:21-321:16; *see also id.* at 461:12-23.

**B.**

As the Seventh Circuit stated in *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000), the right to submit errata does not allow witnesses to make "a change of substance which actually contradicts the transcript" and cannot "plausibly be represented as the correction of an error in transcription" – with the aid of lawyer coaching – after the deposition is over and no follow-up questioning is possible.[2] Indeed, The Court should afford the errata no weight in evaluating the admissibility of his opinions.

[1] Further, the assertion (at 4) that Ms. Lawton is wrong. *See* Lawton Dep. 183:8-18. And the suggestion that she failed to explain (at 4) . *E.g.*, Lawton Dep. 359:21-360:7.

[2] *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 605-06 (7th Cir. 2000), is inapposite, as it involved an errata sheet that corrected a "misstatement or typographical error" – namely, omission of the word "not" from the transcript. And while some courts have limited *Thorn* to summary judgment, others have rightly held that making substantive changes constitutes abuse of the errata process. *E.g.*, *Nationwide Agribusiness Ins. Co. v. Meller Poultry Equip., Inc.*, 2016 WL 2593935, at *5 (E.D. Wis. May 5, 2016) (granting motion in limine and explaining that "[a] deposition is not a take home examination." (quoting *Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003)).

## II. PROFESSOR RUBINFELD'S CRITIQUES OF CATHARINE LAWTON'S AUTHENTICOM DAMAGES OPINIONS ARE INADMISSIBLE

For the reasons given elsewhere, Dkt. 999, Ms. Lawton's opinions are admissible, and Prof. Rubinfeld's rebuttal opinions are not moot. However, they are inadmissible.



**A.**

. Rather, they assert that it is "unremarkable" for an expert to rely on "assumptions on the topic of liability" to render opinions on causation and damages. But "failure to assess the validity of the opinions of the experts he relied upon[,] together with his unblinking reliance on those experts' opinions, demonstrates that the methodology he used to formulate his opinion was flawed under *Daubert* as it was not calculated to produce reliable results." *In re TMI Litig.*, 193 F.3d 613, 716 (3d Cir. 1999), *amended*, 199 F.3d 158 (3d Cir. 2000).[3]

Defendants also contend that Prof. Rubinfeld's opinions are based on the opinions of *Plaintiffs'* experts. But he *E.g.*, Dkt. 1001 at 22 (quoting in part Israel Reply Rep. ¶ 134). To the contrary, the latter notion is "unsupported speculation" without a sufficient "factual basis." *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at *11

[3] Defendants' assertion that Ms. Lawton (at 10-11)

(N.D. Ill. Mar. 31, 2017) (Dow, J.); *see also* Mem. 11-13 (elaborating); Dkt. 875, Murphy *Daubert* Mem. 14-17 (same).[4]

**B.** Prof. Rubinfeld's other critiques of Ms. Lawton's yardstick are not admissible.



Mem. 13-14. These critiques lack a sufficient "factual basis," *Fluidmaster*, 2017 WL 1196990, at *10-11, and are inadmissible.

Defendants also argue (at 14) that *See* Rubinfeld Dep. 458:3-460:25. *Id.* 463:16-464:21. His new opinion is plainly untimely and should be stricken. *SEC v. Nutmeg Grp., LLC*, 2017 WL 4925503, at *1 (N.D. Ill. Oct. 31, 2017) (untimely report stricken). If not, Authenticom is at least entitled to a supplemental rebuttal (a point Defendants do not contest).

[4] Prof. Rubinfeld's opinion likewise remains inadmissible under the rule of *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555 (1931), for reasons MDL Plaintiffs will explain in their reply supporting that motion and incorporate herein by reference.

## III. PROFESSOR RUBINFELD'S DMCA DAMAGES OPINIONS ARE BASED ON INSUFFICIENT DATA AND UNHELPFUL TO THE JURY

**A.** [redacted] That discrepancy is not, as Defendants would have it, a mere data-quality issue appropriate for cross-examination. [redacted] Dkt. 966 at 6 ("Reynolds's 2013 disabling led to an [redacted].'") The discrepancy between [redacted] is therefore sufficiently fundamental that there is a lack of "rational connection between the data and the opinion" under *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 809 (7th Cir. 2013).[5] Defendants' complaint (at 15-16) that Authenticom did not identify *other data* that would have allowed them to prove their theory rewrites Rule 702. *See* Mem. 17. The absence of the data required to prove a given damages theory is a reason to find a better theory – not an excuse under Rule 702 for using data that all agree do not measure the facts the theory requires.[6]

---

[5] This case bears little resemblance to the "bare allegation of unreliability" at issue in *Cook Inc. v. Endologix, Inc.*, 2012 WL 3948614, at *5 (S.D. Ind. Sept. 10, 2012). Similarly, *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 372 F. Supp. 2d 1104, 1118 (N.D. Ill. 2005), rejected accusations that an expert's opinion was unreliable because it relied on self-reporting by putatively "biased and inexpert" employees – hardly comparable to the conceded data disconnect at issue.

[6] Defendants' other arguments lack merit. As Defendants acknowledge (at 16 n.8), their passing complaint that Authenticom "destroy[ed]" certain other data rehashes arguments Judge Gilbert previously rejected. *See* Dkt. 719 at 1 (noting that these data are "ephemeral or transient data that is 'generally is not discoverable in most cases'" (quoting Seventh Circuit Electronic Discovery Committee, Principles Relating to the Discovery of Electronically Stored Information, Principle 2.04(d)). Defendants' observation (at 16-17) that [redacted]. And Defendants rightly relegate to a footnote (at 17 n.9) Prof. Rubinfeld's [redacted] (Dkt. 871-6, Reynolds Rep. ¶ 77): Defendants never defend the notion that [redacted]



As to Prof. Rubinfeld's erroneous assumption that [redacted] Defendants [redacted] (Dkt. 1007), and then add (at 17), without elaboration, that they can "refute [Authenticom's] contention at trial." But Defendants cannot punt the question whether Prof. Rubinfeld has "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also* Fed. R. Evid. 102. Defendants' unsubstantiated claim that they can "refute" Authenticom's evidence fails to establish the admissibility of Prof. Rubinfeld's opinions.

**B-D.** Defendants admit that Prof. Rubinfeld (undoubtedly a qualified statistician) relied on Edward Stroz (undoubtedly not) [redacted].[7] [redacted]. Defendants counter that Prof. Rubinfeld submitted a report "addressing the statistical precision of Mr. Stroz's results" (Opp. 18), but that cannot cure the defect at the heart of Mr. Stroz's analysis: [redacted].[8]

Prof. Rubinfeld's calculation of DMCA damages is inadmissible for other, independent

---

[7] The Court should judge for itself the assertion (at 17-18) that Plaintiffs mischaracterized Prof. Rubinfeld as lacking a basis to "check[ Mr. Stroz's] numbers." Dkt. 871-8, Rubinfeld Dep. 256:19-21 [redacted].

[8] Defendants likewise fail (at 19-20) to defend mechanical errors in Prof. Rubinfeld's report. [redacted] Dkt. 871-5, Rubinfeld CDK Rep. ¶ 78, [redacted] Dkt. 871-16, Stroz Rep., Appx. C ¶ 24. [redacted] *see* Mem. 20, [redacted].



reasons – reasons that, even taken alone, are dispositive in the Dealer Class Plaintiffs' case.

***First***, CDK's assertion (at 18) that Prof. Rubinfeld is not offering a legal opinion is simply incorrect: [redacted] *See* Mem. 18. These are classic legal opinions that should be excluded. ***Second***, [redacted] *See* Mem. 19. CDK's argument that Dr. Rubinfeld purported to analyze the "statistical precision of Mr. Stroz's results" (Opp. 19) is a diversion: [redacted] *see* Dkt. 871-5, Rubinfeld CDK Rep., Table 5) [redacted] *See* Mem. 19. Defendants ignore, and therefore have conceded, that point. *See United States v. McMahon*, 2016 WL 5404598, at *9 (N.D. Ill. Sept. 28, 2016) (Dow, J.).

***Third,*** Prof. Rubinfeld improperly [redacted] *See* Mem. 20. CDK argues (at 20) that the individual dealers in each "group" may be held "jointly and severally liable under the DMCA." CDK's Counterclaim, however, does not allege joint and several liability, *Oildale Mut. Water Co. v. Crop Prod. Servs., Inc.*, 2014 WL 824958, at *2 (E.D. Cal. Mar. 3, 2014),[9] and the time to amend pleadings has long expired. Fed. R. Civ. P. 15(a)(1). Moreover, CDK may not attempt to amend its claim through a brief. *See Gomez v. Garda CL Great Lakes, Inc.*, 2013 WL 4506938, at *5 (N.D. Ill. Aug. 23, 2013). [redacted]

---

[9] The allegation in CDK's Counterclaim that the dealers in each group acted as a "single business unit" (Dkt. 522, Counterclaim ¶¶ 15, 20) does not suffice to plead joint and several liability.



## IV. PROFESSOR RUBINFELD'S "REASONABLE ROYALTY" ANALYSIS IS UNRELIABLE

In his report, Prof. Rubinfeld invoked the *Georgia-Pacific* reasonable-royalty framework; yet [REDACTED]. *See* Mem. 22. Defendants respond (at 21-22) that, notwithstanding his own citation to *Georgia-Pacific*, he could ignore the *Georgia-Pacific* factors and rely on "actual pricing data" alone. But such methodology-free *ipse dixit* flunks *Daubert*, Mem. 22 (citing, *e.g.*, *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, at *5 (N.D. Cal. Apr. 16, 2014)), for good reason: [REDACTED] *See* Dkt. 878 at 24. Defendants' observation (at 22) that Prof. Rubinfeld [REDACTED] does not help, any more than using a conservative price for apples cures the problem that one is measuring the price of oranges. Prof. Rubinfeld's [REDACTED] not only fails to meet the standard that he himself set forth but by any measure falls far short of the "level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

## V. PROFESSOR RUBINFELD'S [REDACTED] IS UNRELIABLE

Defendants admit that [REDACTED]



[redacted] Prof. Rubinfeld's [redacted] defies basic principles of statistical sampling and is thus unreliable and extremely misleading – warranting exclusion under Rule 403 and Rule 702.

[redacted] *See* Rubinfeld Reynolds Rep. ¶ 104 & Table 6. [redacted] *See* Mem. 25 (citing, *e.g.*, *Wasson v. Peabody Coal Co.*, 542 F.3d 1172, 1176 (7th Cir. 2008)).

**CONCLUSION**

Professor Rubinfeld's testimony should be excluded.

Dated: July 8, 2020

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
MILBERG PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
(212) 594-5300
pwedgworth@milberg.com

*/s/ Derek T. Ho*
Derek T. Ho
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*MDL Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I, Derek T. Ho, an attorney, hereby certify that on July 8, 2020, I caused a true and correct copy of the foregoing **MDL PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT TESTIMONY OF DANIEL L. RUBINFELD** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

*/s/ Derek T. Ho*

Derek T. Ho
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com