# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-00865 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF PLAINTIFF MVSC'S EXPERT GORDON KLEIN**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. MR. KLEIN'S OPINIONS ARE INADMISSIBLE UNDER DAUBERT .........................1

    A. Mr. Klein Fails to Disaggregate Effects of Unlawful Conduct From Lawful Conduct and Simply Ignores Potential Alternative Causes .....................................1

    B. Mr. Klein's Assumption of an Ongoing Conspiracy is Unreasonable.....................5

    C. Mr. Klein's California Opinions Are Actually the Opinions of MVSC's COO .........................................................................................................................7

    D. Mr. Klein's Opinions Regarding Wisconsin Ignore Highly Relevant and Contrary Evidence Negating Causation...................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

Federal Cases

*Bielskis v. Louisville Ladder, Inc.*
   663 F.3d 887 (7th Cir. 2011) ..................................................................................................6

*Blue Cross and Blue Shield United of Wis. v. Marshfield Clinic*
   152 F.3d 588 (7th Cir. 1998) ...............................................................................................2, 4

*Brown v. Burlington N. Santa Fe Ry. Co.*
   765 F.3d 765 (7th Cir. 2014) ..................................................................................................9

*Buscaglia v. U.S.*
   25 F.3d 530 (7th Cir. 1994) ....................................................................................................6

*Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc.*
   213 F.3d 198 (5th Cir. 2000) ..................................................................................................4

*Fishman v. Estate of Wirtz*
   807 F.2d 520 (7th Cir 1986) ...................................................................................................4

*In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*
   2017 WL 1196990 (N.D. Ill. Mar. 31, 2017) .....................................................................3, 5

*Gen. Elec. Co. v. Joiner*
   522 U.S. 136 (1997) ...............................................................................................................2

*Gomez v. Palmer*
   2016 WL 212952 (N.D. Ill. Jan. 19, 2016) ..........................................................................10

*Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*
   221 F. Supp. 3d 1033 (N.D. Ind. 2016) ..................................................................................4

*Loeffel Steel Prods., Inc. v. Deltra Brands, Inc.*
   387 F. Supp. 2d 794 (N.D. Ill. 2005) ......................................................................................8

*Manpower, Inc. v. Insurance Co. of Pa.*
   732 F.3d 796 (7th Cir. 2013) ...............................................................................................8, 9

*MCI Commc'ns v. Am. Tel. & Tel. Co.*
   708 F.2d 1081 (7th Cir. 1983) ...........................................................................................2, 4

*Pampered Chef v. Alexanian*
   804 F. Supp. 2d 765 (N.D. Ill. 2011) ......................................................................................5

*S.V. Gopalratnam v. Hewlett-Packard Co.*
   877 F.3d 771 (7th Cir. 2017) ..................................................................................................4

PUBLIC VERSION

*Second Amendment Arms v. City of Chicago*
   2020 WL 1157347 (N.D. Ill. Mar. 10, 2020) ..............................................................................6

*Tilstra Dairy Equip. Ltd. v. Boumatic LLC*
   791 F.3d 749 (7th Cir. 2015) ...................................................................................................9

*U.S. v. Menominee Tribal Enters.*
   2009 WL 2877083 (E.D. Wis. Sept. 2, 2009)............................................................................7

*United States v. Beavers*
   756 F.3d 1044 (7th Cir. 2014) .................................................................................................6

*Victory Records, Inc. v. Virgin Records Am., Inc.*
   2011 WL 382743 (N.D. Ill. Feb. 3, 2011) ................................................................................8

**I.     INTRODUCTION**

The opinions and testimony of Gordon Klein, MVSC's causation and damages expert, are inadmissible because they are unreliable, speculative, unhelpful to the trier of fact, and fail to consider highly relevant and directly contradictory evidence. MVSC has not, and cannot, meet its *Daubert* burden. Its opposition underscores the legal flaws in Mr. Klein's opinions.

Mr. Klein's opinions are inadmissible on multiple grounds. *First*, Mr. Klein failed to isolate the effects of alleged unlawful conspiracy from other lawful conduct or market conditions that would still exist in a but-for world. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is both wrong and inadmissible *ipse dixit*. Mr. Klein's speculation as to the state of mind of dealers and state officials who dealt with MVSC does not save his opinions. *Second,* his opinions are unreliable because they are based on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Reynolds's alleged coconspirators were dismissed pursuant to an October 2019 settlement. MVSC does not dispute that the assumption is no longer valid, nor does it dispute that the assumption impacts Mr. Klein's opinions and analysis. *Third*, instead of conducting an independent expert analysis of the but-for world, Mr. Klein ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Finally*, Mr. Klein's Wisconsin opinions are inadmissible because he failed to consider highly relevant, directly contradictory evidence negating his opinions.

**II.    MR. KLEIN'S OPINIONS ARE INADMISSIBLE UNDER *DAUBERT***

    **A.    Mr. Klein Fails to Disaggregate Effects of Unlawful Conduct From Lawful Conduct and Simply Ignores Potential Alternative Causes**

Mr. Klein's analysis does not and cannot disaggregate damages caused by an alleged unlawful conspiracy from lawful conduct and lawful market conditions that would still exist in the

absence of the alleged conspiracy. Neither does he perform any meaningful expert work to determine that the alleged conspiracy is a "substantial" factor causing harm to MVSC. ▮

▮

▮ His analysis is unreliable and inadmissible. *E.g.*, *Blue Cross and Blue Shield United of Wis. v. Marshfield Clinic*, 152 F.3d 588, 593 (7th Cir. 1998) (an expert's damages model which fails to account for lawful factors not attributable to defendant's anticompetitive conduct is "worthless"); *MCI Commc'ns v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1161-63 (7th Cir. 1983) (damages must reflect "only the losses directly attributable to *unlawful* competition. . . . To allow otherwise would force a defendant to pay treble damages for conduct that was determined to be entirely lawful."); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (expert opinions based on nothing more than his *ipse dixit* are inadmissible).

▮ . **Ex. A** (Tr.) at 45:5-46:13. Thus, to the extent the Court even partially grants Reynolds's motion for summary judgment (Dkt. 955) and dismisses claims based on one of the three types of alleged

---

[1] Unless otherwise noted, Ex. refers to exhibits filed with Reynolds's opening brief ("Mem."). Dkt. 865.

"interference," Mr. Klein's opinions must be excluded. *E.g.*, *MCI Commc'ns*, 708 F.2d at 1163 (rejecting damages model which assumed several types of unlawful conduct, only a subset of which were ultimately found to be unlawful).

Admissions aside, ▮

▮ Mr. Klein's opinions are inadmissible *ipse dixit*. Mem. at 12-13 (collecting cases); *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at

*24 (N.D. Ill. Mar. 31, 2017) (Dow, J.) ("Merely prefacing a deposition answer with the phrase 'based on my experience' does not save a completely unsupported opinion from exclusion."). ██████████████████████████████████████████████████████████, Mr. Klein must still account for the impact of lawful factors when calculating damages attributable to the conspiracy. *E.g., Marshfield Clinic*, 152 F.3d at 593; *MCI Commc'ns*, 708 F.2d at 1162.

MVSC argues that Mr. Klein's analysis was "designed to measure *only* damages due to the interference, not other causes; there was therefore no further need to 'disaggregate' damages due to lawful conduct." Opp. at 9 (emphasis in original). But as the discussion above illustrates, there was no design; Mr. Klein simply ignored other causes. MVSC's unsupported argument does not meet its burden of demonstrating admissibility. *See S.V. Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017) (proponent of expert testimony bears burden of demonstrating admissibility by a preponderance of the evidence).

Calling Mr. Klein's failure to disaggregate a "before and after" test (Opp. at 13) – which it is not – does not save his analysis.[2] As Judge Posner held in *Isaken v. Vermont Castings, Inc.*:

> Although [plaintiff] may well have suffered losses during the period of [defendant's] unlawful activity, he made no effort to establish how much of the loss was due to that activity as distinct from unrelated business factors. . . . All [plaintiff] did to prove damages was to compare his average profits for several years before and several years during the period of unlawful activity. *Post hoc ergo propter hoc* is not a valid methodology of damage calculation, especially when it is apparent that other causal factors are at work.

825 F.2d 1158, 1165 (7th Cir. 1987); *see also Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, 221 F. Supp. 3d 1033, 1041-42 (N.D. Ind. 2016) (excluding "before-and-after"

---

2 ████████████████████████████████████████████████████████████████████████████

-4-

model, holding: "a plaintiff is only entitled to be put in a position it would have been in had competition been lawful, not the position it would have been in had competition been absent").[3]

Mr. Klein is also not qualified to opine as to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ MVSC claims that Mr. Klein is qualified by way of his experience in "business plan development, entrepreneurship, and profit forecasting and measurement," Opp. at 14, but none of this (even if true) gives Mr. Klein "expert insight into the motivations, intent, and state of mind" of dealers and state officials. *See In re Fluidmaster*, 2017 WL 1196990 at *24 (excluding opinions of an engineer as to *why* defendant made certain design changes to its product). MVSC does not distinguish authority cited by Reynolds holding that opinions regarding state of mind are factual determinations that an expert is no better qualified to make than the jury. Mem. at 14 (citing *Elorac, Inc. v. Sanofi-Aventis Canada, Inc.*, 2017 WL 3592775, at *20 (N.D. Ill. Aug. 21, 2017)).

An expert relying on experience must explain "*how* that experience leads to the conclusion reached, *why* that experience is a sufficient basis for the opinion, and *how* that experience is reliably applied to the facts." *Pampered Chef v. Alexanian*, 804 F. Supp. 2d 765, 794 (N.D. Ill. 2011) (citing Fed. R. Evid. 702 Advisory Committee's note to 2000 amendment) (emphasis in original). Mr. Klein makes no attempt to do so and his opinions should be excluded.

### B. Mr. Klein's Assumption of an Ongoing Conspiracy is Unreasonable

Mr. Klein's opinions are unreliable and should be excluded because they are based on the

---

[3] Cases cited by MVSC similarly hold that failure to account for lawful factors is fatal. *See Fishman v. Estate of Wirtz*, 807 F.2d 520 (7th Cir 1986) (vacating damages award because yardstick method did not properly account for opportunity costs); *Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc.*, 213 F.3d 198, 207-08 (5th Cir. 2000) (vacating damages award because yardstick method did not account for lawful market conditions including geographic location, size or attractiveness of business, size of market, relative costs of operation).

-5-

false assumption ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Ex. F** (Rpt.) ¶¶ 16, 54 and n.57. This is false. MVSC settled with CDK in October 2019, resulting in the dismissal of the only alleged coconspirators and the admission of MVSC into 3PA, the very program that MVSC was allegedly blocked from as the result of a "conspiracy." Dkt. 778. ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

MVSC does not dispute that Mr. Klein's assumption of a continuing conspiracy is incorrect, nor does it dispute Mr. Klein's testimony under oath that estimated damages would be lower if the alleged conspiracy ended by October 2019. "The Seventh Circuit has affirmed exclusion of a purported expert on lost profits when the expert report was based on implausibly optimistic assumptions." *Second Amendment Arms v. City of Chicago*, 2020 WL 1157347, at *9 (N.D. Ill. Mar. 10, 2020) (Dow, J.) (citing *Target Mkt. Pub., Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1144 (7th Cir. 1998)). Numerous courts have explained that expert opinions based on unsupportable, outdated or unreasonable assumptions should be excluded. *E.g., id.* at *10 (excluding expert opinion where "foundational assumption was somewhere between optimism and speculation, neither of which is a reliable basis for an expert's methodology."); *United States v. Beavers,* 756 F.3d 1044, 1056 (7th Cir. 2014) (affirming exclusion of expert who "relied on irrelevant considerations" and "made questionable assumptions"); *Bielskis v. Louisville Ladder, Inc.,* 663 F.3d 887, 894-95 (7th Cir. 2011) (affirming exclusion of expert opinion and noting that expert's assumption about caster stem measurement was shown to be inaccurate when he later discovered that the actual measurement was different); *Buscaglia v. U.S.,* 25 F.3d 530, 533 (7th Cir. 1994) ("expert testimony may be excluded . . . if based upon speculation, unsupported assumptions, or conclusory allegations."). Mr. Klein's opinions cannot survive this standard.

MVSC attempts to frame the issue as a mere "procedural" question under Federal Rule of Civil Procedure 26(e) about the latest possible date when Mr. Klein is permitted to "update" his analysis based on new data. Opp. at 11-12. This is gamesmanship. Unlike the cases cited by MVSC, Mr. Klein will not be updating data used as an input "based on more current information reflecting ongoing damages." *Id*. at 12 (citing *Atlas Flooring, LLC v. Porcelanite S.A. DE C.V.*, 425 F. App'x 629, 632 (9th Cir. 2011)). The error at issue is Mr. Klein's ▇▇▇▇▇▇▇ and the facts needed to correct that error are available now; MVSC simply refuses to produce it.[4] MVSC cannot manufacture a gap and immunize Mr. Klein from attack until just before trial on the grounds that his true analysis will be revealed then in the form of a "supplement." *See U.S. v. Menominee Tribal Enters.*, 2009 WL 2877083, at *2 (E.D. Wis. Sept. 2, 2009) (holding: "Rule 26(e) requires supplementation when earlier-provided information proves incomplete, but clearly the rule cannot apply when the party itself is the cause of the very incompleteness that gives rise to the need to supplement" and cautioning against "manipulation by counsel who could create gaps and then fill them in at the last minute.").

Whether Mr. Klein can or will supplement his report just before trial is beside the point – his current report and opinions are indisputably unreliable now. Mr. Klein's opinions, in their current state, are incorrect and unreliable because they rest on an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Klein's opinions should be excluded.

**C.     Mr. Klein's California Opinions Are Actually the Opinions of MVSC's COO**

Mr. Klein concedes that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

4      Reynolds has moved to compel MVSC to produce the settlement and 3PA agreement. Dkt. 931.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

**Ex. A** (Tr.) at 247:11-20. Mr. Klein simply served as a "mouthpiece of the witness[ ] on whose statements or opinions the expert purports to base his opinion." *Loeffel Steel Prods., Inc. v. Deltra Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005). This is no methodology at all. ████ ████████████████████████

Mr. Klein's opinions are similar to those rejected in *Victory Records, Inc. v. Virgin Records Am., Inc.,* 2011 WL 382743 (N.D. Ill. Feb. 3, 2011) (cited in Mem. at 16), a case that MVSC ignores. There, plaintiff's expert calculated lost profits by adopting the client's internal sales projections. *Id.* at *2. In excluding plaintiff's expert, the court observed that "[t]he Seventh Circuit has held . . . that an assumption based on the internal projections of the expert's sponsor lacks the reliability demanded by Rule 702." *Id.* (citing *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 396 F.3d 416, 420 (7th Cir. 2005)). "[W]hile opinion testimony regarding damages founded on a party's internal projections might be permissible when delivered by a lay witness under Federal Rule 701, it may not be delivered by a witness with the gloss of expertise under Rule 702." *Id.* (internal citations omitted). ████████████████████ ████████████████ Mr. Klein does exactly what the Seventh Circuit prohibits.

MVSC is wrong in suggesting that Reynolds is only attacking MVSC's data and not its methodology. ██████████ ████████████████████████████████ MVSC's reliance on *Manpower, Inc. v. Insurance Co. of Pa.*, 732 F.3d 796 (7th Cir. 2013) (Opp. at 16) is therefore misplaced. There, in an insurance coverage dispute, plaintiff's expert employed an unimpeachable methodology for calculating lost

-8-

profits dictated by defendant's insurance policy. *Id.* at 801. Defendant challenged one data point used in that otherwise undisputed methodology: an annual growth rate for plaintiff's business extrapolated from a five-month "before" period based on the client's claim that this particular period was representative of future growth. *Id*. at 801-02, 807. The court held that the expert should not have been excluded because the reliability of the expert's methodology was undisputed, and a dispute about data was a factual matter for the jury. *Id.* at 806-07.

Finally, MVSC's claim that Mr. Klein verified the accuracy of Joe Nemelka's but-for projections cannot be reconciled with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ [5] **Ex. A** (Tr.) at 247:11-20 (similar). To the extent that Mr. Klein's testimony about what he did contradicts his report, his testimony under oath controls. *See Brown v. Burlington N. Santa Fe Ry. Co.,* 765 F.3d 765, 773 (7th Cir. 2014) (affirming exclusion of expert opinion where deposition revealed "he deviated from his own stated description" of his method, holding: "[A]n expert must do more than just state that she is applying a respected methodology; she must follow through with it.").[6]

### D. Mr. Klein's Opinions Regarding Wisconsin Ignore Highly Relevant and Contrary Evidence Negating Causation

Mr. Klein failed to consider unequivocal evidence that the State of Wisconsin's decision to reject MVSC had <u>nothing to do</u> with any alleged conspiracy. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[5] Ex. 1 is attached to the concurrently-filed Declaration of Leo D. Caseria iso Reynolds's Reply Mem.
[6] MVSC cites *Tilstra Dairy Equip. Ltd. v. Boumatic LLC*, 791 F.3d 749 (7th Cir. 2015) (Opp. at 17), but that case simply held that an expert need not independently verify financial statements prepared in the ordinary course of business by an outside accounting firm. *Id*. at 753.

███ Mem. at 17-18 (citing **Ex. B** (Dep. Ex. 1213); **Ex. A** (Tr.) at 114:10-115:9, 128:12-14). ███

███ *See* **Ex. A** (Tr.) at 130:7-11. This document has been in MVSC's possession since February 2017 but was not considered by Mr. Klein, because, like the settlement agreement, MVSC did not share it with Mr. Klein and did not produce it to Reynolds.[7] Moreover, to the extent that Mr. Klein had access to documents reflecting express statements by Wisconsin officials about their reasons for denying MVSC access, ███

Mem. at 19.

As set forth in Reynolds's opening brief, Mr. Klein's Wisconsin opinion must be excluded because he fails to consider directly relevant and contradictory evidence. Mem. at 18 (citing cases). MVSC's attempt to distinguish Reynolds's cases, Opp. at 20 n.10, only bolsters Reynolds's argument. According to MVSC, those cases "concerned egregious circumstances where an expert had no rationale for not considering highly relevant and contradictory evidence." *Id.* This is precisely what Mr. Klein did.

MVSC's rebuttal that an expert need not consider "all" information is beside the point. An expert must consider "enough information to make the proffered opinion reliable." *Gomez v. Palmer*, 2016 WL 212952, at *4 (N.D. Ill. Jan. 19, 2016) (cited in Opp. at 19).[8]

---

[7] Reynolds was only able to obtain this and other highly relevant communications between Wisconsin State officials and MVSC through a FOIA request to the State.

[8] MVSC's remaining argument also misses the mark. Opp. at 18 ███ If the State of Wisconsin was not accepting any new EVR vendors, there is no basis for Mr. Klein's opinions on both causation and damages in Wisconsin, regardless of the amount of resources MVSC devoted to its expansion efforts.

| | |
|---|---|
| Dated: July 8, 2020 | Respectfully submitted, |
| | /s/ *Leo D. Caseria* |

                                            Aundrea K. Gulley
                                            Brian T. Ross
                                            Brice A. Wilkinson
                                            Ross A. MacDonald
                                            GIBBS & BRUNS LLP
                                            1100 Louisiana Street
                                            Suite 5300
                                            Houston, TX 77002
                                            (713) 751-5258
                                            agulley@gibbsbruns.com
                                            bross@gibbsbruns.com
                                            bwilkinson@gibbsbruns.com
                                            rmacdonald@gibbsbruns.com

                                            Michael P.A. Cohen
                                            Leo D. Caseria
                                            SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                                            2099 Pennsylvania Avenue NW, Suite 100
                                            Washington, DC 20006
                                            (202) 747-1900
                                            mcohen@sheppardmullin.com
                                            lcaseria@sheppardmullin.com

                                            *Counsel for Defendant*
                                            *The Reynolds and Reynolds Company*

## CERTIFICATE OF SERVICE

      I, Leo D. Caseria, an attorney, hereby certify that on July 8, 2020, I caused a true and correct copy of the foregoing **DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF PLAINTIFF MVSC'S EXPERT GORDON KLEIN** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                */s/     Leo D. Caseria*
                                Leo D. Caseria
                                SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                                2099 Pennsylvania Avenue NW, Suite 100
                                Washington, DC 20006
                                (202) 747-1900
                                lcaseria@sheppardmullin.com