**PUBLIC VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Authenticom, Inc. v. CDK Global, LLC*, No. 1:18-cv-868 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF MR. BRIAN HALPIN

PUBLIC VERSION

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND ARGUMENT ........................................................................................ 1

I.     Mr. Halpin's Expert Testimony Concerns An Undisputed Topic That Is
Tangential To This Case ................................................................................................. 1

II.    The Probative Value Of Mr. Halpin's Testimony Is Outweighed By The Risk Of
Prejudice ........................................................................................................................ 7

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Brand Names Prescription Drugs Antitrust Litig.*,
    186 F.3d 781 (7th Cir. 1999) ...................................................6

*Bull v. Bd. of Tr. of Ball State Univ.*,
    2012 WL 13028936 (S.D. Ind. May 2, 2012) ...........................2

*Buscaglia v. United States*,
    25 F.3d 530 (7th Cir. 1994) ....................................................4

*Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*,
    285 F.3d 609 (7th Cir. 2002) ..................................................9

*Hill v. Wilson*,
    519 F.3d 366 (7th Cir. 2008) ..................................................6

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
    387 F. Supp. 2d 794 (N.D. Ill. 2005) .................................2, 9

*LovePop, Inc. v. Paper Pop Cards, Inc.*,
    2019 WL 350762 (D. Mass. Jan. 29, 2019) .............................4

*Naselroad v. Mabry*,
    2019 WL 4725157 (E.D. Ky. Sept. 26, 2019) .........................5

*Nelson-McGourty v. L & P Fin. Adjusters Inc.*,
    2010 WL 3190711 (N.D. Ill. Aug. 12, 2010) ..........................4

*Old Chief v. United States*,
    519 U.S. 172 (1997)................................................................6

*Stevens v. McBride*,
    489 F.3d 883 (7th Cir. 2007) ..................................................2

*Thomas v. Cannon*,
    289 F. Supp. 3d 1182 (W.D. Wash. 2018)............................10

*United States v. Boros*,
    668 F.3d 901 (7th Cir. 2012) ...........................................2, 3, 9

*United States v. Brown*,
    579 F.3d 672 (6th Cir. 2009) ..................................................4

*United States v. Nelson*,
    958 F.3d 667 (7th Cir. 2020) ..................................................3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Swiatek*,
  819 F.2d 721 (7th Cir. 1987) ......................................................................6

*United States v. Wilkins*,
  2016 WL 2616497 (W.D. Mo. Apr. 8, 2016) ............................................4

*Winebarger v. Boston Scientific Corp.*,
  2015 WL 5567578 (W.D.N.C. Sept. 22, 2015) .........................................8

**Other Authorities**

Fed. R. Evid. 403 ...........................................................................................7, 9, 10

Fed. R. Evid. 702 ...................................................................................................2

Fed. R. Evid. 703 ...................................................................................................9

## INTRODUCTION AND ARGUMENT

Individual Plaintiffs seek to have Brian Halpin testify as a metadata expert to show that

███████████████████████████████████████████████████████████████

███████████████████████████████████████ If this were a case about ████████████

████████████ Mr. Halpin's testimony would make sense. But it is not. ████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████▪████████████████████████████ Nonetheless, Individual Plaintiffs persist in

their effort to present an expert on this undisputed issue. Mr. Halpin's testimony on the undisputed,

and therefore irrelevant, side issue of the timing and non-alteration of Cottrell's notes is

outweighed by the risk of unfair prejudice.

## I.    Mr. Halpin's Expert Testimony Concerns An Undisputed Topic That Is Tangential To This Case.

**A.**    In making their case that Mr. Halpin's testimony would aid the trier of fact,

Individual Plaintiffs go on at length about the importance of Cottrell's testimony to their case. *See*

Opp. 2-6. But no one disputes that Cottrell offers relevant testimony, ████████████████████

███████████████████████████████████████ The issue here is the propriety of

cumulative expert testimony on an undisputed issue—███████████████████████████████

████—that is about as far as possible from being the "central issue in this litigation," Opp. 2, for

---

[1] Citations to "Mot. Ex. __" refer to the exhibits attached to the Declaration of Daniel T. Fenske, at ECF No. 889. Citations to "Mot." refer to the Memorandum of Law in Support of Defendants' Motion to Exclude the Opinions and Proffered Testimony of Brian Halpin, at ECF No. 888. Citations to "Opp." refer to Individual and Vendor Class Plaintiffs' Opposition to Defendants' Motion to Exclude the Expert Testimony of Brian Halpin, at ECF No. 987.

the purpose of sponsoring Cottrell's credibility, Opp. 8. That is not a valid basis to admit expert testimony. Mot. 6.

Individual Plaintiffs insist that they should be able to use an expert to discuss any issue they want in the federal rules' broad conception of relevance. Opp. 8-9. But this ignores that courts routinely exclude expert testimony "under Rule 702 when it 'mainly concerns a matter not in issue.'" *Bull v. Bd. of Tr. of Ball State Univ.*, 2012 WL 13028936, at *2 (S.D. Ind. May 2, 2012) (quoting *Stevens v. McBride*, 489 F.3d 883, 892 (7th Cir. 2007)); *see* Mot. 2-3. Individual Plaintiffs also neglect to address the admonition that the ability to cross examine an expert "is not a basis for allowing otherwise inadmissible [expert] testimony to be admitted." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 800 (N.D. Ill. 2005); *see* Mot. 2. *Contra* Opp. 13 (arguing that proper recourse would be to allow Defendants to "present to the jury" any problems with Mr. Halpin's testimony).

The cases on which Individual Plaintiffs rely to justify their irrelevant expert testimony are far afield. Individual Plaintiffs say, for instance, that the Seventh Circuit has observed "that there is a low threshold for establishing that evidence is relevant." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) (internal quotations omitted) (cited at Opp. 8). But the context of *Boros*'s statement makes clear that a low threshold is not tantamount to no threshold at all. *Boros* concerned a criminal prosecution for conspiracy to import and distribute controlled substances. *Id.* at 903. The government introduced an expert to testify to the characteristics of the substances at issue, "explaining whether they are controlled substances." *Id.* at 905. The court of appeals held that the district court did not abuse its discretion in allowing the expert testimony as relevant, because that testimony fell within the "broad category of background evidence [that] aids the jury's understanding of the substances that [the defendant] was obtaining, importing, and selling," and

**PUBLIC VERSION**

that "[t]he status of the substances as controlled relates to an element of the offenses." *Id.* at 908. As for the "remainder" of the expert's testimony (including a discussion of how the drugs are used), the court concluded that this testimony provided "a complete background picture to the jury." *Id.*

Individual Plaintiffs do not and cannot demonstrate how Mr. Halpin's testimony adds helpful background information about an issue relating to an element of this case or that completes the story. It is Cottrell himself who can complete the story of the conversation with the CDK executive, ████████████████████████████████████████████████████ ████████████████████. Rather, on Individual Plaintiffs' own telling, Mr. Halpin's testimony is designed *to bolster* Cottrell's testimony by "support[ing] Mr. Cottrell's account," an improper ground for expert testimony. *See* Opp. 8.[2]

Individual Plaintiffs also claim that Mr. Halpin's testimony is relevant because it would show that Cottrell's ██████████████████████████████████████████ Opp. 8. This showing is necessary, Individual Plaintiffs say, because Defendants ██████████████ ████████████████████." Opp. 8. But again, that misses the point. ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████. ████████████████████████████

---

[2] In any event, the Seventh Circuit recently criticized the broad "'complete-the-story' theory of relevance" from the *Boros* line of cases. *United States v. Nelson*, 958 F.3d 667, 670 (7th Cir. 2020) (discussing *Boros* and observing "the evidence about which Nelson is complaining had nothing to do with the gun-possession crime for which he was charged").

PUBLIC VERSION

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Tellingly, the

lone case Individual Plaintiffs cite (at 8) on this score—*Nelson-McGourty v. L & P Fin. Adjusters*

*Inc.*, 2010 WL 3190711, at *11 (N.D. Ill. Aug. 12, 2010)—says nothing about metadata or experts.

On the contrary, like Individual Plaintiffs could do here, the party in *McGourty* benefitted from

the simple fact that his "version of events [was] corroborated by his own substantially

contemporaneous notes of the conversation" without testimony from a metadata expert.

Indeed, Individual Plaintiffs fail to identify a single case where a party was able to use a

metadata expert to sponsor a witness in this way. Instead, each case they cite concerns the

admission of metadata expert testimony on a disputed matter central to the case. *See LovePop, Inc.*

*v. Paper Pop Cards, Inc.*, 2019 WL 350762, at *2 (D. Mass. Jan. 29, 2019) (cited at Opp. 8)

(allowing metadata expert to testify "that [the] defendant [Paper Pop] manipulated the documents'

metadata to make it appear as though the subject documents were created before LovePop's

designs" in an infringement case where Paper Pop's defense was "that it could not possibly have

infringed LovePop's copyrights or trademarks because it possesses documents and photographs

that demonstrate it created the disputed designs first"); *United States v. Brown*, 579 F.3d 672, 684

n.5 (6th Cir. 2009) (cited at Opp. 9) (observing, in dicta, that metadata expertise "could be helpful

in ascertaining when photographs were taken and whether photographs were taken in sequence"

in context of child pornography case to "help[] a factfinder understand whether an image was

intended to elicit a sexual response in the viewer"); *United States v. Wilkins*, 2016 WL 2616497,

at *5 (W.D. Mo. Apr. 8, 2016) (cited at Opp. 9) (observing, in dicta, that metadata expertise would

be necessary for defendant "to interpret metadata on photographs provided by the government in

discovery" in criminal case "to show that the photographs were not taken in the order offered by

the government"); *Buscaglia v. United States*, 25 F.3d 530, 532 (7th Cir. 1994) (cited at Opp. 9) (saying nothing about metadata, but merely observing that plaintiff's expert architect should have been allowed to testify about slippery floors that went to one of the "theories that would entitle [the plaintiff] to recover under the Federal Tort Claims Act").

According to Individual Plaintiffs, Mr. Halpin's expertise is needed because "technologically savvy jurors may be aware of metadata and its capability to prove when a file was created and modified." Opp. 9. Left unsaid is why these jurors would wonder such a thing when no one disputes ██████████████████████████ Jurors would not "be left to speculate" (Opp. 10 (quoting *Naselroad v. Mabry*, 2019 WL 4725157, at *3 (E.D. Ky. Sept. 26, 2019)) ████████████████████████████████████████ ████████████████████████ None of Individual Plaintiffs' cases supports the proposition that lack of an extended discourse on the metadata of a notes file would lead the jury to "draw a negative inference" (Opp. 10) about their case.

Individual Plaintiffs also speculate that if they decided to offer ████████████████ ████████████████████████ (again, when no one has claimed or will claim otherwise), some "jurors may wonder about whether the metadata was altered." Opp. 10. Yet again, the one case Individual Plaintiffs cite to support this assumption offers no support. Opp. 10. Rather, the court in *Pearson v. U.S. Bank National Association* discussed the "common understanding" that metadata can be altered in the context of a live dispute at the center of that employment-discrimination case. 2014 WL 4163020, at *17 (D. Minn. Aug. 21, 2014). In *Pearson*, the plaintiff argued that her employer papered her personnel file after the fact—that "document metadata indicates [that her employer created her poor-performance timeline] after she complained of discrimination, and therefore, the timeline was not a contemporaneous document, but rather a

retaliatory document created after-the-fact." *Id.* The court held that the plaintiff's speculation based on the timeline's metadata only "introduced metaphysical doubt" not "specific facts to show that there is a genuine issue for trial," because a document's metadata "may be altered by copying a document or moving it to a new location." *Id.* To show more, the plaintiff would have needed testimony from a "computer forensics expert." *Id.* It is easy to see why jurors in *Pearson* may have "wonder[ed] whether the metadata was altered," because the case turned on whether the plaintiff's firing was a pretext and was hotly disputed by the defendant. Nothing like that is at issue here.

**B.** Individual Plaintiffs misconstrue . That was not, as Individual Plaintiffs claim, a "[s]trategic [s]tipulation" (Opp. 9) or some nefarious attempt to "force Plaintiffs to accept their stipulation in lieu of presenting their own evidence," Opp. 10. To the extent those issues would have any tangential relevance were they in dispute, Defendants' stipulation removes those "matters[] not in issue." *In re Brand Names Prescription Drugs Antitrust Litig.*, 186 F.3d 781, 786 (7th Cir. 1999); *see also* Mot. 3 n.2.

Individual Plaintiffs wrap themselves in *Old Chief* and its progeny. Opp. 9. But those cases stand for the proposition—immaterial here—that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Hill v. Wilson*, 519 F.3d 366, 369 (7th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 186 (1997)); *accord United States v. Swiatek*, 819 F.2d 721, 731 n.4 (7th Cir. 1987).[3]

---

[3] Individual Plaintiffs also make no effort to show that Mr. Halpin's metadata discourse is somehow necessary to "tell[] a colorful story with descriptive richness." *Old Chief*, 519 U.S. at 187. Every fact ████████████ any significance to the case could come from Cottrell himself.

From this line, Individual Plaintiffs cite a grand total of one case—in a footnote—involving expert testimony. *See* Opp. 9, n.8. Unsurprisingly, it is far removed from the situation here. In *Jennings v. Santoro*, the court approved the prosecution's use of expert testimony to establish that the defendant's gang "met the statutory definition of a criminal street gang," despite the defendant's offer to stipulate, because that would have deprived the government of the chance to tell a story central to its case—that the "defendant actively participated in a criminal street gang, and willfully promoted, furthered, or assisted in felonious criminal conduct by members of the gang." 2016 WL 8608479, at *15-*16 (C.D. Cal. Nov. 23, 2016). Even putting aside that Individual Plaintiffs are not public prosecutors, it is beyond cavil that ███████████████

██████████████████████████████

## II.  The Probative Value Of Mr. Halpin's Testimony Is Outweighed By The Risk Of Prejudice.

Individual Plaintiffs offer only a half-hearted response to Defendant's arguments that the scant probative value of Mr. Halpin's expert testimony would be outweighed by the potential for prejudice.

*First*, Individual Plaintiffs claim that this Court should punt on the issue of whether Rule 403 counsels exclusion of Mr. Halpin's testimony. Opp. 12-13. But besides observing that some courts have addressed this issue in motions *in limine* rather than on summary judgment, or back in the home district rather than in an MDL court, Individual Plaintiffs provide no reason why any additional facts relevant *to this issue* will be uncovered as this case moves closer to trial. The record on the issue is complete:

- ███████████████████████████████████

  ██████████████████████████



*See, e.g.*, Mot. 1; Opp. 8.

*See, e.g.*, Mot. 1; Opp. 9.

. *See, e.g.*, Mot. 2; Opp. 6.

This issue is not "premature." Opp. 13. Individual Plaintiffs point to no additional "context and proper evidentiary foundation" that would further elucidate this issue. *Winebarger v. Boston Scientific Corp.*, 2015 WL 5567578, at *1 (W.D.N.C. Sept. 22, 2015) (cited at Opp. 12 n.11). Individual Plaintiffs provide no reason to move along toward trial with the status of Mr. Halpin's testimony left in limbo.

*Second*, Individual Plaintiffs inflate the probative value of Mr. Halpin's testimony. They claim that it is "highly probative" because "it shows that Mr. Cottrell's notes were contemporaneous and never altered" and thus more credible. Opp. 13. That testimony would be probative if this case turned on those facts and they were in dispute—as it did in every case Individual Plaintiffs cite for their relevance argument. *See* Opp. 8-9.

The marginal

(at best) relevance of Mr. Halpin's testimony strengthens the argument for exclusion under Rule 403. Indeed, Individual Plaintiffs' own authority (Opp. 8) recognizes as much, observing that "evidence about ancillary matters has only marginal relevance" and therefore "is more susceptible to exclusion under Rule 403's balancing of prejudice and probative value." *Boros*, 668 F.3d at 908 (excluding portions of expert testimony).

Individual Plaintiffs also largely sidestep the many flaws in Mr. Halpin's methodology that Defendants pointed out (Mot. 5-6) and that undercut any probative value to his testimony. *See* Opp. 13-14. ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ *See, e.g.*, *Loeffel Steel*, 387 F. Supp. 2d at 808 (discussing how Rule 703 does not allow experts simply to parrot "statements or opinions" of witness they are purporting to support); *accord Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir. 2002). ████████████████████████████████████████████████████

████████████████████████████████████████████████████ Whatever probative value expert metadata analysis might have in a case (unlike this one) that calls for it, Mr. Halpin's half measures would not be admissible in any event.

Finally, Individual Plaintiffs brush aside Defendants' discussion of the highly prejudicial effect of having an expert testify to uncontested and irrelevant issues whose only purpose could be to burnish the veracity of Cottrell's notes. Defendants' complaint is not that Mr. Halpin's proposed testimony "is damaging" to their case. Opp. 14. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ That is a paradigmatic case for exclusion under Rule 403. *See, e.g.*, *Thomas v. Cannon*, 289 F. Supp. 3d 1182, 1224 (W.D. Wash. 2018) (observing that testimony risked "significant unfair prejudice" where "the jury might have been tempted to conflate two episodes that were quite distinct").

## CONCLUSION

Defendants' motion to exclude the expert testimony of Brian Halpin should be granted.

**PUBLIC VERSION**

Dated: July 8, 2020

Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross A. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

*Counsel for Defendant*
*CDK Global, LLC*

11

**PUBLIC VERSION**

## <u>CERTIFICATE OF SERVICE</u>

I, Britt M. Miller, an attorney, hereby certify that on July 8, 2020, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS AND PROFFERED TESTIMONY OF MR. BRIAN HALPIN** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all persons by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com