**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | |
| This Document Relates To: | MDL No. 2817<br>Case No. 18-cv-00864 |
| *Cox Automotive, Inc., et al. v. CDK Global*, LLC, Case No. 1:18-cv-1058 (N.D. Ill.) | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *Loop, LLC v. CDK Global, LLC*, Case No. 1:18-cv-002521 (N.D. Ill.) | |

**AUTOLOOP AND COX AUTOMOTIVE'S MOTION
TO CLARIFY AND RECONSIDER JUNE 29, 2020 ORDER (DKT. 1027)**

**INTRODUCTION**

**I.** Cox Automotive, Inc. and its subsidiaries (collectively, "Cox Automotive") respectfully request that the Court reconsider its June 29, 2020 Order (Dkt. 1027) ("Order") compelling Cox Automotive to produce 51 communications sent to email distribution lists.

**A.** Cox Automotive seeks reconsideration of the Order because it grants relief based on an argument that CDK Global, LLC ("CDK") never made against Cox Automotive. CDK's motion to compel against Cox Automotive advanced the single argument that Cox Automotive had not complied with an agreement to provide the general purpose of email lists and the number of current members of the email lists. Cox Automotive subsequently provided this information to CDK (which CDK has acknowledged). The Order granted relief based on a *different* argument made by the Dealership Class Plaintiffs in a motion to compel against CDK. There, the Dealership Class Plaintiffs argued that providing the number of current members of an email list that was no longer active (zero) was insufficient. CDK did not make this argument against Cox Automotive, and Cox Automotive has never had an opportunity to respond to it. Reconsideration is appropriate where, as here, a court grants relief based on arguments never made by a party and to which the opposing party never had an opportunity to respond. *See Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l, Inc.*, 616 F. Supp. 2d 805, 830-31 (N.D. Ill. 2009).

**B.** In the alternative, this Court should reconsider its Order to hold that it applies to only 32 of the 51 emails. The Court's Order applies to Cox Automotive a prior June 10, 2019 order (Dkt. 717) that granted the Dealership Class Plaintiffs' aforementioned motion to compel and required CDK to produce communications that were sent to email lists for which CDK had listed the number of current members as zero because the email list was defunct. If that ruling had been applied equally to Cox Automotive, Cox Automotive would need to produce only 32 of the 51 emails. The remaining 19 emails were sent to email lists that were currently in use and for

which Cox Automotive has already provided the current number of recipients. CDK has previously acknowledged that, if the June 10, 2019 ruling were applied to Cox Automotive, it would require the production of only 32 of the 51 emails.

**II.** Loop, LLC ("AutoLoop") respectfully requests that the Court clarify that the Order did not grant CDK's motion to compel production of documents as to any documents for which AutoLoop asserted work-product privilege in addition to the attorney-client privilege. In the Order, the Court rejected AutoLoop's assertion of attorney-client privilege but did not address the work-product privilege. However, the last sentence of the Order states, "AutoLoop is ordered to produce to CDK the communications at issue." Order at 6. AutoLoop believes this statement to be inadvertent, because for each of the documents at issue in the motion, AutoLoop asserted attorney-client *and* work-product privilege. Accordingly, AutoLoop requests clarification – or in the alternative, reconsideration – that AutoLoop need not produce any documents until the work-product privilege assertions are resolved.

## LEGAL STANDARD

"A non-final order is modifiable at the Court's discretion, and at any time before entry of a final judgment." *Shales v. Schroeder Asphalt Servs., Inc.*, 2013 WL 6858775, at *1 (N.D. Ill. Dec. 30, 2013). Motions for reconsideration are appropriate in situations where the Court "has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

**ARGUMENT**

**I.     The Court Should Reconsider The Order As To Cox Automotive**

**A.     The Court Should Reconsider The Order Because It Granted Relief Based On Arguments That Were Never Made**

This Court should reconsider the Order as to Cox Automotive because it granted relief based on an argument that CDK did not make in its motion to compel and to which Cox Automotive has not had an opportunity to respond. CDK's motion to compel production of the 51 emails sent to email lists was based on a single argument: Cox Automotive had not complied with an agreement between the parties to provide the number of current members of email lists. *See* Dkt. 544, CDK Mem. at 13-14. Cox Automotive disputed that this agreement applied to Cox Automotive but nevertheless provided this information to CDK. *See* Dkt. 573, AutoLoop and Cox Opp. at 13; Dkt. 587-10, D. Dorris Email to J. Coleman (Mar. 21, 2019) (providing information). The information that Cox Automotive supplied to CDK matched the information that CDK provided pursuant to the same agreement. *See* Dkt. 546-10, J. Michaels Letter to D. Nordin (Feb. 8, 2019) at 8-9. Accordingly, in its reply brief, CDK no longer advanced the argument made in its motion to compel – that Cox Automotive had not provided information pursuant to the parties' agreement. *See* Dkt. 587 at 13-14.

In the Order, the Court did not grant relief based on the argument that CDK made in its motion to compel. Instead, the Court granted relief based on an argument made by a different party (the Dealership Class Plaintiffs) in a different motion (the Dealership Class Plaintiffs' motion to compel against CDK). *See* Dkt. 536. During meet-and-confers, the Dealership Class Plaintiffs asserted that CDK had not provided sufficient information about the members of email lists to which purportedly privileged communications had been sent. *See* Dkt. 536-1, D. Nordin Letter to J. Michaels (Dec. 26, 2018) at 5-6. To resolve that dispute, CDK agreed to provide the Dealership

Class Plaintiffs with the general purpose of the email lists and the number of current members. *See* Dkt. 587-7, L. Caseria Email to D. Nordin (Jan. 9, 2019) at 3-4. Because four of the email lists were defunct, CDK listed the number of current members as zero. *See* Dkt. 546-10, J. Michaels Letter to D. Nordin (Feb. 8, 2019) at 8-9. The Dealership Class Plaintiffs moved to compel production of emails sent to those four email lists, arguing that CDK had not complied with the parties' agreement and, thus, had provided insufficient information to substantiate its privilege assertions. *See* Dkt. 536, Dealership Class Mem. at 7; Dkt. 569, CDK Opp. at 6-7; Dkt. 582, Dealership Class Reply at 3-4. In a June 10, 2019 ruling, the Court granted that motion. *See* Dkt. 717; Dkt. 1016, June 10, 2019 Hr'g Tr. 14:10-16:12.

The Order states that it applies this June 10, 2019 ruling to Cox Automotive. *See* Order at 2-3. However, the argument that the Court adopted in the June 10, 2019 ruling and subsequently applied to Cox Automotive – listing zero as the number of current recipients for email lists did not comply with the parties' agreement – was never made in a motion compel against Cox Automotive by CDK (or anyone else). Cox Automotive thus has never had a chance to respond to this argument for the 51 email lists at issue. Where, as here, the Court "ma[kes] a decision outside the adversarial issues presented to the Court by the parties," reconsideration is appropriate. *See Del Monte Fresh Produce*, 616 F. Supp. 2d at 830-31 (granting motion for reconsideration where the court had granted relief based on an argument made for the first time in a reply brief to which the opposing party did not have an opportunity to respond); *United States v. Caputo*, 2004 WL 5576653, at *1 (N.D. Ill. July 19, 2004) (same); *Douglas Press, Inc. v. Tabco Inc.*, 2003 WL 1395073, at *1-2 (N.D. Ill. Mar. 19, 2003) (granting motion for reconsideration where the court mistakenly granted relief on grounds that "[n]either party had previously argued").

Indeed, Cox Automotive is differently situated than CDK and would have advanced different arguments if given the opportunity. In Cox Automotive's case most, if not all, of the 51 emails were sent to distribution lists that were "confined to those individuals within the sphere of corporate privilege." *Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007). For example, three of the email lists were for Cox Automotive's in-house legal departments – individuals decidedly within the sphere of privilege. *See* Dkt. 587-10 (three email addresses with "legal" in the name). In light of the showing that Cox Automotive would have made, it would have been error for the Court to order production of the documents without *in camera* review. *See Am. Nat'l Bank & Tr. Co. of Chi. v. Equitable Life Assurance Soc'y of U.S.*, 406 F.3d 867, 880 & n.7 (7th Cir. 2005) ("District courts should be highly reluctant to order disclosure without conducting an *in camera* review of allegedly privileged materials.") (citing cases; internal quotation marks omitted).

To the extent CDK contends that it did make the argument adopted by the Court in the June 10, 2019 ruling, that would be incorrect. In its reply brief, CDK argued that, if the Court granted the Dealership Class Plaintiffs' motion, it should apply the same relief to Cox Automotive. *See* Dkt. 587 at 14. But arguments made for the first time in a reply brief are waived because parties do not have an opportunity to respond to them. *See Del Monte Fresh Produce*, 616 F. Supp. 2d at 831 (citing cases). Similarly, CDK's subsequent request at oral argument that the Court apply the same relief to other parties fails. *See* Dkt. 1016, June 10, 2019 Hr'g Tr. 24:6-18. Upon CDK making that request, the Court refused because CDK had never made such a motion, *see id.* at 24:19-25 ("I'm not going to do that because I don't have that in front of me."), but indicated that *if* CDK did bring such a motion, "that would be my same ruling," *id.* CDK thus knew that it needed to file a motion to compel on this issue if it wanted relief – and actually stated that it would.

*See* Ex. A at 2, M. Provance Email To E. McKenna (July 11, 2019) ("If Plaintiffs are not inclined to withdraw their motion, then Defendants will – as we stated at the hearing – move to compel all Plaintiffs to produce any documents withheld under an assertion of privilege that are similarly situated to those documents subject to Plaintiffs' challenges."). But CDK never filed that motion, and any such motion would be a breach of the settlement agreement that CDK and Cox Automotive reached while these disputes were pending (as would any effort by CDK to continue pursuing compelled production of documents that it never moved to compel prior to the settlement).

**B.    In The Alternative, The Court Should Reconsider Its Order To Hold That Cox Automotive Needs To Produce Only 32 Emails Sent To Non-Active Email Lists**

If this Court does not reconsider the Order in its entirety as to Cox Automotive, it should limit the Order's application to the 32 of the 51 emails that were sent to defunct email lists for which Cox Automotive stated that the number of current members was zero. Cox Automotive submits that the Court's intent in the Order was to apply its June 10, 2019 ruling against CDK in an equal fashion to Cox Automotive. As set forth below, equal application of the June 10, 2019 ruling to Cox Automotive would require Cox Automotive to produce only 32 of the 51 emails. Cox Automotive respectfully submits that this Court's statement that Cox Automotive must produce all 51 documents was based on a misunderstanding of how the June 10, 2019 ruling applied to Cox Automotive, and should be reconsidered. *See Bank of Waunakee*, 906 F.2d at 1191 (reconsideration appropriate for "an error not of reasoning but of apprehension").

As explained above, the June 10, 2019 ruling compelled CDK to produce emails sent to four defunct email lists for which CDK stated that the number of current members was zero. Cox Automotive identified 14 email lists that were defunct and had zero members; only 32 of the 51 emails were sent to those email lists. *See* Dkt. 587-10. Accordingly, applying this Court's June 10, 2019 ruling to Cox Automotive would require Cox Automotive to produce only those 32

emails. Indeed, after the June 10, 2019 ruling, CDK sent Cox Automotive an email listing those 32 emails as the communications that CDK asserted Cox Automotive should produce if the June 10, 2019 ruling was applied to Cox Automotive in a future motion to compel. *See* Ex. A at 1, M. Provance Email to D. Dorris (July 19, 2019). Accordingly, this Court should reconsider the Order to hold that Cox Automotive needs to produce only the 32 emails sent to defunct email lists.

## II. The Court Should Clarify Or Reconsider Its Order To Hold That It Rejects Only AutoLoop's Invocation Of Attorney-Client Privilege

**A.** This Court should clarify that the Order addresses only AutoLoop's assertions of attorney-client privilege and not the distinct work-product privilege, and thus that AutoLoop has no present obligation to produce documents because AutoLoop has asserted work-product privilege for those documents. The Order identifies the "issue" as whether "AutoLoop waived the attorney-client privilege for 137 documents/communications because they were shared with third parties." Order at 1. The Order then discusses the standards for the attorney-client privilege and for waiver of that privilege, but does not discuss the distinct standards for work-product privilege and for waiver of that privilege. *See id.* at 4. Further, the bulk of the Court's analysis was "incorporated by reference" from the June 8, 2020 Order (Dkt. 1011) that addressed similar issues with respect to Authenticom, and this Court has previously clarified that the June 8, 2020 Order addressed only the attorney-client privilege and not the work-product privilege. *See* Dkt. 1026 (minute entry granting motion that the Court "clarify that the [June 8, 2020] Order did not resolve any of Authenticom's assertions of work-product privilege," Dkt. 1022 at 6). Finally, in its examination of the sample of documents submitted *in camera*, the Court addressed only whether the documents were covered by the attorney-client privilege. *See* Dkt. 1027 at 4-5 ("[A] review

of the documents at issue, frankly, confirms that many of [the] communications are not otherwise protected by the attorney-client privilege.").[1]

Although the Order only addresses the attorney-client privilege, the final sentence of the Order states that "AutoLoop is ordered to produce to CDK the communications at issue." Order at 6. AutoLoop submits that this statement was inadvertent, because AutoLoop also asserted the work-product protection (which the Court did not address) as to each of the documents at issue. *See* Dkt. 573, AutoLoop and Cox Opp. at 1, 5, 7-9, 12 (arguing work-product privilege); Dkts. 544-6 and 547 (privilege logs). Accordingly, AutoLoop respectfully requests that the Court clarify, as it did under similar circumstances with Authenticom, that its Order did not intend to compel production of any documents for which AutoLoop has also asserted the work-product protection. *See* Dkt. 1026 (granting Dkt. 1022).[2]

**B.** If this Court determines that the Order requires production of documents for which AutoLoop asserted work-product privilege, AutoLoop requests that the Court reconsider that ruling. AutoLoop respectfully submits that this Court may not have appreciated that AutoLoop had asserted work-product privilege for the documents at issue. It would be appropriate for this Court to modify its Order given that the Court did not consider those assertions of work-product

---

[1] Notably, the Court stated that the documents were not covered by the attorney-client privilege where a "lawyer . . . is asking the third-party advisor/consultant to offer its independent assistance, assessment, and opinion separate and apart from the legal advice being provided by counsel." Dkt. 1027 at 5-6. But such requests for assistance by attorneys – even when made to third parties – may be covered by the work-product privilege. *See City of Lakeland Employees Pension Plan v. Baxter Int'l Inc.*, 2013 WL 2151509, at *2 (N.D. Ill. May 16, 2013) (documents prepared by third-party consultants); *Grochocinksi v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 329 (N.D. Ill. 2008) (documents prepared by third party and its attorneys).

[2] Nonetheless, given the Court's comments in its Order regarding the documents reviewed *in camera*, AutoLoop has re-reviewed the documents over which it asserted privilege and will be producing additional documents.

- 8 -

- 9 -

privilege in its Order. *See* Dkt. 933 (March 20, 2020 Order granting CDK's motion to clarify and reconsider under similar circumstances).

## CONCLUSION

This Court should (1) reconsider its Order requiring Cox Automotive to produce the 51 emails, and (2) clarify or reconsider its Order as to AutoLoop to hold that the Order rejects only AutoLoop's invocation of attorney-client privilege but does not require production of documents for which AutoLoop asserted the work-product privilege.

Dated: July 13, 2020                                  Respectfully submitted,

                                                      */s/ Derek T. Ho*
                                                      Derek T. Ho
                                                      **KELLOGG, HANSEN, TODD,**
                                                        **FIGEL & FREDERICK, P.L.L.C.**
                                                      1615 M Street, NW, Suite 400
                                                      Washington, D.C. 20036
                                                      (202) 326-7900
                                                      dho@kellogghansen.com

                                                      *Counsel for Cox Automotive, Inc.,*
                                                      *Autotrader.com, Inc., Dealer Dot Com,*
                                                      *Inc., Dealertrack, Inc., HomeNet, Inc.,*
                                                      *Kelley Blue Book Co., Inc., vAuto, Inc.,*
                                                      *VinSolutions, Inc., Xtime, Inc., and*
                                                      *Loop, LLC d/b/a AutoLoop*

**CERTIFICATE OF SERVICE**

        I, Derek T. Ho, an attorney, hereby certify that on July 13, 2020 I caused a true and correct copy of the foregoing **AUTOLOOP AND COX AUTOMOTIVE'S MOTION TO CLARIFY AND RECONSIDER JUNE 29, 2020 ORDER (DKT. 1027)** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

        */s/ Derek T. Ho*
        Derek T. Ho
        **KELLOGG, HANSEN, TODD,**
         **FIGEL & FREDERICK, P.L.L.C.**
        1615 M Street, NW, Suite 400
        Washington, D.C. 20036
        (202) 326-7900
        dho@kellogghansen.com