**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* <br><br> *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-CV-2521 (N.D. Ill.) | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**CDK GLOBAL, LLC'S RESPONSE TO PLAINTIFF AUTOLOOP'S RULE 56.1 STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CDK GLOBAL, LLC'S COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 56 and Northern District of Illinois Local Rule 56.1(b), CDK Global, LLC ("CDK") submits this response to Plaintiff AutoLoop's Rule 56.1 Statement In Support of Its Motion for Summary Judgment On CDK Global, LLC's Counterclaim (Dkt. 950, "SOF").

## PRELIMINARY STATEMENT

For the reader's convenience, CDK has organized its responses to AutoLoop's SOF by employing the headings used in AutoLoop's filing. In doing so, CDK does not admit that the headings are accurate or appropriate for any purpose in this matter and, to the extent that any heading can be read to contain factual allegations, denies each and every one of them unless expressly indicated otherwise. To the extent that CDK indicates that any fact asserted by AutoLoop is undisputed, it is solely for purposes of AutoLoop's motion for summary judgment on CDK's counterclaim and not for any other purpose in this MDL. *See, e.g.*, *Brown v. Navarro*, 2012 WL 3987427, at *3 (N.D. Ill. Sept. 11, 2012).

## RESPONSE TO AUTOLOOP'S STATEMENT OF FACTS[1]

### I. The Parties

1. Plaintiff Loop, LLC d/b/a AutoLoop is a limited liability company with its headquarters and principal place of business at 33 N. Garden Avenue, Clearwater, Florida 33755. *See* Answer ¶ 30, Dkt. 514. AutoLoop was acquired by another automotive software vendor, Affinitiv, Inc., on September 3, 2019. *See* Press Release, https://www.affinitiv.com/2019/09/04/affinitiv-and-autoloop-complete-merger/. Loop, LLC remains a distinct limited liability company, incorporated under Florida law.

**RESPONSE:** Disputed in part. Undisputed that before its merger with Affinitiv, Inc., AutoLoop was a limited liability company with an office at the address listed in this SOF. Also

[1] In this filing, "Defs. JSUF Ex." refers to an Exhibit to the Declaration of Daniel T. Fenske, May 20, 2020 (Dkt. 975). "Defs. Add'l Ex." refers to an Exhibit to the Declaration of Daniel T. Fenske, July 28, 2020, filed concurrently. "AutoLoop Ex." refers to an Exhibit to the Declaration of Daniel V. Dorris In Support Of Plaintiff AutoLoop's Motion for Summary Judgment on CDK Global, LLC's Counterclaim (Dkt. 950-01).

undisputed that according to the cited press release, AutoLoop merged with Affinitiv, Inc., and announced that merger on September 3, 2019. Disputed that "Loop, LLC remains a distinct limited liability company" under Florida law, as AutoLoop has provided no evidence to support this claim.

2. AutoLoop is a software vendor that provides software to assist automobile retail dealerships with inventory management, customer relationship management ("CRM"), and managing their service and repair departments. *See* Ex. 1, PI Hr'g Tr. 2-A-56:7-11.

**RESPONSE:** Undisputed.

3. Defendant CDK Global, LLC's corporate headquarters and principal place of business is at 1950 Hassell Road, Hoffman Estates, Illinois 60169. *See* Answer ¶ 31, Dkt. 514.

**RESPONSE:** Undisputed.

4. CDK provides dealer management system ("DMS") software. *See* Answer ¶ 31, Dkt. 514.

**RESPONSE:** Undisputed.

5. [REDACTED] *See* Ex. 10, Israel Report ¶ 68 ([REDACTED]); Ex. 16, at CDK-0244310 ([REDACTED]); Ex. 6, Whitworth 2/8/19 Tr. 310:7-17 ([REDACTED]); Ex. 9, Whitworth 4/26/19 Tr. 562:7-563:14 (same).

**RESPONSE:** Disputed in part. [REDACTED] AutoLoop Ex. 6, Whitworth 2/8/19 Tr. 310:7-17. [REDACTED]



[redacted] AutoLoop Ex. 9, Whitworth 4/26/19 Tr. 563:4-14.

6. [redacted] *See* Ex. 10, Israel Report ¶ 68 ([redacted]); Ex. 12, REYMDL00017999 ([redacted]); Ex. 16, at CDK-0244310 ([redacted]); Ex. 6, Whitworth 2/8/19 Tr. 310:7-17 ([redacted]); Ex. 5, Lamb Tr. 180:13-17 ([redacted]); Ex. 17, PX675 at REYMDL00199542 (same).

**RESPONSE:** Disputed in part. [redacted] AutoLoop Ex. 6, Whitworth 2/8/19 Tr. 310:7-17. [redacted] *See* AutoLoop Ex. 5, Lamb Tr. 180:3-17 ([redacted]); AutoLoop Ex. 17, PX675 at REYMDL00199542 (same).

## II. Data Integration To CDK's DMS

7. AutoLoop's software needs access to data stored on dealers' dealer management systems ("DMS") in order to function properly. For example, AutoLoop's CRM software needs access to the dealer's customer records that are stored on the DMS, while its service and repair software needs access to customer records and information about upcoming service and repair orders. *See* Ex. 1, PI Hr'g Tr. 2-A-56:12-20.

**RESPONSE:** Disputed in part. Undisputed that AutoLoop applications use the data elements identified in this SOF and that these and other data elements are maintained in a DMS.

[redacted] *See* Defs. JSUF (Dkt. 974) ¶¶ 5, 22.

8. Historically, AutoLoop used the services of a data integrator, Superior Integrated Solutions, Inc. ("SIS"), to obtain access to data stored on CDK's and Reynolds's DMS. *See* Ex. 1, PI Hr'g Tr. 2-A-56:21 to 57:5; Ex. 4, Rodeghero 12/11/18 Tr. at 117:19-21. [redacted] *See* Ex. 4, Rodeghero 12/11/18 Tr. 129:17-130:18.

**RESPONSE:** Disputed in part. Undisputed that AutoLoop used the services of Superior Integrated Solutions ("SIS") to obtain access to the CDK and Reynolds DMS. [redacted] *See* Defs. Add'l Ex. 356, DX 370 (AL_MDL_0009186) ([redacted]); Defs. Add'l Ex. 361, DX 1192 (AL_MDL_0042959) ([redacted]).

9. [redacted]. Ex. 4, Rodeghero 12/11/18 Tr. 192:20-193:5; *see* Ex. 2, Petruzzelli Tr. 160:7-16 ([redacted]); *id.* at 175:11-176:14 ([redacted]); Ex. 13, DX122 at AL_MDL_0041051 ([redacted]).

**RESPONSE:** Disputed. [redacted] *See, e.g.*, AutoLoop Ex. 4, Rodeghero Tr. 191:18-193:4 (emphasis added). [redacted]



[redacted] Defs. Add'l Ex. 362, DX 199 (AL_MDL_0045819). [redacted] Defs. Add'l Ex. 565, Petruzzelli Tr. 172:10-12; Defs. Add'l Ex. 543, AutoLoop 30(b)(6) (Rodeghero) Tr. 40:6-41:7, 54:5-55:8.

10. On January 12, 2016, AutoLoop entered into a Managed Interface Agreement ("MIA") with CDK to obtain access to data stored on CDK's DMS through 3PA. *See* Ex. 14, DX200.

**RESPONSE:** Undisputed that CDK entered into a Managed Interface Agreement ("MIA") with AutoLoop on or about January 12, 2016 and that the [redacted] AutoLoop Ex. 14, DX 200 (AutoLoop_FTC_0003476) (Managed Interface Agreement); Defs. Add'l Ex. 442, AutoLoop_FTC_0003721 (Statement of Work).

11. Under the initial terms of the MIA, AutoLoop paid CDK up to [redacted] per month per dealer for 3PA. *See* Ex. 11, at AL_MDL_0006252; Ex. 1, PI Hr'g Tr. 2-A-61:13-15.

**RESPONSE:** Disputed. [redacted] *See* Defs. Add'l Ex. 442, AutoLoop_FTC_0003721 at -740.

12. The monthly 3PA fees exceeded the monthly price that AutoLoop would have charged dealers for some of AutoLoop's products. *See* Ex. 1, PI Hr'g Tr. 2-A-66:20 to 67:18 ("I have scheduling products and other products that cost well under the integration fees, and so from the standpoint of trying to sell a product to a dealership and you have to tell them, 'I have a $500 product, and the integration is $600 or $700,' they look at you and they're like, 'Well, why am I going to buy that product from you? That's crazy.'").

**RESPONSE:** Disputed. In the cited testimony, the AutoLoop employee does not specify whether he is purporting to describe 3PA fees or the fees that AutoLoop is charged under the Reynolds Certified Integration ("RCI") program. *See* AutoLoop Ex. 1, 2-A-66:20-21. [redacted] *See* Defs. Add'l Ex. 360, AL_MDL_0033099 ([redacted]). [redacted] *Id.*

13. AutoLoop did not believe that the 3PA program provided any additional value beyond SIS's data integration service. *See* Ex. 1, PI Hr'g Tr. 2-A-57:10-19, 63:3-17.

**RESPONSE:** Disputed. [redacted]

14. In 2015, AutoLoop stopped using SIS because of "notice from SIS that they would no longer be continuing to support integration for SIS," which had followed "block[ing] by Reynolds and Reynolds" preventing SIS from "extract[ing] the data on a day-to-day basis." Ex. 1, PI Hr'g Tr. 2-A-57:21 to 58:6.

**RESPONSE:** Disputed. In the cited testimony from 2017, for example, the AutoLoop witness states that "we actually use SIS currently." AutoLoop Ex. 1, 2-A-57:1-2.

15. Reynolds has charged AutoLoop data access fees of more than $700 per dealer per rooftop for the Reynolds Certified Interface ("RCI"). *See* Ex. 1, PI Hr'g Tr. 2-A-59:2-5.



**RESPONSE:** Disputed. [redacted] JSUF Ex. 225, REYMDL00037507, at 33-34 ([redacted]); Defs. Add'l Ex. 511, REYMDL01076538, at 60-62 ([redacted]). In the cited testimony, the witness was asked to state the price that AutoLoop would pay for RCI integration if a dealer purchased the "full suite" of AutoLoop applications, requiring multiple, distinct RCI integration packages. AutoLoop Ex. 1, 2-A-59:2-5.

### III. Inventory Data Feeds From vAuto

16. [redacted] *See* Ex. 7, Rodeghero 4/11/19 Tr. 127:23-25, 135:5-15; Ex. 8, Green Tr. 122:2-16.

**RESPONSE:** [redacted]. *See* AutoLoop Ex. 7, AutoLoop 30(b)(6) (Rodeghero) Tr. 134:16-136:1. To the extent this SOF implies that AutoLoop has not received inventory data from vAuto for additional CDK dealers either before or after April 2019, it is unsupported by the cited record evidence.

17. vAuto is an application sold by Cox Automotive to dealers that [redacted] Ex. 8, Green Tr. 102:21-103:15.

**RESPONSE:** Undisputed that vAuto is an application sold by Cox Automotive that offers vehicle inventory analytics.

18. [redacted] *See* Ex. 7, Rodeghero 4/11/19 Tr. 228:7¬229:4; Ex. 8, Green Tr. 130:2-9, 132:3-133:1 ([redacted]); Ex. 3, Jezek Tr. 311:3-6.

**RESPONSE:** Disputed in part. [redacted] The remaining statements in this SOF are unsupported by the cited record evidence, and CDK therefore disputes them. [redacted] *See* AutoLoop Ex. 8, Cox 30(b)(6) (Green) Tr. 130:2-9, 132:3-133:1. [redacted] AutoLoop Ex. 8, Cox 30(b)(6) (Green) Tr. 132:18-24.

19. [redacted]. *See* Ex. 8, Green. Tr. 115:22-118:10, 122:2-16; Ex. 3, Jezek Tr. 22:1-14, 50:2-14 ([redacted]), 111:2-25 ("[redacted]").

**RESPONSE:** Disputed in part. [redacted] *See* AutoLoop Ex. 8, Cox 30(b)(6) (Green) Tr. 116:16-118:10; 121:20-122:6; 123:13-124:19. Also undisputed that automotive dealerships "publicly market for sale" certain of their inventory, which is distinct from whether the data syndicated by vAuto is publicly available. To the extent this SOF is intended to imply the latter, it is unsupported by any of the cited evidence, and CDK therefore disputes it.

20. [redacted] Ex. 7, Rodeghero 4/11/19 Tr. 128:1-129:1 ("[redacted]"). [redacted]

[redacted] *See* Ex. 8, Green Tr. 117:7-118:1, 119:8-120:6, 122:23-123:11; Ex. 7, Rodeghero 4/11/19 Tr. 128:1-130:11.

**RESPONSE:** Undisputed that [redacted] *See* AutoLoop Ex. 8, Cox 30(b)(6) (Green) Tr. 116:16-118:10; 121:20-123:11. Also undisputed that this has been done in some cases at the request of dealers.

21. [redacted] *See* Ex. 7, Rodeghero 4/11/19 Tr. 134:23-136:12 (testifying AutoLoop has "[redacted]"), 136:10-12 ("[redacted]").

**RESPONSE:** Disputed in part. [redacted] AutoLoop Ex. 7, AutoLoop 30(b)(6) (Rodeghero) Tr. 135:5-136:12; Defs. Add'l Ex. 365, (AL_MDL_0083074) ([redacted]); *see also* Dkt. 951 (AutoLoop Memorandum in Support of Motion for Summary Judgment) at 9 ([redacted]). [redacted] *See* Resp. AutoLoop SOF ¶ 16, *supra*.

Dated: July 28, 2020

Respectfully submitted,

/s/ *Britt M. Miller*

Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant and Counter-Plaintiff CDK Global, LLC*

**CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on July 28, 2020, I caused a true and correct copy of the foregoing **CDK GLOBAL, LLC'S RESPONSE TO PLAINTIFF AUTOLOOP'S RULE 56.1 STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CDK GLOBAL, LLC'S COUNTERCLAIM** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com