PUBLIC VERSION

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | |
| | Hon. Robert M. Dow, Jr. |
| THE DEALERSHIP PUTATIVE CLASS ACTION | Magistrate Judge Jeffrey T. Gilbert |

**CDK GLOBAL, LLC'S RESPONSES TO DEALERSHIP COUNTER-DEFENDANTS'
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT ON CDK'S COUNTERCLAIMS</u>**

**PUBLIC VERSION**

## TABLE OF ABBREVIATIONS

| Abbr. | Reference | Docket Number |
|---|---|---|
| Dealer Ex. | Exhibits to the Declaration of Peggy J. Wedgworth, May 20, 2020 | Dkt. 968-1 |
| Defs. Add'l Ex. | Exhibits to the Declaration of Daniel T. Fenske, July 28, 2020 | Filed concurrently |
| Defs. JSOAF | Defendants CDK Global, LLC's and The Reynolds & Reynolds Company's Statement of Additional Material Facts In Opposition to MDL Plaintiffs' Motions for Summary Judgment on Defendants' Counterclaims, July 28, 2020 | Filed concurrently |
| Defs. JSUF | Defendants CDK Global, LLC and The Reynolds and Reynolds Company's Joint Statement of Common Undisputed Material Facts in Support of their Motion for Summary Judgment Exhibits, May 20, 2020 | Dkt. 974 |
| Defs. JSUF Ex. | Exhibits to the Declaration of Daniel T. Fenske, May 20, 2020 | Dkt. 975 |
| RSUF | The Reynolds and Reynolds Company's Statement of Undisputed Material Facts in Support of Its Motion to Partial Summary Judgment, October 15, 2019 | Dkt. 779 *et seq.* |

Pursuant to Local Rule 56.1(b)(3), Counter-Plaintiff CDK Global, LLC ("CDK") submits

this response to Dealership Counter-Defendants' Local Rule 56.1(a) Statement. *See* Dkt. 968.[1]

1.     Counterclaim-Plaintiff CDK Global LLC ("CDK") is a publicly traded Delaware corporation with its corporate headquarters and principal place of business located at 1950 Hassell Road, Hoffman Estates, Illinois. CDK provides DMS software and services to automobile dealerships throughout the United States, including in Illinois, and has more than $2 billion in annual revenue. CDK's Answer and Affirmative and Additional Defenses to the Dealership Consolidated Class Action Complaint and CDK Global, LLC's Counterclaims, ECF No. 522 ("Counterclaims") ¶ 4. In 2014, CDK was spun off from the dealer services business of ADP, LLC ("ADP"), and is now an independent, publicly traded company. *Id.*; Ex. H, Deposition of Steve Anenen (CDK Chief Executive Officer) ("Anenen Tr.") (Apr. 10, 2019) at 202:21-203:8. (As used herein, "CDK" includes the business unit of ADP formerly known as ADP Dealer Services).

**RESPONSE:** Undisputed.

2.     The Dealership Counter-Defendants are automotive dealerships and are organized and domiciled as follows:

      a.     Dealership Counter-Defendant ACA Motors, Inc., d/b/a Continental Acura, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 2275 Aurora Avenue, Naperville, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 7.

      b.     Dealership Counter-Defendant Baystate Ford Inc. is a corporation organized and existing under the laws of the state of Massachusetts with its principal place of business located at 703 Washington Street, South Easton, Massachusetts, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 16.

      c.     Dealership Counter-Defendant Cherry Hill Jaguar is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business located at 2000 Route 70 East, Cherry Hill, New

---

[1] "Dealership Counter-Defendants" are: ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; and NV Autos, Inc., d/b/a Continental Audi (collectively, the "Continental Counter-Defendants"); Stevens Jersey City Ford; Jericho Turnpike Sales LLC, d/b/a Ford & Lincoln of Smithtown; Patchogue 112 Motors, LLC, d/b/a Stevens Ford (collectively, the "Stevens Counter-Defendants"); Cliff Harris Ford, LLC, d/b/a Warrensburg Ford; Marshall Chrysler Jeep Dodge, L.L.C. d/b/a Marshall Chrysler; and Warrensburg Chrysler Dodge Jeep, L.L.C. d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat (collectively, the "Warrensburg Counter-Defendants"); and Baystate Ford Inc.; Cherry Hill Jaguar; and Waconia Dodge, Inc.

Jersey, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 21.

d. Dealership Counter-Defendant Cliff Harris Ford, LLC, doing business as Warrensburg Ford, is a corporation organized and existing under the laws of the state of Missouri with its principal place of business located at 330 E. Young Street, Warrensburg, Missouri, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 17.

e. Dealership Counter-Defendant Continental Autos, Inc., d/b/a Continental Toyota, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 6701 South La Grange Road, Hodgkins, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 12.

f. Dealership Counter-Defendant Continental Classic Motors, Inc., d/b/a Continental Autosports, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 420 E. Ogden Avenue, Hinsdale, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 8.

g. Dealership Counter-Defendant 5800 Countryside, LLC, d/b/a Continental Mitsubishi, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 5800 South La Grange Road, Countryside, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 9.

h. Dealership Counter-Defendant HDA Motors, Inc., d/b/a Continental Honda, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 5901 South La Grange Road, Countryside, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 10.

i. Dealership Counter-Defendant H & H Continental Motors, Inc., d/b/a Continental Nissan, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 5750 South La Grange Road, Hodgkins, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 11.

j. Dealership Counter-Defendant JCF Autos LLC, d/b/a Stevens Jersey City Ford, is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business located at 740 Route 440, Jersey City, New Jersey, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 22.

k. Dealership Counter-Defendant Jericho Turnpike Sales LLC, d/b/a Ford & Lincoln of Smithtown, is a corporation organized and existing under the laws of the state of New York with its principal place of business located at

440 Jericho Turnpike, Smithtown, New York, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 23.

l. Dealership Counter-Defendant Marshall Chrysler Jeep Dodge, L.L.C., d/b/a Marshall Chrysler Jeep Dodge Ram, is a corporation organized and existing under the laws of the state of Missouri with its principal place of business located at 1450 W. Arrow Street, Marshall, Missouri, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 18.

m. Dealership Counter-Defendant Naperville Zoom Cars, Inc., d/b/a Continental Mazda, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 2363 Aurora Avenue, Naperville, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 13.

n. Dealership Counter-Defendant NV Autos, Inc., d/b/a Continental Audi, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 1527 Aurora Avenue, Naperville, Illinois, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 14.

o. Dealership Counter-Defendant Patchogue 112 Motors LLC, d/b/a Stevens Ford, is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 507 Route 112, Patchogue, New York, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 24.

p. Dealership Counter-Defendant Waconia Dodge, Inc. is a corporation organized and existing under the laws of the state of Minnesota with its principal place of business located at 905 Strong Drive, Waconia, Minnesota, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 26.

q. Dealership Counter-Defendant Warrensburg Chrysler Dodge Jeep, L.L.C., d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat, is a corporation organized and existing under the laws of the state of Missouri with its principal place of business located at 329 E. Young Street, Warrensburg, Missouri, and is engaged in the business of purchasing and selling automobiles. Counterclaims ¶ 19.

**RESPONSE:** Undisputed.

3.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and venue is proper in this District pursuant to 28 U.S.C. § 1391. Counterclaims ¶¶ 27, 28, 30.

**RESPONSE:** Disputed in part. Undisputed that (i) this Court has subject matter jurisdiction over all of CDK's counterclaims against the Dealer Counter-Defendants pursuant to 28 U.S.C. § 1331; and (ii) venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). However, to the extent that this Fact implies that this Court lacks subject matter jurisdiction over CDK's state law claims for breach of contract, this Fact is disputed. This Court has subject matter jurisdiction over CDK's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over Dealership Counter-Defendants because many of the Dealership Counter-Defendants are located and do business in the District in which this action was filed. Counterclaims ¶ 29.

**RESPONSE:** Undisputed that this Court has personal jurisdiction over Dealership Counter-Defendants.

5.      Each of the Dealership Counter-Defendants entered into a "Master Service Agreement" ("MSA") with CDK. Counterclaims ¶¶ 43, 48; Ex. QQQ, BAYSTATE0011689 to 703; Ex. RRR, CHERRY_HILL0001072 to 087; Ex. RR, CLIFF_HARRIS0001923 to 937; Ex. A, CONTINENTAL0056450 to 552 (DX 528); Ex. SSS, STEVENS0001710 to 724; Ex. TTT, WACONIA0002436 to 2451.

**RESPONSE:** Undisputed that the Dealership Counter-Defendants entered into MSAs with CDK and that the Exhibits cited in this Fact contain the terms of those MSAs material to this motion.

6.      Each of the MSAs between CDK and the Dealership Counter-Defendants contains a provision reflecting the parties' choice of law, stating "[t]his agreement shall be governed in all respects by the laws of the State of Illinois, without giving effect to principles of conflicts of law." Ex. A, CONTINENTAL0056450 to 552 (DX 528) (Master Services Agreement between CDK and Continental Honda, dated Oct. 31, 2017) at § 18(I).

**RESPONSE:** Disputed in part.

***Warrensburg  Counter-Defendants***:
        *See* Dealer Ex. RR § 17(I).

***Continental Counter-Defendants***:
        *See* Dealer Ex. QQ § 17(I).
*See* Dealer Ex. A § 18(I) (at CONTINENTAL0056540-41).

*Stevens Counter-Defendants*:
*See* Dealer Ex. SSS § 17(I).

*Baystate Ford, Inc.*:
*See* Dealer Ex. QQQ § 17(I).

*Cherry Hill Jaguar*:
*See* Dealer Ex. RRR, § 18(I).

*Waconia Dodge, Inc.*: ███████████████████████████
*See* Dealer Ex. TTT, § 18(I).

7.     Despite CDK's assertions that it would quantify damages through expert opinion testimony, CDK has not submitted any quantification of actual financial losses which it suffered as a result of an alleged breach of contract by any of the Dealership Counter Defendants. Ex. D, Dealership Counter-Defendants' First Set of Interrogatories Regarding CDK's Counterclaims, dated Mar. 8, 2019 ("Interrogatories") (Interrogatory No. 11 requested identification, for each Dealership Counter-Defendant, of "all 'losses, expenses and other damages' that CDK allegedly suffered as a result of each Dealership Counter-Defendant's alleged . . . breaches of contract [and CDK's other counterclaims against Dealership Counter-Defendants], including the date, and amount of each such loss, expense and other damage."); Ex. E, CDK's Response to Dealership Counter-Defendants' First Set of Interrogatories, dated Jul. 3, 2019 ████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. B, Feb. 28, 2020 letter from Dealership Interim Lead Class Counsel Peggy J. Wedgworth to CDK counsel Britt M. Miller (inquiring whether CDK would voluntarily dismiss its First Counterclaim based on its failure to calculate any actual damages); Ex. C, Mar. 4, 2020 letter from Britt M. Miller to Peggy J. Wedgworth (CDK is only seeking "declaratory and injunctive relief . . . and/or nominal damages").

**RESPONSE:** Undisputed that CDK has not disclosed an expert quantification of pecuniary damages it has suffered as a result of Dealer Counter-Defendants' breaches of contract.

8.     ████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ Ex. I, Deposition of Howard Gardner (CDK Vice President for Data Services, with responsibility for CDK's 3PA Program) ("Gardner Tr.") (Mar.

7, 2019) at 523:18-524:17 ███████████████████████████████
████████████████████ Ex. J, (PX 977) (list of named dealership plaintiffs).

**RESPONSE:** Unsupported and disputed.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████

9.    CDK has previously disabled user IDs which, it alleges, were improperly provided by various Dealership Counter-Defendants to Authenticom and other persons. Counterclaims ¶¶ 104-08, 112, 115-18, 121-22, 125, 128-31.

**RESPONSE:** Undisputed that CDK has disabled certain user IDs that Dealer Counter-

Defendants have provided for use by Authenticom and other third parties.

10.    Dealership Counter-Defendant Baystate Ford, Inc., is not currently providing login credentials to independent data integrators. Ex. K, Dealer Data Exchange ("DDX") Non-Authorized Access Report from Dealership Counter-Defendant Baystate Ford Inc., dated Mar. 5, 2020.

**RESPONSE:** Unsupported and disputed.

PUBLIC VERSION

This Fact is unsupported by the cited material, which purports to be a copy of a CDK Dealer

Data Exchange ("DDX") Non-Authorized Access Report. A blank Non-Authorized Access Report

does not indicate that a dealer is not providing login credentials to unauthorized third-parties. It

indicates that CDK has not detected access by suspected unauthorized third-parties on a given

server. *See* Defs. Add'l Ex. 456, CDK-0751594 at -596 ████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████ (emphasis added)).

11.     Dealership Counter-Defendants ACA Motors, Inc., d/b/a Continental Acura is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's

Response to Dealer Fact 10.

12.     Dealership Counter-Defendant Continental Autos, Inc., d/b/a Continental Toyota is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

13.     Dealership Counter-Defendant Continental Classic Motors, Inc., d/b/a Continental Autosports is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

14.     Dealership Counter-Defendant 5800 Countryside, LLC, d/b/a Continental Mitsubishi is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

15.     Dealership Counter-Defendant HDA Motors, Inc., d/b/a Continental Honda; Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

PUBLIC VERSION

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

16.     Dealership Counter-Defendant H & H Continental Motors, Inc., d/b/a Continental Nissan is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

17.     Dealership Counter-Defendant Naperville Zoom Cars, Inc., d/b/a Continental Mazda is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

18.     Dealership Counter-Defendant NV Autos, Inc., d/b/a Continental Audi. is not currently providing login credentials to independent data integrators. Ex. L, DDX Non-Authorized Access Report from ACA Motors, Inc., d/b/a Continental Acura; Continental Autos, Inc., d/b/a Continental Toyota; Continental Classic Motors, Inc., d/b/a Continental Autosports; 5800 Countryside, LLC, d/b/a Continental Mitsubishi; HDA Motors, Inc., d/b/a Continental Honda; H & H Continental Motors, Inc., d/b/a Continental Nissan; Naperville Zoom Cars, Inc., d/b/a Continental Mazda; NV Autos, Inc., d/b/a Continental Audi, dated May 14, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's

Response to Dealer Fact 10.

19.     Dealership Counter-Defendant JCF Autos LLC, d/b/a Stevens Jersey City Ford is not currently providing login credentials to independent data integrators. Ex. M, DDX Non-Authorized Access Report from JCF Autos LLC, d/b/a Stevens Jersey City Ford; Jericho Turnpike Sales LLC, d/b/a Ford & Lincoln of Smithtown; Patchogue 112 Motors, LLC, d/b/a Stevens Ford, dated Mar. 12, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's

Response to Dealer Fact 10.

20.     Dealership Counter-Defendant Jericho Turnpike Sales LLC, d/b/a Ford & Lincoln of Smithtown is not currently providing login credentials to independent data integrators. Ex. M, DDX Non-Authorized Access Report from JCF Autos LLC, d/b/a Stevens Jersey City Ford; Jericho Turnpike Sales LLC, d/b/a Ford & Lincoln of Smithtown; Patchogue 112 Motors, LLC, d/b/a Stevens Ford, dated Mar. 12, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's

Response to Dealer Fact 10.

21.     Dealership Counter-Defendant Patchogue 112 Motors, LLC, d/b/a Stevens Ford is not currently providing login credentials to independent data integrators. Ex. M, DDX Non-Authorized Access Report from JCF Autos LLC, d/b/a Stevens Jersey City Ford; Jericho Turnpike Sales LLC, d/b/a Ford & Lincoln of Smithtown; Patchogue 112 Motors, LLC, d/b/a Stevens Ford, dated Mar. 12, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's

Response to Dealer Fact 10.

22.     Dealership Counter-Defendant Waconia Dodge, Inc, is not currently providing login credentials to independent data integrators. Ex. N, DDX Non-Authorized Access Report from Waconia Dodge, Inc., dated Mar. 9, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's

Response to Dealer Fact 10.

23.     Dealership Counter-Defendant Cliff Harris Ford, LLC, d/b/a Warrensburg Ford. is not currently providing login credentials to independent data integrators. Ex. O, DDX Non-Authorized Access Report from Cliff Harris Ford, LLC, d/b/a Warrensburg Ford; Marshall Chrysler Jeep Dodge, L.L.C., d/b/a Marshall Chrysler Jeep Dodge Ram; Warrensburg Chrysler Dodge Jeep, L.L.C., d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat, dated Mar. 3, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-

Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer

**PUBLIC VERSION**

is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

24.     Dealership Counter-Defendant Marshall Chrysler Jeep Dodge, L.L.C., d/b/a Marshall Chrysler Jeep Dodge Ram, is not currently providing login credentials to independent data integrators. Ex. O, DDX Non-Authorized Access Report from Cliff Harris Ford, LLC, d/b/a Warrensburg Ford; Marshall Chrysler Jeep Dodge, L.L.C., d/b/a Marshall Chrysler Jeep Dodge Ram; Warrensburg Chrysler Dodge Jeep, L.L.C., d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat, dated Mar. 3, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

25.     Dealership Counter-Defendant Warrensburg Chrysler Dodge Jeep, L.L.C., d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat, is not currently providing login credentials to independent data integrators. Ex. O, DDX Non-Authorized Access Report from Cliff Harris Ford, LLC, d/b/a Warrensburg Ford; Marshall Chrysler Jeep Dodge, L.L.C., d/b/a Marshall Chrysler Jeep Dodge Ram; Warrensburg Chrysler Dodge Jeep, L.L.C., d/b/a Warrensburg Chrysler Dodge Jeep Ram Fiat, dated Mar. 3, 2020.

**RESPONSE:** Unsupported and disputed.

This Fact is unsupported by the cited material, which purports to be a copy of a DDX Non-Authorized Access Report. A blank Non-Authorized Access Report does not indicate that a dealer is not providing login credentials to unauthorized third-parties, for the reason set forth in CDK's Response to Dealer Fact 10.

26.     CDK alleges that at least since 1994, its MSA has contained provisions that prohibit dealers from issuing login credentials to independent data integrators. Counterclaims ¶¶ 44-50. The MSA provisions relied on by CDK have contained substantially the same language since 1994. Ex. H, Anenen Tr. at 259:16-260:23 ████████████████████████████
████████████

**RESPONSE:** Undisputed that since the 1990s, CDK's standard DMS contract, known as the Master Services Agreement, has "bar[red] dealers from granting access to third parties,"

including what Dealership Counter-Defendants refer to as "independent data integrators." *See* Defs. JSUF 67 (citing Defs. JSUF Ex. 99, Auth. SOF [Auth. Dkt. 63] ¶ 152; *see also* Defs. JSUF Ex. 170, CDK-2045637 (9/27/2017 MSA) §§ 4(D) ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Defs. JSUF

Ex. 40, PX 1204 (CDK-0000115) (7/1/1994 MSA); Defs. JSUF Ex. 41, PX 1205 (CDK-0000123) (8/5/2008 MSA); Defs. JSUF Ex. 42, PX 1206 (CDK-0000131) (7/1/2010 MSA); Defs. JSUF Ex. 135, CDK-0000146 (7/1/2011 MSA); Defs. JSUF Ex. 136, CDK-0000161 (9/8/2014 MSA); Defs. JSUF Ex. 64, PX 987 (CDK-0000176) (7/1/2015 MSA)).

27.     Currently there are 847 applications certified in CDK's 3PA/Global Partner Program. Ex. P, List of Global Partner Program applications, CDK Website (last visited May 18, 2020).

**RESPONSE:** Undisputed that Dealer Exhibit P lists 846 applications certified in CDK's 3PA/Global Partner Program.

28.     ████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

**RESPONSE:** Unsupported and disputed in part.

The record shows that CDK's position evolved over time to make clear that dealers do not have the right to enable third-party data integrators to access the DMS:

- 





- [REDACTED]

This Fact is also unsupported by the cited document. [REDACTED]

[REDACTED]

29.    Throughout 2006, CDK issued public statements in support of dealer-permissioned access. Ex. UUU, CDK-3121097 to 099 at CDK-3121098 [REDACTED]

**PUBLIC VERSION**

███████████████████████████████████████████████████████
███████████████████████████████████████████████████

**RESPONSE:** Unsupported and disputed in part.

It is undisputed that the quoted language appears in Dealer Exhibit U, an email from one ADP employee, Mike Sailor, in November 2006. It is unsupported and disputed that (a) CDK took this position publicly, ██████████████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████

To the extent this Fact implies that CDK's position in 2006 regarding dealers' right to use third-party data extractors to access the DMS remains its position today, this Fact is unsupported and disputed for the reasons stated in response to Fact 28 above.

30.     CDK continued to issue public statements in support of dealer-permissioned access in 2007. Ex. W, CDK-0012649 to 652 at CDK-0012652 (PX 1038) ███████████████████
███████████████████████████████████████████████████████



**RESPONSE:** Unsupported and disputed in part.

Moreover, consistent with Defs. JSUF 22, CDK does not restrict dealers from accessing their own DMS data, nor does CDK prohibit dealers from using third-party data extractors, or providing DMS data to them, so long as the dealer does not enable the third-party data extractor to access the DMS in violation of the dealer's MSA.

31. Ex. AA, Deposition of Michael D. Whinston (CDK economics expert) ("Whinston Tr.") (Jan. 10, 2020) at 172:11-173:1, 182:22-183:9, 213:19-22, 223:17-224:4, 244:2-10, 245:14-22.
Ex. UU, Expert Report of Michael D. Whinston, Ph.D., dated Nov. 15, 2019

**PUBLIC VERSION**

**RESPONSE:** Unsupported and disputed.

█████████████████████████████████████████████████████████

█████████████████████████████████

32.     From 2007 to 2015, CDK still did not enforce provisions in its MSA that supposedly prohibit dealers from issuing DMS login credentials to third parties. Ex. DD, CDK-3118702 to 711 at CDK-3118709 ████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████

**RESPONSE:** Unsupported and disputed.

Substantial record evidence shows that beginning in 2010 CDK believed hostile integration posed substantial security risks. *See* CDK's Response to Fact 28 above. ███████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

PUBLIC VERSION

This Fact is also unsupported by the cited exhibits, ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

**RESPONSE:** Unsupported and disputed.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████

**RESPONSE:** Disputed in part.

Undisputed that CDK acquired Digital Motorworks, Inc. ("DMI") in 2002 and later acquired IntegraLink (as part of a broader acquisition of the Cobalt Group) in 2010. It is further undisputed that DMI and IntegraLink (which are now known collectively as "CDK Data Services, Inc.") have offered a variety of data services, such as obtaining certain data from CDK and non-CDK DMS platforms, including Reynolds's DMS, which are then aggregated, cleansed, normalized, and enhanced to distribute to public and private franchised automotive retail groups, OEMs, websites, and other automotive industry participants ("Managed Data Services"). Defs. JSUF Ex. 102, Gardner Decl. ¶ 76. ████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████

35. █████████████████████████████████████████
████████████████████████████████████████████████
████████████████████

**RESPONSE:** ██████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████

██  ██  █████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████

**RESPONSE:** Unsupported and disputed.

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████

37. ███████████████████████████████████████ Ex. I, Gardner
Tr. at 374:2-10; 406:19-410:8.

**RESPONSE:** Unsupported and disputed in part.

█████████████████████████████████████████████████

█████████████████████████████████████████████████

**PUBLIC VERSION**

38.     Several states have recently enacted statutes prohibiting DMS providers (like CDK) from interfering with dealers' efforts to grant access to their data by third parties through the issuance of login credentials. Ex. Q, H.R. 2418, 54th Leg., 1st Reg. Sess. (Ariz. 2019) (unanimously passed by the Arizona legislature); Ex. R, H.R. 3152, 80th Leg . Assemb., Reg. Sess. (Or. 2019); Ex. S, H.R. 617, 66th Leg., Reg. Sess. (Mont. 2019); Ex. T, H.R. 384, Gen. Assemb. Reg. Sess. (N.C. 2019).

**RESPONSE:** Unsupported and disputed.

Undisputed that the cited Arizona, Oregon, Montana, and North Carolina statutes state that DMS providers must provide a means of access for dealer-designated third parties. *See* Dealer Ex. Q at § 28-4653(A)(3)(b); Dealer Ex. R at § 2(3); Dealer Ex. S at § 2(b)(ii); Dealer Ex. T at § 7 (pp. 10-11). None of those statutes expressly requires DMS providers to allow dealers to share login credentials. All of those statutes permit reasonable restrictions on a third party's access to dealer data contained in a DMS and all purport to require a third party to comply with security standards. Further, none of those statutes has been conclusively interpreted by a court, and CDK believes that many provisions within those statutes are unconstitutional. CDK has challenged the Arizona statute in pending litigation. *See CDK Global, LLC et al. v. Brnovich, et al.*, No. 2:19-cv-04849 (D. Ariz.).

39.     Each of the dealerships identified by CDK in its counterclaims as the "Warrensburg" and "Continental" Counter-Defendants are paying licensees of CDK's DMS software. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**RESPONSE:** Undisputed that each of the Warrensburg and Continental Dealer Counter-Defendants is a paying licensee of CDK's DMS software.

40.     ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████

**RESPONSE:** ██████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████ Dealer Ex. A,

at -528, § 4(A); Dealer Ex. RR, § 4(A); Dealer Ex. SS, § 4(A); Dealer Ex. TT, § 4(A). This Fact

is vague because the Dealership Counter-Defendants do not define the term

    41. ████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████

**RESPONSE:** ██████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████ *See* Dealer Ex. DDD, Stroz Rpt., App. C ¶¶ 2 n.1, 39 n.33.

    42. ████████████████████████████████████████
██████████████████████████████ Ex. DDD, Stroz Report ¶ C26; Ex. EEE, Stroz

Tr. at 241:12-242:8.

**RESPONSE:** ██████████████████████████████████████████

██████████████████████████████████████████████████████

**PUBLIC VERSION**

██████████████████████████████████████████

████████████ *See* Dealer Ex. DDD, Stroz Rpt., App. C ¶¶ 2 n.1, 39 n.33.

43.      CDK implemented its access controls (*i.e.*, CAPTCHA prompts and disabling of certain user accounts) in order to block data integrators' ability to extract data from dealers' DMSs – under the guise of enhancing DMS security. Ex. ZZ, CDK-2470059 to 060 ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

**RESPONSE:** Unsupported and disputed.

████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████

44.      ███████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████
██████████████████████████

**RESPONSE:** Unsupported and disputed.

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████ Dealer Ex. DDD, Stroz Rpt. ¶ 19
(emphasis added). █████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ Defs. JSOAF 53-
54; *see also* Defs. JSUF 20-21.

45. ███████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████

**RESPONSE:** Unsupported in part.

████████████████████████████

████████████████████████████

████████████████████████████

██████████████████████████ *ee* Defs. Add'l Ex. 465, CDK-

2843675, CDK-2843676; Defs. Add'l Ex. 547, LaGreca 30(b)(6) (CDK) Tr. 79:17-80:2 & errata;

Defs. Add'l Ex. 578, ███████

████████████████████████████

███████████████████

46.   ████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
██████

**RESPONSE:** Disputed.

As shown in Dealer Exhibit AAA, ████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████

PUBLIC VERSION

███████████████████████████████

████████

████████████████████████████████████████

████████████

████████

████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████

Defs. Add'l Ex. 549, Johnson 30(b)(6) (Continental) Tr. 377:21-378:23 (objections omitted).

47. ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████ Ex. GGG, M. Johnson Tr. at 375:22-376:11.

**RESPONSE:** Disputed in part.

Undisputed that Mr. Johnson testified as quoted in Dealer SUF 47. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ *See* Response to Fact 46 *supra*.

48. ████████████████████████████████
████████████████████████████████████████
████████████████████████ Ex. GGG, M. Johnson Tr. at 372:9-374:14,
375:12-20.

**RESPONSE:** Disputed in part.

Undisputed that Mr. Johnson testified as quoted in Dealer SUF 48. ████████████

████████████████████████████████████████

35

████████████████████████████████████████████████████████████████

███████████████████ *See* Response to Fact 46 *supra*.

49. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████ Ex. GGG, M. Johnson Tr. at 237:14-238:6.

**RESPONSE:** Disputed in part.

Undisputed that Mr. Johnson testified as quoted in Dealer SUF 49. Disputed to the extent

this Fact implies that Continental or Mr. Johnson did not know, or were not willfully blind to the

fact that, Authenticom was using or likely planned to use automated means to circumvent CDK's

CAPCHA prompt. *See* Response to Fact 46 *supra*.

50. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████

**RESPONSE:** Disputed in part.

Undisputed that the cited exhibit contains the language Dealer Counter-Defendants quote

in Fact 50. Disputed to the extent this Fact ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████ *See* Dealer Ex. AAA.

51.     There is no evidence that CDK ever notified any of the Continental Counter-Defendants that automated means were being used to circumvent CDK's CAPTCHA prompt; CDK sent no cease-and-desist letters, or any other communications notifying any of the Continental Counter-Defendants that CDK's CAPTCHA prompt was being improperly circumvented.

**RESPONSE:** Disputed in part.

Undisputed that CDK did not inform the Continental Counter-Defendants that Authenticom was circumventing CDK's CAPTCHA prompt through automated means. Disputed to the extent this Fact implies that the Continental Counter-Defendants did not know about, or at least were not willfully blind to, Authenticom's circumvention of CDK's CAPTCHA prompt. *See* Response to Fact 46 *supra*.

[REDACTED]

52.     [REDACTED]

**RESPONSE:** Undisputed.

[REDACTED] Ex. EEE, Stroz Tr. at 244:22-246:2.

**RESPONSE:** Undisputed.

54. [REDACTED]

**RESPONSE:** Disputed.

[REDACTED]

55. [REDACTED]

PUBLIC VERSION

**RESPONSE:** Unsupported and disputed in part.

56. 

**RESPONSE:** Disputed.

57.

**RESPONSE:** Disputed.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████  █████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████

58.    ████████████████████████████████████████

████████████████████████████████████████████████

**RESPONSE:**  ████████████████████████████████████

███████████████████████████████████████████████

59.    In late 2016, Authenticom developed the "Profile Manager" computer program (or "script"). ███████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████  6.

**RESPONSE:**  ████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████.

**PUBLIC VERSION**



60. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████

      **RESPONSE:** Disputed in part.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ Defs. Add'l Ex. 453, CDK-0051718, ████████

████████████████████████████████████████████

████████████████ Defs. Add'l Ex. 411, AUTH_00207474; Defs. Add'l Ex. 471, CDK-2975202.

61. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ Ex. DDD, Stroz Rpt. ¶ C36.

      **RESPONSE:** Undisputed.

62. ████████████████████████████████████████
████████████████████████████████ Ex. DDD, Stroz Report ¶ C37.

      **RESPONSE:** Disputed in part.

63. ███████████████████████████████████

**RESPONSE:** Disputed.

**PUBLIC VERSION**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

64. ███████████████████████████████████████████████████
████████████████████████████████████████████████████████.
DDD, Stroz Report ¶ C36.

**RESPONSE:** ██████████████████████████████████████████

████████████████████████████████████

65.

Ex. DDD, Stroz Report

Ex. HHH, Tenaglia Report

Ex. F, Rubinfeld Report

**RESPONSE:** Disputed.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**PUBLIC VERSION**

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████efs. JSOAF 100-103.

Dated: July 28, 2020                              Respectfully submitted,

                                                 /s/ *Britt M. Miller*
                                                 Britt M. Miller
                                                 Michael A. Scodro
                                                 Daniel T. Fenske
                                                 Matthew D. Provance
                                                 Jed W. Glickstein
                                                 MAYER BROWN LLP
                                                 71 South Wacker Drive
                                                 Chicago, IL 60606
                                                 (312) 782-0600
                                                 bmiller@mayerbrown.com
                                                 mscodro@mayerbrown.com
                                                 dfenske@ mayerbrown.com
                                                 mprovance@mayerbrown.com
                                                 jglickstein@mayerbrown.com

                                                 Mark W. Ryan
                                                 MAYER BROWN LLP
                                                 1999 K Street NW
                                                 Washington, DC 20006
                                                 (202) 263-3000
                                                 mryan@mayerbrown.com

                                                 *Counsel for Defendant*
                                                 *CDK Global, LLC*

**PUBLIC VERSION**

<u>**CERTIFICATE OF SERVICE**</u>

I, Britt M. Miller, an attorney, hereby certify that on July 28, 2020, I caused a true and correct copy of the foregoing **CDK GLOBAL, LLC'S RESPONSES TO DEALERSHIP COUNTER-DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON CDK'S COUNTERCLAIMS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com