# EXHIBIT 458

1723051

## UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:  Joseph J. Simons, Chairman
Noah Joshua Phillips
Rohit Chopra
Rebecca Kelly Slaughter
Christine S. Wilson

| | |
|---|---|
| In the Matter of<br><br>LIGHTYEAR DEALER TECHNOLOGIES, LLC, a limited liability company,<br>   d/b/a DEALERBUILT. | DECISION AND ORDER<br><br>DOCKET NO. C-4687 |

## DECISION

The Federal Trade Commission ("Commission") initiated an investigation of certain acts and practices of the Respondent named in the caption. The Commission's Bureau of Consumer Protection ("BCP") prepared and furnished to Respondent a draft Complaint. BCP proposed to present the draft Complaint to the Commission for its consideration. If issued by the Commission, the draft Complaint would charge the Respondent with violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and the Federal Trade Commission's Standards for Safeguarding Customer Information Rule ("Safeguards Rule"), 16 C.F.R. Part 314, issued pursuant to Title I of the Gramm-Leach-Bliley ("GLB") Act, 15 U.S.C. § 6801 *et seq*.

Respondent and BCP thereafter executed an Agreement Containing Consent Order ("Consent Agreement"). The Consent Agreement includes: 1) statements by Respondent that it neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Decision and Order, and that only for purposes of this action, it admits the facts necessary to establish jurisdiction; and 2) waivers and other provisions as required by the Commission's Rules.

The Commission considered the matter and determined that it had reason to believe that Respondent has violated the Federal Trade Commission Act, and that a Complaint should issue stating its charges in that respect. The Commission accepted the executed Consent Agreement and placed it on the public record for a period of 30 days for the receipt and consideration of public comments. The Commission duly considered any comments received from interested

persons pursuant to Section 2.34 of its Rules, 16 C.F.R. § 2.34. Now, in further conformity with the procedure prescribed in Rule 2.34, the Commission issues its Complaint, makes the following Findings, and issues the following Order:

### Findings

1. The Respondent is LightYear Dealer Technologies, LLC, a Missouri limited liability company, also doing business as DealerBuilt, with its principal office or place of business at 2570 4th Street, SW, Suite A, Mason City, Iowa 50401.

2. The Commission has jurisdiction over the subject matter of this proceeding and over Respondent, and the proceeding is in the public interest.

### ORDER

### Definitions

For purposes of this Order, the following definitions apply:

1. "Covered Incident" means any instance in which any United States federal, state, or local law or regulation requires Respondent to notify any U.S. federal, state, or local government entity that information collected or received, directly or indirectly, by Respondent from or about an individual consumer was, or is reasonably believed to have been, accessed or acquired without authorization.

2. "Personal Information" means individually identifiable information from or about an individual consumer, including: (a) a first and last name; (b) a home or other physical address; (c) an email address; (d) a telephone number; (e) a Social Security number; (f) a driver's license or other government issued identification number; (g) a financial account number; (h) credit or debit card information; (i) a date of birth; and (j) a license plate, vehicle identification number, or key code.

3. "Respondent" means LightYear Dealer Technologies, LLC, a limited liability company, also doing business as DealerBuilt, and its successors and assigns.

### Provisions

### I. Mandated Information Security Program

**IT IS ORDERED** that Respondent, and any business that Respondent controls directly, or indirectly, shall not transfer, sell, share, collect, maintain, or store Personal Information unless it establishes and implements, and thereafter maintains, a comprehensive information security program ("Information Security Program") that protects the security, confidentiality, and

integrity of such Personal Information. To satisfy this requirement, Respondent must, at a minimum:

A. Document in writing the content, implementation, and maintenance of the Information Security Program;

B. Provide the written program and any evaluations thereof or updates thereto to Respondent's board of directors or governing body or, if no such board or equivalent governing body exists, to a senior officer of Respondent responsible for Respondent's Information Security Program at least once every twelve (12) months and promptly after a Covered Incident;

C. Designate a qualified employee or employees to coordinate and be responsible for the Information Security Program;

D. Assess and document, at least once every twelve (12) months and promptly following a Covered Incident, internal and external risks to the security, confidentiality, or integrity of Personal Information that could result in the unauthorized disclosure, misuse, loss, theft, alteration, destruction, or other compromise of such information;

E. Design, implement, maintain, and document safeguards that control for the internal and external risks Respondent identifies to the security, confidentiality, or integrity of Personal Information identified in response to sub-Provision I.D. Such safeguards shall also include:

   1. Training of all of Respondent's employees, at least once every twelve (12) months, on how to safeguard Personal Information;

   2. Technical measures to monitor all of Respondent's networks and all systems and assets within those networks to identify data security events, including unauthorized attempts to exfiltrate Personal Information from those networks;

   3. Data access controls for all databases storing Personal Information, including by, at a minimum, (a) restricting inbound connections to approved IP addresses, (b) requiring authentication to access them, and (c) limiting employee access to what is needed to perform that employee's job function;

   4. Encryption of all Social Security numbers and financial account information on Respondent's computer networks; and

   5. Policies and procedures to ensure that all devices on Respondent's network with access to Personal Information are securely installed and inventoried at least once every twelve (12) months.

F.  Assess, at least once every twelve (12) months and promptly following a Covered Incident, the sufficiency of any safeguards in place to address the risks to the security, confidentiality, or integrity of Personal Information, and modify the Information Security Program based on the results.

G.  Test and monitor the effectiveness of the safeguards at least once every twelve (12) months and promptly following a Covered Incident, and modify the Information Security Program based on the results. Such testing shall include vulnerability testing of Respondent's network once every four months and promptly after a Covered Incident, and penetration testing of Respondent's network at least once every twelve (12) months and promptly after a Covered Incident;

H.  Select and retain service providers capable of safeguarding Personal Information they access through or receive from Respondent, and contractually require service providers to implement and maintain safeguards for Personal Information; and

I.  Evaluate and adjust the Information Security Program in light of any changes to Respondent's operations or business arrangements, a Covered Incident, or any other circumstances that Respondent knows or has reason to know may have an impact on the effectiveness of the Information Security Program. At a minimum, Respondent must evaluate the Information Security Program at least once every twelve (12) months and modify the Information Security Program based on the results.

## II.     Information Security Assessments by a Third Party

**IT IS FURTHER ORDERED** that, in connection with compliance with Provision I of this Order titled Mandated Information Security Program, Respondent must obtain initial and biennial assessments ("Assessments"):

A.  The Assessments must be obtained from a qualified, objective, independent third-party professional ("Assessor"), who: (1) uses procedures and standards generally accepted in the profession; (2) conducts an independent review of the Information Security Program; and (3) retains all documents relevant to each Assessment for five (5) years after completion of such Assessment and will provide such documents to the Commission within ten (10) days of receipt of a written request from a representative of the Commission. No documents may be withheld on the basis of a claim of confidentiality, proprietary or trade secrets, work product protection, attorney client privilege, statutory exemption, or any similar claim.

B.  For each Assessment, Respondent shall provide the Associate Director for Enforcement for the Bureau of Consumer Protection at the Federal Trade Commission with the name

  and affiliation of the person selected to conduct the Assessment, which the Associate Director shall have the authority to approve in his sole discretion.

C. The reporting period for the Assessments must cover: (1) the first 180 days after the issuance date of the Order for the initial Assessment; and (2) each 2-year period thereafter for twenty (20) years after issuance of the Order for the biennial Assessments.

D. Each Assessment must: (1) determine whether Respondent has implemented and maintained the Information Security Program required by Provision I of this Order, titled Mandated Information Security Program; (2) assess the effectiveness of Respondent's implementation and maintenance of sub-Provisions I.A-I; (3) identify any gaps or weaknesses in the Information Security Program; and (4) identify specific evidence (including, but not limited to, documents reviewed, sampling and testing performed, and interviews conducted) examined to make such determinations, assessments, and identifications, and explain why the evidence that the Assessor examined is sufficient to justify the Assessor's findings. No finding of any Assessment shall rely solely on assertions or attestations by Respondent's management. The Assessment shall be signed by the Assessor and shall state that the Assessor conducted an independent review of the Information Security Program, and did not rely solely on assertions or attestations by Respondent's management.

E. Each Assessment must be completed within sixty (60) days after the end of the reporting period to which the Assessment applies. Unless otherwise directed by a Commission representative in writing, Respondent must submit the initial Assessment to the Commission within ten (10) days after the Assessment has been completed via email to DEbrief@ftc.gov or by overnight courier (not the U.S. Postal Service) to Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin, "In re LightYear Dealer Technologies, LLC, d/b/a DealerBuilt, FTC File No. 172 3051." All subsequent biennial Assessments shall be retained by Respondent until the order is terminated and provided to the Associate Director for Enforcement within ten (10) days of request.

### III. Cooperation with Third Party Information Security Assessor

**IT IS FURTHER ORDERED** that Respondent, whether acting directly or indirectly, in connection with any Assessment required by Provision II of this Order titled Information Security Assessments by a Third Party, must disclose all material facts to the Assessor, and must not misrepresent in any manner, expressly or by implication, any fact material to the Assessor's: (1) determination of whether Respondent has implemented and maintained the Information Security Program required by Provision I of this Order, titled Mandated Information Security Program; (2) assessment of the effectiveness of the implementation and maintenance of sub-

Provisions I.A-I; or (3) identification of any gaps or weaknesses in the Information Security Program.

## IV. Annual Certification

**IT IS FURTHER ORDERED** that, in connection with compliance with Provision I of this Order titled Mandated Information Security Program, Respondent shall:

A. One year after the issuance date of this Order, and each year thereafter, provide the Commission with a certification from a senior corporate manager, or, if no such senior corporate manager exists, a senior officer of Respondent responsible for Respondent's Information Security Program that: (1) Respondent has established, implemented, and maintained the requirements of this Order; (2) Respondent is not aware of any material noncompliance that has not been (a) corrected or (b) disclosed to the Commission; and (3) includes a brief description of a Covered Incident. The certification must be based on the personal knowledge of the senior corporate manager, senior officer, or subject matter experts upon whom the senior corporate manager or senior officer reasonably relies in making the certification.

B. Unless otherwise directed by a Commission representative in writing, submit all annual certifications to the Commission pursuant to this Order via email to DEbrief@ftc.gov or by overnight courier (not the U.S. Postal Service) to Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin, "In re LightYear Dealer Technologies, LLC, d/b/a DealerBuilt, FTC File No. 172 3051."

## V. Covered Incident Reports

**IT IS FURTHER ORDERED** that Respondent, within a reasonable time after the date of Respondent's discovery of a Covered Incident, but in any event no later than ten (10) days after the date Respondent first notifies any U.S. federal, state, or local government entity of the Covered Incident, must submit a report to the Commission. The report must include, to the extent possible:

A. The date, estimated date, or estimated date range when the Covered Incident occurred;

B. A description of the facts relating to the Covered Incident, including the causes and scope of the Covered Incident, if known;

C. A description of each type of information that triggered the notification obligation to the U.S. federal, state, or local government entity;

D. The number of consumers whose information triggered the notification obligation to the U.S. federal, state, or local government entity;

    E. The acts that Respondent has taken to date to remediate the Covered Incident and protect Personal Information from further exposure or access, and protect affected individuals from identity theft or other harm that may result from the Covered Incident; and

    F. A representative copy of each materially different notice required by U.S. federal, state, or local law or regulation and sent by Respondent to consumers or to any U.S. federal, state, or local government entity.

Unless otherwise directed by a Commission representative in writing, all Covered Incident reports to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin, "In re LightYear Dealer Technologies, LLC, d/b/a DealerBuilt, FTC File No. 172 3051."

## VI.    GLB Rule Violations

**IT IS FURTHER ORDERED** that Respondent, and Respondent's officers, agents, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any product or service, are hereby permanently restrained and enjoined from violating any provision of The Standards for Safeguarding Consumer Information Rule, 16 C.F.R. Part 314, appended hereto.

## VII.    Acknowledgments of the Order

**IT IS FURTHER ORDERED** that Respondent obtain acknowledgments of receipt of this Order:

    A. Respondent, within ten (10) days after the effective date of this Order, must submit to the Commission an acknowledgment of receipt of this Order.

    B. For twenty (20) years after the issuance date of this Order, Respondent must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives with responsibilities related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in Provision VIII of this Order titled Compliance Reports and Notices. Delivery must occur within ten (10) days after the effective date of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Respondent delivered a copy of this Order, Respondent must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## VIII.    Compliance Reports and Notices

**IT IS FURTHER ORDERED** that Respondent make timely submissions to the Commission:

A. One year after the issuance date of this Order, Respondent must submit a compliance report, sworn under penalty of perjury, in which Respondent must: (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission, may use to communicate with Respondent; (2) identify all of Respondent's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (4) describe in detail whether and how Respondent is in compliance with each Provision of this Order, including a discussion of all of the changes Respondent made to comply with the Order; and (5) provide a copy of each Acknowledgment of the Order obtained pursuant to this Order, unless previously submitted to the Commission.

B. Respondent must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following: (1) any designated point of contact; or (2) the structure of Respondent or any entity that Respondent has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Respondent must submit notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Respondent within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin, "In re LightYear Dealer Technologies, LLC, d/b/a DealerBuilt, FTC File No. 172 3051."

### IX. Recordkeeping

**IT IS FURTHER ORDERED** that Respondent must create certain records for twenty (20) years after the issuance date of the Order, and retain each such record for five (5) years. Specifically, Respondent must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Copies or records of all consumer complaints concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D. A copy of each widely disseminated representation by Respondent that describes the extent to which Respondent maintains or protects the privacy, confidentiality, security, or integrity of any Personal Information, including any representation concerning a change in any website or other service controlled by Respondent that relates to the privacy, confidentiality, security, or integrity of Personal Information;

E. For five (5) years after the date of preparation of each Assessment required by this Order, all materials and evidence that the Assessor considered, reviewed, relied upon or examined to prepare the Assessment, whether prepared by or on behalf of Respondents, including all plans, reports, studies, reviews, audits, audit trails, policies, training materials, and assessments, and any other materials concerning Respondents' compliance with related Provisions of this Order, for the compliance period covered by such Assessment; and

F. All records necessary to demonstrate full compliance with each Provision of this Order, including all submissions to the Commission.

### X. Compliance Monitoring

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Respondent's compliance with this Order:

A. Within ten (10) days of receipt of a written request from a representative of the Commission, Respondent must: submit additional compliance reports or other requested

Page **9** of **11**

information, which must be sworn under penalty of perjury, and produce records for inspection and copying.

B. For matters concerning this Order, representatives of the Commission are authorized to communicate directly with Respondent. Respondent must permit representatives of the Commission to interview anyone affiliated with Respondent who has agreed to such an interview. The interviewee may have counsel present.

C. The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Respondent or any individual or entity affiliated with Respondent, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI. Order Effective Dates

**IT IS FURTHER ORDERED** that this Order is final and effective upon the date of its publication on the Commission's website (ftc.gov) as a final order. This Order will terminate on September 3, 2039, or twenty (20) years from the most recent date that the United States or the Commission files a complaint (with or without an accompanying settlement) in federal court alleging any violation of this Order, whichever comes later; *provided, however*, that the filing of such a complaint will not affect the duration of:

A. Any Provision in this Order that terminates in less than twenty (20) years;

B. This Order's application to any Respondent that is not named as a defendant in such complaint; and

C. This Order if such complaint is filed after the Order has terminated pursuant to this Provision.

*Provided, further,* that if such complaint is dismissed or a federal court rules that the Respondent did not violate any Provision of the Order, and the dismissal or ruling is either not appealed or upheld on appeal, then the Order will terminate according to this Provision as though the complaint had never been filed, except that the Order will not terminate between the date such complaint is filed and the later of the deadline for appealing such dismissal or ruling and the date such dismissal or ruling is upheld on appeal.

By the Commission.

          April J. Tabor
          Acting Secretary

SEAL:

ISSUED: September 3, 2019