**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:*<br><br>ALL ACTIONS | Hon. Robert M. Dow, Jr.<br><br>Magistrate Judge Jeffrey T. Gilbert |

**CDK GLOBAL, LLC'S RESPONSE TO AUTOLOOP AND COX AUTOMOTIVE'S MOTION TO CLARIFY AND RECONSIDER JUNE 29, 2020 ORDER WITH REGARD TO DOCUMENTS WITHHELD BY COX AUTOMOTIVE**

Pursuant to the Court's July 15, 2020 Order (Dkt. 1053),[1] CDK submits this response to the motion filed by former Plaintiff Cox Automotive ("Cox") for reconsideration of the Court's June 30, 2020 ruling requiring Cox to produce 51 documents on its privilege log. *See* Dkt. 1027 at 2-3. CDK believes that 32 of the documents, identified in Exhibit A to Cox's motion, are clearly subject to the Court's ruling and should be produced without further delay. Summary judgment briefing is ongoing, with responsive briefs recently filed on July 28, 2020, and replies due in less than a month, on August 28, 2020. The withheld documents may well be relevant to those important motions. CDK respectfully defers to the Court as to whether its ruling is intended to apply to the remaining 19 documents. In making that determination, however, the Court should have the benefit of a clear and accurate record, which CDK provides below.

**I.    Cox Misstates The Record In Its Motion For Reconsideration.**

CDK strongly disagrees with Cox's characterizations of how this issue was presented to the Court and its recitation of the record. As noted in the Court's ruling, CDK's motion to compel argued that "Cox Automotive failed to identify or produce the current number of people on certain email distribution lists for 51 entries on its privilege log." Dkt. 1027 at 1; *see* Dkt. 544 (CDK Mot. to Compel) at 13-14. This deficiency in Cox's privilege log was fatal to its privilege claims because CDK was unable to ascertain to whom or how many people within or outside Cox these communications were shared. Moreover, Cox's refusal to provide information about its email distribution lists was doubly deficient because *all* parties in this litigation reached an express agreement to do so on a mutual basis. CDK Mot. to Compel at 13. Cox claimed that the global

---

[1] In accordance with the Court's Order, this response does not address Plaintiff Loop, LLC d/b/a AutoLoop's motion for reconsideration, for which the Court has ordered separate briefing.

agreement among all parties somehow did not apply to Cox, Dkt. 573 (Cox Opp. Br.) at 13, a position it still maintains today, Dkt. 1050 at 3. There was and is no merit to this contention.

After CDK filed its motion to compel, Cox identified the membership of 8 distribution lists via an email sent at 9:12 p.m. on the night before CDK's reply brief was due. *See* Mot. to Compel Ex. 23 (Dkt. 588-10).[2] While this last-minute tactic likely was intended to blunt CDK's argument, it also revealed a significant problem: some of the distribution lists that received purportedly privileged communications included a very large number of recipients—indeed, one distribution list had over *500* recipients. *See* Dkt. 587 (CDK Reply Br.) at 14. CDK's motion to compel did not argue that any of Cox's email distribution lists were so large that they negated Cox's privilege claims because Cox—up until the night before CDK filed its reply brief—refused to provide the information necessary for CDK to articulate that argument.

As to the remaining Cox distribution lists, which appear in 32 of the challenged privilege log entries, Cox said that the distribution lists were no longer in use and it had no information about the number or identity of recipients. CDK Reply Br. at 14. As the Court noted in its ruling, this was "the exact same issue" that the Dealership Class Plaintiffs raised in their motion to compel documents on CDK's privilege log that had been sent to email distribution lists that were no longer in service. Dkt. 1027 at 2. In its reply brief, CDK argued that if the Court was inclined to require CDK to produce emails sent to distribution lists no longer in service for which CDK was unable to identify the recipients, then Cox should be ordered to produce its communications sent to similar distribution lists. CDK Reply Br. at 14.

The Court ruled on the Dealership Class Plaintiffs' privilege log motion first. Two aspects of that ruling are relevant here. First, the Court sustained the Dealership Class Plaintiffs' challenge

---

[2] For the Court's convenience, Exhibit 23 to CDK's motion to compel is reattached hereto.

to entries on CDK's privilege log for communications sent to between 22 and 59 recipients. *See* Dkt. 569 (CDK Opp. Br.) at 5 n.4. The Court held that CDK had not met its burden to demonstrate "why all those people are within the privilege." 6/10/2019 Hr'g Tr. (Dkt. 1016) at 14-16. Second, the Court ruled that CDK had not demonstrated that communications with email distribution lists no longer in service were privileged, because "if you can't even identify who the email went to, then you're not going to be able to identify privilege." *Id.* CDK accepted the Court's ruling but reiterated its position that it be applied evenly to similar issues involving other parties in the case. *Id.* at 24 ("So we would ask, in fairness, if that's the way your Honor wants to rule, that you would order the plaintiffs to do the same thing."). In its subsequent ruling on this issue with respect to Cox's privilege log, that is exactly what the Court did. *See* Dkt. 1027 at 2-3.

## II. There Is No Basis To Reconsider The Court's Order Requiring Cox To Produce 32 Of The 51 Documents Involving Email Distribution Lists No Longer In Service.

Cox admits that 32 of the 51 documents subject to the Court's ruling were shared with email distribution lists that are no longer in service, for which Cox provided no information about the number or identity of recipients. Cox further admits that, as a result, the Court ruled that Cox failed to meet its burden to establish that the documents were privileged. However, Cox asserts that the Court should reconsider its ruling because CDK's motion to compel was based on Cox's refusal to provide *any* information about the membership of *any* email distribution lists on its privilege log, not a more specific challenge to email distribution lists that were no longer in service. Dkt. 1050 at 3-6. It is difficult to even take this argument seriously. The crux of CDK's motion was that Cox refused to disclose basic information about the relevant communications, which at a minimum would have been necessary for Cox to meet its burden to establish privilege. CDK Mot. to Compel at 14. Cox withheld any information about the status or composition of its email distribution lists until *after* CDK filed its motion to compel, only revealing that most of its

3

distribution lists were no longer in service on the night before CDK filed its reply brief. *See* Ex. 23. Any irregularity in how this issue was presented to the Court is a result of Cox's own belated disclosure. There are no grounds for reconsideration.

Cox claims that the Court's ruling as to email distribution lists no longer in service was based on an argument that CDK raised for the first time in its reply brief, namely, that the Court should rule consistently on the issue for all parties in the case. Cox asserts that this argument was "waived" because Cox never had a chance to respond to it. *See* Dkt. 1050 at 4-5. As discussed above, however, the reason that CDK raised this argument in its reply brief is that Cox did not reveal the fact that many of its email distribution lists were no longer in service until after CDK filed its motion to compel. Any prejudice that this might have caused Cox is squarely of its own making. First, it reneged on a global agreement between the parties and refused to provide any information about the membership of distribution lists on its privilege log during the meet-and-confer process. Then, after CDK filed a motion to compel based on Cox's refusal to do so, Cox changed course and provided the information the night before CDK's reply brief was due. For Cox to now argue that its own conduct prejudiced its ability to effectively brief the issues, somehow warranting reconsideration of the Court's ruling, is too clever by half.

What's more, Cox *did* submit a sur-reply brief on CDK's motion to compel, Dkt. 754, in which it argued that its subsequent settlement with CDK cut against granting the motion—an argument that the Court correctly rejected. Dkt. 1027 at 1-2. If Cox felt that the issues surrounding its email distribution lists had not been sufficiently briefed, that was its opportunity to supplement the record. Or, Cox could have sought leave to present additional argument about email distribution lists in a separate sur-reply brief. It never did so.

Cox next asserts that CDK needed to file a second, duplicative, motion to compel in order to put this issue before the Court. *See* Dkt. 1050 at 5-6. If the Court wanted further motions practice on this issue, it would have asked for it or indicated as much in its ruling. But the Court did not do that, an indication that the Court had all of the information it needed to decide the issue.

Finally, Cox asserts in its motion for reconsideration that if the issue had been teed up differently, it would have done more to show that its email distribution lists were "confined to those individuals within the sphere of corporate privilege." Dkt. 1050 at 5 (quoting *Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007)). Cox presents no evidence to support this claim. Moreover, in its opposition to CDK's motion to compel, Cox took the position that information about the membership or composition of its email distribution lists was "irrelevant for CDK's assessment of Cox Automotive's privilege claims." Cox Opp. Br. at 13. Cox bears the burden of establishing that these communications are privileged and had every opportunity to present any information it believed was relevant to the Court's evaluation of the issue. It had every opportunity to request *in camera* review of the documents if it believed that was appropriate. *Cf.* Dkt. 1050 at 5. It declined to do so. Cox cannot seek a "do over" now through a motion for reconsideration.

**III.    It Was Well Within The Court's Discretion To Order Cox To Produce The Remaining 19 Documents On Its Privilege Log Involving Active Email Distribution Lists.**

For the remaining 19 documents at issue that reflect communications with active Cox email distribution lists, Cox is correct that CDK did not argue in its motion to compel that these distribution lists were so numerous that they negated Cox's privilege claims. CDK did not make this argument because Cox had refused to disclose how many people were included on its distribution lists, despite CDK's repeated requests, making it quite literally impossible for CDK to raise the issue in its motion to compel. *See* CDK Mot. to Compel at 13-14. In its opposition brief, Cox provided no specific information about these distribution lists and made no attempt to show

5

how "all these people were within the privilege." *See* Dkt. 1027 at 3 (quoting 6/10/2019 Hr'g Tr. at 14-16). Instead, as noted above, Cox argued that the number or identity of recipients was "irrelevant." Cox Opp. Br. 13. When Cox finally disclosed this information on the night before CDK filed its reply brief, it showed that several distribution lists included over 20 members and one included over *500* members. CDK Reply Br. at 13-14; Ex. 23.

CDK respectfully defers to the Court as to whether its ruling was intended to apply to these 19 documents. However, CDK submits that it would be unfair, in any event, to allow Cox another opportunity to present additional evidence or argument now in an attempt to meet its burden to show that the documents are privileged. Cox had every opportunity to meet its burden in its response to CDK's motion to compel, and it declined to do so. Cox should not get a second chance to litigate these issues again through a motion to reconsider.

If the Court is inclined to require Cox to produce communications with some but not all of these email distribution lists, the following chart identifies documents withheld by Cox involving distribution lists that include roughly 20 or more members, which was the approximate cut-off for documents on CDK's privilege log involving "numerous recipients" that the Court ordered CDK to produce in its ruling on the Dealership Class Plaintiffs' privilege log motion.

| **Cox Email Distribution List** | **No. of Recipients** | **Purpose of Email List** | **Cox Privilege Log Entries** |
| --- | --- | --- | --- |
| retailsolutionsleadershipteam@coxautoinc.com | 19 | "Retail solutions group leadership team" | COX_MDL_P5229<br>COX_MDL_P5230<br>COX_MDL_P5273<br>COX_MDL_P5274<br>COX_MDL_P5233 |
| billing@xtime.com | 28 | "Xtime billing issues" | COX_MDL_P3736<br>COX_MDL_P3737<br>COX_MDL_P3738<br>COX_MDL_P3862<br>COX_MDL_P3863 |

6

| | | | COX_MDL_P3865<br>COX_MDL_P3866 |
|---|---|---|---|
| salesops@xtime.com | 31 | "Xtime sales operations" | COX_MDL_P4096 |
| cancelcontract@xtime.com | 43 | "Xtime contract cancellations" | COX_MDL_P4231 |
| NCSSGroup@Manheim.com | 522 | "National client sales support group" | COX_MDL_P2328 |

**IV. Conclusion**

For the foregoing reasons, Cox Automotive's motion for reconsideration should be denied.

Dated: July 30, 2020          Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant and Counter-Plaintiff CDK Global, LLC*

7

## **CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on July 30, 2020, I caused a true and correct copy of the foregoing **CDK GLOBAL, LLC'S RESPONSE TO AUTOLOOP AND COX AUTOMOTIVE'S MOTION TO CLARIFY AND RECONSIDER JUNE 29, 2020 ORDER WITH REGARD TO DOCUMENTS WITHHELD BY COX AUTOMOTIVE** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com