**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Cox Automotive, Inc., et al. v. CDK Global*, LLC, Case No. 1:18-cv-1058 (N.D. Ill.) | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**COX AUTOMOTIVE'S REPLY IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION OF THE JUNE 29, 2020 ORDER (DKT. 1027)**

**INTRODUCTION**

Cox Automotive, Inc. and its subsidiaries (collectively, "Cox Automotive") seeks reconsideration of this Court's June 29, 2020 Order (Dkt. 1027) ("Order") on two grounds – first, that the Court granted relief based on an argument never made against Cox Automotive and to which Cox Automotive has had no opportunity to respond; and second, that the Order incorrectly applied to Cox Automotive the Court's prior June 10, 2019 order (Dkt. 717). CDK does not contest either of these dispositive points. At bottom, CDK seeks to obtain privileged documents from Cox Automotive even though CDK never argued that the information that Cox Automotive did provide (in its privilege log and elsewhere) was insufficient to establish privilege, and without affording Cox Automotive any opportunity to respond to such arguments (that still have not been made). The motion for reconsideration should be granted.

**I.  The Court Should Reconsider The Order Because It Granted Relief Based On Arguments That Were Never Made**

CDK does not dispute that the only argument it made in its motion to compel was that Cox Automotive had not complied with an agreement to provide the current number of members of certain email lists; nor does CDK dispute that Cox Automotive subsequently provided that information. *See* Dkt. 1050, at 3 (citing Dkt. 544, at 13-14). In particular, CDK has *never* argued – even in its most recent filing – that the information actually provided by Cox Automotive in its privilege log (Dkt. 544-7) and elsewhere (Dkt. 544-11 and Dkt. 587-10) is insufficient to establish privilege. CDK also does not dispute that this Court's Order granted relief against Cox Automotive based on a *different* argument advanced by the Dealership Class Plaintiffs against CDK. *See id.* at 3-4. These facts are dispositive and require reconsideration of this Court's Order. *See Del Monte Fresh Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l, Inc.*, 616 F. Supp. 2d 805, 829

(N.D. Ill. 2009) (reconsideration appropriate where the court "mak[es] its decision outside the adversarial issues presented [to the Court] by the parties").

CDK's opposition raises a number of procedural complaints that have no merit and no bearing on whether to grant reconsideration.  CDK notes (at 1-2) that, prior to CDK's motion to compel, Cox Automotive had not identified the *current* number of recipients for certain email lists.  Cox Automotive, however, had provided to CDK the purpose of the email lists – which by itself made clear the nature of the recipients and communications – and noted that the *number of current members* of these email lists (in March 2019) was not relevant to whether the documents were privileged when the emails were sent years ago (generally 2014 to 2017).  *See* Dkt. 544-11.  Cox Automotive further explained that there was no waiver of privilege because the email lists were internal to Cox Automotive.  *See id.*  CDK initially took the same position with respect to its own privileged documents sent to email lists.  *See* Ex. 1, at 2, J. Michaels Letter to D. Nordin (Nov. 16, 2018); Ex. 2, at 5, J. Michaels Letter to D. Nordin (Jan. 7, 2019).  CDK subsequently offered as a compromise to provide "the number of current members of each group email address that is challenged in dealership plaintiffs' excel chart, along with a brief description of the current general purpose of the group," and counsel Dealership Class Plaintiffs (not Cox Automotive's counsel) implicitly agreed to that compromise.  Dkt. 587-7, at 3-4 (CDK offer); *id.* at 1 (implicit acceptance by counsel for Dealership Class Plaintiffs at Gustafson Gluek).  Although Cox Automotive did not believe it was part of that agreement, Cox Automotive subsequently provided the current number of recipients for the email lists to avoid a needless dispute.  CDK no longer takes issue with Cox Automotive's compliance with that agreement; nor could it because Cox Automotive provided the same type of information as CDK.  *Compare* Dkt. 546-10, at 8-9, J. Michaels Letter to D. Nordin (Feb. 8, 2019), *with* Dkt. 587-10, D. Dorris Email to J. Coleman (Mar. 21, 2019).

If CDK believed that the information provided by Cox Automotive gave CDK new grounds to challenge Cox Automotive's assertions of privilege, CDK could have moved to compel on that basis. Or if CDK believed that the timing of Cox Automotive's disclosure prejudiced CDK, CDK could have sought additional time to file its reply brief or leave to file a surreply.[1] CDK did neither. In its reply brief, CDK stated only that it was "evaluating whether to maintain its challenge" to one document. *See* Dkt. 587, at 14. CDK later requested that document from Cox Automotive but did not pursue the issue further after Cox Automotive refused. *See* Dkt. 1051. CDK also noted in its reply brief that the Dealership Class Plaintiffs had argued that CDK must produce documents for which CDK had been unable to identify the current number of recipients for email lists and requested that, if the Court granted that motion, that the same rules be applied to Cox Automotive. *See id.* This argument was waived because it was raised for the first time on reply. *See* Dkt. 1050, at 5. The argument also fails on the merits because CDK never attempted to address why the information that Cox Automotive had already provided – including the privilege log itself with a description of the documents, *see* Dkt. 544-7, and a description of the email lists, Dkt. 544-11 – was insufficient to establish privilege for the documents at issue. CDK had no basis to argue that the Court should "do the same for Cox," Dkt. 587, at 14, without addressing whether Cox Automotive had otherwise provided adequate justification for its assertions of privilege.

The Court made this clear at the June 10, 2019 hearing. When CDK requested that the Court "order the plaintiffs to do the same thing" – that is, "produce any communications involving now defunct distribution lists" – the Court stated that it was "not going to do that because I don't

---

[1] CDK wrongly asserts (at 2) that this "last-minute tactic likely was intended to blunt CDK's argument" because it revealed that some of the communications where shared with "a very large number of recipients." There was nothing to "blunt": CDK never pursued any argument based on the "very large number of recipients." This was also during height of fact discovery when this Court remarked: "[Y]ou guys are killing yourselves on deps." Dkt. 591, February 27, 2019 Hr'g Tr. 48:19-23.

- 3 -

have that in front of me." Dkt. 1016, June 10, 2019 Hr'g Tr. 24:13-25. The Court provided further guidance that it was inclined to apply the same ruling to other parties "unless there is some distinction that is actually meaningful," and directed CDK to file a motion if there was a dispute. *See id.* at 25:1-8. CDK was aware that it needed to file a motion and suggested that it might do so. *See* Dkt. 1051, at 2 (July 11, 2019: "If Plaintiffs are not inclined to withdraw their motion, then Defendants will – *as we stated at the hearing* – move to compel all Plaintiffs to produce any documents withheld under an assertion of privilege that are similarly situated to those documents subject to Plaintiffs' challenges.") (emphasis added). But CDK decided not to file that motion. And if CDK had filed that motion, Cox Automotive would have replied with "meaningful" distinctions between its assertions of privilege and CDK's assertions of privilege, including that Cox Automotive had already provided sufficient information to establish the privileged nature of the emails (in its privilege log and elsewhere); indeed, some of the email lists at issue are for Cox Automotive's in-house counsel and thus exist for the purpose of providing legal advice and others are to Cox Automotive's executive leadership teams. *See* Dkt. 1050, at 5-6; Dkt. 587-10.[2]

CDK's decision not to move to compel also belies its claim (at 1) that production of these documents is urgent. Despite having descriptions of the documents from Cox Automotive's privilege log, CDK does not attempt to explain how the withheld documents are sufficiently relevant to this litigation to excuse CDK's decision to never pursue their production, let alone to do so on an expedited basis. CDK's suggestion that Cox Automotive's documents are critical to its defense is also undercut by the fact that only 5 of the 687 summary judgment exhibits submitted

---

[2] CDK's contention (at 4) that Cox Automotive should have submitted additional information about its privilege assertions puts the cart before the horse. Cox Automotive had no reason to respond to arguments that CDK chose not to pursue after the Court directed CDK to file a motion about any dispute.

- 4 -

by Defendants are Cox Automotive documents – and even those do not concern the core conspiracy claims. *See* Dkt. 779-1; Dkt. 779-2; Dkt. 975; Dkt. 1064.

In sum, CDK's position is that Cox Automotive should be compelled to produce 51 privileged emails sent to email lists internal to Cox Automotive (many of which are facially privileged) even though CDK has never argued that the information Cox Automotive provided with respect to these documents is insufficient to establish privilege. And although it raises a host of procedural complaints, CDK's most recent filing still does not attempt to explain why the information that Cox Automotive has already provided is insufficient to establish privilege. Because CDK's position is contrary to binding Seventh Circuit precedent that district courts should be "highly reluctant" to order the production of privileged documents without *in camera* review, *see Am. Nat'l Bank & Tr. Co of Chi v. Equitable Life Assurance Soc'y of U.S.*, 406 F.3d 867, 880 & n.7 (7th Cir. 2005) – let alone ordering production without any proper motion to compel – reconsideration should be granted.[3]

## II. In The Alternative, The Court Should Reconsider Its Order To Hold That Cox Automotive Needs To Produce Only 32 Emails Sent To Non-Active Email Lists

As Cox Automotive previously explained, the Court's Order applies to Cox Automotive the prior June 10, 2019 order that granted the Dealership Class Plaintiffs' motion to compel against CDK. Proper application of the June 10, 2019 order would result in Cox Automotive producing only 32 of the 51 emails at issue. *See* Dkt. 1050, at 6-7.

CDK does not dispute either of those dispositive points. CDK agrees (at 5) that it "did not argue in its motion to compel that [the] distribution lists [for the 19 emails] were so numerous that

---

[3] CDK incorrectly asserts (at 5) that Cox Automotive did not request *in camera* review. Cox Automotive argued that CDK had no basis to compel production of the documents prior to *in camera* review. *See* Dkt. 573, at 13. In any event, *in camera* review is not necessary because CDK has never moved to compel production of the documents. CDK's motion should be denied on that ground alone.

they negated Cox's privilege claims." That is an understatement. In its motion to compel briefing in March 2019, CDK mentioned the number of recipients for only a single email sent to a single email list (COX_MDL_P2328). *See* ECF No. 587, at 14. CDK never mentioned the other 18 emails (or the 14 other emails that it now suggests the Court should compel Cox Automotive to produce). *See id.* As to the single email that CDK did mention in its briefing, CDK stated only that it was "still evaluating whether to maintain its challenge," *id.*, but never filed any motion to compel production of that document (or any others). Because CDK concedes that it never moved to compel production of these 19 emails, Cox Automotive's motion for reconsideration should be granted as to these 19 emails.[4]

CDK's assertion (at 6) that it would be "unfair" to allow Cox Automotive an "opportunity to present additional evidence or argument" has it backwards. This Court should grant reconsideration and deny CDK's motion because CDK never sought production of the 19 emails due to the number of recipients. In the absence of any motion from CDK, Cox Automotive had no reason to provide additional information regarding privilege for these documents. The only inequity would be to compel Cox Automotive to produce privileged documents based on arguments that were never made against Cox Automotive.

## CONCLUSION

Cox Automotive's motion for reconsideration should be granted.

---

[4] CDK incorrectly asserts (at 5) that it was "quite literally impossible for CDK to raise the issue" of the number of recipients in its motion to compel briefing. CDK actually did raise that issue for one document and stated in its briefing that it would "advise the Court promptly" if a dispute remained. ECF No. 587, at 14. CDK never raised the issue with Cox Automotive or the Court afterwards.

Dated:  August 6, 2020	Respectfully submitted,

    */s/ Derek T. Ho*
    Derek T. Ho
    **KELLOGG, HANSEN, TODD,**
     **FIGEL & FREDERICK, P.L.L.C.**
    1615 M Street, NW, Suite 400
    Washington, D.C. 20036
    (202) 326-7900
    dho@kellogghansen.com

    *Counsel for Cox Automotive, Inc.,*
    *Autotrader.com, Inc., Dealer Dot Com,*
    *Inc., Dealertrack, Inc., HomeNet, Inc.,*
    *Kelley Blue Book Co., Inc., vAuto, Inc.,*
    *VinSolutions, Inc., Xtime, Inc.*

**CERTIFICATE OF SERVICE**

      I, Derek T. Ho, an attorney, hereby certify that August 6, 2020 I caused a true and correct copy of the foregoing **COX AUTOMOTIVE'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE JUNE 29, 2020 ORDER (DKT. 1027)** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      */s/ Derek T. Ho*
      Derek T. Ho
      **KELLOGG, HANSEN, TODD,**
       **FIGEL & FREDERICK, P.L.L.C.**
      1615 M Street, NW, Suite 400
      Washington, D.C. 20036
      (202) 326-7900
      dho@kellogghansen.com