# Exhibit 1

**MAYER·BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

November 16, 2018

**BY E-MAIL**

**Jessica A. Michaels**
Direct Tel +1 312 701 711
Direct Fax +1 312 706 8135
jmichaels@mayerbrown.com

Daniel J. Nordin, Esq.
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402

Re: *DMS Antitrust Litig.* MDL 2817

Dear Daniel:

I write in response to your letter of November 9, 2018 regarding the November 2, 2018 privilege log produced by defendant CDK Global, LLC ("CDK") in the above referenced matter (the "Log"). We will address each issue raised in your letter below, but as an initial matter CDK disagrees with your characterization of the Log as including "deficiencies and ambiguities that prevent MDL Plaintiffs from adequately evaluating the claims of privilege presented in the Log." In fact, most of what you call purported "deficiencies" in CDK's Log are simply formatting characteristics that are also reflected in the privilege logs that *Plaintiffs* served on November 2. CDK's Log comports with the Stipulated Order Re: Discovery of Electronically Stored Information (the "ESI Order") (Dkt. 105) and is otherwise sufficient.

*Email Addresses*

As you know, the ESI Order governs the format and content of the parties' privilege logs. Paragraph 9(a) of the ESI Order requires any party withholding or redacting a document on the basis of privilege to identify "the custodian, author, recipient(s), date, Bates or production number, privilege and/or doctrine relied upon, the subject matter of the document and provide a description of the Document and/or Document family by type and content consistent with the Federal Rules of Civil Procedure." The ESI Order does not require CDK—or any party in this MDL—to include email addresses for senders or recipients in its privilege log. MDL Plaintiffs clearly understood there was no obligation to provide email addresses, as a majority of them did not provide this information in their respective privilege log.[1] As a result, CDK does not intend to supplement its Log to provide this information.

---

[1] The privilege logs produced by AutoLoop, Cox, MVSC and Authenticom do not include email addresses. Dealership Class Plaintiffs appear to be the only MDL Plaintiffs who provided that information. It is worth noting that the Dealership Class Plaintiffs' privilege log includes less than 100 entries, so the burden of including gratuitous information is much, much less than the burden on CDK to do the same.

Daniel J. Nordin, Esq.
November 16, 2018
Page 2

*Distribution Lists*

MDL Plaintiffs also request that CDK individually identify "all persons represented by [] 'group' emails" on the Log. Again, with the exception of Dealership Class Plaintiffs, every party in this MDL—including Plaintiffs Cox, AutoLoop, Authenticom and MVSC—produced privilege logs that include various group emails and/or distribution lists. On their face, the distribution lists on CDK's Log identified in your November 9 letter appear to be internal CDK distribution lists, which would not implicate any concerns over a potential third-party waiver. However, if there is a specific "group" email on the Log that Plaintiffs reasonably believe may include a third-party recipient, CDK will consider requests to identify the distribution on a case-by-case basis.

*Outside Counsel / In-House Counsel*

Your request that CDK "indicate whether attorneys [appearing on the Log] are in-house or outside counsel" is not well-taken. The ESI Order does not require that CDK distinguish between in-house and outside counsel, and we are not aware of any distinction between in-house and outside counsel that might bear on CDK's privilege claims. Therefore, CDK does not intend to provide this information.

*Email Attachments*

MDL Plaintiffs also assert that CDK's Log includes "over 200 withheld documents [that] are described as 'Documents attached to email between attorney(s) and clients requesting legal advice…'" and state that "[a]ttachments are not privileged by virtue of being attached to a privileged communication." You request that CDK produce these documents "unless they have been determined to be privileged, in which case the subject matter and explanation of the privilege claim should be provided."

CDK has determined all of these documents to be privileged and has logged them in accordance with its obligations under the ESI Order.[2] As a threshold matter, Paragraph 9(b) of the ESI Order clearly states, "A Document family (email and attachments) may be logged as a single entry so long as the description of that entry includes a reference to the privilege attachments." Therefore, CDK has no obligation to separately provide a log entry or "the subject matter and explanation of the privilege claim" for privileged attachments at all. To the extent that CDK's logging of

---

[2] Attachments to a confidential attorney-client communication are considered an integral part of that communication and may properly be withheld from discovery, regardless of the attachments' origins in the public domain, or their later dissemination. As such, even though an attachment might not be "independently" privileged in other situations, its inclusion in an attorney-client communication brings it within the umbrella of privilege. *See, e.g.*, *Muro v. Target Corp.*, 250 F.R.D. 350 (N.D. Ill 2007) ("[F]orwarded material is similar to prior conversations or documents that are quoted verbatim in a letter to a party's attorney. A party can therefore legitimately withhold an entire e-mail forwarding prior materials to counsel.").

Mayer Brown LLP

Daniel J. Nordin, Esq.
November 16, 2018
Page 3

attachments was superfluous to begin with, it is difficult for us to imagine how the logging procedure that CDK followed can be deficient.

Further, in almost all cases, the documents that CDK logged separately as "attachments" were included in three initial privilege logs that CDK provided on April 5, 2018, July 20, 2018, and October 3, 2018 pursuant to Paragraph 13(a) of the Agreed Confidentiality Order (Dkt. 104) following CDK's identification of inadvertently Disclosed Protected Information. *See* CDK_Priv_0000001 – CDK_Priv_0000521.[3] In accordance with Paragraph 13(c) of the Agreed Confidentiality Order, if MDL Plaintiffs intended to contest the claim of attorney-client privilege or work product protection asserted by CDK with respect to any of these documents, they were required to do so "within ten business days of receipt of the claim of privilege or protection." After several meet-and-confers between MDL Plaintiffs and CDK, Dealership Class Plaintiffs did in fact challenge a subset of documents identified by CDK as inadvertently Disclosed Protected Information, which is currently pending before the Court. However, with the exception of one document, the underlying privileged nature of these documents has not been challenged.

*Bates Numbers and Attachment Ranges for Withheld Documents*

Finally, you requested that CDK "explain why Bates numbers and Attachment Bates ranges are provided for some withheld documents and not others." Generally, if a document family included a mixture of withheld, redacted and/or fully produced documents, CDK produced the withheld documents as a slip-sheet that indicated the document was withheld for privilege. Fully withheld families received a Privilege Log ID only and were not issued a slip-sheet and therefore, no Bates range exists for those documents.

Regards,

*/s/ Jessica A. Michaels*
Jessica A. Michaels

cc: Lead MDL Plaintiff Counsel of Record
 Reynolds Counsel of Record
 Mark Ryan
 Britt Miller
 Andrew Marovitz

---

[3] CDK included the entries from its initial privilege logs in the final log it produced to MDL Plaintiffs on November 2, 2018, in accordance with Paragraph 9(a) of the ESI Order, which states, "Each privilege/redaction log should include entries of all prior privilege logs."