# Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD) <br><br> **ORDER: (1) GRANTING DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. GARETH MACARTNEY'S EXPERT REPORT; AND (2) DENYING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CLAIMS ASSIGNMENT** <br><br> (ECF Nos. 1963, 2054) |

Presently before the Court is Defendants Tri-Union Seafoods LLC d/b/a Chicken of the Sea International, Thai Union Group PCL, Lion Capital (Americas), Inc., StarKist Co., Dongwon Industries Co., Ltd., and Del Monte Corporation's Motion to Strike and Motion In Limine ("Mot.," ECF No. 1963). Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (the "Winn-Dixie Plaintiffs") jointly filed a Response in Opposition to ("Opp'n," ECF No. 2063) and Defendants filed a Reply in Support of ("Reply," ECF No. 2067) the Motion. Having considered the Parties' arguments, the evidence, and the law, the Court rules as follows.

///

# BACKGROUND

This case concerns an alleged conspiracy to fix the prices of packaged seafood throughout the United States. Plaintiff Winn-Dixie Stores, Inc. is a corporation organized under the laws of the state of Florida with its principal place of business in that state. (Compl. ¶ 11, ECF No. 1453.) Plaintiff Bi-Lo Holding, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Florida. (*Id*. ¶ 12.) The Winn-Dixie Plaintiffs operate grocery stores and allege they directly purchased packaged seafood from the Defendants during the alleged price fixing conspiracy. (*Id*. ¶¶ 11–12.) Defendants are global producers of packaged seafood products. (*Id.* ¶ 15.)

In February of 2019, the Winn-Dixie Plaintiffs submitted an expert report by economist Dr. Gareth Macartney. (*See* Mot. at 2.) Dr. Macartney was asked by Plaintiffs to examine, among other things, whether "the Plaintiffs [were] harmed by the alleged collusion and what is the quantum of that harm in terms of the economic damages caused by the Defendants' alleged conduct." (*Id.* Ex. A. at 4.)

On June 28, 2019, Plaintiff Bi-Low and C&S Wholesale Grocers, Inc., a non-party wholesaler grocer, executed an "Agreement for Assignment of Antitrust Claims." (*Id.* Ex. H.) The Agreement gave Bi-Low "rights, title, and interest in (and to) all claims and causes of action that C&S may have under the antitrust or similar laws . . . arising out of or relating to C&S's purchase" of various products, including packaged seafood from the Defendants. (*Id.*)

On September 13, 2019, Defendants filed the present Motion seeking to strike portions of Dr. Macartney's report and exclude evidence related to the C&S claims assignment. (*See generally id.*) Before filing their Opposition, the Winn-Dixie Plaintiffs filed an *Ex Parte* Application to Strike Defendants' Motion To Strike and Motion *in Limine*. (*See* ECF No. 2054.) Plaintiffs ask the Court to either strike Defendants' Motion because it is procedurally improper or defer ruling on these issues. (*See generally id.*) The arguments made in Plaintiffs' *Ex Parte* Motion largely mirror the arguments made in their

2

Opposition to Defendants' Motion to Strike.[1]  (*Compare* Opp'n *with* ECF No. 2054.)  The Court took both Plaintiffs' and Defendants' Motions under submission and finds them suitable for disposition without oral argument.

## ANALYSIS

Defendants move to strike portions of Dr. Macartney's report under Federal Rules of Evidence 702 and 403, arguing that his damages calculation improperly includes indirect purchases made by the Winn-Dixie Plaintiffs through C&S.  (Mot. at 6.)  Defendants also seek to exclude "evidence of the purported C&S claims assignment agreement" under Federal Rule of Evidence 403.  (*Id.* at 7.)

### I. Dr. Macartney's Opinion

Defendants argue that the portions of Dr. Macartney's opinion that rely on damages outside the scope of the Complaint should be excluded because they cannot assist the jury in determining any fact at issue in the case.  (Mot. at 6.)  The Court agrees.

Federal Rule of Evidence 702 requires an expert witness's testimony be "based on sufficient facts or data," be "the product of reliable principles and methods," and "must help the trier of fact . . . determine a fact in issue."  Fed. R. Evid. 702.  It also requires that "the expert has reliably applied the principles and methods to the facts of the case."  *Id.*  Under *Daubert v. Merrel Dow Pharmaceuticals, Inc.* and its progeny, the Court must ensure that expert testimony "both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. 579, 591 (1993).  The party offering the expert testimony bears the burden of showing the testimony meets these requirements.  *See id.*

Important here, to be admissible under Federal Rule of Evidence 702, "an expert's testimony must 'fit' the facts of the case."  *Id.*  "Fit" is an aspect of relevance; thus, to be admissible, an expert's testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Id.*  To the extent an expert offers opinions

---

[1] Because the Court finds that deciding Defendants' Motion to Strike is appropriate, and for the reasons stated below, the Court **DENIES** Plaintiffs' *Ex Parte* Application to Strike (ECF No. 2054).  The Court also **DENIES** Plaintiffs' request to file a supplemental response.  (*See* Opp'n at 1 n.1.)

3

on damages not at issue in the complaint, those opinions fail this requirement for the simple reason that the opinion will not help the "jury in resolving a factual dispute." *See, e.g.*, *Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558, 572 (S.D.N.Y.2007) (adopting special masters' determination that expert testimony concerning unrecoverable damages did not fit the facts of the case and therefore should be excluded); *see also United States v. Kokenis*, 662 F.3d 919, 927 (7th Cir. 2011) (finding expert's theory was properly excluded where it was not applicable to any transaction still in dispute in the case).

Here, to the extent Dr. Macartney's opinion relates to the purchase of packaged tuna by C&S, it is outside the scope of this case. The Winn-Dixie Plaintiffs' Complaint asserts damages only for direct purchases by the Winn-Dixie Plaintiffs from Defendants. (*See* Compl. ¶¶11–12.) There is no mention of C&S and no claim for damages related to indirect purchases. (*See generally id.*) Plaintiffs cannot argue that expert testimony is relevant to a claim that is not alleged. To raise the claims related to C&S's purchases, Plaintiffs must amend their Complaint.

Nevertheless, Plaintiffs argue that the Court should deny Defendants' Motion for three reasons: (1) Plaintiffs contend the Motion should be denied because Rule 702 is the wrong procedural vehicle for addressing Defendants objection, (*id.* at 3); (2) Plaintiffs argue that they do not need to amend the complaint to assert claims related to C&S (*id.* at 3–6); and (3) Plaintiffs argue that Defendants waived any argument to exclude this evidence under Rule 37, (*id.* at 6). The Court finds these arguments unavailing.

First, Plaintiffs' contention that this is a discovery dispute subject to resolution only through Rule 37's sanctioning mechanism is without merit. (*Id.* at 2–3.) Although the expert opinion was produced during discovery, it is also an expert opinion subject to the requirements of Rule 702. Plaintiffs cite no authority for their contention that Defendants may bring their objection only through Rule 37. Further, Defendants correctly point out that a motion under Rule 37 would be inappropriate because they are neither arguing that "Plaintiffs merely failed to produce discovery on time"—indeed, the assignment at issue did "not even exist prior to the close of discovery"—nor are they seeking to sanction

4

1  Plaintiffs for failing to produce discovery. (*See* Reply at 8.) Instead, Defendants are asking
2  the Court to strike irrelevant testimony that is offered only to "bootstrap a new claim long
3  after the deadline for amending their complaint" has passed. (*Id.*)
4        Second, Plaintiffs argue that, although the claims are not included in their operative
5  Complaint, no amendment is necessary to make the testimony relevant. According to
6  Plaintiffs, the claims for damages related to the C&S purchases are consistent with their
7  theory of the case because they alleged damages for direct purchases, and the C&S
8  assignment allows them to bring direct purchaser claims on behalf of C&S. (Opp'n at 4.)
9  But the allegations regarding Plaintiffs' direct purchases do not make testimony regarding
10 a non-party's direct purchases relevant as well. Under that theory, one direct purchaser's
11 expert's testimony would be relevant and reliable for every direct purchaser's allegations
12 in this case, regardless of any pertinent differences between the parties. Further, if the
13 Court allowed Plaintiffs to allege claims for purchases by C&S without amending their
14 Complaint, Plaintiffs could skirt the other obligations related to litigating a claim by
15 assignment. *See In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-MD-2343, 2014
16 WL 129814, at *2 (E.D. Tenn. Jan. 10, 2014) ("[I]t would be wholly unfair for Plaintiffs
17 to step into the shoes of the assignors for the purposes of bringing their claims and not also
18 assume a claimant's attendant discovery obligations."). Defendants must be allowed to
19 test the sufficiency of these new claims, as alleged in a complaint, through motion practice
20 and discovery.
21       Moreover, even if the allegations in the operative complaint were broad enough to
22 encompass C&S's purchases, Plaintiffs lacked standing to assert those claims at the time
23 of filing their operative Complaint. (*See* Reply at 3.) The operative Winn-Dixie Complaint
24 was filed on October 5, 2018, while the assignment is dated June 28, 2019. Plaintiffs did
25 not have a right to sue on behalf of C&S until the assignment was complete and therefore
26 lacked standing to assert claims on behalf of C&S when they filed their Complaint. *See*
27 *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n.5, (1992) ("[S]tanding is to be
28 determined as of the commencement of suit.").

5

Lastly, Plaintiffs argue the Court should deny the Motion because Defendants raised this issue too late. Plaintiffs assert that Defendants knew they sought to recover damages for purchases made through C&S—either when they produced their Rule 26(a) disclosures or after the deposition testimony of Dr. Macartney—well before the fact discovery deadline. (Opp'n at 4.) And because Defendants did not raise this issue during discovery, they cannot seek to exclude it now. (*Id.*) Regardless of what Defendants learned from Plaintiffs' disclosures and testimony, discovery "cannot . . . serve as a substitute for an adequate pleading." *Optical Coating Lab., Inc. v. Applied Vision, Ltd.*, No. C-92-4689 MHP, 1995 WL 150513, at *4 (N.D. Cal. Mar. 20, 1995). Besides, Plaintiffs disclosures and discovery responses did not provide adequate notice. (*See* Reply at 6.) Plaintiffs' initial disclosures do not reference C&S or any potential assignment of claims, and the transactional data produced reflects indirect purchases by the Winn-Dixie Plaintiffs from C&S, not direct purchases by C&S from Defendants. (*Id.* at 8.) This was not enough to put Defendants on notice that Plaintiffs were seeking damages from C&S's purchases, especially since Plaintiffs had yet to produce the C&S assignment that would have given them standing raise such claims in first place.

Accordingly, the Court **GRANTS** Defendants' Motion to strike the portions of Dr. Macartney's report related to the alleged damages attributable to C&S's purchases of Defendants' packaged tuna products.

## II. The C&S Claims Assignment

Defendants also move to exclude under Federal Rule of Evidence 403 evidence of the claims assignment by C&S, as well as Winn-Dixie Plaintiffs' July 12, 2009 amended discovery responses that rely on that assignment. (Mot. at 10–12.) Plaintiffs argue that any consideration of this motion *in limine* before a pre-trial conference or a trial is premature. (Opp'n at 7–8.) The Court agrees with Plaintiffs.

District courts have broad discretion in ruling on a motion *in limine*. *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015). Evidence should not be excluded on a motion *in limine* unless it is inadmissible on all potential grounds. *McConnell v. Wal-Mart*

6

1  *Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014); *United States v. Hitesman*, No. 14-CR-00010-LHK-1, 2016 WL3523854, at *2 (N.D. Cal. June 28, 2016). Unless this high standard is met, ruling on a motion *in limine* should be denied until trial so that the evidence can be considered in its proper context. *McConnell*, 995 F. Supp. 2d at 1167; *Hitesman*, 2016 WL3523854, at *2. Here, the Court has not ruled on summary judgment motions, scheduled a pre-trial conference, or even set a trial date. It is therefore unclear whether Plaintiffs will even offer the C&S assignment into evidence and for what purpose. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion *in limine* to exclude evidence of claims assignment as premature. The Court notes this denial does not necessarily mean that evidence concerning the C&S assignment will be admitted at trial or that Plaintiffs may pursue a theory of damages for these purchases without amending their operative Complaint. Denial means only that the court is unable to determine whether the evidence in question should be excluded without further information to narrow the issues.

## CONCLUSION

Accordingly, the Court (1) **GRANTS** Defendants' Motion to Strike (ECF No. 1963) the portions of Dr. Macartney's opinion related to alleged damages attributable to the Winn-Dixie Plaintiffs' indirect purchases of Defendants' packaged tuna products through C&S; and (2) **DENIES WITHOUT PREJUDICE** Defendants' Motion *in Limine* to exclude evidence of the assignment of C&S's claims to Plaintiffs.

**IT IS SO ORDERED.**

Dated: August 6, 2020

*[signature]*
Hon. Janis L. Sammartino
United States District Judge