**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *Motor Vehicle Software Corporation v. CDK Global, LLC et al.*, Case No. 1:18-CV-00865 (N.D. Ill.) | |

**PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S RESPONSE
TO DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiff Motor Vehicle Software Corporation ("MVSC") respectfully submits this response to Defendant The Reynolds and Reynolds Company's ("Reynolds") Notice of Supplemental Authority in support of its Motion to Bar (Dkt. 787). *See* Dkt. 1108. *In re Packaged Seafood Products Antitrust Litigation*, No. 3:15-md-02670-JLS-MDD, Dkt. 2323 (S.D. Cal. Aug. 6, 2020) ("Order"), is worlds apart from this case; indeed, the obvious differences highlight why Reynolds's Motion to Bar should be denied.

In its Order, the *Packaged Seafood* court struck portions of an expert report opining about damages suffered by C&S Wholesale Grocers, Inc. ("C&S"), which was a direct purchaser of seafood from the defendants but was not a plaintiff in the lawsuit. Order at 2, 5. The two actual plaintiffs – Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC ("Bi-Lo") – defended the relevance of C&S's damages on the ground that C&S had assigned its antitrust claims with respect to Bi-Lo's indirect purchases through C&S to Bi-Lo after the plaintiffs had filed suit. *Id.* at 5. The court rejected that bid, holding that "the allegations regarding Plaintiffs' direct purchases do not make testimony regarding a non-party's direct purchases relevant as well." *Id.* To bring C&S's claims

into the case, the court held that the plaintiffs should amend their complaint. *Id.* at 4 ("To raise the claims related to C&S's purchases, Plaintiffs must amend their Complaint.").

That scenario bears no resemblance to this case. To state the obvious, this case involves the same plaintiff and the same defendants as in the complaint. There has been no effort to use "assignment-plus-expert-report" to shoe-horn in new claims by new plaintiffs. And the expert evidence propounded by MVSC is fully consistent with the conspiracy alleged in the operative complaint. Nor does the relief sought here bear any resemblance to *Packaged Seafood*. By striking the portions of the expert report regarding C&S, the court in *Packaged Seafood* did not prejudice C&S's claims; nor did it impede the truth-seeking function of the courts. Despite the exclusion of the expert's opinions, C&S (or Bi-Lo as its assignee) could still vindicate those claims if it amended the complaint (or, alternatively, filed a new lawsuit).[1] Here, by contrast, Reynolds is not asking for amendment of the complaint; indeed, Reynolds has been on ample notice of MVSC's claims regarding Wisconsin and Virginia both because those states are mentioned by name in the complaint and because the parties expressly included those states within the scope of discovery. *See* Dkt. 818 at 4-8 & Appendix A. Rather, Reynolds is seeking to bury the truth by preventing MVSC from presenting evidence of Reynolds's anticompetitive conduct with regard to two significant markets. *See* Dkt. 1073, at 15-16, 29-31 (MVSC's Opposition to Defendants' Motion for Summary Judgment); Dkt. 1101, ¶¶ 92-94, 114-118 (MDL Plaintiffs' Statement of Additional Material Facts). Nothing in *Packaged Seafood* supports that highly disfavored result. *See* Dkt.

---

[1] A new suit would not be barred by *res judicata*, because, as the court pointed out, Bi-Lo could not have brought the claims C&S later assigned to it in the original complaint. Order at 5; *see, e.g.*, *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 652 (7th Cir. 2011) ("The federal rule is that claim preclusion generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed."); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914-15 (7th Cir.1993) ("[P]laintiffs need not amend filings to include issues that arise after the original suit is lodged.").

- 3 -

820 at 15 (citing cases).

    For these reasons, and those set forth in MVSC's opposition brief (Dkt. 818), the Motion to Bar should be denied.

Dated:  August 18, 2020                      Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*MDL Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

      I, Derek T. Ho, an attorney, hereby certify that on August 18, 2020 I caused a true and correct copy of the foregoing **PLAINTIFF MOTOR VEHICLE SOFTWARE CORPORATION'S RESPONSE TO DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      */s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com