**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To:<br><br>*ALL CASES* | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**INDIVIDUAL AND VENDOR CLASS PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Individual and Vendor Class Plaintiffs respectfully submit this response to Defendants CDK Global, LLC's ("CDK") and The Reynolds and Reynolds Company's ("Reynolds") Notice of Supplemental Authority in support of their Motion to Bar (Dkt. 773). *See* Dkt. 1107. *In re Packaged Seafood Products Antitrust Litigation*, No. 3:15-md-02670-JLS-MDD, Dkt. 2323 (S.D. Cal. Aug. 6, 2020) ("Order"), is worlds apart from this case; indeed, the obvious differences highlight why Defendants' Motion to Bar should be denied.

In its Order, the *Packaged Seafood* court struck portions of an expert report opining about damages suffered by C&S Wholesale Grocers, Inc. ("C&S"), which was a direct purchaser of seafood from the defendants but was not a plaintiff in the lawsuit. Order at 2, 5. The two actual plaintiffs – Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC ("Bi-Lo") – defended the relevance of C&S's damages on the ground that C&S had assigned its antitrust claims with respect to Bi-Lo's indirect purchases through C&S to Bi-Lo after the plaintiffs had filed suit. *Id.* at 5. The court rejected that bid, holding that "the allegations regarding Plaintiffs' direct purchases do not make testimony regarding a non-party's direct purchases relevant as well." *Id.* To bring C&S's claims into the case, the court held that the plaintiffs should amend their complaint. *Id.* at 4 ("To raise the claims related to C&S's purchases, Plaintiffs must amend their Complaint.").

That scenario bears no resemblance to this case. To state the obvious, this case involves the same plaintiffs and the same defendants as in the complaints. There has been no effort to use "assignment-plus-expert-report" to shoe-horn in new claims by new plaintiffs. And the expert evidence propounded by Plaintiffs is fully consistent with the conspiracy alleged in the operative complaints. Nor does the relief sought here bear any resemblance to *Packaged Seafood*. By striking the portions of the expert report regarding C&S, the court in *Packaged Seafood* did not prejudice C&S's claims; nor did it impede the truth-seeking function of the courts. Despite the exclusion of the expert's opinions, C&S (or Bi-Lo as its assignee) could still vindicate those claims if it amended the complaint (or, alternatively, filed a new lawsuit).[1] Defendants here, by contrast, are not asking for amendment of the complaint; indeed, Defendants have been on ample notice of the nature of the alleged conspiracy, and the parties have conducted exhaustive discovery into that conspiracy, including in the 2013-2014 time frame. *See* Dkt. 820 at 9-10, 14-15 & Dkt. 820-1 (Appendix A). Rather, Defendants are seeking to bury the truth by preventing Plaintiffs from presenting any of the voluminous evidence that Defendants agreed starting in September 2013 not to compete in the DMS market and to exclude data integrators from their systems. *See* Dkt. 1100, at 13-24 (Authenticom's Opposition to Defendants' Motion for Summary Judgment); Dkt. 1101, ¶¶ 33-54 (MDL Plaintiffs' Statement of Additional Material Facts). Nothing in *Packaged Seafood* supports that highly disfavored result. *See* Dkt. 820 at 15 (citing cases).

---

[1] A new suit would not be barred by *res judicata*, because, as the court pointed out, Bi-Lo could not have brought the claims C&S later assigned to it in the original complaint. Order at 5; *see, e.g.*, *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 652 (7th Cir. 2011) ("The federal rule is that claim preclusion generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed."); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914-15 (7th Cir.1993) ("[P]laintiffs need not amend filings to include issues that arise after the original suit is lodged.").

- 3 -

For these reasons, and those set forth in the Individual and Vendor Class Plaintiffs' opposition brief (Dkt. 820), the Motion to Bar should be denied.

Dated:  August 18, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Derek T. Ho*
　　　　　　　　　　　　　　　　　　　　　Derek T. Ho
　　　　　　　　　　　　　　　　　　　　　**KELLOGG, HANSEN, TODD,**
　　　　　　　　　　　　　　　　　　　　　 **FIGEL & FREDERICK, P.L.L.C.**
　　　　　　　　　　　　　　　　　　　　　1615 M Street, NW, Suite 400
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　(202) 326-7900
　　　　　　　　　　　　　　　　　　　　　dho@kellogghansen.com

　　　　　　　　　　　　　　　　　　　　　*MDL Co-Lead Counsel*

## CERTIFICATE OF SERVICE

  I, Derek T. Ho, an attorney, hereby certify that on August 18, 2020 I caused a true and correct copy of the foregoing **INDIVIDUAL AND VENDOR CLASS PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                   */s/ Derek T. Ho*
                   Derek T. Ho
                   **KELLOGG, HANSEN, TODD,**
                    **FIGEL & FREDERICK, P.L.L.C.**
                   1615 M Street, NW, Suite 400
                   Washington, D.C. 20036
                   (202) 326-7900
                   dho@kellogghansen.com