IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* <br><br> *ALL PENDING CASES* | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS CDK GLOBAL, LLC AND THE REYNOLDS AND REYNOLDS COMPANY'S MOTION FOR LEAVE TO FILE A RESPONSE TO MDL PLAINTIFFS' EVIDENTIARY OBJECTIONS**

Defendants CDK Global, LLC and The Reynolds and Reynolds Company ("Defendants") hereby move for leave to file the attached Response to MDL Plaintiffs' Evidentiary Objections to Defendants' Joint Statement of Common Undisputed Material Facts in Support of Their Motions for Summary Judgment. In support, Defendants state as follows:

1. On May 20, 2020, pursuant to Local Rule 56.1(a)(3), Defendants filed a Joint Statement of Common Undisputed Material Facts in Support of Their Motions for Summary Judgment. Dkt. 974 ("JSUF").

2. On July 28, 2020, pursuant to Local Rule 56.1(b)(3)(B), MDL Plaintiffs filed a Response to Defendants' JSUF. Dkt. 1070. The Response included evidentiary objections claiming that record evidence Defendants relied upon in their JSUF was inadmissible. Pursuant to Local Rule 56.1(b)(3)(C), MDL Plaintiffs also filed a joint Statement of Additional Material Facts in Opposition to Defendants' Motions for Summary Judgment. Dkt. 1101.

3. This Court's case procedures for Local Rule 56.1 submissions state that "[u]nder ordinary circumstances, if a party contends that its opponent has included inadmissible evidence,

improper argument, or other objectionable material in a Rule 56.1 submission, the party's argument that the offending material should not be considered should be included in its response or reply brief." However, MDL Plaintiffs largely do not mention their evidentiary objections in their response briefs. Nor did MDL Plaintiffs file a separate motion to strike.[1]

4. Courts in this District have held that at summary judgment the movant may file a reply only to the non-moving party's statement of *additional* facts under Local Rule 56.1(b)(3)(C).[2] Because most of MDL Plaintiffs' evidentiary objections to Defendants' JSUF appear only in MDL Plaintiffs' Local Rule 56.1(b)(3)(B) statement, Defendants have no opportunity under the Local Rules to respond to those objections.

5. Under the Court's procedures, Defendants believe that Plaintiffs have waived any evidentiary objections at summary judgment by not offering argument in their response briefs or in a motion to strike. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived."). However, to the extent the Court deems it necessary to address MDL Plaintiffs' evidentiary objections, Defendants believe they should be afforded an opportunity to respond to those objections. Therefore, Defendants respectfully request leave to file *instanter* the attached short response, which is limited to Plaintiffs' evidentiary objections to Defendants' JSUF.

---

[1] Authenticom did briefly mention one evidentiary objection, albeit without argument, in its response brief. *See* Dkt. 1100 at 48 n.24. Defendants address that objection in their reply to that brief.

[2] *E.g.*, *Khungar v. Access Cmty. Health Network*, 2020 WL 2219046, at *11 (N.D. Ill. May 7, 2020) ("The Rule permits the movant to submit a 'concise reply' if the opposing party submits '*additional* material facts.' . . . It does not . . . provide for a reply in support of the movant's initial statement of material facts.") (emphasis in original); *Hall v. Vill. of Flossmoor Police Dep't*, 2012 WL 6021659, at *8 n.8 (N.D. Ill. Dec. 4, 2012) ("[Local Rule 56.1] permits movants to reply only to a Local Rule 56.1(b)(3)(C) statement, not a Local Rule 56.1(b)(3)(B) response.").

-3-

Dated: August 28, 2020

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

## CERTIFICATE OF SERVICE

      I, Britt M. Miller, an attorney, hereby certify that on August 28, 2020, I caused a true and correct copy of the foregoing **DEFENDANTS CDK GLOBAL, LLC AND THE REYNOLDS AND REYNOLDS COMPANY'S MOTION FOR LEAVE TO FILE A RESPONSE TO MDL PLAINTIFFS' EVIDENTIARY OBJECTIONS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                              */s/ Britt M. Miller*
                                              Britt M. Miller
                                              MAYER BROWN LLP
                                              71 South Wacker Drive
                                              Chicago, IL 60606
                                              (312) 782-0600
                                              bmiller@mayerbrown.com