IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* ALL PENDING CASES | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

**[PROPOSED] RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT CDK GLOBAL, LLC AND THE REYNOLDS AND REYNOLDS COMPANY'S JOINT STATEMENT OF COMMON UNDISPUTED MATERIAL FACTS**

MDL Plaintiffs' Responses to Defendants CDK Global, LLC and The Reynolds and Reynolds Company's Joint Statement of Common Undisputed Material Facts, Dkt. 1070 ("Resp. Defs. JSUF") contain evidentiary objections to exhibits that Defendants' submitted in support of their motions for summary judgment pursuant to Local Rule 56.1(a)(3). Defendants' responses to those objections are below[1]:

**1.** Plaintiffs assert that Defs. JSUF Ex. 108 is inadmissible because the declarant was not identified in CDK's Rule 26 disclosures and because the declarant does not cite "underlying records." Resp. Defs. JSUF 20-21.

**Response:** The Court has "broad discretion" to consider evidence from a witness not named in Rule 26(a) disclosures. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)

---

[1] Citation formats are as follows:
- "Defs. JSUF Ex.": exhibits to the May 20, 2020 Declaration of Daniel T. Fenske, Dkt. 975;
- "Dorris Ex.": exhibits to the May 20, 2020 Declaration of Daniel V. Dorris, Dkt. 977-1;
- "Pls. JSOAF": MDL Plaintiffs' Statement of Additional Material Facts in Opposition to Defendants' Motions for Summary Judgment, Dkt. 1101;
- "Ho Ex.": July 28, 2020 Declaration of Derek T. Ho, Dkt. 1069-1;
- "Defs. *Authenticom* SJ Reply": Defendants' Reply Memorandum in Support of their Motion for Summary Judgment in the *Authenticom* case, filed concurrently; and,
- "Defs. Reply Ex.": exhibits to the August 28, 2020 Declaration of Daniel T. Fenske, filed concurrently.

-1-

(listing factors); FRCP 37(c)(1). Any omission of Mr. Rodrigues was justified and harmless for several reasons. First, Plaintiffs do not argue that this evidentiary objection warrants denial of summary judgment. Second, Mr. Rodrigues's declaration discusses t███████████████████████████████████████████████████████████████. Plaintiffs had the opportunity to ask multiple witnesses about the issues discussed in Mr. Rodrigues's declaration or otherwise seek discovery on these topics. Third, Plaintiffs do not claim that CDK acted in bad faith, and CDK did not do so.

Mr. Rodrigues did not need to cite "underlying records" to substantiate his opinions on basic technical aspects of the DMS, which he is personally familiar with as CDK's Director of Engineering for DMS. Defs. JSUF Ex. 108 ¶ 1. Indeed, Authenticom submitted an employee declaration in support of its own motion that cites no underlying records or documents. *See* Dorris Ex. 165.

**2.** Plaintiffs assert that expert reports and expert testimony is not admissible in cases where those experts were not disclosed. Resp. Defs. JSUF 36-37, 41, 43, 87-88, 170, 172, 179.

**Response:** Defendants do not intend to offer expert testimony in cases where those experts were not disclosed. If experts based their opinions on documents or data produced in the MDL, Defendants reserve the right to introduce the documents or data to support the same propositions.

**3.** Plaintiffs assert that certain exhibits contain inadmissible hearsay. Resp. Defs. JSUF 44-47, 49-51, 53, 57, 60, 68-69, 81, 84, 90, 93, 104, 141, 146, 147, 149, 153, 156, 157, 169, 171, 181.

| Ex. | Response |
|---|---|
| 5 | This document is a ████████████████████████████████████████████████████████████████████████████████████████. *See* Defs. Reply Ex. 652, Cox 30(b)(6) (Whitworth) Tr. 447:2-25. The document was produced when Cox was still a party to this MDL and represented by the same counsel as currently represent Authenticom and AutoLoop, and Cox's Rule 30(b)(6) deponent testified about it extensively. *Id*. at 447:2-457:3. It is therefore the equivalent of an admission from a party opponent and is not hearsay on that basis. FRE 801(2). It is also evidence that industry analysts understood that significant numbers of dealers switched DMS providers, a non-hearsay purpose. Finally, it is admissible under the residual exception. FRE 807. |

| | |
|---|---|
| 10 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. |
| 13 | This document is admissible as a business record under FRE 803(6), as CDK can show at trial. *See Johnson v. McDonald*, 2020 WL 374679, at *6 n.14 (N.D. Ill. Jan. 23, 2020). It also is evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, the exhibit is admissible for the non-hearsay purpose of proving CDK's belief, which in turn shows that its actions to secure its DMS were consistent with its unilateral interest, expressed before the alleged conspiracy, to prevent the ill-effects of hostile integration. |
| 14 | Plaintiffs mischaracterize this document, claiming it is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Defs. Reply Ex. 653. The document is not offered for the truth of the matter asserted. Rather, it is evidence that CDK believed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and thus is admissible for the same reason as Defs. JSUF Ex. 13. |
| 20 | Plaintiffs characterize this document as a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Resp. Defs. JSUF 171. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Defs. Reply Ex. 652, Cox. 30(b)(6) (Whitworth) Tr. 527:22-530:9. It is admissible for the reasons given in the Response pertaining to Defs. JSUF Ex. 5 *supra*. It is also evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. |
| 25 | Plaintiffs mischaracterize this document as "relaying information from an unnamed employee at a car dealership" and argue that therefore this email constitutes inadmissible hearsay. Resp. Defs. JSUF 57. The underlying email does not contain any quotes from any dealership employee and Plaintiffs offer no evidence that the information contained therein ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In any event, this email is not offered for its truth but as evidence that industry observers and participants were concerned that third-parties might misuse dealer data or put it at risk. *See* JSUF 57. Therefore, this email is evidence of Reynolds's state of mind for adopting its various security stances and policies. Finally, even if this email were offered for its truth, it constitutes an admissible business record, as Reynolds could demonstrate a trial. FRE 803(6). *Holmes v. Godinez*, 11 C 2961, 2016 WL 4091625, at *5 (N.D. Ill. Aug. 2, 2016) (emails created in normal course of business can be business records). |
| 28 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That, in turn, shows that any decision by CDK or Reynolds to secure their respective |

| | |
|---|---|
| | DMSs was in their independent interest to respond to the concerns of other market participants, including their customers. |
| 38 | This document is not offered for the truth of the matter asserted but ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Defs. JSUF 84 (citing Ex. 38). Even if it were considered hearsay, it falls into a hearsay exception because it indicates Reynolds's then-existing state of mind (such as intent, plan, motive, design) with respect to the release of its security measures beginning in 2006. FRE 803(3). In any event, Authenticom itself is relying on this document at summary judgment and apparently has no objection to its introduction as evidence. Dkt. 977 ¶ 72 (citing PX1037). |
| 45 | Plaintiffs mischaracterize this document as prepared in anticipation of litigation when in reality ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In any event, the statements are not hearsay because they are not offered for the truth of the matter asserted, but to demonstrate Reynolds's state of mind for adopting its various security stances and policies. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ JSUF 44. The narrative response further qualifies as a summary of Reynolds's otherwise voluminous business records documenting performance issues on its DMS. FRE 1006. Even if inadmissible in its current form, however, the evidence contained therein could be otherwise presented at trial in admissible form through the underlying business records or witnesses. Fed. R. Civ. P 56(c)(2). To the extent Plaintiffs want copies of the underlying documents but do not have them, Plaintiffs' are welcome to request those underlying documents but have not done so and did not pursue these documents from well before 2013 in discovery. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ See Pls. JSOAF 138 (citing Ho Ex. 383). |
| 48 | The objected-to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is admissible as a business record under FRE 803(6), as Reynolds can show at trial. See Johnson, 2020 WL 374679, at *6 n.14. Even if it were not admissible as a business record, it would be admissible for the purpose of demonstrating Reynolds's state of mind for adopting its security stances and policies. |
| 96 | Plaintiffs object to the introduction of the testimony of Reynolds's executive Robert Schaefer at the preliminary injunction hearing as hearsay. Defendants do not understand this objection and assume it was inadvertent, as the exhibit and the cited testimony is categorically not hearsay—it is a transcript of sworn testimony provided in Court, not out of Court, and reflects Mr. Schaefer's personal knowledge. In any event, Authenticom's counsel did not object to the cited testimony as hearsay at the injunction hearing and Plaintiffs rely on testimony from the injunction hearing as evidence at summary judgment. See, e.g., Pls. JSOAF Ex. 64. |
| 146 | This document is not offered for the truth of the matter asserted. Rather, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |

| | |
|---|---|
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Again, this is a non-hearsay purpose and is relevant to show that CDK securing its DMS furthered CDK's independent interests. |
| 151 | This document is admissible as a business record under FRE 803(6), as CDK can show at trial. *See Johnson*, 2020 WL 374679, at *6 n.14. In fact, the cover email, provided with Defs. JSUF Ex. 151, shows on its face that this document reflects information drawn from CDK's Salesforce database. |
| 153 | This document is not offered for the truth of the matter asserted. Rather, ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Those reasons show CDK's stated unilateral interests in securing its system. |
| 156 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that in late October and early November 2013, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This document is thus offered for a non-hearsay purpose. Regardless, this document would also be admissible under FRE 803(3). *See also* Defs. Authenticom SJ Reply at 12-13. |
| 157 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that after NADA released its August 28, 2013 Dealer Data Guidance memo, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ shows that CDK's decision to secure its DMS was consistent with its unilateral interest in responding to its customers' desire for enhanced data security. |
| 160 | This document is admissible as a business record of third-party DMS provider Auto/Mate under FRE 803(6), as Defendants can show at trial. Defs. Reply Ex. 651, Auto/Mate 30(b)(6) (Colson) Tr. 334:14-343:21 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Even if inadmissible in its current form, however, the evidence contained therein could be otherwise presented at trial in admissible form through witnesses or other documents. FRCP 56(c)(2). |
| 163 | See Response pertaining to Defs. JSUF Ex. 156 *supra*. |
| 164 | See Response pertaining to Defs. JSUF Ex. 157 *supra*. |
| 185 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Again, this shows that CDK's security initiatives furthered it independent interest in responding to its customers' desires. |
| 188 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

| | |
|---|---|
| | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That, in turn, provides an additional non-conspiratorial reason for CDK to secure its DMS. |
| 189 | This document is admissible as a business record under FRE 803(6), as CDK can show at trial. *See Johnson*, 2020 WL 374679, at *6 n.14. |
| 191 | This document is admissible as a business record under FRE 803(6), as CDK will show at trial. *See Johnson*, 2020 WL 374679, at *6 n.14. In any event, the document is evidence that CDK ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ That, in turn, provides an additional non-conspiratorial reason for CDK to secure its DMS. |
| 198 | This document is not offered for the truth of the matter asserted. Rather, it is evidence that CDK d▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Cf. Green v. City of Norman*, 2018 WL 6802101, at *2 (W.D. Okla. Dec. 26, 2018) (rejecting hearsay objection and holding that a PowerPoint presentation that is "properly identified" for a "limited evidentiary purpose" is admissible to show the viewer's basis for acting). |
| 214 | This document is admissible as a business record under FRE 803(6), as Reynolds will show at trial. *See Johnson*, 2020 WL 374679, at *6 n.14. Even if inadmissible in its current form, however, the evidence contained therein could be otherwise presented at trial in admissible form through witnesses or other documents. FRCP 56(c)(2). |
| 216 | This document is admissible as a business record under FRE 803(6), as Reynolds can show at trial. *See Johnson v. McDonald*, 2020 WL 374679, at *6 (N.D. Ill. Jan. 23, 2020). In any event, the statements are not hearsay because they are not offered for the truth of the matter asserted, but to demonstrate Reynolds's state of mind for adopting its various security stances and policies. Even if inadmissible in its current form, however, the evidence contained therein could be otherwise presented at trial in admissible form through witnesses or other documents. FRCP 56(c)(2). |
| 236 | This document is admissible as a business record under FRE 803(6), as Reynolds can show at trial. *See Johnson*, 2020 WL 374679, at *6 n.14. This document is also admissible as a summary of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. FRE 1006. Such reports were otherwise produced in this litigation. Even if inadmissible in its current form, however, the evidence contained therein could be otherwise presented at trial in admissible form through witnesses or other documents. FRCP 56(c)(2). |
| 245 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Therefore, if this email were offered for the truth of the matter asserted it represents Reynolds's business records and is therefore admissible. FRE 803(6). *Holmes*, 2016 WL 4091625, at *5 (emails created in normal course of business |

| | |
|---|---|
| | can be business records). It is not being offered for the truth of the matter asserted--███████████████████████████-and instead simply to support the proposition that "industry participants have expressed concern that data extractors sell data obtained from DMSs." JSUF 57. |
| 246 | This document is admissible as a business record under FRE 803(6), as Reynolds can show at trial. *Holmes*, 2016 WL 4091625, at *5 (emails created in normal course of business can be business records). Even if inadmissible in its current form, however, the evidence contained therein could be otherwise presented at trial in admissible form through witnesses. FRCP 56(c)(2). |
| 261 | This document is admissible as a business record under FRE 803(6), as Reynolds can show at trial. FRE 803(6). *See Johnson*, 2020 WL 374679, at *6 n.14. Even if not admissible as a business record, this document is being offered to not to establish the truth of the matter asserted but to indicate Reynolds's state of mind for adopting its various security stances and policies. |
| 291 | ████████████████████████████████████████████████████████████ be otherwise presented at trial in admissible form through witnesses or other documents. FRCP 56(c)(2). ███████████████████████████████████████████████. *See* Pls. JSOAF 138 (citing Ho Ex. 383). |

**4.** Plaintiffs assert that Defs. JSUF Ex. 191 is "apparently written by an employee or employees at CDK's DMI subsidiary but contains no information to authenticate its authorship." Resp. Defs. JSUF 50.

**Response:** ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Defs. Reply Ex. 654, CDK-2996489 and p.3. Further authentication is unnecessary at summary judgment. *See Johnson*, 2020 WL 374679, at *6 n.14.

**5.** Plaintiffs assert that Defs. JSUF Ex. 160 is unauthenticated. Resp. Defs. JSUF 169.

**Response:** Plaintiffs submitted a copy of the same document. *Compare* Defs. JSUF Ex. 160 *with* Ho Ex. 132, PX527 (REYMDL00260867). As explained above, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Defs. Reply Ex. 651, Auto/Mate 30(b)(6) (Colson) at 334:14-343:21.



**6.** Plaintiffs assert that Defs. JSUF Ex. 10 lacks foundation and asserts a legal opinion. Resp. Defs. JSUF 68.

**Response**: As explained above in the discussion of hearsay objections, Defs. JSUF Ex. 10 is evidence that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ No foundation is needed given that the email comes from the ▬▬▬▬▬▬. And dealers' understanding that ADP's contracts barred third-party access is relevant to Plaintiffs' claims.

**7.** Plaintiffs assert that they cannot "understand the context of the quoted statements" in Defs. JSUF Ex. 156, 163, 192, and 246 due to redactions. Resp. Defs. JSUF 53, 104, and 107.

**Response**: Plaintiffs identify no authority for their objection and have not moved to require CDK or Reynolds to produce unredacted copies of the documents. Any objection is therefore waived. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived."). Regardless, the redacted material is not necessary to understand the quoted excerpts, whose meaning is apparent on the face of the document. In addition, for Defs. JSUF Ex. 246, the "redactions" in the attachment to email, which obscures the dealership's name and its password, were not electronically applied during this litigation but rather exist on the original. None of the "redacted" material is relied upon or even referenced by the quoted statements of this document which come from the parent email, not the attachment, and which has been produced in full and which is fully understandable without reference to the "redacted" portions of the attachment.

**8.** Plaintiffs assert that Mr. Anenen's deposition testimony is "non-responsive" and therefore "inadmissible." Resp. Defs. JSUF 141.

**Response**: Mr. Anenen's deposition testimony was responsive to the questions asked. Defs. JSUF Ex. 295, Anenen Tr. 23-24, 29-30. Mr. Anenen can also offer testimony at trial if necessary.

Dated: August 28, 2020

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*