**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To:<br><br>*ALL CASES* | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEALERSHIP CLASS PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
<u>SUPPLEMENTAL AUTHORITY</u>**

Dealership Class Plaintiffs respectfully submit this response to Defendants CDK Global, LLC's ("CDK") and The Reynolds and Reynolds Company's ("Reynolds") Notice of Supplemental Authority (Dkt. 1107) in support of their Motion to Bar (Dkt. 773). *In re Packaged Seafood Products Antitrust Litigation*, No. 3:15-md-02670-JLS-MDD, Dkt. 2323 (S.D. Cal. Aug. 6, 2020) ("Order"), is inapposite for the reasons set forth below.

The *Packaged Seafood* court struck portions of an expert report addressing damages sustained by C&S Wholesale Grocers, Inc. ("C&S"), a *non-party* purchaser who, *after the close of discovery*, assigned its claims to one of the named plaintiffs. Order at 4. Because the assignment occurred following the close of discovery, defendants would have been unduly prejudiced if damages sustained by the assignor were included. *See* Order at 5 ("Defendants must be allowed to test the sufficiency of these new claims, as alleged in a complaint, through motion practice and discovery."); *id.* (quoting *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 129814, at *2 (E.D. Tenn. Jan 10, 2014): "[I]t would be wholly unfair for Plaintiffs to step into the shoes of the assignors for the purposes of bringing their claims and not also assume a claimant's attendant discovery obligations."). The court stated that, for C&S's damages to be included, the plaintiffs must amend the complaint. Order at 4.

Unlike the assignor's damages in *Packaged Seafood*, which first surfaced after the close of

discovery, the start date of the conspiracy in this case has been the subject of extensive fact discovery, reports of experts (both plaintiff's and CDK's), and expert depositions. It has also been subjected to extensive briefing in CDK's pending motion for summary judgment. The decision thus provides no additional support for CDK's Motion to Bar.

While the *Packaged Seafood* court admonishes that the assignor's new claims should be tested "through motion practice and discovery" (Order at 5), in the present case, the conspiracy's start date *has been* so tested. *See* Dealership Class Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bar Plaintiffs' New "Initial Conspiracy" Theory (Dkt. 813), at 9-13. Also, Defendants do not suffer from lack of notice as to the start date of the conspiracy. Indeed, Plaintiffs have compiled significant evidence in support of that date, with the vast majority comprised of Defendants' own discovery documents. *See* Dkt. 1101, ¶¶ 33-54 (MDL Plaintiffs' Statement of Additional Material Facts). Other issues raised in *Packaged Seafood, e.g.,* that plaintiffs lacked standing at the time the complaint was filed to assert the assignor's claims and that allowing those claims would enable plaintiffs to "skirt" the obligations of litigating claims by assignment, Order at 5, are simply not applicable in this case.

For these reasons, and those set forth in the Dealership Class Plaintiffs' opposition brief (Dkt. 813), the Motion to Bar should be denied.

Dated: September 3, 2020          Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth

Peggy J. Wedgworth (*pro hac vice*)
Elizabeth Mckenna *(pro hac vice)*
**MILBERG PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, Suite 1920
New York, New York 10119-0165
Tel: (212) 594-5300
Fax: (212) 868-1229

2

                                                          pwedgworth@milberg.com
                                                          emckenna@milberg.com

                                          ***Interim Lead Counsel for the Dealership Class***

## **CERTIFICATE OF SERVICE**

  I, Peggy J. Wedgworth, an attorney, hereby certify that on September 3, 2020 I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e- mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

              */s/ Peggy J. Wedgworth*
              Peggy J. Wedgworth

              Peggy J. Wedgworth (*pro hac vice*)
              **MILBERG PHILLIPS GROSSMAN LLP**
              One Pennsylvania Plaza, Suite 1920
              New York, New York 10119-0165
              Tel: (212) 594-5300
              Fax: (212) 868-1229
              pwedgworth@milberg.com

              *Interim Lead Counsel for the Dealership Class*