**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert<br><br>**PUBLIC-REDACTED** |

**COX AUTOMOTIVE'S MOTION
TO AMEND THE AGREED CONFIDENTIALITY ORDER**

## INTRODUCTION

Cox Automotive, Inc. and its affiliates Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., and Xtime, Inc. (collectively, "Cox Automotive") seek modification of the confidentiality order to deem the discovery materials from this MDL to be produced in a related, confidential arbitration, and to allow the use of those materials in the arbitration. This will obviate the need for duplicative discovery in that arbitration. And because the opposing party to the arbitration is also a party in this MDL, this modification of the confidentiality order will not enlarge the circle of individuals who have access to the discovery materials from this MDL. Accordingly, there will be no prejudice to any entity that has produced discovery materials for this MDL.

Exhibit A is the proposed Third Amended Confidentiality Order, and Exhibit B contains a redline showing the changes between the proposed Third Amended Confidentiality Order and the Second Amended Agreed Confidentiality Order (Dkt. 650). Reynolds does not oppose this motion, while CDK does oppose the motion.

## BACKGROUND

Cox Automotive is a former plaintiff in this MDL. Cox Automotive brought claims against Defendant CDK Global, LLC, and fully participated in fact discovery before settling its claims against CDK in July 2019. Cox Automotive is currently a party in a related arbitration where the opposing party is also a party to this MDL. Because that arbitration is confidential, Cox Automotive submits *in camera* an Appendix to this motion that contains a description of the parties and claims at issue in the arbitration.

The discovery materials from this MDL are relevant to the pending arbitration. ███████ ████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████ *See* Appendix. However, the confidentiality

order in this MDL prevents the parties to the arbitration from using the MDL discovery materials in the arbitration, even though those materials are already within the possession of those parties and their counsel. *See* Dkt. 650, Second Amended Agreed Confidentiality Order § 5(a) ("Discovery Material shall not be used or disclosed by the Receiving Parties [or] Counsel for the Receiving Parties . . . for any purpose whatsoever other than in the above captioned case." Cox Automotive seeks modification of that provision. *See* Exhibits A, B.

## ARGUMENT

**I.** This Court should modify the confidentiality order to deem the discovery materials from the MDL to be produced in the related arbitration and to allow the parties to that arbitration to use those discovery materials in the arbitration. The Seventh Circuit strongly favors modification of a protective order "when litigants seek to use discovery in aid of collateral litigation on similar issues" because "access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process" and avoids the "wastefulness" of requiring the party to "duplicate discovery already made." *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980). Thus, "where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification," and even then, "the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order." *Id.*; *see Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994) (modification proper to allow access to discovery materials in a related case unless parties could show that they "would ordinarily not be discoverable due to privileges or irrelevance").

This is especially true in the context of an MDL created to consolidate pretrial matters within a single court. "Even when related cases pending in different districts cannot be transferred

to a single district," MDL courts "should encourage techniques that coordinate discovery and avoid duplication," like "mak[ing] the product of discovery usable in all cases." Manual for Complex Litigation (Fourth) § 20.14 (2004). In line with this principle, this Court has already advised that, for related arbitrations, this Court would "be open to . . . motions" to modify the protective order for "efficiency," Hearing Tr. 21:22-22:2 (Mar. 10, 2020), because "[t]hat is the whole point of all of us being together. That's why the JPML sent you here in the first place," *id.* at 20:17-21:15.

**II.** Modification of the confidentiality order is justified here because it would place the parties to the arbitration in the same "position that [they] would otherwise reach only after repetition" of the extensive discovery in this MDL, including more than 100 depositions, production of millions of documents from the parties, and dozens of subpoenas to third parties. *Wilk*, 635 F.2d at 1299. The waste in redoing this discovery would be enormous. The requested modification will also not result in *any* prejudice to the rights of the parties that provided the discovery materials. Because the parties to the arbitration are parties to this MDL, they (and their counsel) already have access to the discovery materials for the purpose of using those materials in this MDL. And after modification of the confidentiality order, those parties will still need to apply the same confidential treatment to the discovery materials as currently afforded to those materials because the arbitration panel has adopted a materially identical confidentiality order. *See* Appendix. The *only* change made by the requested modification is to allow the parties to the arbitration to use these same materials – which are already in their possession – in the arbitration.

Cox Automotive attempted to resolve these matters without intervention by the Court by seeking consent from the producing parties to allow use of their materials in the arbitration. However, that process was unsuccessful because CDK – who has produced a significant amount of the relevant discovery material – refused to give consent. CDK does not claim that its discovery

materials would be irrelevant to the arbitration, nor that modification of the confidentiality order would result in the disclosure of any privileged materials. *See Grove Fresh*, 24 F.3d at 896 (listing relevance and privilege as the only two bases to object to modification of a protective order under these circumstances). Indeed, as set forth in the Appendix, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ CDK claims only that it would be unable to defend against any "characterization" given to the documents in the arbitration. However, because there are no claims against CDK in the arbitration, CDK will suffer no prejudice from how the documents are "characterized" and certainly not "tangible prejudice" to "substantial rights" that would outweigh the efficiency benefits of modifying the protective order to prevent duplicative discovery. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 860-61 (7th Cir. 1994) (modifying protective order to allow use of discovery materials in related litigation where no prejudice was shown); *Matter of Film Recovery Sys., Inc.*, 804 F.2d 386, 389 (7th Cir. 1986) (same).

**III.** This Court need not decide whether Cox Automotive may intervene in the MDL to modify the confidentiality order, *see* Fed. R. Civ. P. 24(b), because Cox Automotive was a party to the MDL and to the confidentiality order. Although the *Cox Automotive* action (No. 18-1058) has been closed due to the Rule 41(a) voluntary dismissal, *see Cox Automotive*, Dkt. 48, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), including modification of a protective order, *see Public Citizen v. Liggett Grp. Inc.*, 858 F.2d 775, 782-83 (1st Cir. 1988) (citing cases); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). In any event, if this Court deems it necessary, Cox Automotive should be permitted to intervene in the MDL under Federal Rule of Civil Procedure 24(b) to seek modification of the protective

- 4 -

order for the reasons given in *Grove Fresh*, 24 F.3d 895-96, *In re Associated Press*, 162 F.3d 503, 507-08 (7th Cir. 1998), and *Jessup v. Luther*, 227 F.3d 993, 997-99 (7th Cir. 2000). *See Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009) ("[P]ermissive intervention is a procedurally appropriate device for bringing a third-party challenge to a protective order.") (citing cases).[1]

## CONCLUSION

This Court should adopt the proposed Third Amended Confidentiality Order attached as Exhibit A.

Dated: August 31, 2020

Respectfully submitted,

 */s/ Derek T. Ho*
Derek T. Ho
Daniel V. Dorris
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M. Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
ddorris@kellogghansen.com

*Counsel for Cox Automotive, Inc.,
Autotrader.com, Inc., Dealer Dot Com, Inc.,
Dealertrack, Inc., HomeNet, Inc., Kelley
Blue Book Co., Inc., vAuto, Inc.,
VinSolutions, Inc., and Xtime, Inc.*

---

[1] The Seventh Circuit's rejection of a requested modification to a protective order in *Bond* has no relevance here. There, the intervening party had no standing to seek discovery materials on the theory that the public has a right to access such material. *See Bond*, 585 F.3d at 1072-78. Cox Automotive has standing because the protective order imposes limitations on Cox Automotive's use of discovery materials in its possession. Further, the intervening party in *Bond* needed to show standing because the underlying litigation had already been resolved, while here, Cox Automotive was a party and the litigation is ongoing. *See id.* at 1068; *see also id.* at 1066-67 (noting none of the parties to the litigation had requested a modification of the protective order).

- 5 -

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on August 31, 2020, I caused a true and correct copy of the foregoing **COX AUTOMOTIVE'S MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com