# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| ALL PENDING ACTIONS | Magistrate Judge Jeffrey T. Gilbert |

## CDK GLOBAL, LLC'S RESPONSE TO COX AUTOMOTIVE'S
## MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER

**INTRODUCTION**

Cox, Inc., Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., and Xtime, Inc. ("Cox") sued CDK Global, LLC ("CDK") in December 2017. After transfer to the MDL, Cox's lawyers negotiated and agreed to a confidentiality order providing that discovery material "shall not be used or disclosed" by the parties or their counsel "for any purpose whatsoever other than in the above captioned case." *See* Agreed Confidentiality Order, Dkt. 104 ¶ 5(a). The First Amended Agreed Confidentiality Order, Dkt. 586 ¶ 5(a), and the Second Amended Agreed Confidentiality Order, Dkt. 650 ¶ 5(a), contain the same restriction. CDK and Cox reached a settlement in July 2019 and Cox subsequently dismissed its claims against CDK with prejudice. Dkt. 723; *Cox* Dkt. 48.

Though it has not been a party in this MDL for over a year, Cox now seeks to amend the confidentiality order it negotiated to use all MDL discovery in a private, "confidential" arbitration ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 1147 ("Mot."). As a preliminary matter, it is not at all clear why Cox still has access to confidential MDL discovery. All claims asserted by and against Cox were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a) long ago, and the confidentiality order requires parties to destroy or return all confidential discovery material they received no more than 60 days "after dismissal or entry of final judgment not subject to further appeal." Dkt. 650 ¶ 12(a).

Cox first informed CDK of the pending arbitration by letter in April 2020. *See* Ex. A, 4/3/20 Ltr. from D. Dorris to B. Miller. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ However, CDK does not know when the arbitration was filed; its current status; the claims at issue; or many other critical items necessary to evaluate Cox's

1

assertions. Cox does not provide any substantive information about these issues in its motion. It only purported to submit an Appendix *in camera* that CDK cannot see or respond to. Mot. 1. Cox initially filed its motion entirely under seal, making it impossible for the scores of non-parties that produced discovery material in this MDL in reliance on the confidentiality order to see the content of the motion or even attempt to protect their rights. *See* Dkt. 1147. CDK contacted counsel for Cox on September 2, 2020, and again on September 4, asking counsel to file a public-redacted version of the motion as required by Local Rule 26.2(c). Cox did not file the public version of its motion until 5 pm today, the day that CDK's response to the motion was due. *See* Dkt. 1155.

Notwithstanding Cox's lack of transparency regarding the arbitration proceedings at issue, it is clear that its motion should be denied for at least three reasons.

***First***, the motion is procedurally improper. Cox is no longer a party to the MDL and, as such, must move to intervene before the Court can entertain a motion to modify the protective order. Yet Cox's motion barely mentions intervention, which is not warranted.

***Second***, the motion is barred by the settlement agreement between Cox and CDK, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

***Finally***, Cox has not shown good cause for making the entire MDL discovery record available for its own use in a private arbitration. The request to produce *all* MDL discovery is significantly overbroad. It would also seriously prejudice CDK and the third parties who produced confidential materials in this MDL in reliance on the protective order's bargained-for terms, and who cannot guard against the disclosure or misuse of their documents in a confidential arbitration in which they are not participants.

2

## ARGUMENT

I.  **THE MOTION IS PROCEDURALLY IMPROPER.**

Cox's motion states that "the parties to the arbitration are parties to this MDL." Mot. 3. But that is flatly contrary to what Cox said in September 2019, when it said it was "*no longer* a party to this litigation" in the hopes of not having to produce purportedly privileged documents. Dkt. 754 at 1 (emphasis added). In resolving that dispute, Judge Gilbert agreed that Cox now "is a non-party." Dkt. 1027 at 2. And Cox's attorneys recently argued on behalf of their other MDL clients, Authenticom and AutoLoop, that Cox-related documents are third-party hearsay that CDK cannot rely on in the MDL itself. *See* Dkt. 1070 ¶ 171 (Pls. Resp. to Defs. L.R. 56.1(a)(3) Statement). Under principles of estoppel and basic fairness, Cox cannot declare itself a non-party when doing so advances its litigation interests and then tell the Court that it still is a "party" in order to take advantage of MDL discovery for a private arbitration. Instead, like any other non-party, Cox must move to intervene before the Court can entertain its request to modify the confidentiality order.

The Seventh Circuit has squarely held that intervention is "the procedurally appropriate course for third-party challenges to protective orders." *Griffith v. University Hosp., LLC*, 249 F.3d 658, 661 (7th Cir. 2001). Cox acknowledges that intervention is "procedurally appropriate" under Seventh Circuit law. Mot. 5. But it asserts that as a "former plaintiff" it does not need to intervene because the Court retains the power to modify a protective order even after an action is dismissed. Mot. 4. Neither of the out-of-circuit cases Cox cites supports its position. *United Nuclear Corp. v. Cranford Ins. Co.* agrees with *Griffith* that "the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose." 905 F.2d 1424, 1427 (10th Cir. 1990). Likewise, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988), holds that "intervention is '*the* procedurally correct course' for third-party challenges to protective orders." *Id.* at 783-84 (emphasis in original). In fact, the *Public Citizen* court expressly admonished that

3

future litigants should file "formal motion[s]" for intervention and "should not attempt to use this opinion to circumvent the clear requirements" of Rule 24. *Id.* at 784.

Alternatively, Cox states that it should be permitted to intervene "if this Court deems it necessary." Mot. 4-5. But the motion offers no argument to support this request. Rather, Cox cites three cases—*Jessup v. Luther*, 227 F.3d 993 (7th Cir. 2000); *In re Associated Press*, 162 F.3d 503 (7th Cir. 1998); and *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994)—that simply observe that Rule 24(b) allows parties to seek to intervene to modify a protective order. None suggest that a third party seeking to modify a protective order automatically qualifies for intervention without showing how it satisfies Rule 24's requirements. After all, "[w]hether to grant intervention and whether to grant modification of a protective order are two separate issues." *Gaddy v. Terex Corp.*, 2016 WL 3610833, at *1 (N.D. Ga. July 6, 2016); *see also Wilson v. MRO Corp.*, 2018 WL 7118191, at *2 (S.D. W. Va. Oct. 4, 2018) ("[w]hen considering motions to intervene seeking the production of protected discovery, courts uniformly approach the motions using a two-step process, with the first step being the propriety of the intervention").

Cox's failure to make a meaningful showing that it is entitled to intervention is fatal to its request. *See Munchener Ruckversicherungs-Gesellschaft Aktiengesellschaft in Munchen v. Northrop Grumman Risk Mgmt. Inc.*, 312 F.R.D. 686, 690 (D.D.C. 2015) (a party's "failure to follow the proper procedure" to modify a protective order by "first mov[ing] to permissively intervene" is "sufficient grounds for denying the Motion"); *cf. Thompson v. United States*, 268 F.R.D. 319, 322–23 (N.D. Ill. 2010) (citing *Griffith* and denying motion where the movant "offer[ed] only a single sentence in support of its request for permissive intervention").

A one-sentence request for intervention is especially inappropriate here given timeliness concerns. *Chi. Mercantile Exch., Inc. v. Tech. Res. Grp., LLC*, 276 F.R.D. 237, 239 (N.D. Ill. 2011)

4

(factors used when resolving motions to modify a protective order include "the foreseeability, at the time of issuance of the order, of the modification requested"). The Court entered the operative Second Amended Agreed Confidentiality Order on April 25, 2019, shortly before Cox and CDK agreed to dismiss all claims pending against each other with prejudice. Dkt. 650; Dkt. 723. Cox should have anticipated the possibility that it would want to use MDL documents in ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and raised the issue at that time or soon after. *See Northrop Grumman*, 312 F.R.D. at 692 ("Whatever legitimate interest Holmes might have in the documents today, he should have raised his interest in using the documents outside the arbitration when he negotiated the order's terms."). Instead, Cox waited over a year after settlement ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to move for modification, arguing in the meantime that it was not a party to the MDL and should face reduced discovery obligations. Dkt. 754.

## II. THE MOTION VIOLATES THE COX-CDK SETTLEMENT AGREEMENT.

Cox's motion also violates its settlement agreement with CDK. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Exhibit B is redacted because of the confidential nature of the settlement agreement. Of course, Cox, as the counterparty, already has an unredacted copy. CDK previously submitted a complete version of the

5

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████

### III. COX IS NOT ENTITLED TO MODIFY THE CONFIDENTIALITY ORDER.

Cox has not shown the confidentiality order should be modified in any event. To assess whether modification is appropriate, the Court must first determine whether the use of the requested discovery "materially eases the tasks of courts and litigants" in collateral litigation, and then determine whether modification "would tangibly prejudice substantial rights of the party opposing modification." *Griffith*, 249 F.3d at 662 (quoting *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)). Cox's motion fails on both prongs of this test.

#### A. Cox's request is fatally overbroad.

Cox asserts that the first step of the *Griffith-Wilk* test is satisfied because the MDL discovery materials are "relevant to the pending arbitration." Mot. 1. However, Cox submitted all of the pertinent information needed to evaluate this contention for *in camera* review. Mot. 1. Accordingly, all CDK has to evaluate Cox's assertion of relevance is Cox's own say-so. It is ironic, to say the least, that Cox seeks to alter a confidentiality order to permit the disclosure of CDK's and other parties' confidential documents and testimony in a secret proceeding that CDK and its counsel have no ability to observe. And it is doubly ironic that Cox asserts that CDK "does not

---

settlement agreement to Judge Gilbert for *in camera* review in connection with the Dealership Plaintiffs' motion to compel. *See* Dkt. 748 at 3. CDK would be happy to submit another unredacted copy for *in camera* review if requested by the Court.

6

claim that its discovery materials would be irrelevant to the arbitration" (Mot. 3-4) when Cox has made it impossible for CDK to know what claims are at issue in that proceeding.

In any event, it cannot possibly be the case that the entire MDL discovery record is relevant to the claims in Cox's private arbitration. Even if, as seems likely, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, the MDL discovery record—which includes millions of pages of documents pertaining to dozens of claims and counterclaims by a wide variety of industry participants—is substantially broader. The pending cases against CDK (*Authenticom*, *AutoLoop*, and the putative dealership class action) involve unilateral claims and counterclaims and case-specific factual and legal questions. For instance, the *AutoLoop* action against CDK involves plaintiff-specific contract counterclaims. The dealership action against CDK involves questions about vendor-pass through that are wholly absent from "direct" purchaser cases like *AutoLoop* or the now-dismissed *Cox* case against CDK. And the *MVSC* case involves a wholly separate alleged conspiracy, as counsel for MDL Plaintiffs acknowledged several years ago. *See* MDL Pls. Mem. ISO Omnibus Mot. to Compel, Dkt. 318 at 1 ("MVSC alleges a distinct conspiracy involving a market that is not at issue in any other case."). Discovery on these and other issues is sensitive and confidential but almost certainly not relevant to the claims in Cox's secret arbitration.

Making matters worse, Cox's motion fails to identify any particular documents, or even particular categories of documents, that it believes are relevant and necessary to produce in the arbitration. Instead, Cox asks that the *entire* MDL discovery record be made available in that proceeding. Courts frequently refuse to amend protective orders in response to motions that are "not tailored to particular discovery materials" but instead "seek[] widespread, open-ended access to all discovery materials" because such motions are "too broad and speculative." *Columbus*

7

Case: 1:18-cv-00864 Document #: 1164 Filed: 09/08/20 Page 9 of 15 PageID #:87450

**PUBLIC VERSION**

*Drywall & Insulation, Inc. v. Masco Corp.*, 2014 WL 11352937, at *4 (N.D. Ga. Apr. 23, 2014); *see also, e.g.*, *Mine Safety Appliances Co. v. N. River Ins. Co.*, 2016 WL 8221566, at *4 (W.D. Pa. Sept. 29, 2016) ("Movants requests herein are overbroad. The Court agrees . . . that the protected documents relevant to this litigation is much larger than the set of documents relevant to the Kentucky tort actions.").

Blanket modification is even more inappropriate here than in the usual case because Cox's counsel have firsthand knowledge of the MDL discovery record. Unlike *Wilk*, where the collateral party had no way of knowing "exactly what documents were relevant to [its] suit," 635 F.2d at 1301, counsel for Cox had access to all of the MDL discovery record, and continues to have access as counsel for *Authenticom* and *AutoLoop*. The motion easily could have identified specific materials supposedly needed for the arbitration, allowing both CDK and the Court to evaluate the request in a more focused context.

      **B.**    **Modification would tangibly prejudice CDK and non-parties.**

Cox's request to modify the confidentiality order should also be denied because it would "tangibly prejudice substantial rights" of CDK and the many non-parties that produced confidential discovery material in reliance on the order. *Griffith*, 249 F.3d at 662. "Once prejudice has been found, the district court enjoys broad discretion to weigh such prejudice against the benefits of permitting modification of a protective order." *Id*. at 663. Here, modifying the confidentiality order would prejudice CDK and non-party witnesses in at least four ways.

      **1)**    CDK relied on the terms of the confidentiality order in producing documents and other discovery based on the understanding that discovery would be used only in the MDL proceedings. Many of the documents are extremely confidential and competitively sensitive and include transactional data, pricing information, business forecasts, and competitive analyses. Nor is CDK the only one whose rights are at stake. Scores of non-parties produced documents and

8

information—again, much of it extremely sensitive—in reliance on the confidentiality order. *See LG Display Co. v. AU Optronics Corp.*, 2010 WL 5463305, at *4 (D. Del. Dec. 29, 2010) ("To the extent the documents sought by Anvik have been produced by third parties, those third parties have also relied on the Protective Order, and . . . Anvik could have sought these materials through its own third party subpoenas (a process which would have provided these third parties a direct opportunity to object to production of their documents to Anvik)."); *SmithKline Beecham Corp. v. Synthon Pharm., Ltd.*, 210 F.R.D. 163, 166–67 (M.D.N.C. 2002) ("The court in which the matter is pending will be in a better position to make rulings and the third party will have greater control when it is directly involved in that controversy."). It does not appear that Cox has asked any of those third parties for their position on its motion.

Unlike in *Wilk*, *Grove Fresh*, or the other cases Cox relies on, moreover, Cox *itself* was a signatory to the confidentiality order, and its counsel was responsible for negotiating the order's terms. Thus, Cox "now wants to un-do the protective order to which it consented and upon which Defendants relied during the course of discovery." *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 530 (N.D. Ala. 2003). That is a "huge difference" between this case and cases like *Public Citizen* or *Wilk*. *Id.* at 527; *see also Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. Of Durango*, 2009 WL 4730471, at *2 (D. Colo. Dec. 7, 2009) ("The Court finds it inappropriate for Bevan, who enjoyed the benefit of the protective order, to now avoid his responsibilities by seeking to unilaterally modify the terms of that protective order.").

It is no answer that the arbitrators have "adopted a materially identical confidentiality order" as this Court. Mot. 3. CDK is not a party to the arbitration, has no assurances about how its documents will be used or protected, and cannot ensure that its documents will remain confidential under the terms of the arbitrator's order. *See Four Corners*, 2009 WL 4730471, at *3 ("The fact

9

that released documents would be subject to any protective order entered by arbitrator Luis Stelzner is no guarantee of confidentiality because, just as this Court has authority to modify its protective order even after the case is closed, so, too, Mr. Stelzner has the authority to modify his order"). As the *Four Corners* court recognized, a litigation party who is "not a party to the arbitration" will be "hard pressed to protect its interests should anyone . . . seek to modify [the arbitrator's] order." *Id*. at *3-4. That is even more true for the many non-party witnesses that have produced confidential discovery in this MDL. Until Cox filed a public-redacted version of its sealed motion shortly before the close of business today (Dkt. 1155), non-parties had no way to even become aware of Cox's efforts in this MDL to use their documents in another proceeding.

**2)** CDK would suffer additional prejudice given its settlement with Cox. Setting aside the fact that the settlement expressly bars Cox's motion, CDK relied on the terms of the confidentiality order in negotiating that settlement. Indeed, the prospect that settlement would buy CDK peace in related litigation by Cox was a core part of the bargain. *See* Part II *supra*. The Seventh Circuit has recognized that where a movant "make[s] no claim that the discovery materials obtained in the [prior] suit . . . cannot be obtained through discovery in the arbitration," a motion that would "tangibly prejudice" settlement rights should be denied. *Griffith*, 249 F.3d at 662-63 ("reliance on the negotiated terms of [the] settlement was a substantial interest that would be prejudiced by permitting intervention on the terms requested by the Alt Claimants"); *see also Cox v. Sherman Capital LLC*, 2016 WL 7971711, at *3 (S.D. Ind. May 24, 2016) (court would deny motion where "Defendants relied upon the protection of the protective order when negotiating the settlement" and "Intervenors have not shown they would be unable to acquire the documents through discovery devices in their collateral litigation").

The decision in *Richard Wolf Medical Instruments Corp. v. Dory*, 130 F.R.D. 389 (N.D. Ill. 1990), is also instructive. Distinguishing *Wilk*, the *Dory* court explained that a protective order should not be modified where "[t]he parties to this case are competitors" and "agreed to a protective order in which documents and other information produced by one side would be returned or destroyed at the conclusion of the case"; where "[t]here were many hard fought discovery battles as well as agreements reached over production"; and where "[t]he parties settled the case, concluding their dispute with the explicit understanding that all the information produced during discovery would be returned or destroyed." *Id*. at 392. In these circumstances, the desire for materials that "could be useful" in a collateral lawsuit is not "sufficient cause for modification of the protective order." *Id*.

**3)** Cox is wrong that modifying the confidentiality order would not "enlarge the circle of individuals who have access to the discovery materials from this MDL." Mot. 1. It would allow access to both "Confidential" and "Highly Confidential" discovery material by another group of private arbitrators, their staff, third-party vendors and contractors, experts and consultants, witnesses, mediators, and any additional outside counsel who may appear in the private arbitration. *See* Dkt. 650 ¶¶ 5(b)-(c). Because CDK is not a party to Cox's private arbitration, CDK has no way to determine, for example, whether the experts retained by Cox are affiliated with the parties and therefore capable of using their access to CDK's confidential discovery to inflict competitive harm. *See id.* ¶ 5(c)(6) (prohibiting access to "Highly Confidential" discovery material by experts and consultants who are "employees or regular contractors of the parties of any affiliated entity"). This is far from a theoretical concern. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See generally* Dkt. 884 at 1; Stejskal Rpt., Dkt. 889-12 ¶¶ 2-9.

11

**4)** Finally, modification would prejudice CDK because if Cox's lawyers seek to mischaracterize CDK's documents in the arbitration, CDK will have no opportunity to respond to those mischaracterizations because it is not a party. Cox argues that this is unimportant because there are no claims against CDK in the arbitration. *See* Mot. 4. But the prejudice here does not arise from a direct collateral estoppel effect. Rather, it arises because Cox's attorneys also represent Authenticom and AutoLoop in the MDL, and will inevitably seek to poison the well in these proceedings by alluding to findings or opinions by the arbitrator that comport with the MDL Plaintiffs' spin on the evidence against CDK.

## CONCLUSION

CDK acknowledges that, depending on the claims at issue, there might be documents produced in the MDL that could be relevant and appropriate to produce in the arbitration. But that is all the more reason why Cox should pursue discovery through proper channels in the arbitration instead of seeking wholesale production of the MDL discovery record in this Court. It is unfair and inefficient to force CDK to litigate these issues blindfolded in the MDL—particularly in light of Cox's insistence that third parties, like CDK vis-à-vis the arbitration, should enjoy "reduced discovery burdens." Dkt. 754 at 2. The Court should deny Cox's motion.

Dated: September 8, 2020

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@ mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

13

# **CERTIFICATE OF SERVICE**

    I, Britt M. Miller, an attorney, hereby certify that on September 8, 2020, I caused a true and correct copy of the foregoing **CDK GLOBAL, LLC'S RESPONSE TO COX AUTOMOTIVE'S MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                                    */s/ Britt M. Miller*
                                                    Britt M. Miller
                                                    MAYER BROWN LLP
                                                    71 South Wacker Drive
                                                    Chicago, IL 60606
                                                    (312) 782-0600
                                                    bmiller@mayerbrown.com