FILED
9/9/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJ



**Christopher Massaroni**
Partner
Direct Dial: 518.433.2432
CMassaroni@hodgsonruss.com

September 9, 2020

*Via Facsimile to (312) 435-5665 and E-mail to Carolyn_Hoesly@ilnd.uscourts.gov*
Hon. Robert M. Dow, Jr.
United States District Court
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

      RE:    In re: Dealer Management Systems Antitrust Litigation (1:18-cv-000864 (ILND))

Dear Judge Dow:

      I represent AutoMate, Inc. ("AutoMate"), a non-party to this litigation which produced confidential documents and testimony in response to subpoenas issued by counsel to certain parties.

      I write to advise the Court that one or more of the parties have violated this Court's Agreed Confidentiality Order by disclosing AutoMate's confidential information outside this litigation and we are concerned that others may have done so as well. In addition, yesterday I saw on the ECF docket that a former party to the case (Cox Automotive) now seeks permission to use confidential documents outside of this litigation. I respectfully request that the Court convene a conference to address the concerns of my client.

      AutoMate is a DMS company in direct competition with the DMS manufacturers who are parties to this litigation. AutoMate responded to multiple non-party witness subpoenas in this case. On March 23, 2018, the Sheppard Mullin firm, counsel to Defendant The Reynolds & Reynolds Company, issued a subpoena duces tecum seeking documents from AutoMate. AutoMate was extremely resistant to the possibility that it might be compelled to produce confidential and sensitive information to its competitors, but it nonetheless complied with its obligations under the Federal Rules of Civil Procedure. AutoMate designated all of its documents as "Highly Confidential" under the Agreed Confidentiality Order entered by Judge St. Eve dated April 4, 2018 (the "Confidentiality Order").

      On November 19, 2018, the Sheppard Mullin firm issued a subpoena seeking testimony from an AutoMate corporate witness, and on November 29, 2018, the Kellogg Hansen firm issued a cross-notice also seeking deposition testimony from AutoMate. Once again, AutoMate was deeply concerned about the prospect of providing testimony concerning confidential and sensitive

Hon. Robert M. Dow, Jr.
September 9, 2020
Page 2



topics to its competitors and others in the industry. In the weeks prior to the deposition, I expressed concern regarding the confidentiality of documents, information and testimony of AutoMate. In response to my concerns, counsel in this case assured me that AutoMate's information would be maintained in strict confidence in accordance with the terms of the Confidentiality Order.

The testimony was provided on December 20, 2018. The transcript of the testimony (the "Transcript") was designated by AutoMate as "Highly Confidential" under the Confidentiality Order, and the term "Highly Confidential" is printed at the top of every page of the Transcript.

AutoMate has learned that sometime after the deposition of its corporate witness, one or more of the parties to this litigation received a request for documents from the FTC. The Confidentiality Order contains provisions addressing the obligations of all parties who may have received such a request. Specifically, under these circumstances, the party receiving a request for confidential documents or testimony must provide written notice to AutoMate within 5 days of the request. Of course, the purpose of this notice provision is to enable AutoMate to timely protect its interests. Despite this provision of the Confidentiality Order, AutoMate's confidential information was provided to the FTC without any prior notice to AutoMate, and without AutoMate being provided any opportunity to protect its confidences. AutoMate learned of the breach of the Confidentiality Order when it was contacted directly by the FTC, which informed AutoMate that it was already in possession of AutoMate's confidential and sensitive material.

On June 18, 2020, I wrote to all counsel who attended AutoMate's December 20, 2018 deposition to inform them that AutoMate had learned of the breach of the Confidentiality Order (copy attached). I asked all three law firms to provide me with specific information concerning AutoMate's confidential information and subpoenas or government requests for such information. Specifically, I asked all three counsel the following questions:

"1. Whether you or your clients received or responded to a subpoena from the FTC seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;

2. Whether you or your clients received or responded to a subpoena from any other party seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;

3. Please provide me with copies of all such subpoenas and copies of all documents or materials disclosed in response to such subpoenas."

Only one of the three attorneys responded to my request for information. Attached hereto is a copy of the letter dated June 26 from Daniel V. Dorris, Esq. of the Kellogg Hansen firm explaining that his firm had inadvertently made disclosures in response to a request for information from the FTC. Mr. Dorris explained that it was an oversight that AutoMate was not notified prior to the release of its confidential documents, and that his firm had belatedly made an effort to

Hon. Robert M. Dow, Jr.
September 9, 2020
Page 3



preserve AutoMate's ability to challenge the information request. However, it was far too late for such a challenge. The damage had been done.

Neither the Sheppard Mullin firm nor the Mayer Brown firm bothered to respond to my request. Both firms are in possession of highly confidential information of AutoMate which was disclosed under the compulsion of subpoenas issued in this litigation, yet neither firm wrote to me to advise whether they have received any requests seeking AutoMate's information or whether the firms have disclosed AutoMate's information to other parties.

AutoMate was a highly reluctant witness to this action. It did not want to produce any documents to its competitors – not a single page. It did not want to provide any testimony to its competitors – not a single word. It complied with the subpoenas only because it was advised of the importance of the Court process, the potential sanction in the event that it might refuse to comply with the Court process and because it was assured that its information would be maintained in the strictest of confidence as required by the Agreed Confidentiality Order. The cavalier failure to honor a Court order, and the refusal of some parties in this case to even respond to an inquiry regarding compliance with the Court Order, is deeply troublesome. Cases are legion where parties have been directed to disclose confidential information because the Court assumes that its confidentiality order will be honored and the sensitive material will only go to those covered by the order. For this process to function properly, a District Court's confidentiality orders must be honored with the utmost of precision.

Moreover, yesterday I saw that Cox Automotive had filed a redacted motion dated August 31, 2020 seeking a modification of the Confidentiality Order to permit it to use confidential discovery material – presumably including AutoMate's materials – in separate litigation. This motion was filed by the same firm that had already breached the Confidentiality Order and with whom I have communicated regarding this matter. Yet, I was not notified of the application.

I do not represent a party to this case and I am not on the ECF, and I should not be bound to continually monitoring the public filings. AutoMate is vigorously opposed to the possibility that its documents might be used outside this litigation. Moreover, if Cox is no longer a party to the action, we wonder why it has any confidential documents at all. Under the Confidentiality Order, a party must return or destroy confidential documents at the conclusion of the case.

Under the circumstances, I request that the Court schedule a conference to address this matter. Specifically, at such conference, I will request that the Court enter an order providing for at least the following:

1. Directing all parties to provide a written response to the three questions that I posed in my June 18 letter regarding compliance with the Court's Confidentiality Order,

2. Directing all parties to return to AutoMate all of its documents and testimony without retaining copies, and

Hon. Robert M. Dow, Jr.
September 9, 2020
Page 4



    3.    Entering an award of costs and sanctions for all violations of the Confidentiality Order.

I also request an opportunity to submit papers in opposition to Cox Automotive's application. Due to my scheduling issues, I request three weeks to make a submission.

I appreciate the Court's attention to this matter.

                         Respectfully submitted,

                         Christopher Massaroni

CM/ojn
cc:    Daniel V. Dorris, Esq. (via e-mail to ddorris@kellogghansen.com)
        Dylan I. Ballard, Esq. (via e-mail to dballard@sheppardmullin.com)
        Matthew D. Provance, Esq. (via e-mail to mprovance@mayerbrown.com)



**Christopher Massaroni**
Partner
Direct Dial: 518.433.2432
CMassaroni@hodgsonruss.com

June 18, 2020

*Via E-mail and US Mail*

| | | |
|---|---|---|
| Dylan I. Ballard, Esq.<br>Sheppard, Mullin, Richter & Hampton LLP<br>Four Embarcadero Center<br>Seventeenth Floor<br>San Francisco, CA 94111<br>Dballard@sheppardmullin.com | Daniel V. Dorris, Esq.<br>Kellogg, Hansen, Todd, Figel & Frederick, PLLC<br>Sumner Square<br>1615 M Street, N.W.<br>Suite 400<br>Washington, DC 20036<br>DDorris@kellogghansen.com | Matthew D. Provance, Esq.<br>Mayer Brown LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>Mprovance@mayerbrown.com |

RE: In re: Dealer Management Systems Antitrust Litigation (1:18-cv-000864 (ILND))

Dear Counselors:

As you know, I represent Auto/Mate, Inc. in connection with matters related to the above-referenced litigation. I write to express Auto/Mate's concern that there has been an apparent breach of the Agreed Confidentiality Order for this case ("Confidentiality Order") and that Auto/Mate's confidential information disclosed in this case was improperly disclosed.

Auto/Mate's corporate witness provided testimony on December 20, 2018. As you will recall, in the weeks prior to this deposition, I had expressed concern regarding the confidentiality of documents, information and testimony of Auto/Mate. In response to my concerns, Mr. Ballard assured me that Auto/Mate's information would be maintained in strict confidence in accordance with the terms of the Confidentiality Order.

The transcript of this testimony (the "Transcript") was designated by Auto/Mate as Highly Confidential under the Confidentiality Order (see, Transcript, pp. 9 and 363). Therefore, the term "Highly Confidential" is printed at the top of each page of the Transcript.

The Confidentiality Order contains provisions addressing the obligation of a Receiving Party who is served with a subpoena calling for disclosure of material designated as confidential under the Confidentiality Order. Specifically, under these circumstances, the Receiving Party must give notice to the Designating party before disclosing any confidential material of the Designating Party.

June 18, 2020
Page 2



    Please be advised that we have learned that the Transcript was disclosed to the FTC pursuant to a subpoena issued upon a party to this case. Auto/Mate was not given prior notice of the subpoena, and was not afforded an opportunity to take a position with respect to the subpoena, as is required in the Confidentiality Order.

    In view of the foregoing, please advise me of the following:

1. Whether you or your clients received or responded to a subpoena from the FTC seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;

2. Whether you or your clients received or responded to a subpoena from any other party seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;

3. Please provide me with copies of all such subpoenas and copies of all documents or materials disclosed in response to such subpoenas.

    Auto/Mate reserves the right to seek any appropriate remedy in view of a breach of the Confidentiality Order.

    I look forward to hearing from you on an immediate basis.

Very truly yours,

Christopher Massaroni

CM/ojn

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 26, 2020

Christopher Massaroni
Hodgson Russ LLP
677 Broadway
Suite 301
Albany, NY 12207
CMassaroni@hodgsonruss.com

Dear Chris:

      We have investigated your questions and have determined that Mr. Colson's deposition transcript and accompanying exhibits were included in a production to the FTC made on January 28, 2019. These were the only Auto/Mate document that we produced to the FTC.

      We regret the error in producing the transcript in advance of the five-business-day notice required under Section 11 of the Confidentiality Order. We have contacted the FTC regarding this matter, and the FTC has agreed to sequester the transcript until we have provided notice under the Confidentiality Order to allow Auto/Mate five business days to take any steps it believes necessary to protect its confidential information.

      I have also enclosed the Civil Investigative Demand pursuant to which Authenticom produced Mr. Colson's transcript. We understand the deposition transcript would be responsive to Specification #3, among others, which seeks "all documents relating to Communications with . . . any Dealer . . . that pertain to any CDK or Reynolds policy or agreement relating to accessing data on, or providing data to, any DMS." Auto/Mate's marketing of its open integration policy in contrast with CDK's and Reynolds's integration policies was one of the subjects of Mr. Colson's testimony. *See*, *e.g.*, Tr. 203:17-204:13, 252:6-257:4, 302:10-20. We also understand that the FTC considers Mr. Colson's transcript responsive to the Civil Investigative Demand served on Authenticom.

      I apologize again for the oversight of including Mr. Colson's transcript in a production to the FTC prior to written notice under the protective order. Please let us know whether Auto/Mate intends to object to the production of the transcript to the FTC so that we can inform the FTC whether they should continue to sequester the transcript.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Christopher Massaroni
June 26, 2020
Page 2

                Sincerely,

                */s/ Daniel V. Dorris*

                Daniel V. Dorris

Enclosure