**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |
| ALL CASES | **PUBLIC-REDACTED** |

**COX AUTOMOTIVE'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.   This Court Should Modify The Confidentiality Order ...................................... 2

        A.  Cox Automotive's Requested Modification Is Not "Overbroad" .......................... 2

        B.  CDK Fails To Identify Any Tangible Prejudice To Substantial Rights ................ 4

        C.  At The Very Least, The Confidentiality Order Should Be Modified As To All Discovery Materials Produced By Parties Who Have Not Objected ...................... 9

    II.  CDK's Remaining Objections Have No Merit ................................................ 10

        A.  Cox Automotive Need Not Intervene, Or In The Alternative, Should Be Allowed To Intervene ............................................................................. 10

        B.  Cox Automotive's Motion Is Consistent With The Settlement Agreement ......... 13

    III. Auto/Mate's Letter Has No Effect On This Motion ....................................... 14

CONCLUSION ............................................................................................................ 15

## INTRODUCTION

CDK Global, LLC ("CDK") has not met its high burden under Seventh Circuit law to demonstrate that the requested modification to the MDL agreed confidentiality order would "tangibly prejudice" its "substantial rights." There is no conceivable prejudice to CDK or any other third party because the requested modification would merely allow Cox Automotive, which was a party to this MDL, and another current party to the MDL to use MDL discovery materials in a closely related arbitration. The modification would not affect the confidentiality of these discovery materials. The materials would not be disseminated to any party that does not already have access to them in the MDL, and they would remain subject to the confidentiality obligations of the MDL confidentiality order *in addition to* a similar confidentiality order in the arbitration. Far from creating any prejudice to CDK, the modification of the confidentiality order would alleviate further discovery burdens on CDK, because the parties to the arbitration would not need to obtain CDK's documents and testimony anew – a wasteful process that would burden not only the parties to the arbitration (and potentially courts if disputes arise), but CDK as well. CDK appears to invite this needlessly inefficient process simply to make it more difficult for Cox Automotive to use relevant evidence from CDK to pursue its claims against the other party to the arbitration (█████████████████████████████████). CDK's apparent effort to assist ███████████ in this way is eyebrow-raising. In all events, there is no legitimate basis for CDK to complicate discovery in this manner.

This Court indicated in its September 11, 2020 minute entry that, once briefing is complete, it will either set this motion for a hearing or refer it to Magistrate Judge Gilbert. *See* Dkt. 1173. Especially given that this Court has previously addressed related issues, *see* Cox Br. 2-3, Cox Automotive respectfully requests that this Court set the motion for a hearing.

## ARGUMENT

### I. This Court Should Modify The Confidentiality Order

CDK wrongly contends that Cox Automotive seeks an "overbroad" modification of the confidentiality order. As set forth below in Section A, Seventh Circuit precedent holds that Cox Automotive is presumptively entitled to access and use the entirety of MDL discovery record in a closely related arbitration; CDK bears the burden of demonstrating that Cox Automotive should not be allowed to use specific documents, which CDK has failed to do. Further, as detailed in Section B, CDK fails to meet its high burden of demonstrating that the modification would "tangibly prejudice" CDK's "substantial rights." *See* Cox Br. 2-3 (citing *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980), and *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994)); CDK Br. 6.

### A. Cox Automotive's Requested Modification Is Not "Overbroad"

CDK contends (at 6-8) that Cox Automotive needed to identify "particular documents" or "categories of documents" that it wants to use in the arbitration. As an initial matter, CDK's proposal is unworkable. Cox Automotive cannot identify in advance which of the specific documents (out of the millions produced in the MDL) it will need to use throughout the entirety of the arbitration, and it would strain the Court's and the parties' resources to litigate a list of likely tens of thousands of documents to use in the arbitration. Requiring Cox Automotive to identify "categories of documents" would fare no better. That would lead to needless disputes about whether specific documents fall within the allowed "categories" or not.

It is no surprise that CDK's approach is foreclosed by Seventh Circuit precedent. Because Cox Automotive seeks to modify the protective order to use the MDL discovery material in a closely related arbitration – █████████████████████████████████████ █████████████████████████████████████████████ – Cox Automotive is

"presumptively entitled" to use the MDL discovery materials in the arbitration without identifying the specific materials that it will use in the arbitration. *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1301 (7th Cir. 1980); *see AT&T v. Grady*, 594 F.2d 594, 596-97 (7th Cir. 1978) (granting nonparty access to the entire discovery record given the relatedness of the cases). Seventh Circuit law places the burden on CDK "to establish that particular discovery materials in [the MDL] would be immune from eventual discovery in the [arbitration], either by irrelevance or privilege." *Wilk*, 635 F.2d at 1301; *see Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994) (opponents of modification may seek "protection for items which would ordinarily not be discoverable due to privileges or irrelevance").[1]

CDK has not satisfied that burden. CDK argues (at 7) that "even if" the arbitration concerns the same antitrust claims that are at issue in this MDL, the entire discovery record would not be relevant because some MDL discovery materials concern topics that are unique to individual cases in the MDL. This argument fails because CDK has not identified any of its *own* discovery materials that are solely relevant to the three supposed "case-specific" topics identified by CDK and that CDK believes would be irrelevant to the arbitration. Further, the Appendix submitted *in camera* by Cox Automotive demonstrates that two of the topics identified by CDK are relevant to the arbitration. *See* Appendix, Ex. 2, at 36-37 (showing relevance of discovery relating to "syndication" contract counterclaims brought by CDK against Cox Automotive and AutoLoop); *id.* at 35-36 (showing relevance of discovery relating to passing through integration fees to

---

[1] The out-of-circuit district court cases on which CDK relies are inapposite. They concern situations where the moving party failed to demonstrate the high degree of relatedness that exists between the MDL and the arbitration, s*ee Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2014 WL 11352937, at *4 (N.D. Ga. Apr. 23, 2014) (moving party only "*expect[ed]*" that much of the evidence" would be relevant in another case), or where the party opposing the modification demonstrated that the movant sought irrelevant or privileged materials, which CDK has not, *see Mine Safety Appliances Co v. N. River Ins. Co.*, 2016 WL 8221566, at *4 (W.D. Pa. Sept. 29, 2016).

dealers). And the third topic – the conspiracy between CDK and The Reynolds and Reynolds Company ("Reynolds") to refuse to allow MVSC to join their "certified" integration programs – is closely related to the core antitrust conspiracy of eliminating data integrators. Both conspiracies were motivated by the desire to disadvantage application providers who competed with CDK and Reynolds by denying them cost-effective data integration. Evidence that CDK and Reynolds engaged in one conspiracy is probative evidence that they also engaged in the other conspiracy. *See United States v. Apple, Inc.*, 791 F.3d 290, 315, 319 (2d Cir. 2015) ("Circumstances that may raise an inference of conspiracy include a common motive to conspire . . . and evidence of a high level of interfirm communications.") (internal quotations omitted). Notably, Cox Automotive's adversary in the arbitration has not raised these relevance objections – indeed, it does not object to the requested modification – and ordinarily it is parties, not nonparties that are entitled to do so. The proper course here is to modify the confidentiality order and allow the arbitrators to decide more granular objections as to relevance.[2]

### B. CDK Fails To Identify Any Tangible Prejudice To Substantial Rights

CDK's asserts there are four ways in which the requested modification to the agreed confidentiality order will prejudice CDK. None are persuasive.

**1.** CDK argues (at 8-10) that it produced confidential documents in reliance on the protections of the agreed confidentiality order. But such reliance – standing alone – is not "tangible prejudice" sufficient to defeat a motion to modify a protective order; indeed, such reliance exists in *every* case. *See Grady*, 594 F.2d at 596 (affirming modification of protective order despite objector's claim of prejudice due to reliance on the protective order). Rather, CDK needed to

---

[2] CDK complains (at 6-7) that the arbitration is confidential. However, Cox Automotive sought and received permission from the other party to disclose the identity of the parties and nature of the claims to CDK, which Cox Automotive did on September 14.

demonstrate that it would suffer tangible prejudice because protections that currently exist in the agreed confidentiality order will no longer exist post-modification. CDK cannot do so because its discovery materials will remain subject to the agreed confidentiality order (as well as the additional protective order adopted in the arbitration). The only change is to allow the parties to the arbitration (who are parties to the MDL and whose counsel already possess CDK's discovery materials) to use those materials in the arbitration. Where, as here, there has been no showing of prejudice, there is no basis to deny the requested modifications. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 861 (7th Cir. 1994); *Grove Fresh*, 24 F.3d at 896; *In re Matter of Film Recovery Sys., Inc.*, 804 F.2d 386, 389-90 (7th Cir. 1986); *Wilk*, 635 F.2d at 1299-1301.

CDK's claim (at 9) that it "has no assurances about how its documents will be used or protected" is incorrect. Because CDK's discovery materials will remain governed by the confidentiality order in the MDL, CDK will have retain the same "assurances" that its materials are not disclosed to individuals who are not authorized to receive those materials under the agreed confidentiality order. Likewise, because the agreed confidentiality order in the MDL will remain in effect, CDK's speculation (at 9-10) that the arbitration panel may subsequently modify the separate confidentiality order in the arbitration is irrelevant.

CDK notes (at 9) that Cox Automotive was one of the many parties in the MDL involved in negotiating the agreed confidentiality order and is a signatory to that order. But there is no prohibition on a party seeking modification of a protective order, especially in light of circumstances that did not exist at the time of the negotiation of the order – in this case, a related arbitration. *See Jepson*, 30 F.3d at 860-61 (granting such a requested modification). If anything, the fact that Cox Automotive is a party to the protective order supports granting the motion. Because Cox Automotive (and the other party to the arbitration) are signatories to the protective

order, they already have access to CDK's discovery materials. The requested modification thus will not (with the exception of the arbitrators and their staffs) alter the entities that have access to CDK's discovery materials. This fact makes this case different than each of the cases on which CDK relies – all of which concern either a third party attempting to modify a protective order to obtain access to discovery materials for the first time or a party that negotiated a protective order seeking to materially expand the parties that may access materials subject to a protective order.[3]

   **2.**     CDK similarly asserts (at 10-11) that it relied on the confidentiality order when settling with Cox Automotive. Again, CDK cannot defeat the requested modification with conclusory assertions of "reliance" without any showing of what protections CDK supposedly relied on that will be removed by the modification. CDK's principal authority – *Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658 (7th Cir. 2001) – bears no resemblance to this case. There, the Seventh Circuit denied a motion to intervene to obtain access to discovery materials because there was a pending class action settlement that required the parties to "maintain the confidentiality" of the discovery materials. *See id.* at 660. The requested intervention thus would have materially altered the terms of a pending class action settlement agreement for which notice had already been provided to class members. *See id.* at 660-61. The Seventh Circuit affirmed denial of the requested intervention because allowing access to the discovery materials "would undermine the parties' reliance on the confidentiality provision of the settlement agreement and possibly compromise the agreement altogether." *Id.* at 662-63. Here, CDK does not claim there is any similar provision in

---

[3] *See LG Display Co. v. AU Optronics Corp.*, 2010 WL 5463305, at *1, 4 (D. Del. Dec. 29, 2010) (third-party seeking access to discovery); *SmithKline Beecham Corp. v. Synthon Pharm., Ltd.*, 210 F.R.D. 163, 165-67 (M.D.N.C. 2002) (movant seeking to modify protective order to allow use of discovery material in different litigation involving new parties); *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 526 (N.D. Ala. 2003) (movant seeking to modify protective order to "allow[] virtually unrestricted access to and use of confidential documents"); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 2009 WL 4730471, at *2 (D. Colo. Dec. 7, 2009) (movant seeking to modify protective order to allow use of discovery material in different litigation involving new parties).

the Cox Automotive-CDK settlement agreement (there is not), nor that the requested modification would have any effect on that settlement.[4]

CDK's remaining two cases (at 10-11) are also off point because each concerns (again) a situation in which (unlike here) nonparties to a litigation sought to obtain access to discovery materials, thus materially expanding the parties that could access those materials. *See Cox v. Sherman Capital LLC*, 2016 WL 7971711, *1 (S.D. Ind. May 24, 2016); *Richard Wolf Med. Instr. Corp. v. Dory*, 130 F.R.D. 389, 390 (N.D. Ill. 1990). CDK suggests (at 1) parallels between this case and *Richard Wolf* by claiming that Cox Automotive had an obligation to destroy or return CDK's discovery materials within 60 days of judgment in its individual action. That is misguided for two reasons. *First*, Cox Automotive personnel do not have CDK's discovery materials. Cox Automotive has possession of CDK's discovery material only through its counsel at Kellogg Hansen. Because Kellogg Hansen is counsel to other active litigants in the MDL, it has no obligation to destroy or return any discovery materials. *Second*, even if Cox Automotive personnel had CDK's discovery materials, there would be no obligation to destroy those materials at this time. The agreed confidentiality order imposes an "Obligation[ ] at [the] Conclusion of the Litigation" to destroy certain discovery materials within 60 days, Dkt. 650, § 12(a), with "the Litigation" defined to be the MDL, *id.* § 5(a). That provision is thus not triggered until final judgment in all cases consolidated in this MDL.

---

[4] CDK further mispresents (at 10) that *Griffith* held modification of a protective order is appropriate only where there are no alternative ways for the movant to obtain the discovery. To the contrary, *Griffith* stated that "the rule" in the Seventh Circuit is that modification of a protective order is appropriate "to avoid the wastefulness of duplicating discovery already made," thus acknowledging that the movant may have alternative (but duplicative) means to obtain the discovery materials. 249 F.3d at 663; *see Wilk*, 635 F.2d at 1299 ("We therefore agree with the result reached by every other appellate court which has considered the issue, and hold that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.").

3.      CDK contends (at 11) that the modification would expand access to CDK's discovery materials because the materials may be shared with the arbitrators and their staff, and because the parties to the arbitration may share discovery materials with additional staff, vendors, contractors, experts, consultants, witnesses, mediators, and outside counsel pursuant to Section 5 of the agreed confidentiality order. CDK does not even attempt to explain how it would be prejudiced by the disclosure of its discovery materials to the arbitrators (three retired federal judges) and their staff. *See* Dkt. 1147, App'x Ex. 3, at 2 (panel chair). Nor will CDK suffer any prejudice from the possibility that the parties to the arbitration will share discovery materials as permitted by Section 5 of the agreed confidentiality order. *See* Dkt. 650, § 5 (addressing to whom confidential materials may be disclosed). The parties negotiated the restrictions in Section 5 to ensure that confidential materials are not provided to individuals who should be denied access to those materials. There will be no prejudice to CDK because those same restrictions will remain in place, including the restriction highlighted by CDK (at 11) that allows disclosure of confidential materials only to consultants and experts that are not "employees or regular contractors" of a party. Dkt. 650, at § 5(c)(5).

4.      CDK also argues (at 12) that Cox Automotive's counsel will attempt to "poison the well" in this MDL by "mischaracteriz[ing]" CDK's documents in the arbitration to obtain "findings or opinions by the arbitrator[s]" that Cox Automotive's counsel will then use in the MDL. This is a stretch, respectfully. The arbitrators are respected jurists – a retired federal circuit judge and two retired federal district judges – and the Court can be confident that they will not readily be misled by counsel. Likewise, this Court undoubtedly will not be poisoned by the view of arbitrators in a separate arbitration even assuming (implausibly) that any findings or opinions could be publicly disclosed.

### C. At The Very Least, The Confidentiality Order Should Be Modified As To All Discovery Materials Produced By Parties Who Have Not Objected

CDK's objection is limited to supposed prejudice that CDK would suffer if *CDK's* discovery materials were used in the arbitration; CDK does not claim that it would be prejudiced by the use of other parties' discovery materials. *See* CDK Br. 8-12. Nor does CDK have standing to assert objections for other parties on grounds that the modification would prejudice those other parties. *See Charvat v. Travel Servs.*, 2015 WL 76901, at *1 (N.D. Ill. Jan. 5, 2015) (holding a party lacked standing to challenge discovery served on a third party unless " 'the objecting party has a personal right or privilege regarding the subject matter of the subpoena' ") (quoting 9A Wright & Miller Federal Practice & Proc. § 2463.1, at 487-88 (3d ed. 2008)); *see generally Bond v. Utreras*, 585 F.3d 1061, 1072-73 (7th Cir. 2009) (a showing of standing required in the context of modifications to protective orders). CDK's opposition thus provides no basis to deny Cox Automotive's motion with respect to discovery materials produced by parties other than CDK. At the very least, this Court should adopt the proposed modification for discovery materials from parties other than CDK and (potentially) Auto/Mate, if Auto/Mate files an opposition.

CDK's suggestion (at 9) that Cox Automotive should have provided notice of the motion to all producing parties has no merit. There is no requirement in the agreed confidentiality order to provide notice of a requested modification. Nor is there any requirement for parties to the confidentiality order to provide notice of any of the numerous events that may cause additional individuals to have access to confidential information, such as counsel hiring additional legal staff for these cases, hiring additional consultants or experts, or simply using different court reporters. *See* Dkt. 650, at § 5. In any event, Auto/Mate's letter to the Court, *see* Dkt. 1170, demonstrates that third parties would have opposed the motion if they believed there were grounds to do so.

- 9 -

Given that the requested modification causes no prejudice, it is unsurprising that all third parties (except possibly Auto/Mate) have not objected.[5]

## II.    CDK's Remaining Objections Have No Merit

### A.    Cox Automotive Need Not Intervene, Or In The Alternative, Should Be Allowed To Intervene

**1.**    Cox Automotive does not need to intervene in this litigation to seek modification of the confidentiality order because Cox Automotive filed its own individual action against CDK and is a party to the confidentiality order, which remains in effect.  See Dkt. 650, at § 18 ("Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.").  Cox Automotive previously explained (at 4) that it may file this motion in its individual action to modify the confidentiality order even after judgement has been entered because courts may continue to "modify discovery-related protective orders even after judgment."  *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) (citing "unanimous" authority on this point); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed.").

CDK cites no authority for the novel proposition that Cox Automotive must "re-intervene" in its *own individual action* to file a post-judgment motion to modify the protective order.  Each of the cases on which CDK relies (at 3-4) concerns the proper procedure for seeking modification of a protective order by a third party that has never been a party to the litigation or to the protective order.  CDK is also wrong to argue that Cox Automotive has taken inconsistent positions.  Cox Automotive's statement (at 3) that it is a party to the MDL is true:  Cox Automotive filed an

---

[5] As CDK notes (at 2), Cox Automotive originally filed the motion under seal at the request of the other party to the arbitration.  The other party subsequently consented to a public filing, which Cox Automotive has made.

individual action and is a party to the confidentiality order, which is why Cox Automotive (through its counsel) has the MDL discovery materials. Likewise, Cox Automotive's argument that, by virtue of settling all its claims, Cox Automotive became a nonparty for the purposes of ongoing discovery was also true. *See* CDK Br. 5 (citing settlement agreement provision that Cox Automotive would be treated as a "third party" for ongoing discovery).[6]

2.  In the alternative, this Court should allow Cox Automotive to intervene under Federal Rule of Civil Procedure 24(b). *See* Cox Automotive Br. 4-5. CDK's contention (at 4) that Cox Automotive provided no "argument" to support that request is puzzling. Cox Automotive's motion provides the reasons why this Court should allow it to intervene to modify the confidentiality order: Cox Automotive is a party to a related arbitration and seeks to use relevant discovery materials from the MDL in that arbitration; and modification of the confidentiality order is by far the most efficient way – for the parties and the court system – to achieve that result. If CDK is correct that Cox Automotive must intervene to seek modification, then the reasons why the protective order should be modified are the same reasons why Cox Automotive should be allowed to intervene to achieve modification. *See Grove Fresh*, 24 F.3d at 895-96 (reversing denial of motion to intervene filed by litigants in related litigation who "wish[ed] to spare the time and expense of a separate pre-trial discovery process by obtaining access to the discovery produced"); *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("[E]very court of appeals to have considered the matter has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders."); *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("[O]ur case law has recognized that those who seek access

---

[6] CDK notes (at 3) that other MDL Plaintiffs have argued that Cox Automotive documents may be hearsay when used by CDK and Reynolds. That has no relevance to whether Cox Automotive is a party to the MDL, let alone whether Cox Automotive needs to intervene.

to . . . material [governed by a protective order] have a right to be heard in a manner that gives full protection of the asserted right. . . .  In this circuit, we have intimated that the most appropriate procedural mechanism by which to accomplish this task is by permitting those who oppose the suppression of the material to intervene for that limited purpose.").

CDK also provides no ground to deny permissive intervention.  CDK does not cite a single case denying permissive intervention where a party seeks to modify a protective order to use discovery materials in closely related litigation (like Cox Automotive does).[7]  The only reason that CDK provides for denying permissive intervention is that Cox Automotive "should have anticipated the possibility that it would want to use MDL documents in a soon-to-be filed arbitration," and should have sought this modification when the agreed confidentiality order was negotiated.  CDK Br. 5.  But the agreed confidentiality order was negotiated by all parties to the MDL in early 2018 and entered by the Court on April 4, 2018, many months before the arbitration was filed.  The two subsequent modifications to the confidentiality order dated March 22, 2019 and April 25, 2019, were due to requests by third parties on unrelated issues and presented no opportunity for Cox Automotive to "renegotiate" the confidentiality order.  *See* Dkt. 586 (adding an additional sentence to Section 5(a) at the request of a third party); Dkt. 649, at 1 (adopting changes to the agreed confidentiality order due to "discussions between Dominion and Defendants" that did not involve Cox Automotive).  At bottom, CDK fails to provide any reason

---

[7] *See Gaddy v. Terex Corp.*, 2016 WL 3610833, at *2 (N.D. Ga. July 6, 2016) (denying the requested modification because – unlike here – the proposed intervenor sought discovery materials that were outside the scope of discovery in the proposed intervenor's action and not addressing whether intervention was appropriate); *Wilson v. MRO Corp.*, 2018 WL 7118191, at *2 (S.D. W. Va. Oct. 4, 2018) (declining to rule on a motion to modify a protective order prior to ruling on the motion to intervene); *Munchener Ruckversicherungs-Gesellschaft Aktiengesellschaft in Munchen v. Northrop Grumman Risk Mgmt. Inc.*, 312 F.R.D. 686, 690 (D.D.C. 2015) (unlike here, the movant did not request intervention); *Thompson v. United States*, 268 F.R.D. 319, 322-23 (N.D. Ill. 2010) (denying intervention of a creditor seeking to protect its claim to assets); *Chi. Mercantile Exch., Inc. v. Tech. Res. Grp., LLC*, 276 F.R.D. 237, 239-40 (N.D. Ill. 2011) (modification sought by a party; intervention not at issue).

- 12 -

why the timing of the request to modify the protective order causes any prejudice to CDK. The timing therefore provides no basis to deny intervention.

### B.    Cox Automotive's Motion Is Consistent With The Settlement Agreement

Cox Automotive's settlement agreement with CDK has no effect on Cox Automotive's request to modify the confidentiality order. Section 9 of the July 10, 2019 settlement agreement – titled "Discovery, Motion Practice, and the Remaining Litigation" – addresses Cox Automotive's and CDK's continuing "discovery obligations" in the MDL. *See* CDK Br. 5-6. At the time of the settlement, Cox Automotive – in conjunction with other plaintiffs – had outstanding discovery requests to CDK and had a pending motion to compel against CDK. *See* Dkt. 633. Likewise, CDK had outstanding discovery requests and motions to compel against Cox Automotive to obtain discovery materials for use in defending claims brought by other plaintiffs. *See* Dkt. 543. Section 9 delineated the parties' "obligations" with respect to those outstanding discovery issues and with respect to any future discovery requests. It provides that, notwithstanding the resolution of Cox Automotive's claims against CDK, CDK needs to "continue to participate in coordinated discovery in the MDL," as CDK had before the settlement. But given there were no longer any pending claims by or against Cox Automotive, Cox Automotive needed only to "fulfill any discovery obligations it may have in the Litigation as a third party." Further, neither party could file additional discovery motions "against" the other except to enforce the Section 9 "obligations."

Cox Automotive's motion is not contrary to this provision for two reasons. *First*, Cox Automotive's motion is not a discovery motion "against" CDK. The motion does not seek to compel CDK to provide any additional discovery or to do anything at all. Cox Automotive requests that the *Court* modify the confidentiality agreement. CDK's argument (at 6) that Section 9 bars any motion by Cox Automotive (including this one) that "would affect and prejudice CDK's rights" construes that section too broadly. CDK's construction would grant it a veto right

- 13 -

over *any* motion by Cox Automotive that CDK opposed. CDK did not bargain for such expansive powers; it bargained only for a prohibition on motions "against" CDK.

*Second*, Section 9 does not even prohibit Cox Automotive from filing discovery motions "against" CDK. Section 9 requires CDK to "continue to participate in coordinated discovery in the MDL" and allows Cox Automotive to file motions "to enforce [that] discovery obligation." CDK Br. 5. Even if Cox Automotive's motion could be construed to be "against" CDK, the motion would still be one that seeks to "enforce" CDK's "obligation" "to participate in coordinated discovery in the MDL." *Id.* The motion seeks to make discovery materials available for use in a related arbitration, consistent with the purpose behind the creation of the MDL: centralizing discovery in one proceeding to avoid unnecessary duplication, including coordination of discovery for collateral litigation that cannot be centralized in the MDL like the present arbitration. *See* Cox Automotive Br. 2-3 (citing Manual for Complex Litigation (Fourth) § 20.14 (2004)).

## III.    Auto/Mate's Letter Has No Effect On This Motion

In its September 9, 2020 letter to the Court, Auto/Mate asserts that there has been a violation of the confidentiality order. *See* Dkt. 1170. That assertion is irrelevant to this motion: as discussed above, the requested modification will not affect the confidentiality of any MDL discovery materials, because those materials will remain subject to the MDL protective order and will not be disseminated to any parties that do not already have them.

Without purporting to fully respond to Auto/Mate's letter, Cox Automotive notes that the letter fails to disclose material facts that are inconsistent with its assertion of a protective order violation. *First*, the letter asserts that Authenticom, Inc. produced an Auto/Mate deposition transcript to the Federal Trade Commission ("FTC") in January 2019 in response to a Civil Investigative Demand issued to Authenticom, and that Authenticom's counsel (Kellogg Hansen) inadvertently failed to provide prior notice of that production to give Auto/Mate "an opportunity

- 14 -

to try to protect its Confidential Information in the court from which the subpoena or order issued."

*See id.* at 7-8; Dkt. 650, § 11(c).  When Auto/Mate alerted Authenticom of the issue in June 2020, Authenticom promptly took corrective action by requesting that the FTC sequester the transcript until Auto/Mate had a chance to object, which the FTC agreed to do.  *See* Dkt. 1170, at 7.  But Auto/Mate never objected.  It never filed a motion for a protective order in this Court or, to Authenticom's knowledge, took any steps to object to the production of the transcript to the FTC.  For good reason:  Auto/Mate had no valid basis to seek a protective order to prevent the FTC from obtaining relevant discovery materials from Authenticom in the FTC's ongoing investigation of CDK's and Reynolds's unlawful conduct.[8]



*Second*, ███████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████  Auto/Mate's statement to Authenticom in June 2020 that it "was not given prior notice of the subpoena, and was not afforded an opportunity to take a position with respect to the subpoena" thus appears to be inaccurate.  Dkt. 1170, at 6.  ████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████

## CONCLUSION

This Court should enter the proposed modification to the confidentiality order.

---

[8] As of this filing, this Court has yet to set a briefing schedule for Authenticom's response to Auto/Mate's letter.  *See* Dkt. 1173.

Dated:  September 15, 2020

Respectfully submitted,

*/s/ Derek T. Ho*

Derek T. Ho
Daniel V. Dorris
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M. Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Fax:  (202) 326-7999
dho@kellogghansen.com
ddorris@kellogghansen.com

*Counsel for Cox Automotive, Inc.,*
*Autotrader.com, Inc., Dealer Dot Com, Inc.,*
*Dealertrack, Inc., HomeNet, Inc., Kelley*
*Blue Book Co., Inc., vAuto, Inc.,*
*VinSolutions, Inc., and Xtime, Inc.*

**CERTIFICATE OF SERVICE**

I, Derek T. Ho, an attorney, hereby certify that on September 15, 2020, I caused a true and correct copy of the foregoing **COX AUTOMOTIVE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com