# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *ALL PENDING CASES* | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' SUR-REPLY IN
RESPONSE TO MDL PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
DEFENDANT CDK GLOBAL, LLC AND THE REYNOLDS AND REYNOLDS
COMPANY'S JOINT STATEMENT OF ADDITIONAL MATERIAL FACTS**

**RECORD CITATION FORMAT**

| Abbr. | Reference | Docket Number |
|---|---|---|
| Defs. JSUF Ex. | Exhibits to the Declaration of Daniel T. Fenske, May 20, 2020 | Dkt. 975 |
| Dorris Ex. | Exhibits to the Declaration of Daniel V. Dorris, May 20, 2020 | Dkt. 977-1 |
| Auth. SJ Br. | Plaintiff Authenticom, Inc.'s Memorandum in Support of its Motion for Summary Judgment on Defendants' Counterclaims | Dkt. 978 |
| Resp. Auth. SOF | Response of Defendants CDK Global, LLC and The Reynolds and Reynolds Company to Plaintiff Authenticom, Inc.'s Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment on Defendants' Counterclaims, July 28, 2020 | Dkt. 1056 |
| Defs. Add'l Ex. | Exhibits to the Declaration of Daniel T. Fenske, July 28, 2020 | Dkt. 1064 |
| Ho Ex. | Exhibits to the Declaration of Derek T. Ho, July 28, 2020 | Dkt. 1069-1 |
| Defs. Resp. to JSUF Objs. | Defendant CDK Global, LLC's and The Reynolds and Reynolds Company's Response to Plaintiffs' Evidentiary Objections to Defendants' Joint Statement Of Common Undisputed Material Facts, August 28, 2020 | Dkt. 1126-1 (leave to file granted at Dkt. 1151) |
| Auth. SJ Reply | Plaintiff Authenticom, Inc.'s Reply in Support of its Motion for Summary Judgment on Defendants' Counterclaims, August 28, 2020 | Dkt. 1137 |
| Resp. Defs. JSOAF | MDL Plaintiffs' Responses to Defendants CDK Global, LLC's and The Reynolds and Reynolds Company's Statement of Additional Material Facts in Opposition to MDL Plaintiffs' Motions for Summary Judgment on Defendants' Counterclaims, August 28, 2020 | Dkt. 1139 |
| Defs. Sur. Ex. | Exhibits to the Declaration of Daniel T. Fenske, September 18, 2020 | Filed concurrently |

i

Pursuant to Dkt. 1171, CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") hereby file their sur-reply to evidentiary objections lodged by Plaintiffs in their August 28, 2020 reply filings in support of their motions for summary judgment.

1. Plaintiffs assert the Kelly Hall and Northon Rodrigues declarations are improper because (a) Defendants did not previously disclose the witnesses and (b) Defendants refused discovery of "system design documents." Auth. Reply 37-38; Resp. Defs. JSOAF 53-54, 56-66, 104.

**Response:** In moving for summary judgment as to Defendants' DMCA counterclaims, Authenticom argued that it could access Defendants' "executable code" without encountering Defendants' technological blocking measures. Auth. SJ Br. 46-47. In support, it proffered a declaration from Authenticom executive Brian Clements dated May 19, 2020, and a report from Nancy Miracle. *Id.* (citing Dorris Ex. 155 & 165). ▮

▮

▮[1]

On July 28, 2020, Defendants submitted declarations to rebut that evidence. Reynolds submitted a declaration from Kelly Hall, until February 2020 a Senior Vice President for Software Development at Reynolds. Defs. Add'l Ex. 524. CDK submitted a declaration from Northon Rodrigues, Director of Engineering for DMS at CDK. Defs. Add'l Ex. 523. ▮

▮

---

[1] ▮

██████████████████████████████████[2]

Plaintiffs state that the Hall *and* Rodrigues declarations should be excluded for failure to provide information or identify a witness as required under Rule 26(a) or (e). Auth. SJ Reply 37. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Reynolds plainly complied with Rule 26 as to Mr. Hall's declaration.

Mr. Rodrigues was not listed in CDK's initial disclosures, but exclusion is not warranted. The Court has "broad discretion" to consider evidence from a witness not named in Rule 26(a) disclosures. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *accord Johnson v. McDonald*, 2020 WL 374679, at *2 (N.D. Ill. Jan. 23, 2020) (normally "justice is dispensed by hearing of the cases on their merits"). Under Rule 37, exclusion is warranted only if the failure to disclose earlier was not "substantially justified" or "is harmless." Fed. R. Civ. P. 37(c)(1). All of the factors that guide this decision, *David*, 324 F.3d at 857, favor Defendants.

*First*, Plaintiffs cannot show prejudice. Mr. Rodrigues was responding to new, post-fact discovery evidence that Authenticom submitted for the very first time in its summary judgment motion. Indeed, because ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, this issue first came up in Plaintiffs' summary judgment motion. *See supra* p. 1; *McCarthy v. Option One Mortg. Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2014) ("In light of the fact that some issues were not disputed until summary judgment, the defendants['] failure to

---

[2] Mr. Hall and Mr. Rodrigues each submitted declarations in support of Defendants' motion for summary judgment. Defs. JSUF Ex. 108 & 109. Defendants previously explained why Mr. Rodrigues's May 2020 declaration was proper. *See* Defs. Resp. to JSUF Objs. at 1-2.

2

initially disclose some evidence appears to have been substantially justified.").

Plaintiffs also cannot show unfair surprise or prejudice because they failed to conduct discovery on the topics of the declarations. Plaintiffs could have investigated what they call "system design" issues by, for example, serving interrogatories or conducting depositions about the basis for Defendants' DMCA counterclaims or the manner in which Defendants' systems processed polling requests. They did not.

The sole basis for Plaintiffs' contention that Defendants "successfully opposed discovery of how their technological measures worked" (Auth. SJ Reply 38) is that Judge Gilbert denied Plaintiffs' motion to compel "granular system design documents." Dkt. 441 at 8. But Plaintiffs point to no request as to the manner in which Authenticom's (or other third-party integrators') conduct resulted in the copying of Defendants' proprietary software. Regardless, Judge Gilbert's order stated only that the Court "d[id] not understand" Plaintiffs' requests and invited Plaintiffs to press the argument at a hearing or through a new motion. *Id*. Plaintiffs did neither. Simply put, *Plaintiffs* abandoned discovery on these issues; Defendants did not impede it.

Plaintiffs' failure to depose any witnesses on these issues confirms the lack of prejudice. ▮▮▮▮▮▮▮▮▮▮ Defs. Sur. Ex. 657 (5/10/18 CDK Amd. Disclosures) at 2, but Plaintiffs did not take Crutchfield's deposition in the MDL. And as mentioned above, ▮▮▮▮▮▮▮▮▮▮ *Supra* p. 2. Plaintiffs did not seek to depose Mr. Hall in his personal capacity, despite an allowance of thirty party depositions. Dkt. 422 § 1(A). And when Reynolds put Mr. Hall up as its corporate representative on "data security policies, procedures, practices and capabilities," Defs. Sur. Ex. 658 (4/22/19 B. Ross Ltr.) at Topic 19, ▮▮▮▮▮▮▮

3

███████. In short, it is not plausible that Plaintiffs would have acted differently based on earlier disclosures. *See Celler Law Org., Inc. v. Sony Pictures Television Inc.*, 2014 WL 12580516, at *6 (S.D. Fla. Apr. 12, 2014) ("failure to list additional witnesses that Celler would not have investigated causes no prejudice to Celler").

***Second***, though Defendants do not believe that Plaintiffs should be awarded a do-over for failing to pursue discovery on these issues, if the Court disagrees there is plenty of time for Plaintiffs to cure any prejudice by deposing Mr. Hall or Mr. Rodrigues before trial. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759–60 (7th Cir. 2004) (urging courts "to carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative"). Also, MDL Plaintiffs *themselves* submitted multiple new declarations in connection with summary judgment, including not only Mr. Clements's declaration, to which the Hall and Rodrigues declarations respond, but also multiple declarations by Authenticom CEO Steve Cottrell and a declaration by an undisclosed expert, Wei Zhao, of Berkeley Research Group, LLC. *See* Dorris Ex. 164; Dorris Ex. 165; Ho Ex. 459; Ho Ex. 467. To the extent the Court believes curative measures are necessary in light of the Hall and Rodrigues disclosures, Defendants should be afforded a similar opportunity as to Plaintiffs' new evidence.

***Finally***, Defendants plainly did not act in bad faith. Rather, Defendants merely introduced rebuttal evidence through declarations after Plaintiffs chose to make wholly unsupported assertions about CDK's and Reynolds's systems in their summary judgment submissions. Plaintiffs' own submission of new testimony in connection with their summary judgment motions, including from an undisclosed expert, decisively undercuts any claim of bad faith on the part of Defendants.

**2.**     Plaintiffs assert that numerous exhibits are inadmissible hearsay. Resp. Defs. JSOAF 1, 2, 6, 7, 32, 34, 38, 41, 44, 50, 80.

**Response**: Plaintiffs' hearsay objections are wrong. Certain objections are identical to those

4

lodged in Plaintiffs' response to Defendants' Local Rule 56.1(b)(3)(B) statement. *See* Defs. Resp. to JSUF Objs. at 3, 6-7 (addressing Defs. JSUF Ex. 10, 25, 245, 246, 256). Defendants incorporate their prior responses as to those exhibits by reference. The below chart addresses new objections.

| Ex. | Response |
|---|---|
| 31 | Defs. JSUF Ex. 31 is not offered for the truth of the matter asserted, but to show that dealers believed that by locking-out particular user accounts, CDK made clear that third-party access to the DMS was unauthorized. Plaintiffs also waived this objection by failing to object to this exhibit in their initial response. *See* Dkt. 1070 ¶ 162. |
| 374 | Defs. Add'l Ex. 374 is not offered for the truth of the matter asserted, but rather to show what the dealer in question understood about CDK's contracts and authorization. |
| 377 | Defs. Add'l Ex. 377 is not offered for the truth of the matter asserted, but rather for the reasons discussed above with respect to Defs. JSUF Ex. 31. |
| 414 | Defs. Add'l Ex. 414 is not offered for the truth of the matter asserted, but rather to show that dealers made the statements in question. |
| 421 | Defs. Add'l Ex. 421 is not offered for the truth of the matter asserted, but rather to demonstrate that and to whom the dealer made the statements in question and/or to show the dealer's then-existing intent. Authenticom also forwarded the email without expressing disagreement, manifesting a belief it was true. FRE 801(d)(2)(b). |
| 426 | Defs. Add'l Ex. 426 reflects statements by an Authenticom employee, a party opponent. Even if not, it is not offered for the truth of the matter asserted, but rather for the reasons discussed above with respect to Defs. JSUF Ex. 31. |
| 427 | Defs. Add'l Ex. 427 is not offered for the truth of the matter asserted, but rather to show that an ▮▮▮▮ employee made the statements in question. |
| 438 | Defs. Add'l Ex. 438 is a ▮▮▮▮ Resp. Defs. JSOAF 80. ▮▮▮▮ *See* Defs. Sur. Ex. 659, Authenticom 30(b)(6) (Brown) Tr. 30-31, 409. The document is not hearsay under FRE 801(d)(2)(B), 803(6), and/or 807, as Defendants can show at trial. |
| 509 | Defs. Add'l Ex. 509 are notes of a conversation with Authenticom employees created in the ordinary course of business by ▮▮▮▮ retained by Authenticom. Defs. Sur. Ex. 660, Lamm Tr. 10-13, 26-32. They are not hearsay under FRE 801(d)(2) and/or 803(6), as Defendants can show at trial. |
| 510 | Defs. Add'l Ex. 510 are notes of a conversation with Authenticom employees created in the ordinary course of business by ▮▮▮▮ retained by Authenticom. Defs. Sur. Ex. 660, Lamm Tr. 10-13, 64-68. They are not hearsay under FRE 801(d)(2) and/or 803(6), as Defendants can show at trial. |

**3.**   Plaintiffs assert that testimony in Defs. Add'l Ex. 570 was nonresponsive. Resp. Defs. JSOAF 75.

**Response:** Dr. Schneck's testimony was responsive, and can be re-elicited at trial if necessary.

5

Dated: September 18, 2020

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds Company*

Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant*
*CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, hereby certify that on September 18, 2020, I caused a true and correct copy of the foregoing **DEFENDANTS' SUR-REPLY IN RESPONSE TO MDL PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT CDK GLOBAL, LLC AND THE REYNOLDS AND REYNOLDS COMPANY'S JOINT STATEMENT OF ADDITIONAL MATERIAL FACTS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      */s/ Britt M. Miller*
      Britt M. Miller
      MAYER BROWN LLP
      71 South Wacker Drive
      Chicago, IL 60606
      (312) 782-0600
      bmiller@mayerbrown.com