IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION <br><br> **This Document Related to All Cases** | MDL No. 2817 <br> Case No. 18-CV-00864 |

MOTION OF NON-PARTY WITNESS AUTOMATE, INC. SEEKING
A PROTECTIVE ORDER AND SANCTIONS

INTRODUCTION

Non-party AutoMate, Inc. ("AutoMate") asserts the instant third-party motion seeking (i) an order directing the return or destruction of all of AutoMate's confidential documents and testimony produced in the case and (ii) an order of sanctions requiring certain parties to pay AutoMate's fees and costs for the motion, in part, based upon a violation of the Court's Agreed Confidentiality Order, dated April 4, 2018 (Docket No. 104).

BACKGROUND

AutoMate is a DMS company in direct competition with the DMS manufacturers who are parties to this litigation. (Massaroni Dec., at ¶ 5)[1] AutoMate responded to multiple non-party witness subpoenas in this case. This includes a subpoena for documents dated March 23, 2018 from counsel to the Reynolds & Reynolds Company ("Reynolds"); a subpoena dated November 19, 2018 from Reynolds seeking testimony; and a subpoena dated November 29, 2018

---

[1] All references to "Massaroni Dec." are to the Declaration of Christopher Massaroni, Esq., dated September 22, 2020, which is submitted in support of this Motion.

from the plaintiff's dealer class ("MDL Plaintiffs"), also seeking deposition testimony from AutoMate. (Massaroni Dec., at ¶ 6).

AutoMate was an extremely reluctant witness and did not want to provide any documents or testimony to its competitors or others in the automotive industry. (Massaroni Dec., at ¶¶ 7 and 10). AutoMate complied with the subpoenas because it recognized its obligations under the Federal Rules of Civil Procedure, and because it was assured that there was a robust confidentiality order in place and that such order would be complied with. (Massaroni Dec., at ¶ 10). AutoMate ultimately produced documents and testimony in response to the subpoenas. (Massaroni Dec., at ¶ 9). In doing so, it labeled many of its documents as either "Confidential" or "Highly Confidential" under the Confidentiality Order, and it designated all of the testimony of its witness as "Highly Confidential." (Massaroni Dec., at ¶ 9).

In addition, on December 20, 2018, Automate's witness provided testimony in response to the subpoenas. AutoMate designated the testimony as "Highly Confidential" and this designation is printed at the top of every page of the transcript. (Massaroni Dec., at ¶ 9).

Despite AutoMate's efforts to protect its information, AutoMate recently learned of a breach of the Confidentiality Order. Specifically, this summer AutoMate learned that the testimony of its witness may have been disclosed to the FTC without notice to AutoMate. On June 18, 2020, AutoMate's counsel wrote to all counsel who attended AutoMate's December 20, 2018 deposition to inform them that AutoMate had learned of a potential breach of the Confidentiality Order, and asked all three law firms to respond to three specific inquiries concerning AutoMate's confidential information. (Massaroni Dec., at ¶ 14, Ex. E). Counsel to the MDL Plaintiffs responded by informing AutoMate that it had disclosed AutoMate's confidential information to

2

the FTC without providing notice to AutoMate. Counsel advised that this disclosure was inadvertent and that, when the matter was brought to his firm's attention, his firm had immediately made efforts with the FTC to afford AutoMate an opportunity to protect its information. (Massaroni Dec., at ¶ 15, Ex. F). Counsel to the other two parties did not even bother to respond to AutoMate's request. (Massaroni Dec., at ¶ 16).

Apart from the breach of the Confidentiality Order, AutoMate has concerns about its confidential information for three additional reasons as well. First, it is deeply troubling that counsel to Reynolds and CDK did not even bother to respond to AutoMate's request regarding its confidential information until after the matter had been brought to the Court's attention.

Second, AutoMate has learned of the Application by Cox Automotive to modify the Confidentiality Order to permit the use of confidential documents outside this litigation. AutoMate was not placed on the notice of this application, even though the application directly affects its documents. (Docket No. 1155).

Third, Reynolds previously breached a Nondisclosure Agreement between Reynolds and AutoMate, long prior to the entry of the Agreed Confidentiality Order. (Massaroni Dec., at ¶¶ 23-24, Ex. G).

All of the foregoing gives AutoMate great concern that the parties to this action do not, and will not, respect its confidences. The only way for AutoMate to have comfort that its confidential information will not be more broadly disseminated is for the parties to be directed to return all such material.

AutoMate brought this issue to the Court's attention by letter of its counsel, Christopher Massaroni, Esq., dated September 9, 2020. On September 11, the Court granted permission to AutoMate to make a formal motion with respect to this matter.

In response to the Court's invitation, AutoMate now formalizes the substance of counsel's September 9, 2020 letter, and presents the instant motion, seeking the following relief:

1. An Order directing that the Parties submit affidavits and/or sworn declarations of counsel that respond to the following questions:

    > "1. Whether you or your clients received or responded to a subpoena from the FTC seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;
    >
    > 2. Whether you or your clients received or responded to a subpoena from any other party seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;
    >
    > 3. Please provide me with copies of all such subpoenas and copies of all documents or materials disclosed in response to such subpoenas."

2. An Order directing that the Parties provide AutoMate's counsel with (a) copies of any and all subpoenas received by them that sought the production of AutoMate's confidential information, and (b) copies of all materials disclosed by them in response.

3. An Order directing that the Parties return to AutoMate all documents and material previously produced by AutoMate, without retaining copies.

4. An Order directing that the Parties satisfy those costs and reasonable attorneys' fees incurred by AutoMate as a result of their violations of the Confidentiality Order.

## ARGUMENT

### Rule 37 (b) Sanctions Should Be Imposed

Rule 37(b)(2) authorizes the Court to issue powerful sanctions against a party for the disobedience of "an order to provide or permit discovery". Fed.R.Civ.P. 37(b). Rule 37(b)(2)(C) further states that in addition to an order of sanctions, "the court **must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees**, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b) (emphasis added).

This Court has repeatedly held that Rule 37(b) sanctions are available to redress violations of confidentiality orders. [2] *Instant Technology LLC v DeFazio*, Case No. 12 C 491, 2013 WL 5966893 (N.D. Ill 2013) ("in agreement with the Fifth Circuit and other courts in the district, this court concludes that Rule 37(b) may be applied to violations of confidentiality orders"); *Whitehead v. Gateway Chevrolet, Oldsmobile*, No. 03 C 5684, 2004 WL 1459478 at *3 (N.D. Ill. June 29, 2004) ( "[t]his issue [awarding sanctions under Rule 37(b)] has received ample attention, and will not be revisited"); *American Nat. Bank and Trust Co of Chicago v AXA Client Solutions, LLC,* Case No. 00 C 6786, 2002 WL 1067696 (N.D. Ill 2002) (imposing Rule 37(b) sanctions based upon violation of an agreed upon protective order).

---

[2] Compare *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1322–23 (11th Cir.2001) (holding that Rule 37(b) does not encompass protective orders issued pursuant to Rule 26(c)), *with Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir.2012) (finding that protective order governing production of confidential material fell under Rule 37(b)(2)'s definition of "order to provide or permit discovery" and upholding sanctions award) *and Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983) (upholding award of attorneys' fees for violation of a protective order under Rule 37(b)).

As stated by this Court in *American Nat. Bank and Trust Co of Chicago v AXA Client Solutions, LLC, supra*:

> Generally speaking, parties to a lawsuit may disseminate information obtained through discovery as they see fit. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994). Upon entry of a protective order under Rule 26(c), however, this is no longer the case. Dissemination becomes controlled by the terms of the protective order and the parties must comply with the terms of the protective order or subject themselves to possible sanctions. *Maness v. Meyers,* 419 U.S. 449, 458 (1975) ("[A]ll orders ... of courts must be complied with promptly."); *Krynicki v. Falk*, 983 F.2d 74, 78 (7th Cir.1992) ("The confidentiality order is effective until modified ...."); *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F.Supp. 1427, 1137–45 (N.D.Ill.1995).

Here, there is no dispute that the Confidentiality Order has been violated. Though it may have been inadvertent, the MDL Plaintiffs breached the Order. Given this violation, sanctions are appropriate. The relief sought by AutoMate is fully supported by Rule 37(b) and consistent with prior decisions from this Court.

**1. The Parties Should Be Directed to Provide Sworn Statements Detailing their Misconduct.**

Among the relief sought by AutoMate is a sworn explanation, by each of the Parties, setting forth the extent to which AutoMate's confidential information has been disclosed to third parties. This precise relief was previously awarded in *Instant Technology LLC v DeFazio*, *supra*, wherein this Court ordered the offending party to file declaration or affidavit explaining extent of disclosure of confidential information. *Id.,* at *4 ("[Plaintiff] is ordered to file a further declaration or affidavit (or more than one if necessary) setting out the facts regarding whether the "Outside Counsel Only" documents included as exhibits to the memorandum were provided to or seen by any officer or employee of [Plaintiff] at any time, including the time when the documents were on the public record, and whether the contents of those documents were conveyed to anyone but the persons permitted pursuant to the Confidentiality Order").

6

This is exactly the type of relief sought by AutoMate now.

### 2. The Parties Should Return to AutoMate all Material Produced by It Under the Confidentiality Order, without Retaining Copies.

In addition to seeking evidentiary details concerning the nature and extent to which its confidential information has been shared with third parties, AutoMate asks that the court direct the Parties to return to AutoMate all material that it produced under the (perceived) protection of the Confidentiality Order. This relief is supported by Rule 37(b), which specifically envisions a court order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence". Fed. R. Civ. P. 37(b)(2)(A)(ii). AutoMate disclosed its confidential information only after it received assurances (and a Court order) that its confidences would be protected, and that the terms and conditions of the Confidentiality Order would be followed. This was a *quid pro quo*. Without the protections of the Confidentiality Order, AutoMate would not have turned over its confidential material to its competitors and others in the automotive industry. In view of the breach and the multiple other manifestations of the parties' lack of respect for AutoMate's confidences, all parties should be directed to return all of AutoMate's confidential information that was obtained under the promise of confidentiality.

### 3. The Parties should Pay AutoMate's Costs and Attorneys Fees.

AutoMate also requests that this Court award AutoMate the reimbursement of its expenses, including attorneys' fees, in addressing the Parties' misconduct. Not only is this relief expressly mandated by Rule 37(b)(2)(C) itself ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees"), but it has routinely been awarded by this Court in response to the breach of a confidentiality order. *Instant Technology LLC v DeFazio*, *supra*, at *5 (awarding fees for violation of protective order); *Am.*

7

*Nat. Bank & Tr. Co. of Chicago ex rel. Emerald Investments LP v. AXA Client Sols., LLC*, *supra*, at *5 (awarding attorneys' fees incurred in connection with investigating violation of protective order); *Whitehead v. Gateway Chevrolet, Oldsmobile*, *supra*, at *5 (adopting report and recommendation awarding attorneys' fees for violating protective order).

We request such relief from (i) the MDL Plaintiffs, who breached the Confidentiality Order and (ii) Reynolds and CDK, who refused to respond to AutoMate's inquiry about the confidential information until after AutoMate had sought recourse in this Court.

## CONCLUSION

For these reasons set forth above, AutoMate requests that this Court issue an Order pursuant to Fed.R.Civ.P. 37(b), directing the return of all of AutoMate's confidential documents and testimony, together with such other relief as the Court considers appropriate.

Dated: September 22, 2020

        **HODGSON RUSS LLP**
        Attorneys for Non-Party Movant
        *AutoMate, Inc.*

      By _____
        Christopher Massaroni, Esq. (ILND Bar No. 1876853)
        Scott C. Paton, Esq.
        677 Broadway, Suite 301
        Albany, New York 12207
        (518) 433-2432
        cmassaroni@hodgsonruss.com
        spaton@hodgsonruss.com