# EXHIBIT E

HodgsonRuss LLP
ATTORNEYS

**Christopher Massaroni**
Partner
Direct Dial: 518.433.2432
*CMassaroni@hodgsonruss.com*

June 18, 2020

*Via E-mail and US Mail*

Dylan I. Ballard, Esq.
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
Dballard@sheppardmullin.com

Daniel V. Dorris, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
Sumner Square
1615 M Street, N.W.
Suite 400
Washington, DC 20036
DDorris@kellogghansen.com

Matthew D. Provance, Esq.
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Mprovance@mayerbrown.com

RE: In re: Dealer Management Systems Antitrust Litigation (1:18-cv-000864 (ILND))

Dear Counselors:

As you know, I represent Auto/Mate, Inc. in connection with matters related to the above-referenced litigation. I write to express Auto/Mate's concern that there has been an apparent breach of the Agreed Confidentiality Order for this case ("Confidentiality Order") and that Auto/Mate's confidential information disclosed in this case was improperly disclosed.

Auto/Mate's corporate witness provided testimony on December 20, 2018. As you will recall, in the weeks prior to this deposition, I had expressed concern regarding the confidentiality of documents, information and testimony of Auto/Mate. In response to my concerns, Mr. Ballard assured me that Auto/Mate's information would be maintained in strict confidence in accordance with the terms of the Confidentiality Order.

The transcript of this testimony (the "Transcript") was designated by Auto/Mate as Highly Confidential under the Confidentiality Order (see, Transcript, pp. 9 and 363). Therefore, the term "Highly Confidential" is printed at the top of each page of the Transcript.

The Confidentiality Order contains provisions addressing the obligation of a Receiving Party who is served with a subpoena calling for disclosure of material designated as confidential under the Confidentiality Order. Specifically, under these circumstances, the Receiving Party must give notice to the Designating party before disclosing any confidential material of the Designating Party.

June 18, 2020
Page 2



      Please be advised that we have learned that the Transcript was disclosed to the FTC pursuant to a subpoena issued upon a party to this case. Auto/Mate was not given prior notice of the subpoena, and was not afforded an opportunity to take a position with respect to the subpoena, as is required in the Confidentiality Order.

      In view of the foregoing, please advise me of the following:

1. Whether you or your clients received or responded to a subpoena from the FTC seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;

2. Whether you or your clients received or responded to a subpoena from any other party seeking production of any information relating to Auto/Mate, including any documents, information or testimony provided by Auto/Mate in this litigation;

3. Please provide me with copies of all such subpoenas and copies of all documents or materials disclosed in response to such subpoenas.

      Auto/Mate reserves the right to seek any appropriate remedy in view of a breach of the Confidentiality Order.

      I look forward to hearing from you on an immediate basis.

Very truly yours,

Christopher Massaroni

CM/ojn