**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ALL CASES* | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert<br><br>**PUBLIC-REDACTED** |

**MDL PLAINTIFFS' SUR-SUR-REPLY IN SUPPORT OF
THEIR EVIDENTIARY OBJECTIONS TO DEFENDANTS'
JOINT STATEMENT OF ADDITIONAL MATERIAL FACTS**

**GLOSSARY**

| Abbreviation | Title | Dkt. |
|---|---|---|
| DJ SAF | Defendants CDK Global, LLC's and The Reynolds and Reynolds Company's Statement of Additional Material Facts in Opposition to MDL Plaintiffs' Motions for Summary Judgment on Defendants' Counterclaims (July 28, 2020) | Dkt. 1062 |
| DJ SUF | Defendants CDK Global, LLC's and The Reynolds and Reynolds Company's Joint Statement of Common Undisputed Material Facts in Support of Their Motions for Summary Judgment (May 20, 2020) | Dkt. 974 |
| PJ RSAF | MDL Plaintiffs' Responses to Defendants CDK Global, LLC's and The Reynolds and Reynolds Company's Statement of Additional Material Facts in Opposition to MDL Plaintiffs' Motions for Summary Judgment on Defendants' Counterclaims (Aug. 28, 2020) | Dkt. 1139 |
| Fenske Ex. | Exhibits to the Declarations of Daniel T. Fenske (May 20, 2020, July 28, 2020, and Sept. 18, 2020) | Dkts. 975, 1064, and 1178 |
| Ho Ex. | MDL Plaintiffs' Exhibits 523-527 to the Declaration of Derek T. Ho (Sept. 28, 2020) | Filed concurrently |

MDL Plaintiffs submit this sur-sur-reply pursuant to the Court's Order (Dkt. 1171).

**I.A.** CDK relies on two declarations from Northon Rodrigues concerning the originality and creativity of CDK's DMS, and whether CDK's technological measures prevented access to copyrightable elements of its DMS. *See* Dkt. 975-108, 1065-55. Because CDK did not list Rodrigues in its Rule 26(a)(1) disclosures, his declarations are "automatically excluded" under Rule 37(c)(1) unless CDK can show the failure-to-disclose was "substantially justified or harmless." *Tribble v. Evangelides*, 670 F.3d 753, 758 (7th Cir. 2012). CDK fails to do so.

*First*, CDK contends (at 2-3) that the failure-to-disclose was "substantially justified" because whether CDK's technological measures prevented access to copyrightable elements of its DMS was not disputed until summary judgment. To the contrary, that is an essential element of Defendants' DMCA claims on which they bear the burden of proof. *See* Dkt. 978, at 46-49; Dkt. 1137, at 39-40; Dkt. 965, at 32-39. Plaintiffs disputed this element from the outset. *See* Dkt. 517 ¶¶ 52-53, 129 (Reynolds); Dkt. 516 ¶ 107 (CDK); Dkt. 595, at 14-19; Dkt. 765 ¶ 150. Defendants have thus always known that they would need to provide evidence on this issue.

*Second*, CDK asserts (at 3-4) that the failure-to-disclose was "harmless" because Plaintiffs would not have conducted additional discovery. But "it is not the defendant's place to pick and choose which witnesses it will disclose under the rules and, when called on the carpet for violating the rules, attempt to justify it by arguing that his opponent would not have put the knowledge to good use." *Needham v. Innerpac, Inc.*, 2007 WL 1662681, at *2 (N.D. Ind. June 7, 2007). Defendants' speculation that Plaintiffs would have not sought discovery of Rodrigues is also wrong. Plaintiffs pursued discovery on the subject matter of Rodrigues's declarations. They sought system design documents concerning "blocking automated access to data" and "the technological methods used . . . to block or disable dealer-provided login credentials." Dkt. 1137,

at 38 & n.38; *see also* Ho Ex. 523, Dealership Pls.' Interrogs. to CDK at 12 (seeking evidence supporting counterclaims). Defendants concede these requests sought discovery on the same subject matter as Rodrigues's declarations, *see* Dkt. 354 at 29-30, and that they withheld documents on that issue, *see* Dkt. 354-2. Plaintiffs also insisted (and CDK agreed) to make every individual listed on CDK's Rule 26(a)(1) disclosures a document custodian. *Compare* Dkt. 1179- 2 (Fenske Ex. 657), *with* Ho Ex. 524, 6/29/18 B. Miller Ltr. at 2 n.2; Ho Ex. 525, 3/14/18 M. Nemelka Ltr. at 2; Ho Ex. 526, 10/26/18 M. Provance Ltr. at 1. If CDK had disclosed Rodrigues, Plaintiffs would have insisted that CDK make him a custodian, and – given his role as CDK's Director of Engineering – his documents would have included the evidence regarding CDK's technological measures that CDK refused to produce. *See* Dkt. 354, at 30 (refusing to produce "files of engineers, programmers, or other technical personnel"). Rodrigues thus would have been an important (if not the most important) witness for CDK's counterclaims against Plaintiffs, and MDL Plaintiffs would have deposed him.[1]

That Plaintiffs did not depose Dean Crutchfield is irrelevant. CDK disclosed Crutchfield on the separate topic of ███████████████████ Sur-reply at 3, and when CDK needed evidence about its technological measures, it obtained a declaration from Rodrigues, not Crutchfield. Likewise, no inference can be drawn from Plaintiffs not asking questions of Kelly Hall about Reynolds's technological measures. Dealership Plaintiffs settled their claims with

---

[1] None of the cases cited by Defendants is similar. In their principal authority – *McCarthy v. Option One Mortgage Corporation*, 362 F.3d 1008 (7th Cir. 2004) – additional disclosures would have served no purpose because the undisclosed witnesses' declaration was on an issue that was not disputed and because the plaintiff chose not to "make any requests for documents, serve any interrogatories, or take any depositions during discovery." *See id.* at 1012. *Celler Law Organization, Inc. v. Sony Pictures Television Inc.*, 2014 WL 12580516 (S.D. Fla. Apr. 12, 2014), is the same. *See id.* at *5-6 (failure-to-disclose was harmless because neither party "requested *any* discovery"). In Defendants' remaining cases, the witnesses were disclosed either in Rule 26(a)(1) disclosures or by other means. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857-58 (7th Cir. 2003); *Johnson v. McDonald*, 2020 WL 374679, at *2 (N.D. Ill. Jan. 23, 2020).

Reynolds and had no reason to ask those questions. And Reynolds refused to produce the system design documents that Authenticom would have needed to depose Hall about Reynolds's technological measures. *See Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, 2017 WL 2178504, at \*17 (N.D. Ill. May 16, 2017) (rejecting inference of "minimal interest" on a topic due to lack of deposition questions where no documents had been produced prior to the deposition).

**B.** Rodrigues's declarations and the two Hall declarations submitted by Reynolds on the same issues, *see* Dkts. 975-107, 1065-56, must also be excluded because Defendants refused to provide discovery on the subject matter of those declarations. *See* Dkt. 1137, at 38-39 & n.39. Defendants do not contest that (1) Plaintiffs sought documents regarding how their technological measures worked, (2) those documents are relevant to whether their technological measures protected any copyrighted work, and (3) that Defendants refused to produce the documents (indeed, they cited only two documents in passing – apart from the declarations – on this subject). Defendants cannot refuse discovery on an essential element of their DMCA claims and then plug that hole with last-minute declarations. *See id.* (citing cases); *Sunrich, Inc. v. Pacific Foods of Oregon, Inc.*, 2004 WL 1124495, at \*2 (D. Or. May 20, 2004).

Defendants' only response is that Plaintiffs needed to file a second motion to compel after Defendants successfully opposed the first motion to compel. This argument is meritless. Federal Rule of Civil Procedure 37(c)(1) provides a "self-executing sanction for failure to make a disclosure . . . without need for a motion [to compel]." Fed. R. Civ. P. 37(c) 1993 Advisory Committee Notes; *see Ortiz-Lopez v. Sociedad Espanola de Auxilio Muto Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 33 (1st Cir. 2001); *Ouimet v. USAA Casualty Ins. Co.*, 2004 WL 5865274, at \*1 (C.D. Cal. July 14, 2004).

**C.** Finally, Defendants' offer to allow depositions of Hall and Rodrigues would not cure the prejudice to Plaintiffs. Because Defendants have refused to produce the design documents necessary for an effective examination of Hall and Rodrigues, those depositions would be of little value. CDK has not even produced a single document from Rodrigues's custodial files or any document mentioning his name. To remedy the prejudice to Plaintiffs would require additional written and oral discovery, possible "follow-up discovery," *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017), and given that new evidentiary record, potentially new expert reports and supplemental summary judgment briefing. This disruption to the case schedule would be contrary to the Seventh Circuit's directive to expedite this matter, *see Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019, 1021 (7th Cir. 2017), and would severely prejudice Authenticom, which has already had to lay off the majority of its workforce due to Defendants' unlawful conspiracy. *See Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016) (affirming exclusion of late-disclosed witness, where "[r]eopening discovery would cause further delay and require the [parties] to prepare new [summary judgment] motions on potentially different grounds"). Further, given the disruption that attempting to cure the prejudice would cause, exclusion is warranted even if that would be outcome determinative for Defendants' DMCA counterclaims. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 760 (7th Cir. 2004) (affirming outcome-determinative exclusion); *PCM Leasing, Inc. v. BelGioioso Cheese, Inc.*, 2019 WL 4567576, at *7 (N.D. Ill. July 11, 2019) (same, where any attempt to cure prejudice may require new summary judgment motions and additional fact and expert discovery).[2]

---

[2] Defendants' request (at 4) to take additional depositions is not properly presented as the sur-reply was allowed only for responding to Plaintiffs' evidentiary objections. *See* Dkt. 1171 ¶ 6. Further, Brian Clements and Steve Cottrell were listed on Authenticom's initial disclosures and have already been deposed. Defendants also do not explain why they need to depose Wei Zhao, who submitted a declaration that merely counts the number of CDK rooftops in certain states using CDK's own data.

- 4 -

II.    Plaintiffs reply below to Defendants' evidentiary arguments (at 5).

| Ex. | Plaintiffs' Reply |
|---|---|
| 31 | Plaintiffs have objected only to instances in which Defendants' use of Fenske Ex. 31 relies on the truth of third-party statements in that exhibit. *See* Dkt. 1139, PJ RSAF 2, 50. There is no waiver because Defendants cited Fenske Ex. 31 for a different purpose than the document was previously cited. *See* Dkt. 974, DJ SUF 162. |
| 374 | Defendants' use of Fenske Ex. 374 requires that the written statements of a third party truthfully reflect the understanding of that third party. *See* Dkt. 1062, DJ SAF 1, 2. These third-party statements are therefore hearsay. There has been (and will be no) testimony from these declarants to cure the hearsay problem. |
| 377 | Plaintiffs have objected only where Defendants' use of Fenske Ex. 377 relies on the truth of third-party statements (here, double hearsay). *See* Dkt. 1139, PJ RSAF 2, 50. |
| 414 | Defendants use Fenske Ex. 414 to support the proposition that Authenticom circumvented access controls, which requires that the third-party statements be true. *See* Dkt. 1062, DJ SAF 50. |
| 421 | Defendants use Fenske Ex. 421 to support the proposition that a dealer had no contractual relationship with Authenticom and that the dealer did not know what data Authenticom was pulling. *See* Dkt. 1062, DJ SAF 7, 43. Both uses require the third-party statements to be true. Further, forwarding an email does not indicate Authenticom adopted the statements in the email. |
| 426 | Defendants rely on an Authenticom employee's recounting of statements by a third party, which is hearsay. Defendants' use of the third-party statements is also premised on those statements being truthful. *See* Dkt. 1062, DJ SAF 2. |
| 427 | The fact that a third-party vendor made the statement has no relevance. The only possible relevance is that Authenticom took direction from the vendor, but that relies on the truth of the matter asserted – that the vendor could direct Authenticom. *See* Dkt. 1062, DJ SAF 6. |
| 438 | There is no basis to apply Rule 801(d)(2)(B). Authenticom's Rule 30(b)(6) witness testified that Authenticom took remedial action in response to the report, not that Authenticom adopted or agreed with the findings in the report as written. *See* Dkt. 1179-4 (Fenske Ex. 659), at 409. Further, Defendants provide no evidence that the report is a business record of either Authenticom or ▬▬▬▬ (which was not deposed). |
| 509 | Defendants' have not shown that Fenske Ex. 509 is a business record of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Ho Ex. 527, ▬▬▬▬▬▬▬. Further, even if Fenske Ex. 509 is a business record, Defendants must show the statements in the document also qualify for a hearsay exception. *See United States v. Christ*, 513 F.3d 762, 769 (7th Cir. 2008). Defendants provide no evidence of who made the statements they rely on, and the evidence indicates they are hearsay statements of ▬▬▬▬▬▬▬. *See* Ho Ex. 527, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. |
| 510 | Defendants' have not shown that the statements they rely on in Fenske Ex. 510 are admissible for the same reasons that they have failed to do so for Fenske Ex. 509. *See* Ho Ex. 527, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. |

Dated: September 28, 2020							Respectfully submitted,

*/s/ Peggy J. Wedgworth*						*/s/ Derek T. Ho*
Peggy J. Wedgworth							Derek T. Ho
**MILBERG PHILLIPS GROSSMAN LLP**			**KELLOGG, HANSEN, TODD,**
One Pennsylvania Plaza, 19th Floor					 **FIGEL & FREDERICK, P.L.L.C.**
New York, NY 10119							1615 M Street, NW, Suite 400
(212) 594-5300								Washington, D.C. 20036
pwedgworth@milberg.com						(202) 326-7900
										dho@kellogghansen.com

*MDL Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on September 28, 2020, I caused a true and correct copy of the foregoing **MDL PLAINTIFFS' SUR-SUR-REPLY IN SUPPORT OF THEIR EVIDENTIARY OBJECTIONS TO DEFENDANTS' JOINT STATEMENT OF ADDITIONAL MATERIAL FACTS** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com