IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-CV-00864 |
| This Document Related to All Cases | Oral Argument Requested |

### AUTO/MATE INC.'S MEMORANDUM IN OPPOSITION TO COX AUTOMOTIVE INC.'S MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER

Non-party Auto/Mate Inc. ("Auto/Mate") respectfully submits this Memorandum in Opposition to the Motion of Cox Automotive Inc. ("Cox") to modify the agreed Confidentiality Order ("Confidentiality Order") to permit Cox to use confidential discovery material disclosed in this action (including Auto/Mate's highly confidential information) in a secret arbitration involving parties who are unknown to Auto/Mate.

### PRELIMINARY STATEMENT

Auto/Mate is a DMS company in direct competition with the DMS manufacturers who are parties to this litigation. It is not a party to this case and it wants no involvement in this case. Nonetheless, in 2018, Auto/Mate complied with multiple subpoenas which sought highly confidential documents and testimony. Auto/Mate produced its highly confidential information only because (i) it was under compulsion of a subpoena issued in this action; (ii) it had been advised of the existence of the Agreed Confidentiality Order (the "Confidentiality Order"); and (iii) it was assured that the Confidentiality Order would be complied with. (Massaroni Dec., at ¶ 10).[1]

---

[1] The facts supporting Auto/Mate's opposition are fully set forth in the Declaration of Christopher Massaroni dated September 22, 2020, which was submitted in support of Auto/Mate's Motion for a Protective Order. (Dkt. No. 1181).

All references to the "Massaroni Dec." are to the Declaration of Christopher Massaroni in Support of Auto/Mate's Motion for a Protective Order, dated September 22, 2020 (Dkt. No. 1181-1)

This summer Auto/Mate learned that the Confidentiality Order was breached by the Kellogg Hansen firm – the same firm that is representing Cox and which now seeks permission to use Auto/Mate's documents beyond this action. In fact, in a letter to Auto/Mate's counsel dated June 26, 2020, Cox's counsel admitted that it had breached the Confidentiality Order by disclosing Auto/Mate's documents to a public agency without giving prior notice to Auto/Mate as required by the Confidentiality Order. (Ex. F to Massaroni Dec.). Counsel claims that this breach was inadvertent, but the damage had been done. <u>Id.</u> Based upon this breach and other misconduct of certain parties to this action, on September 22, 2020, Auto/Mate filed a motion seeking an order directing the return of all of its confidential documents from all parties to the case. (Dkt. No. 1181).

Auto/Mate opposes Cox's motion for many reasons. Initially, as stated in Auto/Mate's Motion for a Protective Order, Auto/Mate has already experienced one admitted breach of the Confidentiality Order. This breach alone provides a basis for denial of the motion. Other parties to the case have also shown a disregard for Auto/Mate's interest in confidentiality. (Massaroni Dec., at ¶¶ 18-24).

In addition, Auto/Mate has not been advised of even the most basic information regarding the proposed expanded use of its information. In fact, Auto/Mate was not even provided with notice of Cox's Motion; it is pure happenstance that Auto/Mate discovered the motion. Cox did not reach out to Auto/Mate to seek its consent to the application; it has not disclosed to Auto/Mate who the parties to the arbitration are; it has not explained why any of Auto/Mate's documents are relevant to the proceeding; it has not disclosed the forum of the arbitration or what arbitral or administrative staff might come into possession of its documents; it has not disclosed whether there are any confidentiality requirements or protocols in the arbitration forum; and it has not explained why Auto/Mate should have comfort that there will be no further breach of the

Confidentiality Order. Moreover, Cox's motion is highly redacted, and therefore Auto/Mate is severely handicapped in even responding to it.

Cox's motion is highly unfair and inappropriate – especially to Auto/Mate and other non-party witnesses – and should be denied.

## ARGUMENT

The standard for amending a protective order in the Seventh Circuit was set forth in *Wilk v Am, Med. Ass'n*, 635 F.2d 1295 (7th Cir. 1980). Under that analysis,

> "where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *Id.*, at 1299. "Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order". *Id.*

In *Griffith v University Hosp.,* LLC, 249 F.3d 658 (7th Cir. 2001), the Seventh Circuit explained that:

> "The *Wilk* test requires a district court to determine, when faced with a motion to intervene to modify a protective order, (1) whether the party opposing [modification] has any substantial right at stake, and (2) whether the proposed modification would "tangibly prejudice" that right. * * * If tangible prejudice is established, the court must decide "whether that injury outweighs the benefits of any possible modification of the protective order." *Wilk*, 635 F.2d at 1299. *Id.,* at 661.

Here, Auto/Mate has a substantial right at stake, the right to use its highly confidential business information. Cox's proposed modification to the Confidentiality Order will tangibly prejudice that right because (i) Cox's counsel has already breached the terms of the Confidentiality Order in its use of Auto/Mate's highly confidential business information, (ii) Cox should have already returned or destroyed Auto/Mate's highly confidential business information, (iii) Cox is keeping Auto/Mate in the dark with respect to Cox's proposed use and dissemination of

Auto/Mate's highly confidential business information, and (iv) allowing Cox to use Auto/Mate's highly confidential business information in a separate arbitration proceeding will substantially expand access to Auto/Mate's highly confidential business information. Moreover, the injury to Auto/Mate from the proposed modification of the Confidentiality Order greatly outweighs any potential benefits of modification.

I

**NEITHER COX NOR ITS ATTORNEYS SHOULD STILL HAVE AUTO/MATE'S HIGHLY CONFIDENTIAL INFORMATION**

The terms of the protective order indicate that Cox should have already returned or destroyed the Auto/Mate documents in its possession. The publically available docket shows that Cox was dismissed from this action on July 12, 2019. (Dkt. Nos. 722, 723). Because of its dismissal, under the Agreed Confidentiality Order, Cox itself should have returned or destroyed Auto/Mate's documents more than a year ago. (Agreed Confidentiality Order dated April 4, 2018, at ¶ 12(a) Dkt. No. 104). Cox seeks to avoid this obligation by claiming that the Confidentiality Order would permit it to retain all confidential documents through the ultimate disposition of the claims of other parties in the action, even though Cox itself is no longer a party to the case. (*See*, Cox's Reply, Dkt. No. 1175, p. 1). This is a dangerous interpretation of the Confidentiality Order and does nothing other than undermine the comfort and confidence that non-parties – such as Auto/Mate – may have in the integrity of the process and the protection of its highly confidential information. The only sensible interpretation of the Confidentiality Order is that, once a party is dismissed from the case, it should disgorge all Confidential Information that it obtained from other parties without retaining copies.

Cox next claims that, even if it does not have permission to retain confidential documents, its attorneys do have such permission because they represent other parties to the action. However

these attorneys have already shown a lack of respect for Auto/Mate's interest in confidentiality, and they have already breached the Confidentiality Order. The breach by Cox's counsel is, itself, grounds to deny that firm permission to use Auto/Mate's information in yet another proceeding.

The mindset of Cox's lawyers is precisely what Auto/Mate feared from the outset of this matter. These attorneys apparently believe that once Auto/Mate's documents come into their possession, they may add them to their body of records involving the automotive industry, and they may then use Auto/Mate's documents in the service of whatever clients they might have and in whatever proceedings those clients might be involved with. Worse, they apparently believe that they can expand their use of Auto/Mate's documents in this fashion without even providing Auto/Mate with formal notice of their intent to do so.

## II

### AUTO/MATE IS BEING KEPT IN THE DARK WITH RESPECT TO THE USE AND DISSEMINATION OF ITS DOCUMENTS

Cox has kept Auto/Mate in the dark with respect to the use and dissemination of its documents. As an initial matter, it is inappropriate for a party to ask the Court to modify the Confidentiality Order to permit the use of confidential information outside this ligation without formally placing on notice all parties whose confidential information would be affected by the Order. Paragraph 11 of the Confidentiality Order requires a party served with a subpoena or judicial order seeking to compel production of documents designated as confidential in this matter to notify the designating party of the subpoena or court order. [Ex. 2 to Cox Motion, at ¶ 11(a)]. The purpose of this notification is to "afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued." [Ex. 2 to Cox Motion, at ¶ 11(a)]. Thus, the Confidentiality Order is clearly intended to comfort non-parties such as Auto/Mate that their confidential information will not be disclosed without

notice and an opportunity to oppose disclosure. By seeking to modify the Confidentiality Order so it may use documents produced as part of this litigation in a secret arbitration proceeding, Cox seeks to circumvent the protections of the Confidentiality Order without notice to Auto/Mate and other non-parties who produced confidential information in reliance upon the Confidentiality Order.

Although Auto/Mate is now aware of Cox's intent to expand the use of its confidential information, it still does not know any details with respect to such usage. Auto/Mate does not have access to the un-redacted docket, and therefore, cannot even see – let alone respond to – many of the arguments that Cox made on its application. In fact, Cox's Reply Memorandum has five lines responding to Auto/Mate's arguments about the misuse of Auto/Mate's confidential information – <u>*but those lines are redacted from public view and Auto/Mate cannot even access them.*</u>

Since June 18, 2020, Cox's attorneys have known of Auto/Mate's concerns with respect to the protection of its confidential information. Yet, to this day, Auto/Mate is being left completely in the dark with respect to the following important particulars regarding Cox's motion:

1. Auto/Mate does not know the parties to the arbitration.

2. Auto/Mate does not know whether the arbitration is being administered by any particular forum or agency.

3. Auto/Mate does not know which of its documents might be used the arbitration.

4. Auto/Mate does not know the issues in the arbitration or why its information might be relevant to those issues.

5. Auto/Mate does not know whether there are any protections in place in the arbitration forum with respect to the preservation of confidences.

6. Auto/Mate does not know the identity of the attorneys involved in the arbitration proceeding who will receive its information.

       7.      Auto/Mate does not know what experts, consultants or administrative staff will receive its confidential information through the arbitration proceeding.

It is respectfully submitted that both Auto/Mate and the Court should be appraised of all of the foregoing before Auto/Mate is put at further risk of the dissemination of its confidential information.

### III

### ACCESS TO AUTO/MATE'S CONFIDENTIAL DOCUMENTS WILL BE SUBSTANTIALLY EXPANDED BY USE IN A SEPARATE ARBITRATION PROCEEDING

If granted, Cox's motion to modify the Confidentiality Order will result in a substantial expansion of the number of persons who will have access to Auto/Mate's documents. It is deeply troubling that Cox seeks this expansion without even advising Auto/Mate which of its documents will be used, or why they are important to the proceeding.

Cox discloses very little about the arbitration proceeding in the publically available version of its motion, other than the fact it involves another party to this case and that there are three arbitrators for the proceeding. Surely the arbitrators have administrative staff and assistants; the parties will likely use consultants and experts; the parties may also be represented by counsel unknown to Auto/Mate and who may not be parties to this litigation or subject to the Confidentiality Order; and there may be countless other ways that the arbitration proceeding can expand the use of Auto/Mate's documents.

Moreover, if Auto/Mate's confidential information is used in an outside proceeding, Auto/Mate will have no comfort that the confidentiality protections of this Court and the Confidentiality Order will apply or be honored. The expansion of the use of Auto/Mate's confidentiality information in this manner will make it all the more difficult, if not impossible, for

the Court to supervise or control the expanded use of Auto/Mate's confidential information. Of course, this will cause enormous irreparable harm to Auto/Mate.

IV

**IF COX NEEDS NON-PARTY DISCOVERY IN THE ARBITRATION, IT SHOULD ADHERE TO APPROPRIATE PROCESS BY ISSUING A NEW SUBPOENA TO AUTO/MATE**

The injury that Auto/Mate will suffer by a modification of the Confidentiality Order greatly outweighs any benefit of modification. "An agreed protective order may be viewed as a contract, and once the parties entered an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order." *Chicago Mercantile Exch., Inc. v Tech. Research Group, LLC*, 276 FRD 237, 240 [ND Ill 2011] [quoting *Kyles v J.K. Guardian Sec. Servs.,* 2006 WL 2349238, at * 8 [ND Ill Aug 15, 2006]. A producing party's reliance on an agreed upon Confidentiality Order cuts against modification where the producing party has already completed its production. *See Romary Assoc., Inc. v Kibbi, LLC*, 1:10-CV-376, 2012 WL 32969, at *3 [ND Ind Jan. 6, 2012].

Here, Cox claims that it would be a "waste" of resources if it was required to seek discovery material in the arbitration proceeding. But Cox fails to explain what discovery information is needed or what effort would be required to pursue such information in the arbitration.

Cox also suggests that it would, somehow, be appropriate for the Court to modify the Confidentiality Order to substantially affect the rights of non-party witnesses, without providing notice to those non-party witnesses at all. (Dkt. No. 1175, pp. 9-10). Cox cites no authority for this proposition because there is none. Auto/Mate, and all other non-party witnesses, have important confidentiality rights. Auto/Mate disclosed highly confidential information very reluctantly, based solely upon its understanding that a Confidentiality Order was in place and that

the parties, including Cox, were bound by the Confidentiality Order and would adhere to its terms. The notion that Auto/Mate's confidentiality protections could be modified (or perhaps eviscerated) without notice to Auto/Mate is completely antithetical to notions of fair play and due process.

If Cox wants to obtain Auto/Mate's confidential information for use in a separate arbitration proceeding, it should make a specific request for such information to Auto/Mate, afford Auto/Mate an opportunity to respond to and address the request, and obtain a court ruling on the request if necessary.

## CONCLUSION

The Court should deny Cox's motion and should take appropriate steps to protect the confidentiality of Auto/Mate's information.

Dated: September 30, 2020

        **HODGSON RUSS LLP**
        Attorneys for Non-Party Movant
        *Auto/Mate, Inc.*

        By _____
        Christopher Massaroni, Esq. (ILND Bar No. 1876853)
        Scott C. Paton, Esq.
        677 Broadway, Suite 301
        Albany, New York 12207
        (518) 433-2432
        cmassaroni@hodgsonruss.com
        spaton@hodgsonruss.com