IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert<br><br>**PUBLIC-REDACTED** |

# COX AUTOMOTIVE'S REPLY TO NON-PARTY AUTO/MATE INC.'S OPPOSITION TO MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER

**INTRODUCTION**

Non-party Auto/Mate Inc.'s opposition fails to make the fundamental showing that Seventh Circuit law requires in this context: that the requested modification to the confidentiality order would "tangibly prejudice" Auto/Mate's "substantial rights." Dkt. 1174. Nor could Auto/Mate make such a showing. Cox Automotive merely asks for the ability to use the relevant and non-privileged discovery Auto/Mate has already produced in this MDL in a related private arbitration. Had the parties to that arbitration not agreed to arbitrate, that dispute would be part of this MDL, and Auto/Mate would have no basis to oppose Cox Automotive's use of those materials. The fact that the dispute is in arbitration imposes no prejudice on Auto/Mate; if anything, it affords greater protection against Auto/Mate's information becoming public. The only prejudice is to Cox Automotive and the other party to the arbitration, which will have to go through the wasteful step of pursuing third-party subpoenas to re-obtain the same discovery, including depositions.

Auto/Mate contends (at 7) that the modification will entail a "substantial expansion" of the number of people who can access its documents. That is not the kind of "prejudice" cognizable under Seventh Circuit law. And even if it were, Auto/Mate can show no concrete harm: no new parties would obtain the discovery, and the arbitrators are three retired federal judges whose access to the materials will not prejudice Auto/Mate's rights. As for counsel, consultants, and experts, Auto/Mate has no right under the MDL confidentiality order to curtail the parties' disclosure of its documents and information to the counsel, consultants, and experts of their choice; again, the fact that the dispute will be in arbitration rather than in this MDL should not give Auto/Mate the ability to control how the parties use relevant and non-privileged discovery.

Lacking any plausible prejudice argument, Auto/Mate resorts to a number of irrelevant points. First, it repeats its complaint that certain of its discovery material was inadvertently produced to the Federal Trade Commission ("FTC") pursuant to a Civil Investigative Demand

without giving Auto/Mate prior notice. But here, too, Auto/Mate fails to demonstrate any prejudice. When Auto/Mate brought the issue to the attention of Authenticom, Inc.'s counsel (Kellogg Hansen), Kellogg Hansen promptly took corrective action by obtaining the FTC's agreement to sequester those materials to give Auto/Mate a chance to object, *which it never did*. Moreover, Auto/Mate yet again fails to disclose to the Court that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Given Auto/Mate's repeated non-objection to the disclosure of its materials, its aggressive litigation tactics here are highly questionable.

Auto/Mate's remaining arguments are likewise red herrings. Its suggestion that Kellogg Hansen should not have Auto/Mate's discovery materials is contrary to the confidentiality order's plain terms, especially given that Kellogg Hansen represents not only Cox Automotive but also Authenticom, MVSC, and the vendor class. And Auto/Mate has no right under the law to demand details of the conduct of private arbitration proceedings.

**ARGUMENT**

**I.   Auto/Mate Fails To Demonstrate Any Prejudice From The Requested Modification**

As an initial matter, although Auto/Mate purports (at 3, 8) to raise objections to the requested modification to the confidentiality order on behalf of all "non-party witnesses," Auto/Mate lacks standing to do so. *See* Dkt. 1174, at 9 (citing cases); *see also Hard Drive Prods. v. Does 1-48*, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012) (movant lacked standing to object to a subpoena issued to a nonparty on the basis of prejudice to the nonparty); *Apex Colors, Inc. v. Chemworld Int'l Ltd.*, 2014 WL 7183631, at *2 (N.D. Ind. Dec. 16, 2014) (same); *Peoria Day Surgery Ctr. v. OSF Healthcare Sys.*, 2008 WL 724798, at *5 (C.D. Ill. Mar. 17, 2008) (considering objections of 2 out of 66 subpoenaed nonparties and stating the remaining 64 subpoenas "are not

before the Court"). Auto/Mate may assert objections to the requested modification only on its own behalf. Those objections should be overruled.

**A.** Auto/Mate's opposition fails to satisfy its burden of demonstrating that allowing the use of specific documents in the arbitration would "tangibly prejudice" Auto/Mate's "substantial rights." Dkt. 1147, at 2-3 (citing *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980), and *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994)); Dkt. 1174, at 2-3 (same). As explained in Cox Automotive's motion, the concept of prejudice refers to the production of irrelevant or privileged material. *See* Dkt. 1147, at 3-4. Here, Auto/Mate has not even attempted to assert any privilege, or to show that its discovery materials are irrelevant to the arbitration. That alone is sufficient to resolve this dispute.

**B.** Auto/Mate's only argument within hand-grenade range of "prejudice" is that allowing its documents to be used in the arbitration "will result in a substantial expansion of the number of persons who will have access to Auto/Mate's documents." Auto/Mate Br. 7-8. But that is not the kind of prejudice the law contemplates. Indeed, modifying a protective order to allow discovery to be used in a related proceeding will always entail some expansion of the number of people who may have access to the materials. Auto/Mate offers no authority for its suggestion that such an expansion constitutes the type of prejudice that can override the law's strong preference to "ease[ ] the tasks of courts and litigants," "speed[ ] up what may otherwise be a lengthy process," and avoid the "wastefulness" of requiring the party to "duplicate discovery already made." *Wilk*, 635 F.2d at 1299.

At any rate, even if the fact that some additional people might have access to the discovery materials could constitute "prejudice," Auto/Mate cannot show that the prejudice here is "substantial." It is undisputed that no additional parties will obtain the discovery materials.

Auto/Mate makes no attempt to explain how disclosure to three former federal judges and their staff could harm Auto/Mate. And while it is true that the parties to the arbitration may share discovery materials with their consultants, experts, and counsel, the parties to the MDL can already do so under the existing agreed confidentiality order, without Auto/Mate's consent or even knowledge. *See* Dkt. 1174, at 8 (addressing same argument by CDK).

      C.     Auto/Mate's objection also rests on the faulty premise that its discovery materials contain sensitive competitive information. Auto/Mate bears the "burden of establishing confidentiality" of its discovery materials by "analyz[ing] in detail, document by document, the propriety of secrecy." *Northeast Series of Lockton Cos., LLC v. Bachrach*, 2013 WL 3989295, at *1 (N.D. Ill. Aug. 2, 2013) (quoting *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). But Auto/Mate provides nothing more than conclusory assertions that the discovery materials it has provided – consisting of 138 documents and one deposition – are "highly confidential." To the contrary, only 26 of the 138 documents are marked confidential. Those 26 documents – each of which is at least two years old – consist of:



■ ███████████████████████████████████████████

■ ███████████████████████████████████████████
███████████████████████████████████

Auto/Mate also provided testimony from one Rule 30(b)(6) witness, who was questioned about some of the aforementioned documents and related topics. The designation of these materials as confidential is questionable, but at any rate Auto/Mate has not shown that a modest expansion of the number of people who can see these documents will cause it tangible harm.[1]

**D.** Finally, Auto/Mate claims (at 7-8) that it will be "more difficult" to enforce the confidentiality order in the arbitration. But as Cox Automotive has explained, the confidentiality order in the MDL will continue to apply to Auto/Mate's discovery materials in the arbitration, and so Auto/Mate's discovery materials will be afforded the same protections as they are currently afforded in the MDL under the same confidentiality order. *See* Dkt. 1174, at 5-6. In fact, there will be an additional layer of protection for Auto/Mate in the arbitration because Auto/Mate's confidential information will *also* be protected by the materially identical arbitration confidentiality order. *See* Dkt. 1147, at 3. Auto/Mate does not explain how the requested modification of the confidentiality order would make it any more difficult for Auto/Mate, this Court, or the arbitration panel to address any violations of either confidentiality order.

**II.    Auto/Mate's Remaining Arguments Are Irrelevant**

None of Auto/Mate's remaining arguments is relevant or persuasive.

---

[1] The only document that Auto/Mate specifically references as having confidential information was produced by *Reynolds* (not Auto/Mate), *see* Dkt. 1181-1, ¶ 24 & Ex. G, an ███████████████
████████████████████████████████████████████████████████████████████████

### A. The Prior Production of Auto/Mate's Documents To The FTC Provides No Basis To Refuse To Modify The Confidentiality Order

In the background section of its opposition, Auto/Mate reprises its complaint that its confidential discovery material was produced to the FTC without prior notice. But Auto/Mate does not mention it in the argument section, for good reason: that production is irrelevant to the separate issue of whether modification of the confidentiality order will "tangibly prejudice" Auto/Mate's "substantial rights." Further, as Cox Automotive previously explained, Auto/Mate's claim of a material violation of the confidentiality order is dubious because Auto/Mate chose not to object to the disclosure of the information to the FTC, making any failure to provide notice harmless error. In fact, Auto/Mate waived its objection *twice*. First, when Auto/Mate complained about the disclosure to Kellogg Hansen in June 2020, Kellogg Hansen obtained the FTC's agreement to sequester Auto/Mate's documents so that Auto/Mate could lodge any objection. But Auto/Mate never objected. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[2]

It also bears emphasis that Auto/Mate would have had no valid basis to object to the disclosure of these documents to the FTC. As Authenticom explained to Auto/Mate in June 2020, the discovery material that Authenticom produced to the FTC (a Rule 30(b)(6) deposition) was relevant and responsive to the FTC's Civil Investigative Demand. *See* Dkt. 1181-7 (Ex. F), Ltr. from D. Dorris to C. Massaroni (June 26, 2020). Nor would Auto/Mate have had any valid burden, privilege, or other arguments to the production of a single deposition by Authenticom to the FTC.

---

[2] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *see* Dkt. 1174, at 15 (citing Dkt. 1174-1 (Ex. A)), were filed under seal. Those references were filed under seal pursuant to the confidentiality order because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. But Auto/Mate was the recipient of the letter (as its recipient) and has never responded to or disputed ▇▇▇▇▇▇▇▇▇.

Thus, even if Auto/Mate had objected, any such objection would have been futile. Auto/Mate's complaints are misplaced, and provide no grounds for refusing to modify the protective order.[3]

### B. Cox Automotive's Counsel Properly Has Access To Auto/Mate's Documents

Auto/Mate repeats (at 4-5) CDK's argument that Cox Automotive and its counsel should have destroyed Auto/Mate's discovery production. That argument is also irrelevant to the question whether modification of the confidentiality order would prejudice Auto/Mate. Indeed, the other party to the arbitration continues to be a litigant in the MDL, and Auto/Mate indisputably has no basis to argue that it should have destroyed Auto/Mate's production. Likewise, there is no dispute that Kellogg Hansen – Cox Automotive's counsel – legitimately possesses Auto/Mate's production because of its ongoing representation of other plaintiffs in the MDL. Modification of the confidentiality order would allow the parties to the arbitration to use documents that are already validly in their (or their counsel's) possession in the related arbitration.

At any rate, Auto/Mate's argument is wrong. As Cox Automotive previously explained (Dkt. 1174, at 7), the confidentiality order only imposes an obligation to destroy or return discovery materials at the "Conclusion of the Litigation," Dkt. 650, § 12(a), with "the Litigation" defined to be the MDL, *id.* § 5(a). While Auto/Mate (at 4) rails against this provision, it has no response to its plain meaning. And despite Auto/Mate's baseless accusation (at 5) about the "mindset" of Cox Automotive's counsel, it does not dispute that Kellogg Hansen validly possesses Auto/Mate's discovery materials and has no obligation to return or destroy those documents.

---

[3] Auto/Mate has also filed a motion for sanctions seeking to have all parties in the MDL destroy or return Auto/Mate's documents based on violations of the confidentiality order. *See* Dkt. 1181. That relief is unwarranted for multiple reasons given in Authenticom's opposition to the motion for sanctions to be filed on October 7, 2020. The requested exclusion of relevant evidence is especially inappropriate for parties like Cox Automotive that were not involved in the conduct giving rise to the motion for sanctions. *See R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 36 (S.D.N.Y. 2010) (refusing to apply requested sanctions of evidentiary exclusion against one defendant based on another defendant's conduct).

### C. Auto/Mate's Notice Complaints Are Misplaced

Auto/Mate's hyperbolic arguments (at 5-6) that is being "kept in the dark" are misplaced. Auto/Mate acknowledges that it received notice of the motion to amend the confidentiality order, which Cox Automotive filed on the public docket. Auto/Mate's complaint (at 5-6) that Cox Automotive should have provided additional notice is groundless because, once again, Auto/Mate suffered no prejudice. Further, contrary to Auto/Mate's assertion, the confidentiality order did not require any additional notice beyond the public filing. In this day and age, third parties with an interest in a confidentiality order can readily monitor the docket. There has been no order requiring parties to notify all third parties of any proposed modification; indeed, the confidentiality order has already been modified twice without any additional notice being given to producing parties. *See* Dkt. 586; Dkt. 649; Dkt. 650, at 1.[4]

Contrary to Auto/Mate's argument (at 5-6), moreover, Cox Automotive has disclosed the information that Auto/Mate needs to respond to the motion. Cox Automotive disclosed that the parties to the arbitration are already parties to the MDL with access to Auto/Mate's discovery materials and are involved in a confidential arbitration with claims closely related to those at issue in the MDL. Auto/Mate provides no reason why it is entitled to the additional details that it demands – such as the specific identity of the parties, claims, or arbitration forum, or exactly which Auto/Mate discovery materials the parties will use in the arbitration and how – nor does it explain why that information would be relevant to Auto/Mate's arguments or the Court's decision.

---

[4] Auto/Mate relies (at 5) on Section 11(a) of the confidentiality order, but that provision requires notice to be given to a producing party only upon service of "a subpoena or a judicial order . . . that would compel disclosure" of discovery materials (neither of which occurred here). Dkt. 650. Nor is there any "compelled disclosure" of Auto/Mate's documents to additional parties given that the parties to the arbitration are parties to the MDL and recipients of Auto/Mate's discovery materials.

- 8 -

- 9 -

Notably, prior to the filing of its objection, Auto/Mate never even asked Cox Automotive for any of this information.

Auto/Mate has received all the process to which it is due. It produced documents in the MDL pursuant to a confidentiality order. While it had the right as a third-party to limit that production to non-privileged and relevant documents, it has no right under the Federal Rules or otherwise to micromanage how those documents are used. Under Seventh Circuit law, absent a showing of prejudice – that is, irrelevance or privilege – the parties to a related arbitration should be permitted to use those documents in that proceeding. Auto/Mate's suggestion (at 9) that Cox Automotive and the other party to the arbitration should have to serve new third-party subpoenas, give Auto/Mate another opportunity to object, "obtain a court ruling . . . if necessary," and possibly re-take depositions exemplifies the waste of judicial resources that the Seventh Circuit's prejudice standard is designed to avoid.

## CONCLUSION

This Court should enter the proposed modification to the confidentiality order.

Dated: October 6, 2020

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Daniel V. Dorris
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M. Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
ddorris@kellogghansen.com

*Counsel for Cox Automotive, Inc., Autotrader.com, Inc., Dealer Dot Com, Inc., Dealertrack, Inc., HomeNet, Inc., Kelley Blue Book Co., Inc., vAuto, Inc., VinSolutions, Inc., and Xtime, Inc.*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on October 6, 2020, I caused a true and correct copy of the foregoing **COX AUTOMOTIVE'S REPLY TO NON-PARTY AUTO/MATE INC.'S OPPOSITION TO MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. Copies of the Under Seal filing were served on counsel of record via email.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com