IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL PENDING ACTIONS | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

### DEALERSHIP CLASS PLAINTIFFS' RESPONSE IN OPPOSITION TO NON-PARTY AUTOMATE, INC.'S MOTION SEEKING A PROTECTIVE ORDER AND SANCTIONS

Dealership Class Plaintiffs ("Dealership Class") submit this response in opposition to Non-Party AutoMate, Inc.'s ("AutoMate") motion (ECF No. 1181) ("Motion") seeking an order directing the return or destruction of all of its confidential documents and testimony and for sanctions regarding alleged violations of the Second Amended Agreed Confidentiality Order (ECF No. 650).[1] It appears that AutoMate did not intend to include the Dealership Class in its Motion, and it is only as a result of its incorrect usage of the terms, "MDL Plaintiffs" and "Dealer Class", that the Dealership Class is unnecessarily inserted into this dispute. As the Dealership Class did not violate the Confidentiality Order with regard to AutoMate's confidential material, the request for sanctions and an order returning or destroying AutoMate's confidential documents and testimony should be DENIED.

AutoMate mistakenly defines "MDL Plaintiffs", as it pertains to allegations in its Motion, to include "plaintiff's *dealer* class" (*see* Motion at 2) (emphasis added). However, based on the evidence it cites, AutoMate apparently intended "MDL Plaintiffs" to mean only the *Individual*

---

[1] AutoMate refers to the Confidentiality Order dated April 4, 2018 (ECF No. 104) (Motion at 1). The case is now governed by the Second Amended Agreed Confidentiality Order ("Confidentiality Order") noted above. Section I(11)(A), the provision allegedly breached in this case, has not changed.

*Plaintiffs and Vendor Class Plaintiffs*. For example, AutoMate refers to a November 29, 2018 subpoena issued by "MDL Plaintiffs" (Motion at 1-2; Massaroni Dec., Ex. D);[2] but this subpoena was sent on behalf of *only* the Individual Plaintiffs and Vendor Class Plaintiffs. AutoMate acknowledges as such in the Massaroni Declaration when it refers to "MDL Plaintiffs" that issued the subpoena as "Plaintiffs Authenticom, Inc., Loop, LLC and those similarly situated and Motor Vehicle Software Corp." represented by "the Kellogg Hansen firm." *See* Massaroni Dec. at ¶ 6(c).

Moreover, on June 18, 2020, AutoMate sent a letter to Individual Plaintiffs and Vendor Class Plaintiffs' counsel (Kellogg Hansen) and Defendants' counsel (Sheppard Mullin for Reynolds and Mayer Brown for CDK) ("June 18 Letter") regarding disclosure of AutoMate's deposition transcript to the Federal Trade Commission ("FTC"). *See* Massaroni Dec., Ex. E. Despite *not* sending the June 18 Letter to the Dealership Class, AutoMate incorrectly states that "[c]ounsel to the *MDL Plaintiffs* responded" (emphasis added); however, it was in fact, again, counsel for the Individual Plaintiffs and Vendor Class Plaintiffs – Kellogg Hansen – who responded. *See* Motion at 2-3; Massaroni Dec., Ex. F. Finally, AutoMate argues that sanctions are appropriate because "[t]hough it may have been inadvertent, the *MDL Plaintiffs* breached the [Confidentiality Order]" (*see* Motion at 6) (emphasis added)[3] which apparently references the

---

[2] All references to "Massaroni Dec." are to the Declaration of Christopher Massaroni, Esq., dated Sept. 22, 2020, submitted in support of AutoMate's Motion (ECF No. 1181).

[3] AutoMate also mistakenly inserts the Dealership Class in lieu of the Individual Plaintiffs and Vendor Class Plaintiffs in the concluding sentence of the Massaroni Declaration, stating that "AutoMate further requests an order directing those parties whose counsel received my June 18, 2020 letter (Reynolds, CDK and *Dealer Class*) to pay AutoMate's legal fees and its costs for this application" (emphasis added). As discussed, the Dealership Class was *not* a recipient of the June 18 Letter and AutoMate clearly meant the Individual Plaintiffs and Vendor Class Plaintiffs instead (*see* Massaroni Dec., Ex. E).

alleged disclosure of AutoMate's deposition testimony to the FTC by counsel for the Individual Plaintiffs and Vendor Class Plaintiffs – not the Dealership Class Plaintiffs.[4]

AutoMate requests, *inter alia*, relief against "all parties" for the return "of AutoMate's confidential information." *See* Motion at 4, 7. Such relief should not be enforced against the Dealership Class. There is no evidence, proffered by AutoMate or otherwise, that the Dealership Class violated the Confidentiality Order, and even assuming the Court finds other parties to this litigation did, this would not warrant sanctions against the Dealership Class. *See Vance v. Hill*, No. 3:17-CV-3312, 2019 WL 1083770, at *4 (C.D. Ill. Mar. 7, 2019) (court declined to order discovery-related sanctions against a party who had "not engaged in any sanctionable conduct" while enforcing sanctions against the party who had engaged in such conduct). Relief should not be granted against "all parties" where all parties are not at fault. Moreover, it is necessary for the parties to retain all documents through the ultimate disposition of this case; and as the Dealership Class did not violate the Confidentiality Order, an order for the return or destruction of AutoMate's confidential documents and testimony should be denied.

Finally, AutoMate argues three "additional reasons" that AutoMate has concerns about its confidential material. These include: (1) Defendants' refusal to respond to the AutoMate's June 18, 2020 letter; (2) Cox Automotive's application to use confidential documents outside the litigation; and (3) Reynolds's alleged previous breach of a Nondisclosure Agreement between Reynolds and AutoMate. *See* Motion at 3. None of these additional reasons implicate the Dealership Class in any way. For these reasons, with respect to the Dealership Class, AutoMate's

---

[4] CDK adds to the confusion in its response to AutoMate's September 9, 2020 correspondence to the Court by stating that "*MDL Plaintiffs* provided a copy of AutoMate's deposition transcript and accompanying exhibits to the FTC in January 2019." *See* ECF No. 1172 at 1 (emphasis added). However, the evidence CDK cites in support of this statement is a June 26, 2020 letter from Kellogg Hansen, counsel for the Individual Plaintiffs and Vendor Class Plaintiffs, informing AutoMate's counsel of its inadvertent disclosure of AutoMate's deposition transcript to the FTC. *See* ECF No. 1170 at 7-8.

motion requesting sanctions and return or destruction of its confidential materials is unwarranted and should be denied in its entirety.

DATED: October 7, 2020          Respectfully submitted,

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
**MILBERG PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, Suite 1920
New York, New York 10119-0165
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*Interim Lead Counsel for the Dealership Class*

Leonard A. Bellavia (*pro hac vice*)
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
Tel: (516) 873-3000
Fax: (516) 873-9032
lbellavia@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Daniel C. Hedlund (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, Illinois 60606
Tel: (312) 674-4674
Fax: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
Tel: (312) 899-9090
Fax: (312) 251-1160
RAC@cliffordlaw.com

*MDL Liaison Counsel*

## CERTIFICATE OF SERVICE

      I, Peggy J. Wedgworth, an attorney, hereby certify that on October 7, 2020, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' RESPONSE TO NON-PARTY AUTOMATE, INC.'S MOTION SEEKING A PROTECTIVE ORDER AND SANCTIONS** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          */s/ Peggy J. Wedgworth*
                                                          Peggy J. Wedgworth