IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| ALL PENDING CASES | Magistrate Judge Jeffrey T. Gilbert |

**THE REYNOLDS AND REYNOLDS COMPANY'S
RESPONSE TO NON-PARTY AUTOMATE, INC.'S MOTION
FOR A PROTECTIVE ORDER AND SANCTIONS (DKT. 1181)**

**I.     Introduction**

AutoMate's global request for sanctions is absolutely baseless as against Reynolds. Whatever grievances AutoMate may have about the ***Plaintiffs'*** compliance with the Confidentiality Order in this case (Dkt. 650), AutoMate does not articulate a single, even arguable violation of the Confidentiality Order by Reynolds. Nor could it. When Reynolds produced documents from AutoMate in compliance with an FTC subpoena, it did so only after painstakingly providing AutoMate with (a) advance written notice; and (b) an opportunity for AutoMate to seek protection from disclosure to the FTC at its own expense. This is exactly what is required under the Confidentiality Order, and AutoMate does not contend otherwise. Dkt. 650 at ¶ 11; Ex. 1-4. Accordingly, AutoMate's motion should be denied and the Court should award Reynolds its fees for responding to a motion that AutoMate knows is not substantially justified as to Reynolds.

This warrants repeating: AutoMate does not even allege that Reynolds violated this Court's Confidentiality Order. Dkt. 1181 at 6 (alleging only certain MDL Plaintiffs breached the order); *see also* Dkt. 1186 at 2 (AutoMate making clear its objection was to disclosure by Kellogg Hansen, the firm representing certain MDL Plaintiffs). There is no reason for Reynolds to be a target of AutoMate's motion. Indeed, AutoMate's motion is indefensible as to Reynolds because it is indisputable that **Reynolds provided AutoMate with advance written notice of, and an opportunity to object to, its FTC production**. *See* Ex.1. Once reminded by Reynolds of the clear record of correspondence that wholly refuted AutoMate's allegations, AutoMate inexplicably doubled down and now seeks sanctions against Reynolds. The only sanctions that should be awarded are against AutoMate.

Reynolds's compliance with the Confidentiality Order at every turn should end the inquiry, and all of AutoMate's requested relief under Rule 37 against the "disobedient party" must be

denied as to Reynolds. But respectfully, a mere denial is insufficient given AutoMate's vexatious behavior. Given that Reynolds expressly reminded and provided proof to AutoMate of the notice history prior to AutoMate's filing this baseless motion (albeit after its blatantly false letter to the Court at Dkt. 1170), AutoMate should bear the costs of Reynolds's response to the motion.

## II.   AutoMate Is Aware That Its Motion Is Baseless With Respect to Reynolds

Absent entirely from AutoMate's brief is the history of Reynolds's strict adherence to the Confidentiality Order, including providing AutoMate with ample notice and opportunity to object to subpoenas in other matters and Reynolds's reminder and confirmation of this fact, with definitive proof, prior to AutoMate's filing of the instant motion. That history is dispositive.

On May 9 and 10, 2019, Reynolds's counsel provided written notice to AutoMate's counsel that AutoMate's discovery in this MDL was subject to subpoenas issued in other matters. Ex. 1. Reynolds's counsel directed AutoMate's counsel to the appropriate personnel in the other matters with whom to raise any objection and provided AutoMate an opportunity to attempt to avoid disclosure in those matters. *Id*. Reynolds's counsel further made themselves available for discussion by telephone with AutoMate's counsel. *Id.* AutoMate ultimately did not seek protection from disclosure in those matters.

More than a year later, on September 9, 2020, AutoMate's counsel submitted a letter to the Court's deputy clerk, in which it misleadingly suggested some possible involvement by Reynolds's counsel in its "confidential information [being] provided to the FTC without any prior notice to AutoMate." *See* Dkt. 1170. Reynolds's counsel responded the next day, September 10, 2020, reminding AutoMate's counsel that it had provided clear written notice, a telephone conference, and an opportunity to respond to the subpoenas in the outside litigation. Ex. 2. AutoMate's counsel responded on September 11, 2020 that he had "changed firms since the communications

2

of May 2019" and did not "have access" to them at the time he submitted his letter to the Court. Ex. 3. Reynolds's counsel promptly re-produced those communications and copies of the subpoenas to AutoMate's counsel later that same day. Ex. 4.

Despite AutoMate's counsel's admission that he had no records to form a basis to file the original letter with respect to Reynolds, and despite being provided proof positive that Reynolds had fully complied with the Confidentiality Order, on September 22, 2020, AutoMate deliberately, and without substantial justification, filed the instant motion reasserting as to Reynolds the same misleading and baseless allegations in its original letter. Dkt. 1181.

AutoMate is not entitled to the relief it seeks against Reynolds. AutoMate requests various sworn declarations and affidavits from counsel, a return of all discovery it provided in the MDL, and its costs and fees. Dkt. 1181 at pp. 6-8. AutoMate cites Rule 37 as the grounds for these requests and cites cases to the effect that a party that violates a confidentiality order may be subject to sanctions under Rule 37. But AutoMate *does not suggest* that Reynolds (or any defendant for that matter) violated the Confidentiality Order at all. Dkt. 1181 at 6; *see also* Dkt. 1186 (AutoMate alleging "This summer Auto/Mate learned that the Confidentiality Order was breached by the Kellogg Hansen firm"). That alone defeats the motion as to Reynolds.

Paragraph 11 of the Confidentiality Order requires only that a Receiving Party (here, Reynolds) provide the Disclosing Party (here, AutoMate) with notice of a request in another proceeding that "would compel disclosure of any material or document designated in this Action as Confidential Information." Dkt. 650 at ¶11(a). For the avoidance of any doubt, the Confidentiality Order makes clear that "[t]he purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or

3

order issued." *Id.* at ¶11(c). If AutoMate objected to the disclosure, the Confidentiality Order directs that the burden was on *AutoMate*, not Reynolds, "to bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court." *Id.* AutoMate made no such objection.

AutoMate asserts in its papers that Reynolds should be sanctioned because it "refused to respond" to a June 2020 letter asking all parties about their compliance with the Protective Order. Mot. at 8. AutoMate's premise is absurd given that it had in fact received the required notices from Reynolds well before the June 2020 letter.

Reynolds met all of its obligations under the Confidentiality Order and AutoMate knows it. AutoMate's motion with respect to Reynolds is baseless and should be denied.[1]

### III. Reynolds Is Entitled To Fees Because AutoMate's Motion Is Not Substantially Justified As To Reynolds

It is *AutoMate* that should be required to pay Reynolds's fees and costs in defense of this knowingly unsupported motion. Reynolds provided AutoMate with the notice required by the Confidentiality Order in this matter, and AutoMate did not object. Instead, it now seeks sanctions and a protective order against Reynolds when it **knows** that Reynolds never violated the Confidentiality Order. AutoMate sent a letter to the Court (Dkt. 1170) without any basis to do so (as confirmed afterwards by counsel's admission that he failed to review his own past correspondence on the subject), and then proceeded to file the instant motion seeking relief against

---

[1] AutoMate's suggestion that "the parties" have sought amendments to the Confidentiality Order without informing non-parties is patently false. AutoMate cites only Cox Automotive's request (Dkt. 1155). *See* Dkt. 1181-1 at ¶21. AutoMate does not suggest that *Reynolds* improperly pursued amendments to the Confidentiality Order without proper notice to third parties because Reynolds has not done so.

4

Reynolds **after** being reminded by Reynolds that its motion "For Protective Order and Sanctions" was baseless. *See* Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses" incurred in relation to a motion for protective order.).

None of the relief requested by AutoMate is even available from Reynolds under Rule 37 (declarations, return of discovery materials, and fees). AutoMate itself does not allege Reynolds (or any defendant) violated the Confidentiality Order. Dkt. 1181 at 6 (alleging only MDL Plaintiffs breached the order); *see also* Dkt. 1186. AutoMate cites no authority under Rule 37 or otherwise that would support its demand for penalties against innocent parties not alleged to have violated Rule 37.[2]

AutoMate is required to pay Reynolds's fees in defending against this baseless motion. In resolving motions for protective orders like this one, if the motion is denied, the court "must" require the unsuccessful movant, its attorney, or both "to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). As the Seventh Circuit has emphasized, the "great operative principle of Rule 37(a)(4) [now rule 37(a)(5)] is that the loser pays." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2288, at 787 (1970)). That principle applies no less to a failed motion for a protective order than

---

[2] Instead, it is AutoMate that blatantly violated the Confidentiality Order in publicly filing a confidential document. Dkt. 1186 at 6 & Ex. G (AutoMate public disclosure of Reynolds-produced confidential document); Dkt. 650 at ¶5(b) (order limiting disclosure of confidential information). AutoMate's allegation at the end of its brief that Reynolds purportedly violated a contractual NDA years ago is irrelevant to the question of whether Reynolds violated the Confidentiality Order. The allegation is also untrue. See Dkt. 1186 at 6; *see also id.* at 1181-8 at PageID 87838 (Reynolds's counsel's letter response explaining that production was made with all appropriate confidentiality protections).

5

to motions to compel or other discovery motions. *See Cage v. Harper*, 2020 WL 1248685, at *9 (N.D. Ill. Mar. 16, 2020) (explaining the Seventh Circuit's insistence in *Rickels* "that the loser on a motion for a protective order … must" be ordered to pay the other side's expenses, absent a showing of substantial justification); *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008) ("Rule 37(a)(5)(B) provides that, when a motion for protective order is denied, this court 'must' require the party or attorney who filed the motion to pay the party who opposed the motion 'its reasonable expenses incurred in opposing the motion, including attorney's fees.'").

### IV. Conclusion

AutoMate's motion with respect to Reynolds should be denied and AutoMate should be ordered to pay Reynolds's fees in defending against this baseless motion.

Dated: October 7, 2020                    Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
Brice A. Wilkinson
Ross M. MacDonald
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com
bwilkinson@gibbsbruns.com
rmacdonald@gibbsbruns.com

Michael P.A. Cohen
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
mcohen@sheppardmullin.com
lcaseria@sheppardmullin.com
*Counsel for Defendant*
*The Reynolds and Reynolds Company*

**CERTIFICATE OF SERVICE**

I, Aundrea K. Gulley, an attorney, hereby certify that on October 7, 2020, I caused a true and correct copy of the foregoing THE REYNOLDS AND REYNOLDS COMPANY'S RESPONSE TO NON-PARTY AUTOMATE, INC.'S MOTION FOR A PROTECTIVE ORDER AND SANCTIONS (DKT. 1181) to be served electronically on all counsel of record at the following email address:

SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com