| | |
|---|---|
| **From:** | Michael Cohen <MCohen@sheppardmullin.com> |
| **Sent:** | Friday, May 10, 2019 6:25 PM |
| **To:** | Massaroni, Christopher |
| **Cc:** | Amar Naik; Coyne, Ryan J.; Katie Wood |
| **Subject:** | Re: Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation |

Chris I'll call you Monday.  M

**Michael P.A Cohen**
**202.372.5345** | mobile
MCohen@sheppardmullin.com | Bio
**Host, Nota Bene Podcast**.  Subscribe to the Nota Bene Podcast on Apple Podcasts or Stitcher to receive every new weekly episode, released each Wednesday!
**Professor**, International Comparative Competition Law, Washington & Lee University School of Law

On May 10, 2019, at 19:07, Massaroni, Christopher <Massaroni@mltw.com> wrote:

> Michael,
> This makes me even are concerned.
> We are asking, in part,  how you are treating documents that your client got from us under a confidentiality agreement.
> I would like to discuss on Monday.
> Thank you.
>
>
> **Christopher Massaroni**
> **McNamee Lochner P.C.**
> **518-447-3331**
>
>
> **From:** Michael Cohen <MCohen@sheppardmullin.com>
> **Sent:** Friday, May 10, 2019 7:00 PM
> **To:** Massaroni, Christopher <Massaroni@mltw.com>
> **Cc:** Amar Naik <ANaik@sheppardmullin.com>; Coyne, Ryan J. <coyne@mltw.com>; Katie Wood <KWood@sheppardmullin.com>
> **Subject:** Re: Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation
>
> Chris,
>
> I have reviewed this correspondence and there is no role for us to play in a conversation about your documents.  The agencies Amar identified have issued subpoenas, and you can raise your concerns or objections with those federal and state agencies.

**EXHIBIT 1**

1

M
**Michael P.A Cohen**
**202.372.5345** | mobile
MCohen@sheppardmullin.com | Bio
**Host, Nota Bene Podcast**. Subscribe to the Nota Bene Podcast on Apple Podcasts or Stitcher to receive every new weekly episode, released each Wednesday!
**Professor**, International Comparative Competition Law, Washington & Lee University School of Law

On May 10, 2019, at 18:58, Massaroni, Christopher <Massaroni@mltw.com> wrote:

> Amar,
> We remain concerned about our documents regardless of whether or your notice relates to them.
> I would like to discuss with you on Monday.
> Thank you,
> Chris
>
>
> **Christopher Massaroni**
> **McNamee Lochner P.C.**
> **518-447-3331**
>
>
> **From:** Amar Naik <ANaik@sheppardmullin.com>
> **Sent:** Friday, May 10, 2019 6:47 PM
> **To:** Massaroni, Christopher <Massaroni@mltw.com>; Coyne, Ryan J. <coyne@mltw.com>
> **Cc:** Michael Cohen <MCohen@sheppardmullin.com>; Katie Wood <KWood@sheppardmullin.com>
> **Subject:** RE: Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation
>
> Chris,
>
> Please see the first sentence of my previous email. The notification and intent to produce relates only to materials that Auto/Mate itself has already produced in the MDL.
>
> Best,
> Amar
>
> **Amar S. Naik**
> +1 202-747-2648 | direct
> ANaik@sheppardmullin.com | Bio
>
> **SheppardMullin**
> 2099 Pennsylvania Avenue, NW, Suite 100
> Washington, DC 20006-6801
> +1 202-747-1900 | main
> www.sheppardmullin.com | LinkedIn | Twitter

2

**From:** Massaroni, Christopher <Massaroni@mltw.com>
**Sent:** Friday, May 10, 2019 6:26 PM
**To:** Amar Naik <ANaik@sheppardmullin.com>; Coyne, Ryan J. <coyne@mltw.com>
**Cc:** Michael Cohen <MCohen@sheppardmullin.com>; Katie Wood <KWood@sheppardmullin.com>
**Subject:** RE: Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation

Amar,
Thank you for your response, but I am still wondering if Reynolds has disclosed, or plans to disclose, any materials relating to Auto/Mate that it obtained other than from our disclosure in the DMS case. We are particularly concerned about the document that was disclosed in the litigation, as referenced in my letter of February 7 to Dylan Ballard of your firm.
Can you please respond to this issue.
Thank you,
Chris

**Christopher Massaroni**
**McNamee Lochner P.C.**
**518-447-3331**

**From:** Amar Naik <ANaik@sheppardmullin.com>
**Sent:** Friday, May 10, 2019 5:14 PM
**To:** Massaroni, Christopher <Massaroni@mltw.com>; Coyne, Ryan J. <coyne@mltw.com>
**Cc:** Michael Cohen <MCohen@sheppardmullin.com>; Katie Wood <KWood@sheppardmullin.com>
**Subject:** RE: Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation

Chris,

Our notice only pertains to Auto/Mate's own document productions and deposition testimony from the pending litigation. Such materials have not been disclosed by Reynolds to the FTC and State AGs.

Attached are the FTC's CID and subpoenas from the states of Illinois and New York issued to Reynolds. Please note that these materials are part of confidential nonpublic investigations. The FTC has indicated to Reynolds that it considers materials that Reynolds has received in discovery in the pending multidistrict litigation — including the productions and testimony of non-parties such as Auto/Mate — as responsive to the CID. The state subpoenas request that Reynolds produce these materials as well. Reynolds has agreed to make these productions in response to the CID and subpoenas. These productions will also be made available to the Attorneys General for the states of Ohio, Wisconsin, Virginia, and Utah pursuant to their waiver letters with the FTC.

We will take your response that you "expressly denied" consent as an objection to the disclosure. We will put you in touch with the appropriate persons at these agencies so

you can discuss your objection with them. In the meantime, Reynolds will not produce Auto/Mate's document productions and deposition testimony to these agencies.

Best,
Amar

**Amar S. Naik**
+1 202-747-2648 | direct
ANaik@sheppardmullin.com | Bio

## SheppardMullin

2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
+1 202-747-1900 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Massaroni, Christopher <Massaroni@mltw.com>
**Sent:** Friday, May 10, 2019 4:04 PM
**To:** Amar Naik <ANaik@sheppardmullin.com>; Coyne, Ryan J. <coyne@mltw.com>
**Cc:** Michael Cohen <MCohen@sheppardmullin.com>; Katie Wood <KWood@sheppardmullin.com>; Coyne, Ryan J. <coyne@mltw.com>
**Subject:** RE: Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation

Dear Mr. Naik:

In response to your notice below, I ask that Reynolds provide the following:

1- A copy of any subpoena related to your request that requires disclosure of these documents. Your notice refers to Section I(11) of the Confidentiality Order, which concerns disclosure of Confidential information in response to a subpoena. It also requires you to send us, as the designating party, a copy of the relevant subpoena. We ask that you provide a copy of any subpoena, or, if there is no subpoena, to confirm as much in writing.

2- Please advise whether Reynolds intends to disclose, or already has disclosed, to the FTC and/or attorneys general any documents or materials of or relating to Auto/Mate but obtained by Reynolds from any source other than production by Auto/Mate in this litigation. I ask this because:
   a. Auto/Mate previously provided to Reynolds certain Highly Confidential information relating to Auto/Mate's business in connection with another matter under a separate non-disclosure agreement. Reynolds then, without permission from Auto/Mate, disclosed this information in this DMS litigation. (For reference, please see my correspondence of February 7,

4

Case: 1:18-cv-00864 Document #: 1192-1 Filed: 10/07/20 Page 5 of 6 PageID #:87965

      2019 to Dylan Ballard, attached here.) This information is entitled to the same protection as Highly Confidential information that Auto/Mate itself directly produced in this litigation (see Second Agreed Confidentiality Order Section I[2][c][g]).

    b. Also, Auto/Mate has designated certain other documents that it did not directly produce in this litigation as Highly Confidential. (For reference, please see Auto/Mate's March 4, 2019 Notice of Designation, copied here.) Again, this information is entitled the same protection as Highly Confidential information that Auto/Mate itself directly produced in this litigation (see Second Agreed Confidentiality Order Section I[3][f]).

3- Please advise of the nature of the FTC and attorneys general investigations and state the identity and contact information to whom the disclosure will be made.

4- Finally, please note that the Second Amended Agreed Confidentiality Order attached to your email was entered long after Auto/Mate made its disclosures in this case. As you are aware, Auto/Mate made its disclosures in express reliance upon a prior Confidentiality Order and Auto/Mate did not agree to the Second Amended order. As such, Auto/Mate is not necessarily bound by the terms of the Second Amended order attached to your email.

Please respond as soon as possible so that we can respond to your inquiry in more detail. This correspondence should not be construed to provide consent to the proposed disclosure (which is expressly denied). Auto/Mate reserves all rights on this matter.

Thank you,

Chris


**Christopher Massaroni**
**McNamee Lochner P.C.**
**518-447-3331**

---

**From:** Amar Naik <ANaik@sheppardmullin.com>
**Sent:** Thursday, May 9, 2019 12:15 PM
**To:** Massaroni, Christopher <Massaroni@mltw.com>; Coyne, Ryan J. <coyne@mltw.com>
**Cc:** Michael Cohen <MCohen@sheppardmullin.com>; Katie Wood <KWood@sheppardmullin.com>
**Subject:** Documents and Testimony Produced by Auto/Mate in the In re DMS Antitrust Litigation

Dear Counsel,

Pursuant to Section 11 of the attached Confidentiality Order in the *In re DMS Antitrust Litigation*, Case No. 18-cv-00864, MDL No. 2817 (N.D. Ill.), Dkt. No. 0650, Defendant Reynolds will be producing copies of all documents and/or testimony that Auto/Mate has produced in this litigation to the U.S. Federal Trade Commission and the Attorneys General for the states of New York and Illinois.  Please note that Attorneys General for the states of Ohio, Wisconsin, Virginia, and Utah will have access to this information through their respective agreements with the U.S. Federal Trade Commission.  These materials will be produced consistent with the confidentiality laws and regulations governing these respective agencies.

Please let us know by May 16, 2019 if you object to the transmittal of these materials to any of these agencies.  Thank you.

Best,
Amar

**Amar S. Naik**
+1 202-747-2648 | direct
ANaik@sheppardmullin.com | Bio

**Sheppard**Mullin
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
+1 202-747-1900 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.