**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| ALL PENDING ACTIONS | Magistrate Judge Jeffrey T. Gilbert |

**CDK GLOBAL, LLC'S RESPONSE TO NON-PARTY AUTOMATE, INC.'S
MOTION FOR A PROTECTIVE ORDER AND SANCTIONS**

I.      **Introduction and Summary**

Non-party AutoMate, Inc. has no reason to seek sanctions from CDK Global, LLC ("CDK") based on its allegations that other parties—namely, the Individual Plaintiffs[1]—may have violated the Agreed Confidentiality Order (Dkt. 650) ("Confidentiality Order") by producing AutoMate's documents to the Federal Trade Commission. AutoMate states that it became aware in June 2020 that someone had produced a copy of the transcript from its deposition in this MDL to the FTC without providing AutoMate with advance notice and an opportunity to object to the production. Dkt. 1181 ("Mot.") at 2. AutoMate sent a letter to counsel for the parties asking which of them had done so, and counsel for Individual Plaintiffs responded, admitting to the disclosure. *Id.* at 2-3; *see* Mot. Ex. A at 8-9. CDK, however, ***did not*** provide either a copy of AutoMate's document production in this MDL or its deposition transcript to the FTC. Nor has CDK (through Mayer Brown or otherwise) provided a copy of the aforementioned documents to any other party beyond those individuals and entities who are specifically authorized to access them in accordance with Paragraphs 5(b) and 5(c) of the Confidentiality Order. CDK confirmed this to AutoMate in a letter to its counsel dated September 10, 2020, Dkt. 1172-1,[2] and now submits the sworn declaration of Matthew Provance, attached hereto, confirming it again.

AutoMate does not contend otherwise. It does not claim that either CDK or Reynolds actually violated the Confidentiality Order. Its only complaint as to CDK is that while the Individual Plaintiffs—which *did* produce a copy of AutoMate's deposition to the FTC—promptly responded to AutoMate's initial letter about the issue, CDK did not. *See* Mot. at 8. That is no

---

[1]     "Individual Plaintiffs" refers to plaintiffs Authenticom, Inc., Motor Vehicle Software Corporation, and Loop LLC d/b/a AutoLoop and non-party Cox Automotive Inc. and its affiliates.

[2]     AutoMate initially submitted a letter to the Court's deputy clerk, which was filed on September 10, 2020 at the Court's direction. *See* Dkt. 1170. CDK filed a response to that letter on September 11, 2020, which attached correspondence sent the previous day from CDK's counsel to AutoMate's counsel confirming that CDK had not violated the Confidentiality Order. *See* Dkt. 1172, 1172-1.

reason to seek sanctions. AutoMate asserts that CDK "refused" to respond, *id.*, but that is simply not true. CDK's lack of response was simply an oversight; after all, the letter was addressed to multiple parties and asked about conduct that CDK had not engaged in. AutoMate never attempted to follow up or prompt CDK for a response to its initial letter for nearly three months. As soon as the matter was brought to CDK's attention in September 2020, it immediately responded to AutoMate, confirmed its compliance with the Confidentiality Order, and apologized for not responding sooner. *See* Dkt. 1172-1. While that should have been the end of it, AutoMate is now seeking sanctions against not only the parties that may have actually violated the Confidentiality Order—the Individual Plaintiffs—but CDK and Reynolds as well.

Regardless of how the parties got to this point, there is no basis for awarding AutoMate sanctions against CDK because ***it is undisputed that CDK did not violate the Confidentiality Order***. Both the plain text of Fed. R. Civ. P. 37(b) and published Seventh Circuit case law are clear that sanctions cannot be pursued from CDK if it has not violated a Court order—and it has not. Moreover, with respect to CDK, AutoMate's motion truly makes a mountain out of a mole hill. CDK has given repeated assurances to AutoMate of its compliance with the Confidentiality Order. There is no reason to require CDK to return or destroy AutoMate's documents because nothing has occurred that raises any doubts about CDK's commitment to abide by the Confidentiality Order going forward. Finally, AutoMate's request that CDK pay a share of its expenses and attorney's fees should be denied.

## II.     CDK Did Not Violate the Confidentiality Order

AutoMate filed its motion under Rule 37(b), which authorizes the Court to award sanctions and other remedies "for failure to comply with a court order." *See* Mot. at 5-8. But here, it is undisputed that CDK did not breach the Confidentiality Order. It never provided a copy of

AutoMate's documents or testimony to the FTC or to any other party not expressly authorized to view them. Dkt. 1172-1; Provance Decl. ¶¶ 2-3. Indeed, AutoMate only claims that Individual Plaintiffs—not CDK or Reynolds—violated the Confidentiality Order. *See* Mot. at 6 ("Though it may have been inadvertent, the MDL Plaintiffs breached the Order."); *id.* at 8 (seeking costs and attorney's fees from "the MDL Plaintiffs, who breached the Confidentiality Order").

Because it is undisputed that CDK did not violate the Confidentiality Order, there is no basis for AutoMate to seek sanctions from CDK. As the Seventh Circuit has held, Rule 37(b)'s "plain language limits its applicability to situations where a court order has been violated." *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994).[3] The cases that AutoMate cites, in which courts have awarded sanctions for violations of a confidentiality order, are thus wholly inapplicable as to CDK. In none of those cases did the court suggest that Rule 37(b) authorizes sanctions against anyone but the party found to be responsible for actually violating a confidentiality order.[4]

CDK's compliance with the Confidentiality Order also makes the remedies that AutoMate is seeking from CDK—as sanctions, or otherwise—unnecessary and unwarranted.

**1.** AutoMate requests a declaration from each party "setting forth the extent to which AutoMate's confidential information has been disclosed to third parties." Mot. at 6. CDK did not

---

[3] *See also Price v. Wrencher*, 2014 WL 4269079, at *2 (N.D. Ill. Aug. 27, 2014) ("Rule 37 requires a violation of a judicial order before sanctions may be imposed."). Thus, sanctions are possible "if, and only if" a party has actually violated a discovery order. *Brandt*, 30 F.3d at 756.

[4] Moreover, the sanctions applied by courts in the cases that AutoMate cites were proportionate to the flagrancy of the disobedient party's conduct. In two of the cases, the sanctioned party flagrantly misappropriated its adversary's confidential information for personal uses. *See Am. Nat. Bank & Tr. Co. of Chicago ex rel. Emerald Investments LP v. AXA Client Sols., LLC*, 2002 WL 1067696, at *3 (N.D. Ill. May 28, 2002) (sanctioning party that misappropriated competitor's "confidential information for business purposes"); *Whitehead v. Gateway Chevrolet, Oldsmobile*, 2004 WL 1459478, at *1 (N.D. Ill. June 29, 2004) (party included confidential information in subsequent complaint). In *Instant Tech., LLC v. DeFazio*, 2013 WL 5966893 (N.D. Ill. Nov. 8, 2013), the sanctioned party refused to remediate improper public disclosure of confidential documents despite five separate requests to do so. *Id.* at *2. There is not even a hint of remotely similar conduct that AutoMate has alleged here as to CDK.

engage in any misconduct conduct warranting this remedy, but it has nothing to hide. The declaration submitted herewith confirms that CDK has not disclosed AutoMate's documents or testimony in any manner not permitted by the Confidentiality Order. *See* Provance Decl. ¶¶ 2-3. AutoMate's request for a declaration is therefore moot as to CDK.

**2.** AutoMate next asks that all parties be ordered to return all documents that AutoMate produced in this MDL pursuant to the Confidentiality Order. Such a remedy plainly is not warranted as to CDK because CDK did not violate the Confidentiality Order, nor was CDK involved in any of the other episodes that AutoMate recounts in its motion as creating a perceived "lack of respect for AutoMate's confidences." Mot. at 7. AutoMate relies on the plain text of Rule 37(b)(2)(A)(ii), which provides that the Court may punish "the disobedient party" for violating a discovery order by prohibiting it "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." As CDK has not violated any discovery rule or order, the Rule simply does not apply. *See supra*, at 1-3. Moreover, such a remedy would not be fair to CDK, nor is it necessary to ensure that AutoMate's rights under the Confidentiality Order are protected going forward. CDK has respected the confidentiality of AutoMate's documents and testimony during the course of these proceedings and will continue to do so.

**3.** Finally, AutoMate asks that the Court require CDK to pay its expenses, including attorneys' fees, that were incurred bringing this motion. Mot. at 7-8. AutoMate again relies on Rule 37(b)(2)(C), which only authorizes the Court to award costs and fees against a "disobedient party." The Rule plainly does not allow AutoMate to seek such an award from CDK. *See Brandt*, 30 F.3d at 756; *Price v. Wrencher*, 2014 WL 4269079, at *2. Moreover, it was a simple oversight that CDK did not respond to AutoMate's initial June 2020 correspondence about these issues and not an indication of any actual misconduct or violation of the Court's discovery orders. AutoMate

never sent a follow-up email to CDK asking for a response, which any reasonable party would do before seeking Court intervention. As soon as the matter was brought to CDK's attention, it promptly responded to AutoMate's concerns. *See* Dkt. 1172-1. Nothing has occurred here that would justify an award of attorney's fees.

### III. Conclusion

CDK did not violate the Confidentiality Order. To the extent AutoMate remains concerned, CDK has now provided a declaration that confirms its compliance with the Confidentiality Order. AutoMate's motion seeking sanctions against CDK should be denied.

Dated: October 7, 2020

Respectfully submitted,

/s/ *Matthew D. Provance*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@ mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

Mark W. Ryan
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mryan@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

5

**CERTIFICATE OF SERVICE**

      I, Matthew D. Provance, an attorney, hereby certify that on October 7, 2020, I caused a true and correct copy of the foregoing **CDK GLOBAL, LLC'S RESPONSE TO NON-PARTY AUTOMATE, INC.'S MOTION FOR A PROTECTIVE ORDER AND SANCTIONS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system. In addition, a courtesy copy of this filing is also being served on counsel for non-party AutoMate, Inc. via email and conventional mail.

      */s/ Matthew D. Provance*
      Matthew D. Provance
      MAYER BROWN LLP
      71 South Wacker Drive
      Chicago, IL 60606
      (312) 782-0600
      mprovance@mayebrown.com