**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *ALL PENDING CASES* | **PUBLIC-REDACTED** |

**AUTHENTICOM, INC.'S OPPOSITION TO NON-PARTY**
**AUTO/MATE INC.'S MOTION FOR A PROTECTIVE ORDER AND SANCTIONS**

## INTRODUCTION

Non-party Auto/Mate seeks a protective order and sanctions because Authenticom, Inc. ("Authenticom"), through its counsel ("Kellogg Hansen"), produced Auto/Mate's Rule 30(b)(6) deposition to the FTC without affording Auto/Mate a chance to object to the production of the deposition. But the undisputed facts show that this good-faith procedural oversight was harmless: upon learning of that production – which Auto/Mate concedes (at 6) was inadvertent – Kellogg Hansen immediately took corrective measures by obtaining the FTC's agreement to sequester the deposition to afford Auto/Mate an opportunity to seek a protective order. Auto/Mate never made any objection. Moreover, when The Reynolds & Reynolds Company ("Reynolds") notified Auto/Mate of its intention to produce the same deposition to the FTC, Auto/Mate *consented* to Reynolds's production to the FTC. Indeed, it is not apparent what legal basis Auto/Mate would have had to object to the production of the deposition to the FTC. Apart from rhetoric, Auto/Mate has offered no evidence of prejudice. Because the failure to provide advance notice was admittedly inadvertent and harmless, neither a protective order nor sanctions is warranted.

## BACKGROUND

On August 31, 2017, the FTC served Authenticom with a Civil Investigative Demand ("CID") seeking documents related to the FTC's ongoing investigation of an unlawful conspiracy between CDK Global, LLC ("CDK") and Reynolds. *See* Ex. 1 (attaching CID). Pursuant to that CID, Authenticom, through Kellogg Hansen, has regularly produced to the FTC responsive documents and depositions that Authenticom obtained through the discovery process in this MDL. Authenticom notified both CDK and Reynolds of its intention to produce Defendants' documents and depositions to the FTC pursuant to the CID, and neither objected.

On January 28, 2019, as part of a production of MDL-related discovery to the FTC, Authenticom produced six deposition transcripts (including exhibits) to the FTC. Five depositions

were of Defendants' employees; the sixth was Auto/Mate's Rule 30(b)(6) deposition, which was taken on December 20, 2018.  *See* Ex. 2 (transcript with exhibits excluded).  Kellogg Hansen inadvertently produced the Auto/Mate deposition without providing Auto/Mate with prior notice as required by the confidentiality order.  *See* Dkt. 650, § 11.



███████████████████████████████████████████████

Auto/Mate's counsel concedes in its accompanying declaration that "AutoMate was aware that certain of its information may already have been supplied to the FTC in the Spring of 2019 . . . ." Dkt. 1181-1, ¶ 12.

On June 18, 2020, Auto/Mate's counsel sent a letter to Kellogg Hansen and counsel for CDK and Reynolds, asserting that it had "learned" that Auto/Mate's Rule 30(b)(6) deposition had been produced to the FTC, and claiming that this production was an "apparent breach" of the confidentiality order because Auto/Mate "was not given prior notice of the subpoena, and was not afforded an opportunity to take a position with respect to the subpoena." Dkt. 1181-6. Auto/Mate demanded to know whether MDL counsel had provided any Auto/Mate discovery materials to the FTC and, if so, that MDL counsel provide the subpoenas to which those materials were responsive. Although Auto/Mate's counsel now acknowledges that, at the time of its letter, it knew that Reynolds had already produced its discovery materials to the FTC, Auto/Mate did not disclose in its June 18 letter that Reynolds had given it notice of its intention to produce Auto/Mate's documents and testimony to the FTC and state law enforcement agencies, nor that it had given Reynolds consent to do so.

Authenticom's counsel immediately investigated Auto/Mate's letter and determined that it had inadvertently produced the deposition on January 28, 2019 prior to providing notice to Auto/Mate on February 28, 2019. Because Auto/Mate's letter failed to disclose that it had consented to Reynolds's production of the deposition to the FTC, Kellogg Hansen was left with the inaccurate impression that the FTC had obtained the deposition without Auto/Mate having had an opportunity to object to its production. Kellogg Hansen thus promptly requested that the FTC sequester the deposition to provide Auto/Mate with an opportunity to seek a protective order, and

the FTC agreed to do so.  On June 26, 2020, less than one week after receiving Auto/Mate's letter to MDL counsel, Kellogg Hansen notified Auto/Mate of the corrective steps that it had taken.  *See* Dkt. 1181-7.  Authenticom also provided the CID pursuant to which the deposition had been produced.  *See id.*

After receiving Kellogg Hansen's June 26, 2020 letter, Auto/Mate never sought a protective order or took any steps to object to production of the deposition to the FTC.  Auto/Mate also never contacted Authenticom to request that Authenticom take any further steps to cure the violation of the confidentiality order.  The first time that Authenticom became aware that Auto/Mate believed this issue had not been satisfactorily resolved was when Auto/Mate sent a letter to the Court on September 9, 2020 – without any prior meet and confer – requesting sanctions against the parties in the MDL.  *See* Dkt. 1170.

Like its letter to Kellogg Hansen, Auto/Mate's letter to this Court also did not disclose that Auto/Mate had consented to Reynolds's production of Auto/Mate's discovery materials to the FTC and state attorneys general.  To date, in its correspondence with Kellogg Hansen, Auto/Mate's counsel has never disclosed that Auto/Mate had consented to that production after being provided with prior notice; Kellogg Hansen only learned of that fact from Reynolds's September 10, 2020 response to Auto/Mate's June 18, 2020 letter.  *See* Dkt. 1174-1.

At the Court's direction, Auto/Mate refiled its September 9, 2020, letter as a formal motion for protective order and sanctions.  *See* Dkt. 1181.  Even in that motion, Auto/Mate does not acknowledge that it consented to Reynolds's production of its discovery materials, including the Rule 30(b)(6) deposition, to the FTC.

## STANDARD

The Seventh Circuit has not addressed the unsettled question whether sanctions under Federal Rule of Civil Procedure 37(b) are available for violations of a protective order, although

some courts in this district have held that they are. *Compare Lipscher v. LRP Pubs., Inc.*, 266 F.3d 1305, 1323 (11th Cir. 2001) (not available), *with Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 487, 489 (5th Cir. 2012) (available). Assuming, without waiving the contrary position, that Rule 37(b) applies, "[i]n analyzing whether sanctions are appropriate, a court looks to three factors: (1) the existence of a breach of [an order]; (2) the level of culpability for the breach; and (3) the prejudice that results from the breach." *Weitzman v. Maywood, Melrose Park, Broadview Sch. Dist. 89*, 2014 WL 4269074, at *2 (N.D. Ill. Aug. 29, 2014). "The proper sanction under Rule 37(b) for a party's failure to obey a court order regarding discovery should be no more severe than is necessary to prevent prejudice to the other party." *Rogers v. Chi. Park Dist.*, 89 F.R.D. 716, 718 (N.D. Ill. 1981); *see Johnson v. Fed. Express Corp.*, 2002 WL 362753, at *4 (S.D. Ind. Mar. 6, 2002) (quoting *Oxford Cap. Ill., L.L.C. v. Sterling Payroll Fin., L.L.C.*, 2001 WL 1491521, at *9 (N.D. Ill. Nov. 26, 2001) ("[T]he purpose [of] [the sanction] must not be punitive, but rather compensatory, to redress harm that has been caused, or coercive in order to secure further compliance."); *Smith v. Chi. Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1147 (7th Cir. 1999) ("Proportion to the harm is an essential part of sanctions practice.").

## ARGUMENT

Auto/Mate's motion for sanctions should be denied because Authenticom acted in good faith and because the violation caused no prejudice to Auto/Mate. Further, the specific sanctions that Auto/Mate seeks are unjustified under the circumstances and appear to be an effort to obtain litigation advantage rather than rectify the consequences of the breach.[2]

---

[2] Auto/Mate asserts additional grounds for sanctions against CDK and Reynolds to which Authenticom does not respond. *See* Auto/Mate Mot. 3. Auto/Mate also claims (at 3) that Cox Automotive's motion to modify the confidentiality order supports its requested relief. Those arguments are addressed in Cox Automotive's reply to Auto/Mate's opposition to the motion to modify the confidentiality order. *See* Dkt. 1189.

## I. Authenticom's Counsel Acted In Good Faith

There is no dispute that Authenticom (through its counsel Kellogg Hansen) acted in good faith. The confidentiality order requires any party "served with a subpoena . . . that would compel disclosure of any material or document designated in this Action as Confidential Information" to "notify the Designating Party" and provide "a copy of the subpoena." Dkt. 650, § 11(a). Although Authenticom's counsel produced the deposition of Auto/Mate's Rule 30(b)(6) witness without providing prior notice to Auto/Mate, that failure was inadvertent – and Auto/Mate does not argue to the contrary. Indeed, after the production of the deposition on January 28, 2019, Kellogg Hansen provided the notice required by the confidentiality order on February 28, 2019 – not realizing that it had produced the Auto/Mate deposition a month earlier. And when Auto/Mate declined to give consent, Kellogg Hansen did not produce the deposition again.

Moreover, when Auto/Mate raised the issue with counsel in the MDL on June 18, 2020, Kellogg Hansen promptly acknowledged the error and took steps to rectify it. In its June 26, 2020 letter to Auto/Mate, Kellogg Hansen explained that it had inadvertently produced the deposition without prior notice, and it explained that it had obtained agreement from the FTC to sequester the materials to give Auto/Mate an opportunity to seek a protective order. *See* Dkt. 1181-7. Authenticom also provided Auto/Mate with the CID pursuant to which the deposition had been produced. *See id.*

Kellogg Hansen's conduct – an isolated and inadvertent production of a single deposition during the height of fact discovery in a complex MDL, followed by immediate steps to correct the violation once discovered – show good faith, not sanctionable misconduct. *See Daniels v. Spencer Gifts, LLC*, 2012 WL 488099, at *10 (N.D. Ill. Feb. 14, 2012) ("Standing alone, however, mistakes are not a ground for sanctions under Rule 37 unless the offending party has wilfully violated a court order or behaved in a manner that requires a court to exercise its inherent power."); *Coffie v.*

- 6 -

*City of Chi.*, 2006 WL 8460635, at *3 (N.D. Ill. Nov. 29, 2006) (declining to impose sanctions for violation of a protective order that "was an inadvertent mistake which has been corrected").

## II.     Auto/Mate Suffered No Prejudice

Auto/Mate's motion also should be denied because it has suffered no prejudice. The purpose of the prior-notice requirement in the confidentiality order is "to afford the Designating Party in this case an opportunity to try to protect its Confidential Information." Dkt. 650, § 11(c). That purpose was fulfilled here: the FTC sequestered the deposition to allow Auto/Mate an opportunity to object to the production of the deposition. Authenticom's corrective measures eliminated any prejudice. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695-96 (9th Cir. 1993) (no sanctions for "substantial[ ] compli[ance]" with protective order); *Principle Sols. LLC v. Feed.Ing B.V.*, 2015 WL 113292, at *5 (E.D. Wis. Jan. 8, 2015) (same).[3]

Moreover, Authenticom's production of the Rule 30(b)(6) deposition to the FTC without advance notice was harmless because Auto/Mate ***consented*** to that production. ██████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████ Auto/Mate again waived any objection in June 2020, when Authenticom notified Auto/Mate that the FTC was sequestering the deposition to allow Auto/Mate an opportunity to seek a protective order. *See* Dkt. 1181-7. Auto/Mate took no steps to object to the production of the deposition. Given that Auto/Mate consented to Reynolds's production of the Rule 30(b)(6) deposition to the FTC, the good-faith error on the part of Authenticom's counsel caused Auto/Mate no prejudice.

---

[3] Auto/Mate responds (at Dkt. 1181-1, ¶ 15) that it was "too late" to seek a protective order, but that is inaccurate: the FTC had agreed to sequester the documents to allow Auto/Mate to seek relief.

Authenticom's failure to provide notice was harmless for a second reason: Auto/Mate had no valid basis to prevent the FTC from obtaining the Auto/Mate Rule 30(b)(6) deposition, because it was relevant to the FTC's investigation of CDK's and Reynolds's unlawful conduct. Auto/Mate has never contended that the deposition was not responsive to the CID, which Authenticom provided to Auto/Mate. Because the same result – production of the deposition – would have occurred regardless of any notice provided to Auto/Mate, sanctions are unwarranted. *See Malibu Media, LLC v. Harrison*, 2014 WL 5598769, at *5 (S.D. Ind. Nov. 3, 2014) (no sanctions for violation of a protective order where the violation was "harmless" because the disclosed information "would have been disclosed to the public" regardless of the violation).



Finally, contrary to Auto/Mate's suggestion (at 1-2), this is not a situation in which competitively sensitive information was improperly disclosed to one of Auto/Mate's competitors. The deposition was provided to the FTC in the course of the FTC's investigation of CDK's and Reynolds's unlawful conduct. Auto/Mate makes no attempt to explain how it suffered any harm from the production of its information to a government agency in the course of the agency's investigation of other parties. Auto/Mate's failure to demonstrate any prejudice dooms its motion. *See CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 2010 WL 2365162, at *6 (N.D. Ill. June 11, 2010) (declining to impose sanctions for protective order violation where moving party failed to show prejudice); *CCC Info. Servs., Inc. v. Mitchell Int'l, Inc.*, 2006 WL 3486810, at *1 (N.D. Ill. Dec. 1, 2006) (similar); *Harrell v. CheckAGAIN, LLC*, 2006 WL 5453652, *5 (S.D. Miss. July 31, 2006) (similar; refusing to impose sanctions for "technical violation of the protective order" resulting in no harm to movant).[6]

## III.    Auto/Mate's Requested Sanctions Are Inappropriate

In addition to no sanctions being warranted under the circumstances, the specific sanctions that Auto/Mate seeks (at 4) are inappropriate.

**1 & 2.** Auto/Mate seeks an order directing Authenticom (a) to declare whether it "received or responded to a subpoena from the FTC [or any other entity] seeking production of" Auto/Mate's discovery materials, and (b) to provide copies of any such subpoenas and materials produced in response to them. This request is moot because Authenticom has already provided this information to Auto/Mate. *See* Dkt. 1181-7. Prior to filing its motion for sanctions, Auto/Mate never suggested that the information that Authenticom provided was incomplete, nor does it do so now. If

---

[6] While there has been an ongoing FTC investigation of CDK and Reynolds, the FTC is not actively investigating Auto/Mate. In March 2018, the FTC did file an administrative complaint challenging Auto/Mate's merger with CDK, which was then abandoned. *See* https://www.ftc.gov/system/files/ documents/cases/docket_no_9382_cdk_automate_order_dismissing_complaint.pdf.

Auto/Mate had any further questions, it could – and should – have asked Authenticom rather than filing a motion for sanctions without any attempt to resolve the matter without court intervention. Lest there be any doubt, Authenticom confirms that the representations in Kellogg Hansen's June 26, 2020 letter are accurate and further that Authenticom has not received any other subpoena seeking Auto/Mate's discovery materials besides the FTC's August 31, 2017 CID to Authenticom.

      **3.**      Auto/Mate seeks an order requiring the parties to return or destroy Auto/Mate's discovery materials. The Seventh Circuit has warned against attempted uses of protective orders to "shield[] . . . highly relevant and nonconfidential information" from consideration by a tribunal. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 860 (7th Cir. 1994). Here, Auto/Mate's requested sanction is inappropriate because it would do just that by excluding at least the following highly relevant evidence, which not only Authenticom but also other MDL Plaintiffs have relied on in support of their summary judgment positions:



███████████████████████████████████████████

Further, this request would do nothing to remedy the violation at issue: the FTC's receipt of the Rule 30(b)(6) deposition without prior notice from Authenticom. Because Auto/Mate's request bears no relationship – and certainly is not proportional – to the violation at issue, it should be denied. *See Am. Family Mut. Ins., Co. v. Roth*, 2007 WL 2410074, at *2 (N.D. Ill. Aug. 16, 2007) ("[T]he request to exclude the evidence" that was publicly filed in violation of a protective order "violates the doctrine of proportionality."); *Coffie*, 2006 WL 8460635, at *3 ("Severe sanctions" of barring use of evidence "should be reserved for serious conduct.").

4. Auto/Mate's request for an award of the fees and costs for the instant motion is not appropriate. *See* Dkt. 1181-1, ¶ 26 (requesting "AutoMate's legal fees and its costs for this application"). Auto/Mate invokes Rule 37(b)(2)(C), which provides that "[i]nstead of or in addition" to other sanctions for a violation of Rule 37(b), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). At the threshold, the Seventh Circuit has not applied this provision to protective-order violations, and the Eleventh Circuit has held that it does not apply. *See supra* pp. 4-5.

Even assuming Rule 37(b)(2)(C) does apply, the fees and expenses are expressly limited to those "caused by the failure" to comply with the court's order. Here, Auto/Mate's fees for filing the instant motion were not "caused by" Authenticom's inadvertent failure to provide notice. Auto/Mate knew when it filed the motion that any failure had been rendered moot in May 2019, when Auto/Mate consented to Reynolds's production of the deposition to the FTC and state attorneys general. Auto/Mate also knew that Kellogg Hansen had obtained the FTC's agreement

to sequester the deposition in June 2020, but Auto/Mate never took any steps to assert any objection. Given that Auto/Mate passed up multiple opportunities to assert the procedural right to object under the confidentiality order, the fees and costs of this motion cannot be said to have been caused by Authenticom's inadvertent failure to provide notice.

Likewise, an award of attorneys' fees and costs would be "unjust" under the circumstances. Although Rule 37(b)(2)(C) contemplates compensation for a party that is forced to spend money to rectify genuine harm caused by a violation of a court order, it would be "unjust" to reward Auto/Mate for aggressively litigating a less-than-fully-candid sanctions motion when it knows it suffered no prejudice. *See Flame S.A. v. Indus. Carriers, Inc.*, 2014 WL 4809842, at *6 (E.D. Va. Sept. 25, 2014) (declining to award attorneys' fees under Rule 37 because it would be unjust where the moving party only made a "half-hearted" effort to resolve the dispute and the violating party's conduct was not "patently unreasonable"). Indeed, Auto/Mate's position would create a perverse incentive on the part of litigants to burden the courts with sanctions motions for harmless violations. Auto/Mate is not entitled to attorneys' fees or costs for its "spare-no-expense punitive expedition" against the MDL parties. *See In re Dual-Deck*, 10 F.3d at 696.[7]

## CONCLUSION

This Court should deny Auto/Mate's motion.

---

[7] Auto/Mate styles its motion as seeking a "Protective Order And Sanctions." Dkt. 1181, at 1. To the extent Auto/Mate's motion is construed as seeking a protective order under Rule 26(c), the motion should be denied because Auto/Mate provides no argument in support of such relief. Further, if construed as a Rule 26(c) motion, Authenticom should be awarded its expenses in opposing the motion because, for the reasons given in this opposition, Auto/Mate's motion was not substantially justified. *See* Fed. R. Civ. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses."); Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added).

Dated:  October 7, 2020

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Daniel V. Dorris
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M. Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Fax:  (202) 326-7999
dho@kellogghansen.com
ddorris@kellogghansen.com

*Counsel for Authenticom, Inc.*

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on October 7, 2020, I caused a true and correct copy of the foregoing **AUTHENTICOM, INC.'S OPPOSITION TO NON-PARTY AUTO/MATE INC.'S MOTION FOR A PROTECTIVE ORDER AND SANCTIONS** to be filed and served electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.  Copies of the Under Seal filing were served on counsel of record via email.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com