n IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

This matter is before the Court on Cox Automotive's Motion to Clarify and Reconsider June 29, 2020 Order (Dkt. 1027) [EFC No. 1050].[1] Cox Automotive ("Cox") seeks clarification and reconsideration of the Court's June 29, 2020 Order [EFC No. 1027] in which the Court granted CDK Global LLC's ("CDK") Motion to Compel [ECF No. 543] and ordered Cox to produce 51 e-mail communications listed on its privilege log. The 51 e-mails at issue were sent to e-mail distribution lists for which Cox was unable to identify the individual recipients of the e-mails. Cox argues that the Court granted relief on an argument that CDK never made in its Motion to Compel [ECF No. 543] and to which Cox never responded. For the reasons discussed below, the Motion to Clarify and Reconsider June 29, 2020 Order [ECF No. 1050] is granted in part and denied in part as to the issue and arguments raised by Cox.

I.

Cox argues that CDK's Motion to Compel [ECF No. 543] advanced the single argument that for the 51 communications sent to e-mail distribution lists for which Cox could not specifically identify the recipients, Cox had not complied with the parties' agreement to disclose the number of current members of the e-mail distribution lists. The Court disagrees with Cox's simplistic characterization of CDK's argument. While CDK did take issue with Cox's failure to comply with the parties' alleged agreement to provide the number of current members of the e-mail distribution lists at issue, CDK also argued that Cox failed to comply with Federal Rule of Civil Procedure 26(b)(5)(A) and, therefore, waived any claim of privilege as to the 51 communications at issue. *See* CDK's Motion, [ECF No. 543], at 13-14.

In response to CDK's arguments in support of its Motion to Compel [ECF No. 543], Cox said it did not agree to provide the current number of recipients in the e-mail distributions lists. *See* Cox Resp., [ECF No. 573], at 13. Cox says that the current number of recipients for the e-mail distribution lists sheds little light on whether the documents are privileged, and that it instead

---

[1] This Motion to Clarify and Reconsider [ECF No. 1050] was filed by both AutoLoop and Cox Automotive. This Order only addresses the issue raised by Cox Automotive relating to 51 e-mail communications listed on its privilege log which were sent to e-mail distribution lists and which the Court previously ordered Cox Automotive to produce to CDK. *See* June 29, 2020 Order, [ECF No. 1027]. The issue and arguments raised by AutoLoop relating to the work product documents listed on its privilege log remain under advisement.

provided sufficient other information, including the general purpose of the e-mail distribution lists, for CDK to assess its claim of privilege for the 51 communications at issue. *See* Cox Resp., [ECF No. 573], at 13. In its response to CDK's Motion, however, Cox ultimately relented and said that it would provide the current number of recipients for the e-mail distribution lists. *See* Cox Resp., [ECF No. 573], at 13.

In reply, CDK said that Cox did not provide the requested information concerning the current number of recipients for the e-mail distribution lists until the day before CDK's reply was due. *See* CDK's Reply, [ECF No. 587], at 13-14. CDK said that information revealed, among other things, that: (1) many of the e-mail distribution lists on Cox's privilege log no longer are in service and thus have zero current members; and (2) several of the challenged distribution lists currently have 20 or more members, including one of the lists ("NCSSGroup@Manheim.com") with over 500 members. *See* CDK's Reply, [ECF No. 587], at 14. At the time CDK filed its reply brief, CDK represented to the Court that it still was evaluating whether to maintain its challenge to e-mails sent to the larger distribution list and that it would advise the Court promptly if the parties were able to resolve their dispute over this aspect of CDK's Motion. *See* CDK's Reply, [ECF No. 587], at 14.

Further in its reply, CDK also referenced the Dealership Class Plaintiffs' Motion to Compel Production of Inadequately Logged Documents from Defendants' Privilege Logs and to Compel Discovery Regarding Drafting of Agreements, [ECF Nos. 535, 536], which addressed the exact same issue with certain e-mail distribution lists on CDK's privilege log that are defunct or for which the original members now cannot be identified. *See* CDK's Reply, [ECF No. 587], at 14 (citing Dealership Class Plaintiffs' Memorandum in Support of Motion to Compel, [ECF No. 538], at 7). CDK opposed the Dealership Class Plaintiffs' Motion to Compel but argued that if the Court were to agree with the Dealership Class Plaintiffs' argument and compel production of communications on CDK's privilege log involving e-mail distribution lists that no longer are in use, then it should order the same for the e-mails withheld by Cox and identified on its privilege log. *See* CDK's Reply, [ECF No. 587] at 14.

On June 11, 2020, after CDK filed its reply in support of its Motion to Compel, CDK filed a Notice Regarding Partial Resolution of Parties' Privilege Log Motions [ECF No. 1012], which stated that the parties had resolved some issues raised in CDK's Motion to Compel, but further explained that "[t]he remainder of the CDK's privilege log motion (Dkt. 544 at 6-13 (Section II and III)) is unresolved and requires resolution by the Court." *See* CDK's Notice, [ECF No. 1012], at 2. The Court interpreted this Notice [ECF No. 1012] as saying that CDK still was moving to compel the 51 communications on Cox's privilege log.

Based on the arguments presented in the parties' briefing on CDK's Motion to Compel [ECF No. 543], the Court issued an Order [ECF No. 1027] on June 29, 2020 and concluded that Cox failed to satisfy its burden to show that the 51 e-mail communications at issue are protected by the attorney-client privilege. *See* June 29, 2020 Order, [ECF No. 1027]. Those communications include e-mails for which the recipients of the e-mail distribution lists have not been identified and/or e-mail distribution lists that are no longer in service and for which there are no current recipients. *See* June 29, 2020 Order, [ECF No. 1027], at 2-3. In ruling on CDK's Motion [ECF No. 543], the Court referenced and discussed its June 10, 2019 oral ruling on Class Plaintiffs'

2

Motion to Compel Production of Inadequately Logged Documents from Defendants' Privilege Logs and to Compel Discovery Regarding Drafting of Agreements [ECF Nos. 535, 536] in which the Court granted Class Plaintiffs' Motion and ordered CDK to produce certain similar e-mails as to which CDK could not identify the individual recipients. *See* June 10, 2019 Transcript, [ECF No. 1016], at 14-16.[2] As to the current dispute, the Court similarly found that Cox also failed to show how the attorney-client privilege attached to the 51 e-mails at issue for the same reasons and similarly granted CDK's Motion to Compel [ECF No. 543] and ordered Cox to produce the challenged e-mails to CDK. *See* June 29, 2020 Order, [ECF No. 1027], at 2-3. It is this decision that Cox now asks the Court to reconsider.

The Court is not persuaded, for the most part, by Cox's arguments in support of its Motion to Clarify and Reconsider June 29, 2020 Order (Dkt. 1027) [ECF No. 1050]. CDK moved to compel production of the 51 communications because Cox failed to satisfy its burden to show that the documents at issue are, in fact, protected by the attorney-client privilege. Whether or not there was an agreement pursuant to which Cox agreed to identify the current number of recipients on the e-mail distribution lists at issue is a red herring. Cox ultimately did identify the number of recipients (to the extent it could do so) the day before CDK had to file its reply brief. Based on the information that Cox provided at that time, it was clear that many of the e-mail lists at issue had zero members because they are defunct distribution lists, some communications had over 20 members, and one had over 500 recipients.

In the Court's view, Cox could have asserted the arguments it now is making in support of its Motion to Clarify and Reconsider June 29, 2020 (Dkt. 1027) [ECF No. 1050] when it responded to CDK's underlying Motion to Compel [ECF No. 543] or in response to CDK's Notice [ECF No. 1012], which said CDK still was seeking resolution of the issue. Although neither party briefed the privilege issues very well in connection with CDK's original Motion to Compel [ECF No. 543], CDK did put in issue whether Cox had done enough to meet its burden to establish the subject e-mails were protected by the attorney-client privilege. Cox, therefore, was on notice that it needed to establish the applicability of the privilege in order to prevail against CDK's Motion to Compel [ECF No. 543]. Cox did not do so in response to CDK's Motion nor did it file anything in response to CDK's Notice [ECF No. 1012]. Cox could have sought leave to file a sur-reply in response to CDK's reply in support of its Motion to Compel [ECF No. 534] when CDK specifically referenced the Dealership Class Plaintiffs' Motion to Compel [ECF Nos. 535, 536], which involved the exact same issue with certain e-mail distribution lists with zero recipients on CDK's privilege log. *See* CDK's Reply, [ECF No. 587], at 14 (citing Dealership Class Plaintiffs' Motion, [ECF No. 538], at 7). In particular, CDK argued that if the Court were to agree with the Dealership Class Plaintiffs' argument and compel production of the communications on its privilege log involving e-mail distribution lists that no longer are in use, then it should do the same for Cox. *See* CDK's Reply, [ECF No. 587] at 14.

Therefore, Cox's request for reconsideration on this issue is not well-taken. It was Cox's burden to establish that the e-mails at issue are privileged. *See United States v. BDO Seidman*,

---

[2] Specifically, the Court stated: "It is CDK's burden to show privilege. It has not shown privilege as to either group of e-mail. Again, because the first one, they haven't told me why all those people are within the privilege.... And in the second, if you can't even identify who the e-mail went to, then you're not going to be able to identify privilege." *See* June 10, 2019 Transcript [ECF No. 1016], at 14-16.

3

337 F.3d 802, 811 (7th Cir. 2003). It did not do so. If Cox had more to say on that issue, it should have said it at that time. Cox was on notice that CDK wanted a ruling with respect to the 51 communications sent to e-mail distribution lists identified on Cox's privilege log particularly in light of the Notice [ECF No. 1012] CDK filed on June 11, 2020 which stated that CDK's motion still was unresolved as to the communications sent to the e-mail distribution lists.

Based on the parties' briefing submitted on Cox's Motion to Clarify and Reconsider June 29, 2020 Order (Dkt. 1027) [EFC No. 1050], it is not disputed that 32 of the 51 communications at issue were sent to e-mail distribution lists that now are defunct and, therefore, have no current members. This is the same exact issue presented in the earlier motion practice on which the Court already has ruled, and there is no basis for the Court to reconsider or revisit the basis for its earlier decision or its Order entered on June 29, 2020, which now is at issue on Cox's Motion to Clarify and Reconsider [ECF No. 1050]. Here, Cox has not cited to the Court any case law, nor is the Court aware of any, that says that a document which was sent to people who cannot now be identified who at one time purportedly were members of an e-mail distribution list remains covered by any privilege that once may have applied to the document even though the party seeking to assert the attorney-client privilege cannot show that the privilege was, in fact, maintained and the document only was shared with individuals who were within the sphere of the corporate attorney-client privilege. Although Cox may want the Court now to review *in camera* the documents transmitted under cover of the challenged e-mails to determine whether the documents are privileged communications, that will not solve the problem for Cox. It does not matter whether the documents transmitted were privileged at one time because Cox cannot establish that any privilege was maintained when the documents were sent to unknown people.

As stated above, it is Cox's burden to show that the e-mails are privileged, and the Court is not convinced that Cox has satisfied that burden. Cox wants CDK and the Court to take its word that the attorney-client privilege was maintained for all of these e-mail communications. Without more information upon which to base such a decision, the Court declines to do so. The Court also is not persuaded that Cox can satisfy its burden to show the attorney-client privilege is applicable to documents sent to members of an e-mail distribution list by simply providing general purpose descriptions for the e-mail distribution lists.

Accordingly, even if Cox had made all of the arguments it is asserting now in its Motion to Clarify and Reconsider [ECF No. 1050], the fundamental premise of the Court's prior ruling does not change. For 32 of the e-mail communications at issue, Cox is not able to identify the number of recipients in e-mail distribution lists, current or otherwise, or the identity of those recipients to show that the attorney-client privilege was maintained. There is nothing new to reconsider now. The Court, therefore, denies in part Cox's Motion to Clarify and Reconsider June 29, 2020 Order (Dkt. 1027) [EFC No. 1050] as to the 32 communications for which Cox identified zero recipients because the e-mail distributions lists are now defunct, and Cox is ordered to produce those 32 communications to CDK within 15 days of the date this Order is entered.

II.

As for the remaining 19 communications for which Cox did identify the current number of recipients, however, Cox's Motion to Clarify and Reconsider [ECF No. 1050] is granted in part.

It is not disputed that Cox identified the current number of recipients for 19 communications sent to certain e-mail distribution lists, which include 19, 28, 31, 43 and 522 members, among others. In its response to Cox's Motion to Clarify and Reconsider [ECF No. 1050], CDK conceded that it did not argue in its underlying Motion to Compel [ECF No. 543] that the number of purported members of these e-mail distributions lists were so numerous such that, for that reason alone, Cox's claim of attorney-client privilege could not stand. *See* CDK's Resp., [ECF No. 1095], at 5.

Therefore, Cox's Motion to Clarify and Reconsider June 29, 2020 Order (Dkt. 1027) [EFC No. 1050] is granted in part as to the 19 e-mails for which Cox did, in fact, identify the current number of recipients. The Court agrees with Cox that CDK did not ask the Court to require that these e-mails be produced after Cox had identified the current number of people on the e-mails distribution lists, and the Court should not have granted CDK's Motion to Compel [ECF No. 543] based on an argument CDK did not make.  CDK asked the Court to order Cox to identify the number of people on the e-mail distribution lists, which Cox did, at least belatedly, before the Court ruled.  Therefore, Cox is not required to produce to CDK these 19 communications at this time. This ruling is without prejudice to CDK properly taking issue with the remaining 19 e-mails in a new motion, if it chooses to do so, after satisfying any remaining Local Rule 37.2 obligations.

If CDK decides to file a motion to compel these 19 e-mails, the Court notes for the record that it will want Cox to submit the documents and its privilege log entries for those emails for *in camera* review. The Court recognizes it previously said "there is no per se rule that says, five people can be in a distribution list for a privileged communciation, but eight can't. Or 20 can, but 25 can't." *See* June 10, 2019 Transcript, [ECF No. 1016], at 16. Nevertheless, without more, it is difficult for the Court to see how an e-mail (or e-mails) sent to a distribution list of 522 people comprising Cox's sales force, people whose identities are now unknown, likely is privileged on the ground that all 522 recipients of the e-mail(s) were within the sphere of corporate attorney-client privilege. The Court, however, will withhold judgement as to whether any of the communications sent to e-mail distribution lists with 19, 28, 31, 43, or 522 recipients are privileged unless and until it is squarely presented with that issue and able to review *in camera* any documents as to which Cox maintains such a privilege,  a privilege log prepared by Cox, and Cox's arguments in support of any privilege claims.

III.

Accordingly, the portion of Cox's Motion to Clarify and Reconsider June 29, 2020 Order (Dkt. 1027) [EFC No. 1050] is granted in part and denied in part for the reasons stated herein.  The hearing on this Motion set for October 15, 2020 [ECF No. 1188] is stricken.

It is so ordered.

_____
Jeffrey T. Gilbert
Unites States Magistrate Judge

Dated:  October 13, 2020

5