UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 |
| This Document Related to All Cases | Case No. 18-CV-00864 |

## REPLY MEMORANDUM OF AUTO/MATE INC. IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

Auto/Mate Inc. ("Auto/Mate") has long been concerned about the security of the confidential information that it disclosed as a non-party in response to multiple subpoenas in this case. Although Auto/Mate's information is covered by the Agreed Confidentiality Order (Dkt. No. 104), the misconduct of the parties shows that Auto/Mate will not be fully protected until all parties are ordered to return the information to Auto/Mate. Despite the Confidentiality Order, it is palpably clear that the parties do not respect Auto/Mate's confidentiality rights and cannot be trusted to maintain Auto/Mate's information in confidence. The following factors show that Auto/Mate's confidences are in continuing jeopardy:

1. Authenticom's attorneys admitted that they breached the Confidentiality Order (Dkt No. 1195, p. 6-7);

2. Counsel to Reynolds and CDK flatly refused to respond to Auto/Mate's June 18, 2020 letter seeking details as to whether its confidences were breached (Massaroni Decl., at ¶ 13-15; Ex. E);

3. Cox Automotive argues passionately that the parties and the Court may amend the Confidentiality Order (presumably in any way that they see fit) without even

> providing notice to Auto/Mate of the expanded use of its information (Dkt. No. 1147); and

4. Reynolds denies that it previously breached a non-disclosure agreement with Auto/Mate even though this is plainly untrue. (Dkt. No. 1192, p. 5, FN 2; Massaroni Dec., at Ex. G).

Despite all the foregoing, several parties now argue, in effect: "no harm, no foul." They suggest that Auto/Mate must wait until it suffers a full calamity before asking the Court for further protection. But the warning signs are all flashing bright red and it is only a matter of time before another breach occurs resulting in the full calamity. Each party is so singularly focused on advancing its own interests that it cannot be trusted to diligently and faithfully honor Auto/Mate's confidentiality rights. Auto/Mate must be protected by the entry of an order directing the return of its confidential information.

## ARGUMENT

**1. Authenticom's Undisputed Breach of the Confidentiality Order Warrants Return of Auto/Mate's Confidential Information**

Authenticom does not dispute that, under the terms of the Confidentiality Order, it was required to provide notice to Auto/Mate before producing Auto/Mate's documents to the FTC. Thus, Authenticom admits to a breach of the protective order. This breach alone provides grounds for the Court to enter an order of sanctions under Rule 37(b). *See, e.g., American Nat. Bank and Trust Co of Chicago v AXA Client Solutions, LLC*, Case No. 00 C 6786, 2002 WL 1067696 (N.D. Ill 2002) (imposing Rule 37(b) sanctions based upon violation of an agreed upon protective order). Here, the "sanction" that Auto/Mate is requesting is simply the return of its confidential information.

Authenticom raises two arguments in response. First, it argues that sanctions should not be imposed because its violation of the Confidentiality Order was "inadvertent". Second,

Authenticom contends that Auto/Mate must wait until it can conclusively prove actual prejudice (presumably an unauthorized use) resulting from the parties' reckless handling of its confidential information before it can seek redress from this Court. (Dkt. No. 196 at p. 5-9.) Both arguments are without merit.

A. **Authenticom's Alleged "Good Faith" Does Not Outweigh Its Reckless Treatment of Auto/Mate's Confidential Information**

Although a violating party's good faith or lack of intent may be considered on a Rule 37(b) motion, those factors do not necessarily excuse a breach. Even where a party's violation of a discovery order is inadvertent, a court may still order relief under Rule 37(b), such as by an order directing the return of documents. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (allowing for prohibition of disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence); s*ee also Engage Healthcare Communications, LLC v. Intellisphere, LLC*, Civ. No. 12-787 (FLW) (LHG), 2019 WL 1397387 (D. N.J. Mar. 3, 2019) (citing with approval opinion of magistrate judge who ordered sanctions based on violation of a confidentiality order) (quoting magistrate opinion "[w]hile the violations at issue were inadvertent, the Court does not find that they were substantially justified"). Even the cases cited by Authenticom acknowledge that, in addition to willfulness or bad faith, a Court may issue sanctions under Rule 37 when a party has simply "behaved in a manner that requires the court to exercise its inherent power [to award sanctions]." *Coffie v. City of Chi.*, 2006 WL 8460635, at *3 (N.D. Ill. Nov. 29, 2006).

Thus, even assuming that Authenticom has acted entirely in good faith (as it claims), and assuming that the violation of the Confidentiality Order was entirely inadvertent, the Court still

must consider the severity of the breach and the likelihood of great harm to Auto/Mate if such a breach were to be repeated.

**B.      Rule 37(b) Sanctions Can And Should Be Issued As a Preventive Measure–Prejudice Is Not Required**

Authenticom argues that Auto/Mate's motion should be denied because Auto/Mate supposedly has not been prejudiced. However, Auto/Mate was prejudiced by the improper disclosure itself; it should not be required to show improper use by a competitor in order to justify relief. Moreover, Authenticom is advancing a wildly narrow view of Rule 37(b) sanctions. It is well-settled that, in considering the violation of a protective order, the Court must consider implementing measures that are "necessary to ***prevent*** prejudice." *Rogers v. Chi. Park Dist.*, 89 F.R.D. 716, 718 (N.D. Ill. 1981) (emphasis added); *Smith & Fuller v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (noting that sanctions under Rule 37 can be used to deter future abuses). Indeed, the Seventh Circuit has recognized that Rule 37 sanctions can be used by courts to "coerce [future] compliance." *See South Suburban Housing v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999). Auto/Mate seeks the return of confidential information to protect itself against *future* disclosures, not as a punishment for past acts. *See Rogers*, 89 F.R.D. at 518.

**2.      Reynolds' Prior Breach of the NDA Warrants Return of Auto/Mate's Information**

Reynolds also falls short in opposing this motion. In fact, Reynolds provided no meaningful opposition to Auto/Mate's proof that Reynolds violated a prior non-disclosure agreement with Auto/Mate. The non-disclosure agreement included a provision which required Reynolds to provide notice to Auto/Mate before disclosing its confidential information in response to a discovery request in this case. (Massaroni Dec., Ex. G, Dkt. No. 1181-8, pg. 2). Of course this notice provision is very similar to Section 11 of the Confidentiality Order – which was breached

4

by Authenticom. Despite this provision, Reynolds disclosed Auto/Mate's confidential information to all other parties in this litigation without any notice at all to Auto/Mate. (Massaroni Dec., at ¶ 24; Ex. G). Moreover, Reynolds does not even claim to have complied with the notice provisions of the non-disclosure agreement, and, unlike Authenticom, it does not even suggest that its conduct was "inadvertent." Reynolds' conduct, and its refusal to admit its wrongdoing, demonstrates that Reynolds cannot be trusted with Auto/Mate's confidential information.

Reynolds is also wrong in suggesting that Auto/Mate somehow violated this Court's Confidentiality Order. In truth, it is impossible for Auto/Mate to violate the Confidentiality Order because the Confidentiality Order does not apply to Auto/Mate. Auto/Mate is not a party to the case; it did not agree to the terms of the Confidentiality Order; and it never received confidential information from any of the parties which is protected under the Confidentiality Order. Thus, Auto/Mate has no documents covered by the Confidentiality Order, other than its own.

3. **Auto/Mate Requires Protection as a Non-Party, Especially in Light of the Parties' Continued Disregard for its Confidential Information**

Courts within this District have observed the vulnerable position non-parties are forced into when they produce confidential information to litigants whose interests are not aligned with their own. *See In Re Northshore University Healthsystem*, 254 F.R.D. 338, 341 (N.D. Ill. 2008). In *Northshore*, Judge Denlow emphasized that in cases where a non-party has disclosed confidential information, the non-party is allowed to seek judicial relief because of its "inability . . . to maintain continuing control over their confidential and commercial documents . . ." *Id.* Given the conduct of the parties to this case, it is abundantly clear that Auto/Mate, as a non-party, requires further protection by the Court.

First, when Auto/Mate raised serious and legitimate concerns regarding its confidential information, counsel for Reynolds and CDK were completely unresponsive. The unwillingness even to respond to Auto/Mate shows a lack of care and appreciation for the vulnerable position Auto/Mate has been forced into through its cooperation and compliance with the parties' subpoenas. If counsel for Reynolds and CDK cannot be bothered to send a simple response letter to address valid concerns regarding Auto/Mate's confidential information, how can Auto/Mate be assured that its information is being handled with the sensitivity and care that it was promised? Contrary to CDK's position, Auto/Mate's concern regarding Reynolds's and CDK's lack of responsiveness is not "making a mountain out of a molehill." The fact that sensitive and confidential information is in the hands of its competitors gives Auto/Mate every right to be concerned with how that information is being handled, and Auto/Mate is therefore entitled to prompt and substantial assurances by the parties when Auto/Mate raises issues regarding the handling of its information.

Second, the same law firm currently representing Authenticom, which has admitted that it breached the Confidentiality Order, has also filed a motion on behalf of Cox Automotive arguing passionately that the parties and the Court may amend the Confidentiality Order (presumably in any way that they see fit) without even providing notice to Auto/Mate of the expanded use of its information. This position is not only alarming, it further demonstrates the callous treatment of Auto/Mate's confidential information and lack of appreciation for the vulnerable position Auto/Mate is currently in.

Because Auto/Mate has shown that there is a serious risk that its confidential information is not being adequately protected, and because Auto/Mate lacks requisite oversite over its

confidential information as a non-party, the Court should order the parties to return all of Auto/Mate's confidential information within their possession.

**4.     Reynolds' Request for Fees is Baseless and should be Denied**

Reynolds' disrespect for Auto/Mate's confidential information is so great that it seeks to punish Auto/Mate for seeking relief from this Court. Specifically, Reynolds suggests that, if Auto/Mate's motion is denied, Auto/Mate should be directed to pay Reynolds' legal fees. This terror tactic has no support in the law, or the facts, or in notions of fundamental fairness.

Reynolds invokes Rule 37(a)(5)(B) as support for its claim for sanctions, but this rule applies only to motions to compel, or for a protective order, that are served by parties to a case. However, Auto/Mate's motion is brought pursuant to Fed. R. Civ. P. 37(b)(2)(A), which provides certain forms of relief that can be granted when a discovery order is not obeyed by a party to the litigation. This rule does not authorize sanctions against the movant.[1]

Even if the Court were to find that the framework provided by Fed. R Civ. P. 37(a)(5)(B) applies (which it does not), Reynolds still would not be entitled to fees. Auto/Mate's motion is highly meritorious, and therefore "substantially justified" under Rule 37(a)(5)(B), and was made

---

[1]     The penalties enumerated in Rule 37(b)(2)(A), the rule upon which Auto/Mate's motion is based, apply only to a parties' failure to obey a discovery order. See, e.g., *General Ins. Co. of America v. Eastern Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) ("on its face, however, Rule 37(b)(2) applies only to parties, and we have found no case that has applied Rule 37(b)(2) to a nonparty"); *Trustees of Laborers, Local 310 Pension Fund v. Able Contracting Group, Inc.*, 2008 WL 11383258 at *2 (N.D. Oh. February 27, 2008) (quoting Third Circuit and reasoning: "Rules 37(b)(1) and 45(e), which allow a court to treat the failure of a non-party under subpoena to provide discovery as a contempt, do not provide for [the evidentiary sanctions] authorized by Rule 37(b)(2)(A) and, . . .we believe that omission was advertent"); see also *Flores v. Trevino*, 2015 WL 158856 at *2 (S.D. Tex. January 12, 2015) ("Rule 37(b)(2) is clearly directed to party failure to comply with discovery orders") (emphasis added). Further, the imposition of fees against an unsuccessful movant authorized in Fed. R. Civ. P. 37(a)(5)(B) is not included in the provisions found in 37(b)(2). The inclusion of this feature in one part of the statute is evidence that its absence or omission elsewhere was intentional.

only after Auto/Mate sustained multiple abuses of its confidences and a Court invitation to serve a motion (Dkt. No. 1173). Accordingly, Reynolds's request for fees should be denied.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in its initial papers, Auto/Mate requests that the Court issue an Order directing the return of Auto/Mate's confidential information, along with such other relief as the Court deems just and proper.

Dated: October 16, 2020

**HODGSON RUSS LLP**
*Attorneys for Non-Party Movant*
*Auto/Mate, Inc.*

By: _____
Christopher Massaroni, Esq.
(ILND Bar No. 1876853)
Peter A. Sahasrabudhe, Esq.
677 Broadway, Suite 301
Albany, New York 12207
(518) 433-2432
cmassaroni@hodgsonruss.com
psahasra@hodgsonruss.com

092539.00000 Business 20246715v3