## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) | Case No. 18-cv-864 MDL No. 2817 |
| This Document Relates to All Cases | ) ) | Judge Robert M. Dow, Jr. Magistrate Judge Jeffrey T. Gilbert |

## **CASE MANAGEMENT ORDER ON ALL PENDING MOTIONS**

Currently pending before the Court are approximately two dozen motions. A few relate to discovery matters; most are either *Daubert* motions or summary judgment motions. The briefing on the motions is extensive, with several hundred pages of briefs and thousands upon thousands of pages of exhibits. The Court included these motions on its holiday reading list. After an initial and very high-level review of this daunting pile of paper and in the interest of efficiently resolving these motions, the Court orders as follows:

1. The motion to amend the agreed confidentiality order [1147, 1155] and non-party motion for protective order and sanctions [1181] are referred to Magistrate Judge Gilbert for disposition as they are within the scope of the referral order and relate to discovery matters which Judge Gilbert has been very capably managing.

2. All other pending motions on non-discovery related matters -- which include by the Court's tracking system [773, 777, 787, 859, 863, 867, 873, 877, 879, 881, 883, 885, 887, 925, 949, 954, 963, 964, 967, 970, 976] -- remain pending before Judge Dow. Upon initial review of these motions, the Court would like to enlist the assistance of the parties in three ways:

    a. First, after the settlement between Authenticom and CDK, those settling parties filed a very helpful statement [1200] advising the Court of their views on how the settlement affected the pending motions. Since that time, i3 and Reynolds have filed a stipulation of dismissal [1207] indicating that those claims too have settled. The Court would appreciate it if i3 and Reynolds could file on the docket by January 15, 2021 a similar statement in regard to their views on how their settlement affected the pending motions listed above.

    b. Second, the Court would like to convene a hearing later this month (or, if necessary, early next month) on all of the non-discovery motions. The Court intends to set aside an afternoon, starting at 1:30 central time and ending by 4:45 with a 15-minute break at the halfway point, for counsel to present the motions and responses. The Court envisions a tutorial atmosphere, in which the parties are given equal time to hit the high points of their briefs and exhibits. Given the number of motions, parties, and briefs, these presentations will necessarily be quick, but likely very helpful to the Court in getting its hands around the immense array of matters to be resolved. The Court is not likely to ask a lot of questions this time around – but see below for a different approach in round two. Currently available dates for this "tutorial" session are January 20, 25, and 27, but other dates can be arranged in early February if none of these work for all required counsel.

Counsel are directed to confer and to advise the Courtroom Deputy as soon as possible, and no later than January 11, 2021, as to which date is selected or if additional dates are needed. The Courtroom Deputy will hold all of those dates open until counsel respond, so the earliest possible response would be appreciated as other parties will be looking for dates/times for their matters. Finally, no later than 48 hours before the date/time selected, the Court asks counsel to email to the Courtroom Deputy an agreed chart listing the docket entry and title of each motion to be presented, the name of each lawyer who will be making a presentation, and the time allotted to each motion. Time should be divided equally between each party that has filed a brief on the motion, as this is simply a tutorial and not the last word (see below). By the Court's count, there are approximately 20 motions and 180 minutes, so for planning purposes counsel may wish to envision the short presentations that they make to the JMPL when they seek/oppose the creation of an MDL or the presentations that applicants for lead counsel make to the transferee judge at the outset of a new MDL In other words, counsel should place a premium on hitting the points that they believe to be dispositive and directing the Court to the key cases and exhibits in support of those points.

      c.      Third, it is likely that the Court will schedule a second, more focused oral argument after it has begun the task of outlining and drafting opinions on these motions. This second oral argument likely would follow Judge Dow's usual practice of providing a list of targeted questions for counsel to address and likely will take the form of a conversation rather than a typical appellate-style argument (with green, amber, and red lights and strict time frames). The Court will provide ample notice of the date and time of this anticipated second argument. The Court has found these hearings to be useful in complex cases, as it gives counsel an opportunity to know and address the issues that the Court finds most challenging and gives the Court an opportunity to press counsel on those issues before issuing its rulings.

Dated: January 4, 2021

                                                                       Robert M. Dow, Jr.
                                                                       United States District Judge