# Exhibit 11



Brian T. Ross
Partner
bross@gibbsbruns.com
713.751.5286

October 26, 2018

**Via Email**
Daniel V. Dorris
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street, N.W., Ste. 400
Washington, D.C. 20036-3215

  Re: *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864, MDL No. 2817 (N.D. Ill.)

Dear Dan,

  I write in response to your October 18, 2018 letter. As an initial matter, we do not see the point of your opening paragraph's assertions about the percentages of Reynolds's production that were produced in the month leading up to October 12, 2018. Reynolds and its counsel worked in an abundance good faith to produce its documents on a very aggressive schedule, and went to extra efforts to make several rolling productions in the weeks leading up to October 12, 2018. If your introductory comments are somehow intended as a complaint about the timing of Reynolds's productions, we are confident that the record in that regard will reflect far more favorably on Reynolds than it will on the Individual Plaintiffs.

  Turning to the substance of your letter regarding Mr. Schaefer's and Mr. Brockman's emails, Reynolds has diligently searched for and produced emails for these custodians as far back as Reynolds has them.

  Moreover, we disagree with the implication in your letter that only a handful of emails were produced for Mr. Schaefer and Mr. Brockman prior to February 3, 2015 and August 26, 2016, respectively. While Mr. Schaefer and Mr. Brockman's own custodial email mailboxes lack emails prior to the dates referenced, Reynolds has produced literally thousands of emails to and from Mr. Schaefer and Mr. Brockman prior to those respective dates. This is due to email overlap with several other of Reynolds's 27 agreed upon custodians, and is one of the benefits of Reynolds having agreed to such a generous compromise with respect to the number of Reynolds custodians, which far exceeds the number of custodians agreed to by any of the plaintiffs.

  In any event, the Individual Plaintiffs are welcome to explore these issues in deposition discovery, within the framework of the Court's deposition protocol order. We believe the multiple pages of document retention questions and additional requests for documents in your October 18

Gibbs & Bruns LLP ▪ 1100 Louisiana ▪ Suite 5300 ▪ Houston, Texas 77002 ▪ T 713.650.8805 ▪ F 713.750.0903 ▪ www.gibbsbruns.com

Daniel V. Dorris
October 26, 2018
Page 2 of 2

letter are an improper attempt to impose additional written discovery on Reynolds—well beyond the applicable deadlines for written discovery and limits on interrogatories. Reynolds does not believe it has an obligation to engage in this variety of "deposition by letter," particularly while it is busy preparing for actual depositions in light of the aggressive schedule advocated by the Individual Plaintiffs.

With all of that being said, and without waiver of any privilege, we will note purely as a courtesy that both Mr. Schaefer and Mr. Brockman were sent appropriate litigation hold notices in January 2017, May 2017, and July 2017, promptly after Reynolds received notice of matters referenced in your letter.

Sincerely,

Brian T. Ross

Cc: MDL Service List