# Exhibit 19

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

October 14, 2020

*Via Electronic Mail*

Brian Ross
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, TX 77002

      Re:    *In re Dealer Management System Antitrust Litig.*, MDL 2817 (N.D. Ill.)

Dear Brian:

      We write on behalf of the Individual Plaintiffs regarding Reynolds's production of documents from the custodial files of Robert Brockman.

      Reynolds produced almost no documents from the custodial files of Brockman prior to August 26, 2016. In response to our inquiries in the fall of 2018 about the lack of pre-August 2016 documents from Brockman's custodial files, Reynolds responded, "[w]ith respect to Mr. Brockman's emails, Reynolds has made a reasonable inquiry and has no specific additional information to provide." B. Ross 11/16/18 Ltr. at 1-2. Brockman later testified that his emails are "purged," and while he prints some emails, he claimed to have kept no backups. Brockman Day 1 Tr. at 162.

      Recent events provide reason to believe additional documents exist. Bloomberg has reported that Brockman is the subject of a criminal investigation in "one of the largest potential U.S. tax frauds" in history. In August 2018 – just prior to our inquiries about Brockman's documents – his home was "raided" by federal law enforcement who presumably gathered evidence from the home. Further, Bloomberg reports that "Brockman insisted on keeping documents on secure data storage cards and other encrypted devices" to be transported by "courier" – contrary to his testimony that he kept no backups. Other reported conduct suggests a propensity to avoid disclosure of relevant evidence, including using untraceable applications for his phone ("Silent Phone") to contact his attorneys after the raid on his home, using code names to refer to himself, the IRS, and his attorneys, and using non-company web-domains like "houstonfishingservices.com" to communicate.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Brian Ross
October 14, 2020
Page 2

      In light of these additional potential sources of relevant evidence, please state whether any devices (including any computers, servers, phones, or storage devices) or files of Brockman were seized by law enforcement, and whether those devices or files had been searched for relevant documents prior to their seizure. Please further state whether Reynolds has access to any files or devices that were seized and, if not, who now has possession of those devices and files. Finally, please state whether Reynolds searched all "data storage cards and other encrypted devices" and non-company web domains that Brockman used to store and transmit documents and emails.

      Finally, we write to ensure that Reynolds has searched any backups or copies of Brockman's (or other Reynolds) files that were made pursuant to anticipated litigation prior to this MDL, even if those backups or copies are in the possession of outside counsel or other third parties that Reynolds controls. Among other things, Reynolds was involved in litigation with SIS concerning antitrust claims from at least November 1, 2012 through March 10, 2014; threatened to sue Authenticom in April 2015; and received a "Do Not Destroy" Letter from the FTC in mid-2014. *See* REYMDL00017993. These events would have triggered document preservation obligations. Please confirm that Reynolds has searched any backups or copies of any Reynolds files that were made as a result of those events.

                                              Sincerely,

                                              */s/ Dan Dorris*

                                              Dan Dorris

cc:      MDL Counsel Email List