# Exhibit 20

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

October 26, 2020

*Via Electronic Mail*

Brian Ross
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, TX 77002

   Re:  *In re Dealer Management System Antitrust Litig.*, MDL 2817 (N.D. Ill.)

Dear Brian:

   I write in response to your October 22, 2020 letter. We are troubled by the fact that you have only now "commenced an investigation" into the serious document-destruction allegations brought against Robert Brockman in the criminal indictment. The time for that investigation was during fact discovery in this case. Indeed, when, in the fall of 2018, we raised the absence of documents from Brockman's files prior to August 2016, Reynolds assured us that it had already conducted "reasonable inquiries" and had no additional documents to produce. The indictment raises serious questions regarding the reasonableness of your inquiry and the sufficiency of Reynolds's preservation of documents.

   We expect that you will promptly provide complete and truthful answers to the following critical questions: (1) whether any of Brockman's files or devices were seized by the FBI, (2) whether Reynolds had searched those files or devices prior to seizure, (3) whether Reynolds has access to any files or devices that were seized and, if not, who currently has possession of those files or devices, and (4) whether Brockman maintained any other files or devices that Reynolds did not search for its document production. Reynolds should already know the answers to these questions given its prior inquires. In any event, we would expect answers to these questions by no later than the end of the month.

   As to the document holds, Reynolds claims that the document hold related to the FTC's investigation, *see* REYMDL00017993, was lifted prior to the commencement of the MDL. We are not aware that the FTC released Reynolds from its document retention obligations relating to its investigation. If you believe that it did, please provide us with any documents or

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Brian Ross
October 26, 2020
Page 2

communications with the FTC or other facts Reynolds relies upon for its belief that it did not need to preserve documents for the FTC's investigation.

Sincerely,

*/s/ Dan Dorris*

Dan Dorris

cc:     MDL Counsel Email List