# Exhibit 22



Brian T. Ross
Partner
bross@gibbsbruns.com
713.751.5286

November 13, 2020

**Via Email**
Daniel V. Dorris
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street, N.W., Ste. 400
Washington, D.C. 20036-3215

Re: *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864, MDL No. 2817 (N.D. Ill.)

Dear Dan,

I write in response to your November 10, 2020 letter. Individual Plaintiffs continue to illogically conflate the circumstances and facts known by Reynolds during discovery two years ago with the new allegations and information that have become known to the parties in this case, including Reynolds, only in the past few weeks.

Since those allegations have emerged, we have conducted dozens of interviews of current and former Reynolds employees about the pertinent allegations; retained and consulted with an outside technical expert to assist with the investigation of alleged alternative email servers; and searched and analyzed emails of current and former Reynolds employees—many of which were not even requested in the MDL—for periods of time extending well outside of the agreed upon relevant discovery period in the MDL. These efforts extend well beyond any normal understanding of discovery diligence obligations, and would not have even made sense prior to learning of the new information that emerged in October 2020, just a few short weeks ago.

Your statement that Individual Plaintiffs "doubt the indictment came as a surprise to Reynolds or Brockman" is irrelevant at best. Are you suggesting that the United States Attorney's office would have shared details of the indictment before it was unsealed? If the "media reports" that you describe as having occurred "throughout the summer" gave any hint of the document-related allegations at hand, why did Individual Plaintiffs not start sending letters about the matter until October 14, 2020, after Reynolds had already commenced its current investigation?

Reynolds looks forward to transparently presenting the findings of its investigation to interested parties, including not just the Individual Plaintiffs (and the Court, if necessary) but also the FTC. However, Individual Plaintiffs' arbitrary deadlines are not constructive. With respect to the FTC, with whom Reynolds is fully cooperating, Reynolds has committed to provide a comprehensive response by the end of this month or early December, and we will commit to do

Daniel V. Dorris
November 13, 2020
Page 2 of 2

the same in response to Individual Plaintiffs. In any event, Reynolds is conducting its investigation with all due haste, and we are confident the thorough nature of the process will speak for itself.

Sincerely,

Brian T. Ross

Cc: MDL Service List