# Exhibit 25



Brian T. Ross
Partner
bross@gibbsbruns.com
713.751.5286

October 27, 2020

**<u>Via Email</u>**
Daniel V. Dorris
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street, N.W., Ste. 400
Washington, D.C. 20036-3215

Re:     *In re: Dealer Management System Antitrust Litigation*, C.A. No. 18-C-864, MDL
No. 2817 (N.D. Ill.)

Dear Dan,

I write in response to your October 26 letter.  We can respect the fact that the allegations against Robert Brockman individually that have emerged this month have prompted questions, and Reynolds is doing everything within its power to investigate those questions.  As previously noted, Reynolds has been doing so since becoming aware of these allegations, even before your letters.  But to be clear: Reynolds will not abide the attempt in your letter to misleadingly and opportunistically distort the discovery record in this case.

Your letter suggests that Reynolds should have or could have investigated allegations contained in an October 2020 indictment over two years before the indictment occurred.  That suggestion is nonsense.

Back during the discovery period, Reynolds complied with its obligations in good faith and at extreme expense, not just with respect to Mr. Brockman's custodial discovery but with respect to all of its 27 agreed custodians, not to mention the hundreds of thousands of additional pages collected and produced from centralized files.  Without waiver of its privileges, we note that Reynolds followed a strict document collection protocol supervised by counsel and third-party forensic consultants.  It is now two years later, and allegations have emerged this month regarding potential additional sources of correspondence for Mr. Brockman, in response to which Reynolds immediately and diligently began to investigate <u>that new information</u> (despite the fact that, frankly, there was no indication in the Bloomberg article or indictment itself that the alleged document sources contain any type of correspondence that would be relevant to this litigation).

To reiterate, Reynolds is actively and diligently investigating the recent allegations relating to any sources of additional custodial documents (relevant or irrelevant) from Mr. Brockman, and will address your questions seriously and transparently as soon as possible with the most accurate information, your arbitrary deadlines notwithstanding.

Daniel V. Dorris
October 27, 2020
Page 2 of 2


       Lastly, your letter questions the fact that Reynolds was released from its document retention obligations from the prior FTC investigation and asks for support of our "belief" that it was. In response, please be advised that on July 9, 2015, the Assistant Director of the Anticompetitive Practices Division leading that investigation informed Reynolds's lead FTC counsel that the agency had closed its investigation and that Reynolds was free to release its document hold. The conversation was confirmed by email between its participants that same day.


       Sincerely,

Brian T. Ross


Cc: MDL Service List