IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

### ORDER

Cox Automotive Inc.'s Motion to Amend the Agreed Confidentiality Order [ECF Nos. 1147, 1155] is denied. See Statement below for further details.

### STATEMENT

Cox Automotive Inc. ("Cox") has filed a Motion to Amend the Agreed Confidentiality Order previously entered in this case [ECF Nos. 1147, 1155] (hereinafter "Motion to Amend"). Cox, a former party to this Multi-District Litigation ("MDL"), asks the Court to modify the Second Amended Agreed Confidentiality Order [ECF No. 650] so that it can use confidential discovery materials that it acquired in this MDL in a related, confidential arbitration.[1] Under the current Second Amended Agreed Confidentiality Order, discovery produced in the MDL can be used only in the MDL. See [ECF No. 650], at I.5.(a). Cox, however, says that allowing discovery produced in the MDL to be used in the arbitration will obviate the need for duplicative discovery in that arbitration. Cox also says that its requested modification of the Second Amended Agreed Confidentiality Order will not enlarge the circle of individuals who have access to discovery materials from this MDL because Cox's opposing party in the arbitration also is a party to this MDL. Cox, therefore, argues that granting the relief it seeks will not prejudice any entity that has produced discovery materials for this MDL.

Initially, Defendant CDK Global LLC ("CDK") opposed Cox's Motion to Amend. See CDK's Opposition to Cox's Motion [ECF No. 1163]. Cox and CDK subsequently reached an agreement, which resolved the dispute between Cox and CDK, and they submitted a Stipulation [ECF No. 1252] to the Court. Pursuant to that Stipulation [ECF No. 1252], CDK agreed to permit some of its documents produced and testimony provided in this case to be used in the arbitration, and Cox withdrew its Motion to Amend as to CDK only. See March 8, 2021Order [ECF No. 1262].

Third-party AutoMate Inc. now is the sole objecting party to Cox's Motion to Amend. See [ECF Nos. 1170, 1186]. As a non-party to the MDL and the arbitration who is in direct competition with the DMS manufacturers in this litigation, AutoMate says that when it produced documents in

---

[1] Cox says the arbitration is related to this proceeding and that the claims being arbitrated could have been a part of this MDL proceeding but, other than what Cox says, the Court has no information about the subject matter of the arbitration.

this MDL pursuant to subpoena and under the Confidentiality Order, it rightly assumed its documents would remain confidential and not be used outside of this MDL. AutoMate now argues it has a significant business interest in protecting its confidential and sensitive business information.[2]  *See* AutoMate's Opposition [ECF No. 1186], at 1-2. AutoMate, therefore, strenuously objects to Cox's proposed modification to the Second Amended Agreed Confidentiality Order, which would permit the production of documents and deposition testimony AutoMate provided in this case in the arbitration. Among other arguments, AutoMate says that it will be substantially prejudiced by Cox's requested modification to the Second Amended Agreed Confidentiality Order and the resulting production of its confidential business documents in a different proceeding to which it is not a party and with respect to which it has no visibility and no ability to object to the use of its material in that proceeding or to protect against the potential for further disclosure of that material outside of that proceeding.[3]  *Id.* at 5-7.

The Seventh Circuit has explained that the standard for amending a protective order requires a district court to determine whether the party opposing modification has any substantial right at stake and whether the proposed modification would "tangibly prejudice" that right. *Wilk v Am, Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980 ); *Griffith v University Hosp., LLC*, 249 F.3d 658. 661 (7th Cir. 2001). If tangible prejudice is established, the court then must decide "whether that injury outweighs the benefits of any possible modification of the protective order." *Wilk*, 635 F.2d at 1299; *Griffith*, 249 F.3d at 661.

Cox has not met its burden of proof or persuasion here. The Court finds that AutoMate has a substantial right at stake and that Cox's proposed modification to the Second Amended Agreed Confidentiality Order would tangibly prejudice AutoMate's interest. Specifically, AutoMate is a competitor of some parties in the MDL and the arbitration. It reluctantly produced documents in the MDL pursuant to subpoena. It produced 138 documents and marked all of them confidential or highly confidential.  AutoMate's Opposition [ECF No. 1186], at 5.  No party challenged those designations.  Under the existing Second Amended Agreed Confidentiality Order, AutoMate's documents cannot be used beyond this litigation. *See* [ECF No. 650], at I.5.(a). Allowing them now to be used in an ostensibly related, but separate arbitration—which is something AutoMate did not agree to when it produced the documents—potentially increases the possibility of dissemination of AutoMate's confidential information more widely than if the Confidentiality

---

[2] In its opposition, AutoMate refers to the Confidentiality Order dated April 4, 2018 [ECF No. 104] pursuant to which it produced documents and provided testimony in this case. *See* [ECF No. 1186], at 1-2.  This case, however, is now governed by the Second Amended Agreed Confidentiality Order [ECF No. 650].

[3] The Court notes that it is not persuaded by AutoMate's first argument that neither Cox nor its attorneys still should have AutoMate's highly confidential information. Section I.12(a) of the Second Amended Agreed Confidentiality Order specifically provides: "Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless (1) otherwise agreed 17 by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified." [ECF No. 650], at § I.12(a). Litigation is continuing, and this case has not been dismissed nor has final judgment been entered.

Order is not modified. That is true even though Cox says the only parties to the arbitration are also parties to this case. The arbitration is a different proceeding. It is more attenuated in terms of giving AutoMate any visibility into how its information will be used or who might become privy to it. AutoMate has no ability to object to use of its materials either within or outside of the arbitration other than coming back to this Court (if the Second Amended Agreed Confidentiality Order is amended as Cox asks) likely with imperfect information and perhaps after an unauthorized disclosure.

The Court also is persuaded that AutoMate's interest in protecting confidentiality of its business documents from use by a competitor and others and the potential injury to it outweighs the benefit to granting the relief Cox seeks. Cox did not provide any reason why AutoMate's documents are important to the arbitration. Other than convenience and a "we would like to do this" argument, it is far from clear that the relief Cox is seeking is central or even important to the arbitration. That is particularly true now that CDK, the only other party or former party to this case to respond to Cox's Motion to Amend, now has agreed that certain of its documents can be used in the arbitration.

In short, this Court agrees with AutoMate. If Cox wants to obtain information from AutoMate to use in a separate arbitration proceeding, it can make that request to AutoMate. But if AutoMate continues to object to allowing Cox to use its documents beyond this litigation, then Cox may be out of luck. The Court will not modify the Second Amended Agreed Confidentiality Order to allow Cox to use confidential documents produced in this case in a separate, even if related, arbitration.

For the reasons discussed above, Cox Automotive Inc.'s Motion to Amend the Agreed Confidentiality Order [ECF Nos. 1147, 1155] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 8, 2021