# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Non-Party AutoMate Inc.'s Motion for Protective Order and Sanctions [ECF No. 1181] is denied. See Statement below for further details.

## STATEMENT

Non-party AutoMate, Inc. ("AutoMate") has filed a Motion for Protective Order and Sanctions [ECF No. 1181] seeking, among other things, a court order directing the return or destruction of all of its confidential documents and testimony produced in this case and an order imposing sanctions and requiring certain parties to pay AutoMate's attorneys' fees and costs for having to file this Motion as a result of what AutoMate says is a violation of a Confidentiality Order entered in this case.[1]

The Dealership Class Plaintiffs, Plaintiff Authenticom Inc., and Defendants CDK Global LLC and Reynolds and Reynolds Inc. each filed a brief in opposition to AutoMate's Motion for Protective Order and Sanctions [ECF No. 1181]. *See* [ECF Nos. 1191, 1192, 1193, and 1195]. The Dealership Class Plaintiffs and Defendants CDK and Reynolds assert that AutoMate's Motion is not well-founded against them for a variety of reasons, but most significant that each of them complied with their obligations under the Second Amended Agreed Confidentiality Order and either have not disseminated any of AutoMate's documents or have complied with the notice requirement in Section I.11(a) of the Second Amended Agreed Confidentiality Order.

Authenticom, however, is in a different position. Authenticom does not dispute that, through its counsel Kellogg Hansen, it produced AutoMate's confidential Rule 30(b)(6) deposition transcript to the FTC in response to a Civil Investigative Demand seeking documents related to the FTC's investigation of CDK and Reynolds. It is not disputed that Authenticom produced that deposition without affording AutoMate a chance to object to its production. The undisputed facts also show that the production was inadvertent. Upon learning of the unauthorized production, the record shows that Kellogg Hansen immediately took corrective measures by obtaining the FTC's

---

[1] AutoMate refers to the Confidentiality Order dated April 4, 2018 [ECF No. 104]. AutoMate's Motion [ECF No. 1181], at 1. However, this case is now governed by the Second Amended Agreed Confidentiality Order [ECF No. 650], but Section I.11.(a), the provision allegedly breached in this case, did not change in the Second Amended Agreed Confidentiality Order.

agreement to sequester the deposition transcript to afford AutoMate an opportunity to seek a protective order. Authenticom's Opposition [ECF No. 1194], at 6. AutoMate, however, did not seek any protective order. *Id.* The record also shows that when Reynolds provided the required notice to AutoMate of its intention to produce the same deposition transcript to the FTC, AutoMate did not object and actually consented to Reynolds's producing it to the FTC. *See* Reynolds's Opposition [ECF No. 1192], at 1, Ex. 1.

Based on the record before this Court, Authenticom's inadvertent production of a single deposition transcript during the height of fact discovery in a complex case appears to be an isolated incident and was followed by immediate steps to correct the violation once it was discovered. This is not sanctionable misconduct.[2] The Court also is not persuaded that AutoMate suffered any harm or prejudice as a result of the inadvertent production. The purpose of the prior-notice requirement in the Second Amended Agreed Confidentiality Order is "to afford the Designating Party in this case an opportunity to try to protect its Confidential Information." [ECF No. 650], at § I.11.(c). That purpose was fulfilled here—at Authenticom's request, the FTC sequestered the document to allow AutoMate an opportunity to object to its production. This corrective measure eliminated any prejudice particularly in light of the fact that AutoMate ultimately did not avail itself of the opportunity to object to the production of the deposition transcript to the FTC. Apart from empty rhetoric and bluster, AutoMate has not offered any evidence of harm or prejudice.

AutoMate also has requested that this Court order the return or destruction of all its confidential documents and testimony produced in this case. Such action is not warranted, and the Court declines to do so. Even though AutoMate may have been a reluctant third-party witness, it nevertheless agreed to produce documents and provide Rule 30(b)(6) testimony in response to the subpoena it received in this case. The litigation is continuing and ordering the return and/or destruction of the documents AutoMate produced is not a proportional sanction in response to what actually happened. Such an extreme measure would put out of reach evidence that has been produced and relied upon by the parties in this case.

AutoMate also points to Cox Automotive Inc.'s Motion to Amend the Agreed Confidentiality Order [ECF Nos. 1147, 1155] as support for its concern that its confidential and highly confidential business documents could be disseminated further and used outside of this litigation. That argument is unfounded in light of the Court's concurrent order denying Cox Automotive Inc.'s Motion to Amend the Agreed Confidentiality Order. *See* March 8, 2021 Order [ECF No. 1264].

The Court expects the parties and non-parties subject to the Second Amended Agreed Confidentiality Order to comply with that Order in all respects, including the required notice

---

[2] *See Daniels v. Spencer Gifts, LLC*, 2012 WL 488099, at *10 (N.D. Ill. Feb. 14, 2012) ("Standing alone, however, mistakes are not a ground for sanctions under Rule 37 unless the offending party has willfully violated a court order or behaved in a manner that requires a court to exercise its inherent power."); *Coffie v. City of Chi.*, 2006 WL 8460635, at *3 (N.D. Ill. Nov. 29, 2006) (declining to impose sanctions for violation of a protective order that "was an inadvertent mistake which has been corrected").

provision set forth in Section I.11.[3] At this conclusion of this case, the Court also expects all parties and non-parties to comply with their obligations under the Second Amended Agreed Confidentiality Order with regard to the return or destruction of documents.[4] Because the litigation still is pending, however, no action is required at this time.

In summary, the Court finds that Authenticom's inadvertent production to a non-party to this case of a single deposition transcript was harmless and that there is no evidence of prejudice or any other unauthorized disclosure of AutoMate's documents. Accordingly, there is no need to grant AutoMate's request for entry of a protective order, and sanctions are not warranted. The Court also declines AutoMate's request for an award of attorneys' fees incurred for the filing of this Motion and any other party's request for attorneys' fees incurred in filing an objection to the Motion. All parties shall bear their own fees and costs.

For all these reasons, Non-Party AutoMate Inc.'s Motion for Protective Order and Sanctions [ECF No. 1181] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 8, 2021

---

[3] Section I.11 provides in relevant part: "Confidential Information Subpoenaed in Other Litigation or Proceeding. a. If a Receiving Party is served with a subpoena or a judicial order issued in any other litigation or proceeding that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. b. The Receiving Party also must inform in writing the issuing party in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect so long as the Party has in its possession, custody, or control Confidential Information by the other Party to this case." [ECF No. 650], at § I.11.

[4] Section I.12(a) of the Second Amended Agreed Confidentiality Order which requires: "Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the parties and counsel in the Litigation shall take reasonable steps to ensure that all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), are destroyed or returned to the Producing Party unless (1) otherwise agreed 17 by the Parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure, without that status having been modified." [ECF No. 650], at § I.12(a).