**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* <br> All pending cases | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**STATEMENT OF CDK GLOBAL, LLC IN CONNECTION WITH
AUTHENTICOM'S AND MVSC'S MOTION FOR SANCTIONS AGAINST
DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY**

CDK Global, LLC ("CDK") submits this statement in connection with the February 8, 2021 motion for sanctions filed by Authenticom, Inc. ("Authenticom") and Motor Vehicle Software Corp. ("MVSC") against The Reynolds and Reynolds Company ("Reynolds"). *See* Dkt. 1231 ("Motion"). CDK takes no position on the substantive relief sought by the Motion. This submission addresses only those aspects of the Motion that purport, directly or indirectly, to implicate CDK.

Authenticom's and MVSC's Motion alleges spoliation of evidence by Reynolds's former CEO, Robert Brockman. But equally important is what the Motion does not allege. The Motion does not allege that CDK facilitated or encouraged any alleged spoliation. To the contrary, it notes that CDK produced "abundant evidence" in this MDL, Dkt. 1233 ("Mem.") at 20, including emails to and from Mr. Brockman and others at Reynolds.[1] The Motion does not allege that CDK was even aware of Mr. Brockman's alleged activities. The Motion does not seek relief directly from or

---

[1] The Motion calls these CDK documents "evidence . . . of the conspiracy with Reynolds," Mem. 20, which is a self-serving characterization. Whether the record contains evidence of a conspiracy is an issue for summary judgment.

-1-

against CDK. Indeed, neither of the MDL plaintiffs with live claims against CDK (Loop LLC d/b/a AutoLoop and the putative dealership class) joined the Motion.

In light of the above, CDK believes that it has no "dog in the fight" (to use the Court's phrase from the February 2021 tutorial) when it comes to the Motion. 2/12/2021 Hr'g Tr. 142:22-143:3. However, there are three important qualifications with respect to that statement.

*First*, citing *Kronisch v. United States*, 150 F.3d 112 (2d Cir. 1998), the Motion argues that the alleged spoliation is a basis to deny Reynolds's pending motions for summary judgment in *Authenticom* and *MVSC*. *See* Mem. 21 n.13. Although CDK takes no position on that issue, by its own terms, it is clear that *Kronisch* cannot apply to CDK's parallel motions. *Kronisch* states that the "intentional destruction of relevant evidence *by the opposing party* may push a claim that might not otherwise survive summary judgment over the line." 150 F.3d at 128 (emphasis added). Reynolds is not an "opposing party" in the *AutoLoop* or the dealer cases; the Amended Complaint in *AutoLoop* takes pains to classify Reynolds as a "[n]on-party." Dkt. 194 ¶ 32.

This raises a wrinkle in terms of sequencing. Per the Court's instructions, CDK's summary judgment motions in *AutoLoop* and in the dealer cases (to which *Kronisch* does not apply) incorporate the liability arguments in the summary judgment motion in *Authenticom* (to which the Motion claims *Kronisch* does apply). Thus, to avoid prejudicing CDK, CDK respectfully suggests that the Court first decide whether there is a genuine issue of material fact as to liability in the *Authenticom* case *without* considering any alleged spoliation. That conclusion will apply equally to the *Authenticom* and *AutoLoop* motions, and significantly—though not necessarily identically, because the dealers have a different economic expert—to the dealer motion. Having made this determination, the Court could next decide any issues of alleged spoliation and the relief requested in the Motion. But however the Court chooses to approach this problem, allegations that Reynolds

or Mr. Brockman are responsible for spoliation cannot be the basis for denying a motion for summary judgment filed only by CDK.

*Second*, at times the Motion seems to imply that Mr. Brockman's alleged destruction of evidence itself is evidence of a conspiracy between Reynolds and CDK. That is baseless. To the extent the alleged destruction of evidence reflects "consciousness of wrongdoing" (Mem. 21), it reflects Mr. Brockman's consciousness of his purported tax crimes—not of an antitrust conspiracy. The Motion recognizes as much. *See id*. at 1 ("the United States avers based on a first-hand account by an attorney for Brockman . . . that Brockman intentionally destroyed evidence *relating to the criminal tax inquiry* from June 10, 2016 to October 14, 2016") (emphasis added); *id*. at 6 (similar).

*Finally*, although AutoLoop does not join the Motion, Authenticom and MVSC note in a footnote that AutoLoop "intends to move for a jury instruction" related to alleged spoliation in its case against CDK at some later date.[2] Mem. 17 n.11. CDK would strongly oppose such a request, but does not believe it is productive to debate a motion that another MDL plaintiff "intends" to file—particularly when it is not clear how the underlying allegations of spoliation will be resolved in the *Authenticom* and *MVSC* cases or whether there will need to be a jury trial in *AutoLoop*. Therefore, CDK will respond to AutoLoop's request for a jury instruction if and when AutoLoop files a motion actually seeking such relief.

---

[2] Authenticom, MVSC, and AutoLoop are all represented by the same counsel.

Dated: March 16, 2021 Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@ mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com


*Counsel for Defendant
CDK Global, LLC*

-4-

## **CERTIFICATE OF SERVICE**

    I, Britt M. Miller, an attorney, hereby certify that on March 16, 2021, I caused a true and correct copy of the foregoing **STATEMENT OF CDK GLOBAL, LLC IN CONNECTION WITH AUTHENTICOM'S AND MVSC'S MOTION FOR SANCTIONS AGAINST DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all persons by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

    */s/ Britt M. Miller*
    Britt M. Miller
    MAYER BROWN LLP
    71 South Wacker Drive
    Chicago, IL 60606
    (312) 782-0600
    bmiller@mayerbrown.com