# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 1:18-cv-00865 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF MVSC'S MOTION FOR SANCTIONS**

Reynolds respectfully submits this opposition brief setting forth additional, specific reasons why Plaintiffs' Motion for Sanctions should be denied as to *MVSC*.[1] In short, Plaintiffs present no argument or evidence specifically relating to the *MVSC* case.

### I. Issue preclusion sanctions should be denied because the MVSC-alleged conspiracy is different from the conspiracy Plaintiffs seek to establish by sanction

Plaintiffs request an issue sanction that would preclude Reynolds from contesting the existence of a DMS "openness" conspiracy that is not at issue in the *MVSC* case. Dkt. 1233, Mem. at 3. Specifically, Plaintiffs seek to establish "the existence of the alleged conspiracy between Reynolds and CDK beginning in September 2013 to cease competing on the basis of their DMS data access policies and instead to coordinate those policies and eliminate independent data integrators." *Id.* at 17. This is not the conspiracy that MVSC has alleged. Plaintiffs' requested issue preclusion sanction should therefore be denied as to *MVSC*.

Instead, MVSC's Second Amended Complaint ("SAC") alleges that Reynolds conspired to "completely" block MVSC from three methods of accessing data from a Reynolds or CDK DMS (certified integration, hostile integration, and manual reporting) in order to eliminate MVSC for the benefit of MVSC's competitor CVR, a joint venture between Reynolds and CDK. MVSC Dkt. 76, SAC ¶¶ 6-11, 15, 172-173, 202, 209, 235. Plaintiffs' motion does not request a sanction regarding that alleged conspiracy.

Plaintiffs concede in their motion that the conspiracy alleged by MVSC is not the DMS "openness" conspiracy they seek to establish by sanction. They describe the MVSC-alleged

---

[1] Plaintiffs' motion should also be denied for all the reasons set forth in Reynolds's concurrently-filed opposition in the *Authenticom* case.

conspiracy in different terms, as a "**conspiracy to boycott MVSC from 3PA and RCI[.]**" Mem. at 9 (emphasis added). Again, they seek no sanction to establish this conspiracy.

The alleged conspiracies are not just different; they are *incompatible*. They have the opposite alleged purpose and effect. According to Authenticom, ▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.,* Auth. Dkt. 1, Compl. ¶¶ 15, 115. But according to MVSC, ▮▮▮▮▮▮ Mem. at 9. ▮▮▮▮▮▮ Dkt. 955, MSJ at 6-8, 25-26. Regardless, MVSC's expert Gordon Klein ▮▮▮▮▮▮ Dkt. 957-4, Caseria Ex. 4, Klein Rpt. ¶¶ 13-16, 26; Dkt. 957-6, Caseria Ex. 6, Klein Tr. 34:6-13; 40:7-10; 48:13-50:1.

It would therefore make no sense to establish the Authenticom-alleged conspiracy in the *MVSC* case.[2] *See Somers v. Digital Realty Tr. Inc.*, 2018 WL 2134020, at *18 (N.D. Cal. May 9, 2018) (declining Rule 37(e) sanction where it "could prove confusing to a jury").

**II.     Nothing important to the *MVSC* case was or could have been destroyed**

Plaintiffs' motion fails with respect to the *MVSC* case for the additional reason that Plaintiffs identify nothing important to the *MVSC* case that could have been destroyed. *See* FRCP 37 Adv. Comm. Note, 2015 Amendment ("the severe measures authorized by [Rule 37(e)(2)] should not be used when the information lost was relatively unimportant"); *Martinez v. City of Chicago*, 2016 WL 3538823, at *24 n.11 (N.D. Ill. June 29, 2016) (Dow, J.) (court "persuaded" by advisory committee note, declining request for adverse inference where destroyed ESI was

---

[2]  *See also* Dkt. 1121, MSJ Reply at 4, 11 (further discussing the disconnect between the Authenticom and MVSC conspiracy theories).

"relatively unimportant."); *Capricorn Mgmt. Sys. v. Gov't Employees Ins. Co.,* 2019 WL 5694256, at *12 (E.D.N.Y. July 22, 2019) (alleged spoliator was "not liable for spoliation sanctions, much less a sanction as severe as an adverse inference, because [the moving parties] failed to show that the lost information was important or how they are prejudiced by such loss.").

  A. **Mr. Brockman did not play a role in the conspiracy alleged by MVSC**

Plaintiffs have not identified, and cannot identify, anything important to the *MVSC* case that Mr. Brockman might have destroyed, and he has never been a "central" figure in that case. Indeed, plaintiffs deposed Mr. Brockman over the course of two days, and did not ask Mr. Brockman a single question about MVSC or the alleged conspiracy to block MVSC.

In the depositions of four MVSC witnesses over the course of four days, no witness from MVSC ever mentioned Mr. Brockman. And MVSC makes no mention of Mr. Brockman in its opposition to Reynolds's motion for summary judgment, its responses to Reynolds's statement of undisputed facts, or in its statement of additional facts. Dkts. 1073, 1079 & 1101 (Plaintiffs' SAF ¶¶ 92-119 specific to *MVSC*). Mr. Brockman could not have destroyed anything important to the MVSC-alleged conspiracy. *See In re Text Messaging Antitrust Litig.*, 46 F.Supp.3d 788, 799 (N.D. Ill. 2014), *aff'd*, 782 F.3d 867 (7th Cir. 2015) (declining sanctions despite deletion of emails because the "record [did] not reflect that . . . the sender of the original e-mail that was deleted" had "knowledge of or participate[d] in any collusion").

  B. **Plaintiffs do not assert that** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Plaintiffs assert ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mem. at 9. But Plaintiffs do not argue ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* Thus, the motion

on its face fails to suggest that ███████████████████████████

███████████████

### C. The key undisputed facts supporting Reynolds's motion for summary judgment would not change regardless of the alleged spoliation

The key undisputed facts supporting Reynolds's motion for summary judgment on MVSC's boycott claim would not change regardless of what Mr. Brockman allegedly destroyed, presenting another reason to deny Plaintiffs' motion. *See Aurelio v. Bd. of Educ. of the Borough of Carteret*, 2009 WL 1794800, at *8 (D.N.J. June 23, 2009), *aff'd*, 373 F. App'x 263 (3d Cir. 2010) (denying spoliation sanctions that were "irrelevant to the summary judgment analysis[.]"). For example, the following undisputed facts were highlighted at the February 12 "tutorial" hearing:

- ███████████████████████████████████████████████████ (Dkts. 955 at 6-8, 10-13; 1079, Resp. to MSUF ¶¶ 28-33, 36, 42; 1121, MSJ Reply at 5-8);

- Reynolds did not block MVSC from free manual reporting tools, ███████████████████████████████████████████████ (Dkts. 955 at 4-5, 19-20; 1079 ¶¶ 11-13, 16, 18-20, 28-33, 36, 42, 58; 1121 at 3-4);

- No parallel conduct - ███████████████████████████████ (Dkts. 955 at 13-16; 1079 ¶¶ 55-56; 1121 at 7-8, 11-12);

- No conspiracy or harm in CA - MVSC's market share in California grew from ███████████████ (Dkts. 955 at 24-27; 1079 ¶¶ 62-63; 1121 at 13-14);

- No conspiracy or harm in WI - the State of Wisconsin (not Reynolds) did not authorize MVSC to provide EVR services in Wisconsin and was closed to all new EVR providers (Dkts. 955 at 28-31; 1079 ¶¶ 66-70; 1121 at 14-16);

- No conspiracy or harm in IL - The State of Illinois (not Reynolds) kept MVSC ███████████████████████ before authorizing MVSC to provide EVR services in Illinois. (Dkts. 955 at 31-32; 1079 ¶¶ 72, 73, 76; 1121 at 16);

- No conspiracy or harm in VA - ███████████████
████████████ (Dkts. 955 at 27; 1079 ¶¶ 64-65; 1121 at 17).

### III. Reynolds did not have a duty to preserve or intent to deprive as to MVSC in 2016

MVSC's original complaint was filed on February 3, 2017. Plaintiffs do not argue that Reynolds should have anticipated litigation with MVSC concerning an alleged conspiracy to boycott MVSC in August 2016, or that Mr. Brockman intentionally destroyed anything to keep MVSC from discovering information relevant to the MVSC-alleged conspiracy. Notably, none of the privilege log entries in Plaintiffs' Appendix A relate to the *MVSC* case.

Accordingly, sanctions in the *MVSC* case are inappropriate, because the required duty to preserve and intent to deprive are lacking. *See* FRCP 37(e)(2)[3]; *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681-82 (7th Cir. 2008) ("[C]ourts have found a spoliation sanction to be proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent."); *Sokn v. Fieldcrest Cmty. Unit Sch. Dist. No. 8,* 2014 WL 201534, at *7 (C.D. Ill. Jan. 17, 2014) ("The way to determine whether evidence was destroyed in order to hide adverse information is . . . [to] infer bad intent based upon when the destruction occurred in relation to the destroyer's knowledge that the evidence was relevant to potential litigation."); *Malibu Media, LLC v. Harrison*, 2014 WL 7366624, *6-8 (S.D. Ind. Dec. 24, 2014) (hard drive destroyed by defendant two months before service of complaint was not destroyed "for the purpose of hiding adverse information").[4]

---

[3] Rule 37, amended in 2015, "forecloses reliance on inherent authority" and sets forth a "uniform standard." Adv. Comm. Notes on 2015 Amendments to FRCP 37. Although Plaintiffs improperly rely on inherent authority, they do not suggest that inherent authority gives rise to a different standard.

[4] Intent to deprive MVSC of relevant, adverse information is also lacking for the same reasons set forth in Section II.A. Finally, monetary sanctions are precluded for all the same reasons set forth herein and in Reynolds's concurrently-filed opposition in the *Authenticom* case.

Dated: March 16, 2021

Respectfully submitted,

*/s/ Leo D. Caseria*

Aundrea K. Gulley
Brian T. Ross
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com

*Counsel for Defendant
The Reynolds and Reynolds Company*

- 7 -

## CERTIFICATE OF SERVICE

I, Leo D. Caseria, an attorney, hereby certify that on March 16, 2021, I caused a true and correct copy of the foregoing **DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF MVSC'S MOTION FOR SANCTIONS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Leo D. Caseria
Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com