**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |
| *Authenticom, Inc. v. CDK Global, LLC, et al.*, No. 1:18-cv-00868 (N.D. Ill.) | |
| *Motor Vehicle Software Corp. v. CDK Global, et al.,* No. 1:18-cv-00865 (N.D. Ill.) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

DBW Partners, LLC, a District of Columbia limited liability company doing business as The Capitol Forum ("Capitol Forum"), moves to intervene, pursuant to Federal Rule of Civil Procedure 24(b), for the limited purpose of seeking to assert the right of public access and unseal certain documents that have been filed with the Court. Capitol Forum is a news service based in Washington, D.C. that provides comprehensive coverage of competition policy, financial transactions and governmental investigations. One such investigation Capitol Forum has been covering is the investigation by the Federal Trade Commission into certain practices of a defendant in this case, The Reynolds and Reynolds Company (Reynolds). Capitol Forum has also been following the developments of this litigation.

Documents relevant to this investigation and to Capitol Forum's coverage have recently been filed under seal with this Court. This motion is brought to permit Capitol Forum to intervene in this case in order to advance the argument that these documents should not remain under seal and should be open to the press and the general public. In this regard, the law is clear: "It is beyond dispute that most documents filed in court are presumptively open to the public;

members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). As the Seventh Circuit further stated in *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000): "Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business." (internal citations omitted). Capitol Forum is asserting its "presumptive right to access discovery materials . . . [which] kick[s] in when material produced during discovery is filed with the court." *Bond*, 585 F.3d at 1073-75.

## I. FACTUAL BACKGROUND

On February 8, 2021, plaintiffs Authenticom, Inc. and Motor Vehicle Software Corporation filed a motion for sanctions against Reynolds, alleging that the company had intentionally destroyed evidence. Dkt. No. 1231. On the same day, the plaintiffs filed a sealed document in support of their motion for sanctions (Dkt. No. 1233) and a number of sealed exhibits in support of the motion. Dkt. No. 1234.

On February 11, 2021, the plaintiffs filed a public redacted version of their memorandum in support of the motion for sanctions. Dkt No. 1246. In the memorandum, the plaintiffs argued that former Reynolds CEO Robert Brockman intentionally destroyed "material evidence of Reynolds's conspiracy" with fellow defendant CDK Global, LLC ("CDK") to refrain from competing on the "openness" of their Dealer Management System (DMS) software, to align their DMS data access policies, and to bar independent data integrators from their systems. Plaintiffs cited the indictment against Mr. Brockman which charged him with the intentional destruction of evidence in connection with a criminal investigation into his practices. According to plaintiffs,

4849-4151-9081v.1

Mr. Brockman's alleged destruction of evidence created a significant "gap" in Reynolds' document production in this case. Any such destruction would necessarily be material and newsworthy in connection with Capitol Forum's coverage of the FTC investigation into Reynolds' practices, and would be similarly relevant to its coverage of this litigation.

On February 11, 2021, plaintiffs unsealed some, but not all, exhibits related to their motion for sanctions. Dkt No. 1247. Among the exhibits that are still redacted are copies of the following, according to the declaration of plaintiffs' attorney Michael N. Nemelka that accompanied the partially unsealed exhibits: Reynolds's corrected second supplemental response to the CID issued by the Federal Trade Commission ("FTC") on June 21, 2017 (Exhibit 2); Reynolds's Supplemental Response to the CID issued by the FTC on June 21, 2017 (Exhibit 3); excerpts from the transcript of the January 16, 2019 deposition of Brockman in the MDL litigation (Exhibit 4); excerpts from the transcript of the January 25, 2019 deposition of Ronald Lamb in the MDL litigation (Exhibit 6); excerpts from the transcript of the April 17, 2019 deposition of Robert Schaefer in the MDL litigation (Exhibit 9); and excerpts from the transcript of the April 18, 2019 deposition of Schaefer in the MDL litigation (Exhibit 13).

On March 23, 2021, Reynolds submitted a response in opposition to the plaintiffs' motion for sanctions (Dkt. No. 1272), supplementing their arguments with a number of sealed exhibits. Among the exhibits still sealed are copies of the following, according to the declaration of Brian T. Ross in support of Reynolds's response that accompanied the exhibits: a May 21, 2010 letter from Lisa B. Kopchik of the FTC to Reynolds (Exhibit 1); a May 12, 2014 letter from Kopchik to counsel for Reynolds (Exhibit 2); a forwarded July 9, 2015 email from Michael Cohen, counsel for Reynolds, to Geoffrey Green of the FTC (Exhibit 3); an April 14, 2015 transmittal letter from Cohen to Kopchik (Exhibit 4); an email exchange produced by Reynolds

3

in this MDL with the beginning Bates number REYMDL00108182 (Exhibit 6); a January 19, 2021 Second Supplemental Response to the CID issued by the FTC (Exhibit 7); an email exchange produced by Authenticom in this MDL with the beginning bates number AUTH_0000301312 (Exhibit 9); an FTC CID to Reynolds, issued on or about June 21, 2017, produced by Reynolds in this MDL, with the beginning bates number REYMDL00037470 (Exhibit 10); a June 27, 2016 email from Authenticom's Dane Brown to Reynolds's Will Farley, produced by Authenticom in this MDL, with the bates number AUTH_00003375 (Exhibit 11); an email exchange produced by Reynolds in this MDL, with the beginning bates number REYMDL00068498 (Exhibit 13); an email exchange produced by Reynolds in this MDL with the beginning bates number REYMDL00690246 (Exhibit 14); and an email exchange produced by CDK in this MDL with the beginning bates number CDK-2053728 (Exhibit 16).

On April 13, 2021, Authenticom and other plaintiffs filed a sealed reply to support their motion for sanctions (Dkt. No. 1277) and a declaration of Michael N. Nemelka (with exhibits) in support of their motion for sanctions (Dkt. No. 1278), both of which were sealed. That same day, another declaration of Nemelka (Dkt. No. 1280) regarding a reply to the response to the motions by plaintiffs (Dkt. No. 1279) was filed and included a number of redacted exhibits.

With this motion, Capitol Forum seeks to intervene for the limited purpose of filing a motion to unseal any redacted exhibits or other redacted documents related to Reynolds's alleged destruction of evidence that prompted the plaintiffs' motion for sanctions, an issue that has ramifications not only for this case but also the FTC's ongoing investigation into the practices of Reynolds.

II.     **ARGUMENT**

**A. The Capitol Forum Meets Federal Rule of Civil Procedure 24(b) Standards to Intervene in this Case.**

F.R.C.P. 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The Seventh Circuit has held "that this language is broad enough to encompass a third-party challenge to a protective order . . . ." *Bond*, 585 F.3d at 1070. Permissive intervention under F.R.C.P. 24(b) is thus "a procedurally appropriate device for bringing a third-party challenge to a protective order . . . in the context of requests for access to sealed records in the court file." *Id.* at 1068; *see also Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("[W]e have recognized intervention as the logical and appropriate vehicle by which the public and the press may challenge a closure order.") The presumptive right of public access to judicial records "give[s] members of the public standing to attack a protective order that seals [judicial documents] from public inspection." *Bond*, 585 F.3d at 1074. "[W]hen a district court enters a closure order, the public's interest in open access is at issue and that interest serves as the necessary legal predicate for intervention." *Jessup*, 227 F.3d at 998.

**B. The Right of Public Access Applies to Exhibits and Other Documents Filed to Support the Plaintiffs' Requested Motion for Sanctions, and This Right Supports Standing For Capitol Forum to Challenge the Sealing of Documents in This Case.**

The Seventh Circuit has made clear that there is a presumptive right of public access to judicial records, and that applies to the vast majority of documents filed with the court:

> It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view. *See, e.g., Jessup*, 227 F.3d at 997 ("'[T]hose who seek access to [sealed court] material have a right to be heard in a manner that gives full protection to the asserted right.'" (quoting *Associated Press*, 162 F.3d at 507)); *Citizens First Nat'l Bank*, 178 F.3d at 945-46

5

> (regarding filing of appellate appendix under seal); *Associated Press*, 162 F.3d at 507 (regarding press access to sealed court records). This right is derived from the common-law principle that courts are public institutions that operate openly—a principle codified at 28 U.S.C. § 452— and judicially imposed limitations on this right are subject to the First Amendment.

*Bond*, 585 F.3d at 1073. This general right to access discovery materials "kick[s] in when material produced during discovery is filed with the court" because, at that point, the documents "have been 'used in [a court] proceeding' . . . , and consequently the possibility exists that they could 'influence or underpin the judicial decision.'" *Id.* at 1075. These filed documents are "therefore presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Id.* (citing *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002)). Further, in *In re Specht*, 622 F.3d 697 (7th Cir. 2010), the Seventh Circuit pointedly denied AT&T's and Google's motion to seal documents. The court stated: "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *Id.* at 701 (citing *Baxter*, 297 F.3d 544; *Union Oil Co.*, 220 F.3d 562).

Accordingly, the right of public access applies to the exhibits and documents filed in connection with Plaintiffs' Motion for Sanctions. *Bond*, 585 F.3d at 1072-75; *Jessup*, 227 F.3d at 997; *In re Associated Press*, 162 F.3d 503, 506-09 (7th Cir. 1998). The Capitol Forum has met the standards under F.R.C.P. 24(b) to intervene in this case for the purposes of moving to vacate the protective order and unseal these documents.

### III. CONCLUSION

For the foregoing reasons, Capitol Forum's motion for leave to intervene in this case should be granted by the Court.

Dated: May 11, 2021                  Respectfully submitted,

                                           */s/ Mark J. Scott*

                                           Mark J. Scott (Ill. Bar # 6321479)
                                           Constantine Koutsoubas (Ill. Bar # 6293158)
                                           KELLEY DRYE & WARREN LLP
                                           333 West Wacker Drive, 26th Floor
                                           Chicago, IL 60606
                                           Tel.: (312) 857-7096
                                           mascott@kelleydrye.com
                                           ckoutsoubas@kelleydrye.com

                                           John B. Williams (DC Bar #257667)
                                           WILLIAMS LOPATTO PLLC
                                           1629 K Street, NW, Ste. 300
                                           Washington, DC 20006
                                           Tel.: (202) 296-1611
                                           jbwilliams@williamslopatto.com

                                           *Counsel for DBW Partners, LLC*