**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Authenticom, Inc. v. CDK Global, LLC*, No. 1:18-cv-868 (N.D. Ill) | Magistrate Judge Jeffrey T. Gilbert |
| *Motor Vehicle Software Corp. v. CDK Global, et al.*, No. 1:18-cv-00865 (N.D. Ill.) | |

**REYNOLDS'S MOTION FOR LEAVE TO FILE INSTANTER SURREPLY IN RESPONSE TO [DKT. 1231] PLAINTIFFS' MOTION FOR SANCTIONS**

Reynolds respectfully requests leave to file a surreply brief instanter in response to Plaintiffs' reply brief (Dkt. 1277) in support of their motion for sanctions.[1]

1. First, Plaintiffs' reply brief makes new arguments to which Reynolds has not previously had the opportunity to respond.

2. Second, Plaintiffs' reply brief describes many factual allegations as undisputed, when such allegations are in fact disputed.

3. Fourth, Plaintiffs' reply brief fails to mention important supplemental authority that came out after Reynolds's response but before Plaintiffs' reply.

4. Fifth, Plaintiffs' reply brief requests new relief—a broad subject matter privilege waiver spanning two years.

5. Sixth, Plaintiffs' motion and reply assert very serious allegations against Reynolds that Plaintiffs contend should be essentially case dispositive against Reynolds in this MDL, which

---

[1] The proposed sur-reply will be filed shortly under seal at Dkt. 1305, and filed in redacted public form if and when leave is granted.

weighs further in favor of ensuring that Reynolds has the opportunity to respond to Plaintiffs' reply.

6. In these and other regards, a surreply would "enable the Court with the information necessary to make a more informed ruling" on the pending motion. *Sawyer v. Columbia College*, 2010 WL 3081260, *1 n.1 (N.D. Ill. Aug. 5, 2010). "The decision whether to grant or deny a motion for leave to file a surreply is within the Court's broad discretion." *Id.*; see also *University Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F.Supp.3d 917, 922 (N.D. Ill. 2014).

7. Reynolds is mindful of the volume of paper already before the Court in this MDL and does not take lightly this request to file a surreply. However, given the importance of the issues at stake and the multiple compelling reasons justifying a surreply here, Reynolds respectfully urges the Court to exercise its discretion in favor of allowing Reynolds the requested leave.

Dated: June 2, 2021

Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW,

Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com

*Counsel for Defendant*
*The Reynolds and Reynolds*
*Company*

**CERTIFICATE OF SERVICE**

      I, Brian T. Ross, an attorney, hereby certify that on June 2, 2021, I caused a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO [DKT. 1231] PLAINTIFFS' MOTION FOR SANCTIONS** to be served electronically on all counsel of record at the following email address:

    SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

                                            */s/ Brian T. Ross*
                                            Brian T. Ross
                                            GIBBS & BRUNS LLP
                                            1100 Louisiana Street
                                            Suite 5300
                                            Houston, TX 77002
                                            (713)751-5286
                                            bross@gibbsbruns.com