IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| THE DEALERSHIP PUTATIVE CLASS ACTION | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO THE DEALERSHIP CLASS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Dealers have submitted a notice of "supplemental authority" concerning a recent Ninth Circuit decision and the results of the 2021 Nobel Prize. Dkt. 1315. Neither is relevant.

**A. The Ninth Circuit's Preliminary Injunction Ruling**

In *CDK Global LLC v. Brnovich*, No. 20-16469, 2021 WL 4944824 (9th Cir. Oct. 25, 2021), the Ninth Circuit affirmed the denial of a preliminary injunction motion in a case challenging the constitutionality of an Arizona statute requiring DMS providers to allow limited access to customer data on the providers' systems at that customer's request. The Ninth Circuit did not purport to resolve any of the claims in the case. To the contrary, it expressly declined to consider the district court's dismissal on the merits of certain claims. *Id*. at *3.

The Dealers contend that the *Brnovich* decision bears on their motion for summary judgment on CDK's counterclaims because that motion cited the Arizona statute to support contentions that (1) a permanent injunction would not serve the public interest, and (2) the Copyright Act or Digital Millennium Copyright Act ("DMCA") did not protect CDK's DMS software. Dkt. 1315 at 1-2 (citing Dkt. 965 at 21 & 52). The Dealers are wrong. As CDK has explained, the Arizona statute has nothing to do with the public interest analysis for a permanent

injunction because the statute does not address credential sharing and because none of the Dealers is headquartered in or has its principal place of business in Arizona. Dkt. 1057 at 13. Nor does the decision resolve the Copyright Act or DMCA issues underlying CDK's counterclaims against the Dealers. The Ninth Circuit did not mention the DMCA in its opinion, and the court repeatedly made clear that it was addressing the Copyright Act only in the context of CDK's facial preemption challenge, which required CDK to show that "every possible application" of the Arizona law—a law not at issue here—"would conflict with the Copyright Act." 2021 WL 4944824, at *4.

### B. The 2021 Nobel Prize

In early October, news reports announced that Prof. Joshua D. Angrist and two other economists had been awarded the Nobel Prize. Dkt. 1315 at 2. That is a great honor for Prof. Angrist, but he is not the Dealers' economic expert; Dr. Michael Williams is. The Dealers' lawyers cited a book co-authored by Prof. Angrist after Dr. Williams conceded that he had "eyeballed" a chart to establish a critical "parallel-paths" assumption for his model and had not looked at any actual data to verify that assumption. Dkt. 882 at 5-6 (*Daubert* motion); Dkt. 989 at 8 n.2 (original opposition brief). CDK has never disputed that a difference-in-differences methodology can be a reliable way to assess causal relationships when used properly. Rather, CDK contends that Dr. Williams's admitted *mis*use of that methodology renders his opinions in this case manifestly unreliable. Prof. Angrist's book does not speak to the flaws in Dr. Williams's analysis, and the fact that Prof. Angrist has now received the Nobel Prize says even less about the issue.[1]

---

[1] The Dealers did not cite or attach the correct chapter of Prof. Angrist's book in their original opposition to CDK's *Daubert* motion. Thus, nearly a year later, the Dealers submitted a "corrected" version of their memorandum citing a different chapter. Dkt. 1292 at 8 n.2; Dkt. 1291. As counsel for CDK explained at the May 2021 hearing, neither chapter is relevant to the flaws CDK identified in Dr. Williams's opinions. Dkt. 1306 (5/13/21 Tr.) at 65:24-67:14.

Dated: November 1, 2021 Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

## CERTIFICATE OF SERVICE

      I, Britt M. Miller, an attorney, hereby certify that on November 1, 2021, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO THE DEALERSHIP CLASS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** to be served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      */s/ Britt M. Miller*
      Britt M. Miller
      MAYER BROWN LLP
      71 South Wacker Drive
      Chicago, IL 60606
      (312) 782-0600
      bmiller@mayerbrown.com