**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To:<br><br>*ALL CASES* | Hon. Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**INDIVIDUAL AND VENDOR CLASS PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Individual and Vendor Class Plaintiffs ("Plaintiffs') respectfully submit this notice regarding the voluntary dismissal of CDK Global, LLC's ("CDK") and The Reynolds and Reynolds Company's ("Reynolds") facial challenge to Arizona's Dealer Law, Ariz. Rev. Stat. Ann. §§ 28-4651–4655. *See* Exhibits A & B hereto (orders of dismissal of claims of CDK and Reynolds, respectively). As a result of those dismissals – Reynolds's was entered on Monday – the district court and Ninth Circuit's findings regarding CDK's and Reynolds's anticompetitive conduct are now unchallenged. Those findings support Plaintiffs' claims in this case.

The Dealer Law requires DMS companies like CDK and Reynolds (as well as non-DMS companies that store dealer data) to stop the restrictive data access policies Plaintiffs have challenged in this litigation. *See CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1272 (9th Cir. 2021) (The law's "key provisions prevent [CDK and Reynolds] from limiting access to dealer data by dealer-authorized third parties and require providers to create a standardized framework to facilitate such access."). In challenging the law, CDK and Reynolds asserted that the law lacked a valid public purpose and sought a preliminary injunction.

After a two-day evidentiary hearing, the district court denied their motion, finding that the law "serves a legitimate and significant public interest . . . by placing limits on [CDK's and Reynolds's] ability to abuse their market position to monetize the private data of unwitting consumers." *CDK Global LLC v. Brnovich*, 2020 WL 4260506, at *5 (D. Ariz. July 24, 2020) (internal quotations omitted).

The Ninth Circuit affirmed. Most relevant here, the court of appeals specifically affirmed the district court's conclusion that "the law advances its pro-competitive purpose by prohibiting a provider 'from monopolizing data that is not its own to its great financial advantage.'" *Brnovich*, 16 F.4th at 1281 (quoting *Brnovich*, 2020 WL 4260506, at *6). Having lost at the Ninth Circuit, both CDK and Reynolds voluntarily dismissed their lawsuit challenging the Dealer Law, and the factual and legal conclusions of the district court and Ninth Circuit are now uncontested.

Those conclusions support Plaintiffs' opposition to CDK's and Reynolds's motion for summary judgment on Plaintiffs' antitrust claims, because they show that a reasonable jury could find that CDK and Reynolds exploited their market power to harm competition. *See, e.g.*, Dkt. 1102, at 33-38. They also support Authenticom's summary judgment position on Reynolds's copyright-related counterclaims, because the copyright misuse and illegality defenses bar those counterclaims if Reynolds's restrictions on third-party DMS access were anticompetitive. *See* Dkt. 1091, at 9-11. Relatedly, the Ninth Circuit noted that automated third-party requests that a DMS provider's software transmit dealer data stored on the DMS may be protected by the fair-use doctrine, which is yet another defense to Reynolds's counterclaims. *See Brnovich*, 16 F.4th at 1276 (citing *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 644-45 (7th Cir. 2003)); Dkt. 978 at 58-60 (relying on *WIREdata*); Dkt. 1091, at 7-9 (same).

Dated: December 29, 2021

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*MDL Co-Lead Counsel*

## CERTIFICATE OF SERVICE

  I, Derek T. Ho, an attorney, hereby certify that on December 29, 2021 I caused a true and correct copy of the foregoing **INDIVIDUAL AND VENDOR CLASS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                */s/ Derek T. Ho*
                Derek T. Ho
                KELLOGG, HANSEN, TODD,
                 FIGEL & FREDERICK, P.L.L.C.
                1615 M Street, NW, Suite 400
                Washington, D.C. 20036
                (202) 326-7900
                dho@kellogghansen.com