IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Loop, LLC d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO THE INDIVIDUAL AND VENDOR PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Two months after the Dealers submitted a notice of supplemental authority concerning the preliminary injunction decision in *CDK Global LLC v. Brnovich*, the Individual and Vendor Plaintiffs ("Plaintiffs") have submitted a notice of the very same decision. Dkt. 1317. No new development warrants this "me-too" filing, which adds no meaningful information or analysis. Plaintiffs' observation (at 1) that CDK and Reynolds have dismissed their facial challenges in *Brnovich* changes nothing about the opinion. And the *Brnovich* decision is no more relevant now than it was in October, among other things for the reasons explained in CDK's response to the Dealers' notice two months ago. *See* Dkt. 1316 at 1-2.

Plaintiffs contend that *Brnovich* shows "that a reasonable jury could find that CDK and Reynolds exploited their market power to harm competition" and thus supports their opposition to the *Authenticom* and *AutoLoop* summary judgment motions. Dkt. 1317 at 2.[1] But both parts of that assertion are wrong. First, the Ninth Circuit held only that a facial Contracts Clause challenge to

---

[1] CDK and Authenticom have settled and dismissed all claims between them, Dkt. 1199, but CDK's motion for summary judgment against *AutoLoop* incorporates certain arguments from the *Authenticom* briefing by reference. *See* Dkt. 1200 at 5 (addressing the effect of the settlement on pending MDL motions).

the Arizona statute was unlikely to succeed because courts should "defer" to legislative judgments when considering laws adopted for public purposes. 16 F.4th at 1280-81. That does not imply that CDK and Reynolds "harmed competition" before (or after) the law's enactment.

Second, CDK's motion for summary judgment does not turn on whether a jury could conclude that CDK "exploited" market power to "harm competition." Perhaps that explains why the only material Plaintiffs cite to show *Brnovich*'s supposed relevance is a six-page passage from the Background section of their summary judgment opposition brief. *See* Dkt. 1317 at 2 (citing Dkt. 1102 at 33-38). This background, which merely recites Plaintiffs' theory of the case and mentions preliminary findings by the *Brnovich* district court, is irrelevant to the legal arguments CDK raises in support of its motion for summary judgment. Indeed, CDK already observed in its reply to the *Authenticom* opposition that "[n]othing" in the *Brnovich* decision, then on appeal to the Ninth Circuit, "bears on whether CDK and Reynolds conspired with respect to their DMSs." Dkt. 1120 at 5 n.2.

The remainder of Plaintiffs' notice addresses certain counterclaims by Reynolds in the *Authenticom* matter. Dkt. 1317 at 2. As Plaintiffs do not argue that the counterclaims are relevant to any claims or counterclaims pending in *AutoLoop*, CDK takes no position on these remaining issues.

Dated: January 3, 2022                               Respectfully submitted,

                                                  /s/ *Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Daniel T. Fenske
Matthew D. Provance
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com
mprovance@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant
CDK Global, LLC*

3

## CERTIFICATE OF SERVICE

      I, Britt M. Miller, an attorney, hereby certify that on January 3, 2022, I caused a true and correct copy of the foregoing **DEFENDANT CDK GLOBAL, LLC'S RESPONSE TO THE INDIVIDUAL AND VENDOR PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** to be served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                        */s/ Britt M. Miller*
                        Britt M. Miller
                        MAYER BROWN LLP
                        71 South Wacker Drive
                        Chicago, IL 60606
                        (312) 782-0600
                        bmiller@mayerbrown.com