IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | No. 1:18-CV-864 |
| *This document relates to:* | Hon. Robert M. Dow, Jr. |
| *Authenticom, Inc. v. CDK Global, LLC et al.*, Case No. 18-cv-868 (N.D. Ill.) | Magistrate Judge Jeffrey T. Gilbert |
| *Motor Vehicle Software Corp. v. CDK Global, LLC, et al.*, Case No. 18-cv-865 (N.D. Ill.) | |

**DEFENDANT/COUNTER-PLAINTIFF THE REYNOLDS AND REYNOLDS COMPANY'S RESPONSE TO THE INDIVIDUAL AND VENDOR PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Individual and Vendor Class Plaintiffs' ("Plaintiffs") Notice of Supplemental Authority (Dkt. 1317)—informing the Court of Reynolds's dismissal of a pre-enforcement facial challenge to an Arizona state law—is irrelevant to the antitrust claims at issue in this MDL as described in CDK's filings responding to the Dealer and Individual and Vendor Class Plaintiffs' Notices regarding the *Brnovich* litigation. See Dkt. 1316, 1318.[1] Likewise, *Brnovich* has no effect on Reynolds's counterclaims against Authenticom in Case Number 18-868.

Authenticom's illegality and copyright misuse defenses to the claims pending against it rely on its antitrust claims, and since *Brnovich* says nothing about those claims, it has no relevance to those defenses. Moreover, Plaintiffs' Notice yet again inverts the undisputed timeline: Reynolds's measures to resist Authenticom's hostile and unauthorized system access *pre*date the

---

[1] Reynolds incorporates docket numbers 1316 and 1318 by reference.

alleged anticompetitive conduct, so the measures themselves cannot be anticompetitive. *See* Dkt. 966 at 56-64; Dkt. 1120 at 28-31; Dkt. 1127 at 3-6.

Plaintiffs' gesture toward fair use is misplaced. The district court in *Brnovich* squarely ***rejected*** the "intermediate copying" defense that is the only fair-use argument that Authenticom advances in this MDL, *see CDK Glob. LLC v. Brnovich*, 2020 WL 2559913, at *6 (D. Ariz. May 20, 2020), and the Ninth Circuit left that holding untouched. That reasoning applies with equal force here. *See* Dkt. 1061 at 48-49. The Ninth Circuit said only that a fair-use defense might be "possible" in some hypothetical scenarios (evaluated because *Brnovich* was a facial challenge), but those hypotheticals are not at issue on the facts present in *this* case. And in any event, the doctrine of fair use, including the *wireDATA* case Authenticom cites, cannot excuse Authenticom's unlawful conduct for the reasons explained in Reynolds's prior briefing. *See* Dkt. 1061 at §§ II.F and II.G.

**DATE:** January 4, 2022　　　　　　　　　　　　　Respectfully submitted,

/s/ *Aundrea K. Gulley*
Aundrea K. Gulley
GIBBS & BRUNS LLP
1100 Louisiana Street
Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com

***Counsel for Defendant The Reynolds and Reynolds Company***