**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Robert M. Dow, Jr. <br> Magistrate Judge Jeffrey T. Gilbert |
| *ALL CASES* | |

## AUTHENTICOM, INC.'S NOTICE OF SUPPLEMENTAL FACTS

In its summary judgment briefs and supporting Rule 56.1 statements of fact, filed in 2020, Plaintiff Authenticom, Inc. ("Authenticom") relied on the fact that it had never had a data or security breach in its then-15 year history. *See*, *e.g.*, Authenticom's Rule 56.1 Statement of Undisputed Material Facts, Dkt. 977 ¶ 113 ("Authenticom has never had a data breach."); Authenticom's Reply in Support of MSJ on Defs.' Counterclaims, Dkt. 1137 at 67 ("[T]here is no evidence that Authenticom has suffered or caused a security breach."). Although these statements were accurate, out of an abundance of caution and in the interest of candor to the Court, Authenticom wishes to call the Court's attention to a recent cyber-ransom attack that Authenticom has addressed in several public communications to its dealer and vendor customers. *See*, *e.g.*, Exhibits A-E.

On October 31, 2021, Authenticom identified a security threat on its Microsoft Azure servers. Once the threat was identified, Authenticom promptly brought its systems offline, hired forensics experts to evaluate the damage to its systems, and took steps to bring its systems back online securely. Authenticom later determined that the security threat was a cyber-ransom attack. While this incident disrupted Authenticom's data integration services to its customers, Authenticom's security measures operated as designed and "[t]here is no evidence that any of

[Authenticom's] customers' data was compromised or removed." *See* Exs. D and E. Authenticom's systems are now operational, and Authenticom is again providing its full range of services to dealers and software vendors.

The security incident described herein is not material to the summary judgment motions filed by Authenticom and Reynolds.[1] As set forth in Authenticom's summary judgment papers, *see* Authenticom's Opp. to Defs.' MSJ, Dkt. 1100 at 8-31, CDK and Reynolds reached their anticompetitive agreement in 2013, and implemented it in the ensuing years. Throughout that time, it remains true that Authenticom had never suffered a security breach, let alone a data breach. A cyber-ransom attack eight years after Reynolds and CDK formulated their conspiracy does not support Reynolds's summary judgment motion on Authenticom's antitrust claims because it cannot retroactively explain (or justify) Defendants' collusive effort to coordinate their data access policies and block data integrators from their systems years earlier. Indeed, what befell Authenticom two months ago – long after it had been crippled by Defendants' coordinated conduct – is not probative of Authenticom's data-security track record prior to Defendants' unlawful conduct. The incident also does not affect Authenticom's arguments why Reynolds's counterclaims fail as a matter of law, *see* Authenticom MSJ, Dkt. 978, or its reasons why Reynolds is not entitled to summary judgment on its counterclaims, *see* Authenticom Opp. to Reynolds's Mot. for Partial SJ, Dkt. 1081.

Rather than having any dispositive legal significance, the cyber-ransom attack is, at best, potential fodder for trial should Authenticom's claims survive summary judgment. The relevance

---

[1] On October 28, 2020, Authenticom and CDK Global, LLC ("CDK"), settled their claims. *See* Stipulation of Dismissal, Dkt. 1199.

of this long after-the-fact event is the province of Judge Peterson on remand and, if it is deemed admissible under F.R.E. 401-403, for the jury.[2]

Dated:  January 18, 2022

Respectfully submitted,

/s/ Derek T. Ho
Derek T. Ho
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*MDL Co-Lead Counsel*

---

[2] By letter dated December 21, 2021, Reynolds requested additional discovery from Authenticom regarding this incident beyond the public communications in which Authenticom disclosed the material facts to its customers.  In the parties' meet-and-confer, Reynolds stated that it had not decided whether it would file a motion to reopen fact discovery, which closed nearly three years ago on April 30, 2019.  Authenticom reserves its right to oppose any such motion.

## <u>CERTIFICATE OF SERVICE</u>

I, Derek T. Ho, an attorney, hereby certify that on January 18, 2022, I caused a true and correct copy of the foregoing **AUTHENTICOM, INC.'S NOTICE OF SUPPLEMENTAL FACTS** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

 */s/ Derek T. Ho*
Derek T. Ho
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com