IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litigation*, MDL 2817 | Case No. 1:18-CV-864 |
| *This document relates to:* <br> ALL CASES | Hon. Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey T. Gilbert |

**JOINT STATUS REPORT**

Pursuant to the Court's January 21, 2022 minute entry (Dkt. 1322), which requests a joint status report "advising the Court of any other pertinent developments of which they believe the Court should be aware (e.g., supplemental authority, settlement prospects, etc.)," the Parties[1] respectfully submit the following statement.

**I.     Supplemental Authority**

The Parties have identified authorities that they wish to bring to the Court's attention in their supplemental briefs filed on February 25, 2022, and March 12, 2022. The Parties reserve the right to seek leave to address new authority should any be cited in the supplemental filings on March 12, 2022 (or to oppose such motions for leave, as appropriate).

---

[1] The Parties submitting this joint status report are Authenticom, Inc. ("Authenticom"), Motor Vehicle Software Corporation ("MVSC"), Loop LLC d/b/a AutoLoop, as representative of the proposed Vendor Class ("AutoLoop" or "Vendors"), the proposed Dealer Class ("Dealers"), CDK Global, LLC ("CDK"), and The Reynolds and Reynolds Company ("Reynolds").

## II.   Settlement

The Parties have no update for the Court regarding any settlement prospects at this time, and agree with the Court's stated intention (*see* Dkt. 1322) to proceed with its rulings on the pending motions.[2]

## III.   Additional Matters

The proposed Dealer and Vendor Class Plaintiffs wish to raise an additional matter regarding the schedule for class certification set forth in the Case Management Order (Dkt. 166).

### Statement by the Vendor Class and Dealer Class

The Vendor Class and the Dealer Class respectfully request that the Court modify the Case Management Order to make motions for class certification due sixty (60) days after the Court rules on the pending summary judgment motions.

There are two putative class actions in this MDL: (1) the direct purchaser Vendor Class Action, represented by AutoLoop; and (2) the Dealer Class Action, represented by various car dealerships. Under the existing schedule (entered May 2018), motions for class certification are due "21 days after [the] conclusion of [the] *Authenticom* trial." Dkt. 166, § D. When the Court entered that deadline, both Reynolds and CDK were defendants in the Dealer Class Action (only CDK has been a defendant in the Vendor Class Action). So that the parties did not have to double-track legal resources by engaging in class certification proceedings while at the same time trying the case in *Authenticom*, the parties agreed to stagger them one after the other.

---

[2] The pending summary judgment motions are Dkts. 777, 949, 954, 963, 964, 967, 970, and 976. The pending non-summary judgment motions are: (1) Defendants' motions to bar, *see* Dkts. 773 and 787; (2) Authenticom and MVSC's motion for sanctions against Reynolds, *see* Dkt. 1231; and (3) CDK's motion to compel production of documents withheld by AutoLoop on the basis of work product pending before Magistrate Judge Gilbert, *see* Dkts. 1050, 1096, 1110, 1116.

But circumstances have changed. Due to settlements, *only* CDK is a defendant in the two putative class actions, and *only* Reynolds is a defendant in *Authenticom*. Therefore, should the Court deny Defendants' summary judgment motions, CDK and the putative class actions should proceed to class certification while Authenticom and Reynolds proceed to trial. Otherwise, for no good reason, the parties in the class actions would be at a standstill while they waited for the *Authenticom* trial to conclude. That could be up to a year (or more) of wasteful delay. Accordingly, for purposes of efficient use of judicial resources, avoiding undue delay, and changed circumstances, good cause exists to amend the Case Management Order on class certification in the following manner:

| Event | Current Date | New Date |
|---|---|---|
| Deadline for Motions, Plaintiffs' Designation of Experts and Accompanying Expert Reports | 21 days after conclusion of *Authenticom* trial | 60 days after summary judgment rulings |
| Deadline for Oppositions, Defendants' Designation of Experts, and Accompanying Expert Reports | 6 weeks after service of Motion for Class Certification | Same |
| Deadline for Replies in Support of Class Certification | 6 weeks after service of Oppositions | Same |
| Deadline to Complete Class Certification Process | 4 weeks after service of Replies | Same |

CDK states that the Court should wait until after it rules on summary judgment to decide when class certification will be, but as the current Case Management Order shows, there is no reason to wait. At the outset of this entire MDL, the Court set the schedule for class certification, and given intervening events, that schedule now makes little sense. Knowing when class certification motions are due (including the accompanying expert reports) will allow the parties to plan accordingly. Class Plaintiffs respectfully request this sensible change to the case schedule.

3

**CDK's Statement**

There is no reason at present to alter the case sequence established as the request of both the Dealer Class Plaintiffs and AutoLoop at the outset of this MDL: fact and expert discovery, summary judgment, trial of Authenticom's claims (if necessary), and class certification (if necessary). *See* Dkt. 166, §§ A, B, C, and D. Plaintiffs have not demonstrated good cause under Rule 16(b) to reorder the case schedule based on their speculation of how summary judgment will be resolved. It makes better sense for the Court to take up this issue following its rulings so that the Parties can frame their arguments around how the Court has actually ruled instead of the Parties' guesses as to what the Court's rulings might be. At that point, any scheduling issues can be promptly raised, briefed, and decided, as is common in MDL proceedings.

To provide some examples of why Plaintiffs' proposal is at the very least premature, the Court's summary judgment rulings may render some or all trials unnecessary. Or, the Court's rulings may limit which claims or theories asserted in the Dealer and Vendor cases remain viable, and therefore the extent to which the parties must expend resources on any remaining class certification issues. Just as Plaintiffs argue that "circumstances have changed" since the case schedule was established, it is just as likely that circumstances will change again once the Court decides summary judgment. And once it does, the Court will be in a much better position to assess what any appropriate post-summary judgment case schedule should look like.

Dated: March 12, 2022                                                  Respectfully submitted,

/s/ Derek T. Ho
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Daniel V. Dorris
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, PLLC
1615 M Street, N.W., Suite 400
(202) 326-7900
Washington, D.C. 20036
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
ddorris@kellogghansen.com

*MDL Co-Lead Counsel representing Authenticom, Inc.; Loop, LLC, d/b/a AutoLoop on behalf of itself and all
others similarly situated; and Motor Vehicle Software Corp.*

/s/ Britt M. Miller
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
Daniel T. Fenske
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth
Elizabeth McKenna
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11350
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*MDL Co-Lead Counsel representing the Dealership Plaintiffs*

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Brian T. Ross
GIBBS & BRUNS LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

5