# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ALL CASES* | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer<br>Magistrate Judge Jeffrey T. Gilbert |

## JOINT STATUS REPORT
## AND PLAINTIFFS' UNOPPOSED REQUEST FOR A STATUS CONFERENCE

In response to the order from the Judicial Panel on Multidistrict Litigation reassigning *In Re: Dealer Management Systems Antitrust Litigation*, MDL No. 2817, to this Court (Dkt. 1354, "Reassignment Order"), and the subsequent orders from the Executive Committee of the Northern District of Illinois, the Parties[1] respectfully submit this joint status report advising the Court of the MDL's existing cases, pending motions, and the current schedule for class certification briefing. In addition, Plaintiffs respectfully request a status conference at the Court's earliest convenience to discuss the foregoing, which Defendants do not oppose.

**I.     Existing Cases and Counsel**

**Cases.**  There are three remaining cases in this MDL – two putative class actions and one individual action.  The pending cases are:

(1) *Loop LLC d/b/a AutoLoop v. CDK Global, LLC*, 1:18-cv-02521.  This is the Putative Direct Purchaser Vendor Class Action against CDK.

(2) *In re: Dealer Management Systems Antitrust Litig.*, 1:18-cv-00864.  This is the Putative

---

[1] The Parties submitting this joint status report are Loop LLC d/b/a AutoLoop, as representative of the putative direct purchaser Vendor class ("AutoLoop" or "Vendors"), Motor Vehicle Software Corporation ("MVSC"), the putative Dealer class ("Dealers"), CDK Global, LLC ("CDK"), and The Reynolds and Reynolds Company ("Reynolds").

Direct and Indirect Dealer Class Action against CDK.

(3) *Motor Vehicle Software Corporation v. The Reynolds and Reynolds Company*, 1:18-cv-0065. This is an individual action by MVSC against Reynolds.[2]

The other cases and parties in this MDL settled prior to the Reassignment Order.

**Plaintiffs' Counsel.** Per appointment by the Court (Dkts. 1337, 1340, 1341, and 1343), Plaintiffs' counsel in this MDL are as follows:

(1) MDL Co-Lead Counsel for the Putative Vendor Class Action and MVSC:

> Derek T. Ho
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M Street, NW, Suite 400
> Washington, D.C. 20036

(2) MDL Co-Lead Counsel for the Putative Dealer Class Action:

> Peggy J. Wedgworth
> Milberg Coleman Bryson Phillips Grossman, PLLC
> 100 Garden City Plaza
> Garden City, NY 11530

(3) MDL Coordinating Counsel:

> Prof. Samuel Issacharoff
> New York University School of Law
> 40 Washington Square South
> New York, NY 10012

**Defendants' Counsel.** Lead Counsel for CDK and Reynolds are:

(1) CDK:

> Britt M. Miller
> Mayer Brown LLP
> 71 South Wacker Drive
> Chicago, IL 60606

(2) Reynolds:

> Aundrea K. Gulley
> Gibbs & Bruns LLP
> 1100 Louisiana Street, Suite 5300
> Houston, TX 77002

---

[2] This case was originally captioned *MVSC v. CDK Global LLC et al.*, but per the Stipulation of Dismissal filed on October 15, 2019 (Dkt. 778), MVSC settled its claims against CDK and Computerized Vehicle Registration and those defendants were dismissed from the case.

## II. Pending Motions

**Summary Judgment Motions.** The pending summary judgment motions are:

1. CDK Motion for Summary Judgment against AutoLoop (Dkt. 967);
2. CDK Motion for Summary Judgment against the Dealers (Dkt. 970);
3. Reynolds Motion for Summary Judgment against MVSC (Dkt. 954);
4. AutoLoop Motion for Summary Judgment against CDK's Counterclaim (Dkt. 949); and
5. Dealers Motion for Summary Judgment against CDK's Counterclaims (Dkt. 963).

On May 27, 2022, Authenticom, Inc. and Reynolds settled their claims and filed a Stipulation of Dismissal, *see* Dkt. 1351, which noted that the settlement mooted "the need to decide the following summary judgment motions pending between Reynolds and Authenticom: (1) Dkt. 777; (2) Dkt. 976; and (3) Dkt. 964." *Id*. at 2. But it is important to point out that "certain arguments made in those motions are incorporated by reference into other motions for summary judgment that remain pending." *Id*.

The pending motions for summary judgment were fully briefed on August 28, 2020. On January 21, 2022, the Court issued a Memorandum Opinion and Order regarding the then-outstanding *Daubert* motions ("Opinion"), *see* Dkt. 1321, and asked for supplemental briefs from the parties regarding their views about the impact of the Opinion on pending summary judgment motions, *see* Dkts. 1322, 1323. The parties filed those briefs on February 25, 2022, *see* Dkts. 1327-1330, and the responses on March 12, 2022, *see* Dkts. 1331-1333, 1335.

**Non-Summary Judgment Motions.** The pending non-summary judgment motions are:

1. CDK and Reynolds Motion to Bar Plaintiffs' New 'Initial Conspiracy' Theory (Dkt. 773);
2. Reynolds Motion to Bar MVSC Newly Disclosed Claims (Dkt. 787);
3. CDK's Motion to Compel against AutoLoop pending before Magistrate Judge Gilbert (Dkt. 1050, 1096, 1110, 1116); and
4. MVSC Motion for Sanctions Against Reynolds (Dkt. 1231).

The Motions to Bar were fully briefed on November 26, 2019, the Motion to Compel was fully briefed on August 20, 2020, and the Sanctions Motion was fully briefed on June 8, 2021.

At the August 16, 2022 status hearing, prior to this MDL being reassigned, the Court indicated that it was planning to rule on all pending motions – both summary judgment and non-summary judgment – by Thanksgiving of this year. Hearing Tr. 5:3-5; 6:13-7:7. The Parties appreciate that the MDL's reassignment may have impacted this estimate, and respectfully request any update that the Court is in a position to provide regarding the anticipated timing of rulings.

### III. Schedule for Class Certification Briefing

The proposed Dealer and Vendor Class Plaintiffs wish to raise an additional matter regarding the schedule for class certification set forth in the Case Management Order (Dkt. 166).

**Statement by the Vendor Class and Dealer Class**

The Vendor Class and the Dealer Class respectfully request that the Court modify the Case Management Order to make motions for class certification due sixty (60) days after the Court rules on the pending summary judgment motions.

There are two putative class actions in this MDL: (1) the direct purchaser Vendor Class Action, represented by AutoLoop; and (2) the Dealer Class Action with direct and indirect claims, represented by various car dealerships. Under the existing schedule (entered May 2018), motions for class certification are due "21 days after [the] conclusion of [the] *Authenticom* trial." Dkt. 166, § D. When the Court entered that deadline, plaintiff Authenticom, Inc. had a pending case in the MDL against both Reynolds and CDK, which were also defendants in the Dealer Class Action. (Only CDK has been a defendant in the Vendor Class Action.) So that the parties did not have to double-track legal resources by engaging in class certification proceedings while at the same time trying the case in *Authenticom*, the parties agreed to stagger them one after the other.

4

But circumstances have entirely changed: Authenticom has settled with both Reynolds and CDK, and therefore there will not be any trial in *Authenticom*. Moreover, Reynolds has since settled with the Dealer Class, leaving CDK as the only defendant in either action. The current schedule for keying class certification briefing off of any *Authenticom* trial therefore makes no sense, and the reason for the current schedule – to avoid double-tracking legal resources – no longer exists. Therefore, should the Court deny Defendants' summary judgment motions, CDK and the putative class actions should proceed to class certification. Otherwise, for no good reason, the parties in the class actions would be at a standstill. Accordingly, for purposes of efficient use of judicial resources, avoiding undue delay, and changed circumstances, good cause exists to amend the Case Management Order on class certification in the following manner:

| Event | Current Date | New Date |
|---|---|---|
| Deadline for Motions, Plaintiffs' Designation of Experts and Accompanying Expert Reports | 21 days after conclusion of *Authenticom* trial | 60 days after summary judgment rulings |
| Deadline for Oppositions, Defendants' Designation of Experts, and Accompanying Expert Reports | 6 weeks after service of Motion for Class Certification | Same |
| Deadline for Replies in Support of Class Certification | 6 weeks after service of Oppositions | Same |
| Deadline to Complete Class Certification Process | 4 weeks after service of Replies | Same |

CDK states that the Court should wait until after it rules on summary judgment to decide when class certification will be, but as the current Case Management Order shows, there is no reason to wait. At the outset of this entire MDL, the Court set the schedule for class certification, and given intervening events, that schedule now makes no sense. Knowing when class certification motions are due (including the accompanying expert reports) will allow Plaintiffs to

5

plan accordingly. CDK is concerned about engaging experts prematurely or knowing what the contours of the case may be post-summary judgment, but that is an issue for *Plaintiffs*, who will have two months after the rulings to file their motions and accompanying expert reports. CDK, as Defendant, will have time to react accordingly. Class Plaintiffs respectfully request this sensible change to the case schedule.

### **CDK's Statement**

The putative Class Plaintiffs' request to revise the existing case schedule while fully-briefed summary judgment motions are pending is premature. Their request presumes the outcome of summary judgment, which may dispose of the Vendor Class and Dealer Class cases or alter them in ways relevant to class certification that the Parties can only speculate about at this juncture. Further, the MDL has been largely dormant for more than two years after briefing on summary judgment was completed in August 2020. CDK would need to engage (or re-engage) experts to address class certification issues, and those experts would have to get up to speed. It does not make sense for CDK to begin incurring those costs until summary judgment is resolved. The Court's summary judgment rulings will also provide clarity about the remaining scope of the cases (if any) that should be taken into account before setting further case management dates.

For all these reasons, CDK proposes that the Parties meet and confer and propose a schedule for briefing class certification, if necessary, within 21 days after summary judgment motions have been decided. At that point, any other case management issues in the remaining MDL cases can be raised, briefed, and decided together. That is a more efficient way to proceed than asking the Court to revise pieces of the post-summary judgment case schedule now, when the Court's limited judicial resources are focused on resolving the pending motions identified above.

IV. **Request for Status Conference**

Plaintiffs respectfully request a status conference at the Court's earliest convenience to discuss the foregoing matters – including the status of the pending motions and the schedule for briefing on class certification – and any other items the Court would like to address. Defendants do not object to Plaintiffs' request for a status conference but defer to the Court as to whether it is necessary or advisable to hold a status conference at this time.

Dated: December 5, 2022

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Bethan R. Jones
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, PLLC**
1615 M Street, N.W., Suite 400
(202) 326-7900
Washington, D.C. 20036
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
bjones@kellogghansen.com

*MDL Co-Lead Counsel representing Authenticom, Inc.; Loop, LLC, d/b/a AutoLoop on behalf of itself and all others similarly situated; and Motor Vehicle Software Corp.*

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Elizabeth McKenna
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11350
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*MDL Co-Lead Counsel representing the Dealership Plaintiffs*

*/s/ Britt M. Miller*
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
Daniel T. Fenske
Jed W. Glickstein
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

*/s/ Aundrea K. Gulley*
Aundrea K. Gulley
Brian T. Ross
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com

bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

Leo D. Caseria
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and Reynolds Company*

8

## CERTIFICATE OF SERVICE

      I, Derek T. Ho, an attorney, hereby certify that on December 5, 2022, I caused a true and correct copy of the foregoing **JOINT STATUS REPORT AND PLAINTIFFS' UNOPPOSED REQUEST FOR A STATUS CONFERENCE** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                          */s/ Derek T. Ho*
                                                          Derek T. Ho
                                                          **KELLOGG, HANSEN, TODD,**
                                                            **FIGEL & FREDERICK, P.L.L.C.**
                                                          1615 M Street, NW, Suite 400
                                                          Washington, D.C. 20036
                                                          (202) 326-7900
                                                          dho@kellogghansen.com