IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

This matter is before the Court on AutoLoop's and Cox Automotive's Motion to Clarify and Reconsider June 29, 2020 Order (DKT. 1027) ("the Motion").[1] *See* [ECF No. 1050]. The Court ordered supplemental briefing on the issues raised in the Motion. *See* [ECF No. 1053]. The Court has reviewed the supplemental briefing submitted by Cox Automotive ("Cox") and CDK Global LLC ("CDK"). *See* [ECF Nos. 1095, 1104]. This Order addresses the portion of the Motion in which Cox requests the Court reconsider its decision compelling Cox to produce to CDK 51 communications sent to email distribution lists for which Cox had not identified the current number of email recipients.[2] For the reasons discussed below, the Motion is granted as to Cox's request, and Cox is not required to produce the 51 email communications at issue.

Based on the supplemental briefing and for the reasons set forth in the Motion and Cox's reply [ECF No. 1104] in support of the Motion, the Court agrees with Cox that it was premature for the Court to order production of the 51 communications, particularly in light of what the Court previously stated on the record at the June 10, 2019 hearing. *See* Cox's Reply [ECF No. 1104], at 3-4 (citing June 10, 2019 Hearing Transcript [ECF No. 1016], at 24:13-25). In response to a motion to compel filed by the Dealership Class Plaintiffs that CDK be required to produce similar emails communications, CDK argued that if the Court granted the Dealership Class Plaintiffs' motion to compel CDK to produce documents for which it had been unable to identify the current number of recipients, then the same rules should be applied to Cox. At that time, the Court said it was inclined to apply the same ruling to other parties, in this case to Cox, "unless there is some distinction that is actually meaningful," and the Court directed CDK to file a motion if it wanted the documents

---

[1] This Order addresses only the portion of the Motion regarding Cox Automotive's request for reconsideration. The Court will address the issues raised by AutoLoop in a separate order.

[2] The Court notes that Cox subsequently provided to CDK information about the number of recipients on the email distribution lists. *See* Cox's Reply [ECF No. 1104], at 1.

and Cox still objected to producing them. CDK did not file that motion, and without a motion from CDK, the Court should not have ordered production of those communications when it did.

The Court understands CDK's frustration with Cox with respect to how and when Cox responded to CDK's request for information about the documents at issue and its motion to compel, and the way this issue was presented to the Court.[3] However, given that this dispute involves potentially privileged documents, Seventh Circuit precedent dictates that the Court proceed with caution because district courts should be "highly reluctant" to order the production of privileged documents without in camera review, particularly in this instance when Cox was not given the opportunity to make any substantive argument supporting its claims of privilege. *See Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Society of U.S.*, 406 F. 3d 867, 880 & n.7 (7th Cir. 2005) (citing *In re BankAmerica Corp. Secs. Litig.*, 270 F.3d 639, 644 (8th Cir. 2001).

For these reasons, Cox's Motion to Reconsider June 29, 2020 Order (DKT. 1027) [ECF No. 1050] is granted, and Cox is not required to produce the documents at issue.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: Jaunary 30, 2023

---

[3] *See, e.g.,* CDK's Response to the Motion [ECF No. 1095], at 5 ("Cox is correct that CDK did not argue in its motion to compel that these distribution lists were so numerous that they negated Cox's privilege claims. CDK did not make this argument because Cox had refused to disclose how many people were included on its distribution lists, despite CDK's repeated requests, making it quite literally impossible for CDK to raise the issue in its motion to compel.").