IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817<br>Case No. 18 C 864<br><br>Magistrate Judge Jeffrey T. Gilbert |

# ORDER

This matter is before the Court on AutoLoop's and Cox Automotive's Motion to Clarify and Reconsider June 29, 2020 Order (DKT. 1027) (the "Motion").[1] *See* [ECF No. 1050]. The Court previously clarified that it did not grant CDK Global LLC's ("CDK") motion to compel as to any documents over which AutoLoop had asserted the work-product privilege in conjunction with the attorney-client privilege and that Auto Loop did not have to produce at that time any documents over which it was asserting the work-product privilege. [ECF No. 1053]. The Court then ordered supplemental briefing on the issues raised in the Motion and directed AutoLoop to submit the documents at issue for an *in camera* review. *See* [ECF No. 1053]. The Court has reviewed the supplemental briefing submitted by AutoLoop and CDK. *See* [ECF Nos. 1096, 1110, 1114]. For the reasons discussed below, the Court finds the work-product privilege protects only a small portion of the documents AutoLoop submitted *in camera*.

In its supplemental briefing, AutoLoop argues that CDK's motion to compel should now be denied because the proper time for CDK to challenge AutoLoop's claims of work-product privilege over the documents at issue was at the time CDK first filed its motion.[2] *See* AutoLoop's Supplemental Memorandum [ECF No. 196], at 3 (citing *Dalton v. Teva N. Am.*, 891 F.3d 687, 692 (7th Cir. 2018) ("[I]nadequately briefed arguments are forfeited.")). AutoLoop, however, also bears some responsibility

---

[1] This Order addresses only the portion of the Motion regarding AutoLoop's request for clarification on the work-product privilege issue. The Court will address the issues raised by Cox Automotive in a separate order.

[2] AutoLoop argues that giving CDK a second chance now would not be appropriate at this late stage. In response, CDK states: "To the extent that work product was not the primary focus of CDK's briefs, that is because it was difficult for CDK to conceive of any possible basis to claim that many of the documents at issue were attorney work product." CDK's Response [ECF No. 1110], at 2. But that argument is belied by the fact that CDK now has devoted over 10 pages in its Response to AutoLoop's Supplemental Memorandum in support of the Motion arguing that the work-product doctrine does not apply to AutoLoop's documents at issue.

for how this issue was presented. In the Court's view, neither party adequately developed its arguments on the work-product privilege when CDK's motion to compel was briefed initially. AutoLoop did not satisfy its burden in defending its assertions of the work-product privilege, and CDK's challenge to AutoLoop's assertion of the work-product privilege also fell short. At this stage and given the passage of time, the Court is not willing to say that either party has waived any argument.

Given that this dispute involves potentially privileged documents, Seventh Circuit precedent dictates that the Court proceed with caution because district courts should be "highly reluctant" to order the production of privilege documents without in camera review. *See Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Society of U.S.*, 406 F. 3d 867, 880 & n.7 (7th Cir. 2005) (citing *In re BankAmerica Corp. Secs. Litig.,* 270 F.3d 639, 644 (8th Cir. 2001)). The Court, therefore, has considered the supplemental arguments on the work-product privilege submitted by both parties and reviewed the documents AutoLoop submitted for review.

The Court rules as follows:

- Tabs 1-12 are protected by the work-product privilege. Tab 1 clearly is attorney work product as it is a legal memorandum concerning potential claims. Tabs 2-12 are a chain of email communications with redactions that contain information protected by attorney work-product privilege.

- Tabs 13-16 are not protected by the work-product privilege. These documents contain a chain of email communications between businesspeople and, in the Court's view, do not contain any attorney work-product.

- Tabs 17-19 are internal AutoLoop email communications that contain information protected by the work-product privilege.

- Tabs 20-28 are not protected by the work-product privilege. These documents contain a chain of email communications between businesspeople and, in the Court's view, do not contain any attorney work-product.

- Tabs 29-32 are not protected by the work-product privilege. These documents contain a chain of email communications between businesspeople and, in the Court's view, do not contain any attorney work-product.

- Tabs 34-112 and 115 are not protected by the work-product privilege. AutoLoop concedes that application of a prior ruling in this case requires production of these documents.

- Tabs 113 and 114 are not protected by the work-product privilege. The Court rejected the argument that there is any common interest privilege among the alleged common interest parties, and AutoLoop has not satisfied its burden to show that these communications contain attorney work-product.

- Tabs 116-123 are not protected by the work-product privilege. The Court disagrees with AutoLoop's argument in its reply that these documents are materially indistinguishable from a document the Court previously held was privileged in the *Authenticom* action. *See* [ECF No. 1116], at 9 n.7. As the Court described in its 8/17/20 Order [ECF No. 1113], the document at issue then was an email communication sent by in-house counsel at Authenticom to an individual at a bank about the *Authenticom* litigation and contained the attorney's thoughts and mental impressions. However, the AutoLoop documents at issue in this Motion are email communications between businesspeople. While the email discusses the AutoLoop litigation and identifies AutoLoop's counsel, the email communications do not contain any attorney's thoughts or mental impressions. It contains the businessperson author's view. Therefore, the documents are not protected by the work-product privilege.

For all of these reasons, AutoLoop shall produce the documents at Tabs 13-16 and Tabs 34-123 within 14 days of entry of this Order . The Court finds that Tabs 1-12 and 17-33 are protected by the work-product privilege, and AutoLoop is not required to produce them.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: Jaunary 30, 2023

3