IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To:<br><br>*ALL CASES* | Hon. Rebecca R. Pallmeyer<br>Magistrate Judge Jeffrey T. Gilbert |

**JOINT STATUS REPORT**

The Parties[1] submit this joint status report pursuant to the Court's March 10, 2023 Order (Dkt. 1373) to identify the briefing that still remains relevant. The Parties greatly appreciate the Court's efforts to resolve the pending motions.

**I.     Pending Motions**

The Parties' December 5, 2022 Joint Status Report (Dkt. 1364) identifies the motions that remain outstanding, minus certain motions to compel that Judge Gilbert resolved on January 30, 2023. Those pending motions and the related briefing docket entries (for the sealed version, where applicable) are set forth below:

| Motion | Brief | Opp'n | Reply |
|---|---|---|---|
| CDK's Motion for Summary Judgment against AutoLoop (Dkt. 967) | Dkt. 969 | Dkt. 1075 | Dkt. 1122 |
| CDK's Motion for Summary Judgment against the Dealers (Dkt. 970) | Dkt. 973 | Dkt. 1158 | Dkt. 1123 |
| Reynolds's Motion for Summary Judgment against MVSC (Dkt. 954) | Dkt. 955 | Dkt. 1073 | Dkt. 1121 |
| AutoLoop's Motion for Summary Judgment against CDK's Counterclaim (Dkt. 949) | Dkt. 951 | Dkt. 1056 | Dkt. 1135 |

---

[1] The Parties submitting this joint status report are Loop LLC d/b/a AutoLoop, as representative of the putative direct purchaser Vendor class ("AutoLoop" or "Vendors"), Motor Vehicle Software Corporation ("MVSC"), the putative Dealer class ("Dealers"), CDK Global, LLC ("CDK"), and The Reynolds and Reynolds Company ("Reynolds").

| Motion | Brief | Opp'n | Reply |
|---|---|---|---|
| Dealers' Motion for Summary Judgment against CDK's Counterclaims (Dkt. 963) | Dkt. 965 | Dkt. 1057 | Dkt. 1160 |
| Defendants' Motion to Bar Plaintiffs' New 'Initial Conspiracy' Theory (Dkt. 773) | Dkt. 775 | Dkts. 813, 820 | Dkt. 831 |
| Reynolds's Motion to Bar MVSC Newly Disclosed Claims (Dkt. 787) | Dkt. 789 | Dkt. 818 | Dkt. 833 |
| MVSC Motion for Sanctions Against Reynolds (Dkt. 1231) | Dkt. 1234 | Dkt. 1268 | Dkt. 1279 |

On January 21, 2022, the Court issued a Memorandum Opinion and Order regarding the then outstanding *Daubert* motions ("Opinion"), *see* Dkt. 1321, and asked for supplemental briefs from the Parties regarding their views about the impact of the Opinion on pending summary judgment motions, *see* Dkts. 1322, 1323. The Parties filed those briefs on February 25, 2022, *see* Dkts. 1327-1330, and the responses on March 12, 2022, *see* Dkts. 1331-1333, 1335.

For the convenience of the Court, the Parties had also submitted hyperlinked versions of these briefs that were not filed on the docket. Among other things, these briefs have hyperlinks to the related Rule 56.1 statements and underlying exhibits. The Parties will jointly contact the Court's chambers to arrange for delivery of a courtesy copy of these hyperlinked briefs in the event that the Court did not receive or no longer has a copy.

**II.** ***Authenticom*** **Briefs Relevant To The Pending Motions**

Certain pending motions cross-reference briefing that was submitted with respect to former Plaintiff Authenticom, Inc. The Parties identify below the portions of the *Authenticom* briefing that are, and are not, relevant to the pending motions.

**A.** **Antitrust Claims**

The following portions of the briefing on Defendants' motion for summary judgment against Authenticom (Dkt. 966) are not relevant to the pending motions and can be ignored:

- Parts IV.A.1, IV.A.3, V, and VI of Defendants' brief. *See* Dkt. 966, at 65-66, 68, 77-83.

- Parts III.A.1 and IV-V of Authenticom's opposition. *See* Dkt. 1100, at 67-69, 77-80.[2]

- Parts III.A.1 and IV-V of Defendants' reply. *See* Dkt. 1120, at 31-33, 38-39.

The portions of the *Authenticom* antitrust briefing (in addition to the background sections) that remain relevant to the pending motions are:

- Parts I-III, IV.A.2, IV.A.4, and IV.B of Defendants' brief. *See* Dkt. 966, at 1-65, 66-77.

- Parts I-II, III.A.2-3, and III.B of Authenticom's opposition. *See* Dkt. 1100, at 1-67, 69-77.

- Parts I-II, III.A.2-3, and III.B of Defendants' reply. *See* Dkt. 1120, at 1-31, 33-38.

However, Parts I, IV.A.2, IV.A.4 and IV.B of Defendants' brief, *see* Dkt. 966, at 17-18, 65-77, Parts III.A.2-3 and III.B of Authenticom's opposition, *see* Dkt. 1100, at 67, 69-77, and Parts III.A.2-3 and III.B of Defendants' reply, *see* Dkt. 1120, at 33-38, are relevant only to the AutoLoop and Dealership Plaintiffs. Those portions are not relevant to MVSC.

The following table sets forth with checkmarks which portions of the *Authenticom* antitrust briefing are relevant to each of the three remaining actions (AutoLoop, Dealers, and MVSC):

|  | AutoLoop | Dealers | MVSC[3] |
|---|---|---|---|
| **Defendants' Brief (Dkt. 966)** |  |  |  |
| Part I | ✓ | ✓ |  |
| Part II | ✓ | ✓ | ✓ |
| Part III | ✓ | ✓ | ✓ |

---

[2] The argument in Part III.A.3 regarding the exclusivity of Reynolds's RCI contracts is also not relevant. *See* Dkt. 1100, at 71-72.

[3] Reynolds's motion for summary judgment against MVSC (Dkt. 955) also incorporates by reference Reynolds's Partial Motion for Summary Judgment against Authenticom ("PMSJ") (Dkt. 785). See Dkt. 955, at 34-36. However, the issues overlap with those set forth in Part III.A of Defendants' motion for summary judgment against Authenticom (Dkt. 966), which is also incorporated by reference into Dkt. 955. The Court need not rule on the PMSJ in order to resolve Reynolds's motion for summary judgment against MVSC.

|  | AutoLoop | Dealers | MVSC |
|---|---|---|---|
| Part IV.A.2 | ✓ | ✓ |  |
| Part IV.A.4 | ✓ | ✓ |  |
| Part IV.B | ✓ |  |  |
| **Authenticom's Opp'n (Dkt. 1100)** |  |  |  |
| Part I | ✓ | ✓ | ✓ |
| Part II | ✓ | ✓ | ✓ |
| Part III.A.2-3 | ✓ | ✓ |  |
| Part III.B | ✓ | ✓ |  |
| **Defendants' Reply (Dkt. 1120)** |  |  |  |
| Part I | ✓ | ✓ | ✓ |
| Part II | ✓ | ✓ | ✓ |
| Part III.A.2-3 | ✓ | ✓ |  |
| Part III.B | ✓ | ✓ |  |

**B.  Counterclaims**

The Dealership Plaintiffs' motion for summary judgment on CDK's counterclaims incorporates by reference arguments made in Authenticom's motion for summary judgment on Defendants' counterclaims.  *See* Dkt. 965, at 33 n.70; Dkt. 1160, at 9-10.  The following portions of the *Authenticom* counterclaim briefing are relevant to the pending Dealership Plaintiffs' motion:

- Part II.A-C of Authenticom's counterclaim brief.  *See* Dkt. 978, at 41-55.

- Parts II.A-E of CDK's opposition.  *See* Dkt. 1055, at 25-45.

- Part II of Reynolds's opposition, which CDK incorporated by reference as to issues relevant to the Dealership Plaintiffs' motion.  *See* Dkt. 1061, at 19-51.

- Part II.A-D.1 of Authenticom's reply. *See* Dkt. 1137, at 23-56.

The remainder of the *Authenticom* counterclaim briefing is not relevant to the pending motions and can be ignored.

### III. Other Issues

As noted in the Parties' December 5, 2022 Joint Status Report, the Vendor and Dealership Class Plaintiffs also wish to discuss the schedule for class certification briefing. The respective positions of the Vendor and Dealership Class Plaintiffs and CDK are set forth in that Joint Status Report. *See* Dkt. 1364, at 4-6.

Dated: March 17, 2023                                      Respectfully submitted,

/s/ Derek T. Ho
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Daniel V. Dorris
Bethan R. Jones
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, PLLC**
1615 M Street, N.W., Suite 400
(202) 326-7900
Washington, D.C. 20036
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
ddorris@kellogghansen.com
bjones@kellogghansen.com

*MDL Co-Lead Counsel representing*
*Authenticom, Inc.; Loop, LLC, d/b/a*
*AutoLoop on behalf of itself and all*
*others similarly situated; and*
*Motor Vehicle Software Corp.*

/s/ Peggy J. Wedgworth
Peggy J. Wedgworth
Elizabeth McKenna
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11350
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*MDL Co-Lead Counsel representing the*
*Dealership Plaintiffs*


/s/ Britt M. Miller
Britt M. Miller
Michael A. Scodro
Matthew D. Provance
Daniel T. Fenske
Jed W. Glickstein
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mscodro@mayerbrown.com
mprovance@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

/s/ Aundrea K. Gulley
Aundrea K. Gulley
Brian T. Ross
**GIBBS & BRUNS LLP**
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 751-5258
agulley@gibbsbruns.com
bross@gibbsbruns.com

Leo D. Caseria
**SHEPPARD MULLIN RICHTER &**
**HAMPTON, LLP**
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006
(202) 747-1900
lcaseria@sheppardmullin.com

*Counsel for Defendant The Reynolds and*
*Reynolds Company*

CERTIFICATE OF SERVICE

      I, Derek T. Ho, an attorney, hereby certify that on March 17, 2023, I caused a true and correct copy of the foregoing **JOINT STATUS REPORT** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      */s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com