IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DEALERSHIP PUTATIVE CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer<br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM IN SUPPORT OF CDK'S MOTION FOR
28 U.S.C. § 1292(B) CERTIFICATION OF A PORTION
OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 1292(b), CDK Global, LLC ("CDK") respectfully moves the Court to certify that portion of its June 29, 2023 Memorandum Opinion and Order ("Opinion") applying *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), to certain of the retail automobile dealerships' ("Dealers'") state-law claims for interlocutory appeal. *See* Dkt. 1381 at 88-96.

## BACKGROUND

Among the issues decided on the MDL parties' cross-motions for summary judgment, the Opinion denied CDK summary judgment on the Dealers' putative class-action claims under class-action bars in the Illinois, Colorado, and South Carolina antitrust statutes, and under the class-action notice requirements of the Hawaii, Utah, and West Virginia antitrust statutes.

To determine whether these state laws operate to bar class actions in federal court, this Court started with the Supreme Court's decision in *Shady Grove*, which held that a New York law barring certain class actions conflicts with Fed. R. Civ. P. 23, and that the Rules Enabling Act gave precedence to Rule 23 over the contrary state law in federal court. In reaching this result, four

1

Justices, in a plurality opinion by Justice Scalia, reasoned that whether Rule 23 controls over a conflicting state law hinges on whether the federal rule is substantive or procedural, regardless of the nature of the contrary state law: "In sum, it is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule. . . . [T]he validity of a Federal Rule depends entirely upon whether it regulates procedure." 559 U.S. at 410. "If it does, it is authorized by [the Rules Enabling Act] and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Id.* In contrast, Justice Stevens, who provided the fifth vote holding that Rule 23 controlled over state law in that case, considered the nature of the conflicting state law and asked "whether [it] actually is part of a State's framework of substantive rights or remedies." *Id.* at 419. "[A]n application of a federal rule that effectively abridges, enlarges, or modifies a state-created right or remedy," Justice Stevens continued, violates the Rules Enabling Act. *Id.* at 422.

Acknowledging that courts were not unanimous on the question, and that the Seventh Circuit had yet to address it, this Court held that Justice Stevens' concurrence was controlling because it resolved the question before the *Shady Grove* Court on narrower grounds than the plurality opinion did. Dkt. 1381 at 89-90. Applying Justice Stevens' standard to the Illinois, South Carolina, and Colorado antitrust laws, the Court—again recognizing that courts had reached different conclusions and without "any binding Seventh Circuit authority"—held that Rule 23 trumped anti-class-action provisions in these state statutes. *Id.* at 91-93. In reaching this conclusion, the Court sided with the minority view, recognizing that "many courts," "perhaps a majority," "distinguish[] between pan-statutory class-action bars, like the one at issue in *Shady Grove*," and specific "limitations built into particular state statutes, like the one at issue here." *Id.* at 91 (internal quotation marks omitted).

Turning to the Hawaii, Utah, and West Virginia class-action notice requirements that the Dealers allegedly failed to satisfy here, the Court held that Rule 23 also displaced these state-law requirements in federal court. *See id.* at 93-95. The Court found a conflict between Rule 23 and these state-law requirements, although, again, the Court recognized that "there is no binding Seventh Circuit law" on the issue and that "each side" was able to "present[] district court opinions in their favor" on that question. *Id.* at 94-95. Having found a conflict, the Court then applied Justice Stevens' test from *Shady Grove* and concluded that the state-law notice requirements were not part of the state laws' "substantive framework" and therefore did not apply in this federal proceeding. *Id.* at 95.

## ARGUMENT

**The § 1292(b) Criteria Are Satisfied.**

Interlocutory appeal under § 1292(b) is available when the Court is "of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 359 (7th Cir. 2015); *see also Boone v. Ill. Dept. of Corrs.*, 71 F.4th 622, 625 (7th Cir. 2023) (court of appeals may accept interlocutory appeal under 28 U.S.C. § 1292(b) if appeal "present[s] questions of law that are controlling and contestable, the resolution of which would speed up the litigation"). In other words, the statute provides four requirements for interlocutory appeal: (1) a question of law; (2) that is controlling; (3) and contestable; and (4) whose resolution may hasten the conclusion of the litigation.

The Court's application of *Shady Grove* to allow the Dealers to seek to certify putative nationwide and statewide classes of indirect purchasers under the Illinois, South Carolina, and

3

Colorado antitrust statutes, notwithstanding those statutes' express prohibition on private indirect-purchaser class actions, easily satisfies the criteria for interlocutory appeal. The same is true of *Shady Grove*'s application to class-action notice requirements under Hawaii, Utah, and West Virginia law. *See* Dkt. 1381 at 93- 95. In fact, district courts across the country have certified questions related to the application of *Shady Grove* on numerous occasions. *See, e.g.*, *Canela v. Costco Wholesale Corp.*, 2018 WL 3008532 (C.D. Cal. June 15, 2018); *Odle v. Wal-Mart Stores Inc.*, 2013 WL 66035 (Jan. 7, 2013); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 2010 WL 11463986 (W.D. Mich. Sept. 22, 2010). This Court should do the same here.

### A. The questions to be certified present purely legal issues.

The questions to be certified are purely legal. Certified questions requiring the interpretation of the legal standard to be applied in a case are legal questions suitable for interlocutory appeal under § 1292(b). *Boone*, 71 F.4th at 625. CDK requests that the Court certify whether, under *Shady Grove*, (1) Rule 23 displaces the anti-class-action provisions of Illinois's, South Carolina's, and Colorado's state antitrust laws, and (2) Rule 23 displaces the class action notice provisions of Hawaii's, Utah's, and West Virginia's state antitrust laws. Those questions ask the court to address the interplay between a federal rule of civil procedure and state antitrust laws. Because those questions do not require the resolution of any factual issues, they are legal questions satisfying the first criterion for interlocutory appeal.

### B. The questions of law are controlling.

These questions of law will determine whether certain causes of action may be brought at all or what notice must be provided to class members or state attorneys general as conditions precedent to treating a claim as a class action, and these questions are therefore controlling within the meaning of § 1292(b). A question of law need not be dispositive of the *entire* case to be

4

"controlling" under § 1292(b). Rather, "[a] question of law may be deemed 'controlling'" so long as "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The issue must be "serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)).

This Court's holding that class-action bars in the Illinois, South Carolina, and Colorado antitrust laws are procedural, and therefore do not apply in federal court, easily satisfy this standard. Barring the right to proceed as a class under any of these state laws would "affect the further course of the litigation," *Sokaogon Gaming Enter. Corp.*, 86 F.3d at 659, and this is particularly true for an appellate ruling barring the Dealers from proceeding as a class under the Illinois Antitrust Act. The Dealers state that they intend to seek a nationwide Dealer class under Illinois law. Dkt. 1387 at 17-18. And while CDK disputes their ability to certify such a class on other grounds, *see Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1074 (9th Cir. 2021) (vacating certification of nationwide damages class of indirect purchasers under California antitrust law due to conflicts with other state laws), a decision that Illinois law bars plaintiffs from seeking to certify such a class in the first place would profoundly affect the future of this litigation. This Court has dismissed the Dealers' federal damages claim because they are indirect purchasers. Dkt. 1381 at 67. A Seventh Circuit ruling barring their other putative nationwide damages claim, under Illinois law, would narrow the Dealers' damages claims to a limited number of *Illinois Brick* repealer States. And significantly, even state-wide class-action damages claims would be unavailable under South Carolina or Colorado law, if the Seventh Circuit holds that these state class-action bars apply in federal court.

Likewise, a ruling from the Seventh Circuit on whether certain state-law notice provisions that are conditions precedent to maintaining class actions apply in federal court may further narrow the scope of the litigation. Ultimately, the Dealers may not be able to seek certification of classes under Hawaii, Utah, and West Virginia law.

### C. The application of *Shady Grove* to this case is contestable.

This Court has not resolved the question of whether, under a *Shady Grove* analysis, Rule 23 overrides state-law limitations on class actions, and that question is the subject of a split among federal courts. "Substantial ground for difference of opinion" exists—that is, the issue is "contestable"—when the relevant court of appeals has yet to decide the question. *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007-08 (7th Cir. 2002) ("As these are questions of first impression, the [issue] here is certainly contestable"); *Thrasher-Lyon v. CCS Commercial, LLC*, 2012 WL 5389722, at *3 (N.D. Ill. Nov. 2, 2012) ("substantial grounds for difference of opinion" exist when "the Seventh Circuit has not addressed the question"). Further, a substantial ground for difference of opinion exists when the circuit courts are split on the issue. *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

At the threshold, there is substantial ground for difference of opinion on the question of which opinion from *Shady Grove* governs. *See Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.") (internal quotation marks omitted). As this Court correctly held, under the *Marks* analysis, Justice Stevens' opinion in *Shady Grove* offered the narrower ground for resolving the case, and his opinion therefore controls. Dkt. 1381 at 89-90. In so holding, the Court "agree[d] with" the "majority" of courts to address the

6

issue. *Id.* at 89 (citing *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516, 2016 WL 4204478 (D. Conn. Aug. 9, 2016)). The Court recognized, however, that the Seventh Circuit has yet to rule "'squarely'" on the issue, for that Court has not "considered the 'plurality or concurrence question' or addressed a state class action bar arguably preempted by Rule 23." *Id.* at 89-90 n.24. The Sixth and Ninth Circuits have recently applied Justice Stevens's standard. *Albright v. Christensen*, 24 F.4th 1039, 1044-45 (6th Cir. 2022); *Martin v. Pierce Cnty.*, 34 F.4th 1125, 1128-29 (9th Cir. 2022). Other circuits have held that Justice Scalia's plurality decision governs. *See, e.g.*, *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020); *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297, 309-10 (3d Cir. 2016); *Abbas v. Foreign Policy Grp.*, 783 F.3d 1328, 1337 (D.C. Cir. 2015). And district courts continue to emphasize the existing circuit split. *See, e.g.*, *Millers Capital Ins. Co. v Hydrofarm, Inc.*, 340 F.R.D. 198, 209 n.7 (D.D.C. Jan. 31, 2022) ("Following *Shady Grove*, the Circuits have split over which approach—Justice Scalia's or Justice Stevens'—is controlling."); *In re Seroquel XR (Extended Release Quetiappe Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *18 (D. Del. July 5, 2022) ("Courts are understandably divided on the question of whether Justice Stevens's concurring opinion is controlling."); *Lee v. Samsung Elecs. Am., Inc.*, 2022 WL 4663878, at *8 (S.D. Tex. Sept. 21, 2022), *report and recommendation adopted*, 2022 WL 7757471 (S.D. Tex. Oct. 12, 2022) (noting split); *Miami Prod. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 245 (W.D.N.Y. 2021) (same).

After resolving the legal question under *Marks* of whether the *Shady Grove* plurality or Justice Stevens' decision governs the analysis, the application of that analysis is the subject of a deep split among federal courts. This Court recognized that its holding that Rule 23 displaces the anti-class-action provisions of the state antitrust laws conflicts with the rulings of many, if not most, other courts. *Id.* at 91 ("[M]any courts—perhaps a majority— have concluded that Rule 23

7

must give way to the [Illinois Antitrust Act's] class action bar."). And "[t]he South Carolina and Colorado statutes are effectively identical" to Illinois'. *Id.* at 92; *see also id.* at 92-93 (citing conflicting decision applying South Carolina law to bar class action).

The deep split in the federal courts on this issue unquestionably establishes that it is the subject of reasonable debate and is therefore contestable. *Compare In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 884-85 (N.D. Cal. 2021) (Illinois's class-action bar does apply in federal court); *Lee v. Samsung Elecs. Am., Inc.*, 2022 WL 4663878, at *9 (S.D. Tex. Sept. 21, 2022), *report and recommendation adopted*, 2022 WL 7757471 (S.D. Tex. Oct. 12, 2022) (South Carolina's class-action bar does apply in federal court); *Murphy v. Toyota Motor Sales USA Inc.*, 2020 WL 10354129, at *6-7 (C.D. Cal. Nov. 24, 2020) (Colorado's class-action bar does apply in federal court); *Ford v. Hyundai Motor Am.*, 2021 WL 7448507, at *27-28 (C.D. Cal. Oct. 5, 2021) (Alabama's class-action bar does apply in federal court); *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 973 (E.D. Mich. 2022) (Georgia's class-action bar does apply in federal court); *Cunningham v. Ford Motor Co.*, 2022 WL 17069563, at *12 (E.D. Mich. Nov. 17, 2022) (Georgia's class-action bar does apply in federal court); *Fullmer v. A-1 Collection Agency, LLC*, 2022 WL 1538675, at *4 (D. Utah May 16, 2022) (Utah's class-action bar does apply in federal court), *with In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753, 777-78 (D. Minn. 2020) (Illinois's class-action bar does not apply in federal court); *Miami Prod. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 246 (W.D.N.Y. 2021) (Illinois's class-action bar does not apply in federal court); *In re Vascepa Antitrust Litig. Indirect Purchaser Plaintiffs*, 2023 WL 2182046, at *5 (D.N.J. Feb. 23, 2023) (Illinois's class-action bar does not apply in federal court); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, at *23 (N.D. Cal. Sept. 22, 2021) (South Carolina's class-action bar does not apply in federal court); *Lessin v. Ford Motor Co.*, 2021 WL 3810584, at *15

(S.D. Cal. Aug. 25, 2021) (Colorado's class-action bar does not apply in federal court); *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 689 (E.D. Mich. 2020) (Georgia's class-action bar does not apply in federal court); *Reynolds v. FCA US LLC*, 546 F. Supp. 3d 635, 657 (E.D. Mich. 2021) (Tennessee and Georgia class-action bars do not apply in federal court); *see also In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, 2022 WL 2438934, at *18 (D. Del. July 5, 2022) (noting that courts are "divided on the specific question . . . of whether *Shady Grove* allows for Illinois antitrust claims to be brought in a federal class action suit" but declining to address the question); *Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1075 (E.D. Cal. 2022) ("Federal district courts are divided on whether the prohibition of [Georgia's class-action bar] applies in federal court.").

The question of whether Rule 23 displaces state notice requirements is also contestable. This Court held that, "[a]s with the class-action bars, the parties agree there is no binding Seventh Circuit law, and each side presents district court opinions in their favor." *Id.* at 94.

Because there is no binding Seventh Circuit law on the issues raised by this motion and the federal courts are split on those questions, there are reasonable grounds for differences of opinion on which *Shady Grove* opinion provides the proper analytical framework and what the outcome of that analysis should be when applied to the state class-action bars and notice requirements presented here.

### D. Interlocutory appeal would resolve threshold issues, likely speed up the resolution of this case, and narrow the issues going forward.

Resolution of an issue "may materially advance" the litigation if it will "speed up the litigation" by "narrow[ing] the issues moving forward" or resolving a threshold question. *Boone*, 71 F.4th at 625; *Burken*, 930 F.2d at 1205. The bar to overcome this requirement is low: "all that section 1292(b) requires . . . is that an immediate appeal *may* materially advance the ultimate

9

termination of the litigation," including by relieving "uncertainty . . . [that] may delay settlement . . . and by doing so further protract the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). A decision from the Seventh Circuit on the legal questions presented in this motion would address threshold questions of whether certain causes of action may be maintained and may well speed up the litigation and narrow the issues moving forward. In particular, the decision may restrict the number of causes of action at issue by eliminating up to six state-law claims, along with the only remaining potential nationwide class claim for damages. And that, in turn, would accelerate the ultimate resolution of the case. For example, getting a definitive ruling now on these legal issues will avoid the parties consuming resources on potentially wasteful class certification fact and expert discovery, possible decertification if these classes were certified, and confusing dealers with a class notice that may need to be re-issued or retracted. Similarly, having guidance from the Court of Appeals now could drastically narrow the claims left for trial subject to resolution of class certification.

In any event, although other claims will remain, the potential elimination of several state claims (especially a putative nationwide one) will provide certainty, which, as this Court has noted, "might clarify the amount of money involved here." July 28, 2023 Tr. 26. That, in turn, would potentially speed up resolution of the case by providing more realistic parameters of the scope of the Dealers' case.

## CONCLUSION

For these reasons, CDK respectfully seeks certification of two questions for interlocutory appeal under 28 U.S.C. § 1292(b): whether, under *Shady Grove*, (1) Rule 23 displaces the anti-class-action provisions of Illinois's, South Carolina's, and Colorado's state antitrust laws, and (2) Rule 23 displaces the class action notice provisions of Hawaii's, Utah's, and West Virginia's state antitrust laws.

Dated:  August 18, 2023                             Respectfully submitted,

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
Michael A. Scodro
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com
mscodro@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, hereby certify that on August 18, 2023, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF CDK'S MOTION FOR 28 U.S.C. § 1292(B) CERTIFICATION OF A PORTION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                                     */s/ Britt M. Miller*
                                                    Britt M. Miller
                                                    MAYER BROWN LLP
                                                    71 South Wacker Drive
                                                    Chicago, IL 60606
                                                    (312) 782-0600
                                                    bmiller@mayebrown.com