# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISON

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litig.*, MDL 2817 | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 | |
| THE DEALERSHIP PUTATIVE CLASS ACTION | |

## CDK GLOBAL, LLC'S RESPONSE TO THE
## PUTATIVE DEALER CLASS PLAINTIFFS' MOTION FOR
## ADDITIONAL PAGES FOR CLASS CERTIFICATION BRIEFING

CDK Global, LLC ("CDK") submits this response to clarify the record and provide context for the Dealers' Motion for Additional Pages for Class Certification Briefing, Dkt. No. 1418. As explained below, CDK does not oppose the Dealers' eleventh-hour request for additional pages, but, as CDK previously explained to Plaintiffs, that request, if granted, in fairness necessitates other reasonable modifications to the class certification schedule.

1. On July 31, 2023, the Court set an initial briefing schedule for class certification: (1) Plaintiffs' opening briefs would be due on October 3, 2023; (2) CDK's opposition papers and *Daubert* challenges would be due on November 14, 2023; (3) "[i]n light of the holidays," Plaintiffs' class certification reply briefs and *Daubert* responses would be due on January 4, 2024; and (4) CDK's *Daubert* replies would be due on February 6, 2024. Dkt No. 1390 at 1. In the same order, the Court ruled that the "Local Rule limiting briefs to 15 pages is in effect for all upcoming submissions in this case," including briefs in support of and opposing class certification. *Id.*

2. On September 27, 2023, following Plaintiffs' demands for additional discovery, CDK, the Vendors, and the Dealers stipulated to a revised briefing schedule that required (1) "Opening Class Certification Briefs and Expert Reports" to be filed by November 21, 2023; and (2) "Opposition Class Certification Brief**(s)**, Expert Report(s), & CDK's Opening *Daubert* Briefs (if any)" to be filed by January 5, 2024. Dkt. No. 1412 (emphasis added). Thus, in the parties' stipulated briefing schedule, CDK made clear that it would file either one omnibus brief opposing certification of both classes or separate briefs opposing each class. At no time in the negotiations did any party suggest the need for additional pages.

3. The Court entered an order setting the stipulated schedule on September 29, 2023. Dkt. No. 1414. No party requested any modification to the Court's ordered 15-page limit for class certification briefs at this time either.

4. A couple of weeks ago, Dealers mentioned that they may need additional pages, but they did not make an actual request, including for a specific number of additional pages, until Thursday, November 16, 2023.

5. On November 16, 2023, just three court days before Plaintiffs' 15-page briefs in support of class certification were due, the Dealers asked CDK to consent to their filing a 25-page brief—nearly twice as long as what the Court previously ordered. Ex. A.

6. CDK responded that it would agree to the Dealers' proposal, but given the late request and requirement that CDK respond to longer briefing over the holidays, CDK sought a modest two additional weeks to respond. *Id.* CDK also requested that the extension apply to both

2

classes, because for the sake of efficiency (and as disclosed several weeks earlier), CDK planned to submit a single omnibus response. *Id.* [1]

7. CDK remains willing to agree to the Dealers' request but maintains that any change should be accompanied by a slight adjustment to the schedule. Under the current schedule, CDK has six weeks to oppose two class certification briefs, depose two experts and respond to each of their reports, prepare two *Daubert* briefs, review four years of supplemental data for all Dealer class representatives (Dealers agreed to produce such data but have produced none to date), and potentially depose additional class representatives—including new representatives that the Dealers have vaguely previewed but not yet identified.

8. CDK agreed to this compressed schedule with the understanding that each opening brief would be 15 pages long. A modest two-week extension to the response time is reasonable to accommodate substantially longer briefing, particularly since CDK's six-week response period includes Thanksgiving, Christmas, and New Years.

9. In addition, the extension should apply to both classes, so that CDK can file either an omnibus brief or, at the very least, separate opposition briefs that cross-reference each other. CDK respectfully submits that this approach will be more efficient for everyone, including the Court, in its review and analysis of the filings. Several of the arguments barring class certification apply to Vendors and Dealers alike, and CDK should not be required to make the same points twice.

10. To be clear, CDK does not object in principle to 25-page opening briefs (for Dealers, Vendors, or both). But CDK respectfully requests that, if the Court grants additional pages, it also order that (1) CDK's opposition deadline is extended from January 5 to January 19,

---

[1] Although CDK disclosed the possibility of an omnibus brief in the September 27 stipulation, Dkt. No. 1412, Vendors now "do[] not agree that CDK may file a consolidated brief" and Dealers claim that no omnibus brief is "warranted." Ex. A. Neither Plaintiff group provided any substantive reason in support of these objections.

3

(2) CDK may file an omnibus opposition brief equal in length to the combined total pages of both opening briefs, and (3) both classes will proceed on the same schedule, so that CDK may either file an omnibus opposition brief or cross-reference separate opposition briefs filed together.

11. Contemporaneous with the filing of this Response, the undersigned has transmitted a copy of a Proposed Order to "Proposed_Order_Pallmeyer@ilnd.uscourts.gov" with a copy to all counsel of record as required by the Case Procedures of Judge Pallmeyer.

Dated: November 19, 2023                                      Respectfully Submitted,

*/s/ Craig S. Primis*
Craig S. Primis, P.C.
Matthew J. Reilly, P.C.
K. Winn Allen, P.C.
Katherine Katz, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel: (202) 389-5000
craig.primis@kirkland.com
matt.reilly@kirkland.com
winn.allen@kirkland.com
katherine.katz@kirkland.com

Mark Filip, P.C.
Kevin M. Jonke
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
mark.filip@kirkland.com
kevin.jonke@kirkland.com

*Counsel for Defendant CDK Global, LLC*

4

## **CERTIFICATE OF SERVICE**

I, Craig S. Primis, an attorney, hereby certify that on November 19, 2023, I caused a true and correct copy of the foregoing **CDK GLOBAL, LLC'S RESPONSE TO THE PUTATIVE DEALER CLASS PLAINTIFFS' MOTION FOR ADDITIONAL PAGES FOR CLASS CERTIFICATION BRIEFING** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                  */s/ Craig S. Primis*
                                                                    Craig S. Primis