IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 | |

**VENDOR CLASS'S OPPOSITION TO
CDK'S REQUEST TO MODIFY BRIEFING SCHEDULE**

Plaintiff Loop, LLC ("AutoLoop"), on behalf of the Vendor Class (collectively, "Vendors"), opposes CDK Global, LLC's ("CDK") effort to turn the Dealership Class Plaintiffs' ("Dealers") request for ten extra pages into a reason to extend the briefing schedule *and* to obtain additional pages to respond to the Vendor's separate class certification motion. On Thursday, Dealers requested that CDK consent to them filing a 25-page class certification brief. (Vendors will be filing a separate 15-page class certification brief and did not request a page extension.) In response, CDK tried to use the Dealers' straightforward request as a lever to extract two concessions from the *Vendors*: (1) that CDK could file a consolidated opposition brief of up to 40 pages and (2) that CDK could have two extra weeks to file that brief. *See* Exhibit A. CDK has now asked the Court for the same relief. The request should be denied.

**A.** As the Court is well aware, the current class certification schedule arose from briefing and argument by the Parties – with the Vendors wanting a quicker schedule and CDK and the Dealers wanting an extended schedule. Dkt. 1387. The Court split the difference between the two competing positions. Dkt. 1390. The Parties then agreed to provide a "data refresh" for purposes of class certification, and in order to provide enough time to produce the data and for the

1

experts to digest it, the Parties negotiated a carefully crafted compromise extending the schedule and setting deadlines for the production of the data. See Dkt. 1413.

Dealers' request to file a 25-page brief instead of a 15-page brief does nothing to change the basis for the Parties' agreed schedule. It certainly has no impact on CDK's ability to respond to the *Vendors*' separate motion within the stipulated schedule. And all of the reasons that CDK gives for seeking more time to respond to the Dealers' motion – such as the timing of Dealers' document production and the deposition of experts – existed and were agreed to *before* the Parties stipulated to the schedule. See Exhibit B (agreement that Dealers would produce data by November 21); *see also* Dkt. 1413 at 2. CDK has ample time (45 days) to respond to Dealers' motion for class certification, regardless of whether it is 15 or 25 pages. An extra ten pages for one brief provides no basis to revisit the Parties' agreed schedule for everyone.

**B.** CDK's request for consolidated briefing is also unjustified. Until Dealers asked for ten additional pages on their separate brief, CDK had never mentioned a desire to file a consolidated brief, or disclosed that they would. See Dkt. 1412, at 2 (The stipulated briefing schedule only stated that CDK's "brief(s)" would be due January 5, 2024.). The Dealers' request for additional pages does not justify consolidation; at most it justifies giving CDK more pages to respond to the Dealers' separate motion.

CDK has made no showing that consolidated briefing makes sense here. When separate parties file separate motions, the Court's rules do not give the opposing party the unilateral right to respond in a single consolidated brief. Such a self-help rule would give the respondent in multi-party cases the right to override the Court's page limits by reallocating pages within a consolidated brief. Moreover, consolidated oppositions raise the specter of additional burden and confusion, as they require the parties and the Court to keep track of which arguments apply to which motion.

Consolidated briefing may be warranted in certain circumstances with the Court's permission, but CDK has demonstrated no such justification here. The Dealers and Vendors are submitting separate class certification briefs, supported by separate expert reports, and addressing distinct issues. As is clear from the Court's summary judgment opinion, the Vendor Class (representing a nationwide class of direct purchasers) and the Dealer Class (constituting several separate state classes of indirect purchasers) present a host of different issues that may bear on class certification. The Court should adhere to the normal practice of separate opposition briefs so that the arguments in opposition to each motion are clearly delineated.

In short, the Court should not let CDK twist the Dealers' simple request for ten extra pages into a basis to consolidate its response to two different motions, let alone extend the schedule.

| | |
|---|---|
| Dated: November 20, 2023 | Respectfully submitted, |

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Daniel V. Dorris
Collin R. White
Bethan R. Jones
Ana N. Paul
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
(202) 326-7900
Washington, D.C. 20036
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
ddorris@kellogghansen.com
cwhite@kellogghansen.com
bjones@kellogghansen.com
apaul@kellogghansen.com

*MDL Co-Lead Counsel and Interim Class Counsel representing Loop, LLC, d/b/a AutoLoop on behalf of itself and all others similarly situated*

Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
si13@nyu.edu

*MDL Coordinating Counsel*

## CERTIFICATE OF SERVICE

       I, Derek T. Ho, an attorney, hereby certify that on November 20, 2023, I caused a true and correct copy of the foregoing **VENDOR CLASS'S OPPOSITION TO CDK'S REQUEST TO MODIFY BRIEFING SCHEDULE** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                  */s/ Derek T. Ho*
                                                  Derek T. Ho
                                                  **KELLOGG, HANSEN, TODD,**
                                                      **FIGEL & FREDERICK, P.L.L.C.**
                                                  1615 M Street, N.W., Suite 400
                                                Washington, D.C. 20036
                                                (202) 326-7900
                                                dho@kellogghansen.com