# APPENDIX B

# STATE ANTITRUST STATUTE CLAIMS & HARMONIZATION PROVISIONS

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Arizona**<br><br>Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq*. | Ariz. Rev. Stat. Ann. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state, is unlawful."). | Ariz. Rev. Stat. Ann. § 44-1412 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states that enact it. It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes.").<br><br>*See Pasco Indus., Inc. v. Talco Recycling, Inc.*, 985 P.2d 535, 542 (Ariz. Ct. App. 1998) ("[W]e analyze the requirements necessary to prove a violation of section 44-1403 under federal case law interpreting § 2 of the Sherman Act."). |
| **California**<br><br>Cal. Bus. & Prof. Code §§ 16700, *et seq*. | Cal. Bus. & Prof. Code §§ 16720 (prohibited restraints on competition include a "combination of capital, skill or acts by two or more persons" for a prohibited purpose, including to "create or carry out restrictions in trade or commerce" and to "prevent competition in manufacturing, making, transportation, sale or purchase of merchandise, produce or any commodity"). | *Tucker v. Apple Computer, Inc.,* 493 F. Supp.2d 1090, 1102 (N.D. Cal. 2006) ("The Cartwright Act has identical objectives to the federal antitrust acts, and cases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act."); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1224-25 (C.D. Cal. 2003) (Analysis under the Cartwright Act is "informed by" federal antitrust law); *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 n.1 (Cal. Ct. App. 1995) ("Because the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act.") |
| **Hawaii**<br><br>Haw. Rev. Stat. Ann. §§ 480-1, *et seq*. | Haw. Rev. Stat. Ann. § 480-4 ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in the State, or in any section of this State is illegal.") | Haw. Rev. Stat. Ann. § 480-3 ("This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes, except that lawsuits by indirect purchasers may be brought as provided in this chapter.") |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Illinois**<br><br>Illinois Antitrust Act, 740 Ill. Comp. Stat. Ann. 10/3(1), *et seq*. | 740 Ill. Comp. Stat. 10/3(2) (declaring unlawful any "contract, combination, or conspiracy with one or more other persons [to] unreasonably restrain trade or commerce").<br><br>740 Ill. Comp. Stat. 10/3(1)a (declaring unlawful "any combination or conspiracy with . . . a competitor . . . for the purpose or with the effect of fixing, controlling, or maintaining the price or rate charged for any commodity sold or bought by the parties thereto, or the fee charged or paid for any service performed or received by the parties thereto").<br><br>740 Ill. Comp. Stat. 10/3(1)b (declaring unlawful "fixing, controlling, maintaining, limiting, or discontinuing the production, manufacture, mining, sale or supply of any commodity, or the sale or supply of any service, for the purpose or with the effect stated in paragraph a. of subsection (1)"). | 740 Ill. Comp. Stat. 10/11 ("When the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act…").<br><br>*See In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 386 F.Supp.3d 477, 488 n.83 (E.D. Pa. 2019) (citing cases); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 785 F.Supp.2d 835, 844 (N.D. Cal. 2011)<br><br>*See also Chirikos v. Yellow Cab Co.*, 87 Ill. App. 3d 569, 579, 410 N.E.2d 61, 68 (Ill. App. Ct. 1st Dist. 1980) (noting that determining application of this Act, federal decisions are important.); *People v. Crawford Distributing Co.*, 53 Ill. 2d 332, 339, 291 N.E.2d 648 (Ill. 1972) (holding that while federal decisions are not binding on Illinois courts, the federal antitrust experience under the Sherman Act (15 U.S.C. § 1 et seq.) is applicable to questions arising under this Act and can serve as a useful guide to Illinois courts) |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Iowa**<br><br>Iowa Code §§ 553.1, *et seq.* | Iowa Code § 553.4 ("A contract, combination, or conspiracy between two or more persons shall not restrain or monopolize trade or commerce in a relevant market."). | Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction. . . shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.").<br><br>*See Max 100 L.C. v. Iowa Realty Co., Inc.*, 621 N.W. 2d 178, 181-82 (Iowa 2001) ("It is also important to consider that the Iowa Competition Law is patterned after the federal Sherman Act. … Iowa Code section 553.2 explicitly requires us to consider federal cases construing applicable sections of the Sherman Act when interpreting our own antitrust statute. … Thus, our legislature intended the Iowa Competition Law to be construed uniformly with the Sherman Act.")<br><br>*See also Mueller v. Wellmark*, Inc., 861 N.W.2d 563, 567 (Iowa 2015) ("[W]hen interpreting the Iowa Competition Law, we have generally adhered to federal interpretations of federal antitrust law."); *Davies v. Genesis Med. Ctr.*, 994 F. Supp. 1078, 1103 (S.D. Iowa 1998) ("When interpreting Iowa antitrust statutes, Iowa courts are required by Section 553.2 to give considerable weight to federal cases construing similar sections of the Sherman Act."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Kansas**<br><br>Kansas Restraint of Trade Act Kan. Stat. Ann. § 50-101 *et seq.* | Kan. Stat. Ann. § 50-101 (declaring unlawful and defining trusts as any "combination of capital, skill, or acts, by two or more persons" carried out for the purpose of, *inter alia*: restricting trade or commerce; increasing or reducing the price of goods; or preventing competition).<br><br>Kan. Stat. Ann. § 50-112 (declaring unlawful "all arrangements, contracts, agreements, trusts or combinations between persons, designed or which tend to advance, reduce or control the price or the cost to the producer or to the consumer of any such products or articles"). | Kan. Stat. Ann. § 50-163(b) ("Except as otherwise provided in subsections (d) and (e), the Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court…")<br><br>*See In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 573 (S.D.N.Y. 2021) ("Many of the states even have statutes requiring that their antitrust laws 'be construed in harmony with ruling judicial interpretation of federal antitrust law.' Kan. Stat. Ann. § 50-163."); *In re Dairy Farmers of America, Inc., Cheese Antitrust Litig.*, 2015 WL 3988488, *4 (N.D. Ill. Jun. 29, 2015) (the "plain language" of Kan. Stat. Ann. § 50-163 dictates that the Kansas Antitrust law be "read in harmony with federal antitrust laws") |
| **Maine**<br><br>Me. Rev. Stat. Ann. tit. 10 §§ 1101, *et seq.* | Me. Rev. Stat. Ann. tit. 10 § 1101 ("Every contract, combination in the form of trusts or otherwise, or conspiracy, in restraint of trade or commerce in this State is declared to be illegal."). | *See In re Dealer Management Systems Antitrust Litig.*, 362 F.Supp.3d 510, 542 (N.D. Ill. 2019) ("courts have recognized that Maine's antitrust statute parallels federal law and therefore have analyzed state claims according to federal law.") (citing *Tri-State Rubbish, Inc., v. Waste Management, Inc.*, 998 F.2d 1073, 1081 (1st Cir. 1993)<br><br>*See also Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000) (Maine's antitrust laws "parallel the Sherman Act" and are interpreted in accordance with "the doctrines developed in relation to federal law."); *McKinnon v. Honeywell Int'l Inc.*, 977 A.2d 420, 424 (Me. 2009) ("[W]e look to both state and federal antitrust law for guidance in the interpretation of the Maine antitrust statute. . ."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Michigan**<br><br>Mich. Comp. Laws §§ 445.771, *et seq.* | Mich. Comp. Laws § 445.772 ("A contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful."). | Mich. Comp. Laws § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and the rule of reason.").<br><br>*See In re Digital Music Antitrust Litig.*, 592 F.Supp.2d 435, 447-48 (S.D.N.Y. 2008) (citing Mich. Comp. Laws § 445.784(2) as one of several states that explicitly direct state courts to consider federal court decisions construing federal antitrust laws); *Partner & Partner, Inc. v. ExxonMobil Oil Corp.*, 326 Fed. Appx. 892, 898 (6th Cir. 2009) (Sections 445.772 and 445.773 "are modeled after § 1 (restraint of trade) and § 2 (monopoly) provisions of the Sherman Act" and are interpreted to be consistent with those provisions.); *see also Goldman v. Loubella Extendables*, 283 N.W.2d 695, 699 (Mich. Ct. App. 1979) ("The Michigan antitrust act is patterned after the Sherman Antitrust Act, 15 U.S.C. 1, and Federal court interpretations of the Sherman Act are persuasive authority as to the meaning of the Michigan act."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Minnesota**<br><br>Minn. Stat. §§ 325D.49, *et seq.* | Minn. Stat. § 325D.51 ("A contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful."). | *See Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626 (Minn. 2007) ("As the purposes of Minnesota and federal antitrust law are the same, it is sensible to interpret them consistently."); *State v. Road Constuctors, Inc.*, 474 N.W.2d 224, 225 n.1 (Minn. Ct. App. 1991)("Minnesota antitrust law is interpreted consistently with federal case law developed under the Sherman Act."); *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC,* 351 F. Supp. 3d 1187, 1202 (D. Minn. 2018) ("Minnesota anti-trust law is interpreted consistent with the federal court's construction of the Sherman Act.").<br><br>*See also Howard v. Minnesota Timberwolves Basketball Ltd. Partnership*, 636 N.W.2d 551, 556 (Minn.Ct.App. 2001) ("Minnesota antitrust law should be interpreted consistently with federal court interpretations of federal antitrust law unless Minnesota law clearly conflicts." *State by Humphrey v. Alpine Air Prods., Inc.,* 490 N.W.2d 888, 894 (Minn.App.1992) *review granted* (Minn. Nov. 17 1992) (same) |
| **Mississippi**<br><br>Miss. Code Ann. §§ 75-21-1, *et seq.* | Miss. Code Ann. § 75-21-3 (prohibiting trusts and combines, defined as "a combination, contract, understanding or agreement, expressed or implied, between two or more persons, corporations or firms or association of persons or between any one or more of either with one or more of the others," when the effect would be, *inter alia*, "to restrain trade," "to hinder competition in the. . . sale or purchase of a commodity," or to "forestall a commodity"). | *See In re Intel Corp. Microprocessor Antitrust Litig.*, 2010 WL 8591815, at App. C (D. Del. July 28, 2010) (*quoting NAACP v. Claiborne Hardware Co.*, 393 So.2d 1290, 1301 (Miss. 1980), *rev'd on other grounds*, 458 U.S. 886 (1982)) (Mississippi antitrust statute is "patterned" after the Sherman Act, and the Mississippi Supreme Court has been influenced by decisions of the United States Supreme Court "in interpreting and applying it."); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 516 F. Supp.2d 1072, 1095 (N.D. Cal. 2007) ("[T]he antitrust statutes of these five states [including Mississippi] are to be applied with federal antitrust principles in mind.")<br><br>*See also Walker v. U-Haul Co. of Mississippi*, 734 2.d 1068 (5th Cir. 1984) (The Mississippi antitrust statute and federal Sherman Act claims are "analytically identical") |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Nebraska**<br><br>Neb. Rev. Stat. §§ 59-801, *et seq.* | Neb. Rev. Stat. § 59-801 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, within this state, is hereby declared to be illegal."). | Neb. Rev. Stat. § 59-829 ("When any provision of sections 59- 801 to 59-831 and sections 84-211 to 84-214 or any provision of Chapter 59 is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts.").<br><br>*In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 4796528, * 10 (W.D. Mo. Aug. 21, 2019) ("Regarding the harmonization of the Junkin Act with the Sherman Act, the Nebraska Supreme Court has stated, '[i]t is important to achieve and maintain a consistency in defining the types of business activity that are to be prohibited as unlawful. Harmonizing state law with federal law and its interpretations by federal courts will achieve predictability as to the practices that are prohibited.'") (citing *Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 38 (Neb. 2004); *see also Health Consultants v. Precision Instruments*, 527 N.W.2d 596, 601-604 (Neb. 1995) (following federal law in delineating elements of antitrust claims under Nebraska statute); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, * 7 n.9 (D. N.J. Oct. 20, 2011) (state antitrust claims are construed in accordance with federal antitrust principles) |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
| --- | --- | --- |
| **New Hampshire**<br><br>N.H. Rev. Stat. Ann. Tit. XXXI, §356, *et seq.* | N.H. Rev. Stat. Ann. §§356:2.I, ("Every contract, combination, or conspiracy in restraint of trade is unlawful.")<br><br>N.H. Rev. Stat. Ann. §§356.2.II (Declaring unlawful every contract, combination, or conspiracy which has, *inter alia,* the purpose or effect of fixing controlling or maintaining prices, rates, quotations or fees in any part of trade or commers; or fixing, controlling, maintaining, limiting or discontinuing the production, manufacture, mining, sale or distribution of any commodity or service). | N.H. Rev. Stat. Ann. § 356:14. ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws.").<br><br>*See In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 4796528, * 12 (W.D. Mo. Aug. 21, 2019) ("The New Hampshire Supreme Court has noted that the NHCPA's harmonization provision allows state courts to rely on federal court cases decided under the Sherman Act due to the similarity of subject matter covered by the FTCA.")<br><br>*See also Kenneth E. Curran, Inc. v. Auclair Transp., Inc.,* 128 N.H. 743, 748 (1986) (looking to Sherman Act jurisprudence to interpret state antitrust law); *Minuteman, LLC v. Microsoft Corp.*, 795 A. 2d 833, 836 (2002) ("[w]hile judicial review of our antitrust law is sparse, both [the Supreme Court of New Hampshire] and the United States District Court for the District of New Hampshire have looked to federal law when construing RSA Chapter 356"). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **New Mexico**<br><br>N.M. Stat. Ann. §§57-1-1, *et seq.* | N.M. Stat. Ann. §57-1-1 ("Every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is within this state, is unlawful.") | N.M. Stat. Ann. §57-1-15 ("Unless otherwise provided in the Antitrust Act [57-1-1 to 57-1-17 NMSA 1978], the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices.")<br><br>*In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 4796528, *10 (W.D. Mo. Aug. 21, 2019) (indicating that New Mexico has a harmonization provision and quoting N.M. Stat. Ann. § 57-1-15) (citing *Smith Mach. Corp. v. Hesston, Inc.*, 694 P.2d 501, 505 (N.M. 1985) ("In the absence of New Mexico decisions directly on point, we look to federal cases involving antitrust arrangements under Section 1 of the Sherman Act.")<br><br>*See also Romero v. Philip Morris Inc.,* 148 N.M. 713, 724 (2010) ("It is . . .the duty of the courts to ensure that New Mexico antitrust law does not deviate substantially from federal interpretations of antitrust law.") |
| **New York**<br><br>N.Y. Gen. Bus. Law §§ 340, *et seq.* | N.Y. Gen. Bus. Law § 340(1) ("Every contract, agreement, arrangement or combination whereby. . . [c]ompetition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained. . . is hereby declared to be against public policy, illegal and void."). | *See Reading Int'l Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003) ("Under New York law, the state and federal antitrust statutes 'require identical basic elements of proof.'"); *Gebman v. Kelly*, 2008 WL 3413955, * 4 (N.D.N.Y. Aug. 8, 2008) ("Courts generally interpret New York's Donnelly Act 'in a fashion identical to its federal counterpart, the Sherman Act.'")<br><br>*See also Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 539 (N.Y. 1988) ("The Donnelly Act – often called a 'Little Sherman Act' – should generally be construed in light of Federal precedent and given a different interpretation only where State policy, differences in the statutory language or the legislative history justify such a result."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Oregon**<br><br>Or. Rev. Stat. §§ 646.705, *et seq*. | Or. Rev. Stat. § 646.725 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal.") | Or. Rev. Stat. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority")<br><br>*See In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, * 16 (E.D. Va. Sept. 18, 2019) (recognizing the Oregon legislature has enacted a harmonization provision in the state antitrust statute) |
| **Rhode Island**<br><br>R.I. Gen. Laws § 6-36-1, *et seq.* | R.I. Gen. Laws § 6-36-4 ("Every contract, combination, or conspiracy in restraint of, or to monopolize, trade or commerce is unlawful."). | R.I. Gen. Laws § 6-36-2(b) ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable. . . ").<br><br>*See In re Copper Antitrust Litig.*, 98 F.Supp.2d 1039, 1057 (W.D. Wisc. 2000) (recognizing that the Rhode Island Antitrust Act contain a harmonization provision and finding that R.I. Gen. laws §6-36-34 parallels section 1 of the Sherman Act); *Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of Rhode Island*, 239 F. Supp. 2d 180, 186-87 (D.R.I. 2003) ("The provisions of the Rhode Island Antitrust Act mirror those of §§ 1-2 of the Sherman Act and § 3 of the Clayton Act and are construed in the same manner as the federal statutes."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
| --- | --- | --- |
| **South Dakota**<br><br>S.D. Codified Laws §37-1-3.1, *et seq*. | S.D. Codified Laws § 37-1-3.1 ("A contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful.") | S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes.")<br><br>*See In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 4796528, *10 (W.D. Mo. Aug. 21, 2019) (indicating that South Dakota antitrust law has a harmonization provision) (citing *Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985) ("[B]ecause of the similarity of language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute.")); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F.Supp.3d 187, 262 (S.D.N.Y. 2019) |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Utah**<br><br>Utah Code Ann. §§ 76-10-3101 *et seq.* | 76-10-3104(1) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal.") | Utah Code Ann. § 76-10-3118 ("The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes.")<br><br>*See TravelPass Group, LLC v. Ceasars Entertainment Corp.*, 2019 WL 5691996, *8 n.10 (E.D. Tex. Aug. 29, 2019) (considering the federal Sherman Act claims with the Utah state antitrust claims because the claims under the Utah Antitrust Act are "identical to those under Section 1 of the Sherman Act) (citing cases); *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, 2017 WL 4642285, * 11 (E.D. Pa. Oct. 17, 2017) (listing Utah as among the states' antitrust laws which "continue to be consistently interpreted in parallel, if not identically, with the Sherman Act")<br><br>*See also Rio Vista Oil, Ltd. v. Southland Corp.*, 667 F. Supp. 757, 762 (D. Utah 1987) ("Utah antitrust laws are to be construed in harmony with the federal antitrust scheme."); *Evans v. State*, 963 P.2d 177, 181 (Utah 1998) (looking to federal courts for guidance in interpreting the Utah Antitrust Act) |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Vermont**<br><br>Vt. Stat. Ann. tit. §§ 2453a *et seq.* | Vt. Stat. Ann. tit. 9, § 2453a ("Unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce are hereby declared unlawful.") | Vt. Stat. Ann. tit. 9, § 2453a(c) ("It is the intent of the General Assembly that in construing this section and subsection 2451a(8) of this title, the courts of this State shall be guided by the construction of federal antitrust law and the Sherman Act, as amended, as interpreted by the courts of the United States.")<br><br>*See Picket Fence Preview, Inc. v. Zillow, Inc.*, 623 F.Supp.3d 371, 383 n.1 (D. Vt. 2022) (federal law provides "guidance" in the interpretation of claims under Vt. Stat. Ann. tit. 9, § 2453a); *See also In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F.Supp.3d 510, 545 (recognizing Vermont harmonization provision) |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **West Virginia**<br><br>W. Va. Code §§ 47-18-1, *et seq.* | W. Va. Code § 47-18-3(a) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this State shall be unlawful"). | W. Va. Code § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.").<br><br>*See In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 4796528, * 11 (W.D. Mo. Aug. 21, 2019) (finding that the West Virginia Supreme Court has accepted guidance from federal law for interpretation of the West Virginia Antitrust Act) (citing *Kessel v. Monongalia County General Hosp. Co.*, 648 S.E.2d 366, 374 (W. Va. 2007) (West Virginia courts apply federal decisional law in interpreting the West Virginia Antitrust Act); *Princeton Ins. Agency, Inc. v. Erie Ins. Co.*, 225 W.Va. 178, 690 S.E.2d 587, 592 (2009) ("The Legislature has directed that where our state antitrust provisions track the Sherman Act's provisions, federal decisional law should be followed."))<br><br>*See also Precision Piping & Instruments, Inc., v. E.I. duPont De Nemours & Co.*, 707 F.Supp.225, 226 n.1 (S.D. W.Va. 1989) ("[b]ecause the state anti-trust law is to be construed and applied consistent with federal law, W.Va.Code §47-18-16, the Court will address directly only the federal claims. Rulings on the federal claims will be equally applicable to the corresponding state law claims.") |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Wisconsin**<br><br>Wis. Stat. Ann. §§ 133.01, *et seq.* | Wis. Stat. Ann. § 133.03(1) ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is illegal."). | *See In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 572 (S.D.N.Y. 2021) (listing Wisconsin as one of the states' antitrust statutes with "language that is *identical* to that of the Sherman Act."); *In re Pre-Filled Propane Tank Antitrust Litig.*, 2019 WL 4796528, * 16 (W.D. Mo. Aug. 21, 2019) ("[t]he Wisconsin Supreme Court has also explained that it adheres to federal-court interpretations of antitrust law when construing state antitrust law.") (citing cases)<br><br>*See also Eichenseer v. Madison-Dane County Tavern League, Inc.*, 748 N.W.2d 154, 174 (Wis. 2008) "Federal precedents are often instructive and persuasive in analyzing Wisconsin antitrust law."); *Conley Publ'g Group, Ltd. v. Journal Commc'ns, Inc.*, 665 N.W.2d 879, 885-86 (Wis. 2003) ("Wisconsin courts have followed federal court interpretations of Sections 1 and 2 of the Sherman Act and have construed Wisconsin antitrust statutes in conformity with these federal court interpretations. This is longstanding policy."); *Thermal Design, Inc. v. Am. Soc'y of Heating*, 2013 WL 12094813, *13 n.10 (E.D.Wis. June 12, 2013) ("Because Wisconsin antitrust law follows federal precedents, the court's reasoning regarding the federal antitrust claim applies equally to the state antitrust claim."). |