# APPENDIX C

# CONSUMER PROTECTION CLAIMS & HARMONIZATION PROVISIONS

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **Alaska**<br><br>AS §§ 45.50.471, *et. seq.* | Yes.<br><br>AS § 45.50.545 ("In interpreting AS 45.50.471 due consideration and great weight should be given the interpretations of 15 U.S.C. 45(a)(1) (§ 5(a)(1) of the Federal Trade Commission Act).") | Yes.<br><br>"Plaintiffs may proceed under general consumer protection statutes—even if their claims sound in antitrust—so long as they can plead their claims under the pertinent law; and [] Alaska courts recognize that the same conduct could violate both the state's consumer protection and antitrust statutes." *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 2022 WL 1470272, *5 (E.D. Pa. May 10, 2022) (citing *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 368 F.Supp.3d 814, 841 n. 116 ( E.D. Pa. 2019) (citing *Matanuska Maid, Inc. v. Alaska*, 620 P.2d 182, 185 (Ak. 1980))) |
| **California**<br><br>Cal. Bus. & Prof. Code §§ 17200, *et seq.* | Yes.<br><br>*Bank of the West v. Superior Court, Contra Costa Cty.*, 833 P.2d 545, 551-52 (Cal. 1992) (noting that Cal. Bus. & Prof. Code § 17200 is a "little FTC Act[]"); *Bowen v. Ziasun Techs.*, 11 Cal.Rpt.3d 522, 529 (Cal. 4th 2004) ("Section 17200 is known as California's 'little FTC Act,' which mirrors its federal counterpart, the Federal Trade Commission (FTC) Act, 15 United States Code section 45 et seq. ") | Yes.<br><br>*Wilner v. Sunset Life Ins. Co.*, 93 Cal. Rptr.2d 413, 422 (Ct. App. 2000) ("[A] business practice is unfair when it 'offends an established public policy or when the practice is immoral unethical, oppressive, unscrupulous or substantially injurious to consumers.'" (citation omitted); *See also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) ("[V]iolation of traditional antitrust elements constitutes a violation" of California's UCL); *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 895 (E.D. Pa. 2012) ("[I]t is an analytically sensible and entirely fair operation of pleading standards and substantive law to conclude that the [complaint's] allegations giving rise to alleged antitrust violations also give rise to the Plaintiffs' UCL claim."); *In re Asacol Antitrust Litigation*, 2016 WL 4083333, * 15 (D. Mass. Jul. 20, 2016); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1106 (N.D. Cal. 2007) |

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **Colorado**<br><br>Colo. Rev. Stat. §§6-1-101, *et seq.* | Yes<br><br>*In re Zetia (Ezetimibe) Antitrust Litig.*, 2019 WL 1397228, * 29 (E.D. Va. Feb. 6, 2019) ("state laws with equivalent 'unfairness' language and an FTC Act harmonization provision can safely be assumed to have similarly broad scope [as the FTC Act]."); *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, * 35 (S.D.N.Y. Dec. 26, 2018) (The FTC Act allows recovery for unfair and deceptive acts or practices and "virtually every" state consumer protection law is based on it.); *FTC v. Cement Inst.*, 333 U.S. 683, 694 (1948) ("[A]ll conduct violative of the Sherman Act may likewise come within the unfair trade practice prohibitions of the Trade Commission Act."); *FTC v. Indiana Fed'n of Dentists*, 476 U.S. 447, 454 (1986) ("unfairness" in the FTC Act encompasses "practices that violate the Sherman Act and the other antitrust laws"). | Yes.<br><br>Colo. Rev. Stat. §§6-1-105 (1) (kkk) states: "[a] person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person …[e]ither knowingly or recklessly engages in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice.")<br><br>Colo. Rev. Stat. §§6-1-105 (3) ("[t]he deceptive trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state.")<br><br>*See In re Liquid Aluminum Sulfate Antitrust Litig.*, 2017 WL 3131977, * 26 (D. N.J. Jul. 20, 2017) (plaintiffs adequately pled a violation of the CCPA based on the unfair trade practices of defendants, including engaging in an illegal conspiracy to price-fix and allocate customers); *see also* Dkt. 1381 at 85 (Court finding that Colorado's Consumer Protection law prohibits "unfair" conduct and denying CDK's motion for summary judgment based on the same) |

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **Florida**<br><br>Fla. Stat. §§ 501.201, *et seq.* | Yes.<br><br>Fla. Stat. § 501.204(2) ("It is the intent of the Legislature that, in construing subsection. . .due consideration and great weight shall be given to the interpretations of the [FTC] and the federal courts …")<br><br>*In re Liquid Aluminum Sulfate Antitrust Litig.*, 2017 WL 3131977, * 23 (D. N.J. Jul. 20, 2017) ("When analyzing whether a claim may lie under the Florida Deceptive and Unfair Trade Practices Act, Courts are guided by federal antitrust laws."); *see also Mack v. Bristol- Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. Ct. App. 1996) | Yes.<br><br>The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.". Fla. Stat. § 501.204(1).<br><br>*In re Flonase Antitrust Litig.*, 815 F. Supp.2d 867, 886 (E.D. Pa. 2011) (antitrust violations constitute FDUTPA violations); *see also Mack v. Bristol- Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. Ct. App. 1996) (same stating "[plaintiff's] cause of action, which in essence claims that the pharmaceutical companies have engaged in unfair methods of competition by fixing prices at artificially-inflated levels to the detriment of Florida consumers, has stated a violation of the Florida DTPA.") (internal citations omitted)); *In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) (finding "violation of traditional antitrust elements constitutes a violation" of FDUTPA). |

| State and Statute | Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)? | Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct? |
|---|---|---|
| **Nebraska**<br><br>Neb. Rev. Stat. § 59-1602, *et seq*. | Yes.<br><br>Neb. Rev. Stat. § 59-829 ("[w]hen any provision of sections 59-801 to 59-831 and sections 84-211 to 84-214 **or any provision of Chapter 59** is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts.")<br><br>Neb. Rev. Stat. § 59-1602 ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful.")<br><br>Neb. Rev. Stat. § 59-1603 ("Any contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce shall be unlawful.")<br><br>*See Crawford v. AriZona Beverage USA LLC*, 2023 WL 1100260, \* 6 (S.D. Ill. Jan. 30, 2023) (many states, including Wisconsin, have enacted "Little FTC Acts" including Neb. Rev. Stat. § 59-1602); *see also In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 574-75 (S.D.N.Y. 2021). | Yes.<br><br>*See State ex rel. Douglas v. Associated Grocers of Nebraska Co-op., Inc.*, 332 N.W.2d 690, 693 ( Neb. 1983) (the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59–1601 *et seq.*, is the "state version of the Sherman Antitrust Act."); *Arthur v. Microsoft Corp.*, 676 N.W. 2d 29, 37 (Neb. 2004) ("The [Nebraska Consumer Protection] Act was intended to be an antitrust measure to protect Nebraska consumers from monopolies and price-fixing conspiracies."); *see also Salem Grain Company, Inc., v. Consolidated Grain and Barge Co.*, 900 N.W.2d 909, 922 (Neb. 2017). |

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **Nevada**<br><br>Nev. Rev. Stat. § 598.0903, *et seq.* | Yes.<br><br>Nev. Rev. Stat §598.0923 ("A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly. . .3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services.") | Yes.<br><br>*Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis*, PLC, 2018 WL 7197233, at *46-47 (S.D.N.Y. Dec. 26, 2018) ("a plaintiff could state a claim under [sections 598.015 through 598.025] of the NDTPA where the claims were 'predicated on allegations of anticompetitive conduct, which are considered prohibited acts under Nev. Rev. Stat. § 598A.060.'") citing *In re Effexor Antitrust Litig.*, 337 F.Supp.3d 435, 465 (D. N.J. 2018); *see also In re Packaged Seafood Prods. Antitrust Litig.*, 242 F.Supp.3d 1033, 1080-81 (S.D. Cal. 2017) |

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **New Hampshire**<br><br>N.H. Rev. Stat. Ann. §§ 358-A:1, *et seq.* | Yes.<br><br>N.H. Rev. Stat. Ann. § 358-A:13 ("It is the intent of the legislature that in any action or prosecution under this chapter, the courts may be guided by the interpretation and construction given Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), by the Federal Trade Commission and the federal courts.").<br><br>*See Green Mountain Realty Corp. v. Fifth Estate Tower, LLC*, 13 A.3d 123, 127 (N.H. 2010) ("[t]o interpret the CPA, the legislature has directed that we 'may be guided by the interpretation and construction given Section 5(a)(1) of the Federal Trade Commission Act ... by the Federal Trade Commission and the federal courts.'") (citing *Rousseau v. Eshleman,* 529 A.2d 862 (N.H. 1987) (Thayer, J., concurring) ("it is appropriate for us to consult cases decided under the Sherman Act for assistance in interpreting the language of the consumer protection act.")) | Yes.<br><br>N.H. Rev. Stat. Ann. § 358-A:2 prohibits the "use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."<br><br>*See LaChance v. U.S. Smokeless Tobacco Co.*, 931 A.2d 571, 579 (N.H. 2007) (New Hampshire's CPA is intended to be construed broadly and stating "it seems indisputable that our legislature intended to make actionable under the CPA at least some types of conduct that typically are associated with the antitrust realm" and allowing indirect purchasers to sue for such conduct under the CPA); *see also In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1081-82 (S.D. Cal. 2017) (sale of allegedly price fixed products in New Hampshire meets statutory requirement); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 235 (M.D. Pa. 2010) (defendant's injection of price-fixed chocolate into New Hampshire market satisfied statutory requirement); *In re DDAVP Indirect Purchaser Antitrust Litig. v. Ferring Pharms. Inc.*, 903 F. Supp. 2d 198, 231 (S.D.N.Y 2012) ("*DDAVP*") (New Hampshire commerce and citizens affected by defendants' allegedly deceptive conduct). |

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **New Mexico**<br><br>N.M. Stat. Ann §§ 57-12-3, *et seq.* | Yes.<br><br>N.M. Stat. Ann. § 57-12-4. ("It is the intent of the legislature that in construing Section 3 [57-12-3 NMSA 1978] of the Unfair Practices Act the courts to the extent possible will be guided by the interpretations given by the federal trade commission and the federal courts.")<br><br>*See In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices & Prods. Liabl. Litig.*, 288 F. Supp 3d 1087, 1228 (D.N.M. 2017) (quoting N.M. Stat. Ann. § 57-12-4); s*ee also Herbison v. Chase Bank United States,* 2009 WL 10708265, *8 (D.N. M. April 21, 2009) ("the NMUPA expresses the legislature's intent that 'the courts to the extent possible will be guided by the interpretations given by the federal trade commission and the federal courts' in determining what constitutes an unfair, deceptive, or unconscionable trade practice.") | Yes.<br><br>N.M. Stat. Ann §§ 57-12-3 ("Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful.")<br><br>Dkt. 1381 at 85 (Court finding that New Mexico's Consumer Protection law prohibits "unfair" conduct and denying CDK's motion for summary judgment based on the same) (citing *In re Remicade Antitrust Litig.*, 345 F. Supp. 3d 566, 589 (E.D. Pa. 2018) (unfairness or unconscionability under New Mexico's law was satisfied where there were claims of alleged conspiracy, including agreements between competitors, which caused inflated consumer prices); *see also Packaged Seafood Prods.*, 242 F. Supp. 3d at 1082 ("'significant artificial increases' to product price" and purchasers paying supracompetitive prices satisfied New Mexico standard); *In re Loestrin 24 FE Antitrust Litig.*, 410 F.Supp.3d 352, 379 (D. R.I. 2019); *In re Effexor Antitrust Litig.*, 357 F.Supp.3d 363, 398 (D. N.J. 2018) (citing cases); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F.Supp.2d 1109, 1127 (N.D. Cal. 2008)<br><br>*Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis*, PLC, 15 Civ. 6549, 2018 WL 7197233, *46 (S.D.N.Y Dec. 26, 2018) (NMUPA allows indirect purchaser plaintiffs to state a claim for anticompetitive conduct). |

| State and Statute | Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)? | Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct? |
|---|---|---|
| **South Carolina**<br><br>S.C. Code Ann. §§39-5-10, *et seq.* | Yes.<br><br>S.C. Code Ann. §39-5-20(b) ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the [FTC] and the Federal Courts to [Section] 5(a)(1) . . . as from time to time amended.") | Yes.<br><br>S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.") See *Adams v. G.J. Creel and Sons, Inc.*, 320 S.C. 274, 279 (S.C. 1995) ("A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical or oppressive; a practice is deceptive when it has a tendency to deceive.")<br><br>See *Glaesner v. Beck/Arnley Corp.*, 790 F.2d 384, 390 (4th Cir. 1986) ("[o]rdinarily, violations of SCUTPA are either antitrust or consumer actions. See Day, *The South Carolina Unfair Trade Practices Act: Sleeping Giant or Illusive Panacea,* 33 S.C.L.Rev. 479, 483 (1982). Here we note no antitrust allegations, no allegations of anticompetitive conduct, and no allegations of consumer injury.") |
| **West Virginia**<br><br>W. Va. Code §§ 46A-6-101, *et seq.* | Yes.<br><br>W. Va. Code § 46A-6-101(1) ("the purpose of this article is to complement the body of federal law governing unfair competition and unfair, deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the Legislature that, in construing this article, the courts be guided by the policies of the Federal Trade Commission and interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U. S. C. § 45(a)(1)), as from time to time amended, and to the various other federal statutes dealing with the same or similar matters.") | Yes.<br><br>"Any person who is injured directly or indirectly by reason of a violation of the West Virginia Antitrust Act, W. Va. Code §47-18-1, *et seq.*, may bring an action for damages under W. Va. Code § 47-18-9." W. Va. Code St. R. § 142-9-2.<br><br>"Given the plain language of the 2015 amendment to the WVCCPA, the Court agrees with the reasoning of *In re Seafood* and concludes that the WVCCPA prohibits anticompetitive conduct." Dkt. 507 at 57-58 (citing *In re Packaged Seafood Products Antitrust Litig.*, 242 F. Supp. 3d 1033 (S.D. Cal. 2017) ("there is no reason why that United States Supreme Court precedent regarding FTC unfairness analysis [of the WVCCPA] cannot apply here with equal force.")) |

8

| **State and Statute** | **Is The Statute Harmonized With The FTC Act, 15 U.S.C. § 45(a)(1)?** | **Can Plaintiffs' Prove a Violation Based on Defendants' Anti-Competitive Conduct?** |
|---|---|---|
| **Wisconsin**<br><br>Wis. Stat. §§ 100.18, *et seq.* | Yes.<br><br>"Where a Wisconsin statute is similar to a federal statute and there are no Wisconsin cases interpreting the state law, we view the federal decisions in that area as persuasive authority." *State v. Fettig*, 493 N.W.2d 254, 261 (Wis. Ct. App. 1992)<br><br>*In re Zetia (Ezetimibe) Antitrust Litig.*, 2019 WL 1397228, * 29 (E.D. Va. Feb. 6, 2019) ("state laws with equivalent 'unfairness' language and an FTC Act harmonization provision can safely be assumed to have similarly broad scope [as the FTC Act]."); *Sergeants Benevolvent Association Health & Welfare Fund v. Actavis, plc*, 2018 WL 7197233, * 35 (S.D.N.Y. Dec. 26, 2018) (The FTC Act allows recovery for unfair and deceptive acts or practices and "virtually every" state consumer protection law is based on it.); *FTC v. Cement Inst.*, 333 U.S. 683, 694 (1948) ("[A]ll conduct violative of the Sherman Act may likewise come within the unfair trade practice prohibitions of the Trade Commission Act."); *FTC v. Indiana Fed'n of Dentists*, 476 U.S. 447, 454 (1986) ("unfairness" in the FTC Act encompasses "practices that violate the Sherman Act and the other antitrust laws"). | Yes.<br><br>Wis. Stat. § 100.20(1) ("Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited.")<br><br>*See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F.Supp.3d 187, 252 (S.D.N.Y. 2019) (allowing claims under Wis. Stat. § 100.20 – the unfair competition law of Wisconsin – where anticompetitive conduct was alleged, including practices leading to the exclusion of a competitor from the single-serve coffee cup/pod market)<br><br>*See also Benkoski v. Flood*, 626 N.W.2d 851, 857 (Wis. Ct. App. 2001) ("[t]he purposes and policies underlying Wis. Stat. § 100.20(5) are very much like those underlying [Wis. Stat. §133.01, *et seq.*]") |