# Exhibit D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION, | MDL 2817 |
| This document relates to:<br><br>ALL CASES | No. 1:18-cv-864<br>Judge Rebecca R. Pallmeyer |

**DEFENDANT CDK GLOBAL'S NOTICE OF**
**30(b)(6) DEPOSITION OF PATCHOGUE 112 MOTORS**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant CDK Global, LLC ("CDK"), by their counsel, will take the remote deposition of Patchogue 112 Motors LLC d/b/a Stevens Ford ("Patchogue 112 Motors"), for up to 7 hours between December 13, 2023, and January 10, 2024, at a date and time to be negotiated by the parties. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and shall be videotaped and recorded by stenographic means. CDK reserves the right to use the video or audio recording for use as discovery, as evidence at trial or any other proceeding in this or any related action, or for any other purposes allowed by the Federal Rules of Civil Procedure and the Rules of the Court.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Patchogue 112 Motors must designate one or more officers, directors, managing agents, or other persons who are the most qualified to testify on your behalf with respect to matters known or reasonably available to you regarding the topics set forth in Schedule A of this notice.

Dated: November 28, 2023

By:   /s/ Craig S. Primis, P.C.
     Craig S. Primis, P.C.
     K. Winn Allen, P.C.
     Katherine Katz, P.C.
     KIRKLAND & ELLIS LLP
     1301 Pennsylvania Ave., NW
     Washington, D.C. 20004
     Tel: (202) 389-5000
     craig.primis@kirkland.com
     winn.allen@kirkland.com
     katherine.katz@kirkland.com

     Mark Filip, P.C.
     Kevin M. Jonke
     KIRKLAND & ELLIS LLP
     300 North LaSalle
     Chicago, IL 60654
     Tel: (312) 862-2000
     mark.filip@kirkland.com
     kevin.jonke@kirkland.com

     *Counsel for Defendant CDK Global, LLC*

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

Notwithstanding any definition stated below, each word, term, or phrase used in the Topics in Schedule A is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of this Court.

1. "Application" shall mean any automotive software products or services, whether stand-alone, web-based, or otherwise, and regardless of whether the application is capable of being or is integrated with any DMS—including, but not limited to, inventory management, customer relationship management, finance and insurance (F&I), and electronic vehicle registration and titling applications—utilized by Dealers, manufacturers, lenders and other businesses in the automotive industry.

2. "CDK" means CDK Global, LLC, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on CDK's behalf, and any and all persons and entities affiliated with or controlled by CDK.

3. "CDK DMS" means the DMS licensed to You by CDK.

4. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons or entities.

5. "Concerning" means directly or indirectly referring to, relating to, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing, and evaluating.

6. "Consolidated Amended Complaint" means the complaint filed by You against CDK Global, LLC, and The Reynolds and Reynolds Company in this Lawsuit on June 4, 2018.

7. "Cox" means Cox Automotive, Inc., as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries (including, but not limited to, Autotrader, Dealer Dot Com, DealerTrack, HomeNet, Kelley Blue Book Co., vAuto, VinSolutions, and Xtime), parents, successors or predecessors, all persons acting on Cox's behalf, and any and all persons and entities affiliated with or controlled by Cox.

8. "Data Extraction and Writeback Services" means the provision of services for extracting, cleansing, formatting, integrating, standardizing or organizing the data housed on a DMS and/or the insertion or "writeback" of data into a DMS.

9. "Dealer" means any new or used auto, truck, motorcycle, marine, recreational vehicle or heavy equipment dealer operating in the United States.

10. "DMS" means an enterprise system comprised of hardware, software, databases, and related data used by Dealers to manage and operate their dealerships, usually referred to as the DMS or Dealer Management System.

11. "DMS Provider" refers to a company that provides DMS services to Dealers, including but not limited to, CDK, DealerBuilt, Tekion, Cox, and Reynolds.

12. "Integrator" means a party that provides Data Extraction and/or Writeback Services. For purposes of the Topics below, this term is intended to include "DIS providers," as that term is used in the Consolidated Amended Complaint. Such incorporation by reference for purposes of these Topics does not mean that CDK agrees that "DIS providers" is an accurate term or appropriate for any purpose in this litigation.

2

13. "Lawsuit" means the lawsuit captioned on the foregoing subpoena, *In re: Dealer Management Systems Antitrust Litigation*, MDL No. 2817, Case No. 18-cv-00864, currently pending in the United States District Court for the Northern District of Illinois.

14. "OEM" means Original Equipment Manufacturer, which refers to car manufacturers, such as General Motors, Ford, Toyota, and BMW.

15. "Person" means natural persons, corporations, limited liability companies, partnerships, professional corporations or associations, governments or agencies thereof, quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities, and any director, officer, employee, or agent thereof.

16. "Reynolds" means The Reynolds and Reynolds Company, as well as its officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on Reynolds's behalf, and any and all persons and entities affiliated with or controlled by Reynolds.

17. "Vendor" means any third-party Applications provider that uses Dealer or DMS data to provide Dealers with services, including inventory management, customer relationship management, and electronic vehicle registration and titling.

18. "Patchogue 112 Motors," "You," and "Your" means Patchogue 112 Motors LLC d/b/a Stevens Ford as well as Your officers, directors, members, principals, employees, agents, representatives, contractors, subsidiaries, parents, successors or predecessors, all persons acting on Your behalf, and any and all persons and entities affiliated with or controlled by You.

19. Unless stated otherwise, the relevant time period for each of the Topics is January 1, 2013 through the present.

**TOPICS ON WHICH EXAMINATION IS REQUESTED**

1. Your decision to use CDK as a DMS Provider, including, but not limited to:

    a. The importance of data security in Your selection of DMS Provider;

    b. Any comparison among the DMS services and terms offered by different DMS Providers;

    c. Any comparison among the integration services and terms offered by different DMS Providers (including CDK's 3PA program and/or Reynolds's RCI Service); and

    d. Your ability to negotiate prices or services with DMS Providers, including prices for DMS services, DIS services, or integrated Applications offered by those DMS Providers.

2. The terms and conditions of Your agreements with CDK, and any other DMS Provider, including, but not limited to:

    a. The fees that CDK, or any other DMS Provider, have charged to You directly, if any;

    b. Any fee agreements between You and CDK, or any other DMS Provider, including any fee waivers and/or credits provided for integration or other services; and

    c. Any Communications regarding any of the foregoing.

3. Your knowledge of and participation in the following CDK programs or any similar programs from any other DMS provider, including the terms and conditions of any agreements concerning these programs:

    a. CDK's legacy Customer Rewards Program;

    b. CDK's Dealer-access tools, including, but not limited to, Dealer Data Access (DDA) tools, Data Access (DAX), Data Access Bulk Extract (DABE), Data Access Real Time (DART) with Predefined Integration Points (PIPs), and Dealer Data Exchange (DDX);

    c. CDK's Data Your Way (DYW) program;

    d. CDK's Fortellis program; and

    e. Any Communications regarding the foregoing.

4. The services that Vendors provide to You and the terms and conditions of your agreements with Vendors, including, but not limited to, the fees Vendors have charged You; the types of integration You prefer and that Vendors' Applications require; and Your negotiations with Vendors concerning the same.

5. The basis for Your claim that Vendors passed through increased fees from Integrators to You, including, but not limited to, Your knowledge of the fees that Your Vendors are

4

charged by Integrators; the impact of changes in integration fees on the total Application price Your Vendors charge; the impact of any fee waivers in Your agreements with Integrators on the total Application price; and any distinctions between Your Vendors in their approach to passing on integration fees.

6. Your knowledge of Your Vendors' participation, if any, in CDK's 3PA Partner Program and/or CDK's Fortellis Program, and the terms of their participation, including pricing and access to data.

7. The conditions and restrictions, if any, that You agree CDK or Reynolds may place on the ability of third parties to access their respective DMSs.

8. Your data security policies and procedures and changes to those policies and procedures over time from January 1, 2010 to present, including, but not limited to Your policies for complying with the Gramm-Leach-Bliley Act of 1999 and other applicable laws and regulations to protect consumer information.

9. Your monitoring and detection of any successful or attempted unauthorized access to Your CDK DMS from January 1, 2010 to present, including, but not limited to, any misuse of information maintained on Your computer network or CDK DMS and any instances of data corruption (including writeback errors) on Your CDK DMS.

10. Your knowledge of any efforts by Vendors, Integrators, or third parties to evade detection or circumvent CDK's security measures, either with or without Your assistance, including through the use of Your DMS login credentials.

11. Your Communications and agreements with OEMs regarding DMS, Integration, and Vendor services, pricing, and payment, including any payments OEMs made directly to DMS Providers, Vendors, and/or Integrators and the effect of those payments on Your fees, and any payments OEMs made to You Concerning DMS, Vendor, and/or Integrator services, including reimbursements for fees that You paid.

12. The effect of the fees You pay to Your DMS Provider(s), Integrator(s), and Vendor(s) on the prices You charge Your customers.

13. Your non-privileged reasons for joining and remaining in the Lawsuit, including the amount, nature, and causes of any damages You seek to recover in this Lawsuit; and Your non-privileged conversations about the Lawsuit or related investigations and litigation with any other Dealer, industry participant, or the FTC.

14. The basis for Your initial and amended responses to CDK's First Interrogatories, dated June 22, 2018 and June 26, 2019, and any updates to those responses since 2019, in particular with regards to Interrogatories 2 and 3.

## CERTIFICATE OF SERVICE

      I, Craig S. Primis, the undersigned, certify under penalty of perjury that on November 28, 2023, I caused a true and correct copy of the foregoing Notice of Deposition to be served by electronic mail as indicated below:

Derek T. Ho
Daniel V. Dorris
Michael N. Nemelka
Collin R. White
Bethan R. Jones
Ana N. Paul
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
dho@kellogghansen.com
ddorris@kellogghansen.com
mnemelka@kellogghansen.com
cwhite@kellogghansen.com
bjones@kellogghansen.com
apaul@kellogghansen.com
SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

Aundrea K. Gulley
Brian T. Ross
**GIBBS & BRUNS LLP**
agulley@gibbsbruns.com
bross@gibbsbruns.com
reynoldsteam@gibbsbruns.com

Peggy J. Wedgworth
John D. Hughes
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
pwedgworth@milberg.com
jhughes@milberg.com
DMSTeam@milberg.com

Leo D. Caseria
Joy Siu
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
lcaseria@sheppardmullin.com
jsiu@sheppardmullin.com
reynolds-smrh-pldg@sheppardmullin.com

/s/ Craig S. Primis, P.C.

Craig S. Primis, P.C.
*Counsel for Defendant CDK Global, LLC*