IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, Case No. 18-cv-2521 | |

**AUTOLOOP'S MOTION TO PRECLUDE CDK FROM REOPENING MERITS DISCOVERY AND REQUEST FOR EXPEDITED CONSIDERATION**

Under the existing MDL Case Management Order, Dkt. 616-1 at 1, coordinated fact discovery in this case ended on April 30, 2019. The Court has denied summary judgment in large part, and the parties are now briefing class certification in two cases: the putative direct purchaser Vendor Class action brought by a single named plaintiff, AutoLoop, and the various putative indirect purchaser state dealer class actions (the "Dealer Class") in which there are 33 named plaintiffs. The Case Management Order did not provide for any further discovery in connection with class certification. *See* Dkt. 616-1.

With its class certification motion, the Dealer Class added 20 new named plaintiffs, and CDK has noticed depositions for 17 of them. The Dealer Class agreed with CDK that CDK could depose the newly-added dealer plaintiffs on issues of class certification. The new dealership plaintiffs are not parties in the Vendor Class action (or members of the Vendor Class). The Dealer Class offered these depositions solely to allow CDK to test whether those plaintiffs are appropriate representatives of the Dealer Class. The Vendor Class never agreed to any additional depositions, although it had no objection to the agreement between CDK and the Dealer Class that these newly-added class representatives could be deposed solely for the purposes of the Dealer Class's separate motion for class certification. *See* Dkt. 1424.

Now, however, CDK asserts that it is entitled to depose those dealership named plaintiffs not only as to the Dealer Class but also as to the Vendor Class and also to depose those witnesses on "merits" issues as well as class certification issues. Indeed, CDK's Rule 30(b)(6) notices primarily cover merits issues that were already covered by extensive coordinated fact discovery. Having lost its summary judgment motion, CDK should not be allowed to expand its narrow agreement with the Dealer Class for class adequacy depositions into a reopening of merits discovery for the Vendor Class. This already long-running MDL should be moving forward, not backward.

The only issue remaining for this Court is whether the two separate classes – the Vendor Class and the Dealer Class – satisfy Rule 23. This Court should thus order that CDK's depositions of the dealership named plaintiffs may be used only in conjunction with certification of the Dealer Class. Because CDK and the Dealer Class have scheduled these depositions to begin on December 14, AutoLoop respectfully requests the Court's prompt attention to this matter so that it knows whether it needs to participate in them. AutoLoop regrets needing to request expedited consideration, but that is the result of CDK failing to seek leave to reopen discovery against the Vendor Class for these depositions.

## BACKGROUND

**Fact Discovery.** Fact discovery closed on April 30, 2019. *See* Dkt. 616-1 at 1. Both sides were allowed to take up to 30 party depositions during fact discovery, and CDK used its entire allotment. *See* Dkt. 422 at 1. The case management order does not permit further discovery absent leave of court or agreement of the parties. Indeed, CDK has objected to any additional discovery on that basis. *See* Ex. A at 2 ("CDK objects to the Requests on the ground that they are untimely . . . . Plaintiffs have not obtained leave of Court to reopen discovery to serve any of the Requests (nor have Plaintiffs moved for such relief.").

**Class Certification Discovery.** In connection with class-certification briefing, the parties agreed to narrow additional discovery. CDK (and Reynolds) agreed to "refresh" to August 2023 certain financial data – for example, CDK's and Reynolds's data integration fees – that had been produced through May 2019 as part of merits discovery. CDK also reached separate agreements with the Dealer Class and Vendor Class for additional class certification discovery that CDK desired. *See* Ex. B at 1-2 (setting forth separate proposals "As to the Dealers" and "As to the Vendors"). AutoLoop – the sole Vendor Class representative – agreed to refresh its data production (likewise consisting of financial data); and the Dealer Class agreed to refresh data productions for its class representatives (again, consisting of financial data). *See* Ex. C. In addition, the Dealer Class separately agreed to depositions of newly-added class representatives. *Id.* ("*Dealers* will make a representative of any such newly added Dealer Class Representative available for deposition in advance of CDK's class opposition deadline.") (emphasis added).

The parties presented these agreements to the Court as addressing solely "additional discovery on issues *related to class certification*" and requested a modest one-and-a-half month extension of the class certification briefing schedule to accommodate that discovery. Dkt. 1412 at 2 (emphasis added). AutoLoop (for the Vendor Class) reiterated additional limits to the scope of its agreement on class discovery. AutoLoop explained that it had served duplicative class-certification discovery requests "to ensure that it receive[d] the documents that CDK produces" and could "participate in any meet and confers regarding those requests." Dkt. 1412 at 2 n.1. AutoLoop further explained that it joined the stipulation only "to ensure a common briefing schedule and to avoid motions practice." *Id.* AutoLoop never agreed to any additional depositions (on merits issues or otherwise), and none were mentioned in the stipulation that the Court adopted.

**CDK Seeks To Reopen Merits Discovery.** On November 27 and 28, CDK served seventeen Rule 30(b)(6) deposition notices on dealer class representatives for dates between December 13 and January 10. An exemplar Rule 30(b)(6) notice is attached as Exhibit D, with topics such as:

- **Topic 1:** "The importance of data security in Your selection of DMS Provider."

- **Topic 4:** "The types of integration You prefer and that Vendors' Applications require."

- **Topic 7:** "The conditions and restrictions, if any, that You agree CDK or Reynolds may place on the ability of third parties to access their respective DMSs."

- **Topic 8:** "Your data security policies and procedures."

- **Topic 9:** "Your monitoring and detection of any successful or attempted unauthorized access to Your CDK DMS from January 1, 2010 to present, including, but not limited to, any misuse of information maintained on Your computer network or CDK DMS and any instances of data corruption (including writeback errors) on Your CDK DMS."

- **Topic 10:** "Your knowledge of any efforts by Vendors, Integrators, or third parties to evade detection or circumvent CDK's security measures, either with or without Your assistance, including through the use of Your DMS login credentials."

These issues were the subject of extensive fact discovery and have been addressed in summary judgment and *Daubert* rulings. *See, e.g.*, Dkt. 1381 at 20-22 (summary judgment: data security and data corruption); Dkt. 1381 at 22-28, 37-38 (summary judgment: legitimacy of DMS access restrictions); Dkt. No. 1381 at 64-66 (summary judgment: whether access was unauthorized and illegal); Dkt. 1321 at 28-29 (*Daubert*: suitability of different types of data integration).

Because fact discovery had already occurred on these issues and had closed and because CDK never obtained consent from AutoLoop or leave from the Court to take this additional discovery, AutoLoop requested that CDK confirm that it would not use these additional depositions as to the Vendor Class. *See* Ex. E. Earlier this week, CDK refused and asserted a right to use the depositions against AutoLoop on both "merits" and "class certification" issues. *See* Ex. F at 2.

As of this filing, it is uncertain whether all of these seventeen depositions will occur prior to the deadline for CDK's opposition to the Dealer Class certification motion. CDK has claimed the Dealer Class has not provided deposition dates for at least four dealer class representatives. *See* Ex. G. CDK has further claimed that it may seek an extension of the class certification schedule as a result of the Dealer Class failing to produce written discovery pursuant to the parties' agreement, including for upcoming deponents. *See id.*

Pursuant to Local Rule 37.2, AutoLoop and CDK exchanged letters on this dispute, *see* Ex. E; Ex. F, and conferred by telephone yesterday, December 7, but were unable to resolve their impasse.

**ARGUMENT**

I. **CDK's Depositions Of The Dealership Named Plaintiffs Should Be Limited To Certification Of The Dealer Class**

CDK's effort to use the depositions of the dealership named plaintiffs to take further merits discovery in the Vendor Class case violates this Court's Orders. The Case Management Order set April 30, 2019 as the close of fact discovery. *See* Dkt. 616-1 at 1. Further, the Deposition Protocol Order limited Defendants and Plaintiffs to 30 party depositions on each side, and CDK has already taken its allotted 30 depositions. *See* Dkt. 422 at 1. CDK has never obtained leave of Court to take additional merits-related fact discovery, and thus is not entitled to depose the named plaintiffs on merits issues (and certainly not in the Vendor Class case).[1] *See Instant Technology, LLC v. DeFazio*, 2013 WL 2434614, at *2-3 (N.D. Ill. June 4, 2013) (quashing untimely discovery served

---

[1] *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken."); Dkt. 422 at 1 ("The Deposition Protocol Order may be modified at any time by agreement of the parties or by order of the Court.")

without leave of court or agreement); *Haggins v. Madden*, 1995 WL 263446, at *6 (N.D. Ill. May 2, 1995) (same).

CDK's agreement with the Dealer Class does not permit it to reopen merits discovery or to use the deposition testimony in the Vendor Class case. That side agreement may allow CDK to depose the 17 class representatives on class certification issues as to the Dealer Class. But to engage in such discovery with respect to the Vendor Class, CDK needed the consent of the Vendor Class. *See DeFazio*, 2013 WL 2434614, at *3 (parties – by agreement – may "[e]xchange information informally . . . outside of the formal discovery process" even after case deadlines). AutoLoop never consented that those depositions could be used in its case, or that CDK could use them to reopen the merits. Tellingly, CDK has not even argued that AutoLoop did so. *See* Ex. F. On behalf of the Vendor Class, AutoLoop did not object to CDK's ability to take those depositions, but that was because the depositions pertained only to the Dealer Class case and would be limited to issues of class certification. That was a perfectly reasonable understanding: the Parties stipulation itself states that it pertains only to "issues *related to class certification*," *see supra* p. 3; the only remaining issue for the Court is class certification; and the only significance of the dealership plaintiffs is their adequacy as class representatives.

Moreover, there is no good cause to allow CDK to reopen merits discovery in the Vendor Class case. Indeed, it would be prejudicial to force AutoLoop to prepare for 17 additional depositions on such little notice and for CDK to obtain 17 more merits depositions than AutoLoop received. CDK's threat to seek more delay as a result of discovery disputes between CDK and the Dealer Class further shows the prejudice of requiring AutoLoop to participate in depositions it never agreed to. AutoLoop has no interest in extending further the class certification schedule, *see*

Ex. F at 3, which would build on the two extensions already given amounting to a cumulative two-month delay. *See* Dkts. 1413, 1428.

In short, CDK should not be allowed to use discovery that might be reasonably proportional to the class certification issue in the Dealer Class case to obtain further merits discovery in the separate Vendor Class case. That is a recipe for setting this already long-running MDL backward, rather than moving toward a remand of these cases for trial.

## CONCLUSION

This Court should order that none of CDK's noticed depositions of dealer class representatives may be used in the AutoLoop action on behalf of the putative Vendor Class.

Dated:  December 8, 2023  Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho
Michael N. Nemelka
Aaron M. Panner
Daniel V. Dorris
Collin R. White
Bethan R. Jones
Ana N. Paul
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
(202) 326-7900
Washington, D.C. 20036
dho@kellogghansen.com
mnemelka@kellogghansen.com
apanner@kellogghansen.com
ddorris@kellogghansen.com
cwhite@kellogghansen.com
bjones@kellogghansen.com
apaul@kellogghansen.com

*MDL Co-Lead Counsel and Interim Class Counsel representing Loop, LLC, d/b/a AutoLoop on behalf of itself and all others similarly situated*

## CERTIFICATE OF SERVICE

       I, Derek T. Ho, an attorney, hereby certify that on December 8, 2023, I caused a true and correct copy of the foregoing **AUTOLOOP'S MOTION TO PRECLUDE CDK FROM REOPENING MERITS DISCOVERY AND REQUEST FOR EXPEDITED CONSIDERATION** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                          */s/ Derek T. Ho*
                                          Derek T. Ho
                                          **KELLOGG, HANSEN, TODD,**
                                            **FIGEL & FREDERICK, P.L.L.C.**
                                          1615 M Street, N.W., Suite 400
                                          Washington, D.C. 20036
                                          (202) 326-7900
                                          dho@kellogghansen.com