# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | **MDL No. 2817** <br> **Case No. 18-cv-00864** |
| **This Document Relates To:** | **Hon. Rebecca R. Pallmeyer** |
| **THE DEALERSHIP CLASS ACTION** | |

**CDK GLOBAL, LLC'S RESPONSES AND OBJECTIONS TO
DEALERSHIP CLASS PLAINTIFFS' FIRST SET OF CLASS CERTIFICATION
<u>REQUESTS FOR THE PRODUCTION OF DOCUMENTS</u>**

Defendant CDK Global, LLC ("CDK"), by and through its attorneys, and pursuant to Fed. R. Civ. P. 26 and 34, hereby submits its written objections and responses to Dealership Class Plaintiffs' ("Plaintiffs'") First Set of Class Certification Requests for the Production of Documents for Defendant CDK Global, LLC, dated August 8, 2023 (the "Requests").

## <u>GENERAL OBJECTIONS</u>

1.      CDK asserts each of the following objections to the Requests. In addition to these General Objections, CDK may also state specific objections to a Request where appropriate. By setting forth such additional specific objections, CDK does not in any way intend to limit or restrict its General Objections. Moreover, to the extent CDK provides a response to any of the Requests to which CDK objects, such response shall not constitute a waiver of any General Objection or specific objection.

2.      Nothing herein shall be construed as an admission by CDK regarding the competence, admissibility, or relevance of any fact sought by the Requests. CDK reserves its right to challenge the competency, relevance, materiality, and admissibility of any information or documents that it produces in response to any discovery request at trial, of this or any other action,

or at any subsequent proceeding, of this action or of any other action. Further, CDK intends no incidental or implied admissions by its answers to the Requests. Whether CDK answers or objects to any particular Request should not be interpreted as an admission that CDK accepts or admits the existence of any fact(s) set out or assumed by such Requests, that the Requests are proper, that CDK's answers or objections constitute admissible evidence, that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery, that such documents or information are properly discoverable, or that other such discovery requests will be treated in a similar fashion in this or any other proceeding. Furthermore, whether CDK answers part or all of any particular Request is not intended and should not be construed as a waiver by CDK of any or all objections to such Request or any other Request.

3.    CDK objects to the Requests on the ground that they are untimely under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the scheduling orders entered by the Court in this litigation. Discovery closed on April 30, 2019—more than four years ago. Plaintiffs have not obtained leave of Court to reopen discovery to serve any of the Requests (nor have Plaintiffs moved for such relief).

4.    CDK objects to any request, instruction, definition, or directive contained in the Requests to the extent that it purports to impose any obligations on CDK beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois.

5.    CDK objects to certain Requests to the extent they are not limited to the time relevant to this litigation, on the ground that such Requests seek information which is neither relevant to any claim or defense in this action and is overly broad and unduly burdensome.

6.    CDK objects to the Requests, and each and every definition, instruction, and request therein, to the extent they seek information and/or documents that: (a) contain privileged attorney-

client communications; (b) constitute work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of CDK; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery. To the extent that the Requests, or any one of them, seek such information, CDK hereby claims such privilege and invokes such protection. The fact that CDK does not specifically object to an individual Request on the grounds that it seeks privileged or protected material shall not be deemed a waiver of the protection afforded by any applicable privilege. Similarly, to the extent any information or documents subject to a privilege or otherwise protected from discovery are produced in response to these Requests, such production is inadvertent and not intended as a waiver.

7.      CDK objects to the Requests to the extent that they seek information and/or documents that are confidential or otherwise proprietary in nature. The represented parties in this litigation have agreed upon an Second Amended Agreed Confidentiality Order ("Confidentiality Order"), which was approved and entered by the Court on April 25, 2019 (Dkt. 650). Thus, to the extent that a Request calls for production of confidential or competitively sensitive material, as defined by the Confidentiality Order, and CDK agrees to or is subsequently ordered to respond to the Request, CDK will only produce such material subject to that Order.

8.      CDK objects to the Requests to the extent that they violate any constitutional, statutory, or common law rights of privacy and confidentiality, including those provided under U.S. state or federal law or any other country's law, of CDK's employees and other persons, including individuals who are not parties to this litigation. CDK reserves the right to protect the privacy and confidentiality interests of non-parties to this litigation, including by allowing such

parties to seek a protective order from the Court prior to the production of material that implicates their confidential or private information, or by redacting such information from documents or ESI that CDK may produce.

9.    CDK objects to the Requests to the extent they purport to require the production of documents or information that are not maintained by CDK in the form or manner requested.

10.   CDK objects to the Requests to the extent that they seek the production of documents or information beyond the possession, custody, or control of CDK or its current officers, directors, or employees and/or that cannot be located with a reasonably diligent search, thus making the Requests unduly burdensome.

11.   CDK objects to the Requests on the ground of undue burden to the extent that they seek the production of documents or information currently in Plaintiff's possession, custody, or control, that is publicly available, or that can be obtained more easily from third parties.

12.   No statement that CDK may make that it will produce requested documents or information in response to any given Request shall be deemed a representation that such documents or information exist, but rather is a statement that CDK will undertake to produce responsive, non-privileged documents or information to the extent that they exist, are within its possession, custody, or control and can be located with a reasonably diligent search.

13.   To the extent CDK agrees to or is subsequently ordered to search for documents responsive to these Requests, its searches will be limited to the files of those document custodians agreed upon by the parties and to central or shared file locations (if any) where documents that are responsive to particular Requests are likely to be found. Similarly, in accordance with the Stipulated Order Re: Discovery Of Electronically Stored Information ("ESI") ("ESI Stipulation"), which was approved and entered by the Court on April 6, 2018 (Dkt. 105), CDK will produce

4

responsive, non-privileged documents and information in accordance with the parties' agreements regarding date limitations and search terms, to avoid the need to manually inspect every potentially responsive document. To the extent that responsive documents can be identified and produced without the use of search terms, custodian, or date limitations, CDK will make good-faith, diligent efforts to produce those responsive documents concurrent with resolving any disagreements over search criteria.

14.     CDK's responses to the Requests are based on its present knowledge, upon a reasonable inquiry. Discovery is ongoing, and CDK's investigation continues. CDK reserves the right to supplement, amend, and correct these responses and objections, if necessary, based on information later obtained through investigation, discovery, or otherwise.

15.     To the extent CDK has objected to or refused to produce documents or information in response to any given Request, and to the extent that Plaintiffs take issue with any such objection or refusal, CDK is willing to meet-and-confer with Plaintiffs to see if a reasonable, mutually-acceptable compromise might be reached.

16.     CDK objects to these Requests to the extent that they are duplicative of requests for production served by other parties in the MDL. Such Requests violate Paragraph B.6 of the Court's May 7, 2018 Case Management Order (Dkt. 166), which directs the parties to serve "additional, *non-duplicative, coordinated* discovery requests" on or before May 25, 2018.

17.     CDK incorporates each of the foregoing General Objections as though fully set forth in each response and objection below.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.     CDK objects to each and every "Definition" set forth in the Requests, including "document," "communication," "meeting," "person," "relating to," "related to," "referring to,"

"regarding," and "with respect to," to the extent that such definitions purport to broaden these terms beyond their ordinary meaning or impose obligations on CDK broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34 and/or any applicable Local Rule or other Court Order. CDK will interpret and respond to Requests using these terms consistent with their ordinary meaning.

2. CDK objects to Plaintiffs' definitions of "CDK" and "you," "your" and "your company" in Definition Nos. 3 and 18 as overly broad and unduly burdensome to the extent they purport to require CDK to produce information and/or documents beyond CDK's possession, custody, or control. In addition, CDK objects to Definition Nos. 3 and 18 to the extent they purport to require CDK to produce information and/or documents within the possession, custody, or control of any person or entity other than its current officers, directors, employees, agents, or any person acting on CDK's behalf.

3. CDK objects to Plaintiffs' definition of "data integrators" in Definition No. 5, in so far as an entity that does not own or provide its own DMS but which "provide[s] access by any means to dealer data" on another provider's "DMS database, whether by extracting the data, writing data back into the DMS, or both," is not providing "integration" services as CDK uses and understands the term. CDK further objects to Definition No. 5 as inaccurate. CDK is not a "data integrator" "through its 3PA program" despite Plaintiffs' repeated attempts to label it as such. CDK's subsidiaries DMI and IntegraLink have served in that role (as CDK understands the term) at various times during the relevant period. To the extent that CDK responds to Requests that reference "data integrators," it does not mean that CDK agrees with or accepts Plaintiffs' definition.

4.      CDK objects to Plaintiffs' definition of "Data Integration Services" in Definition No. 6, in so far as the "extracting, transforming, integrating, and/or organizing of data house[d] on dealer data management systems," in any regard, does not necessarily constitute "data integration service(s)" as CDK uses and understands the term. To the extent that CDK responds to Requests that reference "Data Integration Service(s)," it does not mean that CDK agrees with or accepts Plaintiffs' definition.

5.      CDK objects to Plaintiffs' definition of "DMI" in Definition No. 9 as overly broad, unduly burdensome, and seeking documents and information that are irrelevant and not within CDK's possession, custody, or control, to the extent that these definitions purport to include any documents or information pertaining to Digital Motorworks, Inc. before that entity was acquired by and incorporated into the business operations of CDK.

6.      CDK objects to Plaintiffs' definitions of "DMS" and "DMS Market" in Definitions Nos. 10 and 11, in so far as the alleged "DMS Market" is a legal conclusion that requires the application of law to facts that are subject to dispute in this action. The "DMS market," to the extent there is such a thing, is much broader than the DMSs sold to "new car franchised automobile dealers" and, at a minimum, includes all automotive dealers—new car and used, franchised or independent—that use a DMS in the operation their business. To the extent that CDK responds to Requests that reference a "DMS Market," it does not mean that CDK agrees with or accepts Plaintiffs' definition.

7.      CDK objects to Plaintiffs' definition of "Reynolds" in Definition No. 16 as overly broad and unduly burdensome.

8.      CDK objects to Plaintiffs' definition of "Vendors" and "application providers" in Definition No. 17 as overly broad and unduly burdensome, to the extent it purports to include

"Vendors" or "application providers" of "software applications" that are not relevant to any party's claims or defenses, *e.g.*, software applications used by car dealerships that do not require direct or indirect access to data maintained by the dealership's licensed DMS.

9.    CDK objects to Plaintiffs' "Instructions" to the extent that they purport to conflict with, or impose any obligations that are greater than or otherwise inconsistent with, the ESI Stipulation, or to the extent that such instructions purport to impose obligations on CDK broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34 and/or any applicable Local Rule or other Court Order. CDK will collect, review, and produce ESI responsive to these Requests in accordance with that Stipulation.

## CDK'S SPECIFIC RESPONSES TO
## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    All Documents regarding transactional sales information for CDK's Dealership customers for the period May 1, 2019 to present, including but not limited to data supplementing the invoice data previously produced by CDK as CDK-3112783, CDK-3112784, CDK-3112785, CDK-3112786, CDK-3112787, CDK-3112788, CDK-3112789, CDK-3112790, CDK-3112791, CDK-3116422 and CDK-3116424. All additional sales transaction information for the period May 1, 2019 to present, shall be in the same format and include all fields of data present in the aforementioned previously produced documents.

**RESPONSE:** CDK objects to this Request as untimely, as discovery closed more than four years ago, and the Court has not granted Plaintiffs leave to re-open discovery (nor have Plaintiffs moved for such relief).

CDK further objects to this Request as overly broad, unduly burdensome, not relevant, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CDK further objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent that it is not limited to the time period relevant to this litigation.

**REQUEST NO. 2:** Documents sufficient to show CDK's total revenue from DIS broken out by state, including but not limited to the sum of CDK's DIS revenue for all Dealership Rooftops in any and all states, at the most granular level available (*i.e.*, monthly or annually) for the period May 1, 2019 to present.

**RESPONSE:** CDK objects to this Request as untimely, as discovery closed more than four years ago, and the Court has not granted Plaintiffs leave to re-open discovery (nor have Plaintiffs moved for such relief).

CDK further objects to this Request as overly broad, unduly burdensome, not relevant, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CDK further objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent that it is not limited to the time period relevant to this litigation.

**REQUEST NO. 3:** Documents sufficient to show CDK's total revenue from DMS fees broken out by state, including but not limited to the sum of CDK's DMS fees for all Dealership Rooftops in any and all states, at the most granular level available (*i.e.*, monthly or annually) for the period May 1, 2019 to present.

**RESPONSE:** CDK objects to this Request as untimely, as discovery closed more than four years ago, and the Court has not granted Plaintiffs leave to re-open discovery (nor have Plaintiffs moved for such relief).

CDK further objects to this Request as overly broad, unduly burdensome, not relevant, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CDK further objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent that it is not limited to the time period relevant to this litigation.

**REQUEST NO. 4:**   Documents sufficient to show the total number of operating CDK Dealership Customers at the most granular level available (*i.e.*, monthly or annually) in each state for the period September 1, 2013 to present.

**RESPONSE:** CDK objects to this Request as untimely, as discovery closed more than four years ago, and the Court has not granted Plaintiffs leave to re-open discovery (nor have Plaintiffs moved for such relief).

CDK further objects to this Request as overly broad, unduly burdensome, not relevant, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CDK further objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent that it is not limited to the time period relevant to this litigation.

**REQUEST NO. 5:**   Documents sufficient to show the total number of operating CDK Dealership Rooftops at the most granular level available (*i.e.*, monthly or annually) in each state for the period September 1, 2013 to present.

**RESPONSE:** CDK objects to this Request as untimely, as discovery closed more than four years ago, and the Court has not granted Plaintiffs leave to re-open discovery (nor have Plaintiffs moved for such relief).

CDK further objects to this Request as overly broad, unduly burdensome, not relevant, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CDK further objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent that it is not limited to the time period relevant to this litigation.

**REQUEST NO. 6:**   All Documents providing information necessary to interpret the Documents and data produced by CDK pursuant to Request Nos. 1-5, including but not limited to

10

data dictionaries describing the content, format, structure and/or relationships between data in such productions.

      **<u>RESPONSE:</u>** CDK objects to this Request as untimely, as discovery closed more than four years ago, and the Court has not granted Plaintiffs leave to re-open discovery (nor have Plaintiffs moved for such relief).

      CDK further objects to this Request as overly broad, unduly burdensome, not relevant, and to the extent it is duplicative and seeks documents and information protected from disclosure by an applicable privilege. CDK further objects to this Request on the grounds that it seeks information unrelated to the claims or defenses in the litigation and thus is beyond the scope of permissible discovery. CDK further objects to this Request to the extent that it is not limited to the time period relevant to this litigation.

Dated: September 7, 2023                  Respectfully submitted,

                                  */s/ Matthew Provance*
                                  Britt M. Miller
                                  Matthew D. Provance
                                  Daniel T. Fenske
                                  Mayer Brown LLP
                                  71 South Wacker Drive
                                  Chicago, IL 60606
                                  (312) 782-0600
                                  bmiller@mayerbrown.com
                                  mprovance@mayerbrown.com
                                  dfenske@mayerbrown.com

                                  *Counsel for CDK Global, LLC*

11

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew D. Provance, an attorney, certify that I caused a copy of the foregoing **CDK GLOBAL, LLC'S RESPONSES AND OBJECTIONS TO DEALERSHIP CLASS PLAINTIFFS' FIRST SET OF CLASS CERTIFICATION REQUESTS FOR THE PRODUCTION OF DOCUMENTS** to be served on counsel of record in the above-captioned proceeding via email in accordance the parties' written stipulation to receive service by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Matthew Provance*