# Exhibit F

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, IL 60654
United States

Kevin M. Jonke
To Call Writer Directly:
+1 312 862 4390
kevin.jonke@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

December 4, 2023

**By E-mail**

Daniel V. Dorris
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street, N.W
Suite 400
Washington, D.C. 20036-3215

Re:  Dealer Depositions in *In re DMS Antitrust Litigation*, No. 18-864 (N.D. Ill.)

Dan,

CDK plans to use testimony from Dealer Plaintiffs in the Vendor case and is entitled to do so.

Vendors seek damages from October 1, 2013 to present—a class period that extends more than four years past the close of fact discovery (and counting).  Given Plaintiffs' continuing damages claims, both Vendors and Dealers sought additional discovery from CDK and Reynolds in August 2023, four years after the discovery cutoff.  CDK and Reynolds initially objected to new discovery.  The parties then negotiated and agreed to extend discovery under certain terms and memorialized that agreement in writing.  *See* Dkt. 1420-2.  Under the parties' agreement, CDK is permitted to depose any named Dealer Plaintiff that was not previously deposed.  *See id.* at 3.

In negotiating the scope of the agreement regarding additional discovery, Vendors never suggested, and CDK did not agree, that such testimony could only be used in the Dealer case.  Nor is Vendors' new proposal consistent with how these related actions have been litigated to date.  Indeed, both sides (Vendors and CDK) have previously used Dealer testimony in the Vendor case.  *See, e.g.*, Dkt. 974 (Defendants' Joint Statement of Common Undisputed Material Facts in Support of Their Motions for Summary Judgment) ¶¶ 88, 175, 176, 177, 181; Dkt. 1101 (MDL Plaintiffs' Corrected Statement of Additional Material Facts in Opposition to Defendants' Motions for Summary Judgment, incorporated into Vendors' class certification motion) ¶¶ 2, 3, 5, 70; Dkt. 977 (Authenticom, Inc.'s Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment on Defendants' Counterclaims, incorporated into Vendors' class certification motion) ¶¶ 24, 40, 42; *see also* Dkt. 889-1 (Israel Rep.) ¶ 75 & n.104; Dkt. 889-2 (Israel Reply

# KIRKLAND & ELLIS LLP

Daniel V. Dorris
December 4, 2023
Page 2

Rep.) ¶ 153 & n.172.  And Vendors' counsel attended and asked questions at both prior Dealer depositions.  *See* 2/28/2019 30(b)(6) Deposition of Continental Motors Tr. 389:19-432:19 (questioning by Mike Nemelka, Kellogg Hansen); 3/29/2019 30(b)(6) Deposition of Kenny Thomas Tr. 349:24-398:7 (questioning by Daniel Guarnera, Kellogg Hansen).

On November 21, 2023, the deadline for motions for class certification, Dealers dropped twelve named Plaintiffs and, for the first time, disclosed ***seventeen new named Plaintiffs***.  Dealers also failed to provide data and interrogatory responses for eleven named Plaintiffs, contrary to the parties' agreement.  *See* E. Long Emails To P. Wedgworth et al. (Nov. 22, 2023 at 7:44 a.m., Nov. 27, 2023 at 9:42 p.m., and Dec. 1, 2023 at 6:07 p.m.).[1]  In response, seven days later, CDK served seventeen 30(b)(6) deposition notices on named Dealer Plaintiffs that had not been previously deposed.

Contrary to your letter, the testimony that CDK will elicit from these Dealer Plaintiffs is relevant to both the merits of Vendors' claims and to Vendors' motion for class certification— particularly as to class-wide impact and damages, including in recent years.  *See, e.g.*, *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) ("rigorous analysis" at class certification stage "frequently . . . will entail some overlap with the merits of the plaintiff's underlying claim").    For example, in his latest report, Dr. Israel concedes that he must rewrite the code for his regression because he "observes more [transactions with $0 of recurring DIS revenue] in the more recent data."  Israel Supp. Rep. Ex. C at 1 & n.79.  At the upcoming depositions, CDK will explore any agreements between Dealer Plaintiffs and DMS providers that may explain this new trend in Vendor fees.  *See, e.g.*, 30(b)(6) Topic Nos. 1(d) ("Your ability to negotiate prices or services with DMS Providers, including prices for . . . DIS services . . . offered by those DMS Providers."), 2(b) ("Any fee agreements between You and [Reynolds or CDK], or any other DMS Provider, including any fee waivers and/or credits provided for integration or other services."), 5 ("[T]he impact of any fee waivers in Your agreements with Integrators on the total Application price.").  It would not be fair to permit Vendors to use refreshed data from the post-2019 period while excluding fact testimony that explains that data.

With respect to any claims regarding prejudice and burden, CDK agrees that it would have been more efficient and fair for everyone if Dealers had disclosed their intent to redo their entire roster of named Plaintiffs prior to their class certification filing and eight weeks before CDK's opposition brief was due.  In any event, with respect to Vendors' preparation for these depositions, we note that the noticed topics are similar to those from prior depositions.  Vendors did not object to any of those topics at the time.

---

[1]  Dealers failed to provide updated data for five Dealer Plaintiffs, as agreed, and provided no data at all for six Dealer Plaintiffs.

## KIRKLAND & ELLIS LLP

Daniel V. Dorris
December 4, 2023
Page 3


       That said, if Vendors require additional time to prepare for or schedule these depositions, CDK has no objection to seeking an extension of the class certification schedule.  But consistent with the parties' discovery stipulation, the course of this litigation to date, and fundamental fairness, CDK is entitled to use testimony from any Dealer Plaintiff in the Vendor case—including as to class certification issues.

Best regards,

*/s/ Kevin Jonke*

Kevin M. Jonke


cc:       MDL Counsel Email List