**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case NO. 18-cv-00864 |
| This Document Relates To:<br><br>THE DEALERSHIP CLASS ACTION | Hon. Rebecca R. Pallmeyer |

**DEALERSHIP PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR ENTRY OF PROTECTIVE ORDER
AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to Federal Rules of Civil Procedure 26(b), 26(c), and 30(d)(3), Dealership Class Plaintiffs ("Dealers"), respectfully move the Court for entry of a protective order preventing Defendant CDK Global, LLC ("CDK") from reopening merits discovery and striking Topics 1(a)-(c), 3, 4 (in part), 6, 7, 8, 9, 10, and 11 as listed in Schedule A of CDK's Notice of Deposition.[1]

**BACKGROUND**

Pursuant to the operating MDL Case Management Order, fact discovery in this case closed on April 30, 2019, and did not provide any further discovery for class certification issues. *See* ECF 616-1.

On September 29, 2023, the Court entered a stipulation agreed to by Loop, LLC ("AutoLoop"), CDK, and Dealers which was specifically premised on providing "additional discovery on issues related to class certification." *See* ECF 1413 at 2.

---

[1] CDK served different versions of its 30(b)(6) Notices on Dealers, depending on whether the client primarily used CDK or Reynolds as a DMS provider, and whether the client is newly added at class certification or was an original plaintiff. Due to these Notice variations, Dealers use the exemplar Notice and the accompanying Topic number system referenced in the Tony Group Notice for ease of reference. *See* Ex. 1 & 2. The Dealerships incorporate all 30(b)(6) deposition notices and corresponding Topics into this Motion requesting relief regarding all notices.

On November 28, 2023, CDK served Notices of 30(b)(6) Deposition on Dealers (the "Notice") that include topics which largely relate to merits rather than class certification issues. *See, e.g.,* Defendant CDK Global's Notice of 30(b)(6) Deposition of Tony Group, attached hereto as Ex. 1) On December 8, 2023, Dealers served responses and objections to the Notice, identifying the topics which are related to merits, rather than class, issues. *See e.g.*, Plaintiff Tony Group Responses and Objections to Defendant's Notice of 30(b)(6) Deposition, attached hereto as Ex. 2). To date, all (but one) noticed 30(b)(6) depositions have been scheduled for deposition. *See* App'x A (chart of deposition schedule).

Pursuant to Local Rule 37.2, the parties have adequately met and conferred on this issue and are at an impasse. Counsel for CDK and Dealers met and conferred on December 10, 2023, and CDK refused to withdraw the merits topics identified by Dealers. Later on December 10, Counsel for CDK sent an email agreeing to withdraw a few topics, insisting that it was still entitled to merits discovery requiring Dealers to agree to produce a witness to testify in full on the remaining topics – even if they were merits related – and to agree that Dealers would not object to questions at the deposition on the grounds that the topics are merits related. *See* 12/10/2023 Email from E. Long to P. Wedgworth and others, attached hereto as Ex. 3. Dealers responded CDK is not entitled to any additional merits discovery, and the proposed revisions from CDK come with the untenable caveat that Dealers must agree that they will not object to deposition questions on the grounds that they relate to merits. *See id*. To be clear, Dealers will produce each 30(b)(6) witness to testify as to class certification issues which Dealers have specified in their Responses and Objections to the 30(b)(6) notices.

## ARGUMENT

Upon a showing of good cause, Fed. R. Civ. P. 26 allows a court to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or

expense." *Schyvincht v. Menard, Inc.*, 2019 WL 3002961, at *2 (N.D. Ill., July 10, 2019) (quoting Fed. R. Civ. P. 26(c)(1)). Rule 26 requires a court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C). A party seeking a protective order "must show good cause by making a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* (quoting *EEOC v. Source One Staffing, Inc.*, 2013 WL 25033, at *3 (N.D. Ill. Jan. 2, 2013)). When discovery is open for only class certification issues, discovery requests that "are overbroad and unrelated to the issue of class certification" are "unduly burdensome." *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 934 (N.D. Ill. 2013). In such situations, a Court may grant a protective order to prevent a party from improperly seeking merits discovery. *American Nurses' Assoc. v. State of Illinois*, 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986) (bifurcating discovery and granting a motion for protective order to prevent discovery on the merits); *see also Washtenaw Cnty. Employees' Retirement Sys. v. Walgreen Co.*, 2017 WL 1545764, at *1 (N.D. Ill. Apr. 28, 2017) (court denying motion to compel where Plaintiff failed to meet "its burden to demonstrate the relevance of the particular discovery requests to class certification.") (citing *Ossola v. Am. Express Co.*, 2015 WL 5158712 (N.D. Ill. Sept. 3, 2015)). Topics 1(a)-(c), 3, 4 (in part), 6, 7, 8, 9, 10, 11, and 12 all relate to merits issues rather than issues of class certification, and should therefore be stricken.

*First*, CDK's tactics are contrary to the parties' agreement regarding the class certification process. Despite reaching an agreement with Dealers for additional discovery *specifically on class certification issues*, (*see* ECF 1413 (Stipulation and Order Regarding Class Certification Schedule) at 2 (by agreement of the parties, each has "requested additional discovery *on issues related to class certification*.") (emphasis added); *see also* ECF 1387 (July 27, 2023 Joint Status Report – Dealer Class Statement on Class Certification Schedule) at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added)), CDK now seeks untimely *merits* discovery from Dealers – this should not be allowed. *See Finnerman v. Daimler Chrysler Corp.*, 2017 WL 4772736, at *4 (N.D. Ill. Oct. 23, 2017) (striking discovery requests that were served too late to be scheduled for completion before the discovery closing date).

*Second*, with its Notice, and without leave of Court, CDK attempts to reopen discovery of the merits, which concluded more than 4 ½ years ago.[2] As noted by AutoLoop, these Topics cover "issues [that] were the subject of extensive fact discovery and have been addressed in summary judgment and *Daubert* rulings." *See* ECF 1437 at 4; *see also* ECF 616 (Deadline to complete fact discovery April 30, 2019); ECF 166 (Case Management Order of Judge St. Eve which clearly distinguishes merits discovery from the class certification process). CDK's purported rationale for reopening merits discovery is the addition of 20 new dealership plaintiffs at class certification. *See* Ex. 3 ("CDK is entitled to additional merits and class discovery related to plaintiffs' nearly five years of additional damages, especially as to the 20 new dealership

---

[2] Indeed, although neither Dealers nor Vendors seek to reopen merits discovery (with a full factual record and rulings on summary judgment in the past) if the Court were to allow CDK to reopen merits discovery through these additional depositions, Dealers and Vendors would similarly be entitled to reopen merits discovery of CDK – facilitating Defendants' desire to extend discovery and harass newly-added dealerships.

4

plaintiffs that you added to the class less than three weeks ago."). But, adding these plaintiffs at this juncture was not only conveyed to CDK multiple times (*see e.g.*, ECF 1387 at 16-19 ("[a]s discussed above, the Dealer Class will add any new class representatives by motion simultaneously with the filing of their Motion for Class Certification.") but was also previously contemplated by the Court to occur at class certification. *See* ECF 507 at 49 (argument that multiple state-law claims fail because there is no named plaintiff should be deferred until class certification). In addition, Dealers did not add these plaintiffs to cause confusion or chaos; instead, Dealers expeditiously moved to add these plaintiffs so that they could represent Dealerships in certain states concerning certain state law claims upheld by the Court's recent order on summary judgment. *See* ECF 1381 at 79-96.

*Third,* CDK had ample opportunity during this litigation to seek merits discovery from Dealers on these issues and made strategic decisions on how to use its allotted 30 depositions[3] to depose only two Dealers. CDK is now seeking a second bite at the apple by trying to add 17 merits-related depositions under the guise of class certification discovery for a total of 47 depositions – far beyond the Court ordered maximum. CDK's gamesmanship of trying to shoehorn merits discovery into the Notice is nothing more than a blatant attempt to cause further delay in this case. At the time of this filing, the parties have scheduled 16 of 17 30(b)(6) deponents for deposition. *See* App'x A. However, CDK's actions in trying to reopen discovery and forcing Plaintiffs to engage in motion practice on the same have already caused one deposition (Tony Group & Pacific Nissan) to be rescheduled and threatens to cause scheduling issues with many others, not to mention interfering with Dealers' ability to adequately prepare 30(b)(6) representatives. In addition, with the exception of one or two dealerships, CDK has

---

[3] *See* ECF 422 at 1 ("Defendants shall be limited to a maximum of 30 total depositions from the Plaintiffs.")

5

received or will receive the full production of documents from every noticed deponent at least 14 days in advance of their scheduled deposition consistent with the parties' practices in this case. *See* ECF 166 at 2 ("Custodial documents of each deponent shall be produced no later than 14 days prior to the respective deposition.")

Numerous topics set forth in the 30(b)(6) deposition notices go beyond class certification discovery. For example, CDK's Topic 8 requests testimony regarding: "Your data security policies and procedures and changes to those policies and procedures over time from January 1, 2010 to present, including, but not limited to, Your policies for complying with the Gramm-Leach-Bliley Act of 1999 and other applicable laws and regulations to protect consumer information." Ex. 1 at Topic 8. The issue of data security is entirely a merits issue and is untethered from any reasonable class certification discovery. Discovery regarding the data security practices of dealerships was addressed at multiple depositions, subject to expert reports and testimony during merits discovery, and considered at summary judgment *See, e.g.*, Dkt. 1381 at 20-22. It is hard to imagine how additional testimony elicited about dealership data security practices would have any bearing on class certification issues.[4] Topic 4 also largely[5] targets merits discovery when it calls for testimony regarding "the types of integration You prefer and that Vendors' Applications requires; and Your negotiations with Vendors concerning the same." *See id*. Testimony regarding data security practices, or preferred integration types of Vendors, do not go to whether class plaintiffs meet the requirements of FRCP 23. *See Harris v. comScore, Inc.,* 2012 WL 686709, at *4 (N.D. Ill. Mar. 2, 2012) ("Discovery relevant to class certification

---

[4] The same is true for Topics 9, 10, and 1(a) – all iterations of the same theme regarding Dealers' data security practices and considerations.

[5] Topic 4 is an example where the requested discovery consists of both merits and class certification discovery. *See* Ex. 1 at Topic 4. Dealers agree that testimony regarding "the terms and conditions of Your agreements with Vendors" and the associated "fees Vendors have charged [Dealers]" is proper class certification discovery. *See* Ex. 2 at Topic 4 Response.

will focus on the prerequisites for class actions provided by Rule 23(a): (1) numerosity of party plaintiffs; (2) commonality of questions of law and fact; (3) typicality of the representative parties' claims and defenses to those of the class; and (4) adequacy of representation.")

## CONCLUSION

For these reasons, Dealers respectfully request that the Court enter a protective order preventing CDK from reopening merits discovery and striking Topics 1(a)-(c), 3, 4 (in part), 6, 7, 8, 9, 10, 11, and 12 from the Notice.

DATED: December 11, 2023

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
Elizabeth McKenna (pro hac vice)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

***Interim Lead Counsel for the Dealership Class***

**CERTIFICATE OF SERVICE**

I, Peggy J. Wedgworth, an attorney, hereby certify that on December 11, 2023, I caused a true and correct copy of the foregoing **DEALERSHIP PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth