Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ALL CASES* | MDL No. 2817<br><br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer |

**PLAINTFF TONY GROUP RESPONSES AND OBJECTIONS TO DEFENDANT'S NOTICE OF RULE 30(b)(6) DEPOSITION OF TONY GROUP**

Plaintiff Tony Group ("Plaintiff") responds and objects as follows to CDK Global, LLC's (CDK) Notice of 30(b)(6) Deposition of Plaintiff served on November 28, 2023 ("Notice of Deposition").

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Notice of Deposition to the extent it seeks discovery not fairly designed to elicit testimony regarding issues of class certification and instead seeks to impermissibly re-open merits discovery well beyond the applicable discovery period.

2. Plaintiff objects to the Notice of Deposition to the extent it imposes burdens on Plaintiff beyond those permitted by the Federal Rules of Civil Procedure, Local Rules, or any other applicable Rules or Orders of the Court.

3. Plaintiff objects to the Notice of Deposition to the extent it calls for production of information not relevant to the claims or defenses in this litigation and/or disproportionate to the needs of the case.

1

4. Plaintiff objects to the Notice of Deposition to the extent that it requires the disclosure of information that is not within the knowledge, possession, custody, or control of Plaintiff.

5. Plaintiff objects to the Notice of Deposition to the extent it is vague, ambiguous, overly broad, unduly burdensome, and fails to comply with the requirement of Fed. R. Civ. P. 30(b)(6) to describe with reasonable particularity the matters for examination.

6. Plaintiff objects to the Notice of Deposition to the extent it extends the meaning of words beyond their ordinary and customary usage and meaning or are inconsistent with the Federal Rules of Civil Procedure, Local Rules, or any other applicable Rules or Orders of the Court. Plaintiff will interpret the Notice of Deposition in good faith compliance with the Federal Rules of Civil Procedure and applicable Rules of the Court.

7. Plaintiff objects to designating a person(s) to testify about any matter that is covered by the attorney-client privilege, that constitutes work product, or that is otherwise protected from disclosure by any other privilege. Should any disclosure of protected information by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

8. Plaintiff objects to the Notice of Deposition to the extent it seeks information that is already in the actual or constructive possession of Defendant, or that may be obtained more conveniently from other sources equally available to Defendant, including but not limited to through supplemental document production. To that extent, the Notice of Deposition is cumulative, unduly burdensome, harassing, and is not the best suited or most efficient means of obtaining the information sought.

9. Plaintiff objects to Schedule A – Definitions And Instructions, to the extent they are vague, ambiguous, use undefined terms, or otherwise fail to specify with sufficient particularity the nature of the information sought.

10. Plaintiff objects to the definition of "You" and "Your," as including all predecessors, subsidiaries, parents, and/or entities affiliated with or controlled by You, affiliates thereof, and all officers, directors, employees, and members. The testimony of Plaintiff's designee will be limited to only the Plaintiff and will not include any of Plaintiff's subsidiaries or affiliates, if any, or any other person or entity, including any other Plaintiff.

11. Plaintiff object to the definition of Dealer to the extent it includes those entities outside of

12. Plaintiff reserves all evidentiary objections and issues under the Federal Rules of Evidence.

13. In addition to all other objections to admissibility, Plaintiff reserves all rights to object to the introduction into evidence of any testimony given in response to the Notice of Deposition.

14. Plaintiff reserves the right to supplement, amend, or modify its objections and responses if necessary and appropriate.

**DEPOSITION TOPICS**

Plaintiff incorporates its General Objections into all responses and objections set forth below:

**TOPIC NO. 1:** *Your decision to use CDK as a DMS Providers, including, but not limited to:*

 a. *The importance of data security in Your selection of DMS Provider;*
 b. *Any comparison among the DMS services and terms offered by different DMS Providers;*
 c. *Any comparison among the integration services and terms offered by different DMS Providers (including CDK's 3PA program and/or Reynolds's RCI Service); and*
 d. *Your ability to negotiate prices or services with DMS Providers, including prices for DMS services, DIS services, or integrated Applications offered by those DMS*

3

*Providers.*

**RESPONSE:** Plaintiff objects to subparts (a)-(c) of this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 (Stipulation and Order Regarding Class Certification Schedule) at 2 (emphasis added); *see also* ECF 1387 (July 27, 2023 Joint Status Report) at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will present a designee to testify regarding Plaintiff's knowledge of Topic 1(d); however, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 1(a)-(c).

**TOPIC NO. 2:** *The terms and conditions of Your agreements with CDK, and any other DMS Provider, including, but not limited to:*

    a. *The fees that CDK, or any other DMS Provider, have charged to You directly, if any;*
    b. *Any fee agreements between You and CDK, or any other DMS Provider, including any fee waivers and/or credits provided for integration or other services; and*
    c. *Any Communications regarding any of the foregoing*

**RESPONSE:** Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will present a designee to testify regarding Plaintiff's knowledge of Topic 2.

**TOPIC NO. 3:** *Your knowledge of the following CDK programs, and your participation in any similar programs offered by Reynolds or any other DMS provider, including the terms and conditions of any agreements concerning those similar programs:*

    a. *CDK's legacy Customer Rewards Program;*
    b. *CDK's Dealer-access tools, including, but not limited to, Dealer Data Access (DDA) tools, Data Access (DAX), Data Access Bulk Extract (DABE), Data Access*

4

> *Real Time (DART) with Predefined Integration Points (PIPs), and Dealer Data Exchange (DDX);*
> c. *Reynolds's Dealer-access tools, including, but not limited to, Dynamic Reporting and Report Generator;*
> d. *CDK's Data Your Way (DYW) program;*
> e. *CDK's Fortellis program; and*
> f. *Any Communications regarding the foregoing.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 3.

**TOPIC NO. 4:** *The services that Vendors provide to You and the terms and conditions of your agreements with Vendors, including, but not limited to, the fees Vendors have charged You; the types of integration You prefer and that Vendors' Applications require; and Your negotiations with Vendors concerning the same.*

**RESPONSE:** Plaintiff objects to this Topic to the extent it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Plaintiff will present a designee to testify regarding Plaintiff's knowledge of the services Vendors provide, including the terms and conditions of agreements with Vendors including fees charged. Plaintiff objects to and will not

5

present a designee to testify regarding Plaintiff's knowledge of the types of integration Plaintiff prefers and that Vendors require nor negotiations with Vendors regarding the same.

**TOPIC NO. 5:** *The basis for Your claim that Vendors passed through increased fees from Integrators to You, including, but not limited to, Your knowledge of the fees that Your Vendors are charged by Integrators; the impact of changes in integration fees on the total Application price Your Vendors charge; the impact of any fee waivers in Your agreements with Integrators on the total Application price; and any distinctions between Your Vendors in their approach to passing on integration fees.*

**RESPONSE:** Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will present a designee to testify regarding Plaintiff's knowledge of Topic 5.

**TOPIC NO. 6:** *Your knowledge of Your Vendors' participation, if any, in CDK's 3PA Partner Program and/or CDK's Fortellis Program, and the terms of their participation, including pricing and access to data.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification.*" *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 6.

**TOPIC NO. 7:** *The conditions and restrictions, if any, that You agree CDK or Reynolds may place on the ability of third parties to access their respective DMSs.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on

class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 7.

**TOPIC NO. 8:** *Your data security policies and procedures and changes to those policies and procedures over time from January 1, 2010 to present, including, but not limited to Your policies for complying with the Gramm-Leach-Bliley Act of 1999 and other applicable laws and regulations to protect consumer information.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 8.

**TOPIC NO. 9:** *Your monitoring and detection of any successful or attempted unauthorized access to Your CDK DMS from January 1, 2010 to present, including, but not limited to any misuse of information maintained on Your computer network, CDK DMS, and any instances of data corruption (including writeback errors) on Your CDK DMS.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387

7

at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 9.

**TOPIC NO. 10:** *Your knowledge of any efforts by Vendors, Integrators, or third parties to evade detection or circumvent CDK's security measures, either with or without Your assistance, including through the use of Your DMS login credentials.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 10.

**TOPIC NO. 11:** *Your Communications and agreements with OEMs regarding DMS, Integration, and Vendor services, pricing, and payment, including any payments OEMs made directly to DMS Providers, Vendors, and/or Integrators and the effect of those payments on Your fees, and any payments OEMs made to You Concerning DMS, Vendor, and/or Integrator services, including reimbursements for fees that You paid.*

**RESPONSE:** Plaintiff objects to this Topic because it calls for testimony as to merits issues for which discovery has been long closed and the testimony elicited by this Topic has no bearing on class certification issues. By agreement of the parties, each has "requested additional discovery *on issues related to class certification*." *See* ECF 1413 at 2 (emphasis added); *see also* ECF 1387 at 18 ("Any discovery needed *regarding class claims and damages* will be addressed during the

proposed class certification briefing schedule.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 11.

**TOPIC NO. 12:** *The effect of the fees You pay to Your DMS Provider(s), Integrator(s), and Vendor(s) on the prices You charge Your customers.*

**RESPONSE:** Plaintiff objects to this Topic to the extent that it seeks information that is irrelevant and not proportional to the needs of the case. Plaintiff further objects to this Topic to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will present a designee to testify regarding Plaintiff's knowledge of Topic 12.

**TOPIC NO. 13:** *Your non-privileged reasons for joining and remaining in the Lawsuit, including the amount, nature, and causes of any damages You seek to recover in this Lawsuit; and Your non-privileged conversations about the Lawsuit or related investigations and litigation with any other Dealer, industry participant, or the FTC.*

**RESPONSE:** Plaintiff objects to this Topic because it seeks testimony on issues on which Plaintiff depends on its counsel including, without limitation, legal conclusions or theories regarding the damages incurred by Plaintiffs and applicable legal standards, expert analysis and calculations, and factual contentions based on its counsel's investigation, and therefore seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is otherwise protected from disclosure by any other privilege. Plaintiff objects to this Topic to the extent that it seeks information that is irrelevant and not proportional to the needs of the case. Plaintiff further objects to this Topic because it calls for testimony subject to expert opinion and analysis. Plaintiff also objects to this Topic to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Subject to

9

and without waiving the foregoing General and Specific Objections, Plaintiff will present a designee to testify regarding Plaintiff's knowledge of Topic 13.

**TOPIC NO. 14:** *Information responsive to CDK's First Interrogatories dated May 25, 2018 (and attached here), in particular with regards to Interrogatories 2 and 3 and the bases for those responses.*

**RESPONSE:** Plaintiff objects to this Topic because it is contrary to the parties' agreement regarding supplemental discovery for the sole purpose of class certification. By agreement, Plaintiffs only agreed to provide updated responses to Interrogatories No. 2 and 3, which were only previously served by CDK on existing Named Plaintiffs. *See* ECF 1420-2 at 3 (Sept. 27, 2023 email from K. Jonke to P. Wedgworth and others stating "Dealers agree to serve *updated* responses to Interrogatories No. 2 and 3.") (emphasis added). Therefore, Plaintiff objects and will not present a designee to testify regarding Plaintiff's knowledge of Topic 14.

Dated: December 8, 2023

By:

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (pro hac vice)
Elizabeth McKenna (pro hac vice)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*Interim Lead Class Counsel for Dealership Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, hereby certify that on December 8, 2023 the foregoing document was served via email on the following counsel of record:

Kevin Jonke
**KIRKLAND & ELLIS LLP**
300 North LaSalle,
Chicago, IL 60654
Kevin.jonke@kirkland.com

Emily Merki Long
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave.,
NW Washington, DC 20004
Emily.long@kirkland.com

Michael E. Nemelka
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK P.L.L.C**
1615 M. Street, N.W., Suite 400
Washington, D.C. 20036-3215

Brian T. Ross
**GIBBS & BRUNS LLP**
1100 Louisiana Suite 5300
Houston, TX 77002

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth