Exhibit 3

## Mike Acciavatti

| | |
|---|---|
| **From:** | Peggy Wedgworth |
| **Sent:** | Monday, December 11, 2023 1:53 PM |
| **To:** | Long, Emily Merki; Katz, Katherine R.; Dorris, Daniel V.; Jonke, Kevin M.; Primis, Craig S.; John Hughes; agulley@gibbsbruns.com; bross@gibbsbruns.com; LCaseria@sheppardmullin.com; DMSTeam; Dan Nordin; Brier, Grace C. |
| **Cc:** | *mnemelka@kellogghansen.com; Ho, Derek T. |
| **Subject:** | RE: In re DMS Antitrust Litigation |

Emily,

Thank you for your proposed revisions to the 30(b)(6) topics. As I made clear on the call yesterday, CDK is not entitled to *any* additional merits discovery. The only discovery that the Court has ordered is for class certification. All merits discovery ended on April 30, 2019. Pursuant to the Stipulation and Order Regarding Class Certification Schedule ("Class Cert Stipulation") filed on September 27, 2023, Dealers agreed to produce for deposition any newly-added Dealers along with previously named Dealers who had not been deposed for class certification discovery. At no point was merits ever discussed or contemplated in the negotiations or Class Cert Stipulation.

Dealers agreed to these additional depositions for the sole purpose of determining whether the proposed newly-added Dealerships located in various states are appropriate to serve as class representatives for certain states. CDK's attempt to extend this class certification proceeding into full blown merits discovery is an attempt to slow down the litigation and subject Dealers to motion practice when the Court has previously decided summary judgment. CDK took 30 depositions during the merits discovery – the total amount allowed by the Court. To now seek to go beyond Court order and obtain additional one-sided merits discovery is clearly to delay the litigation and harass the newly-added Dealers.

As I have made clear, we are willing and plan to produce previously agreed-upon Dealerships who have been noticed for a 30(b)(6) deposition to testify as to class certification topics as set forth in our Responses and Objections to the 30(b)(6) notices. We will not produce Dealerships to testify as to any merits discovery. To be clear, we are not "refusing to produce witnesses as to class certification" as you state in your email.

Since your proposed revisions come with the caveat that Dealers must agree that they will not object to deposition questions on the grounds that we believe are merits related, we cannot reach agreement. If you are willing to remove that caveat, please let me know immediately in order for us to consider the proposed terms. We are available to discuss today.

Regards,

**Peggy J. Wedgworth**

Senior Partner



COLEMAN BRYSON PHILLIPS GROSSMAN

Main: (212)594-5300
Cell: (646)515-1269

1

[www.milberg.com](www.milberg.com)



Confidentiality Notice: This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message.

**From:** Long, Emily Merki <emily.long@kirkland.com>
**Sent:** Sunday, December 10, 2023 7:33 PM
**To:** Peggy Wedgworth <PWedgworth@milberg.com>; Katz, Katherine R. <katherine.katz@kirkland.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Jonke, Kevin M. <kevin.jonke@kirkland.com>; Primis, Craig S. <cprimis@kirkland.com>; John Hughes <JHughes@milberg.com>; agulley@gibbsbruns.com; bross@gibbsbruns.com; LCaseria@sheppardmullin.com; DMSTeam <dmsteam@milberg.com>; Dan Nordin <DNordin@gustafsongluek.com>; Brier, Grace C. <grace.brier@kirkland.com>
**Cc:** *mnemelka@kellogghansen.com <mnemelka@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>
**Subject:** RE: In re DMS Antitrust Litigation

Peggy,

As we stated on the call this afternoon, CDK is entitled to additional merits and class discovery related to plaintiffs' nearly five years of additional damages, especially as to the 20 new dealership plaintiffs that you added to the class less than three weeks ago. CDK reserves all rights in this regard.

Notwithstanding your objections to so-called "merits" discovery, the 30(b)(6) topics served on dealers do cover issues related to class certification (some of which may have implications for merits as well), and you are refusing to produce witnesses as to class certification on several of these topics. However, in an attempt to preserve the current deposition schedule and without agreeing that any particular topic relates to merits issues rather than class, we will agree to remove the following topics for these depositions if, in exchange, you agree to produce witnesses in full on all of the remaining topics and will not object to questions on the grounds that you think they are "merits" related:

- **Topic 6 (new dealer) or 7 (old dealer):** *The conditions and restrictions, if any, that You agree CDK or Reynolds may place on the ability of third parties to access their respective DMSs.*
- **Topic 7 (new) or 8 (old):** *Your data security policies and procedures and changes to those policies and procedures over time from January 1, 2010 to present, including, but not limited to Your policies for complying with the Gramm-Leach-Bliley Act of 1999 and other applicable laws and regulations to protect consumer information.*
- **Topic 8 (new) or 9 (old):** *Your monitoring and detection of any successful or attempted unauthorized access to Your CDK DMS from January 1, 2010 to present, including, but not limited to any misuse of information maintained on Your computer network, CDK DMS, and any instances of data corruption (including writeback errors) on Your CDK DMS.*
- **Topic 9 (new) or 10 (old):** *Your knowledge of any efforts by Vendors, Integrators, or third parties to evade detection or circumvent CDK's security measures, either with or without Your assistance, including through the use of Your DMS login credentials.*

We will also revise Topic 13 in the Rule 30(b)(6) notices to newly added dealers (*see, e.g.*, Automaster 30(b)(6) notice) as follows, with the understanding that you will produce witnesses for these new dealer plaintiffs to talk about the substance of CDK's Interrogatories 2 & 3, since they have not served any responses to those interrogatories:

- **Topic 13:** *Information responsive to* **the substance of** *CDK's First Interrogatories dated May 25, 2018 (and attached here), in particular with regards to Interrogatories 2 and 3 and the bases for those responses.*

Please let us know your position promptly so that we can evaluate whether to seek relief from the court ahead of the first dealer deposition, currently scheduled for Thursday, 12/14.

Thanks,
Emily

**Emily Merki Long**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, NW Washington, DC 20004
T +1 202 389 3065  M +1 806 584 9881
F +1 202 389 5200

emily.long@kirkland.com

**From:** Long, Emily Merki
**Sent:** Sunday, December 10, 2023 9:42 AM
**To:** 'Peggy Wedgworth' <PWedgworth@milberg.com>; Katz, Katherine R. <katherine.katz@kirkland.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Jonke, Kevin M. <kevin.jonke@kirkland.com>; Primis, Craig S. <cprimis@kirkland.com>; John Hughes <JHughes@milberg.com>; agulley@gibbsbruns.com; bross@gibbsbruns.com; LCaseria@sheppardmullin.com; *dmsteam@milberg.com <dmsteam@milberg.com>; Dan Nordin <DNordin@gustafsongluek.com>
**Cc:** *mnemelka@kellogghansen.com <mnemelka@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>
**Subject:** RE: In re DMS Antitrust Litigation

Thanks, all. We will send around an invite for 3pm ET.

**Emily Merki Long**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, NW Washington, DC 20004
T +1 202 389 3065  M +1 806 584 9881
F +1 202 389 5200

emily.long@kirkland.com

**From:** Peggy Wedgworth <PWedgworth@milberg.com>
**Sent:** Sunday, December 10, 2023 2:06 AM
**To:** Katz, Katherine R. <katherine.katz@kirkland.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Jonke, Kevin M. <kevin.jonke@kirkland.com>; Long, Emily Merki <emily.long@kirkland.com>; Primis, Craig S. <cprimis@kirkland.com>; John Hughes <JHughes@milberg.com>; agulley@gibbsbruns.com; bross@gibbsbruns.com; LCaseria@sheppardmullin.com; *dmsteam@milberg.com <dmsteam@milberg.com>; Dan Nordin <DNordin@gustafsongluek.com>
**Cc:** *mnemelka@kellogghansen.com <mnemelka@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>
**Subject:** Re: In re DMS Antitrust Litigation

I am available from 2 pm eastern to 6 pm eastern on Sunday. We have another brief going out December 12 and therefore a return date for dealers of December 13 at 6 pm central will work. We can also meet and confer regarding dealers filing a motion similar to the vendors. As to the depo date of Tony Automotive, that can be discussed but I will not agree to a different depo date at this time.

Get Outlook for iOS

**From:** Katz, Katherine R. <katherine.katz@kirkland.com>
**Sent:** Saturday, December 9, 2023 9:33:18 PM

**To:** Dorris, Daniel V. <ddorris@kellogghansen.com>; Jonke, Kevin M. <kevin.jonke@kirkland.com>; Long, Emily Merki <emily.long@kirkland.com>; Primis, Craig S. <cprimis@kirkland.com>; John Hughes <JHughes@milberg.com>; Peggy Wedgworth <pwedgworth@milberg.com>; agulley@gibbsbruns.com <agulley@gibbsbruns.com>; bross@gibbsbruns.com <bross@gibbsbruns.com>; LCaseria@sheppardmullin.com <LCaseria@sheppardmullin.com>
**Cc:** *mnemelka@kellogghansen.com <mnemelka@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>
**Subject:** RE: In re DMS Antitrust Litigation

Counsel,
We agree to your proposal that CDK's opposition brief would be due on Monday, December 11, but we need to make additional changes to the schedule in light of Dealers' responses and objections to CDK's 30(b)(6) deposition notices served late last night. To that end, CDK requests a meet and confer regarding Dealers' continued failure to provide discovery pursuant to the parties' discovery agreement, including: Dealers' refusal to offer a designee on multiple topics central to class certification; Dealers' refusal to provide interrogatory responses for its newly disclosed class representatives; and Dealers' deficient and belated productions for multiple class representatives. Unless the parties can reach agreement, CDK intends to move to compel on Monday, December 11. CDK reserves all rights to seek extensions to the current class briefing schedule to allow time to resolve these disputes, due entirely to Dealers' eleventh-hour disclosure of 20 new class representatives and subsequent failure to provide agreed-upon, relevant discovery.

Peggy, please provide your availability for a meet and confer pursuant to Local Rule 37.2 **tomorrow, December 10**. If counsel for Vendors intend to join, please provide your availability for a meet and confer tomorrow, as well.
We propose the following schedule, unless resolution is reached on Dealers' discovery issues:
1. Meet and Confer re Dealers' Discovery Responses: December 10
2. CDK's Brief Opposing Vendor's Motion and Motion to Compel Dealers' Discovery: December 11 at 5 p.m. CT
3. Vendors' Reply Brief: December 12 at 5 p.m. CT
4. Dealers' Opposition to CDK's Motion to Compel: December 12 at 5 p.m. CT
5. CDK's reply in support of its Motion to Compel: December 13 at 5 p.m. CT

In light of this schedule, unless resolution is reached, we also anticipate needing to move the Tony Group deposition currently scheduled for Thursday, December 14. Please let us know if Monday, December 18 would work for the Tony Group deposition.
We suggest finalizing the email to the Court regarding the parties' proposed expedited briefing schedule after tomorrow's meet and confer.
Best,
Kate

**Katherine R. Katz**

Kirkland & Ellis LLP
1301 Pennsylvania Ave., NW | Washington, D.C. 20004
DIRECT: 202.389.5184 | FAX 202.389.5200
katherine.katz@kirkland.com

**From:** Dorris, Daniel V. <ddorris@kellogghansen.com>
**Sent:** Friday, December 8, 2023 9:31 PM
**To:** Jonke, Kevin M. <kevin.jonke@kirkland.com>; Katz, Katherine R. <katherine.katz@kirkland.com>; Long, Emily Merki <emily.long@kirkland.com>; Primis, Craig S. <cprimis@kirkland.com>; JHughes@milberg.com; Peggy Wedgworth <pwedgworth@milberg.com>; agulley@gibbsbruns.com; bross@gibbsbruns.com; LCaseria@sheppardmullin.com
**Cc:** *mnemelka@kellogghansen.com <mnemelka@kellogghansen.com>; Ho, Derek T. <dho@kellogghansen.com>
**Subject:** In re DMS Antitrust Litigation

Kevin: I write regarding the Vendor Class's recently filed motion regarding the depositions that we conferred about on December 7. We understand that CDK will oppose the motion and propose to send the following briefing schedule to be sent to Judge Pallmeyer's Courtroom Deputy pursuant to her Individual Practices.

\*\*\*

Christina,

AutoLoop and CDK in *In re DMS Antitrust Litigation*, Case No. 18-2521, propose the following expedited briefing schedule for AutoLoop's recently-filed motion (Dkt. 1437). The parties propose this expedited briefing schedule so that the motion is fully briefed by the December 14 date of the first deposition that is at issue in the motion.

CDK's Opposition Brief: Monday, December 11 by 5 p.m. CT.
AutoLoop's Reply Brief: Tuesday, December 12 by 5 p.m. CT.

**Daniel V. Dorris**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7938

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.