IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litig.*, MDL 2817<br><br>This Document Relates To:<br><br>THE PUTATIVE DEALER CLASS ACTION<br><br>THE PUTATIVE VENDOR CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer |

**CDK GLOBAL, LLC'S MOTION TO COMPEL DISCOVERY AND
EXTEND THE CLASS CERTIFICATION SCHEDULE**

CDK brings this motion to obtain routine discovery from class Plaintiffs that were disclosed for the first time in class certification briefing, and without leave of court, more than four years after discovery closed. CDK cannot adequately oppose class certification or prepare to cross examine these witnesses at trial unless it obtains the normal discovery every defendant is entitled to—including the document, written, and deposition discovery that Plaintiffs agreed to in September of this year. Dealers should not be able to re-trade on their agreement and immunize putative class representatives and potential trial witnesses from discovery through untimely disclosure. Moreover, both the Dealer and Vendor classes now seek four years of additional damages that allegedly accrued after discovery closed. Both classes seek to prevent CDK from responding to their expanded claims—which add hundreds of millions in damages—by taking the discovery necessary to rebut them for both class and merits purposes. This is not a proper approach in a case seeking nine figures in damages. CDK should be allowed to defend itself and is seeking nothing more than the basic protections afforded to any defendant under the Federal Rules.

Thus, as detailed further below, CDK moves (1) to compel Dealers to provide agreed document discovery and interrogatory responses, (2) to compel Dealers to provide deposition

testimony in response to CDK's 30(b)(6) notices in both the Dealer and Vendor cases, and (3) to extend all class certification-related deadlines in this matter by four weeks to allow this previously agreed-to discovery to take place on a reasonable timeframe. It is only fair that CDK be allowed sufficient time for fact gathering and a reasonable opportunity to incorporate the agreed discovery into its expert rebuttal report and briefing.

## BACKGROUND

Fact discovery in this case closed over four years ago, on April 30, 2019. Dkt. No. 616-1. Summary judgment was decided over four years later, on June 29, 2023. Dkt. Nos. 1381-83. Both Vendors and Dealers now claim that damages continue to the present day—four years after the close of discovery. *See* Dkt No. 1424 (Dealer Class Motion) at 1; Dkt. No. 1423-1 (Vendor Class Motion) at 7. On August 4, 2023, Plaintiffs disclosed their intent to "update" their "expert damages model" for "the months [] going forward" beyond the close of discovery. Dkt. No. 1394 at 15. In order to do so, in August 2023, Vendors and Dealers served broad requests seeking additional discovery from CDK and Reynolds. *See* Exs. A (Dealer RFPs), B (Vendor RFPs).

CDK and Reynolds initially objected to this new discovery because the discovery period was closed. *See* Dkt. No. 1438-1 (CDK R&Os) at 3. All parties then negotiated and agreed to extend discovery to account for information beyond the original discovery period and memorialized their agreement in writing. *See* Dkt. No. 1420-2. In particular, the parties agreed that CDK would produce documents and information by October 19, 2023 and Plaintiffs would produce documents and information by the class certification deadline on November 21, 2023. *See id.* During the negotiations, Dealers' counsel suggested that they might add a limited number of new Dealer class representatives. Under the parties' agreement, CDK was entitled to depose any newly disclosed Dealer representative. *See id.* at 2-3.

Pursuant to the parties' agreement, CDK made its agreed productions by the negotiated October 19 deadline. Vendors' expert, Dr. Israel, and Dealers' expert, Dr. Williams, used the new discovery from CDK to rework their damages models for trial and claim hundreds of millions more in total damages. *See* Dkt. No. 1423-2 (Israel Supp. Rpt.) Ex. C at 1 & n.79; Dkt. No. 1425-6 (Williams Supp. Rpt.) ¶ 147 n.142.

On November 21, 2023, Dealers filed for class certification. *See* Dkt. No. 1424. In their filing, they dropped 12 previously disclosed class representatives and disclosed, for the first time, 20 new class representatives—more than four years after discovery closed, five months after the Court's summary judgment opinions, and just weeks before CDK's class opposition brief was due. *See* Dkt. No. 1425-1.[1] Even though Dealers served some of the agreed document discovery with their class motion, they failed to produce documents for 11 of the Dealer class representatives by the agreed-upon deadline, and to date have still not served any of the agreed-to interrogatory responses.

On November 27 and 28, 2023, pursuant to the parties' agreement, CDK issued Rule 30(b)(6) deposition notices for certain putative Dealer class representatives who had not been previously deposed, including all 20 new Dealer class representatives that were first disclosed on November 21.[2] Each of CDK's deposition topics sought information related to CDK's class opposition arguments, many of which may also have merits implications. Dkt. No. 1438-4. CDK endeavored to promptly schedule the 30(b)(6) depositions in December and early January to maintain the previously agreed class schedule. *See* Ex. C (11/28/23 Email from CDK to Dealers).

---

[1] To date, Dealers have not filed an amended complaint incorporating the putative new parties, thus CDK has no notice regarding which representatives purport to represent each of the Dealers' three alleged classes. In addition, several of the proposed new Plaintiffs forfeited any ability to participate in a class action—much less serve as a class representative—in their contracts with CDK. CDK reserves the right to raise these issues at a later date.

[2] CDK served 17 notices to a total of 25 putative Dealer Class Representatives, based on an understanding that Dealers treat certain Representatives as a group for discovery purposes.

After many of the depositions were scheduled, on December 1, Vendors sent a letter informing CDK that they would object to the use of Dealer testimony in the Vendor case. Dkt. No. 1438-5. CDK responded on December 4, reiterating the terms of the parties' discovery agreement and its intention to use Dealer deposition testimony in the Vendor case, as the parties had agreed was permissible years ago and as the Vendors themselves had done in the case. Dkt. No. 1438-6. CDK suggested that the parties move forward with the depositions and that Vendors could raise these issues with the Court after specific testimony was elicited. Vendors would not agree. Instead, last Friday, six days before the first deposition was supposed to occur, Vendors sought relief from this Court, restating the arguments from their earlier letter. Dkt. No. 1438. That same day, Dealers served broad objections to the 30(b)(6) notices, refusing to produce witnesses to testify about seven of CDK's fourteen 30(b)(6) topics and parts of two other topics. *See, e.g.*, Dkt. No. 1440-3 (Tony Group's R&Os). Dealers also issued sweeping general objections to any testimony that they classified as related to "merits discovery." *See, e.g.*, *id*. at 1.

In another attempt to reach resolution and keep the current schedule, CDK offered to cut four topics related to data security (*see* Topics 7-10) if Dealers would agree to prepare witnesses to testify on the other topics. *See* Dkt. No. 1440-4 at 2 (12/11/2023 Email from CDK to Dealers at 2). Dealers refused to compromise. *Id.* at 1-2.

**I.      Dealers Should Be Ordered To Produce Agreed Discovery.**

As previewed above, Dealers failed to timely produce the supplemental discovery agreed to by the parties. Although Dealers produced certain documents and information with their class briefing as the parties previously agreed, they failed to produce any documents for 11 of their 30 putative class representatives by the agreed deadline—including six newly disclosed class representatives for which CDK had taken no discovery whatsoever—and failed to provide any of the interrogatory responses they had explicitly agreed to produce. Dkt. No. 1420-2 at 3.

4

Given that CDK had only 6 weeks to file its opposition to class certification, *id.* at 2, CDK immediately alerted Dealers to these deficiencies and followed up repeatedly in the days and weeks thereafter. *See* Dkt. No. 1438-7 at 10-12 (11/22/2023 Email from CDK to Dealers) (noting deficiencies in prior day's production). Since that time, Dealers have sporadically provided additional documents, including making productions last week and this week, but they still have not produced any new documents whatsoever for two putative class representatives and have not provided any of the agreed interrogatory responses. CDK asks the Court to order the immediate production of the outstanding information pursuant to the parties' agreement.

## II. Dealers Should Be Ordered To Produce Witnesses Who Are Prepared To Testify As To All 30(b)(6) Topics And The Testimony Should Be Available Across Cases.

For the upcoming Dealer depositions, all Plaintiffs object to deposition questioning on what they classify as "merits" issues. *See, e.g.*, Dkt. 1440-3 at 4 (Dealers refusing to provide "testimony as to merits issues" and specifically refusing to produce witnesses on 7 of 14 deposition topics); Dkt. No. 1438-5 at 2 (Vendors objecting to depositions as "merits discovery"). Vendors further object to the use of any Dealer testimony, no matter the subject, in the Vendor case. *See id.* But CDK is entitled to the testimony it seeks and should be permitted to use it in both cases.

First, Plaintiffs should not be permitted to re-trade on their discovery agreement. All parties negotiated a "final agreement regarding the class certification schedule ***and supplemental discovery***," which allowed CDK to depose Dealer class representatives that had not been previously deposed. Dkt. No. 1420-2 at 2 (emphasis added). No party contends that the Dealer testimony is irrelevant and Dealers did not object in full to producing the requested putative class representatives. Instead, Plaintiffs' objections aim to significantly limit the testimony that CDK can elicit from these witnesses and the use of that testimony. But the parties' agreement provided no limitations as to the subject matter of the agreed depositions or their use in either case. *Id*. And, in any event, courts

5

regularly permit full discovery into newly disclosed representatives after the close of discovery, even without agreement of the parties. *See Fonder v. Sheriff of Kankakee Cnty.*, 2016 WL 8200778 (C.D. IL Oct. 11, 2016) (ordering additional time for defendants to conduct depositions of 15 class representatives added after discovery closed); *see also Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009) ("Substituting four new named plaintiffs . . . would require Defendants to re-do all of the discovery they already did as to [original plaintiffs].").

Second, contrary to Dealers' objections, the 30(b)(6) topics all address class certification issues—including the adequacy of the proposed representatives, the typicality of their claims, and the distinctions among class members that defeat predominance. Given that Plaintiffs now claim damages from long after the close of discovery, the upcoming depositions are CDK's only opportunity to elicit testimony from Plaintiffs about events since 2019—including new variations in pricing, contract terms, and product offerings that disprove common impact and damages. After discovery closed, CDK agreed with some (but not all) Dealers to waive integration fees. Despite those waivers, some (but not all) Vendors persisted in "passing on" supposed integration fees to Dealers. CDK also intends to ask Dealers about payments and reimbursements made by third-party car manufacturers for integration fees—a practice that varied across the putative Dealer class. All of this discovery is necessary to rebut Plaintiffs' experts' reports and oppose class certification.

Third, limiting the scope of the depositions would be unfair and effectively impossible given the significant overlap between class certification and merits issues. Dealers have proposed 20 new class representatives who will presumably testify about merits issues at trial. CDK should not be required to conduct blind crosses of those witnesses simply because Dealers did not disclose them until after discovery closed. In addition, as noted, the market for data integration services has changed materially since 2019. Even without testimony about these changes, Plaintiffs'

6

experts had to rework their damages models to account for new trends in recent data.[3] These new variations and the related changes that Plaintiffs made to their expert models "at minimum, require [CDK] to obtain additional document and deposition discovery," even though "the deadline for fact discovery has come and gone." *Karum Holdings LLC v. Lowe's Cos.*, 2017 WL 10311207, at \*5 (N.D. Ill. Sept. 8, 2017); *see id.* at \*4-5 (striking damages model disclosed after summary judgment "because it relies upon facts that have not been previously explored during fact discovery"); *Volterra v. Semiconductor Corp. v. Primarion, Inc.*, 2012 WL 5932733, at \*7 (N.D. Cal. Nov. 27 2012) (allowing plaintiffs to revise damages methodology but "the additional discovery necessary to address the new expert reports will be built into the revised schedule").

In addition, because of the overlap between class and merits issues, attempts to limit the scope of the Dealer depositions as Plaintiffs suggest would be problematic and disruptive. As the Seventh Circuit has recognized, "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *In re Allstate Corp., Sec. Litig.*, 966 F.3d 595, 610 n.3 (7th Cir. 2020) (vacating class certification order and providing guidance regarding scope of evidence for remand); *see also Abramson v. Gohealth LLC*, 2020 WL 5209817, at \*2 (N.D. Ill. Sept. 1, 2020) ("bifurcation of discovery breeds yet another layer of contentiousness"). It is already apparent that any such bifurcation would "give rise to disputes over whether a particular discovery request relates to the merits or to class certification," which would further delay this case unnecessarily. *Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. Feb. 24, 2017); *see also In re*

---

[3] For example, CDK and Reynolds produced data showing fees paid from 2019 to 2023. Vendors' expert, Dr. Israel, concedes in his latest report that he must rework his model because he "observes more [transactions with $0 of recurring revenue] in the more recent data." Dkt. No. 1423-2, Ex. C & n.79. At the depositions, CDK will explore Dealer agreements that may explain this new trend in Vendor fees, as well as differences between Vendors on this score.

*Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *4 (N.D. Ill. 2014) (denying bifurcation to avoid "disputes over what constitutes merits and what constitutes class discovery.").

Finally, with respect to Vendors' objection to the use of Dealer testimony in their case, CDK noticed the depositions across "all cases." Dkt. No. 1438-4 at 2. The parties have a longstanding agreement that all discovery taken in one case can be used in the other. The Deposition Protocol Order, entered on October 15, 2018, clearly provides that "[d]epositions taken pursuant to this Deposition Protocol may be made available and used in all actions previously or hereafter transferred to Case No. 1:18-cv-00864." Dkt. No. 414-1 at 10. Consistent with this agreement, both Vendors and CDK previously used Dealer testimony in the Vendor case—including at summary judgment, in expert reports, and, most recently, in Vendors' class certification brief.[4] Vendors never suggested, and CDK did not agree, that a different arrangement should apply to their agreement on supplemental discovery.

### III. The Addition Of Twenty New Class Representatives And Plaintiffs' Refusal To Abide By The Parties' Discovery Agreement Require Modest Changes To The Schedule.

In the three weeks since Plaintiffs served their opening class certification papers, Dealers have delayed in producing agreed document discovery, refused to produce agreed written discovery, and delayed in scheduling depositions for the new slate of 20 proposed Dealer class representatives (and other representatives not previously deposed). And both Plaintiff groups objected to deposition discovery that is critical to both cases, creating further delays in CDK's

---

[4] *See, e.g.*, Dkt. No. 974 (Defendants' Joint Statement of Common Undisputed Material Facts in Support of Their Motions for Summary Judgment) ¶¶ 88, 175, 176, 177, 181; Dkt. 1101 (MDL Plaintiffs' Corrected Statement of Additional Material Facts in Opposition to Defendants' Motions for Summary Judgment, incorporated into Vendors' class certification motion) ¶¶ 2, 3, 5, 70; Dkt. No. 977 (Authenticom, Inc.'s Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment on Defendants' Counterclaims, incorporated into Vendors' class certification motion) ¶¶ 24, 40, 42; *see also* Dkt. No. 889-1 (Israel Rpt.) ¶ 75 & n.104; Dkt. No. 889-2 (Israel Reply Rpt.) ¶ 153 & n.172.

ability to obtain needed discovery. With just five weeks until CDK's expert rebuttal report, class opposition brief, and *Daubert* motions are due, Plaintiffs' conduct has made it impossible for CDK to effectively respond on the previously agreed schedule. At this point, given Plaintiffs' refusal to abide by the parties' discovery agreement, fairness necessitates extending all class certification-related deadlines by at least four weeks to allow reasonable time for depositions and briefing.

To start, Dealers still have not provided all of the agreed document and written discovery—now three weeks overdue. This alone warrants an extension, especially given that the delayed and outstanding discovery is central to CDK's expert's analysis. *See Little v. JB Pritzker for Governor*, 2021 WL 1165097, at *3-4 (N.D. Ill. Mar. 26, 2021) (noting that court extended discovery deadline where plaintiffs failed to produce documents and schedule depositions); *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 802 (N.D. Ill. 2021) (modifying schedule after granting motion to compel).

Dealers also undermined the schedule by disclosing 20 proposed new class representatives just before Thanksgiving. Dealers "should have disclosed the list of class representatives . . . more timely and certainly in advance of filing class certification." *Boyd v. Meriter Health Servs. Emp. Ret. Plan*, No. 10-cv-426-WMC, Dkt. No. 102 (W.D. Wis. Sep. 2, 2011) (ordering plaintiffs to provide written discovery and depositions for newly named class representatives). That is especially so given that Dealers never signaled their plan to add so many class representatives. Instead, shortly after summary judgment, Dealers questioned "whether additional plaintiffs are even necessary for the Court to certify Dealers' proposed classes." Dkt. No. 1387 at 18.

Courts routinely award defendants additional time for discovery in similar scenarios. For example, in *Fonder*, 2016 WL 8200778, plaintiffs sought to add 15 new class representatives "despite the fact that discovery closed long ago." *Id.* at *5, 6. Defendants argued that "if Plaintiffs [were] allowed to add these 15 new witnesses as named Plaintiffs," deadlines "should be moved

9

to allow sufficient time to complete discovery," including "depositions of the now 15 new proposed Plaintiffs." *Id.* at *5. The court agreed, ordering three months of additional discovery and postponing trial by four months. *Id.*; *see also In re Broiler Chicken Antitrust Litig.*, 2020 WL 13228717, at *1 (N.D. Ill. May 13, 2020) (motion to add three named plaintiffs was "late in the game and requires relief from the case management deadlines"); *Lueders v. 3M Co.*, 2009 WL 1231765, at *2 (C.D. Ill. Apr. 30, 2009) (no prejudice from addition of nine class representatives, 24 days before close of discovery, because court "ha[d] already granted [defendant's] motion to extend pre-class certification discovery to allow it to depose these additional plaintiffs"). The Court should follow that precedent here.

Finally, Plaintiffs' broad objections have frustrated CDK's attempts to move this matter forward. In light of those objections, the current motion is before the Court and the parties have lost another week in the schedule. Even if the Court rules this week, the deposition and class certification schedule must, in fairness, be adjusted modestly (specifically, four weeks, as discussed further below). None of the Dealers, including those scheduled for depositions next week, have been prepared on most of the topics at issue in the case, and CDK has lost significant time contending with Plaintiffs' last-minute objections. In addition, given the relevance of the Dealers' testimony to Plaintiffs' expert analyses, a substantial number of Dealers must be deposed in advance of CDK's depositions of Plaintiffs' experts.[5] And CDK's expert then must have time to review and incorporate the fact and expert testimony into CDK's own analysis.

CDK is entitled to discovery from the new proposed representatives, even if it requires pushing out the schedule. To allow CDK a full and fair opportunity for discovery and sufficient time

---

[5] The parties will also need to postpone the depositions of Plaintiffs' experts, which were set before Dealers served their objections to the 30(b)(6) topics and represented that fact witnesses would not be prepared to testify on topics critical to both experts' analyses.

10

to incorporate that discovery into its class opposition materials, an additional four weeks should be added to all class certification-related deadlines. CDK's request is modest given that Dealers waited five months after summary judgment to disclose any of these 20 new class representatives.

## CONCLUSION

CDK respectfully requests that the Court (1) compel the Dealers to provide the agreed document discovery and interrogatory responses, (2) compel the Dealers to provide deposition testimony pursuant to CDK's 30(b)(6) notices in the Dealer and Vendor cases, and (3) extend all class certification-related deadlines in this matter by four weeks.

Dated: December 13, 2023

Respectfully Submitted,

*/s/ Mark Filip, P.C.*
Mark Filip, P.C.
Kevin M. Jonke
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
mark.filip@kirkland.com
kevin.jonke@kirkland.com

Craig S. Primis, P.C.
Katherine Katz, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel: (202) 389-5000
craig.primis@kirkland.com
katherine.katz@kirkland.com

*Counsel for Defendant CDK Global, LLC*

## **CERTIFICATE OF SERVICE**

      I, Mark Filip, an attorney, hereby certify that on December 13, 2023, I caused a true and correct copy of the foregoing **Motion to Compel Discovery and Extend the Class Certification Schedule** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      Respectfully Submitted,

      */s/ Mark Filip, P.C.*
      Mark Filip, P.C.