# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18 C 864 |
| This Document Relates to All Cases | Hon. Rebecca R. Pallmeyer |

**AUTOLOOP'S FIRST SET OF CLASS CERTIFICATION REQUESTS FOR THE PRODUCTION OF DOCUMENTS FOR DEFENDANT CDK GLOBAL, LLC**

Pursuant to Rules 23, 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Loop, LLC d/b/a AutoLoop ("AutoLoop") hereby requests that Defendant CDK Global, LLC ("CDK") produce all documents in its actual or constructive possession, custody, or control related directly or indirectly to any of the matters described below, subject to the Definitions and Instructions set forth herein. All documents and tangible things responsive hereto shall be produced for inspection at the same time as CDK produces them to the Dealer Class Plaintiffs, or at such other time and place as the parties mutually agree. Production shall be made at the offices of KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036, or as otherwise agreed to by the parties.

For the avoidance of doubt, AutoLoop is serving the document request contained herein in order (1) to ensure that it receives the documents that CDK produces in response to the Dealer Class Plaintiffs' First Set of Class Certification Requests for the Production of Documents, and (2) is able to participate in any meet and confers regarding those requests.

# DEFINITIONS

For purposes of these requests the following definitions shall apply:

1. "All" shall be construed as all and any, and the term "any" shall be construed as all and any.

2. "AutoLoop" shall mean Loop, LLC and its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

4. "CDK" shall mean CDK Global, LLC, as described in Paragraph 4 of Defendants' Combined Statement of Additional Facts Requiring Denial of Preliminary Injunctive Relief (hereinafter, "SoAF"), *Authenticom* Dkt. No. 87 (June 16, 2017). "CDK" shall include the dealer services business of Automatic Data Processing, Inc. ("ADP") prior to September 30, 2014, as described in Paragraph 5 of the SoAF. "CDK" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

5. "Document" and "Documents" are used in the broadest extent permitted by Federal Rule of Civil Procedure 34(a).

6. "Reynolds" shall mean "The Reynolds & Reynolds Company," as described in Paragraphs 1-3 of the SoAF. "Reynolds" shall include its present or former predecessors, subsidiaries, divisions, departments, operating units, directors, officers, managers, employees, attorneys, and accountants.

7. "You," "Your," or "Your company" shall mean the responding Defendant, its present or former predecessors, subsidiaries, departments, divisions, joint ventures, and affiliates, including without limitation, any organization or entity that the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1. In producing documents and other materials, You must furnish all documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You, Your employees or former employees, agents or former agents, parents, subsidiaries, affiliates, investigators, or by Your attorneys or their employees, agents, vendors, or investigators.

2. All documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.

3. Documents attached to one another should not be separated. If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

4. Documents shall be produced in such fashion as to identify the natural person in whose possession they were found (i.e., the document custodian).

5. If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

      a.      the exact basis for withholding the document;
      b.      the date of such communication;
      c.      the medium of such communication;
      d.      the general subject matter of such communication (such description shall not be considered a waiver of Your claimed privilege);
      e.      the identity of any document that was the subject of such communication and the present location of any such document;
      f.      the identity of all persons involved in such communication; and
      g.      the identity of any document which records, refers, or relates to such communication and the present location of any such document.

6. Each document requested herein should be produced in its entirety and without deletion, redaction, or excision, except as permitted by a recognized privilege, regardless of whether You consider the entire document or only part of it to be relevant or responsive to these document requests. If You have redacted any portion of a document on the ground of privilege, stamp the word "REDACTED" beside the redacted information on each page of the document You have redacted.

7. Each request for documents seeks production of all documents described along with any attachments, drafts, and non-identical copies in any language whatsoever, in the possession, custody, or control of You or Your respective agents or attorneys. You are specifically instructed to review any storage and archive facilities and the personal files, records, notes, correspondence, daily calendars, telephone logs, and records of all persons who would likely have responsive documents.

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.**

      All Documents requested in the Dealership Class Plaintiffs' First Set of Class Certification Requests for the Production of Documents for Defendant CDK Global, LLC, served on August 8, 2023.

Dated:  August 23, 2023            Respectfully submitted,

                                                     */s/ Michael N. Nemelka*
Michael N. Nemelka
Derek T. Ho
Aaron M. Panner
Daniel V. Dorris
Collin R. White
Bethan R. Jones
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, PLLC**
1615 M Street, N.W., Suite 400
(202) 326-7900
Washington, D.C. 20036
mnemelka@kellogghansen.com
dho@kellogghansen.com
apanner@kellogghansen.com
ddorris@kellogghansen.com
cwhite@kellogghansen.com
bjones@kellogghansen.com

*MDL Co-Lead Counsel representing*
*Loop, LLC, d/b/a AutoLoop on behalf of itself*
*and all others similarly situated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, I caused a true and correct copy of the foregoing AutoLoop's First Set of Class Certification Requests for the Production of Documents for Defendant CDK Global, LLC to be served by email upon the following recipients:

SERVICE-EXTERNAL-DMS-MDL@lists.kellogghansen.com

*/s/ Michael N. Nemelka*
Michael N. Nemelka