IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION**<br><br>**This Document Relates to:**<br>*The Dealership Class Action* | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer |

## JOINT STATUS REPORT

Upon completion of the first three dealership class depositions in this matter, the Court requested that the parties provide an update as well as their respective positions on any remaining disputes. ECF No. 1444; ECF No. 1446, Dec. 14, 2023 Hr'g Tr. ("Tr.") 24:18-21, 27:23-24. CDK Global, LLC ("CDK") and the Vendor Class Plaintiffs have resolved their disputes and submitted a joint stipulation and proposed order regarding the use of dealership depositions in the putative Vendor Class case, which this Court signed and entered on January 9, 2024. ECF Nos. 1448, 1449. Following completion of the depositions last week, Dealership Class Plaintiffs ("Dealers") and CDK respectfully submit this Joint Status Report.

  A.  **Status of Depositions**

Seven Dealer depositions have been taken as of January 17, 2024, and six more depositions have been scheduled. Two Dealer depositions remain to be scheduled. Dealers have agreed to make deponents available prior to February 2, 2024. In the course of negotiations, Dealers indicated they are dropping one proposed class representative—Taylor Chevrolet—from this matter.

B.     Parties' Statements

Dealers' Position

At the December 14 hearing, the Court was clear that merits discovery will not be reopened in this case. ("I am not reopening fact discovery …. I don't want to reopen discovery – merits discovery. This ought to be limited to the issues of class … certification for the Dealer Class." Tr. 23:25; 24:12-14).

The Court, however, permitted the first three Dealer depositions to proceed without a subject matter restriction. ECF No. 1444; Tr. 24:4-5, 18-20. Thus far, CDK's questioning has largely addressed merits issues, beyond those that pertain solely to class certification issues. In an effort to conserve judicial resources, Dealer counsel have objected to questions on merits issues and Dealers reserve all rights to seek appropriate relief at a later time, including but not limited to: (i) how the remaining Dealer depositions proceed; (ii) CDK's use of the Dealer depositions at issue; and (iii) any additional actions necessary to prosecute Dealers' claims.

Dealers disagree with CDK's position regarding Plaintiffs' document productions, interrogatory responses and deposition preparation. Dealers reserve all rights to oppose any relief CDK may seek as to these and any other issues regarding Dealer depositions.

CDK's Position

Contrary to this Court's order, Dkt. 1444, Dealers did not "confer" with CDK and are not putting forward a position that seeks to "resolve remaining issues." Although Dealers' position statement nods toward certain objections that Dealers have made to CDK's deposition questioning, at this time, Dealers are merely "reserv[ing] all rights to seek appropriate relief at a later time." CDK disagrees with Dealers regarding the scope of questioning thus far, which has addressed class

certification issues. As this Court recognized, class certification issues often directly overlap with merits issues, making it "all but impossible" to draw a bright line regarding subject matter for these depositions. *See*, e.g., 12/14/23 Hearing Tr. at 18:2-5. If and when Dealers seek relief from the Court, CDK will respond as needed.

Relatedly, although the depositions taken to date have revealed that (i) certain Dealers' interrogatory responses are inaccurate; (ii) Dealers' supplemental productions are incomplete; and (iii) several witnesses have not been sufficiently prepared to testify on the topics in the Rule 30(b)(6) deposition notices, for efficiency and to preserve the current schedule, CDK is moving forward with the depositions at this time. Consistent with the Court's prior guidance, CDK reserves all rights to seek relief on these discovery issues after meeting and conferring with Dealers pursuant to Local Rule 37.2.

Dated: January 18, 2024      Respectfully submitted,

/s/ *Peggy J. Wedgworth*
Peggy J. Wedgworth (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza
Garden City, NY 11530
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com

*Interim Lead Class Counsel
for Dealership Class Plaintiffs*

/s/ *Mark Flip*
Mark Filip, P.C.
Kevin M. Jonke
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
mark.filip@kirkland.com
kevin.jonke@kirkland.com

Craig S. Primis, P.C.
Katherine Katz, P.C.
1301 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel: (202) 389-5000
craig.primis@kirkland.com
katherine.katz@kirkland.com

*Counsel for Defendant CDK Global, LLC*

3

**CERTIFICATE OF SERVICE**

I, Peggy J. Wedgworth, an attorney, hereby certify that on January 18, 2024, I caused a true and correct copy of the foregoing **JOINT STATUS REPORT** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
