**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION**<br><br>**This Document Relates:**<br>**THE DEALERSHIP CLASS ACTION** | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer |

**DEALERSHIP CLASS PLAINTIFFS' MOTION FOR ADDITIONAL PAGES FOR
THEIR REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**

Dealership Class Plaintiffs ("Dealers" or "Plaintiffs") submit this Motion for Additional Pages for their Class Certification Reply Brief ("Reply Brief"), stating as follows:

1.      Local Rule 7.1 provides that a brief in support of or in opposition to any motion may not exceed 15 pages "without prior approval of the court."

2.      Plaintiffs respectfully request that this Court grant this Motion for the Dealers to extend the page limits for their Reply Brief, due on April 5, 2024, not to exceed 35 pages.

3.      Additional pages are needed to sufficiently address CDK Global, LLC's ("CDK") omnibus opposition brief ("Omnibus Response"), including arguments concerning the certification of multiple national and state classes and class action waiver issues raised for the first time by CDK. Moreover, CDK's Appendix E (ECF No. 1457) raises substantive legal issues that Dealers need to address in their Reply Brief. CDK's 40-page Omnibus Response contains almost 30 pages of argument specific to Dealers or jointly addressing Dealers and Vendors in *Loop, LLC, d/b/a AutoLoop v. CDK Global, LLC*, No. 18-cv-2521. Lastly, CDK had *an extra 10 pages* in their Omnibus Response to oppose 15 page (30 pages total) opening class certification briefs ("Opening Briefs") from Dealers and Vendors. *See* ¶¶ 4-6 below.

                    *     *     *     *     *

4.      On November 19, 2023, Dealers requested a page extension for their Opening Brief on class certification not to exceed 25 pages; the same amount of pages for CDK's Opposition; and Dealers' Reply Brief not to exceed 15 pages. CDK did not object in principle to Dealers' request to enlarge the page limits; however, they would only agree if Dealers and Vendors agreed to CDK submitting an omnibus brief equal in length to the combined total of Dealers' and Vendors' Opening Briefs as well as a two-week extension to the briefing schedule. ECF No. 1418, ¶¶ 4, 5.

5.      Dealers and Vendors did not agree. *See* ECF Nos. 1419-21. On November 22, 2023, the Court granted Dealers' requested Opening Brief page enlargement to 25 pages as well as CDK's

requested Omnibus Response in the amount of 40 pages and CDK's requested two-week extension of the briefing schedule. ECF No. 1428.

6. However, as Dealers' deadline to submit their Opening Brief was on November 21, 2024 (the day prior to the Court's Order), they filed a brief of 15 pages because the extension was not granted as of the filing deadline. **Despite Dealers filing a brief of only 15 pages, CDK still chose to file an Omnibus Response in the amount of 40 pages (ECF No. 1456) (excluding exhibits and appendices), and thus had an extra 10 pages to respond to Dealers' and Vendors' 30 pages of cumulative Opening Briefing for class certification.**

7. The Court's aforementioned Order (ECF No. 1428) stated that "[s]hould this ruling generate a request for additional pages in the reply memorandum, counsel are free to make this request after receipt of CDK's consolidated response."

8. Accordingly, on March 22, 2024, Plaintiffs' counsel emailed CDK's counsel requesting 35 pages for their Reply Brief, stating a page enlargement was needed as "CDK's consolidated response contains almost 30 pages that are specific to Dealers or raise issues for both Dealers and Vendors."

9. On March 24, 2024, CDK counsel responded, opposing Dealers' request and proposing an extension of up to 25 pages.

10. On March 25, 2024, Plaintiffs' counsel responded that Dealers did not agree to CDK's proposal, nor with their email, and would be filing this Motion.

11. Contemporaneous with the filing of this Motion, the undersigned has transmitted a copy of a Proposed Order to Proposed_Order_Pallmeyer@ilnd.uscourts.gov with a copy to all counsel of record as required by the Case Procedures of Judge Pallmeyer.

For the foregoing reasons, Dealers respectfully request that the Court grant their motion to file a Reply Brief not to exceed 35 pages, exclusive of exhibits or appendices, in support of their

Motion for Class Certification.

Dated:  March 25, 2024                 Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Robert Wallner (*pro hac vice*)
John Hughes (*pro hac vice*)\*
Michael Acciavatti (*pro hac vice*)\*\*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza
Garden City, NY 11530
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com
rwallner@milberg.com
jhughes@milberg.com
macciavatti@milberg.com

*\*admitted in Michigan only*
*\*\*admitted in Pennsylvania only*

*Interim Lead Class Counsel for Dealership Class Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I, Peggy J. Wedgworth, an attorney, hereby certify that on March 25, 2024, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' MOTION FOR ADDITIONAL PAGES FOR THEIR REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth