**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litig.*, MDL 2817 | MDL No. 2817 Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| THE DEALERSHIP PUTATIVE CLASS ACTION | |

**CDK GLOBAL LLC'S RESPONSE TO THE PUTATIVE DEALER CLASS PLAINTIFFS' MOTION FOR ADDITIONAL PAGES FOR CLASS CERTIFICATION REPLY BRIEF**

CDK Global, LLC ("CDK") submits this response to Dealer Class Plaintiffs' ("Dealers" or "Plaintiffs") Motion for Additional Pages for their Class Certification Reply Brief, Dkt. No. 1463. As explained in further detail below, Dealers' request to more than double the page limit for their class certification reply brief from 15 to 35 pages (a 20-page increase), is inconsistent with the prior limits set by the Court and unfair to CDK. As CDK previously conveyed to Dealers, although CDK opposes this massive increase, CDK does not oppose a more reasonable 10-page extension of Dealers' page limit, from 15 to 25 pages. CDK respectfully requests that the Court deny Dealers' request for a 35-page reply brief and limit Dealers to a maximum of 25-pages. In support of its position, CDK states as follows:

1. Under the Local Rules, briefs are limited to 15 pages "without prior approval of the Court." Dealer Mot. ¶ 1 (Dkt. No. 1463); Local Rule 7.1.

2. In November 2023, days before their class certification motion was due, Dealers sought to increase their page limit for their opening class certification brief to 25 pages, which

CDK did not oppose in principle. *Id.* ¶ 4. Vendors did not seek any extension of the 15-page limit.

3. Given Dealers' request, CDK sought to file a 40-page omnibus response brief—the same total number of pages that Plaintiffs sought for their opening briefs—and a two-week extension of its filing deadline. *Id*. Plaintiffs opposed CDK's request. *Id.* ¶ 5.

4. As Dealers acknowledge, on Nov 22, 2023, the Court granted Dealers' request for a 25-page opening brief and CDK's requested 40-page omnibus brief and two-week extension. *Id;* Briefing Schedule Order (Dkt. No. 1428).

5. One day prior, on the original November 21, 2023 class certification deadline, Dealers and Vendors filed separate 15-page motions in support of class certification. Dkt. Nos. 1423-26. Consistent with the Court's Order regarding page limits and later orders regarding case deadlines, CDK filed a 40-page omnibus response brief on February 23, 2024. Dkt. No. 1457.

6. On March 22, 2024, Dealers asked CDK to agree to their filing a 35-page reply brief because, by their calculus, "almost 30 pages" of CDK's 40 page brief "are specific to dealers or raise issues for both Dealers and Vendors." Dealer Mot. ¶ 8 (Dkt. No. 1463). Vendors have not sought additional pages for their reply brief.

7. CDK disagreed that the requested increase from 15 to 35 pages, which would more than double the length of Dealers' reply brief, was appropriate. As CDK explained, the 35-pages that Dealers seek for their reply is more than the purported 30 pages in CDK's opposition brief that Dealers even contend apply to their issues. Ex. A, Correspondence Regarding Page Limits.

8. Nonetheless, in an attempt to compromise and avoid a dispute, CDK expressed its willingness to agree to a more reasonable 10-page extension from 15 pages to 25 pages. *See id.*

Dealers rejected CDK's offer and, the same day, filed their motion seeking 35-pages (20 additional pages) for their class certification reply brief. Dealer Mot. ¶¶ 8-10 (Dkt. No. 1463).

9. Dealers contend that they are entitled to 35-pages in reply because they only used 15 of 25 available pages for their opening brief. *Id*. ¶ 6. But their use of pages in their opening brief does not dictate the pages that are required to respond to CDK's opposition brief. Nor is it accurate to say that CDK's class certification opposition brief contains 30 pages of Dealer-specific argument. The brief opens with 11 pages of introductory and background material. *See* Dkt. No. 1457 at 1–11. The brief then includes 11 pages of argument specific to the Vendor class, *id.* at 12–23, 14-pages of argument specific to the Dealer classes, *id.* at 23–37, and 3-pages of argument discussing post-Reynolds-settlement market changes that apply to both the Dealers and Vendors alike, *id.* at 37–40. A twenty-five page reply brief (an amount equal to what Plaintiffs sought for their opening motion) is certainly sufficient to respond to the 17 pages of argument in CDK's opposition brief that could apply to Dealers.

10. Along with the filing of this Response, CDK has transmitted a copy of a Proposed Order to "Proposed_Order_Pallmeyer@ilnd.uscourts.gov" with a copy to all counsel of record as required by Judge Pallmeyer's Case Procedures.

\* \* \* \* \*

For the reasons outlined above, CDK does not oppose Dealers' request for additional pages, but asks that this Court limit Dealers' reply brief to 25 pages.

Dated: March 26, 2024					Respectfully Submitted,

								*/s/ Craig S. Primis*
								Craig S. Primis, P.C.
								Matthew J. Reilly, P.C.
								K. Winn Allen, P.C.
								Katherine Katz, P.C.

4

KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel: (202) 389-5000
craig.primis@kirkland.com
matt.reilly@kirkland.com
winn.allen@kirkland.com
katherine.katz@kirkland.com

Mark Filip, P.C.
Kevin M. Jonke
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
mark.filip@kirkland.com
kevin.jonke@kirkland.com

*Counsel for Defendant CDK Global, LLC*

4