# EXHIBIT 3

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

April 22, 2024

*Via Electronic Mail*

Katherine R. Katz
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Katherine.katz@kirkland.com

   Re: *In re: Dealer Management Systems Antitrust Litigation,*
      MDL No. 2817 (N.D. Ill.)

Dear Kate:

  I write in response to your April 17, 2024 letter regarding the production of the Authenticom refresh data. You asked for a response by today, which we are providing. However, I note that CDK originally raised issues regarding Authenticom's production by letter on March 25, 2024 and requested a response by March 27, 2024, which we provided. CDK then neglected to pursue this issue for over three weeks, finally responding to our letter on April 17. This pattern of CDK asking for responses on tight turnarounds, which we comply with, but then neglecting to respond for weeks calls into question whether CDK actually needs the information.

  In our March 27, 2024 letter and then again on our April 19 meet-and-confer, we already answered most questions that CDK has posed. With your verbal agreement that any information we provide in response to your questions is not a waiver of the attorney-client privilege, below we summarize questions that CDK has posed, and our responses:

- **Who requested the data?** AutoLoop requested the data.

- **What data was sought?** AutoLoop sought a refresh of the Authenticom data that Dr. Israel relied on in his August 26, 2019 expert report up to and including September 2023.

- **How was the request made?** The request was made verbally without a subpoena or written document request.

- **When was the data requested?** Based upon further inquiry, it appears that the first communication concerning Authenticom providing refreshed data occurred on January 25, 2024.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Letter to Counsel for CDK
Page 2

- **When was the data received?** The complete data that Dr. Israel relies upon was received on March 5, 2024. Over the following two weeks, we processed and prepared the data for production, which we did on March 23 to both CDK and counsel for the Dealers.

- **Who provided the data?** Authenticom provided the data.

- **Whether you received any other information from Authenticom that you did not produce?** We have produced all new and discoverable Authenticom data in our possession.

- **Have you requested data from any other third parties?** No, we have not.

By responding with this information, we have provided more than CDK is entitled to, but have done so for purposes of full disclosure and based on CDK's agreement that providing such information shall not constitute a waiver of any attorney-client or work-product privilege. As we have informed you, Kellogg Hansen continues to represent Authenticom in this ongoing litigation, including for purposes of responding to the request for refreshed data. Contrary to your suggestion, Authenticom is entitled to seek legal advice regarding this litigation and to have that legal advice (and the work product of its attorneys) be protected by privilege. *See*, *e.g.*, *In re Turkey Antitrust Litig.*, 2022 WL 797180, at *13 (N.D. Ill. Mar. 16, 2022) (proper to quash subpoena under Rule 26(c) seeking "third party documents that would constitute work product as defined by Rule 26(b)(3) if the third party was a party to this litigation") (citations omitted); *Timmermann's Ranch & Saddle Shop, Inc. v. Pace*, 2016 WL 1181792, at *2 (N.D. Ill. Mar. 28, 2016) ("[state's attorney] is entitled as a non-party to invoke the work-product privilege."); *Application of Sarrio*, 1995 WL 598988, at *3 (S.D.N.Y. Oct. 11, 1995) (attorney-client privilege applied to "legal advice with respect" to non-party's provision of information in litigation).

We trust this response resolves the matter.

Very truly yours,

*/s/ Daniel V. Dorris*

Daniel V. Dorris

cc: MDL Counsel Email List