# EXHIBIT 7

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

Katherine R. Katz
To Call Writer Directly:
+1 202 389 5184
katherine.katz@kirkland.com

1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

April 17, 2024

**BY EMAIL**

Daniel V. Dorris
Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C.
1615 M. Street, N.W., Suite 400
Washington, D.C. 20036-3215

Peggy J. Wedgworth
Milberg Coleman Bryson Phillips Grossman, LLC
100 Garden City Plaza, Suite 500
Garden City, NY 11350

Re: *In re Dealer Management System Antitrust Litig.*, MDL 2817 (N.D. Ill.)

Counsel:

I write regarding the new arguments and analyses that plaintiffs disclosed on April 12, 2024, totaling over 400 pages (not including hundreds of pages of appendices and exhibits or voluminous backup data). To help the Court assess the new information, argument, and case law that plaintiffs put forward for the first time in their reply materials, CDK intends to seek leave to file (1) a 25-page omnibus sur-reply brief in opposition to both motions for class certification, and (2) a supplemental expert report from Dr. Haider. Given the complexity and breadth of plaintiffs' new analyses, CDK will also seek a two-week extension of the current schedule to ensure CDK has sufficient opportunity to respond to these late disclosures. Additional points in support of CDK's requests are set out below. Please let us know, by no later than April 22, if plaintiffs will oppose CDK's request.

***Plaintiffs' Lopsided Filings And Fundamental Fairness Warrant Responsive Submissions.*** Plaintiffs have submitted 85 pages of briefing in support of class certification. Last week's reply briefs account for nearly two-thirds of the total—indeed, dealers' reply brief is twice as long as their opening brief. *Compare* Dkt. No. 1422-1 (vendors' 15-page opening brief), *with* Dkt. No. 1472 (vendors' 25-page reply brief), and *compare* Dkt. No. 1425 (dealers' 15-page opening brief), *with* Dkt. No. 1478 (dealers' 30-page reply brief). By contrast, CDK filed one 40-page omnibus brief opposing both motions. Thus, plaintiffs' total briefing is more than double the length of CDK's, and most of plaintiffs' briefing was submitted *after* CDK's opposition.

The latest reports by plaintiffs' experts also dwarf their past reports. For example, when vendors moved for class certification, Dr. Israel submitted an 18-page expert report that cross-

## KIRKLAND & ELLIS LLP

Daniel V. Dorris
Peggy J. Wedgworth
April 17, 2024
Page 2

referenced and largely restated certain opinions from his prior reports. By contrast, Dr. Israel's new report is 85 pages long—nearly five times the length of his original report. Similarly, when dealers moved for class certification, Dr. Williams submitted an 82-page report (plus 88 pages of analyses in appendices). Dr. Williams' latest report is more than twice as long: 206 pages, with another hundred pages of analyses in appendices. These discrepancies warrant a sur-reply and supplemental expert report. *See, e.g.*, *Marine Travelift Inc. v. ASCOM SpA*, 2015 WL 9008254, at *3 (E.D. Wis. Dec. 15, 2015) (allowing sur-reply "in the interest of fairness" where reply brief was "unusually long").

***Defendants Are Entitled To Respond To New Arguments and Analyses.*** Courts allow defendants to submit sur-replies and new reports to address legal arguments and expert analyses that plaintiffs raise for the first time in their class certification replies. *See, e.g.*, *Maplevale Farms, Inc. v. Mar-Jac Holdings, Inc.*, Case No. 1:16-cv-08637, Dkt. No. 4694 (N.D. Ill. May 21, 2021); *In re Opana ER Antitrust Litig.*, MDL No. 2580, Case No. 14-cv-10150, Dkt. No. 492 (N.D. Ill. Jan. 31, 2020); *In re Elec. Books Antitrust Litig.*, 2014 WL 1282293, at *8 (S.D.N.Y. Mar. 28, 2014). Here, there is no question that plaintiffs and their experts offer such new analyses.

Among other things, the vendors' reply brief and supplemental expert report raise the following the new issues:

- **New Vendor Class.** In their reply brief, vendors reduce the number of putative class members from 439 to 244—excluding 44% of the original proposed class. Now that vendors have redefined their class, CDK's prior briefing and expert analysis is out-of-date. CDK must be allowed to oppose the class that is now being proposed.

- **New Legal Arguments Based On New Expert Analysis.** In their opening brief, vendors argued that "antitrust injury is a common question" based on one theory of injury: "overcharges that resulted from Defendants' collusive practices." Dkt. No. 1422-01 at 12. Now, vendors incorrectly claim that "all vendors incurred antitrust injury whether or not they paid overcharges," Dkt. No. 1472 at 12, citing new caselaw (almost exclusively) and new opinions disclosed by Dr. Israel, Dkt. No. 1474-1 at ¶¶ 42-49. CDK is entitled to respond to these new misstatements of law by vendors and their expert.

- **New Data:** In his latest report, Dr. Israel relies on new data that was disclosed for the first time after all experts were deposed. CDK should be given the opportunity to respond to this new analysis.

## KIRKLAND & ELLIS LLP

Daniel V. Dorris
Peggy J. Wedgworth
April 17, 2024
Page 3

      The dealers' reply brief and supplemental expert report also raise new issues. For example:

- **New Expert Analyses:** Dr. Williams runs over a dozen new regressions in his class reply report, many of which are not proper "supplemental" analyses at all. Dkt. No. 1479-2. For example, Dr. Williams purports to now run analyses that "include" fee waivers, *id.* ¶¶ 15-28; he also conducts numerous analyses that supposedly account for other controls, *see, e.g.*, ¶¶ 78-83 (conducting new regressions regarding the effect of software PPI and COVID); ¶ 84 (conducting year-specific overcharge analyses); ¶¶ 235-40 (analyzing market structure's effect on common impact via an "HHI" index).

- **New Legal Analyses:** In their reply brief, dealers make new arguments about the presence of fee waivers in both the actual and but-for worlds that were never previously disclosed. *See* Dkt. 1478 at 5-6, 13-14.

- **New Cases:** Dealers also try to justify their overcharge, pass-through, and common impact analyses by citing over a dozen new cases and discussing them at length (across 15 pages) in Dr. Williams' 200-plus page reply report, *see* Dkt. 1479-2, ¶¶ 57, 100-114, 161, 172-198, 230, which dealers then incorporate by reference into their brief in an improper workaround to the page limit, *see* Dkt. No. 1478 at 12-13. CDK is entitled to explain why these new cases are not applicable and do not render Dr. Williams' analysis reliable.

- **New Data:** Like Dr. Israel, Dr. Williams relies on new data that was disclosed for the first time after all experts were deposed. CDK should be given the opportunity to respond to this new analysis.

\* \* \* \* \*

      Over the past few weeks, CDK has agreed to extend the page limits and deadlines for both vendors' and dealers' reply briefs. *See, e.g.,* 04/02/24 Eml. From K. Katz to J. Hafenbrack. CDK is hopeful that the parties can likewise reach agreement on CDK's reasonable requests without involving the Court. Please let us know whether you agree to CDK's requests for (1) leave to file a 25-page sur-reply brief and supplemental expert report, and (2) a two-week extension of the current briefing schedule.

      To the extent it would be helpful to reach resolution on this matter, we are available to meet and confer.

## KIRKLAND & ELLIS LLP

Daniel V. Dorris
Peggy J. Wedgworth
April 17, 2024
Page 4

                                                    Sincerely,

                                                    */s/ Katherine R. Katz*

CC:    MDL Counsel of Record        Katherine R. Katz