# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| ALL ACTIONS | |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANT CDK'S MOTION TO CLARIFY THE COURT'S ORDER

In response to CDK's motion for yet another extension of the case schedule (Dkt. 1490), and the Court's minute entry relating to that motion (Dkt. 1491), the Vendor Class and Dealer Class (collectively, "Plaintiffs") respectfully submit this opposition. CDK claims that its *Daubert* briefing due on May 20, 2024, should be extended to May 31, 2024, to coincide with the filing date for its sur-reply in opposition to class certification and supplemental expert report. But CDK's *Daubert* briefing does not depend on the supplemental expert report, which is to be limited to the Authenticom data refresh, and the Court should therefore deny CDK's motion.

This Court granted CDK's motion for a supplemental expert report and sur-reply only in part, stating that any "supplemental expert submission will be limited to a single report addressing the Authenticom data refresh." Dkt. 1489. We understand the Court to have given CDK the opportunity to supplement its own expert analysis to account for the updated Authenticom data. But CDK's desire to update its own expert report does not warrant extending its deadline for replying to Vendors' and Dealers' oppositions to CDK's motions to exclude their respective expert opinions, nor opposing Dealers' motion to exclude CDK's expert.

**1.** CDK's *Daubert* motion of Dr. Israel challenged (1) his deposition testimony regarding antitrust injury in this case; (2) the "average overcharge" method used in his "before-

and-during" ("B&D") model; (3) his damages estimates because, CDK claims, damages ceased at some unspecified point in time; and (4) the use of his "differences-in-differences" ("DID") model to project damages after April 2019 because, at the time of his opening class report, Dr. Israel had not re-run it with refreshed Authenticom data. *See* Dkt. 1459-1. None of these arguments is dependent on CDK's supplemental expert report. The first three challenges did not involve Authenticom data at all. And the last one overstated AutoLoop's burden on class certification: as Dr. Israel explained in his opening class report, he could update his DID model once he obtained the updated Authenticom data, which is all that class certification requires. *See* Dkt. 1470, at 13. CDK can address that legal question in its *Daubert* reply. To moot CDK's challenge, Dr. Israel also re-ran his DID model with the refreshed Authenticom data. But having mooted CDK's lone argument against Dr. Israel's DID model at class certification, CDK cannot come up with new arguments in a supplemental expert report. That is especially true as the Court already found Dr. Israel's DID regressions to be reliable (at *Daubert*, Dkt. 1321 at 22-29), and sufficient for the jury to credit as the basis for awarding damages (at summary judgment, Dkt. 1381 at 68-74).

**2.** The same is true with respect to CDK's *Daubert* motion concerning Dealers' expert, Dr. Williams. The vast majority of Dealers' *Daubert* opposition – discussing fee waivers, the dummy variable model, pass-through rates and common impact analysis – is *not* premised on the Authenticom data refresh. And in its motion (at 2), CDK overstates the few references to updated Authenticom data in Dealers' *Daubert* opposition. These references, however, serve only to "confirm" Dr. Williams' prior analysis and conclusions in his opening class report that control group pricing did not markedly differ after April 2019. *See*, *e.g.*, Dkt. 1476 at 6, 19. This is not a new argument for CDK's expert to address. And, as with Dr. Israel's model, Dr. Williams' DID

model was already found to be sufficiently reliable for a jury. *See* Dkt. 1321 at 44-47 and Dkt. 1381 at 80-82. Moreover, CDK duplicated the control group pricing argument in its opposition to class certification (*see* Dkt. 1456 at 26) so it can more appropriately address the argument in its sur-reply due on May 31 in any event.

**3.** Finally, putting aside CDK's reply *Daubert* briefing regarding Drs. Williams and Israel, Dealers' *Daubert* motion on CDK's expert, Dr. Haider, is focused exclusively on the treatment of CDK's *data integration fee waivers and has nothing to do with the updated Authenticom data*. Thus, CDK has no reason in its *Daubert* opposition to reference its supplemental expert report due on May 31 (which is limited to the Authenticom data refresh). Moreover, CDK's proposed schedule would create an unfairly compressed and disproportionate schedule for Dealers. Under the current *Daubert* schedule (Dkt. 1467), after CDK files its opposition on May 20 to Dealers' 7-page *Daubert* motion, Dealers have 21 days to file their reply on June 10. If all of CDK's *Daubert* filings are moved to May 31, that would leave Dealers just 10 days to file their Dr. Haider *Daubert* reply (in addition to their response to CDK's sur-reply and accompanying supplemental expert report). However, should the Court decide CDK's *Daubert* replies regarding Drs. Williams and Israel are due on May 31, Dealers request CDK's *Daubert* opposition on Dr. Haider remains due on May 20 so Dealers have sufficient time to reply.

\* \* \* \* \*

The Court should put an end to CDK's repeated requests for extensions of the case schedule so that this long-running MDL can move forward. CDK's motion to clarify is an attempt re-litigate the class certification schedule ordered by the Court just two weeks ago and to modify the existing schedule yet again to receive an unwarranted extension for its *Daubert* briefing.

3

| | |
|---|---|
| Dated: May 14, 2024 | Respectfully submitted, |
| */s/ Peggy J. Wedgworth* | */s/ Derek T. Ho* |
| Peggy J. Wedgworth | Derek T. Ho |
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** | **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.** |
| 100 Garden City Plaza, Suite 500 | 1615 M Street, N.W., Suite 400 |
| Garden City, New York 11350 | Washington, D.C. 20036 |
| (212) 594-5300 | (202) 326-7900 |
| pwedgworth@milberg.com | dho@kellogghansen.com |
| *MDL Co-Lead Counsel and Interim Lead Counsel representing the Dealership Class Plaintiffs* | *MDL Co-Lead Counsel and Interim Class Counsel representing Loop, LLC, d/b/a AutoLoop on behalf of itself and all others similarly situated* |

## CERTIFICATE OF SERVICE

I, Derek T. Ho, an attorney, hereby certify that on May 14, 2024, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT CDK'S MOTION TO CLARIFY THE COURT'S ORDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Derek T. Ho*
Derek T. Ho
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com