**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817<br>Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| THE DEALERSHIP CLASS ACTION | |

**DEALERSHIP CLASS PLAINTIFFS' MOTION TO STRIKE THE
VENDOR CLASS'S STATEMENT OF INTEREST AND SUPPLEMENTAL
EXPERT REPORT OF MARK A. ISRAEL REGARDING DEALERS' MOTION TO
<u>EXCLUDE THE TESTIMONY OF DR. LAILA HAIDER</u>**

**INTRODUCTION**

The Court's May 15, 2024 Order denied CDK's recent attempt to alter the current class certification briefing schedule (a motion which Dealers and Vendors jointly opposed; *see* ECF No. 1492), stating in pertinent part: "the court … is concerned about the time available for a ruling" (ECF No. 1493). Despite that ruling – just five days later – Vendors filed an unauthorized and unwarranted Statement of Interest ("Statement")(ECF No. 1494) with yet *another* expert report (ECF No. 1494-1) addressing the *Dealers'* motion seeking to exclude the testimony of *CDK's* expert, Dr. Laila Haider ("Haider *Daubert* Motion") (ECF No. 1477).

The Vendors, however, are *not a party* to the Dealership Class Action (as acknowledged in the Vendors' Statement caption).[1] The Haider *Daubert* Motion was filed *only* in the Dealers' case, not the Vendors' case, and the Motion contains no critiques of Vendors' expert, Dr. Israel. Moreover, the Court's ruling on the Haider *Daubert* Motion will have no effect on the Vendors' case (or even on CDK's pending *Daubert* motion (ECF No. 1459) to exclude Dr. Israel in their case). In short, Vendors have no "interest" in the Haider *Daubert* Motion.

By filing their Statement in the Dealers' action, Vendors violated Local Rule 5.6. The Vendors' conduct is particularly egregious in light of their joint briefing with Dealers over the last month opposing *CDK's* attempt to modify the briefing schedule. Vendors now attempt to do the same but fail to seek (much less obtain) leave to file their Statement. If the Vendors' filing is allowed to stand, Dealers should be permitted to file a response, including a supplemental expert report.[2] However, all

---

[1] The caption says Vendors' Statement "Relates to: THE DEALERSHIP CLASS ACTION", not "THE VENDOR CLASS ACTION" or even "ALL" actions. ECF No. 1494 at 1.

[2] A response is necessary to correct misstatements in Vendors' Statement and supplemental expert report. For example, contrary to Vendors' allegation that Dr. Williams "pretend[s] that these fee

1

this additional and unnecessary briefing, as discussed below, will only delay the Court's decision on class certification, prejudicing Dealers. These end-runs around the class certification schedule must stop. Accordingly, Dealers respectfully request the Court strike the Vendors' Statement and accompanying expert report.

## RELEVANT BACKGROUND

As the Court is aware, there have been numerous modifications and extensions to the initial briefing schedule for class certification (ECF No. 1390) which was set to conclude on February 6, 2024. Dealers filed the Haider *Daubert* Motion on April 12, 2024. ECF No. 1477. At no time in the last five weeks – despite Dealers and Vendors filing two joint motions (ECF Nos. 1488 & 1492) during that time period in opposition to CDK's attempts to modify the existing schedule – did Vendors request leave to file their Statement of Interest and supplemental expert report (which also modifies the existing schedule). On May 20, 2024, Vendors filed their Statement and accompanying expert report (ECF No. 1494) addressing the *Dealers'* 7-page motion seeking to exclude the testimony of *CDK's* expert, Dr. Laila Haider. ECF No. 1477.

## ARGUMENT

Local Rule 5.6 provides:

> No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. *Should any such document be accepted inadvertently or by mistake in the absence of such an order, it may be stricken by the court* on its own motion and without notice.

---

waivers *did not happen in the actual world*" (ECF No 1494 at 2) (emphasis in original), in fact, Dr. Williams held fee waivers *constant* in both the actual and but-for worlds. *See* ECF No. 1476, Williams *Daubert* Opp. at 5.

2

N.D. Ill. Local Rule 5.6 (emphasis added). By filing their Statement without court approval, the Vendors clearly violated the rule. *See Rubin v. Islamic Republic of Iran*, 2008 WL 2531197, at \*1 (N.D. Ill. June 25, 2008) (striking motion to dismiss filed by plaintiffs in *related case* who moved to dismiss original plaintiff's complaint "[b]ecause … plaintiffs are not parties to this case"); *Libertarian Party of Illinois v. Pritzker*, 2020 WL 6600960, at \*2 (N.D. Ill. Sept. 10, 2020) ("Compliance with Local Rule 5.6 is not optional. Light is not a party and has not sought or received the Court's approval to file anything in this case. Accordingly, the Court strikes Light's [filings]."); *Hines v. Sav-A-Lot/Supervalu, Inc.*, 2007 WL 1317132, at \*2 (N.D. Ill. May 3, 2007).

Moreover, Vendors' conduct has unduly prejudiced the Dealers. The Court's consideration of the Vendors' Statement (including its accompanying expert report), plus Dealers' possible *additional briefing (and a supplemental expert report)* to address Vendors' arguments, could delay the Court's decision on class certification. As Vendors told the Court in February 2024: "[t]hese repeated delays [to the class certification schedule] are prejudicial to the … Class's efforts to obtain class certification and trial in this already long-running case." ECF No. 1454 at 1 n.1. Moreover, Dealers will spend unnecessary time and expense on another filing and yet another expert report to address non-party Vendors' Statement submitted for the needless purpose "to make clear that there is no dispute between the *Vendor Class* and CDK" on the treatment of fee waivers. ECF No. 1494 at 1 (emphasis added). But CDK never claimed a dispute and this a point that has been already made in CDK's briefing,[3] thus Vendors' Statement is not only impermissible, but redundant.

---

[3] *See, e.g.*, Haider *Daubert* Opp., ECF No. 1499 at 1, 6, 8; Williams *Daubert* Reply, ECF No. 1498 at 2, 6; May 20, 2024 Haider Decl., ECF No. 1495-3 ¶ 14.

## **CONCLUSION**

The Court should strike Vendors' Statement of Interest (ECF No. 1494) and accompanying expert report (ECF No. 1494-1) from the docket. Alternatively, Dealers should be permitted to file a response and accompanying expert report to Vendors' Statement on June 10, 2024.

Dated: May 23, 2024

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Elizabeth McKenna
Robert A. Wallner
John Hughes*
Michael Acciavatti**
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11350
(212) 594-5300
pwedgworth@milberg.com
emckenna@milberg.com
rwallner@milberg.com
jhughes@milberg.com
macciavatti@milberg.com
  * *Admitted in Michigan only*
  ** *Admitted in Pennsylvania only*

*MDL Co-Lead Counsel and Interim Lead Counsel representing the Dealership Class Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Peggy J. Wedgworth, an attorney, hereby certify that on May 23, 2024, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' MOTION TO STRIKE THE VENDOR CLASS'S STATEMENT OF INTEREST AND SUPPLEMENTAL EXPERT REPORT OF MARK A. ISRAEL REGARDING DEALERS' MOTION TO EXCLUDE THE TESTIMONY OF DR. LAILA HAIDER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth