IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Dealer Management Systems Antitrust Litig.*, MDL 2817 | MDL No. 2817 <br> Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| THE VENDOR PUTATIVE CLASS ACTION | |
| THE DEALERSHIP PUTATIVE CLASS ACTION | |

**CDK GLOBAL LLC'S OPPOSITION TO DEALERS' MOTION TO STRIKE**

CDK respectfully submits this opposition to Dealers' motion to strike Vendors' statement of interest and accompanying supplemental expert report, ECF No. 1500.

1. On May 20, 2024, Vendors filed a statement and a signed declaration from their expert supporting CDK's expert Dr. Laila Haider's opinion that Dealers' expert Dr. Michael Williams improperly excluded hundreds of thousands of zero-price transactions associated with CDK's contractual fee waivers from his regression analyses, rendering his damages and injury analyses unreliable. *See* ECF No. 1494 at 1-2. Vendors stated that there is "no dispute between Vendor Class and CDK" that a "valid" regression must consider zero-price transactions caused by fee waivers. *Id*.

2. Vendors' expert Dr. Mark Israel supported this position. In his declaration, Dr. Israel explained that "Dr. Haider was justified to include the zero-price fee waiver transactions in her regression analysis" and it would be a "fundamental econometric error to exclude all the zero-price fee waiver transactions." ECF No. 1494-1 ¶ 4. Dr. Israel made clear that the failure to

include these zero-price fee waivers (as Dr. Williams did) would lead to "biased—and thus invalid and unreliable—regression results." *Id.* ¶ 9.

3. On May 23, 2024, Dealers filed a motion to strike Vendors' statement and expert report contending that it prejudiced Dealers and violated local rules. ECF No. 1500 at 2-3.

4. On May 24, 2024, Vendors filed a response disputing the grounds for Dealers' motion to strike. They noted that the "Vendor class had every right to ensure its position was clear on a matter that could implicate the treatment of its own expert's testimony," especially where Dealers' expert had made such a "fundamental econometric error." ECF No. 1501 at 1. But, given Dealers' position that "the Court's ruling on the Haider Daubert Motion will have no effect on Vendors' case," Vendors "voluntarily [] withdr[ew] [their] statement and accompanying expert report[.]" *Id.* at 2.

5. On May 29, 2024, Dealers filed a reply requesting that the Court strike the Vendors' statement and accompanying expert report and remove them from the docket. ECF No. 1502 at 1. CDK disagrees that these materials should be stricken. Dealers did not provide any justification for their motion. *Id.* And, in any event, motions to strike are "disfavored and usually denied." *S.E.C. v. Fisher*, 2008 WL 2062699, at *9 (N.D. Ill. May 13, 2008). A motion to strike should only be granted where "it is clear that it can have no possible bearing on the subject matter of the litigation." *Burke v. Chicago School Reform Board of Trustees*, 169 F. Supp. 2d 843, 846 (N.D. Ill. 2001). Courts routinely refuse to strike expert reports and other evidence from the record. *See Ross v. Am. Red Cross*, 2012 WL 2090511, at *4 (S.D. Ohio Jan. 11, 2012) (disqualifying expert but refusing to strike expert report where defendant offered no "substantive discussion as to why it is necessary to take the added step of striking Moore's expert report from the record"; for

2

example, defendant did not explain whether the report "itself contains privileged or otherwise confidential information"), *aff'd*, 567 F. App'x 296 (6th Cir. 2014).

6. Additionally, there can be no dispute that Vendors' statement of interest and Dr. Israel's supplemental expert report are important and relevant to this case. *See* ECF No. 1494-1. Not only does Dr. Israel explain the value and importance of considering fee waivers in his regression analysis—an issue on which Dealers' *Daubert* motion seeks to exclude Dr. Haider, *see* ECF No. 1477-1 at 3-7—but Dr. Israel explicitly concludes that it is *Dealers'* expert Dr. Williams' who has "biased—and thus invalid and unreliable—regression results." ECF No. 1494-1 ¶ 9. This is critical expert testimony in this case, where Dealers' arguments for class certification rely on Williams' regressions. *See* ECF No. 1478 at 12-16.

7. At the very least, CDK should be permitted to rely on Dr. Israel's statements in his supplemental report. Plaintiffs do not provide any reason that the Court should ignore these statements and numerous Courts have relied on expert evidence even when it is purportedly withdrawn. *Aregood v. Givaudan Flavors Corp.*, 2016 WL 1718289, at *2 (S.D. Ind. Apr. 29, 2016) (suggesting that plaintiffs "may benefit" from their expert's "past involvement" despite his withdrawal from the case); *Benham v. Ozark Materials River Rock, LLC*, 885 F.3d 1267, 1275-76 (10th Cir. 2018) (concluding that district court did not abuse its discretion in admitting evidence prepared by a withdrawn expert); *CadleRock Joint Venture, L.P. v. Royal Indem. Co.*, 2012 WL 511531, at *1 n.3 (N.D. Ohio Feb. 15, 2012) (suggesting that plaintiff could use withdrawn testimony and expert reports at trial).

8. CDK thus respectfully requests that the Court deny Dealers' request. In the alternative, CDK respectfully requests that the Court permit CDK to rely on Vendors' expert's signed declaration that Dealers' expert's approach is flawed and unreliable.

Dated: May 30, 2024

Respectfully Submitted,

*/s/ Mark Filip, P.C.*
Craig S. Primis, P.C.
Matthew J. Reilly, P.C.
K. Winn Allen, P.C.
Katherine Katz, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel: (202) 389-5000
craig.primis@kirkland.com
matt.reilly@kirkland.com
winn.allen@kirkland.com
katherine.katz@kirkland.com

Mark Filip, P.C.
Kevin M. Jonke
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000
mark.filip@kirkland.com
kevin.jonke@kirkland.com

*Counsel for Defendant CDK Global, LLC*

**CERTIFICATE OF SERVICE**

       I, Mark Filip, an attorney, hereby certify that on May 30, 2024, I caused a true and correct copy of the foregoing **CDK GLOBAL LLC'S OPPOSITION TO DEALERS' MOTION TO STRIKE** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                    */s/ Mark Filip, P.C.*
                                                    Mark Filip, P.C.