**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | MDL No. 2817 <br> Case No. 18-cv-00864 |
| This Document Relates To: | Hon. Rebecca R. Pallmeyer |
| THE DEALERSHIP CLASS ACTION | |

**DEALERSHIP CLASS PLAINTIFFS' MOTION REQUESTING CLARIFICATION OF
THE COURT'S MAY 2, 2024 ORDER (ECF NO. 1489)**

Dealers respectfully request the Court clarify its May 2, 2024 Order (ECF No. 1489) regarding CDK's Sur-Reply in Opposition to Class Certification filed on May 31, 2024 (ECF No. 1510, "Sur-Reply"). *First*, the Court granted CDK a 15-page Sur-Reply (not 25-pages as CDK originally requested). Despite that, CDK filed what is essentially a **26-page** brief. In addition to its 15-page Sur-Reply (12 of those pages devoted to arguments against Dealers), CDK filed an **11-page** single-spaced Appendix "G" addressing Dealers' state-law arguments,[1] including a single-spaced footnote (amounting to a full page) (ECF No. 1510, App'x G at 11 n.1) of legal argument on state law harmonization provisions – an argument CDK waived, having failed to address Dealers' harmonization argument in its class certification opposition.[2] *Second*, except for *one* argument in its sur-reply (Section II.B), virtually none of CDK's arguments against Dealers in its Sur-Reply or Appendix G was addressed in CDK's motion (ECF No. 1487 at 5-6), which detailed the arguments it alleged necessitated a sur-reply. CDK *never* requested a sur-reply on[3] Dealers' nationwide and injunctive relief classes (Sections III.A & B), and state law arguments (Appendix G). Nor could it – CDK claimed a sur-reply was needed to address Dealers' expert's analysis, primarily pertaining to the Authenticom

---

[1] Notably, Dealers' state law arguments were all contained *within* its class certification reply. *See* ECF No. 1478 at 19-27.

[2] In the very page of Dealers' reply brief that CDK references in Appendix G, n.1 (citing Dealer Reply at 20), Dealers had noted: "CDK ignores Dealers' appendices showing the harmonization of state antitrust and consumer protection laws with federal law under the Sherman Act and FTC Act. *See* Dealer Br. at App'x B & C. By failing to refute the proposition, CDK effectively concedes that proving the elements of federal antitrust law suffices to establish liability under Dealers' state antitrust and consumer protection laws …."

[3] In reference to class action waivers (Sur-Reply, Section II.A), CDK requested a sur-reply in reference to *Vendors* because they revised their class definition *and provided expert analysis* on the newly defined class. *See* ECF No. 1487 at 4, 5, 7. In contrast, the three bullet points detailing Dealer issues where CDK requested a sur-reply, tellingly, make no mention of class action waivers. *Id.* at 5-6. CDK merely mentions, in a footnote in a section pertaining to Vendors, that in contrast to Vendors, Dealers argued class action waivers in their Master Service Agreements are enforceable (Dealers, in fact, argued that the waivers were *not* enforceable). *Id.* at 4, n.2. CDK should not be permitted to address class action waivers in its sur-reply.

data refresh by Vendors. *See* ECF No. 1487 at 1-3, 5. CDK has taken advantage of being granted a sur-reply to now make arguments regarding issues it either failed to address at all (and thus waived) in its opposition, or to attempt to correct and clean-up arguments it made previously. CDK's request for a sur-reply did not request an opportunity to make new arguments that it could or should have made and failed to do so in its opposition.

1. On April 26, 2024, CDK requested a 25-page sur-reply, accompanying expert report, and two-week extension to address certain issues in Dealers' and Vendors' (collectively, "Plaintiffs") class certification reply briefing – primarily resulting from the Authenticom data refresh by Vendors months earlier. ECF No. 1487. That request detailed *specific* issues CDK wanted to address in the Dealers' reply briefing: fee waivers, as well as Dr. Michael Williams' (Dealers' expert) regression methods, Dr. Williams' "new analyses incorporating new controls and data", and his "new analyses related to the post 2019 period." *Id.* at 5-6. After receiving Plaintiffs' opposition (ECF No. 1488), the Court ordered in pertinent part:

> *Having reviewed the parties' submissions, the court grants CDK's motion [1487]] in part and denies it in part.* CDK will have leave to file a sur−reply of no more than 15 pages on or before May 31, 2024. Each Plaintiffs' group (Dealers and Vendors) will have leave to file a seven−page sur−response, no later than June 10, 2024. The court declines to limit the topics to be addressed in the supplemental briefs but expects that any party's supplemental expert submission will be limited to a single report addressing the Authenticom data refresh.

ECF No. 1489 (emphasis added).

Thus, while Plaintiffs had initially offered a compromise to CDK to limit its sur-reply to the Authenticom data refresh (*see* ECF No. 1488 at 3, 9) it was Dealers' understanding that while the Court was not limiting topics CDK could address in its sur-reply, based on the language of the Order ("having reviewed the parties' submissions ….") the topics would be those specified by CDK that it alleged necessitated a sur-reply. ECF No. 1487 at 5-6. It is clear that Sections II.A, III.A & B and

2

Appendix G in CDK's Sur-Reply (class action waiver, Dealers' nationwide and injunctive relief classes, and state law arguments) were *not* among the issues CDK detailed in requesting a sur-reply. As such, CDK violated the Order and those arguments should not be considered by the Court. Therefore, Dealers request the Court strike Sections II.A and III.A & B and Appendix G of CDK's Sur-Reply.

2. Additionally, CDK clearly violated the 15-pages permitted by the Court by filing its 11-page Appendix G filled with legal argument – most egregiously a single-spaced footnote on page 11 that amounts to a full page of legal briefing. CDK should not be allowed to make an end-run on the Court's order on page limits. Accordingly, at a minimum, Dealers request the Court strike CDK's Appendix G.

3. CDK devoted 12 pages of its 15-page Sur-Reply, plus an 11-page appendix, to Dealer arguments. Additionally, CDK filed a 61-page expert report, which includes ten new figures and tables.[4] While CDK had 29 days to submit these filings, Dealers currently have 11 days. Therefore, should the Court allow CDK's Sur-Reply and/or Appendix G to stand, Dealers respectfully request a one-week extension, until June 17, 2024, and an additional 3 pages for its response (10 pages total) plus an appendix, to CDK's Sur-Reply to file their brief and accompanying expert report.[5]

---

[4] Dr. Haider's 61-page supplemental report ("Haider Supp.") runs far afield of this Court's Order that the expert submission be "limited to … the Authenticom data refresh" and improperly expands on unrelated criticisms of Dr. Williams' methodology. Dr. Haider spends over 10 pages of her report to address fee waivers which is covered in additional *Daubert* briefing. *See* Haider Supp., Section III.A. Dr. Haider's argument regarding non-refreshed SIS data as a control is an obvious violation of this Court's limitation. *See id.*, Section C., Fig. 5. Likewise, Section D, entitled, "Dr. Williams' Claim that his Methodology is not Circular is Wrong" is unrelated to the new Authenticom data, but nonetheless expands the material to which Dealers must now respond.

[5] Dealers' reply *Daubert* motion on CDK's expert, Dr. Haider, would remain due on June 10, 2024, with Dr. Williams' expert report due on the date of the Dealers' response.

## CONCLUSION

Dealers respectfully request (1) the Court clarify its Order (ECF No. 1489), striking Sections II.A and III.A & B and Appendix G of CDK's Sur-Reply because they are outside the scope of the Court's Order. In the alternative, Dealers request the Court strike CDK's Appendix G because it violates the Court's order on page limitations. Should the Court allow CDK's Sur-Reply and/or Appendix G to stand, Dealers respectfully request an extension until June 17, 2024 to file a ten-page response, an appendix, and an accompanying expert report.

Dated: June 3, 2024    Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth
Elizabeth McKenna
Robert A. Wallner
John Hughes*
Michael Acciavatti**
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
(212) 594-5300
pwedgworth@milberg.com
emckenna@milberg.com
rwallner@milberg.com
jhughes@milberg.com
macciavatti@milberg.com
   *  *Admitted in Michigan only*
   ** *Admitted in Pennsylvania only*

*MDL Co-Lead Counsel and Interim Lead Counsel representing the Dealership Class Plaintiffs*

4

**CERTIFICATE OF SERVICE**

   I, Peggy J. Wedgworth, an attorney, hereby certify that on June 3, 2024, I caused a true and correct copy of the foregoing **DEALERSHIP CLASS PLAINTIFFS' MOTION REQUESTING CLARIFICATION OF THE COURT'S MAY 2, 2024 ORDER (ECF NO. 1489)** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                */s/ Peggy J. Wedgworth*
                Peggy J. Wedgworth

5