# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DEALERSHIP CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer |

**DECLARATION OF PEGGY J. WEDGWORTH IN SUPPORT OF DEALERSHIP CLASS PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT CDK GLOBAL, LLC AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS**

I Peggy J. Wedgworth, pursuant to 28 USC § 1746 declare as follows:

1. I am a senior partner at Milberg Coleman Bryson Grossman, PLLC. During the pendency of this litigation, my firm has represented Dealership Class Plaintiffs ("Dealership Plaintiffs") in the above-captioned matter as Dealership Interim Lead Class Counsel and MDL Co-Lead Counsel ("Lead Counsel").

2. I respectfully submit this Declaration in support of Dealership Class Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant CDK Global, LLC ("CDK") and for Conditional Certification of the Proposed Settlement Class, filed contemporaneously herewith.

3. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify as to the matters stated herein.

4. On behalf of Dealership Plaintiffs, I, along with partners from my firm, personally conducted settlement negotiations with counsel for CDK in-person and telephonically over an

extended period of time in the latter part of 2023 with no agreement reached. Settlement negotiations resumed following the class certification hearing held on July 2, 2024, and a settlement agreement in principle was reached on July 12, 2024. The parties' counsel executed the proposed Settlement Agreement on August 15, 2024. Dealership Class counsel and CDK counsel, all highly experienced and capable attorneys, vigorously advocated their respective clients' positions throughout the settlement negotiations. There was no collusion among counsel for the parties at any time during these negotiations. To the contrary, the negotiations were contentious, hard-fought and fully informed. In engaging in these settlement discussions, counsel for Dealership Plaintiffs were focused on obtaining the greatest monetary benefit possible from CDK on behalf of the Class, concluding the lawsuit and establishing a fair and final resolution for all involved.

5. A true and correct copy of the Settlement Agreement between the Dealership Class and CDK, fully executed on August 15, 2024, is attached to this Declaration as **Exhibit A**.

6. As part of the Settlement, CDK has agreed to pay settlement consideration of $100 million and $250,000 towards notice and claims administration costs into an escrow account, for the benefit of Dealership Plaintiffs, no later than thirty (30) days after the Court's preliminary approval of the Settlement. Dealership Plaintiffs previously settled with Defendant The Reynolds and Reynolds Company ("Reynolds") for $29.5 million ("Reynolds Settlement") and the Court granted final approval of the Reynolds Settlement on January 23, 2019 (ECF No. 502). The Reynolds Settlement funds have been in an interest-bearing escrow account since that time, and the claims submission and distribution process will include both the CDK and Reynolds Settlement funds. The Reynolds Settlement and the CDK Settlement bring the total amount recovered by Dealership Plaintiffs to $129.5 million, plus interest.

7.      The proposed CDK Settlement Class consists of all persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds, or any predecessor, successor, subsidiary, joint venture or affiliate, during the period September 1, 2013 through August 15, 2024. Excluded from the CDK Settlement Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

8.      The CDK Settlement follows extensive, protracted arm's-length negotiations between the parties. Dealership Plaintiffs' counsel, having spent tens of thousands of hours over almost seven years advancing Dealership Plaintiffs' claims, was well-informed of the facts and the benefits, and risks and consequences of the proposed Settlement with CDK. Counsel thoroughly evaluated the strengths and weaknesses of the parties' respective litigation positions in relation to the Settlement through investigation, discovery, research, motion practice and settlement discussions, as well as balanced the value of Dealership Plaintiffs' claims against the substantial risks and expense of continuing litigation and trial (which was scheduled for September 2024), as well as potential post-trial appeals.

9.      Lead Counsel filed this case in this matter on October 19, 2017 and have litigated extensively over almost seven years to develop facts, economic theories, and models for class-wide damages. Discovery in this case has been considerable and far-reaching. Class Counsel negotiated discovery protocols and search terms and reviewed over 1.2 million documents. Class Counsel took or defended over one hundred depositions, including those of Defendants' then CEO's, employees and numerous expert witnesses, and subpoenaed at least thirty non-parties for data and information (taking several of their depositions). Class Representatives produced over

81,000 documents and almost all were deposed. There were multiple rounds of interrogatories and requests for production on both sides, as well as extensive motion practice, including discovery motions, summary judgment motions, a fully briefed and argued class certification motion and *Daubert* challenges. Prior to the parties settling, Dealership Plaintiffs' motion for class certification, the parties' additional *Daubert* motions, and CDK's motion pursuant to 28 U.S.C. § 1292 to certify for interlocutory appeal a portion of this Court's summary judgment decision, were pending.

10. Over my professional career, I have negotiated many settlements and prosecuted numerous antitrust class actions as lead counsel or in other leadership positions. In my opinion, the proposed Settlement with CDK is fair, reasonable, and adequate. The Settlement provides substantial monetary recovery to the Class, and avoids the delay, uncertainty and expense of continued litigation including the trial that was scheduled for September 2024 and any appeals.

11. Dealership Plaintiffs will continue to use the services of experienced class action administrator, Epiq Class Action and Claims Solutions, Inc. ("Epiq") to implement and administer a notice program ("Notice Program") for the CDK Settlement Class as well as the claims submission and funds distribution process for Class Members in both the CDK and Reynolds Settlement Classes. Epiq administered notice in the Reynolds settlement in 2018 and has been maintaining a settlement website for Dealership Plaintiffs since that time (www.dealershipclassDMSsettlement.com), where periodic updates on the case are posted. The details of the proposed Notice Program, which are even more robust than the notice program approved by this Court for the Reynolds Settlement (ECF No. 432 at 5-6), are discussed in our Motion and in the supporting Declaration of Epiq's Senior Vice President and Director of Legal Notice for Hilsoft Notifications, Cameron R. Azari, submitted contemporaneously herewith.

12. Dealership Plaintiffs have and will continue to consult with the previously retained expert economist, Dr. Michael Williams of Berkley Research Group, LLC, with regard to the creation and implementation of the Allocation Plan as well as the distribution of proceeds from both the CDK and Reynolds settlement funds. Dr. Williams has provided numerous expert reports on behalf of the Dealership Class in this matter over the past six years.

13. A true and correct copy of the Allocation Plan is attached to this Declaration as **Exhibit B**.

14. A true and correct copy of the Claim Form is attached to this Declaration as **Exhibit C**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Birmingham, Alabama this 16th day of August 2024.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth