IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DEALERSHIP CLASS ACTION | MDL No. 2817<br>Case No. 18-cv-00864<br><br>Hon. Rebecca R. Pallmeyer |

**PRELIMINARY APPROVAL ORDER FOR SETTLEMENT BETWEEN DEALERSHIP CLASS PLAINTIFFS AND CDK GLOBAL, LLC**

Dealership Class Plaintiffs ("Dealership Plaintiffs") having submitted their Unopposed Motion for Preliminary Approval of Settlement with Defendant CDK Global, LLC and for Conditional Certification of the Proposed Settlement Class (ECF No. 1528) ("Motion"), the Court having reviewed and considered the Motion and the accompanying documents and the parties to the settlement agreement ("Settlement" or "Agreement"), including Defendant CDK Global, LLC ("CDK") having consented to the entry of this Order;

IT IS HEREBY ORDERED AND ADJUDGED, as follows:

1. The Motion is GRANTED in its entirety. The Court hereby preliminarily approves the Settlement Agreement in its entirety subject to further consideration at a Final Approval Hearing (the "Settlement Hearing"), certifies the CDK Settlement Class, appoints Dealership Class Lead Counsel, Settlement Class Counsel, Dealership Class Representatives ("Class Representatives"), and the Settlement Administrator, and approves the Notice Plan.

2. The Declaration of Peggy J. Wedgworth in Support of the Motion (ECF No. 1528-1) ("Wedgworth Declaration") attaches as Exhibit A the Agreement that sets forth the terms and conditions for a proposed settlement of claims, on a classwide basis, against CDK. Capitalized

terms and phrases that are not defined in this Order shall have the same meanings ascribed to them in the Agreement.

3. The Court finds that Dealership Plaintiffs and CDK (collectively, the "Settling Parties") and their counsel are familiar with the claims being settled and the defenses asserted and have had the opportunity to conduct, and have conducted, extensive investigation and discovery relating to the claims alleged in the lawsuit, including propounding and responding to written discovery, inspection and review of documents, and conducting and defending depositions. The Settling Parties also conducted extensive motion practice, including a motion to dismiss, discovery motions, *Daubert* motions, and summary judgment motions, and have fully briefed and argued a pending class certification motion and class certification *Daubert* challenges.

4. The Court finds that the Settling Parties have investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted in the lawsuit. The Court further finds that the Settling Parties have considered the risk of trial (which had been scheduled to commence in September 2024) and the benefits to be obtained under the proposed Settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either party.

5. In deciding whether to grant preliminary approval of this Settlement, the Court has considered, among other things, (i) the strength of Dealership Plaintiffs' case compared to the terms of the proposed Settlement; (ii) the complexity, length, and expense of continued litigation and trial; (iii) the opinion of competent counsel; and (iv) the stage of the proceedings and the nature of this hard-fought litigation to date.

6. For purposes of the Settlement only, the Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied. For purposes of the proposed Settlement, the Court certifies a class ("CDK Settlement

Class") as follows:

> All persons and entities located in the United States engaged in the business of the retail sale of automobiles who purchased DMS from CDK and/or Reynolds ("Defendants"), or any predecessor, successor, subsidiary, joint venture or affiliate, during the period from September 1, 2013 through the date of the executed Agreement ("CDK Settlement Class Period"). Excluded from the CDK Settlement Class are Defendants, including any entity or division in which any Defendant has a controlling interest, as well as Defendants' joint ventures, subsidiaries, affiliates, assigns, and successors.

7. For purposes of the Settlement only, the Court preliminarily finds that:

   a. the CDK Settlement Class is so numerous that joinder of all members is impracticable, and includes thousands of class members located throughout the United States;

   b. there are questions of fact and law common to the CDK Settlement Class including, among other things, whether CDK and The Reynolds and Reynolds Company ("Reynolds") violated the Sherman Act;

   c. the claims of the Class Representatives are typical of the claims of the CDK Settlement Class;

   d. the Class Representatives and their counsel will fairly and adequately protect the interests of the CDK Settlement Class;

   e. questions of fact and law common to the members of the CDK Settlement Class predominate over any questions affecting only individual members; and

   f. a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8. For Settlement purposes only, the Court preliminarily approves the appointment of the Class Representatives listed in the Appendix to the Motion (ECF No. 1528) as representatives of the CDK Settlement Class.

9. The Court preliminarily approves and appoints Peggy J. Wedgworth and Milberg Coleman Bryson Phillips Grossman, PLLC as Dealership Class Lead Counsel pursuant to Rule

3

23(g) and finds Dealership Class Lead Counsel has and will fairly and adequately protect the interests of the CDK Settlement Class.

10. The Court preliminarily approves and appoints Leonard A. Bellavia and Bellavia Blatt, PC; Daniel Hedlund and Michelle Looby and Gustafson Gluek PLLC; James Barz and Frank Richter and Robbins Geller Rudman & Dowd LLP; and Robert A. Clifford and Clifford Law Offices, P.C. as Settlement Class Counsel.

11. The Court preliminarily finds that (i) the proposed settlement set forth in the Agreement (including the Allocation Plan and Claim Form submitted with the Motion), is fair reasonable and adequate, is within the range of possible final judicial approval under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the CDK Settlement Class; (ii) the Agreement resulted from arm's-length negotiations conducted without collusion and in good faith by the Settling Parties and reflects a Settlement that was reached voluntarily after consultation with experienced legal counsel; (iii) the Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal; (iv) the Agreement meets applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715.

12. The Court finds that the proposed Notice Plan as set forth in the Motion and Agreement, and more fully in the Declaration of Cameron R. Azari, Esq. Regarding Settlement Notice Plan and Notices ("Azari Declaration") complies Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to class members.[1] The Court approves the form, content, and requirements

---

[1] The Court also finds that the proposed Notice Plan will serve to provide notice to members of the previously certified settlement class under of the Dealership Plaintiffs January 2019 settlement with Reynolds regarding their right to participate in the claims process. *See* ECF No. 502.

4

of the Notice Plan substantially as described in the Azari Declaration. This includes the Email, Mail, Publication, Digital, and Long Form Notices, and Information Release substantially in the forms described and/or attached to the Azari Declaration as Attachments 2 to 7. The Court also approves the Allocation Plan and Claim Form attached as Exhibits B and C to the Wedgworth Declaration. The Settling Parties, by agreement, may revise the forms of Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

13. The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator and finds this Settlement Administrator is competent and has no conflicts of interest in serving as the Settlement Administrator. The Settlement Administrator shall supervise and administer the Notice Plan and the claims process.

14. The Settlement Administrator shall cause the Notice Plan to be completed. Dealership Class Lead Counsel shall, by the date provided in the Schedule below, provide the Court with a supplemental declaration from the Settlement Administrator attesting to the completion of the Notice Plan.

15. CDK shall issue notice contemplated by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 et seq. ("CAFA"). By the date provided in the Schedule below, CDK shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA.

16. The Settlement Administrator shall implement the claims process, which shall begin on the date identified in the Schedule as Notice to CDK Settlement Class and shall continue until the last day for class members (including members of the class previously certified in connection with the Reynolds settlement ("Reynolds Settlement Class") to submit a claim(s) and supporting documentation provided in the Schedule below.

17. All costs incurred in identifying and notifying CDK Settlement Class members

shall be paid as set forth in the Agreement.

18. Members of the CDK Settlement Class who wish to exclude themselves from the CDK Settlement Class may do so if, on or before the date provided in the Schedule below, they comply with the exclusion/opt-out procedures set forth in the Agreement and Notice. Any members of the CDK Settlement Class so excluded shall neither be bound by the terms of the Agreement nor entitled to any of its benefits. Any CDK Settlement Class Members who do not timely and validly request exclusion will be bound by all terms of the Agreement and by the Final Approval Order and judgment.

19. To request a valid exclusion, a CDK Settlement Class Member must send a signed letter by U.S. mail to the Settlement Administrator ("Request for Exclusion"). The Request for Exclusion must be signed by the Class Member seeking exclusion under penalty of perjury. To be valid, a Request for Exclusion must be postmarked on or before the Opt-Out Deadline. Additionally, a Request for Exclusion must set forth all of the following: (i) the specific statement that the person or entity is a member of the CDK Settlement Class and wants to be excluded from the Settlement with CDK in the Dealership Class Action, *In re Dealer Management Systems Antitrust Litigation,* MDL No. 2817, 18-cv-00864 (N.D. Ill.); (ii) the person's or entity's full name, address, email address and telephone number; (iii) all trade names or business names and addresses used by the person or entity; (iv) the number of and physical addresses in the state or U.S. territory for each of the rooftops requesting exclusion; (v) the identity of the person's or entity's counsel for each rooftop, if represented; (vi) the date(s) from September 1, 2013 to August 15, 2024 the person or entity entered into a contract for DMS services for each rooftop and with whom (i.e., CDK and/or Reynolds) the person or entity entered into the contract; (vii) the person's or entity's authorized representative's signature (under penalty of perjury) and title; and (vii) the date on which the Exclusion Request was signed.

6

20. The Request for Exclusion shall not be effective unless it provides the required information and is made by the date provided in the Schedule below, or the exclusion is otherwise accepted by the Court. So-called "mass" or "class" optouts shall not be allowed.

21. By the date provided in the Schedule below, Dealership Class Lead Counsel shall file or cause to be filed with the Court the Opt-Out List of all persons and entities who have timely and validly requested exclusion from the CDK Settlement Class. The Court will exclude from the CDK Settlement Class all persons and entities who submit timely and valid requests for exclusion.

22. The Settling Parties shall have the right to challenge the timeliness and validity of any Request for Exclusion. The Court shall determine whether any contested Exclusion Request is valid.

23. Any CDK Settlement Class Member who does not properly and timely request exclusion shall, upon final approval of the Settlement, be bound by the terms and provisions of the Agreement if finally approved, including but not limited to the releases, waivers and covenants described in the Agreement, whether or not such person or entity objected to the Settlement and whether or not such person or entity submits a claim to participate in the Settlement Fund.

24. Dealership Class Lead Counsel shall file a motion and supporting papers in support of Final Approval of the Settlement, including an application for attorneys' fees and expenses, and Class Representative service awards ("Fee and Expense Application"). By the date provided in the Schedule, this filing shall be posted on the Settlement Website.

25. Any CDK Settlement Class Member who has not submitted a timely request for exclusion may object to the fairness, reasonableness, or adequacy of the Agreement. Additionally, any such Class Member and any Class Member of the settlement class previously certified in connection with the Reynolds settlement may object to the Fee and Expense Application and/or Allocation Plan, as set forth in the Long-Form Notice attached to the Azari Declaration as

7

Attachment 7. No objections to the Agreement or the Fee and Expense Application or the Allocation Plan will be heard unless the objector has filed a valid and timely written objection.

26. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements set forth in the Long-Form Notice attached to the Azari Declaration as Attachment 7 shall be deemed to have waived any objections to the Agreement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Agreement. Filing an objection shall not extend the time to file a request for exclusion from the CDK Settlement Class

27. All briefs, memoranda and papers in response to any objections by no later than the date provided in the Schedule below.

28. If the Settlement is terminated, rescinded, or otherwise does not become Final, this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of July 21, 2024 without need for any further order of the Court and as outlined in the Status Quo Ante Provisions of the Agreement.

29. The Agreement, and any negotiations, documents, and discussions associated with the Agreement, shall not be deemed or construed to be an admission by any persons or evidence of any violation of any statute or law or of any liability or wrongdoing by CDK or the Dealership Class Plaintiffs, or of the truth of the claims or allegations in any complaint or any other pleading filed in this action, and evidence thereof shall not be discoverable or used directly or indirectly in this or any other action.

30. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a hearing (the "Settlement Hearing") on the date and time provided in the Schedule below. The

Settlement Hearing will be held for the following purposes:

    a. to determine that the Court has subject matter jurisdiction, and personal jurisdiction over the CDK Settlement Class Plaintiffs, CDK, and CDK Settlement Class members for the purpose of approving and enforcing the Agreement;

    b. to determine finally whether the CDK Settlement Class satisfies the requirements of a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and applicable case law;

    c. to determine whether the Notice Plan satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

    d. to determine whether to finally approve the Agreement as fair, reasonable and adequate, and directing consummation of the Agreement pursuant to its terms;

    e. to determine whether to finally approve the Allocation Plan as fair, reasonable and adequate;

    f. to determine whether each CDK Settlement Class Member who has not filed a request for exclusion accepted by the Court is bound by the terms of the Agreement;

    g. to determine whether the Final Approval Order and Judgment as provided under the Agreement should be entered, dismissing the Dealership Class Action on the merits and with prejudice;

    h. to rule on the Fee and Expense Application; and

    i. to rule upon other such matters as the Court may deem appropriate.

    31. The following is a Schedule providing deadlines by which certain events must occur. The Court may, for good cause, extend the deadlines above without further notice to the class members (including members of the Class previously certified in connection with the Reynolds settlement).

| EVENT | DATE |
|---|---|
| Order granting preliminary approval of CDK Settlement and directing notice to CDK Settlement Class Members | Friday, August 23, 2024 ("Preliminary Approval Date") |
| Notice campaign begins through direct email and U.S. mail to CDK and Reynolds Settlement Class Members, and implementation of publication notice ("Notice Date") | Monday, September 23, 2024 |
| Last day for CDK to file with Court proof, by affidavit or declaration, regarding CAFA compliance | Friday, September 20, 2024 |
| Last day for CDK Settlement Class Members to request exclusion from the CDK Settlement Class or to object to the CDK Settlement, including notifying the Court if want to speak at final approval hearing | Thursday, November 7, 2024 |
| Last day for Settlement Administrator to provide CDK and Dealership Class Plaintiffs with a list, and supporting documentation, of all persons and entities who have timely and adequately requested exclusion from the CDK Settlement Class | Monday, November 18, 2024 |
| CDK Class Plaintiffs shall submit: (1) motion for final approval of CDK settlement; and (2) motion for approval of fees & expenses, and class representative service awards | Wednesday, November 27, 2024 |
| Last day for CDK or Reynolds Settlement Class Members to object to Dealership Class Plaintiffs' motion for approval of fees & expenses, and class representative service awards | Thursday, December 12, 2024 |
| Last day for CDK and Reynolds Settlement Class Members to submit a claim(s) and supporting documentation | Thursday, January 9, 2025 |
| Last day for Class Counsel to provide to the Court a supplemental declaration from the settlement administrator regarding notice campaign, opt-outs and claim rate | Thursday, January 23, 2025 |
| Last day for CDK to notify Class Counsel of exercise of option to terminate Settlement, if conditions are met under Supplemental Agreement (subject to waiver by CDK) | Monday, February 17, 2025 |
| Last day for Dealership Class Plaintiffs to file responses to all objections | Tuesday, February 18, 2025 |

| EVENT | DATE |
|---|---|
| Final approval / fairness hearing, and hearing on request for approval of fees & expenses, and class representative service awards[2] | Tuesday, February 25, 2025 |
| Order granting final approval of CDK Settlement | TBD |
| Dealership Class Plaintiffs shall submit motion for distribution of settlement funds | TBD |
| Distribution to CDK Settlement Class Members | TBD |

Dated: August 23, 2024

_____
Hon. Rebecca R. Pallmeyer
United States District Court Judge

---

[2] Objections, claims, or issues which relate exclusively to the Reynolds Settlement (Reynolds Settlement Class Members may not object or opt-out of that Settlement as the deadline has passed but may object to the Fee and Expense Application and/or the Allocation Plan) do not impact the CDK Settlement, and objections and/or claims which relate exclusively to the CDK Settlement do not impact the Reynolds Settlement.