**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION** | MDL No. 2817 <br> Case No. 18-cv-00864 |
| **This Document Relates to:** <br> **THE DEALERSHIP CLASS ACTION** | Hon. Rebecca R. Pallmeyer |

**DEALERSHIP CLASS COUNSEL'S SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND CLASS REPRESENTATIVE SERVICE AWARDS**

Dealership Counsel[1] respectfully submit this memorandum in further support of their motion for an award of attorneys' fees and expenses, and class representative service awards ("Motion," ECF No. 1538). The Court set December 12, 2024 as the deadline for objecting to the Motion (ECF No. 1531 at 10),[2] and the class notice and settlement website advised class members of the objection procedure and deadline.[3] Moreover, in addition to publicly filing the Motion on the Court's ECF system, Dealership Counsel posted the Motion (including the supporting declaration) on the settlement website.[4]

Not a single objection has been submitted. As shown below, that fact strongly supports the Motion.

## ARGUMENT

### 1. Attorneys' Fees and Expenses

As this Court has explained, "[t]he number and quality of objections are often deemed indicative of the class's reaction to a request for attorneys' fees." *McDaniel v. Qwest Comm'ncs Corp.*, 2011 WL 13257336, at *4 (N.D. Ill. Aug. 29, 2011) (Pallmeyer, J.) (citation omitted). "An absence of

---

[1] "Dealership Counsel" refers to Lead Counsel Peggy J. Wedgworth and Milberg Coleman Bryson Phillips Grossman, PLLC and Plaintiffs' Steering Committee members Leonard A. Bellavia and Bellavia Blatt, PC; Daniel Hedlund and Michelle Looby and Gustafson Gluek PLLC; James Barz and Frank Richter and Robbins Geller Rudman & Dowd LLP; and Liaison Counsel Robert A. Clifford and Clifford Law Offices. *See* ECF No. 123; *see also* ECF No. 1531 ¶¶ 9-10.

[2] The Court also set February 18, 2025 as the last date for Dealership Counsel to respond to objections. *See* ECF No. 1531 at 10.

[3] *See* https://dealershipclassdmssettlement.com; ECF No. 1539-2 ¶¶ 19, 30 & pp. 29-30, 33, 35-36, and 42-43 of 59 (also posted to settlement website: https://dealershipclassdmssettlement.com/Content/Documents/Declaration%20of%20Azari%20Regarding%20Settlement%20Notice.pdf).

[4] *See* https://www.dealershipclassdmssettlement.com/Content/Documents/Motion%20for%20Fees.pdf; https://www.dealershipclassdmssettlement.com/Content/Documents/Declaration%20of%20Wedgworth%20ISO%20Motion%20for%20Fees.pdf

objection is a rare phenomenon, and indicates the appropriateness of the fee request." *Id.* (cleaned up).

Indeed, "[n]umerous courts have noted that the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee." *Ashe v. Arrow Financial Corp.*, 2025 WL 487427, at *13 (N.D.N.Y. Feb. 13, 2025), quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (citing authorities). *See Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*, 2024 WL 4267431, at *2, 7 (C.D. Cal. Sept. 17, 2024) (awarding fees of 33% of fund plus expenses: "Notably, no Class Member has filed an objection to this settlement -- or to the attorneys' fees request -- suggesting a positive reaction to Class Counsel's work."); *In re Tenaris S.A. Sec. Litig.*, 2024 WL 1719632, at *12 (E.D.N.Y. Apr. 22, 2024) (one-third of fund plus expenses: "Importantly, no member of the settlement class has requested exclusion or objected to the requested award of attorneys' fees [or] costs[.]"); *In re Peanut Farmers Antitrust Litig.*, 2021 WL 9494033, at *3, 9 (E.D. Va. Aug. 10, 2021) (one-third of $102.75 million fund: "Significantly, not a single Class Member objected to Class Counsel's fee request."); *In re Se. Milk Antitrust Litig.*, 2013 WL 2155387, at *3, 8 (E.D. Tenn. May 17, 2013) (one-third of $158.6 million fund plus expenses: "The overall value of the settlement to the class is further illustrated by the relative lack of objections from class members to the requested fees.");[5] *see generally S.S. Body Armor I., Inc. v. Carter Ledyard &*

---

[5] *Accord, Insixiengmay v. Hyatt Corp.*, 2024 WL 4454035, at *1 (E.D. Cal. Sept. 23, 2024) (35% plus expenses: "The lack of objections to the attorney's fees request is further evidence of its reasonableness."); *Mitchell v. Allstate Vehicle & Prop. Ins. Co.*, 2023 WL 5004064, at *6 (S.D. Ala. Aug. 3, 2023) ("[T]he reaction of the Class Members supports the award of the fee, as there have been no objections to Class Counsel's fee request."); *Macovski v. Groupon, Inc.*, 2022 WL 17256417, at *1 (N.D. Ill. Oct. 28, 2022) (one-third plus expenses, noting "no objections to the requested attorneys' fees and reimbursement of Litigation Expenses"); *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, 2022 WL 16533571, at *10, 13 (E.D. Pa. Oct. 28, 2022) (one-third plus expenses, noting lack of objections); *Blackmon v. Zachary Holdings, Inc.*, 2022 WL 3142362, at *5 (W.D. Tex. Aug. 5, 2022) (one-third plus expenses: "importantly, there have been no objections to the requested fee award from class members"); *Foster v. Adams & Assocs., Inc.*, 2022 WL 425559, at *10 (N.D. Cal. Feb. 11, 2022)(33 1/3%

*Milburn LLP*, 927 F.3d 763, 773 (3d Cir. 2019) (in setting fee under percentage-of-recovery method, courts may consider "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel") (citation omitted).[6]

The absence of objections is especially significant, given that class members are sophisticated businesses, fully capable of lodging any objections they deem warranted. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 847, 862 (N.D. Ill. 2015) (awarding one-third of $46 million fund plus

plus expenses: "the lack of any Class Member objections also supports the fee award"); *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *12 (M.D. Fla. Mar. 23, 2021) (recommending 33% plus expenses: "The absence of objections supports Counsel's fee and expenses requests."), *adopted*, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021); *Reynolds v. Fidelity Invs. Institutional Operations Co.*, 2020 WL 92092, at *3, 5 (M.D.N.C. Jan. 8, 2020) (one-third plus expenses: "The lack of objections in this case also supports the reasonableness of the fee."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *1, 22 (S.D.N.Y. Dec. 18, 2019) (one-third plus expenses: "The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *Zeltser v. Merrill Lynch & Co.*, 2014 WL 4816134, at *9 (S.D.N.Y. Sept. 23, 2014) ("No Class Member objected to Class Counsel's request for one-third of the fund, which also provides support for Class Counsel's fee request."); *In re Flonase Antitrust Litig.*, 951 F. Supp. 2d 739, 747, 751 (E.D. Pa. 2013) (33 1/3% of $150 million fund plus expenses: lack of objection "strongly supports approval of the requested fee"); *Ford v. Sprint Commc'ns Co. L.P.*, 2012 WL 6562615, at *4 (W.D. Wis. Dec. 14, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *In re Auto. Refinishing Paint Antitrust Litig.*, 2008 WL 63269, at *4, 8 (E.D. Pa. Jan. 3, 2008) (33 1/3% plus expenses: "A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *In re Remeron Direct Purchaser Antitrust Litig.*, 2005 WL 3008808, at *13, 17 (D.N.J. Nov. 9, 2005) ($25 million (one-third of fund) plus expenses: "The lack of objections from the Class supports the reasonableness of the fee request."); *Retsky Fam. Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) (33 1/3% plus expenses, citing lack of objections).

[6] As with the CDK settlement, there were no objections to the previously-approved Reynolds settlement. *See* ECF No. 502 ¶ 11.

Additionally, class notice stated that the deadline for objecting to the Allocation Plan (the plan for allocating proceeds of the CDK and Reynolds settlements) was December 12, 2024, *see* ECF No. 1539-2 at pgs. 29, 33, 36, and 43 of 59, and there has been no objection to the plan. *See Ciariello v. Bioventus Inc.*, 2024 WL 5155539, at *10 (M.D.N.C. Dec. 18, 2024) (approving allocation plan, noting "[n]o class member objected to the plan."); *Hacker v. Elec. Last Mile Solutions Inc.*, 2024 WL 5102696, at *11 (D.N.J. Nov. 6, 2024) ("The lack of objections further supports the Plan of Allocation."); *Shah v. Zimmer Biomet Holdings, Inc.*, 2020 WL 5627171, at *6 (N.D. Ind. Sept. 18, 2020) ("[T]here have been no objections to the allocation model in particular, which supports it being reasonable on top of the generally deferential nature courts have towards the nitty gritty of settlement allocation.").

expenses, noting that only one plaintiff objected and "the plaintiffs here are sizable, sophisticated entities capable of reviewing (and objecting to) the proposed fee arrangement"); *Standard Iron Works v. ArcelorMittal*, 2014 WL 7781572, at *2 (N.D. Ill. Oct. 22, 2014) (awarding 33% of $163.9 million fund, plus expenses; noting lack of objection by class that included "many … sophisticated business entities"); *Bradburn Parent Teacher Store, Inc. v. 3M (Minnesota Mining & Mfg. Co.),* 513 F. Supp. 2d 322, 336-37, 338 (E.D. Pa. 2007) (awarding $13.9 million in fees, representing 35% of net settlement fund: "The absence of objections to the requested attorneys' fees in this case is particularly notable given the sophisticated nature of the absent Class Members.").

Finally, the absence of any objection demonstrates that the requested award is appropriate under the market rate approach endorsed by the Seventh Circuit. *See Standard Iron Works*, 2014 WL 7781572, at *2 ("The absence of objections indicates that the fee is fair and reasonable and *consistent with prevailing market rates*.") (emphasis added).

### 2. Class Representative Service Awards

The lack of objections also supports approval of the requested class representative service awards. *See Emeterio v. A&P Rest. Corp.*, 2022 WL 274007, at *10 (S.D.N.Y. Jan. 26, 2022) ("Importantly, there have been no objections to the proposed service awards, indicating the Class Representatives adequately represented the class."); *In re Peanut Farmers Antitrust Litig.*, 2021 WL 9494033, at *8 (awarding $40,000 to each of six representatives, noting "no Class member objected to the requested service awards"); *Slaughter v. Wells Fargo Advisors, LLC*, 2017 WL 3128802, at *3 (N.D. Ill. May 4, 2017) (approving service awards of $175,000 to each class representative: "No member of the Settlement Class filed any objection to the service awards, which the Court takes as an indication that the Settlement Class values the efforts of the Class Representatives on behalf of the Settlement Class.").

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, the Court should award the requested attorneys' fees and expenses, and class representative service awards.

Dated: February 18, 2025

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
John Hughes (*pro hac vice*)*
Michael Acciavatti (*pro hac vice*)**
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
(212) 594-5300
pwedgworth@milberg.com
emckenna@milberg.com
rwallner@milberg.com
jhughes@milberg.com
macciavatti@milberg.com
*   *Admitted in Michigan only*
**   *Admitted in Pennsylvania only*

*Dealership Class Lead Counsel*

Leonard A. Bellavia (*pro hac vice*)
**BELLAVIA BLATT, PC**
200 Old Country Road, Suite 400
Mineola, New York 11501
(516) 873-3000
lbellavia@dealerlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Daniel C. Hedlund (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 333-8844
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

*Dealership Class Plaintiffs' Steering Committee*

James E. Barz
Frank Richter
**ROBBINS GELLER RUDMAN
& DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, Illinois 60606
(312) 674-4674
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Dealership Class Plaintiffs' Steering Committee*

Robert A. Clifford
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
RAC@cliffordlaw.com

*MDL Liaison Counsel*

## CERTIFICATE OF SERVICE

I, Peggy J. Wedgworth, an attorney, hereby certify that on February 18, 2025, I caused a true and correct copy of the **DEALERSHIP CLASS COUNSEL'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth